Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendants
*Jose Hernandez, Silverio Coronado, Aurelio Zavaleta,*
*Uzziel Joaquin, Jonathan Mendoza, David Mendoza,*
*Benjamin Joaquin and Jose Luis Estrada*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LA LUZ DEL MUNNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>　　　　Defendants. | Case No.: 2:20-CV-01437-OWD (ASx)<br><br>**DEFENDANT JOSE LUIS ESTRADA'S ANSWER TO COMPLAINT OF PLAINTIFF SOCHIL MARTIN** |

Defendant Jose Luis Estrada ("Defendant"), an individual, hereby submits the following Answer to the unverified Complaint ("Complaint") of Plaintiff Sochil Martin ("Plaintiff" or "Martin"), and Affirmative Defenses.

## INTRODUCTION

1.     Defendant denies each allegation of Paragraph 1 of the Complaint.

2.     Defendant denies each allegation of Paragraph 2 of the Complaint.

3.     Defendant denies each allegation of Paragraph 3 of the Complaint.

4.     Defendant denies each allegation of Paragraph 4 of the Complaint.

5.     Defendant denies each allegation of Paragraph 5 of the Complaint.

6.     Defendant denies each allegation of Paragraph 6 of the Complaint.

7.     Defendant denies each allegation of Paragraph 7 of the Complaint.

8.     Defendant denies each allegation of Paragraph 8 of the Complaint.

9.     Defendant denies each allegation of Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     The allegations contained in Paragraph 10 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 10.

11.     The allegations contained in Paragraph 11 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 11.

12.     The allegations contained in Paragraph 12 state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 12.

## THE PARTIES

13.     To the extent the allegations contained in Paragraph 13 pertain to Defendant, Defendant denies the allegations in Paragraph 13.  Defendant otherwise

lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis, denies same.

14.     In response to Paragraph 14 of the Complaint, Defendant admits there is a La Luz Del Mundo church in Guadalajara, Mexico. Defendant admits that there are legal entities incorporated in California and registered with the Secretary of State that practice La Luz Del Mundo religious doctrine and practices.     The remaining allegations of Paragraph 14 are legal conclusions to which no response is required. Insofar as and to the extent a response is required, Defendant denies the allegations of Paragraph 14.

15.     In response to Paragraph 15 of the Complaint, Defendant denies the allegations therein.

16.      In response to Paragraph 16 of the Complaint, Defendant denies the allegations therein.

17.     In response to Paragraph 17 of the Complaint, Defendant denies the allegations therein.

18.     In response to Paragraph 18 of the Complaint, Defendant admits that there are legal entities incorporated in Mexico that practice La Luz Del Mundo religious doctrine and practices. Defendant denies the remaining allegations therein, as characterized.

19.     In response to Paragraph 19 of the Complaint, Defendant admits that Defendant Naasón Joaquin Garcia is a United States citizen and that he has traveled between Mexico and California from time to time. The allegations regarding "residence" is a legal assertion which does not require an answer. To the extent any response is required, Defendant lacks knowledge or information sufficient to support the truth of the allegation and, on that basis, the allegation is denied.  Defendant denies the remaining allegations therein.

ANSWER AND AFFIRMATIVE DEFENSES

20.     In response to Paragraph 20 of the Complaint, Defendant admits that the Defendant Naasón Garcia is the son of Samuel Joaquín Flores. The allegation regarding "residence" is a legal conclusion, to which no response is required. To the extent any response is required, the allegation is denied. Defendant denies each remaining allegation therein.

21.     In response to Paragraph 21 of the Complaint, Defendant admits that Defendant Naasón Garcia served as a minister of the church located at 112 North Arizona Avenue, Los Angeles, California. Defendant denies the remaining allegations therein.

22.     In response to Paragraph 22 of the Complaint, the allegation that LLDM is an "unincorporated association" is a legal conclusion, to which no response is required. To the extent any response is required, the allegation is denied. Defendant admits that Defendant Naasón Garcia holds the title Apostle, that he became Apostle on December 14, 2014.  Defendant denies the remaining allegations therein.

23.     In response to Paragraph 23 of the Complaint, the allegation that Defendant International Berea USA, dba Casa Cultural Barea USA ("CCB") is an "unincorporated association" is a legal conclusion, to which no response is required. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein, as alleged.

24.     In response to Paragraph 24 of the Complaint, Defendant denies the allegations therein.

25.     In response to Paragraph 25 of the Complaint, the allegation that Defendant el Consejo de Obispos (translation, Council of Bishops) is an "unincorporated association" is a legal conclusion, to which no response is required. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein, as alleged.

26.     In response to Paragraph 26 of the Complaint, Defendant admits that Defendant Gilberto García Granados is a Mexican citizen and that he is a Bishop.  The allegations regarding "unincorporated association" and "residence" are legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

27.     In response to Paragraph 27 of the Complaint, Defendant admits that Defendant Jose Hernandez is a United States citizen and that he is a Bishop. The allegations regarding "unincorporated association" and "residence" are legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

28.     In response to Paragraph 28 of the Complaint, Defendant admits Defendant Uzziel Joaquin is a United States citizen, is the son of Samuel Garcia, is the brother of Naasón Garcia, and is a Bishop. The allegations regarding "unincorporated association" and "residence" are legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

29.     In response to Paragraph 29 of the Complaint, Defendant admits Defendant Silverio Coronado is a Bishop. The allegations regarding "unincorporated association" and "residence" are legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

30.     In response to Paragraph 30 of the Complaint, Defendant admits Defendant Aurelio Zavaleto is a Bishop. The allegations regarding "unincorporated association" and "residence" are legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

ANSWER AND AFFIRMATIVE DEFENSES

31.    In response to Paragraph 31 of the Complaint, Defendant admits Defendant Jose Luis Estrada is a Bishop. The allegations regarding "unincorporated association" and "residence" are legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

32.    In response to Paragraph 32 of the Complaint, Defendant admits Defendant Jonathan Mendoza is a Bishop. The allegations regarding "unincorporated association" and "residence" are legal conclusions, to which no response is required. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

33.    In response to Paragraph 33 of the Complaint, Defendant denies that Ms. Martin has suffered any losses or damages and denies the allegations of wrongful conduct. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein and, on that basis, denies each allegation.

34.    In response to Paragraph 34 of the Complaint, Defendant admits that Alma Zamora de Joaquin is a United States citizen and that she is Defendant Naasón Joaquin Garcia's wife. The allegations regarding "residence" is a legal conclusion, to which no response is required. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein.

35.    In response to Paragraph 35 of the Complaint, Defendant admits that Defendant Benjamin Joaquín García is a United States citizen and that he is Defendant Naasón Garcia's brother.  The allegation regarding "residence" is a legal conclusion, to which no response is required. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein.

36.    In response to Paragraph 36 of the Complaint, Defendant admits that Rahel Joaquín García is a United States citizen and is Defendant Naasón Garcia's

sister. The allegation regarding "residence" is a legal conclusion, to which no response is required. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein.

37.     In response to Paragraph 37 of the Complaint, Defendant admits that Adoraim Joaquín Zamora is a United States citizen and that he is Naasón Garcia's son.  The allegation regarding "residence" is a legal conclusion, to which no response is required. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein.

38.     In response to Paragraph 38 of the Complaint, Defendant admits that David Mendoza is a United States citizen.  Defendant denies the remaining allegations therein.

39.     In response to Paragraph 39 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, each and every allegation is denied.

## **<u>GENERAL ALLEGATIONS</u>**

40.     In response to Paragraph 40 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

41.     In response to Paragraph 41 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

42.     In response to Paragraph 42 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

43.     In response to Paragraph 43 of the Complaint, Defendant admits there is a church in Guadalajara, Mexico.   Defendant otherwise denies each remaining allegation therein.

44.     In response to Paragraph 44 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

ANSWER AND AFFIRMATIVE DEFENSES

Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

45.     In response to Paragraph 45 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

46.     In response to Paragraph 46 of the Complaint, Defendant denies the allegations therein.

47.     In response to Paragraph 47 of the Complaint, Defendant admits that Defendant Naasón Garcia is the spiritual guide of the La Luz Del Mundo religious beliefs and that the ecclesiastical structure of these beliefs is hierarchical in nature. Except as otherwise admitted, Defendant denies each remaining allegation therein, including Plaintiff's characterizations of religious doctrine.

48.     In response to Paragraph 48 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of ecclesiastical procedures and doctrine.

49.     In response to Paragraph 49 of the Complaint, Defendant denies each allegation therein.

50.     In response to Paragraph 50 of the Complaint, Defendant denies each allegation therein.

51.     In response to Paragraph 51 of the Complaint, Defendant alleges that the information posted on Facebook speaks for itself.  Defendant otherwise denies each remaining allegation therein.

52.     In response to Paragraph 52 of the Complaint, Defendant denies each allegation therein.

53.     In response to Paragraph 53 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

54.     In response to Paragraph 54 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

ANSWER AND AFFIRMATIVE DEFENSES

Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

55.     In response to Paragraph 55 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

56.     In response to Paragraph 56 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

57.     In response to Paragraph 57 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

58.     In response to Paragraph 58 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

59.     In response to Paragraph 59 of the Complaint, Defendant admits that services are generally held three times per day and twice on Sundays. Defendant denies the remaining allegations therein, including Plaintiff's characterizations of religious doctrine.

60.     In response to Paragraph 60 of the Complaint, Defendant denies the allegations therein.

61.     In response to Paragraph 61 of the Complaint, Defendant admits that members are advised of the use of certain donations, including for certain special projects. Defendant denies the remaining allegation therein.

62.     In response to Paragraph 62 of the Complaint, Defendant admit that members are advised of the use of certain donated funds. Defendant denies each remaining allegation therein.

63.     In response to Paragraph 63 of the Complaint, Defendant denies each allegation therein.

64.     In response to Paragraph 64 of the Complaint, Defendant denies each allegation therein.

ANSWER AND AFFIRMATIVE DEFENSES

65.     In response to Paragraph 65 of the Complaint, Defendant denies each allegation therein.

66.     In response to Paragraph 66 of the Complaint, Defendant admits that Defendant Benjamin Joaquin is a part-owner of a residential property in Palos Verdes, California. Defendant denies the remaining allegations therein.

67.     In response to Paragraph 67 of the Complaint, Defendant denies the allegations therein.

68.     In response to Paragraph 68 of the Complaint, Defendant denies the allegations therein.

69.     In response to Paragraph 69 of the Complaint, Defendant denies the allegations therein.

70.     In response to Paragraph 70 of the Complaint, Defendant admits that members are encouraged to make donations to the church where they attend services. Defendant denies the remaining allegations therein.

71.     In response to Paragraph 71 of the Complaint, Defendant admits that individuals do provide volunteer services. Defendant denies the remaining allegations therein.

72.     In response to Paragraph 72 of the Complaint, Defendant admits that members celebrate Defendant Naasón Garcia's birthday. Defendant denies the remaining allegations therein.

73.     In response to Paragraph 73 of the Complaint, Defendant denies the allegations therein.

74.     In response to Paragraph 74 of the Complaint, Defendant denies the allegations therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

75.     In response to Paragraph 75 of the Complaint, Defendant denies the allegations therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

76.     In response to Paragraph 76 of the Complaint, Defendant denies the allegations therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

77.     In response to Paragraph 77 of the Complaint, Defendant denies each allegation therein.

78.     In response to Paragraph 78 of the Complaint, Defendant denies each allegation therein.

79.     In response to Paragraph 79 of the Complaint, Defendant denies each allegation therein.

80.     In response to Paragraph 80 of the Complaint, Defendant denies each allegation therein.

81.     In response to Paragraph 81 of the Complaint, Defendant admits the existence of a group called Los Incondicionales. Defendant denies each remaining allegation therein, including Plaintiff's characterizations of religious doctrine.

82.     In response to Paragraph 82 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

83.     In response to Paragraph 83 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

84.     In response to Paragraph 84 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

85.     In response to paragraph 85 of the Complaint, Defendant is informed and believes that Plaintiff's mother suffered from drug and alcohol abuse and

abandoned Plaintiff at a young age. Defendant denies each remaining allegation therein, including Plaintiff's characterizations of religious doctrine.

86.     In response to Paragraph 86 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations therein and, on that basis, denies each allegation.

87.     In response to Paragraph 87 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations therein and, on that basis, denies each allegation.

88.     In response to Paragraph 88 of the Complaint, Defendant denies each allegation therein.

89.     In response to Paragraph 89 of the Complaint, Defendant denies each allegation therein. Defendant further denies Plaintiff's characterizations of religious doctrine.

90.     In response to Paragraph 90 of the Complaint, Defendant denies each allegation therein.

91.     In response to Paragraph 91 of the Complaint, Defendant denies each allegation therein.

92.     In response to Paragraph 92 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations.

93.     In response to Paragraph 93 of the Complaint, Defendant lacks sufficient knowledge or information that would support the truth of the allegations therein and, on that basis, denies each allegation therein.

94.     In response to Paragraph 94 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations and, on that basis, denies each allegation therein.

95.     In response to Paragraph 95 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that

ANSWER AND AFFIRMATIVE DEFENSES

Plaintiff sold church items. Except as otherwise admitted, Defendant denies each remaining allegation therein.

96.    In response to Paragraph 96 of the Complaint, Defendant denies each allegation therein.

97.    In response to Paragraph 97 of the Complaint, Defendant denies each allegation therein.

98.    In response to Paragraph 98 of the Complaint, Defendant denies each allegation therein.

99.    In response to Paragraph 99 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations and, on that basis, denies each allegation therein.

100.   In response to Paragraph 100 of the Complaint, Defendant denies each allegation therein.

101.   In response to Paragraph 101 of the Complaint, Defendant denies each allegation therein.

102.   In response to Paragraph 102 of the Complaint, Defendant denies each allegation therein.

103.   In response to Paragraph 103 of the Complaint, Defendant denies each allegation therein.

104.   In response to Paragraph 104 of the Complaint, Defendant denies each allegation therein.

105.   In response to Paragraph 105 of the Complaint, Defendant is informed and believes that Plaintiff was in a car accident, that resulted in one death. Defendant lacks knowledge or information that would support the truth of the allegations remaining allegations and, on that basis, denies each allegation.

106.   In response to Paragraph 106 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations as to

ANSWER AND AFFIRMATIVE DEFENSES

whether Plaintiff planned to attend college, applied to New York University's film school, was accepted, or directed her attention to California State University at Northridge and, on that basis, denies each allegation. Defendant denies each remaining allegation therein, including those allegations regarding Defendant Naasón Garcia.

107. In response to Paragraph 107 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that she received a scholarship or the amount of the alleged scholarship and, on that basis, denies each allegation. Defendant denies each remaining allegation therein.

108. In response to Paragraph 108 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff was "subjected to sexual abuse by her uncle," and, on that basis, denies the allegation. Defendant denies each remaining allegation therein.

109. In response to Paragraph 109 of the Complaint, Defendant denies each allegation therein.

110. In response to Paragraph 110 of the Complaint, Defendant denies each allegation therein.

111. In response to Paragraph 111 of the Complaint, Defendant denies each allegation therein.

112. In response to Paragraph 112 of the Complaint, Defendant denies each allegation therein.

113. In response to Paragraph 113 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff "got a job at a restaurant," and, on that basis, denies the allegation. Defendant denies each remaining allegation therein.

114. In response to Paragraph 114 of the Complaint, Defendant denies each allegation therein.

ANSWER AND AFFIRMATIVE DEFENSES

115.   In response to Paragraph 115 of the Complaint, Defendant denies each allegation therein.

116.   In response to Paragraph 116 of the Complaint, Defendant denies each allegation therein.

117.   In response to Paragraph 117 of the Complaint, Defendant denies each allegation therein.

118.   In response to Paragraph 118 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Ms. Martin enrolled in film school classes and, on that basis, denies each allegation. Defendant denies the remaining allegations therein.

119.   In response to Paragraph 119 of the Complaint, Defendant denies each allegation therein.

120.   In response to Paragraph 120 of the Complaint, Defendant denies each allegation therein.

121.   In response to Paragraph 121 of the Complaint, Defendant is informed Plaintiff lived in Ensenada, Mexico for a period of time. Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff's husband "worked for a local council woman" and, on that basis, denies the allegation. Defendant denies each remaining allegation therein.

122.   In response to Paragraph 122 of the Complaint, Defendant denies Plaintiff was coerced or called upon for any purposes by any Defendant in the Complaint. Defendant lacks knowledge or information that would support the truth of the remaining allegations therein and, on that basis, denies each allegation.

123.   In response to Paragraph 123 of the Complaint, Defendant admits there exists an entity called Regional Alliance of Student Professionals created for charitable purposes. Defendant denies Plaintiff's remaining allegations therein.

ANSWER AND AFFIRMATIVE DEFENSES

124.   In response to Paragraph 124 of the Complaint, Defendant denies each allegation therein.

125.   In response to Paragraph 125 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff's husband "had a job with the local city council" or that she "lived near the poverty line" and, on that basis, denies the allegations. Defendant denies all remaining allegations therein.

126.   In response to paragraph 126 of the Complaint, Defendant denies each allegation therein.

127.   In response to paragraph 127 of the Complaint, Defendant admits that Samuel Garcia died in December 2014, that Defendant Naasón Garcia was not Samuel's eldest son, and that it was announced at that time that Naasón Garcia would be the next Apostle. Defendant denies each remaining allegation.

128.   In response to Paragraph 128 of the Complaint, Defendant denies each allegation therein.

129.   In response to Paragraph 129 of the Complaint, Defendant denies each allegation therein.

130.   In response to Paragraph 130 of the Complaint, Defendant denies each allegation therein. Defendant further denies Plaintiff's characterizations of religious doctrine and asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

131.   In response to Paragraph 131 of the Complaint, Defendant denies each allegation therein.

132.   In response to Paragraph 132 of the Complaint, Defendant denies each allegation therein.

133.   In response to Paragraph 133 of the Complaint, Defendant denies each allegation therein.

ANSWER AND AFFIRMATIVE DEFENSES

134.   In response to Paragraph 134 of the Complaint, Defendant denies each allegation therein.

135.   In response to Paragraph 135 of the Complaint, Defendant denies each allegation therein.

136.   In response to Paragraph 136 of the Complaint, Defendant denies each allegation therein.

137.   In response to Paragraph 137 of the Complaint, Defendant denies each allegation therein.

138.   In response to Paragraph 138 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff attempted to commit suicide by an overdose of drugs and alcohol. Defendant denies each remaining allegation therein.

139.   In response to Paragraph 139 of the Complaint, Defendant denies each allegation therein.

140.   In response to Paragraph 140 of the Complaint, Defendant denies any Defendant caused any damage to Plaintiff, that she was abused or exploited by any Defendant, or the claimed need for extrication from any Defendant. Defendant further denies the existence of any photographs or text messages involving any of the Defendants, as alleged in the Complaint. Defendant denies each remaining allegation therein.

141.   In response to Paragraph 141 of the Complaint, Defendant denies each allegation therein, including any allegation that any of the Defendants in the Complaint "tormented" Plaintiff's husband or called Plaintiff any names.

142.   In response to Paragraph 142 of the Complaint, Defendant denies each allegation.

143.   In response to Paragraph 143 of the Complaint, Defendant denies any alleged "abuses" or "deceptions." Defendant lacks knowledge or information that

ANSWER AND AFFIRMATIVE DEFENSES

would support the truth of the remaining allegations therein and, on that basis, denies each allegation.

144.   In response to Paragraph 144 of the Complaint, Defendant denies each allegation therein.

145.   In response to Paragraph 145 of the Complaint, Defendant denies each allegation therein.

146.   In response to Paragraph 146 of the Complaint, Defendant denies each allegation therein.

147.   In response to Paragraph 147 of the Complaint, Defendant is informed that Plaintiff moved from Ensenada to California. Defendant denies each remaining allegation.

148.   In response to Paragraph 148 of the Complaint, Defendant denies each allegation therein.

149.   In response to Paragraph 149 of the Complaint, Defendant denies each allegation therein.

150.   In response to Paragraph 150 of the Complaint, Defendant denies any alleged "brutal attacks." Defendant lacks knowledge or information that would support the truth of the remaining allegations therein and, on that basis, denies each allegation.

151.   In response to Paragraph 151 of the Complaint, Defendant denies each allegation therein.

152.   In response to Paragraph 152 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff "called the San Diego police" and, on that basis, denies the allegation. Defendant denies each remaining allegation therein.

153.   In response to paragraph 153, Defendant denies any Defendant agreed to or represented that it had filed any marriage paperwork or made any "lies

ANSWER AND AFFIRMATIVE DEFENSES

regarding their marital status. " Defendant lacks knowledge or information that would support the truth of the remaining allegations therein and, on that basis, denies each allegation.

154.   In response to Paragraph 154 of the Complaint, Defendant denies the allegations therein.

155.   In response to Paragraph 155 of the Complaint, Defendant denies the allegations therein. Defendant denies Plaintiff's characterizations of religious doctrine and the allegations therein. Defendant asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

156.   In response to Paragraph 156 of the Complaint, Defendants denies the allegations therein.

## FIRST CLAIM FOR RELIEF
### Violation of 18 U.S.C. § 1584

157.   In response to Paragraph 157, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 156 herein.

158.   In response to Paragraph 158, this paragraph contains legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the each allegation therein.

159.   In response to Paragraph 159, this paragraph contains legal conclusions to which no response is required.  To the extent any response is required, Defendant denies each allegation therein.

160.   In response to Paragraph 160 of the Complaint, Defendant denies each allegation.

161.   In response to Paragraph 161 of the Complaint, Defendant denies each allegation.

ANSWER AND AFFIRMATIVE DEFENSES

162.   In response to Paragraph 162 of the Complaint, Defendant denies each allegation.

163.   In response to Paragraph 163 of the Complaint, Defendant denies each allegation.

164.   In response to Paragraph 164 of the Complaint, Defendant denies each allegation.

165.   In response to Paragraph 165 of the Complaint, Defendant denies each allegation.

166.   In response to Paragraph 166 of the Complaint, Defendant denies each allegation therein.

167.   In response to Paragraph 167 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

## SECOND CLAIM FOR RELIEF

### Violation of 18 U.S.C. § 1589

168.   In response to Paragraph 168, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 167 herein.

169.   In response to Paragraph 169 of the Complaint, Defendant denies each allegation.

170.   In response to Paragraph 170 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

171.   In response to Paragraph 171 of the Complaint, Defendant denies each allegation.

ANSWER AND AFFIRMATIVE DEFENSES

172.   In response to Paragraph 172 of the Complaint, Defendant contends that no response is required as this Cause of Action is not directed at Defendant. To the extent any response is required, Defendant denies each allegation therein.

173.   In response to Paragraph 173 of the Complaint, Defendant denies each allegation.

174.   In response to Paragraph 174 of the Complaint, Defendant denies each allegation.

175.   In response to Paragraph 175 of the Complaint, Defendant denies each allegation therein.

176.   In response to Paragraph 176 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

**THIRD CLAIM FOR RELIEF**

**Violation of 18 U.S.C. § 1590**

177.   In response to Paragraph 177, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 176 herein.

178.   In response to Paragraph 178 of the Complaint, Defendant denies each allegation.

179.   In response to Paragraph 179 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

180.   In response to Paragraph 180 of the Complaint, Defendant denies each allegation.

181.   In response to Paragraph 181 of the Complaint, Defendant denies each allegation.

ANSWER AND AFFIRMATIVE DEFENSES

182. In response to Paragraph 182 of the Complaint, Defendant denies each allegation.

183. In response to Paragraph 183 of the Complaint, Defendant denies each allegation.

184. In response to Paragraph 184 of the Complaint, Defendant denies each allegation therein.

185. In response to Paragraph 185 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

## FOURTH CLAIM FOR RELIEF

### Conspiracy in Violation of 18 U.S.C. § 1594

186. In response to Paragraph 186, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 185 herein.

187. In response to Paragraph 187 of the Complaint, Defendant denies each allegation therein.

188. In response to Paragraph 188 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

189. In response to Paragraph 189 of the Complaint, Defendant denies each allegation therein.

190. In response to Paragraph 190 of the Complaint, Defendant denies each allegation therein.

191. In response to Paragraph 191of the Complaint, Defendant denies each allegation therein.

192. In response to Paragraph 192 of the Complaint, the final sentence of the paragraph is a legal assertion which does not require an answer. To the extent any

ANSWER AND AFFIRMATIVE DEFENSES

response is required, the allegations are denied. Defendant denies the remaining allegations therein.

193.   In response to Paragraph 193 of the Complaint, Defendant denies each allegation therein.

194.   In response to Paragraph 194 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

## FIFTH CLAIM FOR RELIEF

### Violation of 18 U.S.C. § 1590(b)

195.   In response to Paragraph 195, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 194 herein.

196.   In response to Paragraph 196 of the Complaint, Defendant denies each allegation.

197.   In response to Paragraph 197 of the Complaint, Defendant denies each allegation.

198.   In response to Paragraph 198 of the Complaint, Defendant denies each allegation.

199.   In response to Paragraph 199 of the Complaint, Defendant denies each allegation.

200.   In response to Paragraph 200, Defendant denies each allegation therein.

201.   In response to Paragraph 201 of the Complaint, Defendant denies each allegation.

202.   In response to Paragraph 202 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

ANSWER AND AFFIRMATIVE DEFENSES

203.   In response to Paragraph 203 of the Complaint, Defendant denies each allegation therein.

204.   In response to Paragraph 204 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

## SIXTH CLAIM FOR RELIEF

### Violation of 18 U.S.C. § 1593A

205.   In response to Paragraph 205, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 204 herein.

206.   In response to Paragraph 206 of the Complaint, Defendant denies each allegation therein.

207.   In response to Paragraph 207 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

208.   In response to Paragraph 208 of the Complaint, Defendant denies each allegation therein.

209.   In response to Paragraph 209 of the Complaint, Defendant denies each allegation therein.

210.   In response to Paragraph 210 of the Complaint, Defendant each allegation therein.

211.   In response to Paragraph 211 of the Complaint, Defendant denies each allegation therein.

212.   In response to Paragraph 212 of the Complaint, Defendant denies each allegation therein.

ANSWER AND AFFIRMATIVE DEFENSES

213.   In response to Paragraph 213 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, the allegations are denied.

### SEVENTH CLAIM FOR RELIEF

### Violation of 29 U.S.C. § 201 *et. seq.*

214.   In response to Paragraph 214, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 213 herein.

215.   In response to Paragraph 215 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

216.   In response to Paragraph 216 of the Complaint, the allegations regarding the application of 29 U.S.C. §203(d), the definition of an employee and employer, and the legal conclusions regarding payment of wages are legal conclusions, to which no response is required. To the extent any response is required, Defendant denies each allegation therein.  Defendant denies each remaining allegation therein.

217.   In response to Paragraph 217 of the Complaint, Defendant denies each allegation therein.

218.   In response to Paragraph 218 of the Complaint, Defendant denies each allegation therein.

219.   In response to Paragraph 219 of the Complaint, Defendant denies each allegation therein.

220.   In response to Paragraph 220 of the Complaint, Defendant denies each allegation.

ANSWER AND AFFIRMATIVE DEFENSES

221.   In response to Paragraph 221 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent any response is required, Defendant denies each allegation therein.

## EIGHTH CLAIM FOR RELIEF

### Violation of the California Labor Code

222.   In response to Paragraph 222, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 221 herein.

223.   In response to Paragraph 223 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

224.   In response to Paragraph 224 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

225.   In response to Paragraph 225 of the Complaint, Defendant denies each allegation.

226.   In response to Paragraph 226 of the Complaint, Defendant denies each allegation therein.

227.   In response to Paragraph 227 of the Complaint, Defendant denies each allegation therein.

228.   In response to Paragraph 228 of the Complaint, Defendant denies each allegation therein.

229.   In response to Paragraph 229 of the Complaint, Defendant denies each allegation therein.

230.   In response to Paragraph 230 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent any response is required, denies each allegation therein.

ANSWER AND AFFIRMATIVE DEFENSES

# NINTH CLAIM FOR RELIEF

## Violation Act 18 U.S.C. § 1962(c)

231.   In response to Paragraph 231, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 230 herein.

232.   In response to Paragraph 232 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

233.   In response to Paragraph 233 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

234.   In response to Paragraph 234 of the Complaint, Defendant denies each allegation therein.

235.   In response to Paragraph 235 of the Complaint, Defendant denies each allegation therein.

236.   In response to Paragraph 236 of the Complaint, Defendant denies each allegation therein.

237.   In response to Paragraph 237 of the Complaint, Defendant denies each allegation therein.

238.   In response to Paragraph 238 of the Complaint, Defendant denies each allegation therein.

239.   In response to Paragraph 239 of the Complaint, Defendant denies each allegation therein.

240.   In response to Paragraph 240 of the Complaint, Defendant denies each allegation therein.

241.   In response to Paragraph 241 of the Complaint, Defendant denies each allegation therein.

ANSWER AND AFFIRMATIVE DEFENSES

242.   In response to Paragraph 242 of the Complaint, Defendant denies each allegation therein.

243.   In response to Paragraph 243 of the Complaint, Defendant denies each allegation therein.

244.   In response to Paragraph 244of the Complaint, Defendant denies each allegation therein.

245.   In response to Paragraph 245 of the Complaint, Defendant denies each allegation therein.

246.   In response to Paragraph 246 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent that any response is required, Defendant denies each allegation therein.

247.   In response to Paragraph 247 of the Complaint, Defendant denies each allegation.

248.   In response to Paragraph 248 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent that any response is required, Defendant denies each allegation therein.

## TENTH CLAIM FOR RELIEF

### Violation of Cal. Civ. Code § 1708.5

249.   In response to Paragraph 249, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 248 herein.

250.   In response to Paragraph 250 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each allegation therein.

251.   In response to Paragraph 251 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each allegation therein.

ANSWER AND AFFIRMATIVE DEFENSES

252.   In response to Paragraph 252 of the Complaint, Defendant denies each allegation therein.

253.   In response to Paragraph 253 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent any response is required, Defendant denies each allegation therein.

254.   In response to Paragraph 254 of the Complaint, Defendant denies each allegation therein.

255.   In response to Paragraph 255 of the Complaint, Defendant denies each allegation therein.

256.   In response to Paragraph 256 of the Complaint, Defendant denies each allegation therein.

257.   In response to Paragraph 257 of the Complaint, Defendant denies each allegation therein.

258.   In response to Paragraph 258 of the Complaint, Defendant denies each allegation therein.

259.   In response to Paragraph 259 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent any response is required, Defendant denies each allegation therein.

<u>**ELEVENTH CLAIM FOR RELIEF**</u>

**Violation of Cal. Civ. Code § 52.4**

260.   In response to Paragraph 260, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 259 herein.

261.   In response to Paragraph 261 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each allegation therein.

ANSWER AND AFFIRMATIVE DEFENSES

262.   In response to Paragraph 262 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each allegation therein.

263.   In response to Paragraph 263 of the Complaint, Defendant denies each allegation therein.

264.   In response to Paragraph 264 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies each allegation therein.

265.   In response to Paragraph 265 of the Complaint, Defendant denies each allegation therein.

266.   In response to Paragraph 266 of the Complaint, Defendant denies each allegation therein.

267.   In response to Paragraph 267 of the Complaint, Defendant denies each allegation therein.

268.   In response to Paragraph 268 of the Complaint, Defendant denies each allegation therein.

269.   In response to Paragraph 269 of the Complaint, Defendant denies each allegation therein.

270.   In response to Paragraph 270 of the Complaint, this Paragraph contains legal conclusions, to which no response is required. To the extent any response is required, Defendant denies each allegation therein.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not contain any allegations to which a response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief sought in her prayer for relief and denies that Plaintiff is entitled to any relief whatsoever.

ANSWER AND AFFIRMATIVE DEFENSES

## AFFIRMATIVE DEFENSES

Defendant alleges each of the following affirmative defenses to each and every cause of action asserted against him and to each of the acts and/or omissions with which Defendant is charged in the Complaint. Defendant hereby alleges the following affirmative defenses without assuming the burden of proof for such where the burden of defense is not by law upon Defendant.

### FIRST AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

1.    Plaintiff's Complaint, and all causes of action alleged therein, are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

#### (Estoppel)

2.    Defendant is informed and believes, and thereon alleges, that the Complaint and that each and every purported cause of action set forth therein, are barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver)

3.    Defendant is informed and believes, and thereon alleges, that the Complaint, and that each and every purported cause of action set forth therein, are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches)

4.    Defendant is informed and believes, and thereon alleges, that the Complaint, and that each and every purported cause of action set forth therein, are barred by the doctrine of laches.

ANSWER AND AFFIRMATIVE DEFENSES

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

5.      The Complaint fails to state facts sufficient to constitute a cause of action against Defendant specifically.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.      Defendant is informed and believes, and thereon alleges, that by virtue of the unlawful, careless, negligent, fraudulent, misrepresentative and/or wrongful conduct of Plaintiff, Plaintiff is barred from recovering against Defendant by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

7.      To the extent that Plaintiff suffered any damages, Plaintiff's recovery is barred or. Reduced, as such damages are uncertain or speculative so as to bar any recovery.

### EIGTH AFFIRMATIVE DEFENSE

### (Uncertainty)

8.      Plaintiff's Complaint, and each and every purported cause of action set forth therein, are barred because the claims purportedly asserted therein are uncertain.

### NINTH AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction)

9.      Plaintiff's Complaint cannot establish subject matter jurisdiction, and thus Plaintiff is barred from recovery.

### TENTH AFFIRMATIVE DEFENSE

### (No Causation)

10.      Plaintiff's Complaint, and all causes of action alleged therein, are barred, in whole or in part, because the Complaint alleges no facts showing that any losses,

ANSWER AND AFFIRMATIVE DEFENSES

damages, claims or liability Plaintiff may have sustained was caused by Defendant's alleged acts or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Third-Party Liability)

11.     Plaintiff's Complaint, and each and every purported cause of action set forth therein, are barred, in whole or in part, to the extent the actions that purportedly caused damage to Plaintiff were performed by third parties or other parties over whom Defendant is not responsible and over which Defendant has no control.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Attorney Fees)

12.     Plaintiff has failed to state facts sufficient for an award of attorneys' fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Good Faith

13.     All acts done by Defendant were performed fairly, in good faith and for a lawful purpose, and were reasonable and justified under the circumstances

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ministerial Exception)

14.     Plaintiff's claims are barred by doctrine of ministerial exception/

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ecclesiastical Abstention Doctrine)

15.     Plaintiff's claims are barred by the ecclesiastical abstention doctrine.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Acts)

16.     The damages or losses alleged sustained by Plaintiff, if any, were the direct and proximate result of intervening and superseding actions on the part of other parties, and not Defendants, barring Plaintiff's recovery from Defendants.

ANSWER AND AFFIRMATIVE DEFENSES

### SEVETEENTH AFFIRMATIVE DEFENSE

### (Right to Raise Additional Defenses)

17.     Defendant reserves the right to amend and/or supplement the averments to its Answer and Affirmative Defenses, and raise and assert all pertinent defenses ascertained through investigation, and after discovery has begun and additional facts and information become available.

### REQUEST FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.     The Plaintiff takes nothing by way of her Complaint;

2.     That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.     That Defendants be awarded costs of suit incurred in this action;

4.     That Defendant be awarded Attorneys' Fees to the extent allowed by law; and

For such further relief the Court deems fair and just

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial by jury for all issues so triable.

DATED: May 19, 2020               BROWN, NERI, SMITH & KHAN LLP

                                   By:    /s/ Geoffrey A. Neri
                                          Geoffrey A. Neri

                                   *Jose Hernandez, Silverio Coronado,*
                                   *Aurelio Zavaleta, Uzziel Joaquin,*
                                   *Jonathan Mendoza, David Mendoza,*
                                   *Benjamin Joaquin and Jose Luis*
                                   *Estrada*

---

33

ANSWER AND AFFIRMATIVE DEFENSES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

  I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on May 19, 2020.

DATED: May 19, 2020

BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
    Geoffrey A. Neri