DEBORAH S. MALLGRAVE, State Bar No. 198603
  *DMallgrave@GGTrialLaw.com*
JOSHUA M. ROBBINS, State Bar No. 270553
  *JRobbins@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL G. FINNEGAN, State Bar No. 241091
  *Mike@AndersonAdvocates.com*
JENNIFER E. STEIN, State Bar No. 300775
  *Jennifer@AndersonAdvocates.com*
JEFF ANDERSON & ASSOCIATES
11812 San Vincente Boulevard, #503
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN | Case No. 2:20-cv-01437-ODW-AS<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT NAASÓN JOAQUIN GARCIA'S ANSWER TO THE COMPLAINT**<br><br>Filed Concurrently with Declaration of Deborah S. Mallgrave; and Proposed Order<br><br>Date:        July 13, 2020<br>Time:        1:30 p.m.<br>Courtroom:   5D |

| | |
|---|---|
| 1<br>2 | ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive. |
| 3 | Defendants. |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN THAT on **July 13, 2020**, at **1:30 p.m.**, before the Honorable Otis D. Wright III, in Courtroom 5D of the United States Courthouse for the Central District of California, Western Division, 350 West First Street, Los Angeles, Plaintiff Sochil Martin will and hereby does move to strike any response in Defendant Naasón Joaquín García's Answer to the extent that the response improperly invokes the Fifth Amendment privilege pursuant to Federal Rules of Civil Procedure Rule 12(f).

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the concurrently filed Declaration of Deborah S. Mallgrave; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

Plaintiff first reached out to opposing counsel on May 28, 2020 to schedule a conference of counsel pursuant to L.R. 7-3.  The conference of counsel took place on June 3, 2020.  The timeliness of this motion is further discussed herein.

DATED:  June 9, 2020   GREENBERG GROSS LLP
Deborah S. Mallgrave
Joshua M. Robbins

JEFF ANDERSON & ASSOCIATES
Michael Finnegan
Jennifer E. Stein


By:   /s/ Deborah S. Mallgrave
Deborah S. Mallgrave
Attorneys for Plaintiff SOCHIL MARTIN

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 1

II. LEGAL STANDARD ..................................................................................... 1

III. PROCEDURAL AND FACTUAL BACKGROUND ..................................... 3

IV. ARGUMENT .................................................................................................. 8

    A. Defendant's Answer is an Improper, Blanket Assertion of the Fifth Amendment Privilege That Should Be Stricken. ........................... 8

    B. Defendant's Answer Does Not Make a Good Faith Effort to Answer Allegations That Do Not Implicate Defendant in Criminal Liability. ................................................................................ 9

    C. Defendant García's Answer Does Not Provide a Nexus Between the Allegations of the Complaint and the Fear of Prosecution. ............. 11

V. CONCLUSION ............................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Limber*,
    647 F.2d 912 (9th Cir. 1981) ................................................................... 2, 11

*Indus. Indem Co. v. Niebling*,
    844 F. Supp. 1374 (D. Ariz. 1994) ................................................. 1, 2, 8, 11

*Mohamed v. Jeppesen Dataplan, Inc.*,
    614 F.3d 1070 (9th Cir. 2010) ......................................................................9

*N. River Ins. Co., Inc. v. Stefanou*,
    831 F.2d 484 (4th Cir. 1987) ................................................................... 2, 8

*People v. Naason Joaquin Garcia et al.*,
    Case No. BA-475856 ................................................................................. 11

*S.E.C. v. Sands*,
    902 F. Supp. 1149 (C.D. Cal. 1995) .............................................................3

*Sliger v. Prospect Mortg., LLC*,
    789 F. Supp. 2d 1212 (E.D. Cal. 2011) ........................................................3

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ........................................................................2

**Statutes**

18 U.S.C. § 1595 ...................................................................................................3

18 U.S.C. § 1961 *et. seq.* .....................................................................................3

29 U.S.C. § 201 *et. seq.* .......................................................................................3

California Civil Code § 52.4 .................................................................................3

California Civil Code § 1708.5 .............................................................................3

California Evidence Code section 940 .................................................................3

California Labor Code §§ 1197, 226.7, 1198.5, and 203 .....................................3

**Other Authorities**

California Constitution Article I Section 15 ............................................................. 3

5 Fed. Prac. & Proc. ................................................................................................. 2

Fed. R. Civ. P. Rule 8 ........................................................................................... 7, 9

Fed. R. Civ. P. Rule 8(b)(6) ..................................................................................... 1

Fed. R. Civ. P. 12(a)(1)(C) ...................................................................................... 6

Fed. R. Civ. P. 12(f) ............................................................................................ 1, 2

Local Rule 7-3 ................................................................................................ 3, 6, 7

United States Constitution Fifth Amendment ................................................ *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff, Sochil Martin ("Plaintiff") moves for an order to strike Defendant Naasón Joaquín García's Answer to Plaintiff Sochil Martin's Complaint (the "Answer") (Dkt. 32).  Plaintiff brings this motion on the grounds that Defendant Naasón Joaquín García's ("Defendant García") Answer to Plaintiff's Complaint improperly and insufficiently invokes the Fifth Amendment privilege by asserting a blanket objection to the entirety of Plaintiff's complaint, failing to explain the basis of the objection, and prejudicing Plaintiff by failing to provide an admission or denial of paragraphs in the complaint that could not reasonably implicate Defendant García's Fifth Amendment protections.

Defendant García, who is currently facing criminal prosecution for sexual crimes against minors, human trafficking, possession of child pornography, and other related charges, copied and pasted the same three sentence invocation of the Fifth Amendment privilege in response to all 270 paragraphs of Plaintiff's Complaint.  An invocation of the Fifth Amendment privilege in an answer must be specific rather than blanket, the defendant must provide a good faith answer to allegations that do not implicate the defendant in criminal liability, and the defendant must establish a nexus between the allegation being denied and the fear of prosecution.  Defendant García's Answer fails on all three of these requirements, and should be stricken.

## II. LEGAL STANDARD

Fed. R. Civ. P. 8(b)(6) states that "[a]n allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."  While an invocation of the Fifth Amendment privilege against self-incrimination can avoid that rule, that invocation must be proper.  *Indus. Indem Co. v. Niebling*, 844 F. Supp. 1374, 1376–77 (D. Ariz. 1994).  "(T)he privilege normally is not asserted properly by merely declaring that an answer will

incriminate." *Baker v. Limber*, 647 F.2d 912, 916 (9th Cir. 1981) (quoting *Brunswick Corp. v. Doff*, F.2d 108, 110 (9th Cir. 1981)).

A blanket assertion of the Fifth Amendment privilege is insufficient, as it fails to give the Court a "basis for determining whether invocation of the privilege is appropriate." *Indus. Indem. Co.*, 844 F. Supp. at 1377. "The district court must be able to balance the witness's or party's constitutional right to invoke the privilege against the litigant's right to information." *Id.*, citing *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983).

Thus, "[a] party wishing in good faith to assert the privilege must do so 'with respect to particular [allegations],'" thereby allowing the trial judge to determine the propriety of each refusal. *N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 487 (4th Cir. 1987) (quoting *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). "[T]he defendant is obliged to answer those allegations that he can and make a specific claim of the privilege as to the rest." 5 Fed. Prac. & Proc. Civ. § 1280 (3d ed.).

In order for an invocation of the Fifth Amendment privilege in an answer to be proper, it must detail a "'nexus' between the risk of criminal conviction and the information requested." *Indus. Indem. Co.*, 844 F. Supp. at 1377. It is not enough to provide merely a vague claim of the privilege, because in that case "[a] danger of incrimination is not evident from the implication of the questions" and the claim would not "provide any basis for believing that a responsive answer or an explanation for his refusal would raise such a danger." *Baker*, 647 F.2d at 917.

Fed. R. Civ. P. 12(f) allows for the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

Further, such a motion is deemed appropriate where it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011). The grounds for a motion to strike must appear on the face of the pleading or from matters subject to judicial notice. *See, e.g.*, *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995).

### III.   PROCEDURAL AND FACTUAL BACKGROUND

On February 12, 2020, Plaintiff filed a complaint against sixteen named defendants, including Defendant García, pursuant to 18 U.S.C. § 1595. Plaintiff also asserted claims for unpaid labor pursuant to 29 U.S.C. § 201 *et. seq.* and California Labor Code §§ 1197, 226.7, 1198.5, and 203, racketeering pursuant to 18 U.S.C. § 1961 *et. seq.*, sexual battery pursuant to California Civil Code § 1708.5, and gender violence, pursuant to California Civil Code § 52.4. Plaintiff's claims are based on a lifetime of abuses and labor at the hands of La Luz Del Mundo ("LDM") religious institution and its leadership. In particular, Plaintiff alleges that she was sexually abused over the course of fourteen years by the leader and self-named "Apostle" of LDM, Defendant García.

On May 19, 2020, Defendant García filed his Answer, wherein he provided the following answer to all 270 paragraphs of the Complaint:

> Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

(Dkt. 32.) On May 28, 2020, counsel for Plaintiff contacted counsel for Defendant García via email, requesting that the parties meet and confer, per Local Rule 7-3, to discuss the deficiencies in Defendant García's Answer and to attempt to find a resolution other than the filing of this motion. (*See* Mallgrave Decl. Ex. A.) In that

email communication, counsel for Plaintiff proposed times for a possible meet and confer on May 29, 2020, June 1, 2020, and June 2, 2020.

Also on May 28, 2020, counsel for Defendant García replied that he would be available for a meet and confer on May 29, 2020. (*See* Mallgrave Decl. Ex. A.) Just over an hour later, counsel for Defendant García replied again, stating that counsel would not schedule a meet and confer until Plaintiff had provided "authority" and a clarification of "exactly what you are seeking by the contemplated motion and your vision of any potential resolution." (*See* Mallgrave Decl. Ex. B.)

On May 29, 2020, counsel for Plaintiff sent counsel for Defendant García a lengthy email providing the basis and authority for Plaintiff's proposed motion, and asking counsel for Defendant García to confirm which of the times on June 1, 2020 or June 2, 2020, would be amenable for a meet and confer. (*See* Mallgrave Decl. Ex. B.) Counsel for Defendant García did not reply. On June 2, counsel for Plaintiff followed-up with counsel for Defendant García via email, again requesting a time to discuss the proposed motion. (*Id.*)

Separately, counsel for Plaintiff and counsel for all currently represented defendants in this matter had scheduled a meet and confer with representatives of the California Attorney General's office on an unrelated motion on June 3, 2020. On June 2, 2020, counsel for Defendant García emailed counsel for Plaintiff stating that they would discuss all "pending issues" on the same call, despite the fact that parties not relevant to this motion would be participating in that meet and confer, and that counsel for Plaintiff had not offered that time for a meet and confer on this motion. (*Id.*) Counsel for Plaintiff agreed to the terms set by counsel for Defendant.

During the June 3, 2020, meet and confer, despite protestations from representatives of the California Attorney General's office that they were not a needed party for the meet and confer on this motion and attempts by those representatives to extricate themselves from the discussion, counsel for defendants insisted that the Deputy Attorney General remain on the call to discuss this motion.

Counsel for Plaintiff reiterated their position as stated in the May 29, 2020, email, and expressed hope that the parties could reach a tenable position without the need for this motion. Counsel for Plaintiff explained that, while they understood the need for Defendant García to protect his right against self-incrimination, the blanket reply in the Answer was insufficient, and that particular allegations could certainly be answered without implicating Defendant García's Fifth Amendment protections. Plaintiff's counsel provided examples, including paragraphs relating to jurisdiction, statistics about LDM pulled from the LDM website, and language regarding the history of LDM. Plaintiff's counsel asked whether Defendant García would agree to amend his Answer or provide stipulations as to the truth of particular paragraphs of the Complaint so as to obviate the need for this motion.

Defendant García's counsel stated that they would not agree to any such steps absent assurances from the California Attorneys General involved in Defendant García's criminal proceedings that such stipulations or amendments would not constitute a waiver of his Fifth Amendment privileges in the criminal case. The representatives of the California Attorney General's office on the call were asked whether such assurances could be provided. The Deputy Attorney General on the call indicated that she was not a part of the state's criminal case against Defendant García, and was not in a position to provide any such assurances.

Another member of Defendant García's legal team then suggested to Plaintiff's counsel that an agreement could be reached to certain stipulations if Plaintiff could provide a reasonable list of the particular paragraphs for which Plaintiff wanted a more specific answer. Plaintiff agreed that, despite the insufficiencies of the Answer in all respects, if an agreement could be reached relating to a limited category of paragraphs, this motion could be avoided. In order to assemble such a list, Plaintiff's counsel asked whether Defendant García would agree to an extension of time to file this motion, so as to provide time for the parties

to come to agreement on any possible stipulations. Counsel for Defendant García denied to provide such an extension.

On June 4, 2020, Plaintiff's counsel provided a list of 38 complete and 20 partial paragraphs from the 270 paragraph complaint that did not appear to raise Fifth Amendment concerns for Defendant García, and asked Defendant García to either answer those paragraphs or respond to the allegations in the form of a stipulation. Plaintiff's counsel also welcomed suggestions for alternative means of resolution. (*See* Mallgrave Decl. Ex. B.) The specific allegations for which Plaintiff asked for additional information or resolution are as follows:

- Paragraphs 10 through 12, 14, 18, 23, 40 through 44, 50, 53, 158, 159, 170, 179, 188, 202, 207, 215 through 221, 223 through 230, 232, 250, 251, 261, 262, and 264, in their entirety;
- Paragraph 13, the first sentence;
- Paragraph 15, the first sentence;
- Paragraph 17, the first sentence;
- Paragraph 19, the first sentence;
- Paragraph 20, the first sentence;
- Paragraph 22, the first sentence;
- Paragraph 25, the first and second sentences;
- Paragraph 26, the first and second sentences;
- Paragraphs 27 through 29, the first, second, and third sentences;
- Paragraphs 30 through 32, the first and second sentences;
- Paragraphs 34 through 36, the first and second sentences;
- Paragraph 82, the first sentence;
- Paragraph 85, the first sentence; and,
- Paragraph 127, the first sentence.

On June 5, 2020, counsel for Defendant García replied, stating that the list was more extensive than they expected, and that, given the attestations from the

Deputy Attorney General on the June 3, 2020 meet and confer that she was not in a position to provide assurances that any resolution on the Answer would not constitute a waiver in Defendant García's criminal case, that Defendant García would not agree to any possible resolution. (*Id.*) As such, the basis for Defendant García's counsel to reject a resolution to this dispute already existed at the time that they then asked for Plaintiff to provide additional concessions as to the parts of the Answer that they found most objectionable. Counsel for Defendant García has made no further attempts to communicate with Plaintiff's counsel following the June 5, 2020 email.

Having been unable to resolve the issue by agreement, Plaintiff now brings this motion to strike Defendant García's improperly pled Answer. This motion is timely. Defendant García filed his Answer on May 19, 2020. Fed. R. Civ. P. 12(a)(1)(C) requires that a reply to an answer be filed within 21 days of the answer being served, establishing June 9, 2020, as the deadline to file this motion. In a good faith effort to comply with the requirements of Local Rule 7-3, Plaintiff's counsel contacted counsel for Defendant García twelve days before the deadline for filing this motion, offering times for a meet and confer eleven days before, eight days before, and seven days before that deadline. Despite agreeing that they were available to meet and confer eleven days before the deadline, counsel for Defendant García rescinded their agreement to meet and confer on that date, asking instead for a written basis for the proposed motion. Plaintiff's counsel provided that basis eleven days before the deadline, and again offered times to meet and confer eight days before and seven days before the deadline. Defendant García's counsel refused to meet and confer until six days before the deadline, and refused during that meet and confer to provide an extension for the filing of this motion. Plaintiff made every good faith attempt to comply with the requirements of Local Rule 7-3 while adhering to the deadlines established in the Federal Rules of Civil Procedure.

## IV. ARGUMENT

### A. Defendant's Answer is an Improper, Blanket Assertion of the Fifth Amendment Privilege That Should Be Stricken.

Fed. R. Civ. P. Rule 8 establishes the rights of the Plaintiff to receive a fulsome answer to her Complaint. Among the 270 paragraphs of the Complaint is a long description and history of LDM – much of it derived from sources developed by LDM itself. As the leader of LDM, Defendant García is the individual most capable of providing answers to those allegations. Requiring Plaintiff to litigate the basic underlying and presumably undisputed background facts regarding the religious institution that Defendant García purports to lead as its "Apostle" would not only waste the Court's and parties' resources, but would demonstrate Defendant García's refusal to engage in the litigation in any meaningful manner, all under the guise of improper claims of a Fifth Amendment privilege.

By copying and pasting the same response to each of Plaintiff's 270 responses without any specificity or delineation between the types of allegations made, Defendant García significantly prejudices Plaintiff's ability to determine which assertions will be disputed and will have to be proven, as well as to obtain information, obtain discovery, and engage in a factual discussion about the basis of the organization at the heart of her case. Due to this very prejudice and the balance of fairness embodied by Fed. R. Civ. P. 8, courts have routinely found that answers similar to that of Defendant García are improperly pled, and have either stricken them or provided judgment on the pleadings for the plaintiff.

In *Industrial Indemnity Comp. v. Niebling*, 844 F.Supp. 1374 (D. Ariz. 1994), the court found that a blanket assertion of the Fifth Amendment privilege to all of the allegations in the complaint was insufficient and improper, where the defendants "did not answer even the jurisdictional allegations in the complaint, did not specifically direct the assertion of the privilege to the individual allegations of the complaint, and did not provide a thorough basis for the invocation of the privilege."

*Id.* at 1377.  The court determined further that, even with a declaration from defendant's counsel and facts provided in a response to the plaintiff's motion for summary judgment, the defendants did not "specifically explain[] the connection between the answers called for by the Complaint and the danger of incrimination" arising out of the need to respond to those allegations.  *Id*.

Similarly, in *North River Insurance Comp. Inc. v. Stefanou*, 831 F.2d 484 (4th Cir. 1987), the court found the defendant's answer to plaintiff's complaint improper where it provided the same blanket Fifth Amendment privilege claim across all allegations, "including allegations of jurisdiction, venue, the existence of [defendant's] firm and his position with it." *Id*. at 486.  The court reasoned that a "blanket refusal to answer or respond was not sufficient", but rather the defendant must invoke the Fifth Amendment privilege "with sufficient particularity to allow an informed ruling on the claim." *Id*. at 487.

The blanket assertions of the Fifth Amendment privilege discussed in *Indus. Indem.* and *North River* are quite similar to the blanket assertions in Defendant García's Answer.  Because Defendant García's counsel copied and pasted his Fifth Amendment assertion 270 times, the language is the same throughout, and has the same effect as the blanket assertions discussed in the cases above.  Defendant García was indiscriminate in his assertion of the Fifth Amendment privilege, denying Plaintiff the ability to either gather information or efficiently resolve undisputed matters in this case.

### B. **Defendant's Answer Does Not Make a Good Faith Effort to Answer Allegations That Do Not Implicate Defendant in Criminal Liability.**

Plaintiff's counsel, during the June 3, 2020, meet and confer, conceded that Defendant had a good faith basis for asserting his Fifth Amendment privilege with respect to some of the allegations in the Complaint, recognizing that the conduct at issue in Defendant García's criminal proceedings is fundamentally part of the same

1  conduct at the heart of this case.  However, many of the allegations in the Complaint
2  do not appear to implicate Defendant García's Fifth Amendment rights, including
3  allegations relating to venue, statistics about LDM collected from LDM's own
4  website, and allegations about the history and structure of LDM.

5  While Plaintiff believes that many of the allegations in the Complaint could
6  be answered without implicating Defendant García's Fifth Amendment rights, and
7  that the entire Answer fails to properly plead the Fifth Amendment with
8  particularity, Plaintiff, in a good faith effort to resolve this issue without the
9  assistance of the Court, offered a pared-down list of such allegations to Defendant
10 García's counsel on June 4, 2020.  (*See* Mallgrave Decl. Ex. B.)  Defendant García
11 would not agree to amend or answer through stipulation a single one of these
12 allegations.

13 In *North River*, the court specifically stated that "good-faith responses tailored
14 to address specific allegations in the complaint" through amendment of the
15 defendant's answer could have alleviated the failure to abide by the spirit of Fed. R.
16 Civ. P. 8.  831 F.2d at 487.  However, because the defendant refused to do so, he
17 "left the district court with no reasonable alternative other than to enter judgment
18 against him."  *Id*.  As the Ninth Circuit has routinely held, "the obligation is to
19 answer those allegations that can be answered and to make a specific claim of the
20 privilege as to the rest, so the suit can move forward."  *Mohamed v. Jeppesen*
21 *Dataplan, Inc.*, 614 F.3d 1070 (9th Cir. 2010).

22 Here, were the case to move forward while Defendant García is under
23 criminal prosecution, the ability of Defendant García to claim a Fifth Amendment
24 privilege under every conceivable fact relating to LDM – including those facts that
25 LDM themselves regularly and publicly publish – would deprive Plaintiff of any
26 meaningful response from the head of the institution that, as well as being a
27 defendant in this litigation, served as Plaintiff's employer and house of worship for
28

the duration of events alleged in the Complaint. Defendant has no basis to deny, for example, paragraph 43 of the Complaint, which reads:

> As of 1934, LDM has been headquartered in Guadalajara, Mexico. According to its website, LDM has more than 15,000 houses of prayer and has grown to reach 5 million people (baptized) in 58 nations on 5 continents, constituting the second largest religious body in Mexico after the Roman Catholic Church.

Defendant García has failed, either in his Answer or elsewhere, to properly explain how answering this allegation – which is drawn from LDM's own published sources – could implicate his Fifth Amendment right against self-incrimination. There are many similar allegations throughout the complaint. Defendant García should be required, at a minimum, to amend his Answer to provide answers to this and similar allegations – including those listed in the June 4, 2020, email – or to provide a more specific explanation as to why answering such allegations would be contrary to his Fifth Amendment protections.

### C.  **Defendant García's Answer Does Not Provide a Nexus Between the Allegations of the Complaint and the Fear of Prosecution.**

To properly invoke his Fifth Amendment rights in his Answer, Defendant García must do more than simply state that he is being prosecuted. Neither the Court nor Plaintiff, neither of whom is fully versed in the details of Defendant García's criminal prosecution, can adequately assess whether Defendant García is properly invoking his rights without additional information. For example, much of the Complaint and several of the allegations pertain to Plaintiff's work, under Defendant García's supervision, for a media arm of LDM – International Berea USA, and the unpaid labor that she did for that organization. As far as Plaintiff is aware, the operations of International Berea USA are not at issue in the criminal proceedings ongoing in the state of California, which pertains to claims of sexual abuse, human trafficking, and child pornography.

The Fifth Amendment privilege "normally is not asserted properly by merely declaring that an answer will incriminate." *Baker*, 647 F.2d at 916 (quoting *Brunswick*, 638 F.2d at 110). In *Baker*, the Ninth Circuit analyzed whether the Fifth Amendment was properly invoked in a deposition where the defendant "stated his name for the record, but refused to answer any further questions, including those directed to his address, telephone number and education and professional background." *Baker*, 647 F.2d at 917. Given that "[a] danger of incrimination is not evident" from such inquiries and the defendant failed to "demonstrate the nexus between" a criminal indictment and the information being sought, the court found the invocation of the privilege to be insufficient. *Id*. "Some nexus between the risk of criminal conviction and the information requested must exist." *Id*. (quoting *Martin-Trigona v. Gouletas*, 634 F.2d 354 (7th Cir. 1980)).

The court in *Indus. Indem.* evaluated an assertion of the Fifth Amendment privilege by a defendant that claimed to be the subject of an FBI investigation, the subject of multiple grand juries relating to his purported crimes, and the subject of multiple civil suits relating to potentially criminal conduct. 844 F. Supp. at 1375. On that basis, the defendant invoked the Fifth Amendment to all of the allegations in the plaintiff's complaint. *Id*. The court held that, without "specifically explain[ing] the nature of the pending criminal matters alluded to" nor the "connection between the answers called for by the Complaint and the danger of incrimination in those proceedings", the defendant's invocation of the privilege was improper. *Id*. at 1377.

Here, Plaintiff's complete explanation for the invocation of the Fifth Amendment privilege across the entirety of the complaint states "Defendant is presently facing criminal prosecution in *People v. Naasón Joaquin García et al.*, Case No. BA-475856 (Los Angeles Sup. Ct.)." (Dkt. 32.) No further explanation is provided. The ability of the Court or of Plaintiff to assess the "nexus" between the allegations in the Complaint and invocations of the Fifth Amendment privilege requires greater specificity, particularly with respect to the allegations that Plaintiff

-12- Case No. 2:20-cv-01437-ODW-AS
NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT NAASÓN JOAQUIN GARCIA'S ANSWER TO THE COMPLAINT

referenced in counsel's June 4, 2020 email. (See Mallgrave Decl. Ex. B.) Although Plaintiff offered Defendant García the opportunity to explain how these allegations implicate the Fifth Amendment privilege via the June 4, 2020, email, Defendant García's counsel refused. Moreover, having read the pleadings in the above cited criminal case, it is unclear to Plaintiff how the allegations pertaining to Plaintiff's unpaid labor for International Berea USA, or certain other allegations in the Complaint, require Defendant García to invoke the Fifth Amendment privilege.

Accordingly, the Court should strike Defendant García's Answer.

## V. CONCLUSION

For the reasons explained in this Motion, Plaintiff Sochil Martin respectfully requests that the Court grant this Motion to Strike Defendant García's Answer to Plaintiff's Complaint in its entirety, or, in the alternative, to those paragraphs and sentences detailed *supra*.

DATED: June 9, 2020

GREENBERG GROSS LLP
Deborah S. Mallgrave
Joshua M. Robbins

JEFF ANDERSON & ASSOCIATES
Michael Finnegan
Jennifer E. Stein

By: ___/s/ Deborah S. Mallgrave___
Deborah S. Mallgrave
Attorneys for Plaintiff SOCHIL MARTIN