DEBORAH S. MALLGRAVE, State Bar No. 198603
  *DMallgrave@GGTrialLaw.com*
JOSHUA M. ROBBINS, State Bar No. 270553
  *JRobbins@GGTriallaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL G. FINNEGAN, State Bar No. 241091
  *Mike@AndersonAdvocates.com*
JENNIFER E. STEIN, State Bar No. 300775
  *Jennifer@AndersonAdvocates.com*
JEFF ANDERSON & ASSOCIATES
11812 San Vincente Boulevard, #503
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an | Case No. 2:20-cv-01437-ODW-AS<br><br>**DECLARATION OF DEBORAH S. MALLGRAVE IN SUPPORT OF PLAINTIFF SOCHIL MARTIN'S MOTION TO STRIKE NAASÓN JOAQUÍN GARCÍA'S ANSWER TO THE COMPLAINT**<br><br>Filed Concurrently with Notice and Motion to Strike, Memorandum and Points of Authorities in Support Thereof, and Proposed Order<br><br>Date:　　　July 13, 2020<br>Time:　　　1:30 p.m.<br>Courtroom:　5D |

| | |
|---|---|
| 1 | individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive. |
| 2 | |
| 3 | Defendants. |

## **DECLARATION OF DEBORAH S. MALLGRAVE**

I, Deborah S. Mallgrave, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California. I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin in this action. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. On February 12, 2020, Plaintiff filed this action, *Sochil Martin v. La Luz Del Mundo et al.*, in this Court.

3. On May 19, 2020, Defendant Naasón Joaquín García ("Defendant García") filed his Answer to the Complaint.

4. Defendant García's Answer provided the following response to all of Plaintiff's allegations:

> Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

5. On May 28, 2020, I contacted counsel for Defendant García via email to request a Local Rule 7-3 meet and confer relating to proposed motion to Strike Defendant Garcia's answer.

6. In that email communication, I proposed times for a possible meet and confer on May 29, 2020, June 1, 2020, and June 2, 2020.

7. On May 28, 2020, Alan Jackson, counsel for Defendant García replied that he would be available for a meet and confer on May 29, 2020 at 10:00 A.M. A true and correct copy of the May 28, 2020 email exchange with Alan Jackson is attached hereto as Exhibit A.

8. On May 28, 2020, via email, Mr. Jackson rescinded his offer to speak on May 29, 2020, stating "before we schedule the 7-3 conference, we ask that you please provide your authority for the proposition that the Answer should be stricken pursuant to Rule 12(f) or any other Rule."

9. On May 29, 2020, I responded to Mr. Jackson's email explaining that "[t]he purpose of our proposed meet and confer and possible motion to strike is to address the blanket, improper assertions of the fifth amendment privilege in your client's answer to all of the allegations in my client's complaint." My email to Mr. Jackson included legal authority and a possible resolution requesting Defendant García amend his Answer. In my email, I asked Mr. Jackson which of the remaining proposed times for a meet and confer on June 1, 2020, and June 2, 2020, would be amenable for scheduling the meet and confer. Mr. Jackson did not reply.

10. On June 2, 2020, I emailed Mr. Jackson, again requesting a time to schedule a meet and confer on this motion.

11. On June 2, 2020, Caleb Mason, counsel for Defendant García responded to my email declining my request to have a meet and confer at one of the times that I proposed in my emails, stating that counsel for Defendant García would discuss the motion, as well as all "pending issues" on a previously scheduled meet and confer that included all counsel for named defendants and representatives of the California Attorney General's office pertaining to an unrelated motion.

12. During the June 3, 2020, meet and confer, Joshua Robbins, also an attorney at Greenberg Gross LLP and counsel of record for Plaintiff Sochil Martin in this action, reiterated the position that was originally stated in the May 29, 2020 email to Mr. Jackson. Mr. Robbins asked Mr. Jackson, and his colleagues, whether Defendant García would agree to amend his Answer or provide stipulations to particular paragraphs of the Complaint to alleviate the need for a Motion to Strike.

13. During the meet and confer, Defendant García's counsel asked the representatives of the California Attorney General's office whether they would provide assurances that any such stipulations or amendments would not constitute a waiver of his Fifth Amendment privileges in the criminal case. California Deputy Attorney General Donna M. Dean stated that she was not involved in the prosecution of the case against Defendant García beyond the narrow scope of addressing the potential intersection of the civil and criminal cases of Defendant García, and therefore was not in a position to provide any such assurances.

14. Counsel for another named Defendant who was also on the meet and confer for purposes of providing input on another, unrelated proposed motion, suggested that a series of amendments or stipulations as to particular facts could possibly eliminate the need for a motion to strike from Plaintiff.

15. Caleb Mason asked whether, in aid of finding such possible resolutions, Plaintiff's counsel would provide a list of the particular paragraphs that Plaintiff would specifically need a more specific answer for in order to avoid this motion.

16. Mr. Robbins agreed to provide a list of those paragraphs in the Complaint that Plaintiff's counsel most believed Defendant could answer without implicating his Fifth Amendment privilege for purposes of continuing negotiations over the proposed motion.

17. Mr. Robbins asked whether Defendant García's counsel would agree to an extension of time to file this motion so as to provide time to produce the requested list of paragraphs from the complaint and thereafter engage in negotiations over any possible stipulations. Counsel for Defendant García refused to provide such an extension.

18. On June 4, 2020, I emailed a list of 38 complete and 20 partial paragraphs from the complaint that I and Mr. Robbins agreed did not appear to raise Fifth Amendment concerns for Defendant García. In my email, I requested that

counsel for Defendant García let us know whether they would "agree to answer or respond to these allegations in the form of a stipulation of if [they] have another suggested resolution."

19. On June 5, 2020, Mr. Mason refused to amend the Answer, stating as follows:

> This list is far more extensive than what you and Mr. Robbins suggested on the teleconference. Additionally, as you recall, the Attorney General's Office, on the call, stated expressly that the office would not commit as to whether the office would assert, based on any putative amended answer, that the answer constituted a 5th Amendment waiver. Accordingly, our position remains that our client's answer is legally proper and justified as filed, no amendment is required, and a proposed motion to strike would lack merit and would not be not well-taken.

20. A true and correct copy of my May 28, 2020–June 5, 2020 email exchange with Alan Jackson and Caleb Mason is attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: June 9, 2020

/s/ Deborah S. Mallgrave
Deborah S. Mallgrave