# EXHIBIT B

**Arielle A. Seidman**

| | |
|---|---|
| **From:** | Caleb Mason <cmason@werksmanjackson.com> |
| **Sent:** | Friday, June 5, 2020 10:57 AM |
| **To:** | Deborah Mallgrave; Alan Jackson |
| **Cc:** | Michael Freedman; Joshua M. Robbins; Arielle A. Seidman; Jenira Velez; Reed Aljian; Geoff Neri |
| **Subject:** | [EXT] RE: Martin v. LLDM: meet and confer |

Ms. Mallgrave,

Thanks for sending. This list is far more extensive than what you and Mr. Robbins suggested on the teleconference. Additionally, as you recall, the Attorney General's Office, on the call, stated expressly that the office would not commit as to whether the office would assert, based on any putative amended answer, that the answer constituted a 5th Amendment waiver. Accordingly, our position remains that our client's answer is legally proper and justified as filed, no amendment is required, and a proposed motion to strike would lack merit and would not be not well-taken.

Thanks,

Caleb

**Caleb Mason**
Partner

**Werksman Jackson & Quinn LLP**
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com

---

**From:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Sent:** Thursday, June 4, 2020 9:32 AM
**To:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>
**Cc:** Michael Freedman <mfreedman@werksmanjackson.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>; Reed Aljian <ra@dallp.com>; Geoff Neri <geoff@bnsklaw.com>
**Subject:** RE: Martin v. LLDM: meet and confer

Counsel:

As requested during yesterday's conference, the following is a list of paragraphs or sentences in the complaint that do not appear to raise Fifth Amendment concerns. Please let us know if defendant Naason Garcia will agree to answer or respond to these allegations in the form of a stipulation or if you have another suggested resolution.

10-12

13:  first sentence

14

15: first sentence

17: first sentence

18

19: first sentence

20: first sentence

22: first sentence

23

25: first and second sentences

26: first and second sentences

27: first, second, and third sentences

28: first, second, and third sentences

29: first, second, and third sentences

30: first and second sentences

31: first and second sentences

32: first and second sentences

34: first and second sentences

35: first and second sentences

36: first and second sentences

40-44

50

53

81: first sentence

85: first, second, third, and fourth sentences

127: first sentence

158

159

170

179

188

202

207

215-221

223-230

232

250-251

261-262

264

Thank you,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com |  www.GGTrialLaw.com

GREENBERG GROSS LLP

From: Caleb Mason <cmason@werksmanjackson.com>
Sent: Tuesday, June 2, 2020 12:56 PM
To: Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Reed Aljian <ra@dallp.com>; Geoff Neri <geoff@bnsklaw.com>
Cc: Michael Freedman <mfreedman@werksmanjackson.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
Subject: [EXT] RE: Martin v. LLDM: meet and confer

Deb, we're good for 3:30.  All parties will be on the phone together, and so we will discuss all pending issues on the same call.

Thanks,

Caleb
**Caleb Mason**

3

Partner
**Werksman Jackson & Quinn LLP**
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com

---

**From:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Sent:** Tuesday, June 2, 2020 12:41 PM
**To:** Alan Jackson <ajackson@werksmanjackson.com>
**Cc:** Michael Freedman <mfreedman@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** RE: Martin v. LLDM: meet and confer

Alan,

Please let me know if you are available for our meet and confer conference tomorrow. I'm available to discuss between 11:30am – 3:30 pm, and then after our meet and confer on the state's motion (scheduled for 3:30pm).

Thanks,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com |   www.GGTrialLaw.com



---

**From:** Deborah Mallgrave
**Sent:** Friday, May 29, 2020 1:18 PM
**To:** 'Alan Jackson' <ajackson@werksmanjackson.com>
**Cc:** Michael Freedman <mfreedman@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Joshua M. Robbins <JRobbins@ggtriallaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** RE: Martin v. LLDM: meet and confer

Counsel:

Thank you for your email. The purpose of our proposed meet and confer and possible motion to strike is to address the blanket, improper assertions of the fifth amendment privilege in your client's answer to all of the allegations in my client's complaint.

The same purported assertion of the privilege is used across all allegations, including as to allegations of jurisdiction and recitations of uncontested facts about Luz del Mundo pulled directly from the Luz del Mundo website. This violates the

spirit of Fed. R. Civ. P. 8(b)(1)(B) and 8(b)(4), and precludes the court from "balanc[ing] the witness's or party's constitutional right to invoke the privilege against the litigant's right to information."  *Indus. Indem. Co. v. Niebling*, 844 F. Supp. 1374, 1377 (D. Ariz. 1994) (*citing In re Morganroth,* 718 F.2d 161, 167 (6th Cir.1983)).  "[A] proper invocation of the privilege [does not] mean that a defendant is excused from the requirement to file a responsive pleading; he is obliged to answer those allegations that he can and to make a specific claim of the privilege as to the rest." *N River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486 (4th Cir. 1987), *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1280, at 360 (1969).

Your client's answer "did not answer even the jurisdictional allegations in the complaint", "did not provide a thorough basis for the invocation of the privilege", and did "not specifically explain[] the connection between the answers called for by the Complaint and the danger of incrimination in those proceedings", which does not allow the Court "to determine whether there is a sound basis for Defendants' fear of prosecution."  *Niebling*, 844 F. Supp. at 1377.

It is our hope to discuss a potential resolution to obviate the need for filing this motion.  One possible resolution we would like to discuss is requesting that your client request leave to amend his answer to cure these deficiencies and to provide our client with the answers that she is entitled to.  We are open to hearing other possible solutions that could avoid this motion.

An unwillingness to amend or find other resolution may force our client to ask the court to enter a judgment on the pleadings or a default judgment.  *See, e.g.*, *Baker v. Limber*, 647 F.2d 912, 918 (9th Cir.1981) (upholding district court sanction of striking an answer and entering default against a defendant who improperly asserted the privilege); *N. River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484, 486 (4th Cir.1987) (affirming district court's grant of judgment on the pleadings when defendant improperly asserted the privilege with respect to the entire complaint).

We look forward to having this meet and confer, and discussing a possible resolution.  Please let me know which of the remaining times that I have proposed would work for having the call.

Thank you,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com |  www.GGTrialLaw.com



**From:** Alan Jackson <ajackson@werksmanjackson.com>
**Sent:** Thursday, May 28, 2020 7:54 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Michael Freedman <mfreedman@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM: meet and confer

Counsel,

I indicated that I (at least) am potentially available at 10am tomorrow. However, before we schedule the 7-3 conference, we ask that you please provide your authority for the proposition that the Answer should be stricken pursuant to Rule 12(f) or any other Rule.

In addition, for purposes of us preparing for the Rule 7-3 conference, I ask that you clarify exactly what you are seeking by the contemplated motion and your vision of any potential resolution.

Once we hear from you, we will be happy to discuss the scheduling of such conference.

Sincerely,

AJ

Alan Jackson
Werksman Jackson & Quinn LLP
888 West Sixth Street, Fourth Floor
Los Angeles, CA 90017
213-688-0460 ph


> On May 28, 2020, at 6:49 PM, Deborah Mallgrave <DMallgrave@ggtriallaw.com> wrote:
>
> Counsel,
>
> Plaintiff intends to file a motion to strike the answer of Naason Garcia. Pursuant to Local Rule 7-3, please let me know when you are available to discuss the substance and potential resolution of this motion. I'm available to discuss tomorrow between 10am – 2:30 pm, Monday from 9-10am, and Tuesday from 10am – 1:30pm. Please let me know the time that works best for you.
>
> Thank you,
> Deb
>
> **Deborah S. Mallgrave**
> *Partner*
> 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
> 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
> Tel 949.383.2790 | Fax 949.383.2801
> DMallgrave@GGTrialLaw.com |  www.GGTrialLaw.com
>
> <image001.png>
>
> This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.