Reed Aljian (State Bar No. 211010)
  *ra@dallp.com*
Rochelle Calderon Rotea (State Bar No. 325417)
  *rochelle@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:   949.861.2524
Facsimile:   949.269.6364

Attorneys for Defendants
COMMUNICATION CENTER BEREA
U.S.A. LLC, erroneously sued as
INTERNATIONAL BEREA USA,
ALMA ELIZABETH JOAQUIN,
erroneously sued as ALMA ZAMORA
DE JOAQUIM, and ADORAIM
JOSADAC JOAQUIN, erroneously sued
as ADORAIM JOAQUÍN ZAMORA

*Additional counsel on following page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>          Plaintiff,<br><br>     v.<br><br>LA LUZ DEL MUNDO, an<br>unincorporated association, et al.<br><br>          Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' JOINT MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE**<br><br>Complaint Filed:   February 12, 2020<br>Trial Date:          None Set<br><br>[Filed herewith: Notice of Motion and Motion; Declarations of Reed Aljian and Alan Jackson; and [Proposed] Order]<br><br>District Judge:      Otis D. Wright, II<br>Courtroom:          5D, 5th Floor<br>Magistrate Judge:  Alka Sagar<br>Courtroom:           540, 5th Floor<br><br>DATE: July13, 2020<br>TIME:  1:30 p.m.<br>CTRM: 5D |

---

DEFENDANTS' MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE

1    Ethan J. Brown (SBN 218814)
2      *ethan@bnsklaw.com*
     Geoffrey A. Neri (SBN 258802)
3      *geoff@bnsklaw.com*
4    BROWN, NERI, SMITH & KHAN LLP
     11601 Wilshire Blvd., Suite 2080
5    Los Angeles, California 90025
     Telephone:   (310) 593-9890
6    Facsimile:    (310) 593-9980
7
8    Attorneys for Defendants
     JOSE HERNANDEZ, SILVERIO
9    CORONADO, AURELIO ZAVALETA,
     UZZIEL JOAQUIN, JONATHAN
10   MENDOZA, DAVID MENDOZA,
11   BENJAMIN JOAQUIN and JOSE
     LUIS ESTRADA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAILY ALJIAN LLP
Newport Beach, California

---

DEFENDANTS' MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE

1

# **TABLE OF CONTENTS**

2   I. INTRODUCTION ……………………………………………………...…1

3   II. RELEVANT FACTUAL BACKGROUND……………………………..3

4       A. Plaintiff's Filing of the Action and Publicity Tour………………..……3

5       B. Plaintiff's Refusal To Participate In The Rule 26 Conference……….....4

6       C.The Other Unserved Defendants Likely Will Never Appear…………..……7

7       D. Coordination of Plaintiff's Counsel and Criminal Prosecutors………..……7

8   III. ARGUMENT…………………………………………………………..13

9       A.Plaintiff's Refusal to Participate in a Rule 26 Conference Violates the Letter

10  and Spirit of Rule 26(f) and This Court's Scheduling Order……………………..13

11      B.In The Alternative, There is Good Cause Here for Early Discovery………..17

12  IV. CONCLUSION…………………………………………………………..18

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAILY ALJIAN LLP
Newport Beach, California

1

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Mlejnecky v. Olympus Imaging Am., Inc.*, 2:10-CV-02630,
2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) ...................................................15

*Norm Thompson Outfitters, Inc. v. Starcrest Products of California, Inc.*,
No. CIV.03-1149-H, 2004 WL 957774, at *3 (D. Or., May 4, 2004)................15

*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276
(N.D. Cal. 2002)....................................................................................................17

*Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 601 (C.D. Cal. 1995)........16

### OTHER AUTHORITIES

Black's Law Dictionary 1291 (9th ed. 2009).......................................................14

### RULES

Fed. R. Civ. P. 26.................................................................................. 13, 14, 15

DAILY ALJIAN LLP
Newport Beach, California

2

# I.    INTRODUCTION

The Moving Defendants are all of the defendants in the Complaint who have appeared in this Action to date and answered the Complaint, with the exception of Defendant Naason Joaquin Garcia. Plaintiff Sochil Martin's 65-page, 270-paragraph Complaint publicly accuses the Moving Defendants – nine ministers, the wife and son of one of Mr. Garcia, and a communications company – of engaging in a parade of criminal conduct, including human trafficking, forced unpaid labor, sexual abuse, rape, child abuse, and of being part of a criminal RICO enterprise for the purpose of human trafficking, child abuse, and sexual abuse (the "Civil Action"). Plaintiff's allegations are false and defamatory and have caused Moving Defendants significant reputational harm, embarrassment, and damage. Then, to make matters worse, the day after she filed the Complaint, Plaintiff commenced a public relations tour, holding a 45-minute nationally-broadcast press conference repeating her false allegations, streamed live on the internet. The press conference lead to numerous news articles repeating those allegations, including a front-page article in the *Los Angeles Times*. She then repeated her false allegations in a documentary shown nationwide on the Showtime cable network called "The Trade," which aired in March 2020.

Plaintiff's false allegations are not only directed at the individual Moving Defendants, but also against their religion and their current and past ecclesiastic leaders, including Mr. Garcia. Therefore, in response to these outrageous allegations, Moving Defendants' decision was unequivocal and united – answer the complaint, take discovery, expose the absence of evidence against them and Plaintiff's lack of credibility, seek judgment in their favor as soon as possible, clear their names and reputations, and seek recovery for the damages caused by their inclusion in this case.

To this end, shortly after Plaintiff filed her Complaint and they secured legal representation, Moving Defendants (through their attorneys) contacted Plaintiff's

DAILY ALJIAN LLP
Newport Beach, California

1

counsel, voluntarily offered to accept service on behalf of their clients and signed Rule 4 waivers. Each of those Defendants – all 11 of them –have now answered the Complaint and are ready to begin discovery. The day after the filing of all but one of the answers that are on file (the final of these answers has since been filed), this Court issued a Scheduling Order (the "Scheduling Order"), which ordered the parties to arrange for and participate in a Rule 26 Conference (the "Rule 26 Conference"). That same day, defense counsel contacted Plaintiff's counsel to schedule the Rule 26 Conference. Plaintiff's counsel refused to participate in the conference.

Defense counsel made a second request to Plaintiff's counsel to participate in the Rule 26 Conference, this time on a day Plaintiff's counsel had previously represented they were available. Plaintiff refused. The parties then participated in a Local Rule 7-3 Conference on this Motion. During that call, counsel for all parties were present. In an effort to avoid seeking relief of Court, Defense counsel proposed that the parties participate in the Rule 26 Conference on that call. Plaintiff's counsel refused. Then, as an alternative resolution, Defense counsel asked Plaintiff's counsel merely to agree to a date certain that they would participate in the conference. Plaintiff refused.

Plaintiff counsel's stated that they would continue to refuse to participate in the conference until after (1) all named defendants had appeared and answered the Complaint; (2) Mr. Joaquin Garcia agreed to accept service on behalf of the religion (which is not subject to suit, any more than "Catholicism" or "Judaism" is subject to suit); and (3) Mr. Garcia amended his answer to the Complaint by withdrawing his assertion of the Fifth Amendment (as is currently asserted in his answer) and substantively responding to the allegations in the Complaint.

Plaintiff's counsel is stonewalling in an effort to prevent Moving Defendants from exposing the total lack of evidence against them. It also appears Plaintiff's counsel is employing these tactics as part of a coordinated effort with the Attorney

DEFENDANTS' MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE

DAILY ALJIAN LLP
Newport Beach, California

General of the State of California to apply leverage against Mr. Garcia, who is currently the subject of a Criminal Action being prosecuted by the AG. Plaintiff counsel's refusal to participate in the Rule 26 Conference is unjustified, violates Rule 26, and violates the Court's admonitions and directives in the Scheduling Order. Moreover, it causes an unnecessary and prejudicial delay of initial disclosures, discovery, and the litigation on the merits of this case.

Moving Defendants have answered the complaint and have attempted to schedule a Rule 26 Conference to commence disclosures and discovery. Plaintiff's counsel will not voluntarily agree to participate. Therefore, Moving Defendants respectfully request that the Court grant this Motion and order Plaintiff's counsel to participate in the Rule 26 Conference and to order that the conference take place no later than seven days after entry of the Court's Order granting this Motion. Or, in the alternative, Moving Defendants request that the Court enter an Order granting them leave to take early discovery, i.e., leave to serve written discovery and notice depositions in advance of the Rule 26 Conference.

## II.    RELEVANT FACTUAL BACKGROUND

### A.    Plaintiff's Filing of the Action and Publicity Tour

Plaintiff filed her Complaint on February 12, 2020. (Declaration of Reed Aljian ("Aljian Decl."), at ¶ 2; Docket No. 1 (Complaint).) The very next day, on February 13, 2020, Plaintiff and her counsel held a 45-minute "press conference" in downtown Los Angeles to publicize the filing of her Complaint. (Aljian Decl., ¶ 3, Ex. 1. ("Press Conference Transcripts").) At that press conference, Plaintiff stood between her attorneys (Jeff Anderson, Deborah Mallgrave, and Joshua Robbins), and behind a lectern emblazoned with the names and logos of the attorneys' law firms, publicly recounting the allegations of forced labor, involuntary servitude, sex trafficking, and RICO conspiracy, among others, contained in her Complaint. (*Id.* ) The news conference was streamed live on the internet and can be viewed at

DAILY ALJIAN LLP
Newport Beach, California

3

https://youtu.be/48qalqYWKVQ. (*Id.*) The next morning, Ms. Martin was featured on the front page of the *Los Angeles Times*, which a long article covering her and her allegations. (Aljian Decl., at ¶ 5, Ex. 2. (February 15, 2020 Article) (showing Ms. Mallgrave smiling and laughing at the culmination of the press conference).)

The filing of the Complaint and the publicity stunt that followed immediately preceded the sacred "Holy Supper" event celebrated by the La Luz del Mundo religion ("LLDM"). The Holy Supper is attended by thousands of LLDM faithful and this year it was held at the Pomona Fairplex and took place on February 14, 2020. (Aljian Decl., at ¶ 4.) It appears that this was no coincidence and that Plaintiff timed the filing of the Complaint and her subsequent news conference to embarrass LLDM and the Moving Defendants in the midst of this popular and sacred religious event.

Finally, in March 2020, Ms. Martin starred in a documentary mini-series on Showtime called "The Trade." (Aljian Decl., at ¶ 6.) During the documentary, she repeated her allegations of forced labor, involuntary servitude, sex trafficking, among others, contained in her Complaint. (*Id.*)

### B. Plaintiff's refusal to participate in the Rule 26 Conference

Since making their initial splash through their filing of the complaint, news conference, news articles, and the airing of the documentary, Plaintiff and her counsel have shown little interest in actually litigating their case. On multiple occasions, Defense counsel has requested informal discovery. For context, the Complaint fails to allege any facts supporting any of the causes of action against Alma Elizabeth Joaquin and Adoraim Josadac Joaquin, other than conclusory ones. These individuals are Defendant Naason Joaquin Garcia's wife and son. Counsel for those two defendants (Reed Aljian of Daily Aljian LLP) asked Plaintiff's counsel to explain why those two defendants were being sued and to identify any facts that support any of the claims asserted; or, if they could not, Mr. Aljian asked that these defendants be dismissed. (*See e.g.*, Aljian Decl., ¶ 8, Ex. 3. (April 28, 2020 letter from R.

DAILY ALJIAN LLP
Newport Beach, California

Aljian).) Plaintiff refused, claiming they have "probable cause" to assert those claims. (Aljian Decl., ¶ 9, Ex. 4. (May 6, 2020 letter from D. Mallgrave).) In response to the request for evidence of the unsupportable claims, Plaintiff explained "[y]our request for premature discovery is improper…. [W]e intend to proceed to discovery once the various defendants have answered the complaint, as provided in the Federal Rules of Civil Procedure." (*Id.*)

Plaintiff does not have probable cause to sue these two individuals (among others). Moreover, the representation that Plaintiff would proceed with discovery per code proved to be inaccurate.

On May 19, 2020, Mr. Garcia, his wife, his son, and the remainder of the Defendants served to date filed answers (not including the defendant erroneously named International Berea USA, which filed its answer June 2, 2020). (Docket Nos. 23-28, 30-34, 41, and 45.) The next day, the Court issued its Scheduling Order (the "Order"). (Docket No. 39 (Scheduling Order).) (Aljian Decl., ¶ 10.) The Order calendared a scheduling conference for September 14, 2020 and an August 24, 2020 deadline for the parties to meet and confer in advance of the scheduling conference. (*Id.*) However, the Court made clear that, despite the drop-dead date, discovery should proceed without delay. The Order specifically advises the parties "to begin to conduct discovery actively before the Scheduling Conference required by Rule 16(b)." (*Id.* at p.2, n. 1.) Moreover, the Order states that "[a]t the very least, the parties *shall comply fully* with the letter *and spirit* of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery." (*Id.* at p. 2, n. 1 (emphasis added).)

The same day as the Court's Scheduling Order, Mr. Aljian requested that the parties participate in the Rule 26 Conference on May 22, 2020. (Aljian Decl., ¶ 11, Ex. 5. (May 20, 2020 email).) Counsel for the other defendants agreed. Plaintiff refused, in part because they claimed they were not available. (Aljian Decl., ¶ 12, Ex.

DAILY ALJIAN LLP
Newport Beach, California

DEFENDANTS' MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE

6. (May 21, 2020 email).) In that same email, however, Plaintiff's counsel explained they were available on May 27, 2020, requesting a Local Rule 7-3 conference to discuss a threatened motion to seek additional time to serve the defendant LLDM. (*Id.*) Defendants agreed to participate in the requested meet and confer. (*Id.*) In addition, knowing that Plaintiff's counsel was available on that Wednesday, Mr. Aljian proposed that the parties participate in the Rule 26 Conference during that same call. (Aljian Decl., ¶ 13, Ex. 7. (May 26, 2020 letter from R. Aljian).) Counsel for the other defendants agreed. Plaintiff refused. (Aljian Decl., ¶ 14, Ex. 8. (May 26, 2020 letter from D. Mallgrave).) At that point, Mr. Aljian requested that the parties engage in a Local Rule 7-3 conference regarding this Motion during that call. Plaintiff agreed to that request. (Aljian Decl., ¶ 15, Ex. 9. (May 27, 2020 email from R. Aljian).)

On May 27, 2020, the parties appeared via teleconference for the dual meet and confers. (Aljian Decl., ¶ 16.) Counsel for all parties were on the call. (*Id.*) At the start of the call, Mr. Aljian made another request that Plaintiff's counsel engage in the Rule 26 Conference and proceed with the conference at that time. (Aljian Decl., ¶ 17.) Plaintiff's counsel refused. (*Id.*) Consequently, the parties engaged in the discussion of the two threatened motions. (*Id.*) In an effort to reach a compromise, Plaintiff's counsel was reminded that the Court had ordered the parties to engage in the Rule 26 conference and had advised the parties to commence discovery without delay. Plaintiff's counsel was further asked whether they would agree upon a date certain to participate in the Rule 26 conference. (Aljian Decl., ¶ 18.) Plaintiff refused. (*Id.*)

Over the course of communications before, during, and after the May 27, 2020 conference call, Plaintiff has given a number of excuses for refusing to participate in the conference. Specifically, they have impermissibly placed preconditions on their agreement to participate in the conference. Most recently, Plaintiffs' counsel

explained that they would not proceed with the conference until "serving all defendants and receiving answers from all of them…." (Aljian Decl., ¶ 22, Ex. 10. (May 29, 2020 email from D. Mallgrave).) However, in that same email, Plaintiff's counsel explained that they could proceed with the conference upon "service of [the defendant named as La Luz Del Mundo ("LLDM")]" and "a properly pled response from Naason Garcia." (*Id.*) Therefore, Plaintiff's counsel is attempting to leverage an agreement to accept service LLDM (which is not an entity subject to suit) and an agreement that Mr. Garcia make factual admissions or denials in response to the Complaint.

### C.    The Other Unserved Defendants Likely Will Never Appear.

The remaining defendants that have not been served or appeared are named in the Complaint as follows: "La Luz Del Mundo, an unincorporated association"; "El Consejo De Obispos, an unincorporated association"; Gilberto Garcia Granados, an individual; Silverio Coronado, an individual; Aurelio Zavaleto, an individual, and Rahel Joaquin Garcia, an individual. It is anticipated that these parties will never appear in this Action. (Aljian Decl., ¶ 23.)  LLDM is not a corporate entity or otherwise subject to suit. It is a religion akin to "Catholicism." Further, the unserved individual defendants are foreign nationals without minimum contacts to this jurisdiction and thus beyond the jurisdiction of this Court.  Irrespective of the merits, these are issues irrelevant to the issue of whether a FRCP 26 should proceed and whether Moving Defendants are entitled to promptly begin discovery.

### D.    Coordination of Plaintiff's Counsel and Criminal Prosecutors

The chronology of events suggests a more nefarious motive for Plaintiff's stonewalling.

Plaintiff claims she has been "working with …authorities to help the investigation and prosecution of [Mr. Garcia…." (Docket No. 1, at ¶149 (Complaint).)  The only pending criminal case is the Criminal Action brought by the

DAILY ALJIAN LLP
Newport Beach, California

DEFENDANTS' MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE

1    Office of the Attorney General for the State of California (the "AG") against

2    Mr. Garcia and three other individuals (who not parties in this Civil Action).

3    (Declaration of Alan Jackson ("Jackson Decl."), ¶ 3.)

4         The evidence indicates that Plaintiff's counsel is coordinating with the AG to

5    use the Civil Action to acquire information that the AG would not otherwise be able

6    to access (i.e., Mr. Garcia and the other Defendants' substantive responses to the

7    Complaint), to try to force Mr. Garcia to waive his Constitutional rights, and to

8    prevent all Defendants from having the opportunity to confirm the absence of

9    evidence against them.

10         For some context, Mr. Garcia is the ecclesiastical leader of the LLDM religion

11   and is referred to as the "Apostle." On June 4, 2019, the AG filed a criminal complaint

12   against Mr. Garcia, making allegations of child pornography, human trafficking, and

13   sexual assault ("Criminal Action"), later amended on July 15, 2019. Jackson Decl.

14   2), Ex. A. (Amended Complaint).) Just like Ms. Martin, the AG publicized its case

15   with a press conference. (Jackson Decl.), ¶ 4, Ex. B. (June 6, 2019 Press Conference

16   Transcripts).) However, to date, the AG's office and its prosecutors have refused to

17   produce evidence in support of the claims.  (Jackson Decl.), ¶ 5.)

18         During the course of the Criminal Action, the AG's tactics have mirrored

19   Ms. Martin. The AG filed a public complaint accusing him with a variety of crimes,

20   publicized the accusations at a press conference, and then did nothing to support those

21   claims. Rather, the AG stonewalled in discovery and stalled the prosecution of the

22   case. These tactics have been the subject of significant concern and sanctions by the

23   Superior Court in the Criminal Action and appellate review in Mr. Garcia's favor.

24   (Jackson Decl., ¶ 5.) For example, the AG claimed it had uncovered alleged evidence

25   of child pornography. (*Id*.) However, the AG refused to disclose this alleged

26   evidence. Upon motion by Mr. Garcia in September 2019, the Court ordered that the

27   AG provide Mr. Garcia with the evidence.  (*Id*.) The AG violated that court order,

28

DAILY ALJIAN LLP
Newport Beach, California

and the court held the AG and the individual prosecutors in contempt. (*Id*, Ex. C, at p 14 -15. (September 19, 2019 Order for Sanctions).) The Superior Court also sanctioned each prosecutor $5,000 for violating the court's order and ordered the AG to produce the evidence in court the following morning. (*Id*.) The Superior Court later withdrew the individual monetary sanctions after the prosecutors produced the devices to the Court. (*Id*.) However, the AG later admitted that it had not produced all the evidence that was ordered to be produced and, rather, had withheld at a portio of it. (*Id*.) That issue will be litigated in due course in the Superior Court. (*Id*.)

The discovery issues in the Criminal Action remain unresolved because the AG violated yet another of Mr. Garcia rights. (Jackson Decl., ¶ 5.) Specifically, the AG failed to provide him with a timely preliminary hearing. (Jackson Decl., ¶ 6.) Mr. Garcia moved to dismiss the Criminal Action. (*Id*.) The Superior Court denied the request. (*Id*.) Mr. Garcia sought interlocutory writ relief in the Court of Appeal. (*Id*.) On April 7, 2020, the Court of Appeal granted the writ, reversed the Superior Court, and ordered the Superior Court to dismiss the Criminal Action against Mr. Garcia. (*Id*., Ex. D. (Court of Appeal's decision and order).) The Criminal Action is to be dismissed in the Superior Court upon issuance of the remittitur on or about July 8, 2020. (*Id*.)

Between the filing of Ms. Martin's complaint on February 12, 2020 and the filing of Mr. Garcia's answer, the AG remained silent as to the allegations or proceedings in the Civil Action. Yet, within hours of the May 27, 2020 conference call between the parties regarding this Motion, the AG swung into action. The May 27, 2020 conference call ended at approximately 2:00 p.m. (Aljian Decl., ¶ 19.) At approximately 3 p.m., Mr. Aljian sent a follow-up email confirming the efforts to resolve the dispute to the parties, including Plaintiff's counsel. (*Id*., Ex. 11. (May 27, 2020 Email).)  At approximately 5 p.m., 2 hours after Mr. Aljian's confirming email, the AG sent a letter via email to Mr. Aljian and counsel for the other parties. (Aljian

DAILY ALJIAN LLP
Newport Beach, California

DEFENDANTS' MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE

Decl., ¶ 20, Ex. 12 (May 27 letter from D. Dean).) In the letter, Deputy Attorney General Donna Dean requested a Local Rule 7-3 conference for the purposes of discussing a motion to intervene in this Civil Action and to stay all discovery. (Aljian Decl., ¶ 21, Ex. 13 (AG letter, signed by DAG Donna Dean.) Notably, the AG was not seeking a stay of the entire case.

In response to Ms. Dean's letter, Mr. Garcia's counsel expressed his concerns regarding the timing of the AG's actions and the apparent coordination of Plaintiff's counsel and the AG:

> Ms. Dean,
>
> This office represents Naason Garcia in the federal civil action brought by Sochil Martin. We are in receipt of your correspondence requesting a Local Rule 7-3 conference related to the Attorney General's intention to intervene in the matter in order to seek a unilateral stay in that matter. To begin, I find your timing curious and troubling. It is not lost on any of the parties that yesterday was the first instance in which defendants' counsel engaged plaintiff's counsel with demands for a Rule 26 conference and to begin discovery. Mere hours later, you then insinuate the Attorney General in the matter with the instant request to intervene and stay discovery. This conduct and timing smacks of behind-the-scenes coordination and manipulation. Troubling indeed.
>
> To that point and in the spirit of full and fair transparency, as a predicate to your request for conference we require that you provide any and all communications you or anyone from your office (including Amanda Plisner and Diana Callaghan) have had with plaintiff or plaintiff's counsel—both Greenberg Gross LLP and Jeff Anderson and Associates PA—from the period one month prior to the filing of the civil action, which was February 2020, to date (including yesterday). This request

DAILY ALJIAN LLP
Newport Beach, California

DAILY ALJIAN LLP
Newport Beach, California

1  includes phone calls, text messages, emails, letters and any other form

2  of communication, and their content. . . .

3  (Jackson Decl., ¶ 7, Ex. E. (Counsel for Mr. Garcia's response to D. Dean's May 27,

4  2020 letter).)

5      The AG's proposed "discovery stay" is especially interesting, given the next

6  domino to fall. The day after the AG explained that it would be seeking to intervene

7  in the action and stay discovery only, Plaintiff's counsel contacted counsel for

8  Mr. Garcia by email. (Jackson Decl., ¶ 8, Ex. F (May 28, 2020 email from D.

9  Mallgrave).) In that email, Plaintiff's counsel requested a Local Rule 7-3 conference

10  to discuss a motion to strike Mr. Garcia's answer to the Complaint.

11      Mr. Garcia's answer, filed on May 19, 2020, asserted Mr. Garcia's Fifth

12  Amendment rights in response to each of the allegations in the 270-paragraph

13  Complaint. (Docket No. 1.) The obvious concern was to avoid a waiver. Therefore,

14  by virtue of the AG and Plaintiff counsel's apparent tag-team effort, the AG is

15  seeking an order precluding any of the defendants from taking any discovery as a

16  shield to prevent confirmation that the AG's claims and Plaintiff's claims have no

17  factual support. At the same time, Plaintiff is seeking a motion to strike as a sword

18  to force Mr. Garcia to waive his Fifth Amendment rights and answer the allegations

19  in the Complaint and to allow the AG information it would not otherwise be able to

20  receive.[1]

21      The Local Rule 7-3 conference on the AG's Motion to Intervene and Plaintiff's

22  Motion to Strike took place during a single call on June 2, 2020. (Aljian Decl., ¶ 27.).

23  During that call, and while discussing proposed compromises on the Motion to

24  Strike, defense counsel asked the AG whether they would claim that a response by

25  _____

26  [1]    During the Local Rule 7-3 meet and confer regarding the threatened Motion to Strike, Plaintiff's counsel was asked whether Plaintiff was seeking responses to every allegation or just certain allegations. In a June 3, 2020 email, Plaintiff's counsel identified approximately 60 paragraphs (or portions thereof) they want Mr. Garcia to withdraw his Fifth Amendment assertion and address the allegations with an admission or denial. (Aljian Decl., ¶ 26.)

11

Mr. Garcia to any of the allegations in the Complaint would be claimed a Fifth Amendment waiver by the AG in the Criminal Action. (Aljian Decl., ¶ 28.). The AG refused to agree that a response would not be a waiver. (*Id*.) This intensifies the concern regarding the collusion of the two groups.

During that June 2, 2020 meet and confer, the AG explained it would be seeking to intervene pursuant to Rule 24(a) and Rule 24(b), claiming the AG can satisfy both sections (both "of right" and "permissive"intervention). (Aljian Decl., ¶ 29.). Rule 24 motions must be made timely. Consequently, Mr. Aljian asked the AG's counsel on the call – DAG Donna Dean – several questions to determine the merits of the motion, which he later confirmed via email:

> "During the call, you explained that the AG would be seeking to intervene pursuant to Rule 24. A Rule 24 motion must be made timely. Plaintiff filed the Civil Action on February 12, 2020. I asked you when the AG learned that Plaintiff had filed the Civil Action, when the AG had learned that Defendants had filed answers, and whether the AG had been communicating with Plaintiff[']s counsel regarding the Civil Action, the filing of the Civil Action or the Rule 26 conference meet and confer on May 27, 2020."

(*Id*., Ex. 14 (June 2, 2020 email from R. Aljian).)  Ms. Dean refused to answer any of those questions, asserting that they had "nothing to do with" the request to intervene. (*Id*.)

However, these questions have everything to do with the merits of the intervention request.  If the AG did not know of the existence of the Civil Action until recently or had not been communicating with Plaintiff's counsel, the AG would have made that representation and there would be a plausible argument that the motion is timely. However, if the AG has known of the case all along and had been delaying the motion, for whatever reason, the AG would not have a plausible

DAILY ALJIAN LLP
Newport Beach, California

argument that it moved timely. In this case, the only reason to refuse to answer
Mr. Aljian's questions was to hide the fact that the AG intentionally waited, likely
for Mr. Garcia to file an answer, in hopes he would inadvertently waive his Fifth
Amendment rights or, at a minimum, so the AG could receive information that it
would not otherwise be able to acquire from Mr. Garcia or the Moving Defendants.
Since Mr. Garcia understandably preserved his Constitutional rights, it appears the
AG and the Plaintiff are now working together on the combination Motion to Stay
Discovery and Motion to Strike Mr. Garcia's answer.

The final event indicating the coordination came via email a few days earlier,
on May 29, 2020. Mr. Aljian had inquired with Plaintiff's counsel whether they
would be opposing the Motion to Intervene and to Stay. (Aljian Decl., ¶ 30, Ex. 15
(May 29, 2020 email from R. Aljian).) Shockingly, Plaintiff's counsel responded that
they will *not* be opposing the motion to stay.  (Aljian Decl., ¶ 31, Ex. 16 (May 29,
2020 email from D. Mallgrave).) It is unimaginable that a plaintiff would agree to a
stay of discovery of his or her case, especially when made by a third party, absent
coordination with that third party.

## III.   ARGUMENT

### A.     Plaintiff's Refusal to Participate in a Rule 26 Conference Violates the Letter and Spirit of Rule 26(f) and This Court's Scheduling Order.

Federal Rule of Civil Procedure 26(f) states:

Except in a proceeding exempted from initial disclosure under Rule
26(a)(1)(B) or when the court orders otherwise, the parties must confer
*as soon as practicable* -- and in any event at least 21 days before a
scheduling conference is to be held or a scheduling order is due under
Rule 16(b).

(Fed. R. Civ. P. 26(f)(1) (emphasis added).)

DAILY ALJIAN LLP
Newport Beach, California

DEFENDANTS' MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE

Under Rule 26(d)(1), a party may not normally seek discovery from any source before the parties to the suit have conferred under this Rule 26(f). See Fed. R. Civ. P. 26(d)(1) ("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when . . . authorized by these rules, by stipulation, or by court order.").

Since a refusal to participate in Rule 26(f) conference has the practical effect of holding up discovery, it is critical that all parties, including the Plaintiff here, abide by their obligation under Rule 26(f) to confer "as soon as practicable." The word "practicable" means "reasonably capable of being accomplished." (Black's Law Dictionary 1291 (9th ed. 2009).) Thus, FRCP 26 requires counsel to meet and confer as soon as they can reasonably accomplish this task, not as soon as all, or sometime after, all of the defendants have answered, as Plaintiff's counsel have asserted. Indeed, the Advisory Committee Notes accompanying FRCP 26(f) explain that "[i]t will often be desirable . . . for the parties to have their Rule 26(f) meeting early in the case, perhaps *before a defendant has answered the complaint*...." (Fed. R. Civ. Proc., Rule 26, 1993 Advisory Comm. Notes (emphasis added).)

There is no justification to deny Moving Defendants the right to take discovery of the allegations made against *them* simply because other defendants have not been served and have not appeared. First, all of the Moving Defendant have answered the Complaint. Therefore, the pleadings are at issue with respect to those defendants. The claims asserted against the Moving Defendants will remain unchanged by any future other defendants who may or may not appear in the Action.

Second, Rule 26 specifically contemplates that the conference may take place before other parties are served and/or appear. (Fed.R.Civ.Proc., Rule 26(a)(1)(D).)

Third, the hard deadline to conduct the conference, as triggered by the Court's Scheduling Order, does not mean that Plaintiff's counsel may stall and delay conducting the conference until that time. Indeed, in its Scheduling Order, this Court

DAILY ALJIAN LLP
Newport Beach, California

advises "counsel to begin to conduct discovery actively before the Scheduling Conference required by Rule 16(b).  At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery."  (Docket No. 39, at p. 2, n. 1 (emphasis added).) Plaintiff's counsel is not abiding by the directive "to conduct discovery actively" before the scheduling conference.  To the contrary, they are completely thwarting discovery and purporting to give Plaintiff a stay of discovery that has not been requested of or authorized by the Court.  (*See Norm Thompson Outfitters, Inc. v. Starcrest Products of California, Inc.,* No. CIV.03-1149-H, 2004 WL 957774, at *3 (D. Or., May 4, 2004) (by "refus[ing] to participate in the discovery process, arguing that discovery should be stayed pending resolution of the Motion to Dismiss. Essentially, defendant has granted itself a stay of discovery without plaintiff's consent or the court's approval . . ..").)

Fourth, by refusing to meet and confer, Plaintiff is initiating a unilateral stay of discovery without having to make the "good cause" showing necessary for this Court to grant such a stay. (See Fed. R. Civ. P. 26(c)(1)(A) ("[T]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . including forbidding discovery.").)  The Federal Rules of Civil Procedure do not provide for a stay on discovery even while a dispositive motion is pending, let alone until responsive pleadings have been filed by all defendants, as Plaintiff purports to require.  (*See Mlejnecky v. Olympus Imaging Am., Inc.*, 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("[T]he Federal Rules of Civil Procedure do[] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. Indeed, district courts look unfavorably upon such blanket stays of discovery.").)Furthermore, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact,

DEFENDANTS' MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE

DAILY ALJIAN LLP
Newport Beach, California

such a notion is directly at odds with the need for expeditious resolution of litigation." (*Skellercup Indus. Ltd. v. City of L.A*., 163 F.R.D. 598, 601 (C.D. Cal. 1995).)

Finally, Plaintiff's refusal to meet and confer—and thereby allow discovery to proceed—is directly at odds with the need for expeditious resolution of litigation, as reflected in the FRCP 26, the Federal Rules of Civil Procedure, more generally, and this Court's Scheduling Order. More specifically, FRCP 26(f) "provides that counsel who has attempted without success to effect with opposing counsel a reasonable program or plan for discovery is entitled to the assistance of the court." (Advisory Committee Notes to FRCP 26(f).) Moving Defendants respectfully request that the Court require Plaintiff's counsel to participate in a FRCP 26(f) conference without further delay in order to formulate a reasonable program or plan of discovery in this case.

Here, Plaintiff is entitled to seek recovery of sanctions for Plaintiff and her counsel's refusal to participate in the Rule 26 Conference. Specifically, Rule 16(f) provides that, "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order. Rule 37(f) (f) provides that "[i]f a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure." However, Moving Defendants do not seek sanctions in connection with this motion. Rather, the only relief Moving Defendants seek is an order requiring Plaintiff's counsel to participate in the Rule 26 Conference so that the parties may commenced discovery and Moving Defendants can quickly and efficiently dispose

DAILY ALJIAN LLP
Newport Beach, California

of this case.

**B.     In The Alternative, There is Good Cause Here for Early Discovery.**

Generally, a court may authorize early discovery before the Rule 26(f) conference for "good cause." (*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).) "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." (*Id.*)

Here, Plaintiff's allegations appear aimed almost exclusively at Mr. Garcia. The Complaint is completely threadbare with respect to Moving Defendants and provides no specific allegations whatsoever as to how the Moving Defendants participated in or can be found liable for the wide-ranging claims of involuntary servitude, sex trafficking, rape, and the other claims. Moving Defendants are purely nominal defendants who appear to have been drawn into the Complaint through a tactical "sue everybody" litigation decision.

Plaintiffs propose to delay the Rule 26 Conference until some undetermined later date, and in so doing, delay litigation on the merits. Therefore, early discovery is warranted "in the administration of justice" to weed out what are clearly unsupported and unmeritorious claims against the Moving Defendants. Plaintiff should not be permitted to make such scandalous and inflammatory charges against Moving Defendants and then take a "time out" in litigation and discovery. Moving Defendants have been unfairly and severely stigmatized and damaged as a result of this lawsuit and should be permitted to clear their names without delay. To do so, they need to proceed with discovery expeditiously and the Court should order that discovery proceed immediately. Finally, any prejudice to Plaintiff resulting from such an order would be non-existent or minimal. It is the Plaintiff, not Defendants, who bears the burden of proving her case and there is no legitimate reason why a Plaintiff under the circumstances would not want and need to engage in discovery to

DAILY ALJIAN LLP
Newport Beach, California

17

1   support her claims.

2   **IV.   CONCLUSION**

3   It appears that the AG and Plaintiff are coordinating in an effort to use this

4   Civil Action, and this Court, as both a sword and a shield. Moving Defendants request

5   that the Court put an end to these abusive and prejudicial tactics. Moving Defendants

6   request that the Motion be granted and that Court enter Order (i) requiring Plaintiff's

7   counsel to participate in the Rule 26 Conference at a mutually agreeable date and

8   time to take place within seven days of the ruling on this Motion or, in the alternative

9   or, in the alternative, (ii) granting Defendants the right to take early discovery.

10  Dated:  June 10, 2020                    DAILY ALJIAN LLP

12                                           By: _____
                                                 Reed Aljian

13                                           Attorneys for Defendants,
14                                           COMMUNICATION CENTER
                                             BEREA U.S.A. LLC,
15                                           erroneously sued as
                                             INTERNATIONAL BEREA USA,
16                                           ALMA ELIZABETH JOAQUIN,
                                             erroneously sued as
17                                           ALMA ZAMORA DE JOAQUIN,
                                             and ADORAIM JOSADAC
18                                           JOAQUIN, erroneously sued as
                                             ADORAIM JOAQUIN ZAMORA

21  Dated:  June 10, 2020                    BROWN, NERI, SMITH & KHAN LLP

23                                           By: _____
                                                 Geoffrey A. Neri

24                                           Attorneys for Defendants JOSE
25                                           HERNÁNDEZ, SILVERIO
                                             CORONADO, AURELIO
26                                           ZAVALETA, UZZIEL JOAQUIN,
                                             JONATHAN MENDOZA, DAVID
27                                           MENDOZA, BENJAMIN JOAQUIN
                                             and JOSE LUIS ESTRADA

28

DAILY ALJIAN LLP
Newport Beach, California

18