Reed Aljian (State Bar No. 211010)
 ra@dallp.com
Rochelle Calderon Rotea (State Bar No. 325417)
 rochelle@dallp.com
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:   949.861.2524
Facsimile:    949.269.6364

Attorneys for Defendants
COMMUNICATION CENTER BEREA U.S.A. LLC, Erroneously sued as INTERNATIONAL BEREA USA, ALMA ELIZABETH JOAQUIN, erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUIN ZAMORA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**DECLARATION OF REED ALJIAN IN SUPPORT OF DEFENDANTS' JOINT MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE**<br><br>[Filed concurrently herewith: Notice of Motion and Motion; Memorandum of Points and Authorities; Declaration of Alan Jackson; and [Proposed] Order]<br><br>Complaint Filed:   February 12, 2020<br>Trial Date:              None Set<br><br>District Judge:     Otis D. Wright, II<br>Courtroom:          5D, 5th Floor<br>Magistrate Judge:  Alka Sagar<br>Courtroom:           540, 5th Floor<br><br>DATE: July 13, 2020<br>TIME: 1:30 p.m.<br>CTRM: 5D |

Ethan J. Brown (SBN 218814)
 *ethan@bnsklaw.com*
Geoffrey A. Neri (SBN 258802)
 *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
Tel: (310) 593-9890
Fax: (310) 593-9980

Attorney for Defendants
JOSE HERNANDEZ,
SILVERIO CORONADO,
AURELIO ZAVALETA,
UZZIEL JOAQUIN, JONATHAN
MENDOZA, DAVID MENDOZA,
BENJAMIN JOAQUIN and JOSE LUIS ESTRADA

DAILY ALJIAN LLP
Newport Beach, California

## DECLARATION OF REED ALJIAN

1. I am a partner at the law firm Daily Aljian LLP (the "Firm"), counsel of record for COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA, ALMA ELIZABETH JOAQUIN, erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUÍN ZAMORA (collectively, "Defendants"). I am licensed to practice before all courts in the State of California and the United State District Court for the Central District of California. I am the attorney primarily responsible for the representation of Defendants in this Civil Action. If called upon as a witness, I could and would competently testify to the facts set forth below, as I know each to be true based upon my own personal knowledge or upon my review of the records and files maintained by the Firm in the ordinary course of its representation of Defendants.

2. On February 12, 2020, Plaintiff filed her Complaint in the above-captioned action (the "Civil Action").

3. On February 13, 2020, Plaintiff and her counsel held a 45-minute "news conference" in downtown Los Angeles to announce the filing of her Complaint. At that news conference, Plaintiff stood between her attorneys of record in this action – Jeff Anderson, Deborah Mallgrave, and Joshua Robbins – and behind a lectern with the names and logos of the attorneys' law firms. During the press conference, Plaintiff publicly recounted the allegations of forced labor, involuntary servitude, sex trafficking, and RICO conspiracy, among others, contained in her Complaint. The news conference was streamed live on the internet and can be viewed at https://youtu.be/48qalqYWKVQ.  Attached as Exhibit 1 is a true and correct copy of the transcripts of that press conference.

4. On February 14, 2020, La Luz del Mundo celebrated the Holy Supper, which was attended by thousands of LLDM faithful. The event was held at the Pomona Fairplex.

5. On February 15, 2020, Plaintiff was featured on the front page of the *Los Angeles Times*, which ran an article covering her and her allegations. Attached as Exhibit 2 is a true and correct copy of the online version February 15, 2020 *Los Angeles Times* Article.

6. In March 2020, Ms. Martin starred in a documentary mini-series on Showtime called "The Trade." During the documentary, she repeated her allegations of forced labor, involuntary servitude, sex trafficking, among others, contained in her Complaint.

7. The Complaint does not allege any facts supporting any of the causes of action against most of the Defendants (other than conclusory ones), including my clients Alma Elizabeth Joaquin and Adoraim Josadac Joaquin.

8. Therefore, I have asked Plaintiff's counsel to explain why those two defendants were being sued and to identify any facts that support any of the claims asserted; or, if they could not, I asked that these defendants be dismissed. Attached as Exhibit 3 is a true and correct copy of my April 28, 2020 letter, one of several examples of these requests.

9. Plaintiff refused all of my requests, claiming they have "probable cause" to assert those claims. Attached as Exhibit 4 is a true and correct copy of the May 6, 2020 letter from Deborah Mallgrave rejecting my request. In that same letter, Ms. Mallgrave refused to participate in informal discovery, stating "[y]our request for premature discovery is improper…. [W]e intend to proceed to discovery once the various defendants have answered the complaint, as provided in the Federal Rules of Civil Procedure."

10. On May 20, 2020, the Court issued its Scheduling Order (the "Order"). The Order calendared a scheduling conference for September 14, 2020 and an August 24, 2020 deadline for the parties to meet and confer in advance of the scheduling conference.

11. The same day, I requested that the parties who had appeared in the action to date participate in the Rule 26 Conference on May 22, 2020. Attached as Exhibit 5 is a true and correct copy of my May 20, 2020 email.

12. Counsel for the other defendants agreed. Plaintiff refused, in part because they claimed they were not available. Attached as Exhibit 6 is a true and correct copy of Ms. Mallgrave's May 21, 2020 email in which she refused to participate in the conference. In that same email, however, Ms. Mallgrave explained they were available on May 27, 2020, requesting a Local Rule 7-3 conference to discuss a threatened motion to seek additional time to serve the defendant LLDM. Defendants agreed to participate in Plaintiff's proposed meet and confer, as requested.

13. Knowing Plaintiff's counsel was available on that Wednesday, I proposed that the parties participate in the Rule 26 Conference during that same call. Attached as Exhibit 7 is a true and correct copy of my May 26, 2020 letter, exhibits not included.

14. Counsel for the other defendants agreed. Plaintiff refused. Attached as Exhibit 8 is a true and correct copy of Ms. Mallgrave's May 26, 2020 letter refusing to participate in the conference.

15. At that point, I requested that the parties engage in a Local Rule 7-3 conference regarding this Motion during that call. Plaintiff agreed. Attached as Exhibit 9 is a true and correct copy of my May 27, 2020 email requesting the Local Rule 7-3 conference.

16. On May 27, 2020, the parties appeared via teleconference to meet and confer regarding this Motion. Counsel for all parties who had appeared in the case were on the call.

17. At the start of the call, I asked Plaintiff's counsel to reconsider their refusal to engage in the Rule 26 Conference. I also asked them if they were willing to proceed with the conference at that time. Ms. Mallgrave, on behalf of Plaintiff's counsel, refused. Consequently, the parties engaged in the meet and confer regarding this Motion.

18. In a good faith effort to reach a compromise, Ms. Mallgrave was asked whether she would agree upon a date certain to participate in the Rule 26 conference. She refused.

19. Over the course of communications before, during, and after the May 27, 2020 conference call, Ms. Mallgrave has given a number of reasons for refusing to participate in the Rule 26 Conference, placing a variety of preconditions on her agreement to participate in the conference. Attached as Exhibit 10 is a true and correct copy of Ms. Mallgrave's May 29, 2020 email articulating her most recent explanation for refusing to participate in the conference.

20. The May 27, 2020 conference call ended at approximately 2:00 p.m. At approximately 3 p.m., I sent a follow-up email confirming my efforts to resolve the dispute. Attached as Exhibit 11 is a true and correct copy of my May 27, 2020 email.

21. At approximately 5 p.m., 2 hours after my confirming email, Donna Dean, Deputy Attorney for the State of California (the "AG"), sent a letter via email to me and counsel for all other parties in the Civil Action. Attached as Exhibit 12 is a true and correct copy of the May 27, 2020 email from Ms. Dean.

22. In the letter, Ms. Dean requested a Local Rule 7-3 conference for the purposes of discussing a motion to intervene in the Civil Action to stay discovery. Attached as Exhibit 13 is a true and correct copy of Ms. Dean's letter.

4
ALJIAN DECLARATION ISO MOTION TO ORDER RULE 26 CONFERENCE

23. The remaining defendants that have not been served or appeared are named in the Complaint as follows: "La Luz Del Mundo, an unincorporated association"; "El Consejo De Obispos, an unincorporated association"; Gilberto Garcia Granados, an individual; Silverio Coronado, an individual; Aurelio Zavaleto, an individual, and Rahel Joaquin Garcia, an individual. It is anticipated that these parties will never appear in this Civil Action.

24. LLDM is not an entity incorporated or otherwise subject to suit. It is a religion, akin to "Catholicism."

25. I am informed that the unserved individual defendants are foreign nationals without minimum contacts to this jurisdiction and thus beyond the jurisdiction of this Court.

26. On June 2, 2020, all parties participated in a Local Rule 7-3 meet and confer regarding Plaintiff's threatened Motion to Strike Mr. Garcia's answer. During that call, and in an effort to mediate a compromise of the dispute, I asked Plaintiff's counsel whether Plaintiff was seeking responses to every allegation or just certain allegations. In a June 3, 2020 email, Ms. Mallgrave identified approximately 60 paragraphs (or portions thereof) to which they want Mr. Garcia to withdraw his Fifth Amendment assertion and address the allegations substantively.

27. The Local Rule 7-3 conference on the AG's Motion to Intervene took place during the same call as Plaintiff's threatened motion to strike.

28. During that call, and while discussing proposed compromises on the Motion to Strike, defense counsel asked the AG whether their office would take the position in the Criminal Action that a response by Mr. Garcia to any of the allegations to the Civil Complaint would constitute a waiver of his Fifth Amendment rights. The AG refused to agree that a response would not be a waiver.

29. With respect to the AG's threatened motion to intervene, Ms. Dean explained the AG would be seeking to intervene pursuant to Rule 24(a) and Rule

24(b) (permissive and as-of-right intervention) and she claimed the AG can satisfy both sections. Rule 24 motions must be made timely, as a matter of law. In an effort to determine the merits of Ms. Dean's contentions, I asked her several questions, which I later confirmed via email: "During the call, you explained that the AG would be seeking to intervene pursuant to Rule 24. A Rule 24 motion must be made timely. Plaintiff filed the Civil Action on February 12, 2020. I asked you when the AG learned that Plaintiff had filed the Civil Action, when the AG had learned that Defendants had filed answers, and whether the AG had been communicating with Plaintiff[']s counsel regarding the Civil Action, the filing of the Civil Action or the Rule 26 conference meet and confer on May 27, 2020." Ms. Dean refused to answer any of those questions, asserting that they had "nothing to do with" the request to intervene. Attached as Exhibit 14 is a true and correct copy of my June 3, 2020 email.

30. On May 28, 2020, I inquired with Plaintiff's counsel whether they would be opposing the Motion to Intervene and to Stay. Attached as Exhibit 15 is a true and correct copy of my May 28, 2020 email.

31. On May 29, 2020, Plaintiff's counsel responded that they will not be opposing the motion to stay. Attached as Exhibit 16 is a true and correct copy of the May 29, 2020 email from Ms. Mallgrave responding to my question whether Plaintiff will be opposing the proposed stay.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 10, 2020 in Newport Coast, California.

_____
Reed Aljian