**EXHIBIT 3**

# DAILY | ALJIAN

**April 28, 2020**

**VIA ELECTRONIC MAIL**

Deborah S. Mallgrave                     Michael Finnegan
Joshua Robbins                          Jennifer Stein
Greenberg Gross LLP                     Jeff Anderson & Associates
650 Town Center Drive, Suite 1700       11812 San Vincente Boulevard, #503
Costa Mesa, California                  Los Angeles, California, 90049
  *DMallgrave@GGTrialLaw.com*       *Mike@AndersonAdvocates.com*
  *JRobbins@GGTrialLaw.com*          *Jennifer@AndersonAdvocates.com*


Re:   *Sochil Martin v. La Luz Del Mundo, et al.,* **Case No. 2:20-cv-01437 (the "Action")**

Dear Counsel:

As you know, my office represents Defendants Alma Zamora De Joaquin ("Mrs. Joaquin") and Adoraim Joaquin Zamora ("Mr. Zamora"). We write to request that Plaintiff Sochil Martin ("Plaintiff") voluntarily dismiss Mrs. Joaquin and Mr. Zamora from the Action immediately.

Plaintiff's complaint (the "Complaint") alleges eleven causes of action. Only three are asserted against these two defendants: the Fourth Cause of Action for Conspiracy to Violate 18 U.S.C. § 1594 (alleged trafficking); the Sixth Cause of Action for Violation of 18 U.S.C. §1593A (alleged benefitting financially from trafficking); and the Ninth Cause of Action for Violation of 18 U.S.C. § 1962(c) (alleged "RICO" claims).

We have carefully reviewed the Complaint. The Complaint only makes vague and conclusory allegations against Mrs. Joaquin and Mr. Zamora, none of which support any of the causes of action asserted against them.

Basically, the complaint alleges that Mrs. Joaquin and Mr. Zamora knew of alleged misconduct of others, entered into some sort of agreement regarding the alleged misconduct, benefitted from the alleged misconduct and, therefore, are allegedly responsible for the Plaintiff's alleged damages.  These are all conclusory allegations and not a single fact was asserted that support any of these allegations.

With respect to Mrs. Joaquin, the only specific fact alleged is that she allegedly "lived on two properties…purchased by the family or presented to the Apostle by members of the LDM elite…."  The two properties referenced in the Complaint are two alleged ranches, one in Redlands, California and one in Seguin, Texas. She never lived on either property.

With respect to Mr. Zamora, the Complaint alleges that he "acquired a mansion in Malibu, California, paid for by" contributions of LDM members and that his college education (an alleged "expensive university") was paid with donated funds. He does not own a property in Malibu, California, much less a mansion. Indeed, this is something that can be confirmed by a simple review of publicly available records at the County Recorder's Office.

As a matter of law, these allegations (even if true) are insufficient to state (much less prove) a claim against either of these defendants under any of these causes of action. Moreover, there is no evidence that either defendant knew or had reason to know of any of the alleged misconduct, that they agreed to participate in any alleged conspiracy, that they somehow benefitted from any alleged agreement to participate in the alleged misconduct, that anything they did caused any damage to Plaintiff, or that the alleged damages are recoverable under any of the claims asserted against these defendants. Basically, you filed a lawsuit against the wife and son of someone you claimed caused damages to your client without any evidence that either the wife or the son had any knowledge of or involvement with the alleged incidents or that they individually caused any harm to your client.

Rule 11 of the Federal Rules of Civil Procedure provides that "[b]y presenting the Complaint to the Court, Plaintiff's counsel is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims…and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….."

California Civil Procedure Code section 128.7 provides that "[b]y presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading…, an attorney…is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met: (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) The claims… and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery…."

Rule 3.1 of the California Rules of Professional Conduct provides that "[a] lawyer shall not: (1) bring or continue an action… [or] assert a position in litigation…without probable cause and for the purpose of harassing or maliciously injuring any person; or (2) present a claim…in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law."

Given your legal obligations, I have previously offered you an opportunity to present any evidence in your or your client's possession that would arguably support any of these claims against these defendants. Specifically, by email dated April 1, 2020, I contacted Ms. Mallgrave and requested that Plaintiff dismiss Mrs. Joaquin and Mr. Zamora. Then, on April 3, 2020, I met and conferred with Ms. Mallgrave by phone to discuss this request. During that call, I explained that there were no charging allegations against these defendants and that there were no facts that support the merits of the causes of action asserted against them. I asked her to identify any facts that would arguably support these claims against Mrs. Joaquin and Mr. Zamora, as none have been alleged (or exist). Ms. Mallgrave failed to identify any such alleged facts. Instead, she explained that she would need to analyze the issues and get back to me at a later date.

Then, on April 10, 2020, Ms. Mallgrave emailed me and stated: "We considered your requests, but will not be dismissing Alma or Adoraim from the complaint at this time." No further explanation was provided. She did not identify any facts that support any of Plaintiff's claims against either defendant. And she did not offer any explanation why Plaintiff refused the request for dismissal.

Given the absence of charging allegations, the absence of any alleged facts that support the causes of action alleged, and the failure to provide any additional and unalleged facts in Plaintiff's possession supporting these claims, the facts clearly establish that Plaintiff's initial prosecution and continued prosecution of this Action against both Mrs. Joaquin and Mr. Zamora is without probable cause. The facts further establish that Plaintiff brought and continues to bring the claims against these defendants for the purpose of harassing or maliciously injuring these individuals. The continued prosecution of these claims is, by all appearances, a bad faith effort to force them to incur the substantial costs and expenses of defending themselves against such false claims out of hostility and in an effort to leverage and extort a settlement. Moreover, the unusual decision to schedule and host a press conference and stream that on the internet further establishes and increases the damages incurred by my clients.

The decision to prosecute and to continue to prosecute this Action against Mrs. Joaquin and Mr. Zamora has exposed Plaintiff and her counsel, including Jeff Anderson & Associates, Greenberg Gross LLP, and the individual attorneys identified as counsel of record on the Complaint, among others, to an action for malicious prosecution and the associated damages recoverable in that action. The

damages available to Mrs. Joaquin and Mr. Zamora include, and are not limited to, attorneys' fees and costs incurred defending this Action, emotional distress, harm to reputation, lost wages, and punitive damages. In an effort to mitigate these damages, and in recognition that the claims against these individuals are completely without merit, we demand that Plaintiff dismiss Mrs. Joaquin and Mr. Zamora from the Action immediately and in no event later than Friday, May 1, 2020.

All rights reserved.

Sincerely,

Reed Aljian