**EXHIBIT 10**

| | |
|---|---|
| **From:** | Deborah Mallgrave <DMallgrave@GGTrialLaw.com> |
| **Sent:** | Friday, May 29, 2020 3:55 PM |
| **To:** | Reed Aljian |
| **Cc:** | Courtney Dorner; Kenia Galeana; Joshua M. Robbins; Rochelle Rotea; mike@andersonadvocates.com; jennifer@andersonadvocates.com; Jenira Velez; Arielle A. Seidman |
| **Subject:** | RE: Martin v. La Luz Del Mundo, et al. |

Reed,

We have no interest in continuing to respond to the same misguided arguments you have repeated *ad nauseum*, nor to your continued mischaracterizations of our communications. These tactics are neither persuasive nor productive.

As we have explained many times now – and hopefully this is the last – we have not refused to participate in forming a discovery plan, nor otherwise failed to comply with the Federal Rules of Civil Procedure or the Court's scheduling order. To the contrary, we have tried repeatedly to move this case forward by serving all defendants and obtaining answers from all of them, so that a Rule 26 conference can take place in an orderly manner, with all parties participating and no risk of piecemeal discovery or litigation. As courts have held, it is not "practicable" to conduct a discovery conference when the ultimate claims and possible counter-claims to be litigated are unclear due to the actions of the defendants, and thus the plaintiff is not fully on notice as to the scope of discovery that will be at issue. This is particularly the case here, where the organizational defendant at the center of the case – LDM – has not answered and a key individual defendant – Naason Garcia – has asserted the Fifth Amendment in response to every paragraph in the complaint. Our prior communications to you have provided authority on this point, and you have not addressed the substance of that authority in any way, either through writing or during our meet and confer.

Defendants, including you and your clients, have impeded that process by refusing to assist us in serving and obtaining expedited pleading responses from remaining defendants, including one of your own clients. In particular, you, other defendants, and other avowed representatives of LDM have refused to accept service for that organization and have actively resisted our attempts to serve it, which is causing continued and unnecessary delay, to the point that we now must ask the Court for assistance. If you or the other defense counsel or defendants have changed your position and would like to help us speed up the process, please advise.

Further, contrary to your assertions, we have never stated that we will not hold a Rule 26 conference under any conditions until all defendants have been served. Rather, we have stated that we would like to understand what impediments to an effective Rule 26 conference – such as a properly pled response from Naason Garcia and the service of LDM under the limitations provided by the COVID 19 health crisis – can be removed in a timely manner before committing to a conference date. If, after seeking assistance from the court and from counsel for Naason Garcia, it appears that those issues will not be resolved in the near future, we will happily recommence the discussion of setting a date for a Rule 26 conference with the remaining parties. Our intent is not to delay, but to minimize the prejudice to our client of proceeding before the rules or the Court deem necessary by taking certain reasonable steps to effectuate the most efficacious and fair discovery plan for all parties.

While it would prejudice Plaintiff to proceed with a Rule 26 conference and discovery without the properly pled responses of all defendants, the reverse is not true. We cannot conceive of any prejudice to your clients – and you have not pointed to any they would suffer – if the Rule 26 conference does not proceed immediately. When I asked during our meet and confer for you to identify any prejudice that your client would suffer from not moving forward with a Rule 26 conference immediately, you did not identify any. Nor does the Court's scheduling order require that the conference take place before late August, nearly three months from now.

53

That said, the debate may now be moot in light of the California Department of Justice's stated intent to intervene in the case and seek a stay of discovery. Presumably, that motion will need to be resolved before we can determine the discovery schedule, and it could delay discovery for some time. I have emailed you under separate cover on this issue.

As to your latest request for informal discovery, assertion that there is no evidence and no probable cause to support the claims against certain of your clients, and demand that they be dismissed, we would remind you that repetition does not equal merit. As we have told you before, there is not only an entirely proper, good-faith basis to name both Alma Joaquin and Adoraim Joaquin as defendants, but we expect that both will be found liable at trial if not on summary judgment, and we will comply with our discovery obligations at the appropriate time. Your theory that our refusal to provide unilateral early discovery somehow demonstrates your clients' innocence is as specious as it is novel.

We look forward to speaking with you further during the meet-and-confer conference on the government's motion.

Regards,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, May 27, 2020 7:49 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Courtney Dorner <cd@dallp.com>; Kenia Galeana <kg@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Rochelle Rotea <Rochelle@dallp.com>; mike@andersonadvocates.com; jennifer@andersonadvocates.com
**Subject:** [EXT] Martin v. La Luz Del Mundo, et al.

Ms. Mallgrave,

I write to confirm one item from today's conference call regarding the Rule 26 Conference, which you refused to participate in, and the Local Rule 7-3 Meet and Confer regarding my clients' motion under Rule 37(f) and 16(f). During the call, I specifically requested, as I have on many other prior occasions, that you identify a single fact or shred of evidence that satisfies the elements (much less a single element) of any of the causes of action in Plaintiff's complaint that are asserted against my clients Mrs. Joaquin or Mr. Joaquin. In response, you did not provide any facts that support any of those causes of action.

I continue to request that these defendants be dismissed because there are no facts that support those claims, you have no probable cause to have sued them, and you have no probable cause to maintain the suit against them.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

54