1 | XAVIER BECERRA
Attorney General of California
2 | MARK T. CUMBA
Supervising Deputy Attorney General
3 | DONNA M. DEAN
Deputy Attorney General
4 | State Bar No. 187104
  300 South Spring Street, Suite 1702
5 | Los Angeles, CA  90013
  Telephone:  (213) 269-6509
6 | Fax:  (916) 731-2120
  E-mail:  Donna.Dean@doj.ca.gov
7 | *Attorneys for the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOCHIL MARTIN,** | 2:20-cv-01437-ODW-AS |
| Plaintiff, | **THE PEOPLE OF THE STATE OF CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO STAY CIVIL DISCOVERY DURING PENDENCY OF CRIMINAL PROCEEDINGS** |
| v. | |
| **LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMÍN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive,** | Date: July 13, 2020<br>Time: 1:30 p.m.<br>Courtroom: 5D<br><br>Judge: Hon. Otis D. Wright, II<br><br>Trial Date: Not set<br>Action Filed: February 12, 2020 |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1
STATEMENT OF FACTS ......................................................................................... 2
    The Criminal Complaint Against Naasón Garcia and Co-Defendants .......... 2
    The Civil Litigation ........................................................................................ 3
ARGUMENT ............................................................................................................... 5
I.    Intervention by the People of the State of California Is Appropriate Under Federal Rule of Civil Procedure 24 ........................................................ 5
    A.    Intervention as of Right is Appropriate ............................................... 5
    B.    Permissive Intervention Is Appropriate ................................................ 8
II.   A Stay of Discovery Is Warranted in the Interests of Justice ........................ 9
    A.    The Public Interest and the People's Interest Strongly Weigh in Favor of a Stay ................................................................................... 11
    B.    The Convenience of the Court and Efficient Use of Judicial Resources Weigh in Favor of a Stay ................................................. 13
    C.    The Burden on Defendants Is Minimal .............................................. 13
    D.    Plaintiff Does Not Oppose the Stay .................................................... 14
    E.    A Stay Is Also Mandated by the Trafficking Victims Protection and Reauthorization Act ..................................................................... 14
CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ara v. Kham*
  No. CV 07-1251 (ARR) (JO), 2007 WL 1726456
  (E.D.N.Y. Jun.14, 2007) .................................................................................... 14

*Arakaki v. Cayetano*
  324 F.3d 1078 (9th Cir. 2003) ............................................................................. 6

*Ashworth v. Albers Med. Inc.*
  229 F.R.D. 527 (S.D.W. Va. 2005) ..................................................................... 7

*Board of Governors of Federal Reserve System v. Pharoan*
  140 F.R.D. 634 (S.D.N.Y. 1991) ........................................................................ 9

*Bureerong v. Uvawas*
  167 F.R.D. 83 (C.D. Cal. 1996) .......................................................................... 9

*Campbell v. Eastland*
  307 F.2d 478 (5th Cir. 1962) ............................................................................. 11

*Chamness v. Bowen*
  722 F.3d 1110 (9th Cir. 2013) ............................................................................. 6

*General Dynamics Corp. v. Selb Mfg. Co.*
  481 F.2d 1204 (8th Cir. 1973) ........................................................................... 12

*Keating v. Office of Thrift Supervision*
  45 F.3d 322 (9th Cir. 1995) ......................................................................... 10, 15

*Landis v. North Am. Co.*
  299 U.S. 248 (1936) ............................................................................................ 9

*Lunkes v. Yannai*
  882 F. Supp. 2d 545 (S.D.N.Y. 2012) ............................................................... 14

*O'Connell v. Smith*
  No. CV-13-01905-MWF, 2014 WL 12773900
  (C.D. Cal. Aug. 18, 2014) ................................................................................... 9

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*S.E.C. v. Chestman*
    861 F.2d 49 (2d Cir. 1988) .................................................................... 5, 9, 11, 13

*S.E.C. v. Dresser Industries, Inc.*
    628 F.2d 1368 (D.C. Cir. 1980) ........................................................................ 10

*S.E.C. v. Mersky*
    No. Civ. A. 93-5200, 1994 WL 22305 (E.D. Pa. Jan. 25, 1994) ......................... 9

*Twenty First Century Corp. v. LaBianca*
    801 F. Supp. 1007 (E.D.N.Y. 1992) ................................................................... 9

*United States v. Any and All Assets of That Certain Business Known as Shane Co.*
    147 F.R.D. 99 (M.D.N.C. 1993) ....................................................................... 10

*United States v. Maine Lobsterman's Ass'n*
    22 F.R.D. 199 (D. Me. 1958) ............................................................................ 12

*United States v. Mellon Bank*
    545 F.2d 869 (3d Cir. 1976) .............................................................................. 12

*United States v. Nicholas*
    569 F. Supp. 2d 1065 (C.D. Cal. 2008) ............................................. 5, 11, 12, 13

*United States v. One 1967 Buick Hardtop Electra*
    304 F. Supp. 1402 (W.D. Pa. 1969) .................................................................. 12

**STATUTES**

18 U.S.C.
    § 595(b)(1) ........................................................................................................ 14

Penal Code
    § 1054.7 .............................................................................................................. 7

**COURT RULES**

Federal Rule of Civil Procedure
    24(a) ................................................................................................................ 5, 9
    24(b) ................................................................................................................ 8, 9

## INTRODUCTION

The People of the State of California seek leave to intervene in this civil action solely for the limited purpose of staying discovery and disclosure of witnesses until the pending criminal matter against Defendant Naasón Garcia and others – *People v. Garcia et al.*, Los Angeles Superior Court Case No. BA475856 – is resolved by way of a judgment of conviction, acquittal, or dismissal with prejudice. There are overlapping issues of fact and law in the criminal case pending before the Los Angeles Superior Court and this civil action, and the victims and witnesses in the criminal matter – whose identities are protected by court order – will likely be the subject of discovery in this case. A stay of disclosure of witnesses and discovery in this civil action is necessary to provide safety and privacy for the victims and witnesses in the criminal matter, and to maintain the integrity of the criminal prosecution of an alleged serial child molester. Allowing civil discovery to proceed would permit defendants to circumvent the rules and court orders restricting discovery in the criminal matter. A stay will also accommodate judicial efficiency and allow both actions to proceed at different times without disruption or confusion being caused by the other case. In addition, the Trafficking Victims Protection and Reauthorization Act provides that "[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). Accordingly, the Department of Justice (DOJ), on behalf of the People of the State of California, respectfully requests that the Court grant the motion, allow the People to intervene in this action, and stay discovery and disclosure of witnesses until the criminal matter is resolved.

///
///
///
///

1

# STATEMENT OF FACTS

## THE CRIMINAL COMPLAINT AGAINST NAASÓN GARCIA AND CO-DEFENDANTS

On June 4, 2019, the DOJ charged Defendant Naasón Garcia, the leader of the La Luz del Mundo (LLDM) church, along with three co-defendants, with sexually assaulting and/or trafficking four Jane Does, three of whom were minors. Segal Decl., ¶ 2, Ex. 1. The DOJ's investigation revealed a lengthy pattern of Garcia's sexually predatory practices targeting minors and young women in the LLDM community with the aid of "assistants." *Id*. The assistants are charged as co-defendants in the criminal case. *Id*. Garcia, along with the co-defendants, are alleged to have groomed the young Jane Does, indoctrinating them, and incrementally exposing them to sexualized behavior toward Garcia. *Id*. Ultimately, the Jane Does were brought to Garcia by his co-conspirators, and forced to comply with his sexual demands. *Id*. In addition, the young women were recruited to participate in pornographic photo shoots, the products of which were provided to Garcia for his personal enjoyment. *Id*.

The criminal matter was the subject of review by the California Court of Appeal, Second District, Case No. B302119, and the Court of Appeal ruled that the superior court failed to take a proper preliminary hearing time waiver, requiring the case to be dismissed. Segal Decl., ¶ 3. According to the Court of Appeal docket, it appears the remittitur will issue on approximately July 8, 2020. *Id*. The DOJ intends to immediately re-file the case, preventing any undue delay or change in circumstances. *Id*. The DOJ has been ready to proceed in the criminal case and will be seeking to advance the case within the statutory time frames – 30 days for preliminary hearing, and, after filing the information, 60 days for trial. *Id*. The DOJ does not intend to seek any continuances which would further delay this civil litigation and in fact will seek to move the criminal case forward as expeditiously as possible. *Id*.

1  The Los Angeles Superior Court granted the People's motion pursuant to
California Penal Code section 1054.7 to restrict the identities of the victims and
witnesses in the criminal case and denied the defense motion to discover this
information.[1]  Segal Decl., ¶ 5, Exs. 2 and 3 (p. 19:3-16).  Also, the alleged victims
in the case are identified as Jane Does in various documents to protect their
identities pursuant to California Penal Code section 293.5(a).[2]  *Id.*, ¶ 5.  As a result
of the state court order, the People are not required to provide the defense in the
state criminal matter with victim and witness information.  *Id.*, ¶¶ 5, 6, Exs. 2 and 3
(p. 19:3-16).

Defendant Garcia has the same counsel in both the state criminal matter and
the instant civil case.  *Id.*, ¶ 6.  Motions filed and lost by the defense in the criminal
case indicate that counsel would very likely seek to obtain the information
regarding the identities of the victims and witnesses in the criminal matter in this
civil case.  *Id.*

**THE CIVIL LITIGATION**

On February 12, 2020, plaintiff filed the complaint in the instant matter
accusing defendant Garcia and his co-defendants of the same type of sexual
misconduct that Garcia is charged with in the criminal complaint – specifically,
human trafficking of young girls.  Complaint, ¶¶ 2, 4, 6, 7, 48, 104, 130, 131, 132,
134, 136, 137, 139, 181, 191, 236, 251 and 252.  Plaintiff alleges she was trafficked

---

[1] Penal Code section 1054.7 provides, in relevant part, that "Upon the request of any party, the court may permit a showing of good cause for the denial or regulation of disclosures…"  Good cause is defined as "threats or possible danger to the safety of a victim or witness, possible loss or destruction of evidence, or possible compromise of other investigations by law enforcement."

[2] California Penal Code section 293.5(a) provides that the Court may order "the identity of the alleged victim in all records and during all proceedings to be either Jane Doe or John Doe, if the court finds that such an order is necessary to protect the privacy of the person and will not unduly prejudice the prosecution or the defense."

by, and forced to serve, Garcia, in his role as leader of LLDM. *Id*., ¶ 4, 178, 191, 251, and 252. Plaintiff alleges that the "conduct that forms the basis of [Garcia's] personal civil liability to Ms. Martin (including, but not limited to, his actions related to trafficking Ms. Martin between the United States and Mexico and his personal financial benefit from Ms. Martin's unpaid labor) primarily occurred in Los Angeles, California." *Id.*, ¶ 19. She further alleges that both "before and after she escaped from the [LLDM church], she witnessed or learned of hundreds of other children and young women subjected to sexual abuse at the hands of the [LLDM] leadership." *Id*., ¶ 6. Plaintiff also alleges that Garcia and others knowingly developed a systematic practice of trafficking minor children, including Plaintiff. *Id.*, at ¶ 181. In addition, Plaintiff alleges that in return for trafficking "suitable" children to Garcia for his sexual enjoyment, upper echelon members of the LLDM church benefitted financially. *Id.,* ¶ 131.

Also notable are Plaintiff's allegations regarding witness intimidation by another LLDM church member aimed at derailing the state criminal prosecution against Garcia. Plaintiff alleges:

> On or about June 30, 2019, two individuals acting on behalf of Defendants entered Ms. Martin's home without her permission with the intention of intimidating her and preventing her from serving as a witness against [Garcia] in his criminal prosecution for conspiracy to commit human trafficking, extortion, and sexual crimes against minors.

*Id.*, ¶ 197. Plaintiff also asserts:

> On or about August 28, 2019, a known lawyer for Defendant LLDM approached Ms. Martin and another potential testifying witness and attempted to use video footage and vague threats to prevent both Ms. Martin and the other potential witness from testifying against [Garcia] in his criminal trial for human trafficking.

*Id.,* ¶ 198; see also ¶¶ 134, 145, 146, 148, 149, 151, and 80 ("Ms. Martin has

4

1 also been told of the attempted murder of an individual believed to have
2 information potentially supporting criminal proceedings against Naasón.")
3  It is the DOJ's understanding that discovery in this matter has not yet
4 commenced, but that answers by the defendants have been filed or will be filed in
5 the near future. Segal Decl., ¶ 8. In addition, according to this Court's docket, a
6 scheduling conference has been set for September 14, 2020. Dkt. No. 39.

## ARGUMENT

### I. INTERVENTION BY THE PEOPLE OF THE STATE OF CALIFORNIA IS APPROPRIATE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24

 Given the overlapping facts in the state prosecution and the instant federal civil case, the sensitive nature of both matters, the need to maintain the safety of victims, and the need for the People of the State of California to protect their interests, intervention by the People is appropriate.

### A. Intervention as of Right is Appropriate

Rule 24(a) of the Federal Rules of Civil Procedure provides that the Court must permit

> anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Courts have routinely held that prosecutors have a "discernable interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (holding government intervention appropriate to prevent civil discovery from being used to circumvent discovery in criminal matter); *see also, United States v. Nicholas*, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008) (numerous courts have allowed the government "to

intervene in a civil case for the purpose of moving to stay discovery and other proceedings until the resolution of a related criminal case."). Intervention as of right is proper if:

> (1) the intervention application is timely; (2) the applicant has a significant, protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (citation and internal quotation marks omitted). Intervention as of right is construed liberally in favor of applicants for intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *as amended* (May 13, 2003).

The People meet the standards for intervention as of right. First, the People are timely seeking to intervene in this matter. The complaint was filed on February 12, 2020. Dkt. No. 1. To date not all defendants have answered, discovery has yet to commence, and a scheduling conference is set for September 14, 2020. Segal Decl., ¶ 8; Dkt. No. 39. The motion is also timely because the victim and witness identities have not been disclosed in the criminal matter. Segal Decl., ¶¶ 5, 6 and Exs. 2 and 3.

As to the second and third factors, the People have a direct and substantial interest in the subject of this litigation which would be impaired if discovery is permitted. Both matters involve allegations against defendant Garcia for using his position of power within the LLDM church to traffic young women and commit other sex crimes against young women whose families were devoted to the LLDM church. Hence, the criminal and civil cases involve common questions of law and fact – specifically, whether certain individuals conspired to traffic, groom, and present young girls for defendant Garcia's sexual gratification and sexual abuse.

6

*See Ashworth v. Albers Med. Inc.*, 229 F.R.D. 527, 530 (S.D.W. Va. 2005).

The People have a compelling interest in protecting the physical safety and privacy of the victims and witnesses in the criminal case who will likely be the subject of discovery in the civil matter. Segal Decl., ¶¶ 4, 7. In addition, the People have a strong interest in protecting the integrity of the criminal prosecution and preventing potential witness intimidation. Many of the victims and witnesses to this conduct live with family members who are still LLDM church members, live in neighborhoods along with other members, and even frequent LLDM churches and other locations. Segal Decl., ¶ 4. Throughout the criminal case, these victims and witnesses have been subjected to harassment and intimidation from other members that has made them feel threatened and unsafe, similar to those described by Plaintiff in her complaint. *Id.*; Complaint, ¶¶ 80, 134, 145, 146, 148, 149, 151, 197, and 198. As a result, the Los Angeles Superior Court granted the People's motion pursuant to Penal Code section 1054.7 to restrict the identities of the victims and witnesses. Segal Decl., ¶ 5, Exs. 2 and 3. Pursuant to the court's order, the People are not required to provide victim and witness information to the defense in the state criminal matter. *Id.* In addition, the alleged victims are identified as Jane Does in the criminal matter to protect their identities. *Id.*, ¶ 5. The disclosure of the victim's and witnesses' information in the civil case prior to disclosure in the criminal case will subject them to continued harassment, and quite possibly physical danger. The People have a compelling interest in protecting the victims and witnesses – both their physical safety and court-ordered confidentiality – in order to safeguard the individuals involved and to preserve the integrity of the criminal prosecution. The People's ability to do so should not be compromised by the parallel civil matter.

Finally, the People's interests cannot be adequately represented in this civil matter because, absent an order staying discovery, witness and victim information will be disclosed. Counsel for Defendant Garcia in the criminal matter – who is

7

the same counsel representing him in this case – sought the victim and witness identities via discovery motions in the criminal case and will therefore likely seek the information in this case. Segal Decl., ¶ 6. Given the more liberal discovery rules and the disclosure requirements in this civil case, the disclosure of this information is inevitable absent intervention by the People. Several individuals would likely be identified through disclosure and discovery in this civil matter before being identified in the criminal matter, thereby allowing the defense to use the civil case to circumvent the court orders in the criminal matter. *Id*. The criminal defendants should not be allowed to use the civil matter to obtain information to which they are legally not yet entitled in the criminal case. The People's interests will be seriously impaired absent a ruling by this Court allowing the People to intervene and stay discovery and disclosure of witness information in this action.

### B. Permissive Intervention Is Appropriate

Alternatively, the People easily satisfy the standard for permissive intervention. Federal Rule of Civil Procedure 24(b) requires only that the movant "has a claim . . . that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The same conduct at issue in the criminal case in Los Angeles County Superior Court is at issue in this case. Segal Decl., ¶¶ 2-4, Ex. 1; Complaint, ¶¶ 2, 4, 6, 7, 48, 104, 130, 131, 132, 134, 136, 137, 139, 181, 191, 236, 251 and 252. Although Sochil Martin is not an alleged victim in the underlying criminal case, the incidents alleged in both cases arise out of the same scheme and pattern of conduct of sexual abuse against girls and young women over the same time frame by defendant Garcia. Segal Decl., ¶ 4. Moreover, discovery in the civil case will necessarily involve most, if not all, of the victims alleged in the criminal complaint. *Id*.

It is well established that prosecutors "may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is

8

anticipated or already underway that involves common questions of law or fact." *S.E.C. v. Mersky*, No. Civ. A. 93-5200, 1994 WL 22305, at *1 (E.D. Pa. Jan. 25, 1994) (quoting *S.E.C. v. Downe*, No. 92 Civ. 4092, 1993 WL 22126, at *10 (S.D.N.Y. Jan. 26, 1993)); *see also*, *Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (allowing intervention under Rule 24(b) for the limited purpose of seeking a stay of discovery pending the conclusion of a related criminal proceeding); *Chestman*, 861 F.2d at 50; *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992) (same). Courts hold that state prosecutors are also permitted to intervene in a federal civil action when there is a pending state criminal action involving common questions of law or fact. *See, e.g., O'Connell v. Smith*, No. CV-13-01905-MWF (PJWx), 2014 WL 12773900, at *1-2 (C.D. Cal. Aug. 18, 2014) (allowing permissive intervention of District Attorney to stay discovery); and *Board of Governors of Federal Reserve System v. Pharoan*, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (allowing permissive intervention of District Attorney to stay depositions). Accordingly, permissive intervention is appropriate.

Intervention by the People is warranted under both Federal Rule of Civil Procedure 24(a) and 24(b). In light of the rules and case precedent allowing for intervention in these circumstances, the People's compelling interest in protecting victims, and the common questions of fact between the civil and criminal cases, the People request that this Court grant their motion to intervene in this case.

## II. A STAY OF DISCOVERY IS WARRANTED IN THE INTERESTS OF JUSTICE

The Supreme Court established long ago that a District Court has the power to stay proceedings in one action until the disposition of another. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). According to the Court, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* A court may stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of

justice require. *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *United States v. Any and All Assets of That Certain Business Known as Shane Co.,* 147 F.R.D. 99, 101 (M.D.N.C. 1993) ("the public has an interest in law enforcement which may, under proper circumstances, be given priority over concurrent civil proceedings").

Specifically, a court has discretion to stay civil proceedings pending the outcome of parallel criminal proceedings when "the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quotation omitted). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id*. In determining whether to grant a stay, the Court must weigh five factors:

> (1) the interests of the plaintiffs in proceeding expeditiously . . . ;
> (2) the burden which . . . the proceedings may impose on the defendants;
> (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;
> (4) the interest of persons not parties to the civil litigation; and,
> (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325. Each *Keating* factor weighs in favor of a stay.

///
///
///
///
///

10

### A. The Public Interest and the People's Interest Strongly Weigh in Favor of a Stay

As discussed above, it is well-established that a criminal prosecutor has a compelling interest in preventing civil defendants from circumventing the limited discovery available in criminal proceedings via civil discovery and that this interest is entitled to great weight. As the Fifth Circuit put it:

> A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial. Judicial discretion and procedural flexibility should be utilized to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962), *cert. denied*, 371 U.S. 955, 83 S.Ct. 502 (1963); *see also, Chestman*, 861 F.2d at 50 (government had "discernible interest" in preventing discovery in a civil case from being used to circumvent more limited scope of discovery in a criminal matter under investigation); *Nicholas*, 569 F. Supp. 2d at 1071-1072 (affirming weight accorded to priority of criminal discovery rules in the case of parallel proceedings because these rules "are designed to protect the integrity and truth-seeking function of the criminal process").

As discussed above, the victims and other witnesses in the criminal case could be seriously harmed by discovery of their personal identifying information and forced involvement in the civil case. The People seek a stay of disclosures and discovery to prevent Garcia and the other criminal defendants from circumventing the legal protective and other court orders in the criminal case to gain access to information to defend Garcia in the criminal case – most importantly victim and other witness information which was ordered not disclosed in order to protect the

individuals' safety.

Other courts similarly have recognized the risks of subverting the limits of criminal discovery as a legitimate basis for a stay of civil discovery. *See, e.g.*, *United States v. Mellon Bank*, 545 F.2d 869, 873 (3d Cir. 1976) (possibility that defendant might improperly exploit civil discovery to advance criminal case argued in favor of a stay in civil case); *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1213 (8th Cir. 1973)*, cert. denied, 414 U.S. 1162 (1974)* ("civil discovery is not intended to be a 'back door' method of accomplishing criminal discovery") (citation omitted); *United States v. One 1967 Buick Hardtop Electra*, 304 F. Supp. 1402, 1403 (W.D. Pa. 1969) (criminal defendant should not be permitted through use of civil discovery to secure that to which he is not entitled under the Rules of Criminal Procedure); *United States v. Maine Lobsterman's Ass'n*, 22 F.R.D. 199, 201 (D. Me. 1958) (defendants in criminal [antitrust cases] cannot properly take advantage of companion civil case to obtain prosecution evidence not otherwise available to defendants).

Defendants, especially Garcia, will likely seek to obtain information regarding the identities of the victims and witnesses in the criminal case via disclosures, written discovery, depositions, or other means of discovery – tools that are not available in the parallel criminal matter. Such discovery would endanger the victims and witnesses and undermine the criminal prosecution. The People respectfully submit that such abuse of the judicial system should not be permitted; therefore, a stay is appropriate. *See, e.g., Nicholas*, 569 F. Supp. 2d at 1071-1072 (collecting cases granting government's requests for a discovery stay to prevent defendants from using civil discovery to obtain disclosures otherwise unavailable under the criminal rules).

///
///
///

### B. The Convenience of the Court and Efficient Use of Judicial Resources Weigh in Favor of a Stay

As discussed above, the criminal matter and this civil case involve considerable overlapping issues of law and fact regarding allegations of human trafficking and sexual abuse of young girls. The convenience and efficiency of the court would benefit from the criminal action moving forward to conclusion prior to the civil case proceeding. With both actions moving forward simultaneously, both actions could conceivably be interrupted by the other, causing multiple written motions and hearings on various issues, causing further clogging of both court dockets. As one court noted, "dual litigation does not serve the interests of efficiency or judicial economy." *Nicholas*, 569 F. Supp. 2d at 1071. Dual litigation creates concerns about inconsistent civil and criminal judgments, issues of collateral estoppel, and parallel law and motion matters that weigh in favor of a stay of the civil case. *Id*.

### C. The Burden on Defendants Is Minimal

The People respectfully submit that the imposition of a stay of discovery at this stage in the proceedings will not impose a heavy burden on defendants in this civil case. The case was very recently filed. Due to the COVID-19 pandemic, cases have been delayed for the last two months, and it is expected that criminal matters will take precedence over civil matters when the District Court fully reopens. This Court has not yet set a trial date, and discovery has not begun. Dkt. No. 39. Upon re-filing the criminal case, the People intend to move forward as quickly as possible, and the criminal case will be given priority in the criminal court system given the serious nature of the charges and the fact that two of the defendants remain in custody – Garcia without bail. Therefore, the delay should be relatively short. As the Second Circuit observed in *Chestman*, "appropriate opportunities for discovery can be allowed when the stay is lifted," thereby ensuring that defendants' "defense of the civil case is thus not affected." *Chestman*,

13

861 F.2d at 50.

### D. Plaintiff Does Not Oppose the Stay

The interests of Plaintiff to move forward in this case expeditiously is not harmed. Plaintiff's counsel advised that Plaintiff does not oppose the motion; therefore, this factor is not relevant to the determination of whether to grant a stay. Dean Decl., ¶¶ 3 and 4, Ex. 7.

### E. A Stay Is Also Mandated by the Trafficking Victims Protection and Reauthorization Act

The Trafficking Victims Protection and Reauthorization Act (TVPRA), under which plaintiff brought her case, provides that "[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 595(b)(1). Courts routinely find this language to "make[] a stay mandatory" until "final adjudication in the trial court." *Ara v. Kham*, No. CV 07-1251 (ARR) (JO), 2007 WL 1726456 at *1 (E.D.N.Y. Jun.14, 2007); s*ee also Lunkes v. Yannai*, 882 F. Supp. 2d 545, 549 (S.D.N.Y. 2012) ("'[P]rosecutions should take priority over civil redress and ... should be complete prior to going forward with civil suits.' H.R.Rep. No. 108–264, pt. 2, at 17 (2003). The inclusion of the mandatory stay provision was meant to allay that concern."). This mandatory stay appears to apply to all defendants, regardless of whether all defendants are party to the criminal action. *See Lunkes*, 882 F. Supp. 2d at 549 ("In light of the statute's goal of protecting the government's ability to prosecute traffickers criminally, it is most appropriate for a Section 1595 stay to encompass all defendants in a case. Discovery with respect to those civil defendants not facing criminal charges . . . , will frequently overlap significantly with the discovery relating to criminally charged defendants. Thus, the risk of interference with criminal prosecution is fully addressed only be [sic] extending the stay to all defendants.")

///

The People's request for a stay is fully supported by the law, and a stay will protect young victims and witnesses and maintain the public confidence in a fair criminal trial. Due to the People's compelling interest in protecting victim and witness safety and confidentiality, as well as the public interest in the integrity of the criminal prosecution of an alleged serial sexual predator, the *Keating* factors weigh strongly in favor of the requested stay.

## CONCLUSION

For the reasons stated herein, the People respectfully request that their motion for intervention and a stay of disclosures and discovery in this action be granted.

Dated: June 12, 2020　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　XAVIER BECERRA
　　　　　　　　　　　　　　　　　　　　Attorney General of California
　　　　　　　　　　　　　　　　　　　　MARK T. CUMBA
　　　　　　　　　　　　　　　　　　　　Supervising Deputy Attorney General


　　　　　　　　　　　　　　　　　　　　s/ Donna M. Dean

　　　　　　　　　　　　　　　　　　　　DONNA M. DEAN
　　　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　　*Attorneys for the People of the State of California*