EXHIBIT "3"

```
 1   CASE NUMBER:            BA475856

 2   CASE NAME:              PEOPLE OF THE STATE OF CALIFORNIA
                             VS. 01 NAASON JOAQUIN GARCIA
 3                              02 ALONDRA O'CAMPO
                                04 SUSANA MEDINA OAXACA,
 4

 5   LOS ANGELES, CA         FRIDAY, AUGUST 23, 2019

 6   DEPARTMENT 132          HON. DAVID HERRIFORD, JUDGE

 7   REPORTER:               ANNETTE BLANCO, CSR NO. 10075

 8   TIME:                   P.M. SESSION

 9                              -OOO-

10   APPEARANCES:

11          UPON THE ABOVE DATE, PRESENT WERE:  NAASON;

12   JOAQUIN GARCIA, REPRESENTED BY COUNSEL KENNETH

13   ROSENFELD, ESQ. AND ALLEN SAWYER, ESQ.; ALONDRA O'CAMPO

14   REPRESENTED BY RYAN RODRIGUEZ, ESQ; SUSANA OAXACA

15   REPRENTED BY PAT CAREY, ESQ.; THE PEOPLE BEING

16   REPRESENTED BY DIANA CALLAGHAN AND AMANDA PLISNER,

17   DEPUTY DISTRICT ATTORNEYS OF LOS ANGELES COUNTY; THE

18   FOLLOWING PROCEEDINGS WERE HELD:

19          (ANNETTE BLANCO, OFFICIAL REPORTER, CSR 10075)

20                             ****

21                 (IN OPEN COURT:)

22      THE COURT:  ALL RIGHT.  IS THAT EVERYONE?

23          SO THIS IS PEOPLE VERSUS GARCIA, O'CAMPO,

24   MELENDEZ, AND OAXACA, CASE NUMBER BA475856.  LET ME GET

25   THE APPEARANCES OF COUNSEL STARTING FROM MY LEFT AND

26   INDICATE WHO YOU ARE REPRESENTING.

27      MR. ROSENFELD:  THANK YOU.  GOOD AFTERNOON, YOUR

28   HONOR.  KENNETH ROSENFELD.  I AM REPRESENTING NAASON
```

```
 1   JOAQUIN GARCIA.
 2        THE COURT:  AND HE'S PRESENT USING THE SPANISH
 3   LANGUAGE INTERPRETER?
 4        MR. ROSENFELD:  YES, YOUR HONOR.
 5        THE COURT:  MAY WE HAVE THE INTERPRETER'S
 6   APPEARANCE, PLEASE.
 7        THE INTERPRETER:  GOOD AFTERNOON, YOUR HONOR.
 8   RUDOLFO MARTINEZ, VERIFIED BY THE COURT, CERTIFIED
 9   SPANISH LANGUAGE INTERPRETER, CERTIFICATION NUMBER
10   300970, OATH IS ON FILE.
11        THE INTERPRETER:  AND ALSO SILVIA VICO, V-I-C-O,
12   OATH ON FILE, NUMBER 300815.
13        THE COURT:  THANK YOU.
14        MR. SAWYER:  GOOD AFTERNOON, YOUR HONOR.  ALLEN
15   SAWYER FOR MR. GARCIA AS WELL.
16        MR. RODRIGUEZ:  GOOD AFTERNOON, YOUR HONOR.  RYAN
17   RODRIGUEZ APPEARING ON BEHALF OF MRS. O'CAMPO, WHO IS
18   PRESENT IN COURT SEATED TO MY RIGHT.
19        MR. CAREY:  PAT CAREY ON BEHALF OF MS. OAXACA.
20   SHE'S PRESENT, OUT ON BOND.
21        THE COURT:  AND FOR THE PEOPLE?
22        MS. CALLAGHAN:  THANK YOU, YOUR HONOR.  DIANA
23   CALLAGHAN, DEPUTY ATTORNEY GENERAL, FOR THE PEOPLE.
24        MS. PLISNER:  GOOD AFTERNOON, YOUR HONOR.  AMANDA
25   PLISNER, DEPUTY ATTORNEY GENERAL, FOR THE PEOPLE.
26        THE COURT:  ALL RIGHT.  SO THE FOURTH DEFENDANT IS
27   NOT A PARTY TO THIS?
28        MS. CALLAGHAN:  CORRECT.
```

```
1           THE COURT:  MELENDEZ?

2           MS. CALLAGHAN:  CORRECT.

3           THE COURT:  SO THE MATTER HAS BEEN TRANSFERRED TO

4   THIS DEPARTMENT FOR HEARING ON A MOTION.  THERE ACTUALLY

5   ARE TWO MOTIONS THAT ARE FILED, BUT IT'S MY

6   UNDERSTANDING I'M JUST ADDRESSING THIS DISCOVERY ISSUE.

7           MS. CALLAGHAN:  CORRECT.

8           THE COURT:  ALL RIGHT.  SO THERE'S A MOTION TO

9   COMPEL THAT WAS FILED BY MR. ROSENFELD ON JULY 10TH.

10  I'VE READ AND CONSIDERED THAT.

11              THERE WAS AN OPPOSITION FILED BY THE PEOPLE

12  ON JULY 15TH.  I'VE READ AND CONSIDERED THAT.

13              THERE'S A SUPPLEMENTAL MOTION TO COMPEL

14  FILED ON JULY 17TH.

15              A REPLY TO THE PEOPLE'S OPPOSITION FILED ON

16  AUGUST -- IT LOOKS LIKE THE 3RD.

17              AND THEN A OPPOSITION TO SUPPLEMENTAL

18  MOTION THAT WAS FILED ON AUGUST 16TH.

19              SO LET ME JUST SEE IF I UNDERSTAND THE

20  ISSUES.

21              SO, MR. ROSENFELD, YOUR POSITION IS THAT

22  CERTAIN ITEMS OF DISCOVERY HAVE BEEN EITHER REDACTED OR

23  NOT PROVIDED TO YOU; AND SO, YOU'RE MAKING A MOTION TO

24  COMPEL THOSE.  YOUR POSITION IS THAT YOU'RE ENTITLED TO

25  THIS INFORMATION IN ORDER TO PREPARE FOR A PRELIMINARY

26  HEARING.

27          MR. ROSENFELD:  YES, YOUR HONOR.  IF I MAY.

28          THE COURT:  GO AHEAD.
```

1     MR. ROSENFELD:  THANK YOU.  YOUR HONOR, THE

2  ADDITIONAL ISSUES HERE INVOLVE A LIBERTY INTEREST WITH

3  MY CLIENT AND ALSO AN EXCESSIVE INTEREST.  WE HAVE A 5TH

4  AMENDMENT --

5     MS. CALLAGHAN:  NO.  I'M GOING TO OBJECT

6  BECAUSE --

7     THE COURT:  LET HIM SPEAK.  IT'S A COURT

8  PROCEEDING, SO --

9     MR. ROSENFELD:  IF I CAN ASK FOR A LITTLE BIT OF

10  LATITUDE.  WE CANNOT SEPARATE THE DISCOVERY ISSUE FROM

11  THESE TWO ISSUES AND HERE'S WHY, YOUR HONOR:

12          MY CLIENT IS BEING HELD WITH NO BAIL UNDER

13  ARTICLE 1, SECTION 12.  IN ORDER FOR THAT TO HAPPEN, A

14  COURT HAD TO FIND THAT THE EVIDENCE WAS COMPELLING,

15  CLEAR AND CONVINCING; THAT IT WOULD HAVE SURVIVED

16  APPELLATE SCRUTINY BEYOND A REASONABLE DOUBT.

17          THE ATTORNEY GENERAL HAS FAILED TO GIVE US

18  CRITICAL EVIDENCE.  WE HAVE HAD TO GO FIND IT ON OUR

19  OWN, BUT WE DON'T HAVE IT VERIFIED BECAUSE THEY HAVE

20  BLACKED OUT AND REDACTED OUR DISCOVERY.

21          BUT WHY IS THIS IMPORTANT.  IT'S IMPORTANT

22  BECAUSE AT THE BAIL HEARING THE ATTORNEY GENERAL

23  PRESENTED A WITNESS THROUGH POLICE OFFICERS THAT THEY

24  PRESENTED TO THE COURT WITHOUT EVER GIVING THE COURT THE

25  INFORMATION OF THE TRUTH OF HER CREDIBILITY ISSUES.

26          IF THE TRUTH WAS GIVEN, YOUR HONOR, THROUGH

27  THE DISCOVERY THAT THEY'VE HIDDEN FROM THE DEFENSE, THE

28  TRUTH WOULD HAVE SHOWN THAT THIS PERSON CLAIMED THAT SHE

1  WAS RAPED BY MY CLIENT AND IN THE AFTERMATH OF THAT,

2  SENT TEXT MESSAGES TO HIM ABOUT HOW MUCH SHE LOVED HIM

3  AND MISSED HIM.

4          THE TRUTH, YOUR HONOR, FOR BEYOND A

5  REASONABLE DOUBT, IS THAT THIS WITNESS SEXUALLY

6  ASSAULTED SEVERAL MINORS.

7          THE TRUTH, IF IT WOULD HAVE BEEN GIVEN TO

8  US, WOULD HAVE SHOWN THAT THIS WITNESS USED MY CLIENT'S

9  CELL PHONE -- AND WE HAVE INDEPENDENT WITNESS

10 TESTIMONY -- TO PHOTOGRAPH SEXUAL ACTS OF MINORS ON HIS

11 PHONE TO SET HIM UP.

12         THE TRUTH IS THAT IF THIS WITNESS, IF THEY

13 GAVE US THE PROPER DISCOVERY, WE WOULD HAVE BEEN ABLE TO

14 DISCOVER INFORMATION, WHICH WE ALREADY HAVE BUT NOT

15 VERIFIED, THAT THIS PERSON COMMUNICATED THROUGH TEXT

16 MESSAGES WITH SOMEBODY ELSE WITH THE SOLE PURPOSE OF

17 SETTING UP MY CLIENT TO PUT HIM WHERE HE'S AT TODAY.

18         WE HAVE AN INDEPENDENT SOURCE, A CLOSE

19 FAMILY MEMBER, THAT HAD READ THE TEXT MESSAGES BETWEEN

20 THEIR JANE DOE FOUR, WHO WE BELIEVE WE'VE IDENTIFIED,

21 AND THE WITNESS THAT WE HAVE THAT TOLD US THESE THINGS.

22         IF THE TRIER OF FACT, YOUR HONOR, HAD THE

23 OPPORTUNITY, AND BECAUSE THEY'VE HIDDEN DISCOVERY FROM

24 US WE HAVEN'T HAD THE OPPORTUNITY, THERE'S SIMPLY NO WAY

25 THAT YOU WOULD BE ABLE TO FIND HER TESTIMONY TO BE

26 BEYOND A REASONABLE DOUBT CREDIBLE IN ORDER TO HOLD MY

27 CLIENT AND DEPRIVE HIM OF HIS LIBERTY UNDER ARTICLE 1,

28 SECTION 12.  THESE DISCOVERY ISSUES ARE MORE THAN JUST

1   WHAT'S COMMON SENSE IN ORDER FOR US TO GO AND PREPARE

2   FOR A PRELIMINARY EXAMINATION.

3            WE ALSO HAVE INFORMATION, YOUR HONOR, THAT

4   ONCE OUR MOTION WAS FILED AND THAT WAS HEARD TODAY IN

5   PART DOWNSTAIRS, AND THE COURT HAS ASKED US TO COME HERE

6   FIRST AND THEN GO BACK; BUT IF WE WOULD HAVE HAD THAT

7   INFORMATION, THE IMMUNITY AGREEMENT THAT WAS GIVEN TO

8   THAT WITNESS WAS NEVER DISCLOSED BY THE ATTORNEY

9   GENERAL.  THAT IS A CREDIBILITY ISSUE THAT GOES FAR

10  BEYOND THAT OF COMMON SENSE.  THE TRIER OF FACT DID NOT

11  HAVE THAT INFORMATION.

12           WE'VE ALSO LEARNED, YOUR HONOR, THAT WE

13  BELIEVE WITH GOOD FAITH THAT THE ATTORNEY GENERAL ONCE

14  OUR MOTION WAS FILED HAS CALLED THEIR WITNESS, AS

15  IDENTIFIED AS JANE DOE FOUR, AND TOLD HER THAT EITHER

16  SHE HAS AN ARREST WARRANT SWORN OUT FOR HER OR SHE IS

17  SOON TO BE ARRESTED BASED ON THE EVIDENCE THAT WE HAVE

18  GATHERED.

19           SO THIS IS MORE THAN JUST DISCOVERY THAT'S

20  BEING HIDDEN FROM THE DEFENSE FOR PREPARATION, THOUGH WE

21  NEED IT.  IT IS A MAN SITTING HERE WHO IS INNOCENT.  WHO

22  IS BEING HELD UNDER ARTICLE 1, SECTION 12, NO BAIL,

23  BECAUSE THEY PRESENTED A WITNESS TO THE TESTIMONY OF

24  POLICE OFFICERS THAT THEY KNEW HAD CREDIBILITY ISSUES,

25  THAT THEY KNEW GAVE IMMUNITY TO AND NEVER DISCLOSED

26  THAT.

27           IN ADDITION, THERE ARE OFFICERS WHEN

28  TESTIFYING ABOUT IDENTIFICATION OF VIDEOS AND PICTURES,

1   WE'RE TALKING ABOUT VIDEOS AND PICTURES IN WHICH THAT

2   WITNESS, JANE DOE FOUR, WAS A PARTICIPANT IN CHILD

3   SEXUAL MOLESTATIONS AND NEVER DISCLOSED THAT TO THE

4   TRIER OF FACT.  THAT IS WHY MY CLIENT IS BEING HELD AND

5   IT IS A DISCOVERY ISSUE.

6        THE COURT:  ALL RIGHT.  I HAVE A COUPLE OF

7   QUESTIONS FOR YOU:

8             FIRST OF ALL, AND NO ONE SEEMS TO RAISE

9   THIS, THIS CASE HAS NOT GONE TO PRELIMINARY HEARING.

10            YOU CITED 1054.3, WHICH IS A TRIAL RIGHT.

11            YOUR DISCOVERY RIGHTS AT A PRELIMINARY

12   HEARING ARE SOMEWHAT LIMITED, SO DO YOU WANT TO ADDRESS

13   THAT.  WHAT SUPPORTS THE FACT THAT YOU'RE ENTITLED TO

14   THIS NOW?

15       MR. ROSENFELD:  WHAT SUPPORTS THE FACT, YOUR

16   HONOR, IS THAT WHEN WE HAD A HEARING AND THE ATTORNEY

17   GENERAL PRESENTED THIS WITNESS, YOU CANNOT HAVE IT BOTH

18   WAYS.  YOU CANNOT PRESENT THE WITNESS AND HIDE NOT JUST

19   BRADY INFORMATION BUT ALSO THE SIGNIFICANT

20   CONSTITUTIONAL RIGHT INFORMATION UNDER THE 5TH AMENDMENT

21   AND THE 8TH AMENDMENT AS EXCESSIVE BAIL.

22            THEY STOOD SILENT WHILE THE COURT MADE AN

23   ADJUDICATION WHEN THEY KNEW THAT THERE WAS SO MANY

24   CREDIBILITY ISSUES THAT WHEN THEY PUT THEIR WITNESS UP.

25   THEY HAD A DUTY TO DISCLOSE TO US THE BRADY MATERIAL

26   WHEN THEY HAD THEIR WITNESS TESTIFY.

27            I WOULD UNDERSTAND IF WE WERE IN THE SECOND

28   OR THIRD DAY OF THIS CASE, YOUR HONOR.  THIS CASE IS

1   MONTHS DOWN THE ROAD AND OUR DISCOVERY IS STILL FILLED
2   WITH BLACK HOLES.  HOW ARE WE SUPPOSED TO HAVE A
3   PRELIMINARY EXAMINATION WHEN THEY HAVEN'T EVEN VERIFIED
4   WHO JANE DOE ONE, JANE DOE TWO JANE DOE THREE, AND JANE
5   DOE FOUR IS.
6            WE BELIEVE IN GOOD FAITH, AND I BELIEVE BY
7   THE SILENCE THAT HAS COME FROM THE OTHER SIDE OF THE
8   TABLE, THAT WERE ABSOLUTELY RIGHT IN OUR MOTION.  AND I
9   BELIEVE THAT IS WHAT JUDGE SULLIVAN WANTS TO HAVE, TOO,
10  BEFORE MAKING THIS DECISION.
11           WE DESERVE TO BE ABLE TO REPRESENT OUR
12  CLIENT UNDER THE 6TH AMENDMENT.
13           WE DESERVE TO BE ABLE TO PRESENT EVIDENCE
14  ON HIS BEHALF AT A PRELIMINARY EXAMINATION.
15       THE COURT:  ALL RIGHT.  WELL, LET ME ASK YOU WHAT
16  IS IT YOU DO HAVE?  YOU DON'T HAVE THE NAMES OF THE
17  PEOPLE.
18       MR. ROSENFELD:  WE DON'T HAVE THE NAMES.  IF YOU
19  LOOKED AT OUR DISCOVERY, YOUR HONOR, IT'S ALMOST
20  LAUGHABLE.  I'VE BEEN IN BUSINESS A LONG TIME.  THIS
21  ISN'T MY FIRST HIGH-PROFILE CASE.  WE HAVE DISCOVERY
22  THAT IS BLACKED OUT NEARLY COMPLETELY.  WE CAN'T
23  IDENTIFY ANYBODY.  THAT IS SIMPLY NOT OKAY.
24           NOW, THEY HAVE MADE SOME TRICKLING
25  DISCOVERY AVAILABLE TO US; BUT WHAT WE HAVE ESTABLISHED,
26  WHAT THE DEFENSE HAS SHOWN, WHAT MY CLIENT IS ENTITLED
27  TO HIS LIBERTY INTEREST.  THIS IS BEYOND THAT OF JUST A
28  DISCOVERY VIOLATION.  YOU CANNOT PUT A WITNESS UP AND

| 1 | TRY TO RESOLVE THE RECTITUDE OF YOUR COMPLAINING JANE |

1    TRY TO RESOLVE THE RECTITUDE OF YOUR COMPLAINING JANE
2    DOE FOUR WHEN YOU KNOW YOU'VE GIVEN HER IMMUNITY, NOT
3    DISCLOSED.
4              WHEN YOU KNOW THAT SHE'S BEEN INVOLVED IN
5    CHILD CRIME SEXUAL ASSAULTS, NOT DISCLOSED.
6              WHEN YOU KNOW THAT SHE HAD USED HIS
7    ELECTRONIC EQUIPMENT TO SET HIM UP, NOT DISCLOSED.
8         THE COURT:  ALL RIGHT.  I THINK I UNDERSTAND.
9              MR. RODRIGUEZ, DO YOU WANT TO ADD ANYTHING?
10      MR. RODRIGUEZ:  YES, YOUR HONOR.  I MEAN, AS COUNSEL
11   HAS INDICATED, WE HAVE THE RIGHT AT A PRELIMINARY
12   HEARING TO PRESENT AN AFFIRMATIVE DEFENSE AND TO
13   MEANINGFULLY CROSS-EXAMINE THE WITNESSES WHO ARE CALLED
14   TO TESTIFY.
15              IT'S THE COURT'S ROLE AT THAT PRELIMINARY
16   HEARING, OR PART OF THE COURT'S ROLE, TO ASSESS THE
17   CREDIBILITY OF THE WITNESSES THAT ARE TESTIFYING.
18              AT THIS POINT THE DEFENSE CANNOT
19   MEANINGFULLY CROSS-EXAMINE ANY WITNESS CALLED TO
20   TESTIFY, BECAUSE WE DON'T KNOW THEIR IDENTITY.  AND IF
21   WE WERE TO FIND OUT THE IDENTITY ON THE DAY OF THE
22   PRELIMINARY HEARING, THERE WOULD BE NO WAY FOR US TO
23   TEST THE CREDIBILITY OF THAT WITNESS OR FOR THE COURT TO
24   MAKE AN ACCURATE ASSESSMENT OF THE TRUTH OF THE FALSITY
25   OF THE CHARGES IN THIS CASE AND WHETHER OR NOT THERE IS
26   SUFFICIENT EVIDENCE FOR OUR CLIENTS TO BE BOUND OVER FOR
27   TRIAL.
28         THE COURT:  WELL, LET ME ASK YOU THE SAME QUESTION

1    I ASKED HIM, BUT I'M NOT SURE THAT I GOT AN ANSWER.

2              THE RULES ARE DIFFERENT IN A PRELIMINARY

3    HEARING STAGE.  IF THIS CASE WERE SET FOR TRIAL, THEN I

4    THINK THE PROPER PROCEDURE WOULD BE FOR THE COURT TO

5    CONDUCT IN CAMERA AND BALANCE THE INTEREST OUT, BUT

6    WE'RE NOT EVEN SET FOR TRIAL.  SO DOESN'T THAT MAKE A

7    DIFFERENCE?

8              MR. RODRIGUEZ:  I THINK IT DOES.  WE'RE NOT ASKING

9    FOR A LOT.  WE'RE JUST ASKING FOR THEIR NAMES.  AT LEAST

10   THAT'S WHAT I'M ASKING FOR AT THIS POINT.  AND I BELIEVE

11   THAT'S NECESSARY IN ORDER FOR US TO AT THE VERY LEAST

12   MEANINGFULLY CROSS-EXAMINE THE WITNESSES THAT ARE CALLED

13   TO TESTIFY.

14             THE COURT:  MR. CAREY?

15             MR. CAREY:  THE ONLY THING I WOULD ADD IS IN TERMS

16   OF THEIR NAMES, I UNDERSTAND THE CONFIDENTIALITY PART OF

17   IT, BUT THE DIFFICULTY IS IN READING THE DISCOVERY AND

18   LISTENING TO THE AUDIO.  IT'S NOT REDACTED TO THE POINT

19   WHERE THERE IS AN IDENTIFICATION OR SOME SORT OF

20   IDENTIFYING NAME AS IT IS IN THE COMPLAINT -- JANE DOE

21   ONE JANE DOE TWO, THREE, FOUR.  IN THE AUDIO, WHEN THESE

22   PEOPLE ARE MENTIONED, IT'S JUST -- WE JUST HERE A,

23   "BEEP," AND WE DON'T KNOW WHO THEY'RE TALKING ABOUT.  WE

24   DON'T KNOW IF THEY'RE TALKING ABOUT JANE DOE ONE, TWO,

25   THREE OR FOUR.  SO, TO ME, IT'S NOT AS MUCH ABOUT THE

26   ACTUAL IDENTITY, ALTHOUGH I DO UNDERSTAND MR. GARCIA'S

27   ATTORNEY THAT IT DOES GO TO THE EVIDENCE THAT HAS

28   ALREADY BEEN PRESENTED AT A BAIL HEARING.  FROM MY

1   CLIENT'S PROSPECTIVE, IT GOES TO UNDERSTANDING AND BEING

2   ABLE TO DIGEST THE DISCOVERY.

3       MR. SAWYER:  ON BEHALF OF MR. GARCIA, MAY I MAKE

4   ONE MORE POINT?

5       THE COURT:  GO AHEAD.

6       MR. SAWYER:  I THINK THE CRUX WHO PRELIMINARY

7   HEARING GENERAL RULE OF WAITING FOR TRIAL DOESN'T APPLY

8   IS THAT THE GOVERNMENT PUT UP A WITNESS THAT GAVE FALSE

9   INFORMATION AND LACKED CANDOR TO THE COURT.  SO WE

10  BELIEVE THAT THAT WITNESS -- THAT THERE'S A DUTY TO

11  DISCLOSE EVIDENCE THAT'S CONTRARY.  THAT'S IN THE

12  POSSESSION OF THE ATTORNEY GENERAL WHEN THEY PUT THAT

13  WITNESS ON.

14      WHAT I'M TALKING ABOUT SPECIFICALLY IS THE

15  WAY THE IDENTIFICATION WAS DONE TO SHOW THAT THERE WERE

16  MINORS AND IMAGES WAS FROM THE TESTIMONY OF AN OFFICER

17  THAT RELIED ON JANE DOE FOUR THAT IS SITTING RIGHT NEXT

18  TO HIM.  WHAT THEY DIDN'T DISCLOSE WAS IN THAT SAME

19  IMAGE JANE DOE FOUR IS ACTUALLY COMMITTING A SEXUAL

20  CRIME AGAINST IN THE IMAGE THAT THEY'RE DESCRIBING.

21      AND WHAT THEY DIDN'T DISCLOSE WAS THAT THEY

22  KNEW THAT THIS WITNESS HAD ISSUES AND THERE WAS EVIDENCE

23  THAT THEY HAD NOT ONLY COMMITTED A CRIME, BUT THAT THEY

24  WERE AWARE OF IT AND THEY GRANTED THEM A FORM OF

25  IMMUNITY SO THAT THAT PERSON WOULD NOT FACE PROSECUTION.

26  AND IF THE COURT KNEW THAT -- BUT, SEE, WHEN YOU DO NO

27  BAIL, IT'S NOT JUST ASSUMED IT'S TRUE.  YOU ALSO HAVE A

28  DUTY TO WEIGH THE EVIDENCE TO SEE IF IT MEETS A HIGHER

1    STANDARD WHICH IS REQUIRED FOR NO BAIL.

2              SO THAT PARTICULAR VIOLATION -- AND I DON'T

3    UNDERSTAND IF THEY DID NOT PRESENT THAT EVIDENCE TO A

4    COURT -- THEN I THINK THE RULE WOULD PROPERLY -- COULD

5    APPLY THAT YOU HAVE TO WAIT UNTIL YOU GET CLOSER TO

6    TRIAL.  BUT THEY ACTUALLY PRESENTED THIS THIS

7    INFORMATION TO A COURT.  THEY KEPT US IN THE DARK AND

8    THEY PRESENTED JUST ONE LITTLE SLIVER OF THAT PIECE OF

9    EVIDENCE THAT THEY THOUGHT WAS FAVORABLE TO THEM AND

10   THAT IS HOW THEY GOT NO BAIL.

11             THEY GOT A RULING BASED ON FALSE

12   INFORMATION THAT WAS NOT ADEQUATELY AND WITH CANDOR

13   PRESENTED TO A COURT.  AND THEY PREVENTED US FROM HAVING

14   THE EVIDENCE.  WE UNCOVERED IT ON OUR OWN.  WE WENT

15   THROUGH A PROCESS WITHOUT HAVING ANY OF THIS INFORMATION

16   FROM THEM AND UNCOVERED IT.  AND TO THIS DAY THEY HAVE

17   NOT DECLARED TO THE COURT ANY OF THE INFORMATION THAT

18   WE'RE DISCUSSING, SO THE COURT IS STILL OPERATING UNDER

19   A FALSE SET OF FACTS THAT WAS PRESENTED.

20        THE COURT:  ALL RIGHT.  WELL, AGAIN, I THINK WE'RE

21   MIXING UP ISSUES HERE.  THE DISCOVERY OBLIGATIONS AND

22   BRADY OBLIGATIONS.  THE BRADY OBLIGATIONS ARE

23   SELF-EXECUTING, SO WE'RE MIXING THOSE UP.

24             LET ME HEAR FROM THE PEOPLE.  WHO WANTS TO

25   ADDRESS THIS FOR THE PEOPLE?

26        MS. PLISNER:  I WILL, YOUR HONOR.  SPECIFICALLY,

27   AS TO THE SUGGESTION THAT THE JUDGE WHO ENTERED THE NO

28   BAIL ORDER WAS MISLED, THAT THAT IS SIMPLY NOT THE CASE.

1  THIS ISSUE WAS ACTUALLY BROUGHT UP BY COUNSEL NOT IN

2  CHAMBERS, BUT IT WAS ACTUALLY IN THE HALLWAY AND NOT IN

3  THE PHYSICAL CHAMBERS.

4          DURING THE COURSE OF THE BAIL HEARING THIS

5  ISSUE RAISED AND THE BENCH OFFICER INDICATED THAT THAT

6  WAS NOT IMPACTFUL IN HIS DECISION.

7          IN ADDITION, THE TESTIMONY THAT COUNSEL IS

8  REFERRING TO WAS TESTIMONY BY ONE OF THE SPECIAL AGENTS

9  THE CASE AGENT IN THIS CASE ABOUT TEXT MESSAGES BETWEEN

10  A WITNESS AND DEFENDANT GARCIA.  AND THE VERY NATURE OF

11  THE TEXT MESSAGES THAT WERE READ INTO THE RECORD WAS

12  SUCH THAT IT WAS VERY CLEAR WHAT THIS INDIVIDUAL'S ROLE

13  WAS TO ANYONE WHO WAS LISTENING.

14          IN ADDITION, COUNSEL HAS THOSE TEXT

15  MESSAGES AND IT'S CLEAR FROM READING THEM WHAT THAT

16  INDIVIDUAL'S ROLE WAS.

17          FOR EXAMPLE, ONE OF THE EXCERPTS OF THE

18  TEXT MESSAGES WHAT THIS PARTICULAR WITNESS TALKING ABOUT

19  THE PROVISION OF YOUNG WOMEN TO THE DEFENDANT.  IT WOULD

20  SEEM TO ME THAT IT WOULD BE CLEAR TO ANYBODY READING

21  THAT TEXT MESSAGE HEARING TESTIMONY ABOUT THOSE TEST

22  TEXT MESSAGES THAT SHE WAS IN FACT DOING THAT.  WE

23  INTRODUCED IT AS EVIDENCE OF THE DEFENDANT RECEIVING THE

24  GIRLS, BUT THAT DOESN'T MEAN THAT IT WASN'T ALSO IMPLIED

25  IN THAT TEXT MESSAGE THAT THE WITNESS WAS INVOLVED AS

26  WELL.

27          SO I DON'T THINK THAT THERE WAS ANY HIDING

28  OF THE EVIDENCE THERE OR OF THE FACTS.  AND, LIKE I

1    SAID, THE BENCH OFFICER INDICATED THAT EVEN IF IT WAS

2    TRUE THAT THIS PERSON HAD SOME CULPABILITY, THAT IT

3    WOULDN'T HAVE CHANGED HIS ASSESSMENT OF THE FACTS

4    BECAUSE IT WAS NOT RELATED ONLY TO THAT TESTIMONY BUT

5    ALSO TO THE CHARGES AS ALLEGED IN THE COMPLAINT AND A

6    VARIETY OF OTHER CIRCUMSTANCE PARTICULARLY AS IT RELATED

7    TO FLIGHT IN ADDITION TO THE NATURE OF THE CRIMES

8    CHARGED.

9        THE COURT:  AND I'M NOT OVERLY CONCERNED ABOUT

10   THAT ISSUE.  WHAT I'M MORE CONCERNED ABOUT IS THE NAMES

11   AND THE JUSTIFICATION FOR WITHHOLDING THEM AND WHATEVER

12   IS REDACTED AND WHAT THE JUSTIFICATION FOR THAT IS.

13       MS. PLISNER:  SURE.  THE INFORMATION THAT HAS BEEN

14   REDACTED HAS BEEN THE NAMES AND ANY OTHER IDENTIFYING

15   INFORMATION.  THE COMMUNITY WITHIN WHICH THE DEFENDANTS

16   EXIST IS A VERY CLOSE-KNIT COMMUNITY, SO SIMPLY A FIRST

17   AND LAST NAME ISN'T THE ONLY WAY TO IDENTIFY SOMEONE.

18           IF YOU WERE TO SAY, FOR EXAMPLE, "THIS

19   PERSON LIVES IN THIS NEIGHBORHOOD AND GOES TO THIS

20   CHURCH AND HAS THIS COLOR HAIR," THAT MIGHT BE ENOUGH.

21   SO WE'VE REDACTED TO THE POINT THAT -- ONLY TO THE

22   EXTENT THAT WE BELIEVED IT NECESSARY TO PROTECT THE

23   IDENTITY OF THE PEOPLE INVOLVED.

24           WE DID FILE A 1054.7.  I DO THINK IT IS

25   IMPORTANT THAT THE COURT HEAR THAT AND THAT WILL PROVIDE

26   FURTHER EXPLANATION TO YOUR HONOR ABOUT WHY IT IS WE'RE

27   TAKING SUCH GREAT CAUTION --

28       THE COURT:  WELL, LET ME ASK YOU -- I DON'T MEAN

1  TO CUT YOU OFF --

2      MS. PLISNER:  SURE.

3      THE COURT:  -- IS THAT APPROPRIATE TO DO AT THIS

4  JUNCTURE OR IS THAT SOMETHING THAT SHOULD HAPPEN BEFORE

5  TRIAL?

6      MS. PLISNER:  I THINK IT'S APPROPRIATE TO DO AT

7  THIS JUNCTURE BECAUSE OF THE VERY SIGNIFICANT CONCERNS

8  THAT WE HAVE ABOUT THE DISCLOSURE OF THIS INFORMATION.

9      THE COURT:  ALL RIGHT.  WELL, IF THE PEOPLE ARE

10  CONCEDING THAT, THEN I WOULD CONDUCT AND IN CAMERA AT

11  SOME POINT.  I DON'T KNOW WHETHER YOU EXPECT ME TO DO

12  THIS TODAY OR --

13      MS. PLISNER:  WE'RE PREPARED DO THAT TODAY, YOUR

14  HONOR.

15      THE COURT:  ALL RIGHT.

16      MR. SAWYER:  YOUR HONOR, MAY I MAKE ONE MORE

17  COMMENT, PLEASE?

18      THE COURT:  YES.

19      MR. SAWYER:  I THINK IT'S VERY IMPORTANT THAT --

20  WE DIDN'T EVEN ASK FOR THE NAME.  THEY DIDN'T DISCLOSE

21  THAT IT WAS JANE DOE FOUR.  AND SHE STILL DIDN'T DO IT

22  IN HER DISCUSSION NOW.  SHE HASN'T ADMITTED THAT THE

23  TESTIMONY THAT THE OFFICER TESTIFIED TO THAT WAS USED TO

24  IDENTIFY THE AGES OF THE VICTIM WAS JANE DOE FOUR.

25  THAT'S ONE THING THEY DIDN'T JUST ADMIT.

26          WE DID NOT KNOW THAT THE VIDEO THE OFFICER

27  WAS DESCRIBING WAS SEX ACTS BETWEEN JANE DOE FOUR AND

28  MINORS AND HAD NOTHING DO WITH OUR CLIENT.  THEY DIDN'T

1  DISCLOSE THAT.  THE TRIAL COURT DID NOT HAVE THAT

2  INFORMATION.  THIS WAS NOT HEARD THAT DAY AT ALL.  THAT

3  IS A COMPLETELY MISLEADING CHARACTERIZATION OF THE

4  DISCUSSION WE HAD IN CAMERA WITH THE COURT.

5       THE COURT:  BUT, AGAIN, WE DON'T NEED TO REVISIT

6  THAT.  WE'RE HERE FOR A VERY LIMITED ISSUE, WHICH IS

7  WHETHER OR NOT YOU'RE ENTITLED TO THAT INFORMATION.

8            SO, HERE'S MY OTHER CONCERN:  IS THE ONE

9  MR. CAREY RAISED, WHICH IS FOR THE DEFENSE TO PREPARE

10  THEY WOULD CERTAINLY HAVE TO BE ABLE TO KNOW WHICH

11  WITNESS IS SAYING WHAT.  AND SO, IS THERE ANY WAY THAT

12  YOU CAN DO THAT SO THAT THEY KNOW WHAT STATEMENT IS

13  ATTRIBUTABLE TO WHICH WITNESS.

14       MS. PLISNER:  THE PEOPLE HAVE A FEW IDEAS ABOUT

15  HOW TO DO THAT.  THAT IS WHAT WE THOUGHT WAS PERHAPS --

16  THAT THE IN CAMERA WOULD ASSIST US IN DEVELOPING A

17  APPROPRIATE AND SAFE MECHANISM FOR ASSISTING THE DEFENSE

18  IN PREPARING ADEQUATELY FOR PRELIMINARY HEARING.

19       THE COURT:  ALL RIGHT.  MY SUGGESTION IS WE CAN

20  RECESS.  I'LL CONDUCT AN IN CAMERA WITH THE PEOPLE AND

21  DETERMINE WHETHER OR NOT I WILL SUSTAIN THEIR PRIVILEGE

22  IN WITHHOLDING THE NAMES AND ADDRESSES OF THE WITNESSES

23  AT THIS POINT.  OBVIOUSLY, THAT CAN BE REVISITED AT A

24  LATER POINT.  AND THEN, I THINK WE HAVE TO TAKE IT FROM

25  THERE.  IF I DON'T UPHOLD THAT, THEN THAT MAY BE THE END

26  OF THIS DISCUSSION.  IF I DO, THEN I THINK WE HAVE TO

27  COME UP WITH SOME MECHANISM WHERE THE DEFENSE WOULD HAVE

28  THE INFORMATION IT NEEDS IN ORDER TO KNOW WHO SAID WHAT

1    AND ASSOCIATE EACH STATEMENT WITH WHAT PARTICULAR

2    ALLEGATION IT IS.

3         MR. ROSENFELD:  YOUR HONOR, MAY I BE HEARD

4    BRIEFLY?

5         THE COURT:  YES.

6         MR. ROSENFELD:  YOUR HONOR, THE DEFENSE ISN'T

7    REQUIRED TO GO ON SOME TREASURE HUNT TO TRY TO FIGURE

8    OUT WHO THE WITNESSES ARE, TO TRY TO PLAY A LOGIC GAME

9    WITH THE (INAUDIBLE) AND PUT WHO WE CAN WITH WHAT CHURCH

10   AND WHAT COLOR OF HAIR.  WE ARE ENTITLED TO KNOW WHAT

11   WITNESSES SAID WHAT AND WHAT THEY DID.  MY CLIENT'S

12   LIBERTY IS BEING CONSTRAINED.

13        THE COURT:  I'M NOT DISAGREEING WITH YOU.

14        MR. ROSENFELD:  THANK YOU.

15        THE COURT:  IT'S JUST HOW ARE WE GOING TO DO THAT.

16           MR. RODRIGUEZ?

17        MR. RODRIGUEZ:  I HOPE THE COURT IS AWARE THAT

18   PRIOR TO US RECEIVING ANY DISCOVERY IN THIS CASE, WE

19   SIGNED A PROTECTIVE ORDER --

20        THE COURT:  I SAW THAT SUBMITTED

21        MR. RODRIGUEZ:  -- WE'RE BOUND BY THAT ORDER.

22        THE COURT:  I UNDERSTAND.  ALL RIGHT.  SO WHY

23   DON'T WE RECESS.  WHO IS GOING TO PARTICIPATE?  DO YOU

24   HAVE AN AGENT THAT IS GOING TO --

25        MS. PLISNER:  YES, YOUR HONOR.  IT WOULD BE MYSELF

26   AND MS. CALLAHAN AND ONE OF OUR SPECIAL AGENTS.

27        THE COURT:  ALL RIGHT.  SO WE'LL TAKE A RECESS.

28   WE'LL CONDUCT THE IN CAMERA AND WE'LL RECONVENE

1    AFTERWARDS.

2         MR. CAREY:  COULD THE DEFENSE BE PRESENT?

3         THE COURT:  WELL, NO.  IT'S AN IN CAMERA, SO YOU

4    CAN'T BE PRESENT.

5         MR. CAREY:  I JUST WANTED TO PUT IT ON THE RECORD.

6         THE COURT:  NICE TRY.

7

8    (WHEREUPON AN IN CAMERA HEARING WAS HELD AND ORDERED

9    SEALED AND NOT TO BE TRANSCRIBED EXCEPT BY ORDER OF THE

10   COURT.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ///

```
 1                    (IN OPEN COURT.)

 2

 3        THE COURT:  ALL RIGHT.  WE'RE BACK ON THE RECORD

 4   IN THE GARCIA, O'CAMPO, MELENDEZ AND OAXACA CASE.  ALL

 5   PARTIES ARE ONCE AGAIN PRESENT.  ALL COUNSEL ARE

 6   PRESENT.

 7              SO THE RECORD SHOULD REFLECT THE COURT HAS

 8   CONDUCTED AN IN-CAMERA HEARING WITH DEPUTY ATTORNEYS

 9   GENERAL MS. PLISNER AND CALLAGHAN AS WELL AS SPECIAL

10   AGENT HOLMES.  BASED UPON THAT HEARING, THE COURT WILL

11   AT THIS TIME FIND UNDER 1054.7 THAT THE PEOPLE DO NOT

12   NEED TO DISCLOSE THE NAMES AND ADDRESSES OF THE

13   WITNESSES.

14              NOW, I THINK, AS I UNDERSTAND IT, THERE ARE

15   FOUR COMPLAINING WITNESSES AND TWO WITNESSES WHO ARE AT

16   ISSUE HERE.

17              NOW, HAVING SAID THAT, I HAVE DIRECTED THE

18   ATTORNEY GENERAL'S OFFICE TO WITHIN THE NEXT TWO WEEKS

19   PROVIDE EACH COUNSEL WITH SOMETHING TO DIRECT YOU AS TO

20   WHICH STATEMENT PERTAINS TO WHICH INDIVIDUAL.  SO I

21   DON'T KNOW EXACTLY --

22              HOW DO YOU PLAN DO THAT, MS. CALLAHAN?

23        MS. CALLAGHAN:  YOUR HONOR, WHAT I PLANNED ON

24   DOING IS STATING WHICH REPORT REFERS TO WHICH JANE DOE.

25   SO, FOR EXAMPLE, IF IT WAS REPORT ONE IS JANE DOE ONE,

26   THEN I WOULD SAY, "IT WAS JANE DOE ONE AND THAT IS

27   REPORT ONE," AND LEAVE IT AT.  THE SAME WHAT THE AUDIO.

28        THE COURT:  BECAUSE I THINK MR. CAREY RAISES A
```

1    VERY GOOD POINT, WHICH IS THAT ALL OF YOU IN ORDER TO

2    EFFECTIVELY REPRESENT YOUR CLIENTS NEED TO KNOW WHO SAID

3    WHAT.  AND SO, HOPEFULLY, THAT WILL REMEDY THAT

4    PARTICULAR ISSUE.  SO I THINK YOU CAN DO THAT WITHIN TWO

5    WEEKS?

6         MS. CALLAGHAN:  YES.

7         THE COURT:  SO I'LL ORDER THAT BE PROVIDED TO ALL

8    DEFENSE COUNSEL NO LATER THAN THE CLOSE OF BUSINESS ON

9    SEPTEMBER 6TH.  SO I THINK THAT CONCLUDES MY PORTION.

10        MR. RODRIGUEZ:  YOUR HONOR, COULD I ASK A COUPLE

11   OF FOLLOW-UP QUESTIONS?

12        THE COURT:  YES, GO AHEAD.

13        MR. RODRIGUEZ:  ONE WOULD BE THAT I UNDERSTAND THE

14   POLICE REPORTS AND I THINK THAT'S VERY HELPFUL AND WE

15   APPRECIATE THAT, YOUR HONOR.  THAT WILL BE TREMENDOUSLY

16   HELPFUL.

17        THE COURT:  WELL, POLICE REPORTS AND ANY

18   STATEMENTS.  IN OTHER WORDS, IF THERE'S A TAPE RECORDED

19   STATEMENT AND YOU CAN'T TELL WHO IT IS, THEY'RE GOING TO

20   TELL YOU WHO SAID WHAT.

21        MS. CALLAGHAN:  CORRECT.

22        MR. RODRIGUEZ:  MOST IMPORTANTLY, THOUGH, WE THINK

23   THAT THERE WAS POTENTIALLY PERJURY COMMITTED ON THE

24   STAND, AND WE WOULD LIKE TO KNOW WHICH -- JUST BY THE

25   NAMES USED IN THE COMPLAINT -- JANE DOE FOUR, JANE DOE

26   THREE, JANE DOE TWO -- CAN THEY BE ORDERED TO TELL US

27   WHICH JANE DOE THEY'RE REFERRING TO WHEN THEY TESTIFIED,

28   BECAUSE WHAT WE HAVE IS COMPLETE IN THE DARK ON WHO

1    THEY'RE TALKING ABOUT WHEN THEY TESTIFIED.

2        THE COURT:  AT THE BAIL HEARING?

3        MR. RODRIGUEZ:  YES.  WHAT WE'RE CONCERNED WITH IS

4    THAT WE'RE GOING TO A APPEAL THIS BAIL MOTION AND WE

5    DON'T KNOW WHO THEY'RE TALKING ABOUT.

6        THE COURT:  DO YOU HAVE ANY OBJECTION TO

7    DISCLOSING WHICH OF THE JANE DOE'S PROVIDED THAT

8    INFORMATION?  I THINK YOU INDICATED THAT THAT CAN BE

9    DISCERNED BY LOOKING AT WHAT -- I MEAN -- IT'S NOT A BIG

10   SECRET; RIGHT?

11       MS. PLISNER:  WHAT I INDICATED WAS THAT THE

12   CONDUCT OF THAT PERSON CAN BE DISCERNED FROM THE TEXT

13   MESSAGES THAT WERE TESTIFIED TO.

14       THE COURT:  SO DO YOU HAVE ANY OBJECTION TO JUST

15   TELLING THEM WHICH JANE DOE THAT WAS?

16       MS. PLISNER:  WELL, I --

17       THE COURT:  I MEAN, I THINK THEY NEED TO KNOW WHO

18   SAID WHAT.

19       MS. PLISNER:  RIGHT.

20       THE COURT:  I'M GOING TO GO AHEAD AN ORDER THAT AS

21   WELL.

22       MR. RODRIGUEZ:  WHAT WE WOULD LIKE, YOUR HONOR, IF

23   IT'S POSSIBLE, BECAUSE, YOU KNOW, OF THE LIBERTY

24   INTEREST THAT WE TALKED ABOUT, WE HAVE TWO FURTHER

25   REQUESTS:

26            ONE IS THAT IT'S TIMELY.  WE NEED TO KNOW

27   WHICH WITNESS TESTIFIED ABOUT WHICH JANE DOE IN A QUICK

28   MANNER SO WE CAN MAKE THE APPEAL.  BUT, IN ADDITION TO

1  THAT YOUR HONOR, WE THINK BECAUSE OF THE IN CAMERA THAT

2  YOU CONDUCTED, THAT THERE'S GOING TO BE INTERTWINED

3  ISSUES WITH BAIL AND DISCOVERY ONGOING.

4          WE WOULD ASK THAT THIS COURT WOULD HEAR OUR

5  MOTION FOR A CHANGED CIRCUMSTANCES, BECAUSE THEY HAVE AN

6  UNDERSTANDING OF THE BACKGROUND OF THE RULING OF

7  DISCOVERY AND WE'RE GOING TO BE COMING BACK AND BACK AND

8  BACK IF WE'RE NOT IN FRONT OF A JUDGE THAT JUST MADE A

9  RULING LIKE YOU HAVE.

10         WE FEEL COMFORTABLE COMING BACK AND THAT

11 YOU HAVE MADE A RULING ON DISCOVERY AND YOU'RE GOING TO

12 BE ABLE TO SEPARATE THE ISSUES WHEN WE ARGUE FOR CHANGED

13 CIRCUMSTANCES, WHICH WILL BE STRONGLY BASED ON SOME OF

14 THE RULINGS THAT YOU JUST MADE.  SO I BELIEVE THAT, AND

15 YOU COULD ASK, I DON'T WANT TO SPEAK FOR OTHER

16 CO-COUNSEL, BUT WE'RE ALL SIMILARLY CONCERNED WITH THIS

17 ISSUE.

18     THE COURT:  LET ME JUST -- I DON'T WANT TO CUT YOU

19 OFF.   THE MATTER WHAT SENT HERE FOR THIS ONE ISSUE.

20     MR. RODRIGUEZ:  I UNDERSTAND.

21     THE COURT:  I DECIDED THAT.  IF THEY WANT TO SEND

22 IT BACK.  I'M HAPPY TO HEAR WHATEVER THEY SEND ME.  BUT

23 I THINK I'D BE EXCEEDING WHAT I WAS ASKED TO DO.  WHEN

24 SOMETHING IS ASSIGNED SOMEWHERE, THEORETICALLY SOMEONE

25 CAN CHALLENGE THAT, PARTICULAR BENCH A OFFICER.  SO I

26 THINK I CAN ONLY REALLY DEAL WITH WHAT IS IN FRONT OF

27 ME.  BUT, AGAIN, AS YOU SAY THESE ISSUES PAY OVERLAP AND

28 YOU MAY NEED TO COME BACK AND THAT'S FINE.

1    MR. RODRIGUEZ:  HOW ABOUT THE TIMELINESS, COULD WE
2  HAVE A DATE?
3    THE COURT:  I SAID TWO WEEKS ONLY BECAUSE OF THE
4  SCHEDULING OF THE PARTIES AND THE FACT THAT THIS IS
5  GOING TO TAKE SOME TIME.  THIS IS NOT SOMETHING THAT
6  THEY CAN JUST --
7    MR. RODRIGUEZ:  JUST THE ONE PART ABOUT THE
8  OFFICERS THAT TESTIFIED.  THIS IS EASILY WITHIN THEIR
9  CONTROL.  WE HAVE A TRANSCRIPT THAT'S ALREADY BEEN
10  PRINTED.  THEY HAVE A COPY OF IT.  WE WOULD LIKE A
11  TIMELY DISCLOSURE OF WHICH JANE DOE THE OFFICERS
12  TESTIFIED TO, BECAUSE WE BELIEVE PERJURY WAS COMMITTED
13  IN THE COURT AND WE WANT TO BE ABLE TO ADDRESS THAT
14  QUICKLY.
15    THE COURT:  HOW LONG WOULD IT TAKE YOU TO GIVE
16  THEM --
17    MS. PLISNER:  WHAT IS YOUR BASIS FOR HAVING A
18  TRANSCRIPT?
19    MR. RODRIGUEZ:  I'M SAYING I BELIEVE THERE IS A
20  TRANSCRIPT THAT HAS ALREADY BEEN PRINTED --
21    MS. PLISNER:  BUT WHAT YOU SAID TO ME IS THAT YOU
22  HAVE ONE --
23    THE COURT:  HOLD IT.  HOLD IT.  HOLD IT.  WE DON'T
24  BICKER BACK AND FORTH, ALL RIGHT.
25        SO CAN YOU PROVIDE THAT TO HIM WITHIN A
26  WEEK?
27    MS. PLISNER:  YES.  WE SHOULD BE ABLE DO THAT.
28    THE COURT:  SO THAT INFORMATION NEEDS TO BE

1   PROVIDED BY END OF BUSINESS AUGUST 30TH.  ALL RIGHT.  SO

2   I THINK THAT CONCLUDES THIS HEARING.

3       MR. CAREY:  I HAVE ONE QUESTION.  SO IS THE

4   COURT'S ORDER THAT THEY NEED TO DISCLOSE WITHIN THE

5   REPORTS WHICH JANE DOES THEY'RE REFERRING TO, BECAUSE

6   THE PEOPLE --

7       THE COURT:  SO, IN OTHER WORDS, EVERY STATEMENT

8   THAT IS IN THE REPORT -- WHETHER IT'S A REPORT, A TAPE

9   RECORDED INTERVIEW, WHATEVER -- THEY NEED TO DESIGNATE

10   OR AT LEAST TELL YOU WHICH PERSON THAT REFERS TO,

11   WHETHER IT'S A JANE DOE OR A WITNESS.

12       MR. CAREY:  WITHIN THE REPORT?  BECAUSE MY

13   UNDERSTANDING IS WHAT THE PEOPLE INDICATED WHAT THEY

14   WERE DOING IS JUST INDICATING WHICH JANE DOE THE REPORT

15   REFERRED TO AND NOT SPECIFICALLY WITHIN THE REPORT WHEN

16   IT'S BLACKED OUT WHO IS SPEAKING.

17       THE COURT:  WELL, I WOULD ASSUME THAT YOU'RE GOING

18   TO TELL HIM WHO SAID WHAT.

19       MS. CALLAGHAN:  WHO IS SPEAKING IS WHAT I

20   UNDERSTOOD.

21       MR. CAREY:  I JUST WANT TO CLARIFY.

22       THE COURT:  RIGHT.

23         SO, MR. CAREY, ANYTHING ELSE?

24       MR. CAREY:  SOUNDS GOOD.

25       THE COURT:  ALL RIGHT.  THAT CONCLUDES THIS

26   HEARING.  EVERYONE IS ORDERED BACK TO DEPARTMENT 30

27   FORTHWITH.  THANK YOU.

28       MS. PLISNER:  I APOLOGIZE.  ONE OTHER THING.

```
 1    THERE WAS A REQUEST BY DEFENSE THAT THE PEOPLE BE
 2    SANCTIONED.
 3         THE COURT:  THE REQUEST FOR SANCTIONS IS DENIED.
 4         MS. PLISNER:  THERE WAS ALSO --
 5         THE COURT:  AND THE REQUEST FOR A SPECIAL MASTER
 6    IS DENIED WITHOUT PREJUDICE AT THIS POINT.
 7         MS. PLISNER:  THANK YOU, YOUR HONOR.
 8         MS. CALLAGHAN:  THANK YOU.
 9         THE COURT:  THANK YOU.
10
11              (END OF PROCEEDINGS.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28    ///
```

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                   FOR THE COUNTY OF LOS ANGELES

 3    DEPARTMENT 132              HON. DAVID HERRIFORD, JUDGE

 4

 5    THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                            )    BA475856-1,2,4
 6                        PLAINTIFF,        )
                                            )
 7                   VS.                    )    REPORTER'S
                                            )    CERTIFICATE
 8    01 NAASAN JOAQUIN GARCIA,             )
      02 ALONDRA O'CAMPO,                   )
 9    04 SUSANA MEDINA OAXACA,              )
                                            )
10                        DEFENDANTS.       )
                                            )
11    ─────────────────────────────────────

12    COUNTY OF LOS ANGELES  )
                             )   SS.
13    STATE OF CALIFORNIA    )

14

15         I, ANNETTE BLANCO, OFFICIAL REPORTER OF THE

16    SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

17    COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

18    FOREGOING PAGES, 1 THROUGH 25, COMPRISE A FULL, TRUE,

19    AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN THE

20    MATTER OF THE ABOVE-ENTITLED CAUSE ON  8/23/2019.

21

22

23

24

25                                  ANNETTE BLANCO

26                          ─────────────────────────
                                  ANNETTE BLANCO
27                          CSR NO. 10075, OFFICIAL REPORTER

28    ///
```

1           SUPERIOR COURT OF THE STATE OF CALIFORNIA

2               FOR THE COUNTY OF LOS ANGELES

3   DEPARTMENT 132           HON. DAVID HERRIFORD, JUDGE

4

    THE PEOPLE OF THE STATE OF CALIFORNIA,   )
5                                            )
                    PLAINTIFF,               )
6                                            )SUPERIOR COURT
        VS.                                  )BA475856-1,2,4
7                                            )
    01 NAASON JOAQUIN GARCIA,                )
8   02 ALONDRA O'CAMPO,                      )
    04 SUSANA MEDINA OAXACA,                 )
9                                            )
                    DEFENDANTS.              )
10  _____)

11

12            REPORTER'S TRANSCRIPT OF PROCEEDINGS

13                    AUGUST 23, 2019

14

15      APPEARANCES:

16
        PEOPLE:        XAVIER BECERRA, STATE ATTORNEY GENERAL
17                     BY:  AMANDA G. PLISNER, DEPUTY
                            DIANA CALLAHAN, DEPUTY
18
        DEFENDANT:     BY:  KENNETH L. ROSENBERG, ESQ.
19      (GARCIA)       BY:  ALLEN SAWYER, ESQ.

20
        DEFENDANT:     BY:  RYAN. F. RODRIGUEZ, ESQ.
21      (O'CAMPO)

22
        DEFENDANT:     BY:  JOHN PATRICK CAREY, ESQ.
23      (OAXACA)

24

25

26

27                     ANNETTE BLANCO, CSR NO. 10075
28                     OFFICIAL REPORTER