EXHIBIT "5"



**XAVIER BECERRA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013

Public: (213) 269-6000
Telephone: (213) 269-6509
Facsimile: (916) 731-2120
E-Mail: Donna.Dean@doj.ca.gov

May 29, 2020

**VIA EMAIL ONLY**

Jennifer Elizabeth Stein
Michael George Finnegan
Jeff Anderson and Associates PA
11812 San Vicente Boulevard No 503
Los Angeles, CA 90049
Email:Jennifer@andersonadvocates.com
Email:Mike@andersonadvocates.com

Joshua M. Robbins
Deborah S. Mallgrave
Greenberg Gross LLP
601 South Figueroa Street 30th Floor
Los Angeles, CA 90017
Email:Jrobbins@ggtriallaw.com
Email:Dmallgrave@ggtriallaw.com

Ethan J. Brown
Geoffrey A. Neri
Brown Neri Smith and Khan LLP
11601 Wilshire Boulevard Suite 2080
Los Angeles, CA 90025
Email:Ethan@bnsklaw.com
Email:Geoff@bnsklaw.com

Reed T. Aljian
DAILY ALJIAN LLP
100 Bayview Circle Suite 5500
Newport Beach, CA 92660
Email:Ra@dallp.com

Caleb E. Mason
Alan Jackson
Werksman Jackson and Quinn LLP
888 West Sixth Street Fourth Floor
Los Angeles, CA 90017
Email:Cmason@werksmanjackson.com
Email: ajackson@werksmanjackson.com

RE:   *Sochil Martin v. La Luz Del Mundo, et. al.,*
      United States District Court, Central District of California: Case No. 2:20-cv-01437

Dear Counsel:

This is a follow up to my letter dated May 27, 2020, requesting a conference of counsel pursuant to Central District of California Local Rule 7-3. As discussed in the May 27, 2020, letter, our office intends to file a Motion to Intervene and Stay Discovery in the above-referenced case during the pendency of the criminal matter entitled *People v. Naason Garcia, et al.*, Case No. BA475856, currently pending before the Los Angeles County Superior Court.

All Counsel
May 29, 2020
Page 2

      The proposed motion will be brought pursuant to Federal Rule of Civil Procedure 24(a) and (b), and will be based on the following grounds, among others: (1) there are overlapping issues of fact and law in the state prosecution and the above-entitled federal civil case; (2) there is a need to maintain the safety of alleged victims and witnesses in the criminal matter via continued protection of their identities; and (3) there is a need for the People of the State of California to protect their interests which outweighs any interest of the parties in proceeding expeditiously with the civil action. *See, e.g., S.E.C. v. Chestman,* 861 F.2d 49, 50 (2d Cir. 1988); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). In addition, as counsel for plaintiff pointed out, the Trafficking Victims Protection and Reauthorization Act provides an additional ground for staying this civil matter during the pendency of the criminal matter. 18 U.S.C. § 1595(b)(1).

      We would be happy "to discuss thoroughly" the proposed motion during the required conference of counsel as required by Rule 7-3. We do not agree with defense counsel, however, that Rule 7-3 requires the moving party to provide a detailed written analysis of the proposed motion or to provide information and documents unrelated to the proposed motion as a predicate to a conference of counsel.

      Accordingly, please provide your availability for a telephonic conference of counsel on Monday, June 1, 2020, or Tuesday, June 2, 2020.

Sincerely,

*/s/ DMDean*

DONNA M. DEAN
Deputy Attorney General

For   XAVIER BECERRA
      Attorney General