1  DEBORAH S. MALLGRAVE, State Bar No. 198603
     *DMallgrave@GGTrialLaw.com*
2  JOSHUA M. ROBBINS, State Bar No. 270553
     *JRobbins@GGTriallaw.com*
3  GREENBERG GROSS LLP
   650 Town Center Drive, Suite 1700
4  Costa Mesa, California 92626
   Telephone: (949) 383-2800
5  Facsimile: (949) 383-2801

6  MICHAEL G. FINNEGAN, State Bar No. 241091
     *Mike@AndersonAdvocates.com*
7  JENNIFER E. STEIN, State Bar No. 300775
     *Jennifer@AndersonAdvocates.com*
8  JEFF ANDERSON & ASSOCIATES
   11812 San Vincente Boulevard, #503
9  Los Angeles, California, 90049
   Telephone: (310) 357-2425
10 Facsimile: (651) 297-6543

11 Attorneys for Plaintiff SOCHIL MARTIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN, | Case No. 2:20-cv-01437-ODW-AS |
| Plaintiff, | |
| v. | **NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT LA LUZ DEL MUNDO** |
| LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN | Filed Concurrently with Declaration of Deborah S. Mallgrave and Proposed Order

Date:        July 13, 2020
Time:        1:30 p.m.
Courtroom:   5D |

ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.

      Defendants.

1  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2  NOTICE IS HEREBY GIVEN THAT on **July 13, 2020** at **1:30 p.m.**, before

3  the Honorable Otis D. Wright II, in Courtroom 5D of the United States Courthouse

4  for the Central District of California, Western Division, 350 West First Street, Los

5  Angeles, Plaintiff Sochil Martin will and hereby does move the Court to grant an

6  extension of time to serve Defendant La Luz Del Mundo ("LDM") pursuant to

7  Federal Rule of Civil Procedure 4(m), and to order service of process by United

8  States Marshal pursuant to Local Rule 4-2.

9  In an abundance of caution, Plaintiff seeks an extension of time to serve

10 Defendant LDM by 90 days, or until the end of the COVID-19 crisis.  Plaintiff seeks

11 this extension in order to serve Defendant La Luz Del Mundo ("LDM"), an

12 unincorporated association, officers and/or agents to accept service of process.

13 As set forth in the accompanying Memorandum of Points and Authorities,

14 there is good cause for the extension requested.  This Motion is made pursuant to

15 FRCP Rule 4(m) on the grounds that good cause exists for an extension of time to

16 serve Defendant LDM.  Plaintiff has attempted service on LDM but various

17 defendants in the case maintain that she has been unsuccessful.  Defendant LDM is

18 an unincorporated association conducting business as a religious institution in the

19 United States, with affiliates operating in more than fifty countries worldwide.

20 LDM, at all times relevant to the events that form the basis of this Complaint, has

21 also done business in California as "Iglesia Del Dios Vivo Columna y Apoyo De La

22 Verdad."  Many, but not all, individual locations of LDM within California have

23 registered with the California Department of Justice as Charitable Trusts.  Many, but

24 not all, individual locations of LDM within California have registered with the

25 California Secretary of State as corporations.  The structure of LDM has made it

26 nearly impossible to effectuate service.

27 Because, per Defendants' theory, Plaintiff has been unable to locate an officer

28 of LDM willing to accept service and LDM does not have counsel representing them

at this time, notice of this Motion pursuant to Local Rule 7-19.1 cannot be given to Defendant LDM.

This Motion is made following the conference of counsel that have appeared in the action pursuant to Local Rule 7-3 which took place on May 27, 2020.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the declaration of Deborah S. Mallgrave; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

DATED: June 15, 2020

GREENBERG GROSS LLP
Deborah S. Mallgrave
Joshua M. Robbins

JEFF ANDERSON & ASSOCIATES
Michael Finnegan
Jennifer E. Stein

By:   /s/ Deborah S. Mallgrave
Deborah S. Mallgrave
Attorneys for Plaintiff SOCHIL MARTIN

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. LEGAL STANDARD .......................................................................................... 2

    A. Good Cause for Extension of Time ......................................................... 2

    B. Service of an Unincorporated Association .............................................. 2

III. STATEMENT OF FACTS .................................................................................. 3

    A. Case Background ..................................................................................... 3

    B. Plaintiff's Efforts to Serve La Luz Del Mundo ....................................... 4

IV. ARGUMENT ....................................................................................................... 8

    A. Service of LDM is Governed by Rules of Service for an Unincorporated Association. ............................................................................................. 8

    B. Plaintiff Properly Served La Luz Del Mundo by Substitute Service...... 9

    C. Good Cause Exists For Extension of Time to Serve La Luz Del Mundo. ................................................................................................................ 10

V. CONCLUSION ................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Associated Students of Univ. of California at Riverside v. Kleindienst*,
    60 F.R.D. 65 (C.D. Cal. 1973) ................................................................. 2, 3

*Boudette v. Barnette*,
    923 F.2d 754 (9th Cir. 1991) ........................................................................ 2

*Comm. for Idaho's High Desert, Inc. v. Yost*,
    92 F.3d 814 (9th Cir. 1996) .......................................................................... 2

*Mann v. Am. Airlines*,
    324 F.3d 1088 (9th Cir. 2003) ...................................................................... 2

*Wei v. Hawaii*,
    763 F.2d 370 (9th Cir. 1985) ............................................................ 2, 11, 12

**Statutes**

Code Civ. Proc. § 369.5 ........................................................................................ 2

Code Civ. Proc. § 369.5(a) .................................................................................... 3

Code of Civ. Proc. § 415.20 .................................................................................. 9

Code of Civ. Proc. § 415.40 .................................................................................. 6

Code of Civ. Proc. § 416.40 .................................................................................. 9

Code of Civ. Proc. § 416.40(b) ............................................................................ 12

Corp. Code § 18035(a) .......................................................................................... 2

Fed. R. Civ. P. 17 .................................................................................................. 2

**Other Authorities**

Local Rule 4-2 ...................................................................................................... 5

## I. INTRODUCTION

Plaintiff Sochil Martin ("Plaintiff") has effected service on Defendant La Luz del Mundo ("LDM"), an unincorporated association. But LDM has not answered the complaint, and various other Defendants associated with it have taken the position that LDM has not been and cannot be served, at least through the methods used thus far.

Thus, in an abundance of caution and to avoid doubt going forward, Plaintiff seeks an order extending the deadline for effecting service on LDM by 90 days, from May 12, 2020, to August 10, 2020, or, in the alternative, to a date to be determined when California state jails and prisons are able to effectuate service to incarcerated persons in light of the Coronavirus ("COVID-19") public health crisis. Plaintiff also seeks an order permitting service of Defendant Naasón Joaquín García ("Defendant García"), on behalf of unincorporated association LDM, via United States Marshal. Plaintiff has made numerous attempts to serve Defendant LDM. But—according to other Defendants—Plaintiff has been unable to effectuate service on Defendant LDM. This has been due to both efforts by LDM to conceal the identity and location of LDM officers or agents and circumstances outside of Plaintiff's control, including the COVID-19 health crisis.

There is good cause for an extension of time to serve LDM given Plaintiff's diligent efforts to locate LDM officers and agents and multiple attempts to serve LDM. LDM's organizational structure in the United States is deliberately diffuse and opaque, making the location and service of individuals within the organization difficult and burdensome. Plaintiff has made attempts to serve three individuals and four entities on behalf of Defendant LDM. Plaintiff anticipates that, barring additional delays due to COVID-19, a 90-day extension will permit Plaintiff to continue investigating and to attempt service on Defendant LDM to the extent it is not considered to have already done so.

## II. LEGAL STANDARD

### A. Good Cause for Extension of Time

Federal Rule of Civil Procedure ("FRCP") 4(m) "requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). In making a good cause determination, courts consider whether "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991).

Moreover, the Ninth Circuit has noted that "good cause" generally encompasses the following circumstances: (1) where defendant has evaded service; (2) where service was attempted but not completed; (3) where the plaintiff was confused by the requirements for service of process; and (4) where plaintiff was prevented from effecting service "by factors beyond his control*.*" *See Wei v. Hawaii*, 763 F.2d 370, 371–72 (9th Cir. 1985).

### B. Service of an Unincorporated Association

An unincorporated association is defined under federal law as "a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common enterprise or prosecuting a common objective." *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 820 (9th Cir. 1996)*; Associated Students of Univ. of California at Riverside v. Kleindienst*, 60 F.R.D. 65, 67 (C.D. Cal. 1973). California law, similarly, defines an unincorporated association as "an unincorporated group of two or more persons joined by mutual consent for a common lawful purpose, whether organized for profit or not." Cal. Corp. Code § 18035(a).

An unincorporated association can be sued under both California and Federal law. *See* Fed. R. Civ. P. 17; Cal. Code Civ. Proc. § 369.5. Under Federal Rule of

1  Civil Procedure 17(b)(3)(A), capacity to be sued is determined by the law of the
2  state where the court is located, except that "a partnership or other unincorporated
3  association with no such capacity under that state's law may sue or be sued in its
4  common name to enforce a substantive right existing under the United States
5  Constitution or laws." *See also Associated Students of Univ. of Cal.*, 60 F.R.D. at
6  67.
7        Additionally, under California law, a "partnership or other unincorporated
8  association, whether organized for profit or not, may sue and be sued in the name it
9  has assumed or by which it is known." Cal. Code Civ. Proc. § 369.5(a).

### III. STATEMENT OF FACTS

#### A. Case Background

Defendant La Luz Del Mundo is a global religious institution that has made the economic and sexual exploitation of children and others a centerpiece of its operations for decades. (Compl. ¶ 2). Plaintiff brought the action underlying this Motion against LDM, organizations under LDM's control, and the individual leaders responsible for the longstanding cycle of abuse and retaliation Plaintiff faced as a member of LDM.

Defendant LDM has at least fifty locations operating throughout the state of California, and many more throughout the United States. (*Id.* at ¶ 14). Defendant LDM is an unincorporated association conducting business as a religious institution in the United States. (*Id.*). Defendant LDM operates as a single organization governed by Defendant García and el Consejo de Obispos (translation, Council of Bishops), comprised of many of the named defendants in this action. (*Id.* at ¶ 16). However, Defendant LDM has deliberately avoided the incorporation or establishment of a national, centralized governing entity like the one established for its Mexican counterpart in Guadalajara, Mexico. Instead, while all LDM members, locations, and businesses are governed by Defendant García and el Consejo de Obispos and operate a multi-million, if not multi-billion, dollar operation within the

United States, no one legal entity exists within the United States to accept service of process.

Defendant García is currently detained in the Los Angeles Men's Central Jail for charges related to abuse of minors, rape of minors, trafficking of persons, possession of child pornography, and other such conduct engaged in throughout his leadership as Apostle of LDM. Meanwhile, el Consejo de Obispos holds itself out as the administrative and ministerial executive board of LDM. (*Id.* at ¶ 25). The make-up of Defendant LDM's structure and the location of its officers and agents of process is not transparent. The leaders, officers, and/or agents of Defendant LDM often move locations and residences within the United States and Mexico, and avoid identification within the incorporation or establishment filings of any LDM location.

### B. Plaintiff's Efforts to Serve La Luz Del Mundo

Plaintiff has been attempting to serve Defendant LDM since February 22, 2020. Plaintiff has attempted to serve multiple individuals that are held out as LDM spokespersons and/or are otherwise held out as agents of LDM.

On February 22, 2020, Plaintiff began personal service attempts on Yobany E. Chacon on behalf of LDM. (*See* Mallgrave Decl. ¶ 3). Chacon is an attorney, duly licensed to practice law in the State of California. Chacon is listed as agent for service of process or executive on at least nineteen incorporation records filed with the California Secretary of State associated with individual LDM locations, and holds himself out as a lawyer for LDM. Among the locations for which Chacon is listed as the agent for service of process is the Pasadena location of LDM. Plaintiff, through her personal knowledge of Chacon's behaviors, knows that Chacon lives in Pasadena.

Plaintiff, through a licensed professional process server, made three attempts to serve Chacon at the address listed for service on the incorporation papers for the Pasadena location, which is also the address of the Pasadena church itself. On all

three attempts, the process server saw no sign of anyone present at the Pasadena LDM location.

On Monday, February 26, 2020, Plaintiff attempted personal service at Chacon's personal law offices, using an address registered with the State Bar of California as his place of business, which additionally has signage indicating that the building is the location of the Law Offices of Yobany Chacon. (*Id.* at ¶ 5). The signage on the building indicated that Chacon's business hours were from 10:00 a.m. to 5:30 p.m., Mondays, Wednesdays, Thursdays, and Fridays. Though the process servers attempted service that Monday at 11:04 a.m., no one was present at the location. The process server attempted service again on Wednesday, February 26, 2020. Again, no one was present at the location. (*Id.*).

Having been unable to serve the individual who holds himself out as the agent for service of process for at least nineteen LDM incorporation records, Plaintiff attempted to serve the Director of LDM directly—Defendant García. On March 2, 2020, two sets of required documents, including the Summons and Complaint, were sent to the Los Angeles County Sheriff's Department ("Sheriff's Department") to serve Defendant García as both an individual and on behalf of LDM in the Los Angeles Men's Central Jail, given Defendant García's position as director and leader of LDM. (*Id*. at ¶ 6). However, on March 6, 2020, the Sheriff's Department returned the documents with a note stating that their office was not able to serve complaints filed in federal court. (*Id*. at ¶ 7). Upon subsequent communications with the Sheriff's office, counsel for Plaintiff were informed that the United States Marshal Service must effectuate service to an inmate where the service is related to a matter filed in federal court. Pursuant to Local Rule 4-2, service by United States Marshal requires an order from the court absent certain statutory exceptions, none of which apply in this case. As such, Plaintiff respectfully includes in this Motion a request for the Court to order, through the concurrently filed Proposed Order, service by United States Marshal to Defendant García, on behalf of LDM as an

-5-    Case No. 2:20-cv-01437-ODW-AS
NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT LA LUZ DEL MUNDO

unincorporated association, in the Los Angeles Men's Central Jail. However, it is Plaintiff's understanding that, even with such an order, all service within the jail has been suspended for the duration of the COVID-19 crisis. (*See* Mallgrave Decl. ¶ 16).

On March 5, 2020, Plaintiff attempted to serve Cesia Karen Minemann on behalf of Defendant LDM by United States Postal Service ("USPS"), pursuant to California Code of Civil Procedure section 415.40. (*Id*. at ¶ 11). During proceedings in Defendant García's criminal case, *People of the State of California v. Naason Joaquin Garcia et. al.*, defense counsel for Defendant García proffered Minneman as a potential witness, holding her out as counsel for LDM. (*Id*. at ¶ 9, Ex. B). Minemann is also referred to as "spokesperson" for LDM in news articles from various publications. USPS was unable to secure Minemann's signature for the Summons and Complaint and returned the documents to Plaintiff's counsel. (*Id*. at ¶ 10, Ex. C).

On March 19, 2020, Governor Gavin Newsom issued an unprecedented state-wide Executive Order requiring California residents to stay at home to slow the spread of COVID-19. Following the issuance of the stay-at-home order, the Los Angeles County Sheriff's Department stopped accepting any process absent a determination by the court that the situation is "emergent" if issued post March 19, 2020. (*See* https://civil.lasd.org/CivilProcess/civprocess2.aspx?1, last accessed on June 13, 2020.) Therefore, it is currently not possible to serve Defendant García on behalf of Defendant LDM, and it is unclear when Plaintiff will be able to do so, even if Plaintiff is successful in obtaining leave from this court to serve Defendant García with the assistance of the United States Marshal Service.

On March 23, 2020, Plaintiff's counsel contacted counsel representing Defendant García in his individual capacity to request that counsel also accept service on behalf of LDM. (*Id*. at ¶ 18). Defendant García's counsel refused. (*Id.* at

¶ 19).  In subsequent conversations with counsel for various defendants, those counsel also have refused to accept service on behalf of LDM.  (*Id*. at ¶¶ 20, 26–27).

Most recently, on May 12, 2020, Plaintiff, through a licensed professional process server, attempted substitute service on individually-incorporated LDM locations on behalf of LDM, an unincorporated association.  Plaintiff attempted service on four locations that, upon information and belief, have served or currently serve as the places of business for one or more directors of LDM, including Defendant García.  Plaintiff attempted service on Defendant LDM at 1861 Logan Avenue, San Diego, California ("San Diego Location"), 301 South 4th Street, Redlands, California ("Redlands Location"), 112 North Arizona Avenue, Los Angeles, California ("Los Angeles Location"), and 385 East Orange Grove Boulevard, Pasadena, California ("Pasadena Location").  (*Id*. at ¶ 22).

For the Los Angeles and Pasadena Locations, on May 12 and 14, 2020, respectively, Plaintiff's process servers were able to leave a copy of the summons and complaint with someone apparently in charge of those locations.  Plaintiff then mailed a copy of the same summons and complaint to each of those locations.  (*Id*. at ¶¶ 23–24). Plaintiff believes that her efforts at substitute service upon LDM are effective on both the Los Angeles and Pasadena locations as office locations of Defendant García, LDM's self-proclaimed president and Apostle.  However, in conversations with counsel for other named defendants after the effective dates of service identified above, counsel for Defendant García as well as counsel for Defendants who hold officer positions within LDM have denied that LDM has been or can be served.  While Plaintiff contends that LDM has been effectively served under California and Federal law for service of unincorporated associations, given that the director and officers of LDM dispute such service, Plaintiff now seeks to personally serve the Director of LDM, with the grant of an extension of time, so as to avoid future disagreements over the method of service.

## IV. ARGUMENT

### A. Service of LDM is Governed by Rules of Service for an Unincorporated Association.

In *Barr v. United Methodist Church*, the California Fourth District Court of Appeal, permitted the United Methodist Church to be sued as an unincorporated association, in part, because it met the basic two-part criteria: "(1) a group whose members share a common purpose, and (2) who function under a common name under circumstances where fairness requires the group be recognized as a legal entity." 90 Cal. App. 3d 259, 266 (Cal. Ct. App. 1979).

LDM is a global religious institution formed by mutual consent for the purpose of raising funds to support the "Apostle," or LDM leader, under the guise of promoting religion. LDM's structure mimics that of a corporation. LDM "has ecclesiastical, governmental, and administrative authority over the business and conduct of all locations of LDM." (*See* Compl. ¶ 15). LDM possesses a lead director—Defendant García—a council of bishops, a treasury, in-house counsel, and regional governing bodies. During proceedings in Defendant García's criminal case, *People of the State of California v. Naason Joaquin Garcia et. al.*, defense counsel for Defendant García recognized that LDM has a corporate structure with "longstanding rules" regarding how LDM funds can be spent. (*Id.* at ¶ 9, Ex. B). During that same proceeding, counsel for Defendant García also recognized the existence of LDM bank accounts. (*Id.*).

LDM also "orders the creation and design of all locations of the LDM institution within global regions determined and governed by Defendants García, and el Consejo de Obispos. Defendants LDM, García, and el Consejo de Obispos have exclusive authority to create, appoint, assign, reassign and retire all ministers, deacons, and bishops of the LDM institution." (*Id.* at ¶ 16).

Additionally, the actions of LDM in the United States appear deliberately designed to avoid establishing a single, centralized corporate form, despite the

-8-  Case No. 2:20-cv-01437-ODW-AS
NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT LA LUZ DEL MUNDO

organization's acting as a single entity.  For example, the fact that Yobany Chacon serves as the agent for service of process for nineteen different locations of LDM in California alone belies the notion that each location of LDM is somehow a separately functioning entity.  Donations from all LDM churches are funneled directly to Defendant García and other LDM leaders—many of whom are defendants in this case.  Similarly, the names of some of those defendants and other LDM elite repeatedly appear on the ownership records of property used for LDM purposes.  LDM's structure supports the notion that Plaintiff has the capacity to sue LDM as an unincorporated association under both federal and state law, and therefore the rules of procedure applicable to service against LDM are those established, both at the federal and state level, for service against unincorporated associations.

**B.     Plaintiff Properly Served La Luz Del Mundo by Substitute Service.**

Pursuant to California Code of Civil Procedure section 416.40, an unincorporated association may be served through its "president or other head of the association, vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the association to receive service of process."  Cal. Code Civ. Proc. § 416.40.  If personal service on an unincorporated association cannot be achieved using reasonable diligence, California Code of Civil Procedure section 415.20 allows for substitute service by leaving a copy of the summons and complaint with someone, over the age of 18, who is "apparently in charge of his or her office [or] place of business," followed by mailing identical copies of the summons and complaint to the same address.  Cal. Code Civ. Proc. § 415.20.  Service is deemed effective ten days after the mailing.  *Id.*

Defendant García is unequivocally the head of LDM.  Defendant García is the Apostle of LDM, and his initials are posted in prominent places at all LDM locations, including across most pulpits and altars. (Compl. ¶ 74).  A banner with García's picture hangs outside the Pasadena Location.  Before Defendant García's

arrest in Los Angeles, he was a pastor at both the Los Angeles Location and Pasadena Location and used the Los Angeles Location as his primary office and place of business in the United States. (Compl. ¶ 21).

As described above, Plaintiff used reasonable diligence to personally serve LDM through Defendant García (as the head of the LDM), other persons who hold officer positions within LDM, and persons who hold themselves out as lawyers for LDM, but was unable to effect service. Plaintiff then attempted substitute service, by leaving a copy of the summons and complaint at the places of business for one or more directors of LDM, including Defendant García—the Los Angeles and Pasadena Locations of LDM—and then mailing a copy of those same documents to each of those locations. Since the service documents were left at the Los Angeles Location and Pasadena Locations on May 12 and 14, 2020, respectively, and then mailed on May 13 and 14, 2020, respectively, service is deemed effective on both locations on May 25, 2020.

### C. Good Cause Exists For Extension of Time to Serve La Luz Del Mundo.

Good cause exists for extension of time to serve Defendant LDM because, even if substitute service was ineffective, Plaintiff has diligently attempted to locate and serve officers and agents of Defendant LDM. It is undisputable that the party to be served, LDM, is on notice of the lawsuit. On February 13, 2020, Plaintiff held a press conference in Los Angeles, California regarding the lawsuit. In the days after the filing, LDM spokesperson and minister of the Redlands Location, Jack Freeman, gave his own press conference in response to Plaintiff's lawsuit, and was widely quoted in news articles responding to the specific allegations of the complaint. Fourteen of the other Defendants in this action have been served and retained counsel, including Defendant García and six members of el Consejo de Obsipos.

Defendant LDM would suffer no prejudice by extending the time to serve by 90 days, or until the end of the COVID-19 crisis. However, if the extension of time

1  is not granted, Plaintiff would suffer grave harm from not being able to serve LDM.
2  Plaintiff's lawsuit alleges that LDM operates as a corrupt organization, violating a
3  host of federal and state laws to operate human trafficking, money laundering, and
4  other forced labor schemes.  While Defendants who have already been served are
5  undoubtedly at the center of and responsible for these abuses, the corrupt
6  organization at the center of the complaint must be party to these proceedings in
7  order to avoid significant prejudice to Plaintiff.  Defendant LDM caused great harm
8  to Plaintiff and will continue to cause great harm to other members and young girls
9  if it is not held accountable for its actions and the cover-up of the actions of others.
10 Absent inclusion of LDM in the case, Plaintiff's resources in investigating and
11 attempting to serve Defendant would also be wasted.

12       Moreover, the circumstances here fall well within the conditions for extension
13 of time outlined in *Wei*.  *Wei*, 763 F.2d 370, 371–72 (9th Cir. 1985).  The first
14 condition, the defendant's evasion of service, is satisfied.  First, the agent for service
15 of process of at least nineteen LDM locations who also publicly claims to be general
16 counsel for LDM has not been present to accept service during business hours at
17 either the address for service or at his personal law office.  Second, another person
18 who claims to be counsel for LDM has returned lawful service by mail unsigned.
19 Third, counsel for the director of LDM, as well as counsel for many of the bishops
20 who act as officers of LDM, have all refused to accept service on behalf of LDM or
21 to facilitate such service.  LDM is deliberately evading service, despite being on
22 notice of this lawsuit.

23       The second *Wei* condition, "where service was attempted but not completed,"
24 also applies.  Efforts were made to serve multiple parties and locations.  This
25 circumstance particularly applies to attempts to serve Defendant García, where
26 Plaintiff made a good faith effort to serve Defendant García in prison, using
27 California procedures for service.  That service cannot be completed without the
28

assistance of the Court in granting the use of the United States Marshal is the very reason for this Motion.

The third applicable *Wei* condition, that plaintiff was prevented from effecting service "by factors beyond his control," provides the basis for an ongoing extension of time until the end of the COVID-19 health crisis.[1] Until service of process is once again allowed within the confines of the Los Angeles Men's Central Jail, Plaintiff has no ability—even with an order from the Court providing for service by the United States Marshal—to effectuate service on Defendant García in prison.

Plaintiff has diligently attempted to serve Defendant LDM, even in light of the global pandemic. Plaintiff tried to serve multiple members of LDM permitted to accept service under California Code of Civil Procedure § 416.40(b). But due to the decentralized structure of LDM and the opaque legal status of the organization and its agents, it is a time-consuming and onerous endeavor to serve LDM. Further, Plaintiff has attempted multiple times to serve Defendant LDM, including by following the California procedures for substituted service, but LDM and other defendants continue to actively deny the effectiveness of that service. Finally, Plaintiff is, in part, prevented from effecting service due to COVID-19.

Plaintiff believes that a 90 day extension, or an extension until the cessation of the COVID-19 public health crisis, will allow Plaintiff needed time to serve Defendant LDM.

## V. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court, via the proposed order, extend the deadline to serve Defendant LDM by 90 days, until August 10, 2020, or, in the alternative, to a date to be determined when California state jails and prisons are able to effectuate service to incarcerated persons in light of the

---

[1] One additional *Wei* condition, that the plaintiff is confused by the requirements for service of process, is not applicable to this case.

-12- Case No. 2:20-cv-01437-ODW-AS
NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT LA LUZ DEL MUNDO

Coronavirus ("COVID-19") public health crisis.  Plaintiff also requests that, in order to grant Plaintiff the ability to serve LDM during that timeframe, that the Court grant the proposed order to serve Defendant García on behalf of LDM with the assistance of the United States Marshal Service.

DATED:  June 15, 2020

GREENBERG GROSS LLP
Deborah S. Mallgrave
Joshua M. Robbins

JEFF ANDERSON & ASSOCIATES
Michael Finnegan
Jennifer E. Stein

By:  _____/s/ Deborah S. Mallgrave_____
    Deborah S. Mallgrave
    Attorneys for Plaintiff SOCHIL MARTIN