DEBORAH S. MALLGRAVE, State Bar No. 198603
  *DMallgrave@GGTrialLaw.com*
JOSHUA M. ROBBINS, State Bar No. 270553
  *JRobbins@GGTriallaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL G. FINNEGAN, State Bar No. 241091
  *Mike@AndersonAdvocates.com*
JENNIFER E. STEIN, State Bar No. 300775
  *Jennifer@AndersonAdvocates.com*
JEFF ANDERSON & ASSOCIATES
11812 San Vincente Boulevard, #503
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN, | Case No. 2:20-cv-01437-ODW-AS |
| Plaintiff, | |
| v. | **DECLARATION OF DEBORAH S. MALLGRAVE IN SUPPORT OF PLAINTIFF SOCHIL MARTIN'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT LDM** |
| LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN ZAMORA, an | Filed Concurrently with Motion for Extension of Time and Proposed Order<br><br>Date:        July 13, 2020<br>Time:        1:30 p.m.<br>Courtroom:   5D |

1  individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.
2
3            Defendants.

## DECLARATION OF DEBORAH S. MALLGRAVE

I, Deborah S. Mallgrave, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California. I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin in this action. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. On February 12, 2020, my firm filed this action, *Sochil Martin v. La Luz Del Mundo et al.*, in this Court.

3. On February 22, 2020, ASAPLegal attempted to personally serve Yobany Chacon ("Chacon"), agent for service of process for multiple California La Luz Del Mundo ("LDM") locations, in Pasadena, California. ASAPLegal attempted service on Chacon two additional times on February 23, 2020. On all three occasions, the process server reported that the LDM location on the property was closed and there was no one home at the residence.

4. On February 24, 2020, ASAPLegal attempted to personally serve Chacon in Alhambra, California at the address listed on the State Bar of California website for the "Law Offices of Yobany Chacon." The process server reported that the business was closed and locked, despite a sign on the building stating that business hours were from 10:00 a.m. to 5:30 p.m. on Monday, Wednesday, Thursday, and Friday.

5. On February 26, 2020, ASAPLegal again attempted to personally serve Chacon at his law office. The process server reported that the business was closed and locked. A true and correct copy of the e-mail detailing ASAPLegal's attempts for service on Yobany Chacon is attached hereto as Exhibit "A."

6. On March 2, 2020, four copies of the Summons and Complaint and accompanying materials were mailed to the Los Angeles County Sheriff's

Department to serve Defendant Naasón Joaquín García as an individual and on behalf of LDM.

7. On March 6, 2020, the Los Angeles County Sheriff's Department returned the Summons and Complaint to our Los Angeles office with a sticky note reading: "Return to Plaintiff—not federal cases."

8. In subsequent phone calls made by my firm's paralegal to the Los Angeles County Sheriff's Department, a representative for the Department represented that they could not serve process on an individual in their custody for cases filed in federal court. The Department representative instructed our paralegal to use the United States Marshals Service to serve Defendant Naasón Joaquín García as an individual and on behalf of LDM.

9. On November 12, 2019, criminal defense counsel for Defendant Naasón Joaquín García filed a Petition for Writ of Prohibition and/or Mandamus in the Court of Appeal, Second Appellate District of California, in the matter *Garcia v. Superior Ct. of Los Angeles County*, No. B302119 (Cal. Ct. App. Jun. 6, 2020). In conjunction with the filing of that petition, Defendant Naasón Joaquín García's criminal defense counsel, who also serve as defense counsel in this matter, filed a series of exhibits in support of the writ. Among those exhibits was a transcript of a bail hearing held in *People of the State of California v. Naason Joaquin Garcia et. al.* on July 15, 2019, wherein counsel for Defendant García held out Cesia Karen Minemann as counsel for LDM. On November 22, 2019, my firm obtained a copy of the filings from the appellate court, including the attached exhibits. A true and correct copy of an excerpt from the transcript is attached hereto as Exhibit "B." The excerpt includes pages Bates stamped in the above cited criminal appeal as pages BS000001-BS000002, BS000087, and BS000107-BS000109. These pages are excerpted on the sole grounds that the original filing of exhibits in that matter was comprised of 302 pages. No alterations have been made to the filing other than to provide only the pages relevant to this Motion.

10. Minemann has elsewhere been publicly identified as "in house counsel" for LDM. Attached hereto as Exhibit "C" is a copy of a February 17, 2018 article from the publication *Lancaster Online*, obtained from the website *lancasteronline.com* on January 23, 2020, wherein Minemann is identified as both a "spokesperson" and "in-house counsel" for LDM.

11. Based on these representations as well as information from the Plaintiff herself regarding Minemann's role within the church, on March 5, 2020, my firm mailed a copy of the Summons and Complaint to Cesia Karen Minemann, return receipt requested. This attempt at service was made under California Code of Civil Procedure section 415.40.

12. On March 9, 2020, the United States Postal Service ("USPS") made a delivery attempt at Minemann's Oregon residence. The USPS reported that there was no access to the delivery location.

13. On March 10, 2020, USPS attempted delivery of the Summons and Complaint. USPS reported that there was no authorized recipient available and left notice.

14. On April 15, 2020, the USPS certified mail for Minemann was still unclaimed. The USPS returned the documents to my firm. A true and correct copy of the tracking report by USPS is attached hereto as Exhibit "D." A true and correct copy of the return receipt from USPS is attached hereto as Exhibit "E."

15. On March 19, 2020, Governor Gavin Newsom issued a state-wide stay-at-home order to slow the spread of COVID-19.

16. In or around March 19, 2020, the Los Angeles County Sheriff's Department stopped accepting any process, unless it was issued post March 19, 2020, "where the court has determined to be emergent." This information has been posted on the Department's website for service of process since late March 2020, and remains posted on said website as of the writing of this declaration.

17. On March 20, 2020, I received an email from Alan Jackson, of the law firm Werksman, Jackson & Quinn LLP. Mr. Jackson informed me that his firm would be representing Defendant García in this matter, and offered to accept waiver of service as a professional courtesy, "[g]iven the current issues we are all facing."

18. On March 23, 2020, I responded to Jackson to inquire if he was also authorized to accept service on behalf of LDM.

19. On March 23, 2020, Alan Jackson replied "[a]t this point I am speaking only for Naason, not for any other person or entity." A true and correct copy of the e-mail exchange with Alan Jackson is attached hereto as Exhibit "F."

20. On March 24, 2020, in response to an e-mail regarding waiver of service, Geoffrey A. Neri sent me an email to inform me that his firm, Brown, Neri, Smith & Khan LLP, "only represent the eight individual defendants identified below in my initial email and are not authorized to waive service on behalf of any other defendant." Mr. Neri represents Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin, and Jose Luis Estrada. A true and correct copy of the e-mail exchange with Geoffrey A. Neri is attached hereto as Exhibit "G."

21. On May 11, 2020, my firm contacted Nationwide Legal ("Nationwide"), a registered and licensed process server, to inquire whether they had any additional information on processes or possibilities for attempting service on Defendant García in Men's Central Jail. Nationwide confirmed that the Los Angeles County Sheriff's office was only serving emergency papers. A true and correct copy of the e-mail exchange with Nationwide is attached hereto as Exhibit "H."

22. On May 12, 2020, my firm asked Nationwide to attempt substituted service on behalf of LDM on four LDM locations that are incorporated in California: (1) 1861 Logan Avenue, San Diego, California ("San Diego Location"); (2) 301 South 4th Street, Redlands, California ("Redlands Location"); (3) 112 North Arizona

1 Avenue, Los Angeles, California ("Los Angeles Location"); and (4) 385 East Orange Grove Boulevard, Pasadena, California ("Pasadena Location").

23. On May 12, 2020, a Nationwide process server was able to successfully serve LDM at 112 North Arizona Avenue, Los Angeles, California. On May 13, 2020, Nationwide mailed copies of the Summons, Complaint, civil cover sheet, certification and notice of interested parties, notice of assignment to United States Judges, and notice to parties of court-directed ADR program.

24. On May 14, 2020, a Nationwide process server was able to successfully serve LDM at 385 East Orange Grove Boulevard, Pasadena, California. On May 14, 2020, Nationwide mailed copies of the Summons, Complaint, civil cover sheet, certification and notice of interested parties, notice of assignment to United States Judges, and notice to parties of court-directed ADR program.

25. On May 21, 2020, I emailed all counsel that have appeared in this action to schedule a meet and confer regarding extending time to serve Defendant LDM. A true and correct copy of the e-mail to counsel is attached hereto as Exhibit "I."

26. On May 27, 2020, all parties participated in a meet and confer regarding service on Defendant LDM. During that call, all parties refused to accept service on behalf of LDM. During our call, counsel for Defendant García as well as counsel for Defendants who hold officer positions within LDM denied that LDM had been or could be served.

27. On June 3, 2020, all parties participated in a meet and confer regarding another motion filed in this matter and the State of California's then proposed motion to stay and intervene. Again, during that call, all parties refused to accept service on behalf of LDM.

///
///
///
///

1       I declare under penalty of perjury under the laws of the United States of
2 America that the foregoing is true and correct.

3       Date:  June 15, 2020

*Deborah S. Mallgrave* (signature)
Deborah S. Mallgrave