Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:  (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendants
*Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin Garcia and Jose Luis Estrada*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>  Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>  Defendants. | Case No.: 2:20-CV-01437-OWD (ASx)<br><br>**DECLARATION OF GEOFFREY A. NERI IN SUPPORT OF DEFENDANTS JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, BENJAMIN JOAQUIN GARCIA, AND JOSE LUIS ESTRADA'S OPPOSITION TO MOTION TO INTERVENE AND STAY**<br><br>Date: July 13, 2020<br>Time: 1:30 p.m.<br>Ctrm: 5D<br><br>Action filed: February 12, 2020<br><br>[Filed concurrently: Opposition to Motion to Intervene and Stay and Request for Judicial Notice] |

---

DECLARATION OF GEOFFREY A. NERI

# DECLARATION OF GEOFFREY A. NERI

I, Geoffrey A. Neri, declare:

1. I am a partner at the law firm Brown Neri Smith & Khan, LLP, counsel of record for Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin Garcia, and Jose Luis Estrada (the "Individual Defendants"). I am licensed to practice before all courts in the State of California and the United States District Court for the Central District of California. I make this declaration in support of the Individual Defendants' opposition to the California Department of Justice's Motion to Intervene and Stay Discovery (the "Motion"). I have personal knowledge of the facts set forth below, and if called to testify, I could and would competently testify thereto.

2. On February 12, 2020, Plaintiff filed her complaint in the above-captioned action.

3. On February 13, 2020, Plaintiff and her counsel held a "news conference" in downtown Los Angeles to announce the filing of her complaint. At that news conference, Plaintiff stood between her attorneys of record in this action – Jeff Anderson, Deborah Mallgrave, and Joshua Robbins – and behind a lectern with the names and logos of the attorneys' law firms. During the press conference, Plaintiff publicly recounted the allegations of forced labor, involuntary servitude, sex trafficking, and RICO conspiracy, among others, contained in her complaint. Attached hereto as **Exhibit A** is a true and correct copy of the transcript of that press conference.

4. On February 14, 2020, La Luz del Mundo celebrated the Holy Supper, which was attended by thousands of LLDM faithful. The event was held at the Pomona Fairplex.

5. On February 15, 2020, Plaintiff was featured on the front page of the Los Angeles Times, which ran an article covering her and her allegations. Attached hereto as **Exhibit B** is a true and correct copy of the online version of that article.

NERI DECLARATION
1

6. On information and belief, Plaintiff and her counsel clearly timed the initiation of this lawsuit and the news conference in a manner to embarrass LLDM and other Defendants named in the complaint in the midst of this popular and religious event.

7. On May 20, 2020, counsel for Defendants COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA, ALMA ELIZABETH JOAQUIN, erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUIN ZAMORA, Mr. Reed Aljian ("Mr. Aljian"), requested that the parties participate in the Rule 26 Conference on May 22, 2020. Attached hereto as **Exhibit C** is a true and correct copy of Mr. Aljian's email.

8. While counsel for certain other defendants agreed, Plaintiff's counsel refused. Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's counsel's email. In that same email where Plaintiff's counsel refused to hold a Rule 26 Conference, Plaintiff's counsel indicated that they were available on May 27, 2020, and requested a Local Rule 7-3 conference to discuss a threatened motion to seek additional time to serve Defendant LLDM.

9. In a letter responding to Plaintiff's counsel's request, Mr. Aljian proposed that the parties participate in the Rule 26 Conference on the same call for May 27. Attached hereto as **Exhibit E** is a true and correct copy of Mr. Aljian's letter to Plaintiff's counsel.

10. I agreed to that proposal. Plaintiff's counsel again refused. A true and correct copy of Plaintiff's counsel's letter responding to Mr. Aljian's request is attached hereto and **Exhibit F**.

11. On May 27, 2020, all parties appeared via teleconference to meet and confer regarding Plaintiff's proposed motion and a proposed motion by Mr. Aljian's clients regarding a motion to compel a Rule 26 conference.

NERI DECLARATION
2

12. On that call, Mr. Aljian asked Plaintiff's counsel to reconsider their refusal to engage in the Rule 26 conference. Mr. Aljian also asked whether Plaintiff's would be willing to proceed with that conference at that time. Plaintiff's counsel refused.

13. Only a few hours after the call ended, the California DOJ sent a letter via email to counsel for all parties. The Attorney General requested a local Rule 7-3 conference for the purposes of discussing a motion to intervene in the Civil Action and stay discovery. A true and correct copy of Deputy Attorney General Donna Dean's email and letter is attached hereto as **Exhibit G**.

14. After the DOJ sent their email, Plaintiff's counsel sent an email indicating that Plaintiff was not opposing the Motion because she had apparently performed independent research to determine that her own case must be stayed pursuant to the Trafficking Victims Protection Reauthorization Act (TVPRA). A true and correct copy of Plaintiff counsel's email is attached hereto as **Exhibit H**.

15. The Local Rule 7-3 conference on the DOJ's Motion to Intervene and Stay occurred on June 2, 2020. Counsel for the DOJ explained it would be seeking to intervene pursuant to Rule 24(a) and Rule 24(b), claiming the DOJ can satisfy both sections (permissive and as-of-right intervention).

16. During that call, Mr. Aljian asserted that the Motion was untimely and requested that the DOJ explain when they first became aware of Plaintiff's case and why the DOJ had not brought the Motion earlier.

17. Mr. Aljian demanded to know when the DOJ learned that Plaintiff had filed her action, when the DOJ had learned that Defendants had filed answers, and whether the DOJ had been communicating with Plaintiff's counsel regarding the Civil Action, the filing of the Civil Action or the Rule 26 conference meet and confer on May 27, 2020. Mr. Aljian later confirmed these questions via email. A true and correct copy of that email is attached hereto as **Exhibit I**.

18. The DOJ declined to answer the questions related to the timing of its knowledge of the filing of the Plaintiff's case, or the reason for its four-month delay in seeking to intervene.

19. Counsel for the DOJ admitted that Plaintiff Sochil Martin was not a "victim" in its case but could not explain why or how the TVPRA (which applies when the claimant in a civil case is also a victim in a criminal case) would nevertheless apply, other than to say that she read the statute differently.

I declare under penalty of perjury under the United States Constitution that the foregoing is true and correct. Executed on June 22, 2020 at Los Angeles, California.

                                        /s/ Geoffrey A. Neri
                                        Geoffrey A. Neri

NERI DECLARATION
4

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 22, 2020.

DATED: June 22, 2020            BROWN, NERI, SMITH & KHAN LLP

                                By:   /s/ Geoffrey A. Neri
                                        Geoffrey A. Neri