**EXHIBIT F**

36



Deborah S. Mallgrave
Direct Dial: (949) 383 2790
Direct Fax: (949) 383 2801
DMallgrave@GGTrialLaw.com

May 26, 2020

**VIA ELECTRONIC MAIL: ra@dallp.com**

Reed Aljian
DAILY ALJIAN
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660

      Re:    **Sochil Martin v. La Luz Del Mundo, et al., Case No. 2:20-cv-01437**

Dear Mr. Aljian:

      We are in receipt of your letter dated May 26, 2020, discussing your request for an expedited Rule 26 conference. Your letter purports to respond to a scheduling request that I emailed on May 21, 2020 to you and counsel for other named parties in this litigation, seeking to meet and confer on Plaintiff's proposed motion for an extension of time to serve Defendant La Luz Del Mundo ("LDM") per Local Rule 7-3. We appreciate that you have confirmed that you and counsel for the other named Defendants at the firms of Werksman Jackson & Quinn and Brown Neri Smith & Khan are available to hold that meet and confer on Wednesday, May 27, 2020, at 1 p.m., and look forward to that discussion.

      However, we disagree with your characterization of the requirements of Rule 26 and of our prior interactions, and continue to find it premature to hold a Rule 26 conference at this time. As of the writing of this letter, four served parties – including one of your clients – have not yet filed a response to Plaintiff's complaint, and a combination of Defendant LDM's attempts to evade service and circumstances precluding in-prison service due to the COVID-19 health crisis have impeded Plaintiff in serving that important defendant.

      As you note, Rule 26(f)(1) states that a Rule 26 conference should take place "as soon as practicable." It is not practicable to proceed with a Rule 26 conference at this time. Central to the "spirit" of the rules of discovery are the interest in "reduc[ing] expenses, minimiz[ing] the burden of unnecessary discovery, and conserv[ing] judicial resources." *In re Morning Song Bird Food Litig.*, No. 12VC1592-JAH(RBB), 2013 WL 12143947 at *3 (S.D. Cal. Jan. 25, 2013). These goals would not be served, and Plaintiff would suffer significant burden and prejudice, if a Rule 26 conference and subsequent discovery were to proceed before all named defendants have been served and have had the opportunity to proffer any responsive pleadings or motions. Asking Plaintiff to engage in discovery at this date when the scope and need for that discovery may change in the near future is burdensome and prejudicial.

650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626 | Phone (949) 383-2800 | Fax (949) 383-2801 | www.GGTrialLaw.com

37

GREENBERG GROSS LLP

Reed Aljian
May 26, 2020
Page 2

      Conversely, the defendants that you represent will suffer no prejudice nor incur additional burden by waiting until the appropriate time to have a Rule 26 conference, which the May 20, 2020 Scheduling Order from the Court provides may occur as late as August of this year. As I stated in my May 21, 2020 email, Plaintiff does not anticipate that a Rule 26 conference cannot occur before that date, but that it should not occur until practicable – meaning until all named parties have been served and have answered.

      Given that responsive pleadings not yet filed may "result in changes to the operative pleading," Plaintiff is not yet on notice of the evidence that will be relevant to the subsequent proceedings in this case. *See Zavala v. Kruse-Western, Inc.* No. 199CV00239-DAD(SKO), 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019). "It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted." *Content guard Holdings, Inc. v. ZTE Corp.*, No. 12cv1226-CAB(MDD), 2013 WL 12072533, at 2* (S.D. Cal. Jan. 16, 2013).

      Moreover, you and other defense counsel have the power to expedite the process. Your firm has accepted service on behalf of and claimed to represent Defendant International Berea USA, yet have not filed a response on behalf of that client. It would be prejudicial to Plaintiff to be required to provide evidence to counsel before any responsive pleading has been filed on behalf of another client represented by the same counsel in the same matter.

      We have also asked you and other defense counsel to assist us in serving or seeking responsive pleadings from other served parties, including Defendants Gilberto Garcia Granados and Rahel Joaquin Garcia, but have received no response. Moreover, all parties have refused to assist in serving Defendant LDM, with which all currently represented defendants are associated. On March 23, 2020, counsel for Defendant Naasón Joaquín García refused to accept service on behalf of Mr. Garcia as the director of LDM, despite the fact that Mr. Garcia is currently incarcerated and therefore cannot accept traditional service due to the COVID-19 health crisis. Counsel for the remaining defendants have similarly refused to accept service on behalf of LDM, as have registered agents for LDM. If defendants are concerned with expediting discovery in this case, they could easily assist in this process. To deny Plaintiff the opportunity to move forward in her case while demanding that she move forward with discovery is fundamentally unfair and not in the spirit of the rules.

      Your letter also mentions that "Plaintiff has refused to participate in any informal discovery." As you know, Rule 26(f) explicitly provides that "[a] party may not seek discovery from any source before the parties have conferred." Plaintiff is under no obligation to provide discovery to defendants before it is timely, and such an onerous request defies notions of fairness and equitable administration of justice.

      With respect to Defendants Alma Elizabeth Joaquin and Adoraim Josadac Joaquin, I reiterate that Plaintiff stands by the claims presented against your clients in the complaint, and

**GREENBERG GROSS LLP**

Reed Aljian
May 26, 2020
Page 3

that Plaintiff has probable cause for naming them as defendants. As stated in my letter of May 6, 2020, and quoted in your letter here, the request for premature discovery with respect to two of your clients is improper. Your allegation that the Plaintiff's unwillingness to engage in premature and improper discovery is "proof that no such facts exist" is unfounded and egregious. Plaintiff will, in accordance with the applicable rules of procedure, prove her claims against your defendants.

We look forward to the Local Rule 7-3 meet and confer on Wednesday, and to a Rule 26 conference at a proper date in the future when all defendants have been served and replied.

Very truly yours,

Deborah S. Mallgrave

cc: Joshua Robbins
Michael Finnegan
Jennifer Stein
Alan Jackson
Caleb Mason
Michael Freedman
Geoff Neri
Ethan Brown