## <u>DECLARATION OF CALEB MASON</u>

I, Caleb Mason, declare:

1.    I am a partner at the law firm of Werksman Jackson & Quinn LLP, counsel for Defendant Naason Joaquin-Garcia ("Mr. Garcia"). My firm represents Mr. Garcia both in this case ("Civil Case") and in the pending criminal prosecution against Mr. Garcia ("Criminal Case").  Unless otherwise stated, I make this declaration from personal knowledge, and if called as a witness I could and would testify competently to the facts set forth herein. I make this Declaration in support of Mr. Garcia's Joinder in his co-defendants' Opposition to the Attorney General's Motion to Intervene.

2.    Mr. Garcia is a defendant in a criminal case brought by the state Attorney General's office, *People v. Naason Joaquin-Garcia et al.*, No. BA-47856 ("Criminal Case").  On April 7, 2020, the Court of Appeal ordered the Criminal Case dismissed, pursuant to Mr. Garcia's writ petition, brought on the grounds that Mr. Garcia was denied a timely preliminary hearing.  Attached hereto as **<u>Exhibit 1</u>** is a true and accurate copy of the April 7, 2020 decision of the Court of Appeal ordering dismissal of the Criminal Case.

3.    Attached as **<u>Exhibit 2</u>** is a true and correct copy of the Court of Appeal's May 29, 2020 Notice to the parties regarding the application of the Supreme Court's April 15, 2020 order extending the finality dates of Court of Appeal decisions because of the COVID-19 pandemic.  The Notice provides that the Court of Appeal's decision "is final as to this Court on June 6, 2020."

4.    The Superior Court has set a hearing on remand and dismissal for July 9, 2020, at 8:30 a.m.

The foregoing is true and correct to the best of my knowledge and belief. Executed under penalty of perjury under the laws of California and United States this 22nd day of June, 2020, at Los Angeles, California.

/s/ *Caleb E. Mason*

CALEB E. MASON

Attorney for Defendant Naason Joaquin-Garcia

# EXHIBIT 1

Filed 04/07/2020 Pub.

## CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| NAASON JOAQUIN GARCIA,<br><br>Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF LOS ANGLEES COUNTY,<br><br>Respondent,<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Real Party in Interest | B302119<br><br>(Los Angeles County Super. Ct. No. BA475856) |

COURT OF APPEAL – SECOND DIST.

**F I L E D**

Apr 07, 2020

DANIEL P. POTTER, Clerk

MELISSA URIBE          Deputy Clerk

ORIGINAL PROCEEDINGS in mandate.  William C. Ryan and George Gonzales Lomeli, Judges.  Petition granted.

Werksman Jackson & Quinn, Alan Jackson, Kelly C. Quinn, and Caleb Mason for Petitioner Naason Joaquin Garcia.

No appearance for Respondent.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Laurence K. Sullivan and Bridget Billeter, Deputy Attorneys General, for Real Party in Interest.

————————————

Petitioner Naason Joaquin Garcia, an in-custody defendant on a no-bail hold, was arraigned on a multi-count felony complaint in June 2019.  At that time, he waived his right to a speedy preliminary hearing.  In July 2019, Garcia was arraigned on an amended complaint that added three additional counts; however, he did not waive the time limits for a preliminary hearing at that arraignment.  Following several continuances of his preliminary hearing, Garcia moved for the dismissal of the amended complaint and his release from custody.  The superior court denied the motion.  In this petition for writ of mandate, Garcia argues his motion to dismiss should have been granted because the failure to hold a timely preliminary hearing violated the statutory time requirements of Penal Code section 859b and his constitutional right to a speedy trial.  We conclude that, where an in-custody defendant is arraigned on an amended complaint, section 859b requires that the preliminary hearing be held within 10 court days of that arraignment unless there is a personal time waiver by the defendant or good cause for a continuance.  Because the preliminary hearing for Garcia was not held within the 10-day period prescribed by section 859b and Garcia did not personally waive his right to a preliminary hearing within that time period, section 859b mandates dismissal of the amended complaint against him.  We therefore grant the petition.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I.  Defendants Are Arraigned on the Original Complaint And Enter 10-Day and 60-Day Time Waivers

On June 4, 2019, the California Attorney General's Office filed a felony complaint against Garcia, Alondra Ocampo, and

Susana Medina Oaxaca (collectively, defendants).[1]  Garcia was charged with one count of lewd act upon a child (Pen. Code,[2] § 288, subd. (c)(1)), two counts of conspiracy to commit human trafficking (§ 182, subd. (a)(1)), three counts of forcible rape (§ 261, subd. (a)(2)), one count of statutory rape (§ 261.5, subd. (c)), four counts of forcible oral copulation (§ 287, subd. (c)(2)), two counts of oral copulation (§ 287, subd. (b)(1)), and one count of extortion (§ 518).

On June 21, 2019, Garcia, Ocampo, and Oaxaca were each arraigned on the complaint and entered a plea of not guilty.  At that time, each of the defendants also waived their right to a preliminary hearing within 10 court days and 60 calendar days of the arraignment.  The court calendared August 2, 2019 as the date for setting the preliminary hearing.  Bail was set at $50 million for Garcia, $25 million for Ocampo, and $125,000 for Oaxaca.

## II.    Defendants Are Arraigned on the Amended Complaint Without Entering New Time Waivers

On July 15, 2019, the Attorney General's Office filed an amended complaint that added three counts against Garcia for possession of child pornography (§ 311.11, subd. (a)).  On July 16, 2019, Garcia, Ocampo, and Oaxaca were each arraigned on the amended complaint and entered not guilty pleas.  The court

---

[1]    A fourth defendant, Azalea Rangel Melendez, also was charged in the complaint, but she had not been apprehended by the authorities at the time the complaint was filed.

[2]    Unless otherwise stated, all further statutory references are to the Penal Code.

ordered that Garcia be held without bail, and set bail at $25 million for Ocampo.[3]  During a discussion about outstanding discovery issues, the court noted that the next scheduled hearing was set for August 2, 2019.  Garcia's counsel advised the court that they were "comfortable waiting until August 2nd" for Garcia's pending discovery motion to be heard.  Without objection, the court ordered all three defendants back on August 2, stating that date would be "zero of 30."  The court did not ask the defendants to waive time, and none of them did so.

### III.   Defendants Enter Limited Time Waivers for the Preliminary Hearing to be Held No Later Than September 23, 2019

On August 2, 2019, all parties appeared in court before Los Angeles Superior Court Judge Francis Bennett II.  Given the numerous pending motions filed by the parties, the court stated that it was appropriate to find "a home for this case for all purposes."  One pending motion referenced by the court was Oaxaca's motion to set the preliminary hearing "within the current time period over co-defendant's objection."  During a discussion about scheduling, Oaxaca's counsel informed the court that Oaxaca was willing to "table that motion" and to "waive time" if the preliminary hearing was set for August 23.[4]  Garcia's

---

[3]    Oaxaca previously had been released from custody on a $125,000 bond.

[4]    During this discussion, the court noted that the "arraignment was [on] June 21st, 2019," and that "60 days from that date is August 20th, 2019."  There was no mention of the 10-day and 60-day time waivers entered by each defendant at the June 21 arraignment on the original complaint.  Nor was there any discussion of the July 16 arraignment on the amended

counsel confirmed that "[a]ll agree August 23rd works for all parties."  The court then inquired:  "So just so I understand, there's going to be an agreement for a time waiver from all parties with regard to this matter; is that correct?"  All defense counsel answered in the affirmative.

After stating that August 23, 2019 would be the "zero of 30 date," the court had the following exchange with Garcia:

The Court:  Do you understand that you have a statutory right to a speedy preliminary hearing, that is within 10 court days and 60 calendar days of your arraignment.  Do you understand that?

Defendant Garcia:  Yes, sir.

The Court:  And, presently, it's my understanding that today is set for day zero of 30, which means that you would be going to preliminary hearing within 30 days of today.  Do you agree to waive and give up those rights so that your matter can be continued to the date of August 23rd, 2019, with the understanding that your preliminary hearing would be held on that date or within 30 calendar days of that date?  Do you agree to that?

Defendant Garcia:  Yes, sir.

The court took the same 30-day time waivers from Ocampo and Oaxaca.

---

complaint or the potential impact of that proceeding on the statutory time limits for holding the preliminary hearing.

### IV.    The Preliminary Hearing Is Continued to a Date After September 23, 2019 Due to the Parties' Discovery Dispute

On August 23, 2019, all parties appeared in court before Los Angeles Superior Court Judge Teresa Sullivan.  During a discussion about the pending discovery motions, the court asked about the status of any outstanding discovery.  In response to the People's representation that discovery was being provided to the defense "on a rolling basis" because the investigation was ongoing, the court warned that "the defendants have the right to have their hearing with the evidence that the People have . . . and if the People filed the case without the evidence that they needed, that's not the defendants' burden to bear."  The court also inquired if an agreement had been reached on a date for the preliminary hearing.  The People replied that defense counsel could not agree on a date.  Without objection, the court set the preliminary hearing for September 19, 2019, and stated that date would be "26 of 30."[5]

On September 13, 2019, the court held a hearing to address outstanding discovery issues.  Defense counsel complained that the People were failing to comply with their discovery obligations by denying the defense proper access to the electronic devices that were seized from the defendants pursuant to search warrants and were currently being stored in Fresno, California. The court ordered the People to provide the defense with full

---

[5]    The court initially indicated that the September 19 date would be "28 of 30," but then corrected this statement after Oaxaca's counsel noted the error.

access to all evidence in their possession on or before September
16, 2019.

On September 18, 2019, the parties returned to court over
a dispute about the People's compliance with the discovery order.
Defense counsel asserted that, of the 61 electronic devices seized
from the defendants, the People were continuing to deny access to
18 devices.  The court reiterated its prior order to the People "to
provide immediately to the defense all electronic evidence in your
possession."  The court also calendared "an order to show cause
[regarding] contempt before this court tomorrow should there not
be compliance once again."

On September 19, 2019, the date set for the preliminary
hearing, the court found the People in contempt for their failure
to comply with its discovery order.  The court issued monetary
sanctions against the two prosecuting attorneys.  The court also
ordered the People to bring all physical evidence in its possession
to the courtroom the following day.  The preliminary hearing was
trailed to September 20, 2019.

On September 20, 2019, the court found that the People
had complied with its order to bring all of the physical evidence
seized from the defendants to the courtroom that day.  Based
on such compliance, the court granted the People's motion for
reconsideration and withdrew the contempt finding and sanctions
order.  The court also ordered that the preliminary hearing be
trailed to Monday, September 23, 2019, stating that was the
"ten-of-ten date."[6]  Garcia's counsel argued that the defense still

---

[6]    September 23, 2019 was actually the 30 of 30 date based on
the limited time waivers entered by each of the defendants at the
August 2, 2019 hearing.

7

did not have access to the substantive discovery because it was
going to take a considerable amount of time to review all of the
electronic data provided by the People that morning.  In
response, the court stated:  "I understand that you are
characterizing access a little differently, . . . and that has an
appropriate place in an appropriate time.  Right now, the People
have complied with my order.  The evidence is in front of me.
You guys have to figure this out."

On September 23, 2019, all parties appeared for the
preliminary hearing before Los Angeles Superior Court Judge
George Lomeli.  At the outset, Garcia's counsel stated that Garcia
was "not in a position to make a readiness announcement, vis-a-
vis the preliminary hearing" due to "some ongoing outstanding
very significant discovery issues."  Garcia's counsel then argued
that the People were still not complying with their discovery
obligations despite Judge Sullivan's prior orders.  While the
People asserted that Judge Sullivan had found them to be in full
compliance with her discovery order, Garcia's counsel maintained
that Judge Sullivan merely had found compliance with her
contempt order and made no determination about discovery.  The
court stated that it would need to review the transcript of the
September 20 hearing.

With respect to the preliminary hearing, the court asked
if Garcia was requesting a continuance based on his counsel's
representation that they were not ready to proceed.  In response,
Garcia's counsel stated:  "I want to make sure the record is very
clear.  I did not make the representation that we're not ready and
I'm not implying or asking for a continuance.  No.  My client is
sitting in jail on a no bail hold.  He has a right to his legal and
constitutional preliminary hearing today.  Period.  And he is not

going to waive time and he is not asking for a continuance.  He is not asking for a delay.  If this court were to find that there is an issue that needs to be dealt with and needs to be discovered, then I would ask the court to impose that order and let's take it from there, but he is not waiving time."  When the court inquired if there had been any previous time waivers, the People replied that there were "both 10 day and 60-day time waivers as to all three defendants."  Citing *People v. Love* (2005) 132 Cal.App.4th 276, the court stated that, once a waiver was made, it could not be withdrawn under section 859b.  The People advised the court that they were ready to proceed with the preliminary hearing that day.  Garcia's counsel, however, reiterated that he was "not in a position to make a readiness announcement at this point."  Ocampo's counsel joined in the arguments of Garcia's counsel and stated that Ocampo was in the same position.

The court ordered that the preliminary hearing be continued to September 26, 2019 so that it could review the relevant transcripts to determine if the People had complied with the prior discovery order.  After confirming his availability on that date, Garcia's counsel stated:  "I want to make sure . . . the court understand that us agreeing to come back to a date certain after today's date is not an implicit or implied waiver by Mr. Garcia . . . for purposes of his speedy trial rights either statutorily under [section] 859b or constitutionally under the California or United States Constitution."  Garcia's counsel added that "any continuance beyond today's date would be over Mr. Garcia's objection."

## V.    Defendants Move to Dismiss the Action Pursuant to Section 859b

On September 25, 2019, Garcia and Ocampo filed a motion to dismiss the action against them and to order their immediate release from custody based on a violation of section 859b.[7]  They argued that their statutory right to a preliminary hearing within 10 court days of their arraignment was violated because, when they were arraigned on the amended complaint on July 16, 2019, they did not enter any time waivers at that arraignment, and the 10-day period had expired.  They further asserted that, even if they had entered a subsequent time waiver on August 2, 2019, that waiver was invalid because it was based on a promise that they had a right to a preliminary hearing within 30 calendar days of August 23, 2019, and that 30-day period also had expired.

On September 26, 2019, the court denied the motion to dismiss.  The court found that defendants had waived the 10-day and 60-day time limits for the preliminary hearing at their arraignment on the original complaint, and that the amendment to the complaint did not trigger a new 10-day or 60-day period under section 859b.  The court also rejected the defendants' argument that their subsequent 30-day waivers were invalid because the preliminary hearing was not held on or before September 23, 2019.  The court noted that "the prosecution was prepared to conduct the defendants' preliminary hearing within the 30-day time period" agreed to by the defendants; however, "as defense counsel for all defendants represented to this court on the

---

[7]    Oaxaca joined her codefendants' motion to dismiss, but did not request the additional remedy of immediate release since she was already out-of-custody on bail.

10

date of September 23, that being the 30 of 30 date, they were not
prepared to proceed . . . as they did not have sufficient discovery
produced by the prosecution so as to allow their ability to go
forward with the preliminary hearing." The court found that
counsel's representation that the defense required additional
preparation time to review all of the discovery was "an implicit
waiver by the defendants to proceed to preliminary hearing
within the required time period." In addition, the court found
that, based on its review of the transcript from the September 20
hearing, the People were in compliance with the prior discovery
order, though the parties still needed to resolve certain details
regarding discovery. At the request of Garcia's counsel, the court
ordered the proceedings stayed pending the defendants' filing of a
writ petition.

## VI.   Garcia Files A Writ Petition In Superior Court

On October 7, 2019, Garcia filed a petition for writ of
mandate or prohibition in Los Angeles County Superior Court,
seeking dismissal of the amended complaint and immediate
release from custody. In his petition, Garcia raised the same
arguments regarding the alleged violation of his statutory right
to a timely preliminary hearing under section 859b. He also
asserted that the lengthy delay caused by the People's lack of
compliance with discovery violated his right to a speedy trial
under the state and federal constitutions.

On October 22, 2019, Los Angeles Superior Court Judge
William Ryan denied Garcia's writ petition. The court found that
Garcia waived the statutory time requirements for a preliminary
hearing at his arraignment on the original complaint, and that
section 859b did not contemplate that an arraignment or plea on

an amended complaint would trigger a new time period.  The
court also found that Garcia failed to show a violation of his
constitutional right to a speedy trial because he provided valid
time waivers on both June 21, 2019 and August 2, 2019, and he
only thereafter asserted that he was unable to proceed despite
the People's readiness announcement.  The court reasoned that if
Garcia believed his prior waiver was made in error, "his failure to
object to that time waiver until the instant petition takes away
his right to object to that error."

## VII.   Garcia Files The Instant Writ Petition

On November 12, 2019, Garcia petitioned this court for
a writ of mandate directing the superior court to dismiss the
amended complaint against him and to order his release from
custody.  On November 26, 2019, after the People filed an
informal opposition to the writ petition, we issued an order to
show cause why the requested relief should not be granted.  The
People filed a return to the order to show cause on December 17,
2019, and Garcia filed a reply on January 14, 2020.

## DISCUSSION

In seeking writ relief, Garcia contends that his statutory
and constitutional rights to a timely preliminary hearing were
violated, requiring the dismissal of the amended complaint
and his release from custody.  Garcia specifically asserts that,
under section 859b, his arraignment on the amended complaint
triggered a new statutory time limit for holding the preliminary
hearing, which he did not personally waive.  Garcia also argues
that the failure to timely hold a preliminary hearing due to the

12

prosecution's repeated discovery violations deprived him of his
constitutional right to a speedy trial.

## I.    Standard of Review

To determine whether section 859b mandates dismissal of
the amended complaint in this case, we must resolve a question
of statutory interpretation.  "'Our role in construing a statute is
to ascertain the intent of the Legislature so as to effectuate the
purpose of the law.  [Citation.]  Because the statutory language is
generally the most reliable indicator of that intent, we look first
at the words themselves, giving them their usual and ordinary
meaning.  [Citation.]  We do not, however, consider the statutory
language in isolation, but rather examine the entire substance of
the statute in order to determine the scope and purpose of the
provision, construing its words in context and harmonizing its
various parts.  [Citation.]' [Citation.]"  (*People v. Castillolopez*
(2016) 63 Cal.4th 322, 329; see also *Satele v. Superior Court*
(2019) 7 Cal.5th 852, 858-859.)  "'If the statutory language is
unambiguous, then its plain meaning controls.'"  (*People v. Ruiz*
(2018) 4 Cal.5th 1100, 1106.)  If, however, the language supports
more than one reasonable construction, "we look to other indicia
of legislative intent, bearing in mind the admonition that '[t]he
meaning of a statute may not be determined from a single word
or sentence' [citation] and that apparent 'ambiguities often may
be resolved by examining the context in which the language
appears and adopting the construction which best serves to
harmonize the statute internally and with related statutes.'
[Citations.]"  (*People v. Pennington* (2017) 3 Cal.5th 786, 795.)
"Essential is whether our interpretation, as well as the
consequences flowing therefrom, advances the Legislature's

intended purpose.  [Citation.]"  (*People v. Hubbard* (2016) 63 Cal.4th 378, 386.)

## II.    Overview of Section 859b

Section 859b "governs the time within which a preliminary examination must be held."  (*People v. Standish* (2006) 38 Cal.4th 858, 866.)  In addition to establishing a statutory right of both the People and the defendant to a preliminary hearing at the earliest possible time (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 727-728 (*Ramos*)), section 859b sets forth the time limits for conducting a preliminary hearing in a felony case and the consequences of failing to comply with those requirements (*People v. Figueroa* (2017) 11 Cal.App.5th 665, 673).  First, "the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, or within 10 court days of the date criminal proceedings are reinstated" following a mental competency determination, unless both the defendant and the prosecution "waive that right or good cause for a continuance is found."  (§859b.)  Second, whenever the defendant is in custody for 10 or more court days on the pending complaint, "the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, or reinstatement of criminal proceedings" unless (a) "the defendant personally waives his or her right to preliminary examination within the 10 court days," or (b) "[t]he prosecution establishes good cause for a continuance beyond the 10-court-day period."  (*Ibid*.)  Third, regardless of whether the defendant is in custody, "[t]he magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the

date of the arraignment, plea, or reinstatement of criminal
proceedings . . . unless the defendant personally waives his or her
right to a preliminary examination within the 60 days." (*Ibid*.)[8]

---

[8]     Section 859b states in full:  "At the time the defendant
appears before the magistrate for arraignment, if the public
offense is a felony to which the defendant has not pleaded guilty
in accordance with Section 859a, the magistrate, immediately
upon the appearance of counsel, or if none appears, after waiting
a reasonable time therefor as provided in Section 859, shall set
a time for the examination of the case and shall allow not less
than two days, excluding Sundays and holidays, for the district
attorney and the defendant to prepare for the examination.  The
magistrate shall also issue subpoenas, duly subscribed, for
witnesses within the state, required either by the prosecution or
the defense.  [¶] Both the defendant and the people have the right
to a preliminary examination at the earliest possible time, and
unless both waive that right or good cause for a continuance
is found as provided for in Section 1050, the preliminary
examination shall be held within 10 court days of the date the
defendant is arraigned or pleads, whichever occurs later, or
within 10 court days of the date criminal proceedings are
reinstated pursuant to Chapter 6 (commencing with Section
1367) of Title 10 of Part 2.  [¶] Whenever the defendant is in
custody, the magistrate shall dismiss the complaint if the
preliminary examination is set or continued beyond 10 court
days from the time of the arraignment, plea, or reinstatement
of criminal proceedings pursuant to Chapter 6 (commencing
with Section 1367) of Title 10 of Part 2, and the defendant has
remained in custody for 10 or more court days solely on that
complaint, unless either of the following occur:  [¶] (a) The
defendant personally waives his or her right to preliminary
examination within the 10 court days.  [¶] (b) The prosecution
establishes good cause for a continuance beyond the 10-court-
day period.  [¶] For purposes of this subdivision, "good cause"
includes, but is not limited to, those cases involving allegations
that a violation of one or more of the sections specified in

15

As the California Supreme Court has explained, "[t]he
language of section 859b is 'plain and mandatory' and creates
an 'absolute right in favor of persons in custody charged with
felonies to have the preliminary examination commenced within
10 court days . . . .' [Citation.]" (*Landrum v. Superior Court*
(1981) 30 Cal.3d 1, 6, fn. omitted.)  Accordingly, "the magistrate
is *required* to dismiss the complaint if the court fails to adhere to
the mandatory 10-court-day rule for incarcerated defendants or
the 60-day rule for all defendants." (*People v. Figueroa*, *supra*, 11
Cal.App.5th at p. 674; see *People v. Standish*, *supra*, 38 Cal.4th

---

subdivision (a) of Section 11165.1 or in Section 11165.6 has
occurred and the prosecuting attorney assigned to the case has
another trial, preliminary hearing, or motion to suppress in
progress in that court or another court. Any continuance under
this paragraph shall be limited to a maximum of three additional
court days.  [¶] If the preliminary examination is set or continued
beyond the 10-court-day period, the defendant shall be released
pursuant to Section 1318 unless:  [¶] (1) The defendant requests
the setting of continuance of the preliminary examination beyond
the 10-court-day period.  [¶] (2) The defendant is charged with
a capital offense in a cause where the proof is evident and
the presumption great.  [¶] (3) A witness necessary for the
preliminary examination is unavailable due to the actions of the
defendant.  [¶] (4) The illness of counsel.  [¶] (5) The unexpected
engagement of counsel in a jury trial.  [¶] (6) Unforeseen conflicts
of interest which require appointment of new counsel.  [¶] The
magistrate shall dismiss the complaint if the preliminary
examination is set or continued more than 60 days from the
date of the arraignment, plea, or reinstatement of criminal
proceedings pursuant to Chapter 6 (commencing with Section
1367) of Title 10 of Part 2, unless the defendant personally
waives his or her right to a preliminary examination within
the 60 days."

16

at p. 870 [provisions of section 859b "are mandatory, rather than permissive"]; *Ramos*, *supra*, 146 Cal.App.4th at p. 729 ["[t]he Legislature's use of the word 'shall' to describe the action to be taken by the magistrate means [section 859b] is absolute"].)

## III.   Section 859b Mandates Dismissal of the Amended Complaint Against Garcia

The principal question of law raised by this writ proceeding is:  Does an in-custody defendant's arraignment and plea on an amended complaint trigger a new 10-day period for holding a preliminary hearing under section 859b, thus mandating dismissal of the amended complaint unless the defendant personally waives that new 10-day time limit or the prosecution shows good cause for a continuance?

Garcia argues that, based on the plain language of the statute, his July 16, 2019 arraignment and plea on the amended complaint was a triggering event, restarting the 10-day clock for holding a preliminary hearing under section 859b.  Because he did not personally waive that new time limit, Garcia asserts he had a statutory right to the mandatory dismissal of the amended complaint and release from custody as of July 30, 2019, which was 10 court days after his July 16 arraignment.  The People, on the other hand, contend that an arraignment or plea on an amended complaint is not a triggering event under section 859b because the filing of an amended complaint does not start a new criminal proceeding, but rather acts as a continuation of the previously filed charges.  The People claim that, because Garcia personally waived the 10-day and 60-day time limits for the preliminary hearing at his June 21, 2019 arraignment on the original complaint and no new triggering event occurred, he is not entitled to dismissal of the amended complaint or release

17

from custody.  We conclude, based on the plain language of
section 859b, the legislative purpose of the statute, and relevant
case law, Garcia's arraignment and plea on the amended
complaint was a triggering event under section 859b, which
required the preliminary hearing be held within 10 court days of
that arraignment and plea unless Garcia personally waived his
right to a preliminary hearing within that 10-day period, or the
prosecution established good cause for a continuance.

### A. Garcia's July 16, 2019 Arraignment and Plea on the Amended Complaint Triggered a New Statutory Time Period for the Preliminary Hearing Under Section 859b

Section 859b expressly provides, absent a waiver or a
showing of good cause for a continuance, the preliminary hearing
"shall be held within 10 court days of the date the defendant is
arraigned or pleads, whichever occurs later, or . . . the date
criminal proceedings are reinstated." (§ 859b, 2d par.)  When,
as here, the defendant is in custody, the magistrate "shall
dismiss the complaint" if the preliminary hearing is set more
than "10 court days from the time of the arraignment, plea, or
reinstatement of criminal proceedings," unless the "defendant
personally waives his or her right to preliminary examination
within the 10 court days" or the "prosecution establishes good
cause for a continuance." (*Id*. at 3d par.)  Accordingly, once an
event enumerated in section 859b occurs, it triggers the 10-day
time limit for holding the preliminary hearing.  By its terms, the
statute does not limit the triggering event of "arraignment"
or "plea" to an arraignment or plea on an original complaint.
Rather, the right to a preliminary hearing within the 10-day
period is triggered whenever the defendant "is arraigned or

pleads," or "criminal proceedings are reinstated."  (*Id*. at 2d par.)
Absent a personal waiver by the defendant or showing of good
cause by the prosecution, the right to a mandatory dismissal of
the complaint is triggered whenever the preliminary hearing is
not held within 10 court days of "the arraignment, plea, or
reinstatement of criminal proceedings."  (*Id*. at 3d par.)

     "'The purpose of an arraignment or a rearraignment is to
inform the accused of the charge against him and to give him
fairly the opportunity to plead to it. . . .'  [Citation.]"  (*People v.
Turner* (1994) 8 Cal.4th 137, 187; see also *People v. Hodges* (2009)
174 Cal.App.4th 1096, 1104 ["The purpose of the arraignment is
to inform the accused of the charge and give [him or] her an
opportunity to plead to it either by plea or demurrer, or move to
set it aside."].)  An arraignment generally consists of "reading
the accusatory pleading to the defendant and delivering to the
defendant a true copy thereof, . . . and asking the defendant
whether the defendant pleads guilty or not guilty to the
accusatory pleading."  (§ 988.)  When an accusatory pleading,
such as a complaint, is amended, the "defendant shall be required
to plead to such amendment or amended pleading forthwith, or,
at the time fixed for pleading, if the defendant has not yet
pleaded and the trial or other proceeding shall continue as if the
pleading had been originally filed as amended. . . ."  (§ 1009.)  An
amended accusatory pleading therefore supersedes the original
pleading, which has no further effect.  (*People v. Scott* (2013) 221
Cal.App.4th 525, 533 ["when a pleading is amended, the original
pleading is thereby set aside and abandoned"]; *People v. Mack*
(1961) 197 Cal.App.2d 574, 578 ["""an amendatory pleading
supersedes the original one, which ceases to perform any function
as a pleading"""].)  In addition, whenever an accusatory pleading

is amended, the defendant should be arraigned on the amended
pleading and asked to enter a plea to that new pleading.  (See *In
re Mitchell* (1961) 56 Cal.2d 667, 670 [noting "[t]here can be no
doubt that [defendant] should have been rearraigned" on
amended information that added prior felony conviction
allegation, but concluding "the failure to do so, under the facts
here involved, was, at most, a mere irregularity" that did not
deprive the court of jurisdiction]; *People v. Hopkins* (1974) 39
Cal.App.3d 107, 119 [where prosecution amended information to
add great-bodily-injury allegation, "a substantial right of the
defendant . . . was prejudiced by the court's failure to properly
arraign him . . . on the information as amended"]; *People v.
Walker* (1959) 170 Cal.App.2d 159, 164 ["Where an information is
amended, regular and orderly procedure requires the defendant
be rearraigned and required to plead thereto before trial."].)

In this case, the People amended the original complaint
to add three felony counts of possession of child pornography
against Garcia.  On July 16, 2019, Garcia was arraigned on the
amended complaint and entered a plea of not guilty to all counts.
Under the plain language of section 859b, Garcia's "arraignment"
and "plea" on the amended complaint constituted a triggering
event that entitled him to a preliminary hearing within 10 court
days of that arraignment and plea, unless he personally waived
his right to a preliminary hearing within that 10-day period.  (§
859b.)  Garcia did not enter a personal time waiver at any time
between July 16, 2019 (the date of his arraignment and plea on
the amended complaint) and July 30, 2019 (the date the 10-day
statutory period expired).  Accordingly, as of July 31, 2019, the
amended complaint was subject to mandatory dismissal.

Construing Garcia's arraignment and plea on the amended
complaint as a new triggering event under section 859b is also
consistent with the purpose of the statute.  Section 859b "is
one of a number of statutes 'that are supplementary to and a
construction of the constitutional right to a speedy trial.'" (*People
v. Standish*, *supra*, 38 Cal.4th at p. 870.)  "The fact that the 10-
court-day deadline applies only to persons in custody at the time
of their arraignment or plea, whichever is later, has been held
to 'manifest[ ] a legislative policy to eliminate the possibility
that persons charged with felonies might suffer prolonged
incarceration without a judicial determination of probable cause
merely because they are unable to post bond in order to gain
their freedom.' [Citation.]" (*Landrum v. Superior Court*, *supra*,
30 Cal.3d at pp. 11-12.)  Section 859b thus "reflects a clear
legislative intention to prevent prolonged incarceration prior to
a preliminary hearing." (*Id*. at p. 12.)  As Garcia points out, if an
arraignment under section 859b means only an arraignment on
the original complaint, then a defendant could enter a personal
time waiver at that first arraignment with bail having been set,
and later be placed on a no-bail hold as a result of a second
arraignment on an amended complaint that added more serious
charges.  The defendant would then be subject to prolonged
incarceration with no statutory mechanism for asserting his
or her right to a timely preliminary hearing.

The decision in *Davis v. Superior Court* (2017) 18
Cal.App.5th 1061 (*Davis*) also supports the conclusion that there
can be more than one triggering event under section 859b.  In
*Davis*, an in-custody defendant waived his right to a preliminary
hearing within 10 court days and 60 days of entering a no guilty
plea on a felony complaint.  On the day set for the preliminary

hearing, the superior court suspended the criminal proceedings
for purposes of a mental competency determination.  After the
defendant was found competent to stand trial, the criminal
proceedings were reinstated.  Over the defendant's objection, the
court then reset the preliminary hearing for a date more than 10
court days after reinstatement of the criminal proceedings.
(*Id*. at p. 1064.)  In granting the defendant's petition for writ of
mandate, the court of appeal held that section 859b required that
the preliminary hearing be held within 10 court days of the date
that criminal proceedings were reinstated, notwithstanding the
personal time waiver made by the defendant prior to the
suspension of those proceedings.  (*Id*. at pp. 1066-1067.)

    As the *Davis* court explained:  "[T]here are two categories of
triggering events in this part of section 859b: one is arraignment
and plea; the other is reinstatement of criminal proceedings. . . .
[¶] Each of these two categories of triggering events entitles a
defendant in custody to a preliminary hearing within 10 court
days, absent a personal time waiver, and a dismissal of the
complaint if the preliminary hearing does not occur.  The words
and structure of the statute lead us to conclude that, if criminal
proceedings are suspended, the relevant personal time
waiver is one made *after* criminal proceedings are reinstated."
(*Id*. at p. 1066, fn. omitted.)  In construing the language of the
statute, the court observed that section 859b "uses the present
tense, not the past tense" in stating that the preliminary hearing
can be held beyond the 10-day statutory period "if the defendant
'personally waives his or her right to preliminary examination.'"
(*Id*. at p. 1067.)  The court also noted that the statute refers to
the 10-day period when a personal time waiver must occur as

22

"'*the* 10 court days,'" which logically could only refer to the 10
court days after the triggering event of reinstatement.  (*Ibid*.)

In reaching its holding, the *Davis* court rejected the
People's reliance on *People v. Love*, *supra*, 132 Cal.App.4th 276
(*Love*) to support their claim that the defendant was bound by his
prior time waiver.  In *Love*, an out-of-custody defendant waived
her right to have a preliminary hearing within 10 court days and
60 calendar days of her plea.  She then failed to appear at the
next scheduled hearing and a bench warrant was issued for her
arrest.  The defendant appeared in custody five months later, and
over her objection, the superior court set the preliminary hearing
for a date more than 10 court days after her reappearance.
(*Id*. at pp. 280-282.)  In concluding the defendant was not entitled
to the dismissal of her complaint under section 859b, the court of
appeal stated:  "The Legislature has never codified a provision
imposing a 10-court-day limit for defendants who, having
previously waived time, find themselves in custody after a failure
to appear.  Nor has the Legislature created a provision for the
withdrawal of properly entered waivers."  (*Id*. at p. 285.)  In
distinguishing *Love*, the *Davis* court noted the issue before it
was "not whether a defendant may withdraw a validly entered
personal time waiver for preliminary hearing in the abstract, or
whether section 859b vitiates a validly entered personal time
waiver."  (*Davis*, *supra*, at 18 Cal.App.5th p. 1068.)  Rather, the
issue was "whether section 859b requires a preliminary hearing
to be held within 10 court days after reinstatement of criminal
proceedings unless defendant personally waives his right to the
examination within the 10 court days after criminal proceedings
are reinstated."  (*Ibid*.)  The *Davis* court concluded that it did.

In denying Garcia's motion to dismiss, the superior court cited *Love* for the proposition that the Legislature has never codified a provision allowing for the withdrawal of a properly entered waiver of the right to a timely preliminary hearing.  Like the *Davis* court, however, we conclude that the issue before us is not whether Garcia was entitled to withdraw the time waivers that he previously entered at his June 21, 2019 arraignment and plea on the original complaint.  Indeed, Garcia never asked to withdraw those prior time waivers or argued that he could do so.  Rather, the issue is whether, under section 859b, Garcia's July 16, 2019 arraignment and plea on the amended complaint was a new triggering event that required a preliminary hearing to be held within 10 court days absent Garcia's personal time waiver.  As the *Davis* court recognized, section 859b creates "categories of triggering events," each of which entitles the defendant to a preliminary hearing within a 10-court-day period unless he or she personally waives that time limit.  (*Davis*, *supra*, at 18 Cal.App.5th p. 1066; see also *People v. Figueroa*, *supra*, 11 Cal.App.5th at pp. 676-677 [describing arraignment, plea, and reinstatement of criminal proceedings as three separate and distinct triggering events under section 859b].)  There is nothing in the plain language of the statute to suggest that a prior time waiver precludes a defendant from exercising his or her rights under section 859b after a new triggering event occurs.

Here, Garcia had a statutory right to a preliminary hearing within 10 court days of his arraignment and plea on the amended complaint.  Because Garcia did not personally waive that right and the preliminary hearing was not held within that 10-day period, he was entitled to dismissal of the amended complaint under section 859b. (See, e.g., *Landrum v. Superior Court*, *supra*,

24

30 Cal.3d at p. 6 [violation of the 10-day rule in section 859b
"rendered the resulting commitment of the defendant illegal"];
*Ramos*, *supra*, 146 Cal.App.4th at p. 737 ["a defendant whose
right to a preliminary hearing within 60 days of arraignment is
violated is entitled to dismissal of the felony complaint"]; *People
v. Henderson* (2004) 115 Cal.App.4th 922, 931 ["[i]f the court fails
to conduct the preliminary examination  within the 10-day
period, the in-custody defendant is entitled to a dismissal"]).

### B.    Garcia's August 2, 2019 Limited Time Waiver Was Not a General Waiver of His Right to a Timely Preliminary Hearing

 In opposing the writ petition, the People assert that,
even if the July 16, 2019 arraignment and plea on the amended
complaint restarted the 10-day requirement of section 859b,
Garcia was not entitled to a dismissal because he subsequently
entered a time waiver on August 2, 2019.  Citing this court's prior
decision in *Ramos*, *supra*, 146 Cal.App.4th 719, the People argue
that Garcia's subsequent time waiver rendered moot any claim
that the trial court erred in denying his motion to dismiss.

 In *Ramos*, the defendant was arraigned on an amended
felony complaint that charged her with murder and being an
accessory after the fact.  At the request of Ramos's codefendants,
the magistrate granted several continuances of the preliminary
hearing to a date more than 60 days after the arraignment.
Ramos objected to these continuances and later moved to dismiss
the amended complaint because the preliminary hearing was not
held within 60 days of her arraignment as required by section
859b.  (*Ramos*, *supra*, 146 Cal.App.4th at pp. 723-724.)  Following
the denial of her motion to dismiss and a writ petition before the
superior court, Ramos petitioned this court for a writ of mandate

compelling the dismissal of the amended complaint against her.
During the pendency of the writ proceedings, the preliminary
hearing went forward and Ramos was held to answer only to
the accessory-after-the-fact charge.  (*Id*. at pp. 725-726.)  Ramos
thereafter sought to withdraw her petition, and following oral
argument, she also filed a waiver of her right to a preliminary
hearing within the time limits of section 859b.  (*Id*. at p. 723, fn.
2.)  We concluded that Ramos's personal waiver of rights under
section 859b "render[ed] moot her request for extraordinary writ
relief."  (*Id*. at p. 727.)  We nevertheless exercised our discretion
to address the merits of her petition because it raised issues
about the proper application of section 859b to multiple-
defendant cases that were likely to recur.  (*Id*. at p. 723, fn. 2.)

 *Ramos* did not address the specific circumstances under
which a defendant may enter a valid time waiver after the 10-day
or 60-day period specified in section 859b has expired.  However,
assuming, without deciding, that a defendant may retroactively
waive time under section 859b, Garcia's waiver on August 2, 2019
was not a general waiver of his right to a preliminary hearing
within the statutory 10-day and 60-day periods.  Instead, Garcia
entered a specific and limited time waiver in which he agreed
to continue the preliminary hearing to a date on or before
September 23, 2019.  The record reflects that, after advising
Garcia that he had a "statutory right to a speedy preliminary
hearing, that is within 10 court days and 60 calendar days of
your arraignment," Judge Bennett explained that, "presently,
it's my understanding that today is set for day zero of 30,
which means that you would be going to preliminary hearing
within 30 days of today."  Judge Bennett then asked Garcia:  "Do
you agree to waive and give up those rights so that your matter

can be continued to the date of August 23rd, 2019, with the understanding that your preliminary hearing would be held on that date or within 30 calendar days of that date?"  Garcia answered in the affirmative.

Accordingly, Garcia's August 2, 2019 waiver was not, as the People assert, an "unqualified" waiver of the time limits in section 859b.  Rather, Garcia's time waiver was expressly conditioned upon the preliminary hearing being held within 30 calendar days of August 23, 2019.  Thirty calendar days from August 23, 2019 was September 22, 2019, a Sunday.  As a result, Monday, September 23, 2019 was the last day on which the preliminary hearing could be held based on Garcia's limited waiver.  The preliminary hearing did not go forward on that date, and thus, the specific condition that formed the basis for Garcia's 30-day time waiver was not satisfied.  (*Irving v. Superior Court* (1979) 93 Cal.App.3d 596, 599 [where defendant's agreement to continue the preliminary hearing to a date more than 10 court days after his arraignment "was based upon a condition which was not met," it could "not operate as a valid waiver" of his rights under section 859b].)  Under these circumstances, Garcia's agreement to continue the preliminary hearing to a date on or before September 23, 2019 did not constitute a general waiver of his statutory right to a timely preliminary hearing.

### C. At the September 23, 2019 Hearing, Garcia Did Not Waive His Right to a Timely Preliminary Hearing, Nor Was There A Finding of Good Cause for a Continuance

In denying Garcia's motion to dismiss, the superior court concluded that the preliminary hearing was not required to be held on September 23, 2019, the "30 of 30" date, because Garcia

"implicitly waived time" when his counsel advised the court that he could not make a readiness announcement on that date due to the parties' ongoing discovery dispute.  The court reasoned that, even though defense counsel expressly stated that the defendants were "not waiving time" at the September 23 hearing, "the court is quite certain that had the court deemed the defendants ready for preliminary hearing on that date that there would have been an objection that their clients' constitutional rights were being violated as they had not had sufficient time to review all discovery they believe may be relevant to the case so as to allow for effective representation of the defendants."  The court thus chose to "interpret" the statements of defense counsel that they required additional time to review all of the discovery materials "as an implicit waiver by the defendants to proceed to preliminary hearing within the required time period."

Contrary to the superior court's finding, however, section 859b does not permit implicit time waivers.  Rather, the statute provides that a defendant's right to a preliminary hearing within the 10-day and 60-day periods must be "personally waive[d]."  (§ 859b.)  The plain language of this provision means that defense counsel cannot, either expressly or impliedly, waive the statutory time limits for holding a preliminary hearing on the defendant's behalf.  (*Irving v. Superior Court*, *supra*, 93 Cal.App.3d at p. 600 ["[a]ddition of the word 'personally' to the waiver provision" of section 859b "must be read as eliminating the right of counsel to waive the defendant's right to speedy proceedings"].)  Moreover, the waiver of the right to a timely preliminary hearing under section 859b must be clear, unambiguous, and consistent with the requirements of the statute.  As one appellate court observed in concluding there had been no valid waiver, "[t]he fact that, based

upon the circumstances here, it may be a reasonable supposition that [defendant] would have waived that right is no substitute for the statute's personal waiver requirement.  [Citations.]  Any contention that defendant impliedly waived his rights under section 859b must therefore be rejected."  (*People v. Figueroa*, *supra*, 11 Cal.App.5th at p. 685, italics omitted.)

At the September 23, 2019 hearing, Garcia's counsel repeatedly asserted that Garcia did not wish to waive his rights under section 859b.  When the superior court inquired if Garcia was seeking a continuance of the preliminary hearing, his counsel stated:  "My client is sitting in jail on a no bail hold.  He has a right to his legal and constitutional preliminary hearing today.  Period.  And he is not going waive time and he is not asking for a continuance.  He is not asking for a delay."   When the court decided to continue the preliminary hearing to September 26, 2019, Garcia's counsel reiterated that his client was not agreeing to any waiver of rights, stating:  "[Our agreement] to come back at a date certain after today's date is not an implicit or implied waiver by Mr. Garcia for any purpose . . . of his speedy trial rights. . . ."  The superior court nevertheless found that Garcia had "implicitly waived time" based solely on the statements of his counsel that the defense was not prepared to announce its readiness for the preliminary hearing due to outstanding discovery issues.  The right to a timely preliminary hearing under section 859b belonged to Garcia, not his attorney, and only Garcia could personally waive the 10-day and 60-day time limits of the statute.  The court accordingly erred in finding that Garcia entered an implied time waiver at the September 23, 2019 hearing.

Under section 859b, whenever a defendant is in custody and does not personally waive time, the court must dismiss the complaint if the preliminary hearing is set or continued beyond the statutory 10-day period unless "the prosecution establishes good cause for a continuance" for up to three additional court days.  (§ 859b, 3d par., subd. (b).)[9]  Where a continuance for good

---

[9]   The good cause exception to the mandatory dismissal rule for an in-custody defendant who does not personally waive the 10-day time limit was added to section 859b in 1981. (Stats. 1980, ch. 938, § 1, p. 2965, eff. Jan. 1, 1981.)  Prior to that amendment, the statute provided, in relevant part:  "Both the defendant and the [P]eople have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later.  In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days."  (Stats. 1977, ch. 1152, § 1; eff. Jan. 1, 1978.)

The 1981 statute deleted the provision that "[i]n no instance shall the preliminary examination be continued beyond 10 court days" for an in-custody defendant who does not personally waive time, and instead provided that, where the defendant is in custody, the magistrate "shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment or plea" unless "(a) [t]he defendant personally waives his or her right to preliminary examination within the 10 court days," or "(b) [t]he prosecution establishes good cause for a continuance beyond the 10-court day period."  (Stats. 1980, ch. 938, § 1, p. 2965.)

cause is granted, the defendant must be released on his or her
own recognizance pursuant to section 1318 unless one of six
enumerated exceptions to release applies.  (*Id.*, 5th par.)  In this
case, however, we need not decide whether the superior court
could have continued the preliminary hearing to September 26,
2019 based on a finding a good cause under section 859b, as there
was neither a request for a continuance by any party, nor any
attempt by the prosecution to establish good cause.

The record reflects that neither the prosecution nor the
defense requested a continuance at the September 23, 2019
hearing, or argued that there was good cause to grant one.  To
the contrary, the People announced they were ready to proceed
with the preliminary hearing on that date.  While Garcia's
counsel indicated the defense was not ready to proceed due to
the prosecution's non-compliance with discovery, he specifically
stated that Garcia was not asking to continue the preliminary
hearing, and that "any continuance beyond today's date would be
over Mr. Garcia's objection."  The prosecution also expressed that

---

The 1981 statute did not include a definition of good cause.
In September 1987, however, section 859b was amended to state
that, for purposes of subdivision (b), good cause for a continuance
includes, but is not limited to, cases alleging a violation of certain
statutes involving child sexual assault or child abuse where "the
prosecuting attorney assigned to the case has another trial,
preliminary hearing, or motion to suppress in progress in that
court or another court."  (Stats. 1987, ch. 461, § 1, pp. 1699-1700.)
The 1987 legislation also added the same definition of good cause
to section 1050.  (Stats. 1987, ch. 461, § 3, pp. 1701-1702.)  Apart
from a technical amendment made in 1989 to cross-reference the
current versions of the applicable statutes (Stats. 1989, ch. 897,
§ 26.5, pp. 3066-3067), section 859b's definition of good cause
adopted in September 1987 remains in effect.

a continuance "would be over the People's objection" to the extent
it was based on a perceived lack of their "readiness to proceed to
trial today."

In deciding to continue the preliminary hearing for three
additional days notwithstanding these objections, the superior
court never asked the prosecution to demonstrate the grounds for
a finding of good cause, nor stated that it had found good cause
for a continuance under section 859b.  Rather, the court found
that the defendants were bound by the prior time waiver that
they had made at the arraignment on the original complaint.
Likewise, in denying Garcia's motion to dismiss the amended
complaint, the court found that Garcia was not entitled to a
dismissal under section 895b because he had entered both an
express time waiver at the June 21, 2019 arraignment and an
implied time waiver at the September 23, 2019 hearing.  The
court made no finding of good cause for a continuance.

Absent a personal and express time waiver by Garcia, he
was entitled to a preliminary hearing within the statutory period
applicable to the amended complaint.  Garcia did not personally
waive the 10-day or 60-day time limits of section 859b at his July
16, 2019 arraignment and plea on the amended complaint or at
any time thereafter.  Instead, Garcia entered a limited time
waiver on August 2, 2019 that was expressly conditioned upon
the preliminary hearing being held on or before September 23,
2019.  The preliminary hearing was not held within that time
period and Garcia did not personally and expressly enter an
additional time waiver at the September 23, 2019 hearing.

Under these circumstances, section 859b mandates that the
amended complaint against Garcia be dismissed.[10]

## DISPOSITION

Let a peremptory writ of mandate issue directing
respondent superior court to vacate its September 26, 2019
order denying Garcia's motion to dismiss and its October 22, 2019
order denying Garcia's petition for writ of mandate, prohibition,
or other appropriate relief, and to thereafter enter a new and
different order dismissing the amended complaint against him.


ZELON, J.


We concur:


PERLUSS, P. J.


FEUER, J.

---

[10]     In light of this conclusion, we need not address Garcia's
argument that the failure to timely hold the preliminary hearing
also violated his constitutional right to a speedy trial.

33

# EXHIBIT 2

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION: 7

DATE: May 29, 2020

**COURT OF APPEAL – SECOND DIST.**

**F I L E D**

May 29, 2020

DANIEL P. POTTER, Clerk

CLynch                    Deputy Clerk

NAASON JOAQUIN GARCIA,
Petitioner,
v.
SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE,
Real Party in Interest.

B302119
Los Angeles County Super. Ct. No. BA475856

THE COURT:

 The Court has read and considered Petitioner's May 20, 2020 request for clarification of dates of finality and issuance of writ and remittitur, Real Party in Interest's May 26, 2020 response to Petitioner's request for clarification of dates, and Petitioner's May 27, 2020 reply to Real Party in Interest's response to request for clarification of dates.

 Good cause appearing therefor,

 Based on the automatic extension provided by the Administrative Presiding Justice's April 15, 2020 order, the decision in the case, filed April 7, 2020, is final as to this court on June 6, 2020. (See Cal. Rules of Court, rule 8.490 (b)(2); see also rule 500(e)(1) [for purposes of the rule regarding the time to serve and file a petition for review in the Supreme Court, "the date of finality is not extended if it falls on a day on which the office of the clerk/ executive officer is closed"].)   With respect to issuance of the remittitur, the court intends to follow the time periods set forth in California Rules of Court, rule 8.272.

_Perluss_

PERLUSS, P.J.

cc: Caleb Edward Mason
 Kelly Christine Quinn
 Office of the District Attorney
 Alan Jay Jackson
 Presiding Judge
 Ryan Fred Rodriguez
 John Patrick Carey
 Mehrunisa Ranjha
 Amanda Gail Plisner
 Office of the Attorney General
 Hon. George G. Lomeli
 Diana Lynn Callaghan
 Bridget Ann Billeter