Reed Aljian (State Bar No. 211010)
  ra@dallp.com
Rochelle Calderon Rotea (State Bar No. 325417)
  rochelle@dallp.com
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Telephone: 949.861.2524
Facsimile: 949.269.6364

Attorneys for Defendants
COMMUNICATION CENTER BEREA U.S.A. LLC,
erroneously sued as INTERNATIONAL BEREA USA,
ALMA ELIZABETH JOAQUIN, erroneously sued as
ALMA ZAMORA DE JOAQUIN, and ADORAIM
JOSADAC JOAQUIN, erroneously sued as ADORAIM
JOAQUIN ZAMORA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**DECLARATION OF REED ALJIAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO THE PEOPLE OF THE STATE OF CALIFORNIA'S MOTION TO INTERVENE AND TO STAY CIVIL DISCOVERY**<br><br>[Filed concurrently herewith: Opposition and Objections to the Declaration of J. Segal]<br><br>Complaint Filed: February 12, 2020<br>Trial Date: None Set<br><br>District Judge: Otis D. Wright, II<br>Courtroom: 5D, 5th Floor<br><br>Magistrate Judge: Alka Sagar<br>Courtroom: 540, 5th Floor<br><br>DATE: July 13, 2020<br>TIME: 1:30 p.m.<br>CTRM: 5D |

## DECLARATION OF REED ALJIAN

1. I am a partner at the law firm Daily Aljian LLP (the "Firm"), counsel for Defendants Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA, Alma Elizabeth Joaquin, erroneously sued as Alma Zamora De Joaquin, Adoraim Josadac Joaquin, erroneously sued as Adoraim Joaquín Zamora, (collectively "Defendants") in the above-captioned action ("Action"). I am licensed to practice before all courts in the State of California and the United States District Court for the Central District of California. I am the attorney primarily responsible for the representation of Defendants in this action. If called upon as a witness, I could and would competently testify to the facts set forth below, as I know each to be true based upon my own personal knowledge in the course of my representation of Defendants.

2. On February 12, 2020, Plaintiff's complaint in the Action was filed. (Docket No. 1.)

3. On February 13, 2020, Plaintiff and her counsel participated in a 45-minute press conference streamed live on the internet relating to the Civil Action and the filing of her Complaint.

4. Based upon a review of the complaint, the claims against Alma and Adoraim are particularly devoid of any factual basis. Before appearing in the case, I asked Plaintiff (through her counsel) to either explain why they were being sued (i.e., provide some facts that support the claims) or to dismiss them. Plaintiff refused all of my requests. Exhibit A is an example of one such request. Exhibit B is an example of Plaintiff's response and refusal.

5. On May 19, 2020, the Firm filed answers to the complaint in the Action on behalf of Alma and Adoraim. (Docket Nos. 33-34.)

6. On May 20, 2020, I emailed counsel for all parties who had appeared in the action, including Plaintiff's counsel Deborah Mallgrave, and I requested that

DAILY ALJIAN LLP
Newport Beach, California

the parties participate in a Rule 26 conference (the "Rule 26 Conference"), which would trigger Rule 26 disclosures and allow the parties to commence written discovery. Ms. Mallgrave responded on behalf of Plaintiff explained Plaintiff would not agree to participate in the requested conference.

7. On May 26, 2020, I made a second request that the parties participate in the Rule 26 Conference, this time on a date Ms. Mallgrave had previously represented she was available. Exhibit C is a true and correct copy of my letter, without enclosures, requesting the conference.

8. That afternoon, Ms. Mallgrave sent me a letter in which she formally refused to participate in the requested conference. Exhibit D is a true and correct copy of Ms. Mallgrave's letter.

9. In response to that letter, I requested a Local Rule 7-3 conference to discuss a motion to order Plaintiff's counsel to participate in the Rule 26 Conference. Ms. Mallgrave agreed to participate in that meet and confer.

10. On May 27, 2020, the parties participated in the Local Rule 7-3. We were unable to reach a compromise. The call ended at approximately 2 p.m.

11. A few hours later, at about 5 p.m., the Deputy Attorney General Donna Dean sent me an email attaching a letter requesting a Local Rule 7-3 conference for the purposes of discussing a motion to intervene and to stay discovery in the above-captioned action. This was the first time the AG contacted me regarding the Action. Exhibit 4 to DAG Dean's Declaration is a true and correct copy of that letter. (Docket No. 50-8.)

12. On May 28, 2020, Mr. Garcia's attorney Alan Jackson asked DAG Dean to disclose all communications between the AG and counsel for Plaintiff during Civil Action. Exhibit E is a true and correct copy of Mr. Jackson's email. DAG Dean denied the request.

13. On May 29, 2020, Ms. Mallgrave explained that Plaintiff will not oppose the AG's Motion. Exhibit 7 to DAG Dean's declaration is a true and correct copy Ms. Mallgrave's email. (Docket No. 50-11.)

14. On June 3, 2020, the parties participated in a Local Rule 7-3 meet and confer regarding the AG's Motion takes place. During that meet and confer, I asked DAG Dean when the AG knew of the Civil Action and the extent of its communications with counsel for Plaintiff regarding the Civil Action. DAG Dean refused to answer each question, claiming the information is irrelevant. Exhibit F is a true and correct copy of my email in which I memorialize my efforts to seek answers to those questions.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 22, 2020 in Newport Beach, California.

Dated: June 22, 2020                    DAILY ALJIAN LLP

By: /s/ Reed Aljian
Reed Aljian
Attorneys for Defendants,
COMMUNICATION CENTER
BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA, ALMA ELIZABETH JOAQUIN, erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUIN ZAMORA