**EXHIBIT C**

# DAILY | ALJIAN

**May 26, 2020**

**<u>VIA ELECTRONIC MAIL</u>**

Deborah S. Mallgrave                    Michael Finnegan
Joshua Robbins                          Jennifer Stein
Greenberg Gross LLP                     Jeff Anderson & Associates
650 Town Center Drive, Suite 1700       11812 San Vincente Boulevard, #503
Costa Mesa, California                  Los Angeles, California, 90049
  *DMallgrave@GGTrialLaw.com*             *Mike@AndersonAdvocates.com*
  *JRobbins@GGTrialLaw.com*               *Jennifer@AndersonAdvocates.com*

Re:   *Sochil Martin v. La Luz Del Mundo, et al.,* **Case No. 2:20-cv-01437**
      **(the "Action") – Rule 26 Conference**

Dear Counsel:

My office represents Defendants Alma Elizabeth Joaquin ("Mrs. Joaquin") and
Adoraim Josadac Joaquin ("Mr. Joaquin"), the wife and son of Defendant Naason
Joaquin Garcia. I write regarding my efforts to schedule the Rule 26 conference of
the parties (the "Rule 26 Conference") and Plaintiff's refusal to participate in the
conference until "all parties have been served and answered."

The Court's May 20, 2020 Scheduling Order (the "Order") advises "counsel to begin
to conduct discovery actively before the Scheduling Conference," which the Court
calendared on September 14, 2020.  (May 20, 2020 Scheduling Order, n. 1.) The
Court further orders counsel to "comply fully with the letter and spirit of Rule 26(a)
and thereby obtain and produce most of what would be produced in the early stage
of discovery, because at the Scheduling Conference the Court will impose tight
deadlines to complete discovery."  (*Id.*)

Rule 26(f)(2) of the Federal Rules of Civil Procedure states that "[t]he attorneys of
record…that have appeared in the case are jointly responsible for arranging the
conference. Rule 26(f)(1) requires that the conference take place "as soon as
practicable."

On May 19, 2020, my firm appeared in the Action and filed answers on behalf
Mrs. Joaquin and Mr. Joaquin. That same day, Werksman Jackson & Quinn
("Werksman Jackson") appeared and filed an answer on behalf of Naason Joaquin
Garcia and Brown Neri Smith & Khan ("BNSK") appeared and filed answers on
behalf of Jose Luis Estrada, Silverio Coronado, Benjamin Joaquin Garcia, Jose
Hernandez, Uzziel Joaquin, David Mendoza, Jonathan Mendoza, and Aurelio
Zavaleta.

On May 20, 2020, I emailed Plaintiff's counsel, Werksman Jackson and BNSK to arrange the Rule 26 Conference so that we could begin the process under Rule 26, which in turn compel your production of initial disclosures and allow me to commence discovery. For the reasons discussed below, Plaintiff's conduct to date with respect to Mrs. Joaquin and Mr. Joaquin require this process to start without delay. I proposed that the conference take place via teleconference on Friday, May 22, 2020, at 11 a.m. and we requested counsels' availability. Werksman Jackson and BNSK stated they were available and agreed to proceed as requested.

On May 21, 2020, Ms. Mallgrave responded on behalf of Plaintiff. (Ex. 1 (May 21, 2020 Mallgrave Email).) She explained that "[w]e are not available this Friday…." She also explained that "in light of the Court's scheduling order, it appears that we have until late August to do the Rule 26 conference and report. While we don't expect it would take that long, we would like to wait until all the parties have been served and answered."

The proposal to delay the Rule 26 Conference until all defendants are served and file answers is contrary to the Federal Rules of Civil Procedure, the "letter and spirit of Rule 26(a)," and the Court's May 20, 2020 Order. Rule 26 requires parties to participate in the conference "as soon as practicable" (Rule 26(f)(1)). Rule 26(a)(1)(D) contemplates procedures for later served parties – meaning, there is no need to wait for later served parties to proceed with the conference. The Court ordered the parties to "obtain **_and produce_** most of what would be produced in the early stage of discovery" before the September 14, 2020 Scheduling Conference.

Rule 26(d)(1) provides that we cannot commence discovery on their behalf until after the Rule 26 Conference and, as you know, Plaintiff has refused to participate in any informal discovery. Furthermore, Rule 26(a)(1)(C) produces that Plaintiff's initial disclosures are not due until 14 days after the date of the conference.

Additionally, Plaintiff's conduct to date necessitates that the Rule 26 process start without any delay. As I have repeatedly explained, the complaint fails to allege a single fact supporting any of the causes of action against either Mrs. Joaquin or Mr. Joaquin. In connection with my efforts to meet and confer regarding a proposed voluntary dismissal of Mrs. Joaquin and Mr. Joaquin for lack of any charging allegations and lack of evidence, I have offered you numerous opportunities to provide any facts or any evidence that could possibly support any of these claims. (See e.g., Ex. 2 (April 28, 2020 R. Aljian Letter).)

In response, Plaintiff refused to dismiss Mrs. Joaquin or Mr. Joaquin (claiming that the causes of action against these defendants have "probable cause") and refused to produce any facts that would support this "probable cause" contention, claiming the "request for premature discovery is improper, and [Plaintiff's] refusal to accede to it indicates nothing." (Ex. 3 (May 6, 2020 D. Mallgrave Letter).)

We disagree with the later assertion. The failure to identify any facts allegedly supporting the claims against Mrs. Joaquin and Mr. Joaquin is proof that no such facts exists – if they did exist, you would produce them informally. Moreover, because you refuse to produce the alleged facts informally (or dismiss these defendants), we are forced to seek production of the information formally, through review of your initial disclosures and through the formal discovery process. We will review the disclosures, take discovery, and seek an involuntary dismissal of these defendants at the earliest possible date in a good faith effort to decrease litigation costs and mitigate the damages these defendants have already suffered by being included in this Action.

In Ms. Mallgraves' May 21, 2020 email, she requested that the parties participate in a Local Rule 7-3 teleconference regarding a claimed motion by Plaintiff to extend time to serve one of the named defendants in the action. She further represented that Plaintiff is available on Wednesday, May 27, 2020, at 1 p.m. for that proposed call.

Since you have represented you are available at that time, we would like to arrange the Rule 26 Conference to take place during the same call. I have contacted Werksman Jackson and BNSK and they have represented they are available at that time also and agree to attend with the proposed conference to address both matters.

Please confirm that you agree to the proposed date and time of the combination Rule 26 Conference and Local Rule 7-3 meet and confer regarding Plaintiff's proposed motion regarding service of process.

All rights reserved.

Sincerely,

Reed Aljian

cc:    Alan Jackson
       Caleb Mason
       Michael Freedman
       Geoff Neri
       Ethan Brown