**EXHIBIT E**

# Courtney Dorner

| | |
|---|---|
| **From:** | Alan Jackson <ajackson@werksmanjackson.com> |
| **Sent:** | Thursday, May 28, 2020 8:09 PM |
| **To:** | Donna Dean |
| **Cc:** | Jennifer@andersonadvocates.com; mike@andersonadvocates.com; Joshua M. Robbins; Deborah Mallgrave; Ethan Brown; Geoff Neri; Reed Aljian; Caleb Mason; Michael Freedman |
| **Subject:** | Sochil Martin v. La Luz Del Mundo, et al.; C.D. Cal. Case No. 2:20-cv-01437 |

DAG Dean,

This office represents Naason Garcia in the federal civil action brought by Sochil Martin. We are in receipt of your correspondence requesting a Local Rule 7-3 conference related to the Attorney General's intention to intervene in the matter in order to seek a unilateral stay. To begin, I find your timing curious and troubling. It is not lost on any of the parties that yesterday was the first instance in which defendants' counsel engaged plaintiff's counsel with demands for a Rule 26 conference and to begin discovery. Mere hours later, you then insinuate the Attorney General in the civil matter with the instant request to intervene and stay discovery. This conduct and timing smacks of behind-the-scenes coordination and manipulation. Troubling indeed.

To that point and in the spirit of full and fair transparency, as a predicate to your request for conference we require that you provide any and all communications you or anyone from your office (including Amanda Plisner and Diana Callaghan) have had with plaintiff or plaintiff's counsel—both Greenberg Gross LLP and Jeff Anderson and Associates PA—from the period one month prior to the filing of the civil action, which was February 2020, to date (including yesterday). This request includes phone calls, text messages, emails, letters and any other form of communication, and its content.

Further, we note that your letter is devoid of any legal authority, rule, citation or fact that would give rise to your intended motion. Before we entertain your request for a conference, we require, in addition to the communications mentioned above, that you provide a full and detailed explanation in writing justifying your intended motion. Your cursory and glancing mention of a Penal Code section 1054.7 order is woefully inadequate for such purpose, and does not, in itself, provide such justification. Thus, please provide the following: 1) Any and all legal authority that you believe entitles the state Attorney General to intervene in this federal civil action in the first instance. 2) A specific recitation of every fact that you believe supports and justifies the Attorney General's request to stay the federal civil action. Further to this, we require that you provide documents and evidence that you believe support those facts.

I look forward to your prompt response, at which point we will analyze the information you provide and determine the appropriate next steps.

Sincerely,

AJ

Alan Jackson
WERKSMAN JACKSON & QUINN LLP
888 West 6th Street, Fourth Floor
Los Angeles, CA 90017
213-688-0460 (ph)