Reed Aljian (State Bar No. 211010)
  *ra@dallp.com*
Rochelle Calderon Rotea (State Bar No. 325417)
  *rochelle@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Telephone:  949.861.2524
Facsimile:  949.269.6364

Attorneys for Defendants
COMMUNICATION CENTER BEREA U.S.A. LLC,
erroneously sued as INTERNATIONAL BEREA USA,
ALMA ELIZABETH JOAQUIN, erroneously sued as
ALMA ZAMORA DE JOAQUIN, and ADORAM
JOSADAC JOAQUIN, erroneously sued as ADORAIM
JOAQUIN ZAMORA

*DAILY ALJIAN LLP*
*Newport Beach, California*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>       Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>       Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**OBJECTIONS TO DECLARATION OF JEFFREY SEGAL IN SUPPORT OF THE PEOPLE OF THE STATE OF CALIFORNIA'S MOTION TO INTERVENE AND TO STAY CIVIL DISCOVERY DURING PENDENCY OF CRIMINAL PROCEEDINGS**<br><br>[Filed concurrently herewith: Opposition and Declaration of R. Aljian]<br><br>Complaint Filed:   February 12, 2020<br>Trial Date:        None Set<br><br>District Judge:    Otis D. Wright, II<br>Courtroom:       5D, 5th Floor<br><br>Magistrate Judge: Alka Sagar<br>Courtroom:       540, 5th Floor<br><br>DATE: July 13, 2020<br>TIME: 1:30 p.m.<br>CTRM: 5D |

DAILY ALJIAN LLP
Newport Beach, California

1   Defendants Communication Center Berea U.S.A. LLC, erroneously sued as
2   International Berea USA, Alma Elizabeth Joaquin, erroneously sued as Alma Zamora
3   De Joaquin, Adoraim Josadac Joaquin, erroneously sued as Adoraim Joaquín
4   Zamora, (collectively "Defendants") submit the following evidentiary objections to
5   the Declarant Jeffrey Segal's ("Declarant") testimony in the Declaration of Jeffrey
6   Segal (Docket No. 50-3) ("Segal Declaration") in Support of The People of The State
7   of California's Motion to Intervene and to Stay Civil Discovery During Pendency of
8   Criminal Proceedings submitted by the Plaintiff, People of the State of California
9   ("AG") in support of its Motion and Motion to Intervene and to Stay Civil Discovery
10  During Pendency of Criminal Proceedings (the "Motion").

**OBJECTIONS TO DECLARATION OF JEFFREY SEGAL**

**Objection No. 1:**

**Material Objected to: Paragraph 2, lines 8-9.**

"On June 4, 2019, Defendant Naasón Garcia, the leader of the La Luz de Mundo (LLDM) church was charged, along with three co-defendants, with sexually assaulting and/or trafficking four Jane Does, three of whom were minors, in the matter entitled People v. Garcia et al., Los Angeles Superior Court Case No. BA475856."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701 (improper opinion); FRE 801-802 (hearsay), FRE 1002 (Best Evidence Rule), and FRE 401-403 (relevance).[1] The Declarant fails to lay a proper foundation that he has personal knowledge of Mr. Garcia's alleged roles, the alleged corporate existence of the "La Luz Del Mundo church," the alleged charges against Mr. Garcia, or the content of any charging document. To the extent the Declarant is relying upon a document, such as a complaint filed in a criminal action, Declarant's testimony is precluded by the Best

---

[1]   References to "FRE" are to the Federal Rules of Evidence.

1   Evidence Rule and is inadmissible hearsay. Finally, the AG failed to request that the
2   Court take judicial notice of any alleged charging document or criminal complaint
3   and, therefore, neither the documents nor their content may be admitted or considered
4   in support of the Motion.

5   **Objection No. 2:**

6   **Material Objected to: Paragraph 2, lines 12-14.**

7       "The Department of Justice's (DOJ) investigation revealed a lengthy pattern
8   of Garcia's sexually predatory practices targeting minors and young women in the
9   LLDM community with the aid of 'assistants.'"

10  **Ground(s) for Objection:**

11      FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE
12  602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802
13  (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The
14  Declarant fails to lay a proper foundation that he has personal knowledge of the
15  substance of his testimony, the alleged charges against Mr. Garcia, or the content of
16  an investigation or any charging document. Rather, the declarant appears to be
17  relying upon documents and/or statements of third parties. To the extent the
18  Declarant is relying upon a document, such as documents related to a DOJ
19  investigation or a complaint filed in a criminal action, Declarant's testimony is
20  precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, the AG
21  failed to request that the Court take judicial notice of any alleged charging document
22  or criminal complaint and, therefore, neither the documents nor their content may be
23  admitted or considered in support of the Motion. Therefore, the testimony is
24  inadmissible. *See also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D.
25  Cal. 2000) (stating that a declaration based on speculation is irrelevant and should
26  not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012)
27  (court documents not judicially noticeable for plaintiff's purpose of demonstrating

28

DAILY ALJIAN LLP
Newport Beach, California

2

that his arguments and allegations against defendants were true).

**Objection No. 4:**

**Material Objected to: Paragraph 2, lines 15-17.**

"Garcia, along with the co-defendants, is alleged to have groomed the young Jane Does, indoctrinating them and incrementally exposing them to sexualized behavior toward Garcia."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony, the alleged charges against Mr. Garcia, or the content of an investigation or any charging document. Rather, the declarant appears to be relying upon documents and/or statements of third parties. To the extent the Declarant is relying upon a document, such as documents related to a complaint filed in a criminal action, Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, the AG failed to request that the Court take judicial notice of any alleged charging document or criminal complaint and, therefore, neither the documents nor their content may be admitted or considered in support of the Motion. Thus, Declarant's testimony is inadmissible. *See also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

DAILY ALJIAN LLP
Newport Beach, California

**Objection No. 5:**

**Material Objected to: Paragraph 2, lines 17-19.**

"Ultimately, the Jane Does were brought to Garcia by his co-conspirators, and forced to comply with his sexual demands."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony, the alleged charges against Mr. Garcia or alleged co-conspirators, or the content of an investigation or any charging document. Rather, the declarant appears to be relying upon documents and/or statements of third parties. To the extent the Declarant is relying upon a document, such as documents related to a complaint filed in a criminal action, Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, the AG failed to request that the Court take judicial notice of any alleged charging document or criminal complaint and, therefore, neither the documents nor their content may be admitted or considered in support of the Motion. Therefore, Declarant's testimony is inadmissible. *See also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

**Objection No. 6:**

**Material Objected to: Paragraph 2, lines 19-21.**

"In addition, the young women were recruited to participate in pornographic photo shoots, the product of which were provided to Garcia for his personal

DAILY ALJIAN LLP
Newport Beach, California

4

1   enjoyment."

2   **Ground(s) for Objection:**

3   FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE

4   602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802

5   (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The

6   Declarant fails to lay a proper foundation that he has personal knowledge of the

7   substance of his testimony, the alleged charges against Mr. Garcia, or the content of

8   an investigation or any charging document. Rather, the declarant appears to be

9   relying upon documents and/or statements of third parties. To the extent the

10  Declarant is relying upon a document, such as documents related to a complaint filed

11  in a criminal action, Declarant's testimony is precluded by the Best Evidence Rule

12  and is inadmissible hearsay. Finally, the AG failed to request that the Court take

13  judicial notice of any alleged charging document or criminal complaint and,

14  therefore, neither the documents nor their content may be admitted or considered in

15  support of the Motion. Thus, Declarant's testimony is inadmissible. *See also Slevin*

16  *v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a

17  declaration based on speculation is irrelevant and should not be considered); *Missud*

18  *v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not

19  judicially noticeable for plaintiff's purpose of demonstrating that his arguments and

20  allegations against defendants were true).

21  **Objection No. 7:**

22  **Material Objected to: Paragraph 5, lines 25-27.**

23  Exbibit 1, described as "[a] true and correct copy of the Second Amended

24  Felony Complaint in Case No. BA475856….."

25  **Ground(s) for Objection:**

26  FRE 201 (judicial notice of adjudicative facts), 401-403 (relevance), FRE 602

27  (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802

28

DEFENDANTS' OBJECTIONS TO DECLARATION OF J. SEGAL

DAILY ALJIAN LLP
Newport Beach, California

(hearsay), 901 (lacks authentication), FRE 1002 (Best Evidence Rule); *See also* ; *Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be relying upon documents and/or statements of third parties. Furthermore, the criminal complaint and the contents therein is not properly authenticated and is hearsay. Absent a request for judicial notice, which was not submitted, the documents and its contents are not admissible.

**Objection No. 8:**

**Material Objected to: Paragraph 3, lines 27-1.**

"The DOJ intends to immediately re-file the case, preventing any undue delay or change in circumstances."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay); *see also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be relying upon documents, inadmissible speculation, improper opinion, and/or statements of third parties. Therefore, the testimony is inadmissible.

DEFENDANTS' OBJECTIONS TO DECLARATION OF J. SEGAL

DAILY ALJIAN LLP
Newport Beach, California

DAILY ALJIAN LLP
Newport Beach, California

**Objection No. 9:**

**Material Objected to: Paragraph 3, lines 1-3.**

"The DOJ has been ready to proceed in the criminal case and will be seeking to advance the case within the statutory time frames – 30 days for preliminary hearing and, after filing the information, 60 days for trial."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay); FRE 401-403 (relevance), *see also Slevin v. Home Depot*, *1*20 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be relying upon documents, inadmissible speculation, improper opinion, and/or statements of third parties. Therefore, the testimony is inadmissible.

**Objection No. 10:**

**Material Objected to: Paragraph 3, lines 3-6.**

"The DOJ does not intend to seek any continuances which would further delay this civil litigation and in fact will seek to move the criminal case forward as expeditiously as possible."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay); FRE 401-403 (relevance). The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be relying upon documents, inadmissible speculation, improper opinion, and/or statements of third parties. Therefore, the testimony is inadmissible.

DAILY ALJIAN LLP
Newport Beach, California

**Objection No. 11:**

**Material Objected to: Paragraph 4, lines 7-9.**

"The conduct Plaintiff describes in her civil complaint is, in significant part, inextricably interwoven with the conduct alleged in the criminal complaint against the defendants in Los Angeles County Superior Court."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony, the alleged charges against Mr. Garcia, or the content of an investigation or any charging document. Rather, the declarant appears to be relying upon documents and/or statements of third parties. To the extent the Declarant is relying upon a document, such as documents related to a complaint filed in a criminal action, Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, the AG failed to request that the Court take judicial notice of any alleged charging document or criminal complaint and, therefore, neither the documents nor their content may be admitted or considered in support of the Motion. Thus, Declarant's testimony is inadmissible. *See also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

**Objection No. 12:**

**Material Objected to: Paragraph 4, lines 9-12.**

"…the incidents alleged in both cases arise out of the same scheme and pattern

of conduct of sexual abuse against girls and young women over the same time frame by defendant Garcia."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony, the alleged charges against Mr. Garcia, or the content of an investigation or any charging document. Rather, the declarant appears to be relying upon documents and/or statements of third parties. To the extent the Declarant is relying upon a document, such as documents related to a complaint filed in a criminal action, Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, the AG failed to request that the Court take judicial notice of any alleged charging document or criminal complaint and, therefore, neither the documents nor their content may be admitted or considered in support of the Motion. Thus, Declarant's testimony is inadmissible. *See also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).

**<u>Objection No. 13:</u>**

**Material Objected to: Paragraph 4, lines 13-14.**

"Moreover, discovery in the civil case will necessarily involve most, if not all, of the victims alleged in the criminal complaint."

**Ground(s) for Objection:**

FRE 602, FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay); *see also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). The Declarant fails

DAILY ALJIAN LLP
Newport Beach, California

9

to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be relying upon documents, inadmissible speculation, improper opinion, and/or statements of third parties. Therefore, the testimony is inadmissible.

**Objection No. 14:**

**Material Objected to: Paragraph 4, lines 14-17.**

"I am informed and believe that many of the victims and witnesses to this conduct live with family members who are still LLDM church members, live in neighborhoods along with other members, and even frequent LLDM churches and other locations."

**Ground(s) for Objection:**

FRE 602, FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay); *see also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be relying upon documents, inadmissible speculation, improper opinion, and/or statements of third parties. Therefore, the testimony is inadmissible.

**Objection No. 15:**

**Material Objected to: Paragraph 4, lines 17-21.**

"I am further informed and believe that throughout the criminal case these victims and witnesses have been subjected to harassment and intimidation from other members that has made them feel threatened and unsafe, similar to what Plaintiff describes in her complaint in this case."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE

DAILY ALJIAN LLP
Newport Beach, California

602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony, the alleged charges against Mr. Garcia, or the content of an investigation or any charging document. Rather, the declarant appears to be relying upon documents, inadmissible speculation, improper opinion, and/or statements of third parties. To the extent the Declarant is relying upon a document, such as documents related to a complaint filed in a criminal action, Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, the AG failed to request that the Court take judicial notice of any alleged charging document or criminal complaint and, therefore, neither the documents nor their content may be admitted or considered in support of the Motion. Thus, Declarant's testimony is inadmissible. *See also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada* 861 F. Supp. 2d 1044, 1058, (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

**Objection No. 16:**

**Material Objected to: Paragraph 4, line 21.**

"This has also caused the prosecution to be concerned for their safety."

**Ground(s) for Objection:**

FRE 602, FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay); *see also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the

DEFENDANTS' OBJECTIONS TO DECLARATION OF J. SEGAL

DAILY ALJIAN LLP
Newport Beach, California

substance of the testimony. Rather, the declarant appears to be relying upon documents, inadmissible speculation, improper opinion, and/or statements of third parties. Therefore, the testimony is inadmissible.

**Objection No. 17:**

**Material Objected to: Paragraph 5, lines 22-25.**

"On August 23, 2019, the Los Angeles Superior Court granted the People's motion pursuant to California Penal Code section 1054.7 to restrict the identities of the victims and witnesses in the criminal case and denied the defense motion to discover this information."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony and/or the allegations or the content of any court document. Rather, the declarant appears to be relying upon documents and/or statements of third parties. To the extent the Declarant is relying upon a document, such as documents related to a complaint filed in a criminal action, Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, the AG failed to request that the Court take judicial notice of any alleged charging document or criminal complaint and, therefore, neither the documents nor their content may be admitted or considered in support of the Motion. Thus, Declarant's testimony is inadmissible. *See also Slevin v. Home Depot*, *1*20 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were

DAILY ALJIAN LLP
Newport Beach, California

true).

**Objection No. 18:**

**Material Objected to: Paragraph 5, lines 25-27.**

Exhibit 2, described as "[a] true and correct copy of the state court's minute order pursuant to California Penal Code section 1054.7…."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay),  901 (lacks authentication), FRE 1002 (Best Evidence Rule); *see also* ; *Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be relying upon documents and/or statements of third parties. Furthermore, the criminal complaint and the contents therein is not properly authenticated and is hearsay. Absent a request for judicial notice, which was not submitted, the documents and its contents are not admissible.

**Objection No. 19:**

**Material Objected to: Paragraph 5, lines 27-28.**

Exhibit 3, described as "[a] true and correct copy of the transcript of the hearing…."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802

DAILY ALJIAN LLP
Newport Beach, California

---

13

(hearsay),  901 (lacks authentication), FRE 1002 (Best Evidence Rule); *see also* ; *Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be relying upon documents and/or statements of third parties. Furthermore, the criminal complaint and the contents therein is not properly authenticated and is hearsay. Absent a request for judicial notice, which was not submitted, the documents and its contents are not admissible.

**Objection No. 20:**

**Material Objected to: Paragraph 6, lines 3-5.**

"As a result of the state court orders, the People are not required to provide the defense in the state criminal matter with victim and witness information."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay),  901 (lacks authentication), FRE 1002 (Best Evidence Rule); *see also* ; *Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be

DAILY ALJIAN LLP
Newport Beach, California

relying upon documents, inadmissible speculation, improper opinion, and/or statements of third parties. Furthermore, the criminal complaint and the contents therein is not properly authenticated and is hearsay. Absent a request for judicial notice, which was not submitted, the documents and its contents are not admissible.

**Objection No. 21:**

**Material Objected to: Paragraph 6, lines 6-8.**

"Defense counsel in the criminal matter filed and lost motions to obtain information regarding the identities of the victims and witnesses in the criminal matter."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay),  901 (lacks authentication), FRE 1002 (Best Evidence Rule); *see also* ; *Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

The Declarant fails to provide sufficient facts to establish that he has personal knowledge of the substance of the testimony. Rather, the declarant appears to be relying upon documents, inadmissible speculation, improper opinion, and/or statements of third parties. Furthermore, the criminal complaint and the contents therein is not properly authenticated and is hearsay. Absent a request for judicial notice, which was not submitted, the documents and its contents are not admissible.

**Objection No. 22:**

**Material Objected to: Paragraph 6, lines 8-10.**

"The fact that defense counsel sought this information in the criminal matter

DAILY ALJIAN LLP
Newport Beach, California

indicates that Garcia's counsel would likely seek to obtain this information via discovery in this civil case."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony, the alleged plans or intentions of Mr. Garcia's counsel, or the content of any information. Rather, the declarant appears to be relying upon inadmissible speculation, improper opinion, and documents and/or statements of third parties. *See Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).

## **Objection No. 23:**

**Material Objected to: Paragraph 7, lines 11-13.**

"The safety of the victims and other witnesses remains at issue, and the disclosure of their information in the civil case before disclosure in the criminal case will subject them to continued harassment, and quite possibly physical danger."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony or the content of any information. Rather, the declarant appears to be relying upon inadmissible speculation, opinion, and/or documents and/or statements of third parties. To the extent the Declarant is relying upon a document, such as documents related to a complaint filed in a criminal action,

DEFENDANTS' OBJECTIONS TO DECLARATION OF J. SEGAL

DAILY ALJIAN LLP
Newport Beach, California

Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, the AG failed to request that the Court take judicial notice of any alleged charging document or criminal complaint and, therefore, neither the documents nor their content may be admitted or considered in support of the Motion. Therefore, Declarant's testimony is inadmissible. *See also Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).

**Objection No. 24:**

**Material Objected to: Paragraph 7, lines 14-15.**

"The People have a compelling interest in protecting the physical safety and privacy of the victims and witnesses in the criminal case."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony or the content of any information. Rather, the declarant appears to be relying upon inadmissible speculation, improper opinion, and documents and/or statements of third parties. *See Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

**Objection No. 25:**

**Material Objected to: Paragraph 7, lines 15-18.**

"Several individuals would likely be identified through discovery in this civil

DAILY ALJIAN LLP
Newport Beach, California

17

matter before being identified in the criminal matter, thereby allowing the defense to use the civil case to circumvent the court orders in the criminal matter."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony or the content of any information. Rather, the declarant appears to be relying upon inadmissible speculation, improper opinion, and documents and/or statements of third parties. *See Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered); *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

**Objection to No. 26:**

**Material Objected to: Paragraph 7, lines 18-19.**

"Absent intervention and a stay of discovery, the People's interests cannot be adequately represented in this civil matter."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony or the content of any information. Rather, the declarant appears to be relying upon inadmissible speculation, improper opinion, and documents and/or statements of third parties. *See Slevin v. Home Depot*, 120 F. Supp

18

2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).

**Objection No. 27:**

**Material Objected to: Paragraph 7, lines 19-22.**

"In fact, the People's interests are likely to be seriously impaired absent a ruling by this Court allowing the People to intervene and stay discovery and disclosure of witnesses in this action."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the substance of his testimony or the content of any information. Rather, the declarant appears to be relying upon inadmissible speculation, improper opinion, and documents and/or statements of third parties. *See Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).

**Objection No. 28:**

**Material Objected to: Paragraph 8, lines 1-3.**

"I am informed and believe that, to date, discovery in this matter has not commenced, but that answers by the defendants have been filed or will be filed in the near future."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The Declarant fails to lay a proper foundation that he has personal knowledge of the

DAILY ALJIAN LLP
Newport Beach, California

19

1   substance of his testimony or the content of any document and information. Rather,

2   the declarant appears to be relying upon inadmissible speculation, improper opinion,

3   and documents and/or statements of third parties. *See Slevin v. Home Depot*, 120 F.

4   Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a declaration based on

5   speculation is irrelevant and should not be considered).)

6   Dated:  June 22, 2020                    DAILY ALJIAN LLP

7

8                                            By:/s/ Reed Aljian
                                             Reed Aljian
9                                            Attorneys for Defendants,
                                             COMMUNICATION CENTER
10                                           BEREA U.S.A. LLC, erroneously sued
                                             as INTERNATIONAL BEREA USA,
11                                           ALMA ELIZABETH JOAQUIN,
                                             erroneously sued as ALMA ZAMORA
12                                           DE JOAQUIN, and ADORAIM
                                             JOSADAC JOAQUIN, erroneously
13                                           sued as ADORAIM JOAQUIN
                                             ZAMORA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OBJECTIONS TO DECLARATION OF J. SEGAL

DAILY ALJIAN LLP
Newport Beach, California