# EXHIBIT I

CASE #: B302119

# COURT OF APPEAL
## STATE OF CALIFORNIA
## SECOND APPELLATE DISTRICT

| | | |
|---|---|---|
| NAASON JOAQUIN GARCIA, | ) | WRIT NO.: |
| | ) | |
| Petitioner, | ) | TRIAL CASE NO.: |
| | ) | BA475856 |
| v. | ) | |
| | ) | |
| SUPERIOR COURT OF CALIFORNIA | ) | |
| FOR THE COUNTY OF LOS ANGELES, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| THE PEOPLE OF THE STATE OF | ) | |
| CALIFORNIA, | ) | |
| | ) | |
| Real Party in Interest. | ) | |

## LODGING OF EXHIBITS IN SUPPORT OF PETITION FOR WRIT OF PROHIBITION AND/OR MANDAMUS

The following exhibits are hereby lodged in support of the Petition for Writ of Prohibition and/or Mandamus filed concurrently herewith:

### EXHIBIT INDEX

| EXHIBIT | DOCUMENT | BATES # |
|---|---|---|
| | **VOLUME I OF III** | |
| Exhibit A | Felony Complaint | BS000003 |
| Exhibit B | Reporter's Transcript of June 21, 2019 Proceedings | BS000023 |
| Exhibit C | Amended Felony Complaint | BS000068 |
| Exhibit D | Reporter's Transcript of July 15, 2019 Proceedings | BS000087 |
| Exhibit E | Reporter's Transcript of July 16, 2019 Proceedings | BS000218 |

BS000001

| Exhibit F | Reporter's Transcript of August 2, 2019 Proceedings | BS000274 |

DATED: November 12, 2019    WERKSMAN JACKSON & QUINN LLP

By: _____
    Alan Jackson
    Kelly C. Quinn
    Caleb Mason
    Attorneys for Defendant
    Naason Joaquin Garcia

# EXHIBIT D

BS000087

```
1                OKAY.  BUT YOU INDICATE, WHAT IS YOUR POSITION
2    ON THAT?
3          MS. PLISNER:  THE POSITION IS THAT NO BAIL IS THE
4    ONLY WAY TO ASSURE THE SAFETY OF THE COMMUNITY.
5          THE COURT:  I DON'T BELIEVE I NEED MR. DICK TO
6    TESTIFY.  I DO UNDERSTAND YOUR ASSURANCES.  I UNDERSTAND
7    THAT, I UNDERSTAND THAT'S WHERE YOU WOULD WANT TO GO WITH
8    THIS IN TERM OF HAVING MR. DICK WRITE THE BOND AND KEEP AN
9    EYE SO TO SPEAK ON YOUR CLIENT.  I UNDERSTAND THAT.
10               WHO WOULD BE NEXT?
11         MR. ROSENFELD:  CESIA MINEMANN.
12         THE COURT:  AND CAN YOU SPELL THAT SO OUR COURT
13   REPORTER GETS IT DOWN CORRECTLY?
14         MR. ROSENFELD:  YES, YOUR HONOR.
15               IT IS FIRST NAME C-E-S-I-A.  LAST NAME
16   M-I-N-E-M-A-N-N.
17         THE COURT:  AND WHAT IS YOUR OFFER OF PROOF?
18               IS THAT A FEMALE?  I'M SORRY.
19         MR. ROSENFELD:  SHE IS A FEMALE, YOUR HONOR.
20               MR. SAWYER WOULD BE DOING THAT.  SO IF THE
21   COURT WOULD ALLOW MR. SAWYER.
22         THE COURT:  MR. SAWYER, WHAT ABOUT CESIA MINEMANN?
23         MR. SAWYER:  IT'S BEEN, THERE'S BEEN SOME CONTINUAL
24   CLAIMS BY THE ATTORNEY GENERAL, THE ATTORNEY GENERAL HIMSELF
25   IN THIS CASE, THAT THE REASON WHY THEY HAD TO SET THE BAIL
26   AT 25 MILLION AND THEN 50 MILLION OF HIS CONCERN THAT THE
27   PARISHIONERS OF THE CHURCH WOULD RAISE THE FUNDS, AND THE
28   CHURCH WOULD ITSELF FUND THE BAIL AND/OR THE CRIMINAL
```

1  DEFENSE OF MR. GARCIA.
2         AND THERE IS ACTUAL LONGSTANDING RULES WITHIN
3  THE CORPORATE STRUCTURE OF THE CHURCH THAT DOES NOT ALLOW
4  THE FUNDS TO BE USED FOR BAIL OR FOR CRIMINAL DEFENSE AND
5  THAT MR. GARCIA HIMSELF HAS NO AUTHORITY OVER ANY BANKING OF
6  THE CHURCH.
7         AND, IN FACT, SHE WILL TALK ABOUT THE
8  SIGNATORIES THAT ARE ON THE CHURCH BANK ACCOUNTS.  AND MR.
9  GARCIA IS NOT A SIGNATORY.  HE COULDN'T DIRECT.  HE COULDN'T
10  WIRE.  HE CAN'T GO ANYWHERE AND RETRIEVE CHURCH FUNDS
11  WHATSOEVER.
12         YOU KNOW, WHILE WE CITED A CASE IN HERE THAT
13  SAYS THE COURT SHOULD NOT SPECULATE ABOUT FUNDS THAT COULD
14  BE GATHERED, THAT THEY ARE SUPPOSED TO LOOK AT HIS PERSONAL
15  FINANCES HIMSELF.
16      THE COURT:  RIGHT.
17      MR. SAWYER:  BUT THE ATTORNEY GENERAL, ALTHOUGH THEY
18  HAVE TAKEN A DIFFERENT POSITION TODAY THAT THE CHURCH IS
19  KIND OF SEPARATE, FOR THE LAST MONTH, IT'S ALL BEEN ABOUT
20  THE CHURCH.  SO WE WANT TO MAKE SURE THAT THIS EXPERT MAKES
21  THE COURT COMFORTABLE TO KNOW THAT THERE IS NO FUNDS THAT
22  MR. GARCIA WOULD HAVE ACCESS TO OUTSIDE OF HIS PERSONAL
23  FUNDS.
24      THE COURT:  AND WHAT IS CESIA MINEMANN'S POSITION?
25      MR. SAWYER:  SHE IS THE GENERAL COUNSEL.  I
26  APOLOGIZE, YOUR HONOR.
27      THE COURT:  YOU MAY HAVE SAID THAT.
28      MR. SAWYER:  YES.  SHE IS AN ATTORNEY.

```
1            THE COURT:  GENERAL COUNSEL FOR THE CHURCH?
2            MR. SAWYER:  YES.  SHE IS ONE OF THE GENERAL COUNSEL
3    FOR THE CHURCH.
4            THE COURT:  SO SHE IS EMPLOYED BY THE CHURCH AS LIKE
5    IN-HOUSE?
6            MR. SAWYER:  YES, IN-HOUSE, FIDUCIARY POSITION.
7                    BUT SHE IS ALSO A MEMBER OF THE CALIFORNIA
8    STATE BAR, THE NEW YORK STATE BAR, AND THE WASHINGTON, D.C.
9            THE COURT:  AND SHE WOULD SAY THAT HE CANNOT GET HIS
10   HANDS ON FUNDS TO HELP FUND HIS DEFENSE?
11           MR. SAWYER:  CORRECT.
12           THE COURT:  OR FOR BAIL?
13           MR. SAWYER:  AND ALSO, THAT THERE'S BEEN A LOT OF
14   CLAIMS THAT THEY COULDN'T FOLLOW THE OATH OF THEIR OFFICE
15   BEING AN OFFICER OF THE COURT.  AND SHE WOULD ASSURE THE
16   COURT THAT SHE WOULD NEVER VIOLATE HER POSITION AS A MEMBER
17   OF THE OFFICER OF THE COURT.
18           THE COURT:  OF COURSE, IF I FIND NO BAIL, THEN IT'S
19   KIND OF A MOOT ISSUE.
20           MR. SAWYER:  THAT'S CORRECT.
21           THE COURT:  BUT IF I DO SET BAIL, THAT IS YOUR
22   ARGUMENT?
23           MR. SAWYER:  YES, YOUR HONOR.
24           THE COURT:  OKAY.  WHAT IS PEOPLE'S POSITION ON MISS
25   MINEMANN?
26                    OBVIOUSLY, I KNOW YOU ARE ARGUING FOR NO BAIL.
27           MS. PLISNER:  YES, YOUR HONOR.
28                    IN ADDITION TO THAT, I WILL SAY THAT THAT
```