# EXHIBIT T

**Jenira Velez**

| | |
|---|---|
| **From:** | Deborah Mallgrave |
| **Sent:** | Friday, May 29, 2020 3:14 PM |
| **To:** | 'Reed Aljian'; 'Alan Jackson'; Donna Dean; Caleb Mason; Michael Freedman; Geoff Neri; ethan@bnsklaw.com; Rochelle Rotea; Kenia Galeana; Courtney Dorner |
| **Cc:** | Joshua M. Robbins; Arielle A. Seidman; Jenira Velez; Jennifer Stein; 'Mike Reck' |
| **Subject:** | RE: Sochil Martin v. La Luz Del Mundo, et. al., C.D. Cal. Case No. 2:20-cv-01437 |

Reed,

We have reviewed the Attorney General's letter and proposed stipulation. In order to best assist in their proposed meet and confer and to avoid unnecessary coordination among parties, I have included DAG Dean on this reply email.

After considerable research, it is our understanding that the stay requested by DAG Dean is mandatory under the provisions of the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), under which our client has brought her case. As such, we do not believe that there is a basis for us to oppose the motion.

The statutory authorization for a civil lawsuit under the TVPRA in 18 U.S.C. § 1595 includes at §1595(b)(1) that "[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." It appears that courts routinely find this language to "make[] a stay mandatory" until "final adjudication in the trial court." *Ara v. Kham* (E.D.N.Y., June 14, 2007, No. CV 07-1251 (ARR) (JO) 2007 WL 1726456). *See also Lunkes v. Yannai* (S.D.N.Y. 2012) 882 F.Supp.2d 545, 549 ("'[P]rosecutions [under the TVPRA] should take priority over civil redress and ... should be complete prior to going forward with civil suits.' H.R.Rep. No. 108–264, pt. 2, at 17 (2003). The inclusion of the mandatory stay provision was meant to allay that concern.").

This mandatory stay appears to apply across defendants, regardless of whether all defendants are party to the criminal action. *See Lunkes v. Yannai* (S.D.N.Y. 2012) 882 F.Supp.2d 545, 549 ("In light of the statute's goal of protecting the government's ability to prosecute traffickers criminally, it is most appropriate for a Section 1595 stay to encompass all defendants in a case. Discovery with respect to those civil defendants not facing criminal charges . . ., will frequently overlap significantly with the discovery relating to criminally charged defendants. Thus, the risk of interference with criminal prosecution is fully addressed only be [sic] extending the stay to all defendants.")

Further, the stay appears to apply across all related claims, including FLSA and battery claims that are related to the TVPRA claims. *See Israel Antonio-Morales v. Bimbo's Best Produce, Inc*. (E.D. La., Apr. 20, 2009, No. CIV.A.8:5105) 2009 WL 1591172, at *1 (Plaintiffs did not oppose the government's motion to stay proceedings, recognizing that the stay was mandatory and "acknowledg[ing] the impracticality of moving forward on their other closely related FLSA, contract, and battery claims while their Section 1595 claims [were] stayed.").

The circumstances of this case suggest that the TVPRA's stay provision and the above authorities may be particularly applicable. We understand from the Attorney General's letter and from prior reporting on the criminal case that there are minor victims and witnesses whose identities are protected by order of the criminal court, and that defendants in the civil case, including Naason Garcia, may be seeking to use the civil discovery process to circumvent those protections or otherwise obtain information for use in the criminal case. That, of course, would be an abuse of the process. We are particularly sensitive to this issue given that, as alleged in our complaint, LDM agents have tried to intimidate our client or otherwise procure her silence, and have made public and private threats against her and others.

Procedurally, it appears to us that the state has authority to intervene under Fed. R. Civ. P. 24, and that the judge can issue the mandatory stay under the TVPRA *sua sponte* upon learning of a related criminal action.

Accordingly, we do not believe that our client has a basis to oppose the state's motion.  We are happy to discuss further as needed through a meet and confer process.

Regards,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com



---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Thursday, May 28, 2020 7:48 AM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Courtney Dorner <cd@dallp.com>; Kenia Galeana <kg@dallp.com>; Rochelle Rotea <Rochelle@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>
**Subject:** [EXT] Fwd: Sochil Martin v. La Luz Del Mundo, et. al., C.D. Cal. Case No. 2:20-cv-01437

Please kindly provide Plaintiff's position regarding the request in the letter from the Attorney General, including whether Plaintiff will be opposing the proposed stay.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

Begin forwarded message:

**From:** Donna Dean <Donna.Dean@doj.ca.gov>
**Subject: Sochil Martin v. La Luz Del Mundo, et. al., C.D. Cal. Case No. 2:20-cv-01437**
**Date:** May 27, 2020 at 4:46:39 PM PDT
**To:** "Jennifer@andersonadvocates.com" <Jennifer@andersonadvocates.com>, "Mike@andersonadvocates.com" <Mike@andersonadvocates.com>, "Jrobbins@ggtriallaw.com" <Jrobbins@ggtriallaw.com>, "Dmallgrave@ggtriallaw.com" <Dmallgrave@ggtriallaw.com>, "Ethan@bnsklaw.com" <Ethan@bnsklaw.com>, "Geoff@bnsklaw.com" <Geoff@bnsklaw.com>, "Ra@dallp.com" <Ra@dallp.com>, "Cmason@werksmanjackson.com" <Cmason@werksmanjackson.com>

Counsel,

Please see the attached letter dated May 27, 2020, and the attached proposed stipulation and order in the above-referenced case.

Donna M. Dean
Deputy Attorney General
California Department of Justice

Office of the Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Phone: (213) 269-6509
E-Mail: Donna.Dean@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.