XAVIER BECERRA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General
DONNA M. DEAN
Deputy Attorney General
State Bar No. 187104
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6509
  Fax:  (916) 731-2120
  E-mail:  Donna.Dean@doj.ca.gov
*Attorneys for the People of the State of California*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOCHIL MARTIN,** | 2:20-cv-01437-ODW-AS |
| Plaintiff, | **THE PEOPLE OF THE STATE OF CALIFORNIA'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE AND TO STAY CIVIL DISCOVERY DURING PENDENCY OF CRIMINAL PROCEEDINGS** |
| v. | |
| **LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCIA, an individual, RAHEL JOAQUÍN GARCIA, an individual, ADORAIM JOAQUÍN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive,** | Date:        July 13, 2020<br>Time:        1:30 p.m.<br>Courtroom:  5D<br><br>Judge:        Hon. Otis D. Wright, II<br><br>Trial Date:  Not set<br>Action Filed: February 12, 2020 |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................. 1

ARGUMENT ....................................................................................... 2

I.    Defendants' Evidentiary Objections Lack Merit ................................. 2

II.    The Motion to Intervene Is Timely ..................................................... 4

    A.    Intervention Is Timely at This Very Early Stage in the Proceedings .......................................................................... 5

    B.    Intervention at This Time Will Not Cause Any Prejudice to the Parties ........................................................................... 7

    C.    Given the Timing of the Intervention and Lack of Prejudice, the Reason for and Length of the Delay Is Irrelevant ............................................................................ 8

III.    The People Meet the Elements for Intervention as of Right ............... 9

    A.    The People Have a Significant Protectable Interest in Maintaining the Confidentiality of Victims and Witnesses in, and the Integrity of, the Criminal Matter That Will Be Impaired Absent a Stay of Discovery ........................................ 9

    B.    The People's Interest in Maintaining the Confidentiality of the Identities of Victims and Witnesses in the Criminal Matter Cannot Be Adequately Represented by the Parties in This Civil Matter ................................................................. 13

IV.    The People Meet the Elements for Permissive Intervention ............. 13

    A.    Intervention Will Not Unduly Delay This Case or Prejudice the Parties ................................................................ 13

    B.    There Are Common Questions of Law and Fact Between This Civil Case and the Criminal Matter ................................. 14

V.    A Stay of Discovery Is Warranted in the Interests of Justice ............. 14

    A.    The Public Interest in Expeditious Legal Proceedings Is Outweighed by the Public's and the People's Interest in Maintaining the Confidentiality of the Victims and Witnesses in the Criminal Matter and Preserving the Integrity of the Criminal Process ............................................ 14

    B.    The Convenience of the Court and Efficient Use of Judicial Resources Weigh in Favor of a Stay ........................... 17

    C.    Defendants' Purported Prejudice from a Short Stay of Civil Discovery Is Overstated ................................................. 18

    D.    A Stay Is Also Mandated by the TVPRA ................................. 20

VI.    Defendants' Proposal for Piecemeal Adjudication of Objectionable Discovery Is Impractical ............................................. 21

CONCLUSION .................................................................................. 22

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Alvarado v. Superior Court*
    23 Cal.4th 1121 (2000)....................................................................11, 15

*Bureerong v. Uvawas*
    167 F.R.D. 83 (C.D. Cal. 1996) .........................................................17

*California ex rel. Lockyer v. United States*
    450 F.3d 436 (9th Cir. 2006)..............................................................11

*County of Fresno v. Andrus*
    622 F.2d 436 (9th Cir. 1980)..............................................................12

*Donnelly v. Glickman*
    159 F.3d 405 (9th Cir. 1998)................................................................9

*Gen. Elec. Co. v. Liang*
    No. CV 13–08670 DDP, 2014 WL 1089264 (C.D. Cal. Mar. 19,
    2014)....................................................................................................19

*Greene v. United States*
    996 F.2d 973 (9th Cir. 1993)............................................................9, 12

*Halliday v. Spjute*
    No. 1:07-CV-00620 AWI GSA, 2008 WL 5068588 (E.D. Cal. Nov.
    25, 2008)..............................................................................................15

*In re Worldcom, Inc. Sec. Litig.*
    No. 02–CIV–3288 (DLC), 2002 WL 31729501 (S.D.N.Y. Dec. 5,
    2002)....................................................................................................18

*Lizarraga v. City of Nogales*
    CV–06–474, 2008 WL 4079991 (D.Ariz. Aug. 29, 2008)..................16

*Lizarraga v. City of Nogales*
    No. CV-06-474 TUC DCB, 2007 WL 215616 (D. Az. Jan. 24,
    2007)....................................................................................................16

*S.E.C. v. Nicholas,*
    569 F. Supp. 2d 1065 (C.D. Cal. 2008).......................7, 10, 13, 15, 17

ii

1

2

**TABLE OF AUTHORITIES**
**(continued)**

Page

3

*Northwest Forest Res. Council v. Glickman*

4
    82 F.3d 825 (9th Cir. 1996) ...................................................................... 13

5

*S.E.C. v. Chestman*

6
    861 F.2d 49 (2d Cir. 1988) ...................................................................... 10

7

*S.E.C. v. Christian Stanley, Inc.*
    No. CV117147GHKMANX, 2012 WL 13009158 (C.D. Cal. Sept.

8
    6, 2012) ...................................................................................................... 19

9

*S.E.C. v. Ficeto*

10
    No. CV 11-1637-GHK (C.D. Cal. Jul. 2, 2013) ........................................ 16

11

*S.E.C. v. Fraser*

12
    No. CV-09-PHX-GMS, 2009 WL 1531854 (D. Az. Jun. 1, 2009) ..................... 16

13

*S.E.C. v. Global Materials & Servs., Inc.*
    No. SACV 08–0881 DOC (RNBx), 2008 WL 4948748 (C.D. Cal.

14
    Nov. 17, 2008) ............................................................................................ 17

15

*S.E.C. v. Kanodia*

16
    153 F. Supp. 3d 478 (D. Mass. 2015) ...................................................... 16

17

*S.E.C. v. Mazzo*

18
    No. SACV 12-1327-DOC (ANX), 2013 WL 812503 (C.D. Cal.

19
    Feb. 25, 2013) ............................................................................................ 16

20

*S.E.C. v. Oakford Corp.*
    181 F.R.D. 269 (S.D.N.Y. 1998) .............................................................. 16

21

22

*S.E.C. v. Smith*
    No. 2:05-CV-00941 (C.D. Cal. Sept. 23, 2005) ........................................ 17

23

24

*S.E.C. v. Treadway*
    No. 04 CIV.3464 VM JCF, 2005 WL 713826 (S.D.N.Y. Mar. 30,

25
    2005) .......................................................................................................... 10

26

*Sanrio, Inc. v. Ronnie Home Textile Inc.*
    No. 2:14–cv–06369–RSWL (JEMx), 2015 WL 1062035 (C.D. Cal.

27
    Mar. 10, 2015) ............................................................................................ 17

28

iii

1
2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3

*SEC v. Jones*

4

No. 04 Civ. 4385(RWS), 2005 WL 2837462 (S.D.N.Y. Oct. 28,

5

2005) ...................................................................................................... 18, 19

6

*Town of Chester, N.Y. v. Laroe Estates, Inc.*
137 S.Ct. 1645 (2017) ................................................................................ 12

7

8

*United States Commodity Futures Trading Comm'n v. A.S. Templeton
Grp., Inc.*

9

297 F. Supp. 2d 531 (E.D.N.Y. 2003) ....................................................... 17

10

STATUTES

11

California Penal Code § 1054.7 ......................................................... 10, 11

12

CONSTITUTIONAL PROVISIONS

13

Fifth Amendment ............................................................................... 10, 15

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTRODUCTION

Defendants have clearly taken the old adage to heart that when neither the facts nor the law are on your side, you should make an ad hominem attack on your opponent. Defendants accuse the Department of Justice (DOJ) attorneys of "governmental misconduct" without citing to any fact or evidence to support this claim. Defendants' baseless and inflammatory allegations of misconduct are clearly made for the sole purpose of distracting this court from the core issue in this motion: the People of the State of California seek to intervene in this case and stay discovery to protect the victims and witnesses in a related criminal matter whose identities have not been revealed based on valid and substantiated concerns for their safety. Indeed, defendants' willingness to make such groundless accusations against government attorneys – accompanied by their underhanded tactic in subpoenaing those attorneys to testify at the hearing on this motion – validates the People's concerns regarding the safety of the victims and witnesses in the criminal matter.[1]

Defendants' oppositions are made up of nothing more than misleading and irrelevant attacks on counsel, misstatements of the applicable law, and meritless evidentiary objections. The motion to intervene is timely because it was made at a very early stage in this proceeding – before discovery commenced and before the court has ruled on any substantive motions, and there is no prejudice to the parties based on intervention at this time. The People have a substantial interest in protecting the identities of the victims and witnesses in the related criminal matter, that interest will be impaired absent intervention, and the existing parties will not adequately represent the People's interest. Accordingly, intervention as of right is appropriate. Further, the intervention will not unduly delay the case or prejudice

---

[1] On Friday, June 26, 2020, counsel for defendants sent a notice of subpoenas to counsel for the People seeking testimony and documents from two attorneys in the Attorney General's office and demanding immediate acceptance of service by email under the veiled threat of sending process servers to the attorneys' homes over the weekend. Supp Dean Decl., ¶ 2, Ex. 8.

the parties, and there are common questions of law and fact.  Therefore, permissive intervention is appropriate.

A stay of discovery is warranted because the public and defendants' interest in expeditious civil proceedings is outweighed by the public and the People's interest in maintaining the confidentiality of the victims and witnesses in the criminal matter to ensure a fair and full criminal process.  Defendants cite no evidence to support their bare assertions of prejudice, which are also outweighed by the interests at stake in the criminal matter.  The Trafficking Victims Protection and Reauthorization Act (TVPRA) also supports a stay of discovery.

Defendants' proposal to have the court adjudicate piecemeal objections to discovery is unworkable, and could lead to the inadvertent disclosure of the victims' and witnesses' identities based on the objections interposed by DOJ. Accordingly, the People respectfully request that the court grant their motion to intervene and stay discovery and disclosures until the conclusion of the criminal matter.

## ARGUMENT

## I.    DEFENDANTS' EVIDENTIARY OBJECTIONS LACK MERIT

Defendants' boilerplate evidentiary objections lack merit for several reasons. First, defendants assert that, absent a request for judicial notice, the court cannot consider the Second Amended Felony Complaint, Minute Order and Transcript of Hearing from the criminal matter.  Defendants cite no authority for this novel proposition.  But, more, importantly, the burden of proving authenticity of a document is slight and only requires "'evidence sufficient to support a finding that the matter in question is what its proponent claims.'"  *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532-533 (9th Cir. 2011) (quoting Fed. R. Evid. 901(a)).  In addition, the court can consider alternative means of authentication under Federal Rules of Evidence 901(b)(4).  One of the prosecutors in the criminal case attested to the authenticity of these documents from the criminal file.  Dkt. No. 50-3.  In

1    addition, the transcript of the criminal court hearing includes the court reporter's

2    certification.  Dkt. No. 50-6 at 27.  Also, the Second Amended Felony Complaint

3    contains the Los Angeles Superior Court file stamp.  Dkt. No. 50-4 at 2.  Moreover,

4    defendants do not identify any basis to contest the authenticity of these documents.

5    Indeed, counsel for Defendant Garcia, who is also his counsel in the criminal

6    matter, does not dispute the authenticity of these documents and even refers to the

7    minute order in his joinder.  Dkt. No. at 2:1-4.  Significantly, Defendant Garcia

8    does not join in the evidentiary objections.  *Id*. at 2-14.

9        Defendants also erroneously object to the documents and declaration

10   testimony of Jeffrey Segal based on hearsay.  Dkt. No. 61-8. The People do not

11   submit the Second Amended Felony Complaint and Mr. Segal's testimony

12   regarding it to prove the truth of the allegations contained therein but instead to

13   demonstrate the similarity between the criminal and civil cases.  Similarly, the

14   minute order and transcript of the hearing in the criminal case are submitted for the

15   non-hearsay purpose of establishing that the People took measures – and the

16   superior court issued an order – to protect the identities of the victims and witnesses

17   in the criminal case.  An out-of-court statement is not hearsay when it is offered to

18   show the *existence* of a fact rather than its truth.  *Harvey Barnett, Inc. v. Shidler*,

19   338 F.3d 1125, 1130, n. 4 (10th Cir. 2003)

20       In addition, defendants assert specious objections to the declaration testimony

21   of Mr. Segal regarding DOJ's intentions with respect to re-filing the case,

22   advancing the case pursuant to statutory timeframes and avoiding seeking

23   continuances.  Dkt No. 61 at 7:13-8:26. Mr. Segal is part of the prosecution team,

24   and defendants' objections to these statements as speculative, improper lay

25   opinions, and hearsay are wholly devoid of merit.

26       Finally, Mr. Segal's statements regarding the DOJ's concerns about the safety

27   of the victims and witnesses in the criminal case are based on his personal

28   knowledge and are not offered to prove the truth of the matters asserted (e.g., the

"victims and witnesses have been subject to harassment and intimidation"), but rather to show the effect on the DOJ attorneys.  An out-of-court statement is not hearsay if offered to show the effect on the hearer, reader or viewer rather than to prove the truth of the content of the statement: e.g., to show that a party had prior notice or knowledge; that a party was given a warning; or to prove a party's motive, good faith, fear, etc., where such matters are relevant to an issue in the case.  *See Doe v. Valencia College*, 903 F.3d 1220, 1230, fn. 8 (11th Cir. 2018) (no abuse of discretion in considering female college student's statements in complaint and to dean because both were evidence of what student conduct committee and dean considered in reaching decision to suspend male student for stalking).  Even "[r]umors may be admitted, without regard to their accuracy, to show their motivating effect on the listener."  *Ira Green, Inc. v. Military Sales & Service Co.*, 775 F.3d 12, 19 (1st Cir. 2014).  The information in Mr. Segal's declaration regarding DOJ's concerns for the safety of the victims and witnesses in the criminal case is the same type of information provided to the judge in camera in the criminal case to support the People's request to avoid disclosure of the identities of the victims and witnesses and forms the basis of their interest in intervening in this case to stay discovery.  Thus, this testimony is not hearsay, speculation, or improper lay opinion testimony.

## II.   THE MOTION TO INTERVENE IS TIMELY

The People's motion to intervene in this action – whether as of right or permissively – is timely.  Courts consider three factors in determining whether a motion to intervene is timely: "the stage of the proceeding, prejudice to other parties, and the reason for and length of the delay."  *United States v. State of Oregon*, 913 F.2d 576, 588 (9th Cir. 1990).  Courts consider the same three factors in determining the timeliness of a permissive motion to intervene.  *League of Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997).  The People's motion to intervene meets the factors for timeliness.

## A.    Intervention Is Timely at This Very Early Stage in the Proceedings

The People's motion to intervene easily satisfies the first criteria because this civil case is at a very early stage of the proceedings – not all defendants have answered the complaint, no discovery has been taken, no dispositive or other significant motions have been filed or ruled on, and no trial date has been set.  *See Northwest Forest Resources Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) (motion to intervene filed before any proceedings or substantive rulings took place was timely).  Defendants' argument that the motion is untimely simply because it was filed four months after the complaint was filed is flawed.  "[T]he length of time that has passed since a suit was filed does not alone determine timeliness." *United States v. State of Oregon*, 913 F.2d at 588.  Rather, the key issue for the first criterion is whether the case is at an early or an advanced stage in the litigation. *League of Latin Am. Citizens,* 131 F.3d at 1303 (where the district court "has substantively – and substantially – engaged the issues" in the case weighs heavily against allowing intervention as of right); *see also, Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 649 (N.D. Cal. 2004) (holding that motion to intervene filed more than two years after complaint filed was timely because it was filed during the discovery phase "well before the court has addressed any of the parties' many anticipated dispositive motions").

The cases relied on by defendants are inapplicable because – unlike this case – they involve motions to intervene filed at a time when "a lot of water [has] passed under . . . [the] litigation bridge." *Smith v. Marsh*, 194 F.3d 1045, 1050 (9th Cir. 1999) (quoting *League of Latin Am. Citizens*, 131 F.3d at 1303).  In *United States v. State of Oregon*, the motion to intervene was deemed untimely because it was filed nearly twenty years after the litigation was filed, but, more importantly, it was filed after a consent decree had been entered after four years of negotiation in a complex case.  *United States v. State of Oregon*, 913 F.2d at 588.  In *Stadnicki on Behalf of*

*Lending Club Corp. v. Laplanche*, 804 Fed. Appx. 519 (9th Cir. 2020), the court held that the motion to intervene was untimely where it was filed nearly two years after counsel learned of the lawsuit and when the case was at a "very advanced stage" after approval of a settlement in a related class action. *Id*. at 521.  In *United States v. Alisal Water Corp*., 370 F.3d 915 (9th Cir. 2004), the court held that the motion to intervene was untimely when it was filed four years after the lawsuit was filed and at an advanced stage of the proceeding when motions for partial summary judgment and a bench trial were scheduled for the week after the motion to intervene was filed. *Id*. at 921.  In *League of Latin Am. Citizens,* the court held that the motion to intervene was untimely when it was filed approximately twenty-seven months after the lawsuit had been filed, after the court had issued a temporary restraining order and preliminary injunction, after the court ruled on a motion to dismiss and a motion for summary judgment, and after discovery had proceeded for nine months. *League of Latin Am. Citizens,* 131 F.3d at 1303.  In *Smith v. Marsh*, the court held that the motion to intervene was untimely when it was filed over a year after the lawsuit was filed, after the court had decided several substantive motions, and discovery was well underway.  *Smith v. Marsh*, 194 F.3d at 1047-1048, 1050-1051.  In *Chamness v. Bowen*, the district court held that a motion to intervene was untimely when the intervenor filed his motion to intervene while a motion for summary judgment was pending, and the Ninth Circuit agreed. *Chamness v. Bowen*, No. CV 11-01479 ODW (FFMx), 2011 WL 3021492, at *2 (C.D. Cal. July 21, 2011), aff'd, 722 F.3d 1110 (9th Cir. 2013).  Finally, in *Roman Catholic Bishop of Monterrey v. Cota*, No. CV 15-8065-JFW (RAOx), 2016 WL 320741 (C.D. Cal. Jan. 8, 2016), the court held that the motion to intervene was untimely because "it was filed *more than 100 years*" after a final judgment adjudicating the ownership interests in the subject real property and more than ten years since the proposed intervenor should have been aware of its interest. *Id*. at *4, *5.  It is clear that the facts and timing of the cases relied on by defendants are

1  wholly distinguishable from the facts and timing of the case at bar.  Unlike the

2  belated motions filed in the cases relied on by defendants, the People's motion to

3  intervene was filed at a very early stage in the litigation.

### B.  Intervention at This Time Will Not Cause Any Prejudice to the Parties

6      The timing of the People's motion to intervene will not cause any prejudice to

7  the other parties to this litigation; therefore, the motion to intervene satisfies the

8  second criterion for determining timeliness.  Prejudice to existing parties is "the

9  most important consideration in deciding whether a motion for intervention is

10  untimely."  *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir.

11  2016) (citation omitted).  "[T]he only 'prejudice' that is relevant under this factor is

12  that which flows from a prospective intervenor's failure to intervene after he knew,

13  or reasonably should have known, that his interests were not being adequately

14  represented—and not from the fact that including another party in the case might

15  make resolution more 'difficult[ ].'"  *Id.* (citations omitted).  Thus, the relevant

16  inquiry is not how much prejudice would result from allowing the intervention but

17  rather how much prejudice would result from the failure to request the intervention

18  sooner.  *Id.*  Given that this case is in a very early stage of litigation – no

19  substantive motions have been filed or ruled on and no discovery has taken place –

20  there is no undue prejudice to the parties simply because the People filed their

21  motion four months after the lawsuit was filed.

22      Unsurprisingly, defendants give little attention to this second criterion in their

23  opposition because they will suffer no prejudice due to the fact that the Peoples'

24  motion was not filed sooner.  Any delay or prejudice that flows from the proposed

25  stay should not be considered in determining whether any delay or prejudice might

26  result from the intervention.  *See S.E.C. v. Nicholas,* 569 F. Supp. 2d 1065, 1068

27  (C.D. Cal. 2008).  Accordingly, defendants' arguments regarding prejudice caused

28  by the requested discovery stay are unavailing.

Defendants half-heartedly argue that they are prejudiced by the timing of the People's motion because they answered the complaint rather than filing a motion to dismiss. Defendants do not state any basis upon which they would have filed such a motion. In any event, this contention lacks merit because regardless of the timing of the People's motion to intervene, defendants would have been required to respond to the complaint. If defendants believe they have a basis to challenge the complaint on its face, they can still file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). There is simply no prejudice to defendants based on the timing of the People's motion to intervene; thus, the People's motion satisfies the "most important" factor for timeliness.

## C.    Given the Timing of the Intervention and Lack of Prejudice, the Reason for and Length of the Delay Is Irrelevant

Defendants' opposition focuses on the third criterion – the reason for and length of the alleged delay in filing the motion. Defendants' emphasis on this criterion is misplaced, however. Where – as here – both the first and second timeliness factors are satisfied, the Ninth Circuit has found motions to be timely even in the face of longer delays than are present in this case. *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d at 861. This is true even when a substantial lapse of time has passed or the proposed intervenor has unduly delayed seeking to intervene. *League of Latin Am. Citizens*, 131 F.3d at 1304. As discussed above, the cases relied on by defendants are inapplicable because they involve much longer periods of delay and attempted intervention at late stages in the litigation. Thus, even assuming that the People learned of this litigation when the complaint was filed in February 2020, the motion to intervene is timely. Moreover, defendants appear to ignore that shortly after the complaint was filed, a pandemic resulted in unprecedented stay-at-home orders and the closure of many courts and legal offices as staff shifted to teleworking. Defendants also make much of the fact that counsel for the People would not answer questions about the timing of the filing of the

1    motion, but defendants' questions improperly sought information about internal

2    communications among attorneys in the DOJ that are protected by the attorney-

3    client privilege and the work product doctrine.[2]  Defendants' conspiracy theories

4    about the timing of the motion lack any evidentiary support and are based entirely

5    on conjecture; defendants' unfounded accusations should be given no credence.

6        The People's motion to intervene and stay discovery in this action is timely,

7    and, as discussed below, the motion meets all the other elements for intervention as

8    of right and permissive intervention and should therefore be granted.

9    **III.    THE PEOPLE MEET THE ELEMENTS FOR INTERVENTION AS OF RIGHT**

10       **A.    The People Have a Significant Protectable Interest in
              Maintaining the Confidentiality of Victims and Witnesses in,
11            and the Integrity of, the Criminal Matter That Will Be
              Impaired Absent a Stay of Discovery**
12

13       In addition to timeliness, to satisfy the factors for intervention as of right, the

14   intervenor must also demonstrate "an interest relating to the subject of the action,

15   practical impairment of the party's ability to protect that interest, and inadequate

16   representation by the parties to the action."  *Greene v. United States*, 996 F.2d 973,

17   976 (9th Cir. 1993).  In determining whether intervention is appropriate, courts are

18   guided primarily by practical and equitable considerations and interpret the

19   requirements broadly in favor of intervention.  *Donnelly v. Glickman*, 159 F.3d 405,

20   409 (9th Cir. 1998).  "No specific legal or equitable interest need be established."

21   *Greene*, 996 F.2d at 976.

22       As set forth in the moving papers, the People have a significant interest in

23   protecting the identities of the victims and witnesses in the criminal matter and

24   ensuring the integrity of the criminal process.  Courts have routinely held that

25   prosecutors have a "discernable interest in intervening in order to prevent discovery

26   _____
         [2] Defendants state that they are "informed and believe" that the DOJ and
27   plaintiff have been coordinating this case, but they fail to cite to any evidence or
     even to explain how defendants came to be so informed.  Dkt. No. 57 at 7:15-18
28   and 28:16-18.  This assertion is based entirely on conjecture arising solely from the
     chronology of events in this case.

in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (holding government intervention appropriate to prevent civil discovery from being used to circumvent discovery in criminal matter); *see also, Nicholas*, 569 F. Supp. 2d at 1068 (numerous courts have allowed the government "to intervene in a civil case for the purpose of moving to stay discovery and other proceedings until the resolution of a related criminal case."). "[W]here, as here, formal criminal charges have been brought, there is a greater risk that limitations on criminal discovery will be circumvented by the liberal discovery permitted in civil litigation. *S.E.C. v. Treadway*, No. 04 CIV.3464 VM JCF, 2005 WL 713826, at *3 (S.D.N.Y. Mar. 30, 2005). Criminal discovery is "purposefully limited so as to prevent perjury and manufactured evidence, to protect potential witness from harassment and intimidation, and to level the playing field between the government and the defendant, who would be shielded from certain discovery by the Fifth Amendment." *Nicholas*, 569 F. Supp. 2d at 1071-1072.

The People cited the fact that they obtained a protective order pursuant to California Penal Code section 1054.7 in the criminal matter to prevent disclosure of the identities of the victims and witnesses as evidence of their interest in this case.[3] California Penal Code section 1054.7 is part of a statutory scheme regulating discovery in criminal cases and provides, in relevant part:

> The disclosures required under this chapter shall be made at least 30 days prior to the trial, unless good cause is shown why a disclosure should be denied, restricted, or deferred. … "Good cause" is limited to threats or possible danger to the safety of a victim or witness, possible loss or destruction of evidence, or possible compromise of other investigations by law enforcement.

---

[3] Defendants note that the minute order does not refer to Penal Code section 1054.7, but the transcript of the hearing reflects that statute as the basis of the ruling. Dkt. No. 50-6 at 20:1-13.

Cal. Pen. Code § 1054.7.  A trial court has considerable discretion pursuant to Penal Code section 1054.7 to protect a witness's identity before trial.  *Alvarado v. Superior Court*, 23 Cal.4th 1121, 1135-1136 (2000), *reh'g denied, cert. denied* 121 S.Ct. 1644 (2001).  Thus, the People have acted to preserve the victims' and witnesses' identities – and that information has not been disclosed in the criminal case – to protect the safety of those individuals.

Defendants' argument that the order in the criminal matter and California Penal Code section 1054.7 do not govern third party discovery or the parties in this case proves the People's point.  If the order in the criminal matter governed the discovery in this case, the People's current motion would be unnecessary.  Given that the discovery in this case is *not* governed by the superior court's order or the California Penal Code, the People's interest in maintaining the confidentiality of the victim's and witnesses' identities will be practically impaired if discovery is permitted and the victim's and witnesses' identities are thereby disclosed.  Thus, this motion is necessary and should be granted.

Defendants' argument that the People must identify a specific law that protects their interests is contrary to Ninth Circuit jurisprudence.  This same argument was rejected in *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).  In *California ex rel. Lockyer*, the court held that health care providers are entitled to intervene in a case challenging the constitutionality of a federal appropriations rider even though the rider "does not give the proposed intervenors any enforceable rights, nor does it seek to protect any of their existing legal rights." *Id*. at 441, 445.  The court stated, "[O]ur intervention caselaw has not turned on such technical distinctions.  Rather, we have taken the view that a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id*. at 445.  In another case, the Ninth Circuit held:

//

We have rejected the notion that Rule 24(a)(2) requires a specific legal or equitable interest.... We agree with the D.C. Circuit that "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." ... The "interest test" is basically a threshold one, rather than the determinative criterion for intervention, because the criteria of practical harm to the applicant and the adequacy of representation by others are better suited to the task of limiting extension of the right to intervene.

*County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) (citations omitted); *see also*, *Greene*, 996 F.2d at 976

Defendants also erroneously argue that Article III standing is required for intervention as of right, citing to the syllabus in *Town of Chester, N.Y. v. Laroe Estates, Inc*., 137 S.Ct. 1645 (2017).  Dkt. 61 at 3:18-20.  The complete statement of the rule is that an intervenor of right must demonstrate Article III standing "if the intervenor wishes to pursue relief not requested by a plaintiff."  *Id*. at 1648.  The People do not seek to intervene as a plaintiff-in-intervention and do not seek any remedies against defendants.  Thus, *Town of Chester* does not apply.

Equally inapt is defendants' contention that the motion to intervene should be denied because the People did not file a proposed complaint-in-intervention or answer-in-intervention.  Dkt. No. 57 at 14:24-28.  The People move to intervene solely to move for a stay of discovery; the People do not seek to become a full litigant to the final outcome of this case.  Defendants cite no cases in which a prosecutor's motion to intervene to stay discovery was denied for failing to file a superfluous "pleading."

The People have a significant interest relating to this action that will be practically impaired absent intervention.  Therefore, the People satisfy the second and third factors for intervention as of right.

### B. The People's Interest in Maintaining the Confidentiality of the Identities of Victims and Witnesses in the Criminal Matter Cannot Be Adequately Represented by the Parties in This Civil Matter

Defendants' argument that plaintiff will adequately represent the People's interest is based on an incorrect statement of the People's interest in this civil case. The People's sole interest in this civil case is to protect the identities of the victims and witnesses in the criminal matter; the People have no interest in whether judgment is entered in favor of plaintiff or defendant. Plaintiff cannot adequately represent the People's interest because plaintiff and defendants alike will seek discovery if there is no stay, and that discovery will likely lead to the disclosure of the identities of the victims and witnesses in the criminal case. Under Ninth Circuit law, all the People must show is that the existing parties' representation of the People's interests "may be" inadequate. *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). Since no parties in this litigation can adequately protect the identities of the victims and witnesses in the criminal matter if discovery is allowed to proceed, the People's interests cannot be adequately represented by the existing parties.

## IV. THE PEOPLE MEET THE ELEMENTS FOR PERMISSIVE INTERVENTION

### A. Intervention Will Not Unduly Delay This Case or Prejudice the Parties

Defendants contend they will be prejudiced by the People's intervention because if discovery is stayed, then adjudication will be delayed. This argument actually addresses potential prejudice caused by a stay of discovery, not by the intervention. Prejudice that "does not flow from the intervention, but instead from the proposed stay," is not relevant to this factor and therefore does not support denial of intervention. *Nicholas*, 569 F. Supp. 2d at 1068.

In addition, defendants' contention that there will be undue delay in the criminal proceeding is unsubstantiated. Without citing any evidence, defendants argue that the criminal matter "will take a year or more to conclude" and note that

the criminal case has yet to be refiled.  As set forth in the moving papers, however, the criminal complaint should be refiled by the time of the hearing on this motion, and the prosecutors intend to advance the case without delay.  Dkt. No. 50-3 at 2:23-3:1.  Thus, there will be no undue delay or prejudice if the motion is granted.

**B.    There Are Common Questions of Law and Fact Between This Civil Case and the Criminal Matter**

Defendants take an overly narrow view of the criminal case in order to argue that there are no common questions of law and fact.  Contrary to defendants' assertion, the criminal complaint does not involve a single count against Defendant Garcia.  Rather, as set forth in the criminal complaint, the People have alleged a conspiracy among Garcia and his "assistants" to groom, indoctrinate, traffic, sexually assault, and rape minor girls and to produce child pornography.  Dkt. No. 50-4.  Similarly, plaintiff in this case alleges that La Luz Del Mundo (LLDM) was essentially a nest of pedophiles engaged in trafficking girls, including plaintiff, for sexual assault.  Complaint, ¶¶ 2, 4, 6, 7, 48, 104, 130, 131, 132, 134, 136, 137, 139, 181, 191, 236, 251 and 252.  Thus, there are common questions of law regarding trafficking and sexual assault of minors, as well as common questions of fact regarding the allegations that defendants in both the criminal and civil cases – all members of LLDM – engaged in a systematic practice of trafficking minor children for the sexual gratification of Garcia and others.

**V.    A Stay of Discovery Is Warranted in the Interests of Justice**

**A.    The Public Interest in Expeditious Legal Proceedings Is Outweighed by the Public's and the People's Interest in Maintaining the Confidentiality of the Victims and Witnesses in the Criminal Matter and Preserving the Integrity of the Criminal Process**

Defendants assert that the public interest in expeditious civil legal proceedings outweighs the public interest in maintaining the integrity of the related criminal proceedings.  The opposite is true.  In fact, defendants' erroneous assertion is contradicted in a case cited by defendants, which sets forth:

1  The public has a strong interest in a well functioning criminal justice

2  system. Administrative policy gives priority to the public interest in law

3  enforcement, such that a trial judge must give substantial weight to it in

4  balancing the policy against the rights of a civil litigant in prompt

5  determination of his claims.

6  *Halliday v. Spjute*, No. 1:07-CV-00620 AWI GSA, 2008 WL 5068588, at *4 (E.D.

7  Cal. Nov. 25, 2008) citing *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir. 1962).

8  Thus, the public has a vital interest in seeing that criminals are brought to justice

9  efficiently and that the enforcement of the criminal law is given priority.  Further,

10  the public has an interest in preventing civil courts from being used to subvert a

11  criminal investigation or prosecution and that civil discovery rules do not supplant

12  the criminal rules, which are designed "to prevent perjury and manufactured

13  evidence, to protect potential witnesses from harassment and intimidation, and to

14  level the playing field between the government and the defendant, who would be

15  shielded from certain discovery by the Fifth Amendment."  *Nicholas*, 569 F. Supp.

16  2d at 1072-1073 (internal citations omitted) (finding the criminal proceedings were

17  of primary importance to the public, and the civil case "is not of an equally pressing

18  nature").

19      More specifically, the People and the public have a substantial interest in

20  protecting the identities of the victims and witnesses in the related criminal matter

21  to ensure their safety and to ensure that the truth can be presented through these

22  individuals' testimony at trial – especially given the substantial criminal charges

23  against Garcia of human trafficking, sexual assault and rape of minor girls, and

24  child pornography.  *See Alvarado*, 23 Cal.4th at 1135-1136.  Defendants' dismissal

25  of this vital interest as a mere concern about retaining a "tactical advantage"

26  underscores the superficiality of their analysis of this issue.

27      The cases cited by defendants are inapposite because – unlike the present

28  motion – they involve motions where the prosecutor articulated only generalized

1    arguments and "broad claims of possible abuse" of the civil discovery rules. *S.E.C.*

2    *v. Mazzo*, No. SACV 12-1327-DOC (ANX), 2013 WL 812503, * 2 (C.D. Cal. Feb.

3    25, 2013) (denying motion to stay based on general concern that criminal defendant

4    should not use civil discovery to obtain information not allowed under criminal

5    discovery rules); *S.E.C. v. Kanodia*, 153 F. Supp. 3d 478, 481 (D. Mass. 2015) (the

6    fact that a criminal defendant could obtain information earlier than  the government

7    would be required to disclose it does not, without more, support a stay of

8    discovery); *S.E.C. v. Fraser*, No. CV-09-PHX-GMS, 2009 WL 1531854 (D. Az.

9    Jun. 1, 2009) ("The Government, however, offers only the conclusory allegation

10   that the criminal case might be harmed simply because civil discovery rules are

11   more broad than criminal discovery rules."); *Lizarraga v. City of Nogales*, No. CV-

12   06-474 TUC DCB, 2007 WL 215616, at *3 (D. Az. Jan. 24, 2007) ("[c]onclusory

13   allegations of potential abuse or simply the opportunity for the plaintiff to exploit

14   civil discovery are generally unavailing to support a motion for stay.")[4]  As one

15   court noted, generalized tactical concerns about a criminal defendant gaining an

16   advantage via civil discovery are not sufficient to support a stay of discovery.

17   *Kanodia*, 153 F. Supp. 3d at 484.  In addition, the cases relied on by defendants

18   noted that when the government files parallel criminal and civil proceedings, the

19   government should be prepared to go forward with both, but where – as here – the

20   civil proceeding is filed by a third party, a discovery stay is more favored.

21   *Kanodia*, 153 F. Supp. 3d at 482; *Fraser*, 2009 WL 1531854 at *3.  Defendants'

22   reliance on *S.E.C. v. Oakford Corp*., 181 F.R.D. 269 (S.D.N.Y. 1998) is misplaced

23   because it involved a motion to dismiss, not a motion to stay discovery.  *Id*. at 270.

24        It is not uncommon for courts in this district to grant stays of civil discovery

25   pending the outcome of parallel criminal cases.  *See, e.g., S.E.C. v. Ficeto,* No. CV

26   11-1637-GHK (RZx) (C.D. Cal. Jul. 2, 2013) (King, C.J.) (granting stay of entire

27   _____

     [4] The court in *Lizarraga* eventually granted a motion to stay when more
28   specific issues arose. *See Lizarraga v. City of Nogales,* CV–06–474, 2008 WL
     4079991, at *3-4 (D.Ariz. Aug. 29, 2008).

S.E.C. action pending resolution of criminal case); *S.E.C. v. Global Materials & Servs., Inc.*, No. SACV 08–0881 DOC (RNBx), 2008 WL 4948748, at *3 (C.D. Cal. Nov. 17, 2008) (Carter, J.) (granting motion to stay discovery and noting that "the Government's ability to prosecute its criminal case may be diminished if witnesses are forced to give testimony in this civil case" (quotations omitted)); *Nicholas*, 569 F. Supp. 2d at 1068 (Carney, J.) ("numerous courts have allowed the United States government to intervene in a civil case for the purpose of moving to stay discovery and other proceedings until the resolution of a related criminal case"); *S.E.C. v. Smith*, No. 2:05-CV-00941 (C.D. Cal. Sept. 23, 2005) (Snyder, J.) (granting government's motion to intervene and stay discovery until the conclusion of criminal trial); *Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (Collins, J.) (same).  Given the interests at stake and the circumstances of this case, a stay is warranted here as well.

### B.    The Convenience of the Court and Efficient Use of Judicial Resources Weigh in Favor of a Stay

Defendants' argument that the convenience of the courts and efficient use of judicial resources weigh in favor of denial of a stay because the People seek "an indefinite stay" lacks merit.  Unlike in *Sanrio, Inc. v. Ronnie Home Textile Inc.*, No. 2:14–cv–06369–RSWL (JEMx), 2015 WL 1062035, at *4 (C.D. Cal. Mar. 10, 2015) and *United States Commodity Futures Trading Comm'n v. A.S. Templeton Grp.*, *Inc.*, 297 F. Supp. 2d 531, 535-536 (E.D.N.Y. 2003), the criminal prosecution is not a mere possibility – charges have been filed (and will be refiled by the time of the hearing on this motion), and Defendant Garcia is being held in jail without bail. Defendants also contend that the identities of the victims and witnesses may never be disclosed in the criminal case, but this argument is a red herring.  The People do not seek an open-ended discovery stay but instead seek an order staying discovery until the criminal matter is resolved by way of a judgment of conviction, acquittal, or dismissal with prejudice.  Thus, the stay sought by the People is not indefinite,

1    and defendants' citations to cases involving uncharged defendants are not

2    instructive.

3        Moreover, the resolution of the criminal proceedings may serve to expedite the

4    civil proceedings, avoiding the needless expense of judicial time and resources. As

5    one court opined when issuing a stay, "The conviction of a civil defendant as a

6    result of a plea or following a trial can contribute significantly to the narrowing of

7    issues in dispute in the overlapping civil case[ ] and promote settlement of civil

8    litigation not only by that defendant but also by co-defendants who do not face

9    criminal charges." *In re Worldcom, Inc. Sec. Litig.*, No. 02–CIV–3288 (DLC),

10   2002 WL 31729501, at *2 (S.D.N.Y. Dec. 5, 2002) (internal citation omitted).

11   Thus, this factor weighs in favor of a stay.

12       **C.    Defendants' Purported Prejudice from a Short Stay of Civil
13           Discovery Is Overstated**

14       Defendants make red herring arguments unsupported by any specific facts or

15   evidence and rely on inapplicable law in their effort to demonstrate prejudice from

16   a stay of discovery.

17       First, defendants have not made any showing of the adverse effect of this case

18   – or more specifically a temporary stay of discovery in this case – on their

19   reputations.  In the sole case relied on by defendants, the defendant provided

20   evidence that he was unemployed and the pendency of the litigation was therefore

21   impacting him economically. *SEC v. Jones*, No. 04 Civ. 4385(RWS), 2005 WL

22   2837462, at *2 (S.D.N.Y. Oct. 28, 2005).  Moreover, the stay does not deprive

23   defendants of the ability to vindicate their names; they will be able to do so when

24   the stay is lifted.  Defendants' generalized and vague concern in this regard is

25   outweighed by the concern for the safety of the victims and witnesses in the

26   criminal case.

27       Second, defendants' reliance on cases involving uncharged defendants is

28   unavailing. Dkt. No. 57 at 22:21-23:1, 23:6-12.  Defendant Garcia has already been

charged and is being held in jail without bail.  Dkt. No. 50-4.  The charges will be immediately refiled after the case is remanded from the Court of Appeal.  Dkt. No. 50-3 at 2:23-3:1. The DOJ intends to proceed to trial as expeditiously as possible and does not intend to seek any continuances.  *Id*. at 3:1-6.

Finally, defendants' bare and speculative assertions that evidence could be lost and witnesses' memories could fade do not establish the kind of hardship that would weigh against a stay because defendants make no specific showing of which evidence would likely be lost or whose recollections would fade during the stay. *S.E.C. v. Christian Stanley, Inc.*, No. CV117147GHKMANX, 2012 WL 13009158, at *5 (C.D. Cal. Sept. 6, 2012).  This is especially true in this case because defendants already have access to all other individuals within LLDM with knowledge of the allegations in the civil complaint – other than plaintiff and the victims and witnesses in the criminal case – and LLDM's records to conduct an investigation and marshal evidence in their defense.  Moreover, the authority relied on by defendants to support this argument is easily distinguishable.  In *Gen. Elec. Co. v. Liang*, No. CV 13–08670 DDP (VBKx), 2014 WL 1089264 (C.D. Cal. Mar. 19, 2014), unlike this case, no criminal charges had been filed.  *Id*. at *3.  In addition, the nature of the claims and procedural status in *Gen. Elec. Co*. would cause substantial injury to the plaintiff if a stay were imposed because plaintiff was suing defendant for unauthorized copying of computer files containing confidential intellectual property.  *Id*. at *1, *4.  The court denied the stay requested by defendant in part based on the plaintiff's interest in determining whether and to whom its trade secrets had been disclosed to determine the need for additional preliminary injunctive relief.  *Id*. at *4.  The same concerns are not present here.

Thus, the purported burden on defendants weighs minimally, if at all, against a stay.

//

//

19

1

### D.    A Stay Is Also Mandated by the TVPRA

The TVPRA provides, "*[a]ny* civil action filed under subsection (a) shall be stayed during the pendency of *any* criminal action *arising out of the same occurrence* in which the claimant is the victim." 18 U.S.C. § 1595(b)(1) (emphasis added).  The mandatory stay provision was added to the TVPRA to alleviate the concern that civil suits could hinder a prosecutor's ability to try criminal cases "unfettered by the complications of civil discovery."  *See* H.R.Rep. No. 108–264(II), at 17 (2003).

Contrary to defendants' assertion, the plain language of the statute does not limit the mandatory stay to only those cases in which the plaintiff in the civil case is a victim on whose behalf the criminal matter is being prosecuted.  Rather, the TVPRA provides that the civil action shall be stayed pending a criminal action "arising out of the same occurrence" in which the plaintiff is the victim.  The People could find no case law defining this section as narrowly as defendants read it, and defendants cite no such authority.

This civil case arises out of "the same occurrence in which [plaintiff] is the victim."  Plaintiff alleges Defendant Garcia and other defendants engaged in criminal conduct not only with her, but also with other unspecified individuals.  Complaint, ¶¶ 2, 4, 6, 7, 48, 104, 130, 131, 132, 134, 136, 137, 139, 181, 191, 236, 251 and 252.  In addition, plaintiff's complaint alleges that members of LLDM conspired and assisted others in perpetrating the criminal conduct.  *Id.*  Thus, plaintiff's complaint alleges the same type of conduct – and thus "the same occurrence" – that is charged in the criminal case.  While the complaint does not identify the other individuals, the complaint is sufficiently broad to come within the ambit of the conduct for which Defendant Garcia and others are criminally charged.  Accordingly, a stay is mandated by the TVPRA.[5]

---

[5] Defendants' assertion that the People's inclusion of this argument as an additional ground for a stay demonstrates "coordination" between plaintiff and the

## VI. DEFENDANTS' PROPOSAL FOR PIECEMEAL ADJUDICATION OF OBJECTIONABLE DISCOVERY IS IMPRACTICAL

Defendants' proposal to have the court address specific discovery requests as they arise is not feasible for several reasons. First, defendants' proposal will cause inconvenience to the court and inefficient use of judicial resources because the court will be repeatedly called upon to adjudicate discovery objections. A stay will allow discovery to proceed at a later time unburdened by oversight and objections by the People. Second, defendants' proposal will cause the misallocation of scarce prosecutorial resources as the prosecution team will be required to repeatedly review and respond to discovery in the civil litigation while at the same time responding to defense motions and tactics in the criminal matter and working to bring the criminal matter to trial. Third, and most importantly, piecemeal objections and discovery motions create the risk that the identities of the victims and witnesses will be revealed. Defendants have already indicated that they will pursue the identity of the victims and witnesses in the criminal matter via discovery in this civil case. Dkt. No. 62 at 13:4-11. If defendants are permitted to pursue discovery, they may be able to out the victims and witnesses and thereby undermine the criminal court's order protecting their identities. The People anticipate that defendants will ask witnesses about conversations with DOJ attorneys and investigators and cooperating witnesses, or seek documents pertaining to the same in order to ascertain the identities of the victims and witnesses in the criminal case – either by direct implication or by the process of elimination. In addition, defendants may ascertain the identities of the victims and witnesses in the criminal matter based on the People's objections to specific discovery, such as objections to depositions of particular witnesses. DOJ is informed and believes that LLDM is a

---

DOJ defies logic. As defendants themselves point out, the People included this argument only after it was brought to their attention in an email sent by plaintiff's counsel to all counsel in this case. Dkt. No. 17 at 18:15-28. This occurrence demonstrates the opposite of coordination.

tight-knit community, making it possible to determine the identities of the victims and witnesses by the process of elimination.  Given that the identities of the victims and witnesses could be disclosed in a number of ways in response to various discovery devices, a stay – rather than piecemeal discovery objections and orders – is necessary to protect the People's interest and prevent the disclosure of this highly sensitive information.

The simultaneous prosecution of the civil and criminal cases will undermine the People's interest in a fair and efficient prosecution of individuals charged with serious crimes, distract the parties and the court involved in the criminal proceeding from preparing the criminal case, and tax this court's resources with burdensome discovery litigation and unnecessary law and motion.  Accordingly, a complete stay of discovery, rather than piecemeal objections and motions, is warranted in the interests of justice.

## CONCLUSION

For the reasons stated herein and in the moving papers, the People respectfully request that their motion for intervention and a stay of disclosures and discovery in this action be granted.

Dated:  June 29, 2020                          Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General


s/ Donna M. Dean

DONNA M. DEAN
Deputy Attorney General
*Attorneys for the People of the State of California*

22