Reed Aljian (State Bar No. 211010)
  *ra@dallp.com*
Rochelle Calderon Rotea (State Bar No. 325417)
  *rochelle@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:   949.861.2524
Facsimile:   949.269.6364

Attorneys for Defendants
COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA, ALMA ELIZABETH JOAQUIN, erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUIN ZAMORA

*Additional counsel on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>   Plaintiff,<br><br>   v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>   Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**REPLY IN SUPPORT OF MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE**<br><br>Complaint Filed:   February 12, 2020<br>Trial Date:   None Set<br><br>[Filed concurrently: Evidentiary Objections; Local Rule 7-8 Request To Cross-Examine at Hearing; and Declaration of R. Aljian ISO Request]<br><br>District Judge:   Otis D. Wright, II<br>Courtroom:   5D, 5th Floor<br>Magistrate Judge:   Alka Sagar<br>Courtroom:   540, 5th Floor<br><br>DATE: JULY 13, 2020<br>TIME:  1:30 p.m.<br>CTRM: 5D |

DAILY ALJIAN LLP
Newport Beach, California

Ethan J. Brown (SBN 218814)
 *ethan@bnsklaw.com*
Geoffrey A. Neri (SBN 258802)
 *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendants
JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN and JOSE LUIS ESTRADA

DAILY ALJIAN LLP
Newport Beach, California

# **TABLE OF CONTENTS**

I. INTRODUCTION …………………………………………………………..…1

II. DISCUSSION…………………………………………………………………....4

    A. Moving Defendants Seek To Enforce The Scheduling Order, Not Modify It; Participation In A Rule 26(f) Conference Is "Practicable" And Should Proceed Without Further Delay……………………………………………………..….4

    B. Moving Defendants Are Not Parties To A Criminal Case And Seek Discovery To Dispose Of A Frivolous Lawsuit Filed By A Plaintiff Who Is Not A Witness For The Prosecution In The Criminal Case……………………..…7

    C. The Opposition and Supporting Declaration Rely Upon Irrelevant, Unsupported, and Inadmissible Factual Allegations…………………....…..9

IV. CONCLUSION…………………………………………………………..12

# TABLE OF AUTHORITIES

## CASES

*Contentguard Holdings, Inc. v. ZTE Corp.*, Case No. 1:19-cv-00239-DAD-SKO, 2013 WL 12072533 (S.D. Cal. Jan. 16, 2013) .................................................. 6

*Flaherty v. Warehousemen, Garage & Serv. Station Emps.' Local Union No.* 334, 574 F.2d 484, 486 n.2 (9th Cir. 1978) ........................................................ 11

*ING Bank, FSB v. Fazah*, No. CIV S-09-1174 WBS EFB PS, 2009 WL 3824751 (E.D.. Cal. Nov. 16, 2009) ............................................................................ 5

*Jones v. Micron Tech. Inc.*, Case No. 18-cv-02518-JSW (KAW), 2019 WL 5406824 (N.D. Cal. Oct. 23, 2019) ................................................................... 6, 7

*Kling v. Superior Court*, 50 Cal. 4th 1068, 1077 (2010) .................................................... 9

*Lew v. Kona Hosp.*, 754 F.2d 1420, 1423-24 (9th Cir. 1985) ........................................... 11

*Mack-University LLC v. Halstead*, No. SACV-07-393 DOC (ANx), 2007 WL 4458823 (C.D. Cal. Sept. 25, 2007) .................................................................. 5

*People v. Superior Court (Barrett),* 80 Cal.App.4th 1305, 1313 (2000) .......................... 9

*People v. Superior Court (Broderick)*, 231 Cal.App.3d 584, 594 (1991) ........................ 9

*Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL 995569, at *6 (D. Ariz. Mar. 2, 2020) ................................................................................................................. 10

*Teal v. Superior Court*, 117 Cal. App. 4th 488, 491 (2004) ............................................. 9

*Zavala v. Kruse-W., Inc.*, Case No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254 (E.D. Cal. July 17, 2019) ......................................................................... 6

## STATUTES

18 U.S.C.A. § 1595 ............................................................................................................ 8

California Penal Code 1054 ..............................................................................8, 9

**RULES**

Fed. R Civ. P. 26..........................................................................................4, 5, 8

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff counsel admits that, immediately after the parties' May 27, 2020 Local Rule 7-3 meet and confer regarding the Motion at issue, she contacted the California Department of Justice ("DOJ") for the specific purpose of advising DOJ that "discovery may soon proceed" and that DOJ "should take whatever precautions they considered necessary." (Doc. 62-1, ¶48 (Declaration of Deborah Mallgrave.). Two hours later, the DOJ contacted counsel for the parties to advise them that the DOJ intended to intervene and to seek a stay. (Doc. 50-7, ¶2 (Declaration of Deputy Attorney General Donna Dean.) Ms. Mallgrave's admission is a powerful revelation and shines a light on the reasons behind Plaintiff's refusal to participate in the Rule 26(f) conference. It shows that Plaintiff's refusal had nothing to do with "practicality," service issues, or the assertion of the Fifth Amendment Privilege by one of the defendants. And it calls into question counsel's represention that Plaintiff would "participate in a Rule 26(f) conference before the deadline outlined in the Court's Scheduling Order." (Docket 62-1, ¶45.)

By refusing to appear at the conference, Plaintiff's counsel effected a unilateral discovery stay. The unilateral stay was deliberately deployed with the understanding that, when it appeared discovery would "soon proceed," Plaintiff's counsel would ask the DOJ to intervene and seek a formal discovery stay, thereby allowing Plaintiff to avoid dislosures and discovery. Even assuming Moving Defendants had proposed that the conference take place on the last possible day (i.e., August 24, 2020), the Court and the Moving Defendants would be in the exact same situation they are now. The only difference is that Plaintiff's counsel would have asked the DOJ to intervene and to stay discovery in August rather than June, and the hearing on that Motion would be in September rather than July.

On the merits, Plaintiff's Opposition is without merit. Moving Defendants do

DAILY ALJIAN LLP
Newport Beach, California

not seek to modify the Scheduling Order; they seek to enforce it. Moving Defendants have filed answers and are ready to litigate the case on its merits. The Court entered a Scheduling Order, requiring the parties to arrange for and participate in a Rule 26 Conference. Moving Defendants tried to arrange the conference, but Plaintiff's counsel refused to participate in one. Plaintiff counsel's excuses for not participating in the conference are unjustified. Participation in the conference is "practicable." Moving Defendants have appeared and answered and, therefore, the claims and defenses relating to Moving Defendants are settled. It is unclear whether any other parties will ever appear in this action. Moving Defendants are not exploiting civil discovery. *They did not file this lawsuit*; Plaintiff did. They are simply following the Court's Scheduling Order by attemping to arrange the Rule 26(f) Conference and to begin to conduct discovery "actively," as the Court directed (*See* Doc. 39, n.1.) Moving Defendants are not "circumventing" the DOJ's motion to intervene and to stay discovery (the "Rule 24 Motion"). The Rule 24 Motion is without merit. It is just another obstacle created to impede Moving Defendants' ability to commence discovery and thereby delay a quick disposition of this case.

To the extent good cause is required, it exists. Plaintiff's Complaint (the "Complaint") accuses Moving Defendants of raping, abusing, and trafficking her, and of being part of a criminal enterprise, among other things – none of which is true. In her Opposition, Plaintiff repeats and expands upon those accusations, claiming Moving Defendants are a violent group and that disclosure of witnesses would expose those persons to physical harm, threats, and intimidation – which is untrue. Not one of these accusations is supported by any evidence. Rather, the Opposition relies only upon references to the unverified complaint (not evidence), references to an attorney declaration (not evidence, for a number of reasons), or references to nothing (not evidence). Most notably, there is no declaration from Ms. Martin supporting any of her claims. Each day Moving Defendants remain in this case, and

are prevented from disposing of it on its merits, they are damaged. Counsel complains that Plaintiff has been harmed by being accused of fabricating her claims against Mr. Garcia, but then contends that Moving Defendants suffer no harm from being accused of rape, trafficking, and bestiality. There is abundant "good cause" to allow Moving Defendants to quickly and efficient clear their names.

Moving Defendants have other concerns with Plaintiff's Opposition. Among the concerns is the disconnect between the Opposition and Plaintiff's counsel's supporting declaration regarding Plaintiff's coordination with the DOJ—most proiminnently, the key window of time counsel does not address (the period between February 12 and May 27, 2020). Relying upon paragraph 6 of Deborah Mallgrave's declaration, the Opposition states "[c]ontrary to Defendants' insinuations, neither Plaintiff nor her counsel informed the California Attorney General in advance that Plaintiff was planning to file her Complaint, ***nor otherwise coordinated her civil suit with the State's criminal case***." (Doc. 62, 7:18-21 (emphasis added).) Ms. Mallgrave's declaration does *not* support that assertion, however; in fact, her declaration says something quite different. Her declaration states: "Prior to February 12, 2020, neither I nor any co-counsel or Plaintiff informed the California Attorney General that Plaintiff was filing her complaint, or that Plaintiff was holding a press conference on the following day." (Doc. 62-1, ¶6.) That's all she says. She does *not* say in her declaration what she says in her Opposition, namely, that Plaintiff's counsel has not coordinated with the DOJ. If in fact Plaintiff had not coordinated with the DOJ at all, Plaintiff's counsel would presumably have been willing to say so under oath.

Lastly, her declaration appears very carefully worded to avoid addressing the time period from February 12, 2020 through May 27, 2020. The failure to address this critical time period (explicitly discussed in the Motion) leaves unanswered through direct testimony whether Plaintiff and her counsel had been coordinating

3

with the DOJ and delayed the Rule 26(f) Conference in coordination with the DOJ, rather than for the practicality, service, or pleading issues alleged in the Opposition. For that reason, Moving Defendants are concurrently requesting the right to cross-examine Ms. Mallgrave (as well as Donna Dean and Jeffrey Segal, who filed declarations in support of the Rule 24 Motion) at the hearing on the Motion.

## II. DISCUSSION

### A. Moving Defendants Seek To Enforce The Scheduling Order, Not Modify It; Participation In A Rule 26(f) Conference Is "Practicable" And Should Proceed Without Further Delay.

Rule 26(f) states that the "attorneys of record…that have appeared in the case are jointly responsible for arranging the conference," and that the conference must take place "as soon as practicable." FED. R CIV. P. 26(f)(2); FED. R CIV. P. 26(f)(1). The Court's Scheduling Order set an August 24, 2020 deadline for the Rule 26(f) Conference. (Doc. 39, 2:4.) However, the Court also advised the parties to "begin to conduct discovery actively" and to "comply fully with the letter and spirit of Rule 26(a)." (*Id.*, n. 1.) Moving Defendants are attempting to arrange the conference and to begin discovery actively, as required by law and ordered by the Court so that they can dispose of this frivolous case as soon as possible.

Plaintiff contends that a Rule 26(f) conference is only appropriate after all named defendants have appeared and answered the complaint. On that basis, Plaintiff contends that it is "not practicable" to participate in the Rule 26(f) conference because the defendant named as La Luz Del Mundo ("LLDM") has not appeared and answered the Complaint, and because Mr. Garcia asserted his Fifth Amendment privilege in his answer. (Docket No. 62, 20:9-22.). Plaintiff also contends that Moving Defendants are attempting to modify the Court's Scheduling Order. Plaintiff is incorrect in all respects.

First, Moving Defendants are not attempting to modify the Scheduling Order;

4

they are seeking to enforce it. The Scheduling Order establishes a deadline for the parties to participate in the Rule 26(f) Conference. However, that does not mean that the parties are ordered to wait until the last minute to hold the conference. Moreover, the Court specifically advised the parties to "begin to conduct discovery actively." Moving Defendants are doing exactly as the Court directed–requesting that Plaintiff participate in the Rule 26(f) Conference without delay so that the parties can "begin discovery actively."

Second, the claims and defenses involving Moving Defendants are settled. Moving Defendants have appeared in the case and have filed answers.

Third, Rule 26 contemplates that the conference may proceed before all parties have been served, appeared and/or answered. FED. R CIV. P. 26(a)(1)(D) (addressing parties "first served or otherwise joined after the Rule 26(f) conference").

Fourth, in matters involving common facts, courts in this district have agreed that an order requiring participation in a Rule 26(f) conference and sanctions for failing to do so may bewarranted. For example, in *Mack-University LLC v. Halstead*, No. SACV-07-393 DOC (ANx), 2007 WL 4458823 (C.D. Cal. Sept. 25, 2007), the plaintiff had repeatedly requested that defendant participate in a Rule 26(f) conference. One of the defendants refused to cooperate or participate. *Id.* at *3. At that time, four of the five named defendants had not yet filed answers to the complaint. However, the defendant at issue (Jeanne Rowzee) had appeared and filed an answer the complaint. Given the defendant's refusal to participate in the conference, the plaintiff applied *ex parte* for expedited discovery. Because the defendant had refused to participate in the Rule 26(f) conference despite repeated requests, the court granted the *ex parte* application and ordered the defendant to participate in the conference within 10 days.

Similarly, in *ING Bank, FSB v. Fazah*, No. CIV S-09-1174 WBS EFB PS, 2009 WL 3824751 (E.D.. Cal. Nov. 16, 2009), the plaintiff requested that the parties

5

DEFENDANTS' REPLY ISO MOTION RE RULE 26 CONFERENCE

participate in a Rule 26(f) conference. The defendant did not respond and, therefore, refused to participate in the conference. The plaintiff moved for an order compelling defendant to participate in a Rule 26(f) conference. Again, the court granted the request. *Id.* at *3 ("Because defendant has failed to participate in the Rule 26(f) conference, plaintiff's motion for an order requiring him to do so is granted.").

Finally, the cases upon which Plaintiff relies for the proposition that the Rule 26(f) is not yet practicable do not apply to the circumstances of this case. For example, in *Zavala v. Kruse-W., Inc.*, Case No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254 (E.D. Cal. July 17, 2019), upon which Plaintiff primarily relies, the plaintiff moved for an order compelling defendants to participate in a Rule 26 conference. Those defendants had filed motions to dismiss, which were still pending. Therefore, the claims relating to those defendants were unsettled and, potentially, subject to dismissal. Here, to the contrary, Moving Defendants have filed answers and the pleadings are settled.

Similarly, in *Contentguard Holdings, Inc. v. ZTE Corp.*, Case No. 1:19-cv-00239-DAD-SKO, 2013 WL 12072533 (S.D. Cal. Jan. 16, 2013), the plaintiff moved for an order requiring defendants to participate in a Rule 26(f) conference. As in *Zavala*, and unlike here, those defendants had not yet filed answers and had motions to dismiss pending. Therefore, as in *Zavala*, and unlike here, the pleadings as to those defendants were not settled and were subject to dismissal.

Similarly, in *Jones v. Micron Tech. Inc.*, Case No. 18-cv-02518-JSW (KAW), 2019 WL 5406824 (N.D. Cal. Oct. 23, 2019), the plaintiff moved to compel defendants to participate in a Rule 26(f) conference or, in the alternative, for expedited discovery. In that case, two separate cases had been consolidated into a single action. The defendants argued that the conference was premature because the court had ordered the plaintiff to file a new consolidated complaint, which had not yet been filed. The court agreed and denied the motion. Again, unlike in *Jones*,

Plaintiff has filed her complaint in this action and the Moving Defendants have filed answers. Therefore, unlike in *Jones*, the pleadings and scope of Plaintiff's claims against the Moving Defendants are settled.

Plaintiff also contends that Moving Defendants have "obstructed" service of process on LLDM. This is incorrect and, frankly, yet another frivolous accusation. LLDM is a religion, similar to other Christian denominations such as Catholicism. There are hundreds of individual churches through the country and the world that practice that faith. However, just like Catholicism, one cannot sue the religion; one can only sue individuals or a specific church or diocese, which would have standing to sue and be sued. Defendants have not obstructed anything, much less service of process on a particular defendant. Defense counsel voluntarily agreed to accept service on behalf of their clients. With respect to LLDM, Defense counsel have simply explained they are not authorized to accept service on behalf of a religion, that the attempts to serve the religion is defective, and that they may seek to address the defective service with the Court. That is not obstruction. Further, even assuming a suit against the religious denonomination itself were proper and, at some point, it appeared in this action, that would not justify a delay in holding the Rule 26(f) Conference with the defendants that have appeared and answered.

**B.     Moving Defendants Are Not Parties To A Criminal Case And Seek Discovery To Dispose Of A Frivolous Lawsuit Filed By A Plaintiff Who Is Not A Witness For The Prosecution In The Criminal Case.**

Plaintiff contends Moving Defendants' Motion seeks expedited discovery to "exploit civil discovery [and] to obtain information for Defendant's criminal defense, including victim and witness identifies." (Doc. 62:3-8.) Plaintiff also makes clear she supports the DOJ's Rule 24 Motion and is opposed to providing initial disclosures and participating in discovery. Plaintiff's contentions are without merit.

First, Moving Defendants are not defendants in a criminal prosuection.

Therefore, they are not subject to any alleged discovery orders or procedural confines presented in that action. They seek civil discovery to win this lawsuit. To the extent that the discovery proves that the DOJ's case is similarly frivolous, so be it.

Second, neither Moving Defendants nor Mr. Garcia filed this lawsuit. Plaintiff filed it. Having been accused by Ms. Martin of unspeakable crimes, Moving Defendants (and Mr. Garcia) have every right to challenge the veracity of her allegations through discovery. When Ms. Martin filed the lawsuit, she took on the responsibility of proving her claims. She also agreed to identify all witnesses and all documents supporting the claims in her 65-page complaint at the beginning of the case. FED. R CIV. P. 26(a)(1)(A)(i)-(ii). If she did not want to follow the Rules of Civil Procedure, she should not have filed the case. If she does not want to follow the rules now, she should dismiss her case. Indeed, if this conduct continues, that is exactly the relief Moving Defendants will seek, i.e., terminating sanctions.

Third, Plaintiff's premise – that witness information is protected – is incorrect. Plaintiff relies upon an alleged minute order in the state criminal matter against Mr. Garcia, California Penal Code 1054.7, and 18 U.S.C.A. § 1595(b)(1) (the Trafficking Victims Protection and Reauthorization Act ("TVPRA"). Moving Defendants address this in detail in opposition to the Rule 24 Motion. (*See* Doc. 57, 13:3-14:26, 17:6-22:9, 23:15-24:5.)

Plaintiff's premise is misguided because Moving Defendants are not criminal defendants. They are not subject to the confines of any alleged protective order by any criminal court. There are no laws that preclude Moving Defendants right to take discovery of the allegations in Plaintiff's complaint (other than the those governing timing and relevance) and no laws that preclude Moving Defendants from performing independent investigation. There are no laws permitting Plaintiff to withhold discovery of evidence supporting her claims – in fact, the law requires that disclosure.

Furthermore, as to Mr. Garcia, California law is well-settled that criminal

discovery orders *do not limit third-party discovery*. The only effect of such orders is to excuse the prosecution from producing evidence it would otherwise have had to produce. The orders do not limit investigation and discovery from any source other than the prosecution. *Kling v. Superior Court*, 50 Cal. 4th 1068, 1077 (2010) ("As the Legislature recognized, and as reiterated in the case law, Penal Code sections 1054 through 1054.7 do not regulate discovery concerning uninvolved third parties.") (internal quotation marks omitted); *Teal v. Superior Court*, 117 Cal. App. 4th 488, 491 (2004) ("However, the statutory discovery scheme does not apply to information possessed by third parties or agencies that have no connection to the investigation or prosecution of the criminal charge."); *People v. Superior Court (Barrett),* 80 Cal.App.4th 1305, 1313 (2000) ("The requirements and procedural mechanisms of Chapter 10 [encompassing §§ 1054-1054.10] apply only to the parties in a criminal case—that is, the prosecution and the defendant(s)…. The statutory discovery scheme does not apply to discovery from third parties."); *People v. Superior Court (Broderick)*, 231 Cal.App.3d 584, 594 (1991) (holding that the procedures codified at Pen.Code, §§ 1054 et seq. "apply only to discovery between the People and the defendant. They are simply inapplicable to discovery from third parties.").

Finally, the Trafficking Statute does not apply. The statute, by its terms, only applies to "[a]ny civil action filed . . . during the pendency of any criminal action arising out of the same occurrence *in which the claimant is the victim*." 18 U.S.C. § 1595(b)(1) (emphasis added). Here, the DOJ admitted that Plaintiff Sochil Martin, the "claimant" in this case, is not a victim in the criminal case. (Doc. 50-3, ¶4 (Declaration of Jeffrey Segal.). Therefore, the stay provision of the TVPRA also does not apply.

**C.   The Opposition and Supporting Declaration Rely Upon Irrelevant, Unsupported, and Inadmissible Factual Allegations.**

Plaintiff's Opposition includes numerous factual assertions regarding Moving

9

Defendants and their alleged abuse, threats, and intimidation of Plaintiff and others. The apparent purpose of these allegations is to persuade the Court that a stay of discovery is warranted. Plaintiff's narrative, however, indicates that she and her counsel never intended to participate in the discovery process in the first place, including but not limited to the Rule 26 conference and their other obligations under the Court's May 20, 2020 Scheduling Order. Plaintiff's narrative is based on the premise that Plaintiff never really intended to litigate the action promptly. It is apparent that when she filed the case, she (or her counsel) anticipated that the case would be stayed, probably at Mr. Garcia's request. However, when Mr. Garcia did not make such a request and all Defendants sought to defend the case on its merits, Plaintiff and/or her counsel realized that they would have to support the claims in the Complaint, which they know they cannot do. So, they attempted an unilateral discovery stay by refusing to participate in the Rule 26(f) conference. When that proved futile and Moving Defendants stated they would seek relief from the Court in order to proceed with discovery, Plaintiff immediately sought out the AG's assistance to seek a Court Ordered discovery stay.

Plaintiff's narrative, however, with all its accusations about Moving Defendants' alleged misconduct, is completely devoid of any evidentiary support. There is not a single citation to a declaration or any form of admissible evidence supporting any of the allegations of threats, retaliation, abuse, or anything else. There are numerous factual allegations in the body of the Opposition with no citation to any source at all, and as to the rest, the only cited source is the Complaint, which is not evidence. *See*, *e.g.*, Doc. 62, 1:2-6, 4:4-11, 5:10-23, 5:24-6:4, 6:5-11, 6:12-22, 6:25-7:2, 7:10-17, 15:7-8, 16:9-10 (allegations of threats, violence, retaliation, etc., with no citation to any declaration or other evidence). All allegations made without citation to evidence, including all allegations citing only the unverified complaint, should be disregarded. *See*, *e.g.*, *Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL

995569, at *6 (D. Ariz. Mar. 2, 2020) ("Plaintiff's unverified Complaint is not evidence."). *See also Moran v. Selig*, 447 F.3d 748, 759-60 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be considered as evidence at the summary judgment stage because it is unverified."); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423-24 (9th Cir. 1985) (unverified first amended complaint was insufficient to counter a summary judgment motion supported by affidavits); *Flaherty v. Warehousemen, Garage & Serv. Station Emps.' Local Union No.* 334, 574 F.2d 484, 486 n.2 (9th Cir. 1978) ("Legal memoranda and oral argument, in the summary-judgment context, are not evidence....").

The remainder of the allegations rely upon Ms. Mallgrave's declaration. The allegations include alleged procedural and substantive aspects of the criminal proceedings, an alleged summary of the "Brian Ross Investigates" show, the contents of the Writ of Prohibition or exhibits thereto (to which they fail to seek judicial notice), and press conference by alleged spokespersons for LLDM, efforts to serve parties, etc. Ms. Mallgrave is an attorney. She is merely repeating what others have said or what was written elsewhere. The information is speculative, hearsay, lacks foundation, or is otherwise inadmissible. To address these evidentiary issues, Moving Defendants are concurrently filing objections to the proffered factual allegations at issue and respectfully request that those objections be sustained.

As to the claims of alleged threats and abuse by Moving Defendants that are repeated throughout the Complaint and Opposition, they appear to be based entirely upon what Plaintiff told her attorneys. Therefore, Plaintiff's credibility will be a key issue in this case. The DOJ claims that "the incidents alleged in both cases [Plaintiff civil case and the DOJ's criminal case against Mr. Garcia] arise out of the same scheme and pattern of conduct of sexual abuse against girls and young women over the same time frame by defendant Garcia." (Doc. 50-3, ¶4.) However, the DOJ states expressly that "Sochil Martin is not an alleged victim in the underlying case." *Id*. It

11

is fair to say that if the DOJ believed Plaintiff's allegations, she would be alleged by the DOJ to be a victim. The fact that she is not speaks volumes: the DOJ does not believe that Ms. Martin is credible, and is now colluding with Ms. Martin to keep Defendants from exposing the baselessness of her claims.

## III. CONCLUSION

For the reasons stated herein and in the Opposition to the Rule 24 Motion, Moving Defendants request that the Motion to order Plaintiff to participate in a Rule 26(f) conference be granted. Moving Defendants further request that the Court order Plaintiff's counsel to participate in the Rule 26(f) Conference at a mutually agreeable date and time to take place within seven days of the ruling on this Motion. In the alternative, Moving Defendants request that the Court grant Defendants the right to take early discovery.

Dated: June 29, 2020              DAILY ALJIAN LLP

By: /s/ Reed Aljian
Reed Aljian
Attorneys for Defendants, COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA,
ALMA ELIZABETH JOAQUIN, erroneously sued as
ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUIN ZAMORA

Dated: June 29, 2020              BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Defendants JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN and JOSE LUIS ESTRADA