1  Reed Aljian (State Bar No. 211010)
       *ra@dallp.com*
2  Rochelle Calderon Rotea (State Bar No. 325417)
       *rochelle@dallp.com*
3  DAILY ALJIAN LLP
   100 Bayview Circle, Suite 5500
4  Newport Beach, CA 92660
   Telephone: 949.861.2524
5  Facsimile: 949.269.6364

6  Attorneys for Defendants
   COMMUNICATION CENTER BEREA U.S.A. LLC,
7  erroneously sued as INTERNATIONAL BEREA USA,
   ALMA ELIZABETH JOAQUIN, erroneously sued as
8  ALMA ZAMORA DE JOAQUIN, and ADORAIM
   JOSADAC JOAQUIN, erroneously sued as ADORAIM
9  JOAQUIN ZAMORA

10 *Additional counsel on following page*

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13           WESTERN DIVISION - LOS ANGELES

14 SOCHIL MARTIN,                        Case No.: 2:20−cv−01437 ODW (ASx)

15            Plaintiff,                 **DEFENDANTS' OBJECTIONS TO
                                         UNSUPPORTED FACTUAL
16                                       ALLEGATIONS IN PLAINTIFF'S
        v.                               OPPOSITION AND TO
17                                       DECLARATION OF DEBORAH S.
                                         MALLGRAVE**
18 LA LUZ DEL MUNDO, an
   unincorporated association, et al.    [Filed concurrently: Reply ISO Motion
19                                       to Order Plaintiff to Participate In Rule
            Defendants.                  26 Conference; Request Pursuant to
20                                       L.R. 7-8 to Cross-Examine; and
                                         Declaration of R. Aljian ISO Request]
21
22
                                         Complaint Filed:   February 12, 2020
23                                       Trial Date:        None Set

24                                       District Judge:    Otis D. Wright, II
25                                       Courtroom:         5D, 5th Floor

26                                       Magistrate Judge:  Alka Sagar
27                                       Courtroom:         540, 5th Floor

28

DAILY ALJIAN LLP
Newport Beach, California

Ethan J. Brown (SBN 218814)
  *ethan@bnsklaw.com*
Geoffrey A. Neri (SBN 258802)
  *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:    (310) 593-9980

Attorneys for Defendants
JOSE HERNANDEZ, SILVERIO
CORONADO, AURELIO ZAVALETA,
UZZIEL JOAQUIN, JONATHAN
MENDOZA, DAVID MENDOZA,
BENJAMIN JOAQUIN and JOSE
LUIS ESTRADA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAILY ALJIAN LLP
Newport Beach, California

1  Defendants Communication Center Berea U.S.A. LLC, erroneously sued as

2  International Berea USA, Alma Elizabeth Joaquin, erroneously sued as Alma Zamora

3  De Joaquin, Adoraim Josadac Joaquin, erroneously sued as Adoraim Joaquín

4  Zamora, (collectively "Defendants") submit the following evidentiary objections to

5  the Declarant Deborah S. Mallgrave's ("Declarant") testimony in the Declaration of

6  Deborah S. Mallgrave (Docket No. 62-1) ("Mallgrave Declaration") in Support of

7  Plaintiff's  Opposition to Defendants' Joint Motion to Order Plaintiff to Participate

8  In Rule 26 Conference ("Opposition").

9  **OBJECTIONS TO DECLARATION OF DEBORAH S. MALLGRAVE**

10 **Objection No. 1:**

11 **Material Objected to: Mallgrave Decl. Paragraph 2, lines 8-11.**

12 "On June 4, 2019, California Attorney General Becerra announced the arrest

13 of Defendant Naasón Joaquín García "and his co-defendants for alleged human

14 trafficking, production of child pornography, forcible rape of a minor, and other

15 felonies.""

16 **Ground(s) for Objection:**

17 FRE 602 (foundation and speculation), FRE 801-802 (hearsay), FRE 201

18 (judicial notice of adjudicative facts), FRE 1002 (Best Evidence Rule).[1] The

19 Declarant fails to lay a proper foundation that she has personal knowledge of the

20 alleged criminal charges against Mr. Garcia or the content of any charging document.

21 To the extent the Declarant is relying upon a document, such as a complaint filed in

22 a criminal action, Declarant's testimony is precluded by the Best Evidence Rule and

23 is inadmissible hearsay. Finally, Declarant failed to request that the Court take

24 judicial notice of any alleged charging document or criminal complaint and,

25 therefore, neither the documents nor their content may be admitted or considered in

26 support of the Plaintiff's Opposition.

27

28
[1]  References to "FRE" are to the Federal Rules of Evidence.

1

DAILY ALJIAN LLP
Newport Beach, California

**Objection No. 2:**

**Material Objected to: Mallgrave Decl. Paragraph 2, lines 11-12**

"A true and correct copy of the Attorney General's Press Release is attached hereto as Exhibit "A"."

**Ground(s) for Objection:**

FRE 801-802 (hearsay). The press release is hearsay and the contents thereof are inadmissible for the truth of the matter asserted.

**Objection No. 3:**

**Material Objected to: Mallgrave Decl. Paragraph 3, lines 15-17.**

"On January 31, 2020, the "Brian Ross Investigates" show, which airs on the online "Law & Crime Network" channel, aired an interview between Ms. Martin and Mr. Ross."

**Ground(s) for Objection:**

FRE 401-403 (relevance), 801-802 (hearsay). Statements made during an alleged television or online interview by third party is an out of court statement and is inadmissible to prove the truth of the matter asserted.

**Objection No. 4:**

**Material Objected to: Mallgrave Decl. Paragraph 3, lines 17-18.**

"In that interview, Mr. Ross describes the court filing, which he says attacks Ms. Martin and accuses her of trying to extort Garcia."

**Ground(s) for Objection:**

FRE 401-403 (relevance), 801-802 (hearsay). Statements made during an alleged television or online interview by third party is an out of court statement and is inadmissible to prove the truth of the matter asserted.

**Objection No. 5:**

**Material Objected to: Mallgrave Decl. Paragraph 3, lines 18-20.**

"A true and correct copy of that transcript is attached as Exhibit "B.""

DEFENDANTS' OBJECTIONS TO UNSUPPORTED FACTUAL CONTENTIONS IN
OPPOSITION AND TO THE DECLARATION OF DEBORAH MALLGRAVE

DAILY ALJIAN LLP
Newport Beach, California

**Ground(s) for Objection:**

FRE 401-403 (relevance), 801-802 (hearsay). Statements made during an alleged television or online interview by third party is an out of court statement and is inadmissible to prove the truth of the matter asserted.

**Objection No. 6:**

**Material Objected to: Mallgrave Decl. Paragraph 4, lines 11-13.**

"A true and correct copy of excerpts from the transcript filed as Exhibit D to the Petition for Writ of Prohibition and/or Mandamus is attached hereto as Exhibit "D"."

**Ground(s) for Objection:**

FRE 201 (judicial notice), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The document is hearsay. Plaintiff failed to seek judicial notice of the alleged transcript and, therefore, neither the documents nor its content may be admitted or considered in support of Plaintiff's opposition.

**Objection No. 7:**

**Material Objected to: Mallgrave Decl. Paragraph 8, lines 1-2.**

"true and correct excerpt of a transcript of the press conference transcribed by my office is attached hereto as Exhibit "E"."

**Ground(s) for Objection:**

FRE 801-802 (hearsay). The documents are out of court statements and are inadmissible to prove the truth of the matter asserted.

**Objection No. 8:**

**Material Objected to: Mallgrave Decl. Paragraph 15, lines 14-16.**

"In the same Petition for Writ of Prohibition and bail hearing held on July 15, 2019 discussed above, counsel for Defendant García held out Cesia Karen Minemann as counsel for LDM."

3

DAILY ALJIAN LLP
Newport Beach, California

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay). The Declarant fails to lay a proper foundation that she has personal knowledge of the substance of her testimony. Declarant does not represent events that she personally perceived. Rather, the declarant appears to be relying upon inadmissible speculation, improper opinion, and hearsay documents and/or statements.

**Objection No. 9:**

**Material Objected to: Mallgrave Decl. Paragraph 15, lines 16-17.**

"A true and correct copy of excerpts from the transcript is attached hereto as Exhibit 'I'."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). Declarant provided no foundation and Declarant's statement does not demonstrate that she had personal knowledge of the alleged transcript. Exhibit I is not properly authenticated and thus is inadmissible. Plaintiff is required to seek judicial notice of any alleged transcript and, therefore, neither the documents nor their content is admissible.

**Objection No. 10:**

**Material Objected to: Mallgrave Decl. Paragraph 38, lines 10-11.**

"On May 12, 2020, a Nationwide process server was able to successfully serve LDM at 112 North Arizona Avenue, Los Angeles, California."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). The Declarant fails to lay a proper foundation that she has personal knowledge of the substance of her testimony. She appears to be relying upon

a document, which is an out of court statement and is inadmissible to prove the truth
of the matter asserted.

**Objection No. 11:**

**Material Objected to: Mallgrave Decl. Paragraph 38, lines 11-12.**

"On May 13, 2020, Nationwide mailed copies of the Summons, Complaint,
civil cover sheet, certification and notice of interested parties, notice of assignment
to United States Judges, and notice to parties of court-directed ADR program."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-
802 (hearsay). The Declarant fails to lay a proper foundation that she has personal
knowledge of the substance of her testimony. Rather, the declarant appears to be
relying upon documents, opinion, and/or statements of third parties. To the extent the
Declarant is relying upon a document, Declarant's testimony is precluded by the Best
Evidence Rule and is inadmissible hearsay. Finally, Declarant failed to request that
the Court take judicial notice of any alleged proof of service, therefore, neither the
documents nor their content may be admitted or considered in support of Plaintiff's
Opposition. In addition, the document is offered to establish the truth of the matter
asserted and is inadmissible hearsay.

**Objection No. 12:**

**Material Objected to: Mallgrave Decl. Paragraph 40, lines 18-19.**

"On May 14, 2020, a Nationwide process server was able to successfully serve
LDM at 385 East Orange Grove Boulevard, Pasadena, California."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and
801-802 (hearsay). The Declarant fails to lay a proper foundation that she has
personal knowledge of the substance of her testimony. Rather, the declarant appears
to be relying upon documents, opinion, and/or statements of third parties. To the

DAILY ALJIAN LLP
Newport Beach, California

extent the Declarant is relying upon a document, Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, Declarant failed to request that the Court take judicial notice of any alleged proof of service, therefore, neither the documents nor their content may be admitted or considered in support of Plaintiff's Opposition. *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true). In addition, the document is offered to establish the truth of the matter asserted and is inadmissible hearsay.

**Objection No. 13:**

**Material Objected to: Mallgrave Decl. Paragraph 40, lines 19-22.**

"On May 14, 2020, Nationwide mailed copies of the Summons, Complaint, civil cover sheet, certification and notice of interested parties, notice of assignment to United States Judges, and notice to parties of court-directed ADR program."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). The Declarant fails to lay a proper foundation that she has personal knowledge of the substance of her testimony. Rather, the declarant appears to be relying upon documents, opinion, and/or statements of third parties. To the extent the Declarant is relying upon a document, Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible hearsay. Finally, Declarant failed to request that the Court take judicial notice of any alleged proof of service, therefore, neither the documents nor their content may be admitted or considered in support of Plaintiff's Opposition. *Missud v. Nevada*, 861 F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true). In

DEFENDANTS' OBJECTIONS TO UNSUPPORTED FACTUAL CONTENTIONS IN
OPPOSITION AND TO THE DECLARATION OF DEBORAH MALLGRAVE

addition, the document is offered to establish the truth of the matter asserted and is

inadmissible hearsay.

**Objection No. 14:**

**Material Objected to: Mallgrave Decl. Paragraph 41, line 23.**

"Defendant García served as a minister of the Los Angeles Location."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and

801-802 (hearsay). The Declarant fails to lay a proper foundation that she has

personal knowledge of the substance of her testimony or the content of any

information. Rather, the declarant appears to be relying upon inadmissible

speculation, improper opinion, and documents and/or statements of third parties. *See*

*Slevin v. Home Depot*, 120 F. Supp 2d. 822, 835-836 (N.D. Cal. 2000) (stating that a

declaration based on speculation is irrelevant and should not be considered).)

**Objection No. 15:**

**Material Objected to: Mallgrave Decl. Paragraph 62, lines 19-21.**

"While the substitute service of LDM through the two LDM locations may be

sufficient …"

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and

801-802 (hearsay). The Declarant fails to lay a proper foundation that she has

personal knowledge of the substance of her testimony, and the alleged service on

LDM. Rather, the declarant appears to be relying upon documents, opinion, and/or

statements of third parties. To the extent the Declarant is relying upon a document,

Declarant's testimony is precluded by the Best Evidence Rule and is inadmissible

hearsay. Finally, Declarant failed to request that the Court take judicial notice of any

alleged proof of service, therefore, neither the documents nor their content may be

admitted or considered in support of Plaintiff's Opposition. *Missud v. Nevada*, 861

DAILY ALJIAN LLP
Newport Beach, California

F. Supp. 2d 1044, 1058 (N.D. Cal. 2012) (court documents not judicially noticeable for plaintiff's purpose of demonstrating that his arguments and allegations against defendants were true).

**Objection No. 16:**

**Material Objected to: Mallgrave Decl. Paragraph 65, lines 9-10.**

"Plaintiff has been, since long before this case was filed, and continues to be the target of endless public attacks by Defendants."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay), FRE 611(a) (argumentative). The Declarant fails to establish a sufficient foundation to establish personal knowledge of the accusation. Rather, these assertions are improper speculation and are argumentative. To the extent Declarant is relying upon out of court statements of other parties or documents, such would be hearsay and inadmissible to prove the truth of the matter asserted.

**Objection No. 17:**

**Material Objected to: Mallgrave Decl. Paragraph 65, lines 10-12.**

"LDM spokespersons consistently smear Ms. Martin, accuse her of conspiring against Garcia, and degrade her character."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay), FRE 611(a) (argumentative). The Declarant fails to establish a sufficient foundation to establish personal knowledge of the accusation. Rather, these assertions are improper speculation and are argumentative. To the extent Declarant is relying upon out of court statements of other parties or documents, such would be hearsay and inadmissible to prove the truth of the matter asserted.

**Objection No. 18:**

**Material Objected to: Mallgrave Decl. Paragraph 65, lines 12-14.**

DAILY ALJIAN LLP
Newport Beach, California

"At a press conference following the filing of this case, LDM spokesperson Jack Freeman claimed Ms. Martin had "no sincerity", "no care for victims", "no care for abuse."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), and 801-802 (hearsay). Declarant provided no foundation and Declarant's statement does not demonstrate that she had personal knowledge of any press conference or recording. The statement's content makes clear that the Declarant relies on statements of others rather than firsthand participation or experience, which is inadmissible hearsay. See *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir 2001) (the court may properly refuse to consider the affidavit that is not based on personal knowledge.)

**Objection No. 19:**

**Material Objected to: Mallgrave Decl. Paragraph 65, lines 14-17.**

"Another spokesperson for LDM, Silem Garcia, in an interview with Milenio Digital's Alejandro Rodriguez, repeatedly called Ms. Martin a 'confessed delinquent' and an 'opportunist' who was facilitating hate crimes."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), and 801-802 (hearsay). Declarant provided no foundation and Declarant's statement does not demonstrate that she had personal knowledge of any press conference or recording. The statement's content makes clear that the Declarant relies on statements of others rather than firsthand participation or experience, which is inadmissible hearsay. See *Block v. City of L.A.*, 253 F.3d 410, 419 (9th Cir 2001) (the court may properly refuse to consider the affidavit that is not based on personal knowledge.)

DAILY ALJIAN LLP
Newport Beach, California

**Objection No. 20:**

**Material Objected to: Mallgrave Decl. Paragraph 65, lines 17-18.**

"A true and correct copy of a translated transcript of Silem Garcia's interview is attached as Exhibit "X"."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). The alleged transcript is an out of court statement and, therefore, is inadmissible hearsay.

**Objection No. 21:**

**Material Objected to: Mallgrave Decl. Paragraph 65, lines 18-20.**

"Further examples abound. Mr. Martin is a target of constant abuse from Defendants, and wishes to protect other victims from the same fate."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay), FRE 611(a) (argumentative). The Declarant fails to establish a sufficient foundation to establish personal knowledge of the accusation. Rather, these assertions are improper speculation and are argumentative. To the extent Declarant is relying upon out of court statements of other parties or documents, such would be hearsay and inadmissible to prove the truth of the matter asserted.

## ALLEGATIONS IN PLAINTIFF'S OPPOSITION RELYING SOLELY UPON PLAINTIFF'S UNVERIFIED COMPLAINT

**Objection No. 22:**

**Material Objected to: Pl. Opp'n 5:14-16 (citing Compl. ¶ 142)**

"As early as November 2016, representatives of the church approached Plaintiff with an offer of money in return for her silence regarding her time in LDM."

DAILY ALJIAN LLP
Newport Beach, California

1   **Ground(s) for Objection:**

2       FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-

3   802 (hearsay), 901 (authentication), FRE 401-403 (relevance), FRE 611(a)

4   (argumentative). Declarant's statements, which are disputed matters of fact, are based

5   on Plaintiff's unverified Complaint. An unverified complaint is not evidence. *See*

6   *e.g., Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL 995569, at *6 (D. Ariz. Mar. 2,

7   2020) ("Plaintiff's unverified Complaint is not evidence."); *Moran v. Selig*, 447 F.3d

8   748, 759-60 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be

9   considered as evidence at the summary judgment stage because it is unverified.");

10  *Lew v. Kona Hosp*., 754 F.2d 1420, 1423-24 (9th Cir. 1985) (unverified first amended

11  complaint was insufficient to counter a summary judgment motion supported by

12  affidavits).

13  **<u>Objection No. 23:</u>**

14  **Material Objected to: Pl. Opp'n 5:18-21 (citing Compl. ¶ 146)**

15      "The 'investigators' intruded on her property, frightened her young daughter,

16  and made vaguely threatening statements to Plaintiff regarding the 'international'

17  stature of LDM, the money they had to defend the case, and Defendant Garcia's

18  'power'."

19  **Ground(s) for Objection:**

20      FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-

21  802 (hearsay), 901 (authentication), FRE 401-403 (relevance), FRE 611(a)

22  (argumentative). Declarant's statements, which are disputed matters of fact, are based

23  on Plaintiff's unverified Complaint. An unverified complaint is not evidence. *See*

24  *e.g., Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL 995569, at *6 (D. Ariz. Mar. 2,

25  2020) ("Plaintiff's unverified Complaint is not evidence."); *Moran v. Selig*, 447 F.3d

26  748, 759-60 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be

27  considered as evidence at the summary judgment stage because it is unverified.");

28

DEFENDANTS' OBJECTIONS TO UNSUPPORTED FACTUAL CONTENTIONS IN
OPPOSITION AND TO THE DECLARATION OF DEBORAH MALLGRAVE

1  *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423-24 (9th Cir. 1985) (unverified first amended

2  complaint was insufficient to counter a summary judgment motion supported by

3  affidavits).

4  **Objection No. 24:**

5  **Material Objected to: Pl. Opp'n 5:21-23 (citing Compl. ¶¶ 145–146)**

6  "One of the investigators even flashed an LAPD business card at Plaintiff, but

7  refused to provide a copy when asked."

8  **Ground(s) for Objection:**

9  FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-

10  802 (hearsay), 901 (authentication), FRE 401-403 (relevance), FRE 611(a)

11  (argumentative). Declarant's statements, which are disputed matters of fact, are based

12  on Plaintiff's unverified Complaint. An unverified complaint is not evidence. *See*

13  *e.g., Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL 995569, at *6 (D. Ariz. Mar. 2,

14  2020) ("Plaintiff's unverified Complaint is not evidence."); *Moran v. Selig*, 447 F.3d

15  748, 759-60 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be

16  considered as evidence at the summary judgment stage because it is unverified.");

17  *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423-24 (9th Cir. 1985) (unverified first amended

18  complaint was insufficient to counter a summary judgment motion supported by

19  affidavits).

20  **Objection No. 25:**

21  **Material Objected to: Pl. Opp'n 5: 24-27 (citing Compl. ¶¶ 148–149)**

22  "In August 2019, LDM lawyer Yobany Chacon approached Plaintiff while she

23  was speaking to a potential witness in the criminal case and began filming the two

24  young women, describing Plaintiff as 'Sochil Martin—first conspirator against the

25  light of the world'."

26

27

28

DAILY ALJIAN LLP
Newport Beach, California

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (authentication), FRE 401-403 (relevance), FRE 611(a) (argumentative). Declarant's statements, which are disputed matters of fact, are based on Plaintiff's unverified Complaint. An unverified complaint is not evidence. *See e.g., Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL 995569, at *6 (D. Ariz. Mar. 2, 2020) ("Plaintiff's unverified Complaint is not evidence."); *Moran v. Selig*, 447 F.3d 748, 759-60 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be considered as evidence at the summary judgment stage because it is unverified."); *Lew v. Kona Hosp*., 754 F.2d 1420, 1423-24 (9th Cir. 1985) (unverified first amended complaint was insufficient to counter a summary judgment motion supported by affidavits).

**Objection No. 26:**

**Material Objected to: Pl. Opp'n 6: 1-4 (citing Compl. ¶¶ 150-152)**

"Then, in December of 2019, a known 'enforcer' for LDM, Defendant David Mendoza, tracked down Plaintiff and her family while they were living in an undisclosed location to ensure their safety, and made intimidating statements to her in the presence of her 7-year-old daughter."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (authentication), FRE 401-403 (relevance), FRE 611(a) (argumentative). Declarant's statements, which are disputed matters of fact, are based on Plaintiff's unverified Complaint. An unverified complaint is not evidence. *See e.g., Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL 995569, at *6 (D. Ariz. Mar. 2, 2020) ("Plaintiff's unverified Complaint is not evidence."); *Moran v. Selig*, 447 F.3d 748, 759-60 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be considered as evidence at the summary judgment stage because it is unverified.");

DAILY ALJIAN LLP
Newport Beach, California

DEFENDANTS' OBJECTIONS TO UNSUPPORTED FACTUAL CONTENTIONS IN
OPPOSITION AND TO THE DECLARATION OF DEBORAH MALLGRAVE

DAILY ALJIAN LLP
Newport Beach, California

*Lew v. Kona Hosp.*, 754 F.2d 1420, 1423-24 (9th Cir. 1985) (unverified first amended complaint was insufficient to counter a summary judgment motion supported by affidavits).

**Objection No. 27:**

**Material Objected to: Pl. Opp'n 7: 10-13 (citing Compl. ¶¶ 50–51)**

"While Plaintiff must rely on unbiased, third-party journalists to report her story, with no ability to approve their work, LDM has its own international media arm—Defendant International Berea USA—which publishes websites, blogs, television, radio, and online video content with global reach."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (authentication), FRE 401-403 (relevance), FRE 611(a) (argumentative). Declarant's statements, which are disputed matters of fact, are based on Plaintiff's unverified Complaint. An unverified complaint is not evidence. *See e.g., Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL 995569, at *6 (D. Ariz. Mar. 2, 2020) ("Plaintiff's unverified Complaint is not evidence."); *Moran v. Selig*, 447 F.3d 748, 759-60 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be considered as evidence at the summary judgment stage because it is unverified."); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423-24 (9th Cir. 1985) (unverified first amended complaint was insufficient to counter a summary judgment motion supported by affidavits).

**Objection No. 28:**

**Material Objected to: Pl. Opp'n 10: 8-9 (citing Compl. ¶¶ 14–38)**

"Nearly all of the Defendants in this action serve in officer positions for Defendant LDM, and are therefore empowered to accept service."

DAILY ALJIAN LLP
Newport Beach, California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (authentication), FRE 401-403 (relevance), FRE 611(a) (argumentative). Declarant's statements, which are disputed matters of fact, are based on Plaintiff's unverified Complaint. An unverified complaint is not evidence.  *See e.g., Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL 995569, at *6 (D. Ariz. Mar. 2, 2020) ("Plaintiff's unverified Complaint is not evidence."); *Moran v. Selig*, 447 F.3d 748, 759-60 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be considered as evidence at the summary judgment stage because it is unverified."); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423-24 (9th Cir. 1985) (unverified first amended complaint was insufficient to counter a summary judgment motion supported by affidavits).

**Objection No. 29:**

**Material Objected to: Pl. Opp'n 22:19-23 (citing Compl. ¶ 142)**

"As early as November 2016, representatives of the church approached Plaintiff with an offer of money in return for her silence regarding her time in LDM."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay), 901 (authentication), FRE 401-403 (relevance), FRE 611(a) (argumentative). Declarant's statements, which are disputed matters of fact, are based on Plaintiff's unverified Complaint. An unverified complaint is not evidence.  *See e.g., Perez v. Ryan*, 19-cv-05602-PHX, 2020 WL 995569, at *6 (D. Ariz. Mar. 2, 2020) ("Plaintiff's unverified Complaint is not evidence."); *Moran v. Selig*, 447 F.3d 748, 759-60 & n.16 (9th Cir. 2006) ("[T]he complaint in this case cannot be considered as evidence at the summary judgment stage because it is unverified."); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423-24 (9th Cir. 1985) (unverified first amended

15

1  complaint was insufficient to counter a summary judgment motion supported by

2  affidavits).

## **FACTUAL ALLEGATIONS IN THE OPPOSITION**

## **WITHOUT SPECIFIC CITATION TO EVIDENCE**

**Objection No. 30:**

**Material Objected to: Pl. Opp'n 1:2-6**

"Plaintiff brought this action against LDM, its leader and self-appointed 'Apostle' Naasón Joaquín García, and various other LDM officials for subjecting her to a lifetime of rape, beatings, sexual servitude, forced labor, and other abuse, as part of a decades-long pattern of institutionalized child abuse and human trafficking."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence. See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 31:**

**Material Objected to: Pl. Opp'n 1:6-9**

"Both before and after Ms. Martin filed the case, LDM and García's associates and defense team went to great lengths to silence and discredit her through an attempted bribe, intimidating confrontations, and a public smear campaign."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a

DAILY ALJIAN LLP
Newport Beach, California

16

reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 32:**

**Material Objected to: Pl. Opp'n 1:14-17**

"The Attorney General has acted to protect the identities of the minor victims and other witnesses in its criminal case, in order to prevent the same sort of witness intimidation and tampering that Ms. Martin has experienced."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 33:**

**Material Objected to: Pl. Opp'n 1:17-18**

"García has thus been barred from using the criminal process to unmask those witnesses."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a

17

reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 34:**

**Material Objected to: Pl. Opp'n 1:19-21**

"Defendants, including García and those who filed the instant motion, have chosen not to contest the pleadings but instead to answer and move directly to discovery."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 35:**

**Material Objected to: Pl. Opp'n 1:21-2**

"Moving Defendants, with Defendant García's help, seek to expedite discovery by forcing Plaintiff to engage in a Rule 26(f) conference months before the Court-ordered scheduling conference and thus compel initial disclosures—such as witness information—immediately."

DAILY ALJIAN LLP
Newport Beach, California

DAILY ALJIAN LLP
Newport Beach, California

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 36:**

**Material Objected to: Pl. Opp'n 2:4-6**

"[Defendants] aim to exploit civil discovery to obtain information for Defendant García's criminal defense, including victim and witness identities."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 37:**

**Material Objected to: Pl. Opp'n 4:12-15**

"On June 4, 2019, after obtaining evidence that LDM's leader Garcia had personally victimized children, the California Attorney General arrested and charged

1  him with "human trafficking, production of child pornography, forcible rape of a

2  minor, and other felonies."

3  **Ground(s) for Objection:**

4  Plaintiff bears the burden of supporting each factual assertion presented in

5  support of its Opposition. The factual allegation at issue is not supported by a

6  reference to any evidence in the record. The failure to provide specific citations to

7  admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo*

8  *Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing

9  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to

10  provide specific citations to deposition testimony and affidavits warrants exclusion

11  of the evidence).

12  **Objection No. 38:**

13  **Material Objected to: Pl. Opp'n 4:20-24**

14  "During the subsequent criminal proceedings, counsel for Defendant Garcia

15  actively sought disclosure of the identities of four Jane Does who the Attorney

16  General deemed victims of Defendant Garcia and two unnamed witnesses."

17  **Ground(s) for Objection:**

18  Plaintiff bears the burden of supporting each factual assertion presented in

19  support of its Opposition. The factual allegation at issue is not supported by a

20  reference to any evidence in the record. The failure to provide specific citations to

21  admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo*

22  *Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing

23  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to

24  provide specific citations to deposition testimony and affidavits warrants exclusion

25  of the evidence).

26

27

28

DEFENDANTS' OBJECTIONS TO UNSUPPORTED FACTUAL CONTENTIONS IN
OPPOSITION AND TO THE DECLARATION OF DEBORAH MALLGRAVE

DAILY ALJIAN LLP
Newport Beach, California

DAILY ALJIAN LLP
Newport Beach, California

**Objection No. 39:**

**Material Objected to: Material Objected to: Pl. Opp'n 4:24-26 (citing Segal Decl., Ex. 3)**

"On August 23, 2019, Superior Court Judge David Herriford denied disclosure of those witnesses based on the State's concerns for their safety and the existing Protective Order in that case."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 40:**

**Material Objected to: Pl. Opp'n 5:1-4 (citing Mallgrave Decl. at ¶¶ 3-4)**

"As part of his defense strategy in that criminal case, Defendant Garcia has alleged, both in and out of court, that the charges against him are the result of a conspiracy between Plaintiff and at least one of the Jane Doe witnesses to frame him."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing

21

*Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 41:**

**Material Objected to: Pl. Opp'n 5:4-6 (citing Segal Decl., Ex. 3.)**

"Garcia alleged that this supposed conspiracy was grounds for releasing the names of the protected victims and witnesses in his criminal case."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 42:**

**Material Objected to: Pl. Opp'n 5:6-9 (citing Segal Decl., Ex. 4, 7.)**

"The prosecution argued, successfully, that the history of intimidation and even of physical assault by Defendant LDM and its leadership— similar to that experienced by Plaintiff—is grounds for protecting those witnesses from disclosure."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing

DAILY ALJIAN LLP
Newport Beach, California

*Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 43:**

**Material Objected to: Pl. Opp'n 5:10-14**

"The intimidation experienced by Plaintiff was severe, and serves as a cautionary tale for would-be witnesses against Defendants. As described in her Complaint, Plaintiff was approached multiple times by representatives of the church, both before and after the filing of the criminal complaint, in attempts to buy and then coerce her silence."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence. See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 44:**

**Material Objected to: Pl. Opp'n 5:16-18**

"In June 2019, after Defendant Garcia's arrest, members of an investigative team hired to assist his criminal case, accosted Plaintiff in her home in Ensenada, Mexico."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a

23

DAILY ALJIAN LLP
Newport Beach, California

DAILY ALJIAN LLP
Newport Beach, California

reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 45:**

**Material Objected to: Pl. Opp'n 5:27-1**

"Plaintiff had to secret the young witness out the back of a restaurant and begin filming Chacon in return to protect the young girl's identity."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 46:**

**Material Objected to: Opp'n 6: 5-10 (citing Mallgrave Decl. at ¶¶ 3-4)**

"In addition to repeated attempts to scare Plaintiff and her family into silence, LDM has made a concerted effort to smear and discredit her publicly. Plaintiff, who has many acquaintances who still attend LDM services, is told consistently that she is demonized at sermons around the world, and described at length as a "conspirator" against LDM, and that association with her is akin to sin."

DAILY ALJIAN LLP
Newport Beach, California

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 47:**

**Material Objected to: Opp'n 6: 10-11 (citing Mallgrave Decl. at ¶ 65)**

"Moreover, spokespersons for LDM regularly appear on social media and in news outlets to disparage Plaintiff's character."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 48:**

**Material Objected to: Opp'n 6: 12-14**

"Despite these efforts to silence her, Plaintiff was committed to exposing that not only were the victims in the criminal case not alone, but people and entities other than Defendant Garcia were also culpable."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 49:**

**Material Objected to: Opp'n 6: 14-19**

"Plaintiff filed her Complaint on February 12, 2020, with the hope that her courage in giving victims a face—which they could not have in the criminal case due to the need for security—would encourage other young women to speak out against abuse, and inspire other victims of Defendants' financial and labor crimes to seek the kind of freedom from LDM that she had finally achieved."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

1

**Objection No. 50:**

2

**Material Objected to: Opp'n 6: 20-22**

3

4

"Only with a public statement against the manipulation of LDM could Plaintiff hope to get her message to other victims."

5

**Grounds for Objection:**

6

7

8

9

10

11

12

13

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

14

**Objection No. 51:**

15

**Material Objected to: Opp'n 6: 25-26**

16

17

"Plaintiff was fully aware that filing a lawsuit against such a violent and well-financed institution could be dangerous for Plaintiff and her family."

18

**Ground(s) for Objection:**

19

20

21

22

23

24

25

26

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

27

28

DAILY ALJIAN LLP
Newport Beach, California

**Objection No. 52:**

**Material Objected to: Opp'n 6: 27-28**

"By publicly announcing her claims against LDM, Plaintiff thought she might be less likely to suffer direct, physical affronts to her safety."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 53:**

**Material Objected to: Pl. Opp'n 7:4-6 (citing  Mallgrave Decl. at ¶ 8)**

"The following day, Defendant LDM's spokesperson, Jack Freeman, held his own press conference to respond to Plaintiff's allegations."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

28

DAILY ALJIAN LLP
Newport Beach, California

**Objection No. 54:**

**Material Objected to: Pl. Opp'n 7:15-17 (citing Mallgrave Decl. at ¶ 8)**

"It is no secret that Defendants want to silence Martin. To criticize her for wanting to tell her side of the story, and for responding to Defendants' own propaganda, rings hollow."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 55:**

**Material Objected to: Pl. Opp'n 14-15:27-1**

"Defendants admit that they intend to use the civil discovery process in this matter to seek information that they cannot obtain in criminal discovery *for use in that criminal case*."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record and there is no evidence to support the claim. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764,

774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

**Objection No. 56:**

**Material Objected to: Pl. Opp'n 15:2-8**

"Defendants confess to planning to do exactly what the California Attorney General's office is seeking to prevent under law, and which Plaintiff seeks to avoid out of concern for other victims of Defendants."

**Ground(s) for Objection:**

Plaintiff bears the burden of supporting each factual assertion presented in support of its Opposition. The factual allegation at issue is not supported by a reference to any evidence in the record. The failure to provide specific citations to admissible evidence warrants exclusion of the evidence.  See *In re City of Redondo Beach FLSA Litigation,* 2019 WL 6310264, at *4 (C.D. Cal. Nov. 25, 2019) (citing *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774–75 (9th Cir. 2002) (finding failure to provide specific citations to deposition testimony and affidavits warrants exclusion of the evidence).

/ / /

/ / /

/ / /

DEFENDANTS' OBJECTIONS TO UNSUPPORTED FACTUAL CONTENTIONS IN OPPOSITION AND TO THE DECLARATION OF DEBORAH MALLGRAVE

DAILY ALJIAN LLP
Newport Beach, California

## <u>REQUEST TO RULE UPON AND SUSTAIN OBJECTIONS</u>

Defendants respectfully request that the Court sustain the objections and strike the evidence referred to herein.

Dated:  June 29, 2020                          DAILY ALJIAN LLP


By:/s/ Reed Aljian
      Reed Aljian
      Attorneys for Defendants,
      COMMUNICATION CENTER
      BEREA U.S.A. LLC, erroneously sued
      as INTERNATIONAL BEREA USA,
      ALMA ELIZABETH JOAQUIN,
      erroneously sued as ALMA ZAMORA
      DE JOAQUIN, and ADORAIM
      JOSADAC JOAQUIN, erroneously
      sued as ADORAIM JOAQUÍN
      ZAMORA

DATED: June 29, 2020                          BROWN, NERI, SMITH & KHAN LLP


By: /s/ Geoffrey A. Neri
      Geoffrey A.Neri
      Attorneys for Defendants, JOSE
      HERNÁNDEZ, SILVERIO
      CORONADO, AURELIO ZAVALETA,
      UZZIEL JOAQUIN, JONATHAN
      MENDOZA, DAVID MENDOZA,
      BENJAMIN JOAQUIN GARCIA and
      JOSE LUIS ESTRADA

DAILY ALJIAN LLP
Newport Beach, California