1  Reed Aljian (State Bar No. 211010)
     ra@dallp.com
2  Rochelle Calderon Rotea (State Bar No. 325417)
     rochelle@dallp.com
3  DAILY ALJIAN LLP
   100 Bayview Circle, Suite 5500
4  Newport Beach, CA  92660
   Telephone:  949.861.2524
5  Facsimile:   949.269.6364

6  Attorneys for Defendants
   COMMUNICATION CENTER BEREA U.S.A. LLC,
7  erroneously sued as INTERNATIONAL BEREA USA,
   ALMA ELIZABETH JOAQUIN, erroneously sued as
8  ALMA ZAMORA DE JOAQUIN, and ADORAIM
   JOSADAC JOAQUIN, erroneously sued as ADORAIM
9  JOAQUIN ZAMORA

10 *Additional counsel on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>　　　　Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**REQUEST PURSUANT TO LOCAL RULE 7–8 TO CROSS-EXAMINE JEFFREY SEGAL, DONNA DEAN, AND DEBORAH MALLGRAVE**<br><br>[Filed concurrently: Reply ISO Motion to Order Plaintiff to Participate In Rule 26 Conference; Evidentiary Objections; and Declaration of R. Aljian ISO Request]<br><br>Complaint Filed: February 12, 2020<br>Trial Date: None Set<br><br>District Judge: Otis D. Wright, II<br>Courtroom: 5D, 5th Floor<br><br>Magistrate Judge: Alka Sagar<br>Courtroom: 540, 5th Floor<br><br>DATE: JULY 13, 2020<br>TIME: 1:30 p.m.<br>CTRM: 5D |

DEFs. REQUEST TO CROSS-EXAMINE

Ethan J. Brown (SBN 218814)
 *ethan@bnsklaw.com*
Geoffrey A. Neri (SBN 258802)
 *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:  (310) 593-9890
Facsimile:  (310) 593-9980

Attorneys for Defendants
JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN and JOSE LUIS ESTRADA

## NOTICE OF REQUEST AND REQUEST

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendants Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA, Alma Elizabeth Joaquin, erroneously sued as Alma Zamora De Joaquin, Adoraim Josadac Joaquin, erroneously sued as Adoraim Joaquín Zamora, Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin Garcia, and Jose Luis Estrada (collectively "Defendants") hereby request, pursuant to Local Rule 7-8, that the Court grant them leave to cross-examine Declarants Jeffrey Segal, Donna Dean, and Deborah Mallgrave (collectively "Declarants") at the hearing to be held on July 13, 2020, at 1:30 p.m., before the Hon. Otis D. Wright II, in Courtroom 5D of the United States Courthouse for the Central District of California, Western Division, 350 West First Street, Los Angeles, California 90012, on Defendants' Joint Motion To Order Plaintiff To Participate in a Rule 26 Conference ("Rule 26 Motion") and the California Department of Justice's ("DOJ") Motion to Intervene and To Stay Discovery ("Rule 24 Motion"). Or, in the alternative, Defendants request, per Local Rule 7-8, that the cross-examination be done by deposition taken on two (2) days' notice and on a mutually agreeable date, with the transcripts to be lodged on or before five days before the date of the July 13, 2020 hearing date, i.e., no later than July 8, 2020.

Rule 24 provides that the DOJ must establish that it timely filed the Rule 24 Motion. FED. R. CIV. P. 24(a)-(b). The timeliness requirement is based upon when the DOJ knew or had reason to know that its interests might be affected by the civil action. *United States v. Oregon, supra*, 913 F.2d at 589 (citation & internal quotation marks omitted) (intervention untimely where a party was "at least aware" that its interest "might" be at issue). The Court must consider the existence of any delay, the reason for any delay, and the length of delay. *SEC v. Balwani*, No. 5:18-CV-01603-

Case 2:20-cv-01437-FWS-AS Document 68-2 Filed 06/29/20 Page 4 of 9 Page ID #:1640

EJD, 2019 WL 2491963, at *1 (N.D. Cal. June 14, 2019). If the Court finds "that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24." *United States v. Oregon*, 913 F.2d at 588.

In the Rule 24 Motion, the DOJ relies upon the declarations of DOJ attorneys Mr. Segal and Ms. Dean. Neither the Rule 24 Motion nor the two declarations explain when the DOJ knew or had reason to know that its alleged interests may be affected by this civil lawsuit. Defense counsel has asked the DOJ questions to determine when the DOJ knew or had reason to know its alleged interests may be affected. (Doc. 61-1, ¶14; Doc. 61-7). The DOJ refused to answer those questions. (*Id.*)

In her opposition to the Rule 26 Motion, Plaintiff largely relies on a declaration by her counsel Deborah Mallgrave. In Ms. Mallgrave's declaration, she explains that immediately after the May 27, 2020 Local Rule 7-3 conference regarding the Rule 26 Motion, "[w]ith Defendants threatening the current motion, counsel for Plaintiff contacted the Attorney General's office to advise them that discovery may soon proceed, and that the Attorney General's office should take whatever precautions they considered necessary." (Doc. 62-1, ¶48.) Ms. Mallgrave also explains that "[p]rior to February 12, 2020, neither I nor any co-counsel or Plaintiff informed the California Attorney General that Plaintiff was filing her complaint, or that Plaintiff was holding a press conference on the following day." She does not address the communications between Plaintiff or Plaintiff counsel's and the AG during the time period from February 12, 2020 through May 27, 2020. She does not address other topics of discussion on or before February 12, 2020, including communications regarding the drafting of a civil complaint or whether Plaintiff had actually filed a civil complaint.

Defendants request that the Court grant Defendants leave to cross-examine Ms. Mallgrave, Ms. Dean, and Mr. Segal to determine the nature and extent of the communications between Plaintiff and the DOJ during the period from January 1,

2
DEFS. REQUEST TO CROSS-EXAMINE

DAILY ALJIAN LLP
Newport Beach, California

2020 to the present date (the "Relevant Period").

Each of these persons are declarants in support of the pending motions. The evidence involves an issue of fact that must be considered in connection with both the Rule 24 and Rule 26 Motions. The requested cross-examination will be narrowly tailored to determine when the DOJ knew about the filing of this lawsuit and what it knew, whether the delays in moving under Rule 24 and the delays in participating in the Rule 26(f) conference were coordinated, and the nature of any other coordination in the case.

This Request is based upon this Notice of Request and Request, the concurrently filed memorandum of points and authorities, Defendants subpoenas served pursuant to Rule 45(c)(1)-(2) of the Federal Rules of Civil Procedure, and all papers and pleadings currently on file with the Court, and such oral and documentary evidence as may be presented to the court at the time of hearing.

Dated:  June 29, 2020            DAILY ALJIAN LLP

By:/s/ Reed Aljian
Reed Aljian
Attorneys for Defendants,
COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA, ALMA ELIZABETH JOAQUIN, erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUÍN ZAMORA

DATED: June 29, 2020            BROWN, NERI, SMITH & KHAN LLP

By:/s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Defendants, JOSE HERNÁNDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN GARCIA and JOSE LUIS ESTRADA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants request that the Court grant them leave to cross-examine declarants Deputy Attorney General Jeffrey Segal, Deputy Attorney General Donna Dean, and Plaintiff's counsel Deborah Mallgrave (collectively, the "Declarants") at the hearings on Defendants' Joint Rule 26 Motion and the DOJ's Rule 24 Motion. Defendants timely gave notice of the intent to serve subpoenas to appear at the hearing and to produce responsive documents. (Declaration of Reed Aljian ("Aljian Decl.,"), ¶2.) Declarants agreed to accept service of the subpoenas by electronic mail. (*Id.*, ¶3 & 4.) Defendants timely served the subpoenas. (*Id.*, ¶5.)

The subject matter of the requested cross-examination is to determine the timeliness of the Rule 24 Motion, considered "the threshold" factual requirement, and to determine the veracity of the excuses given by Plaintiff for delaying the Rule 26(f) conference. (*Id.*, ¶6.) The requested cross-examination will be narrowly tailored to illicit testimony regarding the nature and extent of Plaintiff and her counsel's communications with the DOJ regarding this civil lawsuit. (*Id.*, ¶6.) To date, Plaintiff's counsel and the DOJ have failed to present those facts to the Court and, in response to direct questions, have refused to disclose those facts to Defendants. These facts – which have been withheld to date - are directly relevant to the Court's determination of the merits of the Rule 24 Motion and the Rule 26 Motion, both of which are scheduled to be heard on July 13, 2020. Defendants respectfully request that the Court grant Defendants' request.

## II. ARGUMENT

Local Rule 7-8 provides that parties may cross-examine declarants "…[o]n…motions where an issue of fact is to be determined…." Courts have specifically held that such requests are warranted where the record is insufficient to determine whether a party has satisfied its burden of proof. *See e.g., Americans for*

*Prosperity Foundation v. Harris*, 2015 WL 12859223, *3 (C.D. Cal. Feb. 11, 2015) (granting request to cross-examine two of Kamala D. Harris' declarants at a hearing on a preliminary injunction); *see also Rubenstein v. Smith*, 132 F.Supp.3d 1201, 1203 (C.D. Cal. Sept. 16, 2015) (granting request to cross-examine at hearing on Rule 12(b)(6) motion). Rule 45 provides the power to subpoena parties to appear at hearings, to testify, and to produce records at that time. FED. R. CIV. P. 45.

The Rule 24 Motion seeks to intervene under Rule 26(a) and Rule 26(b) of the Federal Rules of Civil Procedure. The "threshold requirement" is that the motion be made timely. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir.1990). A party must intervene promptly as soon as it "knows or has reason to know that [its] interests might be adversely affected by the outcome of litigation" to be timely. *United States v. Oregon,* 913 F.2d at 589 (citation & internal quotation marks omitted) (intervention untimely where a party was "at least aware" that its interest "might" be at issue). If the Court finds "that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24." *Id.*

In support of Plaintiff's Opposition to the Rule 26 Motion, Ms. Mallgrave submitted a declaration. In support of the DOJ's Rule 24 Motion, Mr. Segal and Ms. Dean submitted declarations. None of these declarations explain when the DOJ knew or had reason to know that its alleged interests may be affected by this civil lawsuit. During the parties' Local Rule 7-3 conference regarding the DOJ's Rule 24 Motion, defense counsel asked the DOJ and Plaintiff's counsel questions designed to determine when the DOJ knew or had reason to know its alleged interests may be affected. (Doc. 61-1, ¶14; Doc. 61-7). Both the DOJ and Plaintiff's counsel refused to answer those questions.

However, in Ms. Mallgrave's declaration, she explains that immediately after the May 27, 2020 Local Rule 7-3 conference regarding the Rule 26 Motion, "counsel for Plaintiff contacted the Attorney General's office to advise them that discovery

may soon proceed, and that the Attorney General's office should take whatever precautions they considered necessary." (Docket No. 62-1, ¶48.) She further explains that "[p]rior to February 12, 2020, neither I nor any co-counsel or Plaintiff informed the California Attorney General that Plaintiff was filing her complaint, or that Plaintiff was holding a press conference on the following day." Critically, she does not address the communications that took place from February 12, 2020 through May 27, 2020. Moreover, the declaration appears to be carefully worded to avoid addressing related topics, including whether Plaintiff or her counsel had any communications with the DOJ regarding the drafting of a civil complaint or whether they had actually filed a civil complaint.

Defendants request that the Court grant Defendants the right to cross-examine the Declarants – Ms. Mallgrave, Ms. Dean, and Mr. Segal – regarding the nature and extent of the communications between Plaintiff and the DOJ during the period from January 1, 2020 to the present date (the "Relevant Period"). Defendants believe that Plaintiff's counsel and the DOJ have engaged in significant discussions regarding this civil action during the Relevant Period and that these discussions would establish two things. First, they would establish that the DOJ knowingly and intentionally delayed bringing the Rule 24 Motion and, therefore, that the DOJ cannot satisfy its burden of proof. Second, it would establish that Plaintiff counsel's stated reasons for not participating in the Rule 26(f) Conference were not genuine, a fact relevant to the Rule 26 Motion. The questioning will be narrowly tailored to address those discrete factual issues, as are the documents that have been requested.

### III. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court grant Defendants Request to cross-examine Declarants Jeffrey Segal, Donna Dean, and Deborah Mallgrave at the July 13, 2020 hearing. Or, in the alternative, Defendants request, per Local Rule 7-8, that the Court grant Defendants leave to

cross-examine the Declarants by deposition taken on two (2) days' notice and on a mutually agreeable date, with the transcripts to be lodged on or before five days before the date of the July 13, 2020 hearing date, i.e., no later than July 8, 2020.

Dated: June 29, 2020　　　　　　　DAILY ALJIAN LLP

By:/s/ Reed Aljian
　Reed Aljian
　Attorneys for Defendants,
　COMMUNICATION CENTER
　BEREA U.S.A. LLC, erroneously sued
　as INTERNATIONAL BEREA USA,
　ALMA ELIZABETH JOAQUIN,
　erroneously sued as ALMA ZAMORA
　DE JOAQUIN, and ADORAIM
　JOSADAC JOAQUIN, erroneously
　sued as ADORAIM JOAQUIN
　ZAMORA

DATED: June 29, 2020　　　　　　　BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
　Geoffrey A. Neri
　Attorneys for Defendants, JOSE
　HERNANDEZ, SILVERIO
　CORONADO, AURELIO ZAVALETA,
　UZZIEL JOAQUIN, JONATHAN
　MENDOZA, DAVID MENDOZA,
　BENJAMIN JOAQUIN GARCIA and
　JOSE LUIS ESTRADA