1 | Reed Aljian (State Bar No. 211010)
    ra@dallp.com
2 | Rochelle Calderon Rotea (State Bar No. 325417)
    rochelle@dallp.com
3 | DAILY ALJIAN LLP
    100 Bayview Circle, Suite 5500
4 | Newport Beach, CA  92660
    Telephone:   949.861.2524
5 | Facsimile:   949.269.6364

6 | Attorneys for Defendants
    COMMUNICATION CENTER BEREA U.S.A. LLC,
7 | Erroneously sued as INTERNATIONAL BEREA USA,
    ALMA ELIZABETH JOAQUIN, erroneously sued as
8 | ALMA ZAMORA DE JOAQUIN, and ADORAIM
    JOSADAC JOAQUIN, erroneously sued as
9 | ADORAIM JOAQUIN ZAMORA

10 | *Additional counsel on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>  Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**DECLARATION OF REED ALJIAN IN SUPPORT OF LOCAL RULE 7-8 REQUEST TO CROSS-EXAMINE WITNESSES**<br><br>[Filed concurrently herewith: Reply ISO Motion to Order Plaintiff to Participate In Rule 26 Conference; Evidentiary Objections; and Request Pursuant to L.R. 7-8 to Cross-Examine]<br><br>Complaint Filed:  February 12, 2020<br>Trial Date:          None Set<br><br>District Judge:    Otis D. Wright, II<br>Courtroom:         5D, 5th Floor<br>Magistrate Judge: Alka Sagar<br>Courtroom:         540, 5th Floor<br><br>DATE: July 13, 2020<br>TIME: 1:30 p.m.<br>CTRM: 5D |

1  Ethan J. Brown (SBN 218814)
    *ethan@bnsklaw.com*
2  Geoffrey A. Neri (SBN 258802)
    *geoff@bnsklaw.com*
3  BROWN, NERI, SMITH & KHAN LLP
   11601 Wilshire Blvd., Suite 2080
4  Los Angeles, CA 90025
   Tel: (310) 593-9890
5  Fax: (310) 593-9980

6  Attorney for Defendants
   JOSE HERNANDEZ,
7  SILVERIO CORONADO,
   AURELIO ZAVALETA,
8  UZZIEL JOAQUIN, JONATHAN
   MENDOZA, DAVID MENDOZA,
9  BENJAMIN JOAQUIN and JOSE LUIS ESTRADA

DAILY ALJIAN LLP
Newport Beach, California

ALJIAN DECLARATION ISO LR 7-8 REQUEST

## DECLARATION OF REED ALJIAN

1. I am a partner at the law firm Daily Aljian LLP (the "Firm"), counsel of record for COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA, ALMA ELIZABETH JOAQUIN, erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUÍN ZAMORA (collectively, "Defendants"). I am licensed to practice before all courts in the State of California and the United State District Court for the Central District of California. I am the attorney primarily responsible for the representation of Defendants in this Civil Action. If called upon as a witness, I could and would competently testify to the facts set forth below, as I know each to be true based upon my own personal knowledge.

2. On June 24, 2020, my Firm served a notice of subpoena, which attached subpoenas to compel Deputy Attorney General Jeffrey Segal, Deputy Attorney General Donna Dean, and Plaintiff's counsel Deborah Mallgrave (collectively, the "Declarants") to appear, testify, and produce records at hearing. Exhibit A is a true and correct copy notice of subpoenas.

3. On June 26, 2020, I emailed Ms. Mallgrave and asked whether she would accept service of the subpoena via electronic mail. Ms. Mallgrave agreed. Exhibit B is a true and correct copy of my email to Ms. Mallgrave and her response.

4. On June 26, 2020, I emailed Ms. Dean and asked whether she and Mr. Segal would accept service of the subpoena via electronic mail. Ms. Dean agreed and also stated she was authorized to accept service on behalf Mr. Segal. Exhibit C is a true and correct copy of Ms. Dean's agreement to accept service electronically.

5. On June 29, 2020, my Firm timely served the subpoenas on Deborah Mallgrave on behalf of herself and on Donna Dean on behalf of herself and Mr. Segal.

6. The subject matter of the requested cross-examination is to illicit testimony regarding the timeliness of the Rule 24 Motion, which is considered "the threshold" factual requirement for both intervention of right and permissive intervention. Specifically, the requested cross-examination will be narrowly tailored to illicit testimony regarding the nature and extent of Plaintiff and her counsel's communications with the DOJ regarding this civil lawsuit, to establish that the DOJ knowingly and intentionally delayed in seeking relief of Court, and to determine the veracity of representations regarding the reasons for delaying the Rule 26(f) conference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 29, 2020 in Newport Beach, California.

                                                /s/ Reed Aljian
                                                Reed Aljian

DAILY ALJIAN LLP
Newport Beach, California