**EXHIBIT A**

3

1  Reed Aljian (State Bar No. 211010)
       ra@dallp.com
2  Rochelle Calderon Rotea (State Bar No. 325417)
       rochelle@dallp.com
3  DAILY ALJIAN LLP
   100 Bayview Circle, Suite 5500
4  Newport Beach, CA 92660
   Telephone: 949.861.2524
5  Facsimile: 949.269.6364

6  Attorneys for Defendants
   COMMUNICATION CENTER BEREA U.S.A. LLC,
7  erroneously sued as INTERNATIONAL BEREA USA,
   ALMA ELIZABETH JOAQUIN, erroneously sued as
8  ALMA ZAMORA DE JOAQUIN, and ADORAIM
   JOSADAC JOAQUIN, erroneously sued as ADORAIM
9  JOAQUIN ZAMORA

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                  WESTERN DIVISION - LOS ANGELES

13

| | |
|---|---|
| 14  SOCHIL MARTIN, | Case No.: 2:20−cv−01437 ODW (ASx) |
| 15             Plaintiff, | **NOTICE OF SUBPOENAS TO APPEAR AND TESTIFY AT THE HEARING ON DEFENDANT'S MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE AND TO PRODUCE DOCUMENTS** |
| 16             v. | |
| 17  LA LUZ DEL MUNDO, an | |
| 18  unincorporated association, et al. | |
| 19             Defendants. | Complaint Filed: February 12, 2020<br>Trial Date: None Set |
| 20 | |
| 21 | District Judge: Otis D. Wright, II<br>Courtroom: 5D, 5th Floor |
| 22 | |
| 23 | Magistrate Judge: Alka Sagar<br>Courtroom: 540, 5th Floor |
| 24 | |
| 25 | DATE: July 13, 2020<br>TIME: 1:30 p.m. |
| 26 | CTRM: 5D |

27

28

4

DAILY ALJIAN LLP
Newport Beach, California

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE THAT Defendants Communication Center Berea

3  U.S.A. LLC, erroneously sued as International Berea USA, Alma Elizabeth Joaquin,

4  erroneously sued as Alma Zamora De Joaquin, and Adoraim Josadac Joaquin,

5  erroneously sued as Adoraim Joaquín Zamora (collectively "Moving Defendants")

6  hereby give notice planned service of subpoenas ordering Jeffrey Segal, Donna Dean,

7  and Deborah Mallgrave to appear and testify at the hearing on Defendants' Joint

8  Motion to Order Plaintiff to Participate in a Rule 26 Conference and to produce

9  documents at the hearing. The date, time and location of the hearing is July 13, 2020

10  at 1:30 p.m. in Courtroom 5D, 5th floor at the Central District of California

11  Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012. Service will be

12  attempted five (5) days after service of this Notice. The three subpoenas are attached

13  hereto as Exhibits A-C, as follows:

14      Exhibit A - Subpoena upon Jeffrey Segal to Appear and Testify at Hearing in

15  Civil Action No. 2:20−cv−01437 ODW (ASx) with a command for the production.

16      Exhibit B - Subpoena upon Donna Dean to Appear and Testify at Hearing in

17  Civil Action No. 2:20−cv−01437 ODW (ASx) with a command for the production.

18      Exhibit C - Subpoena upon Deborah Mallgrave to Appear and Testify at

19  Hearing in Civil Action No. 2:20−cv−01437 ODW (ASx) with a command for the

20  production.

21  Dated:  June 24, 2020              DAILY ALJIAN LLP

22

23                                     By:/s/ Reed Aljian
                                       Reed Aljian
24                                     Attorneys for Defendants,
                                       COMMUNICATION CENTER BEREA
25                                     U.S.A. LLC, erroneously sued as
                                       INTERNATIONAL BEREA USA, ALMA
26                                     ELIZABETH JOAQUIN, erroneously sued
                                       as ALMA ZAMORA DE JOAQUIN, and
27                                     ADORAIM JOSADAC JOAQUIN,
                                       erroneously sued as ADORAIM JOAQUÍN
28                                     ZAMORA

NOTICE OF SUBPOENAS

DAILY ALJIAN LLP
Newport Beach, California

# EXHIBIT A

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| SOCHIL MARTIN | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   2:20−cv−01437 ODW (ASx) |
| LA LUZ DEL MUNDO, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Jeffrey Segal

*(Name of person to whom this subpoena is directed)*

    **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | Central District of California Courthouse 350 W. 1st Street, Los Angeles, CA 90012 | Courtroom No.: 5D |
|---|---|---|
| | | Date and Time: 07/13/2020 1:30 pm |

    You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:
        See Attachment A

    The following provisions of Fed. R. Civ. P. 45 are attached − Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/24/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

      See Attachment B       , who issues or requests this subpoena, are:

Reed Aljian | DAILY ALJIAN LLP
Address: 100 Bayview Circle, Suite 5500, Newport Beach, CA 92660 | Email: ra@dallp.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No.   2:20−cv−01437 ODW (ASx)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **Attachment A**

## **DEFINITIONS**

1.      "YOU" and "YOUR" means you, Jeffrey Segal, individually.

2.      "AG" means the State of California Department of Justice, Attorney
General's Office and any attorneys, investigators, representatives, employees, or any
other PERSON or entity authorized and/or purporting to act on behalf of the AG,
including but not limited to Amanda Plisner, Diana Callaghan, Jeffrey Segal, Donna
Dean, Troy Holmes, Tom Donohue, and Steve Stover.

3.      "PLAINTIFF" means the Plaintiff in the ACTION, Sochil Martin.

4.      "PLAINTIFF COUNSEL" means PLAINTIFF's legal representation
regarding the ACTION, including but not limited to Greenberg Gross LLP and Jeff
Anderson and Associates PA and their attorneys, para-attorneys, paralegals,
employees, investigators, or any other PERSON or entity authorized and/or
purporting to act on behalf of PLAINTIFF COUNSEL, including but not limited to
Deborah Mallgrave, Joshua Robbins, Michael Finnegan, Jennifer Stein, and Jeffrey
Anderson.

5.      "ACTION" means the civil lawsuit entitled *Sochil Martin v. La Luz Del
Mundo, et al*, Case No. 2:20–cv–01437 OWD (ASx).

6.      "RELEVANT PERIOD" means the period of time from January 1,
2020 to the date of production of records in response to this subpoena.

7.      "DOCUMENT" and "DOCUMENTS" means all written, typed or
other material of any kind or nature, and any other tangible thing by which
information or data is stored in your possession, custody, or control, including,
without limitation, any writing as defined by Rule 34(a)(1)(A)-(B) of the Federal
Rules of Evidence, Rule 1001 of the Federal Rules of Evidence, and Section 250 of
the California Rules of Evidence, Section 255, and Section 260.  DOCUMENTS
further include any contracts, correspondence, letters, facsimile transmissions, e-

mails, telephone messages, telephone statements or bills, checks, receipts, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, summaries, notes, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, tape recordings, video recordings, agreements, appraisals, financial statements, calendars, analyses, drawings, film, graph, charts, photographs, phone records, mechanical or electrical sound recording or transcript thereof, any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, electromagnetically, or otherwise, and any other data compilation for which information can be obtained written or electronic COMMUNICATIONS and other tangible writings, including all partial and complete copies, drafts and final versions thereof, and attachments and enclosures therewith.  Where a document is identified or produced, identical copies that do not contain any markings, additions, or deletions different from the original need not be separately produced.

8.    "COMMUNICATION(S)"  means  any  form  of  interpersonal communication in your possession, custody, or control, including but not limited to the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise), whether by DOCUMENT, verbal or written statements, meetings, telephone conversations, discussions, dialogue, colloquy or other means or non-verbal actions intended to or actually conveying information or data.

9.    "PERSON"  or  "PERSONS"  means  any  natural  person,  firm, partnership, association, corporation, trust, or any other business or legal entity.

## REQUESTS

1.    All COMMUNICATIONS between YOU and PLAINTIFF during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS between YOU and PLAINTIFF during the RELEVANT

11

PERIOD, including but not limited to all COMMUNICATIONS regarding the ACTION.

2.      All COMMUNICATIONS between YOU and PLAINTIFF COUNSEL during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS between YOU and PLAINTIFF COUNSEL during the RELEVANT PERIOD.

3.      All COMMUNICATIONS between the AG and PLAINTIFF during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS between the AG and PLAINTIFF during the RELEVANT PERIOD.

4.      All COMMUNICATIONS between the AG and PLAINTIFF'S COUNSEL during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS, between the AG and PLAINTIFF COUNSEL.

5.      DOCUMENTS sufficient to show the date the AG first became aware of the filing of the ACTION.

6.      DOCUMENTS sufficient to show the date the AG first became aware of the contents of the PLAINTIFF's complaint filed in the ACTION.

## **Attachment B**

Defendants Communication Center Berea U.S.A. LLC, erroneously sued as
International Berea USA, Alma Elizabeth Joaquin, erroneously sued as Alma
Zamora De Joaquin, Adoraim Josadac Joaquin, erroneously sued as Adoraim
Joaquín Zamora.

# EXHIBIT B

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | | |
|---|---|---|
| SOCHIL MARTIN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:20−cv−01437 ODW (ASx) |
| LA LUZ DEL MUNDO, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Donna Dean

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | | |
|---|---|---|
| Place:  Central District of California Courthouse<br>350 W. 1st Street, Los Angeles, CA 90012 | Courtroom No.:  5D | |
| | Date and Time: 07/13/2020 1:30 pm | |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:   See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/24/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

See Attachment B , who issues or requests this subpoena, are:

Reed Aljian | DAILY ALJIAN LLP
Address: 100 Bayview Circle, Suite 5500, Newport Beach, CA 92660 | Email: ra@dallp.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

15

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.  2:20−cv−01437 ODW (ASx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

16

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**DEFINITIONS**

1.      "YOU" and "YOUR" means you, Donna Dean, individually.

2.      "AG" means the State of California Department of Justice, Attorney General's Office and any attorneys, investigators, representatives, employees, or any other PERSON or entity authorized and/or purporting to act on behalf of the AG, including but not limited to Amanda Plisner, Diana Callaghan, Jeffrey Segal, Donna Dean, Troy Holmes, Tom Donohue, and Steve Stover.

3.      "PLAINTIFF" means the Plaintiff in the ACTION, Sochil Martin.

4.      "PLAINTIFF COUNSEL" means PLAINTIFF's legal representation regarding the ACTION, including but not limited to Greenberg Gross LLP and Jeff Anderson and Associates PA and their attorneys, para-attorneys, paralegals, employees, investigators, or any other PERSON or entity authorized and/or purporting to act on behalf of PLAINTIFF COUNSEL, including but not limited to Deborah Mallgrave, Joshua Robbins, Michael Finnegan, Jennifer Stein, and Jeffrey Anderson.

5.      "ACTION" means the civil lawsuit entitled *Sochil Martin v. La Luz Del Mundo, et al*, Case No. 2:20−cv−01437 OWD (ASx).

6.      "RELEVANT PERIOD" means the period of time from January 1, 2020 to the date of production of records in response to this subpoena.

7.      "DOCUMENT" and "DOCUMENTS" means all written, typed or other material of any kind or nature, and any other tangible thing by which information or data is stored in your possession, custody, or control, including, without limitation, any writing as defined by Rule 34(a)(1)(A)-(B) of the Federal Rules of Evidence, Rule 1001 of the Federal Rules of Evidence, and Section 250 of the California Rules of Evidence, Section 255, and Section 260.  DOCUMENTS further include any contracts, correspondence, letters, facsimile transmissions, e-

mails, telephone messages, telephone statements or bills, checks, receipts, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, summaries, notes, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, tape recordings, video recordings, agreements, appraisals, financial statements, calendars, analyses, drawings, film, graph, charts, photographs, phone records, mechanical or electrical sound recording or transcript thereof, any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, electromagnetically, or otherwise, and any other data compilation for which information can be obtained written or electronic COMMUNICATIONS and other tangible writings, including all partial and complete copies, drafts and final versions thereof, and attachments and enclosures therewith. Where a document is identified or produced, identical copies that do not contain any markings, additions, or deletions different from the original need not be separately produced.

8.    "COMMUNICATION(S)" means any form of interpersonal communication in your possession, custody, or control, including but not limited to the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise), whether by DOCUMENT, verbal or written statements, meetings, telephone conversations, discussions, dialogue, colloquy or other means or non-verbal actions intended to or actually conveying information or data.

9.    "PERSON" or "PERSONS" means any natural person, firm, partnership, association, corporation, trust, or any other business or legal entity.

## REQUESTS

1.    All COMMUNICATIONS between YOU and PLAINTIFF during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS between YOU and PLAINTIFF during the RELEVANT

PERIOD, including but not limited to all COMMUNICATIONS regarding the ACTION.

2.      All COMMUNICATIONS between YOU and PLAINTIFF COUNSEL during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS between YOU and PLAINTIFF COUNSEL during the RELEVANT PERIOD.

3.      All COMMUNICATIONS between the AG and PLAINTIFF during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS between the AG and PLAINTIFF during the RELEVANT PERIOD.

4.      All COMMUNICATIONS between the AG and PLAINTIFF'S COUNSEL during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS, between the AG and PLAINTIFF COUNSEL.

5.      DOCUMENTS sufficient to show the date the AG first became aware of the filing of the ACTION.

6.      DOCUMENTS sufficient to show the date the AG first became aware of the contents of the PLAINTIFF's complaint filed in the ACTION.

## **Attachment B**

Defendants Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA, Alma Elizabeth Joaquin, erroneously sued as Alma Zamora De Joaquin, Adoraim Josadac Joaquin, erroneously sued as Adoraim Joaquín Zamora.

# EXHIBIT C

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| SOCHIL MARTIN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:20−cv−01437 ODW (ASx) |
| LA LUZ DEL MUNDO, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Deborah Mallgrave

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Central District of California Courthouse<br>350 W. 1st Street, Los Angeles, CA 90012 | Courtroom No.: 5D |
|---|---|
| | Date and Time: 07/13/2020 1:30 pm |

     You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:
     See Attachment A

     The following provisions of Fed. R. Civ. P. 45 are attached − Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  06/24/2020

     *CLERK OF COURT*

     OR

_____          _____
     *Signature of Clerk or Deputy Clerk*                                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
     See Attachment B                                   , who issues or requests this subpoena, are:

Reed Aljian | DAILY ALJIAN LLP
Address: 100 Bayview Circle, Suite 5500, Newport Beach, CA 92660 | Email: ra@dallp.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

23

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:20–cv–01437 ODW (ASx)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

24

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

**DEFINITIONS**

1.    "YOU" and "YOUR" means you, Deborah Mallgrave, individually.

2.    "AG" means the State of California Department of Justice, Attorney General's Office and any attorneys, investigators, representatives, employees, or any other PERSON or entity authorized and/or purporting to act on behalf of the AG, including but not limited to Amanda Plisner, Diana Callaghan, Jeffrey Segal, Donna Dean, Troy Holmes, Tom Donohue, and Steve Stover.

3.    "PLAINTIFF" means the Plaintiff in the ACTION, Sochil Martin.

4.    "PLAINTIFF COUNSEL" means PLAINTIFF's legal representation regarding the ACTION, including but not limited to Greenberg Gross LLP and Jeff Anderson and Associates PA and their attorneys, para-attorneys, paralegals, employees, investigators, or any other PERSON or entity authorized and/or purporting to act on behalf of PLAINTIFF COUNSEL, including but not limited to Deborah Mallgrave, Joshua Robbins, Michael Finnegan, Jennifer Stein, and Jeffrey Anderson.

5.    "ACTION" means the civil lawsuit entitled *Sochil Martin v. La Luz Del Mundo, et al*, Case No. 2:20−cv−01437 OWD (ASx).

6.    "RELEVANT PERIOD" means the period of time from January 1, 2020 to the date of production of records in response to this subpoena.

7.    "DOCUMENT" and "DOCUMENTS" means all written, typed or other material of any kind or nature, and any other tangible thing by which information or data is stored in your possession, custody, or control, including, without limitation, any writing as defined by Rule 34(a)(1)(A)-(B) of the Federal Rules of Evidence, Rule 1001 of the Federal Rules of Evidence, and Section 250 of the California Rules of Evidence, Section 255, and Section 260.  DOCUMENTS further include any contracts, correspondence, letters, facsimile transmissions, e-

26

mails, telephone messages, telephone statements or bills, checks, receipts, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, summaries, notes, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, tape recordings, video recordings, agreements, appraisals, financial statements, calendars, analyses, drawings, film, graph, charts, photographs, phone records, mechanical or electrical sound recording or transcript thereof, any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, electromagnetically, or otherwise, and any other data compilation for which information can be obtained written or electronic COMMUNICATIONS and other tangible writings, including all partial and complete copies, drafts and final versions thereof, and attachments and enclosures therewith.  Where a document is identified or produced, identical copies that do not contain any markings, additions, or deletions different from the original need not be separately produced.

8.    "COMMUNICATION(S)" means any form of interpersonal communication in your possession, custody, or control, including but not limited to the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise), whether by DOCUMENT, verbal or written statements, meetings, telephone conversations, discussions, dialogue, colloquy or other means or non-verbal actions intended to or actually conveying information or data.

9.    "PERSON" or "PERSONS" means any natural person, firm, partnership, association, corporation, trust, or any other business or legal entity.

## REQUESTS

1.    All COMMUNICATIONS between YOU and PLAINTIFF during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS between YOU and PLAINTIFF during the RELEVANT

PERIOD, including but not limited to all COMMUNICATIONS regarding the ACTION.

     2.    All COMMUNICATIONS between YOU and PLAINTIFF COUNSEL during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS between YOU and PLAINTIFF COUNSEL during the RELEVANT PERIOD.

     3.    All COMMUNICATIONS between the AG and PLAINTIFF during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS between the AG and PLAINTIFF during the RELEVANT PERIOD.

     4.    All COMMUNICATIONS between the AG and PLAINTIFF'S COUNSEL during the RELEVANT PERIOD, including all DOCUMENTS containing all COMMUNICATIONS, between the AG and PLAINTIFF COUNSEL.

     5.    DOCUMENTS sufficient to show the date the AG first became aware of the filing of the ACTION.

     6.    DOCUMENTS sufficient to show the date the AG first became aware of the contents of the PLAINTIFF's complaint filed in the ACTION.

## **Attachment B**

Defendants Communication Center Berea U.S.A. LLC, erroneously sued as
International Berea USA, Alma Elizabeth Joaquin, erroneously sued as Alma
Zamora De Joaquin, Adoraim Josadac Joaquin, erroneously sued as Adoraim
Joaquín Zamora.

DAILY ALJIAN LLP
Newport Beach, California

1

## **PROOF OF SERVICE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CASE NAME:**   *SOCHIL MARTIN v. LA LUZ DEL MUNDO, et al.*

I am employed in the City of Newport Beach, County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 100 Bayview Circle, Suite 5500, Newport Beach, California 92660.  On **June 24, 2020**, I caused the foregoing document(s) to be served on:

**NOTICE OF SUBPOENAS TO APPEAR AND TESTIFY AT THE HEARING ON DEFENDANT'S MOTION TO ORDER PLAINTIFF TO PARTICIPATE IN RULE 26 CONFERENCE AND TO PRODUCE DOCUMENTS**

on the following parties:

**SEE ATTACHED SERVICE LIST**

[X]   (BY ELECTRONIC TRANSMISSION) The above-referenced document was transmitted by e-mail to the email addresses identified in the service list below.

[X]   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **June 24, 2020**, at Newport Beach, California.

_____
*/s/* Courtney Dorner
Courtney Dorner

30    1

PROOF OF SERVICE

# <u>SERVICE LIST</u>

Deborah S. Mallgrave
  *DMallgrave@GGTrialLaw.com*
Joshua M. Robbins
  *JRobbins@ggtriallaw.com*
GREENBERG GROSS LLP
601 South Figueroa St, 30th Floor
Los Angeles, CA 90017
  *Attorneys for Plaintiff, SOCHIL MARTIN*

Michael G. Finnegan
  *Mike@AndersonAdvocates.com*
Jennifer E. Stein
  *Jennifer@AndersonAdvocates.com*
JEFF ANDERSON & ASSOCIATES
11812 San Vincente Blvd, #503
Los Angeles, CA 90049
  *Attorneys for Plaintiff, SOCHIL MARTIN*

Alan J. Jackson
  *ajackson@werksmanjackson.com*
Caleb E. Mason
  *cmason@werksmanjackson.com*
Michael G. Freedman
*mfreedman@werksmanjackson.com*
WERKSMAN JACKSON & QUINN LLP
888 W 6th St, Fourth Floor
Los Angeles, CA 90017
  *Attorneys for Defendant, NAASÓN JOAQUÍN GARCÍA*

Ethan J. Brown
  *ethan@bnsklaw.com*
Geoffrey A. Neri
  *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
  *Attorneys for Defendants, JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN AND JOSE LUIS ESTRADA*

DAILY ALJIAN LLP
Newport Beach, California

PROOF OF SERVICE