1 | XAVIER BECERRA
Attorney General of California
2 | MARK T. CUMBA
Supervising Deputy Attorney General
3 | DONNA M. DEAN
Deputy Attorney General
4 | State Bar No. 187104
 300 South Spring Street, Suite 1702
5 | Los Angeles, CA 90013
 Telephone: (213) 269-6509
6 | Fax: (916) 731-2120
 E-mail: Donna.Dean@doj.ca.gov
7 | *Attorneys for the People of the State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOCHIL MARTIN,** | 2:20-cv-01437-ODW-AS |
| Plaintiff, | **THE PEOPLE OF THE STATE OF CALIFORNIA'S EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITS FOR REPLY IN SUPPORT OF MOTION TO INTERVENE AND TO STAY CIVIL DISCOVERY DURING PENDENCY OF CRIMINAL PROCEEDINGS [DKT. No. 66]; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DONNA M. DEAN IN SUPPORT THEREOF** |
| v. | |
| **LA LUZ DEL MUNDO,** *an unincorporated association*, **NAASÓN JOAQUÍN GARCÍA,** *an individual*, **EL CONSEJO DE OBISPOS,** *an unincorporated association*, **INTERNATIONAL BEREA USA,** *an unincorporated association*, **GILBERTO GARCÍA GRANADOS,** *an individual*, **JOSE HERNANDEZ,** *an individual*, **UZZIEL JOAQUÍN,** *an individual*, **SILVERIO CORONADO,** *an individual*, **AURELIO ZAVALETA,** *an individual*, **JOSE LUIS ESTRADA,** *an individual*, **JONATHAN MENDOZA,** *an individual*, **ALMA ZAMORA DE JOAQUÍN,** *an individual*, **BENJAMIN JOAQUÍN GARCÍA,** *an individual*, **RAHEL JOAQUÍN GARCÍA,** *an individual*, **ADORAIM JOAQUÍN ZAMORA,** *an individual*, **DAVID MENDOZA,** *an individual* **and DOES 1 through 10, inclusive,** | Judge: Hon. Otis D. Wright, II<br><br>Trial Date: Not set<br>Action Filed: February 12, 2020 |
| Defendants. | |

1

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

The People of the State of California hereby apply ex parte, pursuant to Local Rule 7-19, for an order permitting The People of the State of California's Reply Memorandum of Points and Authorities in Support of Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings (Reply Brief) (Dkt. No. 66) to exceed the page limits set forth in this court's Scheduling Order (Dkt. No. 39), on the grounds that: (1) the People's Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings is essentially two motions in one – a motion to intervene and a motion to stay discovery; (2) the Reply Brief had to address two separate oppositions and a joinder with a separate declaration; and (3) the Reply Brief is within the page limit set by Central District of California Local Rule 11-6.

Ex parte relief is necessary given that the Reply Brief has already been filed and the Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings has been taken under submission; therefore, there is insufficient time for a noticed motion. Even if counsel had sought leave to file an overlength brief before the Reply Brief was filed, an ex parte application would have been necessary because there would not have been sufficient time to file a noticed motion seeking leave to file an overlength brief, and, based on defendants' objections and responses to the notice of the ex parte application, defendants would not have stipulated to the overlength brief. Dkt. No. 71; Dean Decl., ¶ 11, Exs. 3 and 4.

Counsel for all parties (who are listed in the attached declaration) were provided notice of this ex parte application via email on June 30, 2020. Dean Decl., ¶¶ 5-9, Ex. 1. Counsel for plaintiff indicated that plaintiff would not oppose the ex parte application. *Id*. at ¶ 10, Ex. 2. Counsel for Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David

1  Mendoza, Benjamin Joaquin Garcia and Jose Luis Estrada and counsel for
2  Defendants Communication Center Berea U.S.A. LLC, Alma Elizabeth Joaquin,
3  and Adoraim Josadac Joaquin indicated that these defendants would oppose the ex
4  parte application. *Id*. at ¶ 11, Exs. 3 and 4. Counsel for Defendant Garcia did not
5  respond. *Id*. at ¶ 11.
6       This application is based on this notice and application, the attached
7  memorandum of points and authorities, the attached declaration of Donna M. Dean,
8  the pleadings and other papers on file in this action, and all matters of which the
9  court may take judicial notice.

Dated: July 1, 2020                     Respectfully submitted,

                                                 XAVIER BECERRA
                                                 Attorney General of California
                                                 MARK T. CUMBA
                                                 Supervising Deputy Attorney General

                                                 /s/ Donna M. Dean

                                                 DONNA M. DEAN
                                                 Deputy Attorney General
                                                 *Attorneys for the People of the State of California*

# MEMORANDUM OF POINTS AND AUTHORITIES
# INTRODUCTION

The People of the State of California seek leave to intervene in this civil action solely for the limited purpose of staying discovery and disclosure of witnesses until the pending criminal matter against Defendant Naasón Garcia and others – *People v. Garcia et al.*, Los Angeles Superior Court Case No. BA475856 – is resolved by way of a judgment of conviction, acquittal, or dismissal with prejudice. The People seek to intervene and stay discovery because there are overlapping issues of fact and law in the criminal case pending before the Los Angeles Superior Court and this civil action, and the victims and witnesses in the criminal matter – whose identities are protected by court order – will likely be the subject of discovery in this case. Accordingly, on June 12, 2020, the People filed a Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings (Motion to Intervene and Stay Discovery). Dkt. No. 50. The Motion to Intervene and Stay Discovery addressed the bases of, and analyzed the factors to support, the People's request to intervene as of right, the People's request for permissive intervention, and the People's request to stay discovery. *Id*.

On June 22, 2020, Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin Garcia and Jose Luis Estrada filed a 25-page opposition to the Motion to Intervene and Stay Discovery, along with a supporting declaration and a request for judicial notice. Dkt. Nos. 57, 58, and 59. Defendants Communication Center Berea U.S.A. LLC, Alma Elizabeth Joaquin, and Adoraim Josadac Joaquin filed a nine-page opposition, a supporting declaration, and numerous evidentiary objections on June 22, 2020. Dkt. No. 61. In addition, on June 22, 2020, Defendant Naason Garcia filed a joinder in the oppositions filed by the other defendants along with a supporting declaration. Dkt. No. 60. Defendants opposed the People's request to intervene – both as of right and permissively – and opposed the stay. Dkt. Nos. 57-

61.

On June 29, 2020, the People filed a Reply Memorandum of Points and Authorities in Support of Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings (Reply Brief) (Dkt. No. 66). The Reply Brief is 22 pages long, which is within the page limit set by Central District of California Local Rule 11-6, but exceeds the court's page limit for reply briefs set forth in its Scheduling Order (Dkt. No. 39). The page limit in the court's Scheduling Order was first brought to counsel's attention when Defendants' filed and objection to the overlength reply brief (Dkt. No. 71). Dean Decl., ¶ 4. Even if counsel for the People had been aware of this page limit before filing the Reply Brief, an ex parte application would have been necessary because there would not have been sufficient time to file a noticed motion seeking leave to file an overlength brief, and, based on defendant's objections and responses to the notice of the ex parte application, defendants would not have stipulated to the overlength brief.

## ARGUMENT

Good cause exists for filing a reply brief that exceeds the page limits in the Scheduling Order for the following reasons:

(1) The People's Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings is essentially two motions in one – a motion to intervene and a motion to stay discovery. The motion to intervene addressed all of the factors for intervention as of right and permissive intervention, and the motion to stay discovery addressed all of the factors pursuant to *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). These motions could have been brought as separate motions, but, for the convenience of the parties and the court, they were brought in one motion given that the sole purpose for the People's request to intervene is to stay discovery – not to become a full litigant in the case.

(2) The Reply Brief had to address two separate oppositions totaling 34 pages, evidentiary objections, and a joinder with a separate declaration. Defendants

opposed every aspect of the Motion to Intervene and Stay Discovery and proposed an alternative to a complete stay of discovery, all of which had to be addressed in the reply. In addition, defendants raised several unsupported factual arguments that required responses. Accordingly, the People need additional pages to address all of the issues and arguments raised in defendants' oppositions.

(3) The Reply Brief is within the page limit set by Central District of California Local Rule 11-6.

## CONCLUSION

This court's scheduling order limits a reply brief to 12 pages absent leave of court. Because the People's Motion to Intervene and Stay Discovery consisted of two motions combined into one, and because of the extensive arguments the People had to address in their Reply Brief, the People respectfully request that the court grant this application and accept their 22-page Reply Brief (Dkt. No. 66).

Dated: July 1, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General

/s/ Donna M. Dean

DONNA M. DEAN
Deputy Attorney General
*Attorneys for the People of the State of California*

**DECLARATION OF DONNA M. DEAN**

I, Donna M. Dean, declare as follows:

1. I am a duly appointed Deputy Attorney General and am assigned to represent the People of the State of California in the above-entitled action. The facts set forth herein are within my personal knowledge, except where otherwise indicated, and if called to testify herein I could and would competently testify thereto.

2. On June 29, 2020, I caused to be filed The People of the State of California's Reply Memorandum of Points and Authorities in Support of Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings (Reply Brief) (Dkt. No. 66). The Reply Brief is 22 pages long, which is within the page limit set by Central District of California Local Rule 11-6, but exceeds the court's page limit for reply briefs set forth in its Scheduling Order (Dkt. No. 39).

3. The page limit in the court's Scheduling Order was first brought to my attention when Defendants' filed an objection to the overlength reply brief on June 30, 2020 (Dkt. No. 71). I acted as quickly as possible to address this issue with the court as soon as I learned of my oversight.

4. Good cause exists for filing a reply brief that exceeds the page limits in the Scheduling Order because: (a) the People's Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings is essentially two motions in one – a motion to intervene and a motion to stay discovery; and (b) the Reply Brief had to address two separate oppositions with supporting documents and a joinder with a separate declaration. Thus, additional pages were needed to address all of the issues raised in the oppositions.

5. Plaintiff Sochil Martin is represented by Jennifer Elizabeth Stein and Michael George Finnegan of Jeff Anderson and Associates PA, 11812 San Vicente Boulevard, No. 503, Los Angeles, CA 90049, 310-357-2425, Fax: 651-297-6543, Email:Jennifer@andersonadvocates.com and Mike@andersonadvocates.com and

Deborah S. Mallgrave, Greenberg Gross LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017, 213-334-7000, Fax: 213-334-7001, Email:Dmallgrave@ggtriallaw.com

6. Defendant Naason Garcia is represented by Caleb E. Mason and Alan Jackson, Werksman Jackson and Quinn LLP, 888 West Sixth Street, Fourth Floor, Los Angeles, CA 90017, 213-688-0460, Fax: 213-624-1942, Email: Cmason@werksmanjackson.com and ajackson@werksmanjackson.com.

7. Defendants Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA, Alma Elizabeth Joaquin, erroneously sued as Alma Zamora De Joaquin, and Adoraim Josadac Joaquin, erroneously sued as Adoraim Joaquín Zamora are represented by Reed T. Aljian and Rochelle Calderon Rotea, Daily Aljian LLP, 100 Bayview Circle, Suite 5500, Newport Beach, CA 92660, 949-861-2524, Fax: 949-269-6364, Email:Ra@dallp.com and rochelle@dallp.com.

8. Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin and Jose Luis Estrada are represented by Ethan J. Brown and Geoffrey A. Neri, Brown Neri Smith and Khan LLP, 11601 Wilshire Boulevard, Suite 2080, Los Angeles, CA 90025, 310-593-9890, Fax: 310-593-9980, Email:Ethan@bnsklaw.com and Geoff@bnsklaw.com.

9. On June 30, 2020, I sent an email message to counsel for all parties advising of the People's intention to file an ex parte application requesting leave to file an overlength reply brief. A true and correct copy of my email message dated June 30, 2020 is attached hereto as Exhibit 1.

10. On July 1, 2020, I received an email message from counsel for plaintiff indicating that plaintiff would not oppose this ex parte application. A true and correct copy of the email message from Deborah Mallgrave is attached hereto as Exhibit 2.

//

1  11. On July 1, 2020, I received email messages from counsel for Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin Garcia and Jose Luis Estrada and counsel for Defendants Communication Center Berea U.S.A. LLC, Alma Elizabeth Joaquin, and Adoraim Josadac Joaquin stating that these defendants would oppose the ex parte application. True and correct copy of these email messages are attached hereto as Exhibits 3 and 4. Counsel for Defendant Garcia did not respond.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 1, 2020, at Los Angeles, California.

/s/ Donna M. Dean
DONNA M. DEAN