**Donna Dean**

| | |
|---|---|
| **From:** | Deborah Mallgrave <DMallgrave@GGTrialLaw.com> |
| **Sent:** | Wednesday, July 1, 2020 8:03 AM |
| **To:** | Donna Dean |
| **Cc:** | Jennifer Stein; Mike@andersonadvocates.com; Reed Aljian; Rochelle Rotea; Alan Jackson; Caleb Mason; Geoff Neri; ethan@bnsklaw.com; Arielle A. Seidman; Jenira Velez |
| **Subject:** | Re: [EXT] Sochil Martin v. La Luz Del Mundo, et. al., C.D. Cal. Case No. 2:20-cv-01437 |

Ms. Dean,

Plaintiff does not oppose either of your ex parte applications, though I imagine the second one should not be necessary given the court vacated the hearing for July 13, 2020, thereby making the subpoenas invalid and moot. But opposing counsel will need to confirm.

Regards,
Deb

Sent from my iPad

On Jun 30, 2020, at 5:24 PM, Donna Dean <Donna.Dean@doj.ca.gov> wrote:

> Counsel,
>
> Please be advised that our office intends to file an ex parte application for leave to file the overlength reply brief on the grounds that: (1) the reply is within the 25 page limit pursuant to Central District Local Rule 11-6; and (2) the motion to intervene and stay discovery is essentially two motions in one – and the People had to address two separate oppositions and a joinder with a separate declaration – thereby necessitating additional pages to address all of the issues raised in the oppositions.
>
> Please be further advised that our office intends to file an ex parte application to quash the subpoenas issued to Jeffrey Segal and me on the grounds that: (1) the subpoenas are moot given the vacation of the July 13 hearing date; (2) Central District Local Rule 7-8 does not apply to the motions that were set for hearing on July 13; (3) the subpoena to Jeffrey Segal is improper because Mr. Segal resides and works more than 100 miles from the courthouse; (4) the subpoenas seek information and documents protected by the attorney-client privilege and attorney work product doctrine; (5) the subpoenas seek information that is not relevant to the issues in the pending motion to intervene and stay discovery; (6) the subpoenas were served for the purpose harassment; and (7) litigation counsel are presumptively entitled to a protective order against being deposed by an adversary, and defendant cannot demonstrate that the information sought is relevant, non-privileged, and crucial to the preparation of defendants' case.
>
> These matters are being presented on an ex parte basis because there is insufficient time for a regularly-noticed motion on these issues. Per Judge Wright's procedures, any opposition to the ex parte applications will be due 24 hours (or one court day) following service of the moving papers. In this case, the filing and service will be effected via the ECF system.
>
> Please advise by no later than 3:00 p.m. on Wednesday, July 1, 2020, whether you will oppose the ex parte applications so that we may inform the judge in our moving papers.

Sincerely,

Donna M. Dean
Deputy Attorney General
California Department of Justice
Office of the Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Phone: (213) 269-6509
E-Mail: Donna.Dean@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.