**Donna Dean**

| | |
|---|---|
| **From:** | Geoff Neri <geoff@bnsklaw.com> |
| **Sent:** | Wednesday, July 1, 2020 9:49 AM |
| **To:** | Donna Dean; Deborah Mallgrave; Jennifer Stein; 'Mike@andersonadvocates.com'; 'Reed Aljian'; Rochelle Rotea; 'Alan Jackson'; Caleb Mason; Ethan Brown |
| **Subject:** | RE: Sochil Martin v. La Luz Del Mundo, et. al., C.D. Cal. Case No. 2:20-cv-01437 |

Ms. Dean,

I think that you should reconsider seeking the *ex parte* relief described below. However, if you do not, my office does and will oppose it on behalf of the clients we represent. Judge Wright's standing order indicates that he strongly discourages *ex parte* applications, except for true emergencies, which is consistent with admonitions that can be found in frequently cited case law of the Central District.

That case law warns: "Lawyers must understand that filing an *ex parte* motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, "Fire!" There had better be a fire." Charley v. Chevron USA, No. CV 10-5063 ODW (SSX), 2010 WL 2792486, at *2 (C.D. Cal. July 13, 2010) (Wright, J.), quoting Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

There is no fire here, just a failure by your office to adhere to Judge Wright's standing order, which clearly provides that reply briefing may not exceed 12 pages and that "filings that do not conform to the Local Rules and this Order will not be considered." *See* http://www.cacd.uscourts.gov/honorable-otis-d-wright-ii

The local rules and Judge Wright's standing order further require that a party seeking leave to file an overlength brief do so prior to the submission of that brief, not after the fact and by *ex parte* application. Moreover, "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* With all due respect, your office cannot establish that it is without fault or that its neglect in failing to observe and follow the Court's clearly stated rules is excusable.

As for the contemplated *ex parte* application to quash subpoenas, it does not warrant *ex parte* relief either. Your objections stated below to the subpoenas can and should simply be stated in your opposition to the L.R. 7-8 request for live testimony, which I understand is due tomorrow. Further, I understand that defense counsel Reed Aljian has stated that he would consider amending or withdrawing the subpoenas depending on the adjudication of the L.R. 7-8 request.

Finally, separate and apart from the foregoing procedural infirmities, the substantive grounds stated for the *ex parte* application to quash are inadequate. The subpoenas are not moot and are subject to the Court's ruling on the request for cross-examination, which seeks testimony at the hearing or before the hearing at deposition. The local rule applies to the pending motions, as evidenced by prior decisions by this Court.  Although you do not state where Mr. Segal resides, it appears that he is nevertheless within the Court's subpoena power. The information sought is not privileged – it seeks information regarding communications between your office and third parties, which is clearly not privileged (unless your office concedes Ms. Martin or her attorneys are agents of the California DOJ). The information is directly relevant – it seeks to illicit evidence regarding the delay in seeking to intervene, which is the "threshold" factual issue for the DOJ's motion to intervene. The subpoenas were not served to harass – they were served to illicit relevant evidence that you refused to disclose to defendants and the DOJ failed to disclose to the Court. Finally, as the

law provides, declarants, regardless of their role, are not immune to cross-examination regarding facts presented in declarations files in support of a motion.

Please include this email if and when you file any *ex parte* application, so as to "include[] a statement of opposing counsel's position . . . ", as required by Judge Wright's standing order.   Also, please be advised that my clients reserve the right to seek sanctions if I am forced to oppose the *ex parte* application you have proposed.  *See* Wright, J. Standing Order ("Sanctions may be imposed for misuse of *ex parte* applications.")

Best regards,

Geoffrey A. Neri
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
T: (310) 593-9890
F: (310) 593-9980
Email: geoff@bnsklaw.com



---

**From:** Donna Dean <Donna.Dean@doj.ca.gov>
**Sent:** Tuesday, June 30, 2020 5:24 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Jennifer Stein <jennifer@andersonadvocates.com>; 'Mike@andersonadvocates.com' <Mike@andersonadvocates.com>; 'Reed Aljian' <ra@dallp.com>; Rochelle Rotea <Rochelle@dallp.com>; 'Alan Jackson' <ajackson@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>
**Subject:** Sochil Martin v. La Luz Del Mundo, et. al., C.D. Cal. Case No. 2:20-cv-01437

Counsel,

Please be advised that our office intends to file an ex parte application for leave to file the overlength reply brief on the grounds that: (1) the reply is within the 25 page limit pursuant to Central District Local Rule 11-6; and (2) the motion to intervene and stay discovery is essentially two motions in one – and the People had to address two separate oppositions and a joinder with a separate declaration – thereby necessitating additional pages to address all of the issues raised in the oppositions.

Please be further advised that our office intends to file an ex parte application to quash the subpoenas issued to Jeffrey Segal and me on the grounds that: (1) the subpoenas are moot given the vacation of the July 13 hearing date; (2) Central District Local Rule 7-8 does not apply to the motions that were set for hearing on July 13; (3) the subpoena to Jeffrey Segal is improper because Mr. Segal resides and works more than 100 miles from the courthouse; (4) the subpoenas seek information and documents protected by the attorney-client privilege and attorney work product doctrine; (5) the subpoenas seek information that is not relevant to the issues in the pending motion to intervene and stay discovery; (6) the subpoenas were served for the purpose harassment; and (7) litigation counsel are presumptively entitled to a protective order against being deposed by an adversary, and defendant cannot demonstrate that the information sought is relevant, non-privileged, and crucial to the preparation of defendants' case.

These matters are being presented on an ex parte basis because there is insufficient time for a regularly-noticed motion on these issues. Per Judge Wright's procedures, any opposition to the ex parte applications will be due 24 hours (or one court day) following service of the moving papers.  In this case, the filing and service will be effected via the ECF system.

Please advise by no later than 3:00 p.m. on Wednesday, July 1, 2020, whether you will oppose the ex parte applications so that we may inform the judge in our moving papers.

Sincerely,

Donna M. Dean
Deputy Attorney General
California Department of Justice
Office of the Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Phone: (213) 269-6509
E-Mail: Donna.Dean@doj.ca.gov

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.