1  XAVIER BECERRA
   Attorney General of California
2  MARK T. CUMBA
   Supervising Deputy Attorney General
3  DONNA M. DEAN
   Deputy Attorney General
4  State Bar No. 187104
    300 South Spring Street, Suite 1702
5   Los Angeles, CA  90013
    Telephone:  (213) 269-6509
6   Fax:  (916) 731-2120
    E-mail:  Donna.Dean@doj.ca.gov
7  Attorneys for the People of the State of California

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SOCHIL MARTIN,** | 2:20-cv-01437-ODW-AS |
| Plaintiff, | **THE PEOPLE OF THE STATE OF CALIFORNIA'S EX PARTE APPLICATION TO QUASH SUBPOENAS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| **LA LUZ DEL MUNDO,** *an unincorporated association*, **NAASÓN JOAQUÍN GARCÍA,** *an individual*, **EL CONSEJO DE OBISPOS,** *an unincorporated association*, **INTERNATIONAL BEREA USA,** *an unincorporated association*, **GILBERTO GARCIA GRANADOS,** *an individual*, **JOSE HERNANDEZ,** *an individual*, **UZZIEL JOAQUIN,** *an individual*, **SILVERIO CORONADO,** *an individual*, **AURELIO ZAVALETA,** *an individual*, **JOSE LUIS ESTRADA,** *an individual*, **JONATHAN MENDOZA,** *an individual*, **ALMA ZAMORA DE JOAQUIN,** *an individual*, **BENJAMIN JOAQUIN GARCÍA,** *an individual*, **RAHEL JOAQUIN GARCÍA,** *an individual*, **ADORAIM JOAQUIN ZAMORA,** *an individual*, **DAVID MENDOZA,** *an individual* **and DOES 1 through 10, inclusive,** | Judge:       Hon. Otis D. Wright, II<br><br>Trial Date:  Not set<br>Action Filed: February 12, 2020 |
| Defendants. | |

1

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

The People of the State of California hereby apply ex parte, pursuant to Local Rule 7-19, for an order quashing the subpoenas served by defendants on June 29, 2020, seeking testimony and documents from Deputy Attorneys General Donna Dean and Jeffrey Segal on the following grounds: (1) the subpoenas are moot given the court's order vacating the July 13 hearing date and taking the motion under submission (Dkt. No. 67); (2) the subpoena to Jeffrey Segal is improper because Mr. Segal resides and works more than 100 miles from the courthouse; (3) Central District Local Rule 7-8 does not apply to the motions that were set for hearing on July 13; (4) the subpoenas seek information that is not relevant to the issues in the pending motion to intervene and stay discovery; (5) the subpoenas seek information and documents protected by the attorney-client privilege and attorney work product doctrine; (6) litigation counsel are presumptively entitled to a protective order against being deposed by an adversary, and defendants cannot demonstrate that the information sought is relevant, non-privileged, and crucial to the preparation of defendants' case; and (7) the subpoenas were served for the purpose harassment.

Ex parte relief is necessary because the subpoenas are subject to the objections listed above, the Central District Local Rules do not otherwise provide a mechanism to object to the subpoenas other than on the ground that a declarant lives and works more than 100 miles from the courthouse (C.D. Cal. Local Rule 7-8), and defendants seek to take the depositions of counsel for the People in less than one week – before Wednesday, July 8, 2020.

Counsel for all parties (who are listed in the attached declaration) were provided notice of this ex parte application via email on June 30, 2020. Dean Decl., ¶¶ 9-13, Ex. 6. Counsel for plaintiff indicated that plaintiff would not oppose the ex parte application. *Id.*, ¶ 14, Ex. 7. Counsel for Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David

Mendoza, Benjamin Joaquin Garcia and Jose Luis Estrada and counsel for Defendants Communication Center Berea U.S.A. LLC, Alma Elizabeth Joaquin, and Adoraim Josadac Joaquin indicated that these defendants would oppose the ex parte application. *Id.*, ¶ 15, Exs. 8 and 9.  Counsel for Defendant Garcia did not respond.

    This application is based on this notice and application, the attached memorandum of points and authorities, the concurrently filed declarations of Donna M. Dean and Jeffrey Segal, the pleadings and other papers on file in this action, and all matters of which the court may take judicial notice.

Dated:  July 1, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General

/s/ Donna M. Dean

DONNA M. DEAN
Deputy Attorney General
*Attorneys for the People of the State of California*

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

The People of the State of California seek leave to intervene in this civil action solely for the limited purpose of staying discovery and disclosure of witnesses until the pending criminal matter against Defendant Naasón Garcia and others – *People v. Garcia et al.*, Los Angeles Superior Court Case No. BA475856 – is resolved by way of a judgment of conviction, acquittal, or dismissal with prejudice. The People seek to intervene and stay discovery because there are overlapping issues of fact and law in the criminal case pending before the Los Angeles Superior Court and this civil action, and the victims and witnesses in the criminal matter – whose identities are protected by court order – will likely be the subject of discovery in this case. Accordingly, on June 12, 2020, the People filed a Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings (Motion to Intervene and Stay Discovery). Dkt. No. 50.

The Motion to Intervene and Stay Discovery is supported by the declarations of Deputy Attorneys General Donna M. Dean and Jeffrey Segal. Dkt. Nos. 50-3 and 50-7. Ms. Dean's declaration solely addresses the meet and confer efforts pursuant to Central District Local Rule 7-3 that preceded the filing of the motion. Dkt. No. 50-7. Ms. Dean's declaration makes no assertion regarding the date that the Office of the Attorney General learned of this litigation. *Id*. Mr. Segal is a member of the prosecution team in the criminal matter, and his declaration solely addresses the criminal matter, the overlap of the issues between the criminal matter and the present case, and the concerns regarding the victims and witnesses in the criminal matter whose identities have not been revealed. Dkt. No. 50-3. Mr. Segal's declaration makes no assertion regarding the date that the Office of the Attorney General learned of this litigation. *Id*.

On June 26, 2020, Reed Aljian, counsel for Defendants Communication Center Berea U.S.A. LLC, Alma Elizabeth Joaquin, and Adoraim Josadac Joaquin,

1  sent an email message to Ms. Dean demanding that she advise him by the end of
2  the day whether she would accept electronic service of subpoenas on Mr. Segal and
3  her to produce documents and testify at the hearing on the People's motion on July
4  13, 2020. Dean Decl., ¶ 2, Ex. 1. The email further stated that, "If not agreeable,
5  we will proceed with service by Rule." *Id*. Ms. Dean understood the email to
6  convey that if she did not agree by 5:00 p.m. on Friday to accept service of the
7  subpoenas, defendants would attempt service at Mr. Segal's and her homes as early
8  as Saturday. *Id*.
9     On June 26 2020, Ms. Dean replied to Mr. Aljian that she would accept
10 service of the subpoenas via electronic mail, subject to all objections and an ex
11 parte application to quash the subpoenas. Dean Decl., ¶ 3, Ex. 2.
12    On June 29, 2020, Mr. Aljian's office served the subpoenas to Ms. Dean and
13 Mr. Segal by electronic mail. Dean Decl., ¶ 4, Exs. 3 and 4. Given this court's
14 order vacating the July 13 hearing date and taking the Motion to Intervene and Stay
15 Discovery under submission (Dkt. No. 67), on June 29, 2020, Ms. Dean asked Mr.
16 Aljian to confirm that the subpoenas would be withdrawn. *Id*., ¶ 5, Ex. 5. Mr.
17 Aljian responded that he would go forward with his request to cross-examine
18 counsel via a deposition, with the transcript to be filed no later than July 8, 2020.
19 *Id*. Later that same day, Mr. Aljian and counsel for Defendants Jose Hernandez,
20 Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David
21 Mendoza, Benjamin Joaquin Garcia and Jose Luis Estrada filed a document entitled
22 "Request Pursuant to Local Rule 7–8 to Cross-Examine Jeffrey Segal, Donna Dean,
23 and Deborah Mallgrave." Dkt. No. 68-2.
24    The People seek ex parte relief to quash the subpoenas because the subpoenas
25 are subject to various objections discussed below, the Central District Local Rules
26 do not otherwise provide a mechanism to object to the subpoenas other than on the
27 ground that a declarant lives and works more than 100 miles from the courthouse
28 (C.D. Cal. Local Rule 7-8), and defendants seek to take the depositions of counsel

for the People in less than one week – before Wednesday, July 8, 2020. For the reasons set forth below, the People respectfully request that the court quash the subpoenas served to Deputy Attorneys General Donna Dean and Jeffrey Segal.

## ARGUMENT

Good cause exists for a motion to quash the subpoenas for the following reasons:

(1) The subpoenas are moot given the court's order vacating the July 13 hearing date and taking the Motion to Intervene and Stay Discovery under submission. Dkt. No. 67. Since the court has taken the hearing off calendar and taken the motion under submission, there can be no testimony on July 13, and the pleadings and evidence are closed.

(2) The subpoena to Jeffrey Segal is improper because Mr. Segal resides and works in San Diego County, more than 100 miles from the courthouse. Segal Decl., ¶ 2. For subpoenas issued to nonparty witnesses for hearings, the subpoena can only require that a person travel "within 100 miles" of the person's residence, place of employment, or place where the person regularly conducts business in person. Fed. R. Civ. P. 45(c)(1)(A)).

(3) Central District Local Rule 7-8 does not apply to the motions that were set for hearing on July 13. Local Rule 7-8 applies to "motions for and orders to show cause re preliminary injunctions, motions to be relieved from default and other motions *where an issue of fact is to be determined*." C.D. Cal. Local Rule 7-8 (emphasis added). There are no factual issues to be determined with respect to the Motion to Intervene and Stay Discovery. Defendants seek to cross-examine Deputy Attorneys General Donna Dean and Jeffrey Segal "to determine when the DOJ knew about the filing of this lawsuit and what it knew, whether the delays in moving under Rule 24 and the delays in participating in the Rule 26(f) conference were coordinated, and the nature of any other coordination in the case." As discussed below, these issues are not relevant to the Motion to Intervene and Stay

1 Discovery. More importantly, however, the declarations of Deputy Attorneys
2 General Donna Dean and Jeffrey Segal (Dkt. Nos. 50-3 and 50-7) do not contain
3 any assertions as to "when the DOJ knew about the filing of the lawsuit;" thus,
4 there is no "issue of fact to be determined" and no basis for cross-examination
5 regarding the contents of those declarations.
6     (4) The subpoenas seek information and documents that are not relevant to the
7 issues in the pending Motion to Intervene and Stay Discovery. As discussed more
8 fully in the People's reply in support of the Motion to Intervene and Stay
9 Discovery, defendants' contention that the cross-examination of counsel is
10 necessary to demonstrate that the motion is untimely is erroneous. Defendants'
11 argument that the motion is untimely simply because it was filed four months after
12 the complaint was filed is flawed. "[T]he length of time that has passed since a suit
13 was filed does not alone determine timeliness." *United States v. State of Oregon*,
14 913 F.2d at 588. Rather, the key issue is whether the case is at an early or an
15 advanced stage in the litigation. *League of Latin Am. Citizens,* 131 F.3d at 1303
16 (where the district court "has substantively – and substantially – engaged the
17 issues" in the case weighs heavily against allowing intervention as of right); *see*
18 *also, Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 649 (N.D. Cal. 2004)
19 (holding that motion to intervene filed more than two years after complaint filed
20 was timely because it was filed during the discovery phase "well before the court
21 has addressed any of the parties' many anticipated dispositive motions"). Thus,
22 even assuming that the People learned about the lawsuit when it was filed in
23 February 2020, the Motion to Intervene and Stay Discovery is timely because there
24 has been no discovery and this court has not ruled on any substantive motions.
25 Exactly when and how the DOJ learned of this lawsuit is therefore irrelevant.
26     (5) The subpoenas seek information and documents protected by the attorney-
27 client privilege and attorney work product doctrine. Although the categories set
28 forth in the subpoena seek information and documents regarding communications

between counsel for plaintiff and the DOJ, the categories are broad enough to also include communications solely among DOJ attorneys. Communications among DOJ attorneys are protected by the attorney-client privilege and the work product doctrine.

(6) Litigation counsel are presumptively entitled to a protective order against being deposed by an adversary, and defendants cannot demonstrate that the information sought is relevant, non-privileged, and crucial to the preparation of defendants' case. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); see *Boughton v. Cotter Corp.*, 65 F.3d 823, 829-830 (10th Cir. 1995). The purpose for this presumption is to prevent disclosure of the attorneys' litigation strategy. *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730 (8th Cir. 2002). This authority also applies to subpoenas for opposing counsel's records. *XTO Energy, Inc. v. ATD, LLC*, No. CIV 14–1021 JB/SCY, 2016 WL 1730171, *31 (D. N.M. Apr. 1, 2016) (*Shelton*'s "reasoning for protecting attorneys from depositions also applies" to subpoenas for records). Given defendants' admitted purpose to cross-examine Deputy Attorneys General Donna Dean and Jeffrey Segal about decisions related to the timing of the filing of the Motion to Intervene and Stay Discovery, it is clear that defendants seek testimony regarding the People's litigation strategy. Since defendants cannot make a showing that such information is crucial to the preparation of their defense, the subpoenas should be quashed.

(7) The subpoenas were served for the improper purpose of harassment. A subpoena may be quashed where it is "served for the purpose of annoying and harassment and not really for the purpose of getting information." *Mattel Inc. v. Walking Mountain Productions,* 353 F.3d 792, 814 (9th Cir. 2003).[1] For the reasons set forth above, defendants have no valid reason for serving subpoenas on

---

[1] See also, C.D. Cal. "Civility and Professionalism Guidelines," which provides, "We will not take depositions for the purpose of harassment or to increase litigation expense."

Deputy Attorneys General Donna Dean and Jeffrey Segal. As such, the service of the subpoenas was clearly for the improper purpose of harassment.

## CONCLUSION

For the foregoing reasons, the People respectfully request that the court grant this application and quash the subpoenas to Deputy Attorneys General Donna Dean and Jeffrey Segal.

Dated: July 1, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
MARK T. CUMBA
Supervising Deputy Attorney General

/s/ Donna M. Dean

DONNA M. DEAN
Deputy Attorney General
*Attorneys for the People of the State of California*