Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendants
*Jose Hernandez, Silverio Coronado, Aurelio Zavaleta,*
*Uzziel Joaquin, Jonathan Mendoza, David Mendoza,*
*Benjamin Joaquin and Jose Luis Estrada*

[Additional counsel on following page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>         Plaintiff,<br><br>      v.<br><br>LA LUZ DEL MUNNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>         Defendants. | Case No.: 2:20-CV-01437-OWD (ASx)<br><br>**OPPOSITION TO THE PEOPLE OF THE STATE OF CALIFORNIA'S *EX PARTE* APPLICATION FOR LEAVE TO EXCEED PAGE LIMITS FOR REPLY BRIEF**<br><br>Action filed: February 12, 2020 |

Reed Aljian (State Bar No. 211010)
  ra@dallp.com
Rochelle Calderon Rotea (State Bar No. 325417)
  rochelle@dallp.com
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:   949.861.2524
Facsimile:    949.269.6364

Attorneys for Defendants
COMMUNICATION CENTER BEREA
U.S.A. LLC, erroneously sued as
INTERNATIONAL BEREA USA,
ALMA ELIZABETH JOAQUIN,
erroneously sued as ALMA ZAMORA
DE JOAQUIN, and ADORAIM
JOSADAC JOAQUIN, erroneously sued
as ADORAIM JOAQUIN ZAMORA

1

Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin, Jose Luis Estrada, Alma Elizabeth Joaquin, erroneously sued as Alma Zamora de Joaquin, Adoraim Josadac Joaquin, erroneously sued as Adoraim Joaquin Zamora, and Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA, hereby oppose the *Ex Parte* Application for Leave to Exceed Page Limits for Reply Brief (the "Application") filed by the office for the California Attorney General (the "AG").

## OPPOSITION TO EX PARTE APPLICATION

*All* lawyers appearing before this Court "must understand that filing an *ex parte* motion . . . is the forensic equivalent of standing in a crowded theater and shouting, "Fire!" ***There had better be a fire***." *Charley v. Chevron USA*, No. CV 10-5063 ODW (SSX), 2010 WL 2792486, at *2 (C.D. Cal. July 13, 2010) (emphasis added), *quoting Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

There is neither fire nor true emergency here. There is only a failure by the AG to adhere to this Court's standing order, which provides that reply briefing may not exceed 12 pages and clearly warns counsel that "filings that do not conform to the Local Rules and this Order will not be considered." ("Standing Order", *available at* http://www.cacd.uscourts.gov/honorable-otis-d-wright-ii (last visited July 1, 2020)

The AG did not bother to familiarize itself with the Court's Standing Order before filing its overlength reply brief, as the AG has admitted in the Application. (Application at p. 5, ll. 8-9 ("The page limit in the court's Scheduling Order was first brought to counsel's attention when Defendants' filed and objection to the overlength reply brief."). The AG has compounded that error here by neglecting to familiarize itself with or apply the standard for *ex parte* relief followed in this district. Indeed, that there is such a standard is not even acknowledged by the AG in the Application.

"What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be

1    established that the moving party is without fault in creating the crisis that requires *ex*

2    *parte relief*, or that the crisis occurred as a result of excusable neglect." *Mission Power*

3    *Eng'g Co.*, *supra*, 883 F. Supp. 488, 492.

4          The AG has failed to articulate how its cause would be "irreparably prejudiced"

5    if it is held to the same standard and required to abide by the same rules as every other

6    litigant appearing before this Court, many of whom do not have the massive resources

7    of the AG.   Surely this Court's application and enforcement of its own rules cannot

8    amount to "irreparable prejudice" and the AG provides no argument as to why the

9    Court should not simply enforce the rules here, as it would with any other litigant.

10   *See Luna v. Fca US LLC*, No. 217CV08272ODWRAOX, 2020 WL 491462, at *2

11   (C.D. Cal. Jan. 30, 2020) ("'Filings that do not conform to the Local Rules and this

12   Order will not be considered.'  Plaintiffs did not seek leave for an extension of the

13   page limitation. Consequently, the Court does not consider any argument made

14   beyond the twelfth page of the Reply.") (quoting Standing Order).

15         With respect to the second factor, the AG has not only failed to demonstrate it

16   is "without fault in creating the crisis that requires *ex parte relief*" but candidly

17   demonstrated that the "crisis" here is one that it caused.  Its failure to ensure that its

18   briefing complied with this Court's rules and requirements is a "crisis" of its own

19   making and  absent a showing that it is without fault, the AG is not entitled to *ex parte*

20   relief.   *See Charley v. Chevron USA*, *supra*, 2010 WL 2792486, at *2 (denying ex

21   parte application where, "[b]ased on Plaintiff's papers, the Court cannot say that

22   Plaintiff is without fault in creating the crisis that requires *ex parte* relief.").

23         Nor has the AG attempted to argue that its neglect here was excusable.  The

24   Court's local rules and Standing Order are readily available and easily accessible on

25   the Court's own website.   Even "[p]ro se litigants must follow the same rules of

26   procedure that govern other litigants . . ." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

27   1986) and "are expected to abide by the rules of the court in which [t]he[y] litigate[]."

28   It would be presumptuous, to say the least, for the government attorneys of the AG to

expect to be excused for their failure to familiarize themselves with the Court's rules and follow those rules when even a *pro se* or *pro per* litigant would not be excused.

Equally presumptuous is the AG's suggestion that the fact that it allegedly complied with the Central District's rule on briefing format should be a mitigating factor.   This Court presumably has a more restrictive rule than the Local Rules for a reason and the brief's conformity with the Local Rules should be regarded by the Court as of little to no consequence.

Finally, the AG's argument that its brief should be regarded as a "two-for-one special" should be given short-shrift by the Court.   The AG elected to file a single document, including notice and accompanying moving papers, instead of two and the Defendants prepared their opposition accordingly.   They filed a single memorandum of points and authorities opposing that motion, rather than two, and were careful to abide by the 25-page page length for a single brief.

Had the Defendants known that the AG would assert, after the fact, that additional pages should be permitted for briefing because the AG improperly filed "two motions combined into one" (Application at p. 6, l. 11), they would have availed themselves of the opportunity to file lengthier briefing themselves.   Were the Court to grant leave to file an overlength brief after the fact, Defendants would be unfairly limited to fewer pages of briefing than the AG, relative to the page-limit requirements. Given the stakes here—the AG is seeking to deprive the Defendants of discovery needed to quickly and efficiently dispose of highly inflammatory and frivolous claims made against them—the Defendants should be given every opportunity to fully brief the issues.

For all the foregoing reasons, Defendants submit that the Application should be denied as it is both procedurally and substantive deficient and improper. Additionally, they request that the Court impose monetary sanctions in an amount adequate to compensate Individuals Defendants for the costs and fees associated with opposing the Application.   *See* Standing Order ("Sanctions may be imposed for

3

OPPOSITION TO *EX PARTE* APPLICATION

misuse of *ex parte* applications." (citing *Mission Power Eng'g Co.*, *supra*, 883 F. Supp. 488, 492).)

Respectfully submitted,

DATED: July 1, 2020                    BROWN, NERI, SMITH & KHAN LLP

                                       By:    /s/ Geoffrey A. Neri
                                              Geoffrey A. Neri

                                       Attorneys for Defendants Jose
                                       Hernandez, Silverio Coronado, Aurelio
                                       Zavaleta, Uzziel Joaquin, Jonathan
                                       Mendoza, David Mendoza,
                                       Benjamin Joaquin and Jose Luis Estrada

DATED: July 1, 2020                    DAILY ALJIAN LLP

                                       By: /s/ Reed Aljian
                                           Reed Aljian
                                           Attorneys for Defendants,
                                           COMMUNICATION CENTER
                                           BEREA U.S.A. LLC,
                                           erroneously sued as
                                           INTERNATIONAL BEREA USA,
                                           ALMA ELIZABETH JOAQUIN,
                                           erroneously sued as
                                           ALMA ZAMORA DE JOAQUIN,
                                           and ADORAIM JOSADAC
                                           JOAQUIN, erroneously sued as
                                           ADORAIM JOAQUIN ZAMORA

OPPOSITION TO *EX PARTE* APPLICATION

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 1, 2020.

DATED: July 1, 2020

BROWN, NERI, SMITH & KHAN LLP

By:    /s/ Geoffrey A. Neri
       Geoffrey A. Neri