Reed Aljian (State Bar No. 211010)
 *ra@dallp.com*
Rochelle Calderon Rotea (State Bar No. 325417)
 *rochelle@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:   949.861.2524
Facsimile:    949.269.6364

Attorneys for Defendants
COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA, ALMA ELIZABETH JOAQUIN, erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUIN ZAMORA

*Additional counsel on following page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' JOINT OPPOSITION TO STATE OF CALIFORNIA'S *EX PARTE* APPLICATION TO QUASH SUBPOENAS**<br><br>Complaint Filed:  February 12, 2020<br>Trial Date:             None Set<br><br>District Judge:     Otis D. Wright, II<br>Courtroom:          5D, 5th Floor<br>Magistrate Judge: Alka Sagar<br>Courtroom:          540, 5th Floor |

Ethan J. Brown (SBN 218814)
 *ethan@bnsklaw.com*
Geoffrey A. Neri (SBN 258802)
 *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendants
JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN and JOSE LUIS ESTRADA

# OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The DOJ's *Ex Parte* Application to quash is effectively an opposition to Defendants' Local Rule 7-8 ("LR 7-8") request to cross-examine the DOJ attorneys at hearing (the "Cross-Examination Request"). Under LR 7-8, the DOJ's opposition would have been due today and the Court would have until three days before the hearing to decide whether to grant the Cross-Examination Request. Instead, the DOJ decided to rush down to the courthouse, jump to the front of the line ahead of all of the other matters on the Court's calendar, and ask the Court to "hurry up" and make a decision quicker. Moreover, the DOJ sought relief from the incorrect Court. There is no basis to seek *ex parte* relief and proceeding on this basis completely disregards the Court's Standing Order, the Court's calendar, and the Court's resources. Moreover, the amount of effort the DOJ is expending to prevent disclosure of the timing and content of its communications with Plaintiff's counsel during the course of this civil action (and the date it learned of this lawsuit) is striking. Obviously, the DOJ does not want the Court or Defendants to know when they knew the civil lawsuit was filed (critical to the DOJ's Rule 24 Motion) or what the DOJ and Plaintiff's counsel have been discussing during this lawsuit. For the reasons stated above and herein, the DOJ's Application is not warranted. Defendants oppose the Application and respectfully request that the relief be denied.

## II.   DISCUSSION

### A.   The DOJ's Request For *Ex Parte* Relief Is Not Warranted.

To warrant *ex parte* relief, the DOJ must show that "extraordinary relief" is required. (Doc. 39, 6:5-7 (Scheduling Order)); *see also Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (party seeking *ex parte* relief must show irreparable prejudice and be without fault in creating the circumstances requiring ex parte relief.) The DOJ has not satisfied and cannot satisfy that burden.

1

In fact, as explained, the Application is totally unnecessary. The subpoenas were served in support of Defendants' LR 7-8 Request to secure the declarants' appearance at hearing and to compel production of a limited set of communications between the DOJ and Plaintiff's counsel (and Plaintiff) during the time of the civil action (alternatively, the LR 7-8 Request asked the Court for leave to depose the declarants prior to the hearing). (Doc. 68-2, 2-3:25-1 (LR 7-8 Request).)

*Ex parte* relief is not necessary because the DOJ could have simply filed an objection to the LR 7-8 request today (or yesterday, if it wanted), which the Court would then adjudicate by next week by rule. If the Court denies Defendants' request, the DOJ would be under no obligation to produce the declarant. (C.D. Cal. LR 7-8.) Further, Defendants have already represented they would withdraw the subpoenas if the Court denied the request. (Doc. 72-5, July 1, 2020 email from R. Aljian (also explaining that they would amend the subpoenas if the Court granted cross-examination at deposition or maintain the subpoenas if the Court reset the hearing and granted cross-examination at the hearing).) Therefore, there was absolutely no need to seek relief of Court. The only apparent purpose of the Application was to jump to the front of the line and ask the Court to attend to the DOJ's request faster. This is neither warranted nor appropriate.

**B.     The DOJ's Request To Quash The Subpoenas Lacks Merit.**

Even assuming *ex parte* relief were warranted, quashing the subpoenas is not.

The DOJ claims the subpoenas are moot. That is not correct. While the Court took the hearing off-calendar, the Court may choose to grant the LR 7-8 Request and reset the hearing. In that case, the subpoenas remain relevant and enforceable. In the alternative, the Court may grant the request to depose the declarants, at which point the subpoenas could be amended. In either case, the issue is not moot.

The DOJ claims Mr. Segal is not within the Court's jurisdiction. That is not correct. As an initial matter, LR 7-8 places the burden on the DOJ to prove lack of

2

DEFENDANTS' JOINT OPP. TO EX PARTE APP. TO QUASH SUBPOENAS

jurisdiction and the DOJ has not satisfied that burden. Regardless, the Court has the power to compel his appearance. Rule 45 of the Federal Rules of Civil Procedure states that a "subpoena may command a person to attend a…hearing, or deposition…(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person…is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1). The DOJ does not offer competent evidence where Mr. Segal resides or works – rather, the evidence upon which the DOJ relies is Ms. Dean's declaration. (Doc. 73-1, ¶8.) That testimony lacks foundation and, therefore, is not admissible. Moreover, the DOJ fails to state whether Mr. Segal transacts business within the Court's jurisdiction. *See* FED. CIV. P. RULE 45(c)(1)(B). This is a notable omission, given the language of Rule 45 and the evidence in the record. Indeed, Mr. Segal has already declared that he does transact business in this jurisdiction, stating he is "assigned to represent the [DOJ] in the matter entiled *People v. Garcia, et al.*, ***Los Angeles Superior Court Case*** No. BA475856." (Doc. 50-3, ¶1 (emphasis added).) Moreover, if the Court were to grant the LR-7-8 Request, the associated costs would be minimal (to appear live) or non-existent (to appear by video).

The DOJ claims Local Rule 7-8 does not apply and that the information sought is not relevant. That is not correct. Local Rule 7-8 does apply and the evidence sought is directly relevant to the pending motions. As the DOJ admits, LR 7-8 applies to any motion where an issue of fact is to be determined. C.D. CAL. LR 7-8. Further, contrary to the DOJ's contention, there exists a factual issue that must be determined by the Court, evidence as to which the subpoenas and related LR 7-8 Request seeks to compel. Under Rule 24 of the Federal Rules of Civil Procedure, the DOJ must establish that it timely filed its Motion to Intervene and to Stay Discovery, noticed for hearing on July 13, 2020 (the "Rule 24 Motion"). Fed. R. Civ. P. 24(a)-(b). The

DAILY ALJIAN LLP
Newport Beach, California

3

DEFENDANTS' JOINT OPP. TO EX PARTE APP. TO QUASH SUBPOENAS

timeliness requirement is "the threshold requirement" for both intervention of right and permissive intervention. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir.1990). A party must intervene promptly as soon as it "knows or has reason to know that [its] interests might be adversely affected by the outcome of litigation" to be timely. *Id.,* 913 F.2d at 589. The Court must consider the existence of any delay, the reason for any delay, and the length of delay. *SEC v. Balwani*, No. 5:18-CV-01603-EJD, 2019 WL 2491963, at *1 (N.D. Cal. June 14, 2019). The DOJ bears the burden of establishing these facts, including the existence of any delay and the reason for the delay. If the Court finds "that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24." *United States v. Oregon*, 913 F.2d at 588.

In the Rule 24 Motion, Mr. Segal and Ms. Dean's supporting declarations, the DOJ does not explain when it knew or had reason to know that its alleged interests may be affected by this civil lawsuit. This critical "threshold" fact has been completely and repeatedly withheld from the Court and Defense counsel. During the parties' Local Rule 7-3 conference regarding the DOJ's Rule 24 Motion, Defense counsel specifically asked Ms. Dean questions designed to determine when the DOJ knew or had reason to know its alleged interests may be affected. (Doc. 61-1, ¶ 14, Ex. F (Aljian Decl.).) Ms. Dean refused to answer. Even in the Application and supporting declaration, the DOJ does not disclose these critical "threshold" facts. Instead, it seeks to maintain the secrecy of this information by asking the Court to quash the subpoenas. Defendants anticipate that cross-examination would reveal the DOJ has been communicating with Plaintiff's counsel since the time of the filing of the Complaint (if not before that time) and was made aware of the filing of the civil action when it was filed, i.e., on February 12, 2020. If that is the case, it will establish that the DOJ knowingly delayed bringing the Rule 24 Motion for four months and only filed the Rule 24 Motion after Plaintiff's counsel told them that discovery would

4

DEFENDANTS' JOINT OPP. TO EX PARTE APP. TO QUASH SUBPOENAS

commence soon. (Doc. Doc. 62-1, ¶48, Ex. L (Mallgrave Decl.).)

The DOJ claims attorneys are "presumptively entitled to a protective order against being deposed by an adversary." However, attorneys are not immune to cross-examination and the Court has discretion to approve the request. *See e.g., Nguyen v. Ecel Corp.*, 197 F.3d 200 (5th Cir. 1999) (applying test from *Shelton v. America Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), affirming order requiring counsel to submit to deposition). In *Shelton*, upon which the DOJ relies upon, the court created a three factor test: a party seeking to depose opposing counsel must show that "(1) no other means exists to obtain the information than to depose opposing counsel [citation omitted]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id*. at 1327.

Here, each of the elements are satisfied. There is no other means of obtaining the information. Only the DOJ attorneys (along with Plaintiff's counsel, as explained next) have personal knowledge of the facts at issue, i.e., when they communicated and what they discussed. Given the narrow scope of the examination sought, neither attorney-client privilege nor work product privilege apply. Defendants only seek disclosure of the the timing and content of communications between the DOJ attorneys and Plaintiff's counsel during the period commencing shortly before the filing of the civil action to the present date, including when they discussed the filing of the civil action. (Doc. 68-2, 2-3: 11-8 (LR 7-8 Request); Doc. 61-1, ¶14; Doc. 61-7 June 3, 2020 email from R. Aljian; Doc. 62-1, ¶48 (Mallgrave Decl.).) The timing and content of these communications are not attorney-client privileged. There is no attorney-client relationship between the DOJ and Plaintiff or Plaintiff's counsel (and the DOJ certainly has not established any facts supporting such a claim). The communications are not work product. They are communications between the DOJ and a third party. Any potential work product that may have been transmitted in those communications was waived upon disclosure to Plaintiff's counsel. Finally, as

DEFENDANTS' JOINT OPP. TO EX PARTE APP. TO QUASH SUBPOENAS

explained above, the evidence seeks to expose the threshold factual issue that must be considered by the Court and, therefore, a crucial fact as defined in *Shelton*.

The DOJ claims the subpoenas were served for an improper purpose or to harass or annoy. This is incorrect. The subpoenas seek production of testimony and documents narrowly tailored to the threshold factual issue that must be resolved by the Court upon ruling on the Rule 24 Motion. Because the DOJ and Plaintiff's counsel have refused to disclose that information informally upon request by Defense counsel and failed to provide it to the Court in support of its Rule 24 Motion, testimony and production of responsive communications is the only other means of acquiring the information. By refusing to candidly disclose the facts to the Court or to Defense counsel, the DOJ attorneys has placed themselves in this position. If the DOJ had been candid and open, a subpoena to compel disclosure of the evidence woud not be necessary.

## III.   CONCLUSION

For the reasons stated, Defendants respectfully request that the Application be denied.

Dated: July 2, 2020

DAILY ALJIAN LLP

By: /s/ Reed Aljian
Reed Aljian
Attorneys for Defendants,
COMMUNICATION CENTER BEREA U.S.A. LLC,
erroneously sued as
INTERNATIONAL BEREA USA,
ALMA ELIZABETH JOAQUIN,
erroneously sued as
ALMA ZAMORA DE JOAQUIN,
and ADORAIM JOSADAC JOAQUIN, erroneously sued as
ADORAIM JOAQUIN ZAMORA

Dated: July 2, 2020

BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey Neri
Geoffrey Neri
Attorneys for Defendants JOSE HERNÁNDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN and JOSE LUIS ESTRADA