DEBORAH S. MALLGRAVE, State Bar No. 198603
*DMallgrave@GGTrialLaw.com*
DESIREE N. MURRAY, State Bar No. 330079
*DMurray@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL G. FINNEGAN, State Bar No. 241091
*Mike@AndersonAdvocates.com*
JENNIFER E. STEIN, State Bar No. 300775
*Jennifer@AndersonAdvocates.com*
JEFF ANDERSON & ASSOCIATES
11812 San Vincente Boulevard, #503
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SOCHIL MARTIN,

Plaintiff,

v.

LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN

Case No. 2:20-cv-01437-ODW-AS

**OPPOSITION TO DEFENDANTS' REQUEST PURSUANT TO RULE 7-8 TO CROSS-EXAMINE JEFFREY SEGAL, DONNA DEAN, AND DEBORAH MALLGRAVE**

District Judge: Otis D. Wright, II
Courtroom: 5D, 5th Floor

Magistrate Judge: Alka Sagar
Courtroom: 540, 5th Floor

ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.

Defendants.

## TABLE OF CONTENTS

Page


I. INTRODUCTION ........ 6

II. ARGUMENT ........ 7

A. Since No Hearing Exists on the Pending Motions, Defendants' Request is Improper. ........ 7

B. No Basis Exists for Seeking Testimony or Documents As the Motions Under Submission Do Not Present Issues of Fact for Determination. ........ 8

C. Defendants Improperly Seek Testimony and Documents Protected From Disclosure by Privilege. ........ 10

1. Defendants Seek Information Relating to Plaintiff's Legal Strategy and Communications Between Plaintiff and Her Counsel ........ 10

2. Defendants Seek Communications Between Plaintiff and/or Plaintiff's Counsel and the Attorney General's Office ........ 11

III. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Americans for Prosperity Foundation v. Harris*,
2015 WL 12859223 (C.D. Cal. Feb. 11, 2015) ........ 8

*In re Dep't of Investigation*,
856 F.2d 481 (2d Cir. 1988) ........ 11

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) ........ 9

*Lunkes v. Yannai*,
882 F.Supp.2d 545 (S.D.N.Y. 2012) ........ 9

*Monster Energy Co. v. Vital Pharm.*
No. 518-cv-01882-JGB (SHKx), 2020 WL 2405295 ........ 10

*Rubenstein v. Smith*,
132 F.Supp.3d 1201 (C.D. Cal. Sept. 16, 2015) ........ 8

*Sanchez v. City of Santa Ana*,
936 F.2d 1027 (9th Cir. 1990) ........ 11

*Shelton v. Am. Motors Corp.*,
805 F.2d 1323 (8th Cir. 1986) ........ 10

*In re Subpoena Issued to Dennis Friedman*,
350 F.3d 65 (2d Cir. 2003) ........ 10

*United States v. Bauer*,
132 F.3d 504 (9th Cir. 1997) ........ 11

*United States v. HVI Cat Canyon, Inc.*,
No. CV 11-5097 FMO (SSX), 2017 WL 11532929 (C.D. Cal. Jan. 5, 2017) ........ 11

*Upjohn Co. v. United States*,
449 U.S. 383 (1981) ........ 11

**Statutes**

18 U.S.C.A. § 1595 .......... 9

Trafficking Victims Protection and Reauthorization Act .......... 9

**Other Authorities**

C.D. Cal. Local Rule 7-8 .......... 6, 8

Fed. R. Civ. P. Rule 16 .......... 9

Fed. R. Civ. P. Rule 24 .......... 8

Fed. R. Civ. P. Rule 26 .......... 8, 9

# I. INTRODUCTION

With their Request, Moving Defendants[1] seek testimony and the production of documents from Plaintiff's counsel, Deborah Mallgrave, in connection with a hearing the Court has already vacated (and had already been vacated at the time Defendants' filed their request). Since the request does not relate to a pending hearing, for that reason alone, Defendants' request should be denied.

Defendants' Request should be denied for the additional reasons that Local Rule 7-8 does not apply to the motions for which Defendants' seek testimony, as there are no issues of fact to be determined, nor does Rule 7-8 allow for a party seeking testimony to also demand the production of documents from a declarant. The Request should also be denied on the grounds that Defendants seek (1) communications between Plaintiff's counsel and Plaintiff—information that is unequivocally protected from disclosure by the attorney-client privilege; and (2) communications with the Attorney General's office that are protected from disclosure pursuant to the law enforcement privilege. Indeed, upon review of nearly identical requests to the Attorney General—for the Attorney General to produce communications their office and Plaintiff or Plaintiff's counsel—the Court quashed the subpoena.[2] (Dkt. 79.)

Moving Defendants' only basis for requesting the testimony and documents they seek from Plaintiff's counsel is that the communications might be relevant to their alleged conspiracy between Plaintiff and the Attorney General—a conspiracy

---

[1] International Berea USA, referred to by Defendants as Communication Center Berea, LLC, Alma Zamora de Joaquin, Adoraim Joaquín Zamora, Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin Garcia, and Jose Luis Estrada are the Moving Defendants in this instant Request.

[2] After the Court quashed the subpoena Defendants issued to the attorneys with the State Attorney General's office, Defendants notified Plaintiff's counsel that they were withdrawing the subpoena to Ms. Mallgrave. (Mallgrave Decl. ¶ 3, Ex. B.) As Defendant's Request Pursuant to Local Rule 7-8 for Cross-Examination is still pending, Plaintiff files this opposition in an abundance of caution.

for which Defendants' have no factual or legal basis to continuously assert. Defendants' accusations of conspiracy and collusion between Plaintiff and the Attorney General are speculative at best, and a transparent attempt to distract the Court and parties from the case itself. The Request for testimony and subpoena to Plaintiff's counsel, served after the Court vacated the hearing to which they relate, appear as calculated attempts to harass and intimidate Plaintiff's counsel and Plaintiff. Such litigation techniques should not be rewarded.

For all these reasons, Plaintiff respectfully requests the Court deny Defendants' Request for testimony and documents from Plaintiffs' counsel, Deborah Mallgrave.

## II. <u>ARGUMENT</u>

### A. <u>Since No Hearing Exists on the Pending Motions, Defendants' Request is Improper.</u>

Defendants seek to cross-examine Plaintiff's counsel at a hearing that is no longer pending and does not exist. When the motions for which Defendants' seek testimony were filed, they were noticed for hearings on July 13, 2020. (Dkt. 49, 50.) Following the parties' submission of briefs, on July 29, 2020, the Court vacated the hearing on the motions and took the matters under submission. (Dkt. 67). Later that same day, *after* the hearing had been vacated, Defendants' filed their request to cross-examine Plaintiff's Counsel, as well as attorneys from the State of California's Attorney General's office, Jeffrey Segal and Donna Dean. (Dkt. 68-2.)

On July 1, 2020, Plaintiff's counsel asked Defendants' counsel to confirm that the subpoenas would be withdrawn as moot. (Mallgrave Decl. ¶ 2, Ex. A.) Instead of withdrawing the problematic subpoenas, Defendants' counsel argued that the Request seeking cross-examination at the hearing or at a deposition in advance of the hearing had merit to be adjudicated by the Court. (*Id.*)

Without a scheduled hearing, however, Defendants' request for testimony is improper on its face. As such, without any further evaluation, Defendants' Request

should be denied.

**B. No Basis Exists for Seeking Testimony or Documents As the Motions Under Submission Do Not Present Issues of Fact for Determination.**

The ability to request the cross-examination of a declarant under Local Rule 7-8 has a limited application. It applies only to "motions for and orders to show cause re preliminary injunctions, motions to be relieved from default and other motions where an issue of fact is to be determined." C.D. Cal. Local Rule 7-8. The cases cited by Defendants in their Request do not state differently. *See Americans for Prosperity Foundation v. Harris*, 2015 WL 12859223, *3 (C.D. Cal. Feb. 11, 2015) (court allowed cross-examination of declarants in hearing on preliminary injunction motion); *Rubenstein v. Smith*, 132 F.Supp.3d 1201, 1203 (C.D. Cal. Sept. 16, 2015) (court allowed one of three requests to cross-examine declarants in connection with motion to dismiss). Further, nothing in Local Rule 7-8 allows a party seeking testimony to also seek documents from a testifying declarant in connection with a hearing (much less privileged documents).

Unlike in *American for Prosperity Foundation* and *Rubenstein*, where the testimony related to an issue of fact, there are no issues of fact to be determined in the motions for which Defendants' seek testimony and documents—the Motion to Compel a Rule 26(f) Conference and the State's Motion to Stay and Intervene. Both motions are procedural in nature, not requiring determination of the factual issues upon which Defendants' seek testimony and documents.

Defendants' only explanation for needing the discovery they seek, is to "establish that Plaintiff counsel's stated reasons for not participating in the Rule 26(f) Conference were not genuine, a fact relevant to the Rule 26 Motion" and to "establish that the DOJ knowingly and intentionally delayed bringing the Rule 24 Motion." (Req. Pursuant to Local Rule 7-8 to Cross-examine Jeffrey Segal, Donna, Dean, and Deborah Mallgrave at 6, Dkt. 68-2). An examination of Plaintiff's

counsel's motives is neither required nor necessary to determine when it is practicable for a Rule 26(f) conference to occur (and would be a clear invasion into the attorney-client privilege and work product doctrine). (*See* Fed. R. Civ. P. 26(f) Rule 26 to occur "as soon as practicable--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."; *see also* Dkt. 62 (Pl.'s Opp'n Defs.' Joint Motion to Order Pl. Participate in Rule 26 Conf)). Similarly, how and when the Attorney General found out about a civil lawsuit is not relevant to determine whether a stay of discovery in the civil case is appropriate while a related criminal case is pending. (Ppl. of State of Cal.'s Mot. to Intervene and Stay, Dkt. 50; Ppl. of State of Cal.'s Reply Mem. P. & A. Supp. Mot. to Intervene and Stay, Dkt. 60). Indeed, under the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), the stay is automatic. *See* 18 U.S.C.A. § 1595(b)(1); *see also Lunkes v. Yannai*, 882 F.Supp.2d 545, 549 (S.D.N.Y. 2012) ("[P]rosecutions [under the TVPRA] should take priority over civil redress and ... should be complete prior to going forward with civil suits.") (*citing* H.R.Rep. No. 108–264, pt. 2, at 17 (2003)). If anything, it is not when the Attorney General found out about the lawsuit that matters, but the stage of the litigation itself. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1303 (9th Cir. 1997).

Moving Defendants and Defendant Naason Joaquin Garcia have attempted to make *every* motion pending before the Court focus on the false and irrelevant conspiracy between Plaintiff and the Attorney General and, at the same time, they have routinely failed to provide any legal basis or other justification for how their conspiracy theories are relevant to any issue currently before the Court for determination.

Accordingly, without any basis for the request for testimony or production of documents, Defendant's Request should be denied.

**C. Defendants Improperly Seek Testimony and Documents Protected From Disclosure by Privilege.**

When considering whether to force trial counsel to testify, the seeking party bears the burden of demonstrating, among other things, that the information requested is not privileged. *See Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1326 (8th Cir. 1986) (establishing that the "party seeking the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."); *Monster Energy Co. v. Vital Pharm.*, Inc., No. 518-cv-01882-JGB (SHKx), 2020 WL 2405295, at *8 (C.D. Cal. Mar. 10, 2020). In making a determination, a court should consider "the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 72 (2d Cir. 2003). Further, a presumption exists against such discovery. *See, e.g.*, *Monster Energy Co*, 2020 WL 2405295, at *8.

**1. Defendants Seek Information Relating to Plaintiff's Legal Strategy and Communications Between Plaintiff and Her Counsel**

Defendants falsely represent that their questioning and the document requested "will be narrowly tailored to address . . . discrete factual issues" relating to communications between Plaintiff's counsel and the State Attorney General's Office. (Req. to Cross-Examine at 6). As stated in their Request, however, Defendants identified their intention to cross-examine Plaintiff's counsel on her motives for her actions in this litigation (often referred to as legal strategy), and seeks all communications between Plaintiff and Plaintiff's counsel, or between Plaintiffs' counsel, from January 1, 2020, to the present (documents requests 1-2). (*Id.*; Aljian Decl, Ex. A, Dkt. 68-4.) Despite these requests, Defendants have

offered no justification for their attempted invasion into the attorney-client privilege. Nor could they. Quite simply, no justification exists.

"[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). The privilege is intended to encourage "full and frank communications between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "'[T]he practice of forcing trial counsel to testify as a witness "has long been discouraged" and has been recognized as disrupting the adversarial nature of our judicial system.'" *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2017 WL 11532929, at *5 (C.D. Cal. Jan. 5, 2017) (citations omitted).

As the requested testimony and documents (in document requests 1-2) seek information protected by the attorney client privilege and work product doctrine, these requests must be denied.

**2. Defendants Seek Communications Between Plaintiff and/or Plaintiff's Counsel and the Attorney General's Office**

Moving Defendants also seek communication between Plaintiff or Plaintiff's counsel (document requests 3-6) and the Attorney General, which may be subject to a governmental investigative privilege. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) ("Federal common law recognizes a qualified privilege for official information.") (citing *Kerr v. United States District Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975), *aff'd* 426 U.S. 394 (1976)); *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988) ("The purpose of this privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.") Indeed, upon review of nearly identical requests to the Attorney General—for the Attorney General to produce

communications their office and Plaintiff or Plaintiff's counsel—the Court quashed the subpoena. (Dkt. 79.)

In their Request, Defendants fail to provide any justification allowing them to interfere with the Attorney General's investigation. As such, the requested testimony and documents (document request nos. 3-6) should be denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court deny Moving Defendants' request to cross-examine Plaintiff's counsel and for the production of documents.

DATED: July 2, 2020

GREENBERG GROSS LLP
Deborah S. Mallgrave
Desiree N. Murray

JEFF ANDERSON & ASSOCIATES
Michael Finnegan
Jennifer E. Stein

By: /s/ Deborah S. Mallgrave
Deborah S. Mallgrave
Attorneys for Plaintiff SOCHIL MARTIN