Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendants
*Jose Hernandez, Silverio Coronado, Aurelio Zavaleta,*
*Uzziel Joaquin, Jonathan Mendoza, David Mendoza,*
*Benjamin Joaquin, Jose Luis Estrada and Rahel Garcia*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No.: 2:20-CV-01437-OWD (ASx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIALLY APPEARING DEFENDANT RAHEL GARCIA'S MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(2) FOR DEFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**<br><br>Date:  Aug. 31, 2020<br>Time: 1:30 p.m.<br>Ctrm: 5D<br><br>[Concurrently filed herewith: (1) Notice of Motion and Motion to Dismiss; (2) Declaration of Rahel Garcia; (3) Declaration of Oracio De La Paz; (4) Declaration of Leticia Rosales: (5) Declaration of Geoffrey A. Neri; and (6) [Proposed] Order] |

# **TABLE OF CONTENTS**

I. INTRODUCTION .......................................................................... 1

II. FACTUAL BACKGROUND ......................................................... 2

III. LEGAL STANDARD ................................................................... 3

IV. ARGUMENT ................................................................................ 3

    A. There Has Not Been Sufficient Service of Process In this Case and Dismissal is Appropriate Under Rule 12(b)(5) ........................... 3

    B. The Court Does Not Have Jurisdiction Over Garcia and Dismissal is Appropriate Under Rule 12(b)(2) ................................... 5

        1. *Plaintiff Cannot Establish General Jurisdiction Over Defendant* ........................................................................ 7

        2. *Plaintiff Cannot Establish Specific Jurisdiction Over Defendant* ........................................................................ 8

            a. No Purposeful Availment .................................. 9

            b. Plaintiff's Claims Do Not "Arise Out Of" Garcia's Alleged Forum-Related Activities ..................... 9

            c. Exercise of Jurisdiction Over Garcia Would Be Unreasonable ................................................. 10

V. CONCLUSION .......................................................................... 12

MEMORANDUM OF POINTS AND AUTHORITIES

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*,
    551 F.2d 784 (9th Cir. 1977)................................................................6

*Aref v. Hickman*,
    No. ED CV 06-00023-VAP (VBK), 2009 WL 192497 (C.D. Cal., Jan. 26, 2009) 2, 5

*Asahi Metal Indus., Co. v. Superior Court*,
    480 U.S. 102 (1987) ........................................................................11

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*,
    223 F.3d 1082 (9th Cir. 2000) .....................................................7, 8

*Ballard v. Savage*,
    65 F.3d 1495 (9th Cir. 1995) .......................................................10

*Brockmeyer v. May*,
    383 F.3d 798 (9th Cir. 2004) .........................................................3

*CE Distrib., LLC v. New Sensor Corp.*,
    380 F.3d 1107 (9th Cir. 2004) .......................................................7

*Core-Vent Corp. v. Nobel Indus. AB*,
    11 F.3d 1482 (9th Cir. 1993) .........................................................6

*Data Disc., Inc. v. Systems Tech. Assoc., Inc.*,
    557 F.2d 1280 (9th Cir. 1977)........................................................7

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
    840 F.2d 685 (9th Cir. 1988) .........................................................3

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,
    1 F.3d 848 (9th Cir. 1993) ......................................................10, 11

*Ins. Co. of N. Am. v. Marina Salina Cruz*,
    649 F.2d 1266 (9th Cir. 1981)......................................................10

*FDIC v. British-Am. Ins. Co., Ltd.*,
    828 F.2d 1439 (9th Cir. 1987)......................................................11

*Floveyor Int'l, Ltd. v. Superior Court*,
    59 Cal. App. 4th 789 (1997)...........................................................4

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408 (1984) ...................................................................8, 9

*Hirsch v. Blue Cross, Blue Shield of Kansas City*,
    800 F.2d 1474 (9th Cir. 1986).........................................................9

MEMORANDUM OF POINTS AND AUTHORITIES

*In re Alyssa F.*,
   112 Cal. App. 4th 846 (2003)...........................................................................5

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ........................................................................................7

*Jackson v. Hayakawa*,
   682 F.2d 1344 (9th Cir. 1982)..........................................................................3

*Kott v. Superior Court*,
   45 Cal. App. 4th 1126 (1996)...........................................................................4

*OGM, Inc. v. Televisa, S.A. de C.V.*,
   No. CV 08-5742-JFW (JCx), 2009 WL 1025971 (C.D. Cal., Apr. 15, 2009). 1, 4, 5

*Pac. Atl. Trading Co., Inc. v. M/V Main Exp.*,
   758 F.2d 1325 (9th Cir. 1985) .......................................................................10

*Peterson v. Highland Music, Inc.*,
   140 F.3d 1313 (9th Cir. 1998)..........................................................................7

*Reddick v. Troung*,
   No. CV 07-6586-RGK (RC), 2008 WL 2001915 (C.D. Cal., May 5, 2008)....3

*Rio Properties, Inc. v. Rio Intern. Interlink*,
   284 F.3d 1007 (9th Cir. 2002)..........................................................................6

*Rocke v. Canadian Auto. Sports Club*,
   660 F.2d 395 (9th Cir. 1981)..........................................................................11

*Shaffer v. Heitner*,
   433 U.S. 186 (1977) ........................................................................................8

*Sinatra v. Nat'l Enquirer*,
   854 F.2d 1191 (9th Cir. 1988)........................................................................11

*Stevens v. Sec. Pac. Nat'l Bank*,
   538 F.2d 1387 (9th Cir. 1976)..........................................................................5

*Travelers Cas. & Sur. Co. of Am. v. Brenneke*,
   551 F.3d 1132 (9th Cir. 2009)..........................................................................6

*Tuazon v. R.J. Reynolds Tobacco Co.*,
   433 F.3d 1163 (9th Cir. 2006)..........................................................................7

*Universal Trading & Inv. Co. v. Kiritchenko*,
   No. C-99-3073 MMC, 2007 WL 660083 (N.D. Cal., Feb. 28, 2007) .............4

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
   486 U.S. 694, 700 (1988) ............................................................................3, 4

iii
MEMORANDUM OF POINTS AND AUTHORITIES

*Wasson v. Riverside County*,
    237 F.R.D. 423 (C.D. Cal. 2006) .......................................................................3

**STATUTE**

Fed. R. Civ. P. 4(f).............................................................................................3, 4

Fed. R. Civ. P. 4(j)(2)(A).........................................................................................4

Hague Convention, Art. 6........................................................................................4

Cal. Code Civ. Proc. § 410.10 .................................................................................7


**OTHERS**

Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 5:240 (Rutter Group 2006).............4

Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 5:245 (Rutter Group 2006).............4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Specially Appearing Defendant Rahel Garcia has not been properly served with the summons and complaint in this case and the action against her should be dismissed.  Ms. Garcia is a citizen and resident of Mexico and accordingly service is governed by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention").

Under the Hague Convention, "service through Mexico's Central Authority is the exclusive method by which Plaintiff can serve [defendant] in Mexico." *OGM, Inc. v. Televisa, S.A. de C.V.*, No. CV 08-5742-JFW (JCx), 2009 WL 1025971, at *3 (C.D. Cal., Apr. 15, 2009) ("*OGM*").  Plaintiff did not even attempt to comply with the provisions of the Hague Convention in effecting service on Ms. Garcia through Mexico's Central Authority and the attempted service reflected in the proof of service filed by Plaintiff [Dkt. No. 21 (the "Proof of Service")] is not a valid alternative.

Furthermore, the Proof of Service itself does not demonstrate effective service even if service under the Hague Convention were not required.  The declaration of due diligence accompanying the Proof of Service indicates that the process server made three attempts at personal service on Ms. Garcia at 120 N. Arizona Street, Los Angeles, California.  However, there is no evidence that Ms. Garcia resides or works at 120 N. Arizona Ave., Los Angeles, California (in fact, she does not), and it appears that there is no building at all located at that address. (*Id*. at p. 4.)

The Proof of Service also indicates that a "member of the household" (not Ms. Garcia) was sub-served with summons and complaint at 118 N. Arizona Ave., Los Angeles, California after he allegedly "confirmed" that Ms. Garcia lived there.  That is simply untrue, as attested to by the individual who took these papers.  That individual, a minister, was a visitor with no authority to accept service on Ms. Garcia's behalf and he specifically told the process server that Ms. Garcia does not live or work at that address. (*See* Declaration of Oracio De La Paz ("De La Paz Decl.") at ¶¶ 2-4.)

Plaintiff's counsel has also represented that a process server attempted to serve Ms. Garcia at "her [alleged] place of employment" in Redlands, California.  However, as attested to by the caretaker of the ranch located there, Ms. Garcia does not work or live there either.  (Declaration of Leticia Rosales ("Rosales Decl.") at ¶ 2.)

Because Plaintiff has failed to serve Ms. Garcia, the Court has discretion to either quash service of process or dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(5).  Here, because Plaintiff has flagrantly disregarded the rules governing service, the Court should dismiss the action. *Aref v. Hickman*, No. ED CD 06-00023-VAP (VBK), 2009 WL 192497, at *19 (C.D. Cal., Jan. 26, 2009) ("flagrant disregard" of the rules warrants dismissal).  In addition, as elaborated herein, this Court lacks personal jurisdiction over Ms. Garcia and therefore dismissal is also warranted under Rule 12(b)(2)

## II. FACTUAL BACKGROUND

Defendant Rahel Garcia ("Garcia") is the sister of Naason Garcia, who is the primary subject and target of the sprawling 65-page Complaint of Plaintiff Sochil Martin ("Martin").  Of the 270 allegations comprising that Complaint, only two of them specifically pertain to Garcia. (Cmplt., ¶¶ 36, 90.)

One of those paragraphs alleges that "Defendant Rahel Joaquin Garcia, upon information and belief, is a United States citizen who regularly resides in California and Texas. . .." (Cmplt. ¶ 36.)  In fact, and to the contrary, Garcia is a citizen of Mexico who resides in Guadalajara, Mexico. (Declaration of Rahel Garcia ("Garcia Decl.") at ¶ 2.)  Garcia does not regularly reside in Texas or California.  (*id.*),.

In meet and confer discussions with counsel, counsel for Garcia informed Plaintiff's counsel of this fact and further asserted that Garcia is not subject to personal jurisdiction in the Central District of California. (Declaration of Geoffrey A. Neri ("Neri Decl." at ¶ 2.)  However, counsel could not agree to any compromise that would obviate the need for motions practice. (*Id*.)  Counsel agreed that Garcia would have until July 15, 2020, to file a motion on the issues discussed.  (*Id.*, Ex. "A".)

III. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(5) allows the Court to dismiss a case based on "insufficient service of process" as governed by the standards enumerated in Rule 4. "Service of process" refers to a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988) ("*Volkswagenwerk*") Service of process requirements are generally a prerequisite to a court's jurisdiction over an adverse party. *See e.g., Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly.").

A motion to dismiss under Rule 12(b)(5) "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006). And of course, a specially appearing defendant's mere filing of a motion to dismiss under Rule 12(b)(5) does not demonstrate proper service of process. *Reddick v. Troung*, No. CV 07-6586-RGK (RC), 2008 WL 2001915, at *5 & n.10 (C.D. Cal., May 5, 2008).

Once service is challenged, the Plaintiff must prove that service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (Plaintiff "bears the burden of establishing that service was valid under Rule 4."). Notice of the action itself is insufficient to cure defective service. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Neither actual notice... nor simply naming the person in the caption of the complaint... will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.").

IV. **ARGUMENT**

A. **There Has Not Been Sufficient Service of Process In this Case and Dismissal is Appropriate Under Rule 12(b)(5)**

Plaintiff alleges "on information and belief" that Garcia is a "United States citizen who regularly resides in California and Texas" (Cmplt. ¶ 36.) Garcia,

however, has attested to the fact that she is a Mexican citizen residing in Guadalajara, Mexico.  (Garcia Decl. at ¶ 2.)  When a court is presented with a conflict between a plaintiff's statement based solely "on information and belief" and a defendant's declaration to the opposite effect, the plaintiff fails to make a prima facie showing of the purported allegation. *See, e.g.*, *CYBERsitter, LLC v. People's Republic of China*, Case No. CV 10–00038–JST (SHx), 805 F. Supp. 2d 958, 969 n. 2 (CD. Cal. 2011).

Federal Rule of Civil Procedure 4(f) governs service of process on a foreign defendant residing outside the United States.  It provides that the foreign defendant may be served "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  In turn, Federal Rule of Civil Procedure 4(j)(2)(A) provides that service must be proved "if made under Rule 4(f)(1), as provided in the applicable treaty or convention."

The Hague Convention governs service of summons on persons in foreign countries that have signed the treaty. State and federal service rules for service in those countries are preempted:   "By virtue if the Supremacy Clause, U.S. Const., Art. IV, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies." *Volkswagenwerk*, 486 U.S. 694, 699 (1988); see Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 5:240 (Rutter Group 2006).

Both the United States and Mexico are signatories to the Hague Convention and service through Mexico's central authority is the exclusive means by which a plaintiff in this District may serve a Mexican defendant. *See OGM, supra*, 2009 WL 1025971, at *3 ("Mexico has in fact objected to service through the alternative methods specified in Article 10 of the Hague Convention, and [] service through Mexico's Central Authority is the exclusive method by which Plaintiff can serve [defendant] in Mexico").

Once the Central Authority has completed service, it must forward a certificate detailing "the method, the place, and the date of service," or explaining why service

did not occur "directly to the applicant." Hague Convention, Art. 6; *see Universal Trading & Inv. Co. v. Kiritchenko*, No. C-99-3073 MMC, 2007 WL 660083, at *2 (N.D. Cal., Feb. 28, 2007) (describing the requirements of the Hague Convention).

"The Hague Convention provisions are mandatory, so that failure to comply voids the attempted service." Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 5:245 (citing V*olkswagenwerk*, 486 U.S. at 698). Failure to comply with the Hague Convention procedures voids the service even if it is made in compliance with California law, *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1135 (1996), or even where a defendant has actual notice of a lawsuit, *Floveyor Int'l, Ltd. v. Superior Court*, 59 Cal. App. 4th 789, 794 (1997). *See also In re Alyssa F.*, 112 Cal. App. 4th 846, 852 (2003) ("Failure to properly serve a party who resides outside the country under the Hague Service Convention renders all subsequent proceedings void as to that person.").

It is undisputed here that Plaintiff has not served Garcia properly under the Hague Convention or even attempted to do so.  Instead, in flagrant disregard of the Hague Convention's requirements, Plaintiff attempted to serve Garcia in the United States, which service was also defective even if the Hague Convention did not apply. As attested to by two witnesses, Plaintiff's process server attempted to serve Garcia at three locations despite being told that Garcia neither lived nor worked there.

The Proof of Service indicates that the process server subserved by leaving copies at 118 N. Arizona Ave., Los Angeles, CA 90022, alleged to be the "dwelling house, usual place of abode, or usual place of business" of Garcia. [Dkt. No. 21 at p.1].  However, that is untrue.  Garcia does not live or work at that address and the process server was specifically told so by the individual who was forced to take the package. (De La Paz Decl. at ¶¶ 2-4.)  The process server's lax approach, to put it mildly, to service is further reflected in his declaration of due diligence, which indicates that he attempted to serve Garcia at an address that does not even exist, 120 N. Arizona Ave., Los Angeles, CA 90022. [Dkt. No. 21 at p. 4].

Furthermore, Plaintiff apparently also attempted to serve Garcia at a ranch in Redlands, CA, but the caretaker of that ranch attests to the fact that Garcia does not live or work there. (Rosales Decl. at ¶ 2.)

All of the foregoing demonstrates that service of process is insufficient.  While the court has discretion under Rule 12(b)(5) to either dismiss the action or quash service when service of process is insufficient, dismissal is appropriate here.  "The choice between dismissal and quashing service of process is in the district court's discretion." *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387 (9th Cir. 1976).

Ordinarily, if a reasonable prospect exists that the plaintiff may ultimately be able to serve the defendant properly, the court will quash the service. *OGM, supra*, 2009 WL 1025971, at *4 (citation omitted). However, "evidence of a flagrant disregard of the requirements of the rules justifies dismissal." Libertad v. Welch, 53 F.3d 428, 440 (1st Cir. 1990). *Aref, supra*, 2009 WL 192497, at *19 (same). Plaintiff's attempts at service were not merely sloppy in this case, but reflect her flagrant disregard of the rules of service.  Dismissal is therefore warranted.

## B. The Court Does Not Have Jurisdiction Over Garcia and Dismissal is Appropriate Under Rule 12(b)(2)

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citations omitted). A court does not acquire personal jurisdiction over the defendant until defendant has been properly served. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 104 (1987). Because the foreign Defendants have not been properly served in accordance with Rule 4 and the Hague Convention, this Court lacks personal jurisdiction over them and therefore, dismissal is also warranted under Rule 12(b)(2).

But even Garcia had been properly served, this Court still would not have personal jurisdiction over her.  On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving the facts necessary to establish

personal jurisdiction over a defendant. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citations omitted).

The Ninth Circuit recognizes that, because of "important sovereignty concerns," litigation against an alien defendant "creates a higher jurisdictional barrier than litigation against a citizen from a sister state." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). Plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Plaintiff must make a prima facie showing of jurisdictional facts to defeat the motion. *Data Disc., Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

When, as here, no federal statute specifically confers personal jurisdiction, the district court applies the law of the forum state. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004). California's long-arm statute permits California courts to exercise jurisdiction on any basis consistent with the Constitutions of California and the United States, *i.e.*, to the limits of due process. Cal. Code Civ. Proc. § 410.10; *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1317 n.2 (9th Cir. 1998). Because the California long-arm statute allows for personal jurisdiction over a defendant to the full extent permitted by due process, the Court may directly consider whether personal jurisdiction over a defendant comports with due process. *Taubler v. Giraud*, 655 F.2d 991, 993 (9th Cir. 1981).

A court may exercise personal jurisdiction over a non-resident defendant consistent with due process only if it has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two forms of personal jurisdiction that a forum state may exercise over a non-resident defendant—general jurisdiction and specific jurisdiction. For the reasons stated below, Garcia is subject to neither.

### 1. *Plaintiff Cannot Establish General Jurisdiction Over Garcia*

Plaintiff cannot demonstrate general jurisdiction over Garcia. "The standard for establishing general jurisdiction is 'fairly high,' [] and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Minimum contacts for general jurisdiction exist where a defendant has "substantial" or "continuous and systematic" contacts with the forum state, even if the case is unrelated to those contacts. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citation omitted). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft*, *supra*, 223 F.3d at 1086.   Conversely, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Id.*

Plaintiff is not able to satisfy the "fairly high" standard for general jurisdiction as Garcia's contacts with this forum, if any, do not qualify as either substantial or continuous and systematic. There are no allegations that Garcia does business in this forum; that she is registered, licensed, or otherwise authorized to conduct business here; that she has a designated or registered agent for service of process here; that she rents, leases, owns, or otherwise possesses any real or personal property here; that she has bank accounts or assets here; that she maintains any office, telephone listing, mailing address, or place of business here; that she has any trustees, agents, representatives, or employees here; or that she owes or pays taxes here.  Indeed, not a single factor identified in *Bancroft* is present. Accordingly, Garcia's contacts are insufficient to establish general jurisdiction.

### 2. *Plaintiff Cannot Establish Specific Jurisdiction Over Garcia*

Nor can the Court exercise specific personal jurisdiction over Garcia.  A federal court may assert specific jurisdiction over a non-resident defendant if her activities in

the forum give rise to or are related to the litigation. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984).  The Court's inquiry must focus on the "relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Courts within the Ninth Circuit apply the following three-prong test to evaluate whether the nature and quality of those contacts justify the assertion of limited jurisdiction: (1) The non-resident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the protections and benefits of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir. 1986).  Plaintiff cannot satisfy any of the prongs.

a.  No Purposeful Availment

Plaintiff cannot establish that Garcia purposefully directed any activity towards California nor purposefully availed herself of the benefits and privileges of the laws of this state.   As evidenced by the complaint, there are scant allegations concerning the actual conduct of Garcia.  In fact, there are only two (Cmplt, ¶¶ 36, 90) and only one refers to specific conduct by Garcia.[1]

Instead, the gist of Plaintiff's allegations and claims concern the unilateral acts or omissions of other defendants and, more specifically, Garcia's brother Naason Garcia.  However, the "unilateral activity of another party or a third person is not an

_____

[1] That allegation states that Plaintiff was ordered by Garcia "to travel to Big Bear, California to perform erotic dances for Samuel in revealing clothing.  "Princess" Rahel served for many years as Samuel's primary groomer.  When Ms. Martin would object to wearing the revealing outfits that the Princess or her aunt gave to her, Rahel would explain to the young Ms. Martin that LDM members could not contradict the Princess or any member of the "royal" apostolic family, for their orders were the orders of God." (Cmplt., ¶90.)

9

appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

Because Plaintiff has not alleged and cannot establish that Garcia herself, rather than some other defendant, has sufficient contacts with the forum state of California, she filed to satisfy the first prong of the applicable test.

> b. Plaintiff's Claims Do Not "Arise Out Of" Garcia's Alleged Forum-Related Activities

The Ninth Circuit employs a "but for" test to determine whether a claim arises from the alleged forum-related activities of a defendant contesting personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). "The question, therefore, is this: but for [defendant's] contacts with the United States and California, would Plaintiff's claims [] have arisen?" *Id.* at 1500.

Plaintiff's claims here arise out of the alleged wrongdoing of other defendants, which have nothing to do with Garcia. In other words, Garcia's claimed injury would have occurred notwithstanding any acts of Garcia. Thus, Plaintiff fails the "but for" inquiry of the second prong of the applicable test and cannot establish that her claims arose out of Garcia's activities, if any.

> c. Exercise of Jurisdiction Over Garcia Would Be Unreasonable

But even if the Court may exercise specific jurisdiction, it must still be "reasonable." The Ninth Circuit has identified the following factors to determine whether, on balance, jurisdiction is reasonable: (1) extent of purposeful interjection; (2) the burden on the defendant to defend the suit in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6) the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851-853 (9th Cir. 1993) ("*Amoco Egypt*").

"[D]ue process require[s] that the defendant's expectations and burdens should be weighed more heavily than the plaintiff's hardships." *Pac. Atl. Trading Co., Inc. v. M/V Main Exp.*, 758 F.2d 1325, 1331 (9th Cir. 1985).

As to the extent of purposeful interjection, this inquiry "parallels the inquiry of minimum contacts." *Amoco Egypt, supra*, 1 F.3d at 852. "The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981). This factor weighs heavily against exercising jurisdiction over Garcia. For the reasons discussed more fully above, there are no "minimum contacts" sufficient to justify the exercise of jurisdiction over Garcia as reasonable.

As to the second factor, the burden on Garcia also weighs in her favor. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus., Co. v. Superior Court*, 480 U.S. 102, 114 (1987). Garcia should not have to bear the burden of defending herself in a foreign legal system. "In a case such as this, in which the defendant 'has done little to reach out to the forum state,' the burden of defending itself in a foreign forum militates against exercising jurisdiction." *FDIC v. British-Am. Ins. Co.*, Ltd., 828 F.2d 1439, 1444 (9th Cir. 1987).

As to the third factor, the extent of conflict with Mexico's sovereignty also weighs in favor of Garcia. "Where, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction." *Amoco Egypt*, 1 F.3d at 852. "[L]itigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Sinatra v. Nat'l Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988). *See also Rocke v. Canadian Auto. Sports Club*, 660 F.2d 395, 399 (9th Cir. 1981) ("Because [defendants] are unquestionably residents of Canada, we must observe that this factor tends also to

11

undermine the reasonableness of personal jurisdiction in this case.")  Likewise here, because Garcia is unquestionably a resident of another counry, this factor also undermines the reasonableness of exercising jurisdiction over her.

As to the remaining factors, Plaintiff will not be able to carry her burden of proof.  But even if she does, on balance, the factors weigh in favor of Garcia and a finding that this Court's exercise of specific jurisdiction over her would be unreasonable. Accordingly, the motion should be granted and the action should be dismissed as to Garcia pursuant to Rule 12(b)(2).

## V. <u>CONCLUSION</u>

Plaintiff has failed to properly effect service on Garcia.  Based on the foregoing, Garcia respectfully requests that this Court grant the instant motion and dismiss the action against her. If this Court is not inclined to dismiss the action, then the Court should issue an order quashing service, requiring Plaintiff to comply with the Hague Convention, and setting a deadline to serve Garcia.


Respectfully submitted,


DATED: July 15, 2020                    BROWN, NERI, SMITH & KHAN LLP

                                        By:      /s/ Geoffrey A. Neri
                                                 Geoffrey A. Neri

                                        Attorneys for Defendants,
                                        *Jose Hernandez, Silverio Coronado,*
                                        *Aurelio Zavaleta, Uzziel Joaquin,*
                                        *Jonathan Mendoza, David Mendoza,*
                                        *Benjamin Joaquin, Jose Luis Estrada*
                                        *and Rahel Garcia*

**CERTIFICATE OF SERVICE**

I, Geoffrey A. Neri, declare as follows:

I am over the age of eighteen years of age and am not a party to this action.  I am employed in the County of Los Angeles, State of California, and my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025.

On July 15, 2020, I electronically filed the following document: MEMORANDUM OF POINTS AND AUTHORITIES with the United States District Court for the Central District of California by using the court's CM/ECF system and all participants in the case who are registered CM/ECF users will thereby be served on July 15, 2020.

/s/ Geoffrey A. Neri
Geoffrey A. Neri