DEBORAH S. MALLGRAVE, State Bar No. 198603
 *DMallgrave@GGTrialLaw.com*
DESIRÉE N. MURRAY, State Bar No. 330079
 *DMurray@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL G. FINNEGAN, State Bar No. 241091
 *Mike@AndersonAdvocates.com*
JENNIFER E. STEIN, State Bar No. 300775
 *Jennifer@AndersonAdvocates.com*
JEFF ANDERSON & ASSOCIATES
11812 San Vincente Boulevard, #503
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN, | Case No. 2:20-cv-01437-ODW-AS |
| Plaintiff, | **PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE SCHEDULING CONFERENCE (AND RELATED RULE 26(f) DISCOVERY CONFERECE)** |
| v. | |
| LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual. ADORAIM JOAQUÍN | |

| | |
|---|---|
| 1<br>2<br>3<br>4 | ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>        Defendants. |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Plaintiff Sochil Martin ("Plaintiff") by and through her attorney of record herein hereby applies *ex parte*, pursuant to Local Rule 7-19, for an order continuing the Scheduling Conference currently set for September 14, 2020 at 1:30 p.m for sixty (60) days, on the grounds that: (1) a Rule 26(f) conference triggering discovery prior to a ruling on a pending motion to stay discovery in this case risks disclosure of material relevant to a pending criminal case and ongoing investigation by the Federal Bureau of Investigation ("FBI"), in part or in whole protected by the California Superior Court and the Trafficking Victims Protection Reauthorization Act ("TVPRA") prior to this Court's ruling on the issue (Dkt. 50); and (2) a Rule 26(f) conference is premature because of pending and expected motion practice in this case determinative of the parties and issues to be the subject of discovery, including two motions to dismiss (one already filed by Defendant Rahel Joaquín García ("Rahel") and a second to be filed by August 19, 2020, by Defendant Naasón Joaquín García ("Naasón") to dismiss Defendant La Luz Del Mundo ("LDM"). (Dkt. 81; Mallgrave Decl. ¶ 6, Ex. B). Neither the Plaintiff, nor any other party, has previously sought a continuance of the Scheduling Conference.

The relief is sought on an *ex parte* basis because recent developments in the criminal investigation and prosecution against Defendant Naasón Joaquín García on similar charges pertaining to related facts have escalated the importance of the pending motion for a stay of discovery in this case and the necessity of a ruling on that motion before the parties begin any discovery. As the Court previously scheduled the Scheduling Conference in this case for September 14, 2020 (Dkt. 39), before the motion to stay discovery or a motion to dismiss was filed, the parties are required to proceed with a Rule 26(f) conference by August 24, 2020. Not only would any briefing schedule for such a motion extend past the deadline for a Rule

26(f) conference, but the inclusion of the served Defendants in the case necessarily effects the scope and schedule of discovery in this matter.

Counsel for all parties were asked to stipulate to a continuance and were provided notice of this *ex parte* application by email on August 12, 2020. The State of California Attorney General's Office (who has filed a motion to intervene in this case) was included on the correspondence communicating this request. (Mallgrave Decl. ¶¶ 2–4, Ex. A). Counsel for Defendants International Berea USA, Alma Zamora De Joaquín, and Adoraim Joaquín Zamora and counsel for Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquín, Jonathan Mendoza, David Mendoza, Benjamin Joaquín García, and Jose Luis Estrada declined to stipulate to a continuance and expressed an intention to oppose this *ex parte* application. (*Id.*) Counsel for Defendant Naasón Joaquín García did not respond. (*Id.*) DAG Donna Dean notified Plaintiff's counsel that the State would not oppose the *ex parte* application. (*Id.* at 3).

This application is based on this notice and application, the attached memorandum of points and authorities, the concurrently filed declaration of Deborah S. Mallgrave, the pleadings and other papers on file in this action, and all matters of which the court may take judicial notice.

DATED: August 13, 2020            GREENBERG GROSS LLP
                                  Deborah S. Mallgrave
                                  Desiree N. Murray

                                  JEFF ANDERSON & ASSOCIATES
                                  Michael Finnegan
                                  Jennifer E. Stein


                                  By: /s/ Deborah S. Mallgrave
                                      Deborah S. Mallgrave
                                      Attorneys for Plaintiff SOCHIL MARTIN

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff seeks a continuance of the Scheduling Conference, currently set for September 14, 2020, for 60 days to permit this Court time to rule on motions currently pending before it that may preclude or drastically alter the Rule 26(f) discovery conference and necessary discussion and preparation of items for the parties' joint report and Scheduling Conference.  Based on the Court's Order (Dkt. 39), the parties are to participate in a Rule 26(f) discovery conference, to discuss and develop a discovery plan, initiate discovery, and make suggestions and recommendations for a final scheduling order (which is based almost entirely around the scope of and time required for discovery) by August 24, 2020.

The motion filed by The People of the State of California to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings, however, is still pending (Dkt. 50).  As reflected in that motion, the State seeks to stay discovery in this current matter to protect the identities of minor and sex-abuse victims or witnesses, as well as for the protection of the integrity of criminal proceedings.  While both state and federal law allow for the protection of these victims and witnesses' identities, the State filed its motion only after Defendants made clear that they would attempt to use the civil discovery process to circumvent rules applicable to criminal proceedings and the protection of identities.  (Mem. P & A Defs. Joint Mot. Order P. to Part. Rule 26 Conf., Dkt. 49-1, at 8, 13).

As the Court may be aware, while the specific criminal case against Defendant Naasón may have changed (as the State filed a new case with additional charges against Naasón on July 30, 2020), the charges mirror and expand on the charges previously filed, relate to precisely the course of behavior at issue in this case, and involve significant overlapping facts and witnesses.  During the more recent bail hearing for Defendant Naasón, on August 6, 2020, Naasón's defense counsel—the same counsel representing him in this case—repeatedly demanded that

the State reveal the identity of the witnesses and victims protected in that case. The court denied Naasón's counsel's demands. (Mallgrave Decl. ¶ 9, Ex. F & G). With Naasón's preliminary hearing that began on August 11, 2020, and is expected to continue for another five to seven days from the time of this writing, Naasón's counsel has continued to demand the release of identities that are protected and to which the court has already determined Naasón is not entitled. As such, it is all but certain that Defendant Naasón seeks to use civil discovery in this case to obtain information to which he is not yet entitled and could lead to the physical and mental harm of victims and witnesses.

In addition, since the last time the parties briefed the discovery issue for the Court, Defendant Rahel has a filed a motion to dismiss the case against her for insufficient service of process and lack of personal jurisdiction, and Defendant Naasón, who was served on behalf of Defendant LDM, has notified Plaintiff's counsel of his intent to file a motion to dismiss this case against Defendant LDM (which Plaintiff agreed to extend the time for Defendant Naasón to file such motion to August 19, 2020).

With the timing of discovery and scope of this case still uncertain, proceeding with a Rule 26(f) discovery conference and a Scheduling Conference is premature and a waste of judicial resources as well as the parties' time and effort. Further, initiating discovery at this juncture, without guidance from the Court on the scope or timing of discovery or a ruling on the State's motion to stay discovery, allows Defendants to circumvent the rulings of the criminal court and potentially puts innocent victims in harms' way.

Accordingly, Plaintiff seeks a brief continuance of the Scheduling Conference, and the related Rule 26(f) discovery conference, for 60 days or some other time as the Court determines appropriate, to allow for proper consideration of the motions and issues currently before the Court.

## II. ARGUMENT

### A. Good Cause Exists For Moving On An *Ex Parte* Basis.

*Ex parte* relief "will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief. The moving party must establish that it is without fault in creating the crisis requiring *ex parte* relief or that the crisis occurred as a result of excusable neglect." *Fernandez v. City of L.A.*, 2009 U.S. Dist. LEXIS 67996, at *2 (C.D. Cal. July 16, 2009) (citations omitted).

In the past seven days, proceedings in *People of California v. García, et. al.* (Los Angeles Superior Court Case No. BA484133) have crystalized Defendants' intent to seek the identity of protected witnesses during discovery in the present case, and have illuminated new potential grounds for a stay of discovery in this case due to the release of information pertaining to a FBI investigation into Naasón Joaquín García. (Mallgrave Decl. ¶ 11, Ex. H). These new revelations as well as the looming deadline for the Rule 26 conference in this matter create an urgent need to seek the Court's assistance in continuing the conference until the Court has had the opportunity to consider the motions currently pending before it, including the State's motion to stay discovery.

As Plaintiff has alleged in various papers currently before the Court and describes in this brief, (1) Defendants seek, among other dangerous information, the identities of victims and witnesses in Naasón's criminal case; (2) LDM and its leadership have a history of using violence and intimidation tactics to silence witnesses, including efforts to silence Plaintiff; (3) the State has a concerted interest in protecting those witnesses; (4) Defendants have made clear to Plaintiff and to this Court that they intend to use discovery in this case to subvert protections in the criminal case; (5) Plaintiff's case is properly subjected to a mandatory stay under the TVPRA, and (6) Naasón's counsel is *right now* in Los Angeles Superior Court continuing to demand these identities, and continuing to be denied by the criminal court due to the very concerns cited herein. The likelihood that Defendants will use

discovery from this civil case as a weapon against victims in Naasón's criminal case is significant enough to constitute good cause for Plaintiff to seek *ex parte* relief from participating in a Rule 26(f) conference that, pending this Court's decision on the outstanding motion for a stay of discovery, could cause significant damage to herself and other victims.

Plaintiff is without fault in creating this crisis as it is due to a confluence of Defendant Naasón's actions in the criminal case, the instigation of an investigation by the FBI, and the nature of the Court's calendar in ruling on the pending motions before it. Plaintiff could not have obtained the needed relief through a regularly noticed motion, as the briefing, hearing, and ruling timeline for doing so would— even if Plaintiff had filed the motion before Naasón's actions this past week— extend beyond the current deadline for the holding of a Rule 26(f) conference. *Ex parte* relief is therefore proper.

### B. <u>Plaintiff Has Good Cause To Request A Continuance.</u>

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure "[a] schedule may be modified only for good cause and with the judge's consent." "'Rule 16(b)'s 'good cause' standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Cohen v. Trump*, 2016 WL 2990714 at *2 (S.D. Cal. May 24, 2016) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 606 (9th Cir. 1992) (granting, in part, an ex parte motion on the grounds that a continuance of a pretrial conference for less than two months did not prejudice Plaintiff). The good cause standard also requires, in part, "the parties to demonstrate that noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling

conference." (*Id.*) While parties have not yet had the Rule 16 conference, the conditions set forth above are clearly met.

Plaintiff has good cause for requesting a continuance of the Scheduling Order for two reasons: (1) while the State's Motion to Stay Discovery is still pending, holding a Rule 26(f) conference is impracticable and (2) numerous other disputes or motions pending or soon to be pending before the Court render a Rule 26(f) conference premature.

### 1. The State Of California's Pending Motion for A Stay Of Discovery Is Good Cause For A Continuance Of The Scheduling Conference.

The State's motion to stay discovery in this case, premised on State and Federal protections—including a mandatory stay under the TVPRA,[1] seeks to preclude discovery in this case in its entirety until a final resolution in the criminal case. On July 30, 2020, the State filed a new criminal case against Defendant Naasón, that includes twenty-three charges for conspiracy to commit human trafficking, sexual crimes against minors, forcible rape, possession of child pornography, and extortion. (Mallgrave Decl., Exs. D & E). The new charges relate to precisely the course of behavior at issue in this case, and involve significant overlapping facts and witnesses. (*Id.*) Naasón's counsel, in a filing before this Court, has stated that Plaintiff "claims she is a victim of the same conduct that is charged in the criminal case", arguing that the two cases are "virtually identical in

---

[1] California law, like federal law, allows for the protection of the identities of minor and sex-abuse victims or witnesses, as well as the protection of the integrity of criminal proceedings. *See* 18 U.S.C. § 3509(d)(3)(A); Cal. Penal Code §§ 293.5, 1054.7. This protection is also recognized through a mandatory stay under the TVPRA. *See* 18 U.S.C.A. § 1595(b)(1); *see also Lunkes v. Yannai*, 882 F.Supp.2d 545, 549 (S.D.N.Y. 2012) ("[P]rosecutions [under the TVPRA] should take priority over civil redress and ... should be complete prior to going forward with civil suits.") (citing H.R.Rep. No. 108–264, pt. 2, at 17 (2003)).

scope and nature" and "cover similar, overlapping" factual allegations, making at times "identical allegations of fact and law". (Def. Naasón Joaquín García's Opp'n Mot. to Strike, Dkt. 56 at 1,10,21).

Further, recent developments suggest that the FBI is also conducting an investigation into Defendant Naasón's alleged criminal conduct, and that federal prosecutors may file charges soon. (Mallgrave Decl., Ex. H). During Defendant Naasón's recent preliminary hearing, a testifying investigator for the State confirmed that at least one witness from the State's criminal case had been questioned by the FBI as part of their own investigation into Naasón. For its part, The United States Marshal placed a "hold" on Naasón at the Los Angeles Central Jail, precluding his release. (*Id.* at 7). Both facts are highly indicative of an additional, and now federal investigation into Naasón, that is certain to have overlapping issues of fact and law with Plaintiff's civil case.

Without a continuance, Plaintiff believes that Defendants will immediately seek discovery relating to the identities of the victims who are protected in the pending criminal case, based on their own representations before this Court. As the Rule 26(f) conference triggers the right of Defendants to seek formal discovery, proceeding under the current schedule before a ruling is made on the pending stay would require Plaintiff to prepare discovery of this protected material. *See* Fed. R. Civ. P. 26(d) (A party many not seek discovery from any source before the parties have conferred as required by Rule 26(f)); *see also Jones v. Micron Tech. Inc.*, No. 18-CV-3805-JSW (KAW), 2019 WL 5406824, at *2 (N.D. Cal. Oct. 23, 2019) ("At the Rule 26(f) conference, the parties must make their Rule 26 disclosures and devise a proposed discovery plan, taking into consideration 'the nature and basis of their claims and defenses....' Fed. R. Civ. P. 26(f)(2).").

It is neither to Plaintiff's benefit nor in her interest to interfere with a criminal case being brought against her own abuser. In addition to her genuine interest in seeking justice against her abuser, Plaintiff is all too aware of the intimidation and

threats levied at witnesses against LDM and its leadership.  As Plaintiff described at length in the Complaint and in her opposition to Defendants' joint motion to compel participation in a Rule 26(f) conference, the intimidation Plaintiff experienced was severe.  As early as November 2016 and through the filing of her Complaint, Plaintiff had been repeatedly approached by representatives of the church in attempts to buy and then coerce her silence.  Those representatives have invaded her home, attempted to film and intimidate her when speaking with other victims, and even sent a known "enforcer" to her undisclosed residence to scare her and her seven year-old daughter.  (Compl. ¶¶ 142, 145–152).  In addition to repeated attempts to scare Plaintiff and her family into silence, LDM has made a concerted effort to smear and discredit her publicly.

Thus, if the parties proceed with their Rule 26(f) conference as scheduled, before the Court has had the opportunity to consider the State's motion to stay discovery, discovery in this matter would begin and subvert the State's right to protect the integrity of its criminal proceedings, protect the identities of its victims and witnesses (as permitted by law), and its right to obtain a decision on its motion before such other rights are violated.

### 2. The Outstanding Motions Pending Before The Court Constitute Good Cause for A Continuance.

"[I]t is not practicable to hold a Rule 26(f) conference where 'the actual claims and defenses at issue [are] unclear.'"  (P. Opp'n Mot. Defs. Joint Mot. Order P. to Part. Rule 26 Conf. at 3) (quoting *Zavala v. Kruse-Western, Inc.*, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019); *see also, Contentguard Holdings, Inc. v. ZTE Corp.,* No. 12CV1226-CAB (MDD) 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) ("It would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted.")  Even if the general subject matter of the case is known, the pleadings and scope of the specific claims are not settled, making it premature to

make disclosures and discuss a discovery plan.  *See Zavala*, 2019 WL 3219254, at *2 (denying motion to compel a Rule 26(f) conference because "[u]ntil the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear.").

Currently before the Court is Plaintiff's motion to strike Defendant Naasón García's Answer and Defendant Rahel Joaquín García's motion to dismiss.  (*See* Dkts. 67, 81).  Additionally, following the service of LDM (through its leader and claimed Apostle, Defendant Naasón), Naasón's counsel notified Plaintiff's counsel that Naasón was filing a motion to dismiss the complaint against LDM (and the parties met and conferred on that motion).  (Mallgrave Decl. ¶ 6, Ex. B).

Defining the scope of discovery, planning a schedule, providing disclosures, and even beginning discovery itself before these outstanding issues have been resolved would cause significant prejudice to Plaintiff.  LDM is an institutional defendant not only central to the RICO and conspiracy claims in this case, but also the party most likely to have discoverable information.  Defendant Naasón is one of Plaintiff's direct and most vicious abusers.  Defendant Rahel groomed Plaintiff as a young child, and is a central part of LDM's power structure.  Requiring Plaintiff to proceed with providing discovery without being able to obtain discovery from these three parties is one-sided and prejudicial.  Additionally, the tactics used by Rahel and LDM to deny service and jurisdiction are littered with obfuscation and bad faith.

This one-sided discovery would also not be "practicable", as the outstanding motions and disputes described above are necessary for determining the scope of discovery.  The issues to be decided in this case will depend heavily on the parties in the case, as well as the discovery that Plaintiff seeks in response to the existing motion to dismiss, and plans to seek in response to any future motion to dismiss on behalf of LDM.  The actual claims and defenses at issue in this case are far from certain, and it is therefore impracticable for parties to engage in a Rule 26(f) conference.

## III. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court continue the Scheduling Conference by approximately sixty (60) days, from September 14, 2020, to November 16, 2020, or to another date convenient for the Court's calendar.

DATED: August 13, 2020　　　　　GREENBERG GROSS LLP
　　　　　　　　　　　　　　　　Deborah S. Mallgrave
　　　　　　　　　　　　　　　　Desiree N. Murray

　　　　　　　　　　　　　　　　JEFF ANDERSON & ASSOCIATES
　　　　　　　　　　　　　　　　Michael Finnegan
　　　　　　　　　　　　　　　　Jennifer E. Stein


　　　　　　　　　　　　　　By: /s/ Deborah S. Mallgrave
　　　　　　　　　　　　　　　　Deborah S. Mallgrave
　　　　　　　　　　　　　　　　Attorneys for Plaintiff SOCHIL MARTIN