Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendants
*Jose Hernandez, Silverio Coronado, Aurelio Zavaleta,*
*Uzziel Joaquin, Jonathan Mendoza, David Mendoza,*
*Benjamin Joaquin and Jose Luis Estrada*

[Additional counsel on following page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>                 Plaintiff,<br><br>         v.<br><br>LA LUZ DEL MUNNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>                 Defendants. | Case No.: 2:20-CV-01437-ODW (ASx)<br><br>**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE SCHEDULING CONFERENCE (AND RELATED RULE 26(f) DISCOVERY CONFERENCE)**<br><br>Action filed: February 12, 2020<br><br>District Judge: Otis D. Wright, II<br>Courtroom: 5D, 5th Floor<br>Magistrate Judge: Alka Sagar<br>Courtroom: 540, 5th Floor |

Reed Aljian (State Bar No. 211010)
  ra@dallp.com
Rochelle Calderon Rotea (State Bar No. 325417)
  rochelle@dallp.com
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:   949.861.2524
Facsimile:   949.269.6364

Attorneys for Defendants
COMMUNICATION CENTER BEREA
U.S.A. LLC, erroneously sued as
INTERNATIONAL BEREA USA,
ALMA ELIZABETH JOAQUIN,
erroneously sued as ALMA ZAMORA
DE JOAQUIN, and ADORAIM
JOSADAC JOAQUIN, erroneously sued
as ADORAIM JOAQUIN ZAMORA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin, Jose Luis Estrada, Alma Elizabeth Joaquin, erroneously sued as Alma Zamora de Joaquin, and Adoraim Josadac Joaquin (the "Individual Defendants"), hereby oppose Plaintiff's *Ex Parte* Application to Continue Scheduling Conference (And Related Rule 26(f) Discovery Conference) (the "Application").

<strong>OPPOSITION TO <em>EX PARTE</em> APPLICATION</strong>

## I.     INTRODUCTION

The Individual Defendants oppose Plaintiff's attempt to delay these proceedings any further and deny them the ability to defend themselves against the inflammatory and baseless charges made against them.   The Individual Defendants are not under criminal investigation or prosecution. Plaintiff should not be permitted to use the pending criminal proceeding against co-defendant Naason Joaquin Garcia to hold the Individual Defendants hostage in this case.

The charges of Plaintiff's Complaint are aimed almost exclusively at Mr. Garcia, as opposed to the Individual Defendants.   Indeed, the Complaint is completely threadbare with respect to Individual Defendants and provides no specific allegations whatsoever as to how the Individual Defendants participated in or can be found liable for the wide-ranging claims of involuntary servitude, sex trafficking, sexual abuse, and other claims Plaintiff lodges asserts against Mr. Garcia.  Plaintiff should be put to its burden of presenting evidence, *any evidence at all*, in support of these claims or the Individual Defendants should be promptly dismissed from the case.

Plaintiff fails to explain how holding the Rule 26(f) conference, as scheduled, "risks the disclosure of material relevant to a pending criminal case." (Application at 3:7-8).  The Rule 26(f) conference is just that, a conference among counsel.  The parties will be permitted to *propound* discovery following that conference. However, it is premature to conclude that the discovery requests propounded by ay of the

Individual Defendants may risk the disclosure of the aforementioned material.  Only *after* discovery has been propounded can the Court determine whether there is such a risk.  If Plaintiff truly believes there is a risk of disclosure of protected information, she can simply seek a protective order.

The Court should not simply presume in advance that there is not a *single document or bit of information* that can be produced by Plaintiff to substantiate their case against the Individual Defendants, as opposed to Naason Joaquin Garcia, without somehow risking disclosure of allegedly protected information.

The Application's alternative ground for relief — that there are motions pending by certain of the defendants in this case — is equally unavailing.  All of the Individual Defendants have answered the Complaint and the case is at issue with respect to them.  The fact that one putative co-defendant, Rahel Garcia, has moved to dismiss has absolutely no bearing on the proceedings with respect to the Individual Defendants.

Furthermore, "had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) would stay discovery, the Rules would contain a provision for that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).  Likewise, for all of the reasons already fully briefed, there is no grounds for a stay on discovery pursuant to the motion for intervention and a stay filed by the California Department of Justice.

Finally, the purported "evidence" that the Application relies on is wholly objectionable and should be ignored by the Court.  Primarily, the Application relies upon issues related to Mr. Garcia and the criminal matter, including the procedural posture, claims presented, evidence presented, testimony, protective orders, and alleged statements by the court in that matter. However, all of this evidence is hearsay and lacks foundation (in most instances, the evidence involves multiple layers of hearsay).  The only declaration filed in support of the Application was filed by

Deborah Mallgrave, Plaintiff's counsel. Paragraphs 7-11 contains the alleged evidence regarding the criminal matter. Ms. Mallgrave does not have personal knowledge of any of the evidence she references. She relies exclusively on inadmissible hearsay, including the complaint and a summary of the docket in the criminal matter (Plaintiff did not seek judicial notice of those records) and seven news articles allegedly located online, four of which appear to have been translated from Spanish to English using a translation application available on google. Taking one example, Ms. Mallgrave claims that the FBI is investigating Mr. Garcia. She has no personal knowledge of any such investigation. Rather, she relies upon an *Los Angeles Times* article written by a journalist (the article does not indicate whether the journalist personally attended the hearing) who states that a witness in the criminal matter attended an interview of another person and that two FBI investigators attended this interview. It is not clear when the interview took place or whether there is a current FBI investigation. Aside from lacking in foundation and relying upon hearsay, the allegation by Ms. Mallgrave is rank speculation. This is just one example.

For all the foregoing reasons, the Individual Defendants submit that the Application should be denied.  Additionally, they request that the Court impose monetary sanctions in an amount adequate to compensate them for the costs and fees associated with opposing the Application.  *See* Court's Standing Order ("Sanctions may be imposed for misuse of *ex parte* applications." (*citing Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp.488 (C.D. Cal. 1995).)

## II.    ARGUMENT

### A.    There is No Good Cause for *Ex Parte* Relief.

Lawyers appearing before this Court "must understand that filing an *ex parte* motion . . . is the forensic equivalent of standing in a crowded theater and shouting, "Fire!" *There had better be a fire*." *Charley v. Chevron USA*, No. CV 10-5063 ODW (SSX), 2010 WL 2792486, at *2 (C.D. Cal. July 13, 2010) (emphasis added), *quoting Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

OPPOSITION TO *EX PARTE* APPLICATION

There is no "fire", *i.e.*, true emergency here warranting the filing of an *ex parte* application.  Plaintiff misleadingly claims that proceedings in the past seven days in the criminal case against Defendant Naason Garcia "have crystalized Defendants' intent to seek the identity of protected witnesses during discovery in this case . . . ." (Application at 7:9-10).  True to form, Plaintiff here simply lumps together all of the "Defendants" in this case, as she has in the Complaint.  However, whatever may have happened in the criminal case and whatever "new revelations" may have appeared in that case have no bearing on the Individual Defendants, who have no part in those proceedings and have certainly done nothing at all to lead Plaintiff or this Court to conclude that their intent to seek discovery of allegedly protected information has been "crystallized."

More importantly, Plaintiff's assertion that *ex parte* relief is needed because of the imminent risk of disclosure of the allegedly protected information does not withstand scrutiny.  No such risk is created merely by timely conducting a Rule 26(f) conference of counsel, pursuant to this Court's Order.  Counsel are required to confer about numerous issues at that conference – only one of which is discovery – and Plaintiff fails to articulate the risk entailed by such a conference.

Presumably, on the specific topic of discovery, during the conference Plaintiff's counsel will assert that Plaintiff refuses to produce documents or information related to the purported confidential material.  In turn, if and when the Individual Defendants or any other defendant seeks such material, presumably the parties will then have a discovery dispute ripe for adjudication by the magistrate judge in this case.  It would truly be "putting the cart before the horse" for the Court to continue the Rule 26(f) conference based on Plaintiff's speculative assertion that there will be a discovery dispute over the allegedly protected information.

Indeed, none of these assertions or arguments are new — all of these issues are before the Court on the pending motions by the California Department of Justice (the "DOJ") and the Individual Defendants' motion to compel a Rule 26(f) conference.

OPPOSITION TO *EX PARTE* APPLICATION

All of the arguments made by Plaintiff in the Application with respect to the need for a stay have already been advanced by her in connection with those other pending motions.  Thus, there was and is no need for Plaintiff to come rushing into Court *ex parte* with a repackaged version of the arguments she has already made and the Court is already considering.  As argued at length in their briefing in opposition to the motion for a stay and in support of their motion to compel the Rule 26(f) conference, there are no grounds for a stay on discovery in this case.   By extension then, there are certainly no grounds for a continuance of the Rule 26(f) conference.

### B.    There is No Good Cause for a Continuance Under Rule 16(b)(4).

As alternative ground for a continuance, Plaintiff cites to Federal Rule of Procedure 16(b)(4), but that rule has no application here.  That rule permits a party to seek modification of a scheduling order after it has been entered and neither it nor the case law interpreting it cited by Plaintiff speaks to the issue of continuing the Rule 26(f) conference.  *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992) (addressing a "single, narrow question: when and under what circumstances may a party join an additional defendant once the district court has entered an order limiting the time for joinder"); *Cohen v. Trump*, No. 13-CV-2519-GPC (WVG), 2016 WL 2990714, at *2 (S.D. Cal. May 24, 2016) (addressing party's request to continue deadline for pretrial disclosures as dictated by scheduling order already entered).

Here, by contrast, Plaintiff does not seek relief from a deadline set forth in a scheduling order already entered but requests that the Court delay entering the scheduling order itself.  She fails to provide any authority for such a request, however.  Rule 16 states that a scheduling order "shall issue ... in no event more than 120 days after filing of the complaint," and Plaintiff provides no grounds for deviation from that rule.  Instead, she merely observes that certain motions have been filed, including a motion to stay by the California DOJ, a motion to dismiss by Defendant Rahel Garcia and a motion to strike the answer filed by Defendant Naason Garcia.

However, Plaintiff fails to explain how the disposition of Ms. Garica's motion to dismiss – which seeks to quash service of process and/or dismiss the complaint against her for lack of jurisdiction – would have any effect on the substantive claims against the Individual Defendants.    Likewise, Plaintiff fails to explain how adjudication of a motion to strike service upon Mr. Garcia on behalf of Defendant LLDM makes it unreasonable or impracticable for discovery among Plaintiff and the Individual Defendants to proceed.  Finally, the California DOJ's motion for a stay is not a basis for staying the Rule 26(f) conference.  The parties are required to meet and confer on a number of issues separate and apart from discovery, including "the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case." Fed.R.Civ.P. 26(f)(2).  Even if the Court were to stay discovery (it should not), there is no reason for the Court to stay all other proceedings, including the Rule 26(f) conference altogether.

## III.    CONCLUSION

For all of the foregoing reasons, the Application should be denied and sanctions should be imposed.

DATED: August 14, 2020                    BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Defendants Jose Hernandez,
Silverio Coronado, Aurelio Zavaleta, Uzziel
Joaquin, Jonathan Mendoza, David
Mendoza, Benjamin Joaquin and Jose Luis
Estrada

DATED:  August 14, 2020                    DAILY ALJIAN LLP

By: /s/ Reed Aljian
Reed Aljian
Attorneys for Defendants,
COMMUNICATION CENTER BEREA
U.S.A. LLC, erroneously sued as
INTERNATIONAL BEREA USA, ALMA
ELIZABETH JOAQUIN, erroneously sued
as ALMA ZAMORA DE JOAQUIN, and
ADORAIM JOSADAC JOAQUIN,
erroneously sued as ADORAIM JOAQUÍN
ZAMORA

6

# PROOF OF SERVICE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CASE NAME:** *SOCHIL MARTIN v. LA LUZ DEL MUNDO, et al.*

I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 Bayview Circle, Suite 5500, Newport Beach, California 92660. On **August 14, 2020**, I caused the foregoing document(s) to be served on:

**OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE SCHEDULING CONFERENCE (AND RELATED RULE 26(f) DISCOVERY CONFERENCE)**

on the following parties:

**SEE ATTACHED SERVICE LIST**

[X]   (BY CM/ECF ELECTRONIC FILING) I caused such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

[X]   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **August 14, 2020**, at Newport Beach, California.

_____/s/_ Courtney Dorner_____
Courtney Dorner

OPPOSITION TO *EX PARTE* APPLICATION

1
2

# SERVICE LIST

3

Deborah S. Mallgrave
4    *DMallgrave@GGTrialLaw.com*
Joshua M. Robbins
5    *JRobbins@ggtriallaw.com*
GREENBERG GROSS LLP
6    601 South Figueroa St, 30th Floor
Los Angeles, CA 90017
    *Attorneys for Plaintiff, SOCHIL MARTIN*

7
Michael G. Finnegan
8    *Mike@AndersonAdvocates.com*
Jennifer E. Stein
9    *Jennifer@AndersonAdvocates.com*
JEFF ANDERSON & ASSOCIATES
10   11812 San Vincente Blvd, #503
Los Angeles, CA 90049
11   *Attorneys for Plaintiff, SOCHIL MARTIN*

12
Alan J. Jackson
    *ajackson@werksmanjackson.com*
13   Caleb E. Mason
    *cmason@werksmanjackson.com*
14   Michael G. Freedman
    *mfreedman@werksmanjackson.com*
15   WERKSMAN JACKSON & QUINN LLP
888 W 6th St, Fourth Floor
16   Los Angeles, CA 90017
    *Attorneys for Defendant, NAASÓN JOAQUÍN GARCÍA*

17
Ethan J. Brown
18    *ethan@bnsklaw.com*
Geoffrey A. Neri
19    *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
20   11601 Wilshire Blvd., Suite 2080
    *Attorneys for Defendants, JOSE HERNANDEZ, SILVERIO
21   CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN
MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN AND JOSE LUIS
22   ESTRADA*

23   Donna M. Dean - Deputy Attorney General
    *Donna.Dean@doj.ca.gov*
24   CAAG - OFFICE OF ATTORNEY GENERAL
CALIFORNIA DEPARTMENT OF JUSTICE
25   300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
26   *Attorneys for THE PEOPLE OF THE STATE OF CALIFORNIA*

27
28

8