Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:  (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for specially appearing
Defendant Rahel Garcia

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>LA LUZ DEL MUNNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>    Defendants. | Case No.: 2:20-CV-01437-OWD (ASx)<br><br>**SPECIALLY APPEARING DEFENDANT RAHEL GARCIA'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) and 12(b)(2) FOR DEFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**<br><br>Date:  August 31, 2020<br>Time: 1:30 p.m.<br>Ctrm: 5D<br><br>Action filed:  February 12, 2020<br><br>[Concurrently filed: Evidentiary Objections to Declaration of Deborah S. Mallgrave] |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Rahel Garcia ("Garcia") has not properly been served with the complaint. Plaintiff has presented zero evidence that Garcia resides or is present at any of the locations attempted. What Plaintiff has presented, is (unverified) public records, a postal service confirmation that Garcia has a mailing address in Los Angeles, and a deed purportedly demonstrating ownership of one California property. None of this establishes that the service attempted addresses are Garcia's "dwelling" or "usual place of abode." Simply because someone has an address on public records, or receives mail at an address, does not mean that the person cannot reside elsewhere.

In addition to Plaintiff's speculation as to Garcia's residence, Plaintiff relies on evidence that should be given no weight. The lexis records state that they are "for informational purposes only" (Dkt. 84-3 at 3) or that "the Public Records and commercially available data sources used on reports have errors," "[d]ata is sometimes entered poorly, processed incorrectly and is generally not free from defect[,]" and that "[t]his system should not be relied upon as definitively accurate." (Dkt. 84-7 at 5.) Even if you ignore the fact that Plaintiff cannot authenticate these documents, the documents themselves state that they cannot be relied upon.

Further ignoring the evidentiary problems Plaintiff has, Plaintiff cannot establish that her attempts at sub-service were proper. Under Fed.R.Civ.P. 4(e)(2)(B), if a summons is not personally served but rather left with another individual at the defendant's residence, that other individual also *must be a resident of that address.* Plaintiff's process server did not ask if the person he gave the summons and complaint to resided there. The only evidence produced shows that he does not. Plaintiff's attempts at subservice fail.

The Court does not have jurisdiction over Garcia without her being properly served. But even if so, neither general, nor specific, nor RICO jurisdiction would be proper. As to general jurisdiction, Plaintiff's unreliable evidence at best establishes

that Garcia may own a property in Los Angeles. Her arguments as to conducting business fail because the corporation Plaintiff refers to is an FTB suspended business. For specific jurisdiction, the one factual paragraph in the complaint (aside from Plaintiff's belief as to Garcia's residency and citizenship) is insufficient. Plaintiff has only alleged that Garcia ordered her to travel to Big Bear and that Garcia told her not to contradict orders of the "royal" apostolic family. To exercise specific jurisdiction based on non-actionable allegations is unreasonable. Finally, as to RICO jurisdiction, Plaintiff first must produce evidence that no other district could properly exercise personal jurisdiction over all Defendants. She has not and RICO jurisdiction here is also improper.

Finally, Plaintiff requests that the Court permit discovery when (1) the Court has no jurisdiction over Garcia until she is served; and (2) Plaintiff has refused to engage in discovery throughout this case and agreed to the DOJ's request to stay it. Now that it favors her, Plaintiff changes course and asks the Court to permit her to conduct discovery.

Plaintiff's opposition has failed to overcome the shortcomings of her attempts at service and her shortcomings in the allegations. Defendant Garcia requests the Court quash service of the Complaint and dismiss her from this proceeding.

## II.  ARGUMENT

### A.  Defendant Garcia has not been properly served

Plaintiff has not personally served Garcia. The only argument presented is that Garcia was properly sub-served, but plaintiff has not established either requirement necessary.

> *a.  Plaintiff's opposition demonstrates that neither of the addresses attempted are Garcia's "dwelling house" or "usual place of abode"*

Plaintiff speculates as to whether the addresses she attempted to serve Garcia at were Garcia's primary residence demonstrating that she simply does not know. "A

person can have more than one "dwelling house" so long as there is sufficient indicia that he or she is living at the residence at the time service is effected. *U.S. v. Rose* (S.D. Cal. 2006) 437 F.Supp.2d 1166, 1172 (citation omitted). "The language 'dwelling house or usual place of abode' in Rule 4(e)(2) is taken directly from the former Equity Rule 13. Despite the length of time these words have been a part of federal practice, the judicial decisions do not make clear precisely what they mean and the facts of a particular case often prove to be crucial. Indeed, because of today's environment of global travel, job mobility, and multiple residences, the meaning of the phrase has been blurred even further. The majority of cases interpreting the words in the context of determining the validity of service of process appear to have focused on their literal meaning. *Agricola ABC, S.A. de C.V. v. Chiquita Fresh North America, LLC* (S.D. Cal., July 28, 2010, No. 10CV772-IEG(NLS)) 2010 WL 2985500, at *4 (citing Wright and Miller, 4A Fed. Prac. & Proc. Civ. § 1906 (3d ed.). Scrutinizing Plaintiff's "evidence" demonstrates without question that she has not properly served Garcia.

Plaintiff argues in her opposition that an address she attempted to serve Garcia at, is Garcia's "primary residence" (Opp. at 5:7). There is nothing to establish this. Plaintiff's argument, in a more direct sense, is that if an individual has some connection to an address at one point in time, that each one of those locations must be the "primary" residence. While a party can have multiple addresses under Fed.R.Civ.P. 4, Plaintiff has not established a proper address for service on Garcia.

At best, Plaintiff has presented unauthenticated evidence that Garcia receives mail at 308 N. Arizona Ave., Los Angeles, CA 90022. (Dkt. 84-5, p. 3.) Plaintiff's other "evidence" in public records shows that other individuals are "household members" of that address (Dkt. 84-3, p. 6), and that Garcia is not the owner of the property. (Dkt. 84-17.) Plaintiff argues that because she thinks all of Garcia's children have at some point had some connection to that address, that it must be Garcia's primary residence. That also ignores that the total 58 other people (or aliases) or businesses have also had some connection to the residence, with most having no

connection to Garcia. (Dkt. 84-7, p. 4.)

The same is true for Plaintiff's belief as to Garcia's "declared place of business." (Opp. at 5:8.) Since Garcia is listed as an executive to a company, that is the only place that she could be physically present? If Garcia was CEO of 50 companies and conducted business through them remotely, only visiting the location if needed, would that still count as a location for proper service? Plaintiff must serve Garcia according to the Rules of Civil Procedure and she has not.

In addition to those defeating facts, Plaintiff has not personally served Garcia at those locations. Plaintiff has not served Garcia personally anywhere. The only argument Plaintiff does make for proper service is via sub-service and that fails as well as indicated below.

> b. *Plaintiff cannot establish proper sub-service because no evidence is presented that the individual sub-served resided at the address attempted*

To properly sub-serve an individual, the person the papers are left with must reside at the same address and no evidence of that fact exists here. "Where substitute service is used, the person with whom the summons is left must also be a resident of the "usual place of abode." *U.S. v. Rose* (S.D. Cal. 2006) 437 F.Supp.2d 1166, 1172 (citing *DeFazio v. Wright,* 229 F.Supp. 111, 113 (D.N.J.1964) (delivery of summons to husband did not constitute valid service upon wife and daughter who were not living with him at the time)); *see also* Fed.R.Civ.P. 4(e)(2)(B) [an individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion *who resides there*[.]" (emphasis added).] There is no proof that Plaintiff provided a copy of the summons and complaint with someone who resides at 118 N. Arizona Ave. The only evidence is that the individual does not reside there.

In support of her argument that Garcia has been properly sub-served, Plaintiff submits a declaration from a process server that claims someone at the address went

1    to see if Garcia was present, and then that a second individual never said that Garcia

2    did not live there. (Dkt. 84-20.) The process server then left the summons and

3    complaint with the second individual. (*Id*.) While the process server left the

4    documents, he does not state whether he asked the man for his name, or whether he

5    asked the man where he lived. (*Id*.) In addition to Garcia's evidence contradicting the

6    process server's claims that the man did not deny Garcia living at that address (Dkt.

7    82-2, ¶ 3), that man also declares that he was visiting there because he is a minister at

8    a church in San Francisco. (*Id*., ¶ 2.) There simply is no evidence that Garcia has been

9    properly sub-served at the 118 N. Arizona Ave. address.

10        Additionally, Plaintiff attempts to confuse the issues and evidence because

11    Plaintiff has presented no evidence of Garcia residing at 118 N. Arizona Ave. The

12    only "evidence" that Plaintiff has presented is for 308 N. Arizona Ave. and 139 Milta

13    Lane, Kissimmee, FL. Thus, Plaintiff's argument for subservice fails on two separate

14    grounds: (1) no evidence establishes that Garcia's "dwelling house" or 'usual place of

15    abode" is the 118 N. Arizona Ave. address; and (2) the only evidence presented as to

16    the individual sub-served demonstrates that he was not a resident of that address.

17        Accordingly, Plaintiff has failed to properly serve Garcia and the motion to

18    quash or dismiss should be granted.

19        **B.    Garcia's contacts are insufficient to establish personal jurisdiction**

20        While the Court cannot exercise personal jurisdiction over Garcia until she has

21    been properly served with the complaint, even if she were, no grounds support the

22    exercise regardless. "Before a federal court may exercise personal jurisdiction over a

23    defendant, the procedural requirement of service of summons must be satisfied." *In*

24    *re Focus Media Inc.* (9th Cir. 2004) 387 F.3d 1077, 1081 (citing *Omni Capital Int'l*

25    *Ltd. V. Rudolf Wolff & Co.,* (1987) 484 U.S. 97, 104. "[S]ervice of process is the

26    means by which a court asserts its jurisdiction over the person." *S.E.C. v. Ross* (9th

27    Cir. 2007) 504 F.3d 1130, 1138. Plaintiff's arguments for general, specific, and

28    RICO jurisdiction fail.

### a. Plaintiff's "evidence" is insufficient to establish general personal jurisdiction

Plaintiff's unauthenticated evidence is insufficient to tip the scales in her favor to establish that Garcia's purported contacts with California are "substantial" or "continuous and systematic." "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.* (2000) 223 F.3d 1082, 1086. "In analyzing the defendant's activities, we must focus upon 'economic reality' rather than a mechanical checklist." *Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica* (1980) 614 F.2d 1247, 1254.

Here, the only potential evidence that Plaintiff has provided is an unauthenticated deed for ownership of a Los Angeles property, a letter from the U.S. Postal service that Garcia receives mail at a different Los Angeles property, and the fact that Garcia is listed as the CEO of a California company.

First, Plaintiff's evidence is insufficient to establish Garcia's ownership of the property. Plaintiff cannot authenticate the document nor demonstrate the record is the most recent ownership for the property. Without being able to do so, the Court cannot rely on that "evidence" for the fact that Garcia owns that property.

Second, while Plaintiff puts a lot of weight into the fact that the U.S. Postal Service confirmed Garcia receives mail at 308 N. Arizona Ave., that also does not mean that she is sufficiently present there to exercise personal jurisdiction. Plaintiff ignores that she argues Garcia's owns 108 N. Dangler Ave. but receives mail at 308 N. Arizona Ave., creating an inherent conflict as to whether Garcia is physical present at either of those addresses.

Finally, Plaintiff fails to inform the Court that the corporation Garcia purportedly is a CEO of – Fundacion Eva Garcia De Joaquin – is currently an FTB suspended corporation. (*See* https://businesssearch.sos.ca.gov/CBS/Detail, accessed on August 17, 2020.) While a corporation is required to submit a statement of

information annually, the last filing that Fundacion Eva Garcia De Joaquin made was in January 2013 and that is the document that Plaintiff submitted.

As with her arguments for proper service, Plaintiff wants the Court to jump to conclusions for the exercise of general jurisdiction. The Court should not do so.

>    b.  *Plaintiff's argument for specific jurisdiction also fails because the one scant allegation regarding Garcia makes it unreasonable for the Court to exercise jurisdiction*

It is unreasonable for the Court to exercise specific jurisdiction over Garcia when Plaintiff can only allege one purported act and has made no allegations for any cause of action against Garcia. To establish specific jurisdiction, a plaintiff must demonstrate  that: (1) The non-resident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the protections and benefits of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir. 1986).

First, as with Plaintiff's claims for general jurisdiction, Plaintiff's claims for specific jurisdiction as to purposeful availment fail. Second, Plaintiff's *one allegation* against Garcia makes it unreasonable for the Court to subject her to jurisdiction. Plaintiff has only alleged that Garcia "ordered [Plaintiff]…to travel to an event in Big Bear, California to perform erotic dancers for Samuel in revealing clothing," that "'Princess' Rahel served for many years as Samuel's primary groomer," and that "Rahel would explain to the young Ms. Martin that LDM members could not contradict the Princess or any member of the 'royal' apostolic family, for their orders were the orders of God." (Complaint ¶ 90.) While Plaintiff has alleged this one paragraph regarding Garcia, *Garcia is not named personally in any cause of action.* Plaintiff merely groups Garcia in as "all defendants" in her causes of action for

conspiracy, benefiting from trafficking, unpaid labor, and RICO. Essentially, Plaintiff argues that because Garcia ordered Plaintiff (from some unidentified location) to (voluntarily) travel somewhere and explained that she could not contradict her or other members of the "royal" apostolic family, that those facts subject Garcia to specific jurisdiction for claims for conspiracy, benefitting from trafficking, unpaid labor, and RICO.

Essentially, Plaintiff is arguing that because Garcia told Plaintiff two things, that in and of themselves impose no liability on Garcia, she is liable for the actions of the other defendants by virtue of being grouped together. This is unreasonable to exercise specific jurisdiction and contrary to the law. "Allegations concerning one conspirator cannot subject his accomplices to personal jurisdiction as well, absent specific allegations that each of the conspirators aimed their jurisdictionally relevant conduct at the forum. *In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670 JLS (MDD), 2020 WL 2747115 (S.D.Cal. May 26, 2020), at *6.

Accordingly, Plaintiff's claims are insufficient to subject Garcia to specific jurisdiction.

> c. *Plaintiff has provided no evidence that no other district could exercise personal jurisdiction over all other Defendants which defeats her argument for RICO jurisdiction over Garcia*

Plaintiff is required to produce evidence that no other district would be available for jurisdiction of this purported RICO claim and cannot invoke RICO jurisdiction until she has done so. "To take advantage of nationwide service under RICO, however, a plaintiff must adduce evidence that there is no other district in the United States that would have personal jurisdiction over all of the other alleged co-conspirators." *Barantsevich v. VTB Bank* (C.D. Cal. 2013) 954 F.Supp.2d 972, 989. Here, Plaintiff admits that her allegations "encompass[] multiple districts" but has produced no evidence that those districts would not have personal jurisdiction over all the Defendants.

Accordingly, Plaintiff's claims for RICO jurisdiction also fail.

**C.      Plaintiff cannot take discovery without jurisdiction over a party and, worse, Plaintiff has deliberately refused to participate in discovery, has agreed to stay discovery, and she should not be permitted to reverse positions now that it benefits her**

There is no jurisdiction to order discovery over Garcia and Plaintiff should not be permitted to change positions now. "[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *S.E.C. v. Ross* (9th Cir. 2007) 504 F.3d 1130, 1138. Here, Plaintiff believes that even before Garcia is subject to the Court's jurisdiction, that she can be ordered to engage in discovery. This is illogical and incorrect.

Furthermore, until now, Plaintiff has refused to participate in discovery. First, Plaintiff refused to participate in a Rule 26 conference so that the parties could start discovery. That prompted Defendants to file a motion to request the Court order her to do so. (Dkt. 49.)

More importantly, when the DOJ moved to intervene in this case and stay discovery, Plaintiff agreed to that request. (Dkt. 50-1, at 18:2-6). When it favors Plaintiff, she wants to participate in discovery. When it does not favor her case, she refuses to. The Court should not permit her to engage in such gamesmanship.

Accordingly, either because the Court does not have jurisdiction to order Garcia to participate in discovery because she has not been served, or because Plaintiff has maintained that no discovery should occur in this case until now, the Court should deny Plaintiff's request.

## III. <u>CONCLUSION</u>

Plaintiff has not served Defendant Garcia, either personally or by sub-service. Instead, Plaintiff presents various unauthenticated pieces of "evidence" and tells a story of nefarious beliefs and speculation as a national conspiracy to ask the Court to disregard the rules of civil procedure.

Plaintiff's arguments as to general, specific, and RICO jurisdiction also fail. It is clear from her complaint that she has no real allegations against Defendant Garcia. This is unreasonable and the Court should dismiss Garcia from this case.

Finally, without jurisdiction there is no authority for a court to order a party to participate in discovery. Plaintiff should also be denied this request because she has refused to participate in discovery until now when it could benefit her.

Dated: August 17, 2020                    BROWN NERI SMITH & KHAN, LLP

By:   /s/ Geoffrey A. Neri
        Geoffrey A. Neri

*Attorneys for specially appearing Defendant, Rahel Garcia*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 17, 2020.

DATED: August 17, 2020

BROWN, NERI, SMITH & KHAN LLP

By: ___/s/ Ethan J. Brown_____
Ethan J. Brown