Alan Jackson (SBN 173647)
ajackson@werksmanjackson.com
Caleb Mason (SBN 246653)
cmason@werksmanjackson.com
WERKSMAN, JACKSON & QUINN LLP
888 W. 6th St. 4th Floor
Los Angeles, California 90017
Telephone:  (213) 688-04600
Facsimile:   (213) 624-1942

Attorneys for Defendant
NAASON JOAQUIN GARCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>　　　　Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SERVICE UPON DEFENDANT NAASON JOAQUIN GARCIA ON BEHALF OF DEFENDANT LA LUZ DEL MUNDO AND FOR DISMISSAL OF DEFENDANT LA LUZ DEL MUNDO**<br><br>Complaint Filed:   February 12, 2020<br>Trial Date:　　　None Set<br><br>[Filed herewith: Declarations of Caleb Mason and Reed Aljian; Proposed Order]<br><br>District Judge:　　Otis D. Wright, II<br>Courtroom:　　　5D, 5th Floor<br>Magistrate Judge:  Alka Sagar<br>Courtroom:　　　540, 5th Floor<br><br>DATE: SEP. 21, 2020<br>TIME:  1:30 p.m.<br>CTRM: 5D |

**To the Court and All Parties and Attorneys of Record**:

PLEASE TAKE NOTICE that on September 21, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Department 5D of the above-entitled Court, located at 350 W. First St., Los Angeles, California, 90012, Defendant Naason Garcia will and hereby does move this Court for an order quashing service made upon him as an individual, purportedly on behalf of "La Luz Del Mundo, an unincorporated association."

This Motion is brought following conference of the parties pursuant to Local Rule 7-3, which was held on July 27, 2020. The Motion is brought under Federal Rule of Civil Procedure 12(b)(5) on the grounds that La Luz Del Mundo is a religious denomination, not a legally cognizable entity. Under tests articulated in persuasive authority in similar cases, a religion is not a jural entity and is not capable of suing or being sued. Additionally, Plaintiff has failed to define, circumscribe, or specify who or what she contends comprises the membership of putative defendant La Luz Del Mundo, while asserting at the same time that her goal is obtain a judgment against "La Luz Del Mundo," and then proceed, in as many different jurisdictions as she can, to attempt to use that judgment to collect assets of as many entities, churches, individuals, and organizations as she can, that she did not sue, and that had no notice of this lawsuit, on the theory that they are "part of La Luz Del Mundo." Such a result would be fundamentally unfair.

Additionally, Federal Rules of Civil Procedure 4(h) and 17(b) contemplate reference to governing state law on the issue of alleged service on a purported unincorporated association. Here, the relevant state law, Corporations Code sections 18000-18420, do not support a conclusion that La Luz Del Mundo is an unincorporated association capable of being sued.

This motion is based on this Notice of Motion, the concurrently filed Memorandum of Points and Authorities and Declarations of Caleb Mason and Reed

Aljian, the files and records of this case, any oral argument, and any other matters as the Court deems just and necessary.

Dated: August 19, 2020        Respectfully submitted,

                     WERKSMAN JACKSON & QUINN, LLP

By:  /s/ Caleb E. Mason
     ALAN JACKSON
     CALEB MASON
     Attorneys for Defendant Naason Joaquin-Garcia

# TABLE OF CONTENTS

**PAGE(S)**

I. INTRODUCTION ................................................................................................ 1

II. BRIEF FACTUAL BACKGROUND ................................................................ 3

    A. Plaintiff's Representations During the Local Rule 7-3 Conference ................................................................................................. 5

III. ARGUMENT ...................................................................................................... 8

    A. LLDM Is a Religion, Not a Cognizable Legal Entity, and It Lacks Capacity to Sue or Be Sued ................................................................. 8

        1. *Benn v. Seventh-Day Adventist Church*: "A Religion, Not A Cognizable Legal Entity" ........................................................................ 9

        2. *Barr v. United Methodist Church*: *If* An Entity Engages In Legal Acts, *Then* It Can Be Sued ......................................... 11

        3. *Banks.com*: A Plaintiff Suing A Putative Unincorporated Association Has the Burden of Specifying the Membership ....................................................................................... 12

        4. Under California Corporations Code §§ 18000-18420, La Luz Del Mundo Cannot Reasonably Be Deemed an Unincorporated Association ............................................... 13

    B. At A Minimum, Amendment Is Warranted to Provide a More Definite Statement of the Alleged LLDM Defendant ....................................... 14

IV. CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Associated Students of University of California at Riverside v. Kleindienst,*
    60 F.R.D. 65, (C.D. Cal. 1973) .................................................................... 8

*Banks.com, Inc. v. Keery,*
    2010 WL 727973, 09-cv-6039-WHA (N.D. Cal. 2010) ............................ 11

*Barr v. United Methodist Church,*
    90 Cal. App.3d 259 (1979) ............................................................... 9, 10, 11

*Benn v. Seventh-Day Adventist Church,*
    304 F.Supp.2d 716 (2004) ....................................................................... 9, 10

*Benn v. Seventh-Day Adventist Church,*
    8:03-cv-0330-JFM ......................................................................................... 9

*Gen. Conference Corp. of Seventh-Day Adventists v. McGill,*
    617 F.3d 402, 414 (6th Cir. 2010) .............................................................. 10

*Sagan v. Apple Computer, Inc.,*
    874 F.Supp. 1072, 1077 (C.D. Cal. 1994) .................................................. 14

*Sierra Assoc. for Env't v. F.E.R.C.,*
    744 F.2d 661 (9th Cir. 1984) ........................................................................ 8

## STATUTES

Cal. Corp. Code §18000 ff ................................................................................ 13
Fed. R. Civ. P. 4 ........................................................................................... 8, 13
Fed. R. Civ. P. 12 .............................................................................................. 14
Fed. R. Civ. P. 17 ................................................................................................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Naason Joaquin Garcia ("Mr. Garcia") moves to quash service of summons and complaint upon that was served upon him on behalf of putative defendant La Luz Del Mundo ("LLDM") and to dismiss LLDM as a party to this case. Plaintiff served Mr. Garcia on behalf of LLDM based on the contention that LLDM is a legally cognizable unincorporated association with capacity to be sued and that service on Mr. Garcia constituted service on LLDM. That contention is incorrect. LLDM is a *religion*, not a legally cognizable jural entity. It does not have the capacity to sue or be sued.

Even assuming LLDM has capacity to be sued as an unincorporated association (it does not), Plaintiff has failed to adequately plead the existence of an unincorporated association. To properly name an unincorporated association, the Plaintiff must identify the members of the alleged association, specify the common purpose of the alleged association, and explain why fairness requires that the alleged association be recognized, including why service on individuals or recognized jural or incorporated entities is not feasible. Plaintiff has not satisfied this burden. The Complaint does not identify the alleged members of this alleged association. Instead, it makes confusing and contradictory allegations about the geographical scope of the alleged entity and the alleged members that make up the alleged association. The Complaint claims LLDM is "a global religious institution" "headquartered in Guadalajara, Mexico," [Dkt. No. 1, ¶¶2, 14] "a religious institution in the United States, with affiliates operating in more than fifty countries worldwide", including a "Mexican counterpart," [Dkt. No. 1, ¶¶14, 18], and also a group of "fifty locations in the state of California." [Dkt. No. 1, ¶14]. The Complaint does not explain whether the members include all "LLDM locations," the headquarters in Mexico, the "fifty locations in California," the "various members of LDM's senior leadership." The

Complaint does not explain whether the members include the "over 5 million [individuals practicing the faith] in 58 nations on 5 continents…." [Dkt. No. 1, ¶2.] At the parties' Rule 7-3 conference regarding this motion, defense counsel asked Plaintiff's counsel to describe who or what she believes she is suing under the name of "LLDM," Plaintiff's counsel replied in sum and substance: "No, it's just an organization, I can't describe it any further, but Naason is its head." Declaration of Caleb Mason ("Mason Decl.") ¶ 7.[1] Defense counsel asked who Plaintiff contended would be liable under a judgment against "LLDM." Plaintiff's counsel replied: "We'll get our judgment and we'll take it around and we'll find out." *Id*. Defense counsel asked if that meant Plaintiff planned to attempt to enforce any potential judgment against "LLDM" against the assets of individual LLDM churches. *Id*. Plaintiff's counsel replied, "If those are LDM[2] assets, then yes." Defense counsel asked which ones. *Id*. Plaintiff's counsel replied: "Whichever ones are part of LDM." *Id*. Defense counsel pointed out that Plaintiff is not suing any individual churches. *Id*. Plaintiff's counsel agreed she was not. Plaintiff's counsel asked if Plaintiff contended if she got a judgment against "LLDM" she contemplated attempting enforcement efforts against individuals or churches or other entities in other jurisdictions that she did not sue. Plaintiff's counsel replied: "If they are assets of LDM, then yes." *Id*.

Plaintiff's deliberate vagueness about who she contends she is suing under the heading of "LLDM" renders her asserted claims against "LLDM" deficient. important because due process requires that the members of an alleged unincorporated be on notice of alleged claims against them. Plaintiff is open about her strategy: she seeks a judgment against "LLDM," without any specification of

---

[1] The Mason Declaration sets out the relevant colloquy among the parties on this issue in sum and substance, as closely to verbatim as counsel can recall. Mason Decl. ¶ 7. All references to that colloquy herein are to Paragraph 7 of the Mason Declaration.

[2] Plaintiff's counsel used the abbreviation "LDM" rather than "LLDM."

what that "unincorporated association" is, so that she can then go from jurisdiction to jurisdiction around the United States and attempt to collect on the assets of churches or individuals who are not part of this litigation, were not sued, and had no notice of any potential claims against them, on the theory that each of those individuals or churches is "part of LLDM."

Suing an undefined entity while refusing to provide any specification of its alleged membership is fundamentally unfair; and Plaintiff has provided no explanation at all as to why fairness dictates LLDM be recognized as a legal entity. On the contrary, Plaintiff is candid about her strategy: sue "LLDM" with no specifications at all on what the alleged membership is, and then, if she gets a judgment, seek to use it as a nationwide ATM machine by attempting collections at every LLDM church in the country.

That strategy is just as inappropriate with LLDM as it would be with "Catholicism." A person alleging sexual abuse by a priest could not, consistent with Due Process, sue "Catholicism," get a judgment, and then travel the country seeking to seize the assets of whatever dioceses they chose, on the theory that they are "part of Catholicism." When defense counsel presented Plaintiff's counsel with this analogy, Plaintiff's counsel responded by denying that LLDM was a religion at all; she said: "I'm not suing a religion. I realize it claims to be a religion." Mason Decl. ¶ 5.

This Court should quash service against purported defendant "La Luz Del Mundo." At a minimum, an Order requiring Plaintiff to amend to provide a more definite statement of the alleged entity is warranted.

## II. BRIEF FACTUAL BACKGROUND

On February 12, 2020, Plaintiff filed the Complaint naming LLDM as a defendant. [Dkt. No. 1.] It is undisputed that there is no corporate entity named "La Luz Del Mundo," and there is no agent for service of process for "La Luz Del

3

MOTION TO QUASH SERVICE AND/OR DISMISS

Mundo." Plaintiff contends that "La Luz Del Mundo" is an "unincorporated association" which can be sued. Mr. Garcia—who was served papers purportedly on behalf of La Luz Del Mundo—contends that "La Luz Del Mundo" is the name of religion, just as "Judaism" and "Catholicism" are the names of religions, and that it is not a cognizable legal entity that can be sued.

On June 15, 2020, after the deadline to serve LLDM had lapsed, Plaintiff filed a motion with the Court asking for additional time to serve LLDM. [Dkt. No. 53.] In support of that motion, Plaintiff filed a declaration explaining its difficulties satisfying service. [Dkt. No. 53-1.] Plaintiff noticed the motion for July 13, 2020. Thereafter, the parties had discussions about the date of the hearing. Declaration of Caleb Mason ("Mason Decl.") ¶ 2. Plaintiff agreed to continue the hearing two weeks. *Id*. On June 24, 2020, Plaintiff's counsel filed an amended notice of motion continuing the hearing to August 3, 2020. [Dkt. No. 63.] Based on this hearing date, opposition papers would be due on July 13, 2020.

The same day as Plaintiff's filing, the parties received an ECF notice titled "Notice of Filer Deficiencies" regarding the amended notice of motion, which stated, in relevant part, "Filer attempted to Continue hearing…from July 13 to August 3 1:30 PM. Filer should file proper formatted document seeking continuance, to which a separate formal proposed order should be submitted as an attachment thereto." [Dkt. No. 64.] On June 26, 2020, defense counsel Reed Aljian asked Plaintiff's counsel, by email, whether she intended to take further action in response to the Notice. Plaintiff's counsel responded by email to all defense counsel that the Court had "accepted the filing as is, and told us we didn't need to refile." Mason Decl. ¶ 3.

On June 29, 2020, the Court granted Plaintiff's motion. [Dkt. No. 65.] It is presumed that the Court's Order was only intended to give Plaintiff more time to serve LLDM in light of the COVID-19 pandemic and that it was not intended to decide the substantive issue whether LLDM is a proper defendant and/or a party with

capacity to sue or be sued.  On or about July 15, 2020, Plaintiff served the Complaint on Naason Joaquin-Garcia, purportedly on behalf of "La Luz Del Mundo."  Mason Decl. ¶ 4.

### A. Plaintiff's Representations During the Local Rule 7-3 Conference.

On July 27, 2020, Plaintiff's counsel and counsel for all defendants held a teleconference regarding this motion. Mason Decl., ¶ 4. On that call, defense counsel explained that La Luz Del Mundo is the name of a religion, not a corporation or other jural entity.  Defense counsel asked Plaintiff's counsel if she had any documentation suggesting that there was any legal entity called "La Luz Del Mundo" that had ever engaged in any kind of legal act, e.g., buying or selling property, signing a contract, etc.  Plaintiff's counsel confirmed that she had never seen any such documentation and had no evidence that an entity called "La Luz Del Mundo" had ever engaged in any type of legal act.  Defense counsel then asked Plaintiff's counsel if she could answer the question: "Who do you contend you are suing?"  Plaintiff's counsel declined to give any specification or answer the question other than to repeat: "It's an organization and Naason is its head." Defense counsel posed a number of questions about who or what Plaintiff contended was the membership, scope, or other characteristics of the entity Plaintiff believes she is suing under the hearing "La Luz Del Mundo."  The colloquy went, in sum and substance, as follows:

Q: Who do you contend you are suing under the heading "LLDM"?

A: La Luz Del Mundo.

Q: What do you contend LLDM is?

A: An organization.

Q: Can you be any more specific?

A: No.

Q: Do you claim it's a worldwide organization?

A: Yes.

Q: Do you claim it has its headquarters in Guadalajara?

A: Yes.

Q: Have you made any efforts to serve the organization in Guadalajara? No.

Q: Can you identify who you contend are the members of LLDM?

A: No, it's just an organization, I can't describe it any further. But Naason is its head.

Q: What do you claim he's the head of? LDM.

Q: Are you saying it's an association that doesn't have any official organization, or is it an organization with headquarters in Guadalajara?

A: I don't know, it's not clear, but there's enough to say that it's one organization.

Q: Have you ever seen any document of any kind, like an insurance policy, contract, any kind of state or corporate registration, property ownership, in the name of "La Luz Del Mundo."

A: No.

Q: If you were to receive a judgment against the defendant named as La Luz Del Mundo, what do you plan to do with it?

A: We'll get our judgment and we'll take it around and we'll find out.

Q: Do you mean that you are seeking a judgment that you will attempt to enforce against individual LLDM churches in different jurisdictions?

A: If those are LDM assets, then yes.

Q: Which ones?

A: Whichever ones are part of LLDM.

Q: And do you contend that every LLDM church and every LLDM member is "part of LLDM"?

A: Yes.

6

MOTION TO QUASH SERVICE AND/OR DISMISS

> Q: So if you got a judgment against "LLDM," you would contemplate attempting to seize the assets of individual churches, or individuals, who are not part of this lawsuit?
>
> A: If they are assets of LDM, then yes.
>
> Q: But you're not suing the individual churches, right?
>
> A: Correct.
>
> Q: Would you agree that it would be improper to sue "Catholicism" and then seek to collect from whatever diocese you choose, anywhere in the country?
>
> A: That's totally different. I'm not getting into it.
>
> Q: Different in what way?
>
> A: I'm not suing a religion. I do not agree Catholicism is a fair comparison.
>
> Q: Don't you agree that LLDM is a religion?
>
> A: I realize it claims to be a religion.
>
> Q: Have you ever seen a lawsuit brought against "Catholicism"?
>
> A: I'm not getting into that.
>
> Q: Are you able to explain what difference there is, in your view, between suing "Catholicism" and suing "LLDM"?
>
> A: I'm not getting into it. It's not my burden to explain anything to you.
>
> Q: It is your burden, isn't it, given that you are claiming that "LLDM" is a proper party, that it is a jural entity that can be sued, and that you properly served it by delivering the complaint package to Mr. Garcia?
>
> A: I'm not getting into it.

Mason Decl. ¶ 7.

Following the conference, the parties agreed in writing to extend the deadline for Mr. Garcia's motion to quash service to August 19, 2020. Mason Decl. ¶ 8.

## III. ARGUMENT

### A. LLDM Is a Religion, Not a Cognizable Legal Entity, and It Lacks Capacity to Sue or Be Sued.

Plaintiff named La Luz Del Mundo as a defendant in its alleged capacity as an unincorporated association. Plaintiff attempted to serve Defendant on behalf of that alleged unincorporated entity. Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure governs service of process upon alleged unincorporated associations. It states that such associations, if subject to suit, must be served pursuant to the law of the state in which the district court is located or of the state in which service is made. Fed.Rule.Civ.Proc. 4(h)(1)(A). LLDM is not an unincorporated association and does not have Article III standing to be sued. Therefore, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant requests that LLDM be dismissed.

Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, issues regarding the capacity of an alleged unincorporated association to be sued are determined by the law of the state in which the district court is located as to state-law claims, and federal law as to federal-law claims. Fed. R. Civ. P. 17(b)(3); *Sierra Assoc. for Env't v. F.E.R.C.*, 744 F.2d 661, 662 (9th Cir. 1984).

Here, Plaintiff asserts claims against LLDM under both California and federal law. California law provides that an unincorporated association is defined as "a group of two or more persons joined by mutual consent for a common lawful purpose, whether organized for profit or not." Cal. Corp. Code §18035(a). Federal law provides that an unincorporated association is a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common enterprise or prosecuting a common objective. *Associated Students of University of California at Riverside v. Kleindienst* 60 F.R.D. 65, 67 (C.D. Cal. 1973).

Under either standard, the Court must make a determination as to whether La Luz Del Mundo, a religious denomination, which is not an incorporated entity and

has never engaged in any legal act, is a cognizable jural entity that can be sued. There are very few cases offering significant guidance on this point. The two cases most closely on point are *Barr v. United Methodist Church*, 90 Cal. App.3d 259 (1979), and *Benn v. Seventh-Day Adventist Church*, 304 F.Supp.2d 716 (2004). Both those cases support a simple, common-sense proposition: a "jural entity"—an entity that has a definite and cognizable legal existence, manifested in identified legal actions undertaken by the entity in its own name—may be sued; a *religion* is *not* a jural entity and may not be sued.

### 1. *Benn v. Seventh-Day Adventist Church*: "A Religion, Not A Cognizable Legal Entity"

In *Benn*, the plaintiff sued the Seventh-Day Adventist Church ("Adventist Church"), after he suffered injuries while on a church retreat, and contending, as Plaintiff does here, that the Adventist Church was subject to suit as an unincorporated association. *Benn v. Seventh-Day Adventist Church*, 8:03-cv-0330-JFM, ECF Doc. 69 (Plaintiff's Motion to Amend Complaint, asserting that "the Seventh-Day Adventist Church, an unincorporated association" is a "proper party"—the assertion rejected by the Court in *Benn*, 304 F. Supp.2d ).  The court rejected that contention, holding that a "religion" is not a jural entity that can be sued. *Benn*, 304 F. Supp.2d at 721 ("the Seventh-Day Adventist Church is a religion, not a cognizable legal entity"); *id*. at 723 ("the Church is not a jural entity at all."). The court dismissed the complaint. *Id*. at 726.

The court noted that there existed cognizable legal entities that the plaintiff could sue, including the religious college he had been attending, or the "General Conference," which was an organized and defined governing body for the Adventist Church, and had a clearly defined membership, structure, scope, and legal existence. The court noted further that the General Conference had various operational units, including member churches, missions, schools, and other organizations. But none of

those had been sued. The court opined that the plaintiff was strategically attempting to "create [diversity jurisdiction] out of thin air," by naming the undefined putative "Seventh-Day Adventist Church" defendant, as opposed to the cognizable entity defendants, which would have destroyed diversity. *Id*. at 721-23.[3] Because the putative "Seventh-Day Adventist Church" defendant was not a jural entity and could not be sued, and the cognizable legal entities that could potentially be sued were non-diverse from the plaintiff, the court dismissed the case. *Id*. at 725-26.

The *Benn* holding—that a religion cannot be sued because it is not a jural entity—was later endorsed by the Sixth Circuit in a later case brought by the cognizable jural entity, the General Conference:

> The dispositive points in that case were that "Seventh-day Adventist Church" was not a jural entity and that the intended defendant, the unincorporated General Conference, was not diverse from the plaintiff.

*Gen. Conference Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 414 (6th Cir. 2010).[4]

### 2. *Barr v. United Methodist Church*: *If* An Entity Engages In Legal Acts, *Then* It Can Be Sued

In *Barr*, residents of church-affiliated retirement homes sued several defendants, including regional church organizations and, relevant here, the United

---

[3] In this case, as well, there are cognizable legal entities that have capacity to be sued, which Plaintiff has identified in the Complaint, including various congregations in California that have incorporated (including her own prior congregation). Plaintiff has deliberately chosen *not* to sue any of these entities. Rather, as Plaintiff's counsel suggested at the Rule 7-3 conference, Plaintiff's goal is to get a judgment against "LLDM" without ever specifying what that term entails, and then take that judgment from jurisdiction to jurisdiction around the country, trying to collect assets from entities, churches, congregations, or individuals that were never sued in or given notice of this lawsuit.

[4] In the *McGill* case, the General Conference sued an individual who started a "splinter" church and used the name "Seventh-Day Adventist," which the General Conference claimed was their trademark. The defendant argued that "Seventh-Day Adventist" could not be trademarked, because, under *Benn*, it referred to a "religion." The Sixth Circuit held that the fact that "Seventh-Day Adventist Church" was not a jural entity and could not be sued did not entail that the term could not be trademarked by the General Conference.

Methodist Church ("Methodist Church") alleging that the Methodist Church itself, along with the regional organizations, was financially responsible for the retirement homes after the company managing them declared bankruptcy. *Barr*, 90 Cal. App. 3d at 262-63. The Methodist Church moved to quash service, arguing that it was not a proper jural entity.

The court rejected that argument because the Methodist Church had previously engaged in legal acts in its own name, including filing at least two lawsuits as a named plaintiff, *id*. at 269-70, and obtaining an insurance policy, in its own name, which defines the Methodist Church as "a corporation engaged in business as a religious organization." *Id*. at 270. In addition, the Methodist Church had, for the past fifty years, actively controlled, managed, and supervised the retirement homes at issue. *Id*. at 271. The court concluded that because the Methodist Church had directly and actively, in its own name, engaged in legal actions, it was a proper party. *Id*. at 272 (holding that since the Methodist Church had, inter alia, "filed suit for the protection of its interests" in other cases, it "must now… be amenable to suit.").

The *Barr* holding makes sense: an entity that files lawsuits and buys insurance policies cannot later claim it's not a legally cognizable entity. The *Barr* scenario is in stark contrast to *this* case, in which there is no allegation that La Luz Del Mundo has ever filed a suit, purchased insurance or engaged in any such legal action.

### 3. *Banks.com*: A Plaintiff Suing A Putative Unincorporated Association Has the Burden of Specifying the Membership

*Banks.com, Inc. v. Keery*, 2010 WL 727973, 09-cv-6039-WHA (N.D. Cal. 2010) offers additional guidance on the appropriate consequences of Plaintiff's vagueness about who or what she contends she is suing under the label "La Luz Del Mundo." In *Banks.com*, the plaintiff filed a lawsuit against several defendants, including one named as "PRostreamMedia.com, Inc., an entity form unknown." One of the individual defendants moved to dismiss the complaint against

PRostreamMedia on the basis that it lacked capacity to be sued. In opposition, the plaintiff contended that ProstreamMedia was an unincorporated association. The court rejected the argument and granted the motion to dismiss. The court explained that "[t]o qualify as an unincorporated association, there must be "a group whose members share a common purpose, and (2) who function under a common name under circumstances where fairness requires the group be recognized as a legal entity." The court held that Plaintiff had not satisfied that burden because the Plaintiff did not identify the alleged members of the alleged association, specify the alleged common purpose of the alleged association, or explain why fairness required that the putative defendant be recognized as a cognizable legal entity.

Plaintiff's Complaint suffers from the same defects. The Complaint does not identify the alleged members of LLDM, other than making passing and sometimes contradictory references to a "worldwide organization," a United States organization, a group of churches in California, and "millions" of individuals worldwide.  The Complaint fails to specify the common purpose of the alleged entity.  And neither the complaint, nor Plaintiff's counsel, explains why fairness dictates that the religion as a whole should be sued as opposed to individuals or cognizable legal entities. Indeed, Plaintiff's counsel openly admitted that she hopes to gain a judgment against "LLDM" *without* specifying its membership, and then "take it around" to any churches, entities or individuals she chooses—cognizable legal entities she deliberately did *not* sue—and try to enforce it in numerous jurisdictions to seize any assets she claims are "part of LLDM."  Such an outcome is manifestly unfair.

Plaintiff's counsel's admission is evident from the Complaint: Plaintiff has sued numerous individuals that she claims are responsible for the alleged damages. Her Complaint also identifies multiple local and jurisdictional entities that are incorporated and do have the capacity to be sued. However, she has chosen *not* to sue them.  Instead, her strategy is to sue a religion, a non-jural entity, and that attempt

to use a future judgment to attack assets of actual jural entities that she did *not* sue. This Court should not sanction such an endeavor.

### 4. Under California Corporations Code §§ 18000-18420 La Luz Del Mundo Cannot Reasonably Be Deemed An Unincorporated Association

As set forth above, Federal Rules of Civil Procedure 4(h) and 17(b) provide that the analysis of purported service on unincorporated associations looks to state law. In California, the law governing unincorporated associations is Corporations Code sections 18000-18420. Plaintiff relies on section 18035(a), which provides: "'Unincorporated association' means an unincorporated group of two or more persons joined by mutual consent for a common lawful purpose, whether organized for profit or not." Mason Decl. ¶ 3. Plaintiff's position is that that language, taken in its most general sense, operates to create a legally cognizable entity that may be sued, whenever two or people join together for any common lawful purpose.

That argument lacks merit. As set forth above, first, caselaw analyzing this issue provides a clear and workable common-sense distinction between a religion and a cognizable legal entity, based on the straightforward question of whether the entity has engaged in some legal act, such as filing a lawsuit or purchasing insurance. Second, the Corporations Code chapter on unincorporated associations includes fully 42 detailed sections (§§ 18000-18420), which contemplate, define and refer to various legal actions undertaken by the association, such as acquiring, recording, and transferring property, §§ 18100-18122; registering with the Secretary of State, § 18200; and designating an agent for service of process, § 18210. In other words, the Code sets up a mechanism by which groups of individuals *can engage in legal actions if they choose to do so, and be recognized as such*. But nothing in the Code suggests or contemplates that a group (e.g., as here, a religious denomination) that has *never*

engaged in such any legal action can be "sued into existence" simply by being named as a defendant in a lawsuit.

### B. At A Minimum, Amendment Is Warranted To Provide A More Definite Statement of the Alleged LLDM Defendant.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made. *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994) (motion denied).

Here, a more definite statement is warranted for several reasons. First, it is entirely unclear who Plaintiff claims are the members of the alleged unincorporated association LLDM and, therefore, the parties against whom liability is being alleged. This is not a simple academic issue. In order to respond to the complaint, including denial or admissions in an answer (if any), the identity of the alleged members is critical. Without knowing who Plaintiff contends are the members of the alleged association, the putative LLDM defendant cannot be expected to respond, in good faith, to the claims alleged and certainly cannot do so without potentially prejudicing itself or its members. The religion La Luz Del Mundo has five million adherents worldwide; is Plaintiff claiming they are all potentially liable on her claim against "La Luz Del Mundo"?

In order for anyone potentially within the (unspecified) sphere of the alleged "unincorporated association" of "La Luz Del Mundo" to have notice of the claims asserted against them, the Complaint must identify those members so that they can participate in and assist with the defense. Plaintiff may be alleging that every person involved in the faith, including spiritual leaders, administrative staff, and the

members of the individual congregations, are members of the alleged association. Without knowing if that is the case, the putative LLDM defendant cannot reasonably respond to the allegations. This deficiency is particularly significant because Plaintiff has explicitly stated her intention: to get a judgment against "LLDM" without ever specifying the scope, nature, membership, or assets of "LLDM," and then simply attempt to collect from whatever churches or individuals she chooses, in as many jurisdictions as she likes. Such an outcome would be fundamentally unfair; a plaintiff cannot simply sue a religion and then attempt to collect from all of its adherents on the theory that they are "part of" the religion.

Therefore, Defendant respectfully requests that, at a minimum, the Court order Plaintiff to amend the complaint and provide a plain and concise statement, consistent with Rule 8, identifying the alleged members of the alleged unincorporated association LLDM; the common lawful purpose for which Plaintiff contends they have associated; and an account of why, in Plaintiff's view, fairness requires that LLDM be recognized as a legal entity.

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion, and quash purported service on "La Luz Del Mundo," and/or dismiss any claims asserted against "La Luz Del Mundo."

DATED: Aug. 19, 2020           Respectfully submitted,

                               WERKSMAN JACKSON & QUINN, LLP

                       BY:     /s/ *Caleb E. Mason*
                               ALAN JACKSON
                               CALEB MASON
                               Attorneys for Defendant
                               Naason Joaquin-Garcia