Alan J. Jackson (State Bar No. 173647)
Caleb E. Mason (State Bar No. 246653)
WERKSMAN JACKSON & QUINN LLP
888 W 6th St
Los Angeles, CA 90017
Telephone:   213.688.0460
Facsimile:   213.624.1942

Attorneys for Defendant
NAASÓN JOAQUÍN GARCÍA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.,<br><br>　　　　Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**DECLARATION OF CALEB MASON IN SUPPORT OF MOTION TO QUASH AND/OR DISMISS**<br><br>Complaint Filed:　February 12, 2020<br>Trial Date:　None Set<br><br>District Judge:　Otis D. Wright, II<br>Courtroom:　5D, 5th Floor<br>Magistrate Judge:　Alka Sagar<br>Courtroom:　540, 5th Floor<br><br>DATE:　September 21, 2020<br>TIME:　1:30 p.m. |

# DECLARATION OF CALEB MASON

I, Caleb Mason, declare:

1. I am a partner at the law firm of Werksman Jackson & Quinn LLP, counsel for Defendant Naason Joaquin-Garcia ("Mr. Garcia"). My firm represents Mr. Garcia both in this case ("Civil Case") and in the pending criminal prosecution against Mr. Garcia ("Criminal Case"). Unless otherwise stated, I make this declaration from personal knowledge, and if called as a witness I could and would testify competently to the facts set forth herein. I make this Declaration in support of Mr. Garcia's Motion to Quash Service purportedly effected upon him on behalf of asserted defendant La Luz Del Mundo ("LLDM").

2. On June 15, 2020, after the deadline to serve LLDM had lapsed, Plaintiff filed a motion with the Court asking for additional time to serve LLDM. In support of that motion, Plaintiff filed a declaration explaining its difficulties satisfying service. Plaintiff noticed the motion for July 13, 2020. Thereafter, counsel for all parties had discussions by email about the date of the hearing. I was part of these exchanges and was copied on all relevant emails. Plaintiff's counsel agreed in those discussions to continue the hearing two weeks. On June 24, 2020, pursuant to those discussions and agreement, Plaintiff's counsel filed an amended notice of motion continuing the hearing to August 3, 2020. This effectively continued the deadline to file opposition papers to July 13, 2020.

3. The same day as Plaintiff's filing, the parties received an ECF notice titled, "Notice of Filer Deficiencies" regarding the amended notice of motion, which stated, in relevant part, "Filer attempted to Continue hearing…from July 13 to August 3 1:30 PM. Filer should file proper formatted document seeking continuance, to which a separate formal proposed order should be submitted as an attachment thereto." On June 26, 2020, at 9:52 a.m., defense counsel Reed Aljian

asked Plaintiff's counsel Ms. Mallgrave, by email, copying all counsel, whether she intended to take further action in response to the Notice. That same day, at 4:57 p.m., Ms. Mallgrave responded: "Yes. We have been in contact with the Court and confirmed there is nothing for us to do." At 5:05 that day, Mr. Aljian replied: "Does that mean the Court continued the hearing?" At 6:41 p.m., Ms. Mallgrave replied to all defense counsel: "It means the court accepted the filing as is, and told us we didn't need to refile."

4. On or about July 15, 2020, Plaintiff served the complaint on Naason Joaquin-Garcia, purportedly on behalf of "La Luz Del Mundo." On July 27, 2020, I held a teleconference regarding this motion pursuant to Local Rule 7-3 with Plaintiff's counsel Deborah Mallgrave, and co-defense counsel Reed Aljian and Geoff Neri. In advance of the call, I sent Ms. Mallgrave the two emails attached hereto as **Exhibits A** and **B**, setting forth the basis of the motion and the issues at stake.

5. During the call, Plaintiff's counsel stated that her position was that LLDM is a proper defendant under Corporations Code section 18035(a), which provides, "'Unincorporated association' means an unincorporated group of two or more persons joined by mutual consent for a common lawful purpose, whether organized for profit or not."

6. During that teleconference, all three defense counsel posed questions to Ms. Mallgrave regarding the core issue set forth in this motion: Who or what does Plaintiff contend she is suing under the heading "La Luz Del Mundo"?

7. The core colloquy on this point—the identity of the entity Plaintiff contends she is suing—was in sum and substance as follows. The statements set forth below are not precisely verbatim, but are accurate in sum and substance as to the questions asked and Plaintiff's counsel's answers. The questions are asked

variously by myself, Mr. Aljian, and Mr. Neri, and the answers are from Ms. Mallgrave:

Q: Who do you contend you are suing under the heading "LLDM"?

A: La Luz Del Mundo.

Q: What do you contend LLDM is?

A: An organization.

Q: Can you be any more specific?

A: No.

Q: Do you claim it's a worldwide organization?

A: Yes.

Q: Do you claim it has its headquarters in Guadalajara?

A: Yes.

Q: Have you made any efforts to serve the organization in Guadalajara?  No.

Q: Can you identify who you contend are the members of LLDM?

A: No, it's just an organization, I can't describe it any further.  But Naason is its head.

Q: What do you claim he's the head of?  LDM.

Q: Are you saying it's an association that doesn't have any official organization, or is it an organization with headquarters in Guadalajara?

A: I don't know, it's not clear, but there's enough to say that it's one organization.

Q: Have you ever seen any document of any kind, like an insurance policy, contract, any kind of state or corporate registration, property ownership, in the name of "La Luz Del Mundo."

A: No.

Q: If you were to receive a judgment against the defendant named as La Luz Del Mundo, what do you plan to do with it?

A: We'll get our judgment and we'll take it around and we'll find out.

Q: Do you mean that you are seeking a judgment that you will attempt to enforce against individual LLDM churches in different jurisdictions?

A: If those are LDM assets, then yes.

Q: Which ones?

A: Whichever ones are part of LDM.

Q: And do you contend that every LLDM church and every LLDM member is "part of LLDM"?

A: Yes.

Q: So if you got a judgment against "LLDM," you would contemplate attempting to seize the assets of individual churches, or individuals, who are not part of this lawsuit?

A: If they are assets of LDM, then yes.

Q: But you're not suing the individual churches, right?

A: Correct.

Q: Would you agree that it would be improper to sue "Catholicism" and then seek to collect from whatever diocese you choose, anywhere in the country?

A: That's totally different. I'm not getting into it.

Q: Different in what way?

A: I'm not suing a religion. I do not agree Catholicism is a fair comparison.

Q: Don't you agree that LLDM is a religion?

A: I realize it claims to be a religion.

Q: Have you ever seen a lawsuit brought against "Catholicism"?

A: I'm not getting into that.

Q: Are you able to explain what difference there is, in your view, between suing "Catholicism" and suing "LLDM"?

A: I'm not getting into it. It's not my burden to explain anything to you.

Q: It is your burden, isn't it, given that you are claiming that "LLDM" is a proper party, that it is a jural entity that can be sued, and that you properly served it by delivering the complaint package to Mr. Garcia?

A: I'm not getting into it.

8. Counsel agreed during the call, and in emails prior to and following the call, that Mr. Garcia's deadline for filing this motion to quash would be August 19, 2020. On August 8, 2020, Ms. Mallgrave emailed defense counsel and wrote that she

5
DECLARATION OF CALEB MASON

had previously attempted to serve two attorneys on behalf of LLDM, in response to the question that had been asked during the call about whether Plaintiff had attempted to serve anyone previously on behalf of LLDM.

The foregoing is true and correct to the best of my knowledge and belief. Executed under penalty of perjury under the laws of California and United States this 19th day of August, 2020, at Los Angeles, California.

/s/ *Caleb E. Mason*
CALEB E. MASON
Attorney for Defendant Naason Joaquin-Garcia