# EXHIBIT 2




### Martin v. Garcia et al., 7/27/20 teleconference

**Caleb Mason**
To: Deborah Mallgrave; Alan Jackson; Reed Aljian; Geoff Neri

7/27/2020

Ms. Mallgrave,

In advance of our teleconference this afternoon, let me summarize our argument and authorities. As you have likely found in your own research, authority in this area is somewhat sparse. You have sued "La Luz del Mundo" ("LLDM") and identified LLDM as an unincorporated association, and you have claimed service on LLDM by delivering your complaint and summons to our client Naason Joaquin-Garcia, who is already an individual defendant in the suit. Our contention is that suing "LLDM" and attempting service on "LLDM" by delivery of papers to Mr. Garcia is improper and ineffective, because LLDM is a religious denomination, like "Catholicism," and not a discrete legal entity. Gov. Code sections 18000-18420 govern unincorporated associations. You will presumably rely on section 18035(a) ("'Unincorporated association' means an unincorporated group of two or more persons joined by mutual consent for a common lawful purpose, whether organized for profit or not.") and argue that that language, taken in its most general sense, operates to create a suable entity whenever two or people join together for any common lawful purpose.

We think that argument lacks merit, for three principal reasons. First, if that were all there was to it, the Government Code would not need the next 42 sections relating to unincorporated associations, each of which defines and refers to various legal actions undertaken by the association, such as specifying officers, having meetings of same, acquiring, encumbering, and transferring property, executing contracts and legal documents, registering with the Secretary of State, designating an agent for service of process, etc. As you know, "LLDM" has done none of these things. There are individual churches and regional entities, and so forth, but there is no entity named "LLDM" that has done any of the acts contemplated by the Government Code.

Second, the only case in which a court has analyzed this issue in any depth is *Barr v. United Methodist Church*, 90 Cal. App. 3d 259 (1979). The *Barr* court emphasized that the United Methodist Church had in fact engaged in the sorts of conduct discussed in the Code, demonstrating its existence as a discrete legal entity. *Id.* at 270 ("UMC is a named insured on a high limit contract of insurance commencing June 1, 1976 to June 1, 1979, with a broad range of fidelity, casualty, property, fire, theft, medical malpractice and comprehensive general liability coverage. The policy as issued describes UMC as a corporation engaged in business as a religious organization.") An entity that is a party to a contract, identifies itself as a beneficiary of a contract, etc., is a discrete legal entity that can sue and be sued. But nothing of the sort is true of LLDM.

Third, conceptually, the extremely broad, all-encompassing reading of section 18035 would have absurd consequences. If it were literally true that anytime two or more people join together for some lawful purpose, a new suable entity is created, then a pickup basketball game, a carpool, a protest march, a prayer vigil, etc., would all be "unincorporated associations" that could be sued. The response you made in our previous call, "Well, let's just have someone appear for LLDM and answer and see what they say," makes no sense. You cannot define an entity into existence by suing it. There is no one to appear for "LLDM" any more than there is someone to appear for "Judaism" or "Catholicism." As we previously pointed out, LLDM is a religious denomination, like "Judaism" or "Catholicism." There have been many, many lawsuits brought over the years alleging sexual misconduct by Catholic priests, and cover-ups by their superiors. Not one of those has ever been brought against "Catholicism." Rather, those suits have been brought against individuals and identified, recognized corporate entities, such as, paradigmatically, dioceses. If you are aware of a case in which a plaintiff has successfully brought suit against "Catholicism," please advise us. Otherwise, we think you should agree that naming "LLDM" as a defendant is improper, and claiming service on "LLDM" by delivering papers to our client Naason Joaquin-Garcia is ineffective.

Sincerely,

Caleb

**Caleb Mason**
Partner
**Werksman Jackson & Quinn LLP**
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com