DEBORAH S. MALLGRAVE, State Bar No. 198603
  *DMallgrave@GGTrialLaw.com*
DESIRÉE N. MURRAY, State Bar No. 330079
  *DMurray@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL G. FINNEGAN, State Bar No. 241091
  *Mike@AndersonAdvocates.com*
JENNIFER E. STEIN, State Bar No. 300775
  *Jennifer@AndersonAdvocates.com*
JEFF ANDERSON & ASSOCIATES
11812 San Vincente Boulevard, #503
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN ZAMORA, an individual, DAVID MENDOZA, an | Case No. 2:20-cv-01437-ODW-AS<br><br>**DECLARATION OF DEBORAH S. MALLGRAVE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE ON DEFENDANT LA LUZ DEL MUNDO AND MOTION TO DISMISS**<br><br>[Filed concurrently with Plaintiff's Opposition to Motion to Quash Service on LDM; Declaration of Sochil Martin, and [Proposed] Order]<br><br>Date: September 21, 2020<br>Time: 1:30 p.m.<br>Ctrm: 5D |

| | |
|---|---|
| 1<br>2<br>3 | individual and DOES 1 through 10, inclusive.<br><br>         Defendants. |

DECLARATION OF DEBORAH S. MALLGRAVE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SERVICE ON DEFENDANT LA LUZ DEL MUNDO AND MOTION TO DISMISS

## DECLARATION OF DEBORAH S. MALLGRAVE

I, Deborah S. Mallgrave, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California. I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin in this action. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. On August 8, 2020, I e-mailed Defendant Naasón Joaquín García's counsel, Caleb Mason, in response to his request (and that of other defense counsel) that Plaintiff provide additional information her contention regarding the entity status of Defendant La Luz Del Mundo ("LDM"). Attached as **Exhibit A** is a true and correct copy of my email to Defendant's counsel.

3. In that e-mail communication, I described in detail evidence that exists to support that LDM is an unincorporated association. Specifically, I listed at least seven bullets of information supporting the fact that LDM holds itself out as an unincorporated association. Defendant's counsel did not respond to my communication. On August 19, 2020, Defendant filed his current Motion.

4. Attached as **Exhibit B** is a true and correct copy of the Quitclaim Deed for the property located 127 North Kern Avenue, Los Angeles, California from the LexisNexis public records database.

5. On February 14, 2020, during a press conference on behalf of LDM, LDM Spokesperson, Jack Freeman, specifically admitted to the existence of the United States Consejo.

6. In that same press conference, Freeman publicly stated during a press conference that LDM was a "registered 501(c)(3)", and that he worked in "corporate" communications for LDM, and stated that "our lawyers" have not yet received a copy of the complaint, describing a "legal department" of LDM. Attached as **Exhibit C** is

a true and correct copy of a transcript of the press conference transcribed by an employee in my office.

7. I have reviewed the institutional website for LDM, at lldm.org. As promoted on its website, LDM maintains unified social media accounts on Twitter (@igelsialldm), Facebook (@LaLuzDelMundo.org), YouTube (Iglesia La Luz del Mundo – Ortodoxia), and Instagram (@lldm.iglesia). Defendant LDM uses their social media accounts, in part, to provide nationwide updates to its members. For example, on August 18, 2020 the LDM Twitter account tweeted a publication from Ministerio de Comunicacion Socialy Relociones Publicas updating LDM members about Defendant Naasón Joaquín García's criminal case. Attached as **Exhibit D** is a true and correct copy of a tweet sent on August 18, 2020. Attached as **Exhibit E** is a true and correct copy of the publication attached to the tweet transcribed an employee fluent in the Spanish language with my office.

8. In connection with the criminal proceeding against him, on November 12, 2019, Defendant García filed a Petition for Writ of Prohibition and/or Mandamus in the Court of Appeal, Second Appellate District of California, in the matter *García v. Superior Ct. of Los Angeles County*, No. B302119 (Cal. Ct. App. Jun. 6, 2020) ("Petition for Writ of Prohibition"). As an exhibit in support of the Petition, Defendant García filed a transcript of one of his bail hearings held on July 15, 2019. (Exhibit D to the Petition for Writ of Prohibition ("Reporter's Transcript of July 15, 2019 Proceedings").) During that hearing, Defendant García's counsel referenced LDM's own bank accounts and described "longstanding rules within the corporate structure" of LDM regarding how those funds can be spent. (*See* Ex. F (July 15, 2019 Transcript, p. 21).) During subsequent proceedings in his Petition for Writ of Prohibition and/or Mandamus, Defendant García's counsel described LDM's finances, and intended to proffer expert witness testimony to discuss LDM's mandatory abuse reporting procedures. (*See* Ex. F (July 16, 2019 Transcript, pp. 28,

41, 42).) Furthermore, his own counsel referred to Defendant García as a "salaried employee" of LDM. (*See* Ex. F (July 21, 2019 Transcript, p. 16).)

9. Naason's counsel also admitted to the use of LDM funds for Naason's personal use, noting that "the planes that have been provided for him to go to religious events are paid for by the church and are authorized and managed by the church." (*See* Ex. F (July 21, 2019 Transcript, p. 16).)

10. On November 22, 2019, my firm obtained a copy of Defendant García's Petition for Writ of Prohibition from the appellate court, including the exhibits thereto. Attached as **Exhibit F** is a true and correct copy of excerpts from the transcript. The excerpt includes pages Bates stamped in the above cited criminal appeal as pages BS000001-BS000002, BS000023, BS000040, BS000218, BS000246, BS000259, and BS000260. These pages are excerpted on the sole grounds that the original filing of exhibits in that matter was comprised of 302 pages. No alterations have been made to the filing other than to provide only the pages relevant to this Motion.

11. In the same Petition for Writ of Prohibition and bail hearing held on July 15, 2019 discussed above, counsel for Defendant García held out Cesia Karen Minemann as counsel for LDM. Attached as **Exhibit G** is a true and correct copy of excerpts from the transcript in which Cesia Karen Minemann is identified as counsel for LDM. The excerpt includes pages Bates stamped in the above cited Petition as pages BS000001-BS000002, BS000087, and BS000107-BS000109. These pages are excerpted on the sole grounds that the original filing of exhibits in that matter was comprised of 302 pages. No alterations have been made to the filing other than to provide only the pages relevant to this Motion.

12. My firm has reviewed all records from the California Secretary of State website regarding local incorporated LDM locations, and Yobany Chacon appears on at least twenty state filings as the agent for service of process.

13. My firm has continuously reviewed such filings throughout this litigation. It appears that since filing the lawsuit in February 2020, at least 11 local LDM locations refiled their incorporation paperwork simultaneously prior to any required date by the State of California. Attached as **Exhibit H** are true and correct copies of the filings with the California Secretary of State, as obtained from the California Secretary of State's website, showing the simultaneous filings with the name changes.

14. Included in the Declaration of Caleb Mason in Support of Motion to Quash and/or Dismiss is a recitation of questions and answers characterized by Mr. Mason as the "core colloquy" and "sum and substance" of one of our conferrals on the topic of LDM as an unincorporated association. Rather than point out the many mistruths and mischaracterizations contained in Mr. Caleb's "transcript," suffice it to say that neither Plaintiff or myself have ever alleged or represented that each individual constituent of LDM, the over 5 million people worldwide that support the organization, are all potentially liable for Plaintiff's injuries. Indeed, many are likely victims of the corrupt organization themselves. Nor did I represent that Plaintiff's legal strategy was to get a judgment and "take it around" the world or otherwise to collect against unassuming constituents. When asked about judgment collection during the conferral, I simply responded that it was premature to discuss the collection of any judgment as, given the great lengths to which LDM takes to hide its assets, Plaintiff was not yet aware of the extent of LDM's assets, who held them, or where they were located.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: August 31, 2020

*Deborah S. Mallgrave*
Deborah S. Mallgrave