# EXHIBIT A

**Jenira Velez**

| | |
|---|---|
| **From:** | Deborah Mallgrave |
| **Sent:** | Saturday, August 8, 2020 3:15 PM |
| **To:** | Caleb Mason |
| **Cc:** | Geoff Neri; Alan Jackson; Courtney Dorner; Kenia Galeana; Arielle A. Seidman; 'Reed Aljian' |
| **Subject:** | RE: L.R. 7-3 correspondence, Martin v. Garcia et al. |

Caleb,

In response to your request that we provide additional information regarding the basis of our claim that LDM is a servable entity, I have assembled below some of the evidence presented on this issue in our prior filings. As we continue to investigate other indicia of LDM's status, it's likely we will find additional information that will result in additional evidence in opposition to your motion beyond that identified below.

- LDM is organized in a hierarchical fashion, with policies, practices, and donation requirements set by the Apostle as Director and the Consejo de Obispos as his Board of Directors. LDM Spokesperson Jack Freeman admitted to the existence of the Consejo de Obispos and its role during his February 14 press conference on behalf of LDM, wherein Mr. Freeman described himself as "co-director of corporation communications" for LDM. Mr. Freeman additionally described "the church" as a "certified 501(c)(3) non-profit organization." LDM additionally has a formal Tesorería, or Treasury.
- Donations from LDM members are funneled directly to LDM, through the donation of tithings and "special offerings", with only a small "pro templo" donation going to individual locations of LDM.
- LDM has its own communications arm, which is another unincorporated association served in this action. As reflected by its website, the Berea International messaging is driven by the aims and wishes of the LDM entity.
- During the criminal proceedings against Mr. Garcia, his counsel has repeatedly treated LDM as an entity, providing evidence that there are unified policies and procedures for LDM and that LDM maintains its own bank accounts. In fact, counsel for Mr. Garcia stated that Mr. Garcia was a "salaried employee" of LDM, that there are "bank accounts controlled" by LDM, and even that "the planes that have been provided for him to go to religious events are paid for by the church and are authorized and managed by the church." Mr. Garcia's counsel further described "longstanding rules within the corporate structure" of LDM regarding LDM bank accounts. These representations also refer to Mr. Garcia as the President and International Director of LDM, and describe LDM mandatory reporting procedures.
- LDM is represented as an entity by institutional legal counsel. Yobany Chacon is the registered agent of at least 19 locations of LDM in California alone, and advertises himself as a lawyer for LDM. Cesia Minemann was held out by counsel for Mr. Garcia in his bail hearing on July 15, 2019 as counsel for LDM, during which counsel for Mr. Garcia stated that Ms. Minemann "is one of the General Counsel of the church" in an "in-house, fiduciary position." During the February 14 press conference of LDM, two spokespersons for LDM stated that "our lawyers" have not yet received a copy of the complaint, describing a "legal department" of LDM.
- LDM is represented as an entity by its own spokespersons. Messrs. Silem Garcia and Jack Freeman, along with several other spokespersons, have repeatedly spoken on behalf of the LDM entity in public, to members, and to the press.
- LDM locations additionally act in a coordinated and concerted manner, including the collective re-filing of incorporation papers with the State of California to create uniformity in how the entities are named, and in the regular issuance of statements and edicts to members of LDM locations in the form of letters from various leadership groups of LDM, led by members of the Consejo de Obispos.

You further asked for the names of lawyers for LLDM that we have attempted to serve. As detailed in Plaintiff's Motion for Extension of Time to Serve LDM, Plaintiff attempted to serve Yobany Chacon and Cesia Minemann.

Also, an extension of time to August 19, 2020, for Naason Joaquin-Garcia's motion is fine.

Regards,
Deb


**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com



---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Thursday, August 6, 2020 11:19 AM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Courtney Dorner <cd@dallp.com>; Kenia Galeana <kg@dallp.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Caleb Mason <cmason@werksmanjackson.com>
**Subject:** [EXT] Re: L.R. 7-3 correspondence, Martin v. Garcia et al.

Ms. Mallgrave,

I write to follow up. Please kindly send over the promised information.

Sincerely,

Reed Aljian

> On Jul 30, 2020, at 12:59 PM, Caleb Mason <cmason@werksmanjackson.com> wrote:
>
> Ms. Mallgrave,
>
> I'm writing to follow up on our call this past Monday.  When we concluded the call, we agreed that you would provide us with additional information we requested, specifically the factual evidence on which you base your assertions about the existence/nature of the putative "LLDM" defendant, and the names of the individuals on whom you previously attempted service.  And you offered to extend the 14-day extension previously agreed to in your 7/23/20 email (below) if necessary if there was a delay in your provision of those materials.  We think the 14-day extension takes us to August 19; please confirm your understanding of same, and please let us know when you will provide us with the additional materials discussed.
>
> Thanks,
>
> Caleb
>
> **Caleb Mason**

Partner
**Werksman Jackson & Quinn LLP**
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com

---

**From:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Sent:** Thursday, July 23, 2020 10:42 AM
**To:** 'Reed Aljian' <ra@dallp.com>; Caleb Mason <cmason@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>
**Cc:** Alan Jackson <ajackson@werksmanjackson.com>; Courtney Dorner <cd@dallp.com>; Kenia Galeana <kg@dallp.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>
**Subject:** RE: L.R. 7-3 correspondence, Martin v. Garcia et al.

How about Monday at 4:30pm?  Does that work for everyone?  Caleb, please send whatever authority you'd like me to review before Monday that might impact our discussion.  In the event we are not able to resolve this issue doing our call, Plaintiff agrees to the 14-day extension requested below for filing the motion to quash.

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, July 22, 2020 7:30 PM
**To:** Caleb Mason <cmason@werksmanjackson.com>
**Cc:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Geoff Neri <geoff@bnsklaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Courtney Dorner <cd@dallp.com>; Kenia Galeana <kg@dallp.com>
**Subject:** [EXT] Re: L.R. 7-3 correspondence, Martin v. Garcia et al.

I am available as requested, except for tomorrow until about 11. Please advise what works.

Reed

> On Jul 22, 2020, at 4:40 PM, Caleb Mason <cmason@werksmanjackson.com> wrote:
>
> Ms. Mallgrave,
>
> I write per Local Rule 7-3.  On or about July 15, 2020, our client Naason Joaquin-Garcia was delivered legal process directed to the named defendant "La Luz Del Mundo" (LLDM).  Mr. Garcia objects to that service and intends to move to quash that service on

3

the ground that it is insufficient and not effective to serve Mr. Garcia individually with papers for LLDM.  As we discussed in our meet-and-confer call on May 27, 2020, LLDM is a religion, like Judaism or Catholicism.  There is no discrete organized corporate or other entity called "LLDM," any more than there is one called "Catholicism."  Your co-counsel Mr. Anderson's own long practice history with the Catholic Church exemplifies this distinction, and the impropriety of attempting to sue and serve a religion, as opposed to individuals and organized corporate entities.  As we illustrated in our opposition to your motion to strike Mr. Garcia's answer (see Ex. 4 to the Jackson Declaration in support of our opposition), Mr. Anderson does not sue "Catholicism"; he sues individual priests, bishops, and dioceses.  We know of no example of a court allowing a lawsuit against an entire religion, as opposed to an organized corporate entity or individual.  In this case, you have sued multiple individuals and two identified entities, in addition to attempting to sue LLDM itself.  Mr. Garcia has already been served in his capacity as an individual defendant, and has already answered the complaint. Delivering papers to Mr. Garcia directed to LLDM itself is ineffective service, because LLDM itself is not a legal entity that can sue or be sued.  We ask that you withdraw your claims against "LLDM itself," and withdraw any claim to have served "LLDM itself" based on delivery of papers to Mr. Garcia.

We request a teleconference to discuss the proposed motion.  We are available at your convenience at any time tomorrow (7/23), Friday (7/24) or Monday (7/27).  Please let me know your preferred time at your earliest convenience.

Additionally, if you intend to oppose our motion, we request a 14-day extension for our filing deadline.

Sincerely,

Caleb


**Caleb Mason**
Partner
**Werksman Jackson & Quinn LLP**
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
213-688-0460
cmason@werksmanjackson.com
www.werksmanjackson.com

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.