Alan Jackson (SBN 173647)
ajackson@werksmanjackson.com
Caleb Mason (SBN 246653)
cmason@werksmanjackson.com
WERKSMAN, JACKSON & QUINN LLP
888 W. 6th St. 4th Floor
Los Angeles, California 90017
Telephone:  (213) 688-04600
Facsimile:  (213) 624-1942
Attorneys for Defendant
*Naason Joaquin-Garcia*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**REPLY IN SUPPORT OF MOTION TO QUASH SERVICE UPON DEFENDANT NAASON JOAQUIN GARCIA ON BEHALF OF DEFENDANT LA LUZ DEL MUNDO AND FOR DISMISSAL OF DEFENDANT LA LUZ DEL MUNDO**<br><br>Complaint Filed:  February 12, 2020<br>Trial Date:       None Set<br><br>[Filed concurrently: Supplemental Declaration of Caleb Mason; Declaration of Geoff Neri; Evidentiary Objections; Request for Testimony]<br><br>District Judge:   Otis D. Wright, II<br>Courtroom:        5D, 5th Floor<br><br>DATE: SEP. 21, 2020<br>TIME:  1:30 p.m. |

# TABLE OF CONTENTS

**PAGE(S)**

I.    **INTRODUCTION** ........................................................................ 1

II.    **ARGUMENT** ........................................................................... 2

    **A. Plaintiff's Refusal to Say Who or What She Contends to Be the
Members of "LLDM" Is Fatal to Her Attempt to Sue "LLDM" as an
Unincorporated Association** ................................................ 2

    **B. Plaintiff's Evidence Is Objectionable and Irrelevant** ........................... 5

    **C. Plaintiff Mischaracterizes the Record Regarding Service
on Mr. Garcia** ........................................................... 7

    **D. The Court Should Deny Ms. Martin's Request for a Continuance for
Jurisdictional Discovery, Because She Has Flatly Refused to
Participate in Discovery at All Since She Filed this Suit** ..................... 9

IV.    **CONCLUSION** ..................................................................... 10

# TABLE OF AUTHORITIES

**PAGE(S)**

## <u>CASES</u>

*Berardinelli v. Castle & Cooke Inc.*, 587 F.2d 37
 (9th Cir. 1978) ...................................................................................................... 9

*Banks.com, Inc. v. Keery,*
        2010 WL 727973, 09-cv-6039-WHA (N.D. Cal. 2010) .............................. 2

## <u>STATUTES</u>

Cal. Corp. Code §18000 ff ......................................................................................... 13

Fed. R. Civ. Proc. 12 ....................................................................................... passim

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Plaintiff Sochil Martin ("Ms. Martin") served her complaint papers on Defendant Naason Joaquin-Garcia as an individual.  Mr. Garcia answered.  Ms. Martin then served papers on Mr. Garcia a second time, this time purportedly to effect service on "La Luz Del Mundo," which Ms. Martin has named as a defendant, and which she claims is an "unincorporated association."  Mr. Garcia filed a Motion to Quash Service under Rule 12(b)(5) on the grounds that:

(a) La Luz Del Mundo is not a corporation or jural entity, but is rather the name of a religion ((like "Judaism" or "Catholicism"); and

(b) Ms. Martin has failed to specify who or what she contends to be the membership of the putative unincorporated association she is suing.

Mr. Garcia focuses this Reply primarily on the latter issue, because Ms. Martin's failure to make the required allegations—this is a *pleadings* challenge[1]—is fatal to her attempt to include "La Luz Del Mundo" as a defendant.  Her refusal to specify membership is also a deliberate and tactical choice.  She not only fails to provide any specification in her Opposition ("Opp.") of exactly who or what she contends she is suing under the heading "La Luz Del Mundo," but trumpets her *refusal* to do so, just as she did at the parties' meet-and-confer discussions.

---

[1] Thus the Opposition's repeated assertions that Mr. Garcia should be required to produce evidence of some sort "regarding the legal status of LDM," see Opp. at p.23, misapprehend the legal burdens here.  *Ms. Martin has the burden* of specifying who she is suing.  Endlessly repeating "LDM is an organization" does not meet that burden.  If Ms. Martin wants to sue a religion, then *she has the burden* of pleading and proving that the religion has subjected itself to suit by engaging in legal acts. *See id.*  She has done neither.  The defect is in the allegations—Ms. Martin needs to say who she is suing.  Only once she makes an affirmative claim as to who or what she believes comprises the "LLDM" unincorporated association could any such putative member, or any other litigant, present facts regarding such an alleged association exists. If, for example, Ms. Martin claimed that the members of the unincorporated association were all the adherents to the La Luz Del Mundo faith, then it would be easy to identify the group she is suing.  But she does *not* make such a claim; she expressly and carefully does not make *any* claim about who the membership consists of.

1

Ms. Martin's Opposition brief, over 24 pages of text, 11 footnotes, and dozens of exhibits, never once specifies who or what she claims to be the members of the purported unincorporated association she has named as a defendant.

This failure is fatal, for basic due process reasons.  A plaintiff wishing to initiate litigation against a defendant must identify the person or entity she is suing, and give that person or entity notice of the suit. This requirement applies to unincorporated associations: a plaintiff must identify the members and the common purpose for which they are joined, and explain why fairness requires recognizing the association as an entity that may be sued. *See* Motion at 8-11 (discussing, inter alia, *Banks.com, Inc. v. Keery*, 2010 WL 727973, 09-cv-6039-WHA (N.D. Cal. 2010)). Notice is an absolute prerequisite to litigation, so that the person or entity being sued is made aware that the plaintiff is seeking a judgment against him or her, and can have an opportunity to defend the case.

## II.    ARGUMENT

### A. Plaintiff's Refusal to Say Who or What She Contends to Be the Members of "LLDM" Is Fatal to Her Attempt to Sue "LLDM" as an Unincorporated Association

Ms. Martin is explicitly attempting to obtain a legal judgment against an undefined "association" while refusing to say who or what she believes the membership to be, and thus who or what she contends may be liable for any judgment.  To sue an alleged unincorporated association, Ms. Martin must specify, per California Corporations Code § 18035, who the members of the organization are and for what purpose they have joined together. Ms. Martin claims that "La Luz Del Mundo" the unincorporated association is a group of some unspecified people or entities that exists *for the purpose of* facilitating sexual abuse.  Opp. 16.  She is obligated, if she wants to sue "La Luz Del Mundo" as that unincorporated association, to say, explicitly, who or what she contends has joined together *for that*

2

*purpose*.  Is it all 5 million adherents of the religion?  Is it every individual church?
Is it some other group of individuals or corporations?  She must plead *something*.

Ms. Martin agrees that there are numerous actual registered corporate entities
that have connections to the La Luz Del Mundo religion (just as there are numerous
corporate entities that have connections to the Catholic Church).  She has even
attached California Secretary of State filings from several such corporate entities,
including addresses and agents for service of process.  But she hasn't sue any of
them.  Nor has she alleged that any such actual corporate entities comprise the
membership of the purported "La Luz Del Mundo" entity.   Who does she contend
are the members?  That question is critical, because its answer will circumscribe
potential liability and thus required notice.  Yet Ms. Martin failed to make any such
contention in her complaint; refused to give any answer to the question in meet and
confer discussions; and has now filed a 24-page brief that again completely fails to
say anything about who exactly Ms. Martin contends she is suing.  Ms. Martin's
Opposition never says.  Through dozens of vague and question-begging assertions
about how "LDM acts like a corporation," see e.g. Opp. 3-8, there is not a single
assertion of who or what Ms. Martin contends the membership of LDM actually is,
for purposes of this suit—who or what, in other words, she might try to enforce a
judgment against if she prevails.

This is not an oversight; Ms. Martin comes right out and says explicitly that
intends to keep on refusing to say who exactly she contends are the members of
LLDM.  Opp. at 23.  She refuses to answer the question because she knows that the
moment she does, she will be put to the burden, which she cannot sustain, of
explaining to this Court why any of those supposed members are responsible for the
torts she has alleged.  It is important to stress that Ms. Martin has *already sued* and
named separately the individuals she claims are responsible, and the church entity,
the Consejo, that the claims is responsible.  She has deliberately *not* sued any

REPLY IN SUPPORT OF MOTION TO QUASH SERVICE AND/OR DISMISS

actually registered corporations, including most notably the LLDM church she herself belonged to.

Her strategy is transparent. She wants to avoid suing and serving any *actual* corporate entities, because they would then defend themselves, and she would have to put on evidence (which she cannot do) showing why they are responsible for any of the alleged torts. She has made the deliberate and cynical strategy to simply add the name of the religion itself to her lawsuit, attempt to get a judgment against it, and then attempt to use that judgment to seize assets of actual corporate entities that she did *not* sue.[2]

For example, is Ms. Martin contending that every LLDM church in the U.S. is a "member"? How about in Mexico? Costa Rica? Ms. Martin refuses to say. There are hundreds of individual churches and corporations that or operated by adherents of the La Luz Del Mundo religion, that have carefully followed state incorporation rules, and regularly filed their paperwork specifying an agent for service of process. All of those entities are entitled to know if Sochil Martin plans to come after their assets, in the event she obtains a judgment against "LLDM," based a *post*-judgment assertion in some other jurisdiction that they were "members of" (or, as Ms. Mallgrave put it, "part of") LLDM—the very thing she pointedly refuses to assert now. None of those entities can come into court now—they haven't been sued. But they are very much entitled to notice as to whether Ms. Martin is claiming that they are "members" of "LLDM," because the rules on individual members' liability for the debts of an unincorporated association vary

---

[2] Plaintiff's counsel vaguely says that the summary of the parties' meet-and-confer discussions is "fantastical and self-serving," but the other three lawyers on the call all agree that the summary is accurate. *See* Mason Declaration, Aljian Declaration, Neri Declaration. Ms. Mallgrave said what she said. And she carefully does not deny refusing to answer any questions about who she contends the membership of the purported association is. Indeed, proof that the summary is accurate is the Opposition's explicit refusal to provide any specification of the "members" of "LLDM," and explicit statement of intent to get a judgment against "LLDM" first, and only later, for collections efforts, finally allege who she contends the members are. Opp. 23-24.

from state to state, as Ms. Martin surely knows.  It would violate every norm of procedural fairness for an entity in another state to find itself in collections proceedings based on a judgment in a case it was not served in, against an "association" the plaintiff had never claimed it was a member of—until collections.

The same goes for individuals: if the entire religion of La Luz Del Mundo is an "unincorporated association," then wouldn't all the five million people who practice the religion be "members"?  But Plaintiff apparently disavows that definition of "membership," see Opp. 15, fn. 9. So who *are* its members?   Is it the Consejo?  Ms. Martin has already sued the Consejo?  The bishops?  All of them or just some?

Plaintiff willfully mischaracterizes the issue, suggesting that Defendant is "asking Plaintiff to provide evidence as to the nature and extent of Defendant's holdings."  Opp. 24.  Plaintiff knows that that's not what the defense is asking for, or what is legally required.  Plaintiff knows that what the defense is asking, and what the law requires, is that Plaintiff specify *who she is suing*.  Plaintiff simply refuses to do so.

Plaintiff's Opposition does not just fail to identify who Ms. Martin claims to be the members of the "LDM" defendant, it affirmatively insists that she doesn't have to.  Opp. 23-24.  She claims she should be permitted to write the name of a religion on a complaint form, call it an "unincorporated association," ask for legal judgment against it *including all its members*, while steadfastly refusing to say who she believes those members are.   She is wrong.

**B.    Plaintiff's Evidence Is Objectionable and Irrelevant.**

Ms. Martin's purported evidence lacks legal or factual merit.  It is inadmissible for numerous reasons set forth in Mr. Garcia's Evidentiary Objections filed herewith.  Even if properly presented, authenticated, and interpreted, none of it would cure the fatal defect in Ms. Martin's pleading: Ms. Martin has failed to

5

identify the alleged members of the purported unincorporated association she is suing.  Because such identification is a necessary prerequisite to suing an unincorporated association, Ms. Martin cannot sue "La Luz Del Mundo" as an unincorporated association.

Mr. Garcia files concurrently Evidentiary Objections to the declarations and evidence submitted by Ms. Martin in her Opposition.  Additionally and/or alternatively, Mr. Garcia requests that Ms. Martin—who has thus far refused to participate in discovery entirely, but has now submitted a lengthy declaration with numerous exhibits—be sworn and subject to examination at the hearing on this Motion.

There is not space in this Reply to provide substantive discussion of all of the putative evidence put forward by Ms. Mallgrave and Ms. Martin as attachments to their declarations.  Mr. Garcia's Evidentiary Objections address them point by point.  Here, a few examples will suffice:

Ms. Mallgrave attaches multiple Secretary of State filings by corporate entities updating their status with the state, claiming that this is evidence of an invisible hand pulling all the entities' strings.  Declaration of Deborah Mallgrave ("Mallgrave Decl."), Doc. 98-1, ¶ 13 & Ex. H. She omits the fact that every corporation in California must make such filings every spring, and inaccurately states that the filings were "simultaneous" when examination of her own exhibit reveals that they were not.  Her theory would equally support the claim that there was an invisible "unincorporated association" pulling the strings of Google, Facebook, Tesla, and Oracle, and coordinating their Secretary of State filings each year.  A plaintiff who believed he had been harmed by such a shadowy cabal could certainly file a lawsuit naming "Big Tech, an unincorporated association."  He would then be required by the court to identify the individuals or entities he contended were members.  He would *not* be permitted to refuse to make any such

REPLY IN SUPPORT OF MOTION TO QUASH SERVICE AND/OR DISMISS

identification, expressly decline to sue any actual tech companies, get a judgment against "Big Tech," and then attempt to seize Facebook's headquarters.

Those corporate filings also underscore the significance of the fact that there exist numerous, actual, identifiable corporate entities, with addresses and designated agents for service of process, that are owned or operated or affiliated with adherents of the La Luz Del Mundo religion. Ms. Martin and her counsel are aware of these entities, but have deliberately chosen *not* to sue any of them. Why? Because they would then have to put on a case against them, and they have no such case. It's much easier for Ms. Martin to claim the existence of an unspecified shadowy cabal, claim to sue "it," refuse to say who or what comprises "it"—and only later try to pursue the assets of churches and companies that Ms. Martin and her attorneys deliberately did not sue, in order to avoid having to put on a case against.

Ms. Martin's references to Mr. Garcia's criminal case are similarly non sequitur. *See* Opp at p. 11, and Malgrave Decl. Ex. F. She quotes from Mr. Garcia's first post-arrest bail hearing, when his initial criminal attorneys (not his present counsel for either the civil or criminal proceedings) explained to the Court Mr. Garcia did *not* have the sort of personal accounts and wealth that the prosecution had asserted (without presenting evidence). The excerpts Ms. Martin cites in fact undermine her arguments, because Mr. Garcia's counsel *denies* that Mr. Garcia is the omnipotent marionnettist pulling the strings of an invisible organization. Opp. p.11.

And Ms. Martin has to deploy misleading use of quotation marks to give the impression that criminal counsel made references to "LDM." The two manipulated pseudo-quotations at the top of the page are particularly disingenuous: Ms. Martin asserts that criminal counsel said that Mr. Garcia was a "'salaried employee' of LDM" and referred to "'bank accounts controlled by' LDM." Opp. p. 11. The key word—"LDM"—is inserted by Ms. Martin's counsel; criminal counsel did not say

7

it.  In fact, counsel referred generically to "the church," in the same way millions of people refer to the Catholic Church every day.

Finally, Ms. Martin refers to a bank account "held in Berea's name." *Id*. Ms. Martin could sue Berea, if she thought she had a case against Berea.  Or she could state in her complaint that Berea is a member of the unincorporated association she has named as a defendant. But she has done neither.

**C. Plaintiff Mischaracterizes the Record Regarding Service on Mr. Garcia**

Plaintiff's claim that "the Court has already determined that LDM is an entity capable of being sued and  has been properly served" is disingenuous.  As explained in the Motion, Motion at 4-5, Plaintiff failed to serve the putative defendant LLDM by the applicable deadline.  After that deadline had passed, Plaintiff filed a motion seeking permission to serve the papers on Mr. Garcia.  Plaintiff noticed the motion for hearing on July 13, 2020, but then agreed, in writing, to re-notice the hearing two weeks, to August 3, 2020.

But Plaintiff failed to change the hearing date.  Plaintiff filed an "amended notice" which was rejected by the Court clerk, with specific instructions that Plaintiff needed to file a request for continuance with a proposed order.  Defense counsel requested that plaintiff do as the clerk's order directed, but Plaintiff's counsel responded that there was no need to file a continuance request, because the court had informed her that the hearing date had been changed.  Motion at 4 (citing documents).

The defense relied upon Plaintiff's counsel's representations, but in fact the hearing date was not moved, and the Court granted Plaintiff's motion at 2:10 p.m. on Monday, June 29, 2020, prior to the deadline for filing an opposition even on the original hearing date of July 13, 2020.  The order, Doc. 65, simply grants an extension of time for as long as necessary until service is permitted in the jail—a standard COVID-19-related procedural extension.  The order makes no findings about whether

REPLY IN SUPPORT OF MOTION TO QUASH SERVICE AND/OR DISMISS

Plaintiff had satisfied the requirements for specification of the membership of an unincorporated association under California law.

Upon issuance of the order, counsel then exchanged further emails about the situation, including a motion for reconsideration, and Plaintiff's counsel stated that "I did agree to continue the hearing and filed the amended notice (as you suggested) and will not oppose your motion on that basis." Supplemental Declaration of Caleb Mason Ex. 1 (full email exchange). Counsel then stated that "we do not know the basis for the Court's ruling," and therefore would not stipulate to vacating the order and re-litigating that motion, continuing that Plaintiff "will not oppose your motion if that is the extent of the information conveyed to the court." *Id*.

Plaintiff changed her position once Mr. Garcia filed the instant Motion to Quash Service under Rule 12(b)(5), however. Plaintiff *now* asserts, *see* Opp. at p.14, that Doc. 65 constitutes the Court's definitive resolution of all legal issues regarding the propriety of suing and serving the purported defendant "La Luz Del Mundo" as an unincorporated association, and that the Court has "already determined" the legal issues addressed in the Motion, in Plaintiff's favor. That position is not supported by facts or law, or by the procedural history of this case and Plaintiff's own prior representations.

**D.    The Court Should Deny Ms. Martin's Request for a Continuance for Additional Discovery, Because She Has Flatly Refused to Participate In Discovery At All Since She Filed this Suit**

Ms. Martin's request for a continuance for jurisdictional discovery lacks merit and should be denied, because she has had the opportunity to conduct discovery since filing this lawsuit, but has adamantly refused to participate in any discovery, and continues to refuse even hold a Rule 26 conference. Defendants have been requesting said conference for six months. *Berardinelli v. Castle &*

*Cooke Inc*., 587 F.2d 37, 39 (9th Cir. 1978), is right on point. Indeed it's virtually identical: the defendant raised a 12(b)(1) challenge (subject-matter jurisdiction based on the nature of the corporation's activities). The plaintiff had five months to take discovery on the issue, but didn't. The district court dismissed the case and the plaintiff argued on appeal that he should have been given an additional opportunity for discovery after the defendant filed its motion. The Ninth Circuit squarely rejected the argument:

> Appellant had ample opportunity for discovery on the jurisdictional issue but chose not to avail himself of it. Five months elapsed between the filing of appellant's complaint and the filing of appellees' motion to dismiss; an additional two months passed between the filing of appellees' motion and the hearing. Appellant made no effort to undertake discovery during this seven month period. Affirmed.

*Berardinelli v. Castle & Cooke Inc*., 587 F.2d 37, 39 (9th Cir. 1978).

Just so here. The defense has been requesting for six months that the parties begin discovery. Ms. Martin has steadfastly refused. As *Berardinelli* teaches, there are consequences to that refusal

**CONCLUSION**

For the foregoing reasons, and the reasons set forth in the Motion, the Court should grant the motion, and quash purported service on "La Luz Del Mundo," and/or dismiss any claims asserted against "La Luz Del Mundo."

DATED: Sep. 4, 2020                    Respectfully submitted,

                                       WERKSMAN JACKSON & QUINN, LLP

                    BY:        /s/ *Caleb E. Mason*
                               ALAN JACKSON
                               CALEB MASON
                               Attorneys for Defendant
                               Naason Joaquin-Garcia

REPLY IN SUPPORT OF MOTION TO QUASH SERVICE AND/OR DISMISS