1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# Caleb Mason

| | |
|---|---|
| **From:** | Deborah Mallgrave <DMallgrave@GGTrialLaw.com> |
| **Sent:** | Wednesday, July 1, 2020 7:20 PM |
| **To:** | 'Reed Aljian' |
| **Cc:** | Caleb Mason; Alan Jackson; Geoff Neri; Ethan Brown; Michael Freedman; Rochelle Rotea; Kenia Galeana; Courtney Dorner; Arielle A. Seidman; Jenira Velez |
| **Subject:** | RE: Martin v. LLDM, et al. |
| **Attachments:** | 2020.06.26 Email.pdf |

Reed,

I appreciate your attempt to memorialize portions of our conference in a professional manner. In the same spirit, I will supplement and/or clarify your summary with the following. As I stated, and indicated in an earlier email to you, I did agree to continue the hearing and file the amended notice (as you requested), and will not oppose your motion on that basis. Since we do not know the basis for the Court's ruling, I cannot agree with your assumption that the Court granted Plaintiff's Motion to Extend Time solely because no opposition was filed. For that reason, Plaintiff cannot stipulate to the relief you seek, but will not oppose your motion if that is the extent of the information conveyed to the court. To the extent you try to cast my conduct as a ploy to avoid defendants from opposing the motion or otherwise make statements to impugn my character, I may have to file a response/opposition to the motion. Since I have not seen your motion, I told you I could not exactly describe what I would do in response.

As you requested, attached is a copy of the email communication between my office and the Court, confirming the Court's acceptance of our filing.

Kind regards,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com



---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, July 1, 2020 2:02 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

I write to memorialize relevant portions of our LR 7-3 Conference call re Motion to Vacate the Order identified in the email chain below.

1. The attorneys on the call were Mr. Neri, Mr. Mason, you and I, representing all of the parties who have appeared in the action.
2. The call commenced at 11 a.m. and lasted approximately 15 minutes.
3. You acknowledged that you had agreed to continue the hearing on the motion.
4. You acknowledged that you had agreed to file the necessary documentation to cause the hearing to be continued.
5. Clearly, we did not file an opposition based upon that agreement and your representations.
6. When the Court notified the parties of filing deficiencies, I asked you to confirm you would remedy the issue and make sure the hearing would be continued. In response, you said "We have been in contact with the Court and confirmed there is nothing for us to do." On the call, I asked for a further explanation of that communication. You said your secretary emailed the clerk and received a written response. You agreed to forward that email to me immediately after the call. I have not yet received that email from you. Please forward.
7. In response to my request that you stipulate to vacate the Order, you refused.
8. In response to my question whether you would not object to a request to vacate the Order, you went back and forth but settled on opposing the relief.
9. I remain very disappointed by these circumstances.

We will proceed accordingly and advise the Court of these matters.

All rights reserved.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

> On Jul 1, 2020, at 10:51 AM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:
>
> Reed,
>
> I agreed to continue the hearing, and filed the amended notice (as you requested), and will not oppose your Motion for Reconsideration on that basis. But given that the Court did not provide us with the basis for its ruling on the Motion to Extend Time, I don't see that we can assume the motion was granted solely because no opposition was filed. We can discuss further at our 11am conference.
>
> Thanks,
> Deb
>
> **Deborah S. Mallgrave**
> *Partner*
> 601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
> 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
> Tel 949.383.2790 | Fax 949.383.2801
> DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Monday, June 29, 2020 4:20 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

We write pursuant to Local Rule 7-3 on a motion to vacate the attached Order, for Reconsideration of the Motion, and for Sanctions. The parties agreed to continue the hearing on Plaintiff's motion to extend time to serve the defendant named as La Luz Del Mundo. You agreed to file the appropriate documentation to cause the hearing to be continued. You obviously knew that we planned to litigate on the merits and to oppose the relief sought. The Court granted the motion and we believe it did so believing the motion was not opposed. We believe this occurred because you did not file the correct document that you had agreed to file to continue the hearing and did not correct the error when it was identified by the Court.

Obviously, we have a right to file an opposition and we would have timely done so if not for our agreement to continue the hearing date. We believe an opposition would have exposed the defects with the relief requested and we believe the language of the Order is legally and factual problematic, for a number of reasons. Rather than seeking relief of Court to vacate the Order, we propose that the parties jointly file the appropriate documentation seeking to vacate the Order and re-noticing the hearing to allow the submissions of oppositions. Please kindly confirm you agree.  If not, please confirm you will agree to participate in the requisite LR 7-3 conference tomorrow. I am generally available all day.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL


> On Jun 26, 2020, at 7:14 PM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:
>
> Reed,
>
> I filed the document and I followed up with the Court.  You are welcome to do the same.
>
> Have a nice weekend.
>
> - Deb

3

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Friday, June 26, 2020 7:11 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

Because you agreed to continue the hearing and you agreed to file the appropriate documentation obtaining the continuance, the Defendants I represent will work with the understanding that you have done or will do as legally required to cause the continuance.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On Jun 26, 2020, at 6:41 PM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:

Reed,

It means the court accepted our filing as is, and told us we didn't need to refile.  I don't know if the Court has continued the hearing yet.  I have not checked the docket.

- Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

4

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Friday, June 26, 2020 5:05 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

Does that mean that the Court continued the hearing? Please clarify.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On Jun 26, 2020, at 4:57 PM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:

Reed,

Yes. We have been in contact with the Court and confirmed there is nothing for us to do.

Best,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Friday, June 26, 2020 9:52 AM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

Please confirm you are addressing the Court's notice of deficiencies, attached.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On Jun 23, 2020, at 12:39 PM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:

Reed,

We will prepare an amended notice and file.

Thanks,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Monday, June 22, 2020 9:38 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

Please kindly file and serve an amended notice of motion continuing the hearing date to the agreed upon date. To avoid Court confusion and burden, please kindly do so by tomorrow end of day.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP

949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On Jun 19, 2020, at 6:01 PM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:

Reed,

I agree to the dates you have proposed, as follows:

1. Without waiving any grounds for opposing the motions or conceding that the defendants seeking to bring the identified motions have standing to do so, or are otherwise entitled to the relief you identified, Plaintiff agrees that Alma Zamora de Joaquin, Adoraim Joaquin Zamora, CCB and the defendants represented by Geoff Neri that have appeared in the action and filed answers, have until and including July 6, 2020 to file a motion to dismiss the complaint as against defendant LDM and/or a motion to quash service of the complaint on LDM.
2. Plaintiff will move the hearing on her Motion for Extension of Time to Serve Defendant La Luz Del Mundo to August 3, 2020.

- Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Friday, June 19, 2020 12:09 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Arielle A. Seidman <ASeidman@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

I write to follow up regarding the email below. Please kindly response asap so that my office can direct resources appropriately.

Reed Aljian
DAILY ALJIAN LLP

949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On Jun 18, 2020, at 5:29 PM, Reed Aljian <ra@dallp.com> wrote:

Ms. Mallgrave,

Given the agreement to extend the time to quash / dismiss 21 days from filing of the purported proofs of service, regardless of the party to move (as discussed during the call), and the agreement to continue the hearing dates, please confirm as follows:

1. Plaintiff agrees to extend the deadline to move to dismiss / quash re the summons allegedly served upon LLDM to July 6;
2. The 21-day deadline to dismiss / quash LLDM is waived; and
3. Plaintiff agrees to continue the hearing on her motion to extend time to serve LLDM to August 3, the date that the intended motion to dismiss / quash will take place.

Upon your confirmation, we will prepare the amended notice of motion for your execution and filing. Please kindly respond asap given the current deadlines to file.

As for your initial statement in the email, I must correct. I do not believe, and have never expressed or stated, that Mr. Garcia would be able to accept service on behalf of the entity named as LLDM. LLDM is not an entity that is subject to service or suit. We have addressed this on several occasions. I am happy to discuss this further if you deem it necessary.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On Jun 18, 2020, at 4:38 PM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:

Reed,

During our call yesterday, as a potential alternative that could resolve our dispute over service of defendant LDM, you suggested that someone (namely Naason Garcia) could accept service on LDM's behalf.  It was later suggested in our call (maybe by Geoff Neri) that

8

such an approach could not be used because anyone accepting service on LDM's behalf would necessarily be waiving the argument the LDM is not an unincorporated association, as alleged in Plaintiff's complaint.  To alleviate that concern, Plaintiff is willing to agree that by accepting service for LDM, that person/party would not be waiving the argument that LDM is not an unincorporated association.  Please let me know if that would be an acceptable solution, or if you could direct Plaintiff's offer to someone in a position to consider the offer for LDM.  If this is acceptable, it obviates the need for Plaintiff's Motion for Extension of Time to Serve Defendant La Luz Del Mundo and we can withdraw that motion.

Additionally, I mentioned during our call that I would respond to you today regarding your requests for additional time for your clients (Alma Zamora de Joaquin, Adoraim Joaquin Zamora, and CCB) to file a motion to dismiss the complaint as against defendant LDM and/or a motion to quash service of the complaint to LDM.  Without waiving any grounds for opposing those motions or conceding that your clients have standing to bring these motions, or are otherwise entitled to the relief you identified, we agree to your request for additional time to file such motions and that your clients have 21 days from the date the proofs of service as to LDM were filed to file their motions.  (Geoff, the same extension and conditions apply to the defendants you represent that have thus far appeared in the action in the event they decide to join in those motions.)  We also agree to move the hearing on Plaintiff's Motion for Extension of Time to Serve Defendant La Luz Del Mundo to the same hearing date as your motion to dismiss the complaint as against defendant LDM and/or a motion to quash service of the complaint to LDM, so our motions may be heard at the same time (unless of course our suggested resolution in the first paragraph of this email is accepted, in which we case we will withdraw our motion).

Kind regards,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, June 17, 2020 4:07 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins

9

<JRobbins@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

The motion would be to dismiss or, in the alternative, to quash. The basis of motion is as follows:

1. As to the timing and related request for additional time to move to dismiss and/or to quash, you personally made false statements on approximately six different occasions regarding alleged service of process and, as a result, your tactics excuse any delay in seeking relief of Court.
2. Motions to dismiss for insufficient service of process are governed by Rule 12(b)(5).
3. Service of process of an alleged unincorporated association that does not have a registered agent is governed by California Corporations Code section 18220. I advised you of this statutory obligation on April 3, 2020, in writing. You ignored the requirement to seek an order of the Court and, instead, sought to serve some unknown individual on behalf to the alleged defendant without leave of Court. Service is defective on its face.
4. Request to shorten time to have a motion heard should be self-explanatory.
5. I reserve the right to add any additional information during the call, where deemed appropriate.

I look forward to speaking with you at 4:30. If you wish to provide any facts in your defense in advance of the meeting, I will happily consider them and be prepared to discuss during the call.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On Jun 17, 2020, at 3:02 PM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:

Reed,

I am trying to understand your position. Please provide facts and authority on which your proposed motion(s) would be based, including any authority for the proposition that one party can move to dismiss or quash service on behalf of another party.

Thank you,
Deb

10

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, June 17, 2020 1:38 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

I wish to discuss the motion and other items on behalf of the three defendants who I have appeared on behalf of in this action. If you contend that my clients lack standing or legal authority to bring the intended motions, you may raise that during the conference and I will consider your position.

My office will send a call-in number.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On Jun 17, 2020, at 1:27 PM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:

Reed,

Please let me know on whose behalf you wish to discuss a motion to dismiss and the other items you identified. Are you now representing LDM? If so, will you accept service on their behalf? We are not seeking or pushing for a default at this time, but are trying to establish service. If you can now accept service for LDM, we can avoid the various motions, send you a notice of acknowledgment, and go from there. If you wish to discuss on behalf of one of your other clients, please explain your client's authority and standing to argue service on LDM's behalf. Assuming you have provided that information, I am available for a call at 4:30pm this afternoon.

11

Thanks,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, June 17, 2020 11:14 AM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Jenira Velez <JVelez@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM, et al.

Ms. Mallgrave,

We wish to schedule a Local Rule 7-3 conference on a motion to dismiss for defective service or, in the alternative, to quash and, if deemed appropriate based upon the outcome of our conference, a motion to shorten time to have the motion heard. In addition, since Plaintiff is now contending service was previously completed and responsive pleadings were due on June 2 or June 4, depending upon the proof filed, we will seek an Order extending the time to move to dismiss / quash. We will be requesting several stipulations to avoid seeking relief of Court. First, we will be requesting a stipulation withdrawing the claimed service if process. If rejected, we will be requesting a stipulation that the deadline to move for relief of Court has not be waived, a stipulation that Plaintiff will not seek entry of default pending the outcome of the motions, and a stipulation to continue the hearing on Plaintiff's motion to extend time to serve to take place on the same date as the motions stated herein.

Given that these matters are time sensitive, I request that the conference take place today. I am available anytime after 2 p.m. Please advise what time works for you. Also, to defense counsel on this email, once Ms. Mallgrave responds, please confirm your availability for the time she chooses.

Sincerely,

Reed Aljian

DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On Jun 17, 2020, at 8:45 AM, Deborah Mallgrave <DMallgrave@GGTrialLaw.com> wrote:

Reed,

The recent filings are consistent with our prior positions and representations.  I have consistently opposed holding a Rule 26 conference, and beginning discovery, until any service issues could be resolved (or we knew whether they could be timely resolved) and we knew where we stood on the pleadings that govern the scope of discovery.  As I understand from the parties' discussions, you and other defense counsel deny LDM can be or has been served, and have refused to assist with service on LDM.  We must have this resolved one way or the other—either our efforts to served LDM have been effective and we can move forward on that basis, or we need additional time to serve LDM through the head of LDM, Naason Garcia.  Without anyone claiming to represent LDM, we are forced to err on the safe side and seek guidance from the Court.

If you are now representing LDM and taking a position on its behalf relating to service, please let me know.  The sooner this is resolved, the sooner we can move beyond service and pleadings issues.

Regards,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Tuesday, June 16, 2020 2:19 PM
**To:** Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Michael Freedman <mfreedman@werksmanjackson.com>; Rochelle Rotea <Rochelle@dallp.com>; Kenia Galeana <kg@dallp.com>; Courtney Dorner <cd@dallp.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>
**Subject:** [EXT] Martin v. LLDM, et al.

Ms. Mallgrave,

As of yesterday, you had repeatedly represented that Plaintiff had not served the defendant named in the complaint as La Luz Del Mundo ("LLDM"). You have made these representations in numerous emails (see, e.g., the attached June 1 email) and during the May 27, 2020 Local Rule 7-3 conference regarding a threatened motion to extend to time serve LLDM, among other times.

Then, late last night you filed three sets of documents with the Court: (1) Docket No. 51, representing that Plaintiff served the defendant named in the Complaint as La Luz Del Mundo ("LLDM") on May 14, with a deadline of June 4 to file responsive pleadings; (2) Docket No. 52, representing Plaintiff served LLDM on May 12, with a deadline of June 2 to file responsive pleadings; and (3) Docket No. 53, a motion to extend time to serve LLDM (which presumes service has not been satisfied). This morning, you filed Docket No. 54, which also represents Plaintiff served LLDM on May 14, with a deadline of June 4 to file responsive pleadings.

Given prior representations (that LLDM has not been served) and the content of the motion (which seeks more time to serve LLDM), I presume that the filing of proofs was inadvertent and/or an internal miscommunication. Please kindly confirm and advise that you will file the appropriate documentation to correct the error and when that will take place. Given the time table to address the motion and proofs, please respond to me by tomorrow morning, June 17, at 10 a.m. to explain how you intend to proceed.

Please understand that absent a timely response and a correction of the record, we will be forced to assume that you have knowingly been making false statements and omissions of fact all along about this matter, to which the Court will be made aware of and appropriate relief will be sought.

I look forward to your response and I certainly hope that this was a simple mistake.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.