Alan Jackson (SBN 173647)
ajackson@werksmanjackson.com
Caleb Mason (SBN 246653)
cmason@werksmanjackson.com
WERKSMAN, JACKSON & QUINN LLP
888 W. 6th St. 4th Floor
Los Angeles, California 90017
Telephone:  (213) 688-04600
Facsimile:   (213) 624-1942
Attorneys for Defendant
*Naason Joaquin-Garcia*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>           Plaintiff,<br><br>     v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>           Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**DEFENDANT'S NOTICE OF REQUEST AND REQUEST PURSUANT TO LOCAL RULE 7–8 TO CROSS-EXAMINE PLAINTIFF AND DECLARANT SOCHIL MARTIN AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Complaint Filed: February 12, 2020<br>Trial Date:  None Set<br><br>District Judge:  Otis D. Wright, II<br>Courtroom:  5D, 5th Floor<br><br>Magistrate Judge:  Alka Sagar<br>Courtroom:  540, 5th Floor<br><br>DATE:  Sept. 21, 2020<br>TIME:  1:30 p.m.<br>CTRM:  5D |

DEFS. REQUEST TO CROSS-EXAMINE

# NOTICE OF REQUEST AND REQUEST

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Local Rule 7-8, Defendant Naason Joaquin Garcia ("Defendant") hereby requests an Order compelling Plaintiff Sochil Martin ("Plaintiff") to appear at the hearing on September 21, 2020, at 1:30 p.m., before the Hon. Otis D. Wright II, in Courtroom 5D of the United States Courthouse for the Central District of California, Western Division, 350 West First Street, Los Angeles, California 90012, on Defendant's Motion To Quash Service Upon Defendant Naason Juaquin Garcia on Behalf of Defendant La Luz Del Mundo And For Dismissal of Defendant La Luz Del Mundo (the "Motion") and an Order granting Defendant's request to cross-examine Plaintiff at the hearing (the "Request"). In the alternative, Defendant requests an Order compelling Plaintiff to appear for deposition in advance of the hearing for cross-examination regarding the factual issues in dispute and the facts alleged in Plaintiff's August 31, 2020 declaration, Docket No. 98-10.

This Request is based upon this Notice of Request and Request, the memorandum of points and authorities in support, all papers and pleadings currently on file with the Court, and such oral and documentary evidence as may be presented to the Court at the time of hearing.

Dated: September 4, 2020          DAILY ALJIAN LLP

                                  By:/s/ Caleb Mason
                                     Reed Aljian
                                     Attorneys for Defendant
                                     NAASON JOAQUIN GARCIA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

In Plaintiff Sochil Martin's six-page declaration filed in support of her Opposition to Defendant's Motion to Quash and Dismiss (the "Motion"), Plaintiff presents numerous factual contentions in support of her allegation that the defendant she named in her Complaint as "La Luz Del Mundo, an unincorporated association" ("LLDM") is a worldwide corporate entity subject to suit. Her declaration presents a variety of allegations including, among other things, that LLDM is a single worldwide corporate entity, that a particular document is LLDM's "bylaws," that LLDM owns assets and operates businesses, that funds that are allegedly LLDM's are allegedly directed to the Apostle at his discretion, and that LLDM "requires its members to sign incorporation records for local LDM locations, put their names on property deed[ ], and sometimes even mortgage liens." These allegations, among others, are the basis for her claim that LLDM is a single corporate or jural entity. Despite making all of these allegations, Plaintiff never explains who she contends are the alleged members of the alleged unincorporated association, which is required a pleading requirement under California and Federal law. In fact, she has continually refused to identify these alleged members, failing to do so in her Complaint, through her attorneys during meet and confer discussions, and in her Opposition. At the same time, while refusing to engage in any discovery during the six months since she filed her complaint, Plaintiff now requests discovery to address the factual issues to be determined by the Court in connection with the adjudication of Defendant's Motion.

As provided by Local Rule 7-8, Defendant requests the opportunity to cross-examine Plaintiff, for two primary reasons: First, through cross-examination, Defendant intends to expose that Plaintiff does not have personal knowledge of the facts she seeks to admit and, therefore, that the facts are inadmissible. Second, Defendant intends to cross-examine Plaintiff to determine who she contends are the

alleged members of the alleged association, a requisite element of alleging the existence unincorporated association. Defendant anticipates that, as a result of this cross-examination, Defendant will establish that not only has Plaintiff not adequately alleged the existence of an unincorporated LLDM association, but also that she cannot satisfy that pleading requirement, confirming that any amendment would be futile.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff filed her Complaint in February 2020, naming 16 defendants, including La Luz Del Mundo in its capacity as an alleged unincorporated association. [Dkt. No. 1.] However, the Complaint does not identify the alleged members of that alleged association. (*Id*.)

In response to the Complaint, Defendants requested the opportunity to proceed with discovery. [Dkt. No. 49-2, ¶10-20.] However, Plaintiff (through her counsel of record) refused to participate in any discovery. [*Id*.] Plaintiff's counsel refused to participate in a Rule 26(f) conference, effecting a unilateral stay of discovery. [*Id*.] Plaintiff's counsel opposed Defendant's motion to Order their appearance at a Rule 26(f) conference. [Dkt. No. 62.] Plaintiff's counsel effectively supported a motion by the Department of Justice to stay discovery. [*Id*., at 16:3-16.]

Plaintiff eventually attempted to effect service of LLDM by delivering the summons and complaint to Defendant Naason Joaquin Garcia. [Dkt. No. 83.]. In response, Defendant moved to quash service and to dismiss LLDM on the basis that LLDM is a religion and not a jural entity subject to suit. [Dkt. No. 90.] The Motion explained that LLDM is a religion and not an incorporated or unincorporated entity subject to suit. The Motion also explained that Plaintiff's Complaint did not identify the alleged members of the alleged association and, therefore, had not properly pleaded an unincorporated association. [*Id*., at 13:3-15:19.]

In her Opposition, Plaintiff contends that LLDM is an unincorporated

association and, therefore, that it is subject to suit. In support of this contention, Plaintiff submitted a six-page declaration, largely containing new facts not previously alleged in her Complaint. [Dkt. No. 98-10.] In that declaration, Plaintiff makes allegations regarding the alleged structure of the alleged association, its alleged operating documents, its alleged management, and its alleged assets and finances. However, Plaintiff did not identify the alleged members of the alleged association. In addition, Plaintiff's Opposition requests the right to take discovery, despite having refused to participate in discovery for six months and having supported a discovery stay. [Dkt. No. 98 at 22:20-23:23.]

## III. ARGUMENT

Local Rule 7-8 provides that parties may cross-examine declarants "…[o]n…motions where an issue of fact is to be determined…." Courts have held that such requests are warranted where the record is insufficient to determine whether a party has satisfied its burden of proof. *Americans for Prosperity Foundation v. Harris*, 2015 WL 12859223, *3 (2015); *see also Rubenstein v. Smith*, 132 F.Supp.3d 1201, 1203 (this Court granting cross-examination at hearing on Rule 12(b)(6) motion). Rule 45(c) of the Federal Rules of Civil Procedure provide that a party may subpoena a person to attend a hearing and to produce documents.

Here, it is Plaintiff's burden to prove the existence of an alleged unincorporated association. *Banks.com, Inc. v. Keery*, 2010 WL 727973, 09-cv-6039-WHA (N.D. Cal. 2010). To prove the existence of an unincorporated association, Plaintiff must plead, at a minimum, the identity of the alleged members of the alleged association, the alleged common purpose of the alleged association, or why fairness requires that the putative defendant should be recognized as a cognizable legal entity. (*Id.*)

Defendant's Motion explains that that LLDM is not an unincorporated entity and is not subject to suit. The Motion also points out that Plaintiff has not satisfied

her legal burden of pleading the members of the unincorporated association and, therefore, that the Complaint is defective on its face. Despite pointing out this defect, Plaintiff's Opposition fails to identify the alleged members of the alleged association. Indeed, Plaintiff's Opposition entirely ignores this pleading requirement. Despite failing to satisfy her legal burden, Plaintiff's Opposition contends LLDM should be recognized as a jural entity subject to suit, relying largely entirety upon new facts alleged in her declaration. Furthermore, while she has refused to participate in discovery during the six months since filing her Complaint, Plaintiff has now changed her position and contends discovery is proper and should be ordered.

Rather than engaging in discovery proceedings designed to delay the adjudication of Defendant's Motion, Defendant requests the right to explore Plaintiff's new allegations in her declaration through cross-examination at the hearing. Defendant intends to establish that Plaintiff's allegations are fraught with hearsay, speculation, and conjecture. As a result, the record will be clear. Plaintiff's new allegations should be deemed inadmissible and disregarded. Furthermore, because Plaintiff has not and cannot properly plead the existence of an unincorporated LLDM association, the record will establish that a dismissal with prejudice of the Complaint as against LLDM is warranted.

## IV. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court compel Plaintiff Sochil Martin to appear at the September 21, 2020 hearing on the Motion and grant Defendant the right to cross-examine Plaintiff regarding the facts alleged in her declaration. In the alternative, Defendant requests an Order compelling Plaintiff to appear at a deposition in advance of the hearing limited to the allegations in her declaration and at issue in the Motion.

Dated: September 4, 2020         DAILY ALJIAN LLP

By:/s/ Caleb Mason
  Alan Jackson
  Caleb Mason
  Attorneys for Defendant
  NAASON JOAQUIN GARCIA