Alan Jackson (SBN 173647)
ajackson@werksmanjackson.com
Caleb Mason (SBN 246653)
cmason@werksmanjackson.com
WERKSMAN, JACKSON & QUINN LLP
888 W. 6th St. 4th Floor
Los Angeles, California 90017
Telephone:   (213) 688-04600
Facsimile:   (213) 624-1942
Attorneys for Defendant
Naason Joaquin-Garcia
Attorneys for Defendants
NAASON JOAQUIN-GARCIA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>Defendants. | Case No.: 2:20−cv−01437 ODW (ASx)<br><br>**DEFENDANT'S OBJECTIONS TO DECLARATION OF DEBORAH S. MALLGRAVE, SUPPLEMENTAL DECLARATION OF DEBORAH S. MALLGRAVE, AND DECLARATION OF PLAINTIFF SOCHIL MARTIN**<br><br>[Filed concurrently: Reply ISO Motion to Quash Service and For Dismissal; Local Rule 7-8 Request To Cross-Examine]<br><br>Complaint Filed:  February 12, 2020<br>Trial Date:          None Set<br><br>District Judge:    Otis D. Wright, II<br>Courtroom:         540, 5th Floor<br>DATE:               Sept. 21, 2020<br>TIME:                         1:30 p.m. |

Defendant Naason Joaquin Garcia ("Defendant") hereby submits the following evidentiary objections to the Declaration of Deborah S. Mallgrave, Supplemental Declaration of Deborah S. Mallgrave, and Declaration of Sochil Martin filed in support of Plaintiff's Opposition to Defendant's Motion to Quash Service and Motion to Dismiss ("Opposition").

**OBJECTIONS TO DECLARATION OF DEBORAH S. MALLGRAVE**

**Objection No. 1:**

**Material Objected to: Mallgrave Decl., Paragraph 2, Ex. A.**

Exhibit A.

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), 801-802 (hearsay), and FRE 201 (judicial notice of adjudicative facts). Exhibit A is an email purportedly drafted by Ms. Mallgrave. It purports to be a summary of facts relating to La Luz Del Mundo, which she allegedly collected third party sources. She fails to allege facts sufficient to establish personal knowledge of any of the facts asserted. To the extent she relies upon records and documents, those records are hearsay, absent an exception that has not been asserted or presented.

**Objection No. 2:**

**Material Objected to: Mallgrave Decl. Paragraph 4, Ex. B.**

Exhibit B.

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 201 (judicial notice of adjudicative facts). The document purports to be a quitclaim deed in the name of Iglesia Del Dio Vivo, Columna y Appollo De La Verdad, Inc. Declarant failed to request that the Court take judicial notice of Quitclaim Deed. The document has not been properly authenticated. And the document is not relevant

because the defendant at issue is La Luz Del Mundo, not Iglesia Del Dio Vivo, Columna y Appollo De La Verdad, Inc.

**Objection No. 3:**

**Material Objected to: Mallgrave Decl. Paragraph 5, lines 21-23**

"On February 14, 2020, during a press conference on behalf of LDM, LDM Spokesperson, Jack Freeman, specifically admitted to the existence of the United States Consejo."

"**Ground(s) for Objection:**

FRE 602 (foundation and speculation) and 801-802 (hearsay). Ms. Mallgave purports to summarize the contents of a document that purports to summarize a press conference. Her summary of a document or an alleged audio file is not admissible.

**Objection No. 4:**

**Material Objected to: Mallgrave Decl. Paragraph 6, lines 24-27**

"In that same press conference, Freeman publicly stated during a press conference that LDM was a "registered 501(c)(3)", and that he worked in "corporate" communications for LDM, and stated that "our lawyers" have not yet received a copy of the complaint, describing a "legal department" of LDM."

"**Ground(s) for Objection:**

FRE 602 (foundation and speculation) and 801-802 (hearsay). Declarant purports to summarize the contents of a document that purports to summarize statements at a press conference. Her summary of a document or an alleged audio file is not admissible.

**Objection No. 5:**

**Material Objected to: Mallgrave Decl. Paragraph 6, lines 27, Ex. C.**

Exhibit C.

"**Ground(s) for Objection:**

DEFENDANT'S EVIDENTIARY OBJECTIONS

801-802 (hearsay), FRE 602 (foundation and speculation), and 901 (lacks authentication). Ms. Mallgrave contends that Exhibit C is a transcript of an alleged press conference that she obtained online that was allegedly transcribed by an employee of her office. The purported exhibit suffers from a host of evidentiary issues, including hearsay, foundation, and authentication and the document is not a certified transcript of what it purports to be.

**Objection No. 6:**

**Material Objected to: Mallgrave Decl. Paragraph 7, lines 3-6**

"As promoted on its website, LDM maintains unified social media accounts on Twitter (@igelsialldm), Facebook (@LaLuzDelMundo.org), YouTube (Iglesia La Luz del Mundo – Ortodoxia), and Instagram (@lldm.iglesia)."

"**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Ms. Mallgrave fails to present facts sufficient to establish that she has personal knowledge of the facts alleged, including that the alleged entity LDM owns or operates any social media accounts, as opposed to some other legal entity.

**Objection No. 7:**

**Material Objected to: Mallgrave Decl. Paragraph 7, lines 6-7**

"Defendant LDM uses their social media accounts, in part, to provide nationwide updates to its members."

"**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), FRE 801-802 (hearsay), and 901 (lacks authentication). Ms. Mallgrave fails to present facts sufficient to establish that she has personal knowledge of the facts alleged, including that the alleged entity LDM owns or operates any social media accounts, as opposed to some other legal entity, or the purpose that the alleged entity utilizes social media.

DEFENDANT'S EVIDENTIARY OBJECTIONS

**Objection No. 8:**

**Material Objected to: Mallgrave Decl. Paragraph 7, lines 7-10.**

"…on August 18, 2020 [sic] the LDM Twitter account tweeted a publication from Ministerio de Comunicacion Socialy Relociones Publicas updating LDM members about Defendant Naasón Joaquín García's criminal case."

**Ground(s) for Objection:**

FRE 401-403 (relevance), 801-802 (hearsay), and FRE 602 (foundation). The social media statement referenced is in Spanish. It appears that Ms. Mallgrave is relying upon an uncertified translation of the alleged social media statement by an unknown person at her office. Ms. Mallgrave's testimony about the content of the document is speculative and based upon hearsay. Additionally, whether a social media account referenced a particular criminal matter is not relevant to the existence of a single unincorporated legal entity.

**Objection No. 9:**

**Material Objected to: Mallgrave Decl. Paragraph 7, lines 10-11, Ex. D.**

Exhibit D.

**Ground(s) for Objection:**

FRE 401-403 (relevance), 801-802 (hearsay), FRE 602 (foundation and speculation), and 901 (lacks authentication). The document is an alleged statement on twitter written in Spanish (with no certified English translation). It purports to be a press release relating to the status of the criminal case against Defendant. It is not relevant because it is not evidence of the existence of a jural corporate entity called La Luz Del Mundo. It is not properly authenticated and lacks foundation because Ms. Mallgrave does not establish personal knowledge of the existence of the twitter statement (or that she speaks Spanish) and the contents of the statement is hearsay.

**Objection No. 10:**

**Material Objected to: Mallgrave Decl. Paragraph 7, lines 11-13, Ex. E.**

Exhibit E.

**Ground(s) for Objection:**

FRE 401-403 (relevance), 801-802 (hearsay), FRE 602 (foundation and speculation), and 901 (lacks authentication). Ms. Mallgrave claims this document is an uncertified translation of a Spanish document created by some unknown person in her office.

**<u>Objection No. 11:</u>**

**Material Objected to: Mallgrave Decl. Paragraph 8, lines 21-24, Ex. F.**

Exhibit F.

**Ground(s) for Objection:**

FRE 201 (judicial notice), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). Ms. Mallgrave failed to seek judicial notice of the alleged transcript and, therefore, neither the document nor its content may be admitted or considered in support of Plaintiff's opposition. Ms. Mallgrave's interpretation or claimed summary of the content are similarly inadmissible. In addition, the alleged statement, which is subject to various misinterpretations, does not establish the existence of a single corporate entity worldwide.

**<u>Objection No. 12:</u>**

**Material Objected to: Mallgrave Decl. Paragraph 8, lines 24-1.**

"During subsequent proceedings in his Petition for Writ of Prohibition and/or Mandamus, Defendant García's counsel described LDM's finances, and intended to proffer expert witness testimony to discuss LDM's mandatory abuse reporting procedures. (See Ex. F (July 16, 2019 Transcript, pp. 28, 41, 42).)"

**Ground(s) for Objection:**

FRE 201 (judicial notice), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best

DEFENDANT'S EVIDENTIARY OBJECTIONS

Evidence Rule). Ms. Mallgrave failed to seek judicial notice of the alleged transcript and, therefore, neither the document nor its content may be admitted or considered in support of Plaintiff's opposition. Ms. Mallgrave's interpretation or claimed summary of the content are similarly inadmissible. In addition, the alleged statement, which is subject to various misinterpretations, does not establish the existence of a single corporate entity worldwide.

**Objection No. 13:**

**Material Objected to: Mallgrave Decl. Paragraph 8, lines 1-2**

"Furthermore, his own counsel referred to Defendant García as a "salaried employee" of LDM."

**Ground(s) for Objection:**

FRE 201 (judicial notice), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). Ms. Mallgrave failed to seek judicial notice of the alleged transcript and, therefore, neither the document nor its content may be admitted or considered in support of Plaintiff's opposition. Ms. Mallgrave's interpretation or claimed summary of the content are similarly inadmissible. In addition, the alleged statement, which is subject to various misinterpretations, does not establish the existence of a single corporate entity worldwide. Moreover, Ms. Mallgrave falsely represents the content of the purported transcripts. Indeed, contrary to Ms. Mallgrave's representations regarding the contents of the transcript, the transcripts do not state that Defendant is a "salaried employee of LDM." The document only states he is a salaried employee. It does not indicate the specific entity where he is employed.

**Objection No. 14:**

**Material Objected to: Mallgrave Decl. Paragraph 9, lines 3-6**

"Naason's counsel…admitted to the use of LDM funds for Naason's personal use, noting that 'the planes that have been provided for him to go to religious events are paid for by the church and are authorized and managed by the church'."

**Ground(s) for Objection:**

FRE 201 (judicial notice), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), and 901 (lacks authentication). Plaintiff failed to seek judicial notice of the alleged transcript and, therefore, neither the document nor its content may be admitted or considered in support of Plaintiff's opposition. Ms. Mallgrave's interpretation or claimed summary of the content are similarly inadmissible. Moreover, Ms. Mallgrave falsely represents the content of the purported transcripts. Ms. Mallgrave contends that the document states that Defendant uses funds of the alleged unincorporated association for personal use. However, the document references the use of planes to attend religious events, not the use of assets for personal reasons.

**Objection No. 15:**

**Material Objected to: Mallgrave Decl. Paragraph 4, lines 18-20, Ex. F.**

Exhibit F.

**Ground(s) for Objection:**

FRE 201 (judicial notice), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), and 901 (lacks authentication). Exhibit F are purported filings with the Court of Appeal. Plaintiff failed to seek judicial notice of the alleged transcript and, therefore, neither the document nor its content may be admitted or considered in support of Plaintiff's opposition.

**Objection No. 16:**

**Material Objected to: Mallgrave Decl. Paragraph 11, lines 16-18.**

DEFENDANT'S EVIDENTIARY OBJECTIONS

"In the same Petition for Writ of Prohibition and bail hearing held on July 15, 2019 discussed above, counsel for Defendant García held out Cesia Karen Minemann as counsel for LDM."

**Ground(s) for Objection:**

FRE 201 (judicial notice), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), and 901 (lacks authentication). Plaintiff failed to seek judicial notice of the alleged transcript and, therefore, neither the document nor its content may be admitted or considered in support of Plaintiff's opposition.

**Objection No. 17:**

**Material Objected to: Mallgrave Decl. Paragraph 11, lines 18-20, Ex. G.**

Exhibit G.

**Ground(s) for Objection:**

FRE 201 (judicial notice), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), and 901 (lacks authentication). Exhibit G are purported excerpts from transcripts in a separate action. Plaintiff failed to seek judicial notice of the alleged transcript and, therefore, neither the document nor its content may be admitted or considered in support of Plaintiff's opposition.

**Objection No. 18:**

**Material Objected to: Mallgrave Decl. Paragraph 12, lines 25-27.**

"My firm has reviewed all records from the California Secretary of State website regarding local incorporated LDM locations, and Yobany Chacon appears on at least twenty state filings as the agent for service of process."

**Ground(s) for Objection:**

FRE 201 (judicial notice of adjudicative facts), FRE 1002 (Best Evidence Rule). Ms. Mallgrave fails to present facts sufficient to establish that she has personal knowledge of the facts alleged. Rather, she is allegedly summarizing information allegedly provided to her by members of her office regarding information they

allegedly obtained from third party sources (online). Plaintiff fails to seek judicial notice of alleged corporate filings. The filings are irrelevant because not one of them are in the name of a entity named "La Luz Del Mundo," which is the named defendant in this case and the party at issue in Defendant's Motion.

**Objection No. 19:**

**Material Objected to: Mallgrave Decl. Paragraph 13, lines 2-4.**

"It appears that since filing the lawsuit in February 2020, at least 11 local LDM locations refiled their incorporation paperwork simultaneously prior to any required date by the State of California."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), 801-802 (hearsay). Ms. Mallgave fails to present facts sufficient to establish that she has personal knowledge of the facts alleged. Rather, she is providing a summary of information allegedly provided to her by third party members of her office regarding information they allegedly obtained from third party sources (online). Plaintiff fails to seek judicial notice of alleged corporate filings. The filings are irrelevant because not one of them are in the name of a entity named "La Luz Del Mundo," which is the named defendant in this case and the party at issue in Defendant's Motion. Further, the alleged "simultaneous" filings are annual state filings and appear to have been filed over the course of an approximately 3-month period after the first of the year.

**Objection No. 20:**

**Material Objected to: Mallgrave Decl. Paragraph 13, lines 2-4.**

Exhibit H.

**Ground(s) for Objection:**

FRE 201 (judicial notice), FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best

Evidence Rule). Exhibit H are purported filings with the California Secretary of State. Plaintiff fails to seek judicial notice of alleged state filings. The filings are irrelevant because not one of them are in the name of an entity named "La Luz Del Mundo," which is the named defendant in this case and the party at issue in Defendant's Motion.

**Objection No. 21:**

**Material Objected to: Mallgrave Decl. Paragraph 13, lines 2-4.**

"Indeed, many are likely victims of the corrupt organization themselves."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay), FRE 611(a) (argumentative).

<u>**OBJECTIONS TO SUPPLEMENTAL DECLARATION OF**</u>

<u>**DEBORAH S. MALLGRAVE**</u>

**Objection No. 1:**

**Material Objected to: Mallgrave Supplemental Decl. Paragraph 2, lines 8-10, Ex. L.**

Exhibit L.

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), and 901 (lacks authentication). Exhibit L is allegedly a certified translation of a document sent to Plaintiff by a third party that Plaintiff claims is are "LDM bylaws." Ms. Mallgrave fails to present sufficient facts establishing that Exhibit L is what she and Plaintiff claim it to be, i.e., the bylaws of the alleged unincorporated entity La Luz Del Mundo. The document allegedly was sent to Plaintiff by a third-party agency. She and Plaintiff are speculating as to the meaning of the contents of the document or its alleged relevance.

**OBJECTIONS TO DECLARATION OF SOCHIL MARTIN**

**Objection No. 1:**

**Material Objected to: Plaintiff Decl. Paragraph 3, lines 11-12.**

"…Defendant LDM operates as a single, commercial enterprise with a hierarchal structure."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), 801-802 (hearsay), FRE 701-702 (improper opinion), and 901 (lacks authentication). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the alleged structure and operations of the alleged corporate entity. According to her complaint, Plaintiff has had no involvement in the religion since October 2016 and, therefore, is speculating as to the current operations and structure of the alleged entity.

**Objection No. 2:**

**Material Objected to: Plaintiff Decl. Paragraph 3, lines 11-12.**

"I was…trusted with information on the organization and structure of LDM."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the beliefs of other persons and is speculating whether those persons actually trusted Plaintiff with any information.

**Objection No. 3:**

**Material Objected to: Plaintiff Decl. Paragraph 3, lines 12-13.**

"Defendant LDM also has a designated Board of Directors, el Consejo de Obispos, in the United States."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), and FRE 701-702 (improper opinion). Plaintiff fails to present facts sufficient to establish that she has personal knowledge that an entity called el Consejo

de Obispos currently exists and that it is affiliated with the alleged unincorporated entity La Luz Del Mundo.

**Objection No. 4:**

**Material Objected to: Plaintiff Decl. Paragraph 3, lines 13-16.**

"To my knowledge, the Consejo in the United States includes Aurelio Zavaleta, Silverio Coronado, Uzziel Joaquín García, Jonathan Mendoza, Daniel Nunez, Noe Lugo, Jose Hernandez, and Augustine Ahumada."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), and FRE 701-702 (improper opinion). Plaintiff fails to present facts sufficient to establish that she has personal knowledge that an entity called Consejo currently exists and that it is affiliated with the alleged unincorporated entity La Luz Del Mundo. On the face of the document, Plaintiff is speculating as to the alleged members of the alleged group.

**Objection No. 5:**

**Material Objected to: Plaintiff Decl. Paragraph 3, lines 16-18.**

"The LDM organization in Mexico has their own Consejo, which includes Nicolas Menchaca, Gilberto García, Silem García, Jose Moreno, Benjamin Chavez, and Rogelio Zamora."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), and FRE 701-702 (improper opinion). Plaintiff is speculating as to the existence of the "Consejo" and its alleged members. Plaintiff is also offering an improper legal opinion that LLDM is an unincorporated association.

**Objection No. 6:**

**Material Objected to: Plaintiff Decl. Paragraph 4, lines 19-20.**

DEFENDANT'S EVIDENTIARY OBJECTIONS

"The Consejo divides the United States ministry across four regions – North, South, East, and Central."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the alleged structure of the alleged entity.

**<u>Objection No. 7:</u>**

**Material Objected to: Plaintiff Decl. Paragraph 5, lines 21-22.**

"The Consejo is headquartered in Los Angeles, California at 127 North Kern Avenue near the East Los Angeles location of LDM."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the existence of an entity called "el Consejo", where it is allegedly headquartered, and whether it has any affiliation with the defendant.

**<u>Objection No. 8:</u>**

**Material Objected to: Plaintiff Decl. Paragraph 6, lines 23-24.**

"The Consejo operates at the administrative and ministerial executive board of LDM and provides oversight and structure to the local LDM locations."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay).

**<u>Objection No. 9:</u>**

**Material Objected to: Plaintiff Decl. Paragraph 7, lines 26-28.**

Exhibit I.

**Ground(s) for Objection:**

DEFENDANT'S EVIDENTIARY OBJECTIONS

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), and 901 (lacks authentication). Exhibit I is an alleged letter allegedly sent to Plaintiff. The document is in Spanish, is partially redacted, and no certified translation is provided.

**Objection No. 10:**

**Material Objected to: Plaintiff Decl. Paragraph 8, lines 1-2.**

"Defendant García and Consejo have a significant amount of authority and oversight over individual churches within LDM."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay).

**Objection No. 11:**

**Material Objected to: Plaintiff Decl. Paragraph 8, lines 2-4.**

"Defendant García and the Consejo set sermon topics, determine the levels of donations to seek from members, and decide on community activities for the local locations."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay).

**Objection No. 12:**

**Material Objected to: Plaintiff Decl. Paragraph 8, lines 4-5.**

"All of the local LDM locations act at the bequest of the overarching LDM entity."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged and how she could possibly have personal

knowledge of the actions of thousands of alleged entities. Plaintiff is speculating and manufacturing evidence that does not exist.

**Objection No. 13:**

**Material Objected to: Plaintiff Decl. Paragraph 9, lines 6-8.**

"The LDM bylaws were included as an exhibit to my criminal file in Mexico, which was provided to me in or around July 2020 by the Federal District Attorney's Office in Mexico."

**Ground(s) for Objection:**

FRE 401-403 (relevance), 801-802 (hearsay), FRE 602 (foundation and speculation), FRE 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). Plaintiff fails to present facts sufficient to establish that she has personal knowledge that the document referenced is what she purports it to be. The record she provides is a document written in Spanish that she claims was provided to her by a third party. Her testimony regarding the meaning and content of the record is speculative and lacks foundation.

**Objection No. 14:**

**Material Objected to: Plaintiff Decl. Paragraph 9, lines 8-10, Ex. J.**

Exhibit J.

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). Exhibit J is a document written in Spanish. Plaintiff fails to present facts sufficient to establish that she has personal knowledge that the document is what she purports it to be, i.e., bylaws of the defendant named as La Luz Del Mundo, especially considering the document itself does not make that statement. Plaintiff explains the document was provided to her by a third-party government entity. Her testimony regarding the

meaning and contents of the record is speculative. The document has not been properly authenticated.

**Objection No. 15:**

**Material Objected to: Plaintiff Decl. Paragraph 10, lines 11-12.**

"The elite LDM members, the Unconditionals or "Los Incondicionales", are established by LDM itself, at the direction of Defendant García."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged.

**Objection No. 16:**

**Material Objected to: Plaintiff Decl. Paragraph 10, lines 12-17.**

"LDM also has regional bodies throughout the United States divided geographically, and contains separate ministry branches, such as the formal Tesoreria, or Treasury, a Ministry of Honor and Justice, Ministry of Culture, a Ministry of Social Media and Public Relations, a Ministry of Land and Construction, and a Ministry of Financial Administration."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). The Plaintiff lacks personal knowledge of the facts alleged. Plaintiff is speculating, manufacturing evidence, and giving an improper opinion.

**Objection No. 17:**

**Material Objected to: Plaintiff Decl. Paragraph 11, lines 18-19.**

"Defendant LDM also owns and operates schools, hospitals, libraries, and other commercial entities."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged. Plaintiff is speculating and manufacturing evidence that "LDM" owns assets and is offering a legal opinion about the structure of the entity.

**Objection No. 18:**

**Material Objected to: Plaintiff Decl. Paragraph 11, lines 19-21.**

"All of the commercial activities Defendant LDM engages in is to benefit the finances of LDM, including Defendant LDM's communication branch, International Berea USA."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged. Plaintiff is speculating and manufacturing evidence that, among other things, "LDM" engages in commercial activities and that International Berea is a "branch" of the defendant named as a Luz Del Mundo.

**Objection No. 19:**

**Material Objected to: Plaintiff Decl. Paragraph 11, lines 21-22.**

"At all official LDM events, Berea instructs members that they cannot take any pictures or footage of their own."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged, including what occurs at "every event" that allegedly takes place.

**Objection No. 20:**

**Material Objected to: Plaintiff Decl. Paragraph 11, lines 22-24.**

DEFENDANT'S EVIDENTIARY OBJECTIONS

"Only Berea is allowed to capture media of LDM events, as they then sell items with such photos or film, or profit from its airing on Berea's dedicated channels."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged.

**<u>Objection No. 21:</u>**

**Material Objected to: Plaintiff Decl. Paragraph 11, lines 24-26.**

"LDM members are also expected to sell goods on behalf of International Berea, such as food items, prayer shawls, hymn books, and LDM memorabilia."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged. Plaintiff is speculating about the expectations of any particular group of individuals and is manufacturing these allegations.

**<u>Objection No. 22:</u>**

**Material Objected to: Plaintiff Decl. Paragraph 11, lines 26-28.**

"All of the proceeds from these sales are spent at the discretion of the Apostle, and those funds which are not used for Berea's operations are given directly to the Apostle."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge how any alleged proceeds from sales are spent, who has control

of those funds, whether those funds are given to the Apostle. Plaintiff is speculating
and manufacturing evidence.

**Objection No. 23:**

**Material Objected to: Plaintiff Decl. Paragraph 12, lines 1-2.**

"Berea additionally runs operations for various LDM entities, including
hospitals, universities, and "charities"."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and
801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has
personal knowledge of any alleged "Berea" operations. Plaintiff is speculating and
manufacturing evidence.

**Objection No. 24:**

**Material Objected to: Plaintiff Decl. Paragraph 12, lines 2-5.**

"Profits from these entities, such as "RASP" (the Regional Alliance of Student
Professionals that purported to be a LDM youth organization intended to help youth
members continue their education and find professional work), go to Berea, which
then provides funds to LDM."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and
801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has
personal knowledge of the facts alleged, whether any "profits" exist, and where any
funds are directed. Plaintiff is speculating and manufacturing evidence.

**Objection No. 25:**

**Material Objected to: Plaintiff Decl. Paragraph 12, lines 5-6.**

"Berea cannot act in any manner contrary to LDM or the Apostle's wishes."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged. Plaintiff is speculating and manufacturing evidence.

**Objection No. 26:**

**Material Objected to: Plaintiff Decl. Paragraph 14, lines 10-12.**

"International Berea also airs sermons, publishes LDM statements, sells LDM branded goods, accepts free labor on behalf of LDM, operates LDM "charities", monitors LDM's social media presence."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Among other evidentiary issues, whether a third-party legal entity airs certain broadcasts is not relevant to the existence of an unincorporated association. Plaintiff does not allege that "International Berea" is a member of the alleged association.

**Objection No. 27:**

**Material Objected to: Plaintiff Decl. Paragraph 14, lines 12-14.**

"Messaging from Berea is seen as the same thing as messaging from the church. LDM spokespeople, such as Jack Freeman and Silem García, operate out of Berea."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Among other evidentiary issues, Plaintiff is speculating how messaging from Berea is "seen" an whether any particular person is a spokesman for any particular entity.  Moreover, even assuming the individuals identified "operate out of Berea" (which is also lacking in foundation

DEFENDANT'S EVIDENTIARY OBJECTIONS

and speculative), the fact is not relevant to the question whether La Luz Del Mundo is an unincorporated association subject to suit.

**Objection No. 28:**

**Material Objected to: Plaintiff Decl. Paragraph 15, lines 15-16.**

"I was required, like all members, to make donations to LDM in three categories: (1) tithings; (2) "special offerings"; and, (3) a "pro templo" donation."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged, including whether "all members" were required make donations. Indeed, Plaintiff is speculating and manufacturing evidence.

**Objection No. 29:**

**Material Objected to: Plaintiff Decl. Paragraph 15, line 17.**

"Tithings and special offerings are dictated by LDM itself."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged Plaintiff is speculating whether offering were "dictated", is speculating, and is manufacturing evidence.

**Objection No. 30:**

**Material Objected to: Plaintiff Decl. Paragraph 15, lines 17-19.**

"The Consejo issues letters to its following at various intervals, describing projects that LDM plans to carry out and the requirement that all members contribute to those projects."

**Ground(s) for Objection:**

DEFENDANT'S EVIDENTIARY OBJECTIONS

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). The Plaintiff lacks personal knowledge of the facts alleged.

**Objection No. 31:**

**Material Objected to: Plaintiff Decl. Paragraph 16, lines 20-22.**

"LDM has a money commission established by LDM leadership. The money commission is responsible for bringing the money to the person established within the Consejo to handle the finances of LDM."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay).

**Objection No. 32:**

**Material Objected to: Plaintiff Decl. Paragraph 16, lines 22-24.**

"While I was a member of LDM, both Defendant García and Defendant Uzziel Joaquín García were the members who were responsible for overseeing the church finances."

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged. While at least with this one allegation, she explains she is only addressing her understanding of what happened while she was "a member", the testimony lacks speculative.  She does not explain the basis for this testimony.

**Objection No. 33:**

**Material Objected to: Plaintiff Decl. Paragraph 18, lines 1-3.**

"Defendant LDM also requires its members to sign incorporation records for local LDM locations, put their names on property deed, and sometimes even mortgage liens."

DEFENDANT'S EVIDENTIARY OBJECTIONS

**Ground(s) for Objection:**

FRE 602 (foundation and speculation), FRE 701-702 (improper opinion), and 801-802 (hearsay). The Plaintiff lacks personal knowledge of the facts alleged. She does not offer a single example to support these claims, such as a record that any person was required to sign. Plaintiff's is speculating manufacturing evidence.

**Objection No. 34:**

**Material Objected to: Plaintiff Decl. Paragraph 19, lines 5-6.**

"Chacon is a well-known lawyer for Defendant LDM."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged, whether Mr. Chacon is an attorney is not relevant, and whether he works for "Defendant LDM" is speculative.

**Objection No. 35:**

**Material Objected to: Plaintiff Decl. Paragraph 19, lines 6-7.**

"My husband confronted Chacon and told him to leave, escorting Chacon back to his car."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged and whether a confrontation took place is not relevant.

**Objection No. 36:**

**Material Objected to: Plaintiff Decl. Paragraph 19, lines 8-9.**

"Chacon's car had the license plate "LAW4LDM'."

**Ground(s) for Objection:**

FRE 401-403 (relevance), FRE 602 (foundation and speculation), 801-802 (hearsay), 901 (lacks authentication), and FRE 1002 (Best Evidence Rule). Plaintiff fails to present facts sufficient to establish that she has personal knowledge of the facts alleged and whether any particular person owns an automobile with a particular license plate is not relevant.

## REQUEST TO RULE UPON AND SUSTAIN OBJECTIONS

Defendant respectfully requests that the Court sustain the objections and strike the evidence referred to herein.

Dated:  September 4, 2020                    DAILY ALJIAN LLP


By:/s/ Caleb Mason
Caleb Mason
Attorneys for Defendant
NAASON JOAQUIN GARCIA

DEFENDANT'S EVIDENTIARY OBJECTIONS