1  DEBORAH S. MALLGRAVE, State Bar No. 198603
    *DMallgrave@GGTrialLaw.com*
2  DESIRÉE N. MURRAY, State Bar No. 330079
    *DMurray@GGTrialLaw.com*
3  GREENBERG GROSS LLP
   650 Town Center Drive, Suite 1700
4  Costa Mesa, California 92626
   Telephone: (949) 383-2800
5  Facsimile: (949) 383-2801

6  MICHAEL G. FINNEGAN, State Bar No. 241091
    *Mike@AndersonAdvocates.com*
7  JENNIFER E. STEIN, State Bar No. 300775
    *Jennifer@AndersonAdvocates.com*
8  JEFF ANDERSON & ASSOCIATES
   11812 San Vincente Boulevard, #503
9  Los Angeles, California, 90049
   Telephone: (310) 357-2425
10 Facsimile: (651) 297-6543

11 Attorneys for Plaintiff SOCHIL MARTIN

12

13            **UNITED STATES DISTRICT COURT**

14    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16 SOCHIL MARTIN,                    Case No. 2:20-cv-01437-ODW-AS

17            Plaintiff,             **OPPOSITION TO DEFENDANT'S**
                                     **REQUEST TO CROSS-EXAMINE**
18       v.                          **PLAINTIFF AND DECLARANT**
                                     **SOCHIL MARTIN**
19 LA LUZ DEL MUNDO, an
   unincorporated association, NAASÓN
20 JOAQUÍN GARCÍA, an individual, EL
   CONSEJO DE OBISPOS, an
21 unincorporated association,        Date:   September 21, 2020
   INTERNATIONAL BEREA USA, an        Time:   1:30 p.m.
22 unincorporated association, GILBERTO  Ctrm:   5D
   GARCÍA GRANADOS, an individual,
23 JOSE HERNANDEZ, an individual,
   UZZIEL JOAQUÍN, an individual,
24 SILVERIO CORONADO, an individual,
   AURELIO ZAVALETA, an individual,
25 JOSE LUIS ESTRADA, an individual,
   JONATHAN MENDOZA, an individual,
26 ALMA ZAMORA DE JOAQUÍN, an
   individual, BENJAMIN JOAQUÍN
27 GARCÍA, an individual, RAHEL
   JOAQUÍN GARCÍA, an individual,
28 ADORAIM JOAQUÍN ZAMORA, an

OPPOSITION TO DEFENDANT'S REQUEST TO CROSS-EXAMINE PLAINTIFF AND DECLARANT SOCHIL
MARTIN

1  individual, DAVID MENDOZA, an
2  individual and DOES 1 through 10, inclusive.

3              Defendants.

Case No. 2:20-cv-01437-ODW-AS
OPPOSITION TO DEFENDANT'S REQUEST TO CROSS-EXAMINE PLAINTIFF AND DECLARANT SOCHIL MARTIN

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ............................................................................................5

II.     RELEVANT FACTUAL BACKGROUND .....................................................6

III.    ARGUMENT ...................................................................................................8

IV.     CONCLUSION ..............................................................................................12

OPPOSITION TO DEFENDANT'S REQUEST TO CROSS-EXAMINE PLAINTIFF AND DECLARANT SOCHIL
MARTIN

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Chartwell Staffing Servs. Inc. v. Atl. Sols. Grp. Inc.*,
    No. 819CV00642JLSJDE, 2019 WL 2610975 (C.D. Cal. May 28, 2019) ...............................10

*Honse v. Shulkin*,
    No. SACV172000JVSDFMX, 2019 WL 4308780 (C.D. Cal. July 25, 2019) ...........................8

*Reddy v. Mediscribes, Inc.*,
    No. EDCV191677JGBSPX, 2020 WL 2220203 (C.D. Cal. Feb. 4, 2020).................................8

*Sec. & Exch. Comm'n v. Gold Standard Mining Corp.*,
    No. CV1205662JGBCWX, 2013 WL 12142371 (C.D. Cal. May 15, 2013).............................8

**Other Authorities**

Local Rule 7-6 ....................................................................................................................8

Local Rule 7-8 ..................................................................................................................8, 9

Case No. 2:20-cv-01437-ODW-AS
OPPOSITION TO DEFENDANT'S REQUEST TO CROSS-EXAMINE PLAINTIFF AND DECLARANT SOCHIL
MARTIN

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.     INTRODUCTION

3      Plaintiff opposes and objects to Defendant Naasón Joaquín García's

4   ("Defendant García") Request to Cross-Examine Plaintiff and Declarant Sochil

5   Martin, as it is unnecessary, inequitable, and harassing.  If this Court determines that

6   more information is necessary to rule on the motion to dismiss Defendant La Luz del

7   Mundo ("LDM") than is presently before it, then Plaintiff respectfully requests that

8   the Court provide for limited discovery from *both* sides before any evidentiary

9   hearing.  A contrary ruling would punish Plaintiff for seeking to provide evidence to

10  support her position, while rewarding Defendant García for consistently and

11  strategically not only failing to provide a shred of evidence in support of his own

12  position, but also for not denying the substance of a single piece of evidence that

13  Plaintiff has painstakingly laid out before the Court.

14      Plaintiff's opposition to Defendant's motion to dismiss proffered a plethora of

15  evidence and facts regarding the status of LDM as an unincorporated association—no

16  small feat given the efforts LDM has taken to obscure its structure and finances.

17  Defendant now seeks Plaintiff's testimony with respect to one small piece of that

18  evidence—her declaration—on the grounds that she has not defined the contours of

19  an unincorporated association.  In addition to inappropriately seeking Plaintiff's

20  testimony as to a legal conclusion (the legal contours of LDM), the requested

21  testimony is also unnecessary given that Plaintiff submitted sufficient uncontroverted

22  proof to deem LDM an unincorporated association even without considering her

23  declaration.  Indeed, by arguing both that Plaintiff's declaration is irrelevant and yet,

24  at the same time, claiming more of the same irrelevant information is necessary to

25  prove Plaintiff wrong and succeed on his motion, Defendant himself implies

26  Plaintiff's testimony is not necessary.  If testimony is deemed necessary by the Court,

27  it should be achieved through a limited deposition as part of the limited discovery

28  that Plaintiff has requested in opposition to the Motion to Dismiss LDM.

In addition to being unnecessary, Plaintiff objects to Defendant's request as inequitable and harassing. This request is but the latest in a long list of harassing tactics by García and LDM intended to extract information from Plaintiff without making any good faith effort to participate in this litigation in any meaningful way. If testimony as to the evidence on this matter were necessary, then equity would demand cross-examination of not only the President of the relevant unincorporated association (testimony that is unobtainable due to García's incarcerated status and his insistence on pleading the fifth with respect to any statement regarding LDM, including whether or not it has a website), but also the spokespersons of LDM who have made statements as to LDM's corporate structure, LDM's inhouse counsel, the author of LDM's bylaws, and even García's own criminal defense counsel who has made statements relevant to this matter in the criminal case. However, Defendant has no interest in participating in an equitable dispute wherein Plaintiff could seek information to the same extent that they believe they are entitled to. Luckily, in this instance, the facts speak for themselves, and the facts Plaintiff has laid out even without her declaration are more than enough to establish that LDM is an unincorporated association. Demanding testimony serves no purpose but to harass and reward an inequitable approach to discovery.

## II.    **RELEVANT FACTUAL BACKGROUND**

On February 12, 2020, Plaintiff filed the Complaint in this matter against Defendants LDM, its leader and self-appointed "Apostle" Naasón Joaquín García, International Berea USA, and various other LDM officials who subjected her to a lifetime of rape and sexual abuse, human trafficking, and forced labor.

Defendants have gone to extraordinary lengths to harass and seek one-sided discovery on Plaintiff in this instant case. Defendants have made it abundantly clear that they aim to exploit the civil discovery process to obtain information protected in the criminal case against Defendant García, but hide from their own discovery obligations in return. On May 19, 2020, Defendant García filed his Answer,

wherein he pleaded the Fifth to all 270 paragraphs of the Complaint. (Dkt. 32). As part of Defendants' concerted effort to harass Plaintiff, Defendants then demanded one-sided discovery in a joint motion to order Plaintiff to participate in a Rule 26 conference *prior* to the deadline set forth in the Court's Scheduling Order. (*See* Def. Joint Mot., Dkt. 49; Court Scheduling Order Dkt. 39). Defendants have even sought to cross-examine Plaintiff's counsel, Deborah Mallgrave, and explicitly requested *all* communications between Plaintiff and Plaintiff's counsel. (*See* Dkt. 68-2). And now here, Defendant LDM and Defendant García seek to dismiss the organizational defendant in this case without providing a shred of evidence or information about it, while demanding cross-examination of the Plaintiff on evidence that they claim in their objections is irrelevant to the present motion. Defendants' motion is predicated on no evidence, no testimony, no facts—only an oft-repeated and irrelevant statement that LDM is a "religion".

      In her response to this motion, Plaintiff has laid out—in addition to her own declaration—a lengthy list of facts that support the conclusion that Defendant LDM is an unincorporated association capable of being sued. Defendants have not denied a single one of those facts, and have provided no facts of their own. LDM now seeks to hold an evidentiary hearing, with absolutely no discovery, to impeach only one source of the many that Plaintiff has offered—her own declaration. Plaintiff's response included facts from many sources, independent of her own personal knowledge including: California Secretary of State filings, the statements of LDM spokespersons to the press and the public, bylaws of LDM, property records, statements of Defendant International Berea USA,[1] and statements made by defense counsel for Defendant García in his criminal proceedings. Defendants have not

---

[1] Defendant García erroneously notes that "Ms. Martin could sue Berea, if she thought she had a case against Berea. Or she could state in her complaint that Berea is a member of the unincorporated association she has named as a defendant. But she has done neither." (Reply, Dkt. 100 at 8). Plaintiff has, in fact, named International Berea USA as a defendant, they were served as an unincorporated association, and have appeared in this case.

Case No. 2:20-cv-01437-ODW-AS

OPPOSITION TO DEFENDANT'S REQUEST TO CROSS-EXAMINE PLAINTIFF AND DECLARANT SOCHIL MARTIN

contested the substance of a single one of these facts.  Because they cannot.  Nor have they presented a single contradictory fact.  Again, because they cannot.

Plaintiff requested, in her response to the pending motion to dismiss, limited discovery with respect to that motion to the extent that the Court deems additional facts necessary to rule on the status of LDM as an unincorporated association. While Plaintiff has made use of every publicly available fact and her own personal knowledge in laying out the nature of LDM, the deliberately opaque nature of LDM—obscured by their intentional effort to eschew the formalities of corporate legality—makes discovery a necessary element of establishing further proof.

III.    **ARGUMENT**

Local Rule 7-6 provides that motions should be "determined upon declarations and other written evidence (including documents, photographs, deposition excerpts, etc.) alone, except that the Court may, in its discretion, require or allow oral examination of any declarant or any other witness."  Here, the documents before the court are sufficient to provide a ruling on Defendant's Motion to Dismiss, and the Request to cross-examine Plaintiff serves no purpose but to harass and create an inequitable record of discovery.  "While the Court has discretion to receive oral testimony, courts rarely allow oral testimony on motions." *Sec. & Exch. Comm'n v. Gold Standard Mining Corp.*, No. CV1205662JGBCWX, 2013 WL 12142371, at *5 (C.D. Cal. May 15, 2013).  *See also, Reddy v. Mediscribes, Inc.*, No. EDCV191677JGBSPX, 2020 WL 2220203, at *1 n.3 (C.D. Cal. Feb. 4, 2020) (same; denying request to cross-examine declarant under Local Rule 7-8 where requesting party provided only general grounds on why such evidence was necessary).  "Far from requiring declarants to be present at the hearing for cross-examination, [Local Rule 7-8] merely outlines the procedure to follow if the Court decides to hold a live hearing that will involve the cross-examination of one or more declarants." *Honse v. Shulkin*, No. SACV172000JVSDFMX, 2019 WL 4308780, at *3 (C.D. Cal. July 25, 2019) (denying a request for cross-examination,

noting that Local Rule 7-8 applies to a limited set of proceedings).

Plaintiff here objects to Defendant's request for cross-examination on the grounds that it is not necessary for the Court to rule on the pending Motion to Dismiss. Plaintiff, both through her declaration and through a long list of uncontroverted facts, provided evidence sufficient to prove that Defendant LDM is an unincorporated association. As discussed herein, Defendant does not contradict Plaintiff's factual allegations or provide any facts to the contrary. Because Defendant did not contest a single fact placed before the Court by Plaintiff on the Motion to Dismiss, the Court now has more than sufficient information to rule on the motion without additional testimony or evidence.

Defendant claims that cross-examination is needed for only two purposes: (1) to impeach Plaintiff's personal experience in LDM, and (2) to require Plaintiff to testify as to the contours of the unincorporated association. As to the first, Defendant has claimed that Plaintiff's declaration is irrelevant, yet here seeks testimony on that declaration, creating a circular and ineffective argument. Moreover, at no point has Defendant, either through his answer to Plaintiff's complaint nor in his pleadings on the Motion to Dismiss, ever denied the facts of Plaintiff's personal experience in LDM, nor provided a contrary set of facts. Attempting to elicit information from Plaintiff when Defendant cannot even deny these basic facts is unfair, inequitable, and unnecessary to rule on the Motion to Dismiss.

As to the second stated purpose for cross-examination, Defendant seeks to define the contours of the unincorporated association LDM. This analysis requires legal conclusions, and is not the proper subject of cross-examination of the Plaintiff. The facts necessary to reach that legal conclusion are in the possession of Defendant, and should be the subject of discovery either in response to the Motion to Dismiss or as part of Rule 26 discovery in a case proceeding against Defendant LDM.

Case No. 2:20-cv-01437-ODW-AS

OPPOSITION TO DEFENDANT'S REQUEST TO CROSS-EXAMINE PLAINTIFF AND DECLARANT SOCHIL MARTIN

1    Neither purpose requires cross-examination of Plaintiff.  Were the Court to

2  require additional information from Plaintiff on either question, that information

3  could properly be sought through a deposition that is part of limited discovery

4  granted to *both sides* on the Motion to Dismiss.  *See, e.g.*, *Chartwell Staffing Servs.*

5  *Inc. v. Atl. Sols. Grp. Inc.*, No. 819CV00642JLSJDE, 2019 WL 2610975, at *1

6  (C.D. Cal. May 28, 2019) (finding cross-examination of declarant was not necessary

7  where defendants were "in no way . . . deprived of the opportunity to challenge

8  Plaintiff's evidence" when given the opportunity to depose the declarant).

9    As Defendant's request is thoroughly unnecessary, the only remaining

10  purposes can be to harass and to continue Defendant's long-pattern of creating

11  inequitable conditions for litigating this matter.  Plaintiff filed her Complaint in

12  February.  Defendants have had nearly seven months to deny or controvert a single

13  fact that is in Plaintiff's complaint regarding the structure of LDM.  Despite months

14  of meet-and-confers on this topic, they have never done so.  Nor have Defendants

15  done so in connection with Defendant García's Motion to Dismiss.  They have not

16  because they cannot.  They cannot deny what has been said publicly by their

17  spokespersons, what they have filed with the Secretary of State's office, what they

18  have said in the criminal defense of Defendant García, nor what is stated in their

19  property records.  Rather than participate in any attempt to resolve a simple

20  procedural issue without wasting the Court's time and resources, they are again

21  before the Court seeking one-sided discovery to harass Plaintiff.

22    Defendant García does not deny he is a salaried employee of LDM.

23  Defendant does not deny that there are bank accounts controlled by LDM.

24  Defendant does not deny that LDM pays for his private planes.  Defendant does not

25  deny that Jack Freeman and Silem García are corporate spokespersons.  Defendant

26  does not deny that LDM has inhouse counsel.  Defendant does not deny that LDM

27  has deliberately eschewed corporate formalities.  And Defendant does not deny that

28  LDM has corporate bylaws.  Forcing Plaintiff to participate in an evidentiary

OPPOSITION TO DEFENDANT'S REQUEST TO CROSS-EXAMINE PLAINTIFF AND DECLARANT SOCHIL MARTIN

hearing when providing no evidence of their own creates an inequitable outcome, wherein Plaintiff is punished for making a good faith effort to participate in this case and Defendants seek to participate only when that participation involves attacking and harassing the Plaintiff.  Defendant García did not even attempt to provide a meaningful answer to Plaintiff's Complaint.  Defendant García is in the best position to provide evidence on the status of LDM, as its President and International Director, yet he does not.

Plaintiff has put forth her personal knowledge before the Court on the issue of the structure of LDM, and Defendant's cross-examination of that testimony will not yield any additional information.  If Plaintiff were subjected to cross-examination, the parties would be in the same exact position they are in now—Plaintiff explains the structure and existence of LDM and Defendant provides no evidence to the contrary.  Defendant's only purpose in seeking this testimony is to harass Plaintiff.

In the event that the Court determines additional information is necessary to decide Defendant's Motion to Dismiss, Plaintiff respectfully renews her request for limited discovery from *both* sides in this case prior to an evidentiary hearing. Defendant's argument that he deserves to cross-examine Plaintiff but is not required to provide a shred of information about his deliberately opaque organization is not equitable, and reinforces practices like those taken by LDM to shield large, corrupt organizations from any accountability.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Case No. 2:20-cv-01437-ODW-AS
OPPOSITION TO DEFENDANT'S REQUEST TO CROSS-EXAMINE PLAINTIFF AND DECLARANT SOCHIL MARTIN

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny
Defendant García's request to cross-examine Plaintiff and Defendant García's
request for an evidentiary hearing, or in the alternative, grant Plaintiff's request for
limited discovery prior to any evidentiary hearing, providing for Plaintiff's limited
testimony within the proper venue of a deposition on the single question of LDM's
structure as an unincorporated association.


DATED:  September 10, 2020          GREENBERG GROSS LLP
                                    Deborah S. Mallgrave
                                    Desiree N. Murray

                                    JEFF ANDERSON & ASSOCIATES
                                    Michael Finnegan
                                    Jennifer E. Stein


                                    By:  _____/s/ Deborah S. Mallgrave_____
                                         Deborah S. Mallgrave
                                         Attorneys for Plaintiff SOCHIL MARTIN