O

# United States District Court
# Central District of California

| | |
|---|---|
| SOCHIL MARTIN;<br><br>            Plaintiff,<br><br>   v.<br>LA LUZ DEL MUNDO, an<br>unincorporated association, et al.,<br><br>           Defendants, | Case No. 2:20-cv-01437-ODW-(ASx)<br><br>**ORDER GRANTING MOTION TO INTERVENE AND TO STAY DISCOVERY PENDING CRIMINAL PROCEEDINGS [50]** |

## I.    INTRODUCTION

On February 12, 2020, Plaintiff Sochil Martin initiated this action against Defendants.[1] (Compl., ECF No. 1.) On June 12, 2020, the People of the State of California filed a Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings ("Motion"). (Mot., ECF No. 50.) For the reasons discussed below, the Court **GRANTS** the Government's motion to intervene and stays discovery in this action.[2]

---

[1] "Defendants" are: Naasón Joaquin Garcia; Communication Center Berea U.S.A. LLC; Jose Hernandez; Uzziel Joaquin; Silverio Coronado; Aurelio Zavaleta; Jose Luis Estrada; Jonathan Mendoza; Alma Elizabeth Joaquin; Benjamin Joaquin Garcia; and Adoraim Josadac Joaquin.

[2] After considering the papers submitted in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. PRELIMINARY MATTERS

Several defendants request that the Court take judicial notice of a transcript of a press conference purportedly held by Plaintiff and her attorneys. (*See* Req. Jud. Notice 1, ECF No. 59.) Federal Rule of Evidence 201 provides that courts may take judicial notice of facts that are not subject to reasonable dispute because they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The accuracy of the purported transcript is questionable. The document is not dated, and no individual has attested to the accuracy of the transcription or translation. (*See* Decl. of Geoffrey A. Neri ("Neri Decl.") Ex. A, ECF No. 58-1.) As such, the Court finds that the accuracy of the transcript is subject to reasonable dispute and DENIES the Request for Judicial Notice. (ECF No. 59.)

## III. FACTUAL BACKGROUND

### A. Civil Complaint

Plaintiff Sochil Martin filed this action, bringing claims under 18 U.S.C. § 1584 (Involuntary Servitude), 18 U.S.C. § 1589 (Forced Labor), 18 U.S.C. § 1590 (Trafficking With Respect to Forced Labor or Involuntary Servitude), 18 U.S.C. § 1594 (Conspiracy to Violate the Trafficking Victims Protection Reauthorization Act), 18 U.S.C. § 1590(b) (Obstructing Enforcement of the Trafficking Victims Protection Reauthorization Act), 18 U.S.C. § 1593(A) (Benefitting Financially from Trafficking in Persons), 29 U.S.C. § 201 *et. seq.* (Unpaid Labor), California Labor Code sections 1197, 226.7, 1198.5, 203 (Unpaid Wages), 18 U.S.C. § 1961 *et. seq.* (Racketeering), California Civil Code section 1708.5 (Sexual Battery), and California Civil Code section 52.4 (Gender Violence). (*See generally* Compl. ¶¶ 157–270.)

Plaintiff alleges that from the age of nine to thirty, she was enslaved, trafficked, and sexually abused by the leaders of La Luz Del Mundo church ("Church")—Samuel Joaquin Flores and Naasón Joaquin Garcia. (*Id.* ¶¶ 2, 4.) Plaintiff further alleges

various members of the Church's senior leadership directed, assisted, conspired, and acted in concert with each other to commit the abuse and other harms she endured. (*See generally id.*) According to Plaintiff, before and after she escaped from the Church, "she witnessed or learned of hundreds of other children and young women subjected to sexual abuse" at the hands of the Church's leadership, and asserts that "[b]oth sexual abuse and forced labor are systematic practices that have been institutionalized" within the Church. (*Id.* ¶ 6.)

**B.     Criminal Proceedings**

Prior to Plaintiff filing her Complaint, on June 4, 2019, the California Department of Justice charged Defendant Naasón Joaquin Garcia ("Garcia") with sexually assaulting and/or trafficking four Jane Does, including three minors. (*See* Mot. 2.) According to the DOJ's investigation, Garcia and his co-conspirators groomed young girls and then recruited them to participate in pornographic photo shoots for Garcia's personal enjoyment. (*Id.*)

On September 26, 2019, the Los Angeles Superior Court granted the Government's motion to restrict the identities of the victims and witnesses in the criminal proceeding, and denied the defense's motion to discover that information. (*Id.* at 3.) To protect their identities, the alleged victims in the criminal case are identified only as "Jane Does." (*Id.*)

In April 2020, the California Court of Appeal, Second District reviewed the criminal matter, case number B302119. (*Id.* at 2.) The Court of Appeal ruled that the Superior Court failed to take a preliminary hearing time waiver, requiring the case to be dismissed on procedural grounds. (*Id.*) The Government has represented to the Court that they will immediately re-file the case upon remittitur and seek to advance the case within the statutory time frames, to prevent any undue delay or change in circumstance. (*Id.*)

The Government now moves to intervene in this action as of right, and in the alternative, permissively, for the limited purpose of staying discovery until the

pending criminal investigation and proceedings against Garcia and his alleged co-conspirators are resolved. (*See generally* Mot.) Defendants oppose the Motion. (*See* Opp'ns Mot., ECF Nos. 57, 60, 61.) Plaintiff does not oppose the Motion.

## IV. DISCUSSION

The Government's Motion requires a two-step approach: first, the Court must determine whether intervention is appropriate, and if so, second, it must decide whether to stay discovery pending the resolution of the criminal proceeding.

### A. Intervention as of Right

The Ninth Circuit requires an applicant for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) to demonstrate that: (1) the application is timely; (2) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (quoting *United States v. City of L.A.*, 288 F.3d 391, 397 (9th Cir. 2002)). "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *cert. denied sub nom. Hoohuli v. Lingle*, 540 U.S. 1017 (2003).

#### 1. Timeliness

The Government's Motion is timely. *See Alisal Water Corp.*, 370 F.3d at 919. Courts consider three factors in determining whether a motion to intervene is timely: "the stage of the proceeding, prejudice to other parties, and the reason for and length of the delay." *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). First, the parties have not engaged in discovery, no trial date has been set, and the Court has not ruled on any substantive motions. This case is still in the early stages.

Second, the only prejudice that is relevant under this factor "is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably

should have known, that his interests were not being adequately represented." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (alteration in original). Where a motion to intervene comes "well before the court has addressed any of the parties' many anticipated motions" this factor weights heavily in favor of granting the motion. *See Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 649 (N.D. Cal. 2004). This case is still in the early stages of litigation. The Government's intervention will cause very little (if any) prejudice to Defendants.

Third, the Government filed the Motion only four months after Plaintiff initiated the action. The Government appears to suggest that the impact of the COVID-19 pandemic, stay-at-home orders, and the closure of legal offices delayed its filing. (Reply ISO Mot. 8, ECF No. 66.) Nevertheless, "[w]here the first and second timeliness factors weigh in favor of intervention" the motion may be found timely. *See Smith*, 830 F.3d at 861.

In sum, the Government filed its Motion only four months after Plaintiff filed the Complaint—before the parties engaged in any discovery and before the Court issued any substantive rulings. Despite Defendants' contentions, a lot of water has not passed under the metaphorical "litigation bridge" in this case. (*See* Opp'n 12, ECF No. 57 (quoting *Alisal Water Corp.*, 370 F.3d at 922).) Accordingly, the Court finds the Government's Motion timely.

### 2. Significant Protectable Interest

The Government has a significant protectable interest in this action. *See Alisal Water Corp.*, 370 F.3d at 919. "Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). Although, "[n]o specific legal or equitable interest need be established," a movant must still demonstrate a "significantly protectable interest" in the litigation. *Id.* Courts have recognized that the government has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal

matter." *Sec. & Exch. Comm'n v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988); *see also Sec. & Exch. Comm'n v. Nicholas*, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008) ("[N]umerous courts have allowed the [government] to intervene in a civil case for the purpose of moving to stay discovery and other proceedings until the resolution of a related criminal case.").

The Government argues that it has a significant interest in this litigation because permitting discovery in this case would impair the criminal investigation and proceeding. (Mot. 6.) This case and the pending criminal proceeding involve claims against Garcia for using his position of power within the Church to traffic and commit sex crimes against young women. (*Id.*) The Government further argues that it has "a compelling interest in protecting the physical safety and privacy of the victims" in the criminal investigation and proceeding, who will likely be the subject of discovery in this civil case. (*Id.* at 7.)

Recognizing the importance of protecting the witnesses and victims, the Los Angeles Superior Court granted the Government's motion to restrict the identities of the victims and witnesses in the criminal proceeding. (*Id.*) Pursuant to that court's order, the Government was not required to disclose victim and witness information to the defense in the criminal matter. (*Id.*)

The criminal proceeding against Garcia involves similar questions of law and fact at issue in this case. Both cases accuse Garcia of human trafficking and sexually assaulting young girls. As this case proceeds, it is highly likely that through discovery Garcia may seek to circumvent the more limited scope of discovery in the criminal matter and obtain the identity of victims and witnesses that are protected from disclosure in that case.[3] To illustrate, Plaintiff alleges that before she escaped the Church, "she witnessed or learned of hundreds of other children and young women subjected to sexual abuse at the hands of" the Church's leadership. (Compl. ¶ 6.) The

---

[3] Garcia's counsel represents him in both the criminal and civil proceeding. (Mot. 3.) The motions filed by Garcia in the criminal proceeding and in connection with this Motion suggest he will attempt to discover that protected information in this case.

factual overlap of the cases suggests that the names of those children and young women may be the same victims whose identities are protected from disclosure in the criminal matter. Importantly, the Superior Court issued an order that prohibits Garcia from discovering the identities of the victims in the criminal proceeding. Therefore, the Court finds that the Government has sufficiently demonstrated a significant interest in protecting the identities of the victims and witnesses that may be disclosed in this case.

### 3. Impairment of Interests

The Government's significant interest in maintaining the confidentiality of the identities of the victims and witnesses in the criminal proceeding will be impaired if the cases proceed simultaneously. *See Alisal Water Corp.*, 370 F.3d at 919. The inquiry here is "whether disposition of this action may, as a practical matter, impair or impede" the Government's ability to protect its interest. *San Joaquin River Grp. Auth. v. Nat'l Marine Fisheries Serv.*, No. 1:11-CV-00725 OWW, 2011 WL 2971140, at *6 (E.D. Cal. July 19, 2011). "This requirement demands only a showing that the applicant 'would be substantially affected in a practical sense by the determination made in an action.'" *Id.* (citing *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001)).

The Superior Court's order prohibiting Garcia from obtaining the names and addresses of witnesses in the criminal matter does not prevent him or the other Defendants from obtaining discovery on the same subject in *this* case. As a result, the Government's interest would be practically impaired if discovery commences and Plaintiff is required to disclose victims' and witnesses' identities. The Court finds the Government satisfies this requirement as well.

### 4. Inadequacy of Representation

Plaintiff may not adequately protect the Government's interest in this case. *See Alisal Water Corp.*, 370 F.3d at 919. "The burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that

representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki*, 324 F.3d at 1086).

The Government's interest in this action is to keep confidential the identities of the victims and witnesses in the criminal proceeding. (Reply ISO Mot. 13.) The Government argues that no party in this case can adequately protect its interest, because, absent intervention and a court order staying discovery, confidential witness and victim information will inevitably be disclosed to Garcia. (Mot. 7.)

The Court agrees. No party in this action has interests that align with the Government's interest to maintain the confidentiality of witnesses and victims in the pending criminal case. Plaintiff and Defendants will pursue discovery related to Plaintiff's claim that Defendants abused and trafficked young girls and women. It follows that the identities of those victims will inevitably be the subject of discovery requests, as the victims' existence goes to the heart of some of Plaintiff's claims. As such, the Parties' interests in discovery in this case directly conflict with the Government's ultimate objective, keeping the identities of those alleged victims confidential. Therefore, this element is satisfied.

To intervene in this case the Government must demonstrate that: (1) its application is timely; (2) it has a significant protectable interest; (3) disposition of this matter may impede its interest; and (4) the parties may not adequately protect its interest. *Alisal Water Corp.*, 370 F.3d at 919. For the foregoing reasons, the Court finds the Rule 24(a)(2) requirements met. Accordingly, the Court GRANTS the Government's intervention for the limited purpose of filing its motion to stay discovery pending resolution of the criminal matter.[4]

---

[4] In light of this determination, the Court finds the parties' arguments concerning permissive intervention moot.

**B.     Request to Stay Discovery**

The Court next considers the Government's request to stay discovery. "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem [] to require such action.'" *Id.* (alterations in original) (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). In deciding whether to stay civil proceedings in light of parallel criminal proceedings, courts should look to "particular circumstances and competing interests involved in the case" and consider the following factors: (1) the plaintiff's interest in proceeding expeditiously with the litigation and the potential prejudice of a delay; (2) non-party interests; (3) the public's interest in the pending civil and criminal litigation; (4) judicial efficiency; (5) the burden the proceedings may impose on the defendant; and (6) the extent to which the defendant's Fifth Amendment rights are implicated. *Id.* at 324–25.

Here, the *Keating* factors weigh heavily in favor of granting a stay of discovery. First, Plaintiff has not objected to a stay. Second, as discussed above, a paramount concern here is the Government's interest in protecting the identities of witnesses and victims in the related ongoing criminal investigation and proceeding. The Government represents that it will immediately refile the criminal case, however, even in the interim third-party interests of confidentiality are a significant concern. Third, the public has a vital interest in preventing parties from using civil litigation to subvert a criminal prosecution. *See Halliday v. Spjute*, No. 1:07-CV-00620 AWI GSA, 2008 WL 5068588, at *4 (E.D. Cal. Nov. 25, 2008) (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)) ("Administrative policy gives priority to the public interest in law enforcement, such that a trial judge must give substantial weight to it in balancing the policy against the rights of a civil litigant in prompt

determination of his claims."). It likely that the broader rules of civil discovery could be used to compromise the ongoing criminal investigation and proceedings.

Fourth, the criminal matter involves overlapping issues of law and fact concerning the leaders of the Church and allegations of human trafficking and sexual abuse of young girls. (*See* Mot. 11–12.) Permitting both actions to proceed simultaneously could expose the victims in the criminal proceeding to needless risk. Fifth, the burden a stay places on Defendants here is minimal. The Government explains that, given the "serious nature of the charges and the fact that two of the defendants remain in custody—Garcia without bail," the criminal proceeding will be prioritized by the criminal court system. (*Id.*) The Government intends to "move forward as quickly as possible" with the criminal case such that any delay caused by a temporary stay of discovery here will be relatively short. (*Id.*) Sixth and finally, in this case, the Government seeks a stay of discovery—not Defendants. Indeed, Defendants resist the stay. (*See* Opp'ns Mot., ECF Nos. 57, 60, 61.) As such, Defendants are not arguing that dual proceedings may prejudice their Fifth Amendment privilege. Thus, that factor is inapplicable. *See, e.g.*, *Sec. & Exch. Comm'n v. Christian Stanley, Inc.,* No. CV 11-7147-GHK (MANx), 2012 WL 13009158, at \*7 (C.D. Cal. Sept. 6, 2012) (explaining that typically the defendant seeks a stay and argues discovery will prejudice their Fifth Amendment privilege—that is not the case here.)

Weighing all the *Keating* factors, the Court determines that a limited stay of discovery pending resolution of the criminal proceeding is justified at this time.[5]

## V. CONCLUSION

For the reasons discussed above, the Court hereby **GRANTS** the Government's motion to intervene and stay all discovery in this action pending resolution of the criminal proceeding, or until the Court determines a stay is no longer

---

[5] In light of the Court's determination that a stay of discovery is warranted, it need not consider the Government's remaining argument to stay pursuant to 18 U.S.C. § 595(b)(1) (Trafficking Victims Protection and Reauthorization Act). (*See* Mot. 14.)

warranted. (ECF No. 50.) Discovery in this case is stayed for 120 days. The Government is **ORDERED** to file a status report regarding the criminal proceeding explaining to the Court the need to maintain the stay in this action every 90 days. The Government is **ORDERED** to file an initial status report regarding the criminal proceedings by October 14, 2020.

    **IT IS SO ORDERED.**

DATED: September 29, 2020

Hon. Otis D. Wright II
United States District Judge