**O**

# United States District Court
# Central District of California

| | |
|---|---|
| SOCHIL MARTIN, | Case No. 2:20-cv-01437-ODW-(ASx) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE [48]** |
| v. | |
| LA LUZ DEL MUNDO, et al., | |
| Defendants. | |

## I.   INTRODUCTION

On February 12, 2020, Plaintiff Sochil Martin initiated this action against sixteen defendants, including Defendant Naasón Joaquin Garcia ("Garcia"). (Compl., ECF No. 1.)  On May 19, 2020, Garcia filed an Answer, in which he asserts the Fifth Amendment privilege against self-incrimination as to every paragraph in the Complaint.  (*See* Answer, ECF No. 32.)  On June 9, 2020, Martin moved to strike Garcia's Answer, and argues Garcia's "blanket" invocation of the Fifth Amendment is improper.  (Mot. Strike Answer ("Mot.") 1, ECF No. 48.)  For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.[1]

---

[1] After considering the papers submitted in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.    FACTUAL BACKGROUND

In this action, Martin brings claims under 18 U.S.C. § 1584 (Involuntary Servitude), 18 U.S.C. § 1589 (Forced Labor), 18 U.S.C. § 1590 (Trafficking With Respect to Forced Labor or Involuntary Servitude), 18 U.S.C. § 1594 (Conspiracy to Violate the Trafficking Victims Protection Reauthorization Act), 18 U.S.C. § 1590(b) (Obstructing Enforcement of the Trafficking Victims Protection Reauthorization Act), 18 U.S.C. § 1593(A) (Benefitting Financially from Trafficking in Persons), 29 U.S.C. § 201 *et. seq.* (Unpaid Labor), California Labor Code sections 1197, 226.7, 1198.5, 203 (Unpaid Wages), 18 U.S.C. § 1961 *et. seq.* (Racketeering), California Civil Code section 1708.5 (Sexual Battery), and California Civil Code section 52.4 (Gender Violence).  (*See generally* Compl. ¶¶ 157–270.)

Martin alleges that from the age of nine to thirty, she was enslaved, trafficked, and sexually abused by the leaders of La Luz Del Mundo church ("Church")—Garcia and Samuel Joaquin Flores.  (*Id.* ¶¶ 2, 4.)  She further alleges various members of the Church's senior leadership directed, assisted, conspired, and acted in concert with each other to commit the abuse and other harms she endured.  (*See generally id.*)  According to Martin, before and after she escaped from the Church, "she witnessed or learned of hundreds of other children and young women subjected to sexual abuse" at the hands of the Church's leadership, and asserts that "[b]oth sexual abuse and forced labor are systematic practices that have been institutionalized" within the Church.  (*Id.* ¶ 6.)

Prior to Martin filing her Complaint, on June 4, 2019, the California Department of Justice charged Garcia with sexually assaulting and/or trafficking four Jane Does, including three minors.  (*See* Mot. Intervene, ECF No. 50.)  The initial criminal proceeding was dismissed on procedural grounds, but the Government refiled the criminal complaint in the Los Angeles Superior Court on July 30, 2020.  (*Id.* at 2; Government's Status Report ("Status Report"), ECF No. 109.)

On May 19, 2020, Garcia answered Martin's Complaint and asserts his Fifth Amendment privilege against self-incrimination in response to every paragraph in the Complaint in light of the ongoing parallel "criminal prosecution." (Answer ¶¶ 1–270.) Martin moves to strike Garcia's Answer; she contends an invocation of the Fifth Amendment privilege must be: (1) specific; (2) in good faith; and (3) establish a nexus between the allegation being denied and the fear of prosecution. (*See* Mot. 1.)

### III. LEGAL STANDARD

Under Rule 12(f), the Court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); *see also Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("Courts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations.").

"In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). "Thus, 'before granting such a motion, the court must be satisfied that there are no questions of fact, that the claim or defense is insufficient as a matter of law, and that under no circumstance could it succeed.'" *Id.* (alterations omitted) (quoting *Tristar Pictures, Inc. v. Del Taco, Inc.*, No. CV 99-07655-DDP (Ex), 1999 WL 33260839, at *1 (C.D. Cal. Aug. 31, 1999)).

1

### IV.   DISCUSSION

2     In Garcia's Answer, he declines to respond to Martin's allegations and asserts

3  his Fifth Amendment privilege against self-incrimination as to every paragraph in the

4  Complaint.   (*See generally* Answer.)   The Court finds that Garcia's assertions of the

5  Fifth Amendment privilege are proper, apart from his assertions in response to the

6  allegations concerning jurisdiction and venue.

7     "The privilege against self-incrimination may be invoked in civil as well as

8  criminal proceedings."   *Baker v. Limber*, 647 F.2d 912, 916 (9th Cir. 1981) (citing

9  *Kastigar v. United States*, 406 U.S. 441, 445 (1972)).   In a civil proceeding, the

10  invocation of the privilege is "limited to those circumstances in which the person

11  invoking the privilege reasonably believes that his disclosures could be used in a

12  criminal prosecution, or could lead to other evidence that could be used in that

13  manner."   *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000);

14  *Baker*, 647 F.2d at 917 ("Some nexus between the risk of criminal conviction and the

15  information requested must exist.").   The privilege "is not asserted properly by merely

16  declaring that an answer will incriminate."   *Baker*, 647 F.2d at 916 (quoting

17  *Brunswick Corp. v. Doff*, 638 F.2d 108, 110 (9th Cir. 1981)).   Instead, it must be

18  "evident from the implications of the question, in the setting in which it is asked, that

19  a responsive answer to the question or an explanation of why it cannot be answered"

20  might incriminate the defendant.   *Id.* at 917 (quoting *Hoffman v. United States*, 341

21  U.S. 479, 486–87 (1951)).

22     Garcia provides a proper foundation for his assertion of the Fifth Amendment

23  privilege through his reference to the ongoing criminal prosecution.   (*See* Answer 1.)

24  In the Answer's prefatory paragraph, Garcia specifically states: "Defendant is

25  presently facing criminal prosecution" in a related criminal case.   (Answer 1.)

26  Although Garcia could have provided more detail regarding the relevance of the

27  criminal proceeding, Martin cannot seriously feign ignorance of the "nexus" between

28  this case and the criminal case where she is in direct communication with the

California Attorney General's Office—the agency prosecuting the criminal case.  (*See* Mot. 4; Opp'n Mot. Strike ("Opp'n") 10, ECF No. 56.)  Thus, the general reference to the criminal case, taken in the light most favorable to Garcia, establishes a foundation for his assertion of the Fifth Amendment privilege against self-incrimination.  *See, e.g.*, *Baker*, 647 F.2d at 917 (a defendant must merely describe the criminal case so that the nexus between the civil and criminal case is evident).

In light of the ongoing parallel criminal prosecution, Garcia's belief that his responses to the allegations in the Complaint could be used against him in the criminal proceeding is reasonable.  (*See* Opp'n 21); *see Glanzer*, 232 F.3d at 1263 (a defendant need only reasonably believe that his responses could be used in the criminal prosecution, "or could lead to other evidence that could be used in that manner.").  Here, "[b]oth [cases] allege that the entire [Church] operates as a vehicle for widespread criminal activity, and that [Garcia] controls it all and is liable for the actions of others within the religious denomination."  (Opp'n 21.)

Martin contends that, at a minimum, the Court should require Garcia to respond to a list of thirty-eight complete and twenty partial paragraphs from the 270 paragraph civil Complaint, as these selected paragraphs "d[o] not appear to raise Fifth Amendment concerns" for Garcia.  (Mot. 6.)  It is not Martin's role to determine Garcia's risk of self-incrimination.  Moreover, the Complaint is rife with allegations that Garcia is the mastermind behind a criminal enterprise, and even the paragraphs Martin claims do not appear to raise Fifth Amendment concerns (e.g., ¶¶ 15, 17, 21) relate to Garcia's knowledge of the Church's organizational structure, his position in it, and his responsibility for the actions of others.  Therefore, Garcia properly invokes the Fifth Amendment privilege as to paragraphs 1–9, and 13–270.

Nevertheless, the Court finds that Garcia improperly asserts the privilege as to paragraphs 10–12, which only concern jurisdiction and venue.  (*See* Answer ¶¶ 10–12); *see Hoffman*, 341 U.S. at 486 (the privilege is "confined to instances where the [defendant] has reasonable cause to apprehend danger from a direct answer.").

It is hard to fathom the danger in responding to allegations concerning jurisdiction and venue, and Garcia has suggested his willingness to respond to such allegations.  (*See* Opp'n 3.)

### V.    CONCLUSION

In sum, Garcia's invocation of the Fifth Amendment privilege against self-incrimination is proper as to paragraphs 1–9 and 13–270; thus, the Court **DENIES IN PART** the Motion as to these paragraphs.   The Court **GRANTS IN PART** the Motion with respect to the paragraphs concerning jurisdiction and venue, 10–12.  Within fourteen (14) days of this Order, Garcia may file an amended answer to Martin's Complaint that is consistent with this Order.

**IT IS SO ORDERED.**

October 30, 2020

_____
        OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE