O

# United States District Court
# Central District of California

| | |
|---|---|
| SOCHIL MARTIN,<br><br>      Plaintiff,<br><br>  v.<br><br>LA LUZ DEL MUNDO, et al.,<br><br>      Defendants. | Case No. 2:20-cv-01437-ODW (ASx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO QUASH SERVICE [81]** |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Sochil Martin initiated this case on February 12, 2020. (*See* Compl., ECF No. 1.) On May 15, 2020, Martin filed a Proof of Service, which states that she served the Summons and Complaint on Defendant Rahel Garcia via substitute service. (Proof of Service, ECF No. 21.) Presently before the Court is Garcia's Motion to Dismiss under Federal Rules of Civil Procedure ("Rules") 12(b)(5) and (b)(2) for deficient service and lack of personal jurisdiction. (*See* Mot. Dismiss ("Motion" or "Mot."), ECF Nos. 81–82.) The Motion is fully briefed. (*See* Opp'n, ECF No. 84; Reply, ECF No. 88.) For the reasons that follow, the Court **GRANTS** Garcia's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. LEGAL STANDARD

Under Rule 12(b)(5), a party may seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Service of process is a prerequisite for personal jurisdiction over a defendant." *C&sm Int'l v. Prettylittlething.com Ltd.*, No. CV 19-4046-CBM (KSx), 2019 WL 7882077, at *1 (C.D. Cal. Oct. 8, 2019) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[] . . . or there is no personal jurisdiction.")). "Once service is challenged, [the] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If Plaintiff fails to meet [her] burden, the court has discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit reservice." *C&sm*, 2019 WL 7882077, at *1 (citing *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006)).

## III. DISCUSSION

Garcia contends the Court should dismiss her from this case pursuant to Rule 12(b)(5) or, alternatively, quash service because she was not properly served with the Complaint and Summons. (*See generally* Mot.) Specifically, Garcia argues that (1) Martin failed to comply with Rule 4(f) and the Hague Convention, which together govern service on a defendant in a foreign country; and (2) even if the Hague Convention does not apply, Martin's substitute service was procedurally defective. (*See* Mot. 3–6.) The Court addresses each argument in turn.

**A. Hague Convention**

First, Garcia argues that, because she is a resident and citizen of Mexico, service is governed by Rule 4(f) and the provisions of the Hague Convention. (Mot. 3–6; Decl. of Rahel Garcia ("Garcia Decl.") ¶ 2, ECF No. 82-1.) In opposition, Martin claims Garcia is actually a dual citizen of the United States and Mexico, and that she is proclaiming her Mexican citizenship as a way to "shield" herself against service. (Opp'n 15–16.) The Court notes that Garcia artfully avoids clarifying her

United States citizenship in her declaration. (*See generally* Garcia Decl. (failing to state whether Garcia is a citizen of the United States, as alleged by Martin).)

Here, both parties miss the mark. "The plain language of Rule 4(f) indicates that application of the rule is not triggered by the citizenship of the individual being served but rather the place in which service is effected." *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997). Martin claims to have effected service on Garcia in *California*, not Mexico. (Opp'n 6–7; Proof of Service.) Rule 4(f) and the Hague Convention, then, are not at issue. *See Stars' Desert Inn Hotel & Country Club*, 105 F.3d at 524; *see also Agricola ABC, S.A. de C.V. v. Chiquita Fresh N. Am., LLC*, No. 10 CV 0772-IEG (NLSx), 2010 WL 2985500, at *4 (S.D. Cal. July 28, 2010) ("The fact defendants are citizens of Mexico does not, in and of itself, require Plaintiff to comply with [Rule 4(f)] governing service on individuals in a Foreign Country."). Therefore, the Court finds Garcia's argument that Martin failed to comply with Rule 4(f) unpersuasive.

**B.  Substitute Service**

Second, Garcia contends that even if Rule 4(f) does not apply, Martin's substitute service was procedurally defective and insufficient to confer personal jurisdiction over her. (Mot. 5–6.) Martin responds that she properly served Garcia through substitute service pursuant to California law. (Opp'n 9–13.) Here, the Court agrees with Garcia.

Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Martin elected to follow California's substitute service law. (*See* Proof of Service; Opp'n 9–13.) That law permits substitute service on a defendant if the plaintiff, acting with reasonable diligence, cannot complete personal service. *See* Cal. Civ. Proc. Code § 415.20(b); *see also Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1391–92 (1992) ("Ordinarily, . . . two or three attempts at personal service

at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."). To effect substitute service, the plaintiff must leave a copy of the summons and complaint "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box." Cal. Civ. Proc. Code § 415.20(b).

For service to be proper, however, "[i]t is crucial that a connection be shown between the address at which substitute service is effectuated and the party alleged to be served." *Corcoran v. Arouh*, 24 Cal. App. 4th 310, 315 (1994). "A person can have more than one dwelling house or usual place of abode" for the purposes of Rule 4(e). *Stars' Desert Inn Hotel & Country Club*, 105 F.3d at 527. But there must be "sufficient indicia of permanence"—i.e., that the property it is not a temporary residence, for it to be considered the defendant's dwelling house or usual place of abode. *See, e.g.*, *Asmodus, Inc. v. Junbiao Ou*, No. EDCV 16-2511 JGB (DTBx), 2017 WL 5592914, at *8 (C.D. Cal. Feb. 3, 2017) (finding that a defendant's investment property qualified as his dwelling house or usual place of abode where there was evidence that he resided there sporadically throughout the year).

Here, Martin and her counsel used online databases and information they obtained from the United States Post Office to identify several properties in Florida and California with possible connections to Garcia. (*See* Opp'n 4–6; Decl. of Deborah S. Mallgrave ¶¶ 2–12, ECF No. 84-1.) Nevertheless, Martin was unable to effect service on Garcia at any of those locations. (Opp'n 4–6.) Undeterred, Martin claims she then "attempted service on the home that she knew from personal experience to be Garcia's additional residence." (*Id.* at 6.) Martin provided her counsel with a photo of the house, and by cross-referencing that photo with an online database, they "estimated the property to be at 120 North Arizona Avenue, Los Angeles, California." (*Id.*) The process server later confirmed that the house in the photo was actually located at 118 North Arizona Avenue in Los Angeles, California. (*Id.*; Decl. of Luis Verjan ("Verjan Decl.") ¶ 2.) The process server tried to serve

Garcia twice at 118 North Arizona Avenue, and on the third try at the same location, the process server left the Complaint and Summons with a "John Doe" in an attempt to effect substitute service. (Opp'n 6–7; Verjan Decl. ¶¶ 5–6; Proof of Service.)

Although Martin claims "she knew from personal experience" that 118 North Arizona Avenue was Garcia's residence, she has not presented any evidence that Garcia resided at that property. And as noted above, for substitute service at a defendant's purported residence to be effective, the Summons and Complaint must be left at the defendant's dwelling house or usual place of abode. Cal. Civ. Proc. Code § 415.20(b).

In fact, the evidence Garcia submits in support of her Motion shows that she *did not* reside at the 118 North Arizona Avenue property at the time of service. (*See* Mot. 5 (citing Decl. of Oracio De La Paz ("De La Paz Decl.")).) Garcia submits declaration testimony from Oracio De La Paz, who claims he is the "John Doe" who accepted delivery of the Summons and Complaint. (*See* De La Paz Decl. ¶¶ 2–5.) De La Paz explains that, initially, he refused to accept the Summons and Complaint, and informed the process server that he had the wrong address. (*Id.*) He also states that he told the process server that "there was no person by [the name Rahel Garcia] living or working at the property." (*Id.* ¶ 3.) De La Paz asserts that he only accepted the Summons and Complaint after the process server showed him a badge and insisted that he take the papers. (*Id.* ¶ 4 (explaining that De La Paz believed the process server was a police officer).) Based on the foregoing, there is no evidence that the 118 North Arizona Avenue property qualifies as Garcia's dwelling place or usual place of abode, and as such, Martin fails to meet her burden to prove she effected substitute service on Garcia. *See Brockmeyer*, 383 F.3d at 801.

Accordingly, the Court must decide whether to dismiss Garcia, or to quash service. *See C&sm*, 2019 WL 7882077, at *1. "Typically, if a reasonable prospect exists that the plaintiff may ultimately be able to serve the defendant properly, the court will quash the service." *Telebrands Corp. v. GMC Ware, Inc.*, No. CV 15-

03121 SJO (JCx), 2016 WL 6237914, at *2 (C.D. Cal. Apr. 5, 2016). Martin insists that if she is provided additional time to serve Garcia, she would consider alternative means of service. (*See* Opp'n 13–14.) Therefore, the Court **QUASHES** the purported service on Garcia.

## IV. CONCLUSION

Because there is a "reasonable prospect" that Martin can properly serve Garcia, the Court **GRANTS** the Motion and **QUASHES** the service on Garcia.[2] The Court **ORDERS** Martin to effect service on Garcia in accordance with Rule 4 within twenty-one (21) days of the issuance of this order. If Martin fails to file proof of valid service upon Garcia within twenty-one (21) days, the Court shall dismiss the claims against Garcia without further warning, based on Martin's failure to serve her within the time required by Rule 4(m).

**IT IS SO ORDERED.**

February 3, 2021

                                               _____
                                                         **OTIS D. WRIGHT, II**
                                               **UNITED STATES DISTRICT JUDGE**

---

[2] In light of this determination, the Court need not address Garcia's other challenges to jurisdiction at this time, and declines to do so.