O

# United States District Court
# Central District of California

| | |
|---|---|
| SOCHIL MARTIN,<br><br>            Plaintiff,<br><br>    v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.,<br><br>            Defendants. | Case No. 2:20-cv-01437-ODW (ASx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO QUASH SERVICE [90]** |

## I.  INTRODUCTION AND BACKGROUND

On February 20, 2020, Plaintiff Sochil Martin initiated this action against Defendant La Luz Del Mundo ("LLDM"), and several of its purported leaders, including Defendant Naasón Joaquin Garcia. (Compl., ECF No. 1.) According to Martin, LLDM is a church based out of Guadalajara, Mexico, with more than 15,000 houses of prayer around the world. (*Id.* ¶ 43.) The church has spent the past thirty years expanding into the United States, and now has over fifty churches in California. (*Id.* ¶ 2.) Martin contends that LLDM is a hierarchal organization, and although many of its affiliate churches have registered with the California Secretary of State as incorporated entities, the parent organization has not. (*See id.* ¶ 14.)

Martin alleges that Garcia, LLDM's "self-proclaimed Apostle" and "President," enslaved, trafficked, and sexually abused her from the age of nine to thirty. (*See id.* ¶¶ 2–4, 22.) Garcia is currently detained in the Los Angeles County Men's Central Jail. (*Id.* ¶ 19.) On July 15, 2020, Martin purportedly served LLDM—which she alleges is an unincorporated association—by serving Garcia with a copy of the Summons and Complaint. (*See* Proof of Service, ECF No. 83.) Now, Garcia moves to quash service of the Summons and Complaint as to LLDM, arguing that LLDM is a religion lacking capacity to be sued. (*See generally* Mot. Quash Service, ECF No. 90.) Alternatively, Garcia moves, on behalf of LLDM, for a more definite statement. (*Id.*) The Motion is fully briefed. (*See* Opp'n, ECF No. 98; Reply, ECF No. 100.) For the reasons discussed below, the Court **DENIES** Garcia's Motion.[1]

## II. LEGAL STANDARDS

### A. Rule 12(b)(5)

Under Rule 12(b)(5), a party may seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Service of process is a prerequisite for personal jurisdiction over a defendant." *C&sm Int'l v. Prettylittlething.com Ltd.*, No. CV 19-4046-CBM (KSx), 2019 WL 7882077, at *1 (C.D. Cal. Oct. 8, 2019) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[] . . . or there is no personal jurisdiction.")). "Once service is challenged, [the] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *SEC v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal quotation marks omitted); *see also Jones v. James Trading Co.*, No. CV 19-2674-MWF (JEMx), 2019 WL 6354392, at *3 (C.D. Cal. July 3, 2019) ("A motion to dismiss under Rule 12(b)(5) requires

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

1  defendant to produce affidavits, discovery materials, or other admissible evidence
2  establishing the lack of proper service." (quoting *Emine Tech. Co. v. Aten Int'l Co.*,
3  No. C 08-3122 PJH, 2008 WL 5000526, at *2 (N.D. Cal. Nov. 21, 2008))).

**B.    Rule 12(e)**

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, "Rule 12(e) motions are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx), 2016 WL 756523, at *9 (C.D. Cal. Feb. 25, 2016). "A court must deny a motion [for a more definite statement] if the complaint is specific enough to notify a defendant of the substance of the claim being asserted." *SV3, LLC v. GG Distrib., Inc.*, No. EDCV 19-0046 JGB (SPx), 2019 WL 1460621, at *2 (C.D. Cal. Feb. 27, 2019). "The Court may also deny the motion if the detail sought can be obtained through the discovery process." *Id.*

### III.    DISCUSSION

Garcia moves to quash service as to LLDM, or, alternatively, for a more definite statement. (*See generally* Mot.) The Court addresses each argument in turn.

**A.    Motion to Quash Service**

Garcia claims that LLDM is not an entity capable of being sued because it is merely "the name of [the] religion, just as 'Judaism' and 'Catholicism' are the names of religions." (*See* Mot. 4, 8–14.) Thus, he contends that "LLDM is not an unincorporated association and does not have Article III standing to be sued." (*Id.* at 8.) Garcia's argument strains credulity.

  *1.    Unincorporated Association*

The Court must first determine whether Martin has demonstrated that LLDM is an unincorporated association. "If a party is neither an individual nor a corporation, its capacity to be sued is determined 'by the law of the state where the court is

located.'" *Niantic, Inc. v. Global++*, No. 19-CV-03425-JST, 2019 WL 8333451, at *2 (N.D. Cal. Sept. 26, 2019) (quoting Fed. R. Civ. P. 17(b)). California law permits an unincorporated association, "whether organized for profit or not, [to] sue or be sued in the name it has assumed or by which it is known." Cal. Civ. Proc. Code § 369.5. "The criteria applied to determine whether an entity is an unincorporated association are no more complicated than (1) a group whose members share a common purpose, and (2) who function under a common name under circumstances where fairness requires the group be recognized as a legal entity." *See Barr v. United Methodist Church*, 90 Cal. App. 3d 259, 266 (1979). "Fairness includes those situations where persons dealing with the association contend their legal rights have been violated." *Id.* at 266–267. Relevantly, religious organizations and churches have long been considered unincorporated associations where the facts support that designation. *Id.* ("Courts have even assessed liability against a church association with no officers where there were only nine persons whose sole business transaction . . . was the purchase, by down payment, of a station wagon." (citing *Steuer v. Phelps*, 41 Cal. App. 3d 468 (1974))).

Here, Martin alleges sufficient facts to establish that the members of LLDM (i.e., Garcia and LLDM's other alleged leaders) share a common purpose. *See Barr*, 90 Cal. App. 3d at 266. Specifically, she claims LLDM's members share the common purpose of promoting and furthering the ecclesiastical tenets of LLDM, while covertly operating as a criminal enterprise for the economic and sexual exploitation of children. (*See, e.g.*, Compl. ¶¶ 2, 6, 40–59 (alleging that LLDM "holds itself out as a religious sect that originated in Mexico around 1926[,]" but "sexual abuse and forced labor are systematic practices that have been institutionalized within [LLDM] for decades.").)

Martin also alleges sufficient facts to establish that LLDM's members function under a common name. *See Barr*, 90 Cal. App. 3d at 266. LLDM is hierarchal in structure; its leader (Garcia) "approv[es] everything that happens within [LLDM,]"

and his inner circle of bishops manage its operations. (*See* Compl. ¶¶ 47–48.) LLDM "orders the creation and design of all locations of the [LLDM] institution within global regions determined and governed by [Garcia and his council of bishops]." (*Id.* ¶ 16.) Moreover, LLDM "has spent the past thirty years expanding their organization into the United States," and presently there are over fifty LLDM houses of worship in California. (*Id.* ¶ 2.) It even has a "media and propaganda division," whose sole purpose is to "make [LLDM] known through in[-]depth written, photographic, and video coverage" of the organization's official activities using online and social media websites such as Facebook and Twitter. (*Id.* ¶¶ 50–51.)

Furthermore, based on Martin's allegations, fairness requires that LLDM be recognized as a legal entity. *See Barr*, 90 Cal. App. 3d at 266–267 (explaining that fairness includes situations, such as this, "where persons dealing with the association contend their legal rights have been violated."). Martin alleges that Garcia and other LLDM members forced her into economic and sexual servitude, and those allegations form the basis of her claims in this case. (*See* Compl. ¶¶ 157–270.) Thus LLDM, which purportedly operates with a president, council of bishops, numerous affiliate churches, and a media division, (*see generally* Complaint), clearly operates like a highly organized religious corporation. But when confronted with Martin's lawsuit, LLDM attempts to dodge liability by claiming it is merely an abstract religious construct, not an entity that can be sued. (*See generally* Mot.) LLDM's position is absurd. As such, the Court finds that considerations of fairness require that it be treated as an unincorporated association. *See Barr*, 90 Cal. App. 3d at 266–267.

  2. *Service Under Rule 4(h)*

Having determined that LLDM is an unincorporated association, the Court addresses whether service was proper. Rule 4(h) governs service on unincorporated associations. Fed. R. Civ. P. 4(h). Service may be effected on an unincorporated association by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to

receive service." *Id.* In the Ninth Circuit, "service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rather, "service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Id.* (internal quotation marks omitted). Rule 4(h) also permits service on unincorporated associations in accordance with the laws of the forum state. Under California law, service on an unincorporated association may be effected by "delivering a copy of the summons and of the complaint . . . to the president or other head of the association." Cal. Civ. Proc. Code § 416.40(b).

Here, Martin filed a signed return of service stating that Garcia, the purported president of LLDM, was served with a copy of the Summons and the Complaint on July 15, 2020. (Opp'n 1; Proof of Service.) The Proof of Service constitutes prima facie evidence of valid service upon LLDM. *See Jones*, 2019 WL 6354392, at *3 ("Unless some defect in service is shown on the face of the return, the process server's affidavit is entitled to a 'presumption of correctness' . . . ." (quoting *Internet Sols.*, 509 F.3d at 1166)); *see also Finishmaster, Inc. v. Blue Lake Motors, Inc.*, No. CV 17-4389 PA (SKx), 2018 WL 6061195, at *1 (C.D. Cal. May 11, 2018) (finding a signed return of service on the defendant's president was prima facie evidence of proper service). Thus, Martin has met her prima facie burden.

The burden then shifts to Garcia to demonstrate through *strong and convincing evidence* that service was deficient (e.g., through affidavits, discovery materials, or other admissible evidence). *See Internet Sols.*, 509 F.3d at 1163; *Jones*, 2019 WL 6354392, at *3. However, Garcia does not present *any* evidence demonstrating that service was deficient. Rather than attempting to demonstrate a defect in service, Garcia simply argues that LLDM is not a legal entity. (*See* Mot. 8–14.) Therefore, Garcia fails to meet his burden to establish that service was defective.

In sum, Garcia fails to demonstrate that service was deficient. Accordingly, to the extent he seeks to quash service on LLDM, Garcia's Motion is **DENIED**.

### B. Motion for More Definite Statement

Alternatively, Garcia moves for a more definite statement, contending that Martin has not alleged sufficient facts to demonstrate LLDM is an unincorporated association. (*See* Mot. 14–15.)

As discussed above, Martin's allegations demonstrate that LLDM is an unincorporated association. Moreover, her Complaint is coherent and sufficiently detailed to notify LLDM of the substance of the claims asserted against it. *See, e.g.*, *SV3*, 2019 WL 1460621, at *2. Indeed, Martin's Complaint contains 270 paragraphs detailing her alleged abuse by the leaders of LLDM, including Garcia. (*See, e.g.*, Compl. ¶¶ 4–7, 14–32 (identifying several named defendants as members of LLDM and their roles within the unincorporated association).) There is ample information in the Complaint for LLDM to prepare an adequate response; a more definite statement would unnecessarily prolong this case. Accordingly, to the extent Garcia seeks a more definite statement of the claims against LLDM, his Motion is **DENIED**.

### IV. CONCLUSION

For at least the foregoing reasons, the Court **DENIES** Garcia's Motion. (ECF No. 90.)

**IT IS SO ORDERED.**

February 26, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE