1   Reed Aljian (State Bar No. 211010)
      *ra@dallp.com*
2   Justin E. D. Daily (State Bar No. 209772)
      *jd@dallp.com*
3   Rochelle Calderon Rotea (State Bar No. 325417)
      *rochelle@dallp.com*
4   DAILY ALJIAN LLP
    100 Bayview Circle, Suite 5500
5   Newport Beach, CA  92660
    Telephone:   949.861.2524
6   Facsimile:   949.269.6364

7   Attorneys for Defendant
    LA LUZ DEL MUNDO
8   an alleged unincorporated association

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11            WESTERN DIVISION - LOS ANGELES

<div style="margin-left:3em">DAILY ALJIAN LLP<br>Newport Beach, California</div>

| | |
|---|---|
| 12  SOCHIL MARTIN, | Case No.: 2:20−cv−01437 ODW (ASx) |
| 13          Plaintiff, | **DEFENDANT LA LUZ DEL MUNDO'S ANSWER TO PLAINTIFF SOCHIL MARTIN'S COMPLAINT** |
| 14      v. | |
| 15  LA LUZ DEL MUNDO, an unincorporated association, NAASÓN | **DEMAND FOR JURY TRIAL** |
| 16  JOAQUÍN GARCÍA, an individual, EL | Complaint Filed:  February 12, 2020 |
| 17  CONSEJO DE OBISPOS, an unincorporated association, | Trial Date:       None Set |
| 18  INTERNATIONAL BEREA USA, an | |
| 19  unincorporated association, GILBERTO | |
| 20  GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, | |
| 21  UZZIEL JOAQUÍN, an individual, | |
| 22  SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, | |
| 23  JOSE LUIS ESTRADA, an individual, | |
| 24  JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an | |
| 25  individual, BENJAMIN JOAQUÍN | |
| 26  GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, | |
| 27  ADORAIM JOAQUÍN ZAMORA, an | |
| 28  individual, DAVID MENDOZA, an | |

1 | individual and DOES 1 through 10,
2 | inclusive.
3 |           Defendants.

DAILY ALJIAN LLP
Newport Beach, California

Defendant La Luz Del Mundo, erroneously sued as an alleged unincorporated association, ("Defendant") in answer to Plaintiff Sochil Martin's ("Plaintiff") Complaint (the "Complaint"), and without waiving any and all affirmative defenses stated herein and preserved by law, admits, denies, and alleges as follows:

1.      In response to Paragraph 1 of the Complaint, Defendant denies each allegation therein.

2.      In response to Paragraph 2 of the Complaint, Defendant denies each allegation therein.

3.      In response to Paragraph 3 of the Complaint, Defendant denies each allegation therein.

4.      In response to Paragraph 4 of the Complaint, Defendant denies each allegation therein.

5.      In response to Paragraph 5 of the Complaint, Defendant denies each allegation therein.

6.      In response to Paragraph 6 of the Complaint, Defendant denies each allegation therein.

7.      In response to Paragraph 7 of the Complaint, Defendant denies each allegation therein.

8.      In response to Paragraph 8 of the Complaint, Defendant denies each allegation therein.

9.      In response to Paragraph 9 of the Complaint, Defendant denies each allegation therein.

## JURISDICTION AND VENUE

10.      In response to Paragraph 10 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, the allegations are denied.

DAILY ALJIAN LLP
Newport Beach, California

11.     In response to Paragraph 11 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, the allegations are denied.

12.     In response to Paragraph 12 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, the allegations are denied.

## THE PARTIES

13.     In response to Paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff currently is a United States citizen. Plaintiff's residency is a legal assertion which does not require a response. To the extent any response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and, on that basis, the allegation is denied. Defendant denies the remaining allegations therein.

14.     In response to Paragraph 14 of the Complaint, Defendant admits there is a La Luz Del Mundo congregation in Guadalajara, Mexico. Defendant admits that there are legal entities incorporated in California and registered with the Secretary of State that practice La Luz Del Mundo religious doctrine and practices. The allegations regarding "unincorporated association" and "affiliates" are legal assertions which do not require an answer. To the extent any response is required, the allegation is denied. Defendant denies each remaining allegation therein.

15.     In response to Paragraph 15 of the Complaint, Defendant denies the allegations therein. Defendant denies Plaintiff's characterizations of religious doctrine and the allegations therein. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

16.     In response to Paragraph 16 of the Complaint, Defendant denies the allegations therein.  Defendant denies Plaintiff's characterizations of religious

DAILY ALJIAN LLP
Newport Beach, California

DAILY ALJIAN LLP
Newport Beach, California

doctrine and the allegations therein. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

17.   In response to Paragraph 17 of the Complaint, Defendant denies the allegations therein.

18.   In response to Paragraph 18 of the Complaint, Defendant admits that there are legal entities incorporated in Mexico that practice La Luz Del Mundo religious doctrine and practices. Defendant denies the remaining allegations therein, as characterized.

19.   In response to Paragraph 19 of the Complaint, Defendant admits that Defendant Naasón Joaquin Garcia (the "Defendant Naasón Garcia") is a United States citizen and that he has traveled between Mexico and California from time to time. The allegations regarding "residence" is a legal assertion which does not require an answer. To the extent any response is required, Defendant lacks knowledge or information sufficient to support the truth of the allegation and, on that basis, the allegation is denied.  Defendant denies the remaining allegations therein.

20.   In response to Paragraph 20 of the Complaint, Defendant admits that the Defendant Naasón Garcia is the son of Samuel Joaquín Flores. The allegation regarding "residence" is a legal assertion, which does not require a response. To the extent any response is required, the allegation is denied. Defendant denies each remaining allegation therein.

21.   In response to Paragraph 21 of the Complaint, Defendant admits that Defendant Naasón Garcia served as a minister of the church located at 112 North Arizona Avenue, Los Angeles, California. Defendant denies the remaining allegations therein.

22.   In response to Paragraph 22 of the Complaint, the allegation that Defendant is an "unincorporated association" is a legal assertion, which does not

require a response. To the extent any response is required, the allegation is denied. Defendant admits that Defendant Naasón Garcia holds the title Apostle and that he became Apostle on December 14, 2014.  Defendant denies the remaining allegations therein.

23.    In response to Paragraph 23 of the Complaint, the allegation that the entity named as International Berea USA, dba Casa Cultural Barea USA ("CCB") is an "unincorporated association" is a legal assertion, which does not require a response. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein, as alleged, including the existence of the entity as named.

24.    In response to Paragraph 24 of the Complaint, Defendant denies the allegations therein.

25.    In response to Paragraph 25 of the Complaint, the allegation that Defendant el Consejo de Obispos (translation, Council of Bishops) is an "unincorporated association" is a legal assertion, which does not require a response. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein, as alleged.

26.    In response to Paragraph 26 of the Complaint, Defendant admits that Defendant Gilberto García Granados is a Mexican citizen.  The allegations regarding "unincorporated association" and "residence" are legal assertions, which do not require a response. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

27.    In response to Paragraph 27 of the Complaint, Defendant admits that Defendant Jose Hernandez is a United States citizen. The allegations regarding "unincorporated association" and "residence" are legal assertions, which do not require a response. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

4

28.     In response to Paragraph 28 of the Complaint, Defendant admits Defendant Uzziel Joaquin is a United States citizen, is the son of Samuel Garcia and is the brother of Naasón Garcia. The allegations regarding "unincorporated association" and "residence" are legal assertions, which do not require a response. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

29.     In response to Paragraph 29 of the Complaint, the allegations regarding "unincorporated association" and "residence" are legal assertions, which do not require a response. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

30.     In response to Paragraph 30 of the Complaint, the allegations regarding "unincorporated association" and "residence" are legal assertions, which do not require a response. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

31.     In response to Paragraph 31 of the Complaint, the allegations regarding "unincorporated association" and "residence" are legal assertions, which do not require a response. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

32.     In response to Paragraph 32 of the Complaint, the allegations regarding "unincorporated association" and "residence" are legal assertions, which do not require a response. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

33.     In response to Paragraph 33 of the Complaint, Defendant denies that Ms. Martin has suffered any losses or damages and denies the allegations of wrongful conduct. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations therein and, on that basis, denies each allegation.

DAILY ALJIAN LLP
Newport Beach, California

34.     In response to Paragraph 34 of the Complaint, the allegations regarding "residence" is a legal assertion, which does not require a response. Defendant denies the remaining allegations therein, including the manner in which the defendant is named in the Complaint.

35.     In response to Paragraph 35 of the Complaint, Defendant admits that Defendant Benjamin Joaquín García is Defendant Naasón Garcia's brother.  The allegation regarding "residence" is a legal assertion, which does not require a response. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein.

36.     In response to Paragraph 36 of the Complaint, Defendant admits that Rahel Joaquín García is a United States citizen and is Defendant Naasón Garcia's sister. The allegation regarding "residence" is a legal assertion, which does not require a response. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein.

37.     In response to Paragraph 37 of the Complaint, the allegation regarding "residence" is a legal assertion, which does not require a response. To the extent any response is required, the allegation is denied. Defendant denies the remaining allegations therein, including the manner in which the individual is named in the Complaint.

38.     In response to Paragraph 38 of the Complaint, Defendant admits that David Mendoza is a United States citizen.  Defendant denies the remaining allegations therein.

39.     In response to Paragraph 39 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, each and every allegation is denied.

DAILY ALJIAN LLP
Newport Beach, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAILY ALJIAN LLP
Newport Beach, California

## GENERAL ALLEGATIONS

40.    In response to Paragraph 40 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

41.    In response to Paragraph 41 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

42.    In response to Paragraph 42 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

43.    In response to Paragraph 43 of the Complaint, Defendant admits there is a church in Guadalajara, Mexico. Defendant contends that that the website speaks for itself. Except as otherwise admitted, Defendant denies each allegation therein.

44.    In response to Paragraph 44 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

45.    In response to Paragraph 45 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

46.    In response to Paragraph 46 of the Complaint, Defendant denies the allegations therein.

47.     In response to Paragraph 47 of the Complaint, Defendant admits that Defendant Naasón Garcia is the spiritual guide of the La Luz Del Mundo religious beliefs and that the ecclesiastical structure of these beliefs is hierarchical in nature. Except as otherwise admitted, Defendant denies each remaining allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

48.     In response to Paragraph 48 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of ecclesiastical procedures and doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

49.     In response to Paragraph 49 of the Complaint, Defendant denies each allegation therein.

50.     In response to Paragraph 50 of the Complaint, Defendant denies each allegation therein.

51.     In response to Paragraph 51 of the Complaint, Defendant denies each allegation therein, as alleged.

52.     In response to Paragraph 52 of the Complaint, Defendant denies each allegation therein, as alleged, including Plaintiff's characterizations of ecclesiastical procedures and doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

53.     In response to Paragraph 53 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

54.     In response to Paragraph 54 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine.

DAILY ALJIAN LLP
Newport Beach, California

Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

55.     In response to Paragraph 55 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

56.     In response to Paragraph 56 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

57.     In response to Paragraph 57 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

58.     In response to Paragraph 58 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

59.     In response to Paragraph 59 of the Complaint, Defendant admits that services are generally held three times per day. Defendant denies the remaining allegations therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

60.     In response to Paragraph 60 of the Complaint, Defendant denies the allegations therein.

LA LUZ DEL MUNDO'S ANSWER TO COMPLAINT

61.     In response to Paragraph 61 of the Complaint, Defendant admits that members are advised of the use of certain donations, including for certain special projects. Defendant denies each remaining allegation therein.

62.     In response to Paragraph 62 of the Complaint, Defendant admits that members are advised of the use of certain donated funds. Defendant denies each remaining allegation therein.

63.     In response to Paragraph 63 of the Complaint, Defendant denies each allegation therein.

64.     In response to Paragraph 64 of the Complaint, Defendant denies each allegation therein.

65.     In response to Paragraph 65 of the Complaint, Defendant denies each allegation therein.

66.     In response to Paragraph 66 of the Complaint, Defendant denies the remaining allegations therein.

67.     In response to Paragraph 67 of the Complaint, Defendant denies the allegations therein.

68.     In response to Paragraph 68 of the Complaint, Defendant denies the allegations therein.

69.     In response to Paragraph 69 of the Complaint, Defendant denies the allegations therein.

70.     In response to Paragraph 70 of the Complaint, Defendant admits that members are encouraged to make donations to the church where they attend services. Defendant denies the remaining allegations therein.

71.     In response to Paragraph 71 of the Complaint, Defendant admits that individuals do provide volunteer services. Defendant denies the remaining allegations therein.

DAILY ALJIAN LLP
Newport Beach, California

72.     In response to Paragraph 72 of the Complaint, Defendant admits that members celebrate Defendant Naasón Garcia's birthday. Defendant denies the remaining allegations therein.

73.     In response to Paragraph 73 of the Complaint, Defendant denies the allegations therein.

74.     In response to Paragraph 74 of the Complaint, Defendant denies the allegations therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

75.     In response to Paragraph 75 of the Complaint, Defendant denies the allegations therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

76.     In response to Paragraph 76 of the Complaint, Defendant denies the allegations therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

77.     In response to Paragraph 77 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

78.     In response to Paragraph 78 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

79.     In response to Paragraph 79 of the Complaint, Defendant denies each allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAILY ALJIAN LLP
Newport Beach, California

80.     In response to Paragraph 80 of the Complaint, Defendant denies each allegation therein.

81.     In response to Paragraph 81 of the Complaint, Defendant denies the allegations therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

82.     In response to Paragraph 82 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

83.     In response to Paragraph 83 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

84.     In response to Paragraph 84 of the Complaint, Defendant denies each allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

85.     In response to paragraph 85 of the Complaint, Defendant is informed that Plaintiff's mother suffered from drug and alcohol abuse and abandoned Plaintiff at a young age. Defendant denies each remaining allegation therein, including Plaintiff's characterizations of religious doctrine. Defendant further asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

86.     In response to Paragraph 86 of the Complaint, Defendant is informed Plaintiff has attended public school. Defendant denies each remaining allegation therein.

LA LUZ DEL MUNDO'S ANSWER TO COMPLAINT

DAILY ALJIAN LLP
Newport Beach, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

87.     In response to Paragraph 87 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations regarding Plaintiff's discussions with her aunt and, on that basis, denies each allegation. Defendant denies each remaining allegation therein.

88.     In response to Paragraph 88 of the Complaint, Defendant denies each allegation therein.

89.     In response to Paragraph 89 of the Complaint, Defendant denies each allegation therein. Defendant further denies Plaintiff's characterizations of religious doctrine and asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

90.     In response to Paragraph 90 of the Complaint, Defendant denies each allegation therein.

91.     In response to Paragraph 91 of the Complaint, Defendant denies each allegation therein.

92.     In response to Paragraph 92 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations whether Plaintiff attended any particular event. Defendant denies each remaining allegation therein.

93.     In response to Paragraph 93 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations therein and, on that basis, deny each allegation therein.

94.     In response to Paragraph 94 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff sold church items. Except as otherwise admitted, Defendant denies each remaining allegation therein.

95.     In response to Paragraph 95 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations therein and, on that basis denies each allegation therein.

96.     In response to Paragraph 96 of the Complaint, Defendant denies each allegation therein.

97.     In response to Paragraph 97 of the Complaint, Defendant denies each allegation therein.

98.     In response to Paragraph 98 of the Complaint, Defendant denies each allegation therein.

99.     In response to Paragraph 99 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations therein and, on that basis, denies each allegation.

100.    In response to Paragraph 100 of the Complaint, Defendant denies each allegation therein.

101.    In response to Paragraph 101 of the Complaint, Defendant denies each allegation therein.

102.    In response to Paragraph 102 of the Complaint, Defendant denies each allegation therein.

103.    In response to Paragraph 103 of the Complaint, Defendant denies each allegation therein.

104.    In response to Paragraph 104 of the Complaint, Defendant denies each allegation therein.

105.    In response to Paragraph 105 of the Complaint, Defendant admits Plaintiff was in a car accident, that resulted in one death. Defendant lacks knowledge or information that would support the truth of the allegations remaining allegations and, on that basis, denies each allegation.

DAILY ALJIAN LLP
Newport Beach, California

LA LUZ DEL MUNDO'S ANSWER TO COMPLAINT

DAILY ALJIAN LLP
Newport Beach, California

106.   In response to Paragraph 106 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations as to whether Plaintiff planned to attend college, applied to New York University's film school, was accepted, or directed her attention to California State University at Northridge and, on that basis, denies each allegation. Defendant denies each remaining allegation therein, including those allegations regarding Defendant Naasón Garcia.

107.   In response to Paragraph 107 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that she received a scholarship or the amount of the alleged scholarship and, on that basis, denies each allegation. Defendant denies each remaining allegation therein.

108.   In response to Paragraph 108 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff was "subjected to sexual abuse by her uncle," and, on that basis, denies the allegation. Defendant denies each remaining allegation therein.

109.   In response to Paragraph 109 of the Complaint, Defendant denies each allegation therein.

110.   In response to Paragraph 110 of the Complaint, Defendant denies each allegation therein.

111.   In response to Paragraph 111 of the Complaint, Defendant denies each allegation therein.

112.   In response to Paragraph 112 of the Complaint, Defendant denies each allegation therein.

113.   In response to Paragraph 113 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff "got a job at a restaurant," and, on that basis, denies the allegation. Defendant denies each remaining allegation therein.

15

DAILY ALJIAN LLP
Newport Beach, California

114.   In response to Paragraph 114 of the Complaint, Defendant denies each allegation therein.

115.   In response to Paragraph 115 of the Complaint, Defendant denies each allegation therein.

116.   In response to Paragraph 116 of the Complaint, Defendant denies each allegation therein.

117.   In response to Paragraph 117 of the Complaint, Defendant denies each allegation therein.

118.   In response to Paragraph 118 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Ms. Martin enrolled in film school classes and, on that basis, denies each allegation. Defendant denies the remaining allegations therein.

119.   In response to Paragraph 119 of the Complaint, Defendant denies each allegation therein.

120.   In response to Paragraph 120 of the Complaint, Defendant denies each allegation therein.

121.   In response to Paragraph 121 of the Complaint, Defendant is informed Plaintiff lived in Ensenada, Mexico for a period of time. Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff's husband "worked for a local council woman" and, on that basis, denies the allegation. Defendant denies each remaining allegation therein.

122.   In response to Paragraph 122 of the Complaint, Defendant denies Plaintiff was coerced or called upon for any purposes by any Defendant in the Complaint. Defendant lacks knowledge or information that would support the truth of the remaining allegations therein and, on that basis, denies each allegation.

123.   In response to Paragraph 123 of the Complaint, Defendant admits there exists a committee called Regional Alliance of Student Professionals. Defendant denies the remaining allegations therein.

124.   In response to Paragraph 124 of the Complaint, Defendant denies each allegation therein.

125.   In response to Paragraph 125 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff's husband "had a job with the local city council" or that she "lived near the poverty line" and, on that basis, denies the allegations. Defendant denies all remaining allegations therein.

126.   In response to paragraph 126 of the Complaint, Defendant lacks knowledge or information about the nature of the clothing worn by Plaintiff, her the living arrangements of her daughter, or the income earned by Plaintiff's husband and, on that basis, denies these allegations. Defendant denies each remaining allegation therein.

127.   In response to paragraph 127 of the Complaint, Defendant admits that Samuel Garcia died in December 2014, that Defendant Naasón Garcia was not Samuel's eldest son, and that it was announced at that time that Naasón Garcia would be the next Apostle. Defendant denies each remaining allegation therein.

128.   In response to Paragraph 128 of the Complaint, Defendant denies each allegation therein.

129.   In response to Paragraph 129 of the Complaint, Defendant denies each allegation therein.

130.   In response to Paragraph 130 of the Complaint, Defendant denies each allegation therein. Defendant further denies Plaintiff's characterizations of religious doctrine and asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

17

131.   In response to Paragraph 131 of the Complaint, Defendant denies each allegation therein.

132.   In response to Paragraph 132 of the Complaint, Defendant denies each allegation therein.

133.   In response to Paragraph 133 of the Complaint, Defendant denies each allegation therein.

134.   In response to Paragraph 134 of the Complaint, Defendant denies each allegation therein.

135.   In response to Paragraph 135 of the Complaint, Defendant denies each allegation therein.

136.   In response to Paragraph 136 of the Complaint, Defendant denies each allegation therein.

137.   In response to Paragraph 137 of the Complaint, Defendant denies each allegation therein.

138.   In response to Paragraph 138 of the Complaint, Defendant lacks knowledge or information regarding the allegations Plaintiff abused drugs and alcohol or allegedly attempted to commit suicide . Defendant denies each remaining allegation therein.

139.   In response to Paragraph 139 of the Complaint, Defendant denies each allegation therein.

140.   In response to Paragraph 140 of the Complaint, Defendant denies any Defendant caused any damage to Plaintiff, that she was abused or exploited by any Defendant, or the claimed need for extrication from any Defendant. Defendant further denies the existence of any photographs or text messages involving any of the Defendants, as alleged in the Complaint. Defendant denies each remaining allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

18

DAILY ALJIAN LLP
Newport Beach, California

141.   In response to Paragraph 141 of the Complaint, Defendant denies each allegation therein, including any allegation that any of the Defendants in the Complaint "tormented" Plaintiff's husband or called Plaintiff any names.

142.   In response to Paragraph 142 of the Complaint, Defendant denies each allegation.

143.   In response to Paragraph 143 of the Complaint, Defendant denies any alleged "abuses" or "deceptions." Defendant lacks knowledge or information that would support the truth of the remaining allegations therein and, on that basis, denies each allegation.

144.   In response to Paragraph 144 of the Complaint, Defendant denies each allegation therein.

145.   In response to Paragraph 145 of the Complaint, Defendant denies each allegation therein.

146.   In response to Paragraph 146 of the Complaint, Defendant denies each allegation therein.

147.   In response to Paragraph 147 of the Complaint, Defendant lacks knowledge or information regarding the allegation that Plaintiff moved from Ensenada to California. Defendant denies each remaining allegation therein.

148.   In response to Paragraph 148 of the Complaint, Defendant denies each allegation therein.

149.   In response to Paragraph 149 of the Complaint, Defendant denies each allegation therein.

150.   In response to Paragraph 150 of the Complaint, Defendant denies any alleged "brutal attacks." Defendant lacks knowledge or information that would support the truth of the remaining allegations therein and, on that basis, denies each allegation.

151.   In response to Paragraph 151 of the Complaint, Defendant denies each allegation therein.

152.   In response to Paragraph 152 of the Complaint, Defendant lacks knowledge or information that would support the truth of the allegations that Plaintiff "called the San Diego police" and, on that basis, denies the allegation. Defendant denies each remaining allegation therein.

153.   In response to paragraph 153, Defendant denies any Defendant agreed to or represented that it had filed any marriage paperwork or made any "lies regarding their marital status." Defendant lacks knowledge or information that would support the truth of the remaining allegations therein and, on that basis, denies each allegation.

154.   In response to Paragraph 154 of the Complaint, Defendant denies the allegations therein.

155.   In response to Paragraph 155 of the Complaint, Defendant denies the allegations therein. Defendant denies Plaintiff's characterizations of religious doctrine and the allegations therein. Defendant asserts First Amendment Rights regarding allegations as to religion and religious doctrine.

156.   In response to Paragraph 156 of the Complaint, Defendant denies the allegations therein.

## ANSWER TO FIRST CLAIM FOR RELIEF
### Alleged Violation of 18 U.S.C. § 1584

157.   In response to Paragraph 157, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 156 herein.

158.   In response to Paragraph 158, this paragraph contains legal conclusions to which no response is required.  To the extent any response is required, Defendant denies each allegation therein.

20

DAILY ALJIAN LLP
Newport Beach, California

159.   In response to Paragraph 159, this paragraph contains legal conclusions to which no response is required.  To the extent any response is required, Defendant denies each allegation therein.

160.   In response to Paragraph 160 of the Complaint, Defendant denies each allegation.

161.   In response to Paragraph 161 of the Complaint, Defendant denies each allegation.

162.   In response to Paragraph 162 of the Complaint, Defendant denies each allegation.

163.   In response to Paragraph 163 of the Complaint, Defendant denies each allegation.

164.   In response to Paragraph 164 of the Complaint, Defendant denies each allegation.

165.   In response to Paragraph 165 of the Complaint, Defendant denies each allegation.

166.   In response to Paragraph 166 of the Complaint, Defendant denies each allegation therein.

167.   In response to Paragraph 167 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

## ANSWER TO SECOND CLAIM FOR RELIEF

### Alleged Violation of 18 U.S.C. § 1589

168.   In response to Paragraph 168, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 167 herein.

169.   In response to Paragraph 169 of the Complaint, Defendant denies each allegation.

DAILY ALJIAN LLP
Newport Beach, California

170.   In response to Paragraph 170 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

171.   In response to Paragraph 171 of the Complaint, Defendant denies each allegation.

172.   In response to Paragraph 172 of the Complaint, Defendant denies each allegation therein.

173.   In response to Paragraph 173 of the Complaint, Defendant denies each allegation.

174.   In response to Paragraph 174 of the Complaint, Defendant denies each allegation.

175.   In response to Paragraph 175 of the Complaint, Defendant denies each allegation therein.

176.   In response to Paragraph 176 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

## ANSWER TO THIRD CLAIM FOR RELIEF

### Alleged Violation of 18 U.S.C. § 1590

177.   In response to Paragraph 177, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 176 herein.

178.   In response to Paragraph 178 of the Complaint, Defendant denies each allegation.

179.   In response to Paragraph 179 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DAILY ALJIAN LLP
Newport Beach, California

180.   In response to Paragraph 180 of the Complaint, Defendant denies each allegation.

181.   In response to Paragraph 181 of the Complaint, Defendant denies each allegation.

182.   In response to Paragraph 182 of the Complaint, Defendant denies each allegation.

183.   In response to Paragraph 183 of the Complaint, Defendant denies each allegation.

184.   In response to Paragraph 184 of the Complaint, Defendant denies each allegation therein.

185.   In response to Paragraph 185 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

## ANSWER TO FOURTH CLAIM FOR RELIEF

### Alleged Conspiracy in Violation of 18 U.S.C. § 1594

186.   In response to Paragraph 186, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 185 herein.

187.   In response to Paragraph 187 of the Complaint, Defendant denies each allegation therein.

188.   In response to Paragraph 188 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

189.   In response to Paragraph 189 of the Complaint, Defendant denies each allegation therein.

190.   In response to Paragraph 190 of the Complaint, Defendant denies each allegation therein.

LA LUZ DEL MUNDO'S ANSWER TO COMPLAINT

191.   In response to Paragraph 191of the Complaint, Defendant denies each allegation therein.

192.   In response to Paragraph 192 of the Complaint, the final sentence of the paragraph is a legal assertion which does not require an answer. To the extent any response is required, the allegations are denied. Defendant denies the remaining allegations therein.

193.   In response to Paragraph 193 of the Complaint, Defendant denies each allegation therein.

194.   In response to Paragraph 194 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

## ANSWER TO FIFTH CLAIM FOR RELIEF

### Alleged Violation of 18 U.S.C. § 1590(b)

195.   In response to Paragraph 195, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 194 herein.

196.   In response to Paragraph 196 of the Complaint, Defendant denies each allegation.

197.   In response to Paragraph 197 of the Complaint, Defendant denies each allegation.

198.   In response to Paragraph 198 of the Complaint, Defendant denies each allegation.

199.   In response to Paragraph 199 of the Complaint, Defendant denies each allegation.

200.   In response to Paragraph 200, Defendant denies each allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

201.   In response to Paragraph 201 of the Complaint, Defendant denies each allegation.

202.   In response to Paragraph 202 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

203.   In response to Paragraph 203 of the Complaint, Defendant denies each allegation therein.

204.   In response to Paragraph 204 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

<div align="center">

## ANSWER TO SIXTH CLAIM FOR RELIEF

### Alleged Violation of 18 U.S.C. § 1593A

</div>

205.   In response to Paragraph 205, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 204 herein.

206.   In response to Paragraph 206 of the Complaint, Defendant denies each allegation therein.

207.   In response to Paragraph 207 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, Defendant denies each allegation therein.

208.   In response to Paragraph 208 of the Complaint, Defendant denies each allegation therein.

209.   In response to Paragraph 209 of the Complaint, Defendant denies each allegation therein.

210.   In response to Paragraph 210 of the Complaint, Defendant denies each allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

211.   In response to Paragraph 211 of the Complaint, Defendant denies each allegation therein.

212.   In response to Paragraph 212 of the Complaint, Defendant denies each allegation therein.

213.   In response to Paragraph 213 of the Complaint, this Paragraph contains legal assertions which do not require an answer. To the extent any response is required, the allegations are denied.

### ANSWER TO SEVENTH CLAIM FOR RELIEF

### Alleged Violation of 29 U.S.C. § 201 *et. seq.*

214.   In response to Paragraph 214, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 213 herein.

215.   In response to Paragraph 215 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

216.   In response to Paragraph 216 of the Complaint, the allegations regarding the application of 29 U.S.C. §203(d), the definition of an employee and employer, and the legal conclusions regarding payment of wages are legal assertions, which do not require a response. To the extent any response is required, Defendant denies each allegation therein.  Defendant denies each remaining allegation therein.

217.   In response to Paragraph 217 of the Complaint, Defendant denies each allegation therein.

218.   In response to Paragraph 218 of the Complaint, Defendant denies each allegation therein.

219.   In response to Paragraph 219 of the Complaint, Defendant denies each allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

220.    In response to Paragraph 220 of the Complaint, Defendant denies each allegation.

221.    In response to Paragraph 221 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

## ANSWER TO EIGHTH CLAIM FOR RELIEF

### Alleged Violation of the California Labor Code

222.    In response to Paragraph 222, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 221 herein.

223.    In response to Paragraph 223 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

224.    In response to Paragraph 224 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

225.    In response to Paragraph 225 of the Complaint, Defendant denies each allegation.

226.    In response to Paragraph 226 of the Complaint, Defendant denies each allegation therein.

227.    In response to Paragraph 227 of the Complaint, Defendant denies each allegation therein.

228.    In response to Paragraph 228 of the Complaint, Defendant denies each allegation therein.

229.    In response to Paragraph 229 of the Complaint, Defendant denies each allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

230.   In response to Paragraph 230 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent any response is required, denies each allegation therein.

## ANSWER TO NINTH CLAIM FOR RELIEF

### Alleged Violation Act 18 U.S.C. § 1962(c)

231.   In response to Paragraph 231, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 230 herein.

232.   In response to Paragraph 232 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

233.   In response to Paragraph 233 of the Complaint, this Paragraph contains legal assertions which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

234.   In response to Paragraph 234 of the Complaint, Defendant denies each allegation therein.

235.   In response to Paragraph 235 of the Complaint, Defendant denies each allegation therein.

236.   In response to Paragraph 236 of the Complaint, Defendant denies each allegation therein.

237.   In response to Paragraph 237 of the Complaint, Defendant denies each allegation therein.

238.   In response to Paragraph 238 of the Complaint, Defendant denies each allegation therein.

239.   In response to Paragraph 239 of the Complaint, Defendant denies each allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

240.    In response to Paragraph 240 of the Complaint, Defendant denies each allegation therein.

241.    In response to Paragraph 241 of the Complaint, Defendant denies each allegation therein.

242.    In response to Paragraph 242 of the Complaint, Defendant denies each allegation therein.

243.    In response to Paragraph 243 of the Complaint, Defendant denies each allegation therein.

244.    In response to Paragraph 244of the Complaint, Defendant denies each allegation therein.

245.    In response to Paragraph 245 of the Complaint, Defendant denies each allegation therein.

246.    In response to Paragraph 246 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent that any response is required, Defendant denies each allegation therein.

247.    In response to Paragraph 247of the Complaint, Defendant denies each allegation.

248.    In response to Paragraph 248 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent that any response is required, Defendant denies each allegation therein.

<div align="center">

**ANSWER TO TENTH CLAIM FOR RELIEF**

**Alleged Violation of Cal. Civ. Code § 1708.5**

</div>

249.    In response to Paragraph 249, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 248 herein.

250.   In response to Paragraph 250 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent a response is required, Defendant denies each allegation therein.

251.   In response to Paragraph 251 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent a response is required, Defendant denies each allegation therein.

252.   In response to Paragraph 252 of the Complaint, Defendant denies each allegation therein.

253.   In response to Paragraph 253 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

254.   In response to Paragraph 254 of the Complaint, Defendant denies each allegation therein.

255.   In response to Paragraph 255 of the Complaint, Defendant denies each allegation therein.

256.   In response to Paragraph 256 of the Complaint, Defendant denies each allegation therein.

257.   In response to Paragraph 257 of the Complaint, Defendant denies each allegation therein.

258.   In response to Paragraph 258 of the Complaint, Defendant denies each allegation therein.

259.   In response to Paragraph 259 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

LA LUZ DEL MUNDO'S ANSWER TO COMPLAINT

## **ANSWER TO ELEVENTH CLAIM FOR RELIEF**

### **Alleged Violation of Cal. Civ. Code § 52.4**

260.    In response to Paragraph 260, Defendant incorporates by reference each admission, denial, and allegation contained in Paragraphs 1 through 259 herein.

261.    In response to Paragraph 261 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent a response is required, Defendant denies each allegation therein.

262.    In response to Paragraph 262 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent a response is required, Defendant denies each allegation therein.

263.    In response to Paragraph 263 of the Complaint, Defendant denies each allegation therein.

264.    In response to Paragraph 264 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent a response is required, Defendant denies each allegation therein.

265.    In response to Paragraph 265 of the Complaint, Defendant denies each allegation therein.

266.    In response to Paragraph 266 of the Complaint, Defendant denies each allegation therein.

267.    In response to Paragraph 267 of the Complaint, Defendant denies each allegation therein.

268.    In response to Paragraph 268 of the Complaint, Defendant denies each allegation therein.

269.    In response to Paragraph 269 of the Complaint, Defendant denies each allegation therein.

DAILY ALJIAN LLP
Newport Beach, California

270.   In response to Paragraph 270 of the Complaint, this Paragraph contains legal assertions, which do not require a response. To the extent any response is required, Defendant denies each allegation therein.

The remainder of the Complaint contains Plaintiff's request for relief, to which no response is required.  To the extent a responsive pleading is required, Defendant denies that Plaintiff is entitled to the relief sought.

All allegations stated in the complaint that have not been specifically admitted or denied, that require a response, and that are not otherwise expressly admitted herein, are hereby expressly denied.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative and other defenses to the Complaint and reserves the right to raise additional affirmative defenses prior to or at the time of trial.  Further, by alleging these defenses, Defendant is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion that would otherwise rest with Plaintiff.

As a separate affirmative defense to each alleged claim for relief of the Complaint, Answering Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### Failure to State a Cause of Action

The Complaint fails, in whole or in part, fails to state facts sufficient to constitute a cause of action, or any cause of action, against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### First Amendment Privilege

The alleged statements and purported implications in the Complaint are privileged under the First Amendment to the United States Constitution.

DAILY ALJIAN LLP
Newport Beach, California

### THIRD AFFIRMATIVE DEFENSE

### Ministerial Exception

Plaintiff's claims are barred by doctrine of Ministerial Exception pursuant to the First Amendment right for religious ministries to select their own religious ministers and manage the employment relationship free from government regulation.

### FOURTH AFFIRMATIVE DEFENSE

### Ecclesiastical Abstention Doctrine

Plaintiff's claims are barred by the Ecclesiastical Abstention Doctrine grounded on the First Amendment's Free Exercise Clause of the U.S. Constitution.

### FIFTH AFFIRMATIVE DEFENSE

### No Subject Matter Jurisdiction

Plaintiff's Complaint cannot establish subject matter jurisdiction, and thus Plaintiff is barred from recovery.

### SIXTH AFFIRMATIVE DEFENSE

### Consent

Defendant is informed and believe and based thereon, allege that if any conduct alleged in the Complaint actually occurred, it occurred with Plaintiff's consent.

### SEVENTH AFFIRMATIVE DEFENSE

### No Employer Employee Relationship

Defendant did not employ Plaintiff. At all relevant times, Plaintiff was not Defendant's employee.

### EIGHTH AFFIRMATIVE DEFENSE

### No Causation

Plaintiff cannot establish the requisite causal connection between any alleged wrongdoing related to protected rights and any alleged and cognizable adverse employment action.

33

## NINTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

Defendant is informed and believes and, based thereon, alleges that, as to each alleged cause of action, Plaintiff failed, refused and neglected to take reasonable steps to mitigate the alleged damages, if any, thus barring or diminishing Plaintiff's recovery herein.

## TENTH AFFIRMATIVE DEFENSE

### Estoppel

Defendant is informed and believes and based thereon alleges that Plaintiff engaged in conduct and activities with respect to the subject of this litigation, and by reason of said activities and conduct, is estopped from asserting any claims for damages or seeking any other relief against Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### Waiver

Defendant is informed, believes and based thereon alleges that Plaintiff executed a waiver and release and/or otherwise agreed to release and waive her rights to some or all of the claims asserted in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### Statute of Limitations

Defendant is informed and believes and based thereon, alleges that the Complaint, and each and every cause of action contained therein, is barred by the applicable statutes of limitation.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Doctrine of Laches

Defendant is informed, believes and based thereon alleges that Plaintiff waited an unreasonable period of time before asserting her claims, if any, against Defendant, and is barred from asserting such claims under the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**Intervening and Superseding Acts**

The damages or losses alleged sustained by Plaintiff, if any, were the direct and proximate result of intervening and superseding actions on the part of other parties, and not Defendant, barring Plaintiff's recovery from Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**Justifiable Reliance**

Any representation or other act by Defendant on which Plaintiff bases her claims was made by Defendant in justifiable reliance on the actions and representations on others, and Plaintiff must look to those parties instead of to Defendant for recovery, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**Plaintiff's Knowledge**

Plaintiff's claims are barred by her actual or constructive knowledge or acceptance of the facts on which Plaintiff base her claims against Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**Privilege**

The alleged actions, statements and other actionable events attributed to Defendant were absolutely or qualifiedly privileged.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**Doctrine of Unclean Hands**

By virtue of Plaintiff's own careless, negligent and other wrongful conduct, Plaintiff should be barred from recovering against Defendant by the equitable doctrine of unclean hands.

**NINETEENTH AFFIRMATIVE DEFENSE**

**Good Faith**

All acts done by Defendant were performed fairly, in good faith and for a lawful purpose, and were reasonable and justified under the circumstances.

DAILY ALJIAN LLP
Newport Beach, California

DAILY ALJIAN LLP
Newport Beach, California

1

### TWENTIETH AFFIRMATIVE DEFENSE

2

### Failure to State a Claim for Attorney Fees

3 Plaintiff has failed to state facts sufficient for an award of attorneys' fees.

4

### TWENTY- FIRST AFFIRMATIVE DEFENSE

5

### Third Party Liability

6 Plaintiff's Complaint, and each and every purported cause of action set forth

7 therein, are barred, in whole or in part, to the extent the actions that purportedly

8 caused damage to Plaintiff were performed by third parties or other parties over

9 whom Defendant is not responsible and over which Defendant has no control.

10

### TWENTY- SECOND AFFIRMATIVE DEFENSE

11

### No Punitive Damages

12 Defendant has not acted with malice, reckless indifference or fraud toward

13 Plaintiff and, therefore, Defendant cannot be liable for punitive damages.

14

### TWENTY- THIRD AFFIRMATIVE DEFENSE

15

### Fraud

16 Plaintiff's claims are barred by Plaintiff's acts of fraud.

17

### TWENTY- FOURTH AFFIRMATIVE DEFENSE

18

### After-Acquired Evidence Doctrine

19 Plaintiff may be barred, in whole or in part, from recovery of damages as

20 alleged and prayed for in the Complaint by the after-acquired evidence doctrine.

21

### TWENTY- FIFTH AFFIRMATIVE DEFENSE

22

### Plaintiffs' Negligence

23 If Plaintiff suffered any injury or damage as alleged in the Complaint, such

24 injury or damage was caused, in whole or in part, by the carelessness and

25 negligence of Plaintiff or its agents and Plaintiff should therefore recover nothing

26 from Defendant, or any recovery otherwise due from Defendant should be reduced

27 to reflect the percentage to which the fault and negligence of Plaintiff or its agents

28 caused and contributed to the injuries or damages claimed to have been suffered.

36

DAILY ALJIAN LLP
Newport Beach, California

## TWENTY- SIXTH AFFIRMATIVE DEFENSE

### Doe Defendants

Defendant is not legally responsible for the acts and/or omissions of those additional defendants named in the Complaint and/or to be named as Does in this action.

## TWENTY- SEVENTH AFFIRMATIVE DEFENSE

### Lack of Standing

Defendant is informed and believes and, based thereon, alleges that Plaintiff lacks standing to sue, thereby barring Plaintiff's Complaint, and each and every cause of action contained therein.

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

### Lack of Justifiable Controversy

Defendant is informed and believes and, based thereon, alleges that the complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law, and that Plaintiff is therefore responsible for Defendant's necessary and reasonable defense costs, including attorneys' fees.

## TWENTY- NINTH AFFIRMATIVE DEFENSE

### Other Defenses

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant reserves the right to assert such other defenses, affirmative or otherwise, as may prove through discovery to be applicable.

## THIRTIETH AFFIRMATIVE DEFENSE

### Amendment

Defendant reserves the right to amend its Answer and Affirmative Defenses if investigation, discovery, and further information warrants such amendment, and further to assert any applicable matters of law during the pendency of this action.

37

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**Counterclaims**

Defendant reserves the right to assert such claims, counterclaims, third-party claims, or other claims as investigation and discovery may prove applicable, and hereby reserves unto itself all of its rights associated with any such claim or potential claim.

**INCORPORATION OF OTHER AFFIRMATIVE DEFENSES**

Defendant incorporates all other affirmative defenses that are set forth by parties to this action to the extent that they are applicable.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. The Plaintiff takes nothing by way of her Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3. That Defendant be awarded costs of suit incurred in this action;

4. That Defendant be awarded Attorneys' Fees to the extent allowed by law; and

5. For such further relief the Court deems fair and just.

Dated:  March 12, 2021                    DAILY ALJIAN LLP


By: /s/ Reed Aljian
Reed Aljian
Attorneys for Defendant
LA LUZ DEL MUNDO

DAILY ALJIAN LLP
Newport Beach, California

1

**JURY TRIAL DEMANDED**

2

        Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial

3

by jury for all issues so triable.

4

5

Dated:  March 12, 2021                      DAILY ALJIAN LLP

6

7

By: /s/ Reed Aljian
       Reed Aljian

8

       Attorneys for Defendant
       LA LUZ DEL MUNDO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA LUZ DEL MUNDO'S ANSWER TO COMPLAINT

DAILY ALJIAN LLP
Newport Beach, California

## **PROOF OF SERVICE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CASE NAME:** *SOCHIL MARTIN v. LA LUZ DEL MUNDO, et al.*

     I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 Bayview Circle, Suite 5500, Newport Beach, California 92660. On **March 12, 2021**, I caused the foregoing document(s) to be served on:

**DEFENDANT LA LUZ DEL MUNDO'S ANSWER TO PLAINTIFF SOCHIL MARTIN'S COMPLAINT; DEMAND FOR JURY TRIAL**

on the following parties:

**SEE ATTACHED SERVICE LIST**

[X]   (BY CM/ECF ELECTRONIC FILING) I caused such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **March 12, 2021**, at Newport Beach, California.

                          */s/* Courtney Dorner
                           Courtney Dorner

DAILY ALJIAN LLP
Newport Beach, California

1
2

## SERVICE LIST

3
4
5
6

Deborah S. Mallgrave
  *DMallgrave@GGTrialLaw.com*
GREENBERG GROSS LLP
601 South Figueroa St, 30th Floor
Los Angeles, CA 90017
  *Attorneys for Plaintiff, SOCHIL MARTIN*

7
8
9
10

Michael G. Finnegan
  *Mike@AndersonAdvocates.com*
Jennifer E. Stein
  *Jennifer@AndersonAdvocates.com*
JEFF ANDERSON & ASSOCIATES
11812 San Vincente Blvd, #503
Los Angeles, CA 90049
  *Attorneys for Plaintiff, SOCHIL MARTIN*

11
12
13
14
15
16

Alan J. Jackson
  *ajackson@werksmanjackson.com*
Caleb E. Mason
  *cmason@werksmanjackson.com*
Michael G. Freedman
  *mfreedman@werksmanjackson.com*
WERKSMAN JACKSON & QUINN LLP
888 W 6th St, Fourth Floor
Los Angeles, CA 90017
  *Attorneys for Defendant, NAASÓN JOAQUÍN GARCÍA*

17
18
19
20
21

Ethan J. Brown
  *ethan@bnsklaw.com*
Geoffrey A. Neri
  *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
  *Attorneys for Defendants, JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN AND JOSE LUIS ESTRADA*

22
23
24
25

Donna M. Dean - Deputy Attorney General
  *Donna.Dean@doj.ca.gov*
CAAG - OFFICE OF ATTORNEY GENERAL
CALIFORNIA DEPARTMENT OF JUSTICE
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
*Attorneys for THE PEOPLE OF THE STATE OF CALIFORNIA*

26
27
28

DAILY ALJIAN LLP
Newport Beach, California

LA LUZ DEL MUNDO'S ANSWER TO COMPLAINT