1  Ethan J. Brown (SBN 218814)
    (ethan@bnsklaw.com)
2  Geoffrey A. Neri (SBN 258802)
    (geoff@bnsklaw.com)
3  BROWN, NERI, SMITH & KHAN LLP
   11601 Wilshire Blvd., Suite 2080
4  Los Angeles, California 90025
   Telephone:  (310) 593-9890
5  Facsimile:   (310) 593-9980

6

7  Attorneys for Defendants
   *Jose Hernandez, Silverio Coronado, Aurelio Zavaleta,*
   *Uzziel Joaquin, Jonathan Mendoza, David Mendoza,*
8  *Benjamin Joaquin, Jose Luis Estrada and Rahel Garcia*

9

10                UNITED STATES DISTRICT COURT
           CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION
11

12 | SOCHIL MARTIN,                          | Case No.: 2:20-CV-01437-OWD (ASx)
13 |         Plaintiff,                       |
                                              | **MEMORANDUM OF POINTS AND**
14 |     v.                                   | **AUTHORITIES IN SUPPORT OF**
                                              | **SPECIALLY APPEARING**
15 | LA LUZ DEL MUNDO, an                    | **DEFENDANT RAHEL GARCIA'S**
   | unincorporated association, NAASON       | **MOTION TO DISMISS PURSUANT**
16 | JOAQUIN GARCIA, an individual, EL       | **TO FEDERAL RULES OF CIVIL**
   | CONSEJO DE OBISPOS, an                   | **PROCEDURE 12(b)(5) AND 12(b)(2)**
17 | unincorporated association, GILBERTO    | **FOR DEFICIENT SERVICE OF**
   | GARCIA GRANADOS, an individual,          | **PROCESS AND LACK OF**
18 | JOSE HERNANDEZ, an individual,          | **PERSONAL JURISDICTION**
   | UZZIEL JOAQUIN, an individual,           |
19 | SILVERIO CORONADO, an                   | Date:  April 26, 2021
20 | individual, AURELIO ZAVALETA, an        | Time: 1:30 p.m.
   | individual, JOSE LUIS ESTRADA, an        | Ctrm: 5D
21 | individual, JONATHAN MENDOZA,           |
   | an individual, ALMA ZAMORA DE            | [Concurrently filed herewith: (1) Notice
22 | JOAQUIN, an individual, BENJAMIN        | of Motion and Motion to Dismiss; (2)
   | JOAQUIN GARCIA, an individual,           | Declaration of Rahel Garcia; (3)
23 | RAHEL JOAQUIN GARCIA, an                | Declaration of Jaciel Enriques; (4)
   | individual, ADORAIM JOAQUIN              | Declaration of Geoffrey A. Neri; and (5)
24 | ZAMORA, an individual, DAVID            | [Proposed] Order]
   | MENDOZA, an individual and DOES 1        |
25 | through 10, inclusive.                  |
26 |         Defendants.                      |
27
28

MEMORANDUM OF POINTS AND AUTHORITIES

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................... 1

II. FACTUAL BACKGROUND ................................................................... 2

III. LEGAL STANDARD ............................................................................... 4

IV. ARGUMENT ............................................................................................ 5

   A. There Has Not Been Sufficient Service of Process In this Case and Dismissal is Appropriate Under Rule 12(b)(5) ............................... 5

      1. *Garcia Resides Outside a Judicial District of the United States and Therefore Substitute Service Under California Law Is Not Permitted* ............................................................................... 5

      2. *Service Was Not Effected Under California Law* ......................... 6

   B. The Court Does Not Have Jurisdiction Over Garcia and Dismissal is Appropriate Under Rule 12(b)(2) ....................................... 7

      1. *Plaintiff Cannot Establish General Jurisdiction Over Garcia* ................................................................................... 9

      2. *Plaintiff Cannot Establish Specific Jurisdiction Over Garcia* ................................................................................. 10

         a. No Purposeful Availment ..................................................... 10

         b. Plaintiff's Claims Do Not "Arise Out Of" Garcia's Alleged Forum-Related Activities ..................................... 11

         c. Exercise of Jurisdiction Over Garcia Would Be Unreasonable ....................................................................... 11

V. CONCLUSION ....................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**

*Agricola ABC, S.A. de C.V. v. Chiquita Fresh North America*, LLC, 2010 WL 2985500 (S.D.Cal.2010) ................................................................ 6

*Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784 (9th Cir. 1977) ............................................................................................. 8

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848 (9th Cir. 1993) ........... 12

*Aref v. Hickman*, No. ED CD 06-00023-VAP (VBK), 2009 WL 192497 (C.D. Cal., Jan. 26, 2009) ................................................................... 2

*Asahi Metal Indus., Co. v. Superior Court*, 480 U.S. 102 (1987) ..................... 12

*Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995) ....................................... 11

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. 2000) ........ 9

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) ...................................... 4

*CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004) ................. 8

*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 (9th Cir. 1993) ..................... 8

*CYBERsitter, LLC v. People's Republic of China*, Case No. CV 10–00038– JST (SHx), 805 F. Supp. 2d 958 (C.D. Cal. 2011) ............................................. 5

*Data Disc., Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280 (9th Cir. 1977) ........ 8

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 (9th Cir. 1988) ................................................................... 4

*FDIC v. British-Am. Ins. Co.*, Ltd., 828 F.2d 1439 (9th Cir. 1987) ................... 12

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ......... 10, 11

*Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474 (9th Cir. 1986) ............................................................................................. 10

*Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266 (9th Cir. 1981) ............ 12

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..................................... 8

*Jackson v. Hayakawa*, 682 F.2d 1344 (9th Cir. 1982) .................................... 5

*Levine v. Duchacova*, No. 10cv1200-LAB(BGS), 2010 WL 4941951 (S.D. Cal. 2010) ................................................................................... 4, 7

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987) ............. 7

*Pac. Atl. Trading Co., Inc. v. M/V Main Exp.*, 758 F.2d 1325 (9th Cir. 1985) ......... 12

*Peterson v. Highland Music, Inc.*, 140 F.3d 1313 (9th Cir. 1998) ....................... 8

*Reddick v. Troung*, No. CV 07-6586-RGK (RC), 2008 WL 2001915 (C.D. Cal., May 5, 2008) ................................................................... 4

*Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002) .......... 8

*Rocke v. Canadian Auto. Sports Club*, 660 F.2d 395 (9th Cir. 1981) ................... 13

*Shaffer v. Heitner*, 433 U.S. 186 (1977) ............................................... 10

*Silva v. Gonzales*, No. 3:13-cv-1587-CAB-KSC, 2014 WL 12663140 (S.D. Cal. May 23, 2014) ................................................................... 5

*Sinatra v. Nat'l Enquirer*, 854 F.2d 1191 (9th Cir. 1988) .............................. 13

*Taubler v. Giraud*, 655 F.2d 991 (9th Cir. 1981) ............................................................... 8
*Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132 (9th Cir. 2009) ................ 7
*Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006) ............................. 9
*Wasson v. Riverside County*, 237 F.R.D. 423 (C.D. Cal. 2006) ........................................ 4

**STATUTES**

Cal. Code Civ. Proc. § 410.10 ............................................................................................ 8
Fed. R. Civ. .P.  4(e)(2)(B) ................................................................................................. 6
Fed. R. Civ. P. 12(b)(2) ...................................................................................................... 2
Fed. R. Civ. P. 12(b)(5) ...................................................................................................... 2
Fed. R. Civ. P. 4 ............................................................................................................. 4, 7
Fed. R. Civ. P. 4 4(f) ........................................................................................................... 5
Fed. R. Civ. P. 4(e)(1) ......................................................................................................... 5
Fed. R. Civ. P. 4(e)(2) ......................................................................................................... 6
Fed. R. Civ. P. 4(f) .............................................................................................................. 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Specially Appearing Defendant Rahel Garcia ("Garcia") has not been properly served with the summons and complaint in this case and the action against her should be dismissed. On February 3, 2021, the Court granted Garcia's prior motion to quash service of process. *See* Order Granting Defendant's Motion to Quash Service [ECF No. 115 (the "Order").] The Court found, *inter alia*, that Plaintiff Sochil Martin ("Martin") had failed to present evidence that Garcia resided at 118 N. Arizona Avenue in Los Angeles, the property at which a process server attempted to subserve Garcia by leaving the Complaint and Summons with a "John Doe". *See id.* at 4-5.

Thus, the Court quashed service and ordered "Martin to effect service on Garcia in accordance with Rule 4 within twenty-one (21) days of the issuance of the order." *Id.* at p. 6. Martin *did not* effect service within twenty-one (21) days, by February 24, 2021, as the Court ordered, or even attempt to do so. Instead, she merely filed a proof of service purporting to have served Garcia much earlier, on August 11, 2020, by subserving an individual at 308 N. Arizona Avenue, Los Angeles 90022, which address the process server represented to be Garcia's home.[1] [ECF No. 116].

Martin has no competent evidence that Garcia resides at 308 N. Arizona Avenue and, in fact, Garcia does not reside there. To the contrary, as Garcia attests, she has not lived in the United States since 2017, when she moved back permanently to Guadalajara, Mexico, after spending a number of years doing missionary work in the United States. *See* Declaration of Rahel Garcia ("Garcia Decl.") at ¶¶ 3-4. The affidavit of Martin's process server claims that he served the Summons and Complaint on an individual named Jaciel Enriques, who allegedly "confirmed he was the

---

[1] This representation contradicts Martin prior representation that she "knew from personal experience" that the property at 118 N. Arizona Avenue was purportedly Garcia's home, not 308 N. Arizona Avenue. *See* Opposition to Defendant Rahel Garcia's Motion to Dismiss ("Opp'n") at p. 8, ll 8-9. [ECF No. 84]

1
MEMORANDUM OF POINTS AND AUTHORITIES

subject's nephew and co-occupant . . ." *See* Proof of Service of Summons at p. 3 [ECF No. 116]. In fact, Mr. Enriques attests that he is not Garcia's nephew and neither he nor Garcia are "co-occupants" at the property located at 308 N. Arizona Avenue in Los Angeles. *See* Declaration of Jaciel Enriques ("Enriques Decl.") at ¶¶ 3-4. And in any event, even if he were a family member of Garcia or "co-occupant" at the property at issue, such facts would not suffice to establish that 308 N. Arizona Avenue is Garcia's usual dwelling place or abode.

Because Martin has failed to properly serve Ms. Garcia, the Court has discretion to either quash service of process or dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(5). However, the Court's Order itself states that "[i]f Martin fails to file proof of valid service upon Garcia within twenty-one (21) days, the Court shall dismiss the claims against Garcia without further warning . . . ." *See* Order at p. 6.

As Martin has not filed a *valid* proof of service, the claims against Garcia must be dismissed, consistent with the Order. *See also Aref v. Hickman*, No. ED CD 06-00023-VAP (VBK), 2009 WL 192497, at *19 (C.D. Cal., Jan. 26, 2009) ("flagrant disregard" of the rules warrants dismissal). Finally, in addition and/or in the alternative, as elaborated herein, this Court lacks personal jurisdiction over Ms. Garcia and therefore dismissal is also warranted under Rule 12(b)(2).

## II. FACTUAL BACKGROUND

Defendant Rahel Garcia ("Garcia") is the sister of Naason Garcia, who is the primary subject and target of the sprawling 65-page Complaint of Plaintiff Sochil Martin. Of the 270 allegations comprising that Complaint, only two of them specifically pertain to Garcia. (Cmplt., ¶¶ 36, 90.)

One of those paragraphs alleges that "Defendant Rahel Joaquin Garcia, upon information and belief, is a United States citizen who regularly resides in California and Texas. . .." (Cmplt. ¶ 36.) In fact, and to the contrary, Garcia is a citizen of

Mexico, who does not reside in Texas or California or any other U.S. state. Garcia Decl. at ¶ 2.

In an initial L.R. 7-3 meet and confer discussions between counsel, held prior to Garcia's prior motion to quash, counsel for Garcia informed Plaintiff's counsel that Garcia resides in Mexico and further asserted that Garcia is not subject to personal jurisdiction in the Central District of California. (Declaration of Geoffrey A. Neri ("Neri Decl." at ¶ 2.) However, counsel could not agree to any compromise that would obviate the need for motions practice and Garcia therefore filed her first motion to quash. (*Id.*)

In support of her opposition to the motion, Martin represented that "Plaintiff attempted service on the home that *she knew from personal experience to be Garcia's residence*", a property located at 118 N. Arizona Avenue, Los Angeles, California (hereinafter "118 N. Arizona"). *See* Opposition to Defendant Rahel Garcia's Motion to Dismiss ("Opp'n") at p. 8, ll 8-9 (emphasis added). [ECF No. 84]

However, Garcia presented evidence, including her own declaration and the declaration of the individual who was purportedly subserved at the property, establishing that 118 N. Arizona is not Garcia's dwelling place or usual abode. Accordingly, the Court determined that Martin failed to meet her burden to prove that she effected substitute service on Garica. *See* Order at p. 5, ll. 21-24.

The Court quashed service and, in light of that determination, declined to address Garcia's other challenges to jurisdiction. *Id.* at p. 6, fn. 5. The Court ordered Martin to file a valid proof of service within twenty-one days of the date of the order (February 3, 2021) and indicated that her failure to do so would result in a dismissal of the claims against Garcia without further warning. *Id.*

On February 11, 2021, Martin filed a proof of service of summons with the Court that purports to have made several attempts to personally serve Garcia at a property located 308 N. Arizona Ave., which property Martin now apparently claims is Garcia's home, contrary to her prior representation to the Court. [ECF No. 116

("Proof of Service")]. The process server's affidavit further states that he "effectuated service by leaving documents with a man who confirmed he was subject's nephew and co-occupant, name heard as Jaciel Enriques. at (Home) – 308 N. Arizona Ave., Los Angeles, CA 90022." *Id.*

On March 1, 2021, counsel for Garcia conferred with counsel for Martin, pursuant to L.R. 7-3, at which time counsel for Garcia pointed out Martin's contradictory representations to the Court with respect to Garcia's alleged "home". *See* Declaration of Geoffrey A. Neri at ¶ 3. Counsel for Garcia also represented that he had obtained a declaration from the individual purportedly subserved and that he represented that he was neither Garcia's nephew nor a "co-occupant" with her at 308 N. Arizona Ave. *Id.* However, counsel were unable to reach a resolution and thereby obviate the need for motions practice.

### III.     LEGAL STANDARD

A defendant must be served in accordance with Federal Rule of Civil Procedure 4. Otherwise, there is no personal jurisdiction. *See e.g., Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly."); *Levine v. Duchacova*, No. 10cv1200-LAB(BGS), 2010 WL 4941951 (S.D. Cal. 2010) *3 (hereinafter, "*Levine*").

Federal Rule of Civil Procedure 12(b)(5) allows the Court to dismiss a case based on "insufficient service of process" as governed by the standards enumerated in Rule 4. *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006). A specially appearing defendant's mere filing of a motion to dismiss under Rule 12(b)(5) does not demonstrate proper service of process. *Reddick v. Troung*, No. CV 07-6586-RGK (RC), 2008 WL 2001915, at *5 & n.10 (C.D. Cal., May 5, 2008).

Once service is challenged, the Plaintiff must prove that service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (Plaintiff "bears the burden of establishing that service was valid under Rule 4."). Notice of the action itself is

insufficient to cure defective service. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Neither actual notice... nor simply naming the person in the caption of the complaint... will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.").

IV. **ARGUMENT**

    A. **There Has Not Been Sufficient Service of Process In this Case and Dismissal is Appropriate Under Rule 12(b)(5)**

Plaintiff alleges "on information and belief" that Garcia is a "United States citizen who regularly resides in California and Texas" (Cmplt. ¶ 36.) Garcia, however, has attested to the fact that she is a Mexican citizen residing in Guadalajara, Mexico. (Garcia Decl. at ¶ 2.) When a court is presented with a conflict between a plaintiff's statement based solely "on information and belief" and a defendant's declaration to the opposite effect, the plaintiff fails to make a prima facie showing of the purported allegation. *See, e.g., CYBERsitter, LLC v. People's Republic of China*, Case No. CV 10–00038–JST (SHx), 805 F. Supp. 2d 958, 969 n. 2 (C.D. Cal. 2011).

        1. *Garcia Resides Outside a Judicial District of the United States and Therefore Substitute Service Under California Law Is Not Permitted*

The service attempted here was by the substitute under a method allowed by California law, which is permitted under Federal Rule of Civil Procedure 4(e)(1) where an individual resides in the United States. Fed. R. Civ. Proc. 4(e)(1).

However, as Garcia attested in support of her first motion to quash and here again in support of this renewed motion, she resides Guadalajara, Mexico, where moved back permanently in 2017, after living for several years in various states in the United States. *See* Garcia Decl. at ¶¶ 2-3. Service is thus governed by Rule 4(f) of the Federal Rules of Civil Procedure. *Silva v. Gonzales*, No. 3:13-cv-1587-CAB-KSC, 2014 WL 12663140, *4 (S.D. Cal. May 23, 2014) ("Defendants are each residents of Nicaragua, which means that Federal Rule of Civil Procedure 4(f) governs

service.").

Rule 4(f) does not list state law methods of service as one of the permissible methods of service of process outside a judicial district of the United States. Fed. R. Civ. Proc. 4(e)(2) (listing permissible methods for service at a place not within any judicial district of the United States). As such, substitute service under California law was not permissible here. Garcia's motion should be granted for this reason alone.

### 2. *Service Was Not Effected Under California Law*

Additionally, even if Martin contests Garcia's attestation that she resides in Mexico, and therefore service under California law is permissible, Martin still failed to effect valid service. The affidavit of Martin's process server purports to have effected service of process pursuant to Federal Rule of Civil Procedure Rule 4(e)(2)(B), which permits substitute service of process consistent with the law of the state, here California, where the district court is located. *See* Proof of Service [ECF No. 16] (checked box tracking language of the rule, stating documents were left with "a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party." (emphasis added).)

Under the plain language of Rule 4(e)(2)(B), service must be completed at the defendant's dwelling or usual place of abode—not that of someone else. There is no adequate evidence that 308 N. Arizona is the dwelling house or usual place of abode of Garcia. The process server's affidavit represents that an individual named Jaciel Enriques allegedly "confirmed he was the subject's nephew and co-occupant . . ." *See* Proof of Service of Summons at p. 3 [ECF No. 116]. However, Mr. Enriques disavows under oath both that he is Garcia's nephew and that he is her "co-occupant" at 308 N. Arizona. And even if he were a nephew of Garcia or "co-occupant" (he is neither), that would fail to establish 308 N. Arizona Ave. as a proper place for service. *See Agricola ABC, S.A. de C.V. v. Chiquita Fresh North America*, LLC, 2010 WL 2985500, at *4 (S.D.Cal.2010).

In *Agricola*, substitute service on two defendants who were citizens of Mexico

6
MEMORANDUM OF POINTS AND AUTHORITIES

was attempted at a family vacation home in Coronado, California. *Id.* The court determined that service was invalid, noting, "aside from the fact Defendants' wife and mother, respectively, lives at the property, there is no other evidence indicating either Defendant usually stays at the Coronado home such that it could be considered his 'usual place of abode.'" *Id.*

Finally, the fact that Garcia may have received mail at 308 N. Arizona Ave. in the past or that it continues to be recognized by the U.S. Postal Service as her mailing address (as Martin is expected to observe) is insufficient to establish that the property is her dwelling house or usual place of abode or usual mailing address. In fact, as Garcia attests, it was not her practice to notify the U.S. Postal Service when she moved within the United States or when she moved back to Mexico. The fact that she may have used 308 N. Arizona Ave. as a mailing address is not dispositive. Most people move within their lifetime and many people, like Garcia, have moved often. It is clearly not the rule that every address at which an individual lived in her lifetime is a proper place for service. *See, e.g., Levine, supra*, 2010 WL 4941951, *3 ("that [Defendant] may have given the La Jolla address as her own at some point *in the past*, it does not show that the La Jolla address is the *usual* mailing address for [Defendant], which it must be in order for service to be valid under Cal. Code Civ. P. 415.20(b).").

### B. The Court Does Not Have Jurisdiction Over Garcia and Dismissal is Appropriate Under Rule 12(b)(2)

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (citations omitted). A court does not acquire personal jurisdiction over the defendant until defendant has been properly served. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Because the foreign Defendants have not been properly served in accordance with Rule 4 and the Hague Convention, this Court lacks personal jurisdiction over them and therefore, dismissal is also warranted under Rule 12(b)(2).

But even Garcia had been properly served, this Court still would not have personal jurisdiction over her. On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving the facts necessary to establish personal jurisdiction over a defendant. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citations omitted).

The Ninth Circuit recognizes that, because of "important sovereignty concerns," litigation against an alien defendant "creates a higher jurisdictional barrier than litigation against a citizen from a sister state." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). Plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Plaintiff must make a prima facie showing of jurisdictional facts to defeat the motion. *Data Disc., Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

When, as here, no federal statute specifically confers personal jurisdiction, the district court applies the law of the forum state. *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004). California's long-arm statute permits California courts to exercise jurisdiction on any basis consistent with the Constitutions of California and the United States, *i.e.*, to the limits of due process. Cal. Code Civ. Proc. § 410.10; *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1317 n.2 (9th Cir. 1998). Because the California long-arm statute allows for personal jurisdiction over a defendant to the full extent permitted by due process, the Court may directly consider whether personal jurisdiction over a defendant comports with due process. *Taubler v. Giraud*, 655 F.2d 991, 993 (9th Cir. 1981).

A court may exercise personal jurisdiction over a non-resident defendant consistent with due process only if it has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

There are two forms of personal jurisdiction that a forum state may exercise over a non-resident defendant—general jurisdiction and specific jurisdiction. For the reasons stated below, Garcia is subject to neither.

### 1. *Plaintiff Cannot Establish General Jurisdiction Over Garcia*

Plaintiff cannot demonstrate general jurisdiction over Garcia. "The standard for establishing general jurisdiction is 'fairly high,' [] and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Minimum contacts for general jurisdiction exist where a defendant has "substantial" or "continuous and systematic" contacts with the forum state, even if the case is unrelated to those contacts. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citation omitted). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft*, *supra*, 223 F.3d at 1086. Conversely, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Id.*

Plaintiff is not able to satisfy the "fairly high" standard for general jurisdiction as Garcia's contacts with this forum, if any, do not qualify as either substantial or continuous and systematic. There are no allegations that Garcia does business in this forum; that she is registered, licensed, or otherwise authorized to conduct business here; that she has a designated or registered agent for service of process here; that she rents, leases, owns, or otherwise possesses any real or personal property here; that she has bank accounts or assets here; that she maintains any office, telephone listing, mailing address, or place of business here; that she has any trustees, agents, representatives, or employees here; or that she owes or pays taxes here. Indeed, not a single factor identified in *Bancroft* is present. Accordingly, Garcia's contacts are insufficient to establish general jurisdiction.

### 2. *Plaintiff Cannot Establish Specific Jurisdiction Over Garcia*

Nor can the Court exercise specific personal jurisdiction over Garcia. A federal court may assert specific jurisdiction over a non-resident defendant if her activities in the forum give rise to or are related to the litigation. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984). The Court's inquiry must focus on the "relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

Courts within the Ninth Circuit apply the following three-prong test to evaluate whether the nature and quality of those contacts justify the assertion of limited jurisdiction: (1) The non-resident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the protections and benefits of its laws. (2) The claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir. 1986). Plaintiff cannot satisfy any of the prongs.

#### a. No Purposeful Availment

Plaintiff cannot establish that Garcia purposefully directed any activity towards California nor purposefully availed herself of the benefits and privileges of the laws of this state. As evidenced by the complaint, there are scant allegations concerning the actual conduct of Garcia. In fact, there are only two (Cmplt, ¶¶ 36, 90) and only one refers to specific conduct by Garcia.[2]

---

[2] That allegation states that Plaintiff was ordered by Garcia "to travel to Big Bear, California to perform erotic dances for Samuel in revealing clothing. "Princess" Rahel served for many years as Samuel's primary groomer. When Ms. Martin would object to wearing the revealing outfits that the Princess or her aunt gave to her, Rahel would explain to the young Ms. Martin that LDM members could not contradict the Princess or any member of the "royal" apostolic family, for their orders were the orders of God." (Cmplt., ¶90.)

Instead, the gist of Plaintiff's allegations and claims concern the unilateral acts or omissions of other defendants and, more specifically, Garcia's brother Naason Garcia. However, the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 417 (1984).

Because Plaintiff has not alleged and cannot establish that Garcia herself, rather than some other defendant, has sufficient contacts with the forum state of California, she filed to satisfy the first prong of the applicable test.

        b. <u>Plaintiff's Claims Do Not "Arise Out Of" Garcia's Alleged Forum-Related Activities</u>

The Ninth Circuit employs a "but for" test to determine whether a claim arises from the alleged forum-related activities of a defendant contesting personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). "The question, therefore, is this: but for [defendant's] contacts with the United States and California, would Plaintiff's claims [] have arisen?" *Id.* at 1500.

Plaintiff's claims here arise out of the alleged wrongdoing of other defendants, which have nothing to do with Garcia. In other words, Garcia's claimed injury would have occurred notwithstanding any acts of Garcia. Thus, Plaintiff fails the "but for" inquiry of the second prong of the applicable test and cannot establish that her claims arose out of Garcia's activities, if any.

        c. <u>Exercise of Jurisdiction Over Garcia Would Be Unreasonable</u>

But even if the Court may exercise specific jurisdiction, it must still be "reasonable." The Ninth Circuit has identified the following factors to determine whether, on balance, jurisdiction is reasonable: (1) extent of purposeful interjection; (2) the burden on the defendant to defend the suit in the chosen forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in the dispute; (5) the most efficient forum for judicial resolution of the dispute; (6)

the importance of the chosen forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851-853 (9th Cir. 1993) ("*Amoco Egypt*").

"[D]ue process require[s] that the defendant's expectations and burdens should be weighed more heavily than the plaintiff's hardships." *Pac. Atl. Trading Co., Inc. v. M/V Main Exp.*, 758 F.2d 1325, 1331 (9th Cir. 1985).

As to the extent of purposeful interjection, this inquiry "parallels the inquiry of minimum contacts." *Amoco Egypt, supra*, 1 F.3d at 852. "The smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the less reasonable is its exercise." *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981). This factor weighs heavily against exercising jurisdiction over Garcia. For the reasons discussed more fully above, there are no "minimum contacts" sufficient to justify the exercise of jurisdiction over Garcia as reasonable.

As to the second factor, the burden on Garcia also weighs in her favor. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi Metal Indus., Co. v. Superior Court*, 480 U.S. 102, 114 (1987). Garcia should not have to bear the burden of defending herself in a foreign legal system. "In a case such as this, in which the defendant 'has done little to reach out to the forum state,' the burden of defending itself in a foreign forum militates against exercising jurisdiction." *FDIC v. British-Am. Ins. Co.*, Ltd., 828 F.2d 1439, 1444 (9th Cir. 1987).

As to the third factor, the extent of conflict with Mexico's sovereignty also weighs in favor of Garcia. "Where, as here, the defendant is from a foreign nation rather than another state, the sovereignty barrier is high and undermines the reasonableness of personal jurisdiction." *Amoco Egypt*, 1 F.3d at 852. "[L]itigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Sinatra v.*

*Nat'l Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988). *See also Rocke v. Canadian Auto. Sports Club*, 660 F.2d 395, 399 (9th Cir. 1981) ("Because [defendants] are unquestionably residents of Canada, we must observe that this factor tends also to undermine the reasonableness of personal jurisdiction in this case.") Likewise here, because Garcia is unquestionably a resident of another counry, this factor also undermines the reasonableness of exercising jurisdiction over her.

As to the remaining factors, Plaintiff will not be able to carry her burden of proof. But even if she does, on balance, the factors weigh in favor of Garcia and a finding that this Court's exercise of specific jurisdiction over her would be unreasonable. Accordingly, the motion should be granted and the action should be dismissed as to Garcia pursuant to Rule 12(b)(2).

## V. CONCLUSION

Plaintiff has failed to properly effect service on Garcia. Based on the foregoing, Garcia respectfully requests that this Court grant the instant motion and dismiss the action against her. If this Court is not inclined to dismiss the action, then the Court should issue an order quashing service, requiring Plaintiff to comply with the Hague Convention, and setting a deadline to serve Garcia.

Respectfully submitted,

DATED: March 25, 2021

BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
      Geoffrey A. Neri

Attorneys for Defendants,
*Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin, Jose Luis Estrada and Rahel Garcia*

# CERTIFICATE OF SERVICE

I, Geoffrey A. Neri, declare as follows:

I am over the age of eighteen years of age and am not a party to this action. I am employed in the County of Los Angeles, State of California, and my business address is 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025.

On March 25, 2021, I electronically filed the following document: MEMORANDUM OF POINTS AND AUTHORITIES with the United States District Court for the Central District of California by using the court's CM/ECF system and all participants in the case who are registered CM/ECF users will thereby be served on March 25, 2021.

/s/ Geoffrey A. Neri
Geoffrey A. Neri

1
CERTIFICATE OF SERVICE