Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:    (310) 593-9980

Attorneys for specially appearing
Defendant Rahel Garcia *et al.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>LA LUZ DEL MUNNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>        Defendants. | Case No.: 2:20-CV-01437-OWD (ASx)<br><br>**SPECIALLY APPEARING DEFENDANT RAHEL GARCIA'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) and 12(b)(2) FOR DEFICIENT SERVICE AND LACK OF PERSONAL JURISDICTION**<br><br>Date: April 26, 2021<br>Time: 1:30<br>Ctrm: 5D<br><br>Action filed:  February 12, 2020<br><br>[Concurrently filed herewith: Evidentiary Objections to Declaration of Deborah S. Mallgrave and Attached Exhibits] |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

**I.     INTRODUCTION** ................................................................. 1

**II.     ARGUMENT** ................................................................. 3

    A. Defendant Garcia's Motion is Not Untimely and Garcia Has Not
       Waived the Right to Contest Service at 308 N. Arizona Ave. ............. 3

    B. The Opposition Fails to Address the Assertion that Service on Garcia
       is Governed by Federal Rule of Civil Procedure 4(f) ......................... 4

    C. The Opposition Fails to Establish that 308 N. Arizona Ave. is a
       Proper Place for Service of Garcia ...................................................... 5

    D. The Opposition Does Not Establish That Jaciel Enriques Was or Is a
       Resident of 308 N. Arizona Ave. ....................................................... 8

    E. Garcia's Contacts are Insufficient to Establish Personal Jurisdiction .. 9

    F. Plaintiff Should Not Be Permitted to Take Jurisdictional Discovery. 13

**III.     CONCLUSION** ................................................................. 14

1

# <u>TABLE OF AUTHORITIES</u>

2

## CASES

3

*Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470 (1988)..............3

*Agricola ABC, S.A. de C.V. v. Chiquita Fresh N. Am., LLC*, 2010 U.S.
Dist. LEXIS 123728 ....................................................................................6, 9

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.* 223 F.3d 1082 (2000) ................10

*Barantsevich v. VTB Bank* 954 F.Supp.2d 972 (C.D. Cal. 2013)........................12

*Bechtel v. Liberty National Bank*, 534 F.2d. 1335 (9th Cir. 1976) ........................3

*Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986) ........................................................4

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004)................................................4

*Craigslist, Inc. v. Hubert*, 278 F.R.D. 510 (N.D. Cal. 2011) ...............................6

*DeFazio v. Wright*, 229 F.Supp. 111 (D.N.J.1964) ...............................................8

*Ellard v. Conway*, 94 Cal.App.4th 540 (2001)......................................................7

*Federal Trade Commission v. A to Z Marketing, Inc.*, SA CV 13-0919
DOC (RNBx), 2014 WL 12597435 (C.D. Cal. Sept. 2, 2014) .........................7

*G & G Closed Cir. Events, LLC v. Saddeldin*, No. 1:10-CV-00062-
AWI, 2014 WL 631613 ....................................................................................8

*Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474 (9th
Cir. 1986)........................................................................................................11

*In re Focus Media Inc.* (9th Cir. 2004) 387 F.3d 1077 ........................................9

*In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-
MD-2670 JLS (MDD), 2020 WL 2747115 (S.D.Cal. May 26, 2020)............12

*Levine v. Duchacova*, 2010 WL 4941951 (S.D. CA 2010)....................................7

*Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253 (2d Cir. 1991)...................6

*Omni Capital Int'l Ltd. V. Rudolf Wolff & Co.,* 484 U.S. 97 (1987) ....................9

*S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161 (9th Cir. 2007)...................2

*S.E.C. v. Ross* 504 F.3d 1130 (9th Cir. 2007)...................................................9, 13

*Silva v. Gonzales*, No. 3:13-cv-1587-CAB-KSC, 2014 WL 12663140 ...............5

*Thomas P. Gonzalez Corp. v. ConsejoNacional De Produccion De
Costa Rica* 614 F.2d 1247 (1980) ..................................................................10

*U.S. v. Rose* (S.D. Cal. 2006) 437 F.Supp.2d 1166...............................................8

*United States v. Lanz*, No. CV16169, 2016 WL 8674268 ....................................5

*United States v. Soong*, 2014 U.S. Dist. LEXIS 30874.........................................6

*Williams v. Moody*, No. CIV. 98-1211, 1999 WL 79535.......................................5

## STATUTES

Cal. Civ. Proc. Code § 415.20 ................................................................................6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RULES

Federal Rule of Civil Procedure 4 .................................................................5, 8

Federal Rules of Civil Procedure 12 ..........................................1, 2, 3, 4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Opposition to Defendant Rahel Garcia's Motion to Dismiss (the "Opposition") is a rehash of arguments and purported evidence that have already been considered and rejected by this Court as insufficient to establish that Specially Appearing Defendant Rahel Garcia ("Garcia") was properly served at 308 N. Arizona Ave., Los Angeles, CA 90022 ("308 N. Arizona Ave."), or any other location "with possible connections to Garcia". *See* Order Granting Defendant's Motion to Quash [ECF No. 115 (the "Order")] at p. 4, ll. 20-21 ("Nevertheless, Martin was *unable to effect service* on Garcia at *any of those locations.*)(emphasis added).

In her opposition to Garcia's *prior* Rule 12 motion to dismiss, which was timely filed on July 15, 2020, Plaintiff argued, as she does now, that 308 N. Arizona Ave. is a proper place for service because "Garcia accepts mail at 308 North Arizona Avenue, it is publicly listed as her residence, and all of her children have, at one time or another, listed that address as their residence. . . ." *See* ECF No. 84 ("Opposition to Defendant Rahel Garcia's Motion to Dismiss" filed August 10, 2020) at pp. 12-13.

In reply, Garcia specifically contested the assertion that 308 North Arizona Avenue was and is a proper location for service of Garcia and also objected to the unauthenticated and inadmissible records offered in support. *See* ECF No. 88 ("Reply in Support of Motion to Dismiss" filed on August 17, 2020) at pp. 3-5; ECF No. 89 ("Evidentiary Objections to Declaration of Deborah Mallgrave"). Thus, it is not only disingenuous, but also misleading, for Plaintiff to assert (as the leading argument in her brief, no less) that Garcia has somehow waived the right to contest purported service at 308 N. Arizona Ave. or that her motion is untimely.

Indeed, Garcia has been forced to file the instant motion only because Plaintiff has not abided by the Court's February 3, 2021, order granting Garcia's prior Rule 12 motion and ordering Plaintiff to "effect service on Garcia in accordance with Rule 4

*within twenty-one (21) days* of the issuance of the order." *See* Order at p. 6 (emphasis added).   Instead, Plaintiff refiled a proof of service from August 11, 2020, which the Opposition concedes was *already* on file when the Court quashed service.  [ECF No. 97].  Clearly, the Court's Order did not contemplate or permit Plaintiff to simply refile a proof of service dated 6 months prior to the issuance of an order *quashing service*.

Garcia has attested to the fact that she currently resides in Guadalajara, Mexico, and does not reside at 308 N. Arizona Ave.  None of the mishmash of inadmissible records offered by Plaintiff rebut that evidence.   What Plaintiff has presented, is unauthenticated and inadmissible public records listing 308 N. Arizona Ave. *among 27 possible addresses for Garcia*, a postal service confirmation for Garcia 308 N. Arizona Ave., and a declaration from her process server that has been rebutted by the individual, Jaciel Enriques, who the process server erroneously claimed was Garcia's nephew.  None of this establishes that 308 N. Arizona Ave. is Garcia's "dwelling house" or "usual place of abode", per the statutory requirements for subservice.

Finally, Plaintiff requests that the Court permit her to engage in discovery even though (1) the Court has no jurisdiction over Garcia until service; and (2) Plaintiff has refused to engage in discovery throughout this case and agreed to the California Attorney General's request to stay it.  Now that discovery may favor her interests, Plaintiff has changed course and asks the Court to permit her to conduct discovery. That would be unfair and inequitable to Garcia and the request should be denied.

In sum, "[a] defendant who has notice of an action against him may force the plaintiff to prove that service has been made and that jurisdiction is proper by filing a Rule 12(b) motion to dismiss."  *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007).  Garcia has exercised her right to do so here and Plaintiff has not proven that service has been properly made or that jurisdiction is proper.  The case against her should therefore be dismissed.

/ / /

1    **II.    ARGUMENT**

2        **A.  Defendant Garcia's Motion is Not Untimely and Garcia Has Not**

3            **Waived the Right to Contest Service at 308 N. Arizona Ave.**

4        The Opposition cites no case law for its assertion that Garcia' motion to dismiss

5    pursuant to Federal Rules of Civil Procedure 12(b) (5) and 12(b)(2) (the "Motion") is

6    untimely and there is no support in the case law for that assertion.   Quite the contrary,

7    the Ninth Circuit Court of Appeals has squarely rejected Plaintiff's argument that a

8    "[a] motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) or

9    12(b)(5) must be filed within 21 days after service."  (Opposition at p. 8, ll. 16-17.)

10        In *Bechtel v. Liberty National Bank*, 534 F.2d 1335 (9th Cir. 1976), the court

11    distinguished the rule relating to the timeliness of Rule 12 motions in the Ninth Circuit

12    compared to other circuits.  The *Bechtel* Court noted that while some courts hold that

13    Rule 12(b) (6) Motions must be made within 20 days of service of the summons and

14    complaint but held that "such an overly rigid interpretation of the pertinent provisions

15    of Rule 12 cannot be justified."  *Id.* at 1341.  Instead, the Bechtel Court held that a

16    "reasonable interpretation of the Rule is that such a motion may be made at any time

17    prior to such a [responsive] pleading." *Id. See also Aetna Life Ins. Co. v. Alla Medical

18    Services, Inc.*, 855 F.2d 1470, 1474 (1988) ("This circuit allows a motion under Rule

19    12(b) any time before the responsive pleading is filed.").

20        The rule, then, in the Ninth Circuit is that Rule 12 motions are timely if filed

21    before a responsive pleading and the Motion here was filed prior to any responsive

22    pleading having been filed by Garcia.  Moreover, Plaintiff's argument is predicated

23    on the notion that Garcia has actually been served, which is of course the issue raised

24    and adjudicated in Garcia's favor in her original motion to quash and here again on

25    this renewed motion to dismiss.

26        To that end, it is highly disingenuous for Plaintiff to argue that Garcia "has not

27    only waived her objections, but also failed to object with respect to the service."

28

1  Opposition. at p. 8.   The issue of whether 308 N. Arizona Ave. was a proper place
2  for service of Garcia was specifically raised in the briefing submitted by both parties
3  in connection with Garcia's prior motion to quash service. *See* ECF No. 84
4  ("Opposition") at pp. 12-13; ECF No. 88 ("Reply") at pp. 3-5.

5  　　Under the Federal Rules of Civil Procedure "[a] party waives any defense listed
6  in Rule 12(b)(2)-(5) by: (A) omitting from a motion in the circumstances described in
7  Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii)
8  include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a
9  matter of course.  Fed R. Civ. P. 12(h).

10  　　None of these conditions apply.   Garcia did not "omit from a motion" or "fail
11  to [] make [] by motion" her Rule 12(b)(2) & (5) defenses but specifically raised them
12  in her original motion, supporting briefing and related objections to purported
13  evidence.   Garcia had no alternative but to file this Motion because Plaintiff has
14  ignored the Court's ruling in Garcia's favor and did not even make another attempt to
15  effect personal or substitute service on Garcia within 21 days of the Court's February
16  3, 2020 order, as expressly required by that Order.

17  　　Instead, she refiled a proof of service dated almost six months *before* the
18  Court's Order, which proof of service is clearly deficient.  Thus, there is no reason
19  this Court should not consider the Motion on the merits.

20  **B. <u>The Opposition Fails to Address the Assertion that Service on</u>**
21  **<u>Garcia is Governed by Federal Rule of Civil Procedure 4(f)</u>**

22  　　Plaintiff bears the burden of establishing the validity of service. *Brockmeyer v.*
23  *May*, 383 F.3d 798, 801 (9th Cir. 2004). "[N]either actual notice nor simply naming
24  the defendant in the complaint will provide personal jurisdiction without 'substantial
25  compliance with Rule 4.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (citation
26  omitted).

27

28

Garcia has attested to the fact that she currently resides in Guadalajara, Mexico and has not lived in the United States since 2017.  *See* ECF No. 127.  Other than a generic observation that Garcia's declaration is "self-serving", as all declarations are, Plaintiff makes no attempt to rebut Garcia's attestation that she *currently* resides in Mexico, not in the United States.   Nor does Plaintiff even acknowledge or address the argument and authority cited by Garcia in her opening brief that, because she is a resident of Mexico, Federal Rule of Civil Procedure 4(f) governs service.  See ECF No. 124 at p. 5, ll. 25-28 (citing *Silva v. Gonzales*, No. 3:13-cv-1587-CAB-KSC, 2014 WL 12663140, *4 (S.D. Cal. May 23, 2014) ("The Nicaraguan Defendants are each residents of Nicaragua, which means that Federal Rule of Civil Procedure 4(f) governs service.").  *See also Williams v. Moody*, No. CIV. 98-1211, 1999 WL 79535, at *1 (E.D. Pa. Jan. 22, 1999) ("Inasmuch as defendant is not a resident of any judicial district of the United States, his position is correct that service is governed by Rule 4(f)."); *United States v. Lanz*, No. CV16169, 2016 WL 8674268, at *1 (D.N.J. Dec. 9, 2016) ("Federal Rule of Civil Procedure 4(f) applies to service on individuals who reside in a foreign country.").

Rule 4(f) does not list state law methods of service as one of the permissible methods of service of process outside a judicial district of the United States. Fed. R. Civ. Proc. 4(e)(2) (listing permissible methods for service at a place not within any judicial district of the United States).  As such, substitute service under California law was not permissible here.

## C. The Opposition Fails to Establish that 308 N. Arizona Ave. is a Proper Place for Service of Garcia

Even if service under California law were permitted here, the Opposition fails to establish that 308 N. Arizona Ave. was a proper place to attempt service of Garcia under Federal Rule of Civil Procedure 4(e), which permits service under state law. Rule 4(e) allows for service upon individuals to be made "by delivering a copy of the

summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . . " Fed. R. Civ. P. 4(e)(2).

The determination of whether a particular residence counts as an individual's dwelling place or usual place of abode is the same under both federal and California law. *See* Cal. Civ. Proc. Code § 415.20 (Judicial Council Comment stating "[t]he terms 'dwelling house' and 'usual place of abode' take their meaning from the Federal Rules"). In both instances, the analysis is "highly fact-specific." *Craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 515 (N.D. Cal. 2011). "The critical question is whether a place . . . has 'sufficient indicia of permanence' -- i.e., it is not a temporary residence." *United States v. Soong*, 2014 U.S. Dist. LEXIS 30874, at *7 (N.D. Cal. Mar. 10, 2014) (citing *Nat'l Dev. Co. v. Triad Holding Corp*., 930 F.2d 253, 257 (2d Cir. 1991). A defendant's mere connection -- past or present -- to a residence, even one owned by a family member, is insufficient without more to determine that substitute service on the defendant at that residence is valid. *See Agricola ABC, S.A. de C.V. v.. Chiquita Fresh North America*, LLC, No. 10CV772-IEG(NLS), 2010 WL 4809641 (S.D. Cal., Nov. 19, 2010) ("*Agricola*") ( ( holding substitute service on defendant's daughter at house owned by defendant's wife and mother ineffective where defendant had a permanent residence in Mexico, did not own or live at the house, and only stayed at the house "approximately 4 times per year, for a few days at a time").

Plaintiff has not presented competent evidence to substantiate her claim that 308 N. Arizona Ave. is Garcia's dwelling place or usual place of abode.   At best, Plaintiff has presented unauthenticated and inadmissible hearsay from "whitepages.com" and LexisNexis that 308 N. Arizona Ave. was at some point listed on those services as "Garcia's address".   [ECF No. 128-1].   These documents are rank hearsay that should not be considered as evidence by the Court. *See id*. at *2 (sustaining hearsay objections on motion to quash service); *see also* concurrently filed

Evidentiary Objections to Declaration of Deborah S. Mallgrave and Attached Exhibits. Even putting aside the fact that these documents consist entirely of inadmissible hearsay, they are unreliable on their face and, in the case of the LexisNexis printout, that documents lists 308 N. Arizona among 27 separate addresses as possible addresses of Garcia. [Dkt. No. 128-3]. Certainly the Court cannot conclude, based on this record, that there are 27 separate "dwelling place[d] or usual place[s] of abode" for purposes of service of Garcia.

If of any evidentiary value at all (they are not), these "public records" actually support, rather than undermine, Garcia's attestation that during her time as a missionary in the United States, starting in 2000, she moved often from state to state. The fact that whitepages.com or LexisNexis have not updated their records to reflect that Garcia has since moved back to Mexico is of no consequence.

Likewise, the fact that the U.S. Postal Service has not updated its records (should the Court admit and consider the hearsay offered by Plaintiff), is not dispositive either. Garcia has explained that she did not notify the U.S. Postal Service when she moved back to Mexico in 2017 and does not currently use any address in the United States to receive mail. [ECF No. 127 (Garcia Decl.)] Presumably the U.S. Postal Service does not affirmatively reach out to an individual to ensure her address is current, absent any notification from the individual, and Plaintiff has not suggested that it does. Therefore, even if the U.S. Postal Service-related hearsay offered by the Plaintiff were to be considered by the Court, those documents do not establish that 308 N. Arizona Ave. is where Garcia currently resides.

Here, there is no ground for substitute service where Plaintiff is merely attempting to serve the documents at an old in-state address, without exercising reasonable diligence in attempting to serve Garca in Mexico. *See, e.g., Levine v. Duchacova*, 2010 WL 4941951 (S.D. CA 2010) (service at California mailing address did not qualify for substitute service where defendant resided out of the country and

1  no reasonable diligence exercised to effectuate personal service out of the country).

2        Finally, the two cases cited by Plaintiff in support of the proposition that U.S.

3  Postal Service confirmation of a mailing address is sufficient for establishing a proper

4  place for service are distinguishable and inapposite.  *Federal Trade Commission v. A*

5  *to Z Marketing, Inc.*, SA CV 13-0919 DOC (RNBx), 2014 WL 12597435 (C.D. Cal.

6  Sept. 2, 2014), was an opinion ruling on a motion to set aside default judgment, not a

7  motion to quash.   More importantly, the defendant did not deny or contest that the

8  address at issue was his "usual mailing address".  *Id.* at *5.  Here, by contrast, Garcia

9  has specifically attested to the fact that she lives out of the country and that she no

10 longer uses any address in the United States to receive mail.

11        In *Ellard v. Conway*, 94 Cal.App.4th 540 (2001), the process server had first

12 attempted service at the defendants' residential address, learned they had moved, and

13 the plaintiffs' counsel called the U.S. Postal Service to obtain the defendants'

14 forwarding address, which was listed as the private post office box.  In concluding

15 that substitute service at the mail box store was valid, the court specifically noted that

16 "no facts suggested personal or substitute service was available at any other address

17 or on any other individual."  *Id.* at 545.

18        Here, Plaintiff has long been on notice that Garcia currently resides in Mexico,

19 through meet-and-confer discussions between counsel and by virtue of Garcia's

20 original motion to quash filed over nine months ago, and therefore an exercise of due

21 diligence was required of Plaintiff to *personally* serve Garcia there.  "Reasonable

22 diligence is not shown by ignoring or failing to investigate the most relevant and

23 logical place to effect personal service on a defendant, and instead undertaking service

24 at a more obscure location with only a suspected connection to the defendant . . . ." *G*

25 *& G Closed Cir. Events, LLC v. Saddeldin*, No. 1:10-CV-00062-AWI, 2014 WL

26 631613, at *7 (E.D. Cal. Feb. 18, 2014) (discussing and distinguishing *Ellard*).

27 Plaintiff did not exercise reasonable diligence to personally serve Garcia in Mexico

28

1  after the Court quashed service and should not be excused for its failure to do so.

2  **D. The Opposition Does Not Establish That Jaciel Enriques Was or Is**

3  **a Resident of 308 N. Arizona Ave.**

4  "Where substitute service is used, the person with whom the summons is left

5  must also be a resident of the "usual place of abode." *U.S. v. Rose* (S.D. Cal. 2006)

6  437 F.Supp.2d 1166, 1172 (citing *DeFazio v. Wright,* 229 F.Supp. 111, 113

7  (D.N.J.1964) (delivery of summons to husband did not constitute valid service upon

8  wife and daughter who were not living with him at the time)); *see also* Fed.R.Civ.P.

9  4(e)(2)(B) [an individual may be served by "leaving a copy of [the summons and

10  complaint] at the individual's dwelling or usual place of abode with someone of

11  suitable age and discretion *who resides there*[.]" (emphasis added).

12  Here, the Opposition does not establish that Jaciel Enriques was a co-resident,

13  or "co-occupant" of 308 N. Arizona Ave. as described by Plaintiff's process server,

14  along with Garcia.  In his declaration, Mr. Enriques specifically attested to the fact

15  that he and Garcia are not co-occupants at that location.  *See* ECF No. 125 (Declaration

16  of Jaciel Enriques) at ¶¶ 3-4.  Plaintiff claims that "Enriques refuses to provide his

17  account of the conversation that transpired between the process server and himself

18  (and what he did say to the process server)" (Opposition at p. 9, ll. 20-21), but that is

19  simply not the case.  Enriques did not "refuse to provide" anything.  He was asked to

20  provide and did provide the necessary testimony to refute the affidavit provided by

21  Plaintiff's process server, using and mirroring the language, *i.e.*, "co-occupant", used

22  by that process server.  The fact that his declaration is limited to addressing the specific

23  issue at hand here and is not embroidered with more detail is of no legal significance.

24  Moreover, any detail provided by Plaintiff's process server as to alleged

25  conversations between him and Enriques are inadmissible hearsay for purposes of this

26  Motion.  *See Agricola ABC, S.A. de C.V. v.. Chiquita Fresh North America*, LLC, No.

27  10CV772-IEG(NLS), 2010 WL 4809641, at *2 (S.D. Cal., Nov. 19, 2010) (sustaining

28

objections to hearsay portions of process server testimony). As Plaintiff has presented no admissible evidence that Enriques is a resident of 308 N. Arizona Ave., for that additional reason, the Motion should be granted.

Finally, recognizing that she has not substantially complied with the service requirements of Rule 4, asserts that "[c]onsidering the liberal construction rule and García's actual notice of this case, Plaintiff's attempt at substitute service should be deemed sufficient."  (Opposition at p. 11, ll. 4-5.)  However, Plaintiff's slipshod attempts to serve Garcia at 308 N. Arizona Ave. are clearly not what the Ninth Circuit had in mind when it held that the service of process law should be liberally construed. *See generally Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986) ("without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'") (citation omitted).

### E.  Garcia's Contacts With California are Insufficient to Establish Personal Jurisdiction

While the Court cannot exercise personal jurisdiction over Garcia until she has been properly served with the complaint, even if she were, no grounds support the exercise regardless. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *In re Focus Media Inc.* 387 F.3d 1077, 1081 (9th Cir. 2004) (citing *Omni Capital Int'l Ltd. V. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987).). "[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007).  Plaintiff's arguments for general, specific, and jurisdiction under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. §§ 1961-1969, are all unavailing.

1    *1.  Plaintiff's purported evidence is insufficient to establish*
2         *general personal jurisdiction[1]*

3      Plaintiff's unauthenticated evidence is insufficient to tip the scales in her favor
4    to establish that Garcia's purported contacts with California are "substantial" or
5    "continuous and systematic." "The standard for establishing general jurisdiction is
6    'fairly high,' and requires that the defendant's contacts be of the sort that approximate
7    physical presence." *Bancroft & Masters, Inc. v. Augusta Nat. Inc.* (2000) 223 F.3d
8    1082, 1086. "In analyzing the defendant's activities, we must focus upon 'economic
9    reality' rather than a mechanical checklist." *Thomas P. Gonzalez Corp. v. Consejo*
10   *Nacional De Produccion De Costa Rica* (1980) 614 F.2d 1247, 1254.

11     Here, the only potential evidence that Plaintiff has provided is an
12   unauthenticated deed for ownership of a Los Angeles property, a letter from the U.S.
13   Postal service that Garcia receives mail at a Los Angeles property, and the fact that
14   Garcia is listed as the CEO of a California company.

15     First, Plaintiff's evidence is insufficient to establish Garcia's ownership of the
16   property. Plaintiff cannot authenticate the document nor demonstrate the record is the
17   most recent ownership for the property. Without being able to do so, the Court cannot
18   rely on that "evidence" for the fact that Garcia owns that California property.

19     Second, while Plaintiff places great weight on the fact that the U.S. Postal
20   Service confirmed Garcia receives mail at 308 N. Arizona Ave., that also does not
21   mean that she is sufficiently present there for exercising personal jurisdiction. Plaintiff
22   ignores that she argues Garcia's owns 108 N. Dangler Ave. but receives mail at 308
23   N. Arizona Ave., creating a conflict of fact as to whether Garcia is physical present at
24   either of those addresses.

25     Finally, Plaintiff fails to inform the Court that the corporation Garcia
26
27   [1] Garcia objects to the exhibits offered by Plaintiff as evidence on various grounds
     and incorporates by reference herein those concurrently-filed objections.
28

purportedly is a CEO of – Fundacion Eva Garcia De Joaquin – is currently an FTB suspended corporation. (*See* https://businesssearch.sos.ca.gov/CBS/Detail, accessed on August 17, 2020.) While a corporation is required to submit a statement of information annually, the last filing that Fundacion Eva Garcia De Joaquin made was in January 2013 and that is the document that Plaintiff submitted.

> 2. *Plaintiff's argument for specific jurisdiction also fails because the one scant allegation regarding Garcia makes it unreasonable for the Court to exercise jurisdiction*

It is unreasonable for the Court to exercise specific jurisdiction over Garcia when Plaintiff can only allege one purported act and has made no allegations whatsoever for any cause of action against Garcia. To establish specific jurisdiction, a plaintiff must demonstrate  that: (1) The non-resident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the protections and benefits of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1477 (9th Cir. 1986).

First, as with Plaintiff's claims for general jurisdiction, Plaintiff's claims for specific jurisdiction as to purposeful availment fail. Second, Plaintiff's *one allegation* against Garcia makes it unreasonable for the Court to subject her to jurisdiction. Plaintiff has only alleged that Garcia "ordered [Plaintiff]…to travel to an event in Big Bear, California to perform erotic dancers for Samuel in revealing clothing," that "'Princess' Rahel served for many years as Samuel's primary groomer," and that "Rahel would explain to the young Ms. Martin that LDM members could not contradict the Princess or any member of the 'royal' apostolic family, for their orders were the orders of God." (Complaint ¶ 90.) While Plaintiff has alleged this one

paragraph regarding Garcia, *Garcia is not named personally in any cause of action.* Plaintiff merely groups Garcia in as "all defendants" in her causes of action for conspiracy, benefiting from trafficking, unpaid labor, and RICO.

Essentially, Plaintiff argues that because Garcia ordered Plaintiff (from some unidentified location) to (voluntarily) travel somewhere and explained that she could not contradict her or other members of the "royal" apostolic family, that those facts subject Garcia to specific jurisdiction for claims for conspiracy, benefitting from trafficking, unpaid labor, and RICO.

In other words, Plaintiff is arguing that because Garcia allegedly told Plaintiff two things, that in and of themselves impose no liability on Garcia, she is liable for the actions of the other defendants in this case. This is unreasonable to exercise specific jurisdiction and contrary to the law. "Allegations concerning one conspirator cannot subject his accomplices to personal jurisdiction as well, absent specific allegations that each of the conspirators aimed their jurisdictionally relevant conduct at the forum. *In re Packaged Seafood Products Antitrust Litigation*, Case No. 15-MD-2670 JLS (MDD), 2020 WL 2747115 (S.D.Cal. May 26, 2020), at *6.

Accordingly, Plaintiff's claims are insufficient to subject Garcia to specific jurisdiction.

> 3. *Plaintiff has provided no evidence that no other district would have personal jurisdiction over all other Defendants which defeats her argument for RICO jurisdiction over Garcia*

Plaintiff is required to produce evidence that no other district would be available for jurisdiction of this purported RICO claim and cannot invoke RICO jurisdiction until she has done so.  "To take advantage of nationwide service under RICO, however, a plaintiff must adduce evidence that there is no other district in the United States that would have personal jurisdiction over all of the other alleged co-conspirators." *Barantsevich v. VTB Bank* (C.D. Cal. 2013) 954 F.Supp.2d 972, 989.

Here, Plaintiff admits that her allegations "encompass[] multiple districts" but has produced no evidence that those districts would not have personal jurisdiction over all the Defendants. Accordingly, Plaintiff's claims for RICO jurisdiction also fail.

### F. **Plaintiff Should Not Be Permitted to Take Jurisdictional Discovery**

There is no jurisdiction to order Garcia to participate in discovery. "[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *S.E.C. v. Ross* (9th Cir. 2007) 504 F.3d 1130, 1138.   Furthermore, until now, Plaintiff has refused to participate in discovery and should not be permitted to do so now on a unilateral basis only because it might benefit her.

Plaintiff refused to participate in a Rule 26 conference so that the parties could start discovery. That prompted Defendants to file a motion to request the Court order her to do so. (ECF No. 49.)  More importantly, when the California Attorney General moved to intervene in this case and stay discovery, Plaintiff agreed to that request. (ECF No. 50-1, at 18:2-6.)  It would be patently unfair and inequitable to permit only the Plaintiff in this case to move forward with discovery under circumstances where she apparently believes it might help her case, while discovery has been denied for over a year to defendants and continues to be denied as the case remains stayed.

### III. **CONCLUSION**

For all the foregoing reasons, the Motion should be granted and Specially Appearing Defendant Rahel Garcia should be dismissed from the case.

Dated: April 12, 2021                    BROWN NERI SMITH & KHAN, LLP

By:   /s/ Geoffrey A. Neri
                    Geoffrey A. Neri

*Attorneys for Specially-Appearing
Defendant Rahel Garcia et al .*

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that all counsel of record who are deemed to have consented

3    to electronic service are being served with a copy of this document via the Court's

4    CM/ECF system on April 12, 2021.

5

6      DATED: April 12, 2021.                    BROWN, NERI, SMITH & KHAN LLP

7                                                By:   /s/ Geoffrey A. Neri
                                                       Geoffrey A. Neri

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28