O

# United States District Court
# Central District of California

| | |
|---|---|
| SOCHIL MARTIN,<br><br>            Plaintiff,<br><br>     v.<br><br>LA LUZ DEL MUNDO, et al.,<br><br>            Defendants. | Case No. 2:20-cv-01437-ODW (ASx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [123]** |

## I.   INTRODUCTION AND BACKGROUND

On February 11, 2021, Plaintiff Sochil Martin filed a Proof of Service, which states that she served the Summons and Complaint on Defendant Rahel Garcia via substitute service. (Proof of Service, ECF No. 116.) Presently before the Court is Garcia's second Motion to Dismiss under Federal Rules of Civil Procedure ("Rules") 12(b)(5) and (b)(2) for deficient service and lack of personal jurisdiction. (See Mot. Dismiss ("Mot."), ECF No. 123.) The Motion is fully briefed. (*See* Opp'n, ECF No. 128; Reply, ECF No. 133.) For the reasons discussed below, the Court **GRANTS** Garcia's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. LEGAL STANDARD

Under Rule 12(b)(5), a party may seek dismissal of a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "Service of process is a prerequisite for personal jurisdiction over a defendant." *C&SM Int'l v. Prettylittlething.com Ltd.*, No. CV 19-4046-CBM (KSx), 2019 WL 7882077, at *1 (C.D. Cal. Oct. 8, 2019) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4[] . . . or there is no personal jurisdiction.")). "Once service is challenged, [the] plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "If Plaintiff fails to meet [her] burden, the court has discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit reservice." *C&SM*, 2019 WL 7882077, at *1 (citing *S.J. v. Issaquah Sch. Dist.*, No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006)).

## III. DISCUSSION

Garcia contends that the Court should dismiss her from this case pursuant to Rule 12(b)(5) because she was not properly served. (*See generally* Mot. 5–8.) In the alternative, Garcia contends that the Court lacks personal jurisdiction over her and should dismiss her from this case pursuant to Rule 12(b)(2). (*Id.*) Martin responds that she properly served Garcia through substitute service under California law. (Opp'n 9–14.) The Court agrees with Garcia and finds that Martin failed to effect substitute service.

Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Martin elected to follow California's substitute service law. (*See* Proof of Service; Opp'n 9–14.) That law permits substitute service on a defendant if the plaintiff, acting with reasonable diligence, cannot complete personal service. *See* Cal. Civ. Proc. Code § 415.20(b); *see also Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal.

App. 4th 1387, 1391–92 (1992) ("Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made."). To effect substitute service, the plaintiff must leave a copy of the summons and complaint "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box." Cal. Civ. Proc. Code § 415.20(b).

For service to be proper, however, "[i]t is crucial that a connection be shown between the address at which substitute service is effectuated and the party alleged to be served." *Corcoran v. Arouh*, 24 Cal. App. 4th 310, 315 (1994). "A person can have more than one dwelling house or usual place of abode" for the purposes of Rule 4(e). *Stars' Desert Inn Hotel & Country Club v. Hwang*, 105 F.3d 521, 527 (9th Cir. 1997). But there must be "sufficient indicia of permanence"—i.e., that the property is not a temporary residence, for it to be considered the defendant's dwelling house or usual place of abode. *See, e.g., Asmodus, Inc. v. Junbiao Ou*, No. EDCV 16-2511 JGB (DTBx), 2017 WL 5592914, at *8 (C.D. Cal. Feb. 3, 2017) (finding that a defendant's investment property qualified as his dwelling house or usual place of abode where there was evidence that he resided there sporadically throughout the year).

Here, Martin claims her counsel used online databases and information obtained from the United States Post Office to identify two properties with possible connections to Garcia. (*See* Opp'n 13–14; Decl. of Deborah S. Mallgrave ("Mallgrave Decl.") ¶ 2, ECF No. 128-1.) Martin was unable to effect service on Garcia at the first address, (Mallgrave Decl. ¶ 2), so Martin attempted service at the second address, 308 N. Arizona Avenue, Los Angeles 90022, multiple times to no avail, (Mallgrave Decl. ¶¶ 4–5). Finally, Martin resorted to substitute service at 308 N. Arizona Avenue by leaving it with Jaciel Enriques, who she alleges is Garcia's "nephew and co-occupant." (Proof of Service.)

As previously stated, to effect substitute service, Martin must leave a copy of the summons and complaint at Garcia's dwelling house or usual place of abode. Cal. Civ. Proc. Code § 415.20(b). To show that 308 North Arizona Avenue is Garcia's dwelling or usual place of abode, Martin must provide facts demonstrating a "sufficient indicia of permanence." *Corcoran*, 24 Cal. App. 4th at 315; *Asmodus* 2017 WL 5592914, at *8. Here, the only connection shown between Garcia and 308 North Arizona Avenue is information from the Post Office suggesting that Garcia previously received mail at the address. (*See* Opp'n 9; Mallgrave Decl., Ex. D, ECF No. 128-5.)

In opposition, Garcia attests that she has lived in Mexico since 2017 and does not reside in California. (Decl. of Rahel Garcia ¶ 2, ECF No. 127.) Garcia also provides a declaration from Enriques stating he does not live at 308 North Arizona Avenue and he is not Garcia's nephew or co-occupant. (Mot. 6.; Decl. of Jaciel Enriques ¶ 1, ECF No. 125.) Based on the foregoing, there is no evidence that the 308 North Arizona Avenue property qualifies as Garcia's dwelling place or usual place of abode, and as such, Martin fails to meet her burden to prove she effected substitute service on Garcia. *See Brockmeyer*, 383 F.3d at 801.

In sum, Martin's substitute service was deficient. Accordingly, the Court **GRANTS** Garcia's Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Garcia's Motion (ECF No. 123) and **DISMISSES** Martin's claims against Defendant Rahel Garcia without prejudice. This order does not affect Martin's claims against the other Defendants.

**IT IS SO ORDERED.**

July 27, 2021

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**