DEBORAH S. MALLGRAVE, State Bar No. 198603
*DMallgrave@GGTrialLaw.com*
DESIREE N. MURRAY, State Bar No. 330079
*DMurray@GGTrialLaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
*MReck@AndersonAdvocates.com*
HAGEREY MENGISTU, State Bar No. 290300
*HMengistu@AndersonAdvocates.com*
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SOCHIL MARTIN,

Plaintiff,

v.

LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN

Case No. 2:20-cv-01437-FWS-AS

**JOINT CASE MANAGEMENT STATEMENT**

Courtroom: 10D

Judge: Hon. Fred W. Slaughter

ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.

Defendants.

Pursuant to the Court's Reassignment Order, dated April 27, 2022 (Dkt. No. 145), plaintiff SOCHIL MARTIN and Defendants LA LUZ DEL MUNDO, NAASÓN JOAQUÍN GARCÍA, COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as INTERNATIONAL BEREA USA), JOSE HERNANDEZ, UZZIEL JOAQUÍN, SILVERIO CORONADO, AURELIO ZAVALETA, JOSE LUIS ESTRADA, JONATHAN MENDOZA, BENJAMIN JOAQUÍN GARCÍA, ALMA ELIZABETH JOAQUÍN (erroneously sued as ALMA ZAMORA DE JOAQUÍN ), ADORAIM JOSADAC JOAQUÍN (erroneously sued as ADORAIM JOAQUÍN ZAMORA), and DAVID MENDOZA ("Defendants") (collectively referred to herein as the "Parties"), by and through their respective attorneys of record, hereby submit the following joint case management statement.

**1. Date Case Filed.** February 12, 2020.

**2. List of All Parties.**

Plaintiff: Sochil Martin

Defendants: La Luz Del Mundo

Naasón Joaquín García

Communication Center Berea U.S.A. LLC (erroneously sued as International Berea USA)

Jose Hernandez

Uzziel Joaquin

Silverio Coronado

Aurelio Zavaleta

Jose Luis Estrada

Jonathan Mendoza

Alma Elizabeth Joaquin (erroneously sued as Alma Zamora de Joaquin)

Benjamin Joaquin García

Adoraim Josadac Joaquin (erroneously sued as Adoraim Joaquin Zamora)

David Mendoza

Gilberto García Granados

Intervenor: People of the State of California

3. **Summary of All Claims.** Plaintiff Sochil Martin asserts eleven (11) causes of action: 18 U.S.C. § 1584 (Involuntary Servitude), 18 U.S.C. § 1589 (Forced Labor), 18 U.S.C. § 1590 (Trafficking With Respect to Forced Labor or Involuntary Servitude), 18 U.S.C. § 1594 (Conspiracy to Violate the Trafficking Victims Protection Reauthorization Act), 18 U.S.C. § 1590(b) (Obstructing Enforcement of the Trafficking Victims Protection Reauthorization Act), 18 U.S.C. § 1593(A) (Benefitting Financially from Trafficking in Persons), 29 U.S.C. § 201 et. seq. (Unpaid Labor), California Labor Code §§ 1197, 226.7, 1198.5, 203 (Unpaid Wages), 18 U.S.C. § 1961 et. seq. (Racketeering), California Civil Code § 1708.5 (Sexual Battery), and California Civil Code § 52.4 (Gender Violence).

Defendants do not assert any counterclaims. Naasón Joaquín García asserted the Fifth Amendment in response to the Complaint. The remaining Defendants who have been served have answered. The Intervenor does not assert any claims. Intervenor appeared for the sole purpose of seeking a stay pending the outcome of criminal proceedings against Defendant Naasón Joaquín García. Plaintiff is not a complainant in the criminal proceeding, and the People of the State of California do not contend that she is a witness who will be testifying at the criminal trial.

4. **Brief Description of Events Underlying the Action.** Plaintiff alleges that from the age of nine to thirty, she was trafficked and sexually abused by certain of the named Defendants. Plaintiff also alleges labor violations against certain of

the named Defendants related to alleged work she allegedly performed without pay starting from when she was approximately sixteen years old (allegedly in excess of 30,000 hours).

<u>Plaintiff's Additional Separate Statement.</u> Plaintiff also alleges that certain Defendants directed, assisted, conspired, and acted in concert with each other to commit and benefit from the abuse and other harms she endured. Plaintiff also alleges that certain Defendants engaged in a pattern and practice of racketeering activity for the purpose of extracting financial and sexual services from LLDM followers for their personal gain.

**5. <u>Description of Relief Sought and Damages Claimed.</u>** Plaintiff seeks compensatory and special damages, unpaid wages, statutory penalties, punitive damages, treble damages under 18 U.S.C. § 1964(c) and California Code of Civil Procedure § 340.1(b), pre- and post-judgement interest, and reasonable attorneys' fees. Discovery has not yet begun and Plaintiff has not yet computed her damages. Defendants contend the lawsuit is without factual and/or legal merit, and they seek an order of dismissal with prejudice, and that they be awarded attorney's fees, costs, and expenses.

**6. <u>Status of Discovery.</u>** No discovery has taken place.

Pursuant to the Court's Order dated September 29, 2020, discovery in this case is stayed pending the criminal trial of defendant Naasón Joaquín García in the matter *People v. Garcia et al.*, Los Angeles Superior Court Case No. BA484133 (Dkt. No. 108). As part of the Court's Order staying discovery, the Court ordered the People to file a status report regarding the criminal proceeding explaining to the Court the need to maintain the stay in this action every 90 days. Currently, pursuant to the Order Extending Stay of Discovery and Disclosure of Witnesses dated November 19, 2021, discovery in this matter is stayed until July 9, 2022 (Dkt. No. 141). The last status report filed by the People was on March 28, 2022, Dkt. No. 143. At that time, defendant García's criminal trial remained on calendar for May 9,

2022, but the criminal trial has since been continued to June 6, 2022, and is estimated to last five to seven weeks.

Plaintiff's Additional Separate Statement. As reflected by the early motion practice in this case (identified in the Procedural History section below), the Parties engaged in early disputes over whether discovery could be conducted without violating the safety and privacy of victims and witnesses in the criminal case against defendant García and without permitting Defendants to circumvent the rules and orders restricting discovery in the criminal matter. These disputes were previously briefed and decided by the Court, and led to the Court's Order staying discovery. (*See* Dkt. No. 108). Further background and information relating to these disputes is set forth in the Court's file and will not be reiterated here, including Docket No. 62 (Opposition to Defendants' Joint Motion to Order Plaintiff to Participate in a Rule 26 Conference) and Docket No. 50 (Motion by the People of the State of California to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings).

Defendants' Additional Separate Statement. Defendants requested that Plaintiff participate in informal discussions regarding discovery. Plaintiff did not agree. Defendant requested that Plaintiff participate in a Rule 26 conference. Plaintiff did not agree. On January 10, 2020, Defendant moved for an Order compelling Plaintiff to participate in a Rule 26 Conference. Two days later, the Attorney General for the State of California moved to intervene and to stay discovery. On September 29, 2020, the Court granted the Attorney General's motion and denied Defendants' motion as moot.

**7. Procedural History.** The following is a list of the motions that have been submitted and decided. There have been no ADR proceedings or settlement conferences scheduled, no appellate proceedings, and no previous referral to a magistrate judge.

a. June 6, 2020 – Plaintiff's Motion to Strike Defendant Naasón Joaquín

García's Answer to the Complaint, Dkt. No. 48. The motion was granted in part and denied in part on October 30, 2020, Dkt. No. 110.

b. June 10, 2020 – Joint Motion by Defendants to Order Plaintiff to Participate in Rule 26 Conference, Dkt. No. 49. The Court vacated the scheduling conference and denied the motion as moot on August 17, 2020, Dkt. No. 87.

c. June 12, 2020 - Motion by the People of the State of California to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings, Dkt. No. 50. The motion was granted on September 29, 2020, Dkt. 108.

d. June 15, 2020 – Plaintiff's Motion for Extension of Time to Serve Defendant La Luz Del Mundo, Dkt. No. 53. The motion was granted on June 29, 2020, Dkt. No. 65.

e. July 1, 2020 – People's Ex Parte Application for Leave to Exceed Page Limits for Reply in Support of Motion to Intervene and to Stay Civil Discovery During Pendency of Criminal Proceedings, Dkt. No. 72. The Ex Parte Application was granted on July 2, 2020, Dkt. No. 77.

f. July 1, 2020 – People's Ex Parte Application to Quash Subpoenas, Dkt. No. 73. The motion was granted on July 2, 2020, Dkt. No. 79.

g. July 13, 2020 – Plaintiff's Ex Parte Application to Continue Scheduling Conference (and Related Rule 26(f) Discovery Conference), Dkt. No. 85. The Court vacated the scheduling conference and denied the Ex Parte Application as moot on August 17, 2020, Dkt. No. 87.

h. July 15, 2020 – Defendant Rahel García's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2) for Deficient Service of Process and Lack of Personal Jurisdiction, Dkt. No. 81. The motion was granted on February 3, 2021, Dkt. 115.

i. August 19, 2020 – Defendant Naasón Joaquín García's Motion to Quash Service on Behalf of Defendant La Luz Del Mundo and for Dismissal of

Defendant La Luz Del Mundo, Dkt. No. 90. The motion was denied on February 26, 2021, Dkt. 117.

j. March 25, 2021 – Defendant Rahel García's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(2) for Deficient Service of Process and Lack of Personal Jurisdiction, Dkt. No. 123. The motion was granted on July 27, 2021, Dkt. 139.

**8. Other Deadlines.** No other deadlines have been set.

**9. Requested Modification of Other Deadlines.** Depending on the status of defendant García's criminal proceedings, the People of the State of California will likely request that the current stay of discovery in this action be extended beyond July 9, 2022.

**10. Consent to Magistrate Judge for Trial.** The parties do not consent to a magistrate judge for trial.

**11. Immediate Need for Case Management Conference.** A case management conference will be necessary once the discovery stay terminates and the Court enters an order setting a Scheduling Conference.

**12. Specific Statement of Immediate Relief Sought Regarding Case Schedule.**

Upon the conclusion of the discovery stay, the Parties request that the Court enter an Order setting a Scheduling Conference.

DATED: May 12, 2022

GREENBERG GROSS LLP

By: */s/ Deborah S. Mallgrave*
Deborah S. Mallgrave
Desiree N. Murray
Attorneys for Plaintiff SOCHIL MARTIN

DATED: May 12, 2022

WERKSMAN JACKSON AND QUINN LLP

By: */s/ Caleb E. Mason*
Alan J. Jackson
Caleb E. Mason
Attorneys for Defendant Naason Joaquin Garcia

DATED: May 12, 2022

BROWN NERI SMITH AND KHAN LLP

By: */s/ Geoffrey A. Neri*
Geoffrey A. Neri
Ethan J. Brown
Attorneys for Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin and Jose Luis Estrada

DATED: May 12, 2022

DAILY ALJIAN LLP

By: */s/ Reed Aljian*
Reed Aljian
Attorneys for Defendants La Luz Del Mundo, Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA, Alma Elizabeth Joaquin, erroneously sued as Alma Zamora de Joaquin, and Adoraim Josadac Joaquin, erroneously sued as Adoraim Joaquin Zamora

DATED: May 12, 2022

Office of the Attorney General of California

By: *_/s/ Donna Dean_*

Rob Bonta, Attorney General of California
David Adida, Supervising Deputy Attorney General
Donna Dean, Deputy Attorney General
Attorneys for the People of the State of California

**ATTESTATION**

Pursuant to Central District of California Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed above, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: _May 12, 2022_

*_/s/ Deborah S. Mallgrave_*
Deborah S. Mallgrave