1  DEBORAH S. MALLGRAVE, State Bar No. 198603
     DMallgrave@GGTrialLaw.com
2  DANIEL S. CHA, State Bar No. 260256
     DCha@GGTrialLaw.com
3  DESIREE N. MURRAY, State Bar No. 330079
     DMurray@GGTrialLaw.com
4  **GREENBERG GROSS LLP**
   650 Town Center Drive, Suite 1700
5  Costa Mesa, California 92626
   Telephone: (949) 383-2800
6  Facsimile:  (949) 383-2801

7  MICHAEL G. FINNEGAN, State Bar No. 241091
     Mike@AndersonAdvocates.com
8  JENNIFER E. STEIN, State Bar No. 300775
     Jennifer@AndersonAdvocates.com
9  **JEFF ANDERSON & ASSOCIATES**
   11812 San Vincente Boulevard, #503
10 Los Angeles, California, 90049
   Telephone: (310) 357-2425
11 Facsimile: (651) 297-6543

12 Attorneys for Plaintiff SOCHIL MARTIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>Defendants. | Case No. 2:20-cv-01437-FWS-AS<br><br>**JOINT RULE 26(f) REPORT**<br><br>Sched. Conf.<br>Date:        September 8, 2022<br>Time:        9:00 A.M.<br>Courtroom:  10D |

Plaintiff SOCHIL MARTIN ("Plaintiff") and Defendants LA LUZ DEL MUNDO ("LLDM"), NAASÓN JOAQUÍN GARCÍA, COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as INTERNATIONAL BEREA USA) ("Berea"), GILBERTO GARCÍA GRANADOS, JOSE HERNANDEZ, UZZIEL JOAQUÍN, SILVERIO CORONADO, AURELIO ZAVALETA, JOSE LUIS ESTRADA, JONATHAN MENDOZA, BENJAMIN JOAQUÍN GARCÍA, ALMA ELIZABETH JOAQUÍN (erroneously sued as ALMA ZAMORA DE JOAQUÍN ), ADORAIM JOSADAC JOAQUÍN (erroneously sued as ADORAIM JOAQUÍN ZAMORA), and DAVID MENDOZA ("Defendants") (collectively referred to herein as the "Parties"), by and through their respective attorneys of record, conducted the conference of the parties pursuant to Federal Rule of Civil Procedure 26(f), Central District Local Rule 26-1, and this Court's Order Setting Rule 26(f) Scheduling Conference (Docket No. 148), and the Parties hereby submit this Joint Rule 26(f) Report.

## I. STATEMENT OF THE CASE:

*Plaintiff's Statement:*

Plaintiff brought this action against international organization La Luz Del Mundo ("LLDM"), its leader and self-appointed "Apostle" Naasón Joaquin Garcia, and various other LLDM officials and members for subjecting her to a lifetime of rape, beatings, sexual servitude, forced labor, and other abuse, as part of a decades-long, coordinated pattern of institutionalized child abuse and human trafficking. From the age of nine to thirty, Plaintiff was enslaved, trafficked, and sexually abused by the leaders of LLDM—Samuel Joaquin Flores and Naasón Joaquín García. Plaintiff specifically alleges various members of the Church's senior leadership directed, assisted, conspired, and acted in concert with each other to commit the abuse and other harms she endured throughout Mexico and California. Plaintiff alleges that both sexual abuse and forced labor are systemic practices that have been institutionalized within LLDM. Plaintiff also alleged that Defendants

engaged in a pattern and practice of racketeering activity for the purpose of extracting financial and sexual services from LLDM followers for their personal gain. Plaintiff alleges that Defendants were financially rewarded for their involvement with trafficking suitable children to Naasón (and the previous Apostle, Samuel) and benefited financially from the unpaid, forced labor of Plaintiff and others members of LLDM in both Mexico and California. Plaintiff also alleges that, in carrying out and to cover up their criminal activities, Defendants engaged in various acts of witness intimidation and the obstruction of justice through threats of serve physical harm, ostracization, financial destruction, and spiritual damnation. Since leaving LLDM and since filing this action, Plaintiff has continued to receive threats of physical harm.

<u>Defendants' Statement</u>:

Plaintiff Sochil Martin's ("Martin") story of "a lifetime of rape, beatings, sexual servitude, forced labor, and other abuse" and related conspiracy claims are pure fiction. For the better part of four years, Martin "shopped around" this story to various law firms in multiple States before finding someone who would take the case – current counsel of record. The lawsuit is nothing but a legal shakedown. Even prosecutors from two countries wanted nothing to do with her. Indeed, the office of the California Attorney General ("AG") — who prosecuted Defendant Naason Garcia — met with Martin and specifically decided not to rely upon any of her claims or even to use her as a witness in its case. In fact, they expressly distanced Martin from the case as much as possible. In statements made on the record, the California AG went to great lengths to clarify that its case against Mr. Garcia had nothing to do with Martin.

Martin was never "enslaved" or "trafficked" by Defendants. There is zero evidence to support Martin's absurd theory that the members of the Council of Bishops (akin to the College of Cardinals in the Roman Catholic Church), Communication Center Berea USA, LLC (basically, a media outlet) as well as Mr. Garcia's wife and son, somehow conspired among themselves to further an alleged

and non-existent scheme to sexually abuse Martin, or to forced Martin to perform labor, or to financially benefit from any alleged misconduct. Martin and her attorneys have alleged these claims in hopes that the negative publicity created by the claims against Mr. Garcia will put pressure on and force Defendants to settle. It is pure extortion.

To that end, Martin and her attorneys have conducted regular media events, including the date the case was filed and during the time the discovery was stayed. During these media events, Martin repeated and perpetuated the myth of victimhood that is reflected in her pleading. Defendants have not and will not bow to the pressure Martin is trying to exert through her media campaign. Defendants intend to vigorously litigate this case to defend the reputation of the Defendants, the religious doctrine upon which they believe, and its millions of faithful members. Defendants expect the case to be summarily adjudicated in their favor, after discovery reveals that there is no evidence to support Martin's scurrilous allegations.

## II.  SUBJECT MATTER JURISDICTION:

This Court has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1589 *et seq.*), the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*), and the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 *et seq.*). This Court has supplemental jurisdiction over all asserted state law claims pursuant to 28 U.S.C. § 1367, because all the state law claims are so related to, and arise from, the same common nucleus of operative facts as the federal claims, that they form part of the same case or controversy under Article III of the United States Constitution.

/ / /

/ / /

/ / /

**III.  LEGAL ISSUES:**

Plaintiff's Statement:

The key legal issues in this matter include:

- Whether defendants LLDM, Naason, Berea, Gilberto Garcia Granados, Jose Hernandez, Uzziel Joaquin, Silverio Coronado, Aurelio Zavaleta, Joes Luis Estrada, and Jonathan Mendoza violated laws against involuntary servitude (18 U.S.C. § 1584) as charged in the complaint;

- Whether defendants LLDM, Naason, Berea, Gilberto Garcia Granados, Jose Hernandez, Uzziel Joaquin, Silverio Coronado, Aurelio Zavaleta, Joes Luis Estrada, and Jonathan Mendoza violated laws against forced labor (18 U.S.C. § 1589) as charged in the complaint;

- Whether defendants LLDM, Naason, Berea, Gilberto Garcia Granados, Jose Hernandez, Uzziel Joaquin, Silverio Coronado, Aurelio Zavaleta, Joes Luis Estrada, and Jonathan Mendoza violated laws against trafficking with respect to forced labor or involuntary servitude (18 U.S.C. § 1590) as charged in the complaint;

- Whether defendants conspired to violate the Trafficking Victims Protection Reauthorization Act ("TVPRA") (18 U.S.C. § 1594) as charged in the complaint;

- Whether defendants LLDM, Naason, Berea, Gilberto Garcia Granados, Jose Hernandez, Uzziel Joaquin, Silverio Coronado, Aurelio Zavaleta, Joes Luis Estrada, and Jonathan Mendoza violated laws against obstructing enforcement of the TVPRA (18 U.S.C. § 1590b) as charged in the complaint;

- Whether all defendants violated laws against benefitting financially from trafficking in persons (18 U.S.C. § 1593A) as charged in the complaint;

/ / /

/ / /

- Whether defendants LLDM and Berea violated laws against unpaid labor (29 U.S.C. § 201 et seq. and Cal. Lab. Code §§ 203, 226.7, 1197, and 1198.5) as charged in the complaint;
- Whether all defendants violated laws against racketeering (18 U.S.C. § 1962) as charged in the complaint;
- Whether defendants LLDM and Naason Joaquin Garcia violated laws against sexual battery (Cal. Civ. Code § 1708.5 and Cal. Code Civ. Proc. § 340.1) as charged in the complaint;
- Whether defendants LLDM and Naason Joaquin Garcia violated laws against gender violence (Cal. Civ. Code § 52.4) as charged in the complaint; and
- The appropriate amount of any civil money award to Plaintiff, including compensatory and treble damages, unpaid wages, statutory penalties, treble damages, punitive damages, interest, and attorneys' fees and costs.

Defendants' Statement:

- Whether Martin was held against her will by actual force, threats of force, or threats of legal coercion sufficient to compel service by her. (18 U.S.C. § 1584)
- Whether any Defendant knowingly provided or obtained the labor or services of Martin (1) by threats of serious harm to, or physical restraint against, that person or another person; (2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or (3) by means of the abuse or threatened abuse of law or the legal process.  (18 U.S.C. § 1589)
- Whether any Defendant knowingly recruited, harbored, transported, provided, or obtained by any means, Martin for labor or services.  (18 U.S.C. § 1590)

6
JOINT RULE 26(f) REPORT

- Whether any Defendant conspired with any other Defendant to violate 18 U.S.C. §§ 1589, 1590.
- Whether LLDM and Berea violated any law against unpaid labor.
- Whether any Defendant(s) participated in two or more "predicate acts" sufficient to constitute a pattern of racketeering.  (18 U.S.C. § 1962)
- Whether Martin suffered any cognizable damages under the statute.
- Whether defendants LLDM and Naason Joaquin Garcia violated laws against sexual battery (Cal. Civ. Code § 1708.5 and Cal. Code Civ. Proc. § 340.1) as charged in the complaint;
- Whether defendants LLDM and Naason Joaquin Garcia violated laws against gender violence (Cal. Civ. Code § 52.4) as charged in the complaint; and
- Whether Martin has suffered any damages for any of the foregoing claims.

## IV.  DAMAGES:

Plaintiff's Statement:

Plaintiff is seeking the following damages in this action: (1) compensatory and special damages; (2) unpaid wages, including minimum wages and overtime premiums; (3) statutory penalties and liquidated damages; (4) punitive and exemplary damages; (5) treble damages; (6) pre- and post- judgment interest; (7) reasonable attorney's fees and costs; and (8) other and further relief as may be deemed just and proper.

Plaintiff alleges she was enslaved, trafficked, and sexually abused from the age of nine to thirty.  The calculation of damages in this action will be the topic of expert discovery.

Defendants' Statement:

Defendants contend Martin has not suffered any damages.

**V. PARTIES AND EVIDENCE:**

Plaintiff: Sochil Martin

Defendants: La Luz Del Mundo

Naasón Joaquín García

Communication Center Berea U.S.A. LLC

(erroneously sued as International Berea USA)

Jose Hernandez

Uzziel Joaquin

Silverio Coronado

Aurelio Zavaleta

Jose Luis Estrada

Jonathan Mendoza

Alma Elizabeth Joaquin

(erroneously sued as Alma Zamora de Joaquin)

Benjamin Joaquin García

Adoraim Josadac Joaquin

(erroneously sued as Adoraim Joaquin Zamora)

David Mendoza

Gilberto García Granados

Percipient witnesses and key documents: The parties will include lists of percipient witnesses and documents in their respective initial disclosures pursuant to Rule 26(a)(1).

**VI. INSURANCE:**

Defendants are unaware of any insurance coverage for any of the claims in this case.

/ / /

/ / /

/ / /

## VII. MANUAL FOR COMPLEX LITIGATION:

Plaintiff's Position:

Plaintiff maintains this is a complex case and thus certain procedures of the Manual for Complex Litigation should be utilized. The case involves 15 defendants (including two institutions), federal and state claims (including federal RICO claims), and will likely include the need to conduct discovery in Mexico (requiring use of Hague Convention protocols for obtaining discovery in a foreign jurisdiction), given that she repeatedly had to travel between and within California and Mexico in order to perform forced labor and engage in sexual servitude for the benefit of Defendants.

The Manual for Complex Litigation dedicates an entire section to RICO alone, describing the complexities of RICO cases. Given the complexity of the case, Plaintiff suggests regular status conferences with the Court every sixty (60) days, to ensure the Parties are on track with discovery efforts, provide for timely and informal resolution of disagreements, and ensure the case is on track with the case schedule. Plaintiff additionally suggests that some of the procedures set forth in the Manual with regard to discovery should be implemented, as set forth in Section D, below.

Defendants' Position:

This case does not involve any issues that would require or benefit from the use of the Manual for Complex Litigation. *See* Wright & Miller, Federal Practice and Procedure, Civil § 1530. This is a single plaintiff case falsely alleging an assortment of torts and employment claims, all of which appear to have allegedly taken place in California. Therefore, Defendants do not believe the Manual need be employed.

## VIII. MOTIONS:

Plaintiff's Statement:

Plaintiff does not anticipate filing any motions at this time.

///

Defendant's Statement:

Defendants may file a motion for judgment on the pleadings under Federal Rule of Procedure 12(c).

## IX. DISPOSITIVE MOTIONS:

Plaintiff's Statement:

Plaintiff does not anticipate filing any motions at this time.

Defendant's Statement:

Defendants anticipate filing several dispositive motions, including motions for summary judgment and/or adjudication under Federal Rule of Civil Procedure 56, subject to discovery.

## X. STATUS OF DISCOVERY:

The parties have conferred pursuant to Rule 26(f) and the Court's Scheduling Order, and have begun discovery and served written discovery requests. On August 2, 2022, defendant Gilberto Garcia Granados served Plaintiff with requests for production of documents and interrogatories. On August 3, 2022, Plaintiff served defendants LLDM, Berea, Adoraim Joaquin Zamora, Alma Zamora De Joaquin, David Mendoza, and Naason Joaquin Garcia with requests for production of documents. On August 23, 2022, Plaintiff served defendants Aurelio Zavaleta, Benjamin Joaquin, Gilberto Granados, Jonathan Mendoza, Jose Hernandez, Jose Luis Estrada, Silverio Coronado, and Uzziel Joaquin with requests for production of documents. The parties anticipate exchanging initial disclosures under Rule 26(a) on September 15, 2022.

The parties anticipate conducting discovery of information and documents, including electronically stored information ("ESI"), located in California. In addition, Plaintiff maintains that she will need to conduct discovery in Mexico and possibly other states within the United States. Defendants will object to and oppose such discovery. Plaintiff contends that she repeatedly had to travel between and within California and Mexico in order to perform forced labor and engage in sexual

servitude for the benefit of Defendants.  Defendants contend all of the material allegations of the pleading involve acts and/or omissions that allegedly took place in in California.  The parties discussed the preservation of evidence and all parties confirmed they are complying with their obligations.  The parties agreed on the need for ESI protocol and anticipate meeting and conferring to prepare one.

At this time, the parties believe that modifications to the limitations on discovery imposed under the Federal Rules of Civil Procedure may be appropriate. Because discovery has just begun, it is difficult to determine what modifications will need to be made.  However, the parties anticipate modifications to (1) the number of depositions and (2) the length of the depositions.

Additionally, the parties have agreed to utilize our Magistrate's informal discovery conference (IDC) procedures to resolve discovery disputes that may arise.

The parties anticipate that certain information and documents sought or referenced in discovery and pretrial preparation may be confidential.  The parties intend to agree on a proposed protective order for the Court's approval.

The parties agree that inadvertent disclosure of privileged information shall not constitute a waiver of such privilege, and that the claw-back procedures in Fed. R. Civ. P. 26(b)(5)(B) shall apply.

## XI. DISCOVERY PLAN:

### A. Timing of Disclosures:

Initial Disclosures will be exchanged on or before September 15, 2022.

### B. Subjects of Discovery:

Plaintiff's Statement:

Plaintiff anticipates that discovery will be conducted regarding the following matters:

- Defendants' written communications with or about Plaintiff and her family;
- Defendants' communications regarding the claims in the complaint;

- Evidence, testimony, statements, and documents from the criminal case against Naason Joaquin Garcia;
- Evidence, testimony, statements, and documents in connection with other lawsuits filed against LLDM and other defendants for sexual misconduct;
- The relationship among Defendants and their respective roles with LLDM and Berea, and the conduct alleged in the complaint;
- Plaintiff's roles and responsibilities with LLDM and Berea (including labor or services she provided (forced, donated, or otherwise) and her travel, residency, education, and martial plans, expectations and/or restrictions;
- Plaintiff's monetary, tithing, or donations to LLDM or Berea;
- LLDM policies and procedures for monetary, tithing, or donation requests, and use of any tithings or donations;
- Defendant LLDM and Berea's policies and procedures regarding sexual misconduct;
- Allegations of sexual misconduct against LLDM, or any Apostle, Bishop, or Minister;
- Investigations into allegations of sexual misconduct against LLDM, or any Apostle, Bishop, or Minister;
- Discipline of any LLDM Apostles, bishops, and/or ministers for any sexual misconduct;
- Defendants' history of covering up sexual misconduct;
- Agreements or vows to LLDM or any defendants regarding servitude or labor;
- Defendant LLDM and Berea's policies and procedures regarding labor;
- Defendants' documents and written communications regarding allegations of and labor violations against LLDM or Berea;

- Investigations into allegations of labor violations against LLDM or Berea;
- Discipline of any LLDM Apostles, bishops, and/or ministers for labor violations;
- Discipline of any LLDM member for labor violations;
- Supervision of Naasón and Samuel Joaquín Flores as relating to their interaction with LLDM members at LLDM services, events, and other activities and minors;
- Structure and organization of defendant institutions LLDM and Berea;
- Defendants surveillance of Plaintiff and her family;
- Defendants financial benefit from the conduct and practices alleged in the complaint (including trafficking, involuntary servitude and forced labor);
- Defendants' involvement with the acquisition and use of obscene matter;
- Defendants' involvement with laundering of money instruments;
- Defendants' involvement with acts of extortion;
- The Defendant's affirmative defenses; and
- Appropriate amount of Plaintiff's monetary relief.

Defendants' Statement:

To briefly address the topics in Plaintiff's statement, Defendants contend that much of the discovery referenced is beyond the scope of this action, subject to objections, or otherwise improper, harassing, and abusive. Thus, Defendants anticipate that litigation of these issues will be required. Plaintiff has already started the onslaught of abusive and harassing discovery. *Plaintiff has already served Defendants with 2,421 document requests.* Aside from the volume of requests, the requests seek production of records generated over the course of, in some cases, four decades and, in other cases, with no time limitation at all (therefore, seeking records

generated during the entire history of the religion).

Defendants anticipate they will seek discovery regarding the following:

- All matters relevant to Martin's causes of action and factual allegations asserted in the Complaint; and
- All matters relevant to Martin's claimed damages, including but not limited to Martin's medical records and diagnosis or treatment.

### C. Phasing of Discovery:

At this time, the parties agree that discovery will not be conducted in phases. Defendants reserve the right to re-evaluate depending upon how discovery proceeds.

### D. Proposed Limitations on Discovery:

Depositions

The parties agree that they anticipate needing to take more than the presumptive limit of 10 depositions per side. The parties also agree that certain depositions may require more than 7 hours to complete the deposition. The parties agree to discuss accommodations to these rules as necessary and in good faith, and to resolve any issues without seeking leave of Court.

In addition, for efficiency at depositions, the parties agree that any objection made at a deposition on behalf of any Defendant shall be deemed to have been made on behalf of all Defendants (such that all Defendants are not required to verbally "join" an objection on the record).

Plaintiff's Additional Statement:

Joint Discovery Requests/Master Interrogatories: The Manual for Complex Litigation suggests that judges "sometimes require parties with similar positions to submit a combined set of interrogatories, requests for production, or requests for admission." Similarly, the Manual also suggests "Master interrogatories, precluding duplicate requests. The court should consider requiring similarly situated parties to confer and develop a single or master set of interrogatories to be served on an opposing party. If interrogatories have already been served by one party, other

parties should be prohibited from asking the same questions, because any party may use the answers to the interrogatories served by another regardless of who propounded the interrogatory." Plaintiff submits that Defendants should be required to confer on common subjects of discovery in order to limit the burden and oppression of discovery on Plaintiff and to enable the Court to efficiently manage discovery.

Ground Rules for Depositions: The Manual for Complex Litigation suggests that the court consider setting ground rules for depositions including guidelines for who may attend, location, and who may question the witness. In this case, in light of the number of parties and the sensitive nature of certain subject matter for depositions, there should be reasonable guidelines on who may question a deponent – defendants should be required to confer and designate a primary examiner to address background and common issues ahead of time in order to prevent unnecessary and inefficient duplication and waste of time.

Defendants' Additional Statement:

Defendants do not agree that master interrogatories or combined sets of discovery should be ordered or that separate requests from any and all of the individual defendants would be duplicative. Each defendant is entitled to separately inquire into Plaintiff's contentions and obtain the evidence, if any, that exists to hold them each separately liable for the acts and/or omissions.

Defendants do not agree to Plaintiff's proposal that Defendants be denied their Sixth Amendment rights, as well as any other rights guaranteed under the United States Constitution, the California Constitution, or the Rules of Civil Procedure. Any and all Defendants have a right to engage an attorney of their choice and to have that attorney confront and examine any witness at deposition or at trial. Any duplicative or repetitive questions can be addressed on a case-by-case basis.

///

It is unclear what is meant by Plaintiff's use of the phrases "sensitive nature" and "reasonable guidelines." Regardless, Defendants do not believe that any topic or line of inquiry should be predetermined to be "off limits" at deposition. Due process requires that Defendants be permitted to examine and cross-examine witnesses in order to defend against and dispose of causes of action and factual contentions Martin has asserted, which are themselves of a "sensitive nature." Martin cannot advance claims of a sensitive nature and, simultaneously, seek to preclude inquiry into those matters. Any alleged improper questions can be addressed on a case-by-case basis.

### E. **Other Orders:**

Plaintiff's Statement:

Plaintiff requests that the Court enter an Order setting a status conference sixty (60) days from the current Scheduling Conference, or on or about November 10, 2022.

Defendants' Statement:

Defendants have no objection to status conferences and defer to the Court's preferences on timing and frequency.

## XII. DISCOVERY CUT-OFF:

The proposed discovery cut-off date is October 6, 2023.

## XIII. EXPERT DISCOVERY:

The proposed dates for expert discovery are:

- Expert Discovery (Initial):  September 22, 2023
- Expert Discovery (Rebuttal):  October 6, 2023
- Expert Discovery Cutoff:  October 20, 2023

///

///

///

16
JOINT RULE 26(f) REPORT

## XIV. SETTLEMENT CONFERENCE AND ALTERNATIVE DISPUTE RESOLUTION ("ADR"):

As noted in the "Request: ADR Procedure Selection" form filed concurrently with this Report, the parties have indicated their preference for ADR Procedure No. 3, as set forth in Local Rule 16-15.4 (private dispute resolution).

## XV. TRIAL ESTIMATE:

Plaintiff has requested a jury trial and, as a best estimate at this time, estimates trial will last approximately 20 days. At this time, Plaintiff cannot approximate the number of witnesses needed for trial, but expects this number to be more than 25.

## XVI. TRIAL COUNSEL:

Plaintiff:

Deborah S. Mallgrave
Daniel S. Cha
Desiree N. Murray

**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Defendants:

*On behalf of Naasón Joaquín García*

Alan J. Jackson
Caleb E. Mason
WERKSMAN JACKSON & QUINN LLP
888 W 6th St, Fourth Floor
Los Angeles, CA 90017

/ / /
/ / /
/ / /

17
**JOINT RULE 26(f) REPORT**

*On behalf of La Luz del Mundo, an alleged unincorporated association, Communication Center Berea U.S.A. LLC (erroneously sued as International Berea USA), Alma Elizabeth Joaquin (erroneously sued as Alma Zamora de Joaquin), Adoraim Josadac Joaquin (erroneously sued as Adoraim Joaquin Zamora)*

Reed Aljian (State Bar No. 211010)
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Telephone: 949.861.2524
Facsimile: 949.269.6364

On behalf of *Gilberto Garcia Granados, Jose Hernandez, Uzziel Joaquin, Silberio Coronado, Aurelio Zavaleta, Jose Luis Estrada, Jonathan Mendoza, and Benjamin Joaquin Garcia,*

Geoffrey A. Neri
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, CA 90025
Tel: (310) 593-9890
Fax: (310) 593-9980

## XVII. MAGISTRATE JUDGE:

The parties do not agree to try the case before a Magistrate Judge.

## XVIII. INDEPENDENT EXPERT OR MASTER:

The parties do not currently anticipate the need for an independent expert or master.

/ / /

/ / /

/ / /

## XIX. OTHER ISSUES:

None at this time.

| | |
|---|---|
| DATED: August 31, 2022 | GREENBERG GROSS LLP |
| | By: /s/ Deborah S. Mallgrave[1] |
| | Deborah S. Mallgrave |
| | Daniel S. Cha |
| | Desiree N. Murray |
| | Attorneys for Plaintiff SOCHIL MARTIN |
| DATED: August 31, 2022 | WERKSMAN JACKSON AND QUINN LLP |
| | By: /s/ Caleb E. Mason |
| | Caleb E. Mason |
| | Attorneys for Defendant Naason Joaquin Garcia |
| DATED: August 31, 2022 | DAILY ALJIAN LLP |
| | By: /s/ Reed Aljian |
| | Reed Aljian |
| | Attorneys for Defendants COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA, ALMA ELIZABETH JOAQUIN, erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN, erroneously sued as ADORAIM JOAQUIN ZAMORA |
| DATED: August 31, 2022 | BROWN NERI SMITH AND KHAN LLP |
| | By: /s/ Geoffrey A. Neri |
| | Geoffrey A. Neri |
| | Attorneys for Defendants Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin and Jose Luis Estrada |

---

[1] Pursuant to L.R. 5-4.3-4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing