DEBORAH S. MALLGRAVE, State Bar No. 198603
    DMallgrave@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
    DCha@GGTrialLaw.com
DESIREE N. MURRAY, State Bar No. 330079
    DMurray@GGTrialLaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
    MReck@AndersonAdvocates.com
HAGEREY MENGISTU, State Bar No. 290300
    HMengistu@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>                    Plaintiff,<br><br>          v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL | Case No. 2:20-cv-01437-FWS-AS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed Concurrently with Plaintiff's Motion to Modify the Scheduling Order, Declaration of Daniel S. Cha, and [Proposed] Orders.]<br><br>Date:        January 12, 2023<br>Time:        10:00 a.m.<br>Crtrm:      10D<br><br>Judge:   Hon. Fred W. Slaughter |

1  JOAQUÍN GARCÍA, an individual,
2  ADORAIM JOAQUÍN ZAMORA, an
   individual, DAVID MENDOZA, an
3  individual and DOES 1 through 10,
   inclusive.

4          Defendants.

5

6  **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF**

7  **RECORD:**

8          PLEASE TAKE NOTICE that on January 12, 2023 at 10:00 a.m., or as soon

9  thereafter as counsel may be heard in Courtroom 10D of the above-entitled Court,

10 located at 411 West 4th Street, Santa Ana, California 92701, plaintiff Sochil Martin

11 ("Plaintiff") will move the Court for an order, pursuant to Federal Rule of Civil

12 Procedure 41(a)(2), to dismiss her action without prejudice as to defendants Gilberto

13 García Granados, Jose Hernandez, Uzziel Joaquín, Silverio Coronado, Aurelio

14 Zavaleta, Jose Luis Estrada, Jonathan Mendoza, Benjamin Joaquín García, Alma

15 Elizabeth Joaquín (erroneously sued as Alma Zamora de Joaquín), Adoraim Josadac

16 Joaquín (erroneously sued as Adoraim Joaquín Zamora), and David Mendoza

17 (hereinafter "Specified Defendants").

18         As specified in Rule 41(a)(2), a dismissal at the plaintiff's request is without

19 prejudice unless the court determines the defendant has carried its burden of showing

20 some "plain legal prejudice" as a result. *Zanowick v. Baxter Healthcare Corporation*,

21 850 F. 3d 1090, 1093 (9th Cir. 2017). Since the Specified Defendants cannot identify

22 or establish any plain legal prejudice, Plaintiff's request to dismiss them, without

23 prejudice, should be granted.

24         This Motion is based upon this Notice, the attached Memorandum of Points and

25 Authorities, the concurrently filed Declaration of Daniel S. Cha, this Court's file, and

26 upon such further evidence, oral or documentary, as may be presented at or before the

27 hearing on this Motion.

28

1    This Motion is made following the conference of counsel pursuant to Local
2  Rule 7-3, which was initiated on November 10, 2022 and included telephonic and
3  follow-up email communications.

4

5  DATED:  December 14, 2022          Respectfully submitted,

6                                     GREENBERG GROSS LLP

7

8

9                                     By:    */s/ Daniel S. Cha*
10                                           Deborah S. Mallgrave
                                             Daniel S. Cha
11                                           Desiree N. Murray
12                                           Attorneys for Plaintiff SOCHIL MARTIN

PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION. ...................................................................................... 7

II.     RELEVANT PROCEDURAL HISTORY ................................................... 8

III.    DEFENDANTS MUST SHOW "PLAIN LEGAL PREJUDICE" TO OVERCOME THE DEFAULT RULE FOR VOLUNTARY DISMISSALS WITHOUT PREJUDICE ...................................................... 11

IV.     DEFENDANTS CANNOT MEET THEIR BURDEN TO SHOW "PLAIN LEGAL PREJUDICE". ......................................................... 12

    A.      There Is No Potential Loss of Federal Forum Because Potentially Re-Filed Federal Claims Would Permit Removal Back to Federal Court ............................................................................................... 13

    B.      There Is No Adverse Impact on Availability of a Right to a Jury Trial. ................................................................................................ 15

    C.      Dismissal Without Prejudice Would Not Cause Loss of a Statute of Limitations Defense ...................................................................... 15

    D.      Specified Defendants' Purported Desire to Pursue a Malicious Prosecution Claim Is Not Sufficient to Deny Dismissal Without Prejudice ........................................................................................... 16

V.      CONCLUSION. ........................................................................................ 17

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*American Nat. Bank and Trust Co. of Sapulpa v. Bic Corp.*,
    931 F. 2d 1411 (10th Cir. 1991) ................................................................. 13, 14

*Camilli v. Grimes*,
    436 F. 3d 120 (2d Cir. 2006) ............................................................................ 16

*Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Financial Corp.*,
    878 F. Supp. 2d 1009 (C.D. Cal. 2011) ............................................................ 16

*Davis v. USX Corp.*,
    819 F. 2d 1270 (4th Cir. 1987) ................................................................... 14, 16

*Manshack v. Southwestern Elec. Power Co.*,
    915 F. 2d 172 (5th Cir. 1990) ........................................................................... 14

*Smith v. Lenches*,
    263 F. 3d 972 (9th Cir. 2001) ............................................................... 12, 13, 15

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*,
    889 F.2d 919 (9th Cir. 1989) ............................................................................ 12

*Templeton v. Nedlloyd Lines*,
    901 F. 2d 1273 (5th Cir. 1990) ................................................................... 14, 15

*Westlands Water District v. U.S.*,
    100 F.3d 94 (9th Cir. 1996) ....................................................................... 13, 14, 16

*Zanowick v. Baxter Healthcare Corporation*,
    850 F. 3d 1090 (9th Cir. 2017) ..................................................................... 2, 12

**California Cases**

*Jane Doe 1, et al. v. La Luz Del Mundo (LLDM), et. al*,
    No. 22STCV29220 (Cal. Sup. Ct. filed Sept. 8, 2022) ........................................ 7

**Federal Statutes**

TVPRA ....................................................................................................................... 14

Case No. 2:20-cv-01437-FWS-AS
PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE

1

**Other Authorities**

2

Fed.R.Civ.P. 30(a)(2)...................................................................................... 11

Fed.R.Civ.P 41(a) ........................................................................................... 11

Fed.R.Civ.P. 41(a)(1)(A) ................................................................................ 11

Fed.R.Civ.P. 41(a)(1)(B) ............................................................................... 12

Fed.R.Civ.P 41(a)(2)...............................................................................2, 8, 12, 14

Fed.R.Civ.P. 41(b) .......................................................................................... 12

Local Rule 7-3 .................................................................................................. 3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION.

Justice too long delayed is justice denied." – Martin Luther King Jr., *Letter from a Birmingham Jail* (April 16, 1963).

Plaintiff Sochil Martin suffered years of torment and abuse at the hands of defendants, including sexual assault, sexual servitude, forced labor, and other abuse as part of a decades-long pattern of institutionalized child abuse and human trafficking, and racketeering activity.  After she liberated herself, she has courageously dedicated her life to help others who were harmed and to expose the abuses inflicted by defendant La Luz del Mundo ("LLDM") and its "Apostle" defendant Naasón Joaquín García ("García").  Plaintiff has publicly advocated for justice and accountability not just for herself, but on behalf of the innumerable known and unknown survivors of defendants' abuses.

Plaintiff filed this lawsuit in February 2020.  The intervening criminal prosecutions of García and others involved in the criminal scheme understandably took priority, but they have now concluded.  García was convicted of several counts of felony sexual misconduct, but sentenced only to 16 years, 8 months in prison.  To Plaintiff and other survivors, the criminal justice system has imposed an incomplete measure of justice.[1]

It has now been nearly three years since Plaintiff's action commenced, and Plaintiff is committed to establishing and realizing justice under the civil justice system as soon as possible.  While Plaintiff maintains that each of the Specified Defendants is legally liable for their wrongs as alleged in the Complaint, the large number of defendants in this action necessarily complicates discovery and litigation, and threatens to delay realization of Plaintiff's goals.  Plaintiff, therefore, seeks to

---

[1] Other survivors are turning now to the civil system for justice and filing their own lawsuits against García and LLDM.  *See, e.g.*, *Jane Doe 1, et al. v. La Luz Del Mundo (LLDM), et. al*, No. 22STCV29220 (Cal. Sup. Ct. filed Sept. 8, 2022).

substantially streamline this case and the number of defendants, focusing on defendants García, LLDM, and Communication Center Berea U.S.A. LLC (collectively, the "Remaining Defendants"). The Remaining Defendants are all represented by the same counsel, which in and of itself will streamline discovery and litigation.

While refusing to stipulate to Plaintiff's request to dismiss them without prejudice, the Specified Defendants have not, and cannot, meet their burden to establish that they will suffer some plain legal prejudice if Plaintiff's request is granted. During the parties' meet-and-confer conference, the Specified Defendants stated only that their refusal was based on their preference to attempt to obtain a favorable termination on the merits as necessary for a potential malicious prosecution action. The desire for a determination of the merits, however, does not constitute the plain legal prejudice required to justify a denial of Plaintiff's request.

Accordingly, Plaintiff's request for an order dismissing the Specified Defendants without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), should be granted.[2]

## II.    RELEVANT PROCEDURAL HISTORY.[3]

Plaintiff filed her Complaint and initiated this action on February 12, 2020. *See* Docket No. 1. In the months that followed, the parties engaged in substantial procedural battles, filing a series of motions related to service issues (including García's motion to quash service on LLDM, claiming the institution was not an entity

---

[2] Consistent with her goal to obtain justice in a more expeditious manner, concurrently with this motion, Plaintiff filed a Motion to Modify the Scheduling Order and Advance the Trial Date. Plaintiff's request to dismiss the Specified Defendants, however, is not contingent or conditional upon the Court's granting of her concurrently filed motion.

[3] The Relevant Procedural History herein is the same as that contained in Plaintiff's concurrently filed Motion to Modify the Scheduling Order and Advance the Trial Date.

capable of being sued), the appropriateness of García's answer to the complaint (in which he invoked his Fifth Amendment privilege against self-incrimination as to each and every allegation in the Complaint), defendants' attempt to compel early discovery (despite the service issues), and defendants' attempt to depose Plaintiff's counsel as well as the state attorneys who were criminally prosecuting García, Jeffrey Segal and Donna Dean. *See* Docket Nos. 48, 49, 53, 65, 68, 73, 79, 81, 85, 87, 90, 110, 115, 117, 123, and 139.

On June 12, 2020, the People of the State of California ("the People") filed a Motion to Intervene and to Stay Discovery During the Pendency of Criminal Proceedings against Garcia and his co-conspirators. *See* Docket No. 50. On September 29, 2020, this Court granted the People's motion and stayed discovery in this case pending resolution of the criminal proceedings. *See* Docket No. 108.

On June 3, 2022, García pleaded guilty to multiple felony child sex crimes (forcible oral copulation and lewd acts) and was sentenced to sixteen years and eight months in prison. *See* Docket No. 149. On June 22, 2022, the People filed a status report and request to dissolve the stay of this case. *Id*. The Court dissolved the stay the next day, on June 23, 2022, and also set a Scheduling Conference for September 8, 2022. *See* Docket Nos. 148 and 150.

Thereafter, the parties moved forward with their Rule 26(f) discovery conference and service of initial disclosures and written discovery. Cha Decl. at ¶¶ 2-10. On August 1, 2022, defendant Gilberto Granados served Plaintiff with 589 interrogatories and 456 requests for the production of documents. Cha Decl. at ¶ 3. On August 3, 2022, Plaintiff served requests for production of documents to defendants LLDM (215 requests), Berea (201 requests), Adoraim Joaquín Zamora (185 requests), Alma Zamora de Joaquín (187 requests), David Mendoza (177 requests), and García (189 requests); on August 33, 2022, Plaintiff served requests for production of documents to defendants Aurelio Zavaleta (159 requests), Benjamin Garcia (156 requests), Gilberto Granados (159 requests), Jose Luis Estrada (156

Case No. 2:20-cv-01437-FWS-AS

PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE

requests), Jose Hernandez (159 requests), Jonathon Mendoza (159 requests), Silverio Coronado (160 requests), and Uzziel Joaquin (159 requests).  Cha Decl. at ¶ 4.

On August 31, 2022, Plaintiff filed the parties' Joint Rule 26(f) Report.[4]  *See* Docket No. 152.  In the report, acknowledging the significant number of disputes that had already occurred before discovery began and the volume of discovery to be conducted by the parties, Plaintiff identified this as a complex case that would benefit from use of certain procedures from the Manual for Complex Litigation (including use of joint discovery requests/master interrogatories and ground rules for depositions to enhance efficiency and streamline discovery).  *See* Docket No. 152 at 9.  Defendants opposed this characterization.  *Id.* at 9, 14-15.  Defendants separately indicated that they intended to vigorously litigate issues regarding the scope of discovery.  *Id.* at 13-14.  Based on the number of defendants and discovery issues involved with the case when the joint report was filed, Plaintiff agreed with the then-requested trial date of February 27, 2024.

On September 2, 2022, the Court issued a Scheduling Order, setting the following dates:

| Trial | 2/27/2024 |
|---|---|
| Final Pretrial Conference and Hearing on MILs | 2/8/2024 |
| Trial Filings (second round) | 1/26/2024 |
| Trial Filings (first round) | 1/19/2024 |
| Deadline to Complete Settlement Conference | 11/30/2023 |
| Expert Discovery Cut-Off | 11/16/2023 |
| Expert Disclosure (Rebuttal) | 10/6/2023 |
| Expert Disclosure (Initial) | 9/22/2023 |
| Non-Expert Discovery Cut-Off | 9/8/2023 |

---

[4] Plaintiff's counsel sent a draft joint report to defendants' counsel on August 8, 2022, but did not receive defendants' comments to the draft for two and half weeks, until August 25, 2022.  Cha Decl. at ¶ 5-7.

*See* Docket No. 154.  On the same date, the Court also issued its Order on Pretrial and Trial Procedures.  *See* Docket No. 155.  Neither order adopted Plaintiff's requested modifications to discovery to assist with efficient case management and streamlined litigation.  *Id.*

With regard to initial disclosures and responses to the initial written discovery that had been propounded, the parties reciprocally agreed to several extensions of time, agreeing to exchange their responses and initial disclosures by November 11, 2022 (other than Defendant Garcia, who served his responses on September 30, 2022).[5]  Cha Decl. at ¶ 9.

On November 10, 2022, Plaintiff, eager to move this case forward more expeditiously, contacted Defendants' counsel seeking a stipulation to dismiss the Specified Defendants without prejudice, advance the trial date to September 2023, and take Defendant García's deposition, in custody, under Rule 30(a)(2).  *Id.* at ¶ 11.  Following the parties' meet-and-confer conference, counsel for Defendants confirmed they would not stipulate to Plaintiff's requests, necessitating the filing of Plaintiff's motions.  *Id.* at ¶¶ 12-15.  Plaintiff thereafter filed her motions for hearing on the first available hearing date of January 12, 2023.  *Id.* at 16.

## III.   DEFENDANTS MUST SHOW "PLAIN LEGAL PREJUDICE" TO OVERCOME THE DEFAULT RULE FOR VOLUNTARY DISMISSALS WITHOUT PREJUDICE.

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Subdivision (1) provides for voluntary dismissal by a plaintiff as of right, either by filing a notice of dismissal prior to the filing of an answer or summary judgment motion, or by filing a stipulation of all parties who have appeared.  Fed.R.Civ.P.

---

[5] The parties served their initial disclosures and discovery responses as agreed on November 11, 2022, except for defendants LLDM, Berea, Alma Elizabeth Joaquín, and Adoraim Josadac Joaquín, who served their discovery responses shortly after midnight on November 12, 2022.  Cha Decl. at ¶ 10.

41(a)(1)(A).  "Unless the notice or stipulation states otherwise, the dismissal is

without prejudice."  Fed.R.Civ.P. 41(a)(1)(B).  In the absence of a stipulation after the

filing of an answer, "an action may be dismissed at the plaintiff's request only by

court order, on terms that the court considers proper…. Unless the order states

otherwise, a dismissal under this paragraph (2) is without prejudice."  Fed.R.Civ.P.

41(a)(2).  In contrast, an involuntary dismissal (subject to enumerated exceptions)

"operates as an adjudication on the merits" unless the dismissal order states otherwise.

Fed.R.Civ.P. 41(b).  In sum, the default rule for voluntary dismissals by a plaintiff is

that such dismissals are without prejudice.

"The purpose of the rule is to permit a plaintiff to dismiss an action without

prejudice so long as the defendant will not be prejudiced…." *Stevedoring Servs. of

Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).  Thus, a "motion for

voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound

discretion and the court's order will not be disturbed unless the court has abused its

discretion." *Id.*  "When ruling on a motion to dismiss without prejudice, the district

court must determine whether the defendant will suffer some plain legal prejudice as a

result of the dismissal." *Zanowick v. Baxter Healthcare Corporation*, 850 F. 3d 1090,

1093 (9th Cir. 2017).  "'Legal prejudice' is 'prejudice to some legal interest, some

legal claim, some legal argument.'" *Id.*  An objecting defendant thus has the burden

to show that it will suffer some plain legal prejudice as a result of the dismissal. *Smith

v. Lenches*, 263 F. 3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion

for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will

suffer some plain legal prejudice as a result.").

## IV.  DEFENDANTS CANNOT MEET THEIR BURDEN TO SHOW "PLAIN LEGAL PREJUDICE".

Plaintiff submits that Defendants simply cannot make a showing of "plain legal

prejudice."  In considering this issue, "courts have examined whether a dismissal

without prejudice would result in the loss of a federal forum, or the right to a jury trial,

or a statute of limitations defense." *Westlands Water Dist.*, *supra*, 100 F. 3d at 97
(citing with approval *American Nat. Bank and Trust Co. of Sapulpa v. Bic Corp.*, 931
F. 2d 1411 (10th Cir. 1991), *Manshack v. Southwestern Elec. Power Co.*, 915 F. 2d
172 (5th Cir. 1990); *Templeton v. Nedlloyd Lines*, 901 F. 2d 1273 (5th Cir. 1990); and
*Davis v. USX Corp.*, 819 F. 2d 1270 (4th Cir. 1987)).  On the other hand, uncertainty
or lack of resolution of parties' legal rights because a dispute remains unresolved is
not legal prejudice.  *Id.*  Similarly, "plain legal prejudice does not result merely
because the defendant will be inconvenienced by having to defend in another forum or
where a plaintiff would gain a tactical advantage by that dismissal."  *Smith*, 263 F. 3d
at 976.  In addition, expenses already incurred in litigating the lawsuit do not
constitute legal prejudice.  *Westlands*, 100 F. 3d at 97.

    As set forth more fully below in Section IV.D, Specified Defendants' assertion
during the meet-and-confer process that a dismissal without prejudice would foreclose
a subsequent malicious prosecution claim against Plaintiff also does not constitute
plain legal prejudice.

**A.    There Is No Potential Loss of Federal Forum Because Potentially Re-Filed Federal Claims Would Permit Removal Back to Federal Court.**

    The dismissal of the Specified Defendants would not result in the loss of a
federal forum.  Several of the out-of-circuit cases cited by *Westlands* with approval
establish that the mere fact that a defendant may subsequently have to defend claims
in state court is not sufficient to establish plain legal prejudice.  In *Bic Corp.*, the
defendant argued that dismissal without prejudice should have been denied by the
district court unless a condition was imposed to require re-filing, if any, in federal
court.  The defendant asserted on appeal that the plaintiff had in fact re-filed in state
court and named additional resident defendants, which precluded removal to federal
court.  *Bic Corp.*, 931 F. 2d at 1412.  Nonetheless, the Tenth Circuit affirmed the
district court's exercise of discretion to permit dismissal without prejudice absent a
condition requiring re-filing in federal court, reasoning that rules against fraudulent

joinder would protect against bad faith re-filings and because the voluntary dismissal rule does not guarantee preservation of federal jurisdiction. *Id.* at 1412-13.

In *Manshack*, the plaintiff voluntarily dismissed without prejudice after an adverse ruling on choice of law in a Texas District Court. *Manshack*, 915 F. 2d at 174. The Fifth Circuit opined that a voluntary dismissal after an adverse trial court ruling *could* constitute legal prejudice, but distinguished the "plain legal prejudice" required to block voluntary dismissal without prejudice, from "merely subjecting the defendant to another lawsuit." *Id.* In affirming the dismissal without prejudice in that case, the Fifth Circuit reasoned that there was no issue presented of improper or prejudicial forum shopping; even if the plaintiffs re-filed in Texas state court, the Texas state court would have applied the same choice of law principles as had the Texas federal District Court. *Id.* at 174-175.

In *Templeton*, the Fifth Circuit affirmed dismissal without prejudice over the defendant's protest of the loss of a federal forum, with the Court of Appeals reasoning that the loss of a federal forum "does not automatically create abuse of discretion." *Templeton*, 901 F. 2d at 1276. In *Davis*, the Fourth Circuit noted that conditions on a plaintiff's voluntary dismissal that would limit a plaintiff from pursuing state law claims in state court would present problems of comity and federalism. *Davis*, 819 F. 2d at 1275. Accordingly, "the fact that dismissal will subject [defendant] to [state] law as interpreted by the courts of [the state] if dismissal is allowed is not prejudicial" for purposes of Rule 41(a)(2) in the absence of any evidence of bad faith. *Id.* at 1275-76.

Here, there is no potential for *improper* loss of a federal forum. If Plaintiff were to re-file a complaint in state court against the Specified Defendants that included federal claims (such as RICO and TVPRA), the federal forum would remain open through removal under federal "arising under" subject matter jurisdiction. If Plaintiff were to re-file a complaint in state court against the Specified Defendants that did not include federal claims, the Specified Defendants would have no interest in

PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE

securing a federal forum. *Smith v. Lenches*, 263 F. 3d 972, 976 (9th Cir. 2001). There is no evidence of any bad faith on the part of Plaintiff. For example, there has not been, and could not be, any bad faith misjoinder of parties to frustrate diversity jurisdiction. Thus, this is a non-factor that does not weigh against the default rule of dismissal without prejudice.

**B.      There Is No Adverse Impact on Availability of a Right to a Jury Trial.**

In *Templeton*, the plaintiffs had waived their right to jury trial against the objecting defendant in the federal court. Thus, one of the arguments of the defendant against dismissal without prejudice was the prospect of being subjected to trial by jury in state court. *Templeton*, 901 F. 2d at 1275-76. The Fifth Circuit dismissed this argument in the absence of evidence of bad faith on the part of the plaintiffs; i.e. there was no showing that the plaintiffs sought to voluntarily dismiss "simply to allow a plaintiff to regain the right to a jury trial." *Id.* Here, no party has waived right to a jury trial, and there would be no limitation or loss of a right to a jury trial for any remaining parties or in a potential subsequent action. This factor does not weigh against dismissal without prejudice.

**C.      Dismissal Without Prejudice Would Not Cause Loss of a Statute of Limitations Defense.**

The Specified Defendants would not be in a position to *lose* a statute of limitations defense if they were to be dismissed without prejudice. The periods of time that ran after accrual of Plaintiff's claims prior to the filing of the Complaint in this action remain having run for purposes of statutes of limitations defenses. At the very least, that time will re-commence running upon dismissal without prejudice.

To the extent that the Specified Defendants may complain that they are prejudiced because no time has run for purposes of the statutes of limitation while this action has remained pending against them, such concerns are not well-founded. First, if Plaintiff were to re-file federal claims against the Specified Defendants in this

Case No. 2:20-cv-01437-FWS-AS

PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE

Court, she would not be entitled to tolling during the pendency of this current action. *See Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Financial Corp.*, 878 F. Supp. 2d 1009, 1018-19 (C.D. Cal. 2011). Second, if Plaintiff were to re-file only her state law claims in state court, availability of equitable tolling during the pendency of this current action does not implicate any special federal interest barring dismissal without prejudice. *See Davis v. USX Corp.*, *supra*, 819 F. 2d at 1275-76.

### D. **Specified Defendants' Purported Desire to Pursue a Malicious Prosecution Claim Is Not Sufficient to Deny Dismissal Without Prejudice.**

During the meet-and-confer process, counsel for the Specified Defendants stated they objected to dismissal without prejudice because it would block them from later pursuing a malicious prosecution action against Plaintiff due to the "favorable termination" element under state law requiring a resolution of this action on the merits in their favor. Cha Decl. at ¶ 18. This interest is not recognized as any basis for "plain legal prejudice" by the Ninth Circuit. Indeed, suggesting the contrary, the Ninth Circuit has explicitly stated that, "uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist.*, *supra*, 100 F. 3d at 97. In other words, the Specified Defendants are not entitled to force Plaintiff to litigate her claims against them to a conclusion on the merits.

Moreover, the Second Circuit has directly addressed and rejected a defendant's objection to dismissal without prejudice on the ground that it would preclude a malicious prosecution action due to the lack of "favorable termination" of the current action. *Camilli v. Grimes*, 436 F. 3d 120, 123-124 (2d Cir. 2006). "Indeed, if loss of the opportunity to initiate a malicious prosecution suit could defeat a dismissal of a plaintiff's suit without prejudice, every defendant could insist on a dismissal with prejudice by asserting an intention to sue for malicious prosecution." *Id.* at 124. Such a rule would flip on its head the default rule's preference for voluntary dismissals to

1  be entered without prejudice.  Mere invocation of a hypothetical future claim of

2  malicious prosecution is insufficient to avoid voluntary dismissal without prejudice.

3  **V.    <u>CONCLUSION.</u>**

4        Based on the foregoing, Plaintiff respectfully requests that this Court grant this

5  Motion in its entirety and enter an order dismissing the Specified Defendants without

6  prejudice.

7

8  DATED:  December 14, 2022          Respectfully submitted,

9                                GREENBERG GROSS LLP

10

11

12                      By:   <u>    */s/ Daniel S. Cha*          </u>

13                         Deborah S. Mallgrave

                       Daniel S. Cha

14                         Desiree N. Murray

15                         Attorneys for Plaintiff SOCHIL MARTIN

16

17

18

19

20

21

22

23

24

25

26

27

28