1  DEBORAH S. MALLGRAVE, State Bar No. 198603
     *DMallgrave@GGTrialLaw.com*
2  DANIEL S. CHA, State Bar No. 260256
     *DCha@GGTrialLaw.com*
3  DESIREE N. MURRAY, State Bar No. 330079
     *DMurray@GGTrialLaw.com*
4  **GREENBERG GROSS LLP**
   650 Town Center Drive, Suite 1700
5  Costa Mesa, California 92626
   Telephone: (949) 383-2800
6  Facsimile: (949) 383-2801

7  MICHAEL RECK, State Bar No. 209895
     *MReck@AndersonAdvocates.com*
8  HAGEREY MENGISTU, State Bar No. 290300
     *HMengistu@AndersonAdvocates.com*
9  **JEFF ANDERSON & ASSOCIATES**
   12011 San Vincente Boulevard, #700
10 Los Angeles, California, 90049
   Telephone: (310) 357-2425
11 Facsimile: (651) 297-6543

12 Attorneys for Plaintiff SOCHIL MARTIN

13

14              **UNITED STATES DISTRICT COURT**

15     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

16

17 SOCHIL MARTIN,                          Case No. 2:20-cv-01437-FWS-AS

18              Plaintiff,                  **PLAINTIFF'S NOTICE OF
                                            MOTION AND MOTION TO
19        v.                                MODIFY THE SCHEDULING
                                            ORDER AND ADVANCE THE
20 LA LUZ DEL MUNDO, an                     TRIAL DATE; MEMORANDUM
   unincorporated association, NAASÓN       OF POINTS AND AUTHORITIES**
21 JOAQUÍN GARCÍA, an individual, EL
   CONSEJO DE OBISPOS, an                   [Filed Concurrently with Plaintiff's
22 unincorporated association,             Motion to Voluntarily Dismiss
   INTERNATIONAL BEREA USA, an              Specified Defendants Without
23 unincorporated association, GILBERTO     Prejudice, Declaration of Daniel S. Cha,
   GARCÍA GRANADOS, an individual,          and [Proposed] Order.]
24 JOSE HERNANDEZ, an individual,
   UZZIEL JOAQUÍN, an individual,           Date:      January 12, 2023
25 SILVERIO CORONADO, an                    Time:      10:00 a.m.
   individual, AURELIO ZAVALETA, an         Crtrm:     10D
26 individual, JOSE LUIS ESTRADA, an
   individual, JONATHAN MENDOZA,            Judge:  Hon. Fred W. Slaughter
27 an individual, ALMA ZAMORA DE
   JOAQUÍN, an individual, BENJAMIN
28 JOAQUÍN GARCÍA, an individual,

1 RAHEL JOAQUÍN GARCÍA, an
individual, ADORAIM JOAQUÍN
2 ZAMORA, an individual, DAVID
MENDOZA, an individual and DOES 1
3 through 10, inclusive.

4          Defendants.

5

6 **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF**

7 **RECORD:**

8          PLEASE TAKE NOTICE that on January 12, 2023 at 10:00 a.m., or as soon

9 thereafter as counsel may be heard in Courtroom 10D of the above-entitled Court,

10 located at 411 West 4th Street, Santa Ana, California 92701, Plaintiff Sochil Martin

11 ("Plaintiff") will move the Court for an order pursuant to Federal Rules of Civil

12 Procedure 1 and 16 to modify the Scheduling Order and Advance the Trial Date

13 from February 27, 2024 to September 26, 2023.

14          This Motion should be granted in order to effectuate the goal of securing a

15 just, speedy, and inexpensive determination of this action.  As a result of defendant

16 Naasón Joaquín García's criminal proceedings, and the required stay of this action

17 during the pendency of those proceedings (which concluded with García's

18 conviction in June 2022), Plaintiff has already had to wait nearly three years since

19 filing her Complaint to litigate her case.  Good cause exists to modify the scheduling

20 order and advance the trial date at this time because, pursuant to Plaintiff's

21 concurrently filed Motion to Voluntarily Dismiss Specified Defendants Without

22 Prejudice, which seeks to dismiss all but three defendants, the issues to be litigated

23 in this case and the parties' resulting needs for discovery have been narrowed

24 substantially and Plaintiff should not have to suffer any unnecessary delays in

25 having her more streamlined claims adjudicated.

26          This Motion is based upon this Notice, the attached Memorandum of Points

27 and Authorities, the concurrently filed Declaration of Daniel S. Cha and Motion to

28 Voluntarily Dismiss Specified Defendants Without Prejudice, this Court's file, and

1  upon such further evidence, oral or documentary, as may be presented at or before

2  the hearing on this Motion.

3          This Motion is made following the conference of counsel pursuant to Local

4  Rule 7-3, which was initiated on November 10, 2022 and included telephonic and

5  follow-up email communications.

6

7  DATED:  December 14, 2022          Respectfully submitted,

8                                     GREENBERG GROSS LLP

9

10

11                                     By:  _____
                                              */s/ Daniel S. Cha*
12                                     Deborah S. Mallgrave
                                       Daniel S. Cha
13                                     Desiree N. Murray
                                       Attorneys for Plaintiff SOCHIL MARTIN
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND ADVANCE THE TRIAL DATE

1

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

2

3    I.    INTRODUCTION. ............................................................ 6

4    II.    RELEVANT PROCEDURAL HISTORY. ....................................... 8

5    III.    THE SCHEDULING ORDER SHOULD BE MODIFIED FOR GOOD
         CAUSE. ................................................................... 11

6    IV.    CONCLUSION. ........................................................... 13

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND ADVANCE THE TRIAL DATE

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Federal Sav. And Loan Ins. Corp. v. Molinaro*
    889 F. 2d 899 (9th Cir. 1989) ................................................................. 11

*Johnson v. Mammoth Recreations, Inc.*,
    975 F. 2d 604 (9th Cir. 1992) ................................................................. 11

*Slagowski v. Central Washington Asphalt*,
    291 F.R.D. 563 (D. Nev. 2013) .............................................................. 11

**California Cases**

*Jane Doe 1, et al. v. La Luz Del Mundo (LLDM), et. al*,
    No. 22STCV29220 (Cal. Sup. Ct. filed Sept. 8, 2022) ........................... 6

**Other Authorities**

Fed.R.Civ.P. 1 ................................................................................... 2, 11

Fed.R.Civ.P. 16 ..................................................................................... 2

Fed.R.Civ.P. 16(b)(4) ........................................................................... 11

Fed.R.Civ.P. 26(f) ............................................................................ 9, 12

Fed.R.Civ.P. 30(a)(2) ........................................................................... 10

Local Rule 7-3 ........................................................................................ 3

1    ## MEMORANDUM OF POINTS AND AUTHORITIES

2    ## I.     INTRODUCTION.

3        "Justice too long delayed is justice denied." – Martin Luther King Jr., *Letter*

4    *from a Birmingham Jail* (April 16, 1963).

5        Plaintiff Sochil Martin suffered years of torment and abuse at the hands of

6    defendants, including sexual assault, sexual servitude, forced labor, and other abuse

7    as part of a decades-long pattern of institutionalized child abuse and human

8    trafficking, and racketeering activity.  After she liberated herself, she has

9    courageously dedicated her life to help others who were harmed and to expose the

10   abuses inflicted by defendant La Luz del Mundo ("LLDM") and its "Apostle"

11   defendant Naasón Joaquín García ("García").  Plaintiff has publicly advocated for

12   justice and accountability not just for herself but on behalf of the innumerable

13   known and unknown survivors of defendants' abuses.

14       Plaintiff filed this lawsuit in February 2020.  The intervening criminal

15   prosecutions of García and others involved in the criminal scheme understandably

16   took priority, but they have now concluded.  García was convicted of several counts

17   of felony sexual misconduct, but sentenced only to 16 years, 8 months in prison.  To

18   Plaintiff and other survivors, the criminal justice system has imposed an incomplete

19   measure of justice.[1]

20       It has now been nearly three years since Plaintiff's action commenced, and

21   Plaintiff is committed to establishing and realizing justice under the civil justice

22   system as soon as possible.  While Plaintiff maintains that each of the Specified

23   Defendants[2] is legally liable for their wrongs as alleged in the Complaint, the large

24

25       [1] Other survivors are turning now to the civil system for justice and filing

26   their own lawsuits against García and LLDM.  *See*, *e.g.*, *Jane Doe 1, et al. v. La Luz*

27   *Del Mundo (LLDM), et. al*, No. 22STCV29220 (Cal. Sup. Ct. filed Sept. 8, 2022).

28       [2] The "Specified Defendants" refers to defendants Gilberto García Granados,
     Jose Hernandez, Uzziel Joaquín, Silverio Coronado, Aurelio Zavaleta, Jose Luis

number of defendants in this action necessarily complicates discovery and litigation, and threatens to delay realization of Plaintiff's goals. Thus, in her concurrently filed Motion to Voluntarily Dismiss Specified Defendants Without Prejudice, Plaintiff seeks to substantially streamline this case in order to focus on the perpetrators most directly responsible for her abuse – defendants García, LLDM, and Communication Center Berea U.S.A. LLC (erroneously sued as International Berea USA; "Berea") (collectively, the "Remaining Defendants").

The Remaining Defendants are all represented by the same counsel, which will streamline discovery and litigation in and of itself. Moreover, García has invoked his Fifth Amendment privilege against self-incrimination in response to the Complaint and written discovery, and his counsel has indicated that he will continue to invoke the privilege in his deposition. In addition, the liability of LLDM and Berea, over which García as the "Apostle" exercised near plenary control and authority, is substantially co-extensive with García's liability. Thus, the dismissal of the Specified Defendants streamlines this case even more starkly than it would under normal circumstances.

Plaintiff therefore submits she should not have to suffer further delay in having her claims adjudicated, and respectfully requests that this Court modify the Scheduling Order to advance the trial date from February 27, 2024 to September 26, 2023, and modify the remainder of the deadlines set forth in the Scheduling Order accordingly.

/ / /

/ / /

/ / /

/ / /

Estrada, Jonathan Mendoza, Benjamin Joaquín García, Alma Elizabeth Joaquín (erroneously sued as Alma Zamora de Joaquín), Adoraim Josadac Joaquín (erroneously sued as Adoraim Joaquín Zamora), and David Mendoza.

## II.    <u>RELEVANT PROCEDURAL HISTORY.[3]</u>

Plaintiff filed her Complaint and initiated this action on February 12, 2020.  *See* Docket No. 1.  In the months that followed, the parties engaged in substantial procedural battles, filing a series of motions related to service issues (including García's motion to quash service on LLDM, claiming the institution was not an entity capable of being sued), the appropriateness of García's answer to the complaint (in which he invoked his Fifth Amendment privilege against self-incrimination as to each and every allegation in the Complaint), defendants' attempt to compel early discovery (despite the service issues), and defendants' attempt to depose Plaintiff's counsel as well as the state attorneys who were criminally prosecuting García, Jeffrey Segal and Donna Dean.  *See* Docket Nos. 48, 49, 53, 65, 68, 73, 79, 81, 85, 87, 90, 110, 115, 117, 123, and 139.

On June 12, 2020, the People of the State of California ("the People") filed a Motion to Intervene and to Stay Discovery During the Pendency of Criminal Proceedings against Garcia and his co-conspirators.  *See* Docket No. 50.  On September 29, 2020, this Court granted the People's motion and stayed discovery in this case pending resolution of the criminal proceedings.  *See* Docket No. 108.

On June 3, 2022, García pleaded guilty to multiple felony child sex crimes (forcible oral copulation and lewd acts) and was sentenced to sixteen years and eight months in prison.  *See* Docket No. 149.  On June 22, 2022, the People filed a status report and request to dissolve the stay of this case.  *Id*.  The Court dissolved the stay the next day, on June 23, 2022, and also set a Scheduling Conference for September 8, 2022.  *See* Docket Nos. 148 and 150.

/ / /

/ / /

---

[3] The Relevant Procedural History herein is the same as that contained in Plaintiff's concurrently filed Motion to Voluntarily Dismiss Specified Defendants Without Prejudice.

1       Thereafter, the parties moved forward with their Rule 26(f) discovery

2   conference and service of initial disclosures and written discovery.  Cha Decl. at ¶¶ 2-

3   10.  On August 1, 2022, defendant Gilberto Granados served Plaintiff with 589

4   interrogatories and 456 requests for the production of documents.  Cha Decl. at ¶ 3.

5   On August 3, 2022, Plaintiff served requests for production of documents to

6   defendants LLDM (215 requests), Berea (201 requests), Adoraim Joaquín Zamora

7   (185 requests), Alma Zamora de Joaquín (187 requests), David Mendoza (177

8   requests), and García (189 requests); on August 33, 2022, Plaintiff served requests for

9   production of documents to defendants Aurelio Zavaleta (159 requests), Benjamin

10  Garcia (156 requests), Gilberto Granados (159 requests), Jose Luis Estrada (156

11  requests), Jose Hernandez (159 requests), Jonathon Mendoza (159 requests), Silverio

12  Coronado (160 requests), and Uzziel Joaquin (159 requests).  Cha Decl. at ¶ 4.

13      On August 31, 2022, Plaintiff filed the parties' Joint Rule 26(f) Report.[4]  *See*

14  Docket No. 152.  In the report, acknowledging the significant number of disputes that

15  had already occurred before discovery began and the volume of discovery to be

16  conducted by the parties, Plaintiff identified this as a complex case that would benefit

17  from use of certain procedures from the Manual for Complex Litigation (including use

18  of joint discovery requests/master interrogatories and ground rules for depositions to

19  enhance efficiency and streamline discovery).  *See* Docket No. 152 at 9.  Defendants

20  opposed this characterization.  *Id.* at 9, 14-15.  Defendants separately indicated that

21  they intended to vigorously litigate issues regarding the scope of discovery.  *Id.* at 13-

22  14.  Based on the number of defendants and discovery issues involved with the case

23  when the joint report was filed, Plaintiff agreed with the then-requested trial date of

24  February 27, 2024.

25  / / /

26  _____

27      [4] Plaintiff's counsel sent a draft joint report to defendants' counsel on August
    8, 2022, but did not receive defendants' comments to the draft for two and half
28  weeks, until August 25, 2022.  Cha Decl. at ¶ 5-7.

1   　　　　On September 2, 2022, the Court issued a Scheduling Order, setting the

2   following dates:

3   　　　Trial                                                      2/27/2024

4   　　　Final Pretrial Conference and Hearing on MILs     2/8/2024

5   　　　Trial Filings (second round)                          1/26/2024

6   　　　Trial Filings (first round)                            1/19/2024

7   　　　Deadline to Complete Settlement Conference       11/30/2023

8   　　　Expert Discovery Cut-Off                             11/16/2023

9   　　　Expert Disclosure (Rebuttal)                          10/6/2023

10  　　　Expert Disclosure (Initial)                           9/22/2023

11  　　　Non-Expert Discovery Cut-Off                        9/8/2023

12  *See* Docket No. 154.  On the same date, the Court also issued its Order on Pretrial and

13  Trial Procedures.  *See* Docket No. 155.  Neither order adopted Plaintiff's requested

14  modifications to discovery to assist with efficient case management and streamlined

15  litigation.  *Id.*

16  　　　　With regard to initial disclosures and responses to the initial written discovery

17  that had been propounded, the parties reciprocally agreed to several extensions of

18  time, agreeing to exchange their responses and initial disclosures by November 11,

19  2022 (other than Defendant Garcia, who served his responses on September 30,

20  2022).[5]  Cha Decl. at ¶ 9.

21  　　　　On November 10, 2022, Plaintiff, eager to move this case forward more

22  expeditiously, contacted Defendants' counsel seeking a stipulation to dismiss the

23  Specified Defendants without prejudice, advance the trial date to September 2023,

24  and take Defendant García's deposition, in custody, under Rule 30(a)(2).  *Id.* at ¶ 11.

25

26  　　　　[5] The parties served their initial disclosures and discovery responses as agreed

27  on November 11, 2022, except for defendants LLDM, Berea, Alma Elizabeth
    Joaquín, and Adoraim Josadac Joaquín, who served their discovery responses

28  shortly after midnight on November 12, 2022.  Cha Decl. at ¶ 10.

1 | Following the parties' meet-and-confer conference, counsel for Defendants
2 | confirmed they would not stipulate to Plaintiff's requests, necessitating the filing of
3 | Plaintiff's motions. *Id*. at ¶¶ 12-15. Plaintiff thereafter filed her motions for hearing
4 | on the first available hearing date of January 12, 2023. *Id*. at 16.

5 | ## III.  THE SCHEDULING ORDER SHOULD BE MODIFIED FOR GOOD
6 | CAUSE.

7 |     "A schedule may be modified only for good cause and with the judge's
8 | consent." Fed.R.Civ.P. 16(b)(4). The Ninth Circuit has held that the rule's "'good
9 | cause' standard primarily considers the diligence of the party seeking the
10 | amendment…. Although the existence or degree of prejudice to the party opposing
11 | the modification might supply additional reasons to deny a motion, the focus of the
12 | inquiry is upon the moving party's reasons for seeking modification…." *Johnson v.*
13 | *Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992). Rule 1 also
14 | provides that the Federal Rules "should be construed, administered, and employed
15 | by the court and the parties to secure the just, speedy, and inexpensive determination
16 | of every action and proceeding."[6] Fed.R.Civ.P. 1.

17 |     Most often, of course, a litigant seeking to modify a scheduling order wishes
18 | to extend or continue a trial or other deadline. Here, in contrast, to secure a just,
19 | speedy, and inexpensive determination of this action, Plaintiff seeks to advance trial
20 | and re-set the schedule accordingly. Plaintiff initially filed this action nearly three
21 | years ago, in February 2020, but understandably had her case stayed as the State of
22 | California criminally prosecuted García and his co-conspirators for multiple felony
23 | child sex crimes. Following García's conviction and sentencing, the Court

---

[6] In the converse context of determining whether to *stay* a civil action, the civil litigants' and public's interest in prompt resolution of the civil action are factors that weigh against a stay. *Federal Sav. And Loan Ins. Corp. v. Molinaro* 889 F. 2d 899, 902-03 (9th Cir. 1989); *Slagowski v. Central Washington Asphalt*, 291 F.R.D. 563, 576 (D. Nev. 2013).

dissolved the stay of this case on June 23, 2022.  Since then, Plaintiff has worked
diligently to move the case forward, holding the Rule 26(f) discovery conference,
preparing a Joint Report, and serving written discovery.  While Plaintiff initially
concurred in the parties' request for a February 27, 2024 trial date, she did so in the
context of litigating against the full panoply of defendants.

Since the Court declined to adopt the requested procedures from the Manual
for Complex Litigation over defendants' objections, Plaintiff has reconsidered her
position and taken steps to substantially streamline the case and dismiss all but three
defendants (LLDM, Berea, and García).  *See* Plaintiff's Motion to Voluntarily
Dismiss Specified Defendants Without Prejudice, concurrently filed herewith on
December 15, 2022.  As compared to the time required for discovery when the
Scheduling Order was issued, discovery against the remaining three defendants will
require significantly less time.  Moreover, one of the remaining three defendants,
García, has consistently invoked his Fifth Amendment privilege against self-
incrimination (in his response to nearly every allegation in the Complaint and each
and every request for production of documents, and his counsel indicated that he
will invoke the privilege throughout his deposition).  As such, there are only three
real parties involved in substantive discovery (Plaintiff, LLDM, and Berea).  Since
the liability of LLDM and Berea, over which García as the "Apostle" exercised near
plenary control and authority, is substantially co-extensive with García's liability,
the scope of discovery will be drastically narrowed compared to what the parties
were considering when they asked for and received the February 27, 2024 trial date.

As stated during the parties' meet-and-confer conference, defendants'
opposition to Plaintiff's request to advance the trial date is based on their argument
that Plaintiff was not diligent in making her request and their reliance on the court
dates already set (even considering a more streamlined case with only three

defendants remaining).[7]  Plaintiff, however, promptly reached out to defendants about dismissing the Specified Defendants and advancing the trial date with plenty of notice to adjust their calendars, just two months after the Court issued its Scheduling Order.[8]

In sum, Plaintiff has acted diligently to streamline the case and secure a just, speedy, and inexpensive determination of her case.  Plaintiff's voluntarily dismissal of the Specified Defendants without prejudice establishes good cause to advance the trial date to September 26, 2023, and adjust the remainder of the deadlines accordingly.

## IV.   <u>CONCLUSION.</u>

Based on the foregoing, Plaintiff respectfully requests that this Court grant this Motion in its entirety and enter an order advancing trial from February 27, 2024 to September 26, 2023 and modifying the remainder of the deadlines in the Scheduling Order accordingly.

---

[7] Defendants' opposition to the dismissal of certain defendants and advancement of the trial date is somewhat surprising given their previous attempts to compel early (and premature discovery) before even all defendants had been served or responded to the Complaint.  *See* Docket No. 49.  Before García's conviction, defendants had wanted seemingly to move this case forward as quickly as Plaintiff.

[8] Plaintiff reached out to defendants' counsel the day before the parties' written discovery responses and initial disclosures were due.  Cha Decl. at ¶ 11.  As the initial burdens of the scope and sheer amount of reciprocal discovery involving so many defendants became apparent, Plaintiff took prompt and proactive steps to keep this litigation manageable and on course.

1   DATED:  December 14, 2022     Respectfully submitted,

2

                                      GREENBERG GROSS LLP

3

4

5                                By:         */s/ Daniel S. Cha*

6                                        Deborah S. Mallgrave

7                                        Daniel S. Cha
                                        Desiree N. Murray

8                                        Attorneys for Plaintiff SOCHIL MARTIN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28