1  Reed Aljian (State Bar No. 211010)
      *ra@dallp.com*
2  Justin E. D. Daily (State Bar No. 209772)
      *jd@dallp.com*
3  Simon Kwak (State Bar No. 297362)
      *sk@dallp.com*
4  DAILY ALJIAN LLP
5  100 Bayview Circle, Suite 5500
   Newport Beach, CA  92660
6  Telephone:   949.861.2524
7  Facsimile:    949.269.6364

8  Attorneys for Defendants named as
   LA LUZ DEL MUNDO, an alleged unincorporated association;
9  COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as
10 International Berea USA); ADORAIM JOSADAC JOAQUIN (erroneously sued as
   Adoraim Joaquin Zamora); ALMA ELIZABETH JOAQUIN (erroneously sued as
11 Alma Zamora de Joaquin); and NAASON JOAQUIN GARCIA, an individual

12 *Additional attorneys and parties listed on subsequent page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>    Defendants. | Case No.: 2:20−cv−01437-FWS-AS<br><br>**DEFENDANTS' JOINT MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND ADVANCE THE TRIAL DATE**<br><br>Date:        January 12, 2023<br>Time:       10:00 a.m.<br>Judge:      Hon. Fred W. Slaughter<br>Courtroom: 10D<br><br>Action Filed:   February 12, 2020<br>Trial Date:      February 27, 2024 |

Alan J. Jackson
*ajackson@werksmanjackson.com*
WERKSMAN JACKSON & QUINN LLP
888 W 6th St, Fourth Floor
Los Angeles, CA 90017

Attorneys for Defendant
NAASON JOAQUIN GARCIA, an individual

Geoffrey A. Neri
  *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Defendants
JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA,
UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA,
BENJAMIN JOAQUIN, and JOSE LUIS ESTRADA

DAILY ALJIAN LLP
Newport Beach, California

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION………………………………………………………………1

II. BACKGROUND……………………………………………………………..2

III. ARGUMENT……………………………………………………………….4

    A. Legal Standard……………………………………………………………4

    B. There is No Good Cause to Modify the Court's …………………5
Scheduling Order.8

    C. Defendants Would be Prejudiced by the Requested ……………..8
Modification.

IV. CONCLUSION……………………………………………………………10

DAILY ALJIAN LLP
Newport Beach, California

# TABLE OF AUTHORITIES

**Cases**

Johnson v. Mammoth Recreations, Inc. (1992) 975 F.2d 604 ................................ 5, 6

**Statutes**

Fed.R.Civ.P. 16(b)(4) ........................................................................................ 4, 5

**Secondary Sources**

Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ........ 5

1

OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

# OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

All Defendants who have appeared and answered Plaintiff's Complaint (collectively, "Defendants") hereby jointly oppose Plaintiff's request to modify the scheduling order and to advance the trial date (the "Motion").

Over six months ago, this Court ordered the Parties to participate in a Rule 26(f) Scheduling Conference to agree upon dates for trial and pre-trial deadlines. *Plaintiff proposed the trial date they now seek to advance*. Defendants agreed to Plaintiff's proposed trial date and all but one pre-trial deadline. The Parties submitted these dates to the Court, and the Court entered a Scheduling Order that adopted the trial date that Plaintiff had asked for and initially proposed.

Now, months later, Plaintiff seeks to modify the Scheduling Order by advancing trial and all pre-trial dates, despite Plaintiff having originally proposed these dates. Plaintiff's reasons for seeking to do so – that one defendant has entered a plea, that Plaintiff has narrowed the case, and that Plaintiff is entitled to some preference because otherwise she is being "denied justice." Plaintiff's "reasons" are insufficient to satisfy her legal burden to modify the scheduling order.

The plea Plaintiff references was entered *before* the Parties' Scheduling Conference and *before* Plaintiff proposed the trial date. In fact, the plea was the basis for the Court lifting the nearly two-year discovery stay in this matter. Notably, Plaintiff was not a complaining party or a complaining witness in the criminal matter.

Plaintiff only seeks dismissal of certain defendants without prejudice. Further, Plaintiff has stated she intends to take discovery of and relating to those parties she is seeking to dismiss. Therefore, the case will not be narrowed. Further, fewer parties is not cause to advance a trial date.

Plaintiff complains that she "should not have to suffer any unnecessary delays…" (Motion, 2:24.) But she supported or caused the delays she complaints of. Defendants tried to take discovery at the commencement of the case. Plaintiff

DAILY ALJIAN LLP
Newport Beach, California

refused. When Defendants persisted, Plaintiff apparently contacted the criminal prosecutors and asked them to request a stay. Then, when the prosecutors requested the stay, Plaintiff (of course) did not oppose. Each time the prosecutors asked to extend the stay, Plaintiff did not oppose. Now that the stay is lifted, Plaintiff is being obstructive in discovery. This will lead to necessary and time consuming motion practice unless resolved informally. This may lead to a need for a trial continuance.

Finally, advancing the trial date and all corresponding dates will prejudice Defendants and defense counsel. Defendants have relied on the dates and deadlines proposed by Plaintiff and entered by the Court, both in planning discovery and motion practice in this case, but also in managing and scheduling other matters. Defendants should be entitled to rely on the Parties' agreements and stipulations, particularly where, as here, there are no surprising developments which make compliance with those stipulations impractical. Plaintiff has proposed dates, and the Court has accepted those dates. Plaintiff has no basis to now ask that those dates be modified.

Defendants respectfully request that the Motion be denied.

**II. BACKGROUND**

On February 12, 2020, Plaintiff filed the initial complaint in this action. (ECF No. 1.)

On May 20, 2020, after all answering defendants appeared, the Court entered the Scheduling Meeting of Counsel [FRCP 16, 26(f)].

On May 20, 2020, immediately after receipt of the Scheduling Order, all answering defendants jointly requested that Plaintiff appear for and participate in a Rule 26 Conference. (Declaration of Reed Aljian ["Aljian Decl."], ¶ 4, Exs. A and B.) Plaintiff refused. (*Ibid.*) Thereafter, the answering defendants again requested Plaintiff participate in the conference. (*Ibid.*) Plaintiff refused. (*Ibid.*)

Thereafter, the answering defendants requested that Plaintiff participate in a Local Rule 7-3 Conference on a Motion for an order compelling Plaintiff to

participate in the Rule 26 Conference. (Aljian Decl., ¶ 4, Exs. A and B.) The parties met and conferred by phone. (*Ibid*.) Counsel for all parties were present. (*Ibid*.) Defense counsel proposed that the parties participate in the Rule 26 Conference on that call. (*Ibid*.) Plaintiff refused. (*Ibid*.) In the alternative, Defense counsel asked Plaintiff to agree to a date certain that they would participate in the conference. (*Ibid*.) Plaintiff refused. (*Ibid*.)

On June 12, 2020, the People of The State of California filed a motion to intervene and stay discovery pending criminal proceedings. (ECF No. 50.) It was transparent at the time that Plaintiff's counsel contacted the People to seek the stay to stop all discovery. Indeed, Plaintiff did not oppose the requested stay – she wanted the case stayed.

On September 29, 2020, the Court granted the motion to stay and imposed a 120-day stay on discovery (i.e., through January 27, 2021). (ECF No. 108.) On January 6, 2021, at the request of the People, the Court ordered discovery to be stayed for an additional 120 days (i.e., through May 6, 2021). (ECF No. 114.). Plaintiff did not oppose the extension of the stay. On April 9, 2021, the Court ordered discovery to be stayed for an additional 120 days (i.e., through August 7, 2021). (ECF No. 132.) Plaintiff did not oppose the extension of the stay. On July 2, 2021, the Court ordered discovery to be stayed for an additional 120 days (i.e., through October 30, 2021). (ECF No. 138.) Plaintiff did not oppose the extension of the stay. On November 19, 2021, the Court ordered discovery to be stayed through July 9, 2022 (i.e., an additional 252 days following the prior extension). (ECF No. 141.) Plaintiff did not oppose the extension of the stay.

On June 3, 2022, Garcia entered a plea. (ECF No. 149.) On June 13, 2022, the Court issued an Order setting a Rule 26(f) Scheduling Conference for September 8, 2022. (ECF No. 150.) <u>The Order included a Schedule of Pretrial and Trial Dates Worksheet (the "Scheduling Worksheet"), with all dates (including trial) left blank for the Parties to insert</u>. (*Ibid.*) On June 23, 2022, the Court dissolved the discovery

stay. (ECF No. 150.) In total, discovery was stayed for approximately 21 months. Plaintiff never objected to the stay and, by all appearances, supported it.

On August 8, 2022 (*two months after Garcia's guilty plea in the criminal proceedings*), Plaintiff circulated an initial draft Joint Rule 26(f) Report (the "Joint Report"). (Aljian Decl., ¶ 5, Ex. C.) On August 26, 2022, Plaintiff circulated their proposed Scheduling Worksheet. In the Scheduling Worksheet, *Plaintiff proposed a February 27, 2024, trial date*. (Aljian Decl., ¶ 8, Ex. D.) The parties met and conferred and Defendants agreed to Plaintiff's February 27, 2024, trial date. On August 31, 2022, Plaintiff filed the Parties' finalized Joint Report and the Scheduling Worksheet. (ECF No. 152.) On September 2, 2022, *the Court adopted the dates provided for in the Joint Report, including the trial date that Plaintiff initially proposed and wanted - February 27, 2024*. (ECF No. 154.)

Over two months later, on November 10, 2022, Plaintiff's counsel emailed Defendants to propose that trial be advanced to September 2023, "[i]n light of Defendant Naasón Joaquín García's criminal conviction and imprisonment…." (Aljian Decl., ¶ 11, Ex. E.) Defendants responded in part by noting that Garcia's conviction had occurred before Plaintiff circulated the draft Joint Report and the Scheduling Worksheet (in fact, two months prior), which the Court adopted. (*Ibid.*) In response, Plaintiff did not address this point, contending instead only that "Plaintiff wants to expedite the trial…" (*Ibid.*)

Plaintiff now seeks an Order advancing trial by five months and, without any clear explanation, "modify[ing] the remainder of the deadlines set forth in the Scheduling Order accordingly" (the "Motion").

### III. ARGUMENT

#### A. Legal Standard

"A schedule may be modified only for good cause and with the judge's consent." (Fed.R.Civ.P. 16(b)(4).) In support of her Motion, Plaintiff cites an out-of-context quote, which begins by noting that the modification of a scheduling for "good

cause" "primarily considers the diligence of the party seeking the amendment." (*Johnson v. Mammoth Recreations, Inc.* (1992) 975 F.2d 604, 609 ["*Johnson*"].) Plaintiff misstates and mischaracterizes the holding in that case. As the case explained immediately thereafter (and as omitted by Plaintiff), the "diligence" inquiry does not concern how fast a party seeks modification. Rather, it concerns whether the party has been diligent with attempting to comply with the scheduling order itself: "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" (*Ibid*., quoting Fed.R.Civ.P. 16 advisory committee notes (1983 amendment).) The case further referred to Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990), which similarly noted that "'good cause' means scheduling deadlines cannot be met despite party's diligence." (*Ibid*.)

Thus, the inquiry is whether the moving party has acted diligently to comply with the scheduling order, but despite those efforts cannot. The Ninth Circuit found that Johnson could not establish this because Johnson had failed to diligently litigate his case by continuing to pursue the improper defendant, and therefore, no good cause existed to modify the scheduling order. (*Johnson*, 975 F.2d at 610.)

**B.  There is No Good Cause to Modify the Court's Scheduling Order.**

Plaintiff contends good cause exists to advance the trial date because (1) although she "agreed with the then requested trial date of to the trial date of February 27, 2024," she has now narrowed the case by moving to dismiss <u>without prejudice</u> all but three defendants; [1] and (2) Plaintiff has allegedly acted diligently in bringing the Motion.

Plaintiff's first "reason" is disingenuous and entirely misleading. Plaintiff proposed the trial date; she did not passively or begrudgingly agree to it. (Aljian

---

[1] Plaintiff also makes reference to the Court's decision to decline to adopt "the requested procedures from the Manual for Complex Litigation…" (Motion, 12:6-7.) Plaintiff fails to explain how this is relevant to her desire to modify the scheduling order.

Decl., ¶ 8 Ex. D.) Indeed, Plaintiff provided this date when she circulated the Scheduling Worksheet to Defendants. (*Ibid*.) *Defendants* were the ones who "concurred" with the date, which the Court thereafter approved. (ECF No. 154.)

Plaintiff's second argument is premature, speculative, and inapposite. Plaintiff acknowledges that she has only moved to dismiss certain defendants, without prejudice. The Court has not yet granted that request. But even assuming the Court does dismiss those persons, the dismissals requested are without prejudice. During the Parties' meet and confer, Plaintiff's counsel expressly explained Plaintiff would not agree to dismiss with prejudice because she wants to preserve the right to bring them back into the case or sue them separately "if facts are obtained in discovery supporting claims against them." (Aljian Decl., ¶ 11, Ex. E.) Therefore, Plaintiff does not intend to narrow any discovery and will pursue facts that may support claims against the would-be dismissed defendants. Simply, the allegedly narrower scope of discovery does not exist in Plaintiff's mind.

Nonetheless, even if these defendants were dismissed with prejudice, Plaintiff's argument remains inapposite because Plaintiff still fails to establish the requisite showing of good cause necessary to modify the Court's Scheduling Order. Specifically, Plaintiff has not demonstrated that Plaintiff cannot comply with the current Scheduling Order, despite Plaintiff's diligent efforts. (*Johnson*, *supra*.) Indeed, Plaintiff cannot demonstrate this because as it would serve as an antithesis for the basis of Plaintiff's Motion.

In fact, Plaintiff does not even attempt to argue that she cannot currently comply with the current Scheduling Order despite diligent efforts. To the contrary, Plaintiff acknowledges in her Motion that despite the approximately 21-month discovery stay in this matter due to the concurrently-proceeding criminal action against Garcia, which she supported and/or did not oppose, "Plaintiff has worked diligently to move the case forward…" (Motion, 12:1-2.) But Plaintiff makes no showing that despite her diligent efforts, she cannot comply with the Scheduling

Order. And she has made no showing she has engaged in any diligent efforts (nor can she). Indeed, Plaintiff cannot make this argument because it would deny logic in the current context: Plaintiff is asking for less time to litigate this matter, which, if granted, would only make compliance with the new Scheduling Order more difficult. It would also prejudice the defendants (as explained below). Simply, Plaintiff's argument is not that she cannot comply. She contends that the case is allegedly not as complex as she once thought it to be. This is not a basis for good cause.

Further still, Plaintiff's recent discovery responses and objections make clear that this case will involve significant motion practice on discovery alone. As a result, Defendants can anticipate eventually seeking to continue dates. Advancing them would only cause further prejudice. Defendants CCB and LLDM served, collectively, 234 requests for production and 41 interrogatories, all of which were narrowly tailored to the issues at hand. (Aljian Decl., ¶ 12.) Of those requests, Plaintiff served only objections to approximately 174 requests for production and 9 interrogatories. (*Ibid*.) As just one example, in response to request for all documents supporting specific contentions quoted in Plaintiff's operative complaint, Plaintiff simply responded with blanket objections. (Aljian Decl., Ex. F.) Similarly, Plaintiff responded with only objections to separate requests for documents supporting each of Plaintiff's eleven causes of action. (*Ibid*.) Moreover, Plaintiff <u>has not produced a single document</u> in response to any discovery request throughout this entire litigation. (*Id.*, ¶ 12.) Therefore, regardless of whether Plaintiff's motion to dismiss certain defendants is granted, the currently-set trial date may need to be continued, not advanced.

### C. Defendants Would be Prejudiced by the Requested Modification.

Plaintiff proposed the February 27, 2024 trial date, which Defendants agreed to and the Court approved. Defendants have relied on that date. Defendants will be prejudiced if the trial is advanced.

First, defense counsel is not available for a trial of this length and magnitude

7

any earlier in time. (Aljian Decl., ¶ 2 [other trials scheduled August 2023 and November 2023]; Declaration of Alan Jackson, ¶ 2 [other trials scheduled August-November 2023 and March 2023]; Declaration of Caleb Mason, ¶ 2 [other trials scheduled February 2023, April-July 2023, October-December 2023]; Declaration of Geoffrey Neri, ¶ 2 [other trials scheduled September 2023 and November 2023].)

Second, Defendants have acted reasonably and diligently in creating trial calendar and litigation strategy based upon the dates Plaintiff proposed, the Parties agreed upon, and the Court Ordered. This includes the timing of discovery, depositions, and future dispositive motions. (Aljian Decl., ¶ 13.)

Third, Plaintiff's request is tactical and transparent. It is not about justice being delayed, as she self-servingly claims. She is the cause of the delays she complains of. She filed the Complaint on February 12, 2020. (ECF No. 1.) The very next day, on February 13, 2020, Plaintiff and her counsel held a "news conference" in downtown Los Angeles to announce the filing of her Complaint. (Aljian Decl., ¶ 3.) At that news conference, Plaintiff stood between her attorneys (Jeff Anderson, Deborah Mallgrave, and Joshua Robbins), and behind a lectern emblazoned with the names and logos of the attorneys' law firms, publicly recounting the wild and fictitious allegations of forced labor, involuntary servitude, sex trafficking, and RICO conspiracy, among others, that comprise her Complaint. (*Ibid.*) The 45-minute news conference was streamed live on the internet. The next morning, Ms. Martin was featured on the front page of the Los Angeles Times, which ran a long article covering her and her allegations. (*Ibid.*). She has since taken interviews and "starred" in multiple documentaries. But at the same time, Plaintiff has done everything in her power to avoid participating in discovery or to substantiate her wild allegations.[2] She refused to provide discovery informally. She refused to participate in Rule 26 conferences. (*Id.*, ¶ 4, Exs. A and B.) By all appearances, she actively solicited a third

---

[2] Notably, Plaintiff does the same thing in the Motion, making many factual allegations without any evidentiary support.

8

party to intervene and move for a discovery stay – which Plaintiff did not oppose. She did nothing for nearly two years while discovery was stayed, except run around the country taking interviews, attending press conference, and making movies maliciously attacking defendants.

Finally, now, Defendants are able to take discovery and done so. In response, Plaintiff has not produced a single document supporting a single cause of action. (Aljian Decl., ¶ 12.) Plaintiff has not answered the overwhelming majority of discovery requests. (*Id.*, ¶ 12, Ex. F.) Plaintiff cannot provide dates of key alleged events. (*Ibid.*) Defendants need the opportunity to meet and confer regarding the incomplete and evasive discovery responses, seek to compel further responses and production where necessary, take depositions, and then file dispositive motions (if deemed appropriate following completion of discovery). Defendants anticipate that the current amount of time allotted in the Scheduling Order may not be sufficient, but they are working diligently. (*Id.*, ¶ 14.) Certainly, any change advancing dates would decrease the limited time available.

As to the proposed dismissals, they have nothing to do with wanting to "narrow the case." The claims are frivolous against those defendants. Two of them (Mr. Garcia's wife and son) have been demanding Plaintiff dismiss them for years. (Aljian Decl., Ex. B.) The claims against those two persons, in particular, are facially ridiculous, perverse, and absurd. (*Ibid.*).

Simply, if the Court were to grant Plaintiff's motion and advance the Trial Date, all dates would have to move up, and Defendants and defense counsel will be robbed of approximately six months of time, time needed to complete discovery and seek their own justice through dispositive motions or at trial. Defendants will be forced to recalibrate their entire litigation strategy and, therefore, will be prejudiced in their ability to effectively litigate this matter.

## IV.   CONCLUSION

Plaintiff's request to modify the scheduling order to advance the trial date is

1   without merit. No good cause exists. The relief requested is prejudicial to Defendants
2   and to defense counsel. Despite Plaintiff's self-serving contention, her request would
3   not serve the ends of justice; it would serve to deny justice. For the foregoing reasons,
4   Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety.

Dated: December 22, 2022          DAILY ALJIAN LLP

                                  By: /s/ Reed Aljian
                                      Reed Aljian
                                      Attorneys for Defendants
                                      LA LUZ DEL MUNDO, an alleged
                                      unincorporated association,
                                      COMMUNICATION CENTER
                                      BEREA U.S.A. LLC (erroneously
                                      sued as International Berea USA),
                                      ADORAIM JOSADAC JOAQUIN
                                      (erroneously sued as Adoraim Joaquin
                                      Zamora), ALMA ELIZABETH
                                      JOAQUIN (erroneously sued as Alma
                                      Zamora de Joaquin), and NAASON
                                      JOAQUIN GARCIA, an individual

Dated: December 22, 2022          BROWN, NERI, SMITH & KHAN LLP

                                  By: /s/ Geoffrey A. Neri
                                      Geoffrey A. Neri
                                      Attorneys for Defendants
                                      JOSE HERNANDEZ, SILVERIO
                                      CORONADO, AURELIO
                                      ZAVALETA, UZZIEL JOAQUIN,
                                      JONATHAN MENDOZA, DAVID
                                      MENDOZA, BENJAMIN
                                      JOAQUIN, and JOSE LUIS
                                      ESTRADA

DAILY ALJIAN LLP
Newport Beach, California