Reed Aljian (State Bar No. 211010)
  *ra@dallp.com*
Justin E. D. Daily (State Bar No. 209772)
  *jd@dallp.com*
Simon Kwak (State Bar No. 297362)
  *sk@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Telephone:   949.861.2524
Facsimile:   949.269.6364

Attorneys for Defendants named as
LA LUZ DEL MUNDO, an alleged unincorporated association;
COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as
International Berea USA); ADORAIM JOSADAC JOAQUIN (erroneously sued as
Adoraim Joaquin Zamora); ALMA ELIZABETH JOAQUIN (erroneously sued as
Alma Zamora de Joaquin); and NAASON JOAQUIN GARCIA, an individual

*Additional attorneys and parties listed on subsequent page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

SOCHIL MARTIN,

        Plaintiff,

    v.

LA LUZ DEL MUNDO, an
unincorporated association, et al.

        Defendants.

Case No.: 2:20−cv−01437-FWS-AS

**DECLARATION OF REED ALJIAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND ADVANCE THE TRIAL DATE**

Date:          January 12, 2023
Time:          10:00 a.m.
Judge:         Hon. Fred W. Slaughter
Courtroom:  10D

Action Filed:    February 12, 2020
Trial Date:       February 27, 2024

*DAILY ALJIAN LLP*
*Newport Beach, California*

Alan J. Jackson
*ajackson@werksmanjackson.com*
WERKSMAN JACKSON & QUINN LLP
888 W 6th St, Fourth Floor
Los Angeles, CA 90017

Attorneys for Defendant
NAASON JOAQUIN GARCIA, an individual

Geoffrey A. Neri
  *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Defendants
JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA,
UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA,
BENJAMIN JOAQUIN, and JOSE LUIS ESTRADA

## **DECLARATION OF REED ALJIAN**

I, Reed Aljian, hereby declare as follows:

1.     I am an attorney licensed to practice law before all state and federal courts in the State of California. I am the Managing Partner with the law firm of Daily Aljian LLP (the "Firm"), counsel of record for Defendants LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA), ADORAIM JOSADAC JOAQUIN (erroneously sued as Adoraim Joaquin Zamora), ALMA ELIZABETH JOAQUIN (erroneously sued as Alma Zamora de Joaquin), and NAASON JOAQUIN GARCIA, an individual (collectively, "Defendants"). I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion to Modify Scheduling Order and Advance the Trial Date. The facts stated herein are true based upon my own personal knowledge or upon review of the records in my Firm's possession. If called as a witness, I could and would testify truthfully to the contents of this declaration.

2.     Plaintiff asks the Court to advance the trial in the matter from February 27, 2024, to September 26, 2023. I am one of the attorneys primarily responsible for the defense of this action at trial. As of today, my calendar reflects the following trials during the time period that Plaintiff wishes to advance the trial:

> a.   *Mo v. Harris*, Superior Court of California, County of Los Angeles Case No. 21STCV01473, trial commencing August 21, 2023, expected trial length of 5 court days.

> b.   *H.F. v. Garcia, et al.*, Superior Court of California, County of Los Angeles Case No. 21STCV28927, trial commencing November 7, 2023, expected trial length of 7 court days.

3.     On February 13, 2020, the day after Plaintiff filed her initial complaint, Plaintiff and her counsel held a "news conference" in downtown Los Angeles to announce the filing of her Complaint. At that news conference, Plaintiff stood between her attorneys (Jeff Anderson, Deborah Mallgrave, and Joshua Robbins), and behind a lectern emblazoned

DAILY ALJIAN LLP
Newport Beach, California

with the names and logos of the attorneys' law firms, publicly recounting allegations of forced labor, involuntary servitude, sex trafficking, and RICO conspiracy, among others, that comprise her Complaint. The 45-minute news conference was streamed live on the internet. The next morning, Ms. Martin was featured on the front page of the Los Angeles Times, which ran a long article covering her and her allegations.

4.     On May 20, 2020, immediately after receipt of the Scheduling Order, defendants requested that Plaintiff appear for and participate in a Rule 26 Conference. Plaintiff refused. Thereafter, defendants again requested Plaintiff participate in the conference. Plaintiff refused. Thereafter, defendants requested that Plaintiff participate in a Local Rule 7-3 Conference on a Motion for an order compelling Plaintiff to participate in the Rule 26 Conference. The parties met and conferred by phone. Counsel for all parties were present. Defendants proposed that the parties participate in the Rule 26 Conference on that call. Plaintiff refused. In the alternative, I asked Plaintiff to agree to a date certain that they would participate in the conference. Plaintiff refused.

5.     Attached hereto as Exhibit A is a true and correct copy of a May 26, 2020, letter I caused to be delivered to Plaintiff's counsel regarding a Rule 26(f) Conference.

6.     Attached hereto as Exhibit B is a true and correct copy of a May 27, 2020, email I caused to be delivered to Plaintiff's counsel regarding a Rule 26(f) Conference.

7.     On August 8, 2022, Plaintiff's counsel Daniel S. Cha emailed an initial draft Joint Rule 26(f) Report to all counsel (including myself), with Plaintiff's portions filled in (the "Joint Report").

8.     On August 26, 2022, Mr. Cha emailed a proposed Schedule of Pretrial and Trial Dates Worksheet (the "Scheduling Worksheet") to all counsel (including myself).

9.     Attached hereto as Exhibit C is a true and correct copy of the above email correspondence dated between August 8, 2022, and August 26, 2022.

10.     Attached hereto as Exhibit D is a true and correct copy of the draft Scheduling Worksheet as provided by Mr. Cha on August 26, 2022.

2

11.     On November 10, 2022, Mr. Cha emailed all counsel that regarding a motion to modify the scheduling order. Attached hereto as Exhibit E is a true and correct copy of these email communications.

12.     On December 21, 2022, Defendants received Plaintiff's responses and objections to CCB's Interrogatories, Set One, LLDM's Interrogatories, Set One, and LLDM's Requests for Production of Documents, Set One. Plaintiff served objections only to approximately 174 of the 234 requests for production and 9 of the 41 interrogatories. Plaintiff failed to serve a single responsive document.

13.     Attached hereto as Exhibit F is a true and correct copy of excerpts from Plaintiff Sochil Martin's Responses to Defendant LA Luz Del Mundo's First Set of Requests for Production of Documents.

14.     My office has relied upon the scheduling order to plan and prepare the litigation and defense of this action, including all agreed upon calendar dates. This includes the basis of when to perform certain actions such as propounding discovery, taking depositions, and planning potential future dispositive motions. I anticipate that the current amount of time allotted in the Scheduling Order may not be sufficient but am working diligently.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 22nd day of December, 2022.

By: /s/ Reed Aljian
Reed Aljian

3

**EXHIBIT A**

# DAILY | ALJIAN

May 26, 2020

**VIA ELECTRONIC MAIL**

Deborah S. Mallgrave
Joshua Robbins
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California
  *DMallgrave@GGTrialLaw.com*
  *JRobbins@GGTrialLaw.com*

Michael Finnegan
Jennifer Stein
Jeff Anderson & Associates
11812 San Vincente Boulevard, #503
Los Angeles, California, 90049
  *Mike@AndersonAdvocates.com*
  *Jennifer@AndersonAdvocates.com*

Re:   *Sochil Martin v. La Luz Del Mundo, et al.,* **Case No. 2:20-cv-01437 (the "Action") – Rule 26 Conference**

Dear Counsel:

My office represents Defendants Alma Elizabeth Joaquin ("Mrs. Joaquin") and Adoraim Josadac Joaquin ("Mr. Joaquin"), the wife and son of Defendant Naason Joaquin Garcia. I write regarding my efforts to schedule the Rule 26 conference of the parties (the "Rule 26 Conference") and Plaintiff's refusal to participate in the conference until "all parties have been served and answered."

The Court's May 20, 2020 Scheduling Order (the "Order") advises "counsel to begin to conduct discovery actively before the Scheduling Conference," which the Court calendared on September 14, 2020. (May 20, 2020 Scheduling Order, n. 1.) The Court further orders counsel to "comply fully with the letter and spirit of Rule 26(a) and thereby obtain and produce most of what would be produced in the early stage of discovery, because at the Scheduling Conference the Court will impose tight deadlines to complete discovery." (*Id.*)

Rule 26(f)(2) of the Federal Rules of Civil Procedure states that "[t]he attorneys of record…that have appeared in the case are jointly responsible for arranging the conference. Rule 26(f)(1) requires that the conference take place "as soon as practicable."

On May 19, 2020, my firm appeared in the Action and filed answers on behalf Mrs. Joaquin and Mr. Joaquin. That same day, Werksman Jackson & Quinn ("Werksman Jackson") appeared and filed an answer on behalf of Naason Joaquin Garcia and Brown Neri Smith & Khan ("BNSK") appeared and filed answers on behalf of Jose Luis Estrada, Silverio Coronado, Benjamin Joaquin Garcia, Jose Hernandez, Uzziel Joaquin, David Mendoza, Jonathan Mendoza, and Aurelio Zavaleta.

On May 20, 2020, I emailed Plaintiff's counsel, Werksman Jackson and BNSK to arrange the Rule 26 Conference so that we could begin the process under Rule 26, which in turn compel your production of initial disclosures and allow me to commence discovery. For the reasons discussed below, Plaintiff's conduct to date with respect to Mrs. Joaquin and Mr. Joaquin require this process to start without delay. I proposed that the conference take place via teleconference on Friday, May 22, 2020, at 11 a.m. and we requested counsels' availability. Werksman Jackson and BNSK stated they were available and agreed to proceed as requested.

On May 21, 2020, Ms. Mallgrave responded on behalf of Plaintiff. (Ex. 1 (May 21, 2020 Mallgrave Email).) She explained that "[w]e are not available this Friday…." She also explained that "in light of the Court's scheduling order, it appears that we have until late August to do the Rule 26 conference and report. While we don't expect it would take that long, we would like to wait until all the parties have been served and answered."

The proposal to delay the Rule 26 Conference until all defendants are served and file answers is contrary to the Federal Rules of Civil Procedure, the "letter and spirit of Rule 26(a)," and the Court's May 20, 2020 Order. Rule 26 requires parties to participate in the conference "as soon as practicable" (Rule 26(f)(1)). Rule 26(a)(1)(D) contemplates procedures for later served parties – meaning, there is no need to wait for later served parties to proceed with the conference. The Court ordered the parties to "obtain **and produce** most of what would be produced in the early stage of discovery" before the September 14, 2020 Scheduling Conference.

Rule 26(d)(1) provides that we cannot commence discovery on their behalf until after the Rule 26 Conference and, as you know, Plaintiff has refused to participate in any informal discovery. Furthermore, Rule 26(a)(1)(C) produces that Plaintiff's initial disclosures are not due until 14 days after the date of the conference.

Additionally, Plaintiff's conduct to date necessitates that the Rule 26 process start without any delay. As I have repeatedly explained, the complaint fails to allege a single fact supporting any of the causes of action against either Mrs. Joaquin or Mr. Joaquin. In connection with my efforts to meet and confer regarding a proposed voluntary dismissal of Mrs. Joaquin and Mr. Joaquin for lack of any charging allegations and lack of evidence, I have offered you numerous opportunities to provide any facts or any evidence that could possibly support any of these claims. (See e.g., Ex. 2 (April 28, 2020 R. Aljian Letter).)

In response, Plaintiff refused to dismiss Mrs. Joaquin or Mr. Joaquin (claiming that the causes of action against these defendants have "probable cause") and refused to produce any facts that would support this "probable cause" contention, claiming the "request for premature discovery is improper, and [Plaintiff's] refusal to accede to it indicates nothing." (Ex. 3 (May 6, 2020 D. Mallgrave Letter).)

We disagree with the later assertion. The failure to identify any facts allegedly supporting the claims against Mrs. Joaquin and Mr. Joaquin is proof that no such facts exist – if they did exist, you would produce them informally. Moreover, because you refuse to produce the alleged facts informally (or dismiss these defendants), we are forced to seek production of the information formally, through review of your initial disclosures and through the formal discovery process. We will review the disclosures, take discovery, and seek an involuntary dismissal of these defendants at the earliest possible date in a good faith effort to decrease litigation costs and mitigate the damages these defendants have already suffered by being included in this Action.

In Ms. Mallgraves' May 21, 2020 email, she requested that the parties participate in a Local Rule 7-3 teleconference regarding a claimed motion by Plaintiff to extend time to serve one of the named defendants in the action. She further represented that Plaintiff is available on Wednesday, May 27, 2020, at 1 p.m. for that proposed call.

Since you have represented you are available at that time, we would like to arrange the Rule 26 Conference to take place during the same call. I have contacted Werksman Jackson and BNSK and they have represented they are available at that time also and agree to attend with the proposed conference to address both matters.

Please confirm that you agree to the proposed date and time of the combination Rule 26 Conference and Local Rule 7-3 meet and confer regarding Plaintiff`s proposed motion regarding service of process.

All rights reserved.

Sincerely,


Reed Aljian

cc:     Alan Jackson
        Caleb Mason
        Michael Freedman
        Geoff Neri
        Ethan Brown

**EXHIBIT 1**

## Courtney Dorner

| | |
|---|---|
| **From:** | Deborah Mallgrave <DMallgrave@GGTrialLaw.com> |
| **Sent:** | Thursday, May 21, 2020 2:52 PM |
| **To:** | Reed Aljian; Alan Jackson; Caleb Mason; Geoff Neri; Ethan Brown; Courtney Dorner; Kenia Galeana; Rochelle Rotea |
| **Cc:** | Joshua M. Robbins; Jennifer@andersonadvocates.com; mike@andersonadvocates.com |
| **Subject:** | RE: Martin v. La Luz Del Mundo, et al. - Rule 26 Conference |

All,

We are not available this Friday and, in light of the Court's scheduling order, it appears that we have until late August to do the Rule 26 conference and report.  While we don't expect it would take that long, we would like to wait until all the parties have been served and answered.  We are still in the process of serving defendant LDM and waiting for answers from three defendants who have been served (Gilberto Granados, Rahel Garcia, and Jose Estrada).  If anyone can help facilitate these outstanding items, we can move this forward more quickly.  (Mr. Neri, I understand you represent Mr. Estrada, so if an answer was filed for him, I'd appreciate you sending me a copy as we don't have that one from Tuesday's filings).

On a related note, we intend to file a motion to extend the time to serve defendant LDM.  Since California's jails and prisons are still closed, we have not been able to serve Naason Garcia, as the head of LDM, with the complaint.  Pursuant to Local Rule 7-3, I ask counsel from the different firms to let me know when you are available to discuss the substance and potential resolution of this motion.  We could have one call, but separate calls will work too.  I am available Tuesday at 11:30am or 3pm, or Wednesday at 1pm for this purpose.  Please let me know if one or more of those times works for you all.

Thank you,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Reed Aljian <ra@dallp.com>
**Sent:** Thursday, May 21, 2020 12:30 PM
**To:** Alan Jackson <ajackson@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Jennifer@andersonadvocates.com; mike@andersonadvocates.com
**Cc:** Courtney Dorner <cd@dallp.com>; Kenia Galeana <kg@dallp.com>; Rochelle Rotea <Rochelle@dallp.com>
**Subject:** [EXT] Re: Martin v. La Luz Del Mundo, et al. - Rule 26 Conference

To Plaintiff's counsel:

Please kindly respond and confirm you will participate in the Rule 26 conference tomorrow at 11 a.m.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On May 20, 2020, at 9:45 AM, Reed Aljian <ra@dallp.com> wrote:

To all counsel:

I hope that you and your families are doing well during these difficult times. I write to schedule the Rule 26 Conference. Please advise whether you are available to participate this Friday, May 22, at 11 a.m. via tele-conference.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

**EXHIBIT 2**

# DAILY | ALJIAN

**April 28, 2020**

**VIA ELECTRONIC MAIL**

Deborah S. Mallgrave
Joshua Robbins
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California
  *DMallgrave@GGTrialLaw.com*
  *JRobbins@GGTrialLaw.com*

Michael Finnegan
Jennifer Stein
Jeff Anderson & Associates
11812 San Vincente Boulevard, #503
Los Angeles, California, 90049
  *Mike@AndersonAdvocates.com*
  *Jennifer@AndersonAdvocates.com*

Re:    ***Sochil Martin v. La Luz Del Mundo, et al.,*** **Case No. 2:20-cv-01437**
       **(the "Action")**

Dear Counsel:

As you know, my office represents Defendants Alma Zamora De Joaquin ("Mrs. Joaquin") and Adoraim Joaquin Zamora ("Mr. Zamora"). We write to request that Plaintiff Sochil Martin ("Plaintiff") voluntarily dismiss Mrs. Joaquin and Mr. Zamora from the Action immediately.

Plaintiff's complaint (the "Complaint") alleges eleven causes of action. Only three are asserted against these two defendants: the Fourth Cause of Action for Conspiracy to Violate 18 U.S.C. § 1594 (alleged trafficking); the Sixth Cause of Action for Violation of 18 U.S.C. §1593A (alleged benefitting financially from trafficking); and the Ninth Cause of Action for Violation of 18 U.S.C. § 1962(c) (alleged "RICO" claims).

We have carefully reviewed the Complaint. The Complaint only makes vague and conclusory allegations against Mrs. Joaquin and Mr. Zamora, none of which support any of the causes of action asserted against them.

Basically, the complaint alleges that Mrs. Joaquin and Mr. Zamora knew of alleged misconduct of others, entered into some sort of agreement regarding the alleged misconduct, benefitted from the alleged misconduct and, therefore, are allegedly responsible for the Plaintiff's alleged damages.   These are all conclusory allegations and not a single fact was asserted that support any of these allegations.

With respect to Mrs. Joaquin, the only specific fact alleged is that she allegedly "lived on two properties…purchased by the family or presented to the Apostle by members of the LDM elite…."  The two properties referenced in the Complaint are two alleged ranches, one in Redlands, California and one in Seguin, Texas. She never lived on either property.

With respect to Mr. Zamora, the Complaint alleges that he "acquired a mansion in Malibu, California, paid for by" contributions of LDM members and that his college education (an alleged "expensive university") was paid with donated funds. He does not own a property in Malibu, California, much less a mansion. Indeed, this is something that can be confirmed by a simple review of publicly available records at the County Recorder's Office.

As a matter of law, these allegations (even if true) are insufficient to state (much less prove) a claim against either of these defendants under any of these causes of action. Moreover, there is no evidence that either defendant knew or had reason to know of any of the alleged misconduct, that they agreed to participate in any alleged conspiracy, that they somehow benefitted from any alleged agreement to participate in the alleged misconduct, that anything they did caused any damage to Plaintiff, or that the alleged damages are recoverable under any of the claims asserted against these defendants. Basically, you filed a lawsuit against the wife and son of someone you claimed caused damages to your client without any evidence that either the wife or the son had any knowledge of or involvement with the alleged incidents or that they individually caused any harm to your client.

Rule 11 of the Federal Rules of Civil Procedure provides that "[b]y presenting the Complaint to the Court, Plaintiff's counsel is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims…and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….."

California Civil Procedure Code section 128.7 provides that "[b]y presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading…, an attorney…is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met: (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) The claims… and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery…."

Rule 3.1 of the California Rules of Professional Conduct provides that "[a] lawyer shall not: (1) bring or continue an action… [or] assert a position in litigation…without probable cause and for the purpose of harassing or maliciously injuring any person; or (2) present a claim…in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law."

Given your legal obligations, I have previously offered you an opportunity to present any evidence in your or your client's possession that would arguably support any of these claims against these defendants. Specifically, by email dated April 1, 2020, I contacted Ms. Mallgrave and requested that Plaintiff dismiss Mrs. Joaquin and Mr. Zamora. Then, on April 3, 2020, I met and conferred with Ms. Mallgrave by phone to discuss this request. During that call, I explained that there were no charging allegations against these defendants and that there were no facts that support the merits of the causes of action asserted against them. I asked her to identify any facts that would arguably support these claims against Mrs. Joaquin and Mr. Zamora, as none have been alleged (or exist). Ms. Mallgrave failed to identify any such alleged facts. Instead, she explained that she would need to analyze the issues and get back to me at a later date.

Then, on April 10, 2020, Ms. Mallgrave emailed me and stated: "We considered your requests, but will not be dismissing Alma or Adoraim from the complaint at this time." No further explanation was provided. She did not identify any facts that support any of Plaintiff's claims against either defendant. And she did not offer any explanation why Plaintiff refused the request for dismissal.

Given the absence of charging allegations, the absence of any alleged facts that support the causes of action alleged, and the failure to provide any additional and unalleged facts in Plaintiff's possession supporting these claims, the facts clearly establish that Plaintiff's initial prosecution and continued prosecution of this Action against both Mrs. Joaquin and Mr. Zamora is without probable cause. The facts further establish that Plaintiff brought and continues to bring the claims against these defendants for the purpose of harassing or maliciously injuring these individuals. The continued prosecution of these claims is, by all appearances, a bad faith effort to force them to incur the substantial costs and expenses of defending themselves against such false claims out of hostility and in an effort to leverage and extort a settlement. Moreover, the unusual decision to schedule and host a press conference and stream that on the internet further establishes and increases the damages incurred by my clients.

The decision to prosecute and to continue to prosecute this Action against Mrs. Joaquin and Mr. Zamora has exposed Plaintiff and her counsel, including Jeff Anderson & Associates, Greenberg Gross LLP, and the individual attorneys identified as counsel of record on the Complaint, among others, to an action for malicious prosecution and the associated damages recoverable in that action. The

damages available to Mrs. Joaquin and Mr. Zamora include, and are not limited to, attorneys' fees and costs incurred defending this Action, emotional distress, harm to reputation, lost wages, and punitive damages. In an effort to mitigate these damages, and in recognition that the claims against these individuals are completely without merit, we demand that Plaintiff dismiss Mrs. Joaquin and Mr. Zamora from the Action immediately and in no event later than Friday, May 1, 2020.

All rights reserved.

Sincerely,

Reed Aljian

**EXHIBIT 3**



Deborah S Mallgrave
Direct Dial: (949) 383 2790
Direct Fax: (949) 383 2801
DMallgrave@GGTrialLaw.com

May 6, 2020

**VIA ELECTRONIC MAIL: ra@dallp.com**

Reed Aljian
DAILY ALJIAN
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660

          **Re:    Sochil Martin v. La Luz Del Mundo, et al., Case No. 2:20-cv-01437**

Dear Mr. Aljian:

          We have reviewed and considered your letter, and decline your request to dismiss the claims against Ms. Alma Zamora De Joaquin and Mr. Adoraim Joaquin Zamora.  Contrary to your assertions, we not only have more than probable cause to name them in the complaint in good faith, but fully expect that the jury will find them liable at trial on all relevant causes of action.  Your request for premature discovery is improper, and our refusal to accede to it indicates nothing.  As I have told you, we intend to proceed to discovery once the various defendants have answered the complaint, as provided in the Federal Rules of Civil Procedure.  As to your threat of a malicious prosecution claim, we presume you are aware that any such claim would be subject to an anti-SLAPP motion, and that after prevailing on such a motion, we would seek attorney fees and costs.  We thus invite you to reconsider your position, and we look forward to working with you in this case.


                              Very truly yours,




                              Deborah S. Mallgrave

cc:    Joshua Robbins
       Michael Finnegan
       Jennifer Stein

**EXHIBIT B**

**From:** **Reed Aljian** ra@da p.com 🚩  
**Subject:** Mart n v. La Luz De  Mundo, et a .
**Date:** May 27, 2020 at 7:49 PM
**To:** Deborah Ma grave DMa grave@GGTr a Law.com
**Cc:** **Courtney Dorner** cd@da p.com, **Ken a Ga eana** kg@da p.com, **Joshua M. Robb ns** JRobb ns@GGTr a Law.com, **Roche e Rotea** Roche e@da p.com, m ke@andersonadvocates.com, jenn fer@andersonadvocates.com

Ms. Mallgrave,

I write to confirm one item from today's conference call regarding the Rule 26 Conference, which you refused to participate in, and the Local Rule 7-3 Meet and Confer regarding my clients' motion under Rule 37(f) and 16(f). During the call, I specifically requested, as I have on many other prior occasions, that you identify a single fact or shred of evidence that satisfies the elements (much less a single element) of any of the causes of action in Plaintiff's complaint that are asserted against my clients Mrs. Joaquin or Mr. Joaquin. In response, you did not provide any facts that support any of those causes of action.

I continue to request that these defendants be dismissed because there are no facts that support those claims, you have no probable cause to have sued them, and you have no probable cause to maintain the suit against them.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

**EXHIBIT C**

| | |
|---|---|
| **From:** | Daniel S. Cha |
| **To:** | Reed Aljian |
| **Cc:** | ajackson@werksmanjackson.com; cmason@werksmanjackson.com; gsaucedo@werksmanjackson.com; michele@werksmanjackson.com; ethan@bnsklaw.com; geoff@bnsklaw.com; emily@bnsklaw.com; Simon Kwak; Hilda Crowley; Daisy Lopez; Deborah Mallgrave; Desiree N. Murray; Lucia Rodriguez; Sarah Campbell; mike@andersonadvocates.com; jennifer@andersonadvocates.com |
| **Subject:** | RE: Martin v. La Luz Del Mundo - Draft Rule 26(f) Report |
| **Date:** | Friday, August 26, 2022 1:40:43 PM |
| **Attachments:** | image001.png |
| | Schedule of Pretrial and Trial Dates Worksheet.docx |

Counsel,

We are still reviewing the redlined draft, but as an initial matter, I wanted to address the expert discovery schedule.  First, I apologize, I forgot to include Plaintiff's draft of Judge Slaughter's Schedule of Pretrial and Trial Dates Worksheet along with the draft of the Joint Report.  It is attached to this email.  The dates originally proposed for expert discovery in the original working draft of the Joint Report was based on the dates entered in the worksheet.  Please confer among yourselves and fill in the column for Defendants' proposed dates, so that it can be filed with the Joint Report.  That being said, the time between initial and rebuttal expert disclosures under the worksheet (2 weeks) and defense's redlined version of the Joint Report (4 ***days***) is very compressed.  Whether or not both sides agree on a proposed trial date, can we perhaps agree to request the time between initial and rebuttal disclosures be 30 days (which is the presumptive time period under FRCP 26(a)(2)(D)(ii))?  Footnote 2 to the worksheet suggests the Court is particularly amenable to altering the dates for expert discovery.  Please advise.  Thank you.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Reed Aljian <ra@dallp.com>
**Sent:** Thursday, August 25, 2022 2:11 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** ajackson@werksmanjackson.com; cmason@werksmanjackson.com; gsaucedo@werksmanjackson.com; michele@werksmanjackson.com; ethan@bnsklaw.com; geoff@bnsklaw.com; emily@bnsklaw.com; Simon Kwak <sk@dallp.com>; Hilda Crowley <Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Lucia Rodriguez <lrodriguez@ggtriallaw.com>; Sarah Campbell <SCampbell@GGTrialLaw.com>; mike@andersonadvocates.com; jennifer@andersonadvocates.com
**Subject:** [EXT] Re: Martin v. La Luz Del Mundo - Draft Rule 26(f) Report

Daniel,

Please see attached redline and version accepting changes. To clarify one thing, there will appear to be changes to the entire document (the line along the side of every page). That is because I made it 14 point font.

Otherwise, changes should be self-explanatory.

Please contact me if you have questions.

Sincerely,

Reed Aljian

---

**From:** Reed Aljian <ra@dallp.com>
**Date:** Wednesday, August 24, 2022 at 4:04 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** ajackson@werksmanjackson.com <ajackson@werksmanjackson.com>, cmason@werksmanjackson.com <cmason@werksmanjackson.com>, gsaucedo@werksmanjackson.com <gsaucedo@werksmanjackson.com>, michele@werksmanjackson.com <michele@werksmanjackson.com>, ethan@bnsklaw.com <ethan@bnsklaw.com>, geoff@bnsklaw.com <geoff@bnsklaw.com>, emily@bnsklaw.com <emily@bnsklaw.com>, Simon Kwak <sk@dallp.com>, Hilda Crowley <Hilda@dallp.com>, Daisy Lopez <dlopez@dallp.com>, Deborah Mallgrave <DMallgrave@GGTrialLaw.com>, Desiree N. Murray <DMurray@GGTrialLaw.com>, Lucia Rodriguez <lrodriguez@ggtriallaw.com>, Sarah Campbell <SCampbell@GGTrialLaw.com>, mike@andersonadvocates.com <mike@andersonadvocates.com>, jennifer@andersonadvocates.com <jennifer@andersonadvocates.com>
**Subject:** Re: Martin v. La Luz Del Mundo - Draft Rule 26(f) Report

Hi Daniel,

Thank you for reaching out. Defendants anticipate sending over revisions tomorrow am.

Sincerely,

Reed Aljian

---

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Date:** Wednesday, August 24, 2022 at 1:42 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** ajackson@werksmanjackson.com <ajackson@werksmanjackson.com>, cmason@werksmanjackson.com <cmason@werksmanjackson.com>, gsaucedo@werksmanjackson.com <gsaucedo@werksmanjackson.com>, michele@werksmanjackson.com <michele@werksmanjackson.com>, ethan@bnsklaw.com

<ethan@bnsklaw.com>, geoff@bnsklaw.com <geoff@bnsklaw.com>, emily@bnsklaw.com <emily@bnsklaw.com>, Simon Kwak <sk@dallp.com>, Hilda Crowley <Hilda@dallp.com>, Daisy Lopez <dlopez@dallp.com>, Deborah Mallgrave <DMallgrave@GGTrialLaw.com>, Desiree N. Murray <DMurray@GGTrialLaw.com>, Lucia Rodriguez <lrodriguez@ggtriallaw.com>, Sarah Campbell <SCampbell@GGTrialLaw.com>, mike@andersonadvocates.com <mike@andersonadvocates.com>, jennifer@andersonadvocates.com <jennifer@andersonadvocates.com>

**Subject:** RE: Martin v. La Luz Del Mundo - Draft Rule 26(f) Report

Reed and/or other Defense Counsel,

Do you have an ETA on your proposed revisions/additions to the draft Joint Rule 26(f) Report? Thank you.

Daniel S. Cha
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com



---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Tuesday, August 9, 2022 5:00 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** ajackson@werksmanjackson.com; cmason@werksmanjackson.com; gsaucedo@werksmanjackson.com; michele@werksmanjackson.com; ethan@bnsklaw.com; geoff@bnsklaw.com; emily@bnsklaw.com; Simon Kwak <sk@dallp.com>; Hilda Crowley <Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Lucia Rodriguez <lrodriguez@ggtriallaw.com>; Sarah Campbell <SCampbell@GGTrialLaw.com>; mike@andersonadvocates.com; jennifer@andersonadvocates.com
**Subject:** [EXT] Re: Martin v. La Luz Del Mundo - Draft Rule 26(f) Report

Daniel,

Thank you. We will work among Defendants and get back to you.

Reed

On Aug 8, 2022, at 10:42 AM, Daniel S. Cha <DCha@ggtriallaw.com> wrote:

Counsel,

Attached is the working draft of the Joint Rule 26(f) Report.  Please contribute
Defendants' respective portions and any other changes/additions you believe are
necessary.  I suggest that defendants confer among themselves before working on and
circulating a revised draft, and/or for one set of defendants to revise the draft before
sending it along to the next, in order to keep things simple and efficient in terms of
tracking the changes and additions.  Thank you.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com  |  www.GGTrialLaw.com

This email may contain privileged and/or confidential information. If you are not an intended recipient of this
email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate
such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please
delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please
delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

**EXHIBIT D**

## JUDGE FRED W. SLAUGHTER
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
**The parties must make every effort to agree on dates or the court will set them.**

| Case No. 2:20-cv-01437-FWS-AS | Case Name: SOCHIL MARTIN V. LA LUZ DEL MUNDO ET. AL |
|---|---|

| **Trial and Final Pretrial Conference Dates** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|
| Check one: **[X] Jury Trial  or  [ ] Court Trial**<br>**[Tuesday at 8:30 a.m., within 18 months after Complaint filed]**<br>Estimated Duration: 20 Days | 02/27/2024 | | [ ] Jury Trial<br>[ ] Court Trial<br>_____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions *in Limine*<br>**[Thursday at 8:30 a.m., at least 12 days before trial]** | 02/08/2024 | | |

| **Event** [1]<br>*Note:* Hearings shall be on Thursdays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to **Hear** Motion to Amend Pleadings /Add Parties [Thursday] | | | | |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for *filing* dispositive motion)** | 17 | 10/06/2023 | | |
| Expert Disclosure (Initial) | 16 | 10/20/2023 | | |
| Expert Disclosure (Rebuttal) | 14 | 11/03/2023 | | |
| Expert Discovery Cut-Off | 12[2] | 11/16/2023 | | |
| Last Date to **Hear** Motions  [Thursday]<br>• Motion for Summary Judgment due at least 6 weeks before hearing<br>• All other motions due at least 4 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 11/16/2023 | | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br>*Select* one: [ ] 1. Magistrate Judge *(with Court approval)*<br>[ ] 2. Court's Mediation Panel<br>[ ] 3. Private Mediation | 10 | 11/30/2023 | | [ ] 1. Mag. J.<br>[ ] 2. Panel<br>[X] 3. Private |
| **Trial Filings (first round)**<br>• Motions in *Limine* with Proposed Orders<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 3 | 01/19/2024 | | |
| **Trial Filings (second round)**<br>• Oppositions to Motions in *Limine*<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of the Case (jury trial only)<br>• Proposed Additional Voir Dire Questions, if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 | 01/26/2024 | | |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. Class actions and patent and ERISA cases in particular may need to vary from the above.

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for filing a motion for summary judgment.

**EXHIBIT E**

| | |
|---|---|
| **From:** | Reed Aljian |
| **To:** | Daniel S. Cha; Geoff Neri |
| **Cc:** | Caleb Mason; mike@andersonadvocates.com; jennifer@andersonadvocates.com; Deborah Mallgrave; Desiree N. Murray; Lucia Rodriguez; Alan Jackson; Hilda Crowley; Daisy Lopez; Simon Kwak |
| **Subject:** | Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals |
| **Date:** | Wednesday, December 7, 2022 6:24:51 PM |
| **Attachments:** | image001.png |

Yes.

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Date:** Wednesday, December 7, 2022 at 4:47 PM
**To:** Geoff Neri <geoff@bnsklaw.com>, Reed Aljian <ra@dallp.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>, mike@andersonadvocates.com <mike@andersonadvocates.com>, jennifer@andersonadvocates.com <jennifer@andersonadvocates.com>, Deborah Mallgrave <DMallgrave@GGTrialLaw.com>, Desiree N. Murray <DMurray@GGTrialLaw.com>, Lucia Rodriguez <lrodriguez@ggtriallaw.com>, Alan Jackson <ajackson@werksmanjackson.com>, Hilda Crowley <Hilda@dallp.com>, Daisy Lopez <dlopez@dallp.com>, Simon Kwak <sk@dallp.com>
**Subject:** Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

Thank you Geoff. Reed, am I correct to assume you're also otherwise ok with our side being the one stuck having to file between Christmas and New Years?

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

**From:** Geoff Neri <geoff@bnsklaw.com>
**Sent:** Wednesday, December 7, 2022 4:09:06 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>; Reed Aljian <ra@dallp.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; mike@andersonadvocates.com <mike@andersonadvocates.com>; jennifer@andersonadvocates.com <jennifer@andersonadvocates.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Lucia Rodriguez <lrodriguez@ggtriallaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Hilda Crowley <Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Simon Kwak <sk@dallp.com>
**Subject:** [EXT] RE: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

Daniel,

I am fine with a January 12, 2023 hearing.

Thanks,

Geoff

**From:** Daniel S. Cha
**Sent:** Saturday, December 3, 2022 2:03 PM
**To:** Reed Aljian
**Cc:** Geoff Neri; Caleb Mason; mike@andersonadvocates.com; jennifer@andersonadvocates.com;
Deborah Mallgrave; Desiree N. Murray; Lucia Rodriguez; Alan Jackson; Hilda Crowley; Daisy Lopez;
Simon Kwak
**Subject:** RE: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

Reed and Geoff,

Actually, for a January 12, 2023 hearing, which again is the earliest available open civil motion
hearing date per Judge Slaughter's calendar, your Opposition papers would be due December 22,
2022 (21 days before hearing).  It's our Reply papers that would be due between Christmas and New
Years, on December 29, 2022 (14 days before hearing).  I am sympathetic to your scheduling
concerns, as well as Geoff's January trial, but I reiterate that Plaintiff needs these issues resolved as
expeditiously as possible.  We might be open to discuss pushing or adjusting the briefing/hearing
schedule another week or two, but for us to consider that, it would have to include an explicit
agreement that Defendants would not hold any such further delay against Plaintiff with regard to
her diligence in getting these matters heard.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Reed Aljian <ra@dallp.com>
**Sent:** Saturday, December 3, 2022 1:45 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Caleb Mason <cmason@werksmanjackson.com>;
mike@andersonadvocates.com; jennifer@andersonadvocates.com; Deborah Mallgrave
<DMallgrave@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Lucia Rodriguez
<lrodriguez@ggtriallaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Hilda Crowley
<Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Simon Kwak <sk@dallp.com>
**Subject:** [EXT] Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and
Dismissals

Hi Daniel,

Depending when the motions are filed and hearings set - and I believe it will be three of them - your schedule has

defendants' opposition deadline between Christmas and New Years. I find that particularly unfair. I'm not planning on being in office during that time period. I'd ask you to reconsider that timing.

Reed Aljian

On Dec 3, 2022, at 12:28 PM, Daniel S. Cha <DCha@ggtriallaw.com> wrote:

Reed and Geoff,

FYI, with regard to scheduling the hearing for the motions, in addition to the aforementioned closed civil motion dates in December, Judge Slaughter's page now shows that January 5, 2023 is also closed for civil motions. The remaining January dates appear to be open. Geoff, I know you have trial scheduled for January 9, but Plaintiff does need to get these heard as soon as possible, so we do intend to proceed and file the motions to be heard January 12, 2023. Hopefully with this advanced notice, you should be able to arrange to have someone else from your firm cover for you.

I hope you all had a good Thanksgiving and have a good rest of this weekend. Thank you.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Friday, November 18, 2022 3:04 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>; Geoff Neri <geoff@bnsklaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; mike@andersonadvocates.com; jennifer@andersonadvocates.com; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Lucia Rodriguez <lrodriguez@ggtriallaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Hilda Crowley <Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Simon Kwak <sk@dallp.com>
**Subject:** [EXT] Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

Hi Daniel,

Thank you for the email.

1. <u>Dismissal</u>: My clients do not agree to stipulate to dismissal without prejudice, for the reasons I explained on the phone. However, for the same reasons discussed, they would stipulate to a dismissal with prejudice. Please advise if that is agreeable. I genuinely

believe the claims against those two clients (Mr. Garcia's wife and son) are not supported and cannot be supported and should be dismissed. I have requested their dismissal on numerous occasions before, but the requests to dismiss them were denied on each occasion. Perhaps reconsideration of the requests is in order.

2. <u>Advancing Trial Date</u>: My clients do not agree to stipulate to advance the trial date, for the reasons I explained on the phone. My clients have relied upon the scheduling order we stipulated to previously in calendaring this case (and the Court ordered), we contend Plaintiff has not been diligent in seeking a modification, and my clients would be prejudiced by a change at this late date.

3. <u>Stipulation to the deposition</u>: I have been unable to obtain final input on this request. However, the preliminary input is that the proposal is premature, until additional discovery is taken and there has been a determination as to whether a deposition can or should proceed under the circumstances of my client's current location.

4. <u>The hearing date</u>. As of this time, Jan. 5 works, although it does present issues with the holiday season.

Sincerely,

Reed Aljian

---

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Date:** Friday, November 18, 2022 at 2:51 PM
**To:** Reed Aljian <ra@dallp.com>, Geoff Neri <geoff@bnsklaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>, mike@andersonadvocates.com <mike@andersonadvocates.com>, jennifer@andersonadvocates.com <jennifer@andersonadvocates.com>, Deborah Mallgrave <DMallgrave@GGTrialLaw.com>, Desiree N. Murray <DMurray@GGTrialLaw.com>, Lucia Rodriguez <lrodriguez@ggtriallaw.com>, Alan Jackson <ajackson@werksmanjackson.com>, Hilda Crowley <Hilda@dallp.com>, Daisy Lopez <dlopez@dallp.com>, Simon Kwak <sk@dallp.com>
**Subject:** RE: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

Geoff and Reed,

As a follow-up to our meet-and-confer call on Wednesday, you both told me that you expected your clients to decline to stipulate to dismiss defendants without prejudice or to advance the trial date, but that you would do your best to get back to me by today to confirm.  Similarly, you said you'd let me know if your clients would agree to stipulate for an order under Rule 30 for leave of court to take Defendant Naason Joaquin Garcia's in-custody deposition.  We also discussed calendaring the potential motions, and in light of the court's closed civil motion dates in December and Geoff's upcoming January 9 trial, we agreed Plaintiff would seek to file them to be heard January 5.  So, please confirm today whether your clients will stipulate.  Please otherwise let me know if my

summary of our meet-and-confer is materially inaccurate.  Thank you very much and have a good weekend.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Daniel S. Cha
**Sent:** Tuesday, November 15, 2022 1:33 PM
**To:** 'Reed Aljian' <ra@dallp.com>; Geoff Neri <geoff@bnsklaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; mike@andersonadvocates.com; jennifer@andersonadvocates.com; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Lucia Rodriguez <lrodriguez@ggtriallaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Hilda Crowley <Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Simon Kwak <sk@dallp.com>
**Subject:** RE: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

4 p.m. works for Plaintiff's counsel.  Below is my conference call dial-in info:



**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Tuesday, November 15, 2022 12:32 PM
**To:** Geoff Neri <geoff@bnsklaw.com>; Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>; mike@andersonadvocates.com; jennifer@andersonadvocates.com; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Desiree N.

Murray <DMurray@GGTrialLaw.com>; Lucia Rodriguez <lrodriguez@ggtriallaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Hilda Crowley <Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Simon Kwak <sk@dallp.com>

**Subject:** [EXT] Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

Hi all,

I can make myself available at 4 p.m. on Wednesday for the meet and confer on behalf of my clients, if that works for Geoff and Plaintiff's counsel. Please advise so I can calendar accordingly and block the time.

Sincerely,

Reed Aljian

---

**From:** Geoff Neri <geoff@bnsklaw.com>
**Date:** Monday, November 14, 2022 at 4:20 PM
**To:** Reed Aljian <ra@dallp.com>, Daniel S. Cha <DCha@ggtriallaw.com>
**Cc:** Caleb Mason <cmason@werksmanjackson.com>, mike@andersonadvocates.com <mike@andersonadvocates.com>, jennifer@andersonadvocates.com <jennifer@andersonadvocates.com>, Deborah Mallgrave <DMallgrave@ggtriallaw.com>, Desiree N. Murray <DMurray@ggtriallaw.com>, Lucia Rodriguez <lrodriguez@ggtriallaw.com>, Alan Jackson <ajackson@werksmanjackson.com>, Hilda Crowley <Hilda@dallp.com>, Daisy Lopez <dlopez@dallp.com>, Simon Kwak <sk@dallp.com>
**Subject:** RE: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

I can be available on Weds. Afternoon but need a little flexibility on time.   I have a client meeting that should be done by 3:30, but not for certain could be as late as 4.

Sent from Mail for Windows

---

**From:** Reed Aljian
**Sent:** Monday, November 14, 2022 3:51 PM
**To:** Daniel S. Cha
**Cc:** Geoff Neri; Caleb Mason; mike@andersonadvocates.com; jennifer@andersonadvocates.com; Deborah Mallgrave; Desiree N. Murray; Lucia Rodriguez; Alan Jackson; Hilda Crowley; Daisy Lopez; Simon Kwak
**Subject:** Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

Hi Daniel,

Works for me. If Geoff confirms, that will be everyone on Defendants' end that will be needed.

Reed Aljian

On Nov 14, 2022, at 12:31 PM, Daniel S. Cha <DCha@ggtriallaw.com> wrote:


Reed,

Wednesday afternoon works for us.


**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>


---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Sunday, November 13, 2022 8:05 AM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Caleb Mason <cmason@werksmanjackson.com>;
mike@andersonadvocates.com; jennifer@andersonadvocates.com; Deborah Mallgrave
<DMallgrave@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Lucia Rodriguez
<lrodriguez@ggtriallaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Hilda Crowley
<Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Simon Kwak <sk@dallp.com>
**Subject:** [EXT] Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and
Dismissals

Hi Daniel,

I believe I understand, generally. When would you like to have our call to discuss. I believe we will
need Geoff as well. I am available Tuesday and Wednesday, 2-4 pm. Once we have the call, I will
need some time to communicate with the clients to get a final analysis and provide information to
complete the meet and confer process.

Please advise.

Reed Aljian

On Nov 11, 2022, at 9:55 AM, Daniel S. Cha <DCha@ggtriallaw.com> wrote:


Reed,

1. Not necessarily.  Plaintiff wants to expedite the trial against Naason Garcia, La Luz Del Mundo, and Berea, and, in order to achieve that, wishes to streamline the case by dismissing the other defendants without prejudice.  If the defendants will stipulate to the dismissal without prejudice, but not to the expedition of the case, please let me know and we will seek expedition by motion.

2. The basis for the motion is that Rule 16(b)(4) provides for modification of a scheduling order for "good cause," which considers the diligence of the party seeking the modification. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).  Rule 1 requires that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed.R.Civ.P. 1.  Here, Plaintiff's proposal to streamline the case and to advance the trial date is the epitome of diligence in seeking "the just, speedy, and inexpensive determination" of this action.

3. Understood. I was just responding to what I thought was your suggestion.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Thursday, November 10, 2022 8:20 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Caleb Mason <cmason@werksmanjackson.com>; mike@andersonadvocates.com; jennifer@andersonadvocates.com; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Desiree N. Murray <DMurray@GGTrialLaw.com>; Lucia Rodriguez <lrodriguez@ggtriallaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Hilda Crowley <Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Simon Kwak <sk@dallp.com>
**Subject:** [EXT] Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

Daniel,

1. If I understand correctly, and please correct me if I am wrong, the dismissals are contingent on agreeing to advance the trial date.
2. Please advise if the email below contains Plaintiff's legal and factual basis for advancing the trial date that I requested as part of the meet and confer process. I want to be sure I understand correctly.
3. As to disclosures, we are prepared to timely serve those and believe it makes sense to

proceed with those tomorrow.

Sincerely,

Reed Aljian

---

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Date:** Thursday, November 10, 2022 at 8:09 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>, Caleb Mason <cmason@werksmanjackson.com>,
mike@andersonadvocates.com <mike@andersonadvocates.com>,
jennifer@andersonadvocates.com <jennifer@andersonadvocates.com>, Deborah Mallgrave
<DMallgrave@GGTrialLaw.com>, Desiree N. Murray <DMurray@GGTrialLaw.com>, Lucia
Rodriguez <lrodriguez@ggtriallaw.com>, Alan Jackson <ajackson@werksmanjackson.com>,
Hilda Crowley <Hilda@dallp.com>, Daisy Lopez <dlopez@dallp.com>, Simon Kwak
<sk@dallp.com>
**Subject:** Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and
Dismissals

Reed and others,

Plaintiff is agreeable to a two week mutual extension of all discovery and disclosures as you
consider our proposal.

To clarify, the proposed stipulation to advance trial is not separate and independent of the
proposed stipulation to dismiss defendants other than Naasón Joaquín García, La Luz del
Mundo, and Berea. If the other defendants are dismissed, substantially narrowing the scope of
the case, Plaintiff contends there would be good cause under Rule 16 to modify the scheduling
order to advance the trial date, consistent with the federal rules' imperative to secure the "just,
speedy, and Inexpensive determination of every action." FRCP 1.

The request to stipulate for leave to depose Mr. Garcia I don't believe requires more
information than that leave of court is a procedural requirement under Rule 30.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com
<image002.png>
**From:** Reed Aljian <ra@dallp.com>
**Sent:** Thursday, November 10, 2022 6:28:22 PM
**To:** Daniel S. Cha <DCha@ggtriallaw.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Caleb Mason <cmason@werksmanjackson.com>;
mike@andersonadvocates.com <mike@andersonadvocates.com>;
jennifer@andersonadvocates.com <jennifer@andersonadvocates.com>; Deborah Mallgrave

<DMallgrave@ggtriallaw.com>; Desiree N. Murray <DMurray@ggtriallaw.com>; Lucia Rodriguez <lrodriguez@ggtriallaw.com>; Alan Jackson <ajackson@werksmanjackson.com>; Hilda Crowley <Hilda@dallp.com>; Daisy Lopez <dlopez@dallp.com>; Simon Kwak <sk@dallp.com>
**Subject:** [EXT] Re: Martin v. La Luz Del Mundo - Meet and Confer re Trial Date, Deposition, and Dismissals

Hi Daniel,

Thank you for the email. I will respond quickly and reserve rights to address further at a later date.

You have raised three issues: (1) advancing the trial date; (2) dismissing certain defendants; and (3) taking Mr. Garcia's deposition.

Item One. Please kindly provide me with the legal and factual basis that Plaintiff can advance the trial date 5 months (to a date before the discovery cutoff). I would like to carefully consider those matters before our requisite meeting so that we can have a productive and efficient meet and confer. You refer to a conviction. However, at the time Plaintiff was ordered by the Court to meet and confer on calendar dates, including the trial date, and thereafter file the Rule 26 Report, the conviction existed. Nothing has changed, to my knowledge. Therefore, I am confused by this reference and how it bears upon the motion. But I look forward to your input. Indeed, if I had known of this plan, I would have handled disclosures and discovery, including your extension requests, differently.

Item Two. To address those defendants that are clients of mine and that you propose to dismiss (Mr. Garcia's wife and son), please clearly explain whether their dismissal is contingent upon an agreement from all defendants (including their father) to advance the trial date, to stipulate to Mr. Garcia's deposition at some earlier unknown date, or to both.

On a related note, I find it concerning that I am spending hundreds of hours responding to discovery on behalf of Defendants you propose to dismiss because of something that occurred many months ago and that you waited until the eve of the deadline and they incurred such expense to respond to that discovery. It is not as if you served a few document requests. We are talking about over 400 to those two defendants alone.

I believe that if this were a legitimate meet and confer proposal, you would have voluntarily extended their deadline to do anything pending the outcome of the meet and confer process. Further, Mr. Garcia's wife and son should be parties to this case anyway. They should be dismissed.

Item Three. Please provide the legal and factual authority for the proposition you present. Again, I would like to review it carefully before we have our meeting.

All rights reserved.

Sincerely,

Reed Aljian

On Nov 10, 2022, at 4:43 PM, Daniel S. Cha <DCha@ggtriallaw.com> wrote:

Counsel,

In light of Defendant Naasón Joaquín García's criminal conviction and imprisonment, Plaintiff is eager to move this case forward as expeditiously as possible toward a swift resolution.  Therefore, Plaintiff proposes that the parties stipulate that the trial date be advanced to September 2023 as against Defendants Naasón Joaquín García, La Luz del Mundo, and Communication Center Berea U.S.A. LLC (sued as International Berea USA), with all other defendants to be dismissed without prejudice.

Please advise as to whether your clients agree to this stipulation by November 18, 2022.  If your clients will not stipulate, Plaintiff intends to pursue this relief by motion.  This email is an invitation to meet and confer with us pursuant to Local Rule 7-3 regarding that motion.

Please also note that Plaintiff intends to depose Defendant Naasón Joaquín García as soon as practicable.  Since leave of court is required to take a deposition of a witness who is confined in prison under Rule 30(a)(2)(B), please advise as to whether your clients will stipulate to such leave.  The rule provides that "the court *must* grant leave to the extent consistent with Rule 26(b)(1) and (2)."  Fed.R.Civ.P. 30(a)(2) (emphasis added).  There could be no reasonable basis for any party to object to the Court's granting leave for Plaintiff to take the deposition.  Please advise by November 18, 2022 as to whether your clients will stipulate to leave to take the deposition.  If your clients will not stipulate, Plaintiff intends to pursue this relief by motion.  This email is an invitation to meet and confer with us pursuant to Local Rule 7-3 regarding that motion.

Thank you.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, [click here](#) to report it.

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at [postmaster@ggtriallaw.com](mailto:postmaster@ggtriallaw.com), and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at [postmaster@ggtriallaw.com](mailto:postmaster@ggtriallaw.com), and do not use or disseminate such information.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at [postmaster@ggtriallaw.com](mailto:postmaster@ggtriallaw.com), and do not use or disseminate such information.

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

**EXHIBIT F**

1  DEBORAH S. MALLGRAVE, State Bar No. 198603
      *DMallgrave@GGTrialLaw.com*
2  DANIEL S. CHA, State Bar No. 260256
      *DCha@GGTrialLaw.com*
3  DESIREE N. MURRAY, State Bar No. 330079
      *DMurray@GGTrialLaw.com*
4  **GREENBERG GROSS LLP**
   650 Town Center Drive, Suite 1700
5  Costa Mesa, California 92626
   Telephone: (949) 383-2800
6  Facsimile: (949) 383-2801

7  MICHAEL RECK, State Bar No. 209895
      *MReck@AndersonAdvocates.com*
8  HAGEREY MENGISTU, State Bar No. 290300
      *HMengistu@AndersonAdvocates.com*
9  **JEFF ANDERSON & ASSOCIATES**
   12011 San Vincente Boulevard, #700
10 Los Angeles, California, 90049
   Telephone: (310) 357-2425
11 Facsimile: (651) 297-6543

12 Attorneys for Plaintiff SOCHIL MARTIN

13

14            **UNITED STATES DISTRICT COURT**

15      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

16

17 SOCHIL MARTIN,                      Case No. 2:20-cv-01437-FWS-AS

18            Plaintiff,               **PLAINTIFF SOCHIL MARTIN'S**
                                       **RESPONSES TO DEFENDANT LA**
19      v.                             **LUZ DEL MUNDO'S FIRST SET**
                                       **OF REQUESTS FOR**
20 LA LUZ DEL MUNDO, an                **PRODUCTION OF DOCUMENTS**
   unincorporated association, NAASÓN
21 JOAQUIN GARCIA, an individual, EL
   CONSEJO DE OBISPOS, an             Judge:        Hon. Fred W. Slaughter
22 unincorporated association,         Courtroom:    10D
   INTERNATIONAL BEREA USA, an
23 unincorporated association, GILBERTO Magistrate Judge:  Hon. Alka Sagar
   GARCIA GRANADOS, an individual,    Courtroom:     540, 5th Floor
24 JOSE HERNANDEZ, an individual,
   UZZIEL JOAQUIN, an individual,     Action Filed:  February 12, 2020
25 SILVERIO CORONADO, an              Trial Date:    February 27, 2024
   individual, AURELIO ZAVALETA, an
26 individual, JOSE LUIS ESTRADA, an
   individual, JONATHAN MENDOZA,
27 an individual, ALMA ZAMORA DE
   JOAQUIN, an individual, BENJAMIN
28 JOAQUIN GARCIA, an individual,

1  RAHEL JOAQUÍN GARCÍA, an
   individual, ADORAIM JOAQUÍN
2  ZAMORA, an individual, DAVID
   MENDOZA, an individual and DOES 1
3  through 10, inclusive.

4          Defendants.

5

6  **PROPOUNDING PARTY**: LA LUZ DEL MUNDO

7  **RESPONDING PARTY:** PLAINTIFF SOCHIL MARTIN

8  **SET:** ONE

9

10         Plaintiff Sochil Martin ("Plaintiff") hereby responds to Defendant La Luz del

11  Mundo ("LLDM") Requests for Production, Set One, as follows:

12                        <u>**PRELIMINARY STATEMENT**</u>

13         The following responses are made solely for the purpose of this action. Any

14  document or information supplied in response to any request is subject to all

15  objections as to competence, relevance, materiality, propriety, and admissibility, and

16  to any and all other objections on any ground that would require the exclusion of

17  any information or document or thing, or portion thereof, if such document or thing

18  were offered in evidence, all of which objections and grounds are expressly reserved

19  and may be interposed at that time of trial.

20         No incidental or implied admissions are intended by the responses herein. The

21  fact that Plaintiff has supplied, or has agreed to supply, or hereafter agrees to supply,

22  documents in response to any request should not be taken as an admission that

23  Plaintiff accepts or admits the existence of any facts set forth or assumed by such

24  request, or that such information constitutes admissible evidence. The fact that

25  Plaintiff has supplied, or has agreed to supply, or hereafter agrees to supply any

26  documents in response to any request is not intended to be and shall not be

27  construed to be a waiver of any part of any objection to any such request.

28  / / /

Any statement to the effect that Plaintiff will produce certain documents does not represent that any such documents actually exist, but rather that she will make a good faith search and reasonable inquiry to ascertain whether such documents do, in fact, exist.  Any agreement by Plaintiff to produce documents is contingent on the parties agreeing to and filing a protective order suitable to protect the confidentiality of any documents or information sought in these Requests.

The General Instructions set forth in Defendant's Requests set forth additional procedures, requirements, and obligations that are not required by and inconsistent with Federal Rule of Civil Procedure 34.  Plaintiff will respond to Defendant's requests as required by the federal rules.

This preliminary statement is incorporated into each and every one of the following response(s).

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Please produce all DOCUMENTS that support YOUR First Claim for Relief (Involuntary Servitude (18 U.S.C. § 1584)) in YOUR COMPLAINT in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this request on the ground on the grounds that this request is vague and ambiguous and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure.   Plaintiff further objects to this request on the ground that due its breadth and vagueness it may encompass documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff further objects to this request as it calls for the basis of expert analysis and therefore is premature.  Plaintiff further objects on the grounds that this request is overly burdensome in that it is fully duplicative and cumulative of other of Defendant's requests.  Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege

1  or attorney work product doctrine.

2  **REQUEST FOR PRODUCTION NO. 2**

3    Please produce all DOCUMENTS that support YOUR Second Claim for

4  Relief (Forced Labor (18 U.S.C. § 1589)) in YOUR COMPLAINT in this ACTION.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

6    Plaintiff objects to this request on the ground on the grounds that this request

7  is vague and ambiguous and fails to describe the category of documents requested

8  with reasonable particularity as required by Rule 34 of Federal Rules of Civil

9  Procedure.   Plaintiff further objects to this request on the ground that due its breadth

10  and vagueness it may encompass documents protected by a right of privacy,

11  confidentiality, or privilege.  Plaintiff further objects to this request as it calls for the

12  basis of expert analysis and therefore is premature.  Plaintiff further objects on the

13  grounds that this request is overly burdensome in that it is fully duplicative and

14  cumulative of other of Defendant's requests.  Plaintiff further objects to this request

15  on the ground it encompasses materials protected under the attorney-client privilege

16  or attorney work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 3**

18    Please produce all DOCUMENTS that support YOUR Third Claim for Relief

19  (Trafficking with Respect to Forced Labor or Involuntary Servitude (18 U.S.C. §

20  1590)) in YOUR COMPLAINT in this ACTION.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

22    Plaintiff objects to this request on the ground on the grounds that this request

23  is vague and ambiguous and fails to describe the category of documents requested

24  with reasonable particularity as required by Rule 34 of Federal Rules of Civil

25  Procedure.   Plaintiff further objects to this request on the ground that due its breadth

26  and vagueness it may encompass documents protected by a right of privacy,

27  confidentiality, or privilege.  Plaintiff further objects to this request as it calls for the

28  basis of expert analysis and therefore is premature.  Plaintiff further objects on the

grounds that this request is overly burdensome in that it is fully duplicative and cumulative of other of Defendant's requests.  Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 4**

Please produce all DOCUMENTS that support YOUR Fourth Claim for Relief (Conspiracy to Violate the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1594)) in YOUR COMPLAINT in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this request on the ground on the grounds that this request is vague and ambiguous and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure.   Plaintiff further objects to this request on the ground that due its breadth and vagueness it may encompass documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff further objects to this request as it calls for the basis of expert analysis and therefore is premature.  Plaintiff further objects on the grounds that this request is overly burdensome in that it is fully duplicative and cumulative of other of Defendant's requests.  Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 5**

Please produce all DOCUMENTS that support YOUR Fifth Claim for Relief (Obstructing Enforcement of the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1590(b)) YOUR COMPLAINT in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Plaintiff objects to this request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Defendant from Defendant's own files.   Plaintiff further objects to the request to the extent it seeks

information as to Plaintiff or any other person or entity that is protected from disclosure by, *inter alia,* the California Constitution's right of privacy or otherwise entitled to protection as confidential.  Plaintiff further objects to this request as overbroad and unduly burdensome to the extent it seeks documents that are publicly available that are equally accessible to Defendant.  Plaintiff further objects on the grounds that this request is vague and ambiguous and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure and, as such, depending upon interpretation, may encompass additional documents protected by a right of privacy, confidentiality, or privilege.

Without waiving and subject to the foregoing objections, Plaintiff will produce all non-privileged reasonably responsive documents in her possession, pursuant to the appropriate protective order if necessary.

**REQUEST FOR PRODUCTION NO. 6**

Please produce all DOCUMENTS that support YOUR Sixth Claim for Relief (Benefitting Financially from Trafficking in Persons (18 U.S.C. § 1593A)) in YOUR COMPLAINT in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to the request to the extent it seeks information as to Plaintiff or any other person or entity that is protected from disclosure by, *inter alia,* the California Constitution's right of privacy or otherwise entitled to protection as confidential.  Plaintiff further objects on the grounds that this request is vague and ambiguous and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure and, as such, depending upon interpretation, may encompass additional documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff further objects to this request as it calls for the basis of expert analysis and therefore is premature. Plaintiff further objects on the grounds that this request is overly burdensome in that

1  it is fully duplicative and cumulative of other of Defendant's requests.

2  **REQUEST FOR PRODUCTION NO. 7**

3       Please produce all DOCUMENTS that support YOUR Seventh Claim for

4  Relief (Unpaid Labor (29 U.S.C. § 201 *et. seq.*)) in YOUR COMPLAINT in this

5  ACTION.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7       Plaintiff objects to this request as overbroad and unduly burdensome to the

8  extent it seeks documents that are readily or more accessible to Defendant from

9  Defendant's own files.  Plaintiff further objects on the grounds that this request is

10  overly burdensome in that is fully duplicative and cumulative of other of

11  Defendant's requests.  Plaintiff further objects on the grounds that this request is

12  vague and ambiguous and fails to describe the category of documents requested with

13  reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure

14  and, as such, depending upon interpretation, may encompass additional documents

15  protected by a right of privacy, confidentiality, or privilege.

16       Without waiving and subject to the foregoing objections, Plaintiff will

17  produce all non-privileged reasonably responsive documents pursuant to the

18  appropriate protective order.

19  **REQUEST FOR PRODUCTION NO. 8**

20       Please produce all DOCUMENTS that support YOUR Eighth Claim for

21  Relief (Unpaid Wages (California Labor Code §§ 1197, 226.7, 1198.5, 203)) in

22  YOUR COMPLAINT in this ACTION.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

24       Plaintiff objects on the grounds that this request is vague and ambiguous and

25  fails to describe the category of documents requested with reasonable particularity

26  as required by Rule 34 of Federal Rules of Civil Procedure.   Plaintiff further objects

27  to this request on the ground that due its breadth and vagueness it may encompass

28  documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff

further objects to this request as it calls for the basis of expert analysis and therefore is premature.  Plaintiff further objects to this request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Defendant from Defendant's own files.  Plaintiff further objects on the grounds that this request is overly burdensome in that it is fully duplicative and cumulative of other of Defendant's requests.  Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 9**

Please produce all DOCUMENTS that support YOUR Ninth Claim for Relief (Racketeering (18 U.S.C. § 1961 *et. seq.*)) in YOUR COMPLAINT in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Plaintiff objects on the grounds that this request is vague and ambiguous and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure.   Plaintiff further objects to this request on the ground that due its breadth and vagueness it may encompass documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff further objects to this request as it calls for the basis of expert analysis and therefore is premature.  Plaintiff further objects to this request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Defendant from Defendant's own files.  Plaintiff further objects on the grounds that this request is overly burdensome in that it is fully duplicative and cumulative of other of Defendant's requests.  Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege or attorney work product doctrine.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 10**

Please produce all DOCUMENTS that support YOUR Tenth Claim for Relief (Sexual Battery (California Civil Code § 1708.5)) in YOUR COMPLAINT in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Plaintiff objects on the grounds that this request is vague and ambiguous and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure.   Plaintiff further objects to this request on the ground that due its breadth and vagueness it may encompass documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff further objects to this request as it calls for the basis of expert analysis and therefore is premature.  Plaintiff further objects to this request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Defendant from Defendant's own files.  Plaintiff further objects on the grounds that this request is overly burdensome in that it is fully duplicative and cumulative of other of Defendant's requests.  Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege or attorney work product doctrine

**REQUEST FOR PRODUCTION NO. 11**

Please produce all DOCUMENTS that support YOUR Eleventh Claim for Relief (Gender Violence (California Civil Code § 52.4)) in YOUR COMPLAINT in this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff objects on the grounds that this request is vague and ambiguous and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure.   Plaintiff further objects to this request on the ground that due its breadth and vagueness it may encompass documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff

further objects to this request as it calls for the basis of expert analysis and therefore is premature.  Plaintiff further objects on the grounds that this request is overly burdensome in that it is fully duplicative and cumulative of other of Defendant's requests.  Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 12**

Please produce all DOCUMENTS that YOU identified or referenced in YOUR initial disclosures dated November 11, 2022 in this ACTION, and any amended or supplemental disclosures thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Plaintiff objects to the request to the extent it seeks information as to Plaintiff or any other person or entity that is protected from disclosure by, *inter alia,* the California Constitution's right of privacy or otherwise entitled to protection as confidential or a right of privilege.  Plaintiff further objects to this request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Defendant from Defendant's own files or are publicly available.  Plaintiff further objects to this request on the ground that it seeks documents that are not directly connected to or bearing on the issues relevant to this litigation and the burden of searching and locating any potentially responsive documents is not proportional to the needs of this case.  Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege or attorney work product doctrine.

Without waiving and subject to the foregoing objections, Plaintiff will produce all non-privileged reasonably responsive documents in her possession, pursuant to the appropriate protective order if necessary, and make certain tangible items available for inspection upon request on a mutually agreeable date and time at Plaintiff's counsel's office.

doctrine.

**REQUEST FOR PRODUCTION NO. 21**

Please produce all DOCUMENTS supporting YOUR contention in paragraph 160 of YOUR COMPLAINT that LLDM "held [YOU] in involuntary servitude."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff objects on the grounds that this request is vague and ambiguous and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure.   Plaintiff further objects to this request on the ground that due its breadth and vagueness it may encompass documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff further objects to this request as it calls for the basis of expert analysis and therefore is premature.  Plaintiff further objects on the grounds that this request is overly burdensome in that it is fully duplicative and cumulative of other of Defendant's requests.  Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege or attorney work product doctrine.

**REQUEST FOR PRODUCTION NO. 22**

Please produce all DOCUMENTS supporting YOUR contention in paragraph 2 of YOUR COMPLAINT that YOU were "enslaved…by the leaders of La Luz Del Mundo" for most of YOUR young life.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff objects on the grounds that this request is vague and ambiguous and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure.   Plaintiff further objects to this request on the ground that due its breadth and vagueness it may encompass documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff further objects on the grounds that this request is overly burdensome in that it is fully duplicative and cumulative of other of Defendant's requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

Plaintiff objects to this request on the ground that it seeks documents that are not directly connected to or bearing on the issues relevant to this litigation and the burden of searching and locating any potentially responsive documents is not proportional to the needs of this case.  Plaintiff further objects to the request to the extent it seeks information as to Plaintiff or any other person or entity that is protected from disclosure by, *inter alia,* the California Constitution's right of privacy or otherwise entitled to protection as confidential.  Plaintiff further objects on the grounds that this request is vague, ambiguous, and overbroad and fails to describe the category of documents requested with reasonable particularity as required by Rule 34 of Federal Rules of Civil Procedure and, as such, depending upon interpretation, may encompass additional documents protected by a right of privacy, confidentiality, or privilege.  Plaintiff further objects to this request to the extent it encompasses documents protected by a journalistic privilege or an individual's constitutionally protected right to the freedom of speech under the First Amendment to the United States Constitution and Art. I, Sec. 2 of the California Constitution.  Plaintiff further objects to this request on the ground that it seeks confidential information and documents protected as official information and Plaintiff does not have authority or consent to disclose the requested documents. Plaintiff further objects to this request on the ground it encompasses materials protected under the attorney-client privilege or attorney work product doctrine. Plaintiff further objects on the grounds that this request is overly burdensome in that it is fully duplicative of other of Defendant's requests.

DATED:  December 21, 2022          GREENBERG GROSS LLP

By:  _____
     Deborah S. Mallgrave
     Daniel S. Cha
     Desiree N. Murray
     Attorneys for Plaintiff SOCHIL MARTIN