Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendants
*Gilberto Granados Jose Hernandez, Silverio Coronado,*
*Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza,*
*David Mendoza, Benjamin Joaquin Garcia and Jose Luis Estrada*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>             Plaintiff,<br><br>     v.<br><br>LA LUZ DEL MUNNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>             Defendants. | Case No.: 2:20-CV-01437-FWS-AS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED BY INDIVIDUAL DEFENDANTS GILBERTO GRANADOS, JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN GARCIA, JOSE LUIS ESTRADA , ALMA ZAMORA DE JOAQUIN AND ADORAIM JOAQUIN ZAMORA IN OPPOSITION TO PLAINTIFF'S MOTION TO MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE**<br><br>Date:  January 12, 2023<br>Time: 10:00 a.m.<br>Ctrm: 10D |

1  Reed Aljian (State Bar No. 211010)
2    *ra@dallp.com*
   Justin E. D. Daily (State Bar No. 209772)
3    *jd@dallp.com*
   Simon Kwak (State Bar No. 297362)
4    *sk@dallp.com*
5  **DAILY ALJIAN LLP**
   100 Bayview Circle, Suite 5500
6  Newport Beach, CA  92660
   Telephone:    949.861.2524
7  Facsimile:    949.269.6364

8  Attorneys for Defendants named as
9  LA LUZ DEL MUNDO, an alleged unincorporated association;
   COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as
10 International Berea USA); ADORAIM JOSADAC JOAQUIN (erroneously sued as
   Adoraim Joaquin Zamora); ALMA ELIZABETH JOAQUIN (erroneously sued as
11 Alma Zamora de Joaquin); and NAASON JOAQUIN GARCIA, an individual

12

13 Alan J. Jackson
14 *ajackson@werksmanjackson.com*
   Caleb E. Mason
15 *cmason@werksmanjackson.com*
16 **WERKSMAN JACKSON & QUINN LLP**
   888 W 6th St, Fourth Floor
17 Los Angeles, CA 90017

18 Attorneys for Defendant
19 NAASON JOAQUIN GARCIA, an individual

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................. 1

II.     RELEVANT FACTUAL BACKGROUND .................................... 3

    A. Plaintiff's Filing of the Action and Subsequent Publicity ..................... 3

    B. Martin is Put on Notice of Malicious Prosecution Claims
       Shortly After the Filing of Her Complaint and Fails to Dismiss
       Her Claims Against the Individual Defendants at That Time ............... 3

    C. Plaintiff's Refusal to Participate in a Rule 26 Conference and
       Commence Discovery and Acquiescence to a Stay of the Case............. 5

    D. The Case is Stayed Pursuant to a Motion Unopposed by Martin ........... 5

III.    LEGAL STANDARD ......................................................... 6

IV.     ARGUMENT ................................................................. 7

    A. The Motion Should Be Denied, as the Individual Defendants
       Will Suffer Plain Legal Prejudice if the Action Against Them
       is Dismissed Without Prejudice ....................................... 7

       1. *Martin Seeks Voluntary Dismissal Without Prejudice*
          *for Improper and Abusive Reasons* ............................... 7

       2. *Dismissal Without Prejudice Would Impair the*
          *Individual Defendants' Ability to Recover Their Attorneys'*
          *Fees Via a Malicious Prosecution Action* ....................... 9

    B. The Court Should Condition a Voluntary Dismissal on the
       Payment of Costs and Attorneys' Fees ................................ 11

V.      CONCLUSION.............................................................. 12

# **TABLE OF AUTHORITIES**

**Cases**

*Abu-Lughod v. Calis*,
No. CV 13-2792 DMG (RZx), 2015 WL 12745842 (C.D. Cal. Apr. 6, 2015)……………………………………………………………………………6

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003) ................................................... 1, 10, 15

*Beard v. Sheet Metal Workers Union, 908 F.2d 474*
(9th Cir. 1990) ........................................................................ 12

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ........................................................ 15

*Esquivel v. Arau*, 913 F. Supp. 1382(C.D. Cal. 1996)………………….....7,12

*Manuel v. Shipyard Holdings*, Case No. C-01-00883- WHA, 2001 WL 1382050, (N.D. Cal. Nov. 5, 2001)……………………………………….…………...8

*In re Exxon Valdez*,
102 F. 3d 429(9th Cir. 1996) ........................................................ 2, 8, 9

*Hargis v. Foster*, 312 F.3d 404, 409 (9th Cir. 2002)………………………….6

*Jackson v. Yarbray*, 179 Cal.App. 4th 75 (2009)…………………………..10

*Kapa Publishing Group, Inc. v. Poltrack*, No. 94–7687, 1996 WL 146259, at *2 (E.D. Pa., 1996)…………………………………………………………10

*Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)……………………….6, 12

*McCubbrey v. Veninga*, 39 F.3d 1054 (9th Cir. 1994)…………………...10

*Sacchi v. Levy*, No. CV 14-08005 MMM (FFMx), 2015 WL 12765637 (C.D. Cal. Oct. 30, 2015)                    6

*Selas Corp. v. Wilshire Oil Co.*, 57 F.R.D. 3 (E.D. Pa., 1972)……………...10, 11

*Self v. Equinox Holdings, Inc.*, No. CV1404241MMMAJWX, 2015 WL 13298146, at *5 (C.D. Cal. Jan. 5, 2015)…………………………………………………..7

*In re Sizzler Restaurants Int'l, Inc.*, 262 B.R. 811, 822-23 (Bankr. C.D. Cal. 2001). ……………………………………………………………………7, 10, 11

*Sharma v. Experian Info. Sols., Inc.*, No. 2:20-CV-7267-SVW, 2021 WL 1034154, at *2 (C.D. Cal. Feb. 17, 2021).                    8

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)    6

*Tahaya Mirs Inv. Inc. v. Helwan Cement Co. S.A.E.*, No. 2:16-cv-01001-

ii

CAS(AFMx), Dkt. 119 & 2016 WL 6744902 (C.D. Cal. Nov. 14, 2016)…………12

*Trendsettah USA, Inc. v. Swisher Int'l Inc.*, No. SACV 14-1664 JVS (DFMx), 2020 WL 6785301………...(C.D. Cal. Sept. 16, 2020)…………………………………..7

*Tuoi Thi Ngo v. Cty. of Riverside*, No. EDCV 18-00080 JGB (KKx), 2019 WL 3293184, at *2 (C.D. Cal. Mar. 28, 2019)……………………………………….6

*Westlands Water Dist. v. United States*, 100 F.3d 94  (9th Cir.1996)………..7, 11

*Williams v. Peralta Community College Dist*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)………………………………………………………………………………6

*United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012)………………………..9

W*oodfin Suite Hotels, LLC v. City of Emeryville*, 2007 WL 81911 (N.D. Cal. Jan. 9, 2007)…………………………………………………………………....……...12

**Statutes**

Federal Rule of Civil Procedure 24(a)........................................................................12

Federal Rule of Civil Procedure 41(a)(2)……………………………………passim

TABLE OF AUTHORITIES

Defendants Gilberto Granados, Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin Garcia, Jose Luis Estrada, Alma Zamora de Joaquin and Adoraim Joaquin Zamora (the "Individual Defendants") will and hereby do oppose the Motion to Voluntarily Dismiss Specified Defendants Without Prejudice (the "Motion") brought by Plaintiff Sochil Martin and respectfully submit the following Memorandum of Points and Authorities in support of their opposition.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Individual Defendants oppose the Motion insofar as it seeks dismissal of the action against them *without* prejudice.   The Individual Defendants should only be dismissed *with* prejudice, or not at all.   They should also be awarded costs and attorneys' fees as a condition to dismissal, pursuant to Fed. R. Civ. P. 41(a)(2).

Martin knows that the Individual Defendants had nothing to do with the allegations of sexual abuse, human trafficking, involuntary and the fictional RICO conspiracy that she alleges in her blunderbuss complaint (the "Complaint").   It was and is utterly absurd for Martin to imagine and allege that Defendant Naason Garcia's wife Alma and son Adoraim encouraged and induced their husband and father to sexually abuse Martin or conspired with him to that end.

The same is true for the numerous bishops of La Luz del Mundo ("LDM") that Martin also included as Individual Defendants in this lawsuit.  There is not a shred of evidence to support Martin's highly inflammatory and damaging claims that they were part of some vast RICO conspiracy in human trafficking and forced labor. Martin's claims against the Individual Defendants were and are not only overreaching and frivolous, but also malicious.

Martin has been on notice of her exposure for malicious prosecution since shortly after the filing of her Complaint, when counsel for the Individual Defendants put her counsel on notice of their intention to sue Martin and her attorneys for

malicious prosecution after Individual Defendants prevailed on the merits. Rather than dismiss the claims then, as she should have, Martin forced the Individual Defendants to remain in this lawsuit for nearly three years to exert leverage over LDM and attempt to pry loose a settlement prior to actually having to litigate her claims.

Now that the time has come for Martin to actually substantiate her claims against the Individual Defendants, which she cannot do, Martin and her attorneys have invented a pretextual excuse for dismissal. They want to "streamline discovery" and barrel forward to trial because Martin—a latter-day Martin Luther King languishing in Birmingham jail, as suggested by the epigraph included in her brief—has been too long delayed "justice" and justice delayed is justice denied, to paraphrase Dr. King. In fact, it is Martin who has delayed justice for the Individual Defendants by waiting until now to dismiss them from this case and forcing them to be associated with an alleged RICO conspiracy, among other malicious claims, for nearly three years.

Until recently, Martin was able to take advantage of the stay on discovery and the case imposed by the Court while Defendant Naason Garcia's criminal trial proceeded. It is no coincidence that Martin is seeking dismissal only now that the stay is lifted, she is forced to respond to discovery and after the Individual Defendants have incurred substantial expenses in conducting discovery. Martin does not want to "streamline" discovery. She wants to avoid it altogether, as it pertains to the Individual Defendants.

That in itself is a ground to deny the Motion, as recognized by the Ninth Circuit Court of Appeals. *See In re Exxon Valdez*, 102 F. 3d 429, 432 (9th Cir. 1996) (upholding the denial of a motion for dismissal without prejudice on the grounds that it was a "thinly-veiled attempts to avoid discovery" and "allowing dismissal after the defendants had spent two and a half years and substantial amounts of money to obtain discovery would prejudice the defendants.").

Martin has pursued this case for almost three years knowing she has no evidence of her claims against the Individual Defendants. Now that the Individual

MEMORANDUM OF POINTS AND AUTHORITIES

Defendants finally have the opportunity to reveal the utter emptiness of Martin's case against them, she suddenly desires to bow out, leaving the Individual Defendants without resolution of the claims asserted against him, holding a very large legal bill and, if dismissal without prejudice is granted unconditionally, with no avenue to recover their substantial attorneys' fees.

The timing of Martin's request for dismissal clearly reflects a calculated and abusive attempt to avoid responding to further discovery and an adverse ruling and to foreclose the Individual Defendants ability to recover their attorneys' fees via a subsequent malicious prosecution action.  Martin's reasons for seeking a voluntary dismissal are abusive and improper and dismissal without prejudice would result in plain legal prejudice to the Individual Defendants. Therefore, the Motion to dismiss *without prejudice* should be denied and instead an order dismissing the Individual Defendants *with prejudice* and ordering the payment of their costs and attorneys' fees should be entered.

## II.    **RELEVANT FACTUAL BACKGROUND**

### A. **Plaintiff's Filing of the Action and Subsequent Publicity**

Plaintiff filed the Complaint on February 12, 2020. (Declaration of Geoffrey A. Neri ("Neri Decl.") at ¶ 2.) The very next day, on February 13, 2020, Plaintiff and her counsel held a "news conference" in downtown Los Angeles to announce the filing of her Complaint. (*Id*. at ¶ 3.)  At that news conference, Plaintiff stood between her attorneys and behind a lectern emblazoned with the names and logos of the attorneys' law firms, publicly recounting the wild and fictitious allegations of forced labor, involuntary servitude, sex trafficking, and RICO conspiracy, among others, that comprise her Complaint. (*Id.*)  The 45-minute news conference was streamed live on the internet. The next morning, Ms. Martin was featured on the front page of the Los Angeles Times, which ran a long article covering her and her allegations. (*Id.*)

**B. Martin is Put on Notice of Malicious Prosecution Claims Shortly After the Filing of Her Complaint and Fails to Dismiss Her Claims Against the Individual Defendants at That Time**

On April 28, 2020, counsel for two of the Individual Defendants wrote to counsel for Plaintiff putting Martin and counsel on notice of claims for malicious prosecution and asking them to provide some grounds for her claims or otherwise dismiss them. Counsel wrote, in part, as follows:

> Given the absence of charging allegations, the absence of any alleged facts that support the causes of action alleged, and the failure to provide any additional and unalleged facts in Plaintiff's possession supporting these claims, the facts clearly establish that Plaintiff's initial prosecution and continued prosecution of this Action against both Mrs. Joaquin and Mr. Zamora is without probable cause. The facts further establish that Plaintiff brought and continues to bring the claims against these defendants for the purpose of harassing or maliciously injuring these individuals. The continued prosecution of these claims is, by all appearances, a bad faith effort to force them to incur the substantial costs and expenses of defending themselves against such false claims out of hostility and in an effort to leverage and extort a settlement. Moreover, the unusual decision to schedule and host a press conference and stream that on the internet further establishes and increases the damages incurred by my clients.

> The decision to prosecute and to continue to prosecute this Action against Mrs. Joaquin and Mr. Zamora has exposed Plaintiff and her counsel, including Jeff Anderson & Associates, Greenberg Gross LLP, and the individual attorneys identified as counsel of record on the Complaint, among others, to an action for malicious prosecution and the associated

4

damages recoverable in that action. ***The damages available to Mrs.***
***Joaquin and Mr. Zamora include, and are not limited to, attorneys' fees***
***and costs incurred defending this Action***, emotional distress, harm to
reputation, lost wages, and punitive damages. In an effort to mitigate these
damages, and in recognition that the claims against these individuals are
completely without merit, ***we demand that Plaintiff dismiss Mrs. Joaquin***
***and Mr. Zamora from the Action immediately and in no event later than***
***Friday, May 1, 2020***.

(Neri Decl. at ¶ 4, Ex. "A" at Ex. "2", p. 4 (emphasis added).)

Plaintiff failed to dismiss her claims by May 1, 2020, and made no offer to
dismiss her claims until meet and confer related to the instant Motion.

## C. <u>Plaintiff's Refusal to Participate in a Rule 26 Conference and</u> <u>Commence Discovery and Acquiescence to a Stay of the Case</u>

After making their initial splash through their news conference, Plaintiff and
her counsel showed little interest in actually litigating their case. On multiple
occasions, defense counsel requested the Plaintiff's counsel provide availability to
hold a Rule 26 conference so that the parties could begin preparing their cases without
delay. (*Id.* at ¶ 4, "Ex. A" at pp. 1-2.)  Plaintiff's counsel steadfastly refused to
commence discovery, *id.*, and later opposed the Individual Defendants' motion to
compel her to participate in such a conference on the basis that it was "not
practicable".  (Neri Decl. at ¶ 5**;** Dkt. No. 62.)

## D. <u>The Case is Stayed Pursuant to a Motion Unopposed by Martin</u>

On June 12, 2020, the office of the California Attorney General (the "AG")
filed a motion to intervene and stay discovery pending criminal proceedings. (ECF
No. 50.) On September 29, 2020, the Court granted the motion to stay, noting that
Plaintiff did not oppose, and imposed a 120-day stay on discovery (i.e., through
January 27, 2021). (ECF No. 108 at p.4.)

On January 6, 2021, at the request of the AG, the Court ordered discovery to be stayed for an additional 120 days (i.e., through May 6, 2021). (ECF No. 114.). Plaintiff did not oppose the extension of the stay.  On April 9, 2021, the Court ordered discovery to be stayed for an additional 120 days (i.e., through August 7, 2021). (ECF No. 132.)   Plaintiff did not oppose the extension of the stay.

On July 2, 2021, the Court ordered discovery to be stayed for an additional 120 days (i.e., through October 30, 2021). (ECF No. 138.) Plaintiff did not oppose the extension of the stay. On November 19, 2021, the Court ordered discovery to be stayed through July 9, 2022 (i.e., an additional 252 days following the prior extension). (ECF No. 141.) Plaintiff did not oppose the extension of the stay.

On June 3, 2022, Garcia entered a plea. (ECF No. 149.)   On June 13, 2022, the Court issued an Order setting a Rule 26(f) Scheduling Conference for September 8, 2022. (ECF No. 150.) On June 23, 2022, the Court dissolved the discovery stay. (ECF No. 150.)   In total, discovery was stayed for approximately 21 months.  Plaintiff never objected to the stay and, by all appearances, supported it.

## III.   LEGAL STANDARD

The Court has broad discretion in adjudicating a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).  *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).   In exercising its discretion on a Rule 41(a)(2) motion, a Court must determine whether to allow dismissal; whether the dismissal should be with or without prejudice; and what terms and conditions to impose. *Sacchi v. Levy*, No. CV 14-08005 MMM (FFMx), 2015 WL 12765637, at *2 (C.D. Cal. Oct. 30, 2015); *see also Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, *2 (N.D. Cal. Mar. 13, 2012); *Williams v. Peralta Community College Dist*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)).

The Court may dismiss claims with prejudice, despite the plaintiff's request for dismissal without prejudice. *Abu-Lughod v. Calis*, No. CV 13-2792 DMG (RZx), 2015 WL 12745842, at *1 (C.D. Cal. Apr. 6, 2015) (citing *Hargis v. Foster*, 312 F.3d

404, 409 (9th Cir. 2002)). And the Court may order that the plaintiff pay the defendant's attorneys' fees to prevent prejudice to defendant. *Tuoi Thi Ngo v. Cty. of Riverside*, No. EDCV 18-00080 JGB (KKx), 2019 WL 3293184, at *2 (C.D. Cal. Mar. 28, 2019) (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993)).

A motion for voluntary dismissal without prejudice should be denied if the defendant shows it will suffer some plain legal prejudice as a result. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir.1996).   Legal prejudice is prejudice to some legal interest, claim, or argument. *Id.*

The Ninth Circuit has held that plain legal prejudice can be found where a plaintiff seeks dismissal under Rule 41(a)(2) as "thinly-veiled attempts to avoid discovery" and where the defendants had already "spent over two years and substantial money to obtain discovery".   *See In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (affirming district court's "sound" reasoning in denying plaintiff's motions to dismiss without prejudice where the motions were "thinly-veiled attempts to avoid discovery" and the defendants had already "spent over two years and substantial money to obtain discovery").   Additionally, plain legal prejudice can be found where a dismissal without prejudice would foreclose a plaintiff's ability to bring a later claim for malicious prosecution. *In re Sizzler Restaurants Int'l, Inc*., 262 B.R. 811, 822-23 (Bankr. C.D. Cal. 2001).   Finally, "prejudice to the recovery of attorneys' fees is a cognizable prejudice under Rule 41." *Trendsettah USA, Inc. v. Swisher Int'l Inc*., No. SACV 14-1664 JVS (DFMx), 2020 WL 6785301, at *1 (C.D. Cal. Sept. 16, 2020).

"Other factors commonly considered include the defendant's effort and expense involved in preparing for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation of the need to take a dismissal, and the fact that summary judgment has been filed by the defendant." *Self v. Equinox Holdings, Inc.*, No. CV1404241MMMAJWX, 2015 WL 13298146, at *5 (C.D. Cal. Jan. 5, 2015) (citations omitted).

MEMORANDUM OF POINTS AND AUTHORITIES

In the present context, where a plaintiff moves for dismissal, the Court may adopt conditions of dismissal to prevent prejudice to the defendant.  Fed. R. Civ. P. 41(a)(1)(2).)   Such conditions commonly include the requirement that the plaintiff pay the dismissed defendant's costs and attorneys' fees.  *Unioil, Inc. v. E.F. Hutton & Co., Inc.,* 809 F.2d 548, 556 (9th Cir. 1986) (noting that a "usual" Rule 41(a)(2) condition involves payment of costs and attorneys' fees).

## IV.   ARGUMENT

### A. The Motion Should Be Denied, as the Individual Defendants Will Suffer Plain Legal Prejudice if the Action Against Them is Dismissed Without Prejudice

#### 1. *Martin Seeks Voluntary Dismissal Without Prejudice for Improper and Abusive Reasons*

The Ninth Circuit has held that a finding of legal prejudice is warranted where a plaintiff attempts to use voluntary dismissal to avoid further discovery and the defendant has spent substantial resources on obtaining discovery.  *See In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (affirming district court's "sound" reasoning in denying plaintiff's motions to dismiss without prejudice where the motions were "thinly-veiled attempts to avoid discovery" and the defendants had already "spent over two years and substantial money to obtain discovery").   Additionally, where the timing of a request for dismissal indicates "bad faith and/or vexatious tactics on the part of the plaintiff", a motion to dismiss without prejudice may be denied.  *Manuel v. Shipyard Holdings*, Case No. C-01-00883- WHA, 2001 WL 1382050, **3-4 (N.D. Cal. Nov. 5, 2001) (considering the "totality of the circumstances," including the plaintiff's delay in filing the dismissal and the suspicious timing of his request).

Here, the timing of Martin's request for dismissal reflects bad faith.  It is readily apparent that Martin is only seeking dismissal of the Individual Defendants now, after nearly three years, because the time has come for her to actually litigate her claims, be subjected to discovery on those claims and overcome summary judgment.   Indeed,

8

the declaration of counsel submitted by Martin in support of her Motion demonstrates the substantial efforts already undertaken by the Individual Defendants to obtain discovery in this case, including 589 interrogatories and 456 requests for the production of documents.   (Declaration of Daniel S. Cha at ¶ 3.)

This discovery was undertaken for a reason, of course, and that reason was to reveal and lay bare the lack of any evidence at all to support Martin's claims against the Individual Defendants.   "Th[e] absence of evidence alone is sufficient to satisfy Defendant's burden on summary judgment." *Sharma v. Experian Info. Sols., Inc.,* No. 2:20-CV-7267-SVW, 2021 WL 1034154, at *2 (C.D. Cal. Feb. 17, 2021).   Here, Martin's discovery responses revealed a complete a complete absence of evidence to support her claims and grounds for summary judgment.   Counsel for the Individual Defendants attempted to meet and confer, as far back as October 2020, with counsel for Martin regarding a motion for summary judgment the Individual Defendants intended to file on Martin's claims. (Neri Decl. at ¶¶ 6-7.)   Counsel demanded that Martin dismiss her claims at that time, but Martin refused.   (*Id.*)

Since then, the Individual Defendants have been unable to conduct discovery and file their dispositive motions because the Court stayed the action pursuant to a motion made by the California Attorney General, which motion was not opposed by Martin.   [Dkt. No. 108].   Now that the stay has been lifted and the Individual Defendants are able to take discovery and file their motion, Martin has found a convenient excuse for dismissing Individual Defendants.   She has apparently just now discovered that "the large number of defendants in this action complicates discovery . . ." and she therefore seeks to "streamline this case" and "***streamline discovery***." [Dkt. No. 163 at pp. 7-8 emphasis added.]

In truth, Martin does not want "streamline discovery", she wants to avoid it altogether with respect to the Individual Defendants.   Thus, just as in *In re Exxon Valdez*, Martin's Motion is a "thinly-veiled attempt[] to avoid discovery" and one made only after the Individual Defendants have "spent over two years and substantial

9

money to obtain discovery." 102 F.3d at 432.  And, as in that case, it is a Motion that should be denied as abusive and prejudicial to the Individual Defendants.  *See id.* (affirming finding that "[a]llowing dismissal after the defendants had spent two and a half years and substantial amounts of money to obtain discovery ***would prejudice the defendants*.) (emphasis added).

## 2. *Dismissal Without Prejudice Would Impair the Individual Defendants' Ability to Recover Their Attorneys' Fees Via a Malicious Prosecution Action*

Dismissal without prejudice should also be denied because it would impair the Individual Defendants from pursuing recovery of their attorneys' fees through a subsequent action for malicious prosecution.  "[D]ismissal without prejudice precludes prevailing party status" and prevents a party from recovering attorneys' fees as a prevailing party.  *United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012) (reversing trial court and concluding that defendant "suffered plain legal prejudice in losing their ability to move for attorney's fees").

Here, the Individual Defendants may recover their attorneys' fee expended in this case as damages in an action for malicious prosecution.  *See Jackson v. Yarbray*, 179 Cal.App. 4th 75, 96 (2009).  As counsel for the Individual Defendants made clear shortly after this lawsuit was filed and in meet and confer discussions regarding the Motion, there was and is not factual or legal bases for Martin's claims against the Individual Defendants and those defendants intend to pursue malicious prosecution claims against Martin upon prevailing in their defense.  (Neri Decl. at ¶ 4, Ex. "A" at Ex. "2", p. 4.)  If the Individual Defendants are dismissed *without* prejudice, however, they will be deprived of prevailing party status, which will severely impair their ability to maintain a malicious prosecution action, as that claim requires the plaintiff to prove that it prevailed on the merits in the case against it.  *See McCubbrey v. Veninga,* 39 F.3d 1054, 1055 (9th Cir. 1994).

MEMORANDUM OF POINTS AND AUTHORITIES

Several courts have recognized that the compromise of a party's claim for malicious prosecution is legal prejudice sufficient to warrant a with prejudice dismissal.  *See e.g.*, *In re Sizzler*, 262 B.R. at 820 ("there is merit to [defendant's] claim that she will suffer legal prejudice as a result of a dismissal without prejudice because her ability to bring suit against [plaintiff] for malicious prosecution would be compromised."); *Selas Corp. v. Wilshire Oil Co.*, 57 F.R.D. 3, 6 (E.D. Pa., 1972) ("we have concluded that a dismissal without prejudice, by effectively precluding [defendant] from maintaining an action for malicious prosecution, would result in such prejudice and injustice to the defendant that we feel compelled not to grant plaintiff's motion.")  *See also Kappa Publishing Group, Inc. v. Poltrack*, No. 94–7687, 1996 WL 146259, at *2 (E.D. Pa., 1996) (acknowledging that dismissal without prejudice would deprive defendant of a "significant right" to maintain an action for malicious prosecution, but that reimbursement of attorneys' fees would "obviate this concern").

In *Selas*, an individual employee, along with the corporation employing him, was sued for damages arising from alleged violation of securities and banking laws. The plaintiff settled with the corporation and then moved to dismiss the employee without prejudice under Rule 41(a)(2).  *Selas Corp.*, 57 F.R.D. at  5. The court found that dismissal without prejudice "would, under the circumstances of this case, constitute clear legal prejudice to the defendant." *Id.* at 6. The court stated "[w]hile we express no opinion whatever on the merits of [the employee's] claim [for malicious prosecution], we think he has a right at some point at least to be heard on it." *Id.*

Likewise, in *In re Sizzler*, the court found that legal prejudice sufficient to warrant denial of a Rule 41(a)(2) motion existed where the opposing party's "ability to bring suit . . . for malicious prosecution would be compromised."  262 B.R. at 820. The court explained that  "a determination on the merits is necessary to maintain a malicious prosecution claim under California law. . . .   However, a dismissal without prejudice pursuant to Rule 41(a)(2) leaves the parties where they would have stood had the lawsuit never been brought." *Id.*  (citations omitted).   Therefore, the Court

concluded that "[Defendant] would suffer legal prejudice, both by being effectively foreclosed from bringing a subsequent action for malicious prosecution against [plaintiff], and from [plaintiff's] avoidance of a resolution of [defendant's] motion for summary judgment." *Id.* at 823.

Likewise here, the Individual Defendants have clearly put Martin on notice of their intention to file a malicious prosecution action and file a summary judgment motion to obtain a judgment on the merits.   They would suffer plain legal prejudice if they are foreclosed from doing so as a result of a dismissal without prejudice.

The only case cited by Martin for the proposition that the foreclosure of Individual Defendants' ability to bring a claim for malicious prosecution is not plain legal prejudice is an opinion from the Second Circuit Court of Appeals.   *Camilli v. Grimes*, 436 F. 3d 120 (2d Cir. 2006).  However, in that opinion, the Second Circuit specifically recognized the authorities cited above and did not disapprove of the reasoning or conclusions found therein. *Id.* at 124-25.

Rather, the Court concluded that "whatever  equities might have weighed against a dismissal without prejudice in *Selas* and *Sizzler*, Judge Sprizzo's carefully conditioned dismissal without prejudice in the pending case was entirely justified. He did not exceed his discretion, notwithstanding the Defendant's expressed intention to bring a suit for malicious prosecution." *Id.* at 125.  Thus, even in the Second Circuit's estimation, it is entirely within a trial court's discretion to consider the inequitable result that would occur here, were the Court to grant dismissal without prejudice and allow Martin to escape the consequences of filing her malicious claims against the Individual Defendants.

## B. The Court Should Condition a Voluntary Dismissal on the Payment of Costs and Attorneys' Fees

If the Court is inclined to grant a voluntary dismissal, it should condition the dismissal on Plaintiff's payment of Defendants' costs and attorneys' fees. The court has the power to order reimbursement of costs and fees as a condition of dismissal.

*Westlands Water Dist.*, 100 F.3d at 97. Conditioning dismissal on prior payment of costs and attorney's fees is common and serves the purpose of protecting the defendant. *Id.*; *see also Woodfin Suite Hotels, LLC v. City of Emeryville*, 2007 WL 81911, at *5 (N.D. Cal. Jan. 9, 2007) (it is "commonplace" to award costs and fees as a condition of dismissal); *Tahaya Mirs Inv. Inc. v. Helwan Cement Co. S.A.E.*, No. 2:16-cv-01001-CAS(AFMx), Dkt. 119 & 2016 WL 6744902 (C.D. Cal. Nov. 14, 2016) (awarding defendant reasonable attorneys' fees in the amount of $445,835.69). A plaintiff who finds the terms or conditions set by the court to be too onerous is entitled to withdraw the motion and proceed with the litigation. *Beard v. Sheet Metal Workers Union*, 908 F.2d 474, 476 (9th Cir. 1990).

Furthermore, even though Rule 41(a)(2) makes no mention of attorneys' fees and "speaks only of 'conditions' that a court may impose as it deems proper . . . the Ninth Circuit . . . has consistently interpreted that provision to permit a federal court to impose a requirement of payment of a defendant's attorneys' fees as a condition to voluntary dismissal."). *Esquivel v. Arau*, 913 F. Supp. 1382, 1390 (CD. Cal. 1996).

The Ninth Circuit has held that a "defendant is entitled only to recover, as a condition of dismissal under Fed.R.Civ.P. 41(a)(2), attorney fees or costs for work which is not useful in continuing litigation between the parties." *Koch v Hankins*, 8 F.3d 650, 652 (9th Cir. 1993). Here, Martin has not indicated in her Motion that there will be any continuing litigation between her and the Individual Defendants and, to the contrary, has professed that her motivation in seeking dismissal is to "streamline" and expedite her path to recovery. Thus, if the case is dismissed, the vast majority, if not all, of the resources devoted to this litigation will have been wasted and any work done by the Individuals Defendants' counsel will not be useful to them in the future.

Should the Court grant costs and attorneys' fees as a condition of dismissal, as it should, the Individual Defendants seek leave to submit a separate motion detailing the reasonable costs and attorneys' fees that should be awarded.

/ / /

## VI.  **CONCLUSION**

For all the foregoing reasons, the Motion should be denied insofar as it seeks dismissal without prejudice and dismissal with prejudice should be entered, conditioned on Martin's payment of the Individual Defendants' attorneys' fees and costs.


Respectfully submitted,


DATED: December 22, 2022                    BROWN, NERI, SMITH & KHAN LLP

By: ___/s/ Geoffrey A. Neri_____
       Geoffrey A. Neri

Attorneys for Defendants Gilberto Granados, Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin Garcia, and Jose Luis Estrada


DAILY ALJIAN, LLP

By: ___/s/ Reed T. Aljian___
       Reed T. Aljian

Attorneys for Defendants Alma Elizabeth Joaquin (erroneously sued as Alma Zamora de Joaquin) and Adoraim Josadac Joaquin (erroneously sued as Adoraim Joaquin Zamora) et al.

1

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 22, 2022.

DATED: December 22, 2022          BROWN, NERI, SMITH & KHAN LLP

By:    /s/ Geoffrey A. Neri
          Geoffrey A. Neri