Geoffrey A. Neri (SBN258802)
    *geoff@bnsklaw.com*
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

Attorneys for Defendants
Gilberto Granados, Jose Hernandez, Silverio Coronado,
Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza,
Benjamin Joaquin, and Jose Luis Estrada

*Additional attorneys and parties listed on subsequent page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>   Plaintiff,<br><br>  v.<br><br>LA LUZ DEL MUNDO, an<br>unincorporated association, et al.<br><br>   Defendants. | Case No.: 2:20−cv−01437-FWS-AS<br><br>**DECLARATION OF GEOFFREY NERI IN SUPPORT OF INDIVIDUAL DEFENDANTS' OPPOSITION PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE MADE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**<br><br>Date:   January 12, 2023<br>Time:   10:00 a.m.<br>Judge:  Hon. Fred W. Slaughter<br>Courtroom: 10D<br><br>Action Filed:  February 12, 2020<br>Trial Date:   February 27, 2024 |

Alan J. Jackson
*ajackson@werksmanjackson.com*
WERKSMAN JACKSON & QUINN LLP
888 W 6th St, Fourth Floor
Los Angeles, CA 90017

Attorneys for Defendant
NAASON JOAQUIN GARCIA, an individual

Reed Aljian (State Bar No. 211010)
  *ra@dallp.com*
Justin E. D. Daily (State Bar No. 209772)
  *jd@dallp.com*
Simon Kwak (State Bar No. 297362)
  *sk@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:   949.861.2524
Facsimile:   949.269.6364

Attorneys for Defendants named as

LA LUZ DEL MUNDO, an alleged unincorporated association;
COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as
International Berea USA); ADORAIM JOSADAC JOAQUIN (erroneously sued as
Adoraim Joaquin Zamora); ALMA ELIZABETH JOAQUIN (erroneously sued as
Alma Zamora de Joaquin); and NAASON JOAQUIN GARCIA, an individual

1

## <u>DECLARATION OF GEOFFREY NERI</u>

I, Geoffrey Neri, hereby declare as follows:

1.     I am an attorney licensed to practice law before all state and federal courts in the State of California. I am a Partner with the law firm of Brown, Neri, Smith & Khan LLP, counsel of record for Defendants Gilberto Granados, Jose Hernandez, Silverio Coronado, Aurelio Zavaleta, Uzziel Joaquin, Jonathan Mendoza, David Mendoza, Benjamin Joaquin, and Jose Luis Estrada (collectively, "Individual Defendants").  The facts stated herein are true based upon my own personal knowledge. If called as a witness, I could and would testify truthfully to the contents of this declaration.

2.     Plaintiff filed the Complaint on February 12, 2020.

3.     The very next day, on February 13, 2020, Plaintiff and her counsel held a "news conference" in downtown Los Angeles to announce the filing of her Complaint.  At that news conference, Plaintiff stood between her attorneys (Jeff Anderson, Deborah Mallgrave, and Joshua Robbins), and behind a lectern emblazoned with the names and logos of the attorneys' law firms, publicly recounting the wild and fictitious allegations of forced labor, involuntary servitude, sex trafficking, and RICO conspiracy, among others, that comprise her Complaint.  The 45-minute news conference was streamed live on the internet.  The next morning, Ms. Martin was featured on the front page of the Los Angeles Times, which ran a long article covering her and her allegations.

4.     After making their initial splash through their news conference, Plaintiff and her counsel showed little interest in actually litigating their case. On multiple occasions, defense counsel requested the Plaintiff's counsel provide availability to hold a Federal Rule of Civil Procedure 26 conference so that the parties could begin preparing their cases without delay.   Attached hereto as **Exhibit "A"** is a true and correct copy of correspondence written by my co-defense counsel, Reed T. Aljian, memorializing our attempts to obtain opposing counsel's cooperation in conducting the conference.

1

5.  Plaintiff's counsel steadfastly refused to commence discovery and later opposed the Individual Defendants' motion to compel her to participate in such a conference on the basis that it was "not practicable" to commence discovery. (Dkt. No. 62.)

6.  On October 5, 2020, I emailed counsel for the Plaintiff, requesting a meet-and-confer telephone call regarding a motion for summary adjudication that the individual defendants intended to file on all claims.   A true and correct copy of that email, in which grounds for the motion were set forth, is attached hereto as **Exhibit "B"**.   The Individual Defendants did not file the motion at that time because the action was stayed.

7.  On October 1, 2020, co-counsel for the Individual Defendants Alma Joaquin and Adoraim Joaquin, emailed counsel for the Plaintiff requesting a meet-and-confer telephone call regarding a motion for summary adjudication that those defendants intended to file.   Counsel asked for a dismissal with prejudice of those Individual Defendants at that time, but Plaintiff did not provide one.   A true and correct copy of Mr. Aljian's email, in which grounds for the motion were set forth, is attached hereto as **Exhibit "C"**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22nd day of December, 2022.

By:   /s/ Geoffrey A. Neri
Geoffrey Neri

DECLARATION OF GEOFFREY A. NERI

# EXHIBIT "A"

# DAILY | ALJIAN

**May 26, 2020**

**<u>VIA ELECTRONIC MAIL</u>**

Deborah S. Mallgrave                           Michael Finnegan
Joshua Robbins                                 Jennifer Stein
Greenberg Gross LLP                            Jeff Anderson & Associates
650 Town Center Drive, Suite 1700             11812 San Vincente Boulevard, #503
Costa Mesa, California                         Los Angeles, California, 90049
  *DMallgrave@GGTrialLaw.com*                    *Mike@AndersonAdvocates.com*
  *JRobbins@GGTrialLaw.com*                      *Jennifer@AndersonAdvocates.com*

Re:   *Sochil Martin v. La Luz Del Mundo, et al.,* **Case No. 2:20-cv-01437
      (the "Action") – Rule 26 Conference**

Dear Counsel:

My office represents Defendants Alma Elizabeth Joaquin ("Mrs. Joaquin") and
Adoraim Josadac Joaquin ("Mr. Joaquin"), the wife and son of Defendant Naason
Joaquin Garcia. I write regarding my efforts to schedule the Rule 26 conference of
the parties (the "Rule 26 Conference") and Plaintiff's refusal to participate in the
conference until "all parties have been served and answered."

The Court's May 20, 2020 Scheduling Order (the "Order") advises "counsel to begin
to conduct discovery actively before the Scheduling Conference," which the Court
calendared on September 14, 2020.  (May 20, 2020 Scheduling Order, n. 1.) The
Court further orders counsel to "comply fully with the letter and spirit of Rule 26(a)
and thereby obtain and produce most of what would be produced in the early stage
of discovery, because at the Scheduling Conference the Court will impose tight
deadlines to complete discovery."  (*Id.*)

Rule 26(f)(2) of the Federal Rules of Civil Procedure states that "[t]he attorneys of
record…that have appeared in the case are jointly responsible for arranging the
conference. Rule 26(f)(1) requires that the conference take place "as soon as
practicable."

On May 19, 2020, my firm appeared in the Action and filed answers on behalf
Mrs. Joaquin and Mr. Joaquin. That same day, Werksman Jackson & Quinn
("Werksman Jackson") appeared and filed an answer on behalf of Naason Joaquin
Garcia and Brown Neri Smith & Khan ("BNSK") appeared and filed answers on
behalf of Jose Luis Estrada, Silverio Coronado, Benjamin Joaquin Garcia, Jose
Hernandez, Uzziel Joaquin, David Mendoza, Jonathan Mendoza, and Aurelio
Zavaleta.

On May 20, 2020, I emailed Plaintiff's counsel, Werksman Jackson and BNSK to arrange the Rule 26 Conference so that we could begin the process under Rule 26, which in turn compel your production of initial disclosures and allow me to commence discovery. For the reasons discussed below, Plaintiff's conduct to date with respect to Mrs. Joaquin and Mr. Joaquin require this process to start without delay. I proposed that the conference take place via teleconference on Friday, May 22, 2020, at 11 a.m. and we requested counsels' availability. Werksman Jackson and BNSK stated they were available and agreed to proceed as requested.

On May 21, 2020, Ms. Mallgrave responded on behalf of Plaintiff. (Ex. 1 (May 21, 2020 Mallgrave Email).) She explained that "[w]e are not available this Friday…." She also explained that "in light of the Court's scheduling order, it appears that we have until late August to do the Rule 26 conference and report. While we don't expect it would take that long, we would like to wait until all the parties have been served and answered."

The proposal to delay the Rule 26 Conference until all defendants are served and file answers is contrary to the Federal Rules of Civil Procedure, the "letter and spirit of Rule 26(a)," and the Court's May 20, 2020 Order. Rule 26 requires parties to participate in the conference "as soon as practicable" (Rule 26(f)(1)). Rule 26(a)(1)(D) contemplates procedures for later served parties – meaning, there is no need to wait for later served parties to proceed with the conference. The Court ordered the parties to "obtain ***and produce*** most of what would be produced in the early stage of discovery" before the September 14, 2020 Scheduling Conference.

Rule 26(d)(1) provides that we cannot commence discovery on their behalf until after the Rule 26 Conference and, as you know, Plaintiff has refused to participate in any informal discovery. Furthermore, Rule 26(a)(1)(C) produces that Plaintiff's initial disclosures are not due until 14 days after the date of the conference.

Additionally, Plaintiff's conduct to date necessitates that the Rule 26 process start without any delay. As I have repeatedly explained, the complaint fails to allege a single fact supporting any of the causes of action against either Mrs. Joaquin or Mr. Joaquin. In connection with my efforts to meet and confer regarding a proposed voluntary dismissal of Mrs. Joaquin and Mr. Joaquin for lack of any charging allegations and lack of evidence, I have offered you numerous opportunities to provide any facts or any evidence that could possibly support any of these claims. (See e.g., Ex. 2 (April 28, 2020 R. Aljian Letter).)

In response, Plaintiff refused to dismiss Mrs. Joaquin or Mr. Joaquin (claiming that the causes of action against these defendants have "probable cause") and refused to produce any facts that would support this "probable cause" contention, claiming the "request for premature discovery is improper, and [Plaintiff's] refusal to accede to it indicates nothing." (Ex. 3 (May 6, 2020 D. Mallgrave Letter).)

We disagree with the later assertion. The failure to identify any facts allegedly supporting the claims against Mrs. Joaquin and Mr. Joaquin is proof that no such facts exists – if they did exist, you would produce them informally. Moreover, because you refuse to produce the alleged facts informally (or dismiss these defendants), we are forced to seek production of the information formally, through review of your initial disclosures and through the formal discovery process. We will review the disclosures, take discovery, and seek an involuntary dismissal of these defendants at the earliest possible date in a good faith effort to decrease litigation costs and mitigate the damages these defendants have already suffered by being included in this Action.

In Ms. Mallgraves' May 21, 2020 email, she requested that the parties participate in a Local Rule 7-3 teleconference regarding a claimed motion by Plaintiff to extend time to serve one of the named defendants in the action. She further represented that Plaintiff is available on Wednesday, May 27, 2020, at 1 p.m. for that proposed call.

Since you have represented you are available at that time, we would like to arrange the Rule 26 Conference to take place during the same call. I have contacted Werksman Jackson and BNSK and they have represented they are available at that time also and agree to attend with the proposed conference to address both matters.

Please confirm that you agree to the proposed date and time of the combination Rule 26 Conference and Local Rule 7-3 meet and confer regarding Plaintiff's proposed motion regarding service of process.

All rights reserved.

Sincerely,

Reed Aljian

cc:    Alan Jackson
       Caleb Mason
       Michael Freedman
       Geoff Neri
       Ethan Brown

**EXHIBIT 1**

**Courtney Dorner**

| | |
|---|---|
| **From:** | Deborah Mallgrave <DMallgrave@GGTrialLaw.com> |
| **Sent:** | Thursday, May 21, 2020 2:52 PM |
| **To:** | Reed Aljian; Alan Jackson; Caleb Mason; Geoff Neri; Ethan Brown; Courtney Dorner; Kenia Galeana; Rochelle Rotea |
| **Cc:** | Joshua M. Robbins; Jennifer@andersonadvocates.com; mike@andersonadvocates.com |
| **Subject:** | RE: Martin v. La Luz Del Mundo, et al. - Rule 26 Conference |

All,

We are not available this Friday and, in light of the Court's scheduling order, it appears that we have until late August to do the Rule 26 conference and report.  While we don't expect it would take that long, we would like to wait until all the parties have been served and answered.  We are still in the process of serving defendant LDM and waiting for answers from three defendants who have been served (Gilberto Granados, Rahel Garcia, and Jose Estrada).  If anyone can help facilitate these outstanding items, we can move this forward more quickly.  (Mr. Neri, I understand you represent Mr. Estrada, so if an answer was filed for him, I'd appreciate you sending me a copy as we don't have that one from Tuesday's filings).

On a related note, we intend to file a motion to extend the time to serve defendant LDM.  Since California's jails and prisons are still closed, we have not been able to serve Naason Garcia, as the head of LDM, with the complaint.  Pursuant to Local Rule 7-3, I ask counsel from the different firms to let me know when you are available to discuss the substance and potential resolution of this motion.  We could have one call, but separate calls will work too.  I am available Tuesday at 11:30am or 3pm, or Wednesday at 1pm for this purpose.  Please let me know if one or more of those times works for you all.

Thank you,
Deb

**Deborah S. Mallgrave**
*Partner*
601 South Figueroa Street, 30th Floor | Los Angeles, California 90017
650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2790 | Fax 949.383.2801
DMallgrave@GGTrialLaw.com | www.GGTrialLaw.com



**From:** Reed Aljian <ra@dallp.com>
**Sent:** Thursday, May 21, 2020 12:30 PM
**To:** Alan Jackson <ajackson@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Ethan Brown <ethan@bnsklaw.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Joshua M. Robbins <JRobbins@GGTrialLaw.com>; Jennifer@andersonadvocates.com; mike@andersonadvocates.com
**Cc:** Courtney Dorner <cd@dallp.com>; Kenia Galeana <kg@dallp.com>; Rochelle Rotea <Rochelle@dallp.com>
**Subject:** [EXT] Re: Martin v. La Luz Del Mundo, et al. - Rule 26 Conference

To Plaintiff's counsel:

Please kindly respond and confirm you will participate in the Rule 26 conference tomorrow at 11 a.m.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

On May 20, 2020, at 9:45 AM, Reed Aljian <ra@dallp.com> wrote:

To all counsel:

I hope that you and your families are doing well during these difficult times. I write to schedule the Rule 26 Conference. Please advise whether you are available to participate this Friday, May 22, at 11 a.m. via tele-conference.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

**EXHIBIT 2**

# DAILY | ALJIAN

**April 28, 2020**

**VIA ELECTRONIC MAIL**

Deborah S. Mallgrave                    Michael Finnegan
Joshua Robbins                         Jennifer Stein
Greenberg Gross LLP                    Jeff Anderson & Associates
650 Town Center Drive, Suite 1700      11812 San Vincente Boulevard, #503
Costa Mesa, California                 Los Angeles, California, 90049
  *DMallgrave@GGTrialLaw.com*            *Mike@AndersonAdvocates.com*
  *JRobbins@GGTrialLaw.com*              *Jennifer@AndersonAdvocates.com*


Re:    ***Sochil Martin v. La Luz Del Mundo, et al.,*** **Case No. 2:20-cv-01437
       (the "Action")**

Dear Counsel:

As you know, my office represents Defendants Alma Zamora De Joaquin
("Mrs. Joaquin") and Adoraim Joaquin Zamora ("Mr. Zamora"). We write to
request that Plaintiff Sochil Martin ("Plaintiff") voluntarily dismiss Mrs. Joaquin
and Mr. Zamora from the Action immediately.

Plaintiff's complaint (the "Complaint") alleges eleven causes of action. Only three
are asserted against these two defendants: the Fourth Cause of Action for
Conspiracy to Violate 18 U.S.C. § 1594 (alleged trafficking); the Sixth Cause of
Action for Violation of 18 U.S.C. §1593A (alleged benefitting financially from
trafficking); and the Ninth Cause of Action for Violation of 18 U.S.C. § 1962(c)
(alleged "RICO" claims).

We have carefully reviewed the Complaint. The Complaint only makes vague and
conclusory allegations against Mrs. Joaquin and Mr. Zamora, none of which
support any of the causes of action asserted against them.

Basically, the complaint alleges that Mrs. Joaquin and Mr. Zamora knew of alleged
misconduct of others, entered into some sort of agreement regarding the alleged
misconduct, benefitted from the alleged misconduct and, therefore, are allegedly
responsible for the Plaintiff's alleged damages.   These are all conclusory
allegations and not a single fact was asserted that support any of these allegations.

With respect to Mrs. Joaquin, the only specific fact alleged is that she allegedly
"lived on two properties…purchased by the family or presented to the Apostle by
members of the LDM elite…."  The two properties referenced in the Complaint are
two alleged ranches, one in Redlands, California and one in Seguin, Texas. She
never lived on either property.

With respect to Mr. Zamora, the Complaint alleges that he "acquired a mansion in Malibu, California, paid for by" contributions of LDM members and that his college education (an alleged "expensive university") was paid with donated funds. He does not own a property in Malibu, California, much less a mansion. Indeed, this is something that can be confirmed by a simple review of publicly available records at the County Recorder's Office.

As a matter of law, these allegations (even if true) are insufficient to state (much less prove) a claim against either of these defendants under any of these causes of action. Moreover, there is no evidence that either defendant knew or had reason to know of any of the alleged misconduct, that they agreed to participate in any alleged conspiracy, that they somehow benefitted from any alleged agreement to participate in the alleged misconduct, that anything they did caused any damage to Plaintiff, or that the alleged damages are recoverable under any of the claims asserted against these defendants. Basically, you filed a lawsuit against the wife and son of someone you claimed caused damages to your client without any evidence that either the wife or the son had any knowledge of or involvement with the alleged incidents or that they individually caused any harm to your client.

Rule 11 of the Federal Rules of Civil Procedure provides that "[b]y presenting the Complaint to the Court, Plaintiff's counsel is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims…and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….."

California Civil Procedure Code section 128.7 provides that "[b]y presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading…, an attorney…is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met: (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) The claims… and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and] (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery…."

Rule 3.1 of the California Rules of Professional Conduct provides that "[a] lawyer shall not: (1) bring or continue an action… [or] assert a position in litigation…without probable cause and for the purpose of harassing or maliciously injuring any person; or (2) present a claim…in litigation that is not warranted under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law."

Given your legal obligations, I have previously offered you an opportunity to present any evidence in your or your client's possession that would arguably support any of these claims against these defendants. Specifically, by email dated April 1, 2020, I contacted Ms. Mallgrave and requested that Plaintiff dismiss Mrs. Joaquin and Mr. Zamora. Then, on April 3, 2020, I met and conferred with Ms. Mallgrave by phone to discuss this request. During that call, I explained that there were no charging allegations against these defendants and that there were no facts that support the merits of the causes of action asserted against them. I asked her to identify any facts that would arguably support these claims against Mrs. Joaquin and Mr. Zamora, as none have been alleged (or exist). Ms. Mallgrave failed to identify any such alleged facts. Instead, she explained that she would need to analyze the issues and get back to me at a later date.

Then, on April 10, 2020, Ms. Mallgrave emailed me and stated: "We considered your requests, but will not be dismissing Alma or Adoraim from the complaint at this time." No further explanation was provided. She did not identify any facts that support any of Plaintiff's claims against either defendant. And she did not offer any explanation why Plaintiff refused the request for dismissal.

Given the absence of charging allegations, the absence of any alleged facts that support the causes of action alleged, and the failure to provide any additional and unalleged facts in Plaintiff's possession supporting these claims, the facts clearly establish that Plaintiff's initial prosecution and continued prosecution of this Action against both Mrs. Joaquin and Mr. Zamora is without probable cause. The facts further establish that Plaintiff brought and continues to bring the claims against these defendants for the purpose of harassing or maliciously injuring these individuals. The continued prosecution of these claims is, by all appearances, a bad faith effort to force them to incur the substantial costs and expenses of defending themselves against such false claims out of hostility and in an effort to leverage and extort a settlement. Moreover, the unusual decision to schedule and host a press conference and stream that on the internet further establishes and increases the damages incurred by my clients.

The decision to prosecute and to continue to prosecute this Action against Mrs. Joaquin and Mr. Zamora has exposed Plaintiff and her counsel, including Jeff Anderson & Associates, Greenberg Gross LLP, and the individual attorneys identified as counsel of record on the Complaint, among others, to an action for malicious prosecution and the associated damages recoverable in that action. The

damages available to Mrs. Joaquin and Mr. Zamora include, and are not limited to, attorneys' fees and costs incurred defending this Action, emotional distress, harm to reputation, lost wages, and punitive damages. In an effort to mitigate these damages, and in recognition that the claims against these individuals are completely without merit, we demand that Plaintiff dismiss Mrs. Joaquin and Mr. Zamora from the Action immediately and in no event later than Friday, May 1, 2020.

All rights reserved.

Sincerely,

Reed Aljian

**EXHIBIT 3**



Deborah S. Mallgrave
Direct Dial: (949) 383 2790
Direct Fax: (949) 383 2801
DMallgrave@GGTrialLaw.com

May 6, 2020

**VIA ELECTRONIC MAIL: ra@dallp.com**

Reed Aljian
DAILY ALJIAN
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660

  **Re:**   **Sochil Martin v. La Luz Del Mundo, et al., Case No. 2:20-cv-01437**

Dear Mr. Aljian:

  We have reviewed and considered your letter, and decline your request to dismiss the claims against Ms. Alma Zamora De Joaquin and Mr. Adoraim Joaquin Zamora. Contrary to your assertions, we not only have more than probable cause to name them in the complaint in good faith, but fully expect that the jury will find them liable at trial on all relevant causes of action. Your request for premature discovery is improper, and our refusal to accede to it indicates nothing. As I have told you, we intend to proceed to discovery once the various defendants have answered the complaint, as provided in the Federal Rules of Civil Procedure. As to your threat of a malicious prosecution claim, we presume you are aware that any such claim would be subject to an anti-SLAPP motion, and that after prevailing on such a motion, we would seek attorney fees and costs. We thus invite you to reconsider your position, and we look forward to working with you in this case.

       Very truly yours,

       *Deborah S. Mallgrave*

       Deborah S. Mallgrave

cc:   Joshua Robbins
    Michael Finnegan
    Jennifer Stein

# EXHIBIT "B"

**From:** Geoff Neri
**Sent:** Monday, October 5, 2020 5:13 PM
**To:** Deborah Mallgrave
**Cc:** 'Mike@andersonadvocates.com'; Arielle A. Seidman; Reed Aljian; Caleb Mason; Alan Jackson; Ethan Brown
**Subject:** FW: L.R. 7-3 Request for Meet-and-Confer Conference (FRCP 56 Motion)


Deborah,

I hope you are recuperating well from your surgery.   Please let me know your availability for a L.R. 7-3 meet-and-confer telephone call regarding a motion for summary adjudication that the individual defendants we represent (the "Individual Defendants") intend to file.   The Individual Defendants intend to move for summary adjudication of the following causes of action:

> (1)  Involuntary Servitude (18 U.S.C. § 1584)

> (2)  Forced Labor (18 U.S.C. § 1589)

> (3)  Trafficking with Respect to Forced Labor or Involuntary Servitude (18 U.S.C. § 1590)

> (4)  Conspiracy to Violate the TVPRA (18 U.S.C. § 1594)

> (5)  Obstructing  the TVPA (18 U.S.C. § 1590(b))

> (6)  Benefitting Financially from Trafficking in Persons (18 U.S.C. § 1593A)

> (9) Violation of Federal Racketeer Influenced and Corrupt Organization ("RICO") Act 18 U.S.C. § 1962(c)

Grounds for the motions will be that there is no evidence that any of the Individual Defendants committed any act or omission that could form the bases for liability for the involuntary servitude and forced labor causes of action (COA ## 1-2).   Nor is there any evidence to establish the requisite scienter under those claims.  *See, e.g.*, *Martinez-Rodriguez v. Giles*, 391 F. Supp. 3d 985 (D. Idaho 2019)(granting defendant's motion for summary judgment on plaintiff's forced labor claim where plaintiffs failed to establish defendant had the requisite scienter and failed to establish defendant obtained their labor by means of serious harm or threats).  With respect to COA ##3-6, they fail, among other reasons, because they are depend on the predicate involuntary servitude and forced labor claims, which cannot be established.  *Id.* at 998-99 ("As a threshold matter, a § 1590 claim depends on a predicate TVPRA offense—such as forced labor").  With respect to COA #9, there is no evidence that the Individual Defendants violated RICO, Plaintiff does not have standing under that statute and her alleged damages do not support the claim as a matter of law.

Finally, I would like to clarify that Plaintiff is not alleging COA ## 7-8, 10-11 against the Individual Defendants.   While the caption indicates that those claims are not alleged against the Individual Defendants, the defined term "Defendants", as used in the claims, would seem to include them.

Best regards,

Geoffrey A. Neri
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
T:  (310) 593-9890
F: (310) 593-9980
Email:  geoff@bnsklaw.com



# EXHIBIT "C"

**From:** Reed Aljian
**Sent:** Thursday, October 1, 2020 8:08 AM
**To:** Deborah Mallgrave
**Cc:** Caleb Mason; Alan Jackson; mike@andersonadvocates.com; Geoff Neri; Courtney Dorner; Daisy Cruz; Rochelle Rotea
**Subject:** Martin v. Garcia et al. - LR 7-3 Meet and Confer Re Rule 56 Motion

Ms. Mallgrave,

On behalf of Defendants Communications Center Berea USA LLC ("CCB USA"), Alma Joaquin, and Adoraim Joaquin (the "DALLP Defendants"), I write to schedule a Local Rule 7-3 conference to meet and confer regarding a motion by the DALLP Defendants under Rule 56.

Plaintiff asserted three causes of action against Alma and Adoraim - the fourth cause of action for conspiracy to violate the Trafficking Victims Protections Reauthorization Act, the sixth cause of action for Benefitting Financially from Trafficking, and the ninth cause of action for Racketeering. Plaintiff asserted these same three causes of action against CCB USA plus two labor claims - the seventh and the eighth causes of action.

The DALLP Defendants did not engage in trafficking of Plaintiff or a trafficking conspiracy. They did not benefit financially from any alleged trafficking of Plaintiff. There are no facts in existence that support these claims and Plaintiff's conclusory and false allegations will not satisfy her burden at summary judgment. Plaintiff's RICO claims fail because, among other things, Plaintiff does not have standing. Her alleged damages are not recoverable under the statute. Finally, the labor claims fail because, among other things, they are time barred.

The relief we are requesting is a dismissal of the DALLP Defendants with prejudice.  We wish to schedule the call for Monday of next week, October 5, 2020. Please advise what time that day works for you.

Sincerely,

Reed Aljian
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Work: 949.861.2524
Cell:  310-721-7303
www.dailyaljian.com

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

1

2

## **CERTIFICATE OF SERVICE**

3

I hereby certify that all counsel of record who are deemed to have consented

4

to electronic service are being served with a copy of this document via the Court's

5

CM/ECF system on December 22, 2022.

6

7

DATED: December 22, 2022   BROWN, NERI, SMITH & KHAN LLP

8

By:  /s/ Geoffrey A. Neri   
     Geoffrey A. Neri

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3