DEBORAH S. MALLGRAVE, State Bar No. 198603
  DMallgrave@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
DESIREE N. MURRAY, State Bar No. 330079
  DMurray@GGTrialLaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
HAGEREY MENGISTU, State Bar No. 290300
  HMengistu@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, | Case No. 2:20-cv-01437-FWS-AS<br><br>**REPLY TO DEFENDANTS' JOINT MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND ADVANCE THE TRIAL DATE**<br><br>[Filed Concurrently with Plaintiff's Reply to Defendants' Opposition to Motion to Voluntarily Dismiss Specified Defendants Without Prejudice, Plaintiff's Request for Judicial Notice, and Declaration of Desiree N. Murray] |

Case No. 2:20-cv-01437-FWS-AS

REPLY TO DEFENDANTS' JOINT MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER AND ADVANCE THE TRIAL DATE

| | |
|---|---|
| 1  RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br>4                     Defendants. | Date:     January 12, 2023<br>Time:    10:00<br>Courtroom:    10D<br>Judge:   Hon. Fred W. Slaughter |

## I.     INTRODUCTION

Defendants, without a legal basis, oppose Plaintiff's request to advance the trial date. Defendants' Joint Memorandum of Points & Authorities in Opposition to Plaintiff's Motion to Modify the Scheduling Order and Advance the Trial Date ("Opp." or "Opposition") merely attempts to prejudice the Court's perception of Plaintiff by recycling the same irrelevant and false arguments they previously asserted. From the outset of this case, Defendants have taken issue with Plaintiff's public presence and touted a conspiracy theory regarding Plaintiff's relationship with the California Attorney General's Office; this Opposition is no different. As these mistruths have no bearing on Plaintiff's request to advance the trial date, Plaintiff will not respond to Defendants' improper and incorrect statements at this time.

When stripped of irrelevant and misleading statements, the Opposition clearly fails to rebut Plaintiff's showing of good cause to advance the trial date or to articulate sufficient prejudice to justify denying Plaintiff's request. The fact remains that dismissing 11 defendants substantially narrows the case and, while discovery is just beginning, the parties are engaged in the process and moving forward. That Defendants' counsel has other trials may determine the precise trial date that is set, but it is not a basis for denying a motion to advance the trial date altogether. Plaintiff did not bring this motion, or the motion to dismiss certain defendants, lightly. Plaintiff has a genuine interest in litigating the case as quickly as possible and has acted, and will continue to act, accordingly.

Plaintiff respectfully requests that this Court modify the Scheduling Order to advance the trial date to September 26, 2023.

## II. ARGUMENT

### A. Defendants Fail to Refute Plaintiff's Showing of Good Cause

To rebut Plaintiff's showing of good cause to advance the trial date, Defendants' Opposition relies on specious arguments that the dismissal of 11 defendants will not narrow the case, that Plaintiff has not demonstrated that the parties cannot comply with the current scheduling order, and that Plaintiff suggested the original February 2024 date. Defendants' arguments lack merit.

The good cause for Plaintiff's request is simple—the Scheduling Order was created when the case consisted of 14 defendants (and Plaintiff anticipated using certain procedures identified in the Manual for Complex Litigation for the litigation). Plaintiff now seeks to narrow the case to only three defendants.

Defendants' assertion that dismissal of 11 defendants will not narrow the case because the dismissed individuals will still be involved for discovery disingenuously suggests that the complexities and burdens of litigation are the same regardless of the number of the parties. This is not the case. Non-party witnesses are not involved in all aspects of the case; they are not involved in drafting or responding to written discovery, scheduling or attending depositions (aside from their own), drafting or participating in dispositive motion practice, preparing or exchanging pre-trial documents, or appearing at trial (aside from their own possible testimony).

Defendants' further assertion that the Court can only modify the scheduling order when the parties cannot comply with the existing deadlines is similarly unfounded. An inability to comply with deadlines might be one basis for good cause, but it is not the only basis. Indeed, the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As to the status of discovery, while the parties have responded to written discovery,

the parties have not yet begun their respective document productions and, notably, the parties have yet to meet and confer about their discovery responses. *See* Declaration of Desiree N. Murray, concurrently filed herewith, at ¶ 7. For her part, Plaintiff has responded to hundreds of duplicative discovery requests and will produce relevant, non-privileged, documents once a protective order is in place. *Id*. at ¶ ¶ 2, 4–5.

Finally, contrary to Defendants' contention, the current Scheduling Order was a joint effort. The selection of a February 2024 trial date followed a meet-and-confer conference in which all parties tentatively agreed to a trial in February 2024 (to avoid a holiday crunch) and that Plaintiff's counsel fill out the Court's Schedule of Pretrial and Trial Dates Worksheet accordingly. Nevertheless, the detail of who proposed what and when is simply not relevant to whether good cause exists to advance the trial date based on a narrowing of the case with 11 fewer defendants.

As identified in the Motion, Plaintiff has established good cause to advance the trial date.

## B. Defendants Fail to Show Sufficient Prejudice

Defendants argue they will be prejudiced by the advancement of the trial because (1) Plaintiff held a press conference in February 2020 and has since done interviews with certain news outlets, and (2) Defendants' counsel have busy trial calendars. Neither argument shows a sufficient degree of prejudice to justify denying Plaintiff's request.

First, it is unclear (and Defendants do not explain) how Plaintiff's public presence (and the media's interest in her) has any bearing on the prejudice Defendants would suffer by advancing the trial date. Second, while Plaintiff is sympathetic to busy trial schedules, this not a reason to deny advancing the trial date. While litigation attorneys often have multiple trials set for overlapping periods (such is the nature of litigation, and cases settle and trial dates are moved), at most, attorney calendars help guide the date-selection process. As identified in his

declaration, counsel for the three remaining defendants (Naason Joaquin García, La Luz del Mundo, and Communication Center Berea U.S.A. LLC (collectively, the "Remaining Defendants")) indicated a conflict based on only two trials, scheduled for August 23, 2023 (expected length of 5 days) and November 7, 2023 (expected length of 7 days). *See* Declaration of Reed Aljian at ¶ 2. Based on his own admission, counsel for the Remaining Defendants is available for trial on Plaintiff's requested date of September 26, 2023 (expected length of trial, based on 14 defendants, 20 days) or, at the very least, after November 16, 2023 (the conclusion of his November 7, 2023 trial). *See* Dkt. 152, Joint Rule 26(f) Report.

Accordingly, Defendants have not demonstrated sufficient prejudice to justify denying Plaintiff's request to advance the trial date.

## III. CONCLUSION

Plaintiff respectfully requests that this Court grant the Motion to Advance the Trial Date in its entirety and enter an order advancing trial to September 26, 2023, and modify the remainder of the deadlines in the Scheduling Order accordingly.

DATED: December 29, 2022      GREENBERG GROSS LLP

By: */s/ Desiree N. Murray*
Deborah S. Mallgrave
Daniel S. Cha
Desiree N. Murray
Attorneys for Plaintiff SOCHIL MARTIN