DEBORAH S. MALLGRAVE, State Bar No. 198603
  DMallgrave@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
DESIREE N. MURRAY, State Bar No. 330079
  DMurray@GGTrialLaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
HAGEREY MENGISTU, State Bar No. 290300
  HMengistu@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN,<br><br>     Plaintiff,<br><br>     v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, | Case No. 2:20-cv-01437-FWS-AS<br><br>**REPLY TO MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED BY INDIVIDUAL DEFENDANTS GILBERTO GRANADOS, JOSE HERNANDEZ, SILVERIO CORONADO, AURELIO ZAVALETA, UZZIEL JOAQUIN, JONATHAN MENDOZA, DAVID MENDOZA, BENJAMIN JOAQUIN GARCÍA, JOSE LUIS ESTRADA, ALMA ZAMORA DE JOAQUIN AND ADORAIM JOAQUIN ZAMORA IN OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE**<br><br>[Filed Concurrently with Plaintiff's Reply to Defendants' Opposition to |

| | |
|---|---|
| RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>　　　　Defendants. | Modify the Scheduling Order, Plaintiff's Request for Judicial Notice, and Declaration of Desiree N. Murray]<br><br>Date:　January 12, 2023<br>Time:　10:00<br><br>Courtroom:　10D<br><br>Judge:　Hon. Fred W. Slaughter |

Case No. 2:20-cv-01437-FWS-AS

REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 2

    A. The Specified Defendants Fail to Show that They Will Suffer Plain Legal Prejudice if Dismissed Without Prejudice .......................... 2

        1. Plaintiff Seeks a Dismissal to Streamline Her Fight for Justice, not for Improper or Abusive Reasons .............................. 2

        2. The Specified Defendants' Desire to Pursue Malicious Prosecution Claims is not Sufficient to Deny Dismissal Without Prejudice ...................................................................... 5

    B. Voluntary Dismissal Should Not Be Conditioned on the Payment of Costs and Attorneys' Fees .................................................................. 8

III. CONCLUSION ............................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aloha Airlines, Inc. v. Mesa Air Grp., Inc.*,
   No. 07-00007 DAEKSC, 2007 WL 2320672, (D. Haw. Aug. 10, 2007) ................................................................................................. 9

*Camilli v. Grimes*,
   436 F.3d 120 (2d Cir. 2006) ............................................................................ 6

*Esquivel v. Arau*,
   913 F. Supp. 1382 (C.D. Cal. 1996) ................................................................ 8

*In re Exxon Valdez*,
   102 F.3d 429 (9th Cir. 1996) ....................................................................... 4, 5

*Koch v. Hankins*,
   8 F.3d 650 (9th Cir. 1993) ............................................................................... 9

*Okolie v. City of Seattle*,
   No. C15-1258 RAJ, 2017 WL 347079 (W.D. Wash. Jan. 24, 2017) ............... 5

*Selas Corp. of Am. v. Wilshire Oil Co. of Texas*,
   57 F.R.D. 3 (E.D. Pa. 1972) ......................................................................... 6, 7

*In re Sizzler Restaurants Int'l, Inc.*,
   262 B.R. 811 (Bankr. C.D. Cal. 2001) ......................................................... 6, 7

*Tahaya Misr Inv. Inc. v. Helwan Cement Co.*,
   No. 2:16-cv-01001-CAS, 2016 WL 6744902 (C.D. Cal. Nov. 14, 2016) ................................................................................................................ 8

*Unioil, Inc. v. E.F. Hutton & Co.*,
   809 F.2d 548 (9th Cir. 1986) ........................................................................... 8

*United States v. Ito*,
   472 F. App'x 841 (9th Cir. 2012) .................................................................... 6

*Westlands Water Dist. v. United States*,
   100 F.3d 94 (9th Cir. 1996) ......................................................................... 5, 8

*Woodfin Suite Hotels, LLC v. City of Emeryville*,
C 06-1254 SBA, 2007 WL 81911 (N.D. Cal. Jan. 9, 2007) .................................. 8

**Statutes**

18 U.S.C. § 1595 ............................................................................................................ 6

18 U.S.C. § 1964(c) ...................................................................................................... 6

28 U.S.C. § 2465 ........................................................................................................... 6

**Other Authorities**

Fed. R. Civ. P. 33 ..................................................................................................... 3, 5

Fed. R. Civ. P. 41 ..................................................................................................... 8, 9

...

## I. INTRODUCTION

Plaintiff has never wavered from her position that all the currently named defendants are responsible for the horrific abuse and trafficking she suffered within La Luz del Mundo ("LLDM"). The purpose of her Motion to Voluntarily Dismiss Specified Defendants Without Prejudice ("Mot." or "Motion") is to substantially streamline this case so that Plaintiff, who has already waited nearly three years since filing her lawsuit, can obtain a faster path to justice. While defendants continue to feign outrage at the nature of Plaintiff's claims, LLDM's leader, the so-called "Apostle," defendant Naasón Joaquín García ("García"), is in prison as a convicted sexual predator. Other survivors have filed lawsuits against LLDM, García, and even against García's wife and son.[1] Other survivors have come forward publicly and garnered media attention. With or without this lawsuit, the defendants Plaintiff seeks to dismiss (the Specified Defendants)[2] are already tainted by their own public connection to a corrupt enterprise and for continuing to publicly support and follow a convicted sexual predator as their leader.

---

[1] *See* Plaintiff's Request for Judicial Notice, filed concurrently herewith, Ex. 1 (*H.F. v. Naason Joaquin García, Iglesia Del Dios Vivo Columna y Apoyo De La Verdada, La Luz Del Mundo, San Diego, CA, and Silverio Coronado*, Case No. 21STCV28927 (Cal. Super. Ct. filed August 5, 2021)) and Ex. 2 (*Jane Doe 1, et al. v. Iglesia Del Dios Vivo Columna y Apoyo De La Verdada La Luz Del Mundo, La Luz Del Mundo (LLDM), LLDM USA Ministries West, LLDM California Ministries, El Consejo de Obispos, Naason Joaquin García, Alondra Ocampo, Susana Medina Oaxaca, Azalea Rangel, Alma Zamora de Joaquin, Adoraim Joaquin Zamora, Eldai Joaquin Zamora, Sibma Joaquin Zamora, and Joram Nunez*, Case No. 22STCV29220 (Cal. Super. Ct. filed Sept. 8, 2022)).

[2] As identified in Plaintiff's Motion, the Specified Defendants are Gilberto García Granados, Jose Hernandez, Uzziel Joaquín, Silverio Coronado, Aurelio Zavaleta, Jose Luis Estrada, Jonathan Mendoza, Benjamin Joaquín García, Alma Elizabeth Joaquín (erroneously sued as Alma Zamora de Joaquín), Adoraim Josadac Joaquín (erroneously sued as Adoraim Joaquín Zamora), and David Mendoza.

1    While the Specified Defendants claim there is no evidence against them, notably, only one of these defendants (Gilberto García Granados ("Granados")) served any discovery on Plaintiff. Plaintiff responded to hundreds of requests from Granados, and he has not sought to meet and confer on any of the requests to which Plaintiff objected. Regardless, discovery in this matter has just begun and Plaintiff is actively participating in this process. The assertion that Plaintiff is avoiding discovery is disingenuous at best (and, at worst, patently false), and a red herring to distract from the lack of merit to the Specified Defendants' position that a dismissal without prejudice will cause them legal prejudice and that any dismissal should be conditioned on Plaintiff's payment of their attorneys' fees and costs.

Plaintiff's Motion to dismiss without prejudice should be granted and the Specified Defendants' request for Plaintiff to pay their costs and attorneys' fees should be denied.

## II.    ARGUMENT

### A.    The Specified Defendants Fail to Show that They Will Suffer Plain Legal Prejudice if Dismissed Without Prejudice

#### 1.    Plaintiff Seeks a Dismissal to Streamline Her Fight for Justice, not for Improper or Abusive Reasons

The crux of the Specified Defendants' argument that they will suffer legal prejudice if dismissed without prejudice focuses on their baseless argument that Plaintiff's request to dismiss them is "abusive" and "reflects [a] bad faith" attempt to avoid discovery. *See* Opp. at 8–9. Plaintiff, however, seeks to dismiss the Specified Defendants to avoid further delays and obtain the justice to which she is entitled. As previously stated, "the large number of defendants in this action necessarily complicates discovery and litigation, and threatens to delay realization of Plaintiff's goals." *See* Mot. at 7. The Specified Defendants' own claim that the existence of extensive discovery disputes threatens the parties' ability to prepare for trial based on the time currently allotted in the Scheduling Order and suggesting

additional time may be required, merely substantiates Plaintiff's position. *See* Opp. to Plaintiff's Motion to Modify the Scheduling Order and Advance the Trial Date (Dkt. 166) at 9.

Additionally, Plaintiff has not avoided discovery at all. Since the conclusion of García's criminal case and the Court's lifting of the discovery stay, Plaintiff has fully engaged in discovery. As identified in Plaintiff's Motion, following the parties' Rule 26 meet-and-confer conference, Plaintiff served her initial disclosures, served written discovery on all defendants, and responded to the written discovery requests served on her. *See* Motion at 9; Declaration of Daniel S. Cha filed in support of Plaintiff's Motions to (1) Voluntarily Dismiss Specified Defendants Without Prejudice and (2) Modify Scheduling Order and Advance the Trial Date ("Cha Decl.") (Dkt. 165) at ¶¶ 2–10; *see also* Declaration of Desiree N. Murray in Support of Plaintiff's Reply to Opposition to Motion to Voluntarily Dismiss Specified Defendants and Reply to Opposition to Modify Scheduling Order and Advance the Trial Date ("Murray Decl.") at ¶¶ 2, 6. The Specified Defendants' claim that they have conducted "substantial [discovery] efforts" is belied by the truth. Only one of the Specified Defendants served any discovery on Plaintiff, Gilberto García Granados.[3] Cha Decl. at ¶ 3. The other ten Specified Defendants have not served any discovery requests. *See generally* Cha Decl. and Murray Decl. Furthermore, Granados served 589 compound interrogatories on Plaintiff, amounting to at least 564 more interrogatories than permitted by the Federal Rules. *See* Fed. R. Civ. P. 33(a) (permitting 25 interrogatories per party). Plaintiff's objection to responding to interrogatories served in violation of the Federal Rules is

---

[3] Two other defendants served Plaintiff with written discovery, LLDM and Communication Center Berea USA LLC ("CCB"), but Plaintiff does not seek to dismiss either of those two defendants. Murray Decl. at ¶ 4. Further, while, the majority of LLDM's document requests were substantially similar and duplicative of that served by Granados, Plaintiff served complete responses to the requests. *Id.* at ¶ 5.

-3-    Case No. 2:20-cv-01437-FWS-AS
REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS

not abusive or an avoidance of discovery. To the contrary, Granados himself sought to abuse the discovery process. For her part, Plaintiff complied with her discovery obligations and fully responded to the first 25 special interrogatories propounded by Granados. Murray Decl. at ¶ 2. In response to Granados's requests for production of documents, Plaintiff agreed to produce relevant, non-privileged documents under an appropriate protective order (and the parties are still meeting and conferring regarding the terms of a protective order). *Id.* Granados has not yet attempted to meet-and-confer with Plaintiff regarding any of her discovery responses. *Id.* at ¶ 7.

For these same reasons, the Specified Defendants' argument that Plaintiff's "discovery responses revealed a complete a complete [sic] absence of evidence to support her claims and grounds for summary judgment" is equally without merit. *See* Opp. at 9. Again, discovery is just beginning, only one Specified Defendant has served discovery, and no party has produced any documents while the parties remain engaged in drafting a stipulated protective order.

Relying on *In re Exxon Valdez*, 102 F.3d 429 (9th Cir. 1996), the Specified Defendants argue that a dismissal after they have spent substantial amounts of money to obtain discovery would prejudice them, but the procedural posture of that case and this one could scarcely be more different. In *Exxon*, the Court denied plaintiffs' motions for voluntary dismissals as "thinly-veiled attempts to avoid discovery" where plaintiffs refused to respond to discovery for over two years and only moved for voluntary dismissal *after* a special master advised them that they would face Rule 37 sanctions. *Id.* at 432. More specifically, in that case, the plaintiffs had brought individual claims that subjected them to discovery, which they wrongly declined to provide, and then they sought to dismiss their federal claims in order to have their claims included with a state court class action in which they would not be subject to discovery as mere class members. *Id*. This is not our case. As stated above, unlike the plaintiffs in *Exxon*, Plaintiff has fully complied with her discovery obligations to date; she has not avoided discovery, much less for two

1  years, nor is she facing any threat of discovery sanctions. Plaintiff will remain
2  subject to discovery by the remaining defendants. Nor have the Specified
3  Defendants engaged in a substantial amount of time or effort in discovery. Indeed,
4  only **one** of the Specified Defendants served any discovery, and that defendant
5  served an abusive amount of interrogatories in excess of the limit provided by Rule
6  33 of the Federal Rules of Civil Procedure. The cost Granados incurred by his
7  counsel's drafting of more than 564 interrogatories in violation of the Federal Rules
8  is not attributable to Plaintiff in any way.

9  Moreover, a "thinly-veiled attempt to avoid discovery" by itself is not
10 grounds to deny a motion for a voluntary dismissal. Indeed, "[t]here is no authority
11 to show that [a thinly-veiled attempt to avoid discovery], standing alone, evidences
12 sufficient legal prejudice such that a court must deny a voluntary motion to
13 dismiss." *Okolie v. City of Seattle,* No. C15-1258 RAJ, 2017 WL 347079, at *1
14 (W.D. Wash. Jan. 24, 2017) (distinguishing *In re Exxon Valdez* and granting
15 voluntary dismissal without prejudice).

16 Defendants cannot meet their burden to show plain legal prejudice to rebut
17 Plaintiff's right to dismiss the Specified Defendants without prejudice based on the
18 status of discovery in this matter.

19       **2.      The Specified Defendants' Desire to Pursue Malicious**
20                   **Prosecution Claims is not Sufficient to Deny Dismissal**
21                   **Without Prejudice**

22 The Specified Defendants argue that a dismissal without prejudice would
23 impair their ability to recover attorneys' fees through a subsequent action for
24 malicious prosecution because "they would be deprived of prevailing party status."
25 Opp. at 10. As Plaintiff established in her Motion, however, the desire to obtain a
26 prevailing party status and recovery of attorneys' fees is not recognized as a basis
27 for "plain legal prejudice." *See* Mot. at 16. To the contrary, "uncertainty because a
28 dispute remains unresolved is not legal prejudice." *Westlands Water Dist. v. United*

-5-  Case No. 2:20-cv-01437-FWS-AS

*States*, 100 F.3d 94, 97 (9th Cir. 1996). The cases cited by the Specified Defendants do not state differently.

Contrary to the claims in this case, the court in *United States v. Ito*, 472 F. App'x 841, 841–842 (9th Cir. 2012) examined the legal prejudice to dismissing defendants who had a ***statutory*** right to recovery attorneys' fees as prevailing parties. The court specifically held that a trial court's dismissal of the government's claims against defendants (claimants) under the Civil Asset Forfeiture Reform Act caused legal prejudice as the dismissal prevented defendants/claimants from obtaining prevailing party status to move for attorneys' fees under the statute. *Id.* at 842. Under the Civil Asset Forfeiture Reform Act, attorneys' fees are available if the "*claimant* substantially prevails." 28 U.S.C. § 2465 (emphasis added). Here, the Specified Defendants do not assert, nor could they, that Plaintiff's claims against them entitle them to recover attorneys' fees as prevailing parties. Indeed, both the Racketeer Influenced and Corrupt Organizations Act and the Trafficking Victims Protection Reauthorization Act permit prevailing ***plaintiffs*** to recover attorneys' fees, not defendants. *See* 18 U.S.C § 1964(c); 18 U.S.C § 1595. Since the Specified Defendants do not have a statutory right to recover fees from Plaintiff's claims, there is no legal prejudice to their potential loss of prevailing party status.

The Specified Defendants' reliance on *In re Sizzler Restaurants Int'l, Inc.*, 262 B.R. 811 (Bankr. C.D. Cal. 2001) and *Selas Corp. of Am. v. Wilshire Oil Co. of Texas*, 57 F.R.D. 3 (E.D. Pa. 1972) for the proposition that the compromise of a malicious prosecution claim is plain legal prejudice is similarly misplaced. Both the *Sizzler* and *Selas* courts specifically recognized "that a general rule barring a dismissal without prejudice in the face of a defendant's stated intention to sue for malicious prosecution would make such dismissals impossible and therefore refrained from implying such a broad rule." *Camilli v. Grimes*, 436 F.3d 120, 124–25 (2d Cir. 2006) (citing *Selas*, 57 F.R.D. at 7 and *Sizzler*, 262 B.R. at 822). Rather, given the advanced nature and unique procedural posture of the litigations (one with

a motion for summary judgment pending; the other involving a plaintiff who had settled her claims with all but one defendant) the courts found that dismissals without prejudice would substantially prejudice the to-be-dismissed defendants. *See Sizzler*, 262 B.R. at 822–23 (cross-plaintiff sought dismissal without prejudice in or around the same time cross-defendant filed a motion for summary judgment); *Selas*, 57 F.R.D. at 5 (plaintiff obtained relief through settlement with all but one defendant, and sought to dismiss remaining defendant). The court in *Sizzler* found that the party seeking a dismissal was not entitled to voluntarily dismiss its counter-claim without prejudice, in part, because the attempt to voluntarily dismiss was an attempt to secure the "avoidance of a resolution of [Defendant's] motion for summary judgment." *Sizzler*, 262 B.R. at 823. In *Selas*, the court denied plaintiff's request to dismiss the hold-out defendant with whom plaintiff could not settle, without prejudice, "simply because the *plaintiff ha[d] obtained the relief it desired* and wishe[d] to return to *status quo ante*." *Selas*, 57 F.R.D. at 6 (emphasis added). Moreover, the hold-out defendant had filed his own counter-claim against the plaintiff, in pursuit of which the defendant had expended considerable resources. *Id.*

Unlike *Sizzler* and *Selas*, this litigation is in its infancy and there are no pending motions to adjudicate the case, and no imminent adverse rulings on the merits. Plaintiff filed her case nearly three years ago, but discovery was stayed before it began pending the outcome of the criminal case against García. The Court just lifted the discovery stay approximately six months ago and discovery is just beginning. Plaintiff has yet to receive any of her requested relief, nor settled with any defendants, nor have any of the Specified Defendants filed or pursued a counter-claim. There simply are no special circumstances here that weigh against applying the default rule of dismissal without prejudice.

Defendants' hypothetical future claim of malicious prosecution is not enough to avoid voluntary dismissal without prejudice and neither *Sizzler* nor *Selas* suggests otherwise.

### B. Voluntary Dismissal Should Not Be Conditioned on the Payment of Costs and Attorneys' Fees

The Specified Defendants request that the Court condition their dismissal without prejudice on Plaintiff's payment of their attorneys' fees and costs, but there simply is no legal right to request (or for the Court to award) such payment based on the circumstances of this case. The Ninth Circuit has made it clear that (1) the expense incurred in defending litigation "does not amount to legal prejudice" and (2) that the "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory. . ." *Westlands Water Dist.,* 100 F.3d at 97. The Specified Defendants have not cited (and Plaintiff has not found) any precedent for conditioning a dismissal of defendants without prejudice on plaintiff's payment of fees and costs where discovery has just begun and no defendant has filed a dispositive motion.

The cases on which Defendants rely, and where courts have awarded costs and fees on dismissal of defendants, involved advanced and extensive litigations or motions for summary judgment, and/or situations where courts awarded costs under Rule 41(d) (which permits a defendant to recover costs if a plaintiff refiles a previously dismissed claim against that defendant). *See e.g.*, *Unioil, Inc. v. E.F. Hutton & Co.,* 809 F.2d 548, 552 (9th Cir. 1986) (trial court awarded fees where plaintiff sought dismissal to avoid discovery, seeking dismissal only after his deposition commenced and refusing to appear for his continued deposition, and seeking to subsume himself as class member in similar class action suit to avoid discovery*)*; *Woodfin Suite Hotels, LLC v. City of Emeryville,* No. C 06-1254 SBA, 2007 WL 81911, at *5 (N.D. Cal. Jan. 9, 2007) (awarding fees for dismissal *after* motions for summary judgment and motions to dismiss were filed); *Tahaya Misr Inv. Inc. v. Helwan Cement Co.,* No. 2:16-cv-01001-CAS, 2016 WL 6744902, at *3 (C.D. Cal. Nov. 14, 2016) (awarding fees in unique circumstance where parties had similar pending litigation in Egypt and extensive litigation occurred regarding

-8-   Case No. 2:20-cv-01437-FWS-AS
REPLY TO OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS

jurisdiction, injunction, contempt, and discovery proceedings); *Esquivel v. Arau,* 913 F. Supp. 1382, 1387 (C.D. Cal. 1996) (awarding fees where plaintiff voluntary dismissed defendant in New York case and then re-filed action in California, finding "[c]osts may be imposed under Rule 41(d) where the plaintiff has brought a second identical, or nearly identical, claim and has requested identical, or nearly identical, relief."); Fed. R. Civ. P. 41(d).

Indeed, cases awarding fees under Rule 41(d) are clearly inapplicable to this action. "In order for Rule 41(d) to apply, the parties must be the same in both actions and the claims in the new action must be the same or based upon claims in the first action." *Aloha Airlines, Inc. v. Mesa Air Grp., Inc.*, No. 07-00007 DAEKSC, 2007 WL 2320672, at *2 (D. Haw. Aug. 10, 2007). There is simply no basis to award fees and costs to Specified Defendants for having to defend a second lawsuit, based on the same claims as those asserted in this action, when a second lawsuit has not been filed. Similarly, since Plaintiff has not filed a second lawsuit against any of the Specified Defendants, it is impossible to determine at this stage whether the fees and costs for any work performed in the this lawsuit could be used in any continuing litigation. *See* Opp. at 13; *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993) (on award of fees, defendant only entitled to recover fees and costs for work not useful in continuing litigation between the parties).

As already stated, while Plaintiff filed her case in February 2020, discovery in the case was stayed, before it began, until the criminal case ended with García's conviction at the end of June 2022. The parties did not serve their first sets of discovery until August 2022 (though ten of the eleven Specified Defendants did not serve any discovery), and the parties did not serve their responses until November 2022. Cha Decl. at ¶¶ 3, 4, 10. There are no dispositive motions pending, and Plaintiff has not refiled her claims in any other court.

Accordingly, no justification exists for the Court to condition dismissal of the Specified Defendants without prejudice on Plaintiff's payment of their attorneys' fees and costs.

### III. CONCLUSION

For the reasons articulated in the Motion and the foregoing, the Motion to voluntarily dismiss the Specified Defendants without prejudice should be granted.

DATED: December 29, 2022     GREENBERG GROSS LLP

By: */s/ Desiree N. Murray*
Deborah S. Mallgrave
Daniel S. Cha
Desiree N. Murray
Attorneys for Plaintiff SOCHIL MARTIN