___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: January 12, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

___

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS SPECIFIED DEFENDANTS WITHOUT PREJUDICE [163] AND DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER [164]**

Before the court are Plaintiff Sochil Martin's ("Plaintiff") Motion to Voluntarily Dismiss Specified Defendants Without Prejudice (Dkts. 163, 165) and Motion to Modify the Scheduling Order and Advance the Trial Date (Dkt. 164). Defendants in this case oppose both motions. (Dkts. 166-67.) Plaintiff filed briefing and supporting materials in reply. (Dkts. 168-71.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** Plaintiff's Motion to Dismiss (Dkt. 163) and **DENIES** Plaintiff's Motion to Modify the Scheduling Order (Dkt. 164).[1]

___

[1] The court **DENIES** Plaintiff's requests for judicial notice of the complaints filed against certain Defendants in separate actions pending in California state court, (Dkt. 170), because the court finds these materials are irrelevant to the instant motions, *see, e.g.*, *Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115 (S.D. Cal. 2018) (declining to take judicial notice of documents that "do not provide any additional relevant information, even if they would otherwise be the proper subject of judicial notice") (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990)).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: January 12, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

**I.      Legal Standards**

   A.      <u>Motion to Voluntarily Dismiss</u>

   A plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). In all other cases, "an action may be dismissed at the plaintiff's request only by [a] court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Where "a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* "Rule 41 generally gives district courts wide discretion to determine whether the dismissal is with prejudice or without prejudice." *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1168 (9th Cir. 2016). But where the applicable notice, stipulation, or court order is silent, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B), (a)(2). "The rule allows the court to attach conditions to the dismissal" if warranted. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 146 (9th Cir. 1982).

   Courts "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (citations omitted). "'[L]egal prejudice' is 'prejudice to some legal interest, some legal claim, [or] some legal argument.'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). However, legal prejudice does not result from "[u]ncertainty because a dispute remains unresolved"; "the threat of future litigation . . . [causing] uncertainty"; or "merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by [a] dismissal." *Smith*, 263 F.3d at 976 (first and second alterations in original) (citations and internal quotation marks omitted). Courts may also consider whether the plaintiff seeking dismissal is attempting to avoid a likely adverse ruling. *See Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:20-cv-01437-FWS-AS                                Date: January 12, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*

    B.    <u>Motion to Amend Scheduling Order</u>

    Pursuant to Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson*, 975 F.2d at 609 (citation and internal quotation marks omitted).  "While a court may take into account any prejudice to the party opposing modification of the scheduling order," *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737, the focus of the Rule 16(b) inquiry "is upon the moving party's reasons for seeking modification," *id.* (quoting *Johnson*, 975 F.2d at 609).  If that party "was not diligent, the inquiry should end."  *Id*. (quoting *Johnson*, 975 F.2d at 609).

II.    **Discussion**

    A.    <u>Motion to Dismiss</u>

    Plaintiffs seek to dismiss Defendants Gilberto García Granados, Jose Hernandez, Uzziel Joaquín, Silverio Coronado, Aurelio Zavaleta, Jose Luis Estrada, Jonathan Mendoza, Benjamin Joaquín García, Alma Elizabeth Joaquín (erroneously sued as Alma Zamora de Joaquín), Adoraim Josadac Joaquín (erroneously sued as Adoraim Joaquín Zamora), and David Mendoza (collectively, "Specified Defendants") from the case, arguing a dismissal without prejudice does not impinge their ability to seek a federal forum in this action or otherwise constitute cognizable legal prejudice.  (*See* Dkt. 163 at 12-17.)  Specified Defendants contend that they will suffer prejudice because this case has been pending for three years, and a dismissal without prejudice will impair their ability to bring malicious prosecution claims against Plaintiff.  (Dkt. 167 at 4-11.)  Specified Defendants also seek costs and fees as a condition if the court dismisses them from this action.  (*Id.* at 12-13.)  Plaintiff asserts that she seeks to dismiss Specified Defendants to streamline the issues in this litigation rather than for an improper purpose, and Specified Defendants will not suffer legal prejudice because any malicious prosecution claims they seek

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: January 12, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

to bring are speculative at this time.  (Dkt. 169 at 2-7.)  Finally, Plaintiff urges that costs and fees are unwarranted because discovery is just now commencing, there are no pending dispositive motions, and Plaintiff has not sought to refile claims in another court.  (*Id.* at 7-10.)

The parties each point to persuasive authority supporting their position that a dismissal without prejudice impacting a potential malicious prosecution claim may, or may not, constitute legal prejudice.  *Compare Camilli v. Grimes*, 436 F.3d 120, 124 (2d. Cir. 2006) (the loss of ability to file a malicious prosecution claim when the Rule 41(a)(2) dismissal is granted without prejudice is not "plain legal prejudice"), *with In re Sizzler Restaurants Int'l, Inc.*, 262 B.R. 811, 821 (Bankr. C.D. Cal. 2001) (finding the counterclaim defendant would "suffer legal prejudice as a result of a dismissal without prejudice because her ability to bring suit against [the counterclaimant] for malicious prosecution would be compromised" and noting that "[a] determination on the merits is necessary to maintain a malicious prosecution claim under California law").

In *In re Sizzler*, the court found the counterclaim defendant's argument she would suffer prejudice as a result of her dismissal from the action because her potential subsequent action for malicious prosecution would be foreclosed upon.  262 B.R. at 821-23.  In *Camilli*, the Second Circuit took the opposite view, reasoning that "if loss of the opportunity to initiate a malicious prosecution suit could defeat a dismissal of a plaintiff's suit without prejudice, every defendant could insist on a dismissal with prejudice by asserting an intention to sue for malicious prosecution."  436 F.3d at 124.  The Second Circuit distinguished from *In re Sizzler* and *Selas Corp. v. Wilshire Oil Co.*, 57 F.R.D. 3, 6 (E.D.Pa.1972), another case cited by Defendants, because those district courts "recognized that a general rule barring a dismissal without prejudice in the face of a defendant's stated intention to sue for malicious prosecution would make such dismissals impossible and therefore refrained from implying such a broad rule" but found that the "equities" in those cases favored preventing dismissing the subject defendants without prejudice.  *See* 436 F.3d at 124-25.

Based on the record before it, the court finds Specified Defendants have not sufficiently demonstrated legal prejudice to a potential malicious prosecution counterclaim warranting the denial of Plaintiff's Motion to Dismiss.  Specified Defendants point to an email they sent to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-01437-FWS-ASDate: January 12, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*

Plaintiff dated April 28, 2020, in which Defendants signal their intent to Plaintiff that they would file an action for malicious prosecution with respect to Mrs. Joaquin and Mr. Zamora, (*See* Dkt. 167-1, Exh. A), but no claim of this nature is currently pending before the court. Additionally, though this case has been pending for three years, the parties note that initial discovery disclosures and responses began recently on November 11, 2022, as result of the stay of this case from September 29, 2020, to June 3, 2022, at the request of the State of California. (*See* Dkts. 108; 114; 132; 138; 150; 165 ¶ 10; 166-1 ¶¶ 11-12.) Moreover, as Plaintiff notes, no motions challenging the merits of the case are before the court, and thus the court does not find Plaintiff seeks to avoid a contrary ruling. *See Terrovona*, 852 F.2d at 429. Based on these considerations, the court finds Specified Defendants have not sufficiently demonstrated that they will suffer plain legal prejudice amounting to more than mere uncertainty or the potential for future litigation as a result of their dismissal. *See, e.g.*, *Smith*, 263 F.3d at 976. Accordingly, the court finds Defendants' arguments too speculative to warrant denying Plaintiff's Motion to Dismiss. *See In re Sizzler*, 262 B.R. at 822 n.8 (noting that "plain legal prejudice does not arise from defendant's missed opportunity for a legal ruling on the merits" alone) (cleaned up).

For similar reasons, the court declines to award costs and fees under Federal Rule of Civil Procedure 41(a)(2). As an initial matter, though Specified Defendants contend costs and fees should be awarded to protect their interests and because "the vast majority, if not all, of the resources devoted to this litigation will have been wasted and any work done by the Individuals Defendants' counsel will not be useful to them in the future," (Dkt. 167 at 13), Specified Defendants submit no materials from which the court could specifically discern the appropriate amount of costs and fees to award, or identify with particularity the work product Specified Defendants assert will be rendered useless by dismissal. *See Westlands Water Dist.*, 100 F.3d at 97 ("[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.") (citations omitted). Moreover, as noted above, discovery is in its infancy and there are no dispositive motions related to Specified Defendants pending before the court. Accordingly, the court declines to exercise its discretion to condition dismissal on an award of costs and fees to Plaintiff at this time. *See Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (holding that a Rule 41(a)(2) motion "is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-01437-FWS-AS                                              Date: January 12, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*

addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion"). However, nothing in this Order should be construed as preventing Specified Defendants from bringing a motion to recover costs and fees in the event a second suit is filed, to the extent Specified Defendants have incurred costs from this suit for discovery, motion practice, or any other items, which they are able to demonstrate cannot be used in the second or future litigation. *See Sacchi v. Levy*, 2015 WL 12765637, at *8 (C.D. Cal. Oct. 30, 2015) (conditioning dismissal "on an award to defendants of attorneys' fees in the event a second suit is filed" where the court "determined that it is appropriate to permit [plaintiff] to dismiss the action without prejudice, and because [plaintiff] may assert the same claims in a future action").

      B.     Motion to Modify the Scheduling Order

Plaintiff argues she has demonstrated good cause to advance deadlines in this action because her Motion to Dismiss will streamline the case and therefore reduce discovery obligations. (Dkt. 164 at 11-13; *see also* Dkt. 168 at 3-5.) Defendants contend that Plaintiff's argument based on her pending Motion to Dismiss is speculative, and that Plaintiff has insufficiently demonstrated good cause to modify the current scheduling order to which she previously agreed and on which Defendants rely. (Dkt. 166 at 5-9.)

The court finds Plaintiff has insufficiently demonstrated good cause to advance the trial date in this matter. After this case was reassigned and the court lifted the stay in this matter, (Dkts. 145, 150), the parties submitted a Joint Rule 26(f) Report, which this court adopted on September 2, 2022, as the operative schedule in this case, (Dkts. 152, 154). Plaintiff's materials do not demonstrate Plaintiff would suffer prejudice from the current schedule to which Plaintiff agreed, only that Plaintiff believes dismissing the Specified Defendants would reduce the scope of this litigation such that an accelerated schedule could be accommodated. Moreover, Plaintiff sought and the court grants dismissal of Specified Defendants *without* prejudice; e.g., Plaintiff is not barred from bringing claims against them in the future based on that dismissal alone. Accordingly, the court finds these assertions insufficient and too speculative to demonstrate good cause to advance deadlines in this matter, in particular because discovery is in its early stages and Plaintiff previously agreed to the operative schedule in this case. *See Skillz Platform*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: January 12, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

*Inc. v. AviaGames Inc.*, 2022 WL 982521, at *2 (N.D. Cal. Mar. 31, 2022) (finding plaintiff failed to show good cause to advance the trial date based on "reduced" discovery obligations and denying motion to amend the scheduling order despite plaintiff filing the motion diligently in light of potential prejudice to defendant).  Accordingly, the court **DENIES** Plaintiff's Motion to Modify the Scheduling Order.

**III.   Disposition**

For the reasons set forth above, the court **GRANTS** Plaintiff's Motion to Dismiss (Dkt. 163) and **DENIES** Plaintiff's Motion to Modify the Scheduling Order (Dkt. 164).  The court **DISMISSES WITHOUT PREJUDICE** Defendants Gilberto García Granados, Jose Hernandez, Uzziel Joaquín, Silverio Coronado, Aurelio Zavaleta, Jose Luis Estrada, Jonathan Mendoza, Benjamin Joaquín García, Alma Elizabeth Joaquín (erroneously sued as Alma Zamora de Joaquín), Adoraim Josadac Joaquín (erroneously sued as Adoraim Joaquín Zamora), and David Mendoza.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku