DEBORAH S. MALLGRAVE, State Bar No. 198603
  DMallgrave@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
DESIREE N. MURRAY, State Bar No. 330079
  DMurray@GGTrialLaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
HAGEREY MENGISTU, State Bar No. 290300
  HMengistu@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>LA LUZ DEL MUNDO, et al.<br><br>      Defendants. | Case No. 2:20-cv-01437-FWS-AS<br><br>**DISCOVERY MATTER**<br>**PLAINTIFF'S NOTICE OF MOTION AND L.R. 37-1 JOINT STIPULATION RE: PLAINTIFF'S MOTION FOR LEAVE PURSUANT TO FED.R.CIV.P. 30(a)(2)(B) TO TAKE THE DEPOSITION OF DEFENDANT NAASON GARCIA WHILE HE IS IN PRISON**<br><br>Date:        April 18, 2023<br>Time:       10:00 a.m.<br>Courtroom:   10D<br><br>Discovery Cutoff:  Sep. 8, 2023<br>Pretrial Conf.:    Feb. 8, 2024<br>Trial Date:      Feb. 27, 2024<br><br>Magistrate Judge:   Hon. Alka Sagar |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 18, 2023 at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 540 of the above-entitled Court, located at 255 E. Temple Street, Los Angeles, California 90012, Plaintiff Sochil Martin (hereinafter "Martin") will and hereby does move the Court for an order, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), granting leave for Martin to take the deposition of Defendant Naasón Joaquín García (hereniafter "García"). This motion is made on the ground that García is currently incarcerated in state prison at the California Institution for Men, and his current parole eligibility date is not until March 2031.  In addition, García is a party defendant whom Martin contends was a direct perpetrator of the abuse and misconduct against Martin which is the subject of this action.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Daniel S. Cha, this Court's file, and upon such further evidence, oral or documentary, as may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 and 37-1, which was initiated on November 10, 2022 and included multiple telephonic and email communications.

DATED:  March 24, 2023          GREENBERG GROSS LLP


By:      /s/ Daniel S. Cha
         Deborah S. Mallgrave
         Daniel S. Cha
         Attorneys for Plaintiff SOCHIL MARTIN

## JOINT STIPULATION

**I.     PARTIES' BRIEF INTRODUCTORY STATEMENTS.**

**A.     Plaintiff's Introductory Statement.**

Plaintiff Socil Martin (hereinafter "Martin") has brought this action after she suffered years of torment, including sexual assault, sexual servitude, forced labor, and other abuse at the hands of defendants as part of a decades-long pattern of institutionalized child abuse and human trafficking, and racketeering activity. Martin suffered most directly at the hands of Defendant Naasón Joaquín García (hereinafter "García"), the so-called "Apostle" and head of Defendant La Luz del Mundo (hereinafter "LLDM") and Defendant Communication Center Berea U.S.A. LLC (sued as International Berea USA, hereinafter "Berea"). It was García who directly perpetrated the abuse Martin suffered.

Moreover, García's reign of terror was not limited to Martin. After Martin liberated herself, she has courageously dedicated her life to help others who have been harmed and to expose the abuses and misconduct of Defendants. Martin has publicly advocated for justice and accountability not just for herself, but on behalf of the innumerable known and unknown survivors of Defendants' abuses. Eventually, García was arrested, charged, and convicted in state court in June 2022 on multiple felony counts of child sexual assault. Cha Decl. at ¶ 2. He was sentenced in September 2022 to a term of imprisonment of 16 years and 8 months. Cha Decl. at ¶ 3. According to the California Department of Corrections and Rehabilitation, he is currently imprisoned at the California Institution for Men (Chino, California) and his parole eligibility date is not until March 2031. Cha Decl. at ¶ 4.

The litigation coordinator for the California Institution for Men has advised that they will need three weeks' notice to make necessary arrangements, as well as clearance forms submitted for all in-person attendees at least two weeks prior to the deposition. Cha Decl. at ¶ 5.

/ / /

1   After an extensive delay to the start of discovery as a result of the pendency

2   of García's criminal proceedings, Martin is ready, willing, and eager to depose

3   García as soon as possible.

4   **B.   Defendants' Introductory Statement.**

5   In nearly every brief Ms. Martin ("Plaintiff") files with this Court (not to

6   mention every press conference she schedules and attends and every documentary in

7   which she appears), Plaintiff repeats her story that (1) Defendants (apparently all of

8   them) sexually assaulted her for over three decades and forced her to work over

9   30,000 hours of unpaid labor (including – unbelievably - over 3,800 in the first 10

10  months of 2016 alone) and (2) that her case has been unfairly delayed.  First, her

11  claims (which will be resolved on the merits soon enough) are false.  More

12  importantly, with respect to this Motion, they are not relevant.  The sole question is

13  procedural – whether leave of Court should be granted to depose a witness who is

14  presently in prison (Mr. García).  Second, Plaintiff's contention that her case has

15  been delayed rings hollow.  The evidence establishes that she caused the delay.  It

16  has been Defendants who have diligently sought discovery and Plaintiff who has

17  caused the delays (including working with the Department of Justice to stay this

18  action for nearly two years).

19  On the merits of this Motion, Defendant Naasón Joaquín García's ("García")

20  response is as follows:  Defense counsel has been unable to communicate with

21  García to date, due to his current location in prison and the procedural issues in

22  meeting with Garcia. However, while he may not object to the taking of his

23  deposition in prison, subject to final client confirmation, the anticipated objection

24  lies with the timing of the deposition.

25  Allowing Plaintiff to proceed with Garcia's deposition at this time is

26  prejudicial and unjust and would sanction Plaintiff's discovery abuses in this action.

27  As explained herein, Plaintiff has hid and withheld relevant and discoverable

28  documents and information – some or all of which Plaintiff intends to present or use

-4-

at Garcia's deposition.  Entering an order permitting the deposition to take place on a unilaterally set date before Plaintiff completes her production is patently unfair. For the reasons stated herein, Defendants jointly request that the Court enter an Order denying the Motion and entering an Order sequencing discovery such that García's deposition shall take place after Plaintiff's document production is complete.

## II.    ISSUE IN DISPUTE.

### A.    Plaintiff's Version:

Whether leave should be granted for Martin to take the deposition of García while he is incarcerated in prison, pursuant to Rule 30(a)(2)(B).

### B.    Defendants' Version:

Whether leave should be granted for Martin to take the deposition of García while he is incarcerated in prison, pursuant to Rule 30(a)(2)(B) and on a date unilaterally set before Plaintiff's production is complete.

## III.   PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES.

### A.    Plaintiff: Leave To Take García's In-Custody Deposition Must Be Granted Because It Falls Squarely Within The Scope Of Discovery And Is Essential To Martin's Case.

The Federal Rules of Civil Procedure provide, in pertinent part: "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):… if the deponent is confined in prison."  Fed.R.Civ.P. 30(a)(2)(B).  This provision dates back to 1938 and its purpose may have been to "prevent unnecessary disruption of the administration of the penal institution itself." *Kendrick v. Schorbus*, 655 F. 2d 727, 728-29 (6th Cir. 1981).  Here, the relevant penal institution has advised of its requirements: three weeks' notice of the deposition, and submission of clearance forms for all attendees at least two weeks prior to the deposition.  Cha Decl. at ¶ 5.  Martin recognizes the manifest reasonableness of these terms, and agrees to their imposition as conditions for taking

the deposition García. *See Griffin v. Johnson*, 2016 WL 4764670, *1 (E.D. Cal. 2016) (granting leave to depose prisoner party, but expressly deferring to prison officials regarding safety and security measures).

Otherwise, the plain language of the Rule requires that leave be granted "to the extent consistent with Rule 26(b)(1) and (2)." The former sets forth the authorized scope of discovery in general:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

The latter provides that a Court must limit discovery if it determines:

> (i)   the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii)  the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed.R.Civ.P. 26(b)(2). The burden is on the objecting party to show why leave should not be granted. *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 578-59 (N.D. Tex. 2002).

There is no reason leave should not be granted. García is not up for parole until 2031, so taking his in-custody deposition is the only way Martin can secure his testimony. *Compare Williams ex rel. Williams*, 210 F.R.D. at 579 (postponing deposition of incarcerated juvenile until release because that would leave six months to complete discovery) *with Becker v. OSB Investment, LLC*, 2019 WL 12381108 (C.D. Cal. Apr. 5, 2019) (granting leave to depose prisoner not scheduled to be released until after trial date). In addition, García is the sole individual defendant,

-6-

the individual who perpetrated the abuse that is the subject of Martin's complaint, and the head of the entity defendants and the alleged RICO enterprise.  In other words, his testimony is unique, essential and crucial to Martin's case.

On the other hand, there is no conceivable unreasonable burden to Defendants to take García's deposition in prison.  Indeed, the location of the prison itself does not present any significant challenge insofar as it is located in Chino, California – Defendants' respective counsel of record are based out of offices in Newport Beach and Los Angeles that are less than 50 miles distant.  Cha Decl. at ¶ 6.

Under these circumstances, leave to take García's in-custody deposition should be granted as a matter of course.  *Miller v. Bluff*, 131 F.R.D. 698, 700 (M.D. Penn. 1990) (granting leave *sua sponte* to depose prisoner plaintiff); *Meeks v. Nunez*, 2016 WL 773222 (S.D. Cal. Feb. 29, 2016) (same); *Becker v. OSB Investment, LLC*, 2019 WL 12381108 (C.D. Cal. Apr. 5, 2019) (granting leave to depose civil defendant serving sentence from related criminal case); *Medina v. County of Los Angeles*, 2022 WL 16847547 (C.D. Cal. 2022) (granting leave to depose prisoner eyewitness).

## 1.    Plaintiff's Proposal to Resolve the Dispute During Conference of Counsel.

Martin's counsel initially reached out to counsel for Defendants[1] about this issue via email on November 10, 2022, asking for the parties to stipulate for granting of leave pursuant to the Rule and inviting a further discussion to meet and confer.  Cha Decl. at ¶ 8.  On November 16, 2022, the parties' counsel met and conferred on a number of issues, including the subject matter of this motion; Defendants' counsel said they believed Defendants would not agree to stipulate, but

---

[1] At the time, Geoffrey Neri of Brown, Neri, Smith & Khan LLP represented a number of individual defendants who were dismissed on January 12, 2023.  *See* Docket No. 173.  However, Mr. Neri then associated as counsel of record for Berea on January 19, 2023.  *See* Docket No. 174.

Case No. 2:20-cv-01437-FWS-AS

PLAINTIFF'S MOTION FOR LEAVE PURSUANT TO FED.R.CIV.P. 30(a)(2)(B) TO TAKE THE DEPOSITION OF DEFENDANT NAASON GARCIA WHILE HE IS IN PRISON

they would follow up with their clients to confirm, and the parties otherwise discussed calendaring a potential Motion for Leave (along with other motions) to be heard by January 5, 2023 (later changed to January 12, 2023).  Cha Decl. at ¶ 10. On December 13, 2022, the litigation coordinator at the prison where García was being held at the time informed Martin's counsel the facility was an initial temporary reception center for inmates transferred from county custody, and that García would be transferred to a more permanent housing location in the indefinite near future.  Cha Decl. at ¶ 11.  Martin's counsel provided the information to Defendants' counsel, noted that Martin would wait and check with the new facility for their particular requirements to coordinate the deposition before filing a Motion for Leave.  Cha Decl. at ¶ 12.

After García was transferred to the California Institution for Men, Martin's counsel called the litigation coordinator's office for the facility to inquire about the facility's requirements to take García's deposition and left a message.  Cha Decl. at ¶ 13.  On February 7, 2023, Martin's counsel spoke with Defendants' counsel and informed them that Martin was waiting to hear back from the litigation coordinator from the California Institution for Men; during that conversation, counsel for García stated he would get back to Martin's counsel about whether Defendants would stipulate rather than require a motion.  Cha Decl. at ¶ 14.  During the February 7, 2023 communication among counsel, García's counsel suggested that deposition of García as an "apex" officer of the defendant entities would be premature; Martin's counsel pointed out that García would be deposed not just as an "apex" officer, but as the alleged direct perpetrator of Martin's abuse.  Cha Decl. at ¶ 15.

On February 10, 2023, Martin's counsel heard back from the litigation coordinator's office and obtained information regarding the facility's requirements. Cha Decl. at ¶ 16.  Martin's counsel forwarded the information to Defendants' counsel and asked again for the Defendants to agree by February 17, 2023 to stipulate for an order granting leave to depose García in custody.  Cha Decl. at ¶ 17.

Case No. 2:20-cv-01437-FWS-AS

On February 13, 2023, García's counsel stated he would inquire about whether García would stipulate, but again questioned the timing of García's deposition in light of pending document production by Martin.  Cha Decl. at ¶ 18.  Martin's counsel reiterated that García would be deposed not just as an apex officer of the entity defendants, but in his own right as the alleged direct perpetrator of Martin, and that there was no need to wait until Martin's document production was concluded.  Cha Decl. at ¶ 19

On February 17, 2023, García's counsel informed Martin's counsel that he would not be able to communicate with García until March 15, 2023, so would not be able to stipulate for that reason; García's counsel questioned the appropriateness of a deposition "before March 15, 2023" [sic] due to his limited access to García and the ongoing production of documents by Martin in response to discovery.  Cha Decl. at ¶ 20.  Martin's counsel pointed out that the issue of leave to depose García had been raised at the end of 2022, so García had ample time to decide whether to stipulate or not.  Cha Decl. at ¶ 21. As a proposed compromise, Martin's counsel offered to notice the motion so that any opposition would not be due until a week after March 15, 2023, affording García's counsel time to confer with his client.  Cha Decl. at ¶ 22.

On February 27, 2023, García's counsel asserted he had acted diligently in terms of inquiring of his client whether to stipulate, declined Martin's counsel's compromise on timing of the motion, and again raised the issue of incomplete production of Martin's documents as a basis to delay García's deposition.  Cha Decl. at ¶ 23.  Martin's counsel responded, disagreeing with regard to García's counsel's diligence in confirming whether García would stipulate, and pointing out (with regard to the issue of ongoing discovery production) that Rule 26(d)(3) expressly provides that "[M]ethods of discovery may be used in any sequence; and… discovery by one party does not require any other party to delay its discovery."  Cha Decl. at ¶ 24.

-9-   Case No. 2:20-cv-01437-FWS-AS

Counsel for Martin and counsel for García had a further conversation on March 7, 2023 during which they reiterated the positions set forth as of February 27, 2023.  Cha Decl. at ¶ 25.  Accordingly, Martin has more than exhausted her efforts to avoid formal court intervention.

**B.**   **<u>Defendants: Good Cause Exists to Deny Plaintiff's Motion and to Enter an Order Sequencing Discovery.</u>**

**1.**   **Relevant Factual Background.**

On February 12, 2020, Plaintiff filed a 65-page, 270-paragraph Complaint initiating this action. (ECF No. 1.)  The next day, Plaintiff and her counsel of record held a 45-minute "news conference" in downtown Los Angeles and publicly recounted her allegations of forced labor, involuntary servitude, sex trafficking, and RICO conspiracy, among others, that comprise her Complaint.  (Aljian Decl., ¶ 2.) The following morning, Plaintiff was featured on the front page of the Los Angeles Times, which ran a long article covering her and her allegations.  (*Id.*)  In March 2020, Plaintiff starred in a Showtime documentary in which she repeated the allegations of her Complaint.  (*Id.* at ¶ 3.)

On May 20, 2020, after all answering defendants appeared, the Court entered its Scheduling Order, which set August 24, 2020, as the deadline for the parties to meet and confer in advance of the September 14, 2020, conference.  (ECF No. 39.) In that Order, the Court advised the parties "to begin to conduct discovery actively before the Scheduling Conference required by Rule 16(b)."  (*Id.* at p.2, n. 1.)

On the same day that the Scheduling Order was entered, Defendants' counsel requested that the parties participate in the Rule 26 Conference on May 22, 2020. (Aljian Decl., ¶ 4.)  Plaintiff refused to participate after repeated requests.  (*Id.*)

On June 10, 2020, Defendants were forced to file a Joint Motion to Order Plaintiff to Participate in Rule 26 Conference.  (ECF No. 49.)

Just two days later, on June 12, 2020, and by some miracle, the California Attorney General's Office appeared and filed a Motion to Intervene and Stay Civil

Discovery During Pendency of Criminal Proceedings of García on behalf of the People of the State of California.  (ECF No. 50.)  Given the timing of the two motions, logic dictates that Plaintiff contacted the Attorney General's Office and asked it to intervene and stay discovery.

All the while, Plaintiff gave interviews and starred in multiple documentaries, including one released by HBO on or about December 6, 2022.  (Aljian Decl., ¶ 7.)

On June 3, 2022, Garcia entered a plea. (ECF No. 149.)  On June 13, 2022, the Court issued an Order setting a Rule 26(f) Scheduling Conference for September 8, 2022, and lifted the discovery stay as of June 23, 2022. (ECF Nos. 148, 150.)  On August 31, 2022, the Parties' Joint Report and the Scheduling Worksheet were filed, which the Court adopted on September 2, 2022. (ECF Nos. 152, 154.)

After being forced to wait almost two years, Defendants immediately commenced discovery, serving interrogatories and document requests in August and November 2022.   (Aljian Decl., ¶¶ 5-6.)  Plaintiff's responses were (and continue to be) defective, evasive, and incomplete.  (*Id.* at ¶¶ 8-10.)  Plaintiff did not produce any responsive documents until February 10, 2023.  (*Id.* at ¶ 11.)  Plaintiff produced a second set of records on March 6, 2023.  (*Id.*)  However, Plaintiff's production remains incomplete.  (*Id.*)  Among other things, Plaintiff is withholding her communications with government agencies regarding her claims against Defendants and all or a majority of her social media messages regarding Defendants (she may have unlawfully despoiled some or all of this evidence).  (*Id.*)  Additionally, in the HBO documentary, Plaintiff's counsel of record (Ms. Mallgraves) represented that there was an ongoing FBI investigation of García and/or Defendants.  (*Id.* at ¶ 7.)  Clearly, these communications are highly relevant to the claims asserted against Garcia and the rest of the Defendants.

/ / /

/ / /

**2.** **The Court is Authorized to Deny Plaintiff's Request, or Prescribe Other Limitations.**

Ordinarily, methods of discovery may be used in any sequence and discovery by one party does not require any other party to delay its discovery.  (Fed. R. Civ. P. 26(d)(3).)  However, this general rule is subject to stipulation of the parties as well as the "clear and explicit" power of the court "to establish priority by an order issued in a particular case[]" in furtherance of the interests of justice.  (*See id.*, Advisory Committee Notes to 1970 Amendment.)  Furthermore, "[t]he deposition of a person confined in prison may be taken only with leave of court *on such terms as the court prescribes*."  (*Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 578 [emphasis added]; *see Lopez v. Williams* (C.D. Cal., June 21, 2018) 2018 WL 6113086, at *4; Fed R. Civ. P. 30(a)(2)(B).)  "Presently, to depose a prisoner, the Federal Rules provide 'the court must grant leave to the extent consistent with Rule 26(b)(1) and (2).'"  (*Lopez v. Williams*, 2018 WL 6113086, at *4 [citing Fed R. Civ. P. 30(a)(2)(B)].)

Additionally, Rule 26(d)(3) permits the Court to issue orders altering the sequence of discovery upon a showing of good cause, *i.e.*, specific reasons for the parties' and witnesses' convenience and in the interests of justice. (*See Stein v. Tri-City Healthcare Dist.* (S.D. Cal., Feb. 4, 2014) 2014 WL 458021, at *1 [citing pre-2015 version of Rule 26(d)(3), previously codified as Rule 26(d)(2)]; *see* Advisory Committee Notes to 2015 Amendment of Rule 26.)

**3.** **Plaintiff's Motion for Leave is Premature.**

Plaintiff refused García's reasonable request to be given an opportunity to consult with his counsel concerning the terms of an agreeable stipulation.  In December 2022, Plaintiff's counsel acknowledged that Plaintiff would not be able to proceed with García's deposition until after she received further instruction upon completion of García's pending transfer to another correctional facility.  (Cha Decl., ¶¶ 10-12.)  Plaintiff received those instructions on February 10, 2023.  (*Id.* at ¶¶ 13-

14.)  On February 17, 2023, Defendants' counsel informed Plaintiff's counsel that the first available date for attorney visits with García was March 15, 2023, and proposed that the Parties revisit the issue shortly after that date.  (Aljian Decl., ¶ 12, Ex. A.)  Due to an ongoing trial conflict preventing Defendants' counsel to consult with García, Defendants' counsel requested a brief extension of time to respond, but Plaintiff refused.  (*Id.*)  In fact, on March 15, 2023, Defendants' counsel was in Monterey, California conducting a jury trial and is still waiting for clearance from the California Institution for Men to meet with García.  (*Id.* at ¶¶ 13-15.)

### 4.   Good Cause Exists to Sequence Discovery.

In making this Motion, Plaintiff contends that "there is no conceivable unreasonable burden to Defendants" for not stipulating to an Order granting leave to depose García.  Plaintiff accuses Defendants of withholding their agreement to stipulate as a means of delaying García's deposition, citing her initial meet and confer efforts as early as November 10, 2022.  That is not the case.  First, Defendants are not the party who have delayed this case.  Plaintiff has delayed this case.  She refused to participate in discovery two years ago.  She has refused to timely respond to discovery.  She continues to withhold relevant and responsive documents.  She makes very public allegations of a further criminal investigation, but withholds any further information (obviously, the existence of other criminal investigations is directly relevant to the taking of discovery and deposition of Garcia).  Plaintiff had almost two years during the discovery stay to collect, identify, and prepare relevant documents for production in this matter to support her case.  However, she did not do so and Defendants should not be prejudiced by her delay.

Plaintiff insists that Defendants' concerns over the sequencing of discovery are of no consequence and may be had without regard for the potential for prejudice, the existence of actual prejudice, and the interests of justice.  This is false.  Defendants served discovery in August and November 2022.  Plaintiff only recently began producing documents.  The production remains incomplete.  Defendants have

no reasonable basis of ascertaining the extent of the records in Plaintiff's possession, custody, or control.  However, it is clear that Plaintiff is withholding many responsive documents, including communications about Defendants to government agents (in the United States and Mexico) and social media messages to other persons, including her use of her social pseudonym "survivalkid and survialkid56."

It is without dispute that Plaintiff has the burden of proving the basis for her claims.  Plaintiff has greater and/or sole access to the information requested by Defendants through their discovery requests.  Plaintiff has not confirmed when the remaining responsive documents will be produced nor disclosed the nature of those records.  Withholding those documents and precluding Defendants' counsel from having the opportunity to review records that may be used to question García is prejudicial, oppressive, and unduly burdensome, particularly where the deposition will be conducted at a correctional facility and the Parties do not have the convenience of conducting, attending, and rescheduling depositions as in a typical deposition setting.

For these reasons, Defendants respectfully and jointly request that the Court enter an Order denying Plaintiff's Motion and enter an Order sequencing discovery such that García's deposition shall take place after Plaintiff's document production is complete.

PLAINTIFF'S MOTION FOR LEAVE PURSUANT TO FED.R.CIV.P. 30(a)(2)(B) TO TAKE THE DEPOSITION OF DEFENDANT NAASON GARCIA WHILE HE IS IN PRISON

1  DATED:  March 24, 2023          GREENBERG GROSS LLP

2

3

4                                  By:        /s/ Daniel S. Cha
                                        _____
5                                       Deborah S. Mallgrave
                                        Daniel S. Cha
6                                       Attorneys for Plaintiff SOCHIL MARTIN

7  Dated:  March 23, 2023          DAILY ALJIAN LLP

8
                                   By:    /s/ Reed Aljian
9                                       _____
                                        Reed Aljian
10                                      Attorneys for Defendants,
                                        LA LUZ DEL MUNDO, an
11                                      unincorporated association, NAASÓN
                                        JOAQUIN GARCIA, and
12                                      COMMUNICATION CENTER
                                        BEREA U.S.A. LLC, erroneously sued
13                                      as INTERNATIONAL BEREA USA

14

15

16  Dated:  March 23, 2023          WERKSMAN JACKSON & QUINN LLP

17
                                   By:    /s/ Caleb Mason
18                                      _____
                                        Caleb Mason
19                                      Attorneys for Defendant,
                                        NAASÓN JOAQUIN GARCIA
20

21

22

23

24

25

26  _____

27      ² Pursuant to L.R. 5-4.3.4(a)(2), I hereby attest that all other signatories listed,
    and on whose behaf the filing is submitted, concur in the filing's content and have
28  authorized the filing.