1  DEBORAH S. MALLGRAVE, State Bar No. 198603
    *DMallgrave@GGTrialLaw.com*
2  DANIEL S. CHA, State Bar No. 260256
    *DCha@GGTrialLaw.com*
3  DESIREE N. MURRAY, State Bar No. 330079
    *DMurray@GGTrialLaw.com*
4  **GREENBERG GROSS LLP**
   650 Town Center Drive, Suite 1700
5  Costa Mesa, California 92626
   Telephone: (949) 383-2800
6  Facsimile: (949) 383-2801

7  MICHAEL RECK, State Bar No. 209895
    *MReck@AndersonAdvocates.com*
8  HAGEREY MENGISTU, State Bar No. 290300
    *HMengistu@AndersonAdvocates.com*
9  **JEFF ANDERSON & ASSOCIATES**
   12011 San Vincente Boulevard, #700
10 Los Angeles, California, 90049
   Telephone: (310) 357-2425
11 Facsimile: (651) 297-6543

12 Attorneys for Plaintiff SOCHIL MARTIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN, | Case No. 2:20-cv-01437-FWS-AS |
| Plaintiff, | **DECLARATION OF DANIEL S. CHA IN SUPPORT OF MOTION FOR LEAVE PURSUANT TO FED.R.CIV.P. 30(a)(2)(B) TO TAKE THE DEPOSITION OF DEFENDANT NAASON GARCIA WHILE HE IS IN PRISON** |
| v. | |
| LA LUZ DEL MUNDO, an unincorporated association, et al. | |
| Defendants. | Courtroom: 10D |
| | Judge: Hon. Fred W. Slaughter |

I, Daniel S. Cha, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California. I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin in this action. The facts stated herein are within

my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2.     Defendant Naasón Joaquín García (hereinafter "García") was eventually arrested, charged, and then convicted in state court in June 2022 on multiple felony counts of child sexual assault.

3.     García was sentenced in September 2022 to a term of imprisonment of 16 years and 8 months.

4.     As recently as March 9, 2023, I checked the website for the California Department of Corrections and Rehabilitation's Public Inmate Locator System and found information for García, which is publicly available at the following URL: https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=BS9418.  According to the Department of Corrections and Rehabilitation, he is currently imprisoned at the California Institution for Men in Chino, California, and his parole eligibility date is not until March 2031.

5.     On February 10, 2023, I spoke and exchanged email with the litigation coordinator for the California Institution for Men. The litigation coordinator informed me that the facility requires three weeks' notice before the deposition to make necessary arrangements, and that clearance forms for each in-person attendee must be submitted at least two weeks prior to the deposition.

6.     Counsel of record for defendants are based in offices located in Newport Beach, the west side of Los Angeles, and downtown Los Angeles.  I have looked up the distance from their offices to the California Institution for Men in Chino using Google Maps.  None of their offices is more than 50 miles away, either as the crow flies, or in driving distance.

7.     I undertook extensive efforts to meet and confer with defense counsel to avoid the necessity of filing a motion.

8.     I initially reached out to counsel for Defendants about obtaining leave to take the deposition of García while he is in prison via email on November 10,

2022.  I asked for the parties to stipulate for leave, and otherwise invited a further discussion to meet and confer.

9. At or around the same time, I reached out to the litigation coordinator at North Kern State Prison, which is where García was then located, to identify the facility's requirements and conditions for deposing an inmate.

10. On November 16, 2022, the parties' counsel met and conferred on a number of issues, including this issue of leave to take García's deposition in prison.  Defendants' counsel said they believed Defendants would not agree to stipulate, but they would follow up with their clients to confirm.  We otherwise discussed calendaring a potential Motion for Leave, along with motions for other relief, to be heard January 5, 2023.  That date was later changed to January 12, 2023 due to the unavailability of January 5, 2023 for hearing.

11. On December 13, 2022, the litigation coordinator at North Kern State Prison informed me that the facility was an initial temporary reception center for inmates transferred from county custody, and that García would be transferred to a more permanent housing location in the indefinite near future.  For security reasons, they would not disclose the intended location or date of transfer.

12. I provided this information to Defendants' counsel on or about the same day, and I noted we would wait and check with the new facility for their particular requirements to coordinate the deposition before filing a Motion for Leave.

13. After García was transferred to the California Institution for Men, I called the litigation coordinator's office for the facility to inquire about the facilities requirements to take García's deposition and left a message.

14. On February 7, 2023, I spoke with Defendants' counsel and informed them that I was waiting to hear back from the litigation coordinator from the California Institution for Men.  During that conversation, counsel for García Reed

Aljian stated he would get back to me about whether Defendants would stipulate rather than require a Motion for Leave.

15. During the February 7, 2023 communication among counsel, García's counsel suggested that deposition of García as an "apex" officer of the defendant entities would be premature; Martin's counsel pointed out that García would be deposed not just as an "apex" officer, but as the alleged direct perpetrator of Martin's abuse.

16. On February 10, 2023, I heard back from the litigation coordinator's office and obtained information regarding the facility's requirements, set forth in paragraph 5, above.

17. I forwarded the information to Defendants' counsel and asked again for the Defendants to agree by February 17, 2023 to stipulate for an order granting leave to depose García in custody.

18. On February 13, 2023, Mr. Aljian stated he would inquire about whether García would stipulate, but he again questioned the timing of García's deposition, citing pending document production by Martin.

19. In response, I reiterated that García would be deposed not just as an apex officer of the entity defendants, but in his own right as the alleged direct perpetrator of Martin, and that there was no need to wait until Martin's document production was concluded.

20. On February 17, 2023, Mr. Aljian informed me that he would not be able to communicate with García until March 15, 2023, so would not be able to stipulate for that reason. Mr. Aljian also questioned the appropriateness of a deposition "before March 15, 2023" [sic] due to his limited access to García and the ongoing production of documents by Martin in response to discovery.

21. In response, I pointed out that the issue of leave to depose García had been raised at the end of 2022, so García had ample time to decide whether to stipulate or not.

22. As a proposed compromise, I offered to notice the motion so that any opposition would not be due until a week after March 15, 2023, affording García's counsel time to confer with his client.

23. On February 27, 2023, Mr. Aljian asserted he had acted diligently in terms of his inquiring of his client whether to stipulate, declined my compromise offer on timing of the motion, and again raised the issue of incomplete production of Martin's documents as a basis to delay García's deposition.

24. I responded, disagreeing with regard to counsel's diligence in confirming whether García would stipulate, and pointing out (with regard to the issue of ongoing discovery production) that Rule 26(d)(3) expressly provides that "[M]ethods of discovery may be used in any sequence; and… discovery by one party does not require any other party to delay its discovery."

25. Mr. Aljian and I had a further conversation on March 7, 2023 during which we reiterated the positions set forth as of February 27, 2023.

26. Although Mr. Aljian declined the compromise offer, I have waited to move forward with this motion to afford Mr. Aljian at least one week after March 15, 2023 to provide opposition briefing for this motion, consistent with my good faith compromise offer since he has not yet discussed this issue with his client.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: March 24, 2023

/s/ Daniel S. Cha
Daniel S. Cha