| | |
|---|---|
| 1 | Reed Aljian (State Bar No. 211010) |
| | *ra@dallp.com* |
| 2 | Justin E. D. Daily (State Bar No. 209772) |
| | *jd@dallp.com* |
| 3 | Simon Kwak (State Bar No. 297362) |
| 4 | *sk@dallp.com* |
| | DAILY ALJIAN LLP |
| 5 | 100 Bayview Circle, Suite 5500 |
| | Newport Beach, CA  92660 |
| 6 | Telephone:    949.861.2524 |
| 7 | Facsimile:    949.269.6364 |

Attorneys for Defendants named as
LA LUZ DEL MUNDO, an alleged unincorporated association;
COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASON JOAQUIN GARCIA, an individual

*Additional attorneys and parties listed on subsequent page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN, | Case No.: 2:20−cv−01437-FWS-AS |
| Plaintiff, | **DECLARATION OF REED ALJIAN RE: PLAINTIFF'S MOTION FOR LEAVE PURSUANT TO FED. R. CIV. P. 30(a)(2)(B) TO TAKE DEPOSITION OF DEFENDANT NAASON GARCIA WHILE HE IS IN PRISON** |
| v. | |
| LA LUZ DEL MUNDO, an unincorporated association, et al. | |
| Defendants. | |
| | Judge:       Hon. Fred W. Slaughter |
| | Courtroom: 10D |
| | Magistrate Judge: Hon. Alka Sagar |
| | Courtroom:       540 |
| | Action Filed:  February 12, 2020 |
| | Trial Date:    February 27, 2024 |

ALJIAN DECL. RE: PLAINTIFF'S MOTION FOR LEAVE (FED R. CIV. P. 30(a)(2)(B))

Alan J. Jackson
*ajackson@werksmanjackson.com*
Caleb Mason
*cmason@werksmanjackson.com*
WERKSMAN JACKSON & QUINN LLP
888 W 6th St, Fourth Floor
Los Angeles, CA 90017

Attorneys for Defendant
NAASON JOAQUIN GARCIA, an individual

# DECLARATION OF REED ALJIAN

I, Reed Aljian, hereby declare as follows:

1. I am an attorney licensed to practice law before all state and federal courts in the State of California. I am the Managing Partner with the law firm of Daily Aljian LLP (the "Firm"), counsel of record for Defendants LA LUZ DEL MUNDO, an alleged unincorporated association ("LLDM"); COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA) ("CCB"), and NAASÓN JOAQUÍN GARCÍA, an individual (collectively, "Defendants"). I submit this declaration regarding the Joint Stipulation Re: Plaintiff's Motion for Leave Pursuant to Fed. R. Civ. P. 30(a)(2)(B) to Take the Deposition of Defendant García While He is in Prison. The facts stated herein are true based upon my own personal knowledge or upon review of the records in my Firm's possession. If called as a witness, I could and would testify truthfully to the contents of this declaration.

2. On February 13, 2020, the day after Plaintiff filed her initial complaint, Plaintiff and her counsel held a "news conference" in downtown Los Angeles to announce the filing of her Complaint. At that news conference, Plaintiff stood between her attorneys (Jeff Anderson, Deborah Mallgraves, and Joshua Robbins), and behind a lectern emblazoned with the names and logos of the attorneys' law firms, publicly recounting allegations of forced labor, involuntary servitude, sex trafficking, and RICO conspiracy, among others, that comprise her Complaint. The 45-minute news conference was streamed live on the internet. The news conference was streamed live on the internet and can be viewed at https://youtu.be/48qalqYWKVQ. The next morning, Ms. Martin was featured on the front page of the Los Angeles Times, which ran a long article covering her and her allegations.

3. In March 2020, Plaintiff starred in a documentary mini-series on Showtime called "The Trade." During the documentary, she repeated her allegations

of forced labor, involuntary servitude, sex trafficking, among others, contained in her Complaint.

4. On May 20, 2020, immediately after receipt of the Scheduling Order, defendants requested that Plaintiff appear for and participate in a Rule 26 Conference. Plaintiff refused. Thereafter, defendants again requested Plaintiff participate in the conference. Plaintiff refused. Thereafter, defendants requested that Plaintiff participate in a Local Rule 7-3 Conference on a Motion for an order compelling Plaintiff to participate in the Rule 26 Conference. The parties met and conferred by phone. Counsel for all parties were present. Defendants proposed that the parties participate in the Rule 26 Conference on that call. Plaintiff refused. In the alternative, I asked Plaintiff to agree to a date certain that they would participate in the conference. Plaintiff refused.

5. Following initial disclosures, Defendants immediately commenced discovery. A now-dismissed defendant served Plaintiff with document requests on August 1, 2022.

6. On November 18, 2022, CCB served Plaintiff with its Interrogatories, Set One, and LLDM served Plaintiff with its Interrogatories, Set One, and Requests for Production of Documents, Set One.

7. On December 6, 2022, HBO released a three-episode documentary called "Unveiled: Surviving La Luz Del Mundo", which "starred" Plaintiff. The documentary is available for streaming online. In the third episode, Ms. Mallgraves makes an appearance and states that there were ongoing criminal investigations by the FBI and other law enforcement agencies.

8. On December 21, 2022, Defendants received Plaintiff's responses and objections to CCB and LLDM's discovery requests. Plaintiff served objections only to approximately 174 of the 234 requests for production and 9 of the 41 interrogatories. Plaintiff failed to serve a single responsive document.

9. On January 11, 2022, I provided Plaintiff's counsel, Mr. Daniel Cha, with a correspondence that outlined the deficiencies in Plaintiff's discovery responses and requested a meet and confer conference pursuant to Rule 37(a) and Local Rule 37-1.

10. On January 20, 2023, I participated in a video conference call with Mr. Cha, along with other counsel, regarding Plaintiff's discovery responses and lack of production of responsive documents. During that call, Mr. Cha represented that he would be able to produce some documents on a rolling basis, but not others. Mr. Cha represented that Plaintiff possessed several electronic devices that were in various stages of usability, including damaged devices, and was uncertain the extent of responsive records contained on those devices. Mr. Cha stated that due to ongoing law enforcement investigations, he had could not disclose Plaintiff's communications with those agencies without prior confirmation. I asked Mr. Cha to identify those agencies and whether Plaintiff had contacted those agencies regarding the scope of communications that could be disclosed. Mr. Cha responded that they had not contacted the agencies yet and that they are still in the process of figuring out the definitive list of agencies involved. Mr. Cha represented that at least one is a Mexican law enforcement agency.

11. Plaintiff did not produce any responsive documents until February 10, 2023. Plaintiff produced a second set of records on March 6, 2023. However, Plaintiff's production remains incomplete. Among other things, Plaintiff is withholding her communications with government agencies regarding her claims against Defendants and her social media messages regarding Defendants (she may have unlawfully despoiled some or all of this evidence).

12. On February 10, 2023, Mr. Cha sent me an email informing me that he received confirmation from the California Institution for Men and of the requirements to coordinate a deposition with prisoners, including Mr. García. On February 17, 2023, I informed Mr. Cha that the first day for available date for attorney visits

with García was March 15, 2023, and proposed that the Parties revisit the issue shortly after that date. I continued to meet and confer with Mr. Cha in the following days, including after the start of a March 6, 2023, trial in Monterey Superior Court for which I was required to stay in Northern California for all but three to four days in the past three weeks. I informed Mr. Cha of my conflict and requested a brief extension of time to respond. Plaintiff refused. A true and correct copy of this email exchange is attached hereto as **Exhibit A**.

13. My office has contacted the Litigation Office of the California Institution for Men (Sandra "Sandy" Marquez), requesting an appointment to meet with Mr. García. On March 13, 2023, my office submitted additional clearance forms to visit Mr. García (requested by Ms. Marquez) and received confirmation from Ms. Marquez that she will notify my office once the forms were cleared.

14. On March 15, 2023, I was still in Monterey, California participating in the above-mentioned jury trial. The trial has since concluded.

15. My office is still waiting for confirmation from Ms. Marquez that my request to visit Mr. García has been approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this March 23, 2023.

By: /s/ Reed Aljian
Reed Aljian

# EXHIBIT A

# Simon Kwak

| | |
|---|---|
| **From:** | Reed Aljian |
| **Sent:** | Monday, March 20, 2023 6:56 AM |
| **To:** | Daniel S. Cha |
| **Cc:** | Alan Jackson; Simon Kwak; Hilda Crowley; Caleb Mason; gsaucedo@werksmanjackson.com; Geoff Neri; emily@bnsklaw.com; leon@bnsklaw.com; Daisy Lopez; Sarah Campbell; Deborah Mallgrave |
| **Subject:** | Re: Martin v. LLDM et al. - Deposition of Defendant Garcia |

Writing to follow up. I imagine you are not in the office yet. However, I am about to head over to trial and wanted to put this back at the top of your inbox.

Reed

On Mar 18, 2023, at 8:35 PM, Reed Aljian <ra@dallp.com> wrote:

Daniel,

As you know, I am in trial in Monterrey. Please kindly agree to extend this deadline seven days.

Reed Aljian

On Mar 10, 2023, at 3:34 PM, Daniel S. Cha <DCha@ggtriallaw.com> wrote:

Reed and/or Geoff and Caleb,

Although we did not come to an actual agreement on timing, I am abiding by the compromise I offered with regard to timing of the motion for leave to depose Mr. García. I believe Central Dist. Local Rule 37-1 applies, so the motion should be a joint stipulation format as provided under the rule. Please see the attached. If after March 15 Defendants still will not agree to stipulate for leave to depose Mr. García, please provide Defendants' portions no later than March 22, 2023. Thank you.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Daniel S. Cha
**Sent:** Monday, February 27, 2023 5:25 PM
**To:** 'Reed Aljian' <ra@dallp.com>
**Cc:** Alan Jackson <ajackson@werksmanjackson.com>; Simon Kwak <sk@dallp.com>; Hilda Crowley <Hilda@dallp.com>; Caleb Mason <cmason@werksmanjackson.com>; gsaucedo@werksmanjackson.com; Geoff Neri <geoff@bnsklaw.com>; emily@bnsklaw.com; leon@bnsklaw.com; Daisy Lopez <dlopez@dallp.com>; Sarah Campbell <SCampbell@GGTrialLaw.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Subject:** RE: Martin v. LLDM et al. - Deposition of Defendant Garcia

1

Reed,

First, I never said Plaintiff would not proceed with Mr. Garcia's deposition.  Rather, I said that there would be a delay in obtaining the logistical information from the prison authorities in light of his pending transfer at the end of the year.  I nonetheless asked at the time whether Defendants would otherwise stipulate for leave to take the deposition.  There was no reason in logic or law for you to have waited to discuss with your client whether he would so stipulate.  This delay on your part is unreasonable.

Second, this was a compromise offered to address your unreasonable delay in obtaining Mr. Garcia's deposition.  I believe Plaintiff is well within her rights under Local Rule 7-3 simply to move forward with a motion forthwith.  She cannot be held hostage by your delay in conferring with your client about a pro forma procedural matter as whether there is leave to take his deposition.  He is a defendant and the alleged direct perpetrator of Plaintiff's abuse.  To put it frankly, there really is no reasonable basis for him to object to leave.

Third, I appreciate that you are not claiming any malfeasance, as there has not been any in terms of Plaintiff's production of documents.  The production, to the extent we have agreed on certain matters, continues to run on a rolling basis as Plaintiff is able to process and work through documents for responsiveness, privilege, and confidentiality.  In any event, the fact that Plaintiff's responses to Defendants' discovery affords no reason to delay Mr. Garcia's deposition.  There is no priority for written discovery before oral depositions.  Rather, Rule 26 expressly provides: "[M]ethods of discovery may be used in any sequence; and… discovery by one party does not require any other party to delay its discovery."  Fed.R.Civ.P. 26(d)(3).

Fourth, I have already addressed this in my response to a separate email earlier today.

Fifth, we will agree to limit the participants at deposition to the court reporter (and videographer if appropriate), the parties, and counsel for the parties (and Magistrate or other court representative if appropriate).  However, with regard to the "parties," we may have to further discuss who may properly attend as a "representative."

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, February 22, 2023 1:13 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Alan Jackson <ajackson@werksmanjackson.com>; Simon Kwak <sk@dallp.com>; Hilda Crowley <Hilda@dallp.com>; Caleb Mason <cmason@werksmanjackson.com>; gsaucedo@werksmanjackson.com; Geoff Neri <geoff@bnsklaw.com>; emily@bnsklaw.com; leon@bnsklaw.com; Daisy Lopez <dlopez@dallp.com>; Sarah Campbell <SCampbell@GGTrialLaw.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM et al. - Deposition of Defendant Garcia

Hi Daniel,

I write to respond to your proposal regarding the deposition of Mr. Garcia.

2

First, whether Plaintiff had previously proposed taking his deposition is not relevant. At that time, Plaintiff told us she would not proceed with it. So, it was a non-issue. Plaintiff now raises it a second time and I am diligently addressing the newly raised issue.

Second, you proposed as follows: "To the extent you have any legal arguments for not agreeing to the request for leave, I don't see how you'd need your client's input to get a draft (or at least the overwhelming majority of one) ready. And, if after you consult with him March 15 it turns out there's in fact no objection to moving forward, you can simply file a notice of non-opposition."

That is not agreeable. Plaintiff is proposing that Defendant incur the cost of performing research and generating a draft of an opposition that may never be required. I do not feel this is efficient or fair, for the Court or the parties. Plaintiff has waited years to take the deposition and she did that by her own choice. Defendants had asked Plaintiff to participate in discovery years ago. Plaintiff did everything in her power to stop it and ultimately encouraged the prosecution to seek a discovery stay. Now she suggests we are delaying things. That is incorrect and contrary to the facts. While I cannot prevent Plaintiff from pursuing a motion on this issue at this time, I genuinely believe it is more appropriate to allow me the opportunity to meet with the client in March to determine what can or cannot be agreed upon.

Third, there are other relevant issues that must be considered regarding the proper timing of the deposition. Defendants have served written discovery requests. These requests seek production of documents. The responses were defective, evasive, incomplete, and require supplementation. Plaintiff agreed and promised to supplement. To date, those have not been served. Further, Plaintiff's production to date has been very limited and can fairly be divided into two categories: (1) emails and filings relating to the prosecution's entry into the action to seek the discovery stay (most of which I already had because I was either copied or served with the documents), which documents have no bearing on the merits of the case and (2) a few miscellaneous photos and related materials, which did not include anything of real import. This production delay is a material issue as it relates to the timing of the deposition. (*See* Cal. State Bar Guidelines, Section 9(b)(6) ("An attorney should not delay in producing a document in order to prevent opposing counsel from inspecting the document prior to or during a scheduled deposition or for some other tactical reason.").) While I am not claiming malfeasance in this respect at this time, I think it is fair and reasonable for me to ask that Plaintiff's production of documents in response to discovery (served by Defendants in November 2022) to be completed by Plaintiff before the deposition can commence so that I can inspect the materials before the deposition. This at least must apply to any documentation that involves (directly or indirectly) the person being deposed.

Fourth, Plaintiff counsel has publicly stated that there is an open criminal investigation. I have asked counsel for more information about these alleged investigations, at least three times in writing and several other times orally. However, I have received no substantive response other than the explanation that Plaintiff is looking into whether they will provide further details. We have also asked in discovery for production of communications on that topic. Those have also not been produced. The production of those materials and related information is relevant to decisions that will be made regarding discovery of Mr. Garcia in this action. Withholding that information while demanding he testify is not proper or reasonable.

Fifth, there is a procedural issue I'd like to discuss. Please confirm Plaintiff stipulates to limit the persons who may attend any deposition to the Court report, to the named parties (or their representatives), and to counsel of record (or the Court and/or Magistrate where appropriate).

Reed Aljian

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Date:** Friday, February 17, 2023 at 3:06 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Alan Jackson <ajackson@werksmanjackson.com>, Simon Kwak <sk@dallp.com>, Hilda Crowley <Hilda@dallp.com>, Caleb Mason <cmason@werksmanjackson.com>, gsaucedo@werksmanjackson.com <gsaucedo@werksmanjackson.com>, ethan@bnsklaw.com <ethan@bnsklaw.com>, Geoff Neri <geoff@bnsklaw.com>, emily@bnsklaw.com <emily@bnsklaw.com>, leon@bnsklaw.com <leon@bnsklaw.com>, Daisy Lopez <dlopez@dallp.com>, Sarah Campbell <SCampbell@GGTrialLaw.com>, Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Subject:** RE: Martin v. LLDM et al. - Deposition of Defendant Garcia

I understand you have a logistical hurdle in communicating directly with your client, but I raised the pro forma issue of seeking leave of court to take the deposition at the end of last year. You've had a lot of time to arrange to discuss the issue of taking his in-custody deposition. In any event, in order to move things along, how about the following compromise: We file a Motion for Leave to take his deposition, but we notice it so that your deadline to oppose will be at least a week after March 15, 2023. To the extent you have any legal arguments for not agreeing to the request for leave, I don't see how you'd need your client's input to get a draft (or at least the overwhelming majority of one) ready. And, if after you consult with him March 15 it turns out there's in fact no objection to moving forward, you can simply file a notice of non-opposition.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Friday, February 17, 2023 1:28 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Alan Jackson <ajackson@werksmanjackson.com>; Simon Kwak <sk@dallp.com>; Hilda Crowley <Hilda@dallp.com>; Caleb Mason <cmason@werksmanjackson.com>; gsaucedo@werksmanjackson.com; ethan@bnsklaw.com; Geoff Neri <geoff@bnsklaw.com>; emily@bnsklaw.com; leon@bnsklaw.com; Daisy Lopez <dlopez@dallp.com>; Sarah Campbell <SCampbell@GGTrialLaw.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Subject:** [EXT] Re: Martin v. LLDM et al. - Deposition of Defendant Garcia

Daniel,

I am not able to communicate with the client until March 15, 2023. That is the first available date for attorney visits. Therefore, I am unable to stipulate to the relief you have requested at this time and will need to get back to you once I have had a chance to confer with the client. I also believe that any deposition before March 15, 2023, would be patently improper and unfair given my access to him (aside from the fact that Ms. Martin has yet to complete her production of responsive documents, including the documents she identified in her initial disclosures).

My suggestion is as follows: defer this discussion until I have had a chance to communicate with the client and provide his input. I will have a response shortly after March 15, 2023, assuming no changes in arrangements that I cannot control.

Please kindly contact me if you wish to discuss.

Reed Aljian

---

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Date:** Friday, February 10, 2023 at 3:48 PM
**To:** Reed Aljian <ra@dallp.com>, Geoff Neri <geoff@bnsklaw.com>
**Cc:** Alan Jackson <ajackson@werksmanjackson.com>, Simon Kwak <sk@dallp.com>, Hilda Crowley <Hilda@dallp.com>, Caleb Mason <cmason@werksmanjackson.com>, gsaucedo@werksmanjackson.com <gsaucedo@werksmanjackson.com>, michele@werksmanjackson.com <michele@werksmanjackson.com>, ethan@bnsklaw.com <ethan@bnsklaw.com>, emily@bnsklaw.com <emily@bnsklaw.com>, leon@bnsklaw.com <leon@bnsklaw.com>, Daisy Lopez <dlopez@dallp.com>, Sarah Campbell <SCampbell@GGTrialLaw.com>, Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Subject:** RE: Martin v. LLDM et al. - Deposition of Defendant Garcia

Counsel,

As a quick update, the Litigation Coordinator's office returned my call and sent me the attached email containing the background clearance forms that will be required of any attendees at Mr. Garcia's deposition.  The prison will require 3 weeks' notice of the date for the deposition in order to make the necessary arrangements.  The clearance forms require 2 weeks to process.  Again, please advise as to whether Defendants will stipulate for an order granting leave for the deposition pursuant to Fed.R.Civ.P. 30(a)(2)(B). If Defendants will so stipulate, please advise as to your availability for the deposition the week of March 6, 2023.  To the extent Defendants will not agree to stipulate, this serves as Plaintiff's request to meet and confer as required under Local Rule 7-3 regarding a motion for leave to take Mr. Garcia's deposition pursuant to Fed.R.Civ.P. 30(a)(2)(B).  If I do not hear back from you on this matter by February 17, 2023, Plaintiff will move forward with the motion.  Thank you.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com

<image001.png>

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.
<2023.03.10 Declaration of Daniel Cha re Motion for Leave to Depose Garcia.DOCX>
<2023.03.10 Joint Stip Motion for Leave to Depose Garcia.DOCX>