| | |
|---|---|
| 1 | DEBORAH S. MALLGRAVE, State Bar No. 198603 |
|   |   *DMallgrave@GGTrialLaw.com* |
| 2 | DANIEL S. CHA, State Bar No. 260256 |
|   |   *DCha@GGTrialLaw.com* |
| 3 | **GREENBERG GROSS LLP** |
|   | 650 Town Center Drive, Suite 1700 |
| 4 | Costa Mesa, California 92626 |
|   | Telephone: (949) 383-2800 |
| 5 | Facsimile: (949) 383-2801 |
| 6 | MICHAEL RECK, State Bar No. 209895 |
|   |   *MReck@AndersonAdvocates.com* |
| 7 | HAGEREY MENGISTU, State Bar No. 290300 |
|   |   *HMengistu@AndersonAdvocates.com* |
| 8 | **JEFF ANDERSON & ASSOCIATES** |
|   | 12011 San Vincente Boulevard, #700 |
| 9 | Los Angeles, California, 90049 |
|   | Telephone: (310) 357-2425 |
| 10 | Facsimile: (651) 297-6543 |
| 11 | Attorneys for Plaintiff SOCHIL MARTIN |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN, | Case No. 2:20-cv-01437-FWS-AS |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE PURSUANT TO FED.R.CIV.P. 30(a)(2)(B) TO TAKE THE DEPOSITION OF DEFENDANT NAASON GARCIA WHILE HE IS IN PRISON** |
| LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN | Courtroom: 540 |
| | Magistrate Judge: Hon. Alka Sagar |

Case No. 2:20-cv-01437-FWS-AS

SUPPLEMENTAL MEMORANDUM RE: MOTION FOR LEAVE TO TAKE DEPOSITION OF DEFENDANT
NAASON GARCIA WHILE HE IS IN PRISON

ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.

   Defendants.

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

In accordance with Local Rule 37-2.3 and the Magistrate Judge's March 27, 2023 Order (Docket No. 179), Plaintiff Sochil Martin (hereinafter "Martin") hereby submits her supplemental memorandum in support of her motion for leave to take the deposition of Defendant Naasón García (hereinafter "García") while he is incarcerated in state prison at the California Institution for Men.

DATED:  April 3, 2023          GREENBERG GROSS LLP

By:  /s/ Daniel S. Cha
     Deborah S. Mallgrave
     Daniel S. Cha
     Attorneys for Plaintiff SOCHIL MARTIN

# SUPPLEMENTAL MEMORANDUM

## I.   MARTIN HAS BEEN DILIGENT IN DISCOVERY, AND THERE IS NO REASON FOR DELAYING THE DEPOSITION OF GARCÍA.

Martin's counsel specifically reached out to Defendants' counsel *five months* ago to ask for the parties to stipulate to taking the deposition of García.  Cha Decl. [Docket No. 178-1] at ¶ 8.  There is no reasonable basis for none of García's myriad counsel of record in this action to have reached out to him since then to confirm whether he may or may not object to his deposition being taken while he is in custody.  García's non-position, that "he may not object to the taking of his deposition in prison, subject to final client confirmation," Joint Stipulation [Docket No. 178] at 4:22-23 is simply inexcusable and untenable.  The fact of the matter is, that ever since this Court lifted the stay imposed as a result of the pending criminal charges that have since led García to his current state of incarceration, Defendants have sought to delay Martin from taking his deposition as long as possible.

Furthermore, Defendants' aspersions on the Attorney General's Office in regards to its motion to intervene and stay discovery during the pendency of the criminal proceedings, and implying some form of conspiracy between the Attorney General's Office and Martin, Joint Stipulation at 10:27-11:4, is frankly offensive and unsupported by any factual basis.  The Attorney General's Office acted in the best interests of the People of the State of California.  This Court agreed to allow it to intervene and granted its request to stay discovery pending García's criminal proceedings.

Defendants' characterization of Martin's efforts in discovery is incomplete and misleading.  Martin has been engaged in a diligent and ongoing effort to produce as many relevant, responsive, non-privileged documents as possible in a rolling production.  Cha Supp. Decl. at ¶ 2.  Defendants did acknowledge that Martin served an initial batch of responsive documents on February 10, 2023 and a second batch on March 6, 2023.  Joint Stipulation at 11:16-11:18; Cha Supp. Decl.

at ¶ 3.  In fact, since the filing of the Joint Stipulation, Martin has since made a third production on March 24, 2023.  Cha Supp. Decl. at ¶ 4.  In total, Martin has produced approximately 2,191 pages of documents, and 347 audio/video recordings responsive to discovery.  Cha Supp. Decl. at ¶ 5.  Defendants in contrast have made a single production on February 13, 2013 made up of a combined total of 250 pages of documents.  Cha Supp. Decl. at ¶ 6.  Furthermore, contrary to Defendants' false assertion that Martin has also withheld social media messages, Joint Stipulation at 14:2-14:5, Martin in fact produced responsive social media posts and messages for the reddit username "survivalkid56" on March 6, 2023.  Cha Supp. Decl. at ¶ 7.

In other words, Martin has engaged in a diligent and good faith effort to make a rolling production as she is able to identify, collect, and process the myriad categories of documents sought by Defendants – as Defendants themselves note, Martin has taken a public stance against the abuses of García and the other Defendants.

Martin is not, and has not withheld communications with government agencies for her own benefit.  She has reached out to the relevant law enforcement agencies, domestic and abroad, in order to give those agencies the opportunity to weigh in on whether they object to the release of communications regarding potentially open and ongoing criminal matters.  Cha Supp. Decl. at ¶ 8.  Indeed, such agencies should have the opportunity to assert objections or applicable privileges, such as the official information privilege, if applicable.  *See Estate of Bui v. City of Westminster Police Dept.*, 244 F.R.D. 591, 595-596 (C.D. Cal. 2007) (describing official information privilege; whether actual or potential defendant in criminal proceeding is to be recipient of information and whether investigations are open or completed are among the relevant factors).

Finally, Defendants have not articulated any facts supporting their contention that the ongoing production of documents by Martin requires postponing Martin's deposition of García.  It is not Martin who will be subject to questioning at García's

deposition.  It bears repeating that the Federal Rules of Civil Procedure explicitly provides that "[M]ethods of discovery may be used in any sequence; and… discovery by one party does not require any other party to delay its discovery."  Fed.R.Civ.P. 26(d)(3).  Rule 30(a)(3)(B) provides that a court ***must*** grant leave to the extent consistent with Rule 26(b)(1) and (2).  Defendants have not cited any legitimate basis for establishing that leave would be inconsistent with any of those provisions.

## II.      CONCLUSION.

Based on the foregoing, and for the reasons set forth in Martin's portion of the Joint Stipulation, Martin respectfully requests that this Court grant Martin's motion and issue an order granting leave to take García's deposition in custody as soon as reasonably practicable in accordance with the requirements and procedures of the California Institution for Men.

DATED:  April 3, 2023            Respectfully submitted,

GREENBERG GROSS LLP


By:      /s/ Daniel S. Cha
         Deborah S. Mallgrave
         Daniel S. Cha
         Attorneys for Plaintiff SOCHIL MARTIN

-5-    Case No. 2:20-cv-01437-FWS-AS
SUPPLEMENTAL MEMORANDUM RE: MOTION FOR LEAVE TO TAKE DEPOSITION OF DEFENDANT NAASON GARCIA WHILE HE IS IN PRISON