UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 20-01437-FWS (ASx) | Date | April 6, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Luz Del Mundo, et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings (In Chambers):** **Order Granting Plaintiff's Motion for Leave to Take Deposition of Defendant Naasón García While He is in Prison (Dkt. No. 178)**

On March 24, 2023, the parties filed a Joint Stipulation ("Joint Stip.") regarding Plaintiff's Motion for Leave to Take the Deposition of Defendant Naasón García While He is in Prison, together with the declarations of Daniel S. Cha and Reed Aljian (with Exhibit A). (Dkt. No. 178). On April 3, 2023, pursuant to this Court's Order (Dkt. No. 179), Plaintiff filed a supplemental memorandum of law ("Pl. Supp. Memo.") in support of its motion and the supplemental declaration of Daniel S. Cha. (Dkt. No. 181).

The Court has reviewed the parties' submissions, declarations, and attached exhibits. For the reasons stated below, the Court GRANTS Plaintiff's motion for leave to take the deposition of Defendant García.

### A. Background

Plaintiff alleges that Defendants engaged in a decades-long pattern of institutionalized child abuse and human trafficking, and racketeering activity, which caused her to suffer sexual assault, sexual servitude, forced labor, and other abuse. (Joint Stip. at 3). Plaintiff asserts that Defendant García directly perpetrated the abuse she suffered and that she was just one of many survivors. (Id.). In June 2022, Defendant García was arrested, charged, and convicted in state court on multiple felony counts of child sexual assault. (Id.). He was sentenced in September 2022 to a term of imprisonment of 16 years and eight months, and his parole eligibility date is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 20-01437-FWS (ASx) | Date | April 6, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Luz Del Mundo, et al.* | | |

until March 2031. (Id.). He is currently imprisoned at the California Institution for Men in Chino, California. (Id.).

### B. Legal Standard

The Federal Rules provide that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)" for a deposition "if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B).

Rule 26(b)(1) sets forth the scope of discovery: "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Nevertheless, information "need not be admissible in evidence to be discoverable." Id. Thus, relevance, for purposes of discovery, is defined broadly, and "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015); see Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). However, discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This proportionality requirement "is designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." Mfg. Automation & Software Sys., Inc. v. Hughes, 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017).

Rule 26(b)(2) provides that courts "may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A). Under Rule 26(b)(2), courts must "limit the frequency or extent of discovery" if they determine "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-01437-FWS (ASx) | Date | April 6, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Luz Del Mundo, et al.* | | |

or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(B).

### C. Discussion

Plaintiff seeks leave to depose Defendant García while is in prison. (Joint Stip. at 2, 4). Defense counsel objects because they have been unable to communicate with Defendant García to date, and anticipate objecting to the timing of the deposition. (Id. at 4). They argue that permitting Plaintiff to proceed with the deposition is prejudicial because Plaintiff has withheld relevant and discoverable documents and information that she intends to present or use at Defendant García's deposition. (Id. at 5, 11). As such, Defense counsel requests that the Court deny the motion and enter an Order sequencing discovery such that the deposition takes place after Plaintiff completes her document production. (Id. at 5, 12-14). Defense counsel also argues that Plaintiff's motion for leave is premature because Plaintiff refused Defendant García's request to consult with his counsel regarding the terms of the stipulation. (Id. at 12-13).

Here, the proposed deposition of Defendant García, the sole remaining individual defendant in the instant action, is likely to yield relevant information to Plaintiffs' claims and appears proportional to the needs of the case. (Joint Stip. at 6-7). The proposed deposition is within the scope of discovery and does not appear to exceed any of the limitations set forth in Rule 26(b)(2). Given Defendant García is not eligible for parole until March 2031, taking his deposition at California Institution for Men appears to be "the only way [Plaintiff] can secure his testimony." (Joint Stip. at 6). Other courts have similarly granted leave for one party to depose another party in prison under Rule 30(a)(2)(B). See Becker v. OSB Inv., LLC, 2019 WL 12381108, at *2 (C.D. Cal. Apr. 5, 2019); Griffin v. Johnson, 2016 WL 4764670, at *1 (E.D. Cal. Sept. 12, 2016).

The Court is not persuaded that it is necessary to enter an order sequencing discovery in this action. Rule 26(d)(3) provides that "methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). This provision was enacted to "eliminate any fixed priority in the sequence of discovery," and establishes that it is within the court's discretion to determine priority in discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-01437-FWS (ASx) | Date | April 6, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Luz Del Mundo, et al.* | | |

if it would serve the interests of justice. Fed. R. Civ. P. 26(d)(3) advisory committee's note (1970); see also Grateful Dead Prods. v. Sagan, 2007 WL 2155693, at *1 n.3 (N.D. Cal. July 26, 2007) ("There is no priority in propounding discovery, and the fact that one party has not responded to discovery does not entitle an opposing party to refuse to provide discovery."). To the extent Defense counsel contends that Plaintiff has failed to produce certain discovery or that she has despoiled some evidence, their remedy is a motion to compel or a motion for sanctions based upon spoliation, rather than an attempt to delay Defendant García's deposition.

The Court also finds that Plaintiff's motion for leave is timely. Plaintiff first sought to obtain leave to take Defendant García's deposition in November 2022 and engaged in numerous meet and confer efforts with Defense counsel between November 2022 and March 2023. (Joint Stip. at 7-10, Pl. Supp. Memo. at 3). The fact that Plaintiff's counsel indicated in December 2022 that they would not proceed with Defendant García's deposition until after his transfer to another penal institution did not relieve Defense counsel of their obligation to consult with Mr. García regarding the stipulation. (Id. at 8,-9, 12-13).

### D. Conclusion

Plaintiff's motion for leave to take the deposition of Defendant García While He is in Prison is GRANTED. The parties shall meet and confer no later than ten (10) days from the date of this Order to schedule a date and time for Defendant García's deposition that complies with the requirements of the California Institution for Men.

The parties may utilize the Court's informal discovery dispute resolution process to bring any further discovery disputes to the Court's attention. (See Judge Sagar's Procedures).

**IT IS SO ORDERED.**

cc: Fred W. Slaughter
    United States District Judge

                                    0    : 00
                        Initials of Preparer  AF