DEBORAH S. MALLGRAVE, State Bar No. 198603
 DMallgrave@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
 DCha@GGTrialLaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
 MReck@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>    Defendants. | Case No. 2:20-cv-01437-FWS-AS<br><br>**DECLARATION OF DANIEL S. CHA IN SUPPORT OF MOTION TO QUASH SUBPOENA RE: SCOTT OGLE**<br><br>Courtroom:    540<br><br>Magistrate Judge:    Hon. Alka Sagar |

**DECLARATION OF DANIEL S. CHA**

I, Daniel S. Cha, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California. I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin in this action. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. On May 3, 2023, Counsel for Defendants La Luz Del Mundo ("LLDM") served a subpoena commanding Plaintiff's former attorney Scott Ogle to testify at a deposition and to produce documents ("the subpoena"). A true and correct copy of LLDM's subpoena is attached hereto as **"Exhibit A"**. The original date set forth in the subpoena was June 5, 2023.

3. The nature of the document requests contained within the subpoena were exceedingly overbroad and clearly designed to elicit materials within the scope of Ogle and Martin's attorney client and work product privileges.

4. Specifically, each of the twelve requests demands Ogle to produce "All" of the following: "text messages, instant messages, direct messages, social media messages, emails, letters, agreements and contracts generated [or referring] to Sochil Martin", "all images", "all audio", and "all communications" between Ogle and "any" state and federal agency, and "any" attorney regarding Sochil Martin, and "all documents" between Ogle and the Herman Law Group regarding Sochil Martin.

5. On May 12, 2023, I asked LLDM's counsel via email to meet and confer regarding the subpoena. On May 23, 2023, I spoke with LLDM's counsel about the subpoena as well as another potential motion that could impact the timeline for discovery. To that end, we discussed delaying the date of the subpoena to further meet and confer about the other potential motion. On May 25, 2023, I followed up with LLDM's counsel via email about postponing the subpoena. LLDM's counsel responded that it would agree to postpone the subpoena provided

that the parties stipulated to waive the requirement to obtain a certificate of non-appearance against Ogle, and if Plaintiff agreed to move to quash no later than June 16, 2023. I responded via email to agree. On May 28, 2023, LLDM's counsel reached out to Ogle, and Ogle agreed on May 30, 2023 as well.

6. On June 1, 2023, I further met and conferred with LLDM's counsel via zoom. I informed LLDM's counsel that Plaintiff would not object to their seeking the production of communications that post-dated Martin's attorney-client relationship with Ogle; indeed that Plaintiff had already produced such communications as part of her rolling production.

7. Additionally, I made it clear that Plaintiff would not object to their seeking the production of any underlying documentary evidence that Martin provided to Ogle, such as pictures, and copies of non-privileged text communications with third parties that constitutes underlying evidentiary matter.

8. I emphasized that Plaintiff's objection is rather grounded in LLDM's unbounded effort to seek communications from Ogle that are otherwise protected by the attorney-client and work-product privileges.

9. Indeed, throughout the pendency of this case, Martin has engaged in a good faith ongoing "rolling production" discovery with the defendants, including LLDM, and has produced thousands of documents, including audio recordings and photographs relevant to the case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: June 16, 2023

/s/ Daniel S. Cha
Daniel S. Cha

# EXHIBIT A

1  Reed Aljian (State Bar No. 211010)
     *ra@dallp.com*
2  Justin E. D. Daily (State Bar No. 209772)
     *jd@dallp.com*
3  Simon Kwak (State Bar No. 297362)
     *sk@dallp.com*
4  DAILY ALJIAN LLP
5  100 Bayview Circle, Suite 5500
   Newport Beach, CA  92660
6  Telephone:   949.861.2524
7  Facsimile:   949.269.6364

Attorneys for Defendants named as
LA LUZ DEL MUNDO, an alleged unincorporated association;
COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASON JOAQUIN GARCIA, an individual.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>    Defendants. | Case No.: 2:20−cv−01437-FWS-AS<br><br>**NOTICE OF SUBPOENA TO SCOTT OGLE**<br><br>Judge:          Hon. Fred W. Slaughter<br>Courtroom:  10D<br><br>Magistrate Judge:  Hon. Alka Sagar<br>Courtroom:          540, 5th Floor<br><br>Action Filed:  February 12, 2020<br>Trial Date:     February 27, 2024 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE of the attached Deposition Subpoena related to the above-captioned action, attached hereto as Exhibit 1.

Dated: May 3, 2023                DAILY ALJIAN LLP

By: /s/ Reed Aljian
Reed Aljian
Attorneys for LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASON JOAQUIN GARCIA, an individual

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| SOCHIL MARTIN <br> *Plaintiff* <br> v. <br> LA LUZ DEL MUNDO, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:20-cv-01437-FWS-AS |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Scott Ogle

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: SPACES-501 Congress Ave. STE 150, Austin, TX 78701 | Date and Time: 06/05/2023 at 9:30 a.m. |
|---|---|

The deposition will be recorded by this method: Video taped

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/03/2023

CLERK OF COURT

OR

_____          /s/ Reed Aljian
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* La Luz del Mundo , who issues or requests this subpoena, are:

Reed Aljian, Daily Aljian LLP, 100 Bayview Circle Ste. 5500 Newport Beach, CA 92660 | (949) 861-2524 | ra@dallp.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:20-cv-01437-FWS-AS

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DOCUMENTS TO BE PRODUCED

1. All text messages, instant messages, direct messages, social media messages, emails, letters, agreements, and contracts between you and Sochil Martin, the Plaintiff in the above-captioned action.

2. All text messages, instant messages, direct messages, social media messages, emails, letters, agreements, and contracts between you and Sochil Martin regarding La Luz Del Mundo.

3. All text messages, instant messages, direct messages, social media messages, emails, letters, agreements, and contracts between you and any person that you believe to be Sochil Martin using a pseudonym.

4. All text messages, instant messages, direct messages, social media messages, emails, letters, agreements, and contracts generated by Sochil Martin, whether those communications refer to her directly or indirectly.

5. All text messages, instant messages, direct messages, social media messages, emails, letters, agreements, and contracts referring to Sochil Martin, whether those communications refer to her directly or indirectly.

6. All images of Sochil Martin, including photographic images, video files, and screen shots.

7. All audio of Sochil Martin, including audio files, audio messages, and voice messages.

8. All communications with any person, including any state or federal agency, regarding or referring to Sochil Martin.

9. All communications between you and the Herman Law Group regarding Sochil Martin.

10. All documents you obtained from the Herman Law Group regarding Sochil Martin.

11. All communications between you and any attorney regarding Sochil Martin.

12. All communications between you and any person regarding Sochil Martin.

## INSTRUCTIONS FOR THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)

1. Produce all responsive electronically stored information ("ESI") as follows: bates-numbered, single-paged, electronically searchable TIFF images, with parent-child relationships of DOCUMENTS kept intact (e.g., an e-mail message must remain connected with its attachments), including a proper record of all document breaks, with no "locked" data and all associated embedded data and metadata intact. All such TIFF images must be unitized at the document level (*i.e.*, each image must represent a distinct document with any related attachment thereto; a single TIFF image shall not contain multiple and independent documents, except where the original documents contained an attachment, such as an email containing an attachment thereto).

2. Produce special index files for the production, otherwise known as "load files." The purpose of the load files is to maintain with the document(s) its/their (i) metadata, (ii) image files (by cross-referencing the image load file when available), (iii) text files, and (iv) native file, where available. The load files shall also contain the corresponding data load file (.dat) and, where available, image load file (.opt). Data load files contain multiple rows, with each row representing a document. An email, for example, is associated with a row in the data load file, and the row lists the values for the email's Bates number, To field, From field, CC field, Subject field, and other metadata. Image load files reference the number of and identity of the pages associated with each document. The image load file typically contain seven columns that denote: (i) the key (usually a bates number) used to match the image record to the data load file record; (ii) the volume identifier; (iii) the path the image; (iv) the first page indicator (denoted as "Y" if the image represents the first page of a document); (v) the box number (blank unless the boxes were scanned from paper); (vi) the folder number (blank unless the folders were scanned from paper); and the (vii) the page count.

3.  Deduplicate the responsive ESI before production (i.e., remove all duplicates), such that the production does not contain multiple copies of identical documents.

4.  If unable to produce ESI as instructed herein, contact Daily Aljian LLP in advance of the deadline to produce responsive documents to meet and confer regarding proposed alternative methods of production.

5.  With respect to document maintained only in paper format, and in a good faith effort to conserve party and natural resources, scan and save all such paper documents to TIFF images and produce them in the manner described in Paragraph 1 above.

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CASE NAME:**   *SOCHIL MARTIN v. LA LUZ DEL MUNDO, et al.*

I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 Bayview Circle, Suite 5500, Newport Beach, California 92660. On **May 3, 2023**, I caused the foregoing document(s) to be served on:

**NOTICE OF SUBPOENA**

on the following parties:

**SEE ATTACHED SERVICE LIST**

[X]   (BY EMAIL) The above-referenced document was transmitted by email.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **May 3, 2023**, at Newport Beach, California.

*/s/* Daisy Lopez
Daisy Lopez

# SERVICE LIST

DEBORAH S. MALLGRAVE
  *DMallgrave@GGTrialLaw.com*
DANIEL S. CHA
  *DCha@GGTrialLaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
  *Attorneys for Plaintiff SOCHIL MARTIN*

Michael Reck
  *MReck@AndersonAdvocates.com*
Hagerey Mengistu
  *Hagerey@AndersonAdvocates.com*
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
  *Attorneys for Plaintiff SOCHIL MARTIN*

Alan J. Jackson
  *ajackson@werksmanjackson.com*
Caleb E. Mason
  *cmason@werksmanjackson.com*
**WERKSMAN JACKSON & QUINN LLP**
888 W 6th St, Fourth Floor
Los Angeles, CA 90017
  *Attorneys for Defendant NAASÓN JOAQUÍN GARCÍA*

Geoffrey A. Neri
  *geoff@bnsklaw.com*
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080
  *Attorneys for Defendant* COMMUNICATION CENTER BEREA U.S.A. LLC