DEBORAH S. MALLGRAVE, State Bar No. 198603
  *DMallgrave@GGTrialLaw.com*
DANIEL S. CHA, State Bar No. 260256
  *DCha@GGTrialLaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  *MReck@AndersonAdvocates.com*
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>          Plaintiff,<br><br>     v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>          Defendants. | Case No. 2:20-cv-01437-FWS-AS<br><br>**DECLARATION OF SOCHIL MARTIN IN SUPPORT OF MOTION TO QUASH SUBPOENA RE: SCOTT OGLE**<br><br>Courtroom:    10D<br><br>Judge:  Hon. Fred W. Slaughter |

I, Sochil Martin, declare as follows:

1.     I am the plaintiff in the above captioned case and am over the age of eighteen (18). The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2.     In November 2016, I left the organization La Luz Del Mundo ("LLDM"), defendant in the above captioned case, on the basis of the ongoing abuse

1 | and unlawful conduct Defendant Naáson Joaquín García, LLDM, and Defendant
2 | Berea inflicted against me.

3.  The specific nature and duration of abuse I suffered at the hands of LLDM and its agents is more fully articulated in the civil complaint filed in the above captioned case, and identified as ECF 1 ("Complaint").

4.  Prior to the filing of the Complaint by my current counsel of record, I previously sought legal assistance from attorney Scott Ogle whose principle practice is located in Austin, Texas.

5.  The nature of Ogle's representation of me concerned the facts at issue and raised in the Complaint.

6.  The scope of our communications included, among other topics, depictions of LLDM, its agents and associates, the abuse I and others suffered at their hands, and our ongoing fact-finding endeavors to build a successful case against LLDM and its various agents and associates.

7.  I understood that communications with my attorney needed to be candid and unfiltered so that we could prepare a successful case. I trusted Ogle to respect my candid discussions with him because he was my attorney. Further, I always understood all of my communications with Ogle to be private, and not to be disclosed to anyone absent my express consent.

8.  Prior to the filing of the complaint before this Court, I terminated my relationship with Ogle. Ogle no longer represents me as my attorney.

9.  While Ogle is no longer my attorney, my termination did not, nor did it intend to, serve as a general waiver of our attorney-client privilege.

10. I have never granted Ogle a general waiver of attorney-client privilege.

11. After the termination of my attorney-client relationship with Ogle, I became aware that he was making and publishing statements about our attorney-client relationship, including privileged information as well as defamatory statements. Accordingly, on March 9, 2020, my current counsel of record sent Ogle

-2-    Case No. 2:20-cv-01437-FWS-AS
DECLARATION OF SOCHIL MARTIN

1    a cease-and-desist letter to get him to stop disseminating and to retract such
2    privileged and defamatory material.  In other words, I went beyond merely not
3    granting waiver of attorney-client privilege with regard to Ogle, my attorneys on my
4    behalf have specifically asserted it.

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Date: June 15, 2023



Sochil Martin

-3-

Case No. 2:20-cv-01437-FWS-AS

DECLARATION OF SOCHIL MARTIN