Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:   (310) 593-9980


Attorneys for Defendant
COMMUNICATION CENTER BEREA U.S.A. LLC
(erroneously sued as International Berea USA)

(Additional attorney information on following page)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>　　　　Defendants. | Case No.: 2:20-CV-01437-OWD (ASx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO QUASH OR MODIFY DEPOSITION SUBPOENA <u>RE</u> SCOTT OGLE**<br><br>[REDACTED]<br><br>Date:  July 13, 2020<br>Time: 1:30 p.m.<br>Ctrm: 5D<br><br>Action filed:  February 12, 2020 |

Reed Aljian (SBN 211010)
(ra@dallp.com)
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Tel: (949) 861-2524
Fax: (949) 269 -6364

Attorneys for Defendants,
LA LUZ DEL MUNDO, an
unincorporated association, NAASÓN
JOAQUIN GARCIA, and
COMMUNICATION CENTER
BEREA U.S.A. LLC, erroneously sued
as INTERNATIONAL BEREA USA

Alan J. Jackson (SBN 173647)
(ajackson@werksmanjackson.com)
Caleb E. Mason (SBN 246653)
(cmason@werksmanjackson.com)
WERKSMAN JACKSON & QUINN LLP
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
Tel: (213) 688-0460
Fax: (213) 624-1942

Attorneys for Defendant,
NAASÓN JOAQUIN GARCIA

i

TABLE OF CONTENTS

# **TABLE OF CONTENTS**

**I.    INTRODUCTION** ..................................................................................1

**II.    BACKGROUND** ................................................................................4

**III.  LEGAL STANDARD** ........................................................................6

**IV.   ARGUMENT** ....................................................................................8

    A.    The *Shelton* Criteria Do Not Apply Here .................................... 8

    B.    Mr. Ogle Possesses Unique, Crucial Knowledge That is Essential to The Defense in This Case ............................................................... 9

    C.    Martin Has Not Met Her Burden to Demonstrate that All of the Information That Defendants Seek is Privileged ...............................11

    D.    Martin Has Not Met Her Burden to Demonstrate that Attorney-Client Privilege Has Not Been Waived ............................................12

    E.    The Crime-Fraud Exception to Attorney-Client Privilege May Apply ....14

**V.    CONCLUSION** ..............................................................................14

# TABLE OF AUTHORITIES

## CASES

*Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems, Inc.,*
    237 F.R.D. 618 (N.D. Cal. 2006) ........................................................ 4

*Boeing Co. v. KB Yuzhnoye,*
    No. CV1300730ABAJWX, 2015 WL 12803452 (C.D. Cal. Nov. 3, 2015) ....................................................................................... 2, 8

*Brandon v. D.R. Horton, Inc.,*
    No. 07CV1256 J (POR), 2008 WL 2096883 (S.D. Cal. May 16, 2008) ...................................................................................... 3, 13

*Carey v. Textron, Inc. (E-Z-Go Textron),*
    224 F.R.D. 530 (D. Mass. 2004) ........................................................ 9

*Clarke v. Am, Commerce Nat'l Bank,*
    974 F.2d 127 (9th Cir. 1992) ............................................... 3, 11, 13

*Doubleday v. Ruh,*
    149 F.R.D. 601 (E.D. Cal. 1993) ........................................................ 7

*Friedman,*
    350 F.3d 65 (2d Cir. 2003) ................................................................ 8

*In re Application For Subpoena To Kroll,*
    224 F.R.D. 326 (E.D.N.Y. 2004) ........................................................ 7

*In re Fischel,*
    557 F.2d 209 (9th Cir. 1977) ............................................................. 7

*In re Grand Jury Subpoena 92-1(SJ),*
    31 F.3d 826 (9th Cir. 1994) .............................................................. 14

*Littlefield v. Nutribullet, LLC,*
    No. CV 16-6894 MWF (SSx), 2017 WL 10438897 (C.D. Cal. Nov. 7, 2017) ...................................................................................... 8

*Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP,*
    No. 06CV2804 BTM (WM), 2010 WL 275083 (S.D. Cal. Jan. 13, 2010) ........................................................................................ 13

*Pamida, Inc. v. E.S. Originals, Inc.,*
    281 F.3d 726 (8th Cir. 2002) ............................................................. 9

*Perrignon v. Bergen Brunswig Corp.,*
    77 F.R.D 455 (N.D. Cal. 1978) ........................................................ 13

*Phoenix Solutions Inc. v. Wells Fargo Bank,*
    N.A., 254 F.R.D. 568 (N.D. Cal. 2008) ............................................. 3

*Shelton v. Am. Motors Corp.,*
    805 F.2d 1323 (8th Cir. 1986) .................................................... 2, 8, 9

*Spine Solutions, Inc. v. Medtronic Sofamor Danek, Inc.,*
    2008 WL 199709 (W.D. Tenn. Jan. 23, 2008) ................................. 11

*Starsight Telecast, Inc. v. Gemstar Dev. Corp.,*
    158 F.R.D. 650 (N.D. Cal. 1994) ..................................................... 12

*U.S. v. Christensen,*
    801 F.3d 970 (9th Cir. 2015) ........................................................... 14

*United States v. Martin*,
   278 F.3d 988 (9th Cir.2002) .................................................................. 12

*Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing*,
   266 F. Supp. 2d 1144 (C.D. Cal. 2003) ............................................... 7, 8

*Weil v. Investment/Indicators, Research & Management*,
   647 F.2d 18 (9th Cir.1981) ..................................................... 7, 8, 11, 12

*Wilcox v. Arpaio*,
   753 F.3d 872 (9th Cir. 2014) ..................................................................... 7

*Younger Mfg. Co. v. Kaenon, Inc.*,
   247 F.R.D. 586 (C.D. Cal. 2007) ........................................................... 11

**STATUTES**

Fed. R. Civ. P. 26(b)(1) ................................................................................ 6

Fed. R. Civ. P. 26(b)(5) ................................................................................ 8

Fed. R. Civ. P. 30(a) ..................................................................................... 7

Fed. R. Civ. P. 45(c)(3) ............................................................................ 4, 7

Fed. R. Civ. P. 45(c)(3)(a) ........................................................................... 4

Fed. R. Evid. 501 .......................................................................................... 7

Fed. R. Evid. 502 ........................................................................................ 12

Defendants La Luz Del Mundo, an unincorporated association, Naason Joaquin Garcia, and Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA (collectively, "Defendants") hereby oppose the Motion to Quash Subpoena for Deposition of Scott Ogle filed by Plaintiff Sochil Martin (the "Motion") and hereby respectfully submit the following Memorandum of Points and Authorities in support of their opposition:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

There is no prohibition against the deposition of an attorney and certainly not any prohibition against the deposition of a party's *former* attorney who has accused his client of being a fraud, which is the case here. In this litigation, Plaintiff Sochil Martin ("Martin") voluntarily produced certain communications, including a June 2018 email chain between her and her former attorney Scott Ogle. According to Martin's own declaration in support of her motion to quash, Mr. Ogle was retained "with regard to the facts at issue in this case, to build a case against Defendants."

Mr. Ogle, however, apparently has quite a dim view of his former client, her credibility and presumably her claims in this case. In the aforementioned June 2018 emails, Mr. Ogle states to Martin that "████████████████████████ ████████████████████████████████████████████████████████" (Declaration of Geoffrey A. Neri ("Neri Decl.") at ¶ 3, Ex. "A" (emphasis added).) Mr. Ogle further states "████████████████████████████████████ ████████████████████████████████" (*Id.*)

It is hard to imagine more relevant and exculpatory testimony for the defense in this case than Martin's own prior attorney's testimony that ████████████ ████████████████. Such testimony bears directly on the veracity of the allegations Martin has made in this case, as well as her overall credibility or rather lack thereof. Defendants therefore promptly issued a deposition subpoena requiring

Mr. Ogle to appear for a deposition and produce documents. Martin's motion to quash that deposition subpoena should be denied, for several reasons.

As an initial matter, the primary authority relied upon by Martin—*Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) – is inapplicable here. *See Boeing Co. v. KB Yuzhnoye*, No. CV1300730ABAJWX, 2015 WL 12803452, at *9 (C.D. Cal. Nov. 3, 2015) ("The Ninth Circuit Court of Appeals has not adopted the Eighth Circuit's reasoning in [*Shelton*] and its progeny.") Furthermore, "the *Shelton* criteria apply only when trial and/or litigation counsel are being deposed and the questioning would expose litigation strategy in the pending case." *Id.* Mr. Ogle is not, nor has he ever been, Martin's trial and/or litigation counsel in this pending case and his questioning would therefore not run the risk of exposing Martin's strategy in it.

Furthermore, even if the *Shelton* criteria were to be applied, they are met here. Under *Shelton*, Defendants must show that: (1) no other means exist to obtain the information [that they seek] than to depose Ogle; (2) the information is relevant and non- privileged; and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.2d at 1326-27.

Defendants seek information from Mr. Ogle about the fraud and false reports that he describes in his email. They also seek information about possible spoliation of evidence, as Martin's current counsel Deborah Mallgrave instructed Mr. Ogle on March 9, 2020, *after the start of this case*, to delete material responsive to the subpoena, sought by the defense and material to this litigation. (Neri Decl. ¶ 4, Ex. "B".)  The defense is entitled to learn what, if anything, Mr. Ogle has deleted and what else Martin and her attorneys have tried to get him to delete. If Mr. Ogle did, in fact, delete relevant evidence at Martin's current attorneys' behest, Defendants intend to raise spoliation of evidence issues with the Court. None of this information can be obtained from another source and it is crucial to Defendants' preparation of the case.

Martin claims that the subpoena is overbroad on its face because it seeks the disclosure of attorney-client information in its accompanying document demand.

2

However, "blanket assertions of the privilege are 'extremely disfavored.' The privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity." *Clarke v. Am, Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). The issue of whether a particular document is or is not subject to attorney-client privilege is not before the Court and the Court should not rule in a vacuum. Martin can simply interpose objections to the document demand and, should counsel for Defendants determine that such objections are not well taken with respect to a particular category of documents or specific document, that issue can be brought the Court's attention with the benefit of some context. The Court should not take the drastic step of quashing the deposition subpoena and precluding the deposition entirely, based on inchoate claims of privilege untethered to any particular documents.

Additionally, Martin has waived any claim of attorney-client privilege with respect to her communications with Mr. Ogle, not only because she herself has disclosed significant portions of those communications, but also because Mr. Ogle previously testified at a deposition on September 20, 2019, about his engagement by Martin in great detail. (Neri Decl. ⁋ 5, <u>Ex. "C"</u>.)

In the course of that deposition, Mr. Ogle produced all of his written communications with Martin. Neither Martin nor her current attorneys of record, who had been retained by that time, made any objections to the disclosure of attorney-client communications at that time and so Martin has waived privilege. *See Brandon v. D.R. Horton, Inc.*, No. 07CV1256 J (POR), 2008 WL 2096883, at *3 (S.D. Cal. May 16, 2008), as amended (May 21, 2008) ("[F]ailure to assert the attorney-client privilege, especially during deposition, is an absolute waiver of the privilege.").

At the very least, there has been a waiver with respect to the subject matter of the communications between Mr. Ogle and Martin that have already been disclosed. *See Phoenix Solutions Inc. v. Wells Fargo Bank*, N.A., 254 F.R.D. 568, 576 (N.D. Cal. 2008) ("the voluntary disclosure of the attorney communication constituted a waiver of the privilege as to all other such communications on the same subject

3

matter. This is, of course, black letter law."); *see also Board of Trustees of Leland Stanford Junior University v. Roche Molecular Systems, Inc.*, 237 F.R.D. 618, 623 (N.D. Cal. 2006) (treating the scope of the waiver of attorney-client privilege and work product protection as the same--extending to undisclosed documents on the same subject matter.").

Thus, while Defendants maintain that the motion to quash should be denied in its entirety, in the alternative, the Court may modify the subject deposition subpoena to permit examination of Mr. Ogle with respect to the subject matter of the communications between Mr. Ogle and Martin that have already been disclosed. (Fed. R. Civ. P. 45(c)(3)(a) (court may "modify a subpoena", in the alternative).)

## II.    **BACKGROUND**

On November 18, 2022, Defendant served requests for production of documents on Martin. (Neri Decl. at ⁋ 2.)    In response, Martin began a "rolling production" that included a production sent to Defendants on April 21, 2023. In that production, Martin included communications between Martin and her former attorney Scott Ogle. (Neri Decl. at ⁋ 3. Ex. "A.")    According to Martin, "[p]rior to the commencement of this action by her current counsel of record, Martin retained Scott Ogle with regard to the facts at issue in this case, to build a case against Defendants. (*See* Declaration of Sochil Martin in Support of Motion to Quash Subpoena re: Scott Ogle ¶¶ 4-6.)

The communications between Mr. Ogle and Martin that were produced appear to post-date the termination of Mr. Ogle's engagement, which is presumably why they were produced. As Martin's counsel appears to agree and acknowledge, such communications would not be privileged. (*See* Memo. ISO Motion to Quash at p. 3, 11. 12-14). It is unclear, however, whether Martin's counsel also agrees and acknowledges that the subject matter of these post-date communications, as well as related documents, are also unprivileged. *See supra*, section IV, subsection (c).

The accusations against Martin reflected in Mr. Ogle's emails are striking. On June 19, 2018, Mr. Ogle wrote Martin, as follows: " ████████████████

4



1

2

3

4  (Neri Decl. at ¶ 3, <u>Ex. "A"</u> (emphasis added).)

5      That same day, after Martin threatens to report Mr. Ogle to the state bar, he

6  replies: "

7                                      (*Id*. (emphasis added).)   On June 20, 2018, Mr. Ogle

8  wrote, "

9

10                          " (*Id.* (emphasis added).)

11      On September 20, 2019, Mr. Ogle testified at length in about his engagement

12  by Martin in a Texas case captioned *Law Office Scott Ogle et al. v. Naason Joaquin*

13  *Garcia et al*. (Neri Decl. ¶ 5, <u>Ex. "C"</u> (Condensed Transcript of Scott C. Ogle ("Ogle

14  Depo TR").)   Martin's current attorneys of record at Greenberg Gross LLP appear to

15  have been engaged by the time of this deposition. *See* Ogle Depo TR at p. 71

16  (referencing current counsel of record Joshua Robbins at Greenberg Gross, LLP).

17      Neither Martin nor her current attorneys attended the deposition to interpose

18  any attorney-client privilege or work product objections on behalf of Martin. Nor did

19  Martin or her attorneys object to Mr. Ogle's production of a "complete list" of his

20  written communications with Martin to the attorney taking the deposition. (Ogle Depo

21  TR at p. 41, l. 25- p. 42, ll. 1-3 ("

22

23      At the deposition, Mr. Ogle testified that he "

24

25                          " (*Id.* at p. 38, ll. 11-14.)  In connection with

26  the conversation, he testified that another individual named Milton Bertolio "

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

1  ██████" and that Martin and another woman were "████████████████████

2  █████████"  (*Id.* at p. 39, ll. 1-6.)

3        Mr. Ogle further testified that Martin gave him "██████████████

4  ████████████████" and he confirmed that he "████████████████

5  ████████████████" (Ogle Depo TR at p. 39, ll. 12-13, 17-20.) Mr. Ogle also

6  testified that Martin posted about it on the social media website Reddit, and in a forum

7  devoted to ex-LLDM members, under the alias "████████." (*Id.* at p. 40, ll. 20-21;

8  p. 67, ll. 4-6.)

9        Mr. Ogle testified that he had "████████████████████████

10  ████████████████████████████████████████████

11  ████████████"  (*Id.* at p. 45-46, ll. 24-25, 1.)

12        Mr. Ogle confirmed by his testimony that Martin had give him pictures and

13  photos, as well as "████████████████████████" and "████████"

14  him to post that material online. (Ogle Depo TR at p. 157, ll. 11-24.)

15        With respect to material posted by Mr. Ogle online, Defendants' counsel have

16  discovered that Martin's current counsel or record Deborah Mallgrave sent Mr. Ogle

17  a "████████████████" on March 9, 2020, after this case was filed and after

18  Martin had a duty to preserve evidence. (Neri Decl. ❡ 4, Ex. "B".)  In that letter, Ms.

19  Mallgrave instructs Mr. Ogle to cease sharing information that "includes the transcript

20  of a deposition during which you extensively discuss the nature and content of your

21  attorney-client relationship with Ms. Martin. In addition, it appears that you are also

22  publishing numerous defamatory statements regarding Martin." (*Id.*)  The letter goes

23  on to instruct Martin to "***delete any and all content you have posted and shared*** that

24  contains any such information or defamatory remarks." (*Id.* (emphasis added).)

25  **III.    <u>LEGAL STANDARD</u>**

26        Rule 26 of the Federal Rules of Civil Procedure gives parties broad latitude to

27  seek discovery. "Parties may obtain discovery regarding any matter, not privileged,

28  that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The

6

information need not be admissible as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Rule 30(a) provides that "[a] party may take the testimony of any person, including a party, by deposition upon oral examination." Fed. R. Civ. P. 30(a). "Attorneys are not immune from discovery . . . and the Rules do not create an absolute ban on discovery from attorneys based on the attorney-client privilege or work product doctrine." *Doubleday v. Ruh*, 149 F.R.D. 601, 613 (E.D. Cal. 1993)

Rule 45 provides that a party may seek to quash or modify a deposition subpoena if it, inter alia, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). The party seeking to quash the subpoena, however, bears the burden of showing that the requested information is privileged. *In re Application For Subpoena To Kroll*, 224 F.R.D. 326, 328 (E.D.N.Y. 2004) (citations omitted).

Under Federal Rule of Evidence 501, federal common law generally governs claims of privilege. *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014). Because federal policy favors broad discovery, and the attorney client privilege has the effect of withholding relevant information from the factfinder, the privilege is narrowly construed. *Weil v. Investment/Indicators, Research & Management*, 647 F.2d 18, 24 (9th Cir.1981). The proponent of the privilege carries the burden of establishing all elements of the privilege, including confidentiality, which is not presumed and non-waiver. *Id.* at 25. The confidentiality element and waiver are closely related inasmuch as any voluntary disclosure inconsistent with the confidential nature of the attorney client relationship waives the privilege. *Id.* at 24.

The party asserting a privilege (including work-product protection) bears the burden to prove how the privilege applies. *See In re Fischel*, 557 F.2d 209, 212 (9th Cir. 1977); *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing*, 266 F. Supp. 2d 1144, 1147 (C.D. Cal. 2003). The party asserting privilege also has the burden to show that privilege has not been waived. *Weil v. Investment/Indicators, Research & Mgmt.*, Inc.,

647 F.2d 18, 25 (9th Cir. 1981); *see also Verizon*, 266 F. Supp. 2d at 1150 (citing *Weil*, 647 F.2d at 25). To satisfy its burden, the party asserting a privilege as to discovery material "shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5).

## IV.  ARGUMENT

### A. The *Shelton* Criteria Do Not Apply Here

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence prohibit taking the deposition of an opposing party's attorney. Certain tests, however, have been determined when an attorney deposition is appropriate. To that end, Martin's motion applies a framework adopted by the Eighth Circuit in *Shelton v. Am. Motors Corp.* that is inapplicable here. 805 F.2d 1323, 1327 (8th Cir. 1986).

In *Boeing Co. v. KB Yuzhnoye*, this District Court explained: "there is no Ninth Circuit precedent addressing the proper standards for the Court to consider in this situation. The Ninth Circuit Court of Appeals has not adopted the Eighth Circuit's reasoning in [*Shelton*] and its progeny." No. CV1300730ABAJWX, 2015 WL 12803452, at *9 (C.D. Cal. Nov. 3, 2015); *see also Littlefield v. Nutribullet, LLC*, No. CV 16-6894 MWF (SSx), 2017 WL 10438897, at *4 (C.D. Cal. Nov. 7, 2017) (same).

Rather, the court in *Boeing* (like many other courts in this district) applied the less restrictive approach articulated in *In re Subpoena Issued to Dennis Friedman*, under which "the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices." *Boeing*, 2015 WL 12803452, at *9 (quoting *Friedman*, 350 F.3d 65, 72 (2d Cir. 2003) ("the standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship").

Furthermore, because Mr. Ogle is not trial counsel, *Shelton* does not apply. *Shelton* acknowledged a policy against deposing "trial counsel" to protect from interference with trial preparation work. *Shelton, supra*, 805 F.2d at 1327-28. The core purpose of the *Shelton* test is to protect a party from a trial-counsel deposition that might disclose strategies and otherwise harass and disrupt trial-counsel. As the Eighth Circuit has stated, "the Shelton test was intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy." *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730, 731 (8th Cir. 2002). ("The concerns raised in Shelton regarding abuse of the discovery process and adding time and expense to litigation are not implicated in this case where [defendant] seeks relevant information uniquely known by [plaintiffs] attorneys about prior terminated litigation, the substance of which is central to the pending case.").

Although Mr. Ogle has in the past represented Martin, he is not her trial counsel in this case. It follows that concerns about questioning on litigation strategy for Martin in this matter do not apply. *See, e.g., Carey v. Textron, Inc. (E-Z-Go Textron)*, 224 F.R.D. 530, 532 (D. Mass. 2004) ("Moreover, the fact that Attorney Gelineau no longer represents Carey in this matter reduces the degree [of] interference that any deposition of him would introduce. He, presumably, does not possess information concerning Plaintiff's current litigation strategy.").

**B.  <u>Mr. Ogle Possesses Unique, Crucial Knowledge That is Essential to The Defense in This Case</u>**

Even if *Shelton* applies, Defendants have met the criteria to depose Mr. Ogle. Furthermore, even if the Shelton criteria were to be applied, they are met here. As previously stated, under *Shelton*, Defendants must show that: (1) no other means exist to obtain the information [that they seek] than to depose Ogle; (2) the information is relevant and non- privileged; and (3) the information is crucial to the preparation of the case. *Shelton*, 805 F.2d at 1326-27.

9

With respect to the fraud and false reports that Mr. Ogle accuses Martin of engaging in and filing, he is the only known source (other than Martin, who presumably would simply deny the conduct) that exists to obtain information thereto. That information is certainly relevant and crucial to the preparation of the defense in this case, as it speaks to the veracity of Plaintiff's allegations in this case and goes to the heart of Martin's credibility. If her own prior attorney believes her to be a fraud, than a reasonable juror could likewise conclude that her credibility as a witness is entirely questionable.   With respect to privilege, it either never attached because the communications at issue are post-termination of Mr. Ogle as Martin's attorneys or, as discussed below, attorney-client privilege has been waived as to this subject matter.

Mr. Ogle also has crucial information as to the potential spoliation of evidence in this case. As described above, on March 9, 2020, after Martin's lawsuit had been filed, Martin's attorneys sent Mr. Ogle with a "███████████████", which included a demand that Mr. Ogle take down comments about Martin that Martin's attorneys claimed were defamatory. If those instructions were followed and the comments were relevant to this lawsuit, Martin and her attorneys have arguably spoliated evidence. Given that Martin's attorneys describe the material as "████████," it obviously reflects negatively on Martin and likely her claims in this case as well, given that it was posted by her attorney. Information related to the facts and circumstances of these posts and their deletion cannot be obtained from a source other than Mr. Ogle and is crucial to the preparation of the case.

Finally, Mr. Ogle has relevant information to provide as to Martin's apparent use of the "██████████" alias to post on Reddit. Defendants' attorneys have requested that Martin admit to the use of that alias but she has denied it, so it is reasonable to look to Mr. Ogle as an alternative source of obtaining that information. Defendants believe that Martin's posts under the "████████" alias reveal that she knew or should have known of all of her alleged injuries well beyond the statute of limitations

MEMORANDUM OF POINTS AND AUTHORITIES

applicable to the claims in her case. Therefore, further discovery into the issue is crucial to the defense of this case.

## C. Martin Has Not Met Her Burden to Demonstrate that All of the Information That Defendants Seek is Privileged

A witness seeking to prevent the taking of a deposition on privilege grounds bears the burden of proving "that all the information plaintiff seeks. . . is protected by the attorney-client privilege or work product doctrine." *Younger Mfg. Co. v. Kaenon, Inc.*, 247 F.R.D. 586, 588 (C.D. Cal. 2007) (denying motion for protective order because movant had not met its burden); *Weil v. Investment/Indicators, Research and Management, Inc.*, 647 F.2d 18, 25 (9th Cir. 1981) ("As with all evidentiary privileges, the burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it.").

While Martin relies heavily on blanket assertions of privilege, "[m]ere, conclusory statements that the privilege applies is not sufficient to meet [his] burden." *Spine Solutions, Inc. v. Medtronic Sofamor Danek, Inc.*, 2008 WL 199709, *3 (W.D. Tenn. Jan. 23, 2008) (granting motion to compel attorney's deposition); *see also Green v. Baca*, 219 F.R.D. 485, 491 (C.D. Cal. 2003) ("A party may not make a blanket assertion of privilege in response to a discovery request") (collecting cases).

Rather than wholesale privilege objections, the law requires that privilege objections must be done on an individualized basis. *See, e.g., Clarke v. Am, Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("[B]lanket assertions of the privilege are 'extremely disfavored.' The privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity.").

Indeed, Rule 45(d)(2) requires a party responding to a subpoena to provide sufficient information to enable the party seeking discovery to assess the claims of privilege and work product protection.

Furthermore, while it may be that certain documents and testimony may be privileged, such a determination, of course, cannot properly be made in a vacuum

11

without reference to the specific issues or subject matters to which Mr. Ogle will be asked to testify. It is beyond dispute that certain subjects of testimony are "fair game" for defendants, including the subjects referenced in his emails with Martin that were voluntarily produced. Martin has waived any privilege or work product protection that might otherwise exist as to those subject matters. *Starsight Telecast, Inc. v. Gemstar Dev. Corp.*, 158 F.R.D. 650, 653 (N.D. Cal. 1994) ("In general, a party's voluntary disclosure of one or more privileged communications between the party and his attorney waives the privilege as to all communications between the party and his attorney on the same subject.").

Indeed, these emails presumably post-date the termination of Mr. Ogle's engagement by Martin given the tenor of the communications and therefore are not privileged in any event. Likewise, Mr. Ogle's testimony about his communications with Martin's current attorneys, including any steps he took to delete data that could be relevant to this lawsuit, at Martin's attorneys' instructions, would be post-termination and non-privileged. At a minimum then, Mr. Ogle should be required to produce documents and testify as to these topics, and the deposition subpoena should not be quashed altogether but instead modified.

### D. **Martin Has Not Met Her Burden to Demonstrate that Attorney-Client Privilege Has Not Been Waived**

The burden of establishing that attorney-client privilege has not been waived is borne by the party asserting the privilege. *See United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir.2002) (identifying nonwaiver as one element of the attorney-client privilege and stating that "[t]he burden is on the party asserting the privilege to establish all the elements of the privilege"); *Weil v. Investment/Indicators, Research & Mgmt.*, 647 F.2d 18, 25 (9th Cir.1981) ("One of the elements that the asserting party must prove is that it has not waived the privilege.")

Rule 502 of the Federal Rules of Evidence sets forth limitations on waiver of the attorney-client privilege. See Fed. R. Evid. 502. Specifically, Rule 502(a) provides

that, when a party's disclosure of a communication covered by the attorney-client privilege in a federal proceeding waives the privilege, the waiver extends to undisclosed communications or information if (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness be considered together. Fed. R. Evid. 502(a).

In applying Rule 502, courts within the Ninth Circuit have held that a "failure to assert the attorney-client privilege, especially during deposition, is an absolute waiver of the privilege." *Brandon v. D.R. Horton, Inc.*, No. 07CV1256 J (POR), 2008 WL 2096883, at *3 (S.D. Cal. May 16, 2008) (citing *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D 455, 459 (N.D. Cal. 1978) (". . . even if the statements were privileged, the privilege was waived. When plaintiff...was deposed on April 21, 1977, she described her conversations with Nielson without any objection from counsel for HAS. By failing to make a timely objection, HAS waived any privilege that may have existed with respect to the statements"). Furthermore, "if a privileged document is used at a deposition, and the privilege holder fails to object immediately, the privilege is waived." *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, No. 06CV2804 BTM (WM), 2010 WL 275083, at *5 (S.D. Cal. Jan. 13, 2010)

Here, Martin and her attorneys failed to timely object to extensive testimony by her prior counsel, which testimony in their own words "extensively discuss[ed] the nature and content of your attorney-client relationship with Ms. Martin." (Neri Decl. ¶ 4, Ex. "B".)   They also failed to timely object to the disclosure by Mr. Ogle of all of his written attorney-client communications with Martin.

Martin's attorneys' objections almost six months after the fact to Mr. Ogle's dissemination of the deposition transcript do not suffice to prevent a finding of waiver. Under both state and federal law, if a privileged document is used at a deposition, and the privilege holder fails to object immediately, the privilege is waived. *Brandon v. D.R. Horton, Inc.*, No. CV 07-1256, 2008 WL 2096883, at *3 (S.D.Cal. May 16, 2008) (listing cases); *see also Clarke v. J.P. Morgan Chase & Co.*, No. CV 08-2400,

MEMORANDUM OF POINTS AND AUTHORITIES

2009 WL 970940, at \*6 (S.D.N.Y. April 10, 2009) (holding two-month delay in asserting privilege, including failure to assert privilege at a deposition, weighed in favor of finding waiver and describing cases in which waiver was found after delay ranging from six days to one month).

### E. <u>The Crime-Fraud Exception to Attorney-Client Privilege May Apply</u>

Finally, given the accusations made by Mr. Ogle of fraud and criminal conduct on the part of Martin, the crime-fraud exception to attorney-client privilege may apply here. *See U.S. v. Christensen*, 801 F.3d 970, 1005 (9th Cir. 2015) (explaining that a party "must make only a minimal showing that the crime-fraud exception could apply. Some speculation is required . . . ."). As described herein, it appears that Mr. Ogle has accused Martin of engaging him to make "false reports" to law authorities about the purported abuse she has alleged. If so, Mr. Ogle should be required to produce his communications with Martin to determine if the crime-fraud exception applies. *In re Grand Jury Subpoena 92-1(SJ)*, 31 F.3d 826, 830 (9th Cir. 1994) ("We require only a showing sufficient to establish a reasonable belief that in camera review may lead to evidence that the exception applies; we do not require a prima facie showing that the exception does apply.")

### V. <u>CONCLUSION</u>

For all the foregoing reasons, the Motion should be denied in its entirety. Alternatively, the subpoena at issue should not be quashed entirely but modified to permit inquiry into the specific subjects described herein.

MEMORANDUM OF POINTS AND AUTHORITIES

Respectfully submitted,

DATED: June 27, 2023          BROWN, NERI, SMITH & KHAN LLP

                             By: __/s/ Geoffrey A. Neri_____
                                     Geoffrey A. Neri

                             Attorneys for Defendant
                             COMMUNICATION CENTER BEREA
                             U.S.A. LLC  (erroneously sued as
                             International Berea USA)

DATED: June 27, 2023          DAILY ALJIAN LLP

                             By: __/s/ Reed Aljian_____
                                     Reed Aljian

                             Attorneys for Defendants,
                             LA LUZ DEL MUNDO, an
                             unincorporated association, NAASÓN
                             JOAQUIN GARCIA, and
                             COMMUNICATION CENTER
                             BEREA U.S.A. LLC, erroneously sued
                             as INTERNATIONAL BEREA USA

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that all counsel of record who are deemed to have consented

3   to electronic service are being served with a copy of this document via the Court's

4   CM/ECF system on June 27, 2023.

5

6      DATED: June 27, 2023                    BROWN, NERI, SMITH & KHAN LLP

7                                              By:   /s/ Geoffrey A. Neri
                                                     Geoffrey A. Neri
8
                                               Attorneys for Defendant
9                                              COMMUNICATION CENTER BEREA
                                               U.S.A. LLC  (erroneously sued as
10                                             International Berea USA)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28