DEBORAH S. MALLGRAVE, State Bar No. 198603
  *DMallgrave@GGTrialLaw.com*
DANIEL S. CHA, State Bar No. 260256
  *DCha@GGTrialLaw.com*
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
  *ekeach@ggtriallaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  *MReck@AndersonAdvocates.com*
HAGEREY MENGISTU, State Bar No. 290300
  *HMengistu@AndersonAdvocates.com*
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, | Case No. 2:20-cv-01437-FWS-AS<br>Judge: Hon. Fred W. Slaughter<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO QUASH OR MODIFY DEPOSITION SUBPOENA RE SCOTT OGLE**<br><br>Date: July 18, 2023<br>Time: 1:30 PM<br>Crtrm.: 5D |

1  RAHEL JOAQUÍN GARCÍA, an
   individual, ADORAIM JOAQUÍN
2  ZAMORA, an individual, DAVID
   MENDOZA, an individual and DOES 1
3  through 10, inclusive.

4          Defendants.

Case No. 2:20-cv-01437-FWS-AS

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO
QUASH OR MODIFY DEPOSITION SUBPOENA RE SCOTT OGLE

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...............................................................................1

II.     ARGUMENT .....................................................................................1

        A.      Shelton Is Applicable and Defendants Have Failed to Satisfy
                Their Burden Under It.............................................................1

        B.      Plaintiff Has Met Her Burden to Demonstrate That Defendants'
                Subpoena Inevitably Seeks Privileged Materials.....................3

                1.      Plaintiff holds the privilege and has never waived it ..................3

                2.      Defendants' argument against "blanket assertions" of
                        privilege is belied by their own "blanket" demand for prior
                        counsel's case file..............................................................5

                3.      Alternative relief is not warranted ................................7

        C.      Defendants Have Failed To Provide a Basis For The Crime-
                Fraud Exception Because There Is None...................................7

III.    CONCLUSION ..................................................................................9

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Brandon v D.R. Horton, Inc*.................................................................................4

*Caiazza v Mercy Med. Ctr., Inc.,*.........................................................................6

*Clarke v. J.P. Morgan Chase & Co.,*....................................................................4

*Littlefield v Nutribullet, LLC* ..............................................................................2

*Monster Energy*.....................................................................................................2

*Monster Energy Co. v. Vital Pharm., Inc* ............................................................1

*Perrignon v Bergen Brunswig Corp.,*...................................................................5

*Shelton v Am Motors Corp* ...................................................................................2

*Shelton v Am. Motors Corp* ..................................................................................1

*United States v. Sanmina Corp* ............................................................................4

*v.*      1, 2, 1, 2

*Villaflor v Equifax Info.* .......................................................................................2

## <u>STATUTES</u>

*Grand Jury Proc* ...................................................................................................8

*In re Grand Jury Investigation* ............................................................................8

*Mohawk Indus., Inc. v. Carpenter* .......................................................................8

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO
QUASH OR MODIFY DEPOSITION SUBPOENA RE SCOTT OGLE

## I.    **INTRODUCTION**

As the holder of the attorney-client privilege between herself and Scott Ogle, Plaintiff has never waived her privilege and has effectively met her burden to assert it against La Luz del Mundo ("LLDM" or "Defendants") in the present case. Defendants have failed to meet their burden to justify invading that privilege by deposing Ogle, and the basis proposed in their Defendants' Opposition to Plaintiff Sochil Martin's Motion to Quash or Modify Deposition RE Scott Ogle ("Opposition") is almost purely based upon conjecture and speculation. While Defendants posit that Plaintiff's assertion of the privilege in the instant Motion to Quash is an overly broad "blanket" objection, they fail to acknowledge that their own subpoena effectively seeks to obtain Ogle's entire case file. Such a broad demand for discovery by a party's prior counsel necessarily infringes upon the attorney-client privilege and should be heavily scrutinized by this court and ultimately quashed. Finally, Defendants' assertion of the crime-fraud exception is wholly unsubstantiated, and significantly below the burden of proof necessary to properly raise the exception. Because Defendants have failed to raise any meaningful justification to subpoena and depose Ogle, and because Plaintiff has a legitimate interest in preserving the attorney-client privilege that has never been waived, this Court should grant Plaintiff's Motion to Quash in its entirety.

## II.    **ARGUMENT**

### A.    **Shelton Is Applicable and Defendants Have Failed to Satisfy Their Burden Under It**

The subpoenaing and deposing of opposing counsel is generally disfavored. *See e.g. Monster Energy Co. v. Vital Pharm., Inc.,* No. 518CV01882JGBSHKX, 2020 WL 2405295, at *6 (C.D. Cal. Mar. 10, 2020). Although the Ninth Circuit has not adopted a standard to evaluate when such discovery is appropriate, district courts within the circuit have largely adopted the standard propounded by the Eighth Circuit in *Shelton v Am. Motors Corp*., 805 F.2d 1323 (8th Cir. 1986). *See Littlefield*

*v Nutribullet, LLC*, No. CV 16-6894 MWF (SSX), 2017 WL 10438897, at *4 (C.D. Cal. Nov. 7, 2017) ("many district courts in this circuit have adopted the test set forth by [*Shelton v Am Motors Corp*.]"). Other courts have adopted the test articulated by the Second Circuit's In re Subpoena Issued to Dennis Friedman, 350 F.3d 65 (2d Cir. 2003). *See Monster Energy*, 2020 WL 2405295, at *7. However, for purposes of analyzing the propriety of subpoenaing and deposing opposing counsel, "the two heightened standards from Shelton and Friedman, are practically identical." *Id.* at *11 (internal quotation marks, citations, and alterations omitted).

Defendants attempt to distinguish "trial counsel" from former counsel, arguing that Shelton is only applicable to "trial counsel in this case". *See* Opposition at 9. This distinction is not recognized by the courts, and has been affirmatively rejected by courts in this jurisdiction. *See e.g. Monster Energy* at *11 ("Although Subpoenaed Non-Parties no longer represent Monster, they previously represented Monster and established a privileged, attorney-client relationship. Accordingly, for purposes of the discovery analysis, the Court does not distinguish Subpoenaed Non-Parties from current counsel, unless such distinction is necessary to the analysis."); *see also Villaflor v Equifax Info*., No. C-09-00329 MMC, 2010 WL 2891627, at *2 (N.D. Cal. July 22, 2010) (Deposition of non-party counsel analyzed under Shelton and Friedman standards because "there is an attorney-client relationship between Plaintiffs and [non-party counsel] that implicates most of the same concerns raised in Shelton with respect to deposing opposing counsel").

Applying the Shelton (or Friedman) factors, this Court should conclude that Defendants do not have a justifiable basis to depose Ogle in this case. Under Shelton, "the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." Shelton, 805 F.2d at 1327 (citations omitted). In this case, entirety of Defendants' justification to depose Ogle is that (1) Ogle may serve as a

credibility witness against Plaintiff, (2) Ogle may have deleted posts related to comments he made about Plaintiff, and (3) Ogle may know if Plaintiff used a particular alas to post on Reddit. *See* Opposition at 10. At the outset, none of these purported justifications illustrate why or how "no other means exist to obtain the information" being sought by Ogle. Information related to websites, including prior posts and aliases, could be obtained by the websites themselves. Further, at a minimum, Defendants have not shown why efforts to obtain prior online comments or aliases through less invasive means than deposing prior counsel are ineffective. Similarly, Defendants have completely failed to demonstrate how Ogle is the only potential "credibility witness" available, or that Ogle actually has information related to Plaintiff's credibility that can only be obtained through his deposition. Further, all of the justifications raised by Defendants to depose Ogle are either ancillary issues as they relate to the present case, or clearly privileged and intended to examine statements Plaintiff made to Ogle in confidence as part of her prior attorney-client relationship with him. Finally, none of the justifications provided by Defendants seek information crucial to the preparation of the case - none of the information sought necessarily supports any defenses or substantively rebuts the allegations raised by Plaintiff in the instant case. Consequently, this Court should find that Defendants' justifications to depose Ogle are grossly insufficient under the Shelton factors.

**B.** **Plaintiff Has Met Her Burden to Demonstrate That Defendants' Subpoena Inevitably Seeks Privileged Materials**

**1.** **Plaintiff holds the privilege and has never waived it**

In an attorney-client relationship, the client holds the privilege, and thus bears the burden of asserting it. *See In re Carter*, 62 B.R. 1007, 1014 (Bankr. C.D. Cal. 1986) ("The client, not his attorney, is the holder of the privilege"). In this case, Plaintiff has properly raised and met her burden. *See generally* Plaintiff's Motion to Quash. Specifically, Plaintiff articulated that she retained Ogle for the purpose of

-3-

1   litigating against the instant Defendants. *See* Declaration of Sochil Martin in

2   Support of Motion to Quash Subpoena RE: Scott Ogle, ECF No. 183-2 ("Martin

3   Decl"). at 2. To that end, Plaintiff spoke candidly with Ogle, her attorney, about the

4   abuse she suffered at the hands of Defendants. *Id*. The purpose of her conversations

5   was to assist Ogle in building a case against Defendants. *Id.* Plaintiff confided in

6   Ogle, and communicated with him candidly, with the understanding that her

7   communications were private and privileged. *Id*.

8        Additionally, despite Defendants' assertion, Plaintiff has never waived her

9   privilege, and when necessary, Plaintiff has enforced her privilege, as she did

10   against Ogle following her termination of his representation. *Id.* Waiver of the

11   attorney-client privilege may be voluntary or implied. *See United States v. Sanmina*

12   *Corp*., 968 F.3d 1107, 1116 (9th Cir. 2020). Voluntary waiver "occurs when a party

13   discloses privileged information to a third party who is not bound by the privilege,

14   or otherwise shows disregard for the privilege by making the information public.

15   Disclosures that effect an express waiver are typically within the full control of the

16   party holding the privilege . . . " *Id.* (internal quotation marks and citations omitted).

17   By contrast, "waiver by implication, or implied waiver, is based on the rule that "a

18   litigant waives the attorney-client privilege by putting the lawyer's performance at

19   issue during the course of litigation." *Id*.

20        In making their argument that privilege was waived, Defendants assert that

21   Plaintiff failed to raise the privilege to prevent Ogle from being deposed in an

22   unrelated matter. *See* Opposition at 12-13. In support, Defendants rely upon three

23   unreported cases: *Brandon v D.R. Horton, Inc.,* No. 07CV1256J (POR), 2008 WL

24   2096883 (S.D. Cal. May 16, 2008), L*una Gaming-San Diego, LLC v. Dorsey &*

25   *Whitney, LLP*, No. 06CV2804BTM (WM), 2010 WL 275083 (S.D. Cal. Jan 13,

26   2010), and *Clarke v. J.P. Morgan Chase & Co*., No CV 08-2400, 2009 WL 970940

27   (S.D.N.Y. April 10, 2009). *See id.* However, in all three cases, the party who held

28   the privilege was also a party to the case wherein the purported waiver occurred.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO
QUASH OR MODIFY DEPOSITION SUBPOENA RE SCOTT OGLE

None of the cases Defendants rely upon involved a client (or privilege holder) having to intervene on behalf of an attorney (or other party bound by the privilege) to prevent the disclosure of privileged materials in an unrelated case where the privilege-holder was not a party. Indeed, in most circumstance, it would not only be unreasonable, but infeasible to expect a privilege-holder to prevent a deposition in an unrelated case in order to preserve their privilege.

Because the client holds the privilege, "the client, and only the client may waive the privilege" *Perrignon v Bergen Brunswig Corp*., 77 F.R.D. 455, 459 (N.D. Cal. 1978) (emphasis added). It should be noted that Ogle, correctly, also moved to quash Defendants' subpoena on the basis that it impermissibly seeks material protected under attorney-client privilege, which has not been waived by Plaintiff. *See generally* Nonparty Scott Ogle's Motion to Quash Subpoena, ECF No. 184. Consequently, Defendants' proposition that Plaintiff in this case waived her privilege by failing to intervene on a case where she was not a party is neither supported by law nor grounded in reality. Plaintiff has never waived her privilege, has maintained efforts to protect the privilege, and has had her privilege recognized by her former counsel.

## 2. Defendants' argument against "blanket assertions" of privilege is belied by their own "blanket" demand for prior counsel's case file.

Defendants take great pains to allege that Plaintiff merely raised "blanket assertions of privilege" that fail to meet her burden. *See* Opposition at 2-3, 11-12. However, Defendants fail to address the proverbial elephant in the room -- Defendants effectively propounded a blanket demand for Ogle's entire case file. *See* Declaration of Daniel S. Cha in Support of Motion to Quash Subpoena re: Scott Ogle, ECF No. 183-1 ("Cha Decl.") at 2. Inevitably, and logically, a demand to produce an attorney's entire case file necessarily infringes on attorney-client privilege. Courts throughout this country heavily scrutinize such broad requests,

ordinarily requiring a showing, by Defendants, that the entire case file is relevant to the instant proceedings, and if so, engaging in an in-camera review to determine whether and to what extent any non-privileged documents may be produced. *See, e.g. Caiazza v Mercy Med. Ctr., Inc.,* 2012-Ohio-3940, ¶ 19 ("A discovery order compelling disclosure of an attorney's entire case file necessarily reveals the attorney's mental processes, thus invoking work-product protection[.]"); *People v. Madera*, 112 P.3d 688, 689-90 (Colo. 2005) ("In general, the contents of a defense attorney's case file are likely to be protected by the attorney-client privilege and the attorney work product privilege. . . before engaging in an in camera review of an attorney's file, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the attorney-client privilege does not protect all of the documents in the file."); *Parten v. Brigham*, 785 S.W.2d 165, 169 (Tex. App. 1989) (Writ of mandamus granted "because of the overbreadth of the judge's order. Specifically, the order mandates that attorney [] produce copies of his entire casefile concerning the finalization of the divorce action.[]") (internal quotation marks and alterations omitted); *Alexis v. Rogers*, No. 15CV691-CAB (BLM), 2017 WL 1062590, at *4 (S.D. Cal. Mar. 20, 2017) ("Defendants have not established the relevancy and proportionality of all documents relating to Plaintiff or to Mr. Fabian's representation of Plaintiff with regard to her December 2015 car accident and her February 2016 altercation with Terri Safino. The Court therefore DENIES Defendants' request to compel all of the documents described in categories 1-3.").

While parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" it must be "proportional to the needs of the case[.]" Fed. R. Civ. P. 26 (emphasis added). In the present matter, Defendants unequivocally seek Ogle's entire case file, demanding the production of all communications, images, audio, and documents between or related to Ogle and

Plaintiff. *See* Cha Decl. at *2.* But Defendants have failed to make any justification
for why Ogle's entire case file is relevant, proportional, or necessary. *See generally*
Opposition at 8-14. At best, Defendants have raised threadbare and generalized
theories about what may be in Ogle's case file. In reality, Defendants are engaging
in a fishing expedition, attempting to capitalize on purported animosity between
Plaintiff and her former counsel to invade the clear and obvious attorney-client
privilege that Plaintiff holds. This Court should decline to entertain Defendants'
overbroad and unjustified request.

### 3.    Alternative relief is not warranted

Defendants, apparently aware of the disproportionate nature of their original
requests, alternatively move this Court to modify their subpoenas to minimize the
request solely to communications between Ogle and Martin "that have already been
disclosed." *See* Opposition at 4. Such a request is nonsensical in that Defendants are
asking this Court to allow Defendants to seek the production of documents that, by
their own admission, they already possess. *See id*. Granting Defendants' alternative
relief would neither expedite nor clarify the problem presented before this Court;
rather this Court should quash Defendants' present subpoena, and require
Defendants to seek specific, relevant, non-privileged and proportionate discovery.
*See* FRCP 26.

### C.    Defendants Have Failed To Provide a Basis For The Crime-Fraud Exception Because There Is None

In passing, Defendants baselessly assert that attorney-client privilege should
be defeated under the "crime-fraud" exception. *See* Opposition at 14. The sole basis
of Defendants' position arises from communications between Plaintiff and Ogle that
deteriorated following the termination of their relationship. *See id*. Moreover,
Defendants concede that they are unsure if the crime-fraud exception even applies,
and ask this Court to allow an invasion of the attorney-client privilege merely "to
determine if the crime-fraud exception applies." *Id*. This court should not find

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO
QUASH OR MODIFY DEPOSITION SUBPOENA RE SCOTT OGLE

1   Defendants' argument availing.

2        The crime-fraud exception applies to defeat privilege as to communications

3   "when the client consults an attorney for advice that will serve him in the

4   commission of a fraud or crime." *In re Grand Jury Investigation*, 810 F.3d 1110,

5   1113 (9th Cir. 2016). The Ninth Circuit has held that "in a civil case the burden of

6   proof that must be carried by a party seeking outright disclosure of attorney-client

7   communications under the crime-fraud exception should be preponderance of the

8   evidence." *In re Napster, Inc.* Copyright Litig., 479 F.3d 1078, 1094–95 (9th Cir.

9   2007), abrogated on other grounds by *Mohawk Indus., Inc. v. Carpenter*, 558 U.S.

10  100, 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009). The party seeking to prove the

11  applicability of the crime-fraud exception "must satisfy a two-part test: [1] First, the

12  party must show that the client was engaged in or planning a criminal or fraudulent

13  scheme when it sought the advice of counsel to further the scheme. [2] Second, it

14  must demonstrate that the attorney-client communications for which production is

15  sought are sufficiently related to and were made in furtherance of the intended, or

16  present, continuing illegality." *In re Grand Jury Investigation*, 810 F.3d at 1113

17  (internal citations, quotation marks and alterations omitted). Baseless allegations are

18  not sufficient to trigger examination of the crime-fraud exception. In re Grand Jury

19  Proc., 87 F.3d 377, 381 (9th Cir. 1996) ("it isn't enough for the government merely

20  to allege that it has a sneaking suspicion the client was engaging in or intending to

21  engage in a crime or fraud when it consulted the attorney. . . Rather, the district

22  court must find reasonable cause to believe that the attorney's services were utilized

23  ... in furtherance of the ongoing unlawful scheme.") (internal citations and quotation

24  marks omitted).

25        Here, Defendants have not carried any burden of proof, let alone

26  demonstrated by a preponderance of the evidence that Ogle's services were used "in

27  furtherance of [an] ongoing unlawful scheme." In re *Grand Jury Proc.*, 87 F.3d 381.

28  At most, Defendants' allegation is a superficial and whimsy interpretation into

communications that, on their face, are nothing more than a heated exchange between former and disgruntled attorney and client. Defendants have neither alleged nor provided evidence to satisfy either prong of the two-part test. *See* Opposition at 14. This Court should thusly reject Defendants' argument that the exception applies here.

III.    **CONCLUSION**

For the foregoing reasons, Plaintiff asks that this Court Grant its Motion to Quash in its entirety.

DATED:  July 3, 2023                     GREENBERG GROSS LLP


By:    _____*/s/ Eckley M. Keach, III*_____
                     Deborah S. Mallgrave
                     Daniel S. Cha
                     Eckley M. Keach, III
                     Attorneys for Plaintiff SOCHIL MARTIN

# PROOF OF SERVICE

### Sochil Martin v. Naason Joaquin Garcia, et al.
### Case No. 2:20-cv-01437-ODW-AS

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On July 3, 2023 I served true copies of the following document(s) described as **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO QUASH OR MODIFY DEPOSITION SUBPOENA RE SCOTT OGLE** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 3, 2023, at Los Angeles, California.

_/s/Crystal Rose_
Crystal Rose

**SERVICE LIST**
**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

| | |
|---|---|
| Alan J. Jackson<br>Caleb E. Mason<br>WERKSMAN JACKSON & QUINN LLP<br>888 W 6th Street, Fourth Floor<br>Los Angeles, CA 90017 | T:    213.688.0460<br>F:    213.624.1942<br>E:    ajackson@werksmanjackson.com<br>      cmason@werksmanjackson.com<br>      gsaucedo@werksmanjackson.com<br>      michele@werksmanjackson.com<br><br>Attorneys for Defendant NAASON JOAOUIN GARCIA. an individual |
| Ethan J. Brown<br>Geoffrey A. Neri<br>BROWN, NERI, SMITH & KHAN LLP<br>11601 Wilshire Blvd., Suite 2080<br>Los Angeles, CA 90025 | T:    310.593.9890<br>F:    310.593.9980<br>E:    ethan@bnsklaw.com<br>      geoff@bnsklaw.com<br>      emily@bnsklaw.com<br>      leon@bnsklaw.com<br><br>Attorneys for Defendants JOSE HERNANDEZ, UZZIEL JOAQUIN, BENJAMIN JOAQUIN, SILVERIO CORONADO, AURELIO ZAVALETA, JOSE LUIS ESTRADA, JONATHAN MENDOZA, DAVID MENDOZA, GILBERTO GARCIA GRANADOS |
| Reed Aljian<br>Simon Kwak<br>DAILY ALJIAN LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | T:    949.861.2524<br>F:    949.269.6364<br>E:    ra@dallp.com<br>      sk@dallp.com<br>      hilda@dallp.com<br>      dlopez@dallp.com<br><br>Attorneys for Defendants ALMA ELIZABETH JOAQUIN erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN erroneously sued as ADORAIM JOAQUIN ZAMORA, LA LUZ DEL MUNDO, COMMUNICATION CENTER BEREA U.S.A., LLC, erroneously sued as, INTERNATIONAL BEREA USA |
| Michael Reck<br>Hagerey Mengistu<br>JEFF ANDERSON & ASSOCIATES<br>11812 San Vicente Blvd., #503<br>Los Angeles. CA 90049 | E:    MReck@AndersonAdvocates.com<br>      Hagerey@AndersonAdvocates.com<br><br>Co-Counsel for Plaintiff SOCHIL MARTIN |

-2-