1  Ethan J. Brown (SBN 218814)
    (ethan@bnsklaw.com)
2  Geoffrey A. Neri (SBN 258802)
    (geoff@bnsklaw.com)
3  BROWN, NERI, SMITH & KHAN LLP
   11601 Wilshire Blvd., Suite 2080
4  Los Angeles, California 90025
   Telephone:   (310) 593-9890
5  Facsimile:   (310) 593-9980

6

7  Attorneys for Defendant
   COMMUNICATION CENTER BEREA U.S.A. LLC
   (erroneously sued as International Berea USA)
8
   (Additional attorney information on following page)
9

10              UNITED STATES DISTRICT COURT

11        CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION
12

13  SOCHIL MARTIN,                        Case No.: 2:20-CV-01437-OWD (ASx)

14            Plaintiff,

15       v.                               **DEFENDANTS' APPLICATION
                                          FOR LEAVE OF COURT TO FILE
16                                        UNDER SEAL**

17  LA LUZ DEL MUNDO, an
    unincorporated association, NAASON
    JOAQUIN GARCIA, an individual, EL    **(L.R. 5.2.2(a)-(b))**
18  CONSEJO DE OBISPOS, an
    unincorporated association, GILBERTO
19  GARCIA GRANADOS, an individual,       Action filed:  February 12, 2020
    JOSE HERNANDEZ, an individual,
20  UZZIEL JOAQUIN, an individual,
    SILVERIO CORONADO, an
21  individual, AURELIO ZAVALETA, an
    individual, JOSE LUIS ESTRADA, an
22  individual, JONATHAN MENDOZA,
    an individual, ALMA ZAMORA DE
23  JOAQUIN, an individual, BENJAMIN
    JOAQUIN GARCIA, an individual,
24  RAHEL JOAQUIN GARCIA, an
    individual, ADORAIM JOAQUIN
25  ZAMORA, an individual, DAVID
    MENDOZA, an individual and DOES 1
26  through 10, inclusive.

27            Defendants.

28

---

APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL

Reed Aljian (SBN 211010)
(ra@dallp.com)
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Tel: (949) 861-2524
Fax: (949) 269 -6364

Attorneys for Defendants,
LA LUZ DEL MUNDO, an
unincorporated association, NAASÓN
JOAQUIN GARCIA, and
COMMUNICATION CENTER
BEREA U.S.A. LLC, erroneously sued
as INTERNATIONAL BEREA USA


Alan J. Jackson (SBN 173647)
(ajackson@werksmanjackson.com)
Caleb E. Mason (SBN 246653)
(cmason@werksmanjackson.com)
Werksman Jackson & Quinn LLP
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
Tel: (213) 688-0460
Fax: (213) 624-1942


Attorneys for Defendant,
NAASÓN JOAQUIN GARCIA

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:**

**PLEASE TAKE NOTICE** that Defendants La Luz Del Mundo, an unincorporated association, Naason Joaquin Garcia, and Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA (collectively, "Defendants") hereby apply, pursuant to Local Rule 79-5.2.2 (the "Application"), for leave of Court to file the following documents under seal:

1)  Unredacted version of DEFENDANTS' OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO QUASH OR MODIFY DEPOSITION SUBPOENA RE SCOTT OGLE, copy of which is attached to the concurrently filed Declaration of Geoffrey A. Neri ("Neri Decl.") as **Exhibit "A"**; and

2)  Unredacted versions of EXHIBITS "A" and "C" to the DECLARATION OF GEOFFREY A. NERI IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO QUASH OR MODIFY DEPOSITION SUBPOENA RE SCOTT OGLE, attached to the Neri Decl. as **Exhibit "B" and "C"**.

Pursuant to L.R. 79-5.2.2(a)(iii), a redacted version of DEFENDANTS' OPPOSITION TO PLAINTIFF SOCHIL MARTIN'S MOTION TO QUASH OR MODIFY DEPOSITION SUBPOENA RE SCOTT OGLE, is attached hereto as **EXHIBIT "1"**, as only a portion of the document is proposed to be filed under seal.

## I.  BACKGROUND

Plaintiff Sochil Martin ("Martin") and Defendants (together, the "Parties") have entered into a Stipulated Protective Order ("Protective Order"), which the Court entered on February 13, 2023. (ECF Dkt. No. 39; ("Declaration of Geoffrey A. Neri

1   Decl. ISO MTQ Opp.") at ℙ 2.).)  The Protective Order permits the Parties and other

2   non-parties to designate as "CONFIDENTIAL" documents that qualify for protection

3   under Federal Rule of Civil Procedure 26(c). (Protective Order ¶ 2.3.)  Under the

4   Protective Order, "Protected Material" is defined as "any Disclosure or Discovery

5   Material that is designated s "CONFIDENTIAL" or "CONFIDENTIAL –

6   ATTORNEY'S EYES ONLY." (*Id.*, ℙ 2.14.)

7        "Disclosure or Discovery Material" is defined as "all items or information or

8   items that it is generated, stored, or maintained (including, among other things,

9   testimony, transcripts, and tangible things), that are produced or generated in

10   disclosures or responses to discovery in this matter."   On November 18, 2022,

11   Defendant served requests for production of documents on Martin. (Neri Decl. ISO

12   MTQ Opp.") at ℙ 3.)  In response, Martin began a "rolling production" that included

13   a production sent to Defendants on April 21, 2023. In that production, Martin included

14   email communications between Martin and her former attorney Scott Ogle (the "Ogle

15   emails").   The Ogle emails are marked "CONFIDENTIAL", pursuant to the

16   Protective Order.  (*Id.* at ℙ 4.)

17        On May 3, 2023, Defendants subpoenaed Mr. Ogle to testify and produce

18   documents.  (*Id.* at ℙ 5.)  On June 16, 2023, Martin filed a motion to quash the

19   subpoena.   Mr. Ogle also filed a motion to quash, although it does not appear that it

20   has been set for a hearing.  (*Id.* at ℙ 6.)  In connection with their opposition to these

21   motions to quash, Defendants refer to and quote from the Ogle emails.   (*Id.* at ℙ 7.)

22   Additionally, Defendants refer to and quote from a deposition of Mr. Ogle, in which

23   he discusses Martin and his engagement by her, which deposition was taken in a

24   separate Texas state court case.  (Neri Decl. ISO MTQ Opp.") at ℙ 8.)

25        On June 30, 2023, Defendants gave notice to Martin and also met and conferred

26   with her counsel, pursuant to L.R. 79-5.2.2(b), to eliminate or minimize the need for

27   filing under seal by means of redaction."  At that time, Martin's counsel stated that he

28

1    believed that the Ogle emails needed to be filed under seal, as they were properly

2    marked as CONFIDENTIAL under the Protective Order.

3          With respect to the deposition transcript, Martin's counsel acknowledged that

4    it had not been produced in discovery by Martin and therefore not marked as

5    CONFIDENTIAL, but that he believed that "in the spirit of the Protective Order", the

6    transcript should be regarded as CONFIDENTIAL.

7          Counsel agreed that because the Opposition briefing quotes extensively from

8    the Ogle emails and deposition transcript, it would have to be filed under seal if it

9    were also determined that the emails and transcript must also be filed under seal.

10         Counsel could not come to any agreement to eliminate or minimize the need

11   for filing under seal by means of redaction. (*Id.* at ¶ 9.)

12   **II.  <u>LEGAL STANDARD</u>**

13         Despite the strong presumption in favor public access to court records (*see*

14   *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)), "access to

15   judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d

16   1172, 1178 (9th Cir. 2006).  The Ninth Circuit has "carved out an exception to this

17   presumption of access" for judicial records "filed under seal when attached to a non-

18   dispositive motion." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices*

19   *Litigation*, 686 F.3d 1115 (9th Cir. 2012) (quoting *Foltz v. State Farm Mut. Auto. Ins.*

20   Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).

21         "Under this exception, 'the usual presumption of the public's right of access is

22   rebutted.'" *Id.* (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d

23   1206, 1213 (9th Cir. 2002)). Therefore, "a particularized showing of 'good cause'

24   under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of

25   sealed discovery documents attached to non-dispositive motions." *Id.* (quoting *Foltz*,

26   331 F.3d at 1135); *see also Pintos v. Pacific Creditors Assoc.*, 504 F.3d 792, 802 (9th

27   Cir. 2007) ("In light of the weaker public interest in nondispositive materials, we

28   apply the 'good cause' standard when parties wish to keep them under seal.").

APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL

"A motion to quash typically involves a subpoena for discovery in connection with a pending lawsuit. In that situation, the motion is non-dispositive because it disposes of an ancillary discovery issue, and not a party's claim or defense."
*In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020),

## III.   DISCUSSION

Where the moving party requests sealing of documents because they have been designated confidential by another party or a non-party under a protective order, the burden of establishing adequate reasons for sealing is placed on the designating party or non-party. L.R. 79-5.2.2 (b)(i).

Here, Martin is the party who has designated the documents at issue as confidential.   Defendants' counsel has met and conferred with Martin's counsel and have concluded that the documents cannot be suitable redacted by agreement and therefore files this Application and supporting declaration.   Civ. L.R. 79-5.2.2 (b).

Martin is therefore required to file a declaration, within 4 days of this filing, establishing that all or part of the designated material is sealable.   L.R. 79-5.2.2 (b)(i). If this Application is thereafter denied, Defendants may file the documents at issue in the public case file (i.e., unsealed) no earlier than 4 days, and no later than 10 days, after the Application is denied, unless the Court orders otherwise.   L.R. 79-5.2.2 (b)(ii).    Proof of service of this Application and the supporting Declaration of Geoffrey A. Neri is attached hereto as **EXHIBIT "2"**.


Respectfully submitted,


DATED: July 5, 2023

BROWN, NERI, SMITH & KHAN LLP

By:   /s/ Geoffrey A. Neri
              Geoffrey A. Neri

Attorneys for Defendant
COMMUNICATION CENTER BEREA
U.S.A. LLC  (erroneously sued as
International Berea USA)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on July 5, 2023.

DATED: July 5, 2023

BROWN, NERI, SMITH & KHAN LLP

By:   /s/ Geoffrey A. Neri
          Geoffrey A. Neri

---

CERTIFICATE OF SERVICE