DEBORAH S. MALLGRAVE, State Bar No. 198603
  *DMallgrave@GGTrialLaw.com*
DANIEL S. CHA, State Bar No. 260256
  *DCha@GGTrialLaw.com*
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
  *ekeach@ggtriallaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  *MReck@AndersonAdvocates.com*
HAGEREY MENGISTU, State Bar No. 290300
  *HMengistu@AndersonAdvocates.com*
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, | Case No. 2:20-cv-01437-FWS-AS<br>Judge: Hon. Fred W. Slaughter<br><br>**DECLARATION OF ECKLEY M. KEACH IN SUPPORT OF APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5.2.2(B)(I)** |

-1-    Case No. 2:20-cv-01437-FWS-AS
**DECLARATION OF ECKLEY M. KEACH IN SUPPORT OF APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5.2.2(B)(I)**

|   |   |
|---|---|
| RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive. | |
| Defendants. | |

I, Eckley M. Keach, III, declare:

1. I am an attorney, admitted *pro hac vice* to appear in the instant proceedings. I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin in this action. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. On February 14, 2023, Plaintiff and Defendants entered into a stipulated Protective Order on Stipulation RE Confidential Materials ("Protective Order"). The Protective Order was approved and entered by the Magistrate Judge, filed as ECF No. 177 ("Protective Order").

3. This order articulated guidelines for the parties by which certain items would be designated confidential and sealed or otherwise protected from disclosure.

4. On June 16, 2023, Plaintiff filed her Notice of Motion and Motion to Quash Subpoena RE: Scott Ogle ("Motion to Quash"). The Motion to Quash has been filed with this Court as ECF No. 183.

5. In response to Plaintiff's Motion to Quash, on June 27, 2023, Defendants filed an Opposition to Plaintiff Sochil Martin's Motion to Quash or Modify Deposition Subpoena RE Scott Ogle ("Opposition"). Attached to Defendant's opposition was a Declaration of Geffrey A. Neri in Support of Defendant's Opposition to Plaintiff Sochil Martin's Motion to Quash or Modify Deposition Subpoena RE Scott Ogle ("Declaration"), and three exhibits.

6. It is Plaintiff's understanding that in their declaration and opposition, Defendants attempted to attach and cite various communications and

1  transcripts that are either presently covered under the Protective Order, or
2  would likely have been covered under the Protective Order.

3  7. To comply with the Protective Order, Defendants attempted to file their
4  exhibits and portions of their opposition under seal.

5  8. On July 3, 2023, I engaged in a telephonic meet and confer with Defendants'
6  counsel to discuss the nature and scope of their proposed sealed documents.
7  We agreed that the items identified by Defendants were properly within the
8  scope of the Protective Order, or would have been contemplated as fitting
9  within the scope of that Order. We therefore agreed that the items identified
10 by Defense counsel should remain sealed.

11 9. Defendants filed an Application for Leave of Court to File Under Seal
12 ("Application") those documents under seal. Defendants' application was
13 filed on July 5, 2023, and has been filed with this Court as ECF No. 193.

14 10. As identified in the application, the documents cited in the opposition and
15 sought to be sealed included (1) excerpts of email communications between
16 Martin and Ogle that were produced during discovery in this case, and (2) the
17 deposition transcript of Scott Ogle taken from another case. These items were
18 marked as Exhibits B and C in Defendants' declaration.

19 11. Pursuant to Local Rule 79-5.2.2(b)(i), I have reviewed the materials cited by
20 Defendants in the application and believe that good cause and compelling
21 reasons exist for all of their contents to be sealed.

22 12. Ordinarily, a party "seeking to seal judicial records" must demonstrate
23 "compelling reasons" to "override the public policies favoring disclosure." *In*
24 *re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119
25 (9th Cir. 2012). However, where a party seeks to have "judicial records filed
26 under seal when attached to a non-dispositive motion[,]" the presumption to
27 public access to judicial records may be rebutted by a showing of "good
28 cause." *Id.* The "compelling reasons" standard is generally higher than the

1  "good cause" standard. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d
2  1172, 1180 (9th Cir. 2006). Some compelling reasons to seal judicial records
3  include "when such court files might have become a vehicle for improper
4  purposes, such as the use of records to gratify private spite, promote public
5  scandal, circulate libelous statements, or release trade secrets." *Midland Nat.*
6  *Life*, 686 F.3d at 1120 (internal quotation marks and citations omitted). By
7  contrast, the "good cause" standard merely requires a showing that a party
8  needs protection from "annoyance, embarrassment, oppression, or undue
9  burden or expense[.]" Fed. R. Civ. Proc. 26(c)(1).

13. As to the email communications cited by Defendants and marked as Exhibit A in their declaration, these documents were produced during discovery and designated as "Confidential" according to the Protective Order filed in this case.

14. Good cause exists for these documents to remain sealed, both as an exhibit and as cited in Defendant's opposition, because they are communications between Plaintiff and her former attorney that reveal personal identifying information about Plaintiff and discuss statements that, irrespective of their veracity, would subject Plaintiff to targeted harassment and potential harm by members of the Defendant organization.

15. Additionally, compelling reasons exist to seal these documents because the subject matter discussed by Ogle could subject Plaintiff to libelous statements made against her with respect to factually inaccurate accusations, specifically as they relate to Ogle's accusations of Plaintiff's identity and his conspiracy theories about Plaintiff.

16. Separately, as to the deposition transcript cited by Defendants and marked as Exhibit B in their declaration, good cause exists for these documents to be sealed, both as an exhibit and as cited in Defendant's opposition, because Plaintiff's former counsel discusses Plaintiff, and includes personal

identifying information about Plaintiff and her sentiments toward Defendants and the Defendant organization that would subject Plaintiff to targeted harassment and potential harm by members of the Defendant organization.

17. Additionally, compelling reasons exist to seal these documents because Ogle's depiction of his relationship with Plaintiff is inflammatory, unsubstantiated, and would likely subject Plaintiff to libelous statements or allow individuals to use these records to gratify private spite against Plaintiff for her beliefs and decision to file the present case, specifically as they relate to Ogle's thoughts about Plaintiff's injuries and her tactics in litigating against the present Defendants.

18. Finally, it appears that neither party disputes the need for these materials to be sealed by the Court. Defendant filed the instant application to seal these documents, and Plaintiff does not object to their sealing. To my knowledge, neither the parties, nor any outside party, have raised an objection before this court to the sealing of these documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 10th day of July, 2023.

/s/ *Eckley M. Keach, III*
ECKLEY M. KEACH, III

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On July 10, 2023, I served true copies of the following document(s) described as **DECLARATION OF ECKLEY M. KEACH IN SUPPORT OF APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5.2.2(B)(I)** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 10, 2023, at Los Angeles, California.

*/s/ Crystal Rose*
Crystal Rose

# SERVICE LIST
## Sochil Martin v. Naason Joaquin Garcia, et al.
## Case No. 2:20-cv-01437-ODW-AS

| | |
|---|---|
| Alan J. Jackson<br>Caleb E. Mason<br>WERKSMAN JACKSON & QUINN LLP<br>888 W 6th Street, Fourth Floor<br>Los Angeles, CA 90017 | T: 213.688.0460<br>F: 213.624.1942<br>E: ajackson@werksmanjackson.com<br>   cmason@werksmanjackson.com<br>   gsaucedo@werksmanjackson.com<br>   michele@werksmanjackson.com<br><br>Attorneys for Defendant NAASON JOAOUIN GARCIA. an individual |
| Ethan J. Brown<br>Geoffrey A. Neri<br>BROWN, NERI, SMITH & KHAN LLP<br>11601 Wilshire Blvd., Suite 2080<br>Los Angeles, CA 90025 | T: 310.593.9890<br>F: 310.593.9980<br>E: ethan@bnsklaw.com<br>   geoff@bnsklaw.com<br>   emily@bnsklaw.com<br>   leon@bnsklaw.com<br><br>Attorneys for Defendants JOSE HERNANDEZ, UZZIEL JOAQUIN, BENJAMIN JOAQUIN, SILVERIO CORONADO, AURELIO ZAVALETA, JOSE LUIS ESTRADA, JONATHAN MENDOZA, DAVID MENDOZA, GILBERTO GARCIA GRANADOS |
| Reed Aljian<br>Simon Kwak<br>DAILY ALJIAN LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | T: 949.861.2524<br>F: 949.269.6364<br>E: ra@dallp.com<br>   sk@dallp.com<br>   hilda@dallp.com<br>   dlopez@dallp.com<br><br>Attorneys for Defendants ALMA ELIZABETH JOAQUIN erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN erroneously sued as ADORAIM JOAQUIN ZAMORA, LA LUZ DEL MUNDO, COMMUNICATION CENTER BEREA U.SA., LLC, erroneously sued as, INTERNATIONAL BEREA USA |
| Michael Reck<br>Hagerey Mengistu<br>JEFF ANDERSON & ASSOCIATES<br>11812 San Vicente Blvd., #503<br>Los Angeles. CA 90049 | E: MReck@AndersonAdvocates.com<br>   Hagerey@AndersonAdvocates.com<br><br>Co-Counsel for Plaintiff SOCHIL MARTIN |

-2-     Case No. 2:20-cv-01437-FWS-AS

**DECLARATION OF ECKLEY M. KEACH IN SUPPORT OF APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5.2.2(B)(I)**