UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>　　　　Defendants. | Case No.: 2:20−cv−01437-FWS-AS<br><br>**DISCOVERY MATTER**<br><br>**PROPOSED ORDER ON STIPULATION REGARDING INSPECTION OF PLAINTIFF'S ELECTRONIC DEVICES**<br><br>Judge:　　Hon. Fred W. Slaughter<br>Courtroom: 10D<br><br>Magistrate Judge: Hon. Alka Sagar<br>Courtroom:　　540, 5th Floor<br><br>Action Filed:　February 12, 2020<br>Trial Date:　　February 27, 2024<br><br>Date:　August 23, 2023<br>Time:　10:00 a.m.<br>Place:　650 Town Center Dr., 1700,<br>　　　　Costa Mesa, California 92626 |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff SOCHIL MARTIN ("Plaintiff"), on the one hand, and Defendants LA LUZ DEL MUNDO, an alleged unincorporated association, COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as International Berea USA, and NAASON JOAQUIN GARCIA, an individual, (collectively, the "Defendants"), on the other hand, hereby stipulate and agree as follows through their counsel of record:

WHEREAS, collectively, Plaintiff and Defendants are referred to herein as the "Parties" and individually as a "Party."

WHEREAS, in "Plaintiff's Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1)(A)," dated November 11, 2022, Plaintiff stated "Plaintiff…hereby provides the following description by category of all documents Plaintiff currently has in her possession, custody, or control and may use to support her claims…:

    a)    iPhone 5;

    b)    LG Sylo6 [LG Stylo6];

    c)    OnePlus phone;

    d)    LG phone (silver);

    e)    LG phone (silver, with popsocket) [which Plaintiff noted for the first time on or about July 28, 2023 that it is inadvertently redundant of the LG Stylo6];

    f)    Samsung phone;

    g)    digital camera memory card;

    h)    Hard drive; and

    i)    iPad Mini.

WHEREAS, Plaintiff represents that she has been able to access and review the data on the iPhone 5, digital camera memory card, and Hard drive and Plaintiff and her counsel of record represent that they have produced to Defendants all responsive non-privileged data within these devices;

///

WHEREAS, Plaintiff represents that she has been able partially to access and review the data on the LG Stylo6 (as noted, allegedly redundantly identified as LG (silver, with popsocket)) and OnePlus phone and Plaintiff and her counsel of record represent that they have produced to Defendants all responsive non-privileged documents that she has been able to review on those devices;

WHEREAS, Plaintiff has been unable to access any data from the LG phone (silver), Samsung phone, and iPad Mini due to apparent device damage or malfunction and, therefore, Plaintiff has not produced any responsive data from those devices;

WHEREAS, collectively, the identified electronic devices are defined herein as the "Devices";

WHEREAS, Plaintiff has agreed to make available the Devices for inspection at the following location: Greenberg Gross LLP, 650 Town Center Drive, Suite 1700, Costa Mesa, California 92626;

WHEREAS, the Parties agree that the inspection will commence at 10 a.m. on August 10, 2023, and will continue day to day until complete;

WHEREAS, the inspection may include the following procedures:

1. Visual inspection of the Devices;
2. Photographing, videotaping, and measuring of the Devices; and
3. Accessing the memory on the LG (silver, with popsocket)), the OnePlus phone, the LG phone (silver), the Samsung phone, and the iPad Mini (collectively, the "Devices To Be Copied") and copying all data that resides on the Devices to Be Copied.

WHEREAS, Plaintiff agrees to provide all password information on the Devices to Be Copied, where applicable, so that Defendants' consultant can access the data stored on those devices;

WHEREAS, Defendants agree to provide Plaintiff with a copy of the raw data on a separate external storage device;

    WHEREAS, Defendants' consultant will maintain a copy of the data copied;

    WHEREAS, neither Defendants (nor its consultant) will convert the data to any particular format for the benefit of Plaintiff or otherwise have access to Defendants' work product;

    WHEREAS, Plaintiff has expressed a desire to have the opportunity to review and designate any extracted data on the Devices to Be Copied as privileged, confidential, and highly confidential, where appropriate, before Defendants or their consultant access the data and review its contents;

    WHEREAS, to address Plaintiff's desire to designate alleged privileged data, Plaintiff shall have fourteen (14) days to review the data and provide Defendants a "Privilege Log" identifying any files that are alleged to privileged (i.e., if the raw data is delivered to Plaintiff's counsel on August 10, Plaintiff will have until August 24, 2023 to provide the Privilege Log);

    WHEREAS, to address Plaintiff's desire to designate alleged confidential data, , Plaintiff will have fourteen (14) days from the date the raw data is provided to provide Defendants a "Privacy Log" identifying any files Plaintiff designated "Confidential" or "Confidential - Attorney's Eyes Only" under the terms of the Protective Order dated February 15, 2023 in this Action (i.e., if the raw data is delivered to Plaintiff's counsel on August 10, Plaintiff will have until August 24, 2023 to provide the Privacy Log);

    WHEREAS, Plaintiff shall deliver the Privilege Log and the Privacy Log to Defense counsel, care of Reed Aljian, who will then deliver the log(s) to Defendants' consultant and advise Plaintiff's counsel via electronic mail that the logs have been delivered to Defendants' consultant;

    WHEREAS, Defendants' consultant will then segregate the alleged privileged files from the other data on the devices and Defendants' consultant will mark any files designated "Confidential" as "CONF" within the file name and "Confidential - Attorney's Eyes Only" as AEO within the file name;

WHEREAS, once the privileged data has been segregated and the confidential data has been marked as stated above, Defendants will then be entitled to access and review all data except for the files alleged to be privileged; neither Defendants nor their consultant shall access or review any data designated as privileged absent subsequent de-designation in writing by Plaintiff or by Court order;

WHEREAS, Plaintiff's failure to timely provide the Privilege Log or Privacy Log shall be deemed a waiver of those objections;

WHEREAS, the Parties agree that Defendants' agreement not to receive access to copy the data on certain of the Devices is without prejudice and without waiver of the right to seek access to those devices by Court Order (or party agreement); and

WHEREAS, the Parties agree that Defendants' agreement to permit Plaintiff any opportunity to designate records privileged, confidential, or confidential – attorneys' eyes only is without prejudice and without waiver of the right to challenge the designations as provided under the terms of the Protective Order.

Dated: August 8, 2023                GREENBERG GROSS LLP

                                     By: /s/ Daniel Cha
                                     Deborah S. Mallgrave
                                     Daniel Cha
                                     Attorneys for Plaintiff
                                     Sochil Martin

Dated: August 8, 2023	DAILY ALJIAN LLP

By: /s/ Reed Aljian[1]
Reed Aljian
Attorneys for Defendants
LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASON JOAQUIN GARCIA, an individual.

Dated: August 8, 2023	BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Defendant
COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA)

**IT IS SO ORDERED.**

Date: _____	_____
Hon. Alka Sagar
Magistrate

---

[1] Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

5

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CASE NAME:** *SOCHIL MARTIN v. LA LUZ DEL MUNDO, et al.*

I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 Bayview Circle, Suite 5500, Newport Beach, California 92660. On **August 9, 2023**, I caused the foregoing document(s) to be served on:

**PROPOSED ORDER ON STIPULATION REGARDING INSPECTION**

on the following parties:

**SEE ATTACHED SERVICE LIST**

[X]  (BY EMAIL) The above-referenced document was transmitted by email.

[X]  (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **August 9, 2023**, at Newport Beach, California.

                                                  */s/* Daisy Lopez
                                                  Daisy Lopez

# SERVICE LIST

Deborah S. Mallgrave
  *DMallgrave@GGTrialLaw.com*
Daniel S. Cha
  *DCha@GGTrialLaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
  *Attorneys for Plaintiff SOCHIL MARTIN*

Michael Reck
  *MReck@AndersonAdvocates.com*
Hagerey Mengistu
  *Hagerey@AndersonAdvocates.com*
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
  *Attorneys for Plaintiff SOCHIL MARTIN*

Alan J. Jackson
  *ajackson@werksmanjackson.com*
Caleb E. Mason
  *cmason@werksmanjackson.com*
**WERKSMAN JACKSON & QUINN LLP**
888 W 6th St, Fourth Floor
Los Angeles, CA 90017
  *Attorneys for Defendant NAASÓN JOAQUÍN GARCÍA*

Ethan J. Brown
  *ethan@bnsklaw.com*
Geoffrey A. Neri
  *geoff@bnsklaw.com*
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080
  *Attorneys for Defendant* COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA)