UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 20-01437-FWS (ASx) | Date | August 25, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Laz Del Mundo, et al.* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | XTR 08/23/23 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorney Present for Plaintiff: | Attorneys Present for Defendants: |
| Daniel S. Cha | Geoffrey A. Neri |
| | Reed T. Aljian |

**Proceedings (In Chambers):**     **Order Re: Informal Discovery Conference (Dkt. No. 212)**

On August 23, 2023, the Court held an informal discovery conference telephonically, at the parties' request, to address their discovery disputes. At issue are Interrogatory Nos. 14-18 served by Defendant Communication Center CCB USA LLC, Plaintiff's redaction of documents that were produced by Plaintiff's former attorney, Scott Ogle ("Ogle"), Plaintiff's redaction of the names of minors and portions of photos depicting minors and the Plaintiff, Defendants' request for disclosure of the protocol used by Plaintiff to extract data from cellular phones, and Plaintiff's request that Defendant produce four witnesses for deposition. The Court, having carefully considered the parties' written submissions and exhibits and the arguments made at the hearing, issued the following order:

Interrogatory Responses

Interrogatory Nos. 14-18 seek the specific dates on which Plaintiff contacted certain law firms, lawyers, and government agencies "for the purpose of communicating her complaints about any of the defendants." (Dkt. No. 209-1 at 3-4). Plaintiff objects to these requests on the grounds that references to the subject matter of her communications with counsel seek information protected by the attorney client privilege. The Court overrules these objections, finding that Interrogatory Nos. 14-18 are sufficiently broad and do not seek the content of privileged communications, and are appropriately tailored to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 20-01437-FWS (ASx) | Date | August 25, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Laz Del Mundo, et al.* | | |

issues in this case. Accordingly, Plaintiff is ordered to respond to these interrogatories within one week of this Order.

Redaction of Documents Produced by Plaintiff's Former Attorney

Defendants produced to Plaintiff certain emails and messages that were produced by or disclosed by the Plaintiff's former attorney, Scott Ogle, who claimed that Plaintiff had given him permission to post these communications on social media. Plaintiff then redacted portions of these records claiming that they contained attorney client privileged communications. Defendants contend that Plaintiff waived the attorney client privilege as to these communications and the subject matter by giving Mr. Ogle permission to disclose the communications. Plaintiff claims that she only provided Mr. Ogle permission to produce the communications she had with him *prior* to retaining Mr. Ogle as her attorney in approximately April 2018, and that she is not asserting a privilege with respect to those communications with Mr. Ogle *after* the termination of the attorney client relationship with him. The Court previously ordered Plaintiff to produce a privilege log identifying privileged communications with Mr. Ogle. Defendants contend that the privilege log Plaintiff produced is insufficiently descriptive as it does not include the subject matter of the asserted privileged communications. The Court takes this matter under submission pending an *in-camera* review of the documents at issue and the privilege log produced by Plaintiff. The parties are ordered to submit Mr. Ogle's (unredacted) communications, Plaintiff's redactions, and Plaintiff's privilege log to the Court for *in camera* review to the Court no later than one week of this Order.

Redactions of Names and Portions of Photos

Plaintiff has produced photos of herself and of minors in sexually suggestive poses and/or various stages of undress which are redacted. Defendants agreed that the photos depicting minors should not be produced, however, photos that Plaintiff allegedly sent of herself to one of the Defendants and that appear to be seductive in nature are relevant to the issues in this case and should be produced. The Court agrees. Given the allegations in this case, if Plaintiff sent photos of herself to any of the Defendants and was not a minor at the time the photos were sent, Plaintiff must produce these photos unredacted. To the extent these photos include any minors in suggestive poses or in various stages of undress, Plaintiff may redact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | CV 20-01437-FWS (ASx) | Date | August 25, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Laz Del Mundo, et al.* | | |

such images. Plaintiff is ordered to produce the photographs no later than one week from the date of this Order.

### Protocol for Search of Phones

Defendants seek the protocol used by Plaintiff to search for and extract data from five phones to confirm that the process used for the extraction of the data was sufficient to produce all the responsive information. Plaintiff contends that the protocol for extracting the data is work product because it also involves Plaintiff's evaluation and assessment of the information. Plaintiff's objections are overruled. Plaintiff is ordered to produce – no later than September 6, 2023 – declaration(s) from the person(s) knowledgeable about the search for and extraction of data from these five phones setting forth the procedure – software and search terms - used to search for responsive records and the manner in which these records were extracted.

### Deposition of Witnesses in Mexico

Plaintiff seeks to depose four witnesses who are alleged to be high ranking members of Defendant La Luz De La Mundo ("LLDM") with percipient knowledge of Defendants' misconduct and the illegal cover up.  Defendants contend that these witnesses are Mexican nationals residing in Mexico who are beyond the Court's jurisdiction.  Defendants also claim that these witnesses are not under the control of the defendant LLDM named in this case and therefore cannot be compelled to appear for deposition. Plaintiff claims that the witnesses are under the control of the Defendants. Defendants are ordered to submit a status report to the Court and to Plaintiff – no later than one week from the date of this Order – setting forth the following information: (1) whether the four individuals are U.S. nationals or residents; (2) the title or position that the four individuals hold vis-à-vis the Defendant entity, La Luz Del Mundo ("LLDM"); and (3) whether LLDM has any ability to require these four individuals to appear for deposition either in the United States, Mexico or elsewhere. Plaintiff's request is under submission pending the Court's review of the status report.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 20-01437-FWS (ASx) | Date | August 25, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Laz Del Mundo, et al.* | | |

The parties may utilize the Court's informal discovery dispute resolution process to bring any further discovery disputes to the Court's attention. (See Judge Sagar's Procedures).

**IT IS SO ORDERED.**

cc: Fred W. Slaughter
United States District Judge

Initials of Preparer    AF    00 : 45