JONATI M. YEDIDSION, ESQ. (SBN 290914)
**YEDIDSION LAW GROUP, LLP**
800 West Sixth Street, Ste. 1500
Los Angeles, CA 90017
T: (310) 277-4277
F: (310) 277-6277
E: jonati@ysylaw.com

THOMAS A. CIFARELLI, ESQ. (SBN 161815)
**THE CIFARELLI LAW FIRM**
7700 Irvine Center Drive, Suite 150
Irvine, California 92618
T: (949) 502-8600
F: (949) 502-8603
E: tomc@cifarellilaw.com

ANDY RUBENSTEIN, ESQ. (TX SBN 17360375)
ROCHELLE GUITON, ESQ. (TX SBN 24069838)
GABRIELLE ADRIANA BECKER, ESQ. (TX SBN 24106866)
**D. MILLER & ASSOCIATES, PLLC**
2610 W. Sam Houston Parkway, Suite 200
Houston, TX 77042
T: (713) 850-8600
F: (713) 366-3463
E: andy@dmillerlaw.com
   rochelle@dmillerlaw.com
   gabecker@dmillerlaw.com

Attorneys for Movants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCHIL MARTIN<br>*Plaintiff*<br>VS.<br><br>LA LUZ DEL MUNDO, ET AL.<br>*Defendants* | Civil Action No.: 2:20-cv-01437-FWS-AS<br><br>AMENDED NOTICE OF MOTION AND MOTION FOR PROTECTION<br><br>**Date:** October 3, 2023<br>**Time:** 10:00 a.m.<br>**Courtroom:** 540 |

### MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO SUBPOENA DUCES TECUM

Come now Movants pursuant to FED.R.CIV.P. 45(d)(3)(A) and 26(c)(1) and file this

Motion for Protective Order and Objections to Subpoena Duces Tecum with the Court, and would

1

show as follows:

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 3, 2023 at 10:00 a.m. before the Honorable Magistrate Judge Alka Sagar, in Courtroom 540 of the United States Courthouse for the Central district of California, Western Division, 350 West First Street, Los Angeles, MOVANTS will and hereby do move the Court to grant their Motion for Protective Order Regarding Defendant La Luz Del Mundo ("LLDM")'s deposition subpoena served upon MOVANTS.

As set forth in the accompanying Memorandum of Points and Authorities, this Motion is made pursuant to FED.R.CIV.P. 45(d)(3)(A) and 26(c)(1) for Protective Order on the grounds that the information and material sought by LLDM through its subpoenas improperly invades the MOVANTS' rights to sexual privacy under FED.R.EVID. 412, the United States Constitution, and the California Constitution.

This Motion is made following the conference of counsel that have appeared in the action pursuant to Local Rule 7-3 which took place on August 18, 2023.

This Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the concurrently filed declaration of Any Rubenstein; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

DATE: August 28, 2023

THE CIFARELLI LAW FIRM
YEDIDSION LAW GROUP, LLP
D.MILLERS & ASSOCIATES

By: _____
JONATI YEDIDSION, ESQ.
Attorney for Movants

2

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCHIL MARTIN<br>*Plaintiff*<br>VS.<br><br>LA LUZ DEL MUNDO, ET AL.<br>*Defendants* | Civil Action No.: 52:220-CV-01437-FWS-AS<br><br>NOTICE OF MOTION AND MOTION FOR PORETCTION AND MOTION TO QUASH |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

1. On February 12, 2020, Plaintiff Sochil Martin initiated this action against Defendants.[1] (Compl., ECF No. 1.). She brought claims under 18 U.S.C. § 1584 (Involuntary Servitude), 18 U.S.C. § 1589 (Forced Labor), 18 U.S.C. § 1590 (Trafficking With Respect to Forced Labor or Involuntary Servitude), 18 U.S.C. § 1594 (Conspiracy to Violate the Trafficking Victims Protection Reauthorization Act), 18 U.S.C. § 1590(b) (Obstructing Enforcement of the Trafficking Victims Protection Reauthorization Act), 18 U.S.C. § 1593(A) (Benefitting Financially from Trafficking in Persons), 29 U.S.C. § 201 et seq. (Unpaid Labor), California Labor Code sections 1197, 226.7, 1198.5, 203 (Unpaid Wages), 18 U.S.C. § 1961 et seq. (Racketeering), California Civil Code section1708.5 (Sexual Battery), and California Civil Code section 52.4 (Gender Violence). (See generally Compl. ¶¶ 157–270.)

2. Plaintiff alleges that from the age of nine to thirty, she was enslaved, trafficked, and sexually abused by the leaders of La Luz Del Mundo church ("Church")—Samuel Joaquin Flores and Naasón Joaquin Garcia. (Id. ¶¶ 2, 4.) Plaintiff further alleges various members of the Church's

---

[1] *"*Defendants" are: Naasón Joaquin Garcia; Communication Center Berea U.S.A. LLC; Jose Hernandez; Uzziel Joaquin; Silverio Coronado; Aurelio Zavaleta; Jose Luis Estrada; Jonathan Mendoza; Alma Elizabeth Joaquin; Benjamin Joaquin Garcia; and Adoraim Josadac Joaquin.

1

senior leadership directed, assisted, conspired, and acted in concert with each other to commit the abuse and other harms she endured.(See generally id.) According to Plaintiff, before and after she escaped from the Church, "she witnessed or learned of hundreds of other children and young women subjected to sexual abuse" at the hands of the Church's leadership, and asserts that"[b]oth sexual abuse and forced labor are systematic practices that have been institutionalized" within the Church. (Id. ¶ 6.).[2]

3. On September 2, 2022, the Court issued a Scheduling Order in this case setting September 8, 2023, as the non-expert Discovery Cut-Off deadline. (ECF.154]. Eleven months later, on August 7, 2023, MOVANTS (third-party witnesses and non-parties to this case) were served with a Subpoena to testify *via* deposition.[3]

4. On information and belief, LLDM seeks to take MOVANTS' sworn video-taped depositions in order to inquire about MOVANTS' past sexual trauma and abuse at the hands of, and with the knowledge of Defendants identified above.

5. The MOVANTS object to the subpoena duces tecum (attached to their deposition notices as Exhibit "A") and seek a protective order from the Court limiting their deposition testimony to their personal knowledge of Plaintiff Sochil Martin's alleged abuse and damages and prohibiting any inquiry into their own allegations of past sexual trauma and abuse.

---

[2] Prior to Plaintiff filing her Complaint, on June 4, 2019, the California Department of Justice charged Defendant Naasón Joaquin Garcia ("Garcia") with sexually assaulting and/or trafficking four Jane Does, including three minors. (*See* ECF 50.) According to the DOJ's investigation, Garcia and his co-conspirators groomed young girls and then recruited them to participate in pornographic photo shoots for Garcia's personal enjoyment. (Id.)

[3] Two of the MPVAMTS were served in person. The undersigned agreed to accept service for the remaining three MOVANTS on August 17, 2023. Redacted subpoenas are attached to the undersigned's Declaration as Exhibits "1" - "5."

2

## II.     LEGAL STANDARD

6. The Federal Rules of Evidence dictate that privileges asserted in federal question cases shall be governed by federal law, while state privilege law should apply to purely state claims brought in federal court pursuant to diversity jurisdiction. FED.R.EVID. 501.[4] Generally, state claims that are pendent to federal question cases are governed not by state law but by federal privilege law. *Wm. T. Thompson, Co. v. General Nutrition Corp., Inc.,* 671 F.2d 100, 104 (3rd Cir.1982); *Perrignon v. Bergen Brunswig Corp.,* 77 F.R.D. 455, 458–459 (N.D.Cal.1978).

7. However, federal courts have recognized "as a matter of comity, federal courts should attempt to ascertain what interests inspire relevant state doctrine and should take into account the views of state authorities about the importance of those interests." *Kelly v. City of San Jose,* 114 F.R.D. 653, 656 (N.D.Cal.1987)."A strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial costs to federal substantive and procedural policy." *United States v. King,* 73 F.R.D. 103, 105 (E.D.N.Y.1976). Importantly, "where a state holds out the expectation of protection to its citizens, they should not be disappointed by a mechanical and unnecessary application of the federal rule." *Lora v. Board of Education,* 74 F.R.D. 565 (E.D.N.Y.1977)." *Memorial Hospital For McHenry County v. Shadur,* 664 F.2d 1058, 1061 (7th Cir.1981). *See also, Gottlieb v. Wiles,* 143 F.R.D. 235, 237 (D.Colo.1992).

---

[4] Fed.R.Evid. 501 provides in full:
Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

8. These considerations lend themselves to a well-defined approach for determining the applicability of state privileges to federal question cases. The initial determination is whether application of the state law would be inconsistent with federal law. When there is a clear inconsistency—for example, the state privilege is absolute in its application while the federal privilege is qualified, or the federal courts have explicitly rejected a federal privilege analogous to an asserted state privilege—state privilege law should not apply. *Pagano v. Oroville Hosp.*, 145 F.R.D. 683, 688 (E.D. Cal. 1993).

9. What's more, it is not necessary to have precise similarity between the federal privilege and state privilege in order to utilize the state law. The key to legitimate use of state law is to recognize that state law can be applied as long as it is not *inconsistent* with the nature or degree of federal privilege—some differences can be tolerated without the two privileges being rendered inconsistent. *Pagano v. Oroville Hosp.,* 145 F.R.D. 683, 688 (E.D. Cal. 1993).

### III.    ARGUMENT AND AUTHORITIES

#### A.   Privacy Under Federal Rule of Evidence 412

10. Federal law protects witnesses such as the MOVANTS from being compelled to testify about their own sexual abuse. FED.R.EVID. 412 bars inquiry to such matters, and states that such evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct if such evidence is "offered to prove that a victim engaged in other sexual behavior." FED.R.EVID. 412(a)(1)-(2).

11. In civil cases, the only exception to this rule is if the proffering party can show that the "probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." *Id.* at 412(b)(2). *Macklin v. Mendenhall*, 257 F.R.D. 596, 601 (E.D. Cal. 2009).

4

12. The rule is intended to "afford increased protection to alleged victims of sexual misconduct, in either civil or criminal proceedings, to safeguard them against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact finding process." *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 210 (W.D. Va. 2016)

13. "There is no doubt that Rule 412 applies to non-party witnesses as well as to the parties." *Burger v. Litton Industries, Inc.*, 91 CIV. 0918(WK) AJP, 1995 WL 476712, at *2 (S.D.N.Y. Aug. 10, 1995). *See* 1994 Advisory Committee Notes ("The revised rule applies ... without regard to whether the alleged victim or person accused is a party to the litigation.").

14. It is appropriate to limit the scope of discovery that LLDM seeks to elicit from MOVANTS, especially given the admonition contained in FED.R.EVID. 412 that courts should presumptively issue protective orders barring discovery of the victim's past sexual history or predisposition in cases involving sexual offenses unless certain conditions are met, i.e., relevancy and a showing that the information cannot be obtained except through discovery. *Macklin v. Mendenhall*, 257 F.R.D. 596, 604 (E.D. Cal. 2009)

15. Although FED.R.EVID. 412 does not apply directly to discovery, courts are instructed to consider it "in order not to undermine the rationale of Rule 412." *Burger v. Litton Industries, Inc.*, 91 CIV. 0918(WK) AJP, 1995 WL 476712, at *2 (S.D.N.Y. Aug. 10, 1995)

16. The 1994 Advisory Committee Notes to Rule 412(c) state that:

> The procedures set forth in subdivision (c) do not apply to discovery of a victim's past sexual conduct or predisposition in civil cases, which will be continued to be governed by Fed. R. Civ. P. 26. *In order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality*. Courts should presumptively issue protective orders barring discovery unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and

5

>theories of the particular case, and cannot be obtained except through discovery....
>Confidentiality orders should be presumptively granted as well. (emphasis added).

*See Alberts v. Wickes Lumber Co.,* No. 93 C 4397, 1995 WL 117886 (N.D. Ill. March 15, 1995) (applying Rule 412 to deposition questions).

17. "Rule 412 aims to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 357 (D. Colo. 2004) (citing Advisory Committee Notes to 1994 Amendments to Fed. R. Evid. 412).

18. To that end, the Advisory Committee recognized that although Rule 412 is an evidentiary rule that does not expressly apply to discovery, "[i]n order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality. *Ledezma v. Young Life*, 20-CV-01896-NYW, 2021 WL 2823261, at *3 (D. Colo. Jan. 8, 2021).

19. Should the Court determine that the MOVANTS's testimony sought by LLDM might be discoverable under FED. R. CIV. PROC. 26(b), it" "does not limit or absolve the Court of its responsibility to consider and fashion appropriate protective orders under Fed. R. Civ. Proc. 26(c)." *Macklin v. Mendenhall*, 257 F.R.D. 596, 604 (E.D. Cal. 2009)

### B. Burden is on the Party Seeking Discovery

20. Courts should presumptively issue protective orders barring discovery unless the *party seeking discovery* makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case and cannot be obtained except through discovery." *Advisory Committee Notes to 1994 Amendments to Fed. R. Evid. 412*.

21. The burden here is on defendant LLDM.[5] The balancing test requires the proponent of the evidence, whether plaintiff or defendant, to convince the court that the probative value of the proffered evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice of any party."

22. This test for admitting evidence offered to prove sexual behavior or sexual propensity in civil cases differs in three respects from the general rule governing admissibility set forth in Rule 403. First, it reverses that usual procedure spelled out in FED. R. EVID. 403 by shifting the burden to the proponent to demonstrate admissibility rather than making the opponent justify exclusion of the evidence.

23. Second, the standard expressed in subdivision FED. R. EVID. 412 (b)(2) is more stringent than in the original rule; it raises the threshold for admission by requiring that the probative value of the evidence *substantially* outweighs the specified dangers. Finally, the Rule 412 test puts "harm to the victim" on the scale in addition to prejudice to the parties.

24. LLDM cannot show that the probative value of MOVANTS' answers to their questions about trauma "substantially outweigh" the invasion of their privacy. *Ledezma v. Young Life*, 20-CV-01896-NYW, 2021 WL 2823261, at *4 (D. Colo. Jan. 8, 2021).

   C.  **The Constitutional Right to Sexual Privacy**

25. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(1).

---

[5] "Rule 412 seeks to achieve these objectives by barring evidence relating to the alleged victim's sexual behavior or alleged sexual predisposition, whether offered as substantive evidence of for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." Fed. R. Evid. 412

7

However, the Court must modify or quash a subpoena which "requires disclosure of privileged or other protected matter, *if no exception or waiver applies.*" FED. R. CIV. P. 45(d)(3)(A)(iii) (emphasis added). *Canton v. U.S. Foods, Inc.*, 22CV04226TLTLJC, 2023 WL 4053798, at *2 (N.D. Cal. June 16, 2023).

26. Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). Courts balance the need for the information sought against the privacy right asserted. *Id.; Cameron v. City of El Segundo*, 2:20-CV-04689-JFW-JC, 2021 WL 3466324, at *13 (C.D. Cal. Apr. 30, 2021).

27. The constitutional right of sexual privacy, both within and without the marital relationship, is a fundamental liberty arising from both the United States and the California Constitutions. (*Griswold v. Connecticut* (1965) 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510; *Eisenstadt v. Baird* (1972) 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349; *Morales v. Superior Court* (1979) 99 Cal.App.3d 283, 289, 160 Cal.Rptr. 194; *Fults v. Superior Court, supra,* 88 Cal.App.3d at pp. 903–904, 152 Cal.Rptr. 210.).

28. The California right has been described as a protective "zone of privacy" surrounding sexual behavior. *See Fults v. Superior Court, supra,* at p. 904, 152 Cal.Rptr. 210. The right is grounded in the 1972 initiative by which the voters added the right of privacy to article I, section 1 of the California Constitution. See *White v. Davis* (1975) 13 Cal.3d 757, 773–775, 120 Cal.Rptr. 94, 533 P.2d 222. The right has been reaffirmed by the California Supreme Court in *Vinson v. Superior Court* (1987) 43 Cal.3d 833, 841, 239 Cal.Rptr. 292, 740 P.2d 404 ("California accords privacy the constitutional status of an 'inalienable right,' on a par with defending life and possessing property" and the "privacy protection ... embraces sexual relations.").

29. The party seeking court-ordered discovery must shoulder this heavy burden. Courts must balance the right of civil litigants to discover relevant facts against the privacy interests of persons subject to discovery.

30. MOVANTS seek an order that any allegations of MOVANTS' own sexual abuse or trauma not be inquired into during their depositions or other discovery.

Respectfully submitted,

DATE:   August 28, 2023

**THE CIFARELLI LAW FIRM**
**YEDIDSION LAW GROUP, LLP**
**D.MILLERS & ASSOCIATES**

By: _____
JONATI YEDIDSION, ESQ.
Attorney for Movants

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

  I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 7700 Irvine Center Drive, Suite 150, Irvine, CA 92618.

  On **August 28, 2023**, I served the foregoing document(s) described as:
1. **AMENDED NOTICE OF MOTION AND MOTION FOR PROTECTION**
2. **PROPOSED ORDER ON MOTION FOR PROTECTION**
3. **DECLARATION OF JONATI YEDIDSION IN SUPPORT OF APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79- 5.2.2(B)(I)**

  on the interested parties in this action by placing a true copy thereof to be delivered/addressed as follows:

**SEE ATTACHED SERVICE LIST.**

☐  BY FEDERAL EXPRESS: By placing the document listed above in a sealed Federal Express envelope for next business day delivery and affixing a pre-paid air bill, and causing the envelope to be delivered by a Federal Express agent for delivery to the following attorneys:

✓  **BY EMAIL: By transmitting via electronic mail the documents listed to the persons identified below.**

☐  BY PERSONAL SERVICE: I caused a true and correct copy of the document described above to be served by hand delivery to the addressee as shown below.

Executed on **August 28, 2023** at Irvine, California.

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                Kattieann Vela

- 1 -

# SERVICE LIST

| | |
|---|---|
| *Attorneys for Defendant LLDM CA Ministries, Defendant Iglesia Del Dios Vivo Columna Y Apoyo De La Verdad, and Defendant Naasón Joaquín García*<br>*(By Email Only)*<br><br>Reed Aljian, Esq.<br>Justin E.D. Daily, Esq.<br>Simon Kwak, Esq.<br>**DAILY ALJIAN LLP**<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660<br>Telephone: 949.861.2524<br>Facsimile: 949.269.6364<br>Email(s): ra@dallp.com<br>    jd@dallp.com<br>    sk@dallp.com<br>    hilda@dallp.com<br>    dlopez@dallp.com | *Attorneys for Defendant El Consejo De Obispos*<br>*(By Email Only)*<br><br>Geoffrey A. Neri, Esq.<br>**BROWN NERI SMITH & KHAN, LLP**<br>11601 Wilshire Blvd #2080<br>Los Angeles, CA 90025<br>Telephone: 310.593.9890<br>Email(s): geoff@bnsklaw.com |
| *Attorneys for Plaintiff Sochil Martin*<br>*(By Email Only)*<br><br>Jennifer Elizabeth Stein<br>Michael George Finnegan<br>**JEFF ANDERSON AND ASSOCIATES**<br>12011 San Vicente Boulevard, Suite 700<br>Los Angeles, CA 90049<br>310-357-2425<br>Email: jennifer@andersonadvocates.com<br>    mike@andersonadvocates.com | *Attorneys for Plaintiff Sochil Martin*<br>*(By Email Only)*<br><br>Daniel S. Cha<br>**GREENBERG GROSS LLP**<br>650 Town Center Drive, Suite 1700<br>Costa Mesa, CA 92626<br>949-383-2800<br>Fax: 949-383-2801<br>Email: dcha@ggtriallaw.com |
| *Attorneys for Plaintiff Sochil Martin*<br>*(By Email Only)*<br><br>Eckley M. Keach, III<br>Deborah S. Mallgrave<br>**GREENBERG GROSS LLP**<br>1980 Festival Plaza Drive<br>Las Vegas, NV 89135<br>702-623-8904<br>Email: ekeach@ggtriallaw.com<br>    dmallgrave@ggtriallaw.com | |