DEBORAH S. MALLGRAVE, State Bar No. 198603
  DMallgrave@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
  ekeach@ggtriallaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>    Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>    Defendants. | Case No. 2:20-cv-01437-FWS-AS<br>Judge:  Hon. Fred W. Slaughter<br>Courtroom:  10D<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO TAKE THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA BEYOND THE CURRENT DISCOVERY CUTOFF**<br><br>*[Filed Concurrently with Declaration of Daniel S. Cha and [Proposed] Order]* |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff SOCHIL MARTIN, by and through her counsel of record, Daniel S. Cha, hereby respectfully applies *ex parte* to this Court for an order granting Plaintiff leave to take the deposition of Defendant NAASÓN JOAQUÍN GARCÍA after the current discovery cutoff of September 8, 2023, but before September 30, 2023.

Although close of discovery is currently scheduled for September 8, 2023, good cause exists for this Court to grant Plaintiff's application. Notably, the parties have agreed by stipulation, currently pending before this Court, to extend the close of discovery to September 30, 2023. Scheduling conflicts between the parties, as well as coordination/security clearance difficulties between Plaintiff, the deposition service providers, and the prison in which Defendant García is currently incarcerated have made it impossible to take his deposition prior to the current September 8, 2023 discovery cutoff despite Plaintiff's diligence.

Counsel for Plaintiff informed Defendants' counsel Reed Aljian and Geoff Neris of the substance of this proposed *ex parte* application initially via email on August 25, 2023 and telephonically on August 28, 2023. Defendants' counsel stated Defendants would not oppose. Counsel for all Defendants, Reed Aljian's contact information is: Daily Aljian LLP, 100 Bayview Circle, Suite 5500, Newport Beach, CA 92660, 949-861-2524, ra@dallp.com; and counsel for Defendant Communications Center Berea U.S.A. LLC only Geoffrey Neri's contact information is: Brown, Neri, Smith & Khan, LLP, 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025, 310-593-9890, geoff@bnsklaw.com.

DATED: August 30, 2023

GREENBERG GROSS LLP

By:     */s/ Daniel S. Cha*
Deborah S. Mallgrave
Daniel S. Cha
Attorneys for Plaintiff SOCHIL MARTIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE PARTIES HAVE A PENDING STIPULATION FOR A BRIEF CONTINUANCE OF THE DISCOVERY CUTOFF DATES ONLY THAT MAY MOOT THIS APPLICATION

As an initial matter, the parties on August 21, 2023 filed a Joint Stipulation and Request for Modification of Scheduling Order to Extend Non-Expert and Expert Discovery Cut-Off Deadlines Only. Doc. 207. The stipulation lays out good cause for a brief three week extension of the non-expert and expert discovery cut off deadlines, without impact to any other dates set by the Court. As of the date of this filing, the Court has neither approved nor denied the stipulation. If this Court were to approve the stipulation and enter the associated proposed order, this application would be moot.

## II. DEFENDANT GARCÍA'S DEPOSITION HAS BEEN IMPEDED BY FACTORS BEYOND PLAINTIFF'S CONTROL.

### A. Plaintiff Obtained Leave to Take García's In-Custody Deposition Over Defendants' Objection

As set forth in the papers supporting Plaintiff Sochil Martin's previous request for leave under Federal Rule of Civil Procedure 30(a)(2)(B) to take Defendant Naasón Joaquín García's deposition while he is in custody (Doc. 178 *et seq.*), Plaintiff's counsel initially reached out to Defendants about stipulating for leave to depose García on November 10, 2022. Doc. 178-1 at ¶ 8. While the parties were engaged in meet-and-confer discussions, on December 13, 2022, the litigation coordinator for the prison where García was then incarcerated informed Plaintiff's counsel that García would be transferred to a more permanent housing location in the indefinite near future. Doc. 178-1 at ¶ 10-11. Accordingly, Plaintiff waited to proceed with the potential motion. Doc. 178-1 at ¶ 12.

After García was transferred to the California Institution for Men in Chino, California, Plaintiff's counsel inquired of that facility's litigation coordinator for the

facility's requirements to take García's deposition. Doc. 178-1 at ¶ 13. On February 7, 2023, Plaintiff's counsel spoke with Defendants' counsel and informed them of the contact with the litigation coordinator, and Defendants' counsel advised they would get back to Plaintiff's counsel regarding whether Defendants would stipulate for leave to take García's in-custody deposition. Doc. 178-1 at ¶ 14. Plaintiff's counsel on February 10, 2023 received information from the litigation coordinator's office regarding the facility's requirements, forwarded the information to Defendants' counsel, and asked for an agreement for leave no later than February 17, 2023. Doc. 178-1 at ¶ 16-17. On February 13, 2023, García's counsel stated he would inquire about García's willingness to stipulate for leave. Doc. 178-1 at ¶ 18.

On February 17, 2023, García's counsel informed Plaintiff's counsel that he would not be able to communicate with García until March 15, 2023, so would not be able to stipulate at that time. Doc. 178-1 at ¶ 20. The parties' counsel met and conferred over the timing of Plaintiff's filing a motion for leave to take García's in custody deposition. Doc. 178-1 at ¶ 20-25. Eventually, Plaintiff prepared and filed a Motion for Leave Pursuant to Fed.R.Civ.P. 30(a)(2)(B) to Take the Deposition of Defendant Naasón García While He Is In Prison. Doc. 178. This Court granted the motion on April 6, 2023. Doc. 182. The Court ordered the parties to meet and confer within ten days thereafter to schedule a date and time for García's deposition that complies with the requirements of the prison. Doc. 182 at p. 4.

**B.      Defendants' Raised The Issue Of A Potential Mandatory Stay Under 18 U.S.C. § 1595(b)(2) And Plaintiff Followed Up In Good Faith**

Plaintiff's counsel reached out via email on April 10, 2023 to García's counsel in order to meet and confer as ordered. Cha Decl.[1] at ¶ 2. The parties' counsel met and conferred via zoom conference on April 12, 2023. Cha Decl. at ¶ 3.

---

[1] Filed concurrently herewith.

A day prior to the Court's order, García's counsel sent a meet-and-confer correspondence regarding García's intention to file a motion for stay of the entire action, including discovery, under 18 U.S.C. § 1595(b)(2) (mandating a stay of a civil action involving trafficking claims during the pendency of criminal actions, including investigation and prosecution), based on media statements regarding the existence of ongoing federal investigations into Defendants. Cha Decl. at ¶ 4-5, Exhibit 1 April 5, 2023 Letter. The parties' counsel discussed this issue during the April 12, 2023 zoom conference, and Defendants' counsel stated they objected to scheduling García's deposition until the matter could be resolved. Cha Decl. at ¶ 6. Plaintiff's counsel did not concur that a stay was appropriate based on media statements, but conceded that a segment of Plaintiff's ongoing production of documents including communications with law enforcement could have bearing on the matter, so Plaintiff agreed to wait to schedule García's deposition until the meet-and-confer regarding the stay could be resolved. Cha Decl. at ¶ 7.

      In following up on the potential stay issue, Plaintiff's counsel reached out to federal law enforcement authorities to confirm whether or not there was a pending federal investigation into Defendants. Cha Decl. at ¶ 8. On or about April 19, 2023, Homeland Security Investigations ("HSI"), a division of the Department of Homeland Security, confirmed to Plaintiff's counsel that their investigation, for which Plaintiff had previously been interviewed, remained open and ongoing. Cha Decl. at ¶ 9. HSI at that time also requested Plaintiff's counsel to wait to produce Plaintiff's communications pending further discussion with HSI's legal team. Cha Decl. at ¶ 9. On May 12, 2023, Plaintiff's counsel had a further discussion with HSI and Assistant United States Attorneys[2] with regard to whether the federal government would object to production of Plaintiff's communications with HSI;

---

[2] HSI and the AUSAs have requested that Plaintiff not disclose their names, or their specific assignment/location/United States Attorney's Office in order to protect an ongoing federal criminal investigation. Cha Decl. at ¶ 12.

during this conversation, HSI and the AUSAs again confirmed the federal criminal investigation remained ongoing, but did not provide further information regarding the investigation and asked for more time to consider the production issue. Cha Decl. at ¶ 10. On May 17, 2023, the AUSAs spoke with Plaintiff's counsel and expressed a preference that Plaintiff not disclose any communications with HSI, but that if Plaintiff felt she needed to do so, that the names and contact information of HSI agents and/or other potential victims would be redacted. Cha Decl. at ¶ 12. During the conversation the AUSAs declined to offer any additional information regarding the scope or timeline of the federal criminal investigation, citing grand jury secrecy rules. Cha Decl. at ¶ 13.

On May 19, 2023, the parties' counsel conferred over zoom, and Plaintiff's counsel informed García's counsel of the confirmed federal criminal investigation, and Plaintiff's resulting concession for a stay under 18 U.S.C. § 1595(b)(2). Cha Decl. at ¶ 14. García's counsel stated he would need to confer with Defendants to see if they still wanted to seek a stay, and he would need until the second week of June to respond. Cha Decl. at ¶ 15. Defendants' counsel thereafter asked for more information regarding the federal investigation in order to take a position on the stay, noting that the stay would be appropriate only if the investigation involved the same occurrences/victims as in the civil case to be stayed. Cha Decl. at ¶ 16. On May 30, 2023, Plaintiff's counsel had a further conversation with the AUSAs, confirming permission to identify HSI as the initial investigating agency, but no further information regarding the federal criminal investigation was provided. Cha Decl. at ¶ 17. On June 1, 2023, Plaintiff's counsel informed García's counsel that the investigation specifically related to HSI, but that Plaintiff had not been provided further investigation regarding the scope or timeline of the investigation. Cha Decl. at ¶ 18. On June 16, 2023, the parties' counsel further met and conferred to discuss the potential stay and García's counsel contended that the current state of the information did not justify a stay under the statute. Cha Decl. at ¶ 19.

### C. Plaintiff Sought To Schedule García's Deposition Before the Discovery Cut Off

Parties' counsel on June 16, 2023 also discussed the scheduling of the depositions of Plaintiff and of García, and García's counsel stated he would get back to Plaintiff's counsel about García's amenability to be deposed the week of July 24. Cha Decl. at ¶ 20. On June 20, 2023, Plaintiff's counsel followed up via email regarding that timeframe. Cha Decl. at ¶ 21. On June 27, 2023, García's counsel stated the last week of July would not work, and suggested "early August." Cha Decl. at ¶ 22. On July 3, 2023, Plaintiff's counsel proposed August 8-10, 2023. Cha Decl. at ¶ 23. Despite having initially proposed "early August," on July 6, 2023, García's counsel noted that there was a conflict with La Luz del Mundo's Holy Supper celebration and proposed the week of August 21, 2023. Cha Decl. at ¶ 24. On July 13, 2023, Plaintiff's counsel confirmed the week of August 21, 2023 would work. Cha Decl. at ¶ 25.

On August 1, 2023, the prison's litigation coordinator advised that the earliest available date to schedule García's deposition would be August 30, 2023. Cha Decl. at ¶ 26. The same date, Plaintiff's counsel advised García's counsel and asked for agreement to the August 30, 2023 date. Cha Decl. at ¶ 27. García's counsel confirmed for August 30, 2023. Cha Decl. at ¶ 28. Plaintiff served her Amended Notice of Deposition of Taking Deposition of Defendant Naasón Joaquín García for August 30, 2023 on August 1, 2023. Cha Decl. at ¶ 29.

The notice was accompanied by the prison's security and clearance requirements for attendees. Cha Decl. at ¶ 30. Plaintiff's counsel timely submitted his security clearance forms. Cha Decl. at ¶ 31. The court reporter's clearance form was timely submitted. Cha Decl. at ¶ 32. However, the interpreter and videographer for the deposition did not submit their clearance forms timely. Cha Decl. at ¶ 33. Plaintiff's counsel found out that clearance forms had not been submitted for the interpreter and videographer until August 25, 2023, whereas the

prison required 10 business days.  Cha Decl. at ¶ 34.

On August 25, 2023, a Friday, Plaintiff's counsel informed Defendants' counsel verbally in person of the issue and requested the parties meet and confer on Monday August 28, 2023 if the prison could not accommodate the deposition on August 30 and/or if the next available date would be after the discovery cutoff.  Cha Decl. at ¶ 35. On August 28, 2023, the parties' counsel met and conferred by telephone and Defendants' counsel agreed not to oppose this application. Cha Decl. at ¶ 36.

## III. THERE IS GOOD CAUSE TO PERMIT PLAINTIFF TO TAKE DEFENDANT GARCÍA'S DEPOSITION SHORTLY AFTER THE CURRENT DISCOVERY CUT-OFF

The Federal Rules of Civil Procedure provide that a District Court's schedule for an action may be modified for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4).  The rule's "good cause" inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations,* 975 F. 2d 604, 609 (9th Cir. 1992).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)).  As is demonstrated by the extensive procedural background above of Plaintiff's attempts to secure García's deposition, stretching back to November 2022, Plaintiff has diligently attempted to secure García's deposition prior to the discovery cutoff. As such, there is good cause to grant the relief requested. Indeed, it is notable that, despite a number of differences on other issues in discovery, Defendants do not oppose this request to take García's deposition after the current discovery cutoff, but prior to the parties' stipulated requested new discovery cutoff of September 29, 2023.

///

///

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant this application and issue an order to permit Plaintiff to take Defendant Naason Joaquin Garcia's deposition after the current September 8, 2023 discovery cutoff, but before September 29, 2023.

DATED: August 30, 2023         GREENBERG GROSS LLP

By: */s/ Daniel S. Cha*
Deborah S. Mallgrave
Daniel S. Cha
Eckley M. Keach III
Attorneys for Plaintiff SOCHIL MARTIN

# PROOF OF SERVICE

**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On August 30, 2023, I served true copies of the following document(s) described as **PLAINTIFF'S UNOPPOSED EX PARTE APPLICATION FOR LEAVE TO TAKE THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA BEYOND THE CURRENT DISCOVERY CUTOFF** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 30, 2023, at Los Angeles, California.

*/s/ Crystal Rose*
Crystal M Rose

**SERVICE LIST**
**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

| | |
|---|---|
| Alan J. Jackson<br>Caleb E. Mason<br>WERKSMAN JACKSON & QUINN LLP<br>888 W 6th Street, Fourth Floor<br>Los Angeles, CA 90017 | T:  213.688.0460<br>F:  213.624.1942<br>E:  ajackson@werksmanjackson.com<br>    cmason@werksmanjackson.com<br>    gsaucedo@werksmanjackson.com<br>    michele@werksmanjackson.com<br><br>Attorneys for Defendant NAASON JOAQUIN GARCIA. an individual |
| Ethan J. Brown<br>Geoffrey A. Neri<br>BROWN, NERI, SMITH & KHAN LLP<br>11601 Wilshire Blvd., Suite 2080<br>Los Angeles, CA 90025 | T:  310.593.9890<br>F:  310.593.9980<br>E:  ethan@bnsklaw.com<br>    geoff@bnsklaw.com<br>    task@bnsklaw.com<br><br>Attorneys for Defendants JOSE HERNANDEZ, UZZIEL JOAQUIN, BENJAMIN JOAQUIN, SILVERIO CORONADO, AURELIO ZAVALETA, JOSE LUIS ESTRADA, JONATHAN MENDOZA, DAVID MENDOZA, GILBERTO GARCIA GRANADOS |
| Reed Aljian<br>Simon Kwak<br>DAILY ALJIAN LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | T:  949.861.2524<br>F:  949.269.6364<br>E:  ra@dallp.com<br>    sk@dallp.com<br>    bahar@dallp.com<br>    dlopez@dallp.com<br><br>Attorneys for Defendants ALMA ELIZABETH JOAQUIN erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN erroneously sued as ADORAIM JOAQUIN ZAMORA, LA LUZ DEL MUNDO, COMMUNICATION CENTER BEREA U.SA., LLC, erroneously sued as, INTERNATIONAL BEREA USA |
| Michael Reck<br>Hagerey Mengistu<br>JEFF ANDERSON & ASSOCIATES<br>11812 San Vicente Blvd., #503<br>Los Angeles, CA 90049 | E:  MReck@AndersonAdvocates.com<br>    cafiling@andersonadvocates.com<br><br>Co-Counsel for Plaintiff SOCHIL MARTIN |