1   DEBORAH S. MALLGRAVE, State Bar No. 198603
      *DMallgrave@GGTrialLaw.com*
2   DANIEL S. CHA, State Bar No. 260256
      *DCha@GGTrialLaw.com*
3   ECLKEY M. KEACH, III, (*admitted pro hac vice*)
      *ekeach@ggtriallaw.com*
4   **GREENBERG GROSS LLP**
    650 Town Center Drive, Suite 1700
5   Costa Mesa, California 92626
    Telephone: (949) 383-2800
6   Facsimile: (949) 383-2801

7   MICHAEL RECK, State Bar No. 209895
      *MReck@AndersonAdvocates.com*
8   **JEFF ANDERSON & ASSOCIATES**
    12011 San Vincente Boulevard, #700
9   Los Angeles, California, 90049
    Telephone: (310) 357-2425
10  Facsimile: (651) 297-6543

11  Attorneys for Plaintiff SOCHIL MARTIN

12

13              **UNITED STATES DISTRICT COURT**

14     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16  SOCHIL MARTIN,                    Case No. 2:20-cv-01437-FWS-AS
                                      Judge:   Hon. Fred W. Slaughter
17           Plaintiff,               Courtroom:     10D

18      v.                            **DECLARATION OF DANIEL S.
                                      CHA IN SUPORT OF NOTICE OF
19  LA LUZ DEL MUNDO, an              EX PARTE APPLICATION FOR
    unincorporated association, et al. LEAVE TO TAKE THE
20                                    DEPOSITION OF DEFENDANT
             Defendants.             NAASON JOAQUIN GARCIA
21                                    BEYOND THE CURRENT
                                      DISCOVERY CUTOFF**

22                                    *[Filed Concurrently with Ex Parte
                                      Application and [Proposed] Order]*
23

24

25

26

27

28

DECLARATION OF DANIEL S. CHA IN SUPORRT OF NOTICE OF EX PARTE APPLICATION FOR AN
ORDER EXTENDING TIME TO DEPOSE DEFENDANT NAASON JOAQUIN GARCIA

## DECLARATION OF DANIEL S. CHA

I, Daniel S. Cha, declare as follows:

1.     I am an attorney, duly licensed to practice law in the State of California.  I am an attorney with the law firm of  Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin in this action.  The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2.     On April 10, 2023, I reached out to Defendants' counsel to meet and confer regarding the scheduling of García's deposition, consistent with this Court's April 6, 2023 Order granting Plaintiff leave to take the deposition in custody.

3.     I met and conferred with Defendants' counsel via zoom on April 12, 2023.

4.     A day prior to the Court's April 6, 2023 Order, Defendants' counsel Reed Aljian sent a meet-and-confer correspondence regarding García's intention to file a motion for stay of the entire action, including discovery, under 18 U.S.C. § 1595(b)(2) (mandating a stay of a civil action involving trafficking claims during the pendency of criminal actions, including investigation and prosecution), based on media statements regarding the existence of ongoing federal investigations.

5.      Attached hereto and incorporated herein by reference as **Exhibit 1** is a true and correct copy of the April 5, 2023 meet-and-confer letter regarding the potential motion for stay.

6.     I discussed the April 5, 2023 meet-and-confer letter with Defendants' counsel during the April 12, 2023 zoom conference, and Defendants' counsel stated they objected to scheduling García's deposition until the matter could be resolved.

7.     During the April 12, 2023 zoom conference, I did not concur that a stay was appropriate based on media statements, but conceded that a segment of Plaintiff's ongoing production of documents including communications with law enforcement could have bearing on the matter, so I agreed to wait to schedule García's deposition until the meet-and-confer regarding the stay could be resolved.

8.     Thereafter, another attorney in my firm reached out to federal law enforcement authorities to confirm whether or not there was a pending federal investigation into Defendants.

9. On or about April 19, 2023, Homeland Security Investigations ("HSI"), a division of the Department of Homeland Security, confirmed to the other attorney in my firm that their investigation, for which Plaintiff had previously been interviewed, remained open and ongoing. HSI at that time also requested Plaintiff's counsel wait to produce Plaintiff's communications with HSI pending further discussion with HSI's legal team.

10. On May 12, 2023, I and the other attorney in my firm had a further discussion with HIS and Assistant United States Attorneys with regard to whether the federal government would object to the production of Plaintiff's communications with HSI; HSI and the AUSAs again confirmed the federal criminal investigation remained ongoing, but did not provide further information regarding the investigation and asked for more time to consider the production issue.

11. The AUSAs asked that Plaintiff not disclose to anyone the names of the involved HSI agents, the names of the AUSAs, or the locations/offices they work out of, in order to protect the ongoing federal criminal investigation.

12. On May 17, 2023, the AUSAs spoke with me and expressed a preference that Plaintiff not disclose any communications with HSI, but that if Plaintiff felt she needed to do so, that the names and contact information of HSI agents and/or other potential victims would be redacted.

13. During the conversation the AUSAs declined to offer any additional information regarding the scope or timeline of the federal criminal investigation, citing grand jury secrecy rules.

14. On May 19, 2023, I conferred over zoom with Defendants' counsel, and I informed García's counsel of the confirmed federal criminal investigation, and Plaintiff's resulting concession for a stay under 18 U.S.C. § 1595(b)(2).

15. García's counsel Mr. Aljian stated he would need to confer with Defendants to see if they still wanted to seek a stay, and he would need until the second week of June to respond.

16. Defendants' counsel thereafter asked for more information regarding the federal investigation in order to take a position on the stay, noting that the stay would be appropriate only if the investigation involved the same occurrences/victims as in the civil case to be stayed.

17.　　On May 30, 2023, I had a further conversation with the AUSAs, confirming permission to identify HSI as the initial investigating agency, but no further information regarding the federal criminal investigation was provided.

18.　　On June 1, 2023, I informed García's counsel that the investigation specifically related to HSI, but that Plaintiff had not been provided further investigation regarding the scope or timeline of the investigation.

19.　　On June 16, 2023, the parties' counsel further met and conferred to discuss the potential stay and García's counsel contended that the current state of the information did not justify a stay under the statute.

20.　　Also on June 16, 2023 we also discussed the scheduling of the depositions of Plaintiff and of García, and García's counsel stated he would get back to Plaintiff's counsel about García's amenability to be deposed the week of July 24.

21.　　On June 20, 2023, I followed up via email regarding that timeframe.

22.　　On June 27, 2023, García's counsel stated the last week of July would not work, and suggested "early August."

23.　　On July 3, 2023, Plaintiff's counsel proposed August 8-10, 2023.

24.　　Despite having initially proposed "early August," on July 6, 2023, García's counsel noted that there was a conflict with La Luz del Mundo's Holy Supper celebration and proposed the week of August 21, 2023.

25.　　On July 13, 2023, I confirmed the week of August 21, 2023 would work.

26.　　On August 1, 2023, the prison's litigation coordinator advised that the earliest available date to schedule García's deposition would be August 30, 2023.

27.　　The same date, I advised García's counsel and asked for agreement to the August 30, 2023 date.

28.　　García's counsel confirmed for August 30, 2023.

29.　　Plaintiff served her Amended Notice of Deposition of Taking Deposition of Defendant Naasón Joaquín García for August 30, 2023 on August 1, 2023.

30.    The notice was accompanied by the prison's security and clearance requirements for attendees.

31.    I timely submitted my security clearance forms.

32.    The court reporter's clearance form was timely submitted.

33.    However, the interpreter and videographer for the deposition did not submit their clearance forms timely.

34.    I found out that clearance forms had not been submitted for the interpreter and videographer until August 25, 2023, whereas the prison required 10 business days.

35.    On August 25, 2023, a Friday, I informed Defendants' counsel verbally in person of the issue and requested the parties meet and confer on Monday August 28, 2023 if the prison could not accommodate the deposition on August 30 and/or if the next available date would be after the discovery cutoff.

36.    On August 28, 2023, the parties' counsel met and conferred by telephone and Defendants' counsel agreed not to oppose this application.

DATED:  August 30, 2023              GREENBERG GROSS LLP


By:    _____/s/ Daniel S. Cha_____
       Deborah S. Mallgrave
       Daniel S. Cha
       Eckley M. Keach III
       Attorneys for Plaintiff SOCHIL MARTIN

DECLARATION OF DANIEL S. CHA IN SUPORRT OF NOTICE OF EX PARTE APPLICATION FOR AN
ORDER EXTENDING TIME TO DEPOSE DEFENDANT NAASON JOAQUIN GARCIA

EXHIBIT 1

# DAILY | ALJIAN

**April 5, 2023**

**VIA ELECTRONIC MAIL**

Deborah S. Mallgrave
Daniel Cha
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California
  *DMallgrave@GGTrialLaw.com*
  *JRobbins@GGTrialLaw.com*

Michael Finnegan
Jennifer Stein
Jeff Anderson & Associates
11812 San Vincente Boulevard, #503
Los Angeles, California, 90049
  *Mike@AndersonAdvocates.com*
  *Jennifer@AndersonAdvocates.com*

Re:    *Sochil Martin v. La Luz Del Mundo, et al.,* Case No. 2:20-cv-01437
       (the "Action")

Dear Counsel:

Pursuant to Local Rule 7-3, I write to meet and confer regarding a motion to stay the Action pursuant to 18 U.S.C. § 1595(b)(2). I wish to schedule a video or telephonic meet and confer to take place this week to take place on Monday, April 10, 2023, at 10:00 a.m. Please advise of your availability.

## General Discussion

On February 12, 2020, Plaintiff filed her complaint, which is the operative complaint in this action (the "Complaint"). The Complaint alleges 11 causes of action. Causes of action three through five are: Trafficking (18 U.S.C. § 1590), Conspiracy to engage in trafficking (18 U.S.C. §1594), and Obstructing Enforcement regarding trafficking (18 U.S.C. 1590(b).

18 U.S.C. § 1595 provides as follows:

> (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

> (b)(1) *Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action* arising out of the same occurrence in which the claimant is the victim.

> (2). In this subsection, *a "criminal action" includes investigation* and prosecution and is pending until final adjudication in the trial court. (emphasis added).

EXHIBIT 1

-7-

18 U.S.C. § 1595 (emphasis added).

In an email dated May 29, 2020, Ms. Mallgrave explained as follows:

> "After considerable research, it is our understanding that the stay requested by DAG Dean _is mandatory under the provisions of the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), under which our client has brought her case_.
>
> As such, we do not believe that there is a basis for us to oppose the motion. The statutory authorization for a civil lawsuit under the TVPRA in 18 U.S.C. § 1595 includes at §1595(b)(l) that "_[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim_."
>
> * * *
>
> Further, _the stay appears to apply across all related claims, including FLSA and battery claims that are related to the TVPRA claims_.

(May 29, 2020 email (emphasis added).)

Ms. Mallgrave later represented to the Court—in Plaintiff's June 22, 2020 Opposition to Defendants' Joint Motion to Order Plaintiff to Participate in Rule 26 Conference – that there is "a _mandatory_ stay under the Trafficking Victims Protection and Reauthorization Act ("TVPRA"). See 18 U.S.C.A. § 1595(b)(1); _see also Lunkes v. Yannai_, 882 F.Supp.2d 545, 549 (S.D.N.Y. 2012) ("[P]rosecutions [under the TVPRA] should take priority over civil redress and ... should be complete prior to going forward with civil suits.") (citing H.R.Rep. No. 108–264, pt. 2, at 17 (2003))." (Opp. at p. 15, ll. 18-23) (emphasis added).[1]

During Episode 3 of the HBO "documentary" entitled "Unveiled: Surviving La Luz Del Mundo," Plaintiff's attorney Deborah Mallgrave appeared and stated as follows: "…_there is a federal investigation_…." Episode 3, at 1:09 (initially released on December 7, 2022) (emphasis added).

Obviously, making an allegation on an HBO "documentary" is a very public statement to a global audience. That audience would reasonably understand that the statements were regarding the Defendants in the civil action or, at the very least, Naason Garcia. In a good faith effort to obtain further information regarding

---

[1]      Later, in ruling on the California Department of Justice's motion to intervene and stay the case, the Court relied heavily on the fact that Plaintiff had not objected to a stay and apparently believed one was required under the law, explaining "Here, the _Keating_ factors weigh heavily in favor of granting a stay of discovery.   First, _Plaintiff has not objected to a stay_."p. 9, ll. 16-17 (August 29, 2020 Order Granting Motion to Intervene and Stay Proceedings (emphasis added).

EXHIBIT 1

-8-

Ms. Mallgrave's public assertion that there is an ongoing federal criminal investigation, I immediately contacted Plaintiff counsel and inquired.[2]

First, on January 4, 2023, after watching that episode, I contacted Plaintiff's counsel Daniel Cha (and all other Plaintiff counsel) and inquired about that criminal investigation. I did not receive a response.

Since that time, I have asked about this criminal investigation(s) on many occasions, on the phone and in writing.  For example, in a February 13, 2023, email, I stated: "On the HBO documentary, Ms. Mallgrave represented that Mr. Garcia is the subject of an open and ongoing FBI or federal investigation. [ ] I have asked you at least twice (by email) for more information regarding Ms. Mallgrave's representations. However, to date, I have not received a substantive response. Please respond and provide all information Ms. Mallgrave has regarding this alleged investigation."

In response, Mr. Cha stated (in part): "*With regard to open law enforcement investigations, other than the fact of their existence* to the extent Ms. Mallgrave has shared publicly, any further information will only be disclosed if/when law enforcement has had a chance to weigh in." (Feb. 13, 2023 email from Mr. Cha (emphasis added).)

Then, in a February 22, 2023, email, I stated: "Plaintiff counsel has publicly stated that there is an open criminal investigation. I have asked counsel for more information about these alleged investigations, at least three times in writing and several other times orally. However, I have received no substantive response other than the explanation that Plaintiff is looking into whether they will provide further details. We have also asked in discovery for production of communications on that topic. Those have also not been produced. The production of those materials and related information is relevant to decisions that will be made regarding discovery of Mr. Garcia in this action. Withholding that information while demanding he testify is not proper or reasonable."

In response, Mr. Cha stated (in part): "With regard to law enforcement communications/information, that remains in progress.  Again, *what was stated publicly was nothing more than the abstract fact of there being ongoing investigations*.  No details were disclosed." (Feb. 27, 2023 email from Mr. Cha (emphasis added).)

---

[2]    Defendants are genuinely concerned about these types of extra-judicial statements by Plaintiff and her attorneys and their impact on the jury pool. This has been a theme in this case, starting with the press conference when this matter was initially filed. Under California law, "[a] lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will (i) be disseminated by means of public communication and (ii) have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter."  Cal. Rule of Prof'l Conduct 3.6.

EXHIBIT 1

-9-

Plaintiff continues to allege that there exists open and pending investigations and refusing to produce documents based upon that contention. Indeed, as recent as two days ago, Plaintiff filed an April 3, 2023 Declaration of Daniel Cha that explained: "Martin is not, and has not withheld communications with government agencies for her own benefit. *Her counsel has reached out to the relevant law enforcement agencies, domestic and abroad*, in order to give those agencies the opportunity to weigh in on whether they object to the release of communications *regarding potentially open and ongoing criminal matters.*" (Cha Decl., ¶8 (emphasis added).)

## Conclusion

Plaintiff and her counsel have repeatedly explained that there is an open criminal investigation (indeed, a federal criminal investigation), including a statement by counsel that it is an "abstract *fact.*" The trafficking laws require a stay of any civil action during the pendency of a criminal investigation (not just a prosecution). According to Plaintiff, the stay applies to all claims and to all defendants. These circumstances exist as long as Plaintiff continues to prosecute claims under the trafficking statutes (i.e., causes of action 3-5).

Please note that our preference is not to seek a stay. Rather, we wish to litigate on the merits, as we find Ms. Martin's claims entirely lacking in merit. However, we also realize that the language of the law is not permissible – it is mandatory. As long as those claims remain a part of this action and Ms. Martin claims she is a victim, then the stay is required by law (a fact Plaintiff counsel has already admitted in writing on multiple occasions).

Please confirm your availability for a call to meet and confer on the motion for a stay.

All rights reserved.

Sincerely,

/s/ Reed Aljian

Reed Aljian

cc:    Alan Jackson
       Caleb Mason
       Geoff Neri

EXHIBIT 1
-10-

# PROOF OF SERVICE

## Sochil Martin v. Naason Joaquin Garcia, et al.
## Case No. 2:20-cv-01437-ODW-AS

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 601 S. Figueroa Street, 30th Floor, Los Angeles, CA 90017.

On August 30, 2023, I served true copies of the following document(s) described as **DECLARATION OF DANIEL S. CHA IN SUPORT OF NOTICE OF EX PARTE APPLICATION FOR LEAVE TO TAKE THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA BEYOND THE CURRENT DISCOVERY CUTOFF** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 30, 2023, at Los Angeles, California.


_/s/ Dana Vultaggio_
Dana Vultaggio

DECLARATION OF DANIEL S. CHA IN SUPORRT OF NOTICE OF EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO DEPOSE DEFENDANT NAASON JOAQUIN GARCIA

**SERVICE LIST**
**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

| | |
|---|---|
| Alan J. Jackson<br>Caleb E. Mason<br>WERKSMAN JACKSON & QUINN LLP<br>888 W 6th Street, Fourth Floor<br>Los Angeles, CA 90017 | T:   213.688.0460<br>F:   213.624.1942<br>E:   ajackson@werksmanjackson.com<br>      cmason@werksmanjackson.com<br>      gsaucedo@werksmanjackson.com<br>      michele@werksmanjackson.com<br><br>Attorneys for Defendant NAASON JOAOUIN GARCIA. an individual |
| Ethan J. Brown<br>Geoffrey A. Neri<br>BROWN, NERI, SMITH & KHAN LLP<br>11601 Wilshire Blvd., Suite 2080<br>Los Angeles, CA 90025 | T:   310.593.9890<br>F:   310.593.9980<br>E:   ethan@bnsklaw.com<br>      geoff@bnsklaw.com<br>      task@bnsklaw.com<br><br>Attorneys for Defendants JOSE HERNANDEZ, UZZIEL JOAQUIN, BENJAMIN JOAQUIN, SILVERIO CORONADO, AURELIO ZAVALETA, JOSE LUIS ESTRADA, JONATHAN MENDOZA, DAVID MENDOZA, GILBERTO GARCIA GRANADOS |
| Reed Aljian<br>Simon Kwak<br>DAILY ALJIAN LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | T:   949.861.2524<br>F:   949.269.6364<br>E:   ra@dallp.com<br>      sk@dallp.com<br>      bahar@dallp.com<br>      dlopez@dallp.com<br><br>Attorneys for Defendants ALMA ELIZABETH JOAQUIN erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN erroneously sued as ADORAIM JOAQUIN ZAMORA, LA LUZ DEL MUNDO, COMMUNICATION CENTER BEREA U.S.A., LLC, erroneously sued as, INTERNATIONAL BEREA USA |
| Michael Reck<br>Hagerey Mengistu<br>JEFF ANDERSON & ASSOCIATES<br>11812 San Vicente Blvd., #503<br>Los Angeles. CA 90049 | E:   MReck@AndersonAdvocates.com<br>      cafiling@andersonadvocates.com<br><br>Co-Counsel for Plaintiff SOCHIL MARTIN |

DECLARATION OF DANIEL S. CHA IN SUPORRT OF NOTICE OF EX PARTE APPLICATION FOR AN ORDER EXTENDING TIME TO DEPOSE DEFENDANT NAASON JOAQUIN GARCIA