JONATI M. YEDIDSION, ESQ. (SBN 290914)
**YEDIDSION LAW GROUP, LLP**
800 West Sixth Street, Ste. 1500
Los Angeles, CA 90017
T: (310) 277-4277
F: (310) 277-6277
E: jonati@ysylaw.com

THOMAS A. CIFARELLI, ESQ. (SBN 161815)
**THE CIFARELLI LAW FIRM**
7700 Irvine Center Drive, Suite 150
Irvine, California 92618
T: (949) 502-8600
F: (949) 502-8603
E: tomc@cifarellilaw.com

ANDY RUBENSTEIN, ESQ. (TX SBN 17360375)
ROCHELLE GUITON, ESQ. (TX SBN 24069838)
GABRIELLE ADRIANA BECKER, ESQ. (TX SBN 24106866)
**D. MILLER & ASSOCIATES, PLLC**
2610 W. Sam Houston Parkway, Suite 200
Houston, TX 77042
T: (713) 850-8600
F: (713) 366-3463
E: andy@dmillerlaw.com
   rochelle@dmillerlaw.com
   gabecker@dmillerlaw.com

Attorneys for Movants

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCHIL MARTIN<br>　　*Plaintiff*<br>VS.<br><br><br>LA LUZ DEL MUNDO, ET AL.<br>　　*Defendants* | Civil Action No.: 2:20-cv-01437-FWS-AS<br><br>DECLARATION OF JONATI YEDIDSION IN SUPPORT OF APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79-5.2.2(B)(I)<br><br>**Date:** October 3, 2023<br>**Time:** 10:00 a.m.<br>**Courtroom:** 540 |

///
///
///

## DECLARATION OF JONATI YEDIDSION

1. I am an attorney licensed to practice in all state courts and the United States District Court for the Central District of California. I am of-counsel to the Cifarelli Law Firm. I have been retained by the MOVANTS and am filing the attached Motion for Protection on their behalf.

2. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

3. Attached as Exhibits "1" - "5" to this Declaration are true and correct copies of redacted subpoenas served on Movants on August 8, 2023.

4. On information and belief, LLDM seeks to take MOVANTS' sworn video-taped deposition in order to inquire about their past sexual trauma and abuse at the hands of, and with the knowledge of Defendants.

5. Good cause exists for filing this Motion for Protection and for redacting these subpoenas because the testimony sought in the subpoena invades the MOVANTS' rights to sexual privacy under FED.R.EVID. 412, the United States Constitution, and the California Constitution.

6. Finally, it appears that neither the Defendants nor the Plaintiff in the present cause of action disputes the need for these subpoenas to be sealed by the Court. To my knowledge, neither the parties, nor any outside party, have raised an objection before this court to the sealing of these subpoenas.

I declare under penalty of perjury under the laws of the State of Califonia that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of September, 2023 in Irvine, California

By: _____
            Jonati Yedidsion, Esq.

# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| SOCHIL MARTIN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:20–cv–01437-FWS-AS |
| LA LUZ DEL MUNDO, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ■■■■■■■■■■■■■■■

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Daily Aljian LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | Date and Time:<br> 09/04/23   9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   Stenographic and audiovisual.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/08/23

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Reed Aljian |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   La Luz del Mundo
, who issues or requests this subpoena, are:

Reed Aljian, Daily Aljian LLP, 100 Bayview Circle Ste. 5500 Newport Beach, CA 92660 | (949) 861-2524 | ra@dallp.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:20–cv–01437-FWS-AS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

DAILY ALJIAN LLP
Newport Beach, California

# EXHIBIT A
# DOCUMENTS TO BE PRODUCED

1.      Please produce all of YOUR COMMUNICATIONS with PLAINTIFF in your possession, custody, or control.

## INSTRUCTIONS FOR THE PRODUCTION OF
## ELECTRONICALLY STORED INFORMATION (ESI)

1.      Produce all responsive electronically stored information ("ESI") as follows: bates-numbered, single-paged, electronically searchable TIFF images, with parent-child relationships of DOCUMENTS kept intact (e.g., an e-mail message must remain connected with its attachments), including a proper record of all document breaks, with no "locked" data and all associated embedded data and metadata intact.  All such TIFF images must be unitized at the document level (*i.e.*, each image must represent a distinct document with any related attachment thereto; a single TIFF image shall not contain multiple and independent documents, except where the original documents contained an attachment, such as an email containing an attachment thereto).

2.      Produce special index files for the production, otherwise known as "load files." The purpose of the load files is to maintain with the document(s) its/their (i) metadata, (ii) image files (by cross-referencing the image load file when available), (iii) text files, and (iv) native file, where available. The load files shall also contain the corresponding data load file (.dat) and, where available, image load file (.opt). Data load files contain multiple rows, with each row representing a document. An email, for example, is associated with a row in the data load file, and the row lists the values for the email's Bates number, To field, From field, CC field, Subject field, and other metadata. Image load files reference the number of and identity of the pages associated with each document. The image load file typically contain seven columns that denote: (i) the key (usually a bates number) used to match the image record to the data load file record; (ii) the volume identifier; (iii)

1

the path the image; (iv) the first page indicator (denoted as "Y" if the image represents the first page of a document); (v) the box number (blank unless the boxes were scanned from paper); (vi) the folder number (blank unless the folders were scanned from paper); and the (vii) the page count.

3.     Deduplicate the responsive ESI before production (i.e., remove all duplicates), such that the production does not contain multiple copies of identical documents.

4.     If unable to produce ESI as instructed herein, contact Daily Aljian LLP in advance of the deadline to produce responsive documents to meet and confer regarding proposed alternative methods of production.

5.     With respect to document maintained only in paper format, and in a good faith effort to conserve party and natural resources, scan and save all such paper documents to TIFF images and produce them in the manner described in Paragraph 1 above.

## **DEFINITIONS**

1.     "DOCUMENT" and "DOCUMENTS" means all written, typed or other material of any kind or nature, and any other tangible thing by which information or data is stored in your possession, custody, or control. DOCUMENTS include contracts, correspondence, letters, facsimile transmissions, e-mails, telephone messages, telephone statements or bills, checks, receipts, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, summaries, notes, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, tape recordings, video recordings, agreements, appraisals, financial statements, calendars, analyses, drawings, film, graph, charts, photographs, phone records, mechanical or electrical sound recording or transcript thereof, any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, electromagnetically, or otherwise, and any other

2

data compilation for which information can be obtained written or electronic COMMUNICATIONS and other tangible writings, including all partial and complete copies, drafts and final versions thereof, and attachments and enclosures therewith. For clarity, DOCUMENTS includes any COMMUNICATION, as defined herein. Where a DOCUMENT is identified or produced, identical copies that do not contain any markings, additions, or deletions different from the original need not be separately produced.

2.     "COMMUNICATION(S)" means any form of written communication in your possession, custody, or control, including but not limited to the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise), whether by DOCUMENT, evidencing, containing, consisting of, or referring to verbal or written statements via face to face meetings, telephone calls, video conference or video tape, audiotape, letter, electronic message (email), text message, instant message, social media message, note, memoranda, or other means or non-verbal communication intended to or actually conveying information or data.

3.     "PLAINTIFF" means Plaintiff Sochil Martin.

4.     "YOU and "YOUR" means ███████████.

EXHIBIT A

DAILY ALJIAN LLP
Newport Beach, California

# EXHIBIT 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| SOCHIL MARTIN | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:20–cv–01437-FWS-AS |
| LA LUZ DEL MUNDO, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ▮▮▮▮▮▮▮▮▮▮▮▮▮

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Daily Aljian LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | Date and Time:<br>09/05/2023 9:30 a.m. |
|---|---|

The deposition will be recorded by this method:    Stenographic and audiovisual.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/08/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Reed Aljian |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   La Luz del Mundo
_____, who issues or requests this subpoena, are:

Reed Aljian, Daily Aljian LLP, 100 Bayview Circle Ste. 5500 Newport Beach, CA 92660 | (949) 861-2524 | ra@dallp.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    2:20−cv−01437-FWS-AS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**EXHIBIT A**

**DOCUMENTS TO BE PRODUCED**

1.      Please produce all of YOUR COMMUNICATIONS with PLAINTIFF in your possession, custody, or control.

**INSTRUCTIONS FOR THE PRODUCTION OF**

**ELECTRONICALLY STORED INFORMATION (ESI)**

1.      Produce all responsive electronically stored information ("ESI") as follows: bates-numbered, single-paged, electronically searchable TIFF images, with parent-child relationships of DOCUMENTS kept intact (e.g., an e-mail message must remain connected with its attachments), including a proper record of all document breaks, with no "locked" data and all associated embedded data and metadata intact.  All such TIFF images must be unitized at the document level (*i.e.*, each image must represent a distinct document with any related attachment thereto; a single TIFF image shall not contain multiple and independent documents, except where the original documents contained an attachment, such as an email containing an attachment thereto).

2.      Produce special index files for the production, otherwise known as "load files." The purpose of the load files is to maintain with the document(s) its/their (i) metadata, (ii) image files (by cross-referencing the image load file when available), (iii) text files, and (iv) native file, where available. The load files shall also contain the corresponding data load file (.dat) and, where available, image load file (.opt). Data load files contain multiple rows, with each row representing a document. An email, for example, is associated with a row in the data load file, and the row lists the values for the email's Bates number, To field, From field, CC field, Subject field, and other metadata. Image load files reference the number of and identity of the pages associated with each document. The image load file typically contain seven columns that denote: (i) the key (usually a bates number) used to match the image record to the data load file record; (ii) the volume identifier; (iii)

1

DAILY ALJIAN LLP
Newport Beach, California

the path the image; (iv) the first page indicator (denoted as "Y" if the image represents the first page of a document); (v) the box number (blank unless the boxes were scanned from paper); (vi) the folder number (blank unless the folders were scanned from paper); and the (vii) the page count.

3.      Deduplicate the responsive ESI before production (i.e., remove all duplicates), such that the production does not contain multiple copies of identical documents.

4.      If unable to produce ESI as instructed herein, contact Daily Aljian LLP in advance of the deadline to produce responsive documents to meet and confer regarding proposed alternative methods of production.

5.      With respect to document maintained only in paper format, and in a good faith effort to conserve party and natural resources, scan and save all such paper documents to TIFF images and produce them in the manner described in Paragraph 1 above.

## DEFINITIONS

1.      "DOCUMENT" and "DOCUMENTS" means all written, typed or other material of any kind or nature, and any other tangible thing by which information or data is stored in your possession, custody, or control. DOCUMENTS include contracts, correspondence, letters, facsimile transmissions, e-mails, telephone messages, telephone statements or bills, checks, receipts, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, summaries, notes, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, tape recordings, video recordings, agreements, appraisals, financial statements, calendars, analyses, drawings, film, graph, charts, photographs, phone records, mechanical or electrical sound recording or transcript thereof, any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, electromagnetically, or otherwise, and any other

DAILY ALJIAN LLP
Newport Beach, California

2

1  data compilation for which information can be obtained written or electronic

2  COMMUNICATIONS and other tangible writings, including all partial and

3  complete copies, drafts and final versions thereof, and attachments and enclosures

4  therewith.  For clarity, DOCUMENTS includes any COMMUNICATION, as

5  defined herein. Where a DOCUMENT is identified or produced, identical copies

6  that do not contain any markings, additions, or deletions different from the original

7  need not be separately produced.

8       2.     "COMMUNICATION(S)" means any form of written communication

9  in your possession, custody, or control, including but not limited to the transmittal

10  of information (in the form of facts, ideas, opinions, inquiries or otherwise),

11  whether by DOCUMENT, evidencing, containing, consisting of, or referring to

12  verbal or written statements via face to face meetings, telephone calls, video

13  conference or video tape, audiotape, letter, electronic message (email), text

14  message, instant message, social media message, note, memoranda, or other means

15  or non-verbal communication intended to or actually conveying information or

16  data.

17       3.     "PLAINTIFF" means Plaintiff Sochil Martin.

18       4.     "YOU and "YOUR" means ███████████████

DAILY ALJIAN LLP
Newport Beach, California

3

# EXHIBIT 3

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| SOCHIL MARTIN | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:20–cv–01437-FWS-AS |
| LA LUZ DEL MUNDO, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ██████████████

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Daily Aljian LLP 100 Bayview Circle, Suite 5500 Newport Beach, CA 92660 | Date and Time: 09/06/2023  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:   Stenographic and audiovisual.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/08/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Reed Aljian |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   La Luz del Mundo
, who issues or requests this subpoena, are:

Reed Aljian, Daily Aljian LLP, 100 Bayview Circle Ste. 5500 Newport Beach, CA 92660 | (949) 861-2524 | ra@dallp.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:20−cv−01437-FWS-AS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**EXHIBIT A**

**DOCUMENTS TO BE PRODUCED**

1.      Please produce all of YOUR COMMUNICATIONS with PLAINTIFF in your possession, custody, or control.

**INSTRUCTIONS FOR THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)**

1.      Produce all responsive electronically stored information ("ESI") as follows: bates-numbered, single-paged, electronically searchable TIFF images, with parent-child relationships of DOCUMENTS kept intact (e.g., an e-mail message must remain connected with its attachments), including a proper record of all document breaks, with no "locked" data and all associated embedded data and metadata intact.  All such TIFF images must be unitized at the document level (*i.e.*, each image must represent a distinct document with any related attachment thereto; a single TIFF image shall not contain multiple and independent documents, except where the original documents contained an attachment, such as an email containing an attachment thereto).

2.      Produce special index files for the production, otherwise known as "load files." The purpose of the load files is to maintain with the document(s) its/their (i) metadata, (ii) image files (by cross-referencing the image load file when available), (iii) text files, and (iv) native file, where available. The load files shall also contain the corresponding data load file (.dat) and, where available, image load file (.opt). Data load files contain multiple rows, with each row representing a document. An email, for example, is associated with a row in the data load file, and the row lists the values for the email's Bates number, To field, From field, CC field, Subject field, and other metadata. Image load files reference the number of and identity of the pages associated with each document. The image load file typically contain seven columns that denote: (i) the key (usually a bates number) used to match the image record to the data load file record; (ii) the volume identifier; (iii)

DAILY ALJIAN LLP
Newport Beach, California

1

the path the image; (iv) the first page indicator (denoted as "Y" if the image represents the first page of a document); (v) the box number (blank unless the boxes were scanned from paper); (vi) the folder number (blank unless the folders were scanned from paper); and the (vii) the page count.

3.     Deduplicate the responsive ESI before production (i.e., remove all duplicates), such that the production does not contain multiple copies of identical documents.

4.     If unable to produce ESI as instructed herein, contact Daily Aljian LLP in advance of the deadline to produce responsive documents to meet and confer regarding proposed alternative methods of production.

5.     With respect to document maintained only in paper format, and in a good faith effort to conserve party and natural resources, scan and save all such paper documents to TIFF images and produce them in the manner described in Paragraph 1 above.

## **DEFINITIONS**

1.     "DOCUMENT" and "DOCUMENTS" means all written, typed or other material of any kind or nature, and any other tangible thing by which information or data is stored in your possession, custody, or control. DOCUMENTS include contracts, correspondence, letters, facsimile transmissions, e-mails, telephone messages, telephone statements or bills, checks, receipts, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, summaries, notes, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, tape recordings, video recordings, agreements, appraisals, financial statements, calendars, analyses, drawings, film, graph, charts, photographs, phone records, mechanical or electrical sound recording or transcript thereof, any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, electromagnetically, or otherwise, and any other

2

DAILY ALJIAN LLP
Newport Beach, California

data compilation for which information can be obtained written or electronic COMMUNICATIONS and other tangible writings, including all partial and complete copies, drafts and final versions thereof, and attachments and enclosures therewith.  For clarity, DOCUMENTS includes any COMMUNICATION, as defined herein. Where a DOCUMENT is identified or produced, identical copies that do not contain any markings, additions, or deletions different from the original need not be separately produced.

2.    "COMMUNICATION(S)" means any form of written communication in your possession, custody, or control, including but not limited to the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise), whether by DOCUMENT, evidencing, containing, consisting of, or referring to verbal or written statements via face to face meetings, telephone calls, video conference or video tape, audiotape, letter, electronic message (email), text message, instant message, social media message, note, memoranda, or other means or non-verbal communication intended to or actually conveying information or data.

3.    "PLAINTIFF" means Plaintiff Sochil Martin.

4.    "YOU and "YOUR" means ███████████.

DAILY ALJIAN LLP
Newport Beach, California

3

# EXHIBIT 4

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | |
|---|---|
| SOCHIL MARTIN | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   2:20–cv–01437-FWS-AS |
| LA LUZ DEL MUNDO, et al. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      ▮▮▮▮▮▮▮▮▮▮▮▮▮

_(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Daily Aljian LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | Date and Time:<br>     09/07/2023  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:    Stenographic and audiovisual.

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/08/2023

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | /s/ Reed Aljian |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   La Luz del Mundo
, who issues or requests this subpoena, are:

Reed Aljian, Daily Aljian LLP, 100 Bayview Circle Ste. 5500 Newport Beach, CA 92660 | (949) 861-2524 | ra@dallp.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:20−cv−01437-FWS-AS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

DAILY ALJIAN LLP
Newport Beach, California

### EXHIBIT A

### DOCUMENTS TO BE PRODUCED

1.     Please produce all of YOUR COMMUNICATIONS with PLAINTIFF in your possession, custody, or control.

### INSTRUCTIONS FOR THE PRODUCTION OF
### ELECTRONICALLY STORED INFORMATION (ESI)

1.     Produce all responsive electronically stored information ("ESI") as follows: bates-numbered, single-paged, electronically searchable TIFF images, with parent-child relationships of DOCUMENTS kept intact (e.g., an e-mail message must remain connected with its attachments), including a proper record of all document breaks, with no "locked" data and all associated embedded data and metadata intact.  All such TIFF images must be unitized at the document level (*i.e.*, each image must represent a distinct document with any related attachment thereto; a single TIFF image shall not contain multiple and independent documents, except where the original documents contained an attachment, such as an email containing an attachment thereto).

2.     Produce special index files for the production, otherwise known as "load files." The purpose of the load files is to maintain with the document(s) its/their (i) metadata, (ii) image files (by cross-referencing the image load file when available), (iii) text files, and (iv) native file, where available. The load files shall also contain the corresponding data load file (.dat) and, where available, image load file (.opt). Data load files contain multiple rows, with each row representing a document. An email, for example, is associated with a row in the data load file, and the row lists the values for the email's Bates number, To field, From field, CC field, Subject field, and other metadata. Image load files reference the number of and identity of the pages associated with each document. The image load file typically contain seven columns that denote: (i) the key (usually a bates number) used to match the image record to the data load file record; (ii) the volume identifier; (iii)

1

the path the image; (iv) the first page indicator (denoted as "Y" if the image represents the first page of a document); (v) the box number (blank unless the boxes were scanned from paper); (vi) the folder number (blank unless the folders were scanned from paper); and the (vii) the page count.

3.    Deduplicate the responsive ESI before production (i.e., remove all duplicates), such that the production does not contain multiple copies of identical documents.

4.    If unable to produce ESI as instructed herein, contact Daily Aljian LLP in advance of the deadline to produce responsive documents to meet and confer regarding proposed alternative methods of production.

5.    With respect to document maintained only in paper format, and in a good faith effort to conserve party and natural resources, scan and save all such paper documents to TIFF images and produce them in the manner described in Paragraph 1 above.

## **DEFINITIONS**

1.    "DOCUMENT" and "DOCUMENTS" means all written, typed or other material of any kind or nature, and any other tangible thing by which information or data is stored in your possession, custody, or control. DOCUMENTS include contracts, correspondence, letters, facsimile transmissions, e-mails, telephone messages, telephone statements or bills, checks, receipts, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, summaries, notes, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, tape recordings, video recordings, agreements, appraisals, financial statements, calendars, analyses, drawings, film, graph, charts, photographs, phone records, mechanical or electrical sound recording or transcript thereof, any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, electromagnetically, or otherwise, and any other

DAILY ALJIAN LLP
Newport Beach, California

2

data compilation for which information can be obtained written or electronic COMMUNICATIONS and other tangible writings, including all partial and complete copies, drafts and final versions thereof, and attachments and enclosures therewith.  For clarity, DOCUMENTS includes any COMMUNICATION, as defined herein. Where a DOCUMENT is identified or produced, identical copies that do not contain any markings, additions, or deletions different from the original need not be separately produced.

2.    "COMMUNICATION(S)" means any form of written communication in your possession, custody, or control, including but not limited to the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise), whether by DOCUMENT, evidencing, containing, consisting of, or referring to verbal or written statements via face to face meetings, telephone calls, video conference or video tape, audiotape, letter, electronic message (email), text message, instant message, social media message, note, memoranda, or other means or non-verbal communication intended to or actually conveying information or data.

3.    "PLAINTIFF" means Plaintiff Sochil Martin.

4.    "YOU and "YOUR" means ██████████.

DAILY ALJIAN LLP
Newport Beach, California

3

# EXHIBIT 5

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| SOCHIL MARTIN | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    2:20-cv-01437-FWS-AS |
| LA LUZ DEL MUNDO, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: ███████████████████

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Daily Aljian LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | Date and Time:<br>09/08/2023  9:30 a.m. |
|---|---|

The deposition will be recorded by this method:    Stenographic and audiovisual.

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/08/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Reed Aljian |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    La Luz del Mundo
, who issues or requests this subpoena, are:

Reed Aljian, Daily Aljian LLP, 100 Bayview Circle Ste. 5500 Newport Beach, CA 92660 | (949) 861-2524 | ra@dallp.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:20–cv–01437-FWS-AS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

DAILY ALJIAN LLP
Newport Beach, California

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED

1.    Please produce all of YOUR COMMUNICATIONS with PLAINTIFF in your possession, custody, or control.

## INSTRUCTIONS FOR THE PRODUCTION OF
## ELECTRONICALLY STORED INFORMATION (ESI)

1.    Produce all responsive electronically stored information ("ESI") as follows: bates-numbered, single-paged, electronically searchable TIFF images, with parent-child relationships of DOCUMENTS kept intact (e.g., an e-mail message must remain connected with its attachments), including a proper record of all document breaks, with no "locked" data and all associated embedded data and metadata intact.  All such TIFF images must be unitized at the document level (*i.e.*, each image must represent a distinct document with any related attachment thereto; a single TIFF image shall not contain multiple and independent documents, except where the original documents contained an attachment, such as an email containing an attachment thereto).

2.    Produce special index files for the production, otherwise known as "load files." The purpose of the load files is to maintain with the document(s) its/their (i) metadata, (ii) image files (by cross-referencing the image load file when available), (iii) text files, and (iv) native file, where available. The load files shall also contain the corresponding data load file (.dat) and, where available, image load file (.opt). Data load files contain multiple rows, with each row representing a document. An email, for example, is associated with a row in the data load file, and the row lists the values for the email's Bates number, To field, From field, CC field, Subject field, and other metadata. Image load files reference the number of and identity of the pages associated with each document. The image load file typically contain seven columns that denote: (i) the key (usually a bates number) used to match the image record to the data load file record; (ii) the volume identifier; (iii)

1

the path the image; (iv) the first page indicator (denoted as "Y" if the image represents the first page of a document); (v) the box number (blank unless the boxes were scanned from paper); (vi) the folder number (blank unless the folders were scanned from paper); and the (vii) the page count.

3.     Deduplicate the responsive ESI before production (i.e., remove all duplicates), such that the production does not contain multiple copies of identical documents.

4.     If unable to produce ESI as instructed herein, contact Daily Aljian LLP in advance of the deadline to produce responsive documents to meet and confer regarding proposed alternative methods of production.

5.     With respect to document maintained only in paper format, and in a good faith effort to conserve party and natural resources, scan and save all such paper documents to TIFF images and produce them in the manner described in Paragraph 1 above.

## **DEFINITIONS**

1.     "DOCUMENT" and "DOCUMENTS" means all written, typed or other material of any kind or nature, and any other tangible thing by which information or data is stored in your possession, custody, or control. DOCUMENTS include contracts, correspondence, letters, facsimile transmissions, e-mails, telephone messages, telephone statements or bills, checks, receipts, notices, notes of conversations, memoranda, reports, diaries, minutes, recitals, statements, worksheets, abstracts, resumes, summaries, notes, jottings, books, journals, ledgers, audits, maps, charts, diagrams, drafts, newspapers, appointment books, desk calendars, expense reports, tape recordings, video recordings, agreements, appraisals, financial statements, calendars, analyses, drawings, film, graph, charts, photographs, phone records, mechanical or electrical sound recording or transcript thereof, any retrievable data, whether in computer storage, carded, punched, taped, coded or stored electrostatically, electromagnetically, or otherwise, and any other

2

data compilation for which information can be obtained written or electronic COMMUNICATIONS and other tangible writings, including all partial and complete copies, drafts and final versions thereof, and attachments and enclosures therewith.  For clarity, DOCUMENTS includes any COMMUNICATION, as defined herein. Where a DOCUMENT is identified or produced, identical copies that do not contain any markings, additions, or deletions different from the original need not be separately produced.

2.    "COMMUNICATION(S)" means any form of written communication in your possession, custody, or control, including but not limited to the transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise), whether by DOCUMENT, evidencing, containing, consisting of, or referring to verbal or written statements via face to face meetings, telephone calls, video conference or video tape, audiotape, letter, electronic message (email), text message, instant message, social media message, note, memoranda, or other means or non-verbal communication intended to or actually conveying information or data.

3.    "PLAINTIFF" means Plaintiff Sochil Martin.

4.    "YOU and "YOUR" means ███████████████████.

DAILY ALJIAN LLP
Newport Beach, California

3

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 7700 Irvine Center Drive, Suite 150, Irvine, CA 92618.

On **September 1, 2023**, I served the foregoing document(s) described as:

1. **AMENDED NOTICE OF MOTION AND MOTION FOR PROTECTION**
2. **PROPOSED ORDER ON MOTION FOR PROTECTION**
3. **DECLARATION OF JONATI YEDIDSION IN SUPPORT OF APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL PURSUANT TO LOCAL RULE 79- 5.2.2(B)(I)**

on the interested parties in this action by placing a true copy thereof to be delivered/addressed as follows:

**SEE ATTACHED SERVICE LIST.**

☐    BY FEDERAL EXPRESS: By placing the document listed above in a sealed Federal Express envelope for next business day delivery and affixing a pre-paid air bill, and causing the envelope to be delivered by a Federal Express agent for delivery to the following attorneys:

✓    **BY EMAIL:  By transmitting via electronic mail the documents listed to the persons identified below.**

☐    BY PERSONAL SERVICE:    I caused a true and correct copy of the document described above to be served by hand delivery to the addressee as shown below.

Executed on **September 1, 2023** at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Kattieann Vela

THE CIFARELLI LAW FIRM
7700 Irvine Center Drive, Suite 150
Irvine, CA 92618
Telephone: (949) 502-8600

- 1 -

# SERVICE LIST

| | |
|---|---|
| ***Attorneys for Defendant LLDM CA Ministries, Defendant Iglesia Del Dios Vivo Columna Y Apoyo De La Verdad, and Defendant Naasón Joaquín García*** <br> *(By Email Only)* <br><br> Reed Aljian, Esq. <br> Justin E.D. Daily, Esq. <br> Simon Kwak, Esq. <br> **DAILY ALJIAN LLP** <br> 100 Bayview Circle, Suite 5500 <br> Newport Beach, CA 92660 <br> Telephone: 949.861.2524 <br> Facsimile: 949.269.6364 <br> Email(s): ra@dallp.com <br> jd@dallp.com <br> sk@dallp.com <br> hilda@dallp.com <br> dlopez@dallp.com | ***Attorneys for Defendant El Consejo De Obispos*** <br> *(By Email Only)* <br><br> Geoffrey A. Neri, Esq. <br> **BROWN NERI SMITH & KHAN, LLP** <br> 11601 Wilshire Blvd #2080 <br> Los Angeles, CA 90025 <br> Telephone: 310.593.9890 <br> Email(s): geoff@bnsklaw.com |
| ***Attorneys for Plaintiff Sochil Martin*** <br> *(By Email Only)* <br><br><br> Jennifer Elizabeth Stein <br> Michael George Finnegan <br> **JEFF ANDERSON AND ASSOCIATES** <br> 12011 San Vicente Boulevard, Suite 700 <br> Los Angeles, CA 90049 <br> 310-357-2425 <br> Email: jennifer@andersonadvocates.com <br> mike@andersonadvocates.com | ***Attorneys for Plaintiff Sochil Martin*** <br> *(By Email Only)* <br><br> Daniel S. Cha <br> **GREENBERG GROSS LLP** <br> 650 Town Center Drive, Suite 1700 <br> Costa Mesa, CA 92626 <br> 949-383-2800 <br> Fax: 949-383-2801 <br> Email: dcha@ggtriallaw.com |
| ***Attorneys for Plaintiff Sochil Martin*** <br> *(By Email Only)* <br><br> Eckley M. Keach , III <br> Deborah S. Mallgrave <br> **GREENBERG GROSS LLP** <br> 1980 Festival Plaza Drive <br> Las Vegas, NV 89135 <br> 702-623-8904 <br> Email: ekeach@ggtriallaw.com <br> dmallgrave@ggtriallaw.com | |

**THE CIFARELLI LAW FIRM**
7700 Irvine Center Drive, Suite 150
Irvine, CA 92618
Telephone: (949) 502-8600