Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:  (310) 593-9890
Facsimile:  (310) 593-9980

Attorneys for Defendant
COMMUNICATION CENTER BEREA U.S.A. LLC
(erroneously sued as International Berea USA)

(Additional attorney information on following page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>　　　　Defendants. | Case No.: 2:20-CV-01437-OWD (ASx)<br><br>**DEFENDANTS' RESPONSE TO MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO SUBPOENA DUCES TECUM FILED BY MOVANTS**<br><br>Date:  October 3, 2023<br>Time:  10:00 a.m.<br>Ctrm:  540<br><br>Action filed:  February 12, 2020 |

1  Reed Aljian (SBN 211010)
   (ra@dallp.com)
2  DAILY ALJIAN LLP
3  100 Bayview Circle, Suite 5500
   Newport Beach, CA 92660
4  Tel: (949) 861-2524
5  Fax: (949) 269 -6364

6  Attorneys for Defendants,
7  LA LUZ DEL MUNDO, an
   unincorporated association, NAASÓN
8  JOAQUIN GARCIA, and
9  COMMUNICATION CENTER
   BEREA U.S.A. LLC, erroneously sued
10 as INTERNATIONAL BEREA USA

11
12 Alan J. Jackson (SBN 173647)
   (ajackson@werksmanjackson.com)
13 Caleb E. Mason (SBN 246653)
   (cmason@werksmanjackson.com)
14 WERKSMAN JACKSON & QUINN LLP
15 888 W. 6th St. Fourth Floor
   Los Angeles CA 90017
16 Tel: (213) 688-0460
17 Fax: (213) 624-1942

18
19 Attorneys for Defendant,
   NAASÓN JOAQUIN GARCIA

Defendants La Luz Del Mundo, an unincorporated association, Naason Joaquin Garcia, and Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA (collectively, "Defendants") hereby respond the Motion for Protective Order and Objections to Subpoena Duces Tecum filed by MOVANTS.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants have no intention of calling as trial witnesses the individuals identified simply as MOVANTS in the moving papers. Nor do Defendants oppose MOVANTS' motion for a protective order insofar as it seeks an "order that any allegations of MOVANTS' own [alleged] sexual abuse or trauma" not be inquired into during their depositions or other discovery" (Memorandum of Points and Authorities ("Memo.") at ⁋ 30). There is *one critical qualification* to Defendants' non-opposition: If such inquiry is not permitted at their depositions or in discovery, then such inquiry should not be permitted at trial. As a basic matter of due process, if Defendants are unable to make such inquiry at deposition and thereby prepare their defense, then they cannot be subsequently ambushed at trial by such testimony.

To be perfectly clear, the only reason Defendants issued the subpoenas on MOVANTS was because Plaintiff Sochil Martin ("Martin") identified them as witnesses in her initial disclosures and then again at her deposition. It would therefore be reckless for Defendants not to take MOVANTS depositions and risk, once again, being ambushed at trial by a decision by Martin to call them as trial witnesses. Furthermore, if there were a stipulation by the parties that MOVANTS would not be called as trial witnesses, Defendants would be willing to withdraw the subpoenas. Defendants therefore request that the Court order Martin to file a statement on the issue of whether she would enter into such a stipulation, prior to the hearing, so that a potential compromise can be achieved that would not require MOVANTS to testify at all in this matter, either in deposition or at trial.

## II. PROCEDURAL BACKGROUND

Martin served her initial disclosures on November 11, 2022. (Declaration of Reed T. Alian ("Aljian Decl.") at ¶ 2, Ex. "A".) In her initial disclosures, Plaintiff specifically identified the MOVANTS as "personal likely to have discoverable information that Plaintiff may use to support her claims, unless the use would be solely for impeachment[.]" (*Id.* at p. 2.) MOVANTS' names, however, were not disclosed and they were only described generally, as follows:

> 25. Other victims of abuse by Defendant Naasón Joaquín García; names and contact information withheld pending parties' stipulation to, and entry of, an appropriate protective order; may have information regarding sexual abuse and assault by Defendant Naasón Joaquín García, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;
>
> a. This category of individuals expressly includes, but is not limited to, plaintiffs who have filed their own actions against Defendant Naasón Joaquín García and/or La Luz del Mundo and/or other Defendants, including Plaintiffs Jane Does 1- 5 in *Jane Doe 1, et al. v. Igelesia Del Dios Vivo Columna y Apoyo de la Verdad La Luz Del Mundo, La Luz del Mundo, et al.*, Case No. 22STCV29220, filed in Los Angeles Superior Court, on or about September 8, 2022, and Plaintiff H.F. in *H.F. v. Naason Joaquin Garcia, et al.*, Case No. 21STCV28927, filed in Los Angeles Superior Court, on or about August 5, 2021;

(Aljian Decl. at ¶ 2, Ex. "A" at p. 7.)

MOVANTS are the same individuals who are the "Jane Does 1-5" referred to in paragraph 25 of Plaintiff's initial disclosures. (Aljian Decl. at ¶ 3.) In early August 2023, Defendants' counsel met and conferred with Plaintiff's counsel to discuss,

among other things, the witnesses Plaintiff intends to call at trial. At that time, Plaintiff's counsel confirmed that at that time Plaintiff intended to call the MOVANTS as witnesses at trial. Therefore, Defendants' counsel contacted MOVANTS' counsel to request that he accept service subpoenas for the MOVANTS on his behalf. (*Id.* at ¶ 4.)

MOVANTS' counsel indicated that he would accept service but asked to meet and confer on the issue of the depositions. (Aljian Decl. at ¶ 5.) Defendants' counsel and MOVANTS' counsel thereafter had a meet and confer phone call on or about August 21, 2023, in which MOVANTS' counsel explained that he was adamantly opposed to MOVANTS being required to testify as their own allegations of sexual abuse. (*Id.* at ¶ 6.) MOVANTS' counsel also stated that he did not believe MOVANTS had any personal knowledge of Plaintiff's allegations, as he understood them. (*Id.*) Defendants' counsel responded that they needed to take MOVANTS' deposition because Plaintiff had indicated that she intended to call them as witnesses at trial. (*Id.* at ¶ 7.)

MOVANTS' counsel proposed a possible stipulation whereby Plaintiff's counsel and Defendants' counsel would agree to limit the scope of inquiry of any deposition to MOVANTS' knowledge of Plaintiff's allegations only and not inquire about MOVANTS' separate allegations of sexual abuse. (*Id.* at ¶ 8.) Defendants' counsel responded that they would consider such a stipulation, as long as it would apply and be enforceable at trial. (*Id.*) MOVANTS' counsel stated that he would meet and confer with Plaintiff's counsel on the issue, but as of the date of this filing, Defendants' counsel is unaware of the status of that meet and confer. (*Id.*)

On September 16, 2023, Defendants' counsel met and conferred with Plaintiff's counsel on a number of issues. (Aljian Decl. at ¶ 9.) At that time, Plaintiff's counsel indicated that Plaintiff would likely be opposing MOVANTS' motion. (*Id.* at ¶ 10.)

/ / /

### III. **LEGAL STANDARD**

Rule 26 of the Federal Rules of Civil Procedure gives parties broad latitude to seek discovery. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The information need not be admissible as long as it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Rule 30(a) provides that "[a] party may take the testimony of any person, including a party, by deposition upon oral examination." Fed. R. Civ. P. 30(a). Rule 45 provides that a party may seek to quash or modify a deposition subpoena if it, inter alia, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). The party seeking to quash the subpoena, however, bears the burden of showing that the requested information is privileged. *In re Application For Subpoena To Kroll*, 224 F.R.D. 326, 328 (E.D.N.Y. 2004) (citations omitted)

### IV. **DISCUSSION**

#### A. **Defendants Do Not Oppose the Motion On the Condition That Any Limitation or Restriction on the Inquiry Permitted to Be Made at Deposition Also Applies to Testimony at Trial**

Because the federal discovery rules are designed to promote the discovery and exchange of information that is relevant to a party's claim or defense, a protective order may only be issued "for good cause shown," meaning that applicants have the burden of making a clear showing of a particular and specific need to protect information from public disclosure. See Federal Rule of Civil Procedure 26(c); *San Jose Mercury News, Inc. v. United States Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir. 1999) "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). "Good cause must be shown even if the applicants stipulate to the issuance of the protective order." *La Asociacion de*

4

*Trabajadores de Lake Forest v. City of Lake Forest*, No. SACV07250DOCANX, 2008 WL 11411715, at *2 (C.D. Cal. Feb. 28, 2008)

MOVANTS cite Federal Rule of Civil Procedure 412 as the ground for their Motion. Rule 412 states:

The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:

(1) evidence offered to prove that a victim engaged in other sexual behavior; or

(2) evidence offered to prove a victim's sexual predisposition.

Fed. R. Evid. 412.

Here, Defendants do not seek MOVANTS' testimony to prove either of the two categories stated in Rule 412 – that a victim engaged in other sexual behavior or to prove a victim's sexual predisposition and so on it fact Rule 412 does not appear to be applicable. Defendants are seeking MOVANTS' testimony only because Plaintiff herself has listed them as witnesses with relevant information to her claims. If, in fact, MOVANTS have no information relevant to Plaintiff's claims, then Defendants do not oppose a protective order being entered prohibiting MOVANT from testifying altogether, either at deposition or at trial.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under the Federal Rules of Procedure, a party may seek discovery into information that is inadmissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

As stated above, MOVANTS' counsel has stated that he does not believe they have personal knowledge of Plaintiff's allegations. If Plaintiff disagrees and believes that they have relevant information to offer, then Defendants submit that Plaintiff should be required to submit her own response to MOVANTS' motion and/or offer of proof. If the Court concludes that MOVANTS have no relevant information to

offer, then Defendants have no opposition to an order being entered precluding their testimony from being taken altogether, either at deposition or at trial. Alternatively, if the Court concludes that MOVANTS do have relevant information to offer, but that inquiry should not be made into their own allegations, then Defendants have no opposition to an order stating as much provided that it also applies to their testimony at trial, if any is offered.

## V. CONCLUSION

For all the foregoing reasons, Defendants do not oppose the Motion, subject to the qualifications stated herein.

Respectfully submitted,

DATED: September 19, 2023                BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
       Geoffrey A. Neri

Attorneys for Defendant
COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA)

DATED: September 19, 2023                DAILY ALJIAN LLP

By: /s/ Reed Aljian
       Reed Aljian

Attorneys for Defendants,
LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUIN GARCIA, and COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 19, 2023.

DATED: September 19, 2023

BROWN, NERI, SMITH & KHAN LLP

By:   /s/ Geoffrey A. Neri
       Geoffrey A. Neri

Attorneys for Defendant COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA)