Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:  (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendant
COMMUNICATION CENTER BEREA U.S.A. LLC
(erroneously sued as International Berea USA)

(Additional attorney information on following page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASON JOAQUIN GARCIA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, GILBERTO GARCIA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUIN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUIN, an individual, BENJAMIN JOAQUIN GARCIA, an individual, RAHEL JOAQUIN GARCIA, an individual, ADORAIM JOAQUIN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>　　　　Defendants. | Case No.: 2:20-CV-01437-OWD (ASx)<br><br>**DECLARATION OF REED T. ALJIAN IN SUPPORT OF DEFENDANTS' RESPONSE TO MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO SUBPOENA DUCES TECUM FILED BY MOVANTS**<br><br>Date:  October 3, 2023<br>Time: 10:00 a.m.<br>Ctrm: 540<br><br>Action filed:  February 12, 2020 |

DECLARATION OF REED T. ALJIAN

```
 1  Reed Aljian (SBN 211010)
    (ra@dallp.com)
 2  DAILY ALJIAN LLP
    100 Bayview Circle, Suite 5500
 3  Newport Beach, CA 92660
 4  Tel: (949) 861-2524
    Fax: (949) 269 -6364
 5

 6  Attorneys for Defendants,
    LA LUZ DEL MUNDO, an
 7  unincorporated association, NAASÓN
 8  JOAQUIN GARCIA, and
    COMMUNICATION CENTER
 9  BEREA U.S.A. LLC, erroneously sued
10  as INTERNATIONAL BEREA USA

11
    Alan J. Jackson (SBN 173647)
12  (ajackson@werksmanjackson.com)
    Caleb E. Mason (SBN 246653)
13  (cmason@werksmanjackson.com)
14  WERKSMAN JACKSON & QUINN LLP
15  888 W. 6th St. Fourth Floor
    Los Angeles CA 90017
16  Tel: (213) 688-0460
17  Fax: (213) 624-1942

18
19  Attorneys for Defendant,
    NAASÓN JOAQUIN GARCIA
20
21
22
23
24
25
26
27
28
```

DECLARATION OF REED T. ALJIAN

## **DECLARATION OF REED T. ALJIAN**

I, REED T. ALJIAN, declare as follows:

1. I am a partner with the law firm of Daily Aljian LLP, counsel of record for Defendants LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUIN GARCIA, and COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA Communication Center Berea U.S.A. LLC (erroneously sued as International Berea USA) ("Defendant").

2. Plaintiff Sochil Martin ("Martin") served her initial disclosures on November 11, 2022. A true and correct copy of those initial disclosures are attached hereto as Exhibit "A".

3. MOVANTS are the same individuals who are the "Jane Does 1-5" referred to in paragraph 25 of Plaintiff's initial disclosures.

4. In early August 2023, co-defense counsel Geoffrey Neri and I met and conferred with Plaintiff's counsel to discuss, among other things, the witnesses Plaintiff intends to call at trial. At that time, Plaintiff's counsel confirmed that Plaintiff intended to call the MOVANTS as witnesses at trial. Therefore, I contacted MOVANTS' counsel to request that he accept service subpoenas for the MOVANTS on his behalf.

5. MOVANTS' counsel indicated that he would accept service but asked to meet and confer on the issue of the depositions.

6. Co-defense counsel Geoffrey Neri and I and MOVANTS' counsel thereafter had a meet and confer phone call on or about August 21, 2023, in which MOVANTS' counsel explained that he was adamantly opposed to MOVANTS being required to testify as their own allegations of sexual abuse. MOVANTS' counsel also stated that he did not believe MOVANTS had any personal knowledge of Plaintiff's allegations, as he understood them.

7. I responded that Defendants needed to take MOVANTS' deposition because Plaintiff had indicated that she intended to call them as witnesses at trial.

1
DECLARATION OF REED T. ALJIAN

8. MOVANTS' counsel proposed a possible stipulation whereby Plaintiff's counsel and Defendants' counsel would agree to limit the scope of inquiry of any deposition to MOVANTS' knowledge of Plaintiff's allegations only and not inquire about MOVANTS' separate allegations of sexual abuse.

9. I responded that Defendants would consider such a stipulation, as long as it would apply and be enforceable at trial. MOVANTS' counsel stated that he would meet and confer with Plaintiff's counsel on the issue, but as of the date of this filing, Defendants' counsel is unaware of the status of that meet and confer. (*Id.*)

10. On September 16, 2023, co-defense counsel Geoffrey Neri and I met and conferred with Plaintiff's counsel on a number of issues. At that time, Plaintiff's counsel indicated that Plaintiff would likely be opposing MOVANTS' motion.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on September 19, 2023, in the County of Orange, California.

                                                  /s/ Reed Aljian
                                                    Reed Aljian

# EXHIBIT "A"

1  DEBORAH S. MALLGRAVE, State Bar No. 198603
     *DMallgrave@GGTrialLaw.com*
2  DANIEL S. CHA, State Bar No. 260256
     *DCha@GGTrialLaw.com*
3  DESIREE N. MURRAY, State Bar No. 330079
     *DMurray@GGTrialLaw.com*
4  **GREENBERG GROSS LLP**
   650 Town Center Drive, Suite 1700
5  Costa Mesa, California 92626
   Telephone: (949) 383-2800
6  Facsimile: (949) 383-2801

7  MICHAEL RECK, State Bar No. 209895
     *MReck@AndersonAdvocates.com*
8  HAGEREY MENGISTU, State Bar No. 290300
     *HMengistu@AndersonAdvocates.com*
9  **JEFF ANDERSON & ASSOCIATES**
   12011 San Vincente Boulevard, #700
10 Los Angeles, California, 90049
   Telephone: (310) 357-2425
11 Facsimile: (651) 297-6543

12 Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN, | Case No. 2:20-cv-01437-FWS-AS |
| Plaintiff, | **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO FED.R.CIV.P. 26(a)(1)(A)** |
| v. | |
| LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, | Courtroom: 10D<br>Judge: Hon. Fred W. Slaughter |

| | |
|---|---|
| 1<br>2<br>3<br>4 | RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN ZAMORA, an individual, DAVID MENDOZA, an individual and DOES 1 through 10, inclusive.<br><br>Defendants. |

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), Plaintiff SOCHIL MARTIN hereby provides the following disclosures of the names and last known contact information (if any) for persons likely to have discoverable information that Plaintiff may use to support her claims, unless the use would be solely for impeachment[1]:

1. Plaintiff Sochil Martin; may be contacted through Plaintiff's counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims and damages, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

2. Defendant Naasón Joaquín García; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

3. Defendant Gilberto García Granados; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants'

---

[1] Plaintiff hereby also expressly incorporates by reference any additional persons identified in any discovery responses or documents disclosed, produced, or otherwise provided or obtained in discovery from any other source.

participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

4.     Defendant Jose Hernandez; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

5.     Defendant Uzziel Joaquín; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

6.     Defendant Silverio Coronado; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

7.     Defendant Aurelio Zavaleta; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

8.     Defendant Jose Luis Estrada; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

9. Defendant Jonathan Mendoza; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

10. Defendant Alma Zamora De Joaquín; may be contacted through her counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

11. Defendant Benjamin Joaquín García; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

12. Rahel Joaquín García; may be contacted through her counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

13. Defendant Adoraim Joaquín Zamora; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

14. Defendant David Mendoza; may be contacted through his counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation,

knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

15. Additional Bishops of LLDM: Silem Garcia, Augustine Ahumada, Noe Lugo, Benjamin Chavez, Rogelio Zamora, Rigoberto Mata, Jose Moreno, Nicholas Menchaca, Daniel Nunez; contact information currently unknown; may have information regarding the facts and circumstances regarding Plaintiff's claims, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

16. Alondra Ocampo; may be contacted through her counsel, Fred Thiagaraja, 5015 Birch Street, Suite 107, Newport Beach, California 92660, 408-810-4000; may have information regarding the structure and organization of the LDM enterprise, grooming and child sexual abuse, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

17. Azalea Rougel; contact information currently unknown; may have information regarding the structure and organization of the LDM enterprise, grooming and child sexual abuse, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

18. Ruth Meza Melendez; 323-304-5054 and/or 323-304-8310; may have information regarding the structure and organization of the LDM enterprise, grooming and child sexual abuse, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

19. Luis Melendez; 323-304-5054 and/or 323-304-8310; may have information regarding the structure and organization of the LDM enterprise, grooming and child sexual abuse, Defendants' participation, knowledge, utilization

of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

20. Xiomara Coronado; contact information currently unknown; may have information regarding the structure and organization of the LDM enterprise, grooming and child sexual abuse, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

21. Monica Cobarrubias; contact information currently unknown; may have information regarding the structure and organization of the LDM enterprise, grooming and child sexual abuse, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

22. Eva Garcia, contact information currently unknown; may have information regarding the structure and organization of the LDM enterprise, grooming and child sexual abuse, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity

23. Sharim Guzman, may be contacted through Plaintiff's counsel; may have information regarding the facts and circumstances regarding Plaintiff's claims and damages, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

24. Victims of abuse by Samuel Joaquin Flores; names and contact information withheld pending parties' stipulation for, and entry of, an appropriate protective order; may have information regarding sexual abuse and assault by former Apostle, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

25. Other victims of abuse by Defendant Naasón Joaquín García; names and contact information withheld pending parties' stipulation to, and entry of, an appropriate protective order; may have information regarding sexual abuse and assault by Defendant Naasón Joaquín García, the structure and organization of the LDM enterprise, Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity;

    a. This category of individuals expressly includes, but is not limited to, plaintiffs who have filed their own actions against Defendant Naasón Joaquín García and/or La Luz del Mundo and/or other Defendants, including Plaintiffs Jane Does 1- 5 in *Jane Doe 1, et al. v. Igelesia Del Dios Vivo Columna y Apoyo de la Verdad La Luz Del Mundo, La Luz del Mundo, et al.*, Case No. 22STCV29220, filed in Los Angeles Superior Court, on or about September 8, 2022, and Plaintiff H.F. in *H.F. v. Naason Joaquin Garcia, et al.*, Case No. 21STCV28927, filed in Los Angeles Superior Court, on or about August 5, 2021;

26. Similarly with regard to the other victims of abuse whose identities are being withheld pending parties' stipulation to, and entry of, an appropriate protective order, Plaintiff is aware of additional witnesses who may have information regarding the facts and circumstances of Plaintiff's abuse and damages, the structure and organization of the LDM enterprise, and Defendants' participation, knowledge, utilization of and benefitting from involuntary servitude, forced labor, unpaid labor, and trafficking, and other racketeering activity. These individuals reasonably fear for their own and their families' safety if their identities and their identification as persons with information that may be useful to Plaintiff were disclosed to the public. Accordingly, as with other victims of abuse, Plaintiff hereby

defers identifying such individuals pending parties' stipulation to, and entry of, an appropriate protective order.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Plaintiff SOCHIL MARTIN hereby provides the following description by category of all documents Plaintiff currently has in her possession, custody, or control and may use to support her claims, unless the use would solely be for impeachment[2]:

1. Communications between Plaintiff and Naasón Joaquín García;

2. Interviews, videos, and other productions Plaintiff prepared for Communication Center Berea U.S.A. LLC (erroneously sued as International Berea USA) ("BEREA") and Plaintiff's BEREA badges;

3. Recording of conversation between Sochil Martin, Sharim Guzman, Rogelio Zamora, Nicholas Menchaca, and Josue Mora;

4. Plaintiff's employment records;

5. Plaintiff's Medical records;

6. Plaintiff's school records;

7. Items constituting gifts from Joaquín García to Plaintiff, and items Plaintiff purchased for Naasón Joaquín García.

8. Documents related to LLDM's intimidation and shunning techniques;

9. Emails relevant to Plaintiff's claims and damages;

10. Digital devices including the following, some of which are damaged and which Plaintiff has not yet been able to fully access:

    a. iPhone 5;

    b. LG Sylo6;

    c. OnePlus phone;

---

[2] Plaintiff hereby also expressly incorporates by reference any additional documents or other items that are described in any other discovery responses/documents/items disclosed, or otherwise produced, provided or obtained in discovery from any other source.

        d.      LG phone (silver);

        e.      LG phone (silver, with popsocket);

        f.      Samsung phone;

        g.      digital camera memory card;

        h.      Hard drive (including work done for Berea);

        i.      iPad Mini;

11. LDM bibles;

12. Plaintiff's marriage certificate;

13. Purported sales agreements between Plaintiff and Sharim Guzman, and Levitic Fraternity Religious Organization;

14. Youtube videos relating to LLDM practices and teachings

15. Spreadsheets of names, dates, concepts, churches, ministers, currency amounts and denominations, and notes;

16. Instructions for LDM donations;

17. Formal letters and proclamations issued by LDM;

18. Evidence, testimony, statements, and documents from the criminal case against Naason Joaquin Garcia; and

19. Documents in connection with other lawsuits filed against Naasón Joaquín García and LLDM for sexual misconduct.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiff SOCHIL MARTIN hereby provides the following disclosure regarding computation of damages claimed.

Plaintiff seeks economic damages for lost wages, loss of economic opportunity, loss of future income, and lost earning capacity, in an amount that will require further discovery and expert opinion including but not limited to information and opinions regarding prevailing wage and overtime rates, the specific types of labor Plaintiff performed, the amount of labor Plaintiff performed, and impact of Defendant's misconduct on Plaintiff's future economic prospects. Accordingly,

Plaintiff lacks sufficient information at this time to provide a specific calculation but will supplement this disclosure pursuant to Rule 26(e) as the state of discovery and disclosed expert opinions develop to permit such calculations. Plaintiff will make available for inspection and copying documents supporting this category of damages upon reasonable notice and request by Defendants.

Plaintiff seeks economic damages for past and future medical/mental health treatment, in an amount that will require further discovery and expert opinion. Accordingly, Plaintiff lacks sufficient information at this time to provide a specific calculation but will supplement this disclosure pursuant to Rule 26(e) as the state of discovery and disclosed expert opinions develop to permit such calculations. Plaintiff will make available for inspection and copying documents supporting this category of damages upon reasonable notice and request by Defendants.

Plaintiff seeks non-economic damages for severe emotional and mental distress, anxiety, humiliation, embarrassment, pain and suffering, fear, mental anguish, loss of enjoyment of life, and loss of educational opportunity. These non-economic damages are inherently incapable of precise calculation and will also require further discovery and expert opinion. Plaintiff will make available for inspection and copying documents supporting this category of damages upon reasonable notice and request by Defendants.

Plaintiff seeks statutory penalties, punitive and exemplary damages, treble damages, pre- and post-judgment interest and reasonable attorney's fees and costs, which are not subject to calculation prior to determination of Defendants' liability and compensatory damages.

/ / /

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| DATED: November 11, 2022 | GREENBERG GROSS LLP |

By: *Deborah S. Mallgrave*
Deborah S. Mallgrave
Daniel S. Cha
Desiree N. Murray
Attorneys for Plaintiff SOCHIL MARTIN

# **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 19, 2023.

DATED: September 19, 2023

BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
      Geoffrey A. Neri

Attorneys for Defendant COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA)