DEBORAH S. MALLGRAVE, State Bar No. 198603
  *DMallgrave@GGTrialLaw.com*
DANIEL S. CHA, State Bar No. 260256
  *DCha@GGTrialLaw.com*
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
  E*Keach@ggtriallaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  *MReck@AndersonAdvocates.com*
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN,<br><br>              Plaintiff,<br><br>      v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCIA, an individual, INTERNATIONAL BEREA USA, an unincorporated association,<br><br>              Defendants. | Case No. 2:20-cv-01437-FWS-AS<br>Judge:  Hon. Fred W. Slaughter<br>Courtroom:     10D<br><br>**DECLARATION OF DANIEL S. CHA IN OPPOSITION TO NOTICE OF MOTION AND L.R. 37-1 JOINT STIPULATION RE: MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA**<br><br>Trial: February 27, 2024 |

**DECLARATION OF DANIEL S. CHA**

I, Daniel S. Cha, declare as follows:

1.      I am an attorney, duly licensed to practice law in the State of California.  I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin

("Plaintiff").  The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2.    On April 10, 2023, I reached out to Defendants' counsel to meet and confer regarding the scheduling of García's deposition, consistent with this Court's April 6, 2023 Order granting Plaintiff leave to take the deposition in custody.

3.    I met and conferred with Defendants' counsel via zoom on April 12, 2023.

4.    A day prior to the Court's April 6, 2023 Order, Defendants' counsel Reed Aljian sent a meet-and-confer correspondence regarding García's intention to file a motion for stay of the entire action, including discovery, under 18 U.S.C. § 1595(b)(2) (mandating a stay of a civil action involving trafficking claims during the pendency of criminal actions, including investigation and prosecution), based on media statements regarding the existence of ongoing federal investigations.

5.    I discussed the April 5, 2023 meet-and-confer letter with Defendants' counsel during the April 12, 2023 zoom conference, and Defendants' counsel stated they objected to scheduling García's deposition until the matter could be resolved.

6.    During the April 12, 2023 zoom conference, I did not concur that a stay was appropriate based on media statements, but conceded that a segment of Plaintiff's ongoing production of documents including communications with law enforcement could have bearing on the matter, so I agreed to wait to schedule García's deposition until the meet-and-confer regarding the stay could be resolved.

7.    Thereafter, another attorney in my firm reached out to federal law enforcement authorities to confirm whether or not there was a pending federal investigation into Defendants. On or about April 19, 2023, Homeland Security Investigations ("HSI"), a division of the Department of Homeland Security, confirmed to the other attorney in my firm that their investigation, for which Plaintiff had previously been interviewed, remained open and ongoing. HSI at that time also requested Plaintiff's counsel wait to produce Plaintiff's communications with HSI pending further discussion with HSI's legal team.

8.    On May 12, 2023, I and the other attorney in my firm had a further discussion with HIS and Assistant United States Attorneys with regard to whether the federal government would

object to the production of Plaintiff's communications with HSI; HSI and the AUSAs again confirmed the federal criminal investigation remained ongoing, but did not provide further information regarding the investigation and asked for more time to consider the production issue.

9.      The AUSAs asked that Plaintiff not disclose to anyone the names of the involved HSI agents, the names of the AUSAs, or the locations/offices they work out of, in order to protect the ongoing federal criminal investigation.

10.      On May 17, 2023, the AUSAs spoke with me and expressed a preference that Plaintiff not disclose any communications with HSI, but that if Plaintiff felt she needed to do so, that the names and contact information of HSI agents and/or other potential victims would be redacted.

11.      During the conversation the AUSAs declined to offer any additional information regarding the scope or timeline of the federal criminal investigation, citing grand jury secrecy rules.

12.      On May 19, 2023, I conferred over zoom with Defendants' counsel, and I informed García's counsel of the confirmed federal criminal investigation, and Plaintiff's resulting concession for a stay under 18 U.S.C. § 1595(b)(2).

13.      García's counsel Mr. Aljian stated he would need to confer with Defendants to see if they still wanted to seek a stay, and he would need until the second week of June to respond.

14.      Defendants' counsel thereafter asked for more information regarding the federal investigation in order to take a position on the stay, noting that the stay would be appropriate only if the investigation involved the same occurrences/victims as in the civil case to be stayed.

15.      On May 30, 2023, I had a further conversation with the AUSAs, confirming permission to identify HSI as the initial investigating agency, but no further information regarding the federal criminal investigation was provided.

16.      On June 1, 2023, I informed García's counsel that the investigation specifically related to HSI, but that Plaintiff had not been provided further investigation regarding the scope or timeline of the investigation.

17.     On June 16, 2023, the parties' counsel further met and conferred to discuss the potential stay and García's counsel contended that the current state of the information did not justify a stay under the statute.

18.     Also on June 16, 2023 we also discussed the scheduling of the depositions of Plaintiff and of García, and García's counsel stated he would get back to Plaintiff's counsel about García's amenability to be deposed the week of July 24.

19.     On June 20, 2023, I followed up via email regarding that timeframe.

20.     On June 27, 2023, García's counsel stated the last week of July would not work, and suggested "early August."

21.     On July 3, 2023, Plaintiff's counsel proposed August 8-10, 2023.

22.     Despite having initially proposed "early August," on July 6, 2023, García's counsel noted that there was a conflict with La Luz del Mundo's Holy Supper celebration and proposed the week of August 21, 2023.

23.     On July 13, 2023, I confirmed the week of August 21, 2023 would work.

24.     The original Notice of Taking the Deposition of Defendant Garcia setting it for August 24, 2023 noted audiovisual recording may be used, and was served on July 31, 2023. Attached hereto and incorporated herein by reference as **Exhibit 1** is a true and correct copy of the original Notice.

25.     After the prison said the date was not available and the parties agreed to August 30, 2023, Plaintiff on August 1, 2023 served the Amended Notice of Taking the Deposition of Defendant Garcia setting it for August 30, 2023.  Attached hereto and incorporated herein by reference as **Exhibit 2** is a true and correct copy of the Amended Notice.

26.     On August 25, 2023, a Friday, I informed Defendants' counsel verbally in person of an issue getting security clearances in time for all the attendees and requested the parties meet and confer on Monday August 28, 2023 if the prison could not accommodate the deposition on August 30 and/or if the next available date would be after the discovery cutoff.

27.     On August 25, 2023, following the issuance of the Second Notice, Defendant Garcia's counsel Mr. Aljian told me that he objected to the use of video recording during the

DECLARATION OF DANIEL S. CHA IN OPPOSITION TO JOINT STIPULATION RE: VIDEOTAPED
DEPOSITION OF DEFENDANT GARCIA

deposition; however, no consensus was ever reached as to the issue, and the deposition date stood as identified in the Second Notice.

28.     On August 28, 2023, the parties met and conferred as to rescheduling Defendant Garcia's deposition due to the clearance issue. During the meet and confer, Mr. Aljian re-raised his objection to the use of video recording the deposition. I reiterated that Plaintiff would not agree not to videorecord the deposition. As a good faith effort to compromise, I offered that Plaintiff would not object to García's appearing for the deposition wearing a dress shirt instead of his prison uniform, subject to approval from the California Institution for Men.

29.     On August 31, 2023, I caused to be served a Second Amended Notice of Taking the Deposition of Defendant Garcia (Third Notice), with a deposition date of September 18, 2023. A true and correct copy of the Third Notice is attached herein as **Exhibit 3**. The Second Amended Notice, as was the case in the other notices, indicated that audiovisual recording may be used in taking Defendant Garcia's deposition.

30.     On September 11, 2023, just one week before Defendant Garcia's deposition, Defendants' counsel Reed Aljian email served their portion of this Notice of Motion and L.R. 37-1 Joint Stipulation Re: Motion for Entry of Protective Order Regarding Deposition of Defendant Naason Joaquin Garcia ("Joint Stipulation"). Attached hereto and incorporated herein by reference as **Exhibit 4** is a true and correct copy of emails between me and defense counsel from September 11, 2023 through September 13, 2023.

31.     On September 12, 2023, I sent an email to Mr. Aljian and pointed out the fact that Defendants' service of their portion of the Joint Stipulation on September 11, 2023 was prejudicial, because it did not permit sufficient time under the local rules to have it filed before the date of deposition, jeopardizing the ability to complete the deposition before the discovery cutoff. Accordingly, I asked for the parties to reach out immediately to the Magistrate Judge.

32.     Mr. Aljian responded the same day in an email, including, "As to an IDC, I will get back to you."

DECLARATION OF DANIEL S. CHA IN OPPOSITION TO JOINT STIPULATION RE: VIDEOTAPED DEPOSITION OF DEFENDANT GARCIA

33.     The next day, September 13, 2023, Mr. Aljian stated in an email "Defendants are willing to participate in the IDC. However, it appears that the deposition will need to be moved to address the motion, whether via an IDC or otherwise."

34.     I responded, at 11:30 a.m. "Given the difficulties involved in rescheduling the facility, would you be willing to have us reach out to the Magistrate this afternoon to see if she is available to see if we can resolve this before Monday?"

35.     I followed up via email at 1:23 p.m. on reaching out to the Magistrate directly.

36.     At 4:44 p.m., Mr. Aljian stated in an email "the deposition is not proceeding on that date unless the objection to the method of recording is resolved." Attached hereto and incorporated herein by reference as **Exhibit 5** is a true and correct copy of emails between Mr. Aljian and me on September 13, 2023.

37.     I responded at 5:30 p.m., pointing out the unreasonable procedural delay of Defendants and insisted the deposition should move forward as noticed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 18th day of September 2023 at Costa Mesa, California.

By:     /s/ Daniel S. Cha
        Daniel S. Cha

DECLARATION OF DANIEL S. CHA IN OPPOSITION TO JOINT STIPULATION RE: VIDEOTAPED DEPOSITION OF DEFENDANT GARCIA

# Exhibit 1

1
DEBORAH S. MALLGRAVE, State Bar No. 198603
 *DMallgrave@GGTrialLaw.com*
2
DANIEL S. CHA, State Bar No. 260256
 *DCha@GGTrialLaw.com*
3
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
 *ekeach@ggtriallaw.com*
4
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
5
Costa Mesa, California 92626
Telephone: (949) 383-2800
6
Facsimile: (949) 383-2801

7
MICHAEL RECK, State Bar No. 209895
 *MReck@AndersonAdvocates.com*
8
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
9
Los Angeles, California, 90049
Telephone: (310) 357-2425
10
Facsimile: (651) 297-6543

11
Attorneys for Plaintiff SOCHIL MARTIN

12

13
**UNITED STATES DISTRICT COURT**

14
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16
SOCHIL MARTIN,

17
       Plaintiff,

18
    v.

19
LA LUZ DEL MUNDO, an
unincorporated association, et al.

20

21
       Defendants.

22

23

| | |
|---|---|
| Case No. 2:20-cv-01437-FWS-AS | |
| Courtroom:    10D | |
| Judge:  Hon. Fred W. Slaughter | |
| **PLAINTIFF'S NOTICE OF TAKING THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA** | |
| Date:  August 24, 2023 | |
| Time:  9:00 a.m. | |
| Place: California Institution for Men 14901 Central Avenue Chino. CA 91710 | |

24
**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25
      PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure

26
30(a)(2) and the Court's April 6, 2023 Order granting leave to take the deposition of

27
Defendant Naasón Joaquín García while he is in prison, Plaintiff Sochil Martin

28
("Plaintiff") will take the deposition of Defendant Naason Joaquin Garcia ("Garcia")

at the **California Institution for Men**, **14901 Central Avenue, Chino, California 91710** on **August 24, 2023**, commencing at **9:00 a.m.**

The deposition will be taken before a notary public or other officer authorized to administer oaths in the United States of America who is present at the specified time and location, who will record the deposition by stenographic means.  This deposition may also be recorded through the use of audio or audiovisual means.

PLEASE TAKE FURTHER NOTICE that the California Institution for Men requires any persons intending to attend the deposition to obtain clearance from the institution beforehand. In addition, any electronic equipment necessary for the deposition must be inventoried with model number, serial number, etc. provided to gate staff at entry and exit.  Please see the attached email with attachments from Sandy Marquez (sandra.marquez@cdcr.ca.gov) and email from Kendra Leyva (kendra.leyva@cdcr.ca.gov) for additional details and rules of the institution.

DATED:  July 31, 2023          GREENBERG GROSS LLP

By: _____
          Deborah S. Mallgrave
          Daniel S. Cha
          Attorneys for Plaintiff SOCHIL MARTIN

**Crystal M. Rose**

| | |
|---|---|
| **From:** | Leyva, Kendra@CDCR <Kendra.Leyva@cdcr.ca.gov> |
| **Sent:** | Wednesday, April 19, 2023 12:55 PM |
| **To:** | Daniel S. Cha; Marquez, Sandra@CDCR |
| **Cc:** | Reed Aljian; Caleb Mason; Alan Jackson; Geoff Neri; Deborah Mallgrave; Adam Maciel; Sarah Campbell |
| **Subject:** | [EXT] RE: Follow-Up re: Deposition of Inmate Naason Garcia BS9418 |

Hi there,

We do have available conference room space during the time frame noted below.  This room is primarily used for Board of Parole Hearings.  Currently there are no BPH hearings scheduled for the time frame noted but we will need to secure the date as soon as possible.  The room does have a decent size conference table, however, 10 people will not fit comfortably around it and there would likely need to be people in chairs in the corners of the room.  We will also need to have Officer coverage so we need to account for that as well.  In terms of hours for scheduling, we can schedule between 9:00am and 3:30p.m.  Inmates must return to their housing unit by 4:00p.m. for institutional count.  If you think the deposition will require more time, please let me know and we can discuss at the institutional level.

All those attending the deposition must be cleared to enter the institution beforehand.  The clearance process takes 7-10 business days to complete therefore I recommend getting clearances processed now.  Also, any electronic equipment needed for the deposition (laptops, etc.) will need to be inventoried prior to entrance with model #, serial #, etc provided to gate staff and again during exit. Given the amount of people attending it would be a good plan to have that list prepared prior to entry to make the process as smooth as possible. Any unnecessary electronic equipment must be left in vehicles.

If there are any other questions that come up in the meantime just let me know!


*Kendra Leyva*
*Correctional Counselor II*
*Litigation Coordinator*
*California Institution for Men*
*(909) 606-7067*



**Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail and for OFFICIAL BUSINESS ONLY. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.**

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Sent:** Friday, April 14, 2023 3:51 PM
**To:** Marquez, Sandra@CDCR <Sandra.Marquez@cdcr.ca.gov>
**Cc:** Leyva, Kendra@CDCR <Kendra.Leyva@cdcr.ca.gov>; Reed Aljian <ra@dallp.com>; Caleb Mason <cmason@werksmanjackson.com>; Alan Jackson <ajackson@werksmanjackson.com>; Geoff Neri <geoff@bnsklaw.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Adam Maciel

<AMaciel@GGTrialLaw.com>; Sarah Campbell <SCampbell@GGTrialLaw.com>
**Subject:** Follow-Up re: Deposition of Inmate Naason Garcia BS9418

**CAUTION:** This email originated from outside of CDCR/CCHCS. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ms. Marquez,

We have now obtained leave of court to take the deposition of inmate Naasón García (BS9418).  In addition to the clearance forms you forwarded in February, I'd like to work out the other logistics.  At present, we anticipate up to 10 persons will be present for the deposition, inclusive of inmate García, all the attorneys involved, court reporter, etc.  Do you have a space large enough to accommodate us?  In terms of scheduling, I have conferred with the Defendants' attorneys (who are cc'd on this email) and we are all available June 19-21.  The deposition would last just the one day, but we wanted to provide the facility some flexibility in choosing a date that best works for you.  Does a day in that timeframe work?  And is there anything else we need to do to get the deposition scheduled other than providing the clearance forms for each proposed attendee?  Thank you very much for your time and attention to this matter.

**Daniel S. Cha**
*Counsel*
Greenberg Gross LLP | 650 Town Center Drive, Suite 1700 | Costa Mesa, California 92626
Tel 949.383.2795 | Fax 949.383.2801
DCha@GGTrialLaw.com | www.GGTrialLaw.com



---

**From:** Marquez, Sandra@CDCR <Sandra.Marquez@cdcr.ca.gov>
**Sent:** Friday, February 10, 2023 3:36 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Leyva, Kendra@CDCR <Kendra.Leyva@cdcr.ca.gov>
**Subject:** [EXT] CIM CLEARANCE FORMS

Hello,

I got your voice message for the Depo on Garcia-BS9418. I have attached the clearance forms to be completed by all that will be attending the Depo. When were you looking into scheduling the Depo?
If you have any questions please contact our office.

Thanks,

*Sandy Marquez*
Assistant to Kendra Leyva, CCII
Litigation Office
P.O. Box 128
Chino, Ca. 91708
Office #: (909) 597-1821 ext. 4173
Fax#: (909) 606-7093

*CONFIDENTIALITY NOTICE: This email is intended for CDCR CONFIDENTIAL usage only. Unauthorized access or distribution is prohibited by all applicable laws. The information contained in this message is privileged and private. It is*

*intended for the sole use of the individual or entity named or their designee. If the reader of this message is not the intended recipient, you are on notice that any review, use, disclosure or distribution of this message in any form, is strictly prohibited. If you received this message in error, please notify sender immediately by reply email and destroy all copies of the original message.*

This email may contain privileged and/or confidential information. If you are not an intended recipient of this email, please delete it, notify us immediately at postmaster@ggtriallaw.com, and do not use or disseminate such information.

**Crystal M. Rose**

---

| | |
|---|---|
| **From:** | Marquez, Sandra@CDCR <Sandra.Marquez@cdcr.ca.gov> |
| **Sent:** | Friday, February 10, 2023 3:36 PM |
| **To:** | Daniel S. Cha |
| **Cc:** | Leyva, Kendra@CDCR |
| **Subject:** | [EXT] CIM CLEARANCE FORMS |
| **Attachments:** | CDCR 2311.pdf; Attorney Representative Visiting questionnaire.pdf; Attorney Visit CIM.pdf; CDCR 181 - Primary Laws, Rules, and Regulations Regarding Conduct and Association with State Prison Inmates.pdf |

Hello,

I got your voice message for the Depo on Garcia-BS9418. I have attached the clearance forms to be completed by all that will be attending the Depo. When were you looking into scheduling the Depo?
If you have any questions please contact our office.

Thanks,

Sandy Marquez
Assistant to Kendra Leyva, CCII
Litigation Office
P.O. Box 128
Chino, Ca. 91708
Office #: (909) 597-1821 ext. 4173
Fax#: (909) 606-7093

CONFIDENTIALITY NOTICE: This email is intended for CDCR CONFIDENTIAL usage only. Unauthorized access or distribution is prohibited by all applicable laws. The information contained in this message is privileged and private. It is intended for the sole use of the individual or entity named or their designee. If the reader of this message is not the intended recipient, you are on notice that any review, use, disclosure or distribution of this message in any form, is strictly prohibited. If you received this message in error, please notify sender immediately by reply email and destroy all copies of the original message.

## PROOF OF SERVICE

**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

 At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

 On July 31, 2023, I served true copies of the following document(s) described as **PLAINTIFF'S NOTICE OF TAKING THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

 **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address Crose@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

 Executed on July 31, 2023, at Costa Mesa, California.

_____
Crystal Rose

**SERVICE LIST**
**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

| | |
|---|---|
| Alan J. Jackson<br>Caleb E. Mason<br>WERKSMAN JACKSON & QUINN LLP<br>888 W 6th Street, Fourth Floor<br>Los Angeles, CA 90017 | T:    213.688.0460<br>F:    213.624.1942<br>E:    ajackson@werksmanjackson.com<br>cmason@werksmanjackson.com<br>gsaucedo@werksmanjackson.com<br>michele@werksmanjackson.com<br><br>Attorneys for Defendant NAASON JOAQUIN GARCIA. an individual |
| Ethan J. Brown<br>Geoffrey A. Neri<br>BROWN, NERI, SMITH & KHAN LLP<br>11601 Wilshire Blvd., Suite 2080<br>Los Angeles, CA 90025 | T:    310.593.9890<br>F:    310.593.9980<br>E:    ethan@bnsklaw.com<br>geoff@bnsklaw.com<br>task@bnsklaw.com<br><br>Attorneys for Defendants JOSE HERNÁNDEZ, UZZIEL JOAQUIN, BENJAMIN JOAQUIN, SILVERIO CORONADO, AURELIO ZAVALETA, JOSE LUIS ESTRADA, JONATHAN MENDOZA, DAVID MENDOZA, GILBERTO GARCIA GRANADOS |
| Reed Aljian<br>Simon Kwak<br>DAILY ALJIAN LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | T:    949.861.2524<br>F:    949.269.6364<br>E:    ra@dallp.com<br>sk@dallp.com<br>bahar@dallp.com<br>dlopez@dallp.com<br><br>Attorneys for Defendants ALMA ELIZABETH JOAQUIN erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN erroneously sued as ADORAIM JOAQUIN ZAMORA, LA LUZ DEL MUNDO, COMMUNICATION CENTER BEREA U.S.A., LLC, erroneously sued as, INTERNATIONAL BEREA USA |
| Michael Reck<br>Hagerey Mengistu<br>JEFF ANDERSON & ASSOCIATES<br>11812 San Vicente Blvd., #503<br>Los Angeles. CA 90049 | E:    MReck@AndersonAdvocates.com<br>cafiling@andersonadvocates.com<br><br>Co-Counsel for Plaintiff SOCHIL MARTIN |

PLAINTIFF'S NOTICE OF TAKING THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA

# Exhibit 2

1  DEBORAH S. MALLGRAVE, State Bar No. 198603
    *DMallgrave@GGTrialLaw.com*
2  DANIEL S. CHA, State Bar No. 260256
    *DCha@GGTrialLaw.com*
3  ECLKEY M. KEACH, III, (*admitted pro hac vice*)
    *ekeach@ggtriallaw.com*
4  **GREENBERG GROSS LLP**
    650 Town Center Drive, Suite 1700
5  Costa Mesa, California 92626
    Telephone: (949) 383-2800
6  Facsimile: (949) 383-2801

7  MICHAEL RECK, State Bar No. 209895
    *MReck@AndersonAdvocates.com*
8  **JEFF ANDERSON & ASSOCIATES**
    12011 San Vincente Boulevard, #700
9  Los Angeles, California, 90049
    Telephone: (310) 357-2425
10  Facsimile: (651) 297-6543

11  Attorneys for Plaintiff SOCHIL MARTIN

12

13              **UNITED STATES DISTRICT COURT**

14      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16  SOCHIL MARTIN,                    | Case No. 2:20-cv-01437-FWS-AS
                                       | Courtroom:      10D
17            Plaintiff,              | Judge:  Hon. Fred W. Slaughter

18        v.                          | **PLAINTIFF'S AMENDED NOTICE
                                       | OF TAKING DEPOSITION OF
19  LA LUZ DEL MUNDO, an              | DEFENDANT NAASON JOAQUIN
    unincorporated association, et al. | GARCIA**
20
                                       | Date:  August 30, 2023
21        Defendants.                 | Time: 9:00 a.m.
                                       | Place: California Institution for Men
22                                     |         6101 East Facility Drive
                                       |         Chino. CA 91710
23

24      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25          PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure

26  30(a)(2) and the Court's April 6, 2023 Order granting leave to take the deposition of

27  Defendant Naasón Joaquín García while he is in prison, Plaintiff Sochil Martin

28  ("Plaintiff") will take the deposition of Defendant Naason Joaquin Garcia ("Garcia")

1    at the **California Institution for Men** in **Facility C BPH conference room** located

2    at **6101 East Facility Drive, Chino, CA 91710** on **August 30, 2023**, commencing

3    at **9:00 a.m.**

4          The deposition will be taken before a notary public or other officer authorized

5    to administer oaths in the United States of America who is present at the specified

6    time and location, who will record the deposition by stenographic means.  This

7    deposition may also be recorded through the use of audio or audiovisual means.

8          PLEASE TAKE FURTHER NOTICE that the California Institution for Men

9    requires any persons intending to attend the deposition to obtain clearance from the

10   institution beforehand. In addition, any electronic equipment necessary for the

11   deposition must be inventoried with model number, serial number, etc. provided to

12   gate staff at entry and exit.  Please see the attached email with attachments from

13   Sandy Marquez (sandra.marquez@cdcr.ca.gov) and email from Kendra Leyva

14   (kendra.leyva@cdcr.ca.gov) for additional details and rules of the institution.

15

16   DATED:  August 1, 2023              GREENBERG GROSS LLP

17

18                                       By:  _Daniel C_____

19

20                                            Deborah S. Mallgrave
                                             Daniel S. Cha
21                                           Attorneys for Plaintiff SOCHIL MARTIN

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF TAKING THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA

## PROOF OF SERVICE

**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On August 1, 2023, I served true copies of the following document(s) described as **PLAINTIFF'S AMENDED NOTICE OF TAKING THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address Crose@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 1, 2023, at Costa Mesa, California.

_____
Crystal Rose

**SERVICE LIST**
**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

| | |
|---|---|
| Alan J. Jackson<br>Caleb E. Mason<br>WERKSMAN JACKSON & QUINN LLP<br>888 W 6th Street, Fourth Floor<br>Los Angeles, CA 90017 | T:    213.688.0460<br>F:    213.624.1942<br>E:    ajackson@werksmanjackson.com<br>       cmason@werksmanjackson.com<br>       gsaucedo@werksmanjackson.com<br>       michele@werksmanjackson.com<br><br>Attorneys for Defendant NAASON JOAOUIN GARCIA. an individual |
| Ethan J. Brown<br>Geoffrey A. Neri<br>BROWN, NERI, SMITH & KHAN LLP<br>11601 Wilshire Blvd., Suite 2080<br>Los Angeles, CA 90025 | T:    310.593.9890<br>F:    310.593.9980<br>E:    ethan@bnsklaw.com<br>       geoff@bnsklaw.com<br>       task@bnsklaw.com<br><br>Attorneys for Defendants JOSE HERNÁNDEZ, UZZIEL JOAQUIN, BENJAMIN JOAQUIN, SILVERIO CORONADO, AURELIO ZAVALETA, JOSE LUIS ESTRADA, JONATHAN MENDOZA, DAVID MENDOZA, GILBERTO GARCIA GRANADOS |
| Reed Aljian<br>Simon Kwak<br>DAILY ALJIAN LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | T:    949.861.2524<br>F:    949.269.6364<br>E:    ra@dallp.com<br>       sk@dallp.com<br>       bahar@dallp.com<br>       dlopez@dallp.com<br><br>Attorneys for Defendants ALMA ELIZABETH JOAQUIN erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN erroneously sued as ADORAIM JOAQUIN ZAMORA, LA LUZ DEL MUNDO, COMMUNICATION CENTER BEREA U.S.A., LLC, erroneously sued as, INTERNATIONAL BEREA USA |
| Michael Reck<br>Hagerey Mengistu<br>JEFF ANDERSON & ASSOCIATES<br>11812 San Vicente Blvd., #503<br>Los Angeles. CA 90049 | E:    MReck@AndersonAdvocates.com<br>       cafiling@andersonadvocates.com<br><br>Co-Counsel for Plaintiff SOCHIL MARTIN |

# Exhibit 3

1  DEBORAH S. MALLGRAVE, State Bar No. 198603
     *DMallgrave@GGTrialLaw.com*
2  DANIEL S. CHA, State Bar No. 260256
     *DCha@GGTrialLaw.com*
3  ECLKEY M. KEACH, III, (*admitted pro hac vice*)
     *ekeach@ggtriallaw.com*
4  **GREENBERG GROSS LLP**
   650 Town Center Drive, Suite 1700
5  Costa Mesa, California 92626
   Telephone: (949) 383-2800
6  Facsimile: (949) 383-2801

7  MICHAEL RECK, State Bar No. 209895
     *MReck@AndersonAdvocates.com*
8  **JEFF ANDERSON & ASSOCIATES**
   12011 San Vincente Boulevard, #700
9  Los Angeles, California, 90049
   Telephone: (310) 357-2425
10 Facsimile: (651) 297-6543

11 Attorneys for Plaintiff SOCHIL MARTIN

12

13              **UNITED STATES DISTRICT COURT**

14     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16 SOCHIL MARTIN,                          | Case No. 2:20-cv-01437-FWS-AS
17              Plaintiff,                  | Courtroom:    10D
                                           | Judge:   Hon. Fred W. Slaughter
18       v.
                                           | **PLAINTIFF'S *SECOND* AMENDED
19 LA LUZ DEL MUNDO, an                    | NOTICE OF TAKING
   unincorporated association, et al.      | DEPOSITION OF DEFENDANT
20                                         | NAASON JOAQUIN GARCIA**
              Defendants.
21                                         | Date:  September 18, 2023
                                           | Time: 9:00 a.m.
22                                         | Place: California Institution for Men
                                           |        6101 East Facility Drive
23                                         |        Chino. CA 91710

24         **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25         PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure

26 30(a)(2) and the Court's April 6, 2023 Order granting leave to take the deposition of

27 Defendant Naasón Joaquín García while he is in prison, Plaintiff Sochil Martin

28 ("Plaintiff") will take the deposition of Defendant Naason Joaquin Garcia ("Garcia")

at the **California Institution for Men** in **Facility C BPH conference room** located at **6101 East Facility Drive, Chino, CA 91710** on **September 18, 2023**, commencing at **9:00 a.m.**

The deposition will be taken before a notary public or other officer authorized to administer oaths in the United States of America who is present at the specified time and location, who will record the deposition by stenographic means. This deposition may also be recorded through the use of audio or audiovisual means.

PLEASE TAKE FURTHER NOTICE that the California Institution for Men requires any persons intending to attend the deposition to obtain clearance from the institution beforehand. In addition, any electronic equipment necessary for the deposition must be inventoried with model number, serial number, etc. provided to gate staff at entry and exit. Please see the attached email with attachments from Sandy Marquez (sandra.marquez@cdcr.ca.gov) and email from Kendra Leyva (kendra.leyva@cdcr.ca.gov) for additional details and rules of the institution.

DATED: August 31, 2023          GREENBERG GROSS LLP


By: _Daniel C_____

Deborah S. Mallgrave
Daniel S. Cha
Attorneys for Plaintiff SOCHIL MARTIN

PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA

# PROOF OF SERVICE

**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On August 31, 2023, I served true copies of the following document(s) described as **PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address Crose@GGTrialLaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 31, 2023, at Costa Mesa, California.

_____
Crystal Rose

PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA

**SERVICE LIST**
**Sochil Martin v. Naason Joaquin Garcia, et al.**
**Case No. 2:20-cv-01437-ODW-AS**

| | |
|---|---|
| Alan J. Jackson<br>Caleb E. Mason<br>WERKSMAN JACKSON & QUINN LLP<br>888 W 6th Street, Fourth Floor<br>Los Angeles, CA 90017 | T:    213.688.0460<br>F:    213.624.1942<br>E:    ajackson@werksmanjackson.com<br>      cmason@werksmanjackson.com<br>      gsaucedo@werksmanjackson.com<br>      michele@werksmanjackson.com<br><br>Attorneys for Defendant NAASON JOAQUIN GARCIA. an individual |
| Ethan J. Brown<br>Geoffrey A. Neri<br>BROWN, NERI, SMITH & KHAN LLP<br>11601 Wilshire Blvd., Suite 2080<br>Los Angeles, CA 90025 | T:    310.593.9890<br>F:    310.593.9980<br>E:    ethan@bnsklaw.com<br>      geoff@bnsklaw.com<br>      task@bnsklaw.com<br><br>Attorneys for Defendants JOSE HERNANDEZ, UZZIEL JOAQUIN, BENJAMIN JOAQUIN, SILVERIO CORONADO, AURELIO ZAVALETA, JOSE LUIS ESTRADA, JONATHAN MENDOZA, DAVID MENDOZA, GILBERTO GARCIA GRANADOS |
| Reed Aljian<br>Simon Kwak<br>DAILY ALJIAN LLP<br>100 Bayview Circle, Suite 5500<br>Newport Beach, CA 92660 | T:    949.861.2524<br>F:    949.269.6364<br>E:    ra@dallp.com<br>      sk@dallp.com<br>      bahar@dallp.com<br>      dlopez@dallp.com<br><br>Attorneys for Defendants ALMA ELIZABETH JOAQUIN erroneously sued as ALMA ZAMORA DE JOAQUIN, and ADORAIM JOSADAC JOAQUIN erroneously sued as ADORAIM JOAQUIN ZAMORA, LA LUZ DEL MUNDO, COMMUNICATION CENTER BEREA U.S.A., LLC, erroneously sued as, INTERNATIONAL BEREA USA |
| Michael Reck<br>Hagerey Mengistu<br>JEFF ANDERSON & ASSOCIATES<br>11812 San Vicente Blvd., #503<br>Los Angeles. CA 90049 | E:    MReck@AndersonAdvocates.com<br>      cafiling@andersonadvocates.com<br><br>Co-Counsel for Plaintiff SOCHIL MARTIN |

PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING THE DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA

# Exhibit 4

**Daniel S. Cha**

| | |
|---|---|
| **From:** | Daniel S. Cha |
| **Sent:** | Wednesday, September 13, 2023 1:23 PM |
| **To:** | Reed Aljian |
| **Cc:** | Geoff Neri; Daisy Lopez; Bahar Ebe; Alan Jackson; Caleb Mason; Deborah Mallgrave; Eckley M. Keach III; Crystal M. Rose |
| **Subject:** | RE: Motion For Protective Order |

Please advise about reaching out to the Magistrate ASAP

**Daniel S. Cha**
**Counsel | Greenberg Gross LLP**

650 Town Center Drive | Suite 1700 | Costa Mesa, CA 92626
Direct 949.383.2795 | Main 949.383.2800
DCha@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

---

**From:** Daniel S. Cha
**Sent:** Wednesday, September 13, 2023 1:09 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Daisy Lopez <dlopez@dallp.com>; Bahar Ebe <bahar@dallp.com>; Alan Jackson <ajackson@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Eckley M. Keach III <EKeach@GGTrialLaw.com>; Crystal M. Rose <CRose@GGTrialLaw.com>
**Subject:** RE: Motion For Protective Order

Reed,

None of the interview footage of Plaintiff (again, from years ago now) discusses or references anything related to the deposition of Defendant Garcia. She says Garcia needs to be incarcerated because he is dangerous. She says it is not normal to have a young girl dance scantily clad/unclothed. She says the truth always comes to light, despite 5000 lies.

**Daniel S. Cha**
**Counsel | Greenberg Gross LLP**

650 Town Center Drive | Suite 1700 | Costa Mesa, CA 92626
Direct 949.383.2795 | Main 949.383.2800
DCha@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, September 13, 2023 12:56 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Daisy Lopez <dlopez@dallp.com>; Bahar Ebe <bahar@dallp.com>; Alan Jackson <ajackson@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Eckley M. Keach III <EKeach@GGTrialLaw.com>; Crystal M. Rose <CRose@GGTrialLaw.com>
**Subject:** [EXT] RE: Motion For Protective Order

Dear Daniel,

With due respect, the footage is discussing the deposition, the location, and the date.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Sent:** Wednesday, September 13, 2023 12:44 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Daisy Lopez <dlopez@dallp.com>; Bahar Ebe <bahar@dallp.com>; Alan Jackson <ajackson@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Eckley M. Keach III <EKeach@GGTrialLaw.com>; Crystal M. Rose <CRose@GGTrialLaw.com>
**Subject:** RE: Motion For Protective Order

Also, assuming you are referring to a news segment on Univision on 9/12, they used old footage from an interview of Plaintiff that is from 2020. Plaintiff neither reached out to media, nor did she sit for a new interview.

**Daniel S. Cha**
**Counsel | Greenberg Gross LLP**

650 Town Center Drive | Suite 1700 | Costa Mesa, CA 92626
Direct 949.383.2795 | Main 949.383.2800
DCha@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

**From:** Daniel S. Cha
**Sent:** Wednesday, September 13, 2023 11:30 AM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Daisy Lopez <dlopez@dallp.com>; Bahar Ebe <bahar@dallp.com>; Alan Jackson

<[ajackson@werksmanjackson.com](mailto:ajackson@werksmanjackson.com)>; Caleb Mason <[cmason@werksmanjackson.com](mailto:cmason@werksmanjackson.com)>; Deborah Mallgrave <[DMallgrave@GGTrialLaw.com](mailto:DMallgrave@GGTrialLaw.com)>; Eckley M. Keach III <[EKeach@GGTrialLaw.com](mailto:EKeach@GGTrialLaw.com)>; Crystal M. Rose <[CRose@GGTrialLaw.com](mailto:CRose@GGTrialLaw.com)>
**Subject:** RE: Motion For Protective Order

Given the difficulties involved in rescheduling the facility, would you be willing to have us reach out to the Magistrate this afternoon to see if she is available to see if we can resolve this before Monday?

**Daniel S. Cha**
**Counsel | Greenberg Gross LLP**

650 Town Center Drive | Suite 1700 | Costa Mesa, CA 92626
Direct 949.383.2795 | Main 949.383.2800
[DCha@GGTrialLaw.com](mailto:DCha@GGTrialLaw.com)



Los Angeles | Orange County | Las Vegas | New York

---

**From:** Reed Aljian <[ra@dallp.com](mailto:ra@dallp.com)>
**Sent:** Wednesday, September 13, 2023 9:20 AM
**To:** Daniel S. Cha <[DCha@GGTrialLaw.com](mailto:DCha@GGTrialLaw.com)>
**Cc:** Geoff Neri <[geoff@bnsklaw.com](mailto:geoff@bnsklaw.com)>; Daisy Lopez <[dlopez@dallp.com](mailto:dlopez@dallp.com)>; Bahar Ebe <[bahar@dallp.com](mailto:bahar@dallp.com)>; Alan Jackson <[ajackson@werksmanjackson.com](mailto:ajackson@werksmanjackson.com)>; Caleb Mason <[cmason@werksmanjackson.com](mailto:cmason@werksmanjackson.com)>; Deborah Mallgrave <[DMallgrave@GGTrialLaw.com](mailto:DMallgrave@GGTrialLaw.com)>; Eckley M. Keach III <[EKeach@GGTrialLaw.com](mailto:EKeach@GGTrialLaw.com)>; Crystal M. Rose <[CRose@GGTrialLaw.com](mailto:CRose@GGTrialLaw.com)>
**Subject:** [EXT] RE: Motion For Protective Order

Dear Daniel,

I write to follow up regarding the deposition of Mr. Garcia and the parties' meet and confer regarding the motion for protective order .

In your email below, you said that the deposition may proceed by video with Mr. Garcia in a change of clothes. See attached email from the institution. For the reasons stated therein, your proposal is not possible.

Defendants are willing to participate in the IDC. However, it appears that the deposition will need to be moved to address the motion, whether via an IDC or otherwise.

These matters involve Mr. Garcia's United States and California Constitutional rights to a fair trial. Plaintiff and her legal counsel have been litigating this case in the media since its inception, participating in press conference, media interviews, podcasts, press releases and documentaries. Now we have learned that Plaintiff contacted the media and advised them of Mr. Garcia's videotaped deposition, the date of the deposition, and the location of the deposition, resulting in a televised media report in which she appears and is being interviewed.

This further crystalizes the merits of an order precluding the recording of Mr. Garcia's deposition by video.

All rights are reserved.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Tuesday, September 12, 2023 1:10 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Daisy Lopez <dlopez@dallp.com>; Bahar Ebe <bahar@dallp.com>; Alan Jackson <ajackson@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>; Eckley M. Keach III <EKeach@GGTrialLaw.com>; Crystal M. Rose <CRose@GGTrialLaw.com>
**Subject:** Re: Motion For Protective Order

Dear Daniel,

The brief was prepared as quickly as possible after we were unable to come to agreement.

We are not objecting to the taking of his deposition. We are objecting to recording it by videotape. We have provided a valid legal and factual basis supporting the objection.

You can proceed on the date noticed if Plaintiff stipulates not to record the deposition by video.

I can make myself available to continue the meet and confer process at your convenience. As to an IDC, I will get back to you.

Reed Aljian

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Date:** Tuesday, September 12, 2023 at 12:51 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>, Daisy Lopez <dlopez@dallp.com>, Bahar Ebe <bahar@dallp.com>, Alan Jackson <ajackson@werksmanjackson.com>, Caleb Mason <cmason@werksmanjackson.com>, Deborah Mallgrave <DMallgrave@GGTrialLaw.com>, Eckley M. Keach III <EKeach@GGTrialLaw.com>, Crystal M. Rose <CRose@GGTrialLaw.com>
**Subject:** RE: Motion For Protective Order

Reed,

Under the Local Rules, Plaintiff's portion of the Joint Stipulation would be due no later than September 18, 7 days from yesterday. Under the local rule, once Plaintiff's portions are incorporated and a final proposed document is re-circulated, the opposing party has an additional business day to review and sign/authorize e-signature.  We had several discussions about the videotaping of Defendant Garcia's deposition weeks ago, including most recently August 28, 2023. I made it clear then that the deposition would be videotaped, as noticed, and I further stated in compromise regarding defendants' concern over Defendant Garcia's depiction in a prison uniform, that Plaintiff would not object to Mr.

4

Garcia's wearing non-jail clothing such as a buttoned down shirt for his deposition as long as the defense worked that out with the facility. It is prejudicial for the defense to have waited until now, after all the arrangements have been made and clearances obtained from the prison facility, to initiate a motion for protective order.  The joint stipulation won't even be filed until after the noticed date of deposition. Further, given the lead time necessary to make arrangements with the facility, any further delay would unreasonably jeopardize completion of the deposition prior to the discovery cut off. With this in mind, I propose we reach out to the Magistrate Judge to see if she is available for a telephonic conference this afternoon or tomorrow afternoon. Please advise.


**Daniel S. Cha**
**Counsel | Greenberg Gross LLP**

650 Town Center Drive | Suite 1700 | Costa Mesa, CA 92626
Direct 949.383.2795 | Main 949.383.2800
DCha@GGTrialLaw.com



Los Angeles | Orange County | Las Vegas | New York

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Tuesday, September 12, 2023 12:04 AM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>; Daisy Lopez <dlopez@dallp.com>; Bahar Ebe <bahar@dallp.com>; Alan Jackson <ajackson@werksmanjackson.com>; Caleb Mason <cmason@werksmanjackson.com>; Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Subject:** [EXT] Motion For Protective Order

Dear Daniel,

My apologies. If the intent is to oppose, please kindly provide your inserts timely, per local rules.

Reed

---

**From:** Reed Aljian <ra@dallp.com>
**Date:** Monday, September 11, 2023 at 7:33 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Geoff Neri <geoff@bnsklaw.com>, Daisy Lopez <dlopez@dallp.com>, Bahar Ebe <bahar@dallp.com>, Alan Jackson <ajackson@werksmanjackson.com>, Caleb Mason <cmason@werksmanjackson.com>, Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Subject:** RE: Document Not Produced

Dear Daniel,

Please see joint statement re motion for protective order.

1. Please advise if Plaintiff stipulates to the relief being sought. If so, we can proceed with the deposition on Sept. 18, subject to the prison's approval.

2. If no agreement, please confirm the deposition is off-calendar to allow the matter to be resolved on its merits. Indeed, if no agreement, he will not appear.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

# Exhibit 5

**Daniel S. Cha**

| | |
|---|---|
| **From:** | Reed Aljian <ra@dallp.com> |
| **Sent:** | Wednesday, September 13, 2023 8:13 PM |
| **To:** | Daniel S. Cha |
| **Cc:** | Crystal M. Rose; ajackson@werksmanjackson.com; cmason@werksmanjackson.com; gsaucedo@werksmanjackson.com; michele@werksmanjackson.com; ethan@bnsklaw.com; geoff@bnsklaw.com; Simon Kwak; Bahar Ebe; Daisy Lopez; mreck@andersonadvocates.com; cafiling@andersonadvocates.com; Eckley M. Keach III; Deborah Mallgrave |
| **Subject:** | [EXT] Re: Sochil Martin v. Naason Joaquin Garcia, et al. - Depo of Garcia - Attendees |

Dear Daniel,

1. Mr. Garcia is not refusing to appear at deposition nor is he refusing to follow a Court Order. He is objecting to a deposition by video, which he is entitled to do.
2. If Plaintiff stipulates to a deposition by stenographer only, he will appear on September 18.
3. If Plaintiff does not, he will not appear. His objections are explained in detail in the joint stipulation.
4. It appears you are arguing there has been a waiver. I disagree. If you wish to provide legal authority, I will review.
5. Your offer about a change of clothes was rejected by the institution.
6. I disagree that the news reports are not relevant. They are directly relevant, as explained in the joint statement.
7. It is not a matter of public record when the deposition is going to take place nor is it public record when Plaintiff and her husband's deposition took place. Therefore, it is clear that Plaintiff's leaked the information and continues to litigate this matter in the press. I am sorry you feel I have been accusatory, but it is obvious what is occurring.
8. I am happy to continue the meet and confer process. I am happy to arrange an IDC. However, the deposition will not be taking place on September 18, unless Plaintiff stipulates to the relief we seek or there is a Court Order after full briefing requiring otherwise.
9. We waive the requirement for a certificate on non-appearance. Consequently, any expenses incurred by Plaintiff appearing with reporter and videographer are not reasonable and not recoverable.
10. It sounds like you are threatening sanctions against me personally. We have not sought sanctions against defense counsel to date. However, if you choose to do so, we will respond accordingly in the balance of the case.

Reed Aljian

**From:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Date:** Wednesday, September 13, 2023 at 5:30 PM
**To:** Reed Aljian <ra@dallp.com>
**Cc:** Crystal M. Rose <CRose@GGTrialLaw.com>, ajackson@werksmanjackson.com <ajackson@werksmanjackson.com>, cmason@werksmanjackson.com <cmason@werksmanjackson.com>, gsaucedo@werksmanjackson.com <gsaucedo@werksmanjackson.com>, michele@werksmanjackson.com <michele@werksmanjackson.com>, ethan@bnsklaw.com <ethan@bnsklaw.com>, geoff@bnsklaw.com <geoff@bnsklaw.com>, Simon Kwak <sk@dallp.com>, Bahar Ebe <bahar@dallp.com>, Daisy Lopez

<dlopez@dallp.com>, mreck@andersonadvocates.com <mreck@andersonadvocates.com>, cafiling@andersonadvocates.com <cafiling@andersonadvocates.com>, Eckley M. Keach III <EKeach@GGTrialLaw.com>, Deborah Mallgrave <DMallgrave@GGTrialLaw.com>
**Subject:** RE: Sochil Martin v. Naason Joaquin Garcia, et al. - Depo of Garcia - Attendees

Reed,

The original Notice of Taking the Deposition of Defendant Garcia setting it for August 24, 2023 noted audiovisual recording may be used, and was served on July 31, 2023. After the prison said the date was not available, the Amended Notice of Taking the Deposition of Defendant Garcia setting it for August 30, 2023 still noted audiovisual recording may be used, and was served on August 1, 2023.  You raised the issue of videorecording the deposition on August 25, 2023. We then spoke again on August 28, 2023, regarding rescheduling the deposition, and about defendants' objection to videorecording the deposition. During the conversation on August 28, 2023, I stated Plaintiff would not agree not to videorecord the deposition.  The Second Amended Notice of Taking the Deposition of Defendant Garcia setting it for September 18, 2023 was served on August 31, 2023.

Defendants waited until this past Monday, September 11, 2022 to serve defendants' portion of a Joint Stipulation for a Protective Order pursuant to Local Rule 37-1.  As I pointed out, the local rule provides 7 days for Plaintiff to provide a response. And a business day to approve the final draft.  It seems that the defense is attempting to leverage its own delay in moving forward with an effort to get this issue before the court in order to justify a unilateral delay of Defendant Garcia's deposition. But there is no basis in the Federal Rules for you to unilaterally decline to produce Mr. Garcia for a deposition, which I remind you is being taken pursuant to a court order that affirmatively granted leave to take the deposition.

Moreover, the Federal Rules presumptively approve of audiovisual means of recording a deposition.  FRCP 30(b)(3)(A).  Any objection "to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." FRCP 30(c)(2).  "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted… in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."  FRCP 30(d)(3)(a).  This is subject to an award of expenses pursuant to FRCP 37(a)(5) and to the award of sanctions "on a person who impedes, delays, or frustrates the fair examination of the deponent."  FRCP 30(d).

During our August 28 conversation, I said that Plaintiff would not object to your making arrangements to have Mr. Garcia in a dress shirt instead of his prison uniform, if you could arrange it with the facility.  Notably, the Court's order granting leave to take Mr. Garcia's deposition in custody, which provides that the deposition must comply "with the requirements of the California Institution for Men." Docket No. 182. The Order then immediately provides that "The parties may utilize the Court's informal discovery dispute resolution process to bring any further discovery disputes to the Court's attention." I have asked for us multiple times over the last few days to reach out to the Magistrate immediately to see if we can resolve this expeditiously. The lack of cooperation in this regard further reinforces the conclusion that this is all a concerted effort merely to delay the deposition of Defendant Garcia.

Your reference to a news report referencing the depositions of Plaintiff and her husband and of Defendant Garcia are completely irrelevant.  There was nothing in the news report that disclosed any confidential matter. Indeed, your assignation of impropriety with regard to a journalist's reporting on the fact that the location of Defendant Garcia's deposition in prison is even more insubstantial because the fact that he would be deposed at the California Institution for Men is a matter of public record.  *See* Docket No. 182.

In sum, I intend to appear at the California Institution for Men on September 18, 2023, for the duly noticed deposition of Defendant Garcia pursuant to the Court's order granting leave to take the deposition subject to the facility's requirements. As with the current stipulation regarding depositions being designated as Confidential for purposes of the protective order in this case, the transcript and video of Defendant Garcia's deposition will be subject to the protective order and designated as Confidential (if you would like, we can designate it as Attorney's Eye's Only [except for Mr.

Garcia's need to review and sign the transcript]). Any issue with the later use of the video recording at trial can be addressed by motion after the deposition.


**Daniel S. Cha**
**Counsel | Greenberg Gross** LLP

650 Town Center Drive | Suite 1700 | Costa Mesa, CA 92626
Direct 949.383.2795 | Main 949.383.2800
DCha@GGTrialLaw.com


Los Angeles | Orange County | Las Vegas | New York

---

**From:** Reed Aljian <ra@dallp.com>
**Sent:** Wednesday, September 13, 2023 4:44 PM
**To:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Cc:** Crystal M. Rose <CRose@GGTrialLaw.com>; ajackson@werksmanjackson.com; cmason@werksmanjackson.com; gsaucedo@werksmanjackson.com; michele@werksmanjackson.com; ethan@bnsklaw.com; geoff@bnsklaw.com; Simon Kwak <sk@dallp.com>; Bahar Ebe <bahar@dallp.com>; Daisy Lopez <dlopez@dallp.com>; mreck@andersonadvocates.com; cafiling@andersonadvocates.com
**Subject:** [EXT] RE: Sochil Martin v. Naason Joaquin Garcia, et al. - Depo of Garcia - Attendees

Dear all,

We have served the joint statement on the motion for protective order. The deposition is not proceeding on that date unless the objection to the method of recording is resolved. I am happy to meet and confer. If Plaintiff stipulates it will not be recorded by video, we can move forward. However, these issues present constitutional concerns that I believed were resolved six months ago. Moreover, I am particularly concerned that only after I served the joint statement, this journalist learns about the deposition date and location, as well as the fact that Plaintiff and her husband had been deposed, and appears on TV talking about it.

I recommend you read the brief, review the email from the institution about dress, and decide how you want to proceed.

Reed Aljian
DAILY ALJIAN LLP
949.861.2524 (work)
310-721-7303 (cell)

PRIVILEGED & CONFIDENTIAL

---

**From:** Crystal M. Rose <CRose@GGTrialLaw.com>
**Sent:** Wednesday, September 13, 2023 3:58 PM
**To:** ajackson@werksmanjackson.com; cmason@werksmanjackson.com; gsaucedo@werksmanjackson.com; michele@werksmanjackson.com; ethan@bnsklaw.com; geoff@bnsklaw.com; Reed Aljian <ra@dallp.com>; Simon Kwak <sk@dallp.com>; Bahar Ebe <bahar@dallp.com>; Daisy Lopez <dlopez@dallp.com>; mreck@andersonadvocates.com;

cafiling@andersonadvocates.com
**Cc:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Subject:** RE: Sochil Martin v. Naason Joaquin Garcia, et al. - Depo of Garcia - Attendees
**Importance:** High

Counsel,

Please provide attendees for Monday's deposition.

Thank you.

**Crystal M. Rose**
**Legal Secretary | Greenberg Gross** LLP

601 South Figueroa Street | 30th Floor | Los Angeles, CA 90017
Direct 213.334.7071  |  Main 213.334.7000
CRose@ggtriallaw.com



Los Angeles | Orange County | Las Vegas | New York

---

**From:** Crystal M. Rose
**Sent:** Wednesday, September 13, 2023 12:17 PM
**To:** ajackson@werksmanjackson.com; cmason@werksmanjackson.com; gsaucedo@werksmanjackson.com; michele@werksmanjackson.com; ethan@bnsklaw.com; geoff@bnsklaw.com; Reed Aljian <ra@dallp.com>; Simon Kwak <sk@dallp.com>; Bahar Ebe <bahar@dallp.com>; Daisy Lopez <dlopez@dallp.com>; mreck@andersonadvocates.com; cafiling@andersonadvocates.com
**Cc:** Daniel S. Cha <DCha@GGTrialLaw.com>
**Subject:** Sochil Martin v. Naason Joaquin Garcia, et al. - Depo of Garcia - Attendees
**Importance:** High

All,

The Jail coordinator would like a list of all attendees. Can you please let me know who will be attending the deposition of Mr. Garcia on September 18, 2023, at 9:00 a.m**.** at California Institution for Men in facility C BPH conference room located at 6101 East Facility Drive, Chino, CA 91710.

Your prompt attention to this matter is appreciated.

Thank you.

**Crystal M. Rose**
**Legal Secretary | Greenberg Gross** LLP

601 South Figueroa Street | 30th Floor | Los Angeles, CA 90017
Direct 213.334.7071  |  Main 213.334.7000
CRose@ggtriallaw.com



Los Angeles | Orange County | Las Vegas | New York