Reed Aljian (State Bar No. 211010)
  ra@dallp.com
Justin E.D. Daily (State Bar No. 209772)
  jd@dallp.com
Simon Kwak (State Bar No. 296362)
  sk@dallp.com
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Telephone:  949.861.2524
Facsimile:   949.269.6364

Attorneys for Defendants named as LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASON JOAQUIN GARCÍA, an individual.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LA LUZ DEL MUNDO (LLDM), an unincorporated association, et al.<br><br>　　　　　Defendants. | CASE NO.:  2:20-CV-01437-FWS (ASx)<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS'** *SUPPLEMENTAL* **BRIEF RE: MOTION FOR ENTRY OF PROTECTIVE ORDER REGARDING DEPOSITION OF DEFENDANT NAASÓN JOAQUÍN GARCÍA**<br><br>Date:　　　　October 3, 2023<br>Time:　　　　10:00 a.m.<br>Courtroom:　 540 (Roybal)<br><br>Discovery Cutoff:  September 29, 2023<br>Pretrial Conf.:　　February 8, 2024<br>Trial Date:　　　 February 27, 2024<br><br>Magistrate Judge:   Hon. Alka Sagar |

# SUPPLEMENTAL BRIEF

Defendants named as La Luz del Mundo, Communication Center Berea U.S.A. (erroneously sued as International Berea USA), and Naasón Joaquín García ("Mr. García") (collectively, "Defendants") hereby submit this Supplemental Brief in support of their Motion for Entry of Protective Order Regarding Deposition of Mr. García (the "Motion"), pursuant to Local Rule 37-2.3 and the Order advancing the hearing on the Motion to October 3, 2023, at 10:00 a.m. (ECF Nos. 229, 230.) The Motion does not seek to preclude the taking of Mr. García's deposition; it only seeks to preclude the recording of the deposition by video. In this Supplemental Brief, Defendants only address factual allegations and legal authority presented by Plaintiff Sochil Martin ("Plaintiff" or "Ms. Martin"), for the first time, when her legal counsel provided their insert to the Joint Stipulation.

## I. PLAINTIFF'S CLAIM THAT DEFENDANTS' "OPERATIVES" PUBLICLY COMMENTED ON THE DEPOSITION IS FALSE.

Plaintiff references a link to a YouTube video in support of her claim that Defendants' "own operatives[] have engaged in recent public disclosure and comment about the depositions." (ECF No. 229 ("Jt. Stip."), p.18, fn. 1.)

Plaintiff's claim is entirely false. The video does not address the deposition.

The YouTube video is approximately 2.5 hours long. (Supplemental Declaration of Reed Aljian ("Supp. Aljian Decl."), ¶¶ 3-4.) Before spending the time and effort to review the video, Defendants' counsel asked Plaintiff's counsel if he would "Please kindly provide…the time stamp for the comment by Defendants on [Mr. Garcia's] deposition. Since you have identified [the video], I presume you know when the comment(s) take place." (*Id.* at ¶ 5, Ex. D.) Plaintiff's counsel refused, stating "I respectfully decline your request." (*Id.*) Thereafter, defense counsel reviewed the entire video (with the assistance of a Spanish-speaking staff member). (*Id.* at ¶ 6.)

///

The video did not make a single reference to the deposition of Mr. García, to the taking of the deposition by video, or to Defendants' objections to Plaintiff recording the deposition testimony by video. (*Id.*)

Moreover, contrary to Plaintiff's claims, the persons on the video are not authorized agents or "operatives" of Defendants. (*See generally*, Jt. Stip., Declaration of Daniel S. Cha in Support ("Cha Decl.").)

## II. PLAINTIFF'S CITED AUTHORITY ARE CLEARLY DISTINGUISHABLE.

Plaintiff's proffered authority in support of three of her primary contentions in opposing the Motion are clearly distinguishable.

First, Plaintiff cites to *Herrera v. Collins*, 506 U.S. 390, 399-400 (1993) in support of her proposition that Mr. García does not enjoy the same constitutional rights as "*an accused*" who is entitled to a presumption of innocence, "whereas, a *convict* does not." (*See* Jt. Stip., p. 18:19-19:8.) Plaintiff is mistaken.

As an initial matter, *Herrera* concerned the denial of a murder-convict's petition for federal habeas corpus relief in seeking a new trial based on newly acquired evidence 10 years *after* the "State [of Texas] already met its burden of proving at trial that petitioner was guilty of the capital murder . . . beyond a reasonable doubt." (*Herrera*, 506 U.S. at 399.) Here, Mr. García and the other Defendants are defending factual allegations and claims that are distinct from the criminal case against Mr. García where there was no criminal trial, whereas *Herrera* concerned the rights of a convict who sought to re-litigate the criminal charges against after having already been found guilty beyond a reasonable doubt on the same charges at trial. Indeed, Defendants are entitled to a fair trial and an impartial jury under the Seventh Amendment of the U.S. Constitution. (*See, e.g., Warger v. Shauers*, 574 U.S. 40, 50 (2014); *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 554 (1984); *Skaggs v. Otis Elevator Co.*, 164 F.3d 511, 514-15 (10th Cir. 1998).) Additionally, Defendants are entitled to assert evidentiary objections to Plaintiff's attempts to use

DAILY ALJIAN LLP
Newport Beach, California

the criminal case and Mr. García's current status in a manner that improperly influences the jury or is prejudicial to Defendants at trial. Plaintiff's argument that Mr. García's constitutional and discovery rights are to be circumscribed in defending this case is yet another indication of Plaintiff's intent to use Mr. García's present status and videorecorded deposition testimony in whatever manner she can to prejudice Defendants and to gain a tactical advantage at trial.

Next, Plaintiff cites *Duckett v. Godinez*, 67 F.3d 734 (9th Cir. 1995), *Tunoa v. Perez*, 700 Fed. App'x 741 (9th Cir. 2017), and *Karban v. Baltierra*, 2022 WL 17976321 (D. Ariz. Dec. 28, 2022) [inaccurately cited to 2022 WL 1796321] in support of the proposition that "prison clothing cannot be considered inherently prejudicial when the jury already knows, based upon other facts, that the defendant has been deprived of his liberty." (Jt. Stip., p. 19:10-24.) Plaintiff, however, largely ignores the fact that the jury in each of the cited cases were aware of the incarceration for vastly different reasons. Plaintiff acknowledges that the jury in *Duckett* was aware of the defendant's status as a prisoner in the <u>penalty phase</u> of a bifurcated criminal trial because the <u>same</u> jury "just found him guilty." (*Duckett*, 67 F.3d at 747.) In *Tunoa* and *Karban*, the prisoners' appearance in prison clothing at their civil trials were not "inherently prejudicial" because the "allegations giving rise to [the cases] occurred in prison." (*Tunoa*, 700 Fed. App'x at 741-42 [concerning tort claim that a prison guard at the correctional facility beat the plaintiff during a cell extraction]; and *Karban*, 2022 WL 17976321, at *1 [concerning prisoner's retaliation claim against Deputy Warden after prisoner pursued administrative grievance against correctional officer].) Here, however, Plaintiff assumes certain facts regarding Mr. García's status will be introduced at trial without the trial court's evaluation of any evidentiary objections or motions *in limine* to be raised by Defendants prior to and at trial.

///

///

///

Lastly, Plaintiff cites *Karban* to argue that the visible shackling of a defendant at trial, including Mr. García, is appropriate under the circumstances. *Karban*, however, acknowledged the inherent prejudicial effect of being visibly shackled, found credible evidence that the prisoner had a history of repeated violations of visitation rules, and still advised that "to the extent it is possible to conceal the shackling from the jury . . . the parties will have an opportunity at the Final Pretrial Conference to suggest concealment strategies." (*Karban*, 2022 WL 17976321, at *2.)

Thus, Plaintiff's contentions rely on narrowly construed authority that are not applicable to the facts presented here.

### III. DEFENDANTS ARE AGREEABLE TO FILING A MOTION *IN LIMINE* IMMEDIATELY.

Plaintiff takes the position that the presentation of any videorecording of Mr. García's deposition testimony at trial is premature and is an issue to be presented at trial. (*See* Jt. Stip., p. 19:25-20:7.)

Defendants disagree. A trial court's duty to maintain the impartiality of the judicial process is not exclusive to the conduct of trial – it applies equally to pre-trial proceedings, such as limiting prejudicial publicity before and during trial. (*See Sheppard v. Maxwell*, 384 U.S. 333 (1966) [holding state trial judge's failure to protect defendant from inherently prejudicial publicity which saturated community deprived defendant of fair trial consistent with due process].) As also stated in Defendants' portion of the Joint Stipulation, precluding Plaintiff from videorecording the deposition testimony will serve a dual purpose of allowing Plaintiff to depose Mr. García (a discovery right Defendants do not dispute) while minimizing the risk of prejudice and costs of further motion practice in preparing for and conducting trial. (*See* Jt. Stip., p. 10:21-11:3.)

///
///
///

Nevertheless, if the Court agrees the issue is not ripe (despite the clear danger Plaintiff will disseminate the video as part of her continued PR campaign and effort to litigate this matter in the press to prejudice the jury pool), then Defendants request leave to move *in limine* immediately with the Trial Court to preclude presentation of video excerpts of the deposition of Mr. García and, therefore, to preclude the taking of the deposition testimony by video.

DATED: September 28, 2023    DAILY ALJIAN

By:  /s/ Reed Aljian
Reed Aljian
Attorneys for Defendants named as
LA LUZ DEL MUNDO, an
unincorporated association,
COMMUNICATION CENTER BEREA
U.S.A. LLC (erroneously sued as
INTERNATIONAL BEREA USA), and
NAASÓN JOAQUÍN GARCÍA,
an individual