DEBORAH S. MALLGRAVE, State Bar No. 198603
  DMallgrave@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
  EKeach@ggtriallaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, INTERNATIONAL BEREA USA, an unincorporated association,<br><br>Defendants. | Case No. 2:20-cv-01437-FWS-AS<br>Judge:  Hon. Fred W. Slaughter<br>Courtroom:  10D<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF RE: DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION OF DEFENDANT NAASÓN JOAQUÍN GARCÍA**<br><br>Trial: February 27, 2024 |

# SUPPLEMENTAL BRIEF

Plaintiff Sochil Martin hereby submits this Reply to Defendant's Supplemental Brief in support of her Opposition to Defendants' Motion for Entry of Protective Order Regarding Deposition of Naason Garcia ("Defendant's Motion") pursuant to Local Rule 37-2.3 and the Order advancing the hearing on Defendant's Motion to October 3, 2023 at 10:00 a.m. Docket Nos. 229 and 230.

## I. PLAINTIFF ACCURATELY DESCRIBED THE VIDEO REFERENCED IN PLAINTIFF'S FOOTNOTE

Defendant's Supplemental Brief asserts that Plaintiff's footnote 1 in the Joint Stipulation "is entirely false." *See* Defendant's Supplemental Brief at 1:13-2:6. Defendant erroneously asserts that the referenced YouTube video does not reference Defendant's deposition. In fact, the video very clearly publishes screenshots from documents filed in this case specifically related to the taking of Defendant's deposition (contents translated into Spanish). *See* Supp. Decl. of Daniel S. Cha ("Supp. Cha Decl.") at ¶ 3. Specifically, the video published Docket No. 220-1, the Declaration of Daniel S. Cha in Support of Plaintiff's Ex Parte Application for Leave ***to Take Defendant Garcia's Deposition***. *Id.*, Exhibit 5 (emphasis added). Thereafter, the video displays and discusses the attached exhibit, Defense Counsel's request for stay of proceedings, ***including discovery of Defendant García***. Supp. Cha Decl. at ¶ 4.

Furthermore, Defendant's Supplemental Brief asserts that, "contrary to Plaintiff's claims, the persons on the video are not authorized agents or 'operatives' of Defendants." Defendants' Supplemental Brief at 2:4-6. Puzzlingly, or perhaps tellingly, however, it cites to Plaintiff's counsel's stipulation re: the Joint Stipulation; in other words, defense counsel have not sought fit to aver that the video was not the work of operatives acting on behalf of the Defendants. The video was published on an account called "Battallon Cibernetico," which describes itself as part of the community of La Luz del Mundo:



*See* Cha Decl. at ¶ 5, Exhibit 6. Further, the video is prefaced with a title card that says, under "En Vivo" (Live), the subtitle: "En Defensa de la Eleccion Apostolica," which translates to "In defense of the Apostle's Election." *Id.* As the Court and Defendants are aware, "the Apostle" refers to Defendant Garcia:



1  Defendant is simply wrong to refute, without citation to any evidence, that the
2  video was not published by operatives on behalf of La Luz del Mundo, whether or
3  not they are paid by, volunteer for, or are otherwise expressly "authorized agents" of
4  La Luz del Mundo.

## II. Plaintiff's Authority Correctly Recites the Law As Is Applicable To This Motion

In this case, there is no question as to Defendant García's status as a convicted sex felon. As such, Defendant is not entitled to the presumption of innocence. That is the sole reason Plaintiff cited to *Herrera v. Collins*, 506 U.S. 390 (1993); for the settled statement of black-letter law that the constitutional presumption of innocence, on which Defendants' cited cases rely, disappears after conviction.  As a convicted felon, Defendant resides in the California Institute for Men and wears prison closing every day. That Defendant wears prison clothing is merely incidental to the fact that he is a felon serving a valid criminal sentence of imprisonment. Defendant's attempt to distinguish *Duckett v. Godonez*, 67 F.3d 734 (9th Cir. 1995), *Tunoa v. Perez* 700 Fed. App'x 741 (9th Cir. 2017), and *Karban v. Baltierra*, 2022 WL 17976321 (D. Ariz. Dec. 28, 2022), misses the point: where a defendant's criminal convictions or status as a prisoner is otherwise admitted or made known to the jury, the appearance of the felon in prison clothing is not prejudicial.

Defendant's convictions for sex crimes are substantive evidence in support of the claims raised by Plaintiff in her case, which relate to similar sexual misconduct committed by Defendant Garcia under the auspices of the criminal enterprise dedicated to enabling, procuring, and grooming women for García to sexually abuse. It is also proper impeachment evidence.

More importantly, however, the admissibility of Defendant's convictions ***at trial*** is an evidentiary question for the District Court. It is simply not ripe for adjudication by this Court in considering a discovery matter. Permitting the

videotaping of Defendant García in prison clothing does not mean the video will be shown to the jury over his objection. He will have the opportunity to fully air his claims of prejudice to the District Court. On the other hand, it would work irreparable harm and prejudice to Plaintiff for this Court to prohibit the videotaped deposition if the District Court would otherwise be inclined to permit the display of Defendant García in prison clothing at trial.

The defense's fall-back position to request immediate leave to file a motion *in limine* is a non-sequitur. This Court cannot usurp the District Court's control over its docket to permit a premature motion *in limine*. Moreover, adjudicating a motion *in limine* with regard to the prejudicial effect of depictions of the Defendant in prison clothing before any actual depiction of the Defendant in prison clothing exists is an empty request for an advisory ruling that in and of itself would prejudice Plaintiff.

DATED:  September 28, 2023          GREENBERG GROSS LLP

By:      /s/ Daniel S. Cha
Deborah S. Mallgrave
Daniel S. Cha
Eckley M. Keach, III
Attorneys for Plaintiff SOCHIL MARTIN