DEBORAH S. MALLGRAVE, State Bar No. 198603
 DMallgrave@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
 DCha@GGTrialLaw.com
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
 ekeach@ggtriallaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
 MReck@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>           Plaintiff,<br><br>     v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>           Defendants. | Case No. 2:20-cv-01437-FWS-AS<br>Judge:   Hon. Fred W. Slaughter<br>Courtroom:    10D<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION ON THE PARTIES' STIPULATION FOR MODIFICATION OF THE CURRENT SCHEDULING ORDER TO PERMIT CERTAIN PENDING ITEMS OF DISCOVERY ONLY TO BE COMPLETED AFTER THE CURRENT DISCOVERY CUTOFF**<br><br>*[Filed Concurrently with Declaration of Daniel S. Cha and [Proposed] Order]* |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff SOCHIL MARTIN, by and through her counsel of record, Daniel S. Cha, hereby respectfully applies *ex parte* to this Court for an order granting Plaintiff leave to modify the scheduling order to permit the completion of the items of pending discovery specified below, and to extend the expert discovery cut-off and related disclosure deadlines, and the motion cut-off.

Although close of non-expert discovery is currently scheduled for September 29, 2023 pursuant to this Court's September 1, 2023 Order (Docket No. 223), good cause exists for this Court to grant Plaintiff's application. In particular, a number of depositions, including the in-custody deposition of Defendant Naasón Joaquín García, that have otherwise been timely pursued have been unable to be completed before September 29, 2023 for various reasons as set forth in the accompanying Stipulation of the parties (Exhibit 1).

Counsel for Plaintiff informed Defendants' counsel Reed Aljian and Geoff Neri discussed the substance of the parties' stipulation and this proposed *ex parte* application initially via zoom conference on September 16, 2023. The parties' counsel further discussed these issues via zoom and in person on September 28, 2023 and September 29, 2023. Defendants' counsel stated Defendants would not oppose and have signed the Stipulation attached hereto as Exhibit 1.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Counsel for all Defendants, Reed Aljian's contact information is: Daily Aljian LLP, 100 Bayview Circle, Suite 5500, Newport Beach, CA 92660, 949-861-2524, ra@dallp.com; and counsel for Defendant Communications Center Berea U.S.A. LLC only Geoffrey Neri's contact information is: Brown, Neri, Smith & Khan, LLP, 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025, 310-593-9890, geoff@bnsklaw.com.

DATED:  September 29, 2023          GREENBERG GROSS LLP

By: ___*/s/ Daniel S. Cha*___
Deborah S. Mallgrave
Daniel S. Cha
Attorneys for Plaintiff SOCHIL MARTIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THERE ARE SEVERAL DEPOSITIONS PENDING THAT THE PARTIES AGREE ARE NECESSARY FOR PURPOSES OF POTENTIAL DISPOSITIVE MOTION BRIEFING AND TRIAL

The parties have cooperatively endeavored to complete discovery before the current discovery cutoff. However, despite the parties' efforts, a number of important depositions have not been completed.

First, Defendant Naasón Joaquín García's deposition had been noticed and scheduled for September 18, 2023. However, Defendants objected to the deposition by videotape and filed a Motion for Protective Order, currently set to be heard by the Magistrate Judge on October 3, 2023. Once the motion is heard, the prison facility will need at least three weeks lead time to make arrangements and secure security clearances for attendees.

Second, a Motion for Protective Order brought by third party witnesses Jane Does 1, 2, 3, 4, and 5, whose depositions had been scheduled to be completed before the current discovery cutoff, is also scheduled to be heard by the Magistrate Judge on October 3, 2023.

Third, third party witness, Abisag Ayala, whose deposition was scheduled for September 27, 2023, has filed a Motion to Quash the subpoena for her deposition.

Fourth, Defendants timely sought to depose three additional third party witnesses identified by Plaintiff's counsel by pseudonym as E.F., J.G., and S.S. (and separately identified by Plaintiff by their full name). These witnesses are represented by Plaintiff's counsel. Plaintiff identified them for the first time in "supplemental" disclosures served on September 1, 2023. Plaintiff's counsel has requested additional time to schedule those depositions to fit the witnesses' availability. The Parties have tentatively scheduled two of the three for October 10 and 11, 2023.

Fifth, , Plaintiff's counsel subpoenaed for deposition third-party witness Alondra Ocampo. Current counsel for Ms. Ocampo has agreed to accept service of

subpoena for Ms. Ocampo. However, Plaintiff's counsel has been unable to schedule the deposition due to the fact that Ms. Ocampo's attorney is based in New York and counsel's schedules have not enabled them to further meet and confer.

Sixth, the Magistrate Judge on September 14, 2023 issued an Order Re: Letters Rogatory (Dkt. No. #226), wherein the Magistrate Judge declined Plaintiff's request to compel LDM to produce certain witnesses associated with LDM residing in Mexico for deposition. However, the Magistrate stated that the Magistrate would sign letters rogatory to facilitate the cooperation of the Mexican courts in deposing these individuals in Mexico. Plaintiff intends to seek the depositions via the Letters Rogatory procedure if it can be completed within the timeframe otherwise requested hereby[1].

Seventh, Plaintiff timely noticed the deposition of Defendant La Luz del Mundo pursuant to Rule 30(b)(6), but the parties have engaged in good faith meet and confer efforts regarding the scope of the deposition and Defendants' counsel requested additional time to identify and schedule its designee – defense counsel is working to confirm October 17, 2023 for that deposition.

Eighth, Plaintiff has agreed to provide to Defendants supplemental written responses to document requests.

Ninth, Plaintiff has been engaged in diligent efforts to complete production of documents responsive to Defendants' document requests served in November 2022 and produced approximately 1,200 files during the course of discovery. However, Plaintiff's counsel experienced successive series of staff turnover that impaired Plaintiff's counsel's review and production. As a result, Plaintiff produced on September 26 and September 27, 2023 over 5,000 additional responsive files

---

[1] Plaintiff intends to otherwise separately request additional time to complete these depositions if necessary pursuant to the Letters Rogatory procedure, without prejudice to the current trial date. Defendants do not agree that Plaintiff should be permitted to request additional time.

-5-

Case No. 2:20-cv-01437-FWS-AS
EX PARTE APPLICATION FOR MODIFICATION OF THE CURRENT SCHEDULING ORDER TO PERMIT CERTAIN PENDING ITEMS OF DISCOVERY ONLY TO BE COMPLETED AFTER THE CURRENT DISCOVERY CUTOFF

(documents, images, photos, etc.). Plaintiff has sat for deposition on August 23, 2023, September 5, 2023, and September 29, 2023. However, as a result of the new voluminous productions at the end of the discovery cutoff, and without waiver of Defendants' right to seek to preclude introduction of all of the new files produced on September 26-27, 2023, Plaintiff counsel has agreed to cause Plaintiff to appear for further deposition examination.

Finally, on September 29, 2023, plaintiff identified an additional potential third party witness identified by Plaintiff by pseudonym as L.M. (whose full name has been provided to Defendants). Subject to Defendants' right to seek to exclude L.M., Plaintiff agrees that Defendants should have the opportunity to depose L.M. If L.M. does not agree to appear or appear for deposition, plaintiff agrees Plaintiff shall not call L.M. as a witness at trial.

## II. THERE IS GOOD CAUSE TO PERMIT THE COMPLETION OF THESE SPECIFIED ITEMS OF DISCOVERY AFTER THE CURRENT DISCOVERY CUT-OFF

The Federal Rules of Civil Procedure provide that a District Court's schedule for an action may be modified for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4). The rule's "good cause" inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations,* 975 F. 2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). Here, the parties have stipulated to the relief herein requested based on the parties' reciprocal efforts to complete this discovery, and the parties' agreement that this discovery is appropriate and necessary for purposes of enabling expert discovery and substantive motions, including Defendants' anticipated motion for summary judgment/partial summary judgment.

Thus, the parties have stipulated and requested that the scheduling order be

modified as indicated below:

Current Non-expert Discovery Cut-off: September 29, 2023

Specified Items of Pending Discovery Only Set Forth Herein: may be completed after September 29, 2023, but no later than November 16, 2023

1. Deposition of Plaintiff Sochil Martin;
2. Deposition of Defendant La Luz Del Mundo
3. Deposition of Defendant Naasón Joaquín García, subject to limitations of the pending motion for protective order
4. Deposition of E. F.
5. Deposition of J. G.
6. Deposition of S. S.
7. Deposition of Abisag Ayala, subject to pending motion to quash
8. Deposition of Alandro Ocampo
9. Deposition of Doe 1, subject to pending motion for protective order
10. Deposition of Doe 2, subject to pending motion for protective order
11. Deposition of Doe 3, subject to pending motion for protective order
12. Deposition of Doe 4, subject to pending motion for protective order
13. Deposition of Doe 5, subject to pending motion for protective order

No further discovery may be taken after September 29, 2023.

Current Expert Disclosures (Initial): October 13, 2023

New Expert Disclosures (Initial): November 13, 2023

Current Expert Disclosures (Rebuttal): October 27, 2023

New Expert Disclosures (Rebuttal): November 27, 2023

Current Expert Discovery Cut-off: November 10, 2023

New Expert Discovery Cut-off: December 11, 2023

Current Last Date to Hear Motions: November 16, 2023

New Last Date to Hear Motions: December 14, 2023

No further discovery is sought or shall be taken absent further relief of Court.

This requested modification of the Scheduling Order would not impact the current trial date. The parties do not request that the Court continue the discovery cut-off. Rather, the Parties have agreed to and request that the parties be permitted to take the above-referenced fact-discovery after the discovery cutoff, as well as continuing the other dates identified herein (expert discovery and last date to hear motions) to accommodate the time to take that limited discovery.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant this unopposed application based on the parties' stipulation and issue an order to modify the scheduling order as specified above.

DATED: September 29, 2023          GREENBERG GROSS LLP

By: _____*/s/ Daniel S. Cha*_____
Deborah S. Mallgrave
Daniel S. Cha
Eckley M. Keach III
Attorneys for Plaintiff SOCHIL MARTIN