# EXHIBIT 1

DEBORAH S. MALLGRAVE, State Bar No. 198603
 *DMallgrave@GGTrialLaw.com*
DANIEL S. CHA, State Bar No. 260256
 *DCha@GGTrialLaw.com*
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
 *EKeach@ggtriallaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
 *MReck@AndersonAdvocates.com*
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, INTERNATIONAL BEREA USA, an unincorporated association,<br><br>Defendants. | Case No. 2:20-cv-01437-FWS-AS<br>Judge:  Hon. Fred W. Slaughter<br>Courtroom:   10D<br><br>**PARTIES' STIPULATION AND REQUEST FOR MODIFICATION OF SCHEDULING ORDER**<br><br>Trial: February 27, 2024 |

# STIPULATION

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff SOCHIL MARTIN ("Plaintiff") and Defendants LA LUZ DEL MUNDO ("LDM"), an alleged unincorporated association, COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as International Berea USA ("CCB"), and NAASON JOAQUIN GARCIA, an individual (collectively, the "Defendants", and together with Plaintiff, the "Parties"), hereby stipulate and respectfully request that the Court modify the scheduling order to extend the non-expert discovery cut-off as to specified matters only, the expert discovery cut-off and related disclosure deadlines, and the motion cut-off only as follows:

**WHEREAS**, the Court entered its original Scheduling Order on September 2, 2022 (Docket No. 154);

**WHEREAS**, pursuant to the parties' stipulation (Docket No. 207), this Court issued an Order modifying the Scheduling Order on September 1, 2023 (Docket No. 223), which re-set the non-expert discovery cut-off deadline to September 29, 2023, and the expert discovery cut-off deadline to November 10, 2023, with corresponding expert disclosure deadlines of October 13, 2023 (initial) and October 27, 2023 (rebuttal) (Dkt. No. #223);

**WHEREAS**, the scheduled deposition of Defendant Naasón Joaquín García for September 18, 2023 was taken off calendar as a result of Defendant's objection to the deposition by videotape, resulting in the filing of a Motion for Protective Order currently set to be heard by the Magistrate Judge on October 3, 2023;

**WHEREAS**, the prison facility will need at least three weeks lead time to make arrangements and secure security clearances for attendees after the issue of videotaping the deposition of Defendant Naasón Joaquín García is resolved;

**WHEREAS**, a Motion for Protective Order filed by third-party witnesses, identified by Plaintiff as Jane Doe 1, 2, 3, 4, and 5, seeking to preclude or limit the deposition of those witnesses, is also scheduled to be heard by the Magistrate Judge

on October 3, 2023;

**WHEREAS**, Defendant LDM has requested additional time to identify and schedule its designee for Rule 30(b)(6) deposition – defense counsel is seeking to confirm October 17, 2023;

**WHEREAS**, Defendants timely sought to depose witnesses Plaintiff identifies by pseudonym E. F., J. G., and S. S., who are separately represented by Plaintiff's counsel and whom Plaintiff identified for the first time in "supplemental" disclosures served on September 1, 2023 (identified by their full name in her disclosures), and for whom Plaintiff's counsel has requested additional time to schedule those depositions to fit the witnesses' availability – and the Parties have tentatively scheduled two of the three for October 10 and 11, 2023;

**WHEREAS**, Plaintiff was able to contact current counsel for third party witness Alondra Ocampo, and he has agreed to accept service of subpoena for Ms. Ocampo, but Plaintiff has been unable to schedule the deposition due to the fact that Ms. Ocampo's attorney is based in New York and counsel's schedules have not enabled them to further meet and confer;

**WHEREAS**, Defendants timely noticed the deposition of third party witness Abisag Ayala, whom Plaintiff identified for the first time in her "supplemental" disclosures, to take place on September 27, 2023,

**WHEREAS**, Ms. Ayala filed a Motion to Quash the subpoena;

**WHEREAS**, Plaintiff has agreed to provide to Defendants supplemental written responses to document requests as well;

**WHEREAS**, Plaintiff has sat for deposition on August 23, 2023, September 5, 2023, and September 29, 2023;

**WHEREAS**, Plaintiff has been engaged in diligent efforts to complete production of documents responsive to Defendants' document requests served in November 2022, and produced approximately 1,200 documents during the course of discovery, but Plaintiff's counsel experienced successive series of staff turnover that

1  impaired Plaintiff's counsel's review and production such that on September 26 and
2  September 27, 2023, Plaintiff served over 5,000 additional responsive files
3  (documents, images, photos, etc.) ;
4      **WHEREAS**, as a result of the new voluminous productions, and without
5  waiver of Defendants' right to seek to preclude introduction of all of the new files
6  produced on September 26-27, 2023, and any produced thereafter, Plaintiff counsel
7  has agreed to cause Plaintiff to appear for further deposition examination;
8      **WHEREAS**, on September 14, 2023, the Magistrate Judge issued an Order
9  Re: Letters Rogatory (Dkt. No. #226), wherein the Magistrate Judge declined to
10  compel LDM to produce certain witnesses associated with LDM residing in Mexico
11  for deposition, but stated that the Magistrate Judge would sign letters rogatory to
12  facilitate the cooperation of the Mexican courts in deposing these individuals in
13  Mexico;
14      **WHEREAS**, Plaintiff intends to seek the depositions via the Letters Rogatory
15  procedure if it can be completed within the timeframe otherwise requested hereby[1];
16      **WHEREAS**, on September 29, 2023, plaintiff identified an additional
17  potential third party witness identified by Plaintiff by pseudonym as L.M. (whose
18  full name has been provided to Defendants). Subject to Defendants' right to seek to
19  exclude L.M., Plaintiff agrees that Defendants should have the opportunity to
20  depose L.M. If L.M. does not agree to appear or appear for deposition, plaintiff
21  agrees Plaintiff shall not call L.M. as a witness at trial;
22      **WHEREAS**, the Parties agree that the specified pending items of non-expert
23  discovery identified herein and listed below are appropriate and necessary for
24  purposes of enabling expert discovery and substantive motions, including

---

[1] Plaintiff intends to otherwise separately request additional time to complete these depositions if necessary pursuant to the Letters Rogatory procedure, without prejudice to the current trial date. Defendants do not agree that Plaintiff should be permitted to request additional time.

Defendants' anticipated motion for summary judgment/partial summary judgment;

**WHEREAS**, the Parties do not agree to continue the discovery cut-off but rather agree to complete these limited items after the discovery cutoff, subject to Court approval;

**WHEREAS**, the Parties understand that trial deadlines are firm and therefore they do not currently seek to continue the trial or trial-related deadlines.

**NOW, THEREFORE, THE PARTIES, THROUGH UNDERSIGNED COUNSEL OF RECORD, HEREBY STIPULATE, AGREE, AND REQUEST:**

That the Court modify the pretrial schedule and enter the attached [Proposed] Order, which permits the following specified items of non-expert discovery within 30 days of the current non-expert discovery cutoff, and continues the expert discovery and disclosure deadlines, and motion deadlines as follows:

Current Non-expert Discovery Cut-off: September 29, 2023

Specified Items of Pending Discovery Only Set Forth Herein: may be completed after September 29, 2023, but no later than November 16, 2023

1. Deposition of Plaintiff Sochil Martin;
2. Deposition of Defendant La Luz Del Mundo
3. Deposition of Defendant Naasón Joaquín García, subject to limitations of the pending motion for protective order
4. Deposition of E. F.
5. Deposition of J. G.
6. Deposition of S. S.
7. Deposition of Abisag Ayala, subject to pending motion to quash
8. Deposition of Alandro Ocampo
9. Deposition of Doe 1, subject to pending motion for protective order
10. Deposition of Doe 2, subject to pending motion for protective order
11. Deposition of Doe 3, subject to pending motion for protective order

12. Deposition of Doe 4, subject to pending motion for protective order

13. Deposition of Doe 5, subject to pending motion for protective order

No further discovery may be taken after September 29, 2023.

Current Expert Disclosures (Initial): October 13, 2023

New Expert Disclosures (Initial): November 13, 2023

Current Expert Disclosures (Rebuttal): October 27, 2023

New Expert Disclosures (Rebuttal): November 27, 2023

Current Expert Discovery Cut-off: November 10, 2023

New Expert Discovery Cut-off: December 11, 2023

Current Last Date to Hear Motions: November 16, 2023

New Last Date to Hear Motions: December 14, 2023

DATED: September 30, 2023         GREENBERG GROSS LLP

By: _____/s/ Daniel S. Cha[2]_____
Deborah S. Mallgrave
Daniel S. Cha
Eckley M. Keach III
Attorneys for Plaintiff
SOCHIL MARTIN

---

[2] I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing

| | | |
|---|---|---|
| 1 | DATED: September 30, 2023 | DAILY ALJIAN LLP |
| 2 | | |
| 4 | | By:  /s/ Reed Aljian |
| 5 | | Reed Aljian |
| | | Attorney for Defendants |
| 6 | | LA LUZ DEL MUNDO, an alleged unincorporated association; |
| 7 | | COMMUNMICATION CENTER BEREA |
| 8 | | U.S.A. LLC (erroneously sued as International Berea USA); and NAASON |
| 9 | | JOAQUIN GARCIA, an individual |
| 11 | DATED: September 30, 2023 | BROWN, NERI, SMITH & KHAN LLP |
| 14 | | By:  /s/ Geoffrey A. Neri |
| 15 | | Geoffrey A. Neri |
| | | Attorney for Defendant |
| 16 | | COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as |
| 17 | | International Berea USA) |