Reed Aljian (State Bar No. 211010)
 ra@dallp.com
Justin E.D. Daily (State Bar No. 209772)
 jd@dallp.com
Simon Kwak (State Bar No. 296362)
 sk@dallp.com
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Telephone: 949.861.2524
Facsimile: 949.269.6364

Attorneys for Defendants named as LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASON JOAQUIN GARCIA, an individual.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>　　　　Defendants. | Case No.: 2:20−cv−01437-FWS-AS<br><br>**DISCOVERY MATTER**<br><br>**STIPULATION REGARDING INSPECTION OF PLAINTIFF'S ELECTRONIC DEVICES**<br><br>Judge:　　Hon. Fred W. Slaughter<br>Courtroom: 10D<br><br>Magistrate Judge: Hon. Alka Sagar<br>Courtroom:　　540, 5th Floor<br><br>Action Filed:　February 12, 2020<br>Trial Date:　　April 23, 2024 |

STIPULATION RE INSPECTION OF PLAINTIFF'S ELECTRONIC DEVICES

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff SOCHIL MARTIN ("Plaintiff"), on the one hand, and Defendants LA LUZ DEL MUNDO, an alleged unincorporated association, COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as International Berea USA, and NAASON JOAQUIN GARCIA, an individual, (collectively, the "Defendants"), on the other hand, hereby stipulate and agree as follows through their counsel of record:

### STIPULATION

WHEREAS, collectively, Plaintiff and Defendants are referred to herein as the "Parties" and individually as a "Party."

WHEREAS, in "Plaintiff's Initial Disclosures Pursuant to Fed.R.Civ.P. 26(a)(1)(A)," dated November 11, 2022, Plaintiff stated "Plaintiff…hereby provides the following description by category of all documents Plaintiff currently has in her possession, custody, or control and may use to support her claims…:

   a) iPhone 5;
   b) LG Sylo6 [LG Stylo6];
   c) OnePlus phone;
   d) LG phone (silver);
   e) LG phone (silver, with popsocket) [which Plaintiff noted for the first time on or about July 28, 2023 that it is inadvertently redundant of the LG Stylo6];
   f) Samsung phone;
   g) digital camera memory card;
   h) Hard drive; and
   i) iPad Mini.

WHEREAS, prior to August 10, 2023, Plaintiff represented that she has been able to access the data on the iPhone 5, digital camera memory card, and Hard drive and Plaintiff and her counsel of record represented that they have produced to

1 | Defendants all responsive non-privileged data within these devices;

2 | WHEREAS, Plaintiff represents that she has been able partially to access and
3 | review the data on the LG Stylo6 (as noted, allegedly redundantly identified as LG
4 | (silver, with popsocket)) and OnePlus phone and Plaintiff and her counsel of record
5 | represent that they have produced to Defendants all responsive non-privileged
6 | documents that she has been able to review on those devices;

7 | WHEREAS, Plaintiff represents she has been unable to access any data from
8 | the LG phone (silver), Samsung phone, and iPad Mini due to apparent device
9 | damage or malfunction and, therefore, Plaintiff has not produced any responsive
10 | data from those devices;

11 | WHEREAS, collectively, the identified electronic devices are defined herein
12 | as the "Devices";

13 | WHEREAS, on August 10, 2023, Plaintiff made available the Devices for
14 | inspection at the following location: Greenberg Gross LLP, 650 Town Center
15 | Drive, Suite 1700, Costa Mesa, California 92626;

16 | WHEREAS, Plaintiff agreed to provide all password information on the
17 | devices, where applicable, so that Defendants' consultant can access the data stored
18 | on those devices;

19 | WHEREAS, at the inspection, Defendants' consultant was able to perform
20 | the following:

21 |     1.    A visual inspection of the Devices; and

22 |     2.    Accessing the memory on the OnePlus phone and copying all data
23 | available thereon using Cellebrite software;

24 | WHEREAS, at the inspection, Defendants' consultant was not able to or
25 | permitted to perform the following:

26 |     1.    Accessing or obtaining the data from the iPhone 5 because Plaintiff did
27 | not permit that access;

28 |

2. Accessing and obtaining the data on the LG Stylo6 because the face of the phone was damaged and would need to be repaired before the consultant would be able to access the data.

WHEREAS, after the inspection, Plaintiff represented that she had accessed the data on the iPhone 5 by using iMazing to review a backup of the iPhone 5 (the "iMazing Copy"), which Defendants contend is not adequate;

WHEREAS, the parties have met and conferred and agreed that Plaintiff will deliver to Defendants' consultant by Federal Express or equivalent overnight delivery service the iPhone 5, the LG Stylo6, and the iMazing Copy and concurrently send to Defendants the tracking number for package;

WHEREAS, Plaintiff agrees she will incur the cost of delivery of these devices to and from Defendants' consultant and amounts incurred by Defendant's consultant to access and obtain the data from those devices (labor and materials), not to exceed $1,500;

WHEREAS, Plaintiff agrees to cause (and has caused) the devices to be delivered to Defendants' Consultant no later than Friday, September 22, 2023, at 12:00 p.m. Eastern Time;

WHEREAS, the parties agree to the following protocol for review of the raw data on the iPhone 5, the LG Stylo6, and the iMazing Copy, which is substantially the same procedure agreed upon and employed for the data obtained at the August 10, 2023 inspection:

1. Defendants' consultant shall make copies of the data from the Devices and provide Plaintiff with a copy of the raw data he is able to access and obtain;
2. Defendants' consultant will maintain a copy of the data copied;
3. Defendants' consultant will make a copy of the data and will deliver it to Plaintiff's counsel, care of Daniel Cha;

3
STIPULATION RE INSPECTION OF PLAINTIFF'S ELECTRONIC DEVICES

4. Plaintiff shall have 14 days from receipt of the data from the Devices to review the data, designate any such data as privileged, confidential, and highly confidential, where appropriate, and provide Defendants a "Privilege Log" identifying any files that are alleged to be privileged, confidential, or highly confidential;

5. Plaintiff shall deliver the log to Defense counsel, care of Reed Aljian, who will then deliver the log to Defendants' consultant and advise Plaintiff's counsel via electronic mail that the logs have been delivered to Defendants' consultant;

6. Defendants' consultant will then segregate the alleged privileged files from the other data on the devices and, separately, Defendants' consultant will mark any files designated "Confidential" as "CONF" within the file name and "Confidential - Attorney's Eyes Only" as AEO within the file name;

7. Once the privileged data has been segregated and the confidential data has been marked as stated above, Defendants (or Defendants' counsel only, for material designated as "Confidential – Attorney's Eyes Only") will then be entitled to access and review all data except for the files alleged to be privileged; neither Defendants nor their consultant shall access or review any data designated as privileged absent subsequent de-designation in writing by Plaintiff or by Court order;

8. Plaintiff's failure to timely provide the log shall be deemed a waiver of all objections;

WHEREAS, the Parties agree that Defendants' agreement not to receive access to copy the data on certain of the Devices is without prejudice and without waiver of the right to seek access to those devices by Court Order (or party agreement); and

WHEREAS, the Parties agree that Defendants' agreement to permit Plaintiff any opportunity to designate records privileged, confidential, or confidential – attorneys' eyes only is without prejudice and without waiver of the right to challenge the designations as provided under the terms of the Proposed Order.

IT IS SO STIPULATED.

Dated: October 11, 2023                    GREENBERG GROSS LLP

By: /s/ Daniel Cha
    Daniel Cha
    Attorney for Plaintiff
    Sochil Martin

Dated: October 11, 2023                    DAILY ALJIAN LLP

By: /s/ Reed Aljian[1]
    Reed Aljian
    Attorneys for Defendants
    LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASON JOAQUIN GARCIA, an individual.

---

[1] Pursuant to Local Rule 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 11, 2023

BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri
Attorneys for Defendant
COMMUNICATION CENTER
BEREA U.S.A. LLC (erroneously sued as International Berea USA)