1  Reed Aljian (State Bar No. 211010)
    ra@dallp.com
2  Justin E.D. Daily (State Bar No. 209772)
    jd@dallp.com
3  Simon Kwak (State Bar No. 296362)
    sk@dallp.com
4  DAILY ALJIAN LLP
5  100 Bayview Circle, Suite 5500
6  Newport Beach, CA  92660
7  Telephone:  949.861.2524
8  Facsimile:   949.269.6364

Attorneys for Defendants named as LA LUZ DEL MUNDO,
an alleged unincorporated association; COMMUNICATION CENTER BEREA
U.S.A. LLC (erroneously sued as International Berea USA); and NAASON
JOAQUIN GARCIA, an individual.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> LA LUZ DEL MUNDO, an unincorporated association, et al. <br><br> Defendants. | Case No.: 2:20−cv−01437-FWS-AS <br><br> **DISCOVERY MATTER** <br><br> **[PROPOSED] ORDER ON STIPULATION REGARDING INSPECTION OF PLAINTIFF'S ELECTRONIC DEVICES** <br><br> Judge:     Hon. Fred W. Slaughter <br> Courtroom:  10D <br><br> Magistrate Judge:  Hon. Alka Sagar <br> Courtroom:       540, 5th Floor <br><br> Action Filed:  February 12, 2020 <br> Trial Date:    April 23, 2024 |

**[PROPOSED] ORDER**

By stipulation of Plaintiff SOCHIL MARTIN ("Plaintiff"), on the one hand, and Defendants LA LUZ DEL MUNDO, an alleged unincorporated association, COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as International Berea USA, and NAASON JOAQUIN GARCIA, an individual, (collectively, the "Defendants"), on the other hand, and good cause appearing, the Court Orders as follows:

**ORDER**

1. Plaintiff shall make available for inspection to Defendants and their expert consultant the following electronic devices by delivery of this devices to Defendants' consultant (collectively, the "Devices");

   a. iPhone 5;

   b. iMazing copy of the iPhone 5; and

   c. LG Sylo6 [LG Stylo6]..

2. Defendants' consultant shall be entitled to perform the:

   a. A visual inspection of the Devices; and

   b. Accessing the data on all Devices.

3. Plaintiff shall pay the cost to transport the devices to and from Defendants' consultant and all amounts incurred by Defendant's consultant to access and obtain the data from those devices (labor and materials), not to exceed $1,500;

4. The parties agree to the following protocol for review of the raw data on the Devices:

   a. Defendants' consultant shall make copies of the data from the devices and provide Plaintiff with a copy of the raw data he is able to access and obtain;

   b. Defendants' consultant will maintain a copy of the data copied;

   c. Defendants' consultant will make a copy of the data from the

Devices and will deliver it to Plaintiff's counsel, care of Daniel Cha;

      d.    Plaintiff shall have 14 days from receipt of the copies of the data from the Devices to review the data, designate any such data as privileged, confidential, and highly confidential, where appropriate, and provide Defendants a "Privilege Log" identifying any files that are alleged to be privileged, confidential, or highly confidential;

      e.    Plaintiff shall deliver the log to Defense counsel, care of Reed Aljian, who will then deliver the log to Defendants' consultant and advise Plaintiff's counsel via electronic mail that the logs have been delivered to Defendants' consultant;

      f.    Defendants' consultant will then segregate the alleged privileged files from the other data on the devices and, separately, Defendants' consultant will mark any files designated "Confidential" as "CONF" within the file name and "Confidential - Attorney's Eyes Only" as AEO within the file name;

      g.    Once the privileged data has been segregated and the confidential data has been marked as stated above, Defendants (or Defendants' counsel only, for material designated as "Confidential – Attorney's Eyes Only") will then be entitled to access and review all data except for the files alleged to be privileged; neither Defendants nor their consultant shall access or review any data designated as privileged absent subsequent de-designation in writing by Plaintiff or by Court order;

      h.    Plaintiff's failure to timely provide the log shall be deemed a waiver of all objections;

/ / /

/ / /

/ / /

5.  Defendants' agreement to permit Plaintiff any opportunity to designate records privileged, confidential, or confidential – attorneys' eyes only is without prejudice and without waiver of the right to challenge the designations as provided under the terms of the Proposed Order.

**IT IS SO ORDERED.**

Date: _____  _____

Hon. Alka Sagar
Magistrate