DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
  EKeach@ggtriallaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN, <br><br> Plaintiff, <br><br> v. <br><br> LA LUZ DEL MUNDO, et al. <br><br> Defendants. | Case No. 2:20-cv-01437-FWS-AS <br> Judge:  Hon. Fred W. Slaughter <br> Courtroom:  10D <br><br> **DECLARATION OF DANIEL S. CHA IN SUPPORT OF PLAINTIFF'S *EX PARTE* APPLICATION FOR REVIEW OF MAGISTRATE JUDGE'S NONDISPOSITIVE RULING RE: VIDEOTAPING DEPOSITION OF DEFENDANT NAASÓN JOAQUÍN GARCÍA** <br><br> Trial Date:  Feb. 27, 2024 |

## DECLARATION OF DANIEL S. CHA

I, Daniel S. Cha, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin in this action. The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. On April 10, 2023, I reached out to Defendants' counsel to meet and confer regarding the scheduling of García's deposition, consistent with this Court's April 6, 2023 Order granting Plaintiff leave to take the deposition in custody.

3. I met and conferred with Defendants' counsel via zoom on April 12, 2023.

4. A day prior to the Court's April 6, 2023 Order, Defendants' counsel Reed Aljian sent a meet-and-confer correspondence regarding García's intention to file a motion for stay of the entire action, including discovery, under 18 U.S.C. § 1595(b)(2) (mandating a stay of a civil action involving trafficking claims during the pendency of criminal actions, including investigation and prosecution), based on media statements regarding the existence of ongoing federal investigations.

5. I discussed the April 5, 2023 meet-and-confer letter with Defendants' counsel during the April 12, 2023 zoom conference, and Defendants' counsel stated they objected to scheduling García's deposition until the matter could be resolved.

6. During the April 12, 2023 zoom conference, I did not concur that a stay was appropriate based on media statements, but conceded that a segment of Plaintiff's ongoing production of documents including communications with law enforcement could have bearing on the matter, so I agreed to wait to schedule García's deposition until the meet-and-confer regarding the stay could be resolved.

7. Thereafter, another attorney in my firm reached out to federal law enforcement authorities to confirm whether or not there was a pending federal investigation into Defendants. On or about April 19, 2023, Homeland Security Investigations ("HSI"), a division of the Department of Homeland Security,

confirmed to the other attorney in my firm that their investigation, for which Plaintiff had previously been interviewed, remained open and ongoing. HSI at that time also requested Plaintiff's counsel wait to produce Plaintiff's communications with HSI pending further discussion with HSI's legal team.

8. On May 12, 2023, I and the other attorney in my firm had a further discussion with HIS and Assistant United States Attorneys with regard to whether the federal government would object to the production of Plaintiff's communications with HSI; HSI and the AUSAs again confirmed the federal criminal investigation remained ongoing, but did not provide further information regarding the investigation and asked for more time to consider the production issue.

9. The AUSAs asked that Plaintiff not disclose to anyone the names of the involved HSI agents, the names of the AUSAs, or the locations/offices they work out of, in order to protect the ongoing federal criminal investigation.

10. On May 17, 2023, the AUSAs spoke with me and expressed a preference that Plaintiff not disclose any communications with HSI, but that if Plaintiff felt she needed to do so, that the names and contact information of HSI agents and/or other potential victims would be redacted.

11. During the conversation the AUSAs declined to offer any additional information regarding the scope or timeline of the federal criminal investigation, citing grand jury secrecy rules.

12. On May 19, 2023, I conferred over zoom with Defendants' counsel, and I informed García's counsel of the confirmed federal criminal investigation, and Plaintiff's resulting concession for a stay under 18 U.S.C. § 1595(b)(2).

13. García's counsel Mr. Aljian stated he would need to confer with Defendants to see if they still wanted to seek a stay, and he would need until the second week of June to respond.

14. Defendants' counsel thereafter asked for more information regarding the federal investigation in order to take a position on the stay, noting that the stay

would be appropriate only if the investigation involved the same occurrences/victims as in the civil case to be stayed.

15. On May 30, 2023, I had a further conversation with the AUSAs, confirming permission to identify HSI as the initial investigating agency, but no further information regarding the federal criminal investigation was provided.

16. On June 1, 2023, I informed García's counsel that the investigation specifically related to HSI, but that Plaintiff had not been provided further investigation regarding the scope or timeline of the investigation.

17. On June 16, 2023, the parties' counsel further met and conferred to discuss the potential stay and García's counsel contended that the current state of the information did not justify a stay under the statute.

18. Also on June 16, 2023 we also discussed the scheduling of the depositions of Plaintiff and of García, and García's counsel stated he would get back to Plaintiff's counsel about García's amenability to be deposed the week of July 24.

19. On June 20, 2023, I followed up via email regarding that timeframe.

20. On June 27, 2023, García's counsel stated the last week of July would not work, and suggested "early August."

21. On July 3, 2023, Plaintiff's counsel proposed August 8-10, 2023.

22. Despite having initially proposed "early August," on July 6, 2023, García's counsel noted that there was a conflict with La Luz del Mundo's Holy Supper celebration and proposed the week of August 21, 2023.

23. On July 13, 2023, I confirmed the week of August 21, 2023 would work.

24. The original Notice of Taking the Deposition of Defendant Garcia setting it for August 24, 2023 noted audiovisual recording may be used, and was served on July 31, 2023.

25. After the prison said the date was not available and the parties agreed to August 30, 2023, Plaintiff on August 1, 2023 served the Amended Notice of Taking the Deposition of Defendant Garcia setting it for August 30, 2023.

26. On August 25, 2023, a Friday, I informed Defendants' counsel verbally in person of an issue getting security clearances in time for all the attendees and requested the parties meet and confer on Monday August 28, 2023 if the prison could not accommodate the deposition on August 30 and/or if the next available date would be after the discovery cutoff.

27. On August 25, 2023, following the issuance of the Second Notice, Defendant Garcia's counsel Mr. Aljian told me that he objected to the use of video recording during the deposition; however, no consensus was ever reached as to the issue, and the deposition date stood as identified in the Second Notice.

28. On August 28, 2023, the parties met and conferred as to rescheduling Defendant Garcia's deposition due to the clearance issue. During the meet and confer, Mr. Aljian re-raised his objection to the use of video recording the deposition. I reiterated that Plaintiff would not agree not to videorecord the deposition. As a good faith effort to compromise, I offered that Plaintiff would not object to García's appearing for the deposition wearing a dress shirt instead of his prison uniform, subject to approval from the California Institution for Men.

29. On August 31, 2023, I caused to be served a Second Amended Notice of Taking the Deposition of Defendant Garcia (Third Notice), with a deposition date of September 18, 2023. The Second Amended Notice, as was the case in the other notices, indicated that audiovisual recording may be used in taking Defendant Garcia's deposition.

30. On September 11, 2023, just one week before Defendant Garcia's deposition, Defendants' counsel Reed Aljian email served their portion of this Notice of Motion and L.R. 37-1 Joint Stipulation Re: Motion for Entry of Protective Order Regarding Deposition of Defendant Naason Joaquin Garcia ("Joint

Stipulation"). Attached hereto and incorporated herein by reference as **Exhibit 4** is a true and correct copy of emails between me and defense counsel from September 11, 2023 through September 13, 2023.

31. On September 12, 2023, I sent an email to Mr. Aljian and pointed out the fact that Defendants' service of their portion of the Joint Stipulation on September 11, 2023 was prejudicial, because it did not permit sufficient time under the local rules to have it filed before the date of deposition, jeopardizing the ability to complete the deposition before the discovery cutoff. Accordingly, I asked for the parties to reach out immediately to the Magistrate Judge.

32. Over the next two days, I requested an immediate IDC to resolve the matter before the scheduled deposition, but Defendants' counsel refused to have the matter decided before the September 18, 2023 scheduled date for García's deposition.

33. Under the terms of the extant protective order, Docket No. 177, thousands of pages of documents designated confidential have been produced in this action, and each deposition in this case has been designated confidential.

34. Defendants have not identified any matter designated as confidential subject to the protective order that has been leaked during this case.

35. The California Institution for Men imposes strict security requirements and limits the number of attendees of a deposition.

36. In light of the need for a court reporter, translator, and Defense counsel also to attend in person, only one member of Plaintiff's trial team will be able to attend and take the deposition of García.

37. As such, not all members of Plaintiff's trial team will be able to attend the deposition, to observe García and his non-verbal behavior and body language while testifying under oath.

38. These are elements of testimony that play a crucial role in evaluating a witness' credibility and inform a party's examination strategies.

39. Like a poker player's subconscious "tell" when bluffing, identifying a witness's potential subconscious tics when dissembling under oath are matters of crucial importance to preparing to examine the witness at trial.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: October 19, 2023

_____
Daniel S. Cha