Reed Aljian (State Bar No. 211010)
  *ra@dallp.com*
Justin E.D. Daily (State Bar No. 209772)
  *jd@dallp.com*
Simon Kwak (State Bar No. 296362)
  *sk@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:   949.861.2524
Facsimile:    949.269.6364

Attorneys for Defendants named as LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASÓN JOAQUÍN GARCÍA, an individual

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>          Plaintiff,<br><br>     v.<br><br>LA LUZ DEL MUNDO (LLDM), an unincorporated association, et al.<br><br>          Defendants. | CASE NO.:  2:20-CV-01437-FWS (ASx)<br><br>**DECLARATION OF REED ALJIAN IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR REVIEW OF MAGISTRATE JUDGE'S NONDISPOSITIVE RULING RE VIDEOTAPING DEPOSITION OF DEFENDANT NAASON JOAQUIN GARCIA**<br><br>Discovery Cutoff:   December 11, 2023<br>Pretrial Conf.:       March 14, 2024<br>Trial Date:             April 23, 2024<br><br>Magistrate Judge:   Hon. Alka Sagar |

ALJIAN DECL. ISO DEFENDANT'S OPP. TO PLAINTIFF'S *EX PARTE* APPLICATION

# DECLARATION OF REED ALJIAN

I, Reed Aljian, hereby declare as follows:

1. I am an attorney licensed to practice law before all state and federal courts in the State of California. I am the Managing Partner with the law firm of Daily Aljian LLP (the "Firm"), counsel of record for Defendants named as LA LUZ DEL MUNDO, an alleged unincorporated association ("LLDM"); COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA) ("CCB"), and NAASÓN JOAQUÍN GARCÍA, an individual (collectively, "Defendants"). I submit this declaration in support of Defendant's Opposition to Plaintiff's *Ex Parte* Application. The facts stated herein are true based upon my own personal knowledge or upon review of the records in my Firm's possession. If called as a witness, I could and would testify truthfully to the contents of this declaration.

2. I attended the hearing on Defendants' Motion for a Protective Order held by Magistrate Judge Sagar. At the hearing, Judge Sagar stated that she was not making any finding with respect to Defendants' assertions that Plaintiff had "leaked" documents marked confidential in this litigation to the media and that this argument would not be the basis of her ruling.

3. Plaintiff Sochil Martin has not videotaped any of the depositions she has taken thus far in this case and only one attorney – Daniel Cha, the same attorney taking Mr. Garcia's deposition – has been present at those depositions.

4. The deposition of Mr. García was scheduled to commence on September 18, 2023, subject to the California Institute for Men's requirements for approval and security clearance to conduct inmate depositions.

5. Beginning in or about February 2023, the Parties began the process of meeting and conferring regarding the deposition of Mr. García. Pursuant to those discussions in the following months, it was my understanding that the deposition testimony of Mr. García would not be videotaped.

6. The deposition of Mr. García was previously scheduled to commence on August 30, 2023. On August 25, 2023, however, I was informed that Plaintiff was seeking security clearance for a videographer for the deposition. That same day, I met and conferred with Plaintiff's counsel, Mr. Daniel Cha, telephonically and by email, regarding the parameters of the deposition of Mr. García, including the method of recording of the testimony, pursuant to Local Rule 7-3 and 37-1.

7. On August 28, 2023, I continued the meet and confer process, telephonically, to seek an informal resolution regarding how Mr. García's deposition would be recorded and to determine whether a motion for a protective order would be necessary to resolve the issue. The Parties were unable to reach an informal resolution and postponed the deposition until the issue was resolved by the Court.

8. I believe that Plaintiff leaked non-public details regarding the very substance of the Motion to the press. Specifically, Plaintiff clearly contacted the press and discussed Defendants' objections to the videorecording of Mr. García's deposition testimony, which could only have been disclosed by Plaintiff (assuming it was not her legal counsel). Chronologically, on Monday, September 11, 2023, Defendants' counsel provided Defendants' initial portion of this Motion to Plaintiff's counsel.

9. Three days later, on or about September 14, 2023, a Spanish-language news media outlet published an article on the internet reporting that Mr. García's "lawyers also objected to the use of cameras during the deposition."

10. At the hearing on the Motion, Judge Sagar stated that she found the cases Defendants cited persuasive and that the cases cited by Plaintiff were inapposite and unpersuasive.

11. As for Defendants concerns that any videotape of the deposition would be leaked, Judge Sagar specifically stated that she was not making any finding with respect to that issue and that arguments made by Defendants would not be the basis of her decision.

DAILY ALJIAN LLP
Newport Beach, California

1   I declare under penalty of perjury under the laws of the United States of
2   America that the foregoing is true and correct.  Executed on October 20, 2023.

By:  /s/ Reed Aljian
     Reed Aljian

# **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 20, 2023.

BROWN, NERI, SMITH & KHAN LLP

DATED: October 20, 2023

By: /s/ Geoffrey A. Neri
     Geoffrey A. Neri

1
CERTIFICATE OF SERVICE