_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:20-cv-01437-FWS-AS                                         Date: October 24, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                             Attorneys Present for Defendant:

Not Present                                                                    Not Present

**PROCEEDINGS: ORDER DENYING *EX PARTE* APPLICATION FOR REVIEW OF ORDER RE: VIDEOPATING DEPOSITION OF DEFENDANT NAASN JOAQUIN GARCÍA [243]**

Before the court is Plaintiff Sochil Martin's ("Plaintiff") *Ex Parte* Application for Review of Magistrate Judge's Order Re: Deposition of Naasón Joaquín García ("García"). (Dkt. 243 ("Application" or "App.").) Defendants La Luz del Mundo, Communication Center Berea U.S.A., and García (collectively, "Defendants") oppose the Application. (Dkt. 245 ("Opposition" or "Opp.").) Based on the state of the record, as applied to the applicable law, the Application is **DENIED**.[1]

## I.  Background

On September 21, 2023, the parties filed a joint motion in which Defendants sought a protective order limiting the recording of García's deposition to stenographic means, while Plaintiff sought to videotape the deposition. (Dkt. 229.) The parties filed supplemental briefing, (Dkt. 334-35), and the Magistrate Judge held oral argument on October 3, 2023, (Dkt.

___

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: October 24, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

240 ("Order") at 1.)  The Magistrate Judge then issued a written order granting the protective order Defendants sought.  (Order at 2.)  In the Order, the Magistrate Judge found "a videotaped deposition—portraying García in prison clothing—has the potential to unduly influence a trial jury or potential jury pool and impact García's right to a fair trial and an impartial jury." (*Id.* at 1-2.)  The Magistrate Judge also considered that "Plaintiff ha[d] not articulated any harm or prejudice to her case if García's deposition is taken through purely stenographic means." (*Id.* at 2.)  For those reasons, the Magistrate Judge granted Defendants' motion for a protective order precluding the videotaping of García's deposition.  (*Id.*)

Plaintiff argues that the Order was based on speculative findings of prejudice to García if videorecording his deposition was permitted, "improperly and prematurely derogated this court's discretion over admissibility" of evidence at trial, and prejudices Plaintiff on account of the preferability of videotaped depositions and some of Plaintiff's counsel's inability to attend the deposition.  (App. at 5-10.)  In their argument on the Application's merits,[2] Defendants counter that the Magistrate Judge's analysis is consistent with law conferring a magistrate judge authority to adjudicate discovery motions and issue related protective orders, the Order makes no opinion on the admissibility of evidence at trial, and the Magistrate Judge properly rejected Plaintiff's speculative arguments seeking to establish the lack of a videorecording would impact her case.  (Opp. at 10-13.)

**II.   Legal Standard**

A magistrate judge may determine and issue orders on non-dispositive matters.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.R. 72-2.1.  A district court "must consider timely objections and modify or set aside any part" of a non-dispositive order by the magistrate judge, that is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a).  The "clearly erroneous standard applies to factual determinations and discretionary decisions." *McAdam v.*

___

[2] Because the court denies the Application on the merits, it expresses no view on Defendants' arguments that Plaintiff violated Local Rule 7-3 and the Application did not meet the standard for *ex parte* relief stated in *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).  (Opp. at 8-10.)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: October 24, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

*State Nat. Ins. Co.*, 15 F. Supp. 3d 1009, 1013 (S.D. Cal. 2014) (citations and internal quotation marks omitted).  "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). The "contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *China Nat'l Metal Prods. Import/Export Co. v. Apex Digital, Inc.*, 155 F. Supp. 2d 1174, 1177 (C.D. Cal. 2001) (citation omitted).  An "order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations and internal quotation marks omitted).

### III. Application

The court has broad authority to limit and condition discovery, including depositions, as necessary to achieve fairness and efficiency. *See, e.g.*, Fed. R. Civ. P. 26(b)(1) (defining the scope of discovery "unless otherwise limited by court order"); Fed. R. Civ. P. 30(d)(3)(B) (on motion, the court "may order that [a] deposition be terminated or may limit its scope and manner as provided in Rule 26(c)").  Plaintiff correctly notes that Rule 30 relevantly provides, "[u]nless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means." Fed. R. Civ. P. 30(b)(3)(A).  By its terms, the Rule expressly provides that a court may "order otherwise."  An example of one such order is a Rule 26(c) protective order, which may issue to prohibit recording a deposition by audiovisual means on a showing of good cause.  *See* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *Burr v. Philip Morris USA*, 2011 WL 13143904, at *2 (M.D. Fla. Oct. 19, 2011) ("When warranted, a party may object to the nonstenographic recording of a deposition under Rule 26(c).") (citation omitted).

Under these standards, the Magistrate Judge did not err in determining that recording García's deposition by video, instead of stenographic, means was unwarranted after balancing the consequences of doing so.  The Magistrate Judge stated in the Order that a videotaped deposition of García in prison clothing could prejudice the jury pool if disseminated or an

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: October 24, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

impaneled jury if presented at trial.³  Balancing those considerations against her finding that Plaintiff articulated no prejudice she stood to suffer to her case from taking García's deposition by traditional stenographical means, the Magistrate Judge concluded a protective order preventing recording his deposition by videography was warranted.  Whether Plaintiff is correct that some of the public may have viewed news stories indicating Defendant is incarcerated, (*see* App. at 6-7), that does not necessarily bear on the risk considered by the Magistrate Judge: that an individual testifying while dressed in prison clothes could unfairly prejudice their credibility. On the underlying record, the court concludes issuing the protective order was within the Magistrate Judge's discretion.  *See* Fed. R. Civ. P. 30(b)(3)(A); Fed. R. Civ. P. 26(c); *see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required" and noting "[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders") (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)) (citations and emphasis omitted).

Plaintiff's chief contentions to the contrary are the Order relies on an improper finding on the admissibility of the deposition at trial, and that the Magistrate Judge erred in finding Plaintiff's assertions of prejudice insufficient because videotapes of depositions are preferable to those memorialized on a cold record.  The court finds neither argument is persuasive.  First, the Magistrate Judge made no binding determination on the admissibility of García's deposition at trial; she balanced the potential consequences of a videotaped deposition of García in prison clothing against Plaintiff's assertions of prejudice.  On the second point, Plaintiff's claim that recording depositions on video may be generally preferential to memorializing testimony on paper only is not without support.  *See, e.g.*, *Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F. Supp. 2d 347, 349 (S.D.N.Y. 1999) ("Rule 30(b)(2) was amended to permit videotaped depositions as a matter of routine in recognition of the fact that videotapes are a means of presenting deposition testimony to juries that is superior to readings from cold, printed

___

³ Defendant maintained in the underlying joint motion that García must be clothed in a prison uniform at his deposition, (Dkt. 229 at 2); Plaintiff has not specifically challenged this assertion, (*see generally id.* at 4-5, 12-20; Dkt. 235; App.).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: October 24, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

records."); *but see Stern v. Cosby*, 529 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (noting that videotapes "can more easily be abused [than transcripts] because they can be cut and spliced and used as sound bites") (citation and internal quotation marks omitted). But Plaintiff's arguments are rooted in the benefits of videotapes generally and insufficiently tethered to the balance of circumstances the Magistrate Judge found inherent in videotaping García's deposition. Weighing this against the specific prejudice attendant to recording García testifying in prison clothing, the Magistrate Judge rejected those arguments. Accordingly, these grounds are insufficient to show the Order was clearly erroneous or contrary to law.

As noted, Plaintiff also argues that, because only one of her attorneys can attend García's deposition based on limitations imposed by the prison, her other counsel will be unable to gauge García's demeanor absent a video recording. This argument was not raised to the Magistrate Judge in Plaintiff's portions of the underlying joint motion or Plaintiff's supplemental briefing. (*See* Dkts. 229, 235.) The court is not required to consider this evidence raised for the first time on review of the Magistrate Judge's order, and Plaintiff does not address why the court should in this instance. *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000) (noting "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation"); *Sundby v. Marquee Funding Grp., Inc.*, 2020 WL 1674417, at *2 (S.D. Cal. Apr. 6, 2020) ("Courts are discouraged from entertaining new evidence or arguments in the first instance to uphold the purposes of the Magistrate Judge Act, including to 'alleviate the workload of district courts,' to discourage 'sandbagging,' and to afford Magistrate Judges the first determination of any referred matters.") (quoting *Howell*, 231 F.3d at 622) (citing *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987)).

Even if considered, Plaintiff points to insufficient legal authority that required the Magistrate Judge to permit Plaintiff to videotape García's deposition if only one, and not the entire team, of her attorneys could be physically present at the deposition. (*See* App. at 10.) Nor does Plaintiff sufficiently demonstrate the attendance of only one of her attorneys at García's deposition will prevent her from obtaining García's deposition testimony or otherwise unfairly prejudice her case, and the argument is unpersuasive as a categorical matter. *Cf. Garcia v. Resurgent Cap. Servs., L.P.*, 2012 WL 3778852, at *7 (N.D. Cal. Aug. 30, 2012)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-01437-FWS-AS                                      Date: October 24, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*

(reducing amount of fees sought based on co-counsel's attendance at certain depositions because the court was "not persuaded that the presence of two attorneys was necessary"). Seemingly cutting the other way, Defendants' counsel states in his declaration that the same counsel available to take García's deposition attended each of the previous depositions in this case alone, and none of those were recorded on video. (Dkt. 254-1 ¶ 3.) Thus, the court is not inclined to exercise its discretion to consider this argument raised for the first time on review, but it is unpersuasive in any event.

In sum, the Magistrate Judge considered the potential consequences of recording García's deposition by videotape and by traditional stenographic means, and concluded the balance favored issuing a protective order preventing the recordation of García's deposition by videotape. This decision was within the Magistrate Judge's discretion under the Federal Rules of Civil Procedure, and Plaintiff has not sufficiently demonstrated the Order is contrary to law or clearly erroneous.

### IV. Disposition

For the reasons stated, the Application is **DENIED**.

**IT IS SO ORDERED.**

                                                            Initials of Deputy Clerk:  mku