UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-01437-FWS (ASx) | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Luz Del Mundo, et. al.,* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Movants: | Attorneys Present for Defendants: |
|---|---|
| Thomas Cifarelli | Geoffrey Neri, |
| Jonati Yedidsion | Reed Aljian |

Attorneys Present for Plaintiff:

Daniel Cha

**Proceedings (In Chambers):**     **Order Re Motion for Protective Order (Dkt. No. 222)**

On September 1, 2023, non-party Jane Does 1-5 ("movants") filed an amended motion for a protective order and objections to subpoenas served by Defendant La Luz Del Mundo, Joaquin Garcia, and Communication Center Berea U.S.A. LLC ("Defendants") for their deposition testimony. (Dkt. 222) ("Motion"). On September 19, 2023, Defendant filed an opposition to the motion. (Dkt. No. 227) ("Opposition"). A hearing was held on October 3, 2023, after which the Court took this matter under submission. The Court addressed this motion during an Informal Discovery Conference pertaining to a related matter that was held on October 25, 2023, at which all counsel were also present.

Movants seek a protective order limiting their deposition testimony to their personal knowledge of Plaintiff Sochil Martin's alleged abuse and damages and prohibiting any inquiry into movants own allegations of past sexual trauma and abuse caused by Defendants. (Motion at 2). Defendant agreed to this limitation, but only on the condition that such testimony (i.e.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-01437-FWS (ASx) | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Luz Del Mundo, et. al.,* | | |

testimony about their own allegations of past trauma and abuse by defendants) would not be permitted at trial. However, the parties were unable to reach this agreement; at the hearing, Plaintiff's counsel indicated that Plaintiff would be calling movants as witnesses at trial and that testimony regarding their own allegations of trauma and abuse was relevant to the racketeering charges in Plaintiff's complaint.[1]

In support of their motion for a protective order limiting the scope of their testimony, Movants contend that, under Federal Rule of Evidence 412, evidence of their own sexual abuse is not admissible in a criminal or civil proceeding if "offered to prove that a victim engaged in other sexual behavior" unless the proffering party can show that the "probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." (Motion at 5). Rule 412 also puts "harm to the victim" on the scale in addition to prejudice to the parties. (Id., at 7). Although Rule 412 does not explicitly apply to discovery, courts are "instructed to consider it in order not to undermine the rationale of Rule 412." See Ledezma v. Young Life, 2021 WL 2823261 at *3 (D.Colo. Jan. 8, 2021); Macklin v., Mendenhall, 257 F.R.D. 596, 603-04 (E.D.Cal. 2009). Id., at 6. At the hearing, counsel for movants stated that movants would incur additional trauma if they were forced to testify about their own allegations of trauma and abuse caused by Defendants.

In their opposition to the motion, Defendants claim that that they have no intention of calling the movants as trial witnesses and do not oppose a protective order that prohibits inquiry into the movants own alleged abuse or trauma but if this limitation does not apply to trial testimony, they will suffer prejudice from the inability to adequately prepare a defense if such testimony is introduced at trial. (Opposition at 1). Defendants maintain that they are only seeking deposition testimony from the movants because Plaintiff has identified the movants in her initial disclosures (Opposition, Exh A at 6-7), and Plaintiff's counsel has confirmed that Plaintiff intends to call the movants as witnesses at trial.

---

[1] Plaintiff did not file an opposition or otherwise respond to movants' motion for a protective order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-01437-FWS (ASx) | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Luz Del Mundo, et. al.,* | | |

Under Fed.R.Civ.P. 26 (b)(1), parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. However, a Court can modify or quash a subpoena "which requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(d)(3)(A)(iii). The constitutional right of sexual privacy, both within and without the marital relationship is a fundamental liberty interest arising from the U.S. and California Constitutions. Griswold v. Connecticut, 382 U.S. 479 (1965). Federal courts ordinarily recognize a constitutionally based right of privacy that can be raised in response to discovery requests and require the Court to balance the need for the information with the privacy right asserted. A. Farber and Partners, Inc., 234 F.R.D. 186, 191 (C.D.Cal. 2006).

Movants argue that "the balancing test requires the proponent of the evidence . . . to convince the court that the probative value of the proffered evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice of any party." (Motion at 9). The Court agrees. In balancing the movants' interest in limiting their deposition testimony with the Defendants' interest in not being sandbagged at trial, the Court finds it appropriate to permit Defendants to obtain movants' testimony by written interrogatories. Since Defendants' inquiry into movants' allegations will be based on the testimony that Plaintiff intends to elicit, the Court issues the following Order: Plaintiff must first submit draft interrogatories to Defendants; Defendants may supplement Plaintiff's interrogatories and serve them on counsel for Movants. Given the current schedule for the completion of discovery, the Court directs the parties to meet and confer regarding the time frame for submitting interrogatories and the date by which responses are due, and if necessary, a stipulation to extend discovery deadlines for the purpose of obtaining movants' responses. The parties are reminded that any request to amend the scheduling order must be submitted to and approved by District Judge Slaughter.

The parties must utilize the Court's informal discovery dispute resolution procedure with the Court to address any disputes arising from Movants' motion. . (See Judge Sagar's Procedures).

**IT IS SO ORDERED.**

cc:     Fred W. Slaughter, United States District Judge

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 20-01437-FWS (ASx) | Date | October 27, 2023 |
|---|---|---|---|
| Title | *Sochil Martin v. La Luz Del Mundo, et. al.,* | | |

Initials of Preparer    AF    0 : 00