1  Ethan J. Brown (SBN 218814)
    (ethan@bnsklaw.com)
2  Geoffrey A. Neri (SBN 258802)
    (geoff@bnsklaw.com)
3  BROWN, NERI, SMITH & KHAN LLP
   11601 Wilshire Blvd., Suite 2080
4  Los Angeles, California 90025
   Telephone:  (310) 593-9890
5  Facsimile:   (310) 593-9980

6

7  Attorneys for Defendant
   COMMUNICATION CENTER BEREA U.S.A. LLC
8  (erroneously sued as International Berea USA)

9  (Additional attorney information on following page)

10                  UNITED STATES DISTRICT COURT

11

12          CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

13  SOCHIL MARTIN,                        | Case No.: 2:20-CV-01437-OWD (ASx)

14          Plaintiff,

15      v.                                 | **DEFENDANTS' *EX PARTE***
                                           | **APPLICATION FOR AN ORDER**
16                                         | **PROVIDING THE NEXT**
17  LA LUZ DEL MUNDO, an                   | **AVAILABLE HEARING DATE**
    unincorporated association, NAASON    | **FOR FEDERAL RULE OF CIVIL**
18  JOAQUIN GARCIA, an individual, EL     | **PROCEDUE 56 MOTION FOR**
    CONSEJO DE OBISPOS, an                | **SUMMARY JUDGMENT AND**
19  unincorporated association, GILBERTO  | **GRANTING LEAVE TO PERMIT**
    GARCIA GRANADOS, an individual,       | **HEARING TO BE HELD BEYOND**
20  JOSE HERNANDEZ, an individual,        | **THE CURRENT MOTION CUTOFF**
    UZZIEL JOAQUIN, an individual,        | **DATE, IF NECESSARY**
21  SILVERIO CORONADO, an
    individual, AURELIO ZAVALETA, an
22  individual, JOSE LUIS ESTRADA, an
    individual, JONATHAN MENDOZA,
23  an individual, ALMA ZAMORA DE          | Action filed:  February 12, 2020
    JOAQUIN, an individual, BENJAMIN       | Trial date:  April 23, 2024
24  JOAQUIN GARCIA, an individual,
    RAHEL JOAQUIN GARCIA, an
25  individual, ADORAIM JOAQUIN
    ZAMORA, an individual, DAVID
26  MENDOZA, an individual and DOES 1
    through 10, inclusive.
27
            Defendants.
28

*EX PARTE* APPLICATION

Reed Aljian (SBN 211010)
(ra@dallp.com)
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Tel: (949) 861-2524
Fax: (949) 269 -6364

Attorneys for Defendants,
LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUIN GARCIA, and COMMUNICATION CENTER BEREA U.S.A. LLC, erroneously sued as INTERNATIONAL BEREA USA

Alan J. Jackson (SBN 173647)
(ajackson@werksmanjackson.com)
Caleb E. Mason (SBN 246653)
(cmason@werksmanjackson.com)
Werksman Jackson & Quinn LLP
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
Tel: (213) 688-0460
Fax: (213) 624-1942

Attorneys for Defendant,
NAASÓN JOAQUIN GARCIA

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS HEREIN:**

**PLEASE TAKE NOTICE** that Defendants La Luz Del Mundo, an unincorporated association, Naason Joaquin Garcia, and Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA (collectively, "Defendants") hereby apply *ex parte* (the "Application") for an order providing the next available hearing date for a Motion for Summary Judgment made pursuant to Fed. R. Civ. P. 56 (the "MSJ") that Defendants wish to file and granting leave for the MSJ to be heard beyond the current scheduling order, if necessary.

In its October 3, 2023, Order RE Plaintiff's Unopposed *Ex Parte* Application on the Parties' Stipulation for Modification of the Current Scheduling Order to Permit Certain Pending Items of Discovery Only to Be Completed After the Current Discovery Cutoff (the "October 3rd Order"), the Court set December 14, 2023, as the last date to hear motions. However, the Court's online calendar indicates that the Court has no open hearing dates for civil motions from now until January 11, 2023, which is where the Court's online calendar of open dates ends.

Accordingly, without relief in the form of an order providing a hearing date and granting leave to permit the hearing to be conducted beyond the current motion cutoff date, it will not be possible for Defendants to file their MSJ. Defendants are mindful of the Court's footnote in the October 3rd Order, which states that the Court is disinclined to make further modification of the scheduling order, but they respectfully submit that good cause exists to make this last modification.

Given that the Court's civil motion calendar is closed for hearings during the months of November and December and beyond, it has been impossible for Defendants to file their MSJ since the date of the October 3rd Order.

Defendants further respectfully submit that their MSJ may serve the salutary purpose of narrowing issues for trial and thereby conserving the time and resources of the Court and the jury. Specifically, Defendants' MSJ will seek judgment as a matter of law on all of Martin's federal claims – the First through Ninth Claims for

Relief – all of which are based on two federal statutes the Trafficking Victims Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c).[1]  If granted, the only remaining claims in this case will be two state law claims, over which the Court need not continue to exercise supplemental jurisdiction. Thus, the MSJ could result in a complete dismissal of Martin's case.

And while Defendants obviously believe that their MSJ is meritorious and should be granted, even if it is not, the briefing in support and in opposition to the MSJ and the Court's order thereon is likely to assist the parties in focusing on the issues critical for eventual trial.  The MSJ and the Court's order thereon is also certain to inform the parties' discussions at mediation, which the Court has ordered to be completed by January 4, 2024.

Counsel for Defendants gave notice of this Application to Plaintiff's counsel on October 28, 2023, at 2:07 p.m.  and asked whether Plaintiff would stipulate to the request made herein or otherwise not oppose the Application.  (Declaration of Geoffrey A. Neri ("Neri Decl.") at ¶ 2.)   As of the time of filing, Plaintiff's counsel has not responded.  Contact information for counsel for Plaintiff is as follows: Daniel S. Cha, Greenberg Gross LLP, 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626, (949) 383-2800, dcha@ggtriallaw.com.

Respectfully submitted,
DATED: October 29, 2023

BROWN, NERI, SMITH & KHAN LLP

By:  /s/ Geoffrey A. Neri
         Geoffrey A. Neri

Attorneys for Defendant
COMMUNICATION CENTER BEREA U.S.A. LLC  (erroneously sued as International Berea USA)

---

[1] The MSJ will also seek dismissal of Martin's federal claim under the Fair La Fair Labor Standards Act ("FLSA") on the ground that is it barred by the statute of limitations.

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. There is Good Cause for an Order Providing a Hearing Date for the MSJ and Granting Leave for the Hearing to Take Place Beyond the Current Motion Cutoff Date

The Federal Rules of Civil Procedure provide that a District Court's schedule for an action may be modified for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4). The rule's "good cause" inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations,* 975 F. 2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)).

Here, Defendants have been diligent in completing the discovery needed to support their MSJ. The key witness for purposes of the MSJ is Plaintiff Sochil Martin. Given the sprawling nature of her Complaint – spanning 65 pages and consisting of eleven causes of action (including civil RICO) and 270 allegations – Ms. Martin's deposition has had to be taken over the course of several sessions.

Additionally, as an accommodation to Ms. Martin, who has represented that deposition is difficult and emotionally draining, and also to accommodate Plaintiff's and Defendants' counsel's own busy calendars, the deposition has been rescheduled and continued several times. Plaintiff has appeared for her deposition on three separate occasions– September 5, 7 and September 29, 2023. (Neri Decl. at ¶ 3.) The last session of the deposition was scheduled to be taken on October 27, 2023, but that session was canceled because of unanticipated events beyond counsel's control. (Neri Decl. at ¶ 4.)

The production of documents by Plaintiff has also delayed Defendants preparation of their MSJ, as Plaintiff began producing an enormous volume of documents in the final days leading up to the initial discovery cutoff date in this case in September of 2023. (Neri Decl. at ¶ 5.) This rolling production of large swaths

of documents has continued as late as October 19, 2023 and included thousands of photos and videos from Plaintiff's numerous cell phones, only obtained after extensive meet and confer efforts and the performance of expert forensic work to repair and image these broken electronic devices. (Neri Decl. at ¶ 6.)

While it has been difficult for Defendants to obtain all of the foregoing discovery that they are entitled to receive, they nevertheless believe that they now have the testimony and evidence necessary to support their MSJ and are prepared to file it in a timely fashion for a hearing on December 14, 2023. (Neri Decl. at ¶ 7.)

However, the Court's online calendar indicates that the Court has no open hearing dates for civil motions from now until January 11, 2023, which is where the Court's online hearing date calendar ends. Thus, despite their diligence in completing the discovery and depositions described above, they will be prevented from bringing their MSJ due to unavailability of a hearing date on the Court's current calendar,

### B. The MSJ is Likely to Narrow the Issues for Trial and Inform the Parties' Settlement Discussions

One of the primary thrusts of Defendants' MSJ will be that Plaintiff's civil RICO claim should be dismissed because she lacks standing to bring it and it is barred by the statute of limitations. (Neri Decl. at ¶ 7.) While Defendants understand that the purpose of this Application is not to argue the merits of the MSJ, it may nevertheless be helpful for the Court to understand some of the grounds for the MSJ as it pertains to the federal causes of action that form the bases of this Court's jurisdiction.

The TVPRA prohibits "the obtaining of another's labor "by means of" force, physical restraint, serious harm, threats, or an improper scheme." 18 U.S.C. § 1589(a)(1)(2), and (4). There is no evidence whatsoever that any of the Defendants used such "means" to obtain Martin's labor, which consisted of volunteer work for the church known as La Luz del Mundo ("LLDM"). "The linchpin of the serious harm analysis under § 1589 is not just that serious harm was threatened but that the

employer intended the victim to believe that such harm would befall her." *U.S. v. Dann*, 652 F.3d 1160, 1170 (9th Cir.2011). Here, that linchpin is missing entirely.

The MSJ will demonstrate that the only consequences that Martin could attest would befall her if she did not continue to volunteer for LLDM were that she would be "shunned" and cast out of the LLDM community and that LLDM "was her whole world". Fear of such consequences does not support a TVPA claim under the law. As the U.S. Court of Appeals for the Ninth Circuit has instructed, "[a] church is entitled to stop associating with someone who abandons it. . . . A church may also warn that it will stop associating with members who do not act in accordance with church doctrine. The former is a legitimate consequence, the latter a legitimate warning. *Neither supports a forced-labor claim.*" *Headley v. Church of Scientology Int'l*, 687 F.3d 1173, 1180 (9th Cir. 2012) (emphasis added).

Because there is no evidence of legally cognizable coercion in this case or that any of the Defendants intended Martin to believe that "serious harm" would befall her if she did not perform labor in this case, Martin's First and Second Claims for Relief – Involuntary Servitude (18 U.S.C.§ 1584), Forced Labor (18 U.S.C. § 1589) – both fail as a matter of law. In turn, because Martin's Third, Fourth, Fifth and Sixth Claims for Relief are all predicated on Martin's claims for involuntary servitude and forced labor, those claims must fail as well. *See Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1149 (9th Cir. 2022),

With respect to Martin's civil RICO claim, "[a] civil RICO 'plaintiff only has standing if, and can only recover to the extent that, [s]he has been injured in his business or property by the conduct constituting the violation.'" *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) A RICO injury to property requires a "concrete financial loss." *Id.* Defendants maintain that the MSJ and its supporting evidence will demonstrate that Plaintiff's RICO claim fails as a matter of law because she has alleged mishmash of personal injury damages and speculative lost opportunity damages but such damages do not confer standing on a private litigant

to bring a RICO claim.

Furthermore, even if Plaintiff had standing to bring a RICO claim, Defendants maintain that the claim is barred by the statute of limitations. "[T]he statute of limitations for a civil RICO claim is four years." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Under Ninth Circuit law the statute of limitations for a civil RICO claim begins to run when a plaintiff knows or should know of their injury. *Stitt v. Williams*, 919 F.2d 516, 525 (9th Cir. 1990). Defendants maintain that the MSJ and its supporting evidence will demonstrate that Plaintiff knew or should have known of her injury long before four years prior to filing her Complaint.

Thus, Defendants believe that their MSJ is meritorious and should be granted and, if it is, the Court may, but is not required to exercise supplemental jurisdiction over Martin's remaining two state law claims for sexual battery and gender violence. A district court may decline to exercise supplemental jurisdiction over supplemental state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

But even if the MSJ is not granted, Defendants submit that the very exercise of motions practice will help the parties and the Court begin to focus their attention on the issues for trial that are truly critical and thereby proceed more efficiently once trial actually commences. Lastly, the MSJ and the outcome on that motion will surely inform the parties' discussions at mediation, which the Court has ordered to be completed by January 4, 2024.

Respectfully submitted,
DATED: October 29, 2023

BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
Geoffrey A. Neri

Attorneys for Defendant
COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA)

## DECLARATION OF GEOFFREY A. NERI

I, GEOFFREY A. NERI, declare as follows:

1. I am a partner with the law firm of Brown, Neri, Smith & Khan, LLP, counsel of record for Defendant Communication Center Berea U.S.A. LLC (erroneously sued as International Berea USA) ("Defendant").

2. I gave Plaintiff's counsel notice of the Application by email sent on October 28, 2023, at 2:07 p.m., in which I inquired as to whether Plaintiff would stipulate to the request made herein or otherwise not oppose the Application.

3. As an accommodation to Plaintiff, who has represented that deposition is difficult and emotionally draining, and also to accommodate Plaintiff's and Defendants' counsel's own busy calendars, the deposition of Plaintiff has been rescheduled and continued several times. Plaintiff has appeared for her deposition on three separate occasions– September 5, 7 and September 29, 2023.

4. The last session of the deposition was scheduled to be taken on October 27, 2023, but that session was canceled because of unanticipated events beyond counsel's control.

5. The production of documents by Plaintiff has also delayed Defendants preparation of their MSJ, as Plaintiff began producing an enormous volume of documents in the final days leading up to the initial discovery cutoff date in this case in September of 2023.

6. This rolling production of large swaths of documents has continued as late as October 19, 2023 and included thousands of photos and videos from Plaintiff's numerous cell phones, only obtained after extensive meet and confer efforts and the performance of expert forensic work to repair and image these broken electronic devices.

7. While it has been difficult for Defendants to obtain all of the foregoing discovery that they are entitled to receive, they nevertheless that they now have the

testimony and evidence necessary to support their MSJ and are prepared to promptly file their MSJ in a timely fashion for a hearing on December 14, 2023.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed on October 29, 2023, in the County of Los Angeles, California.

*Geoffrey A. Neri*
_____
Geoffrey A. Neri

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on October 29, 2023.

DATED: October 29, 2023

BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
      Geoffrey A. Neri