1  Reed Aljian (State Bar No. 211010)
   *ra@dallp.com*
2  Justin E.D. Daily (State Bar No. 209772)
   *jd@dallp.com*
3  Simon Kwak (State Bar No. 296362)
   *sk@dallp.com*
4  DAILY ALJIAN LLP
   100 Bayview Circle, Suite 5500
5  Newport Beach, CA 92660
   Telephone:   949.861.2524
6  Facsimile:    949.269.6364

7  Attorneys for Defendants named as
   LA LUZ DEL MUNDO, an alleged unincorporated
8  association; COMMUNICATION CENTER BEREA
   U.S.A. LLC (erroneously sued as International Berea
9  USA); and NAASON JOAQUIN GARCIA, an individual

10 (Additional attorney information on following page)

11         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| 13  SOCHIL MARTIN, | **CASE NO.:  2:20-CV-01437-FWS-AS** |
| 14          Plaintiff, | |
| 15      v. | **DEFENDANTS' APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL (L.R.5.2.2(a)-(b))** |
| 16  LA LUZ DEL MUNDO (LLDM), an unincorporated association, et al. | [Concurrently filed: Declaration of Reed Aljian; [Proposed] Order] |
| 17          Defendants. | |
| 18 | Judge:          Hon. Fred W. Slaughter |
|    | Courtroom:     10D |
| 19 | |
| 20 | Magistrate Judge:   Hon. Alka Sagar |
|    | Courtroom:       540, 5th Floor |
| 21 | Action Filed:    February 12, 2020 |
|    | Trial Date:      April 23, 2024 |
| 22 | |

23
24
25
26
27
28

DAILY ALJIAN LLP
Newport Beach, California

Alan J. Jackson (SBN 173647)
(ajackson@werksmanjackson.com)
Caleb E. Mason (SBN 246653)
(cmason@werksmanjackson.com)
Werksman Jackson & Quinn LLP
888 W. 6th St. Fourth Floor
Los Angeles CA 90017
Tel: (213) 688-0460
Fax: (213) 624-1942

Attorneys for Defendant,
NAASÓN JOAQUIN GARCIA

Ethan J. Brown (SBN 218814)
 (ethan@bnsklaw.com)
Geoffrey A. Neri (SBN 258802)
 (geoff@bnsklaw.com)
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:   (310) 593-9890
Facsimile:   (310) 593-9980

Attorneys for Defendant
COMMUNICATION CENTER BEREA U.S.A. LLC
(erroneously sued as International Berea USA)

DAILY ALJIAN LLP
Newport Beach, California

1

## <u>APPLICATION FOR SEALING ORDER</u>

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORDS:**

**PLEASE TAKE NOTICE** that Defendants La Luz Del Mundo, an alleged unincorporated association, Naason Joaquin Garcia, and Communication Center Berea U.S.A. LLC, erroneously sued as International Berea USA (collectively, "Defendants") hereby apply, pursuant to Local Rule 79-5 (the "Application"), for leave of Court to file the following documents under seal:

1) Unredacted versions of excerpts from the August 23, 2023 Deposition of Plaintiff Sochil Martin attached as Exhibit A to the concurrently filed Declaration of Reed Aljian ("Aljian Decl.");

2) Unredacted versions of excerpts from the September 25, 2023 Deposition of Plaintiff Sochil Martin attached as Exhibit B to the Aljian Decl.; and

3) Unredacted versions of the excerpts from the September 29, 2023 Deposition of Plaintiff Sochil Martin attached as Exhibit C to the Aljian Decl.

The Application is based upon this Notice, the Memorandum of Points and Authorities, the Declaration of Reed Aljian, the [Proposed] Order, all records on file in this matter, and upon such other evidence as may be admitted at the hearing on this Application, if any.

/ / /

/ / /

/ / /

DAILY ALJIAN LLP
Newport Beach, California

DEFENDANTS' APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL

1

Dated:  October 30, 2023           **DAILY ALJIAN LLP**

2

3                                              By: _____

4                                              Reed Aljian

5                                              Attorneys for Defendants named as LA
                                               LUZ DEL MUNDO, an alleged
6                                              unincorporated association;
                                               COMMUNICATION CENTER BEREA
7                                              U.S.A. LLC (erroneously sued as
                                               International Berea USA); and NAASON
8                                              JOAQUIN GARCIA, an individual

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAILY ALJIAN LLP
Newport Beach, California

DEFENDANTS' APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION AND BRIEF FACTUAL BACKGROUND

3

4

5

6

7

8

9

10

11

12

13

14

        Plaintiff Sochil Martin ("Plaintiff") and Defendants (together, the "Parties")
have entered into a Stipulated Protective Order ("Protective Order"), which the
Magistrate entered on February 13, 2023. (ECF Dkt. No. 39.)  The Protective Order
permits the Parties and other non-parties to designate as "CONFIDENTIAL"
documents that qualify for protection under Federal Rule of Civil Procedure 26(c).
(Protective Order ¶ 2.3.)  Under the Protective Order, "Protected Material" is defined
as "any Disclosure or Discovery Material that is designated s "CONFIDENTIAL" or
"CONFIDENTIAL – ATTORNEY'S EYES ONLY."  (*Id.*, ¶ 2.14.)  "Disclosure or
Discovery Material" is defined as "all items or information or items that it is
generated, stored, or maintained (including, among other things, testimony,
transcripts, and tangible things), that are produced or generated in disclosures or
responses to discovery in this matter."

15

16

17

18

19

        On August 23, September 25, and September 29, 2023, Plaintiff appeared for
deposition and testified in this action. (Aljian Decl., ¶ 3-5.)  Plaintiff designated all
three of these depositions HIGHLY CONFIDENTIAL under the terms of the
protective order. (*Id.*, ¶ 6.)  Defendants agreed and had no objections, given the nature
and content of the testimony. (*Id.*).

20

21

22

23

24

25

26

27

28

        Defendants intend to file a motion for summary judgment ("MSJ") on
November 2, 2023. (*Id.*, ¶ 7.)  Defendants intend to support that MSJ, in part, with
excerpts from Plaintiff's depositions. (*Id.*)  On October 29, 2023, Defendants emailed
Plaintiff to meet and confer regarding an Application to file under seal the relevant
deposition excerpts. (*Id.*)   Defendants sent Plaintiff highlighted copies of the
transcripts, which identified the page and line references at issue and requested a time
to meet and confer by phone and/or video. (*Id.*)  On October 30, 2023, the parties
participated in a meet and confer by video conference. (*Id.*)  During the conference,
Plaintiff's counsel explained as follows: "Plaintiff contends that the testimony at

DAILY ALJIAN LLP
Newport Beach, California

1

1   issue should be maintained confidentially and filed under seal. The testimony

2   involves personal details relating to matters subject to Plaintiff's right of privacy,

3   including sexual history. Further, public disclosure of the testimony may prejudice

4   both parties at trial." (*Id.*)  Plaintiff confirmed this in writing. (Aljian Decl., Ex. D.)

5          During that call, the parties discussed the Application and the MSJ. (*Id.*, ¶8.)

6   The parties were unable to eliminate or minimize the need for filing under seal by

7   means of redaction. (*Id.*)

8   **II.    DISCUSSION**

9          **A.    Legal Standard**

10          Despite the strong presumption in favor public access to court records (*see*

11   *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002)), "access to

12   judicial records is not absolute." *Kamakana v. City & County of Honolulu*, 447 F.3d

13   1172, 1178 (9th Cir. 2006).  The Supreme Court acknowledged the existence of a

14   common law right of access to records in civil proceedings: "It is clear that the courts

15   of this country recognize a general right to inspect and copy public records and

16   documents, including judicial records and documents." *Nixon v. Warner*

17   *Communications, Inc.*, 435 U.S. at 597, 98 S.Ct. at 1312, 55 L.Ed.2d 570 (footnotes

18   omitted).

19          At the same time, the Court recognized that this right to inspect and copy

20   judicial records is not absolute. *Id.* at 598, 98 S.Ct. at 1312. Every court has inherent,

21   supervisory power over its own records and files, even where a right of public access

22   exists, and access may be denied where the court determines that court-filed

23   documents may be used for improper purposes; *e.g.*, "to gratify private spite or

24   promote public scandal" or to circulate libelous statements or release trade secrets.

25   *Id.*; *Hagestad v. Tragesser* (9th Cir. 1995) 49 F3d 1430, 1433-1434; *EEOC v.*

26   *Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir.1990) (citing Valley Broadcasting, 798

27   F.2d at 1294). Courts should also consider "the interests advanced by the parties in

28   light of the public interest and the duty of the courts." *Id*. at 602, 98 S.Ct. at 1314.

2

1    This decision is "one best left to the sound discretion of the trial court, a discretion

2    to be exercised in light of the relevant facts and circumstances of the particular case."

3    *Id*. at 599, 98 S.Ct. at 1312–13.

4    ### B.    Plaintiff Is the Designating Party

5    Where the moving party requests sealing of documents because they have been

designated confidential by another party, the burden of establishing adequate reasons

for sealing is placed on the designating party or non-party. L.R. 79-5.2.2 (b)(i). Here,

Plaintiff is the party who has designated the documents at issue as Highly

Confidential. (Aljian Decl., ¶6.) Defendants' counsel has met and conferred with

Plaintiff's counsel and have concluded that the documents cannot be suitably

redacted by agreement and, therefore, Defendants file this Application and

supporting declaration. Civ. L.R. 79-5.

13    ### C.    The Testimony is Subject to the Right of Privacy and Disclosure of
14         Court Filed Documents May Impact Ability to Obtain Fair Trial

15    While Plaintiff designated the material confidential, Defendants do not object

16    to placing it under seal. Indeed, Defendants seek a sealing order.

17    #### 1.    Right of privacy

18    Plaintiff's testimony at issue includes references to matters within her zone of

19    privacy under Federal and State Law. It also implicates the rights of privacy of

20    Defendants and those associated with Defendants, whom Plaintiff has made charged

21    (and unsupported) allegations regarding matters harmful to Defendants (false claims

22    of sexual assaults, for example). The Supreme Court has long recognized a

23    constitutional "zone of privacy." *See, e.g., Whalen v. Roe*, 429 U.S. 589, 599-600

24    (1977); *Griswold v. Connecticut*, 381 U.S. 479, 483 (1965). The Ninth Circuit has

25    interpreted the Supreme Court's precedents to delineate at least two constitutionally-

26    protected privacy rights. *In re Crawford*, 194 F .3d 954, 958 (9th Cir.1999). "One is

27    the individual interest in avoiding disclosure of personal matters, and another is the

28    interest in independence in making certain kinds of important decisions." *Id*. (quoting

DAILY ALJIAN LLP
Newport Beach, California

3

DEFENDANTS' APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL

*Whalen*, 429 U.S. at 599-600); *see also Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 35 (1994). The first of these rights is called "informational privacy. " It applies to sensitive personal information. *See Planned Parenthood of Southern Arizona v. Lawall*, 307 F.3d 783, 789-90 (9th Cir.2002).

Under California law, there exists an "inalienable right" to privacy under the California Constitution. Cal. Const., Art. 1, § 1. California accords privacy the constitutional status of an 'inalienable right,' on a par with defending life and possessing property. Cal. Const., art. I, §1; *White v. Davis* (1975) 13 Cal.3d 757. California's privacy protection embraces, among other matters, sexual relations. *Vinson v. Superior Court* (1987) 43 Cal.3d 833, 841. The "zones of privacy" created by article I, section 1, further extend to the details of one's medical history. *Jones v. Superior Court* (1981) 119 Cal.App.3d 534, 548–550.). And, an "individual's right to privacy encompasses not only the state of his mind, but also his viscera, detailed complaints of physical ills, and their emotional overtones." *Board of Medical Quality Assurance v. Gherardini* (1979) 93 Cal.App.3d 669, 679. Most recently, the California Supreme Court has stated: "If there is a quintessential zone of human privacy it is the mind. Our ability to exclude others from our mental processes is intrinsic to the human personality." *Long Beach City Employees Assn. v. City of Long Beach* (1986) 41 Cal.3d 937, 944.

### 2.    Prejudice and Obtaining a Fair Trial

A key factor the Court must consider in this Application is whether the items to be placed under seal will be used "to gratify private spite or promote public scandal." Defendants have genuine concerns (and the evidence supports) that the testimony will be used to promote these purposes and that this (and Plaintiff's other conduct) weighs in favor of the sealing order. At her depositions, Plaintiff made accusations about assaults, batteries, trafficking, etc. However, she will not have a single witness that will testify to support that allegations nor will she have a single document to support those allegations claims.

DAILY ALJIAN LLP
Newport Beach, California

1    Given these facts (charged allegations without support), Defendants are

2    concerned about getting a fair trial. Defendants are concerned about this because

3    Plaintiff has spent the better part of the last four years litigating this case in the press.

4    She has used every opportunity to publicize the Action and her allegations.  Plaintiff

5    and her counsel have publicly touted the filing of the Action and made inflammatory

6    extrajudicial statements regarding highly disputed factual allegations through

7    numerous media outlets.

8    Public interest is often a factor against a sealing order. However, here, it should

9    be considered a factor in favor of sealing, because of the history of this case and the

10   Constitutional right to a fair trial. Specifically, the day after Plaintiff filed this lawsuit,

11   Plaintiff and her attorneys participated in the first of many public spectacles – a 45-

12   minute press conference that was live-streamed on the internet.

13   (https://www.youtube.com /watch?v=V4uf17tvvaE.) The news conference was

14   streamed live on the internet and can be viewed by anyone with internet access to

15   YouTube.  (Aljian Decl., ¶10.)  The following morning, on February 14, 2020,

16   Plaintiff was featured on the front page of the Los Angeles Times, which ran a long

17   article covering her and her allegations.  (*Id.*)  In March 2020, Plaintiff appeared in a

18   Showtime documentary in which she repeated the allegations of her Complaint.  (*Id.,*

19   ¶11.) On or around December 3, 2022, an online podcast streaming platform released

20   a 10-part podcast series, in which Plaintiff is interviewed.  (*Id.* at ¶ 12.) In the last

21   episode of the series, Plaintiff's former counsel of record, Ms. Mallgraves, is

22   interviewed and discusses her own opinions about Defendants and Mr. García. (*Id.*)

23   On December 6, 2022, HBO released a three-episode documentary, which "starred"

24   Plaintiff.  (*Id.* at ¶ 13.) The documentary is available for streaming on the internet.

25   In the third episode, a third party (a former member of the La Luz del Mundo

26   congregation with electronic discovery expertise) admits he unlawfully received

27   electronic data (a video recording) from the California Department of Justice. (*Id.*)

28   The third party further admits he provided the video recording to HBO, which HBO

DAILY ALJIAN LLP
Newport Beach, California

DEFENDANTS' APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL

then published in the documentary. (*Id.*)

Disclosing Plaintiff's testimony, which include more of her charged unsupported accusations, allows Plaintiff the opportunity to continue to undermine Defendants' Constitutional rights to due process and a fair trial, including those under the Seventh Amendment of the U.S. Constitution (the right to an impartial jury). *See e.g.*, *Warger v. Shauers*, 574 U.S. 40, 50 (2014) ("The Constitution guarantees both criminal and civil litigants a right to an impartial jury."); *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 554 (1984) (plurality opinion) ("[o]ne touchstone of a fair trial is an impartial trier of fact"]. "Although the Seventh Amendment does not contain language identical to that found in the Sixth Amendment, which specifically guarantees a criminal defendant the right to an 'impartial jury,' the right to a jury trial in a civil case would be illusory unless it encompassed the right to an impartial jury[,]" and "denial of trial by an impartial jury is also the denial of due process . . . ." *Skaggs v. Otis Elevator Co.*, 164 F.3d 511, 514-515 (10th Cir. 1998) [footnote and citation omitted]. The right to an impartial jury guaranteed by the Sixth Amendment applies equally to the right to civil jury trials guaranteed by the Seventh Amendment as a result of the Fifth Amendment's due process protections, which provides that "a person shall not be deprived of life, liberty, or property, without due process of law." *Id.* at 514-15, n. 2) [internal quotations and citation omitted].

Finally, fundamental to the right of a fair and impartial jury trial in both civil and criminal matters "is the requirement that the jury's verdict be based on evidence received in open court, not from outside sources." *Sheppard v. Maxwell*, 384 U.S. 333 (1966) [holding state trial judge's failure to protect defendant from inherently prejudicial publicity which saturated community deprived defendant of fair trial consistent with due process]. This case has received a lot of public attention (in no small part because of Plaintiff's work to defame Defendants publicly). Defendants hope to avoid further defamation and efforts to impact the jury pool.

6

DAILY ALJIAN LLP
Newport Beach, California

1

## III.   CONCLUSION

2      For the foregoing reasons, Defendants request that the Court enter an Order

3  granting leave to file under seal the depositions transcripts at issue.

4   Dated:  October 30, 2023            **DAILY ALJIAN LLP**

5

6                        By: _____

7                        Reed Aljian
8                        Attorneys for Defendants named as LA
                         LUZ DEL MUNDO, an alleged
9                        unincorporated association;
                         COMMUNICATION CENTER BEREA
10                       U.S.A. LLC (erroneously sued as
11                       International Berea USA); and NAASON
                         JOAQUIN GARCIA, an individual
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' APPLICATION FOR LEAVE OF COURT TO FILE UNDER SEAL