_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-01437-FWS-AS                    Date: October 31, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: ORDER GRANTING IN PART DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER PROVIDING THE NEXT AVAILABLE HEARING DATE AND GRANTING LEAVE TO PERMIT HEARING BEYOND THE CURRENT MOTION CUTOFF DATE [249]**

        Before the court is Defendants La Luz Del Mundo, Naason Joaquin Garcia, and Communication Center Berea U.S.A. LLC (collectively, "Defendants") *Ex Parte* Application for an Order Providing the Next Available Hearing Date and Granting Leave to Permit Hearing Beyond the Current Motion Cutoff Date.  (Dkt. 249 ("Application" or "App.").)  Plaintiff Sochil Martin ("Plaintiff") does not oppose, but supports, the Application.  (Dkt. 250.)  Based on the state of the record, as applied to the applicable law, the Application is **GRANTED IN PART**.

        *Ex parte* applications "are appropriate only in a narrow set of circumstances." *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001).  To justify such relief, courts in this District require a movant to produce evidence showing (1) that its cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) that it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

_____

**CIVIL MINUTES – GENERAL**                                                                              1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:20-cv-01437-FWS-AS                    Date: October 31, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*

Additionally, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation." *Arakaki v. Lingle*, 477 F.3d 1048, 1069 (9th Cir. 2007) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)).  Under Federal Rule of Civil Procedure 16(b), scheduling orders "entered before the final pretrial conference may be modified upon a showing of 'good cause.'" *Johnson*, 975 F.2d at 608 (citation omitted).  "The good cause standard of Rule 16(b) 'primarily considers the diligence of the party seeking the amendment.'" *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (quoting *Johnson*, 975 F.2d at 609).  Accordingly, the "pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).  "While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification[;] if that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (cleaned up).

Based on the circumstances of this case, applicable record, the court concludes Defendants have adequately demonstrated good cause to permit hearing their motion for summary judgment at the earliest available date.  Defendants note they "believe that they now have the testimony and evidence necessary to support their MSJ and are prepared to file it in a timely fashion for a hearing on December 14, 2023." (App. at 2; *accord* Neri Decl. ¶ 7.)  The court, having considered its calendar, is able to accommodate hearing Defendants' motion for summary judgment on the December 14, 2023, cut-off date.  Accordingly, the Application is **GRANTED IN PART**.  Pursuant to the court's standing procedures for briefing on Rule 56 motions, (Dkt. 147 at IX.e.), the court sets the following briefing schedule:

1. Defendants' motion for summary judgment is due on or before **November 2, 2023**, and Defendants' motion for summary judgment shall be noticed for and heard on **December 14, 2023, at 10:00 a.m., in Courtroom 10D**;
2. Plaintiff's opposition, if any, is due on or before **November 16, 2023**;
3. Defendants' reply, if any, is due on or before **November 27, 2023**.[1]

_____

[1] Because Thanksgiving falls on November 23, Defendants' reply is due the following Monday.

_____