DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
  ekeach@ggtriallaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.<br><br>  Defendants. | Case No. 2:20-cv-01437-FWS-AS<br>Judge:  Hon. Fred W. Slaughter<br>Courtroom:   10D<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Declaration of Daniel S. Cha and [Proposed] Order]*<br><br><br>Action Filed: February 12, 2020<br>Trial Date:   April 23, 2024 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff SOCHIL MARTIN, by and through her counsel of record, Daniel S. Cha, hereby respectfully applies *ex parte* to this

Court for an order granting Plaintiff's request for an extension of time to file her Opposition to Defendants' Motion for Summary Judgment.

As Plaintiff indicated in her Notice of Non-Opposition to Defendants' *Ex Parte* Application to modify the hearing schedule to file a Motion for Summary Judgment (Dkt. No 250), the deposition of Defendant Garcia at his prison is scheduled for November 15, 2023. Defendant Garcia's deposition is essential and extremely significant to Plaintiff's case, and his responses to the deposition will undoubtedly reveal contested material questions of fact that are relevant and potentially dispositive of Defendants' Motion for Partial Summary Judgment.

Throughout this case, Plaintiff has been diligent in her attempts to depose Defendant Garcia. Plaintiff's efforts to depose Garcia have repeatedly been frustrated and delayed as a result of prison logistics and by Defendant Garcia himself in opposing leave in the first instance.

In granting Defendant's *Ex Parte* Application for Available Hearing Date on Motion for Summary Judgment (Dkt. No. 255), the Court's order set Plaintiff's deadline to respond to the Motion on November 16, 2023, one day after Defendant Garcia's deposition is set to occur. Plaintiff respectfully submits that this timeline is insufficient for Plaintiff to properly incorporate and brief the import of his potential testimony on the issues material to Plaintiff's opposition to the summary judgment motion. As such, Plaintiff seeks relief from this Court to modify the briefing and hearing schedule on the Motion for Summary Judgment to provide plaintiff with a meaningful opportunity to properly support and address the facts to be elicited from Garcia's deposition.

Counsel for Plaintiff spoke with and emailed Defendants' counsel Reed Aljian informing Defense Counsel of Plaintiff's intent to file the instant *ex parte* application. Defense counsel indicated that Defendants would oppose the application, and that defense counsel would provide a declaration regarding defense counsel's intent in any event to instruct Garcia to invoke the Fifth Amendment

privilege to any questioning at deposition.

Counsel for all Defendants, Reed Aljian's contact information is: Daily Aljian LLP, 100 Bayview Circle, Suite 5500, Newport Beach, CA 92660, 949-861-2524, ra@dallp.com; and counsel for Defendant Communications Center Berea U.S.A. LLC only Geoffrey Neri's contact information is: Brown, Neri, Smith & Khan, LLP, 11601 Wilshire Blvd., Suite 2080, Los Angeles, CA 90025, 310-593-9890, geoff@bnsklaw.com.

DATED: November 6, 2023     GREENBERG GROSS LLP

By:     */s/ Daniel S. Cha*
        Daniel S. Cha
        Eckley M. Keach III
        Attorneys for Plaintiff SOCHIL MARTIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFF HAS MADE REPEATED GOOD FAITH EFFORTS TO DEPOSE DEFENDANT GARCIA WELL BEFORE THE PRESENT DEPOSITION DATE OF NOVEMBER 15

Although Plaintiff has previously recounted the efforts taken to depose Defendant Garcia to this Court, Plaintiff submits that those efforts bear repeating again in the instant application. Plaintiff has not merely sat on her rights or delayed in the discovery process, but rather, Plaintiff has made substantial effort to depose Defendant Garcia well before the present deposition date of November 15. Plaintiff's efforts were made precisely because Plaintiff has always and continues to believe that Defendant Garcia's deposition testimony may fundamentally bear upon material issues of fact contested between the parties.

The Court's current briefing schedule provides Plaintiff with only one day to depose Defendant Garcia prior to filing her opposition to Defendants' summary judgment motion. By contrast, Plaintiff made herself available to Defendants early and repeatedly – for three full days of deposition, giving Defendants 34 days from the date of her last deposition to the filing of their Motion for Partial Summary Judgment. As such, Plaintiff submits that fundamental fairness requires her to be able to explore the issues to be raised in Defendant Garcia's deposition fully and be afforded sufficient time to incorporate those responses into her opposition to the Motion for Summary Judgment.

### A. Plaintiff Diligently Attempted to Schedule García's Deposition and Obtained Leave of Court

On April 6, 2023, the Court issued an Order Granting Plaintiff's Motion for Leave to Take Deposition of Defendant Naasón García While He is in Prison ("Order Granting Leave"), pursuant to Rule 30(a)(2)(B). Dkt. No. 182. The Order Granting Leave noted Plaintiff's efforts stretching back to November 2022, and required the parties to meet and confer on scheduling the deposition "that complies

with the requirements of the California Institution for Men." Dkt. No. 182 at p. 4.

### B. Defendants Proposed a Stay and Refuse to Schedule García's Deposition on the Basis of Media Statements Regarding Ongoing Federal Investigation, but Reverse Course Upon Confirmation of the Investigation

A day prior to the Court's April 2, 2023 Order Granting Leave, Defendants' counsel sent a meet-and-confer correspondence regarding García's intention to file a motion for stay of the entire action, including discovery, under 18 U.S.C. § 1595(b)(2) (mandating a stay of a civil action involving trafficking claims during the pendency of criminal actions, including investigation and prosecution), based on media statements regarding the existence of ongoing federal investigations. Cha Decl. at ¶ 3. During an April 12, 2023 meet and confer zoom conference, Defendants' counsel stated they objected to scheduling García's deposition until the matter could be resolved. Cha Decl. at ¶ 4.

After follow up discussions with HSI and Assistant United States Attorneys, Plaintiff's counsel conferred with Defendants' counsel on May 19, 2023, informing them of the confirmed federal investigation and Plaintiff's willingness to concede a stay under 18 U.S.C. § 1595(b)(2). Cha Decl. at ¶ 5. Defendants' counsel asked for more information regarding the investigation, and on June 1, 2023, Plaintiff's counsel confirmed that HSI was the investigating agency, but that there was no additional information provided regarding the scope or timeline of the investigation. Cha Decl. at ¶ 6-9. On June, 16, 2023, the parties' counsel further met and conferred and García's counsel reversed position and withdrew the request for a stay. Cha Decl. at ¶ 10.

### C. Plaintiff Diligently Continues to Seek to Schedule García's Deposition

During the same June 16, 2023 conference, the parties' counsel discussed scheduling the deposition of García, and García's counsel would get back to

Plaintiff's counsel about the week of July 24, 2023. Cha Decl. at ¶ 11. Plaintiff's counsel followed up June 20, 2023. Cha Decl. at ¶ 12. On June 27, 2023, García's counsel stated the last week of July would not work and suggested "early August." Cha Decl. at ¶ 13. On July 3, 2023, Plaintiff's counsel proposed August 8-10, 2023. Cha Decl. at ¶ 14. Despite García's counsel's having initially proposed "early August," García's counsel on July 6, 2023 noted that there was a conflict with La Luz del Mundo's Holy Supper celebration and proposed the week of August 21, 2023. Cha Decl. at ¶ 15.

The original Notice of Taking the Deposition of Defendant Garcia setting it for August 24, 2023 was served on July 31, 2023. Cha Decl. at ¶ 17. After the prison said the date was not available and the parties agreed to August 30, 2023. Cha Decl. at ¶ 18. Counsel for the parties spoke again on August 28, 2023, regarding rescheduling the deposition in light of delays in getting attendees' security clearances by the prison. Cha Decl. at ¶ 19. On August 31, 2023, Plaintiff served Defendants with a Second Amended Notice of Taking the Deposition of Defendant Garcia, setting it for September 18, 2023. Cha Decl. at ¶ 20.

### D. **Defendants Wait Until September 11, 2023 to Formally Move Forward With a Protective Order and Rebuff Efforts to Resolve the Matter in Time for the September 18, 2023 Deposition.**

Eleven days later, September 11, 2023, just one week before Defendant Garcia's deposition, Defendants served their portion of a Notice of Motion and L.R. 37-1 Joint Stipulation Re: Motion for Entry of Protective Order Regarding Deposition of Defendant Naason Joaquin Garcia ("Joint Stipulation") regarding the use of audiovisual recording at the deposition. Cha Decl. at ¶ 21. After several attempts to coordinate an immediate IDC with the Magistrate, on September 13, 2013, Defendants' counsel stated in an email, "the deposition is not proceeding on that date unless the objection to the method of recording is resolved." Cha Decl. at ¶ 27.

Case 2:20-cv-01437-FWS-AS    Document 263    Filed 11/06/23    Page 7 of 10    Page ID
#:5034

Following argument on Defendants' Joint Stipulation and Motion for Protective Order, the Magistrate Judge granted Defendants' protective order on October 4, 2023 (Dkt. No. 240). Thereafter, following briefing by the parties, this Court denied Plaintiff's *Ex Parte* application for Review of Dkt. No. 240, (Dkt. No. 246) on October 24, 2023. In light of the Court's ruling, Defendant Garcia's deposition remained scheduled to proceed on November 15, 2023. This currently-scheduled date was the earliest available date that Plaintiff could obtain from Defendant Garcia's prison to arrange for his deposition following the cancelation of the September 18 date due to Defendant's motion for protective order. Cha Decl. at ¶ 29.

## II. THERE IS GOOD CAUSE TO EXTEND THE TIME FOR PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide that a District Court's schedule for an action may be modified for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4). The rule's "good cause" inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations,* 975 F. 2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)).

Moreover, the Federal Rules of Civil Procedure contemplate the scenario facing Plaintiff, where an essential deposition is presently unavailable to the nonmovant of a Motion for Summary Judgment, and provide a vehicle for a District Court to grant relief. *See* Fed.R.Civ.P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

-7-    Case No. 2:20-cv-01437-FWS-AS
*EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

appropriate order."). In seeking relief under Rule 56(d), the requesting party must "proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Atay v. Cnty. of Maui*, 842 F.3d 688, 698 (9th Cir. 2016) (internal quotation marks and citations omitted). Central to the court's inquiry in granting or denying the continuance is "if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Byrd v. Guess*, 137 F.3d 1126, 1135 (9th Cir. 1998) (internal quotation marks and citations omitted).

As Plaintiff has demonstrated *supra*, she has been overly diligent in pursuing Defendant Garcia's deposition. For over a year, Plaintiff has attempted to depose Defendant Garcia, only to be frustrated in her efforts by repeated delays by Defense counsel. While Plaintiff cannot predict what Defendant Garcia will admit in his deposition, Plaintiff's counsel intends to examine, *inter alia*, regarding Defendant Garcia's exploitation of Plaintiff for her labor and services, including sexual services, his sexual abuse, physical harm, and threats against Plaintiff, his authority within La Luz Del Mundo and Berea organizations and the alleged RICO enterprise, and his control over Plaintiff, La Luz Del Mundo, Berea, and its employees and followers. In short, Plaintiff intends to depose Defendant Garcia on material issues of fact relevant and material to all of the causes of action alleged in Plaintiff's complaint.

Invariably, Defendant Garcia's testimony will either confirm Plaintiff's allegations as undisputed facts (which may merit her own Motion for Summary Judgment), or counter the allegations and thereby demonstrate a clear dispute of material facts (which would undoubtedly be relevant to Plaintiff's opposition to Defendants' Motion for Summary Judgment). Even if the Court were to assume that Garcia would invoke the Fifth Amendment to every question, that in and of itself would result in factual inferences in favor of Plaintiff's versions of events. In either event, Defendant's deposition is reasonably necessary and essential for Plaintiff to

have a meaningful opportunity to oppose Defendants' summary judgment.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court grant Plaintiff's *ex parte* application and issue an order to modify the briefing schedule to allow sufficient time for Plaintiff to depose Defendant Garcia and incorporate his testimony into her opposition to Defendants' Motion for Summary Judgment.

DATED:  November 6, 2023                GREENBERG GROSS LLP

By: */s/ Daniel S. Cha*
Daniel S. Cha
Eckley M. Keach III
Attorneys for Plaintiff SOCHIL MARTIN

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 6, 2023.

                                                    */s/ Crystal Rose*
                                                    CRYSTAL ROSE