DANIEL S. CHA, State Bar No. 260256
  *DCha@GGTrialLaw.com*
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
  EK*each@ggtriallaw.com*
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  *MReck@AndersonAdvocates.com*
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, et al.,<br><br>        Defendants. | Case No. 2:20-cv-01437-FWS-AS<br>Judge:   Hon. Fred W. Slaughter<br>Courtroom:   10D<br><br>**DECLARATION OF DANIEL S. CHA IN SUPPORT OF *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Ex Parte Application for Extension to Time; Declaration of Daniel S. Cha]*<br><br>Action Filed:   February 12, 2020<br>Trial Date:      April 23, 2024 |

///

///

I, Daniel S. Cha, declare as follows:

1. I am an attorney, duly licensed to practice law in the State of California. I am an attorney with the law firm of Greenberg Gross LLP, counsel of record for Plaintiff Sochil Martin ("Plaintiff"). The facts stated herein are within my personal knowledge and if called upon to testify, I can truthfully and competently do so as to all matters herein.

2. On April 10, 2023, I reached out to Defendants' counsel to meet and confer regarding the scheduling of García's deposition, consistent with this Court's April 6, 2023 Order granting Plaintiff leave to take the deposition in custody.

3. A day prior to the Court's April 6, 2023 Order, Defendants' counsel Reed Aljian sent a meet-and-confer correspondence regarding García's intention to file a motion for stay of the entire action, including discovery, under 18 U.S.C. § 1595(b)(2) (mandating a stay of a civil action involving trafficking claims during the pendency of criminal actions, including investigation and prosecution), based on media statements regarding the existence of ongoing federal investigations.

4. I discussed the April 5, 2023 meet-and-confer letter with Defendants' counsel during the April 12, 2023 zoom conference, and Defendants' counsel stated they objected to scheduling García's deposition until the matter could be resolved.

5. On May 19, 2023, I conferred over zoom with Defendants' counsel, and I informed García's counsel of the confirmed federal criminal investigation, and Plaintiff's resulting concession for a stay under 18 U.S.C. § 1595(b)(2).

6. García's counsel Mr. Aljian stated he would need to confer with Defendants to see if they still wanted to seek a stay, and he would need until the second week of June to respond.

7. Defendants' counsel thereafter asked for more information regarding the federal investigation in order to take a position on the stay, noting that the stay would be appropriate only if the investigation involved the same occurrences/victims as in the civil case to be stayed.

8. On May 30, 2023, I had a further conversation with the AUSAs, confirming permission to identify HSI as the initial investigating agency, but no further information regarding the federal criminal investigation was provided.

///

9. On June 1, 2023, I informed García's counsel that the investigation specifically related to HSI, but that Plaintiff had not been provided further investigation regarding the scope or timeline of the investigation.

10. On June 16, 2023, the parties' counsel further met and conferred to discuss the potential stay and García's counsel contended that the current state of the information did not justify a stay under the statute.

11. Also on June 16, 2023 we also discussed the scheduling of the depositions of Plaintiff and of García, and García's counsel stated he would get back to Plaintiff's counsel about García's amenability to be deposed the week of July 24.

12. On June 20, 2023, I followed up via email regarding that timeframe.

13. On June 27, 2023, García's counsel stated the last week of July would not work, and suggested "early August."

14. On July 3, 2023, Plaintiff's counsel proposed August 8-10, 2023.

15. Despite having initially proposed "early August," on July 6, 2023, García's counsel noted that there was a conflict with La Luz del Mundo's Holy Supper celebration and proposed the week of August 21, 2023.

16. On July 13, 2023, I confirmed the week of August 21, 2023 would work.

17. The original Notice of Taking the Deposition of Defendant Garcia setting it for August 24, 2023 noted audiovisual recording may be used, and was served on July 31, 2023.

18. After the prison said the date was not available and the parties agreed to August 30, 2023, Plaintiff on August 1, 2023 served the Amended Notice of Taking the Deposition of Defendant Garcia setting it for August 30, 2023.

19. On August 28, 2023, the parties met and conferred as to rescheduling Defendant Garcia's deposition due to the clearance issue. During the meet and confer, Mr. Aljian re-raised his objection to the use of video recording the deposition. I reiterated that Plaintiff would not agree not to videorecord the deposition.

20. On August 31, 2023, I caused to be served a Second Amended Notice of Taking the Deposition of Defendant Garcia (Third Notice), with a deposition date of September 18, 2023.

21. On September 11, 2023, just one week before Defendant Garcia's deposition, Defendants' counsel Reed Aljian email served their portion of this Notice of Motion and L.R. 37-1 Joint Stipulation Re: Motion for Entry of Protective Order Regarding Deposition of Defendant Naason Joaquin Garcia ("Joint Stipulation").

22. On September 12, 2023, I sent an email to Mr. Aljian and pointed out the fact that Defendants' service of their portion of the Joint Stipulation on September 11, 2023 was prejudicial, because it did not permit sufficient time under the local rules to have it filed before the date of deposition, jeopardizing the ability to complete the deposition before the discovery cutoff. Accordingly, I asked for the parties to reach out immediately to the Magistrate Judge.

23. Mr. Aljian responded the same day in an email, including, "As to an IDC, I will get back to you."

24. The next day, September 13, 2023, Mr. Aljian stated in an email "Defendants are willing to participate in the IDC. However, it appears that the deposition will need to be moved to address the motion, whether via an IDC or otherwise."

25. I responded, at 11:30 a.m. "Given the difficulties involved in rescheduling the facility, would you be willing to have us reach out to the Magistrate this afternoon to see if she is available to see if we can resolve this before Monday?"

26. I followed up via email at 1:23 p.m. on reaching out to the Magistrate directly.

27. At 4:44 p.m., Mr. Aljian stated in an email "the deposition is not proceeding on that date unless the objection to the method of recording is resolved."

28. I responded at 5:30 p.m., pointing out the unreasonable procedural delay of Defendants and insisted the deposition should move forward as noticed.

29. As a result of Mr. Aljian's refusal to proceed with the deposition, I attempted to reschedule Defendant Garcia's deposition, and the earliest date that I could obtain following the motion for protective order was November 15, 2023.

30. Defendant Garcia's deposition is necessary and essential to Plaintiff's case. The nature of the questions that will be presented to Garcia involve all aspects of the case, including the allegations raised in the complaint.

31.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Dated this 6th day of November 2023 at Costa Mesa, California.

By:    */s/ Daniel S. Cha*
        Daniel S. Cha

-5-    Case No. 2:20-cv-01437-FWS-AS

DECLARATION OF DANIEL S. CHA IN SUPPORT OF EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 6, 2023.

*/s/ Crystal Rose*
CRYSTAL ROSE