Reed Aljian (State Bar No. 211010)
  *ra@dallp.com*
Justin E.D. Daily (State Bar No. 209772)
  *jd@dallp.com*
Simon Kwak (State Bar No. 296362)
  *sk@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:  949.861.2524
Facsimile:   949.269.6364

Attorneys for Defendants named as LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASON JOAQUIN GARCÍA, an individual.

*Additional counsel on following page*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LA LUZ DEL MUNDO (LLDM), an unincorporated association, et al.<br><br>　　　　　Defendants. | CASE NO.:  2:20-CV-01437-FWS (ASx)<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Discovery Cutoff:　September 29, 2023<br>Pretrial Conf.:　　 March 14, 2024<br>Trial Date:　　　 April 23, 2024 |

Alan Jackson (SBN 173647)
 ajackson@werksmanjackson.com
Caleb Mason (SBN 246653)
 cmason@werksmanjackson.com
WERKSMAN JACKSON & QUINN LLP
888 W 6th St, Fourth Floor
Los Angeles, CA 90017

Attorneys for Defendant
NAASON JOAQUIN GARCIA, an individual


Ethan J. Brown (SBN 218814)
 ethan@bnsklaw.com
Geoffrey A. Neri (SBN 258802)
 geoff@bnsklaw.com
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Blvd., Suite 2080
Los Angeles, California 90025
Telephone:  (310) 593-9890
Facsimile:  (310) 593-9980

Attorneys for Defendants
COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA)

DAILY ALJIAN LLP
Newport Beach, California

# OPPOSITION MEMORANDUM

Defendants named as La Luz del Mundo, an alleged unincorporated association, Communication Center Berea U.S.A. (erroneously sued as International Berea USA), and Naasón Joaquín García ("Mr. García") (collectively, "Defendants") hereby jointly submit this Memorandum of Points and Authorities in Opposition to Plaintiff's *Ex Parte* Application for Extension of Time to File Plaintiff's Opposition to Defendants' Motion for Summary Judgment (the "Application")

## I.  INTRODUCTION

Plaintiff applies *ex parte* for additional time to file her opposition to Defendants' Motion for Summary Judgment (the "MSJ") under Rule 56(d). Plaintiff claims the deposition of Defendant Garcia is necessary in order for her to respond to Defendants' pending MSJ. For the reasons stated herein, the Application is without merit and Defendants hereby request that the Application be denied.

Failure to comply with the requirements of Rule 56(d) is proper grounds to deny the request for additional time to take additional discovery before responding to a pending motion for summary judgment. Here, the Application entirely fails to satisfy the requirements under Rule 56(d). Neither the Application nor the supporting declaration of Plaintiff's attorney of record Daniel Cha identify any facts with particularly (or even generality) that Plaintiff expects to obtain at Mr. Garcia's deposition and how those facts could reasonably be expected to create a genuine issue of material fact that would defeat Defendants' MSJ. The MSJ seeks adjudication of the first through ninth claims for relief, arguing that each of those claims is time barred. All of the facts that are material and necessary to address the MSJ are within Plaintiff's personal knowledge; indeed, the facts supporting the MSJ were all taken directly from Plaintiff's own admissions at her own depositions in this case. All of them involve the date and time that Plaintiff claims various events took place in her

life, all of which she has personal knowledge of. For purposes of the MSJ, Mr. Garcia's testimony is irrelevant. Indeed, the mere fact that Plaintiff fails to identify any facts that she could obtain from Mr. Garcia proves her request for more time is without merit and is nothing more than an effort to delay the MSJ from being heard timely. Indeed, it appears to be nothing more than a transparent effort to delay judgment being entered against her in advance of various upcoming dates, including the January 4, 2024 private mediation return date (as ordered by the Court, per the Court's operative Scheduling Order). If there were facts Plaintiff reasonably expected to obtain that would defeat the MSJ (or otherwise even arguably create a genuine issue of fact, and there are none), Plaintiff would at least try to identify them. She has not. She has entirely failed to identify any facts that might make any difference, which is required under Rule 56(d) to obtain further time and additional discovery. For that reason, the Application should be denied.

Furthermore, almost the entire Application addresses Plaintiff's alleged due diligence in seeking the deposition of Mr. Garcia and Defendants' alleged efforts to obstruct those efforts. However, Plaintiff completely fails to acknowledge a key fact. Specifically, Plaintiff could have deposed Mr. Garcia long ago. Mr. Garcia was prepared to appear for deposition as recently as September 18, 2023. However, Plaintiff insisted that the deposition be recorded by video. Mr. Garcia reasonably objected based upon, among other things, his Constitutional right to a fair trial. Mr. Garcia attempted to resolve the matter informally, offering to appear if Plaintiff agreed to withdraw the demand for recordation by video. Plaintiff refused, probably because she had ulterior motives (*e.g.*, so she could use that video for purposes other than use in this lawsuit, as was asserted in support of the Motion for Protective Order – indeed, there is no dispute that Plaintiff has actively litigated this case in the press, including repeated press conference, television interviews, documentaries, etc.). Plaintiff's refusal to agree to take the deposition by stenographic means only forced

Defendants to move for a Protective Order. The Magistrate granted the Protective Order, holding that the deposition may only be recorded by stenographic means. (Dkt. No. 240.) Rather than proceed immediately with the deposition, and per the Magistrate's Order, Plaintiff waited two more weeks and then finally applied *ex parte* with this Court, hoping to overturn the Magistrate's Order. (Dkt. No. 243.) This Court denied that request. (Dkt. No. 246.) Simply stated, Plaintiff has not deposed Mr. Garcia because of her own tactical decisions. If she had agreed to proceed by stenographic means, Mr. Garcia would have appeared months ago and the deposition would be complete. She cannot now blame Defendants for her tactical decisions and outcome of those decisions. That notwithstanding, the deposition is irrelevant. Moreover, Plaintiff's Application completely fails to satisfy her burden under Rule 56(d) – she does not explain why Mr. Garcia's deposition is actually necessary to respond to the MSJ and she does explain what fact she will or may obtain that would create a genuine issue to defeat that the MSJ. The reason is transparent – Plaintiff cannot, in good faith, come up with anything that she could obtain from Mr. Garcia that will defeat the MSJ. If she could identify any facts that would satisfy her legal requirements, she would have.

## II. DISCUSSION

### A. Legal Standard

Plaintiff's Application seeks further discovery – to depose Mr. Garcia – and an extension of time under Rule 56(d) of the Federal Rules of Civil Procedure. (Appl., 7:25.) Rule 56(d) requires affidavits setting forth the particular facts expected from the movant's discovery. Fed. Rules Civ.Proc., Rule 56. Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment. *Brae Transportation, Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir.1986). The opposing party must <u>explain with particularity</u> why it is unable to oppose the motion, <u>state with specificity</u> what facts

it intends to seek through discovery, and <u>show how its discovery efforts are reasonably expected to create a triable issue</u>. *See In re Silicon Graphics Litigation,* 183 F.3d 970, 989 (9th Cir.1999); *Keebler Co. v. Murray Bakery Products,* 866 F.2d 1386, 1389 n. 5 (Fed.Cir.1989). Plaintiff has not satisfied those requirements, and she cannot.

### B.     Plaintiff Has Not Satisfied Rule 56(d), and Cannot Do So.

Plaintiff's Application is supported by the declaration of her attorney of record Daniel Cha. The declaration contains 30 paragraphs, most of which deal with the history of alleged "diligence" in attempting to depose Mr. Garcia. Only one paragraph addresses why the deposition is allegedly necessary. (Cha Decl., ¶30.) That paragraph, which is the final paragraph of the declaration, states as follows: "Defendant Garcia's deposition is necessary and essential to Plaintiff's case. The nature of the questions that will be presented to Garcia involve all aspects of the case, including the allegations raised in the complaint." (*Id*.) Clearly, these conclusory allegations are not sufficient to grant the Application.

The Application itself provides no greater specificity or particularity, claiming: "Plaintiff's counsel intends to examine…regarding Defendant Garcia's exploitation of Plaintiff for her labor and services, including sexual services, his sexual abuse, physical harm, and threats against Plaintiff, his authority within La Luz Del Mundo and Berea organizations and the alleged RICO enterprise, and his control over Plaintiff, La Luz Del Mundo, Berea, and its employees and followers. In short, Plaintiff intends to depose Defendant Garcia on material issues of fact relevant and material to all of the causes of action alleged in Plaintiff's complaint." (Appl., 8:13-20.) Mr. Cha might as well state he will depose Mr. Garcia regarding the lawsuit. These conclusory statements fail to provide any general or specific nexus between any <u>facts</u> he believes will be obtained and any of the arguments presented in the MSJ.

The Application further claims: "Defendant Garcia's testimony will either confirm Plaintiff's allegations as undisputed facts (which may merit her own Motion for Summary Judgment), or counter the allegations and thereby demonstrate a clear dispute of material facts (which would undoubtedly be relevant to Plaintiff's opposition to Defendants' Motion for Summary Judgment). Even if the Court were to assume that Garcia would invoke the Fifth Amendment to every question, that in and of itself would result in factual inferences in favor of Plaintiff's versions of events." (*Id*., 8:21-27.)[1] The same defect exists. These conclusory statements fail to provide any nexus between any <u>facts</u> to any of the arguments presented in the MSJ.

In short, both the declaration and the Application fail, entirely, to identify the particular information to be obtained from Mr. Garcia and how that alleged information will somehow create a triable issue in opposition to the pending MSJ. The reason – because Plaintiff cannot satisfy that burden. There is no information that can be obtained from Mr. Garcia that will raise a triable issue as to the pending MSJ.

The MSJ seeks adjudication of the first through ninth causes of action: Involuntary Servitude (18 U.S.C. § 1584), Forced Labor (18 U.S.C. § 1589), Trafficking with Respect to Forced Labor or Involuntary Servitude (18 U.S.C. § 1590), Conspiracy to Violate the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1594), Obstructing Enforcement of the Trafficking Victims Protection Reauthorization Act (18 U.S.C. § 1590(b)), and Benefitting Financially from Trafficking in Persons (18 U.S.C. § 1593A), violation of the Federal Fair Labor

---

[1] Plaintiff contends that an assertion of the Fifth Amendment, if asserted, will necessarily lead to a factual inference. That contention is incorrect. Defendants will address that contention on the merits if it becomes relevant. Furthermore, Plaintiff claims she may move for summary judgment. However, her deadline to file that motion has lapsed.

Standards Act, 29 U.S.C. § 201 et seq., unpaid labor in violation of the California Labor Code, and Racketeering (18 U.S.C. § 1961 et seq.).

The MSJ asserts that every one of these causes of action is time barred by the relevant statute of limitations for each cause of action. All of the facts necessary to respond to the MSJ are facts within Plaintiff's knowledge and, indeed, the facts supporting the MSJ were taken directly from Plaintiff's own testimony (her own admissions) at her depositions in this action. These facts include what services Plaintiff allegedly performed, when Plaintiff claims she allegedly performed those services, when she claims she was allegedly harmed, when she became aware of the alleged harm, when she admits she discontinued providing services, when she admits she ended her membership in the LLDM faith (and, of course, why she claims she performed those services), when she fled this lawsuit, etc. None of these facts can be disputed because all of them were admissions obtained from Plaintiff at her deposition. Plaintiff has entirely failed to explain what information she would elicit from Mr. Garcia (or anyone else) that would materially dispute her own admissions. Further, she has completely failed to articulate how that information could possibly create a triable issue of fact in response to the pending MSJ.

## III.   CONCLUSION

Because Plaintiff has failed to satisfy the requirements of Rule 56(d), including failing to proffer an affidavit explaining with particularity why she is unable to oppose the motion, has failed to explain with specificity what facts she intends to seek and obtain at the deposition of Mr. Garcia, and has failed to explain how these facts would create a triable issue, the Application is legally without merit. For these reasons, Defendants request that the Application be denied, with prejudice.

| | |
|---|---|
| Dated: November 7, 2023 | **WERKSMAN, JACKSON & QUINN LLP** |
| | By: /s/ Alan Jackson |
| | Alan Jackson |
| | Caleb Mason |
| | Attorneys for Defendant |
| | NAASON JOAQUN |
| Dated: November 7, 2023 | **BROWN, NERI, SMITH & KHAN LLP** |
| | By: /s/ Geoff Neri |
| | Geoff Neri |
| | Attorneys for Defendant |
| | COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA) |
| Dated: November 7, 2023 | **DAILY ALJIAN LLP** |
| | By: /s/ Reed Aljian |
| | Reed Aljian |
| | Attorneys for Defendants |
| | LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASON JOAQUIN GARCÍA, an individual |

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on November 7, 2023.

Dated:  November 7, 2023          **DAILY ALJIAN LLP**

By:  /s/ Reed Aljian
     Reed Aljian
     Attorneys for Defendants
     LA LUZ DEL MUNDO, an alleged
     unincorporated association;
     COMMUNICATION CENTER BEREA
     U.S.A. LLC (erroneously sued as
     International Berea USA); and NAASON
     JOAQUIN GARCÍA, an individual

OPP. TO *EX PARTE* APPLICATION FOR EXTENSION TO FILE OPPOSITION TO MSJ

# PROOF OF SERVICE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CASE NAME:** *SOCHIL MARTIN v. LA LUZ DEL MUNDO, et al.*

I am employed in the City of Newport Beach, County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 Bayview Circle, Suite 5500, Newport Beach, California 92660. On **November 7, 2023,** I caused the foregoing document(s) to be served:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

on the following parties:

**SEE ATTACHED SERVICE LIST**

[X]   (BY EMAIL) The above-referenced document was transmitted by email via the Court's electronic service application.

[X]   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **November 7, 2023**, at Newport Beach, California.

　　　　　　　　　　　　　　　　　　　　*/s/* Reed Aljian
　　　　　　　　　　　　　　　　　　　　Reed Aljian

---

OPP. TO *EX PARTE* APPLICATION FOR EXTENSION TO FILE OPPOSITION TO MSJ

# SERVICE LIST

Daniel S. Cha
 DCha@GGTrialLaw.com
Eckley Keach
 ekeach@ggtriallaw.com
Crystal Rose
 crose@ggtriallaw.com
Amanda Despujol
 adespujol@ggtriallaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
 *Attorneys for Plaintiff SOCHIL MARTIN*

Michael Reck
 MReck@AndersonAdvocates.com
 cafiling@andersonadvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
 *Attorneys for Plaintiff SOCHIL MARTIN*

Alan J. Jackson
 ajackson@werksmanjackson.com
Caleb E. Mason
 cmason@werksmanjackson.com
**WERKSMAN JACKSON & QUINN LLP**
888 W 6th St, Fourth Floor
Los Angeles, CA 90017
 *Attorneys for Defendant NAASÓN JOAQUÍN GARCÍA*

Geoffrey A. Neri
 geoff@bnsklaw.com
**BROWN, NERI, SMITH & KHAN LLP**
11601 Wilshire Blvd., Suite 2080
 *Attorneys for Defendant* COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA)