_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:20-cv-01437-FWS-AS    Date: November 8, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*
_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:           Attorneys Present for Defendant:

Not Present                                Not Present

**PROCEEDINGS: ORDER GRANTING *EX PARTE* APPLICATION [263]**

Before the court is Plaintiff Sochil Martin's ("Plaintiff") *Ex Parte* Application for Extension of Time to File Plaintiff's Opposition to Defendants' Motion for Summary Judgment. (Dkt. 263 ("Application" or "App.").) Defendants La Luz del Mundo, an alleged unincorporated association, Communication Center Berea U.S.A., and Naasón Joaquín García (collectively, "Defendants") oppose. (Dkt. 264 ("Opposition" or "Opp.").) Based on the state of the record, as applied to the applicable law, the Application is **GRANTED**.[1]

*Ex parte* applications "are appropriate only in a narrow set of circumstances." *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001). "Evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party must establish that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 512 (C.D. Cal. 2019) (citations and internal quotation marks omitted).

_____

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: November 8, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

Additionally, the court has "broad discretion" on "matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). "Courts within this circuit consider the following four factors when evaluating whether to deny or grant a request for a continuance: (1) the extent of the moving party's diligence in preparing for the case for trial; (2) the usefulness of the continuance, or the likelihood that the need for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would inconvenience the Court, the opposing party, and the witnesses; and (4) the extent to which the moving party might suffer prejudice from the court denying the request for a continuance." *AK Futures LLC v. LCF Labs Inc.*, 2022 WL 18142530, at *1 (C.D. Cal. Dec. 15, 2022) (internal quotation marks omitted) (citing, *inter alia*, *United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. 1985)); *see also Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (applying the four-part test to civil case and noting the showing of prejudice is "mandatory").

Plaintiff submits that the court should continue the deadline to file her opposition to Defendants' motion for summary judgment to accommodate certain deposition testimony scheduled to be taken after the currently-scheduled deadline has passed. (App.) Defendants rely on asserted noncompliance with the proscriptions of Rule 56(d) in opposing the Application. (Opp.)

Based on the state of the record, as applied to the applicable law, including the prejudice Plaintiff stands to incur if Defendants' motion for summary judgment goes forward without a fully developed factual record, the minimal inconvenience the sought continuance imposes on the court, and Plaintiffs' diligence in moving for a continuance within a week of the court setting the hearing on the Defendants' motion for summary judgment on a date earlier than Defendants requested specifically, (*see* Dkt. 255 at 2), the court finds the record supports granting the Application. The court does not find noncompliance with Rule 56(d) warrants denying the Application. The court concludes the declaration of Plaintiff's counsel attached to the Application adequately demonstrates good cause why Plaintiff's counsel cannot obtain Defendant García's deposition testimony, a defendant in this case, prior to the presently scheduled hearing. *See Sukiasyan v. Target Corp.*, 2020 WL 1491372, at *3 (C.D. Cal. Mar. 27, 2020) ("To obtain postponement, the opposing party's declaration must show 'good cause;' that is, the specific reasons why such evidence was not discovered or obtained earlier in the

_____

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:20-cv-01437-FWS-AS | Date: November 8, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

proceedings.") (citing *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1101 (9th Cir. 2006)).

Accordingly, the Application is **GRANTED**.[2]  The court **ORDERS** as follows:

1. Plaintiff's opposition to Defendant's motion for summary judgment, if any, is due on or before December 14, 2023;
2. Defendants' reply in support of its motion for summary judgment, if any, is due on or before December 28, 2023;
3. Defendants' motion for summary judgment shall be heard on January 18, 2024.

**IT IS SO ORDERED.**

---

[2] The extension would require the court to set the motion for summary judgment past the scheduling order's expiration of the motions hearing date deadline, (Dkt. 237); it is not clear to the court that continuing a motion already noticed for a date within the confines of that order, as here, would implicate Rule 16(b) considering the motion is already set for calendar.  This case does involve a unique circumstance, however, which is that the court permitted Defendants to notice the motion for summary judgment on that date after the motion date was closed on account of the court's schedule.  (Dkt. 255.)  To the extent a continuance requires amendment of the scheduling order, the party must show "good cause" under Rule 16(b), which "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court "may take into account any prejudice to the party opposing modification," but the inquiry turns on diligence; if the moving party "was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (citation and internal quotation marks omitted).  If implicated, the court finds the Rule 16(b) standard is met here.