Reed Aljian (State Bar No. 211010)
 *ra@dallp.com*
Justin E.D. Daily (State Bar No. 209772)
 *jd@dallp.com*
Simon Kwak (State Bar No. 296362)
 *sk@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA 92660
Telephone: 949.861.2524
Facsimile: 949.269.6364

Attorneys for Defendants named as LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASÓN JOAQUÍN GARCÍA, an individual.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LA LUZ DEL MUNDO (LLDM), an unincorporated association, et al.<br><br>　　　　Defendants. | CASE NO.: 2:20-CV-01437-FWS (ASx)<br>Judge: Hon. Fred W. Slaughter<br>Courtroom: 10D (Santa Ana)<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO STAY CIVIL ACTION AND VACATE TRIAL RELATED DATES PENDING RESOLUTION OF CRIMINAL PROCEEDINGS**<br><br>Discovery Cutoff:　September 29, 2023<br>Other Disc. Cutoff:　November 16, 2023<br>Pretrial Conf.:　　　March 14, 2024<br>Trial Date:　　　　　April 23, 2024 |


Case 2:20-cv-01437-FWS-AS   Document 266   Filed 11/13/23   Page 2 of 14   Page ID #:5062

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Defendants named as La Luz del Mundo ("LLDM"), Communication Center Berea U.S.A. LLC (erroneously sued as International Berea USA) ("CCB"), and Naasón Joaquín García ("Mr. García") (collectively, "Defendants") hereby apply *ex parte* (the "Application") for a limited stay of the above-entitled civil action (the "Action") pending resolution of a parallel criminal indictment and attendant criminal proceedings in *United States v. García*, 2:23-cr-00521-FMO (C.D. Cal.) (the "Federal Criminal Action"), as follows:

1. An Order staying all discovery in this Action;
2. An Order vacating trial and all related dates; and
3. An Order keeping Defendants' Motion for Summary Judgment (the "Motion") on calendar and to be adjudicated on the merits unless Plaintiff establishes that any further discovery is <u>essential</u> to respond to the Motion and create a genuine issue of material fact, as required by law.

This is an identical type of stay (a discovery stay) to the one that the California Department of Justice sought from this Court in June 2020 (ECF No. 50), to which Plaintiff did not oppose, and that Judge Wright ultimately granted. (ECF No. 108 [Order Granting Mtn. to Intervene and Stay Discovery].)

**Defendant García's deposition is scheduled to commence on Wednesday, November 15, 2023, at 9 a.m. This Application seeks relief that impacts that deposition. To date, Mr. García has not been ordered to appear at deposition; however, Plaintiff has obtained an Order granting her the right to take Mr. García's deposition at his present location (although not by video). (*See* ECF Nos. 182, 240.)**

The Application is made on the grounds that a stay is necessary to protect Defendants' constitutional rights to a fair and impartial trial in this Action. As to Mr. García, if he answers questions presented and testifies in this action, prosecutors may (likely will) contend he has waived his Fifth Amendment rights in the pending


1
DFS.' *EX PARTE* APPLICATION TO STAY CIVIL ACTION AND VACATE TRIAL RELATED DATES
PENDING RESOLUTION OF CRIMINAL PROCEEDINGS

Criminal Action. If he does not respond and, instead, chooses to assert the Fifth Amendment at his deposition and at trial, Plaintiff undoubtedly will seek an adverse inference. This prejudices not only Mr. García, but also Defendants LLDM and CCB (collectively, the "Entity Defendants") because the adverse impact on Mr. García's assertion of his Fifth Amendment rights will prejudice the Entity Defendants' ability to meaningfully defend themselves if they are forced to proceed prior to the resolution of the Federal Criminal Action.

This Application is based upon this Notice, the Memorandum of Points and Authorities, the Declaration of Reed Aljian, the Declaration of Alan Jackson, all other pleadings and papers on file with the Court, and upon such further evidence, oral or documentary, as may be presented at or before the hearing on this Application.

Counsel for Defendants gave notice of this Application to Plaintiff's counsel via electronic mail on October 26, 2023, at 2:16 p.m. The parties met and conferred in writing and by video conference. After multiple communications, Plaintiff advised Defendants she would not stipulate to stay the matter and, instead, that she would oppose the request. (Declaration of Reed Aljian in Support, ¶ 5, Ex. C.) Contact information for counsel for Plaintiff is as follows: Daniel S. Cha, Greenberg Gross LLP, 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626, (949) 383-2800, dcha@ggtriallaw.com.

DATED: November 13, 2023     **DAILY ALJIAN LLP**

By:  /s/ Reed Aljian
Reed Aljian
Attorneys for Defendants named as
LA LUZ DEL MUNDO, an alleged
unincorporated association,
COMMUNICATION CENTER BEREA
U.S.A. LLC (erroneously sued as
INTERNATIONAL BEREA USA), and
NAASÓN JOAQUÍN GARCÍA

# **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | THERE IS GOOD CAUSE FOR *EX PARTE* RELIEF | 3 |
| III. | THE INTERESTS OF JUSTICE WARRANT A STAY | 5 |
|  | A. The Court has the Inherent Power to Grant the Requested Relief | 5 |
|  | B. The Adverse Impact to Mr. García's Fifth Amendment Rights Warrants a Stay. | 6 |
|  | C. The Prejudice to the Entity Defendants Arising from the Adverse Impact on Mr. García's Fifth Amendment Rights Warrants a Stay. | 7 |
|  | D. The Remaining *"Keating"* Factors Warrant a Stay. | 8 |
| IV. | CONCLUSION | 10 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendants named as La Luz del Mundo ("LLDM"), Communication Center Berea U.S.A. LLC (erroneously sued as International Berea USA) ("CCB"), and Naasón Joaquín García ("Mr. García") (collectively, "Defendants") are aware that *ex parte* applications "are appropriate only in a narrow set of circumstances." *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001). Such circumstances are now before this Court, and due to the exigent circumstances, Defendants respectfully request a ruling on this Application by 10:00 a.m. on Wednesday, November 15, 2023, which is the day that Plaintiff's deposition of Mr. García is set to commence at the California Institute for Men. (Declaration of Reed Aljian in Support ("Aljian Decl."), ¶ 3, Ex. A.)

Defendants move *ex parte* following the filing of a federal criminal indictment on October 25, 2023, charging Mr. García with two counts under 18 U.S.C. §§ 2251 and 2252A (the "Federal Criminal Action"). (Aljian Decl., ¶ 4, Ex. B; *Roberts v. Brown*, 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014) [noting stay requests as being significantly more compelling after indictment].)

This is the second time that overlapping criminal proceedings have been pending concurrently with this Action. Previously, the California Department of Justice ("DOJ") criminally charged Mr. García for alleged violations under the California Penal Code, including under Penal Code §§ 311.2(c) and 311.11(a). (*See* ECF No. 50-4, pp. 7-9 [Count 11], p. 13 [Counts 26-29].) After Plaintiff initiated this Action, the State of California moved to intervene and sought to stay civil discovery in this Action until the pending state criminal proceedings were resolved. (ECF No. 50.) In response, the Honorable Judge Wright, who previously presided over this Action, granted the State of California's motion and stayed all civil discovery, finding that the criminal proceedings involved "similar questions of law and facts at issue in this case." (ECF No. 108, pp. 6:19-20, 10:3-5.)

Now, the Federal Criminal Action presents the same set of circumstances that warranted the prior stay of civil discovery in this Action. The federal charges under 18 U.S.C. §§ 2251 and 2252A constitute the federal counterparts to the state criminal charges under Penal Code § 311.11(a). (*See U.S. v. Reinhart*, 893 F.3d 606, 609-10, 617-18 [referring to 18 U.S.C. §§ 2251, 2251A, 2252 as federal counterparts to Cal. Pen. Code § 311.11(a) and concluding for sentencing purposes that state statute encompasses broader conduct].) Moreover, Plaintiff specifically cites 18 U.S.C. §§ 2251 and 2252 in her complaint. (*See* ECF No. 1 [Pl.'s Compl.], ¶ 236.)

<u>Plaintiff intends to depose Mr. García on November 15, 2023</u>, and trial in this Action is set to begin on April 23, 2024. Absent a stay, Mr. García will be forced to invoke his Fifth Amendment privilege from which adverse inferences may be drawn at the risk of potentially incriminating himself in the Federal Criminal Action.[1] (Declaration of Alan Jackson in Support ("Jackson Decl."), ¶¶ 3-4.) The adverse impact on Mr. García's Fifth Amendment rights also substantially prejudices LLDM and CCB's ("the Entity Defendants") ability to defend themselves against Plaintiff's claims. (*See Delphi Connection Sys., LLC v. Koehlke Components, Inc.*, 2012 WL 12895670, at *2 (C.D. Cal. Oct. 17, 2012) [finding corporate entity will be prejudiced where key witness will invoke Fifth Amendment rights in light of criminal case involving similar nucleus of facts in civil case].)

In circumstances where an individual faces a civil and criminal proceeding under the circumstances Mr. García faces here, that individual faces a serious predicament. If Mr. García testifies or presents evidence in Plaintiff's civil action, it may be deemed a waiver of his Fifth Amendment privilege and, therefore, he could be compelled to testify in the Federal Criminal Action. However, if he asserts his Fifth Amendment rights in this civil action, Mr. García may be severely prejudiced.

---

[1] The extent to which any specific negative inferences may be drawn from the assertion of the Fifth Amendment privilege in this Action is not at issue here. Defendants do not concede the issue and reserve the right to address the matter at a more appropriate proceeding.

He may be precluded from mounting a defense. Further, he may suffer from the unfair inference that he committed the acts alleged in Plaintiff's complaint. As one California state court has analogized, the parallel proceedings place Mr. García "between the Scylla of providing testimony in [his] own defense that may be incriminatory and the Charybdis of losing the case by asserting his Constitutional rights and remaining silent." (*Blackburn v. Superior Court*, 21 Cal.App.4th 414, 424 (1993). This is fundamentally unfair and unjust. Public policy favors – demands – the adjudication of civil disputes on their merits, and "the public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases." (*Douglas v. United States*, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) [citation and quotation omitted].) If this civil action proceeds against Mr. García (and the Entity Defendants), and Mr. García exercises his Constitutional Rights (as he has been instructed to do), this matter will not be resolved on the merits.

Therefore, to avoid this unfair result and to allow the matter to resolve on its merits, good cause exists to grant Defendants' Application for an Order (1) staying all discovery in this Action and (2) vacating trial and all related dates.

However, Defendants' Motion for Summary Judgment ("MSJ") should remain on calendar to be decided on the merits because no further discovery is needed to decide that motion. Plaintiff has testified. The MSJ focuses upon the fact that Plaintiff's claims are barred by the relevant statute of limitations. Nothing could be obtained at deposition from Mr. García that could or would impact the statute of limitations issues. And, to date, Plaintiff has failed to provide any explanation why Mr. García's testimony would be essential to oppose the MSJ, other than making the conclusory statement to that effect.

**II.    THERE IS GOOD CAUSE FOR *EX PARTE* RELIEF.**

To determine whether a moving party is entitled to *ex parte* relief, courts employ a two-part test: the moving party must show (1) that its "cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed

motion procedures" and that the moving party is "without fault in creating the crisis that requires *ex parte* relief . . . ." (*Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 512 (C.D. Cal. 2019) [citations and internal quotation marks omitted].)

Here, Defendants' constitutionally guaranteed privilege against self-incrimination and rights to a fair and impartial trial will be irreparably prejudiced if this Application is heard according to regular noticed procedures. On October 11, 2023, Plaintiff served her Third Amended Notice of Taking Deposition of Defendant Naason Joaquin García, which set the deposition for November 15, 2023. (Aljian Decl., ¶ 3, Ex. A.) Two weeks later, on October 25, 2023, the Criminal Action was filed in the Central District of California, charging Mr. García with two counts under 18 U.S.C. §§ 2251 and 2252A. (*Id.* at ¶ 4, Ex. B.) As explained in the Introduction, the Federal Criminal Action implicates overlapping issues of law and fact as in this Action. The same exact circumstances were present during the pendency of state criminal proceedings against Mr. García when Judge Wright previously ordered a stay of this Action. (*See* ECF. No. 108.) The prior criminal matter did not include any reference to Ms. Martin. (*See* ECF No. 50-4.) The complaining parties in that indictment were different persons. (*Id.*) However, the Court concluded that the matters substantially overlapped, involving related facts and law. (*See* ECF No. 108.) Although the issue was not specifically briefed in relation to the prior stay, here, the prejudice against Mr. García's Fifth Amendment rights adversely impacts Defendants' ability to defend against Plaintiff's claims.

Even if Defendants had filed a regularly noticed motion on the day of the indictment seeking a stay of the Action, the earliest possible hearing date would have been November 22, 2023, which is after the November 15, 2023, deposition of Mr. García. (Aljian Decl., ¶¶ 6-7.) As such, Defendants will be irreparably prejudiced absent *ex parte* relief.

///

Moreover, Defendants were not the cause of the instant emergency. While Plaintiff and her counsel alleged the existence of ongoing criminal investigations, the circumstances necessitating Defendants' request for a stay did not substantially materialize until after the filing of the Federal Criminal Action on October 25, 2023. (*Id.* at ¶¶ 6, 8-12; *see Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ["[T]he case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened."].)

Thus, good cause exists to grant the requested relief on an *ex parte* basis.

## III.   THE INTERESTS OF JUSTICE WARRANT A STAY.

### A.   The Court has the Inherent Power to Grant the Requested Relief.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." (*Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum*, No. 2:09-cv-0954, 2009 WL 2136986, at *1 (C.D. Cal. July 15, 2009) ["*Triduanum*"].)

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course of the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before it.

(*Triduanum*, 2009 WL 2136986, at *1 [quoting *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)].) Thus, it is well recognized that a court may, in its discretion, stay civil proceedings when the interests of justice so require." (*Keating v. Office of Thrift Supervision* 45 F.3d 322, 324 (9th Cir. 1995).

Although not required by the Constitution, a district court may stay the civil proceedings or postpone civil discovery pending the outcome of parallel criminal proceedings (as this Court did previously during the pendency of the prior state action). (*Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

/ / /

/ / /

The decision whether to grant a stay under such circumstances requires courts to first consider the "extent to which the defendant's fifth amendment rights are implicated." (*Keating*, 45 F.3d at 324; *Continental Ins. Co. v. Cota*, 2008 WL 4298372, at *2 (N.D. Cal. Sept. 19, 2008) [stating that the extent to which Fifth Amendment rights are implicated by a civil proceeding is the *first consideration* when revaluating a stay request].)

Additional factors, referred to as the "*Keating*" factors, include: (1) the interest of the plaintiff in proceeding with the litigation and the potential prejudice of delay; (2) the burden which the proceeding may place on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of third-parties to the civil action; and (5) the interest of the public in the pending civil and criminal litigation. (*Keating*, 45 F.3d at 324-25.)

Each of these factors favors issuance of a stay.

**B.    The Adverse Impact to Mr. García's Fifth Amendment Rights Warrants a Stay.**

Courts have found that "there is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both" civil and criminal cases. (*Roberts v. Brown*, No. 2:13-CV-07461 ODW (JCx), 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014) [listing cases].) If a civil litigant asserts their Fifth Amendment right, then "an adverse inference can be drawn against him." (*ESG Capital Partners LP v. Statos*, 22 F.Supp.3d 1042, 1046 [relying on *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000)].) On the other hand, "if he cooperates with discovery in the civil case or gives incriminating testimony, it can be used against him in the criminal trial." *Id.*

Here, Mr. García was indicted on two counts under 18 U.S.C §§ 2251 and 2252A. Additionally, there is a substantial degree of overlap between the facts alleged in Plaintiff's Action and the Federal Criminal Action. (*See* ECF No. 108

["The criminal proceeding against García involves similar questions of law and fact at issue in this case."]; *Reinhart*, 893 F.3d at 609-10 [referring to 18 U.S.C. §§ 2251, 2251A, 2252 as federal counterparts to Cal. Pen. Code § 311.11(a)].)

Further, a stay is appropriate to the extent civil proceedings may expand the scope of criminal discovery beyond the limits of the Federal Rules of Criminal Procedure, expose defense strategies to the prosecuting authorities, or otherwise prejudice the case. (*See Triduanum*, 2009 WL 2136986, at *2 [citing *Sec. & Exc. Comm'n v. Dresser Indus., Inc.* 628 F.2d 1368, 1376].) These concerns are particularly relevant here, as any information or testimony procured during discovery in Plaintiff's Action (whether by Mr. García or others) will be directly relevant to the Federal Criminal Action, which may prejudice Mr. García.

Because Plaintiff's Action and the Federal Criminal Action are based on overlapping factual and legal issues, there can be no question that Mr. García's Fifth Amendment rights are implicated and will be adversely impacted. As such, this factor weighs heavily in favor of granting the stay.

### C. The Prejudice to the Entity Defendants Arising from the Adverse Impact on Mr. García's Fifth Amendment Rights Warrants a Stay.

A stay also is appropriate where the Fifth Amendment rights of an individual will prejudice another's ability to meaningfully defend itself in a civil action. When a defendant's main witnesses are likely to invoke their Fifth Amendment rights, it "will certainly hinder [the defendant's] defense in a substantial way." (*Delphi*, 2012 WL 12895670, at *2; *see also Triduanum*, 2009 WL 2136986, at *3 [explaining that, while corporate defendant did not have Fifth Amendment rights, the Fifth Amendment rights of its director prejudiced corporate defendant's ability to meaningfully defend itself].)

Plaintiff identifies Mr. García as a key witness. Plaintiff's ability to hold the Entity Defendants liable is dependent on Plaintiff proving the necessary predicate violations Mr. García is alleged to have committed. (*See* ECF No. 263, p. 2:5-9

["Defendant García's deposition is essential and extremely significant to Plaintiff's case . . . ."].) As such, the Entity Defendants will not be able to fully respond to the allegations and meaningfully defend themselves against Plaintiff's claims. Thus, this factor also weighs heavily in favor of granting a stay as to LLDM and CCB.

### D. The Remaining *Keating* Factors Warrant a Stay.

The first *Keating* factor requires the Court to consider "the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay." (*Keating*, 45 F.3d at 325.)

Plaintiffs generally prefer to proceed expeditiously in litigation and delays are generally considered prejudicial. However, this Plaintiff has proven different. Indeed, she did not oppose the prior request to intervene and request for discovery stay by the DOJ. (*See* ECF No. 108, p. 4:3 ["Plaintiff does not oppose the Motion."].) Given the fact that she previously had no objection to a stay, and the obvious prejudice to Mr. García and the Entity Defendants if no stay is entered, the first factor weighs in favor of a stay.

Under the second *Keating* factor, courts analyze "the burden which any particular aspect of the proceedings may impose on defendants." (*Keating*, 45 F.3d at 325.) Here, and as explained above, Defendants will be substantially prejudiced if they are compelled to proceed with this Action given the pendency of the Federal Criminal Action. Mr. García would have to choose between invoking his Fifth Amendment privilege and the negative inferences that may be drawn from invoking such rights, thereby prejudicing his ability to defend himself on almost every aspect of questioning during his deposition. (*See id.* at 326.) Moreover, Plaintiff's Action has the potential for expanding the scope of the Federal Criminal Action and negatively impacts Mr. García's ability to defend himself in either action. (*See Triduanum*, 2009 WL 2136986, at *2 [citing *Sec. & Exc. Comm'n v. Dresser Indus., Inc.* 628 F.2d 1368, 1376].) Additionally, the Entity Defendants would be forced to proceed with the case without the testimony of a key witness. (*See* ECF No. 263, p.

2:5-9 ["Defendant García's deposition is essential and extremely significant to Plaintiff's case . . . ."].) Thus, the prejudice to Defendants weighs in favor of a stay.

Under the third *Keating* factor, courts determine whether a stay will impact "the convenience of the court in the management of its cases, and the efficient use of judicial resources." (*Keating*, 45 F.3d at 325.) Here, it is unlikely that compelling the testimony of Mr. García at deposition or at trial would lead to an efficient outcome. (*See Jones v. Conte*, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) ("Staying the case makes efficient use of judicial resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination."). Even limiting the scope of Mr. García's deposition will not lead to an efficient use of judicial resources. Defendants' counsel will need to scrutinize the examination on a question-by-question, and any dispute will necessarily require the Court to expend resources resolving such disputes, including, but not limited to, whether specific questions are within the permitted scope, concern overlapping issues in the Federal Criminal Action, and implicate Fifth Amendment issues. Thus, the interest of judicial economy weighs in favor of a stay.

The fourth *Keating* factor requires courts to assess the "interests of persons not parties to the civil litigation." (*Keating*, 45 F.3d at 325.) Plaintiff's Action asserts claims and seeks to recover damages on her own behalf and no other third party. Therefore, Defendants' requested relief does not implicate the interests of any persons not parties to Plaintiff's Action, and tilts this factor in favor a stay.

Lastly, the fifth *Keating* factor requires courts to analyze "the interest of the public in the pending civil and criminal litigation." (*Id.* at 325.) "The public has an interest in ensuring that the criminal process is not subverted by ongoing civil cases." (*Douglas v. United States*, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006).) Here, Plaintiff and her counsel have went to great lengths to drum up significant public interest in past and present criminal proceedings against Mr. García, including

Plaintiff's own claims asserted against Defendants. (Aljian Decl., ¶¶ 8-12.) "In such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights." (*Keating*, 45 F.3d at 326.) Thus, the final *Keating* factor, along with each of the foregoing factors, weighs in favor of a stay.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the instant *Ex Parte* Application and issue an Order (1) staying all discovery in the Action, (2) vacating trial and all related dates; and (3) keeping Defendants' Motion for Summary Judgment on calendar and to be adjudicated subject to a showing by Plaintiff that further discovery is *essential* to respond to the summary judgment motion and create a genuine issue of material fact, as required by law.

DATED:  November 13, 2023          **DAILY ALJIAN LLP**

By:   /s/ Reed Aljian
      Reed Aljian
      Attorneys for Defendants named as
      LA LUZ DEL MUNDO, an alleged
      unincorporated association,
      COMMUNICATION CENTER BEREA
      U.S.A. LLC (erroneously sued as
      INTERNATIONAL BEREA USA), and
      NAASÓN JOAQUÍN GARCÍA

DAILY ALJIAN LLP
Newport Beach, California