DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
ECLKEY M. KEACH, III, (*admitted pro hac vice*)
  EKeach@ggtriallaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, INTERNATIONAL BEREA USA, an unincorporated association,<br><br>　　　　Defendants. | Case No. 2:20-cv-01437-FWS-AS<br>Judge:　Hon. Fred W. Slaughter<br>Courtroom:　10D<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY CIVIL ACTION AND VACATE TRIAL RELATED DATES PENDING RESOLUTION OF CRIMINAL PROCEEDINGS**<br><br>Trial: April 23, 2024 |

Case No. 2:20-cv-01437-FWS-AS

PLAINTIFF'S OPPOSITION TO DEFENDANT EX PATE APPLICATION TO STAY CIVIL ACTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

For years, Plaintiff suffered incredible physical, psychological and emotional harm at the hands of Defendants. After finally breaking free from the Defendants', she mustered the courage to hold Defendants accountable for their heinous treatment by advocating for justice through the criminal justice system and by by way of her present civil RICO lawsuit. Defendants have taken pains repeatedly to delay Defendant Garcia's deposition outright and now, on the eve of Defendant Garcia's deposition, Defendants seek an indefinite stay of proceedings to obstruct Plaintiff from meaningful access to justice. Plaintiff is entitled to have her day in court. Given the breadth of Defendant García's documented and alleged misconduct, he will essentially forever face the prospect of future criminal prosecution. His right to invoke the Fifth Amendment cannot be used as a shield indefinitely to deny Plaintiff or other litigants their right to proceed to trial. As the saying goes, "Justice delayed is justice denied." This Court should exercise its discretion to deny Defendants' *ex parte* application in full.

## II. THE PROCEDURAL POSTURE OF THIS CASE IS DIFFERENT NOW THAN WHEN THE COURT PREVIOUSLY GRANTED A STAY OF PROCEEDINGS

Defendants' attempt to identify parallels between the circumstances surrounding the prior stay in this case related to the prior state criminal proceedings, and the present posture of the case in light of the current federal criminal proceedings, is unavailing. At the time that the court issued its original stay, Defendant Garcia was not yet a convicted felon. Plaintiff had intended to call the "Jane Doe" survivors who were the subjects of the state criminal proceedings to establish certain facts relevant to Plaintiff's RICO and other claims. Since then, García pleaded guilty to several federal counts of sexual misconduct with several of the "Jane Doe" survivors and García was convicted and sentenced to state prison. In

other words, at the time that the prior stay was *initiated by the State of California*, there was a legitimate concern that discovery, particularly involving the "Jane Does," in Plaintiff's case could interfere with the state's prosecution of García.

As the Court is aware, Defendant Garcia pleaded guilty to several counts in the California State criminal case, he was convicted, and is now serving his sentence at the California Institution for Men in Chino. In discovery in this action, Defendants recently sought to depose the "Jane Doe" survivors, and they moved to quash. Pursuant to a number of informal discovery conferences with the Magistrate Judge, the Magistrate Judge found there to be good cause for limited discovery based on Plaintiff's prior asserted intent to call them as witnesses at trial, and ordered the use of interrogatories to balance the "Jane Does'" interests in privacy and avoiding undue burden/harassment.

Upon the initiation of federal criminal proceedings and Defendants' meet and confer on the issue of stay, Plaintiff has elected to agree not to call the "Jane Doe" survivors as witnesses at trial. Plaintiff is willing to stand on Defendant Garcia's conviction in the state criminal case. To the extent that the current federal criminal proceeding relates to Defendant Garcia's victimization of the "Jane Doe" survivors, Plaintiff intent not to call them as witnesses means there is no substantial risk of interference with the federal criminal proceeding.

Consequently, this Court should not grant Defendants' ex parte application on the basis that the present circumstances are factually similar to those underlying the preceding stay.

### III. THERE IS NO GOOD CAUSE TO JUSTIFY WHAT WOULD EFFECTIVELY BE AN INDEFINITE STAY OF PLAINTIFF'S CIVIL CASE

On October 11, 2023, Defendant Garcia was on notice that his deposition was scheduled to be taken on November 15, 2023 (pursuant to leave of this Court). On October 25, 2023, the United States unsealed its indictment of

Defendant Garcia. Defendant Garcia then waited until November 13, 2023, *less than two days before his deposition*, to file this pending *ex parte* application to stay civil proceedings (except Defendants' pending partial summary judgment motion). In demonstrating good cause for *ex parte* relief, the moving party must demonstrate that it is "without fault in creating the crisis that requires *ex parte* relief. . ." *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 512 (C.D. Cal. 2019) (cleaned up).

Whether or not García could have filed a motion on regular 28-day notice, there is no sufficient explanation for waiting until the eve of his deposition. There is nothing that precluded Defendants from seeking *ex parte* relief at any time before the deposition, for an abbreviated briefing schedule. The delay in seeking *ex parte* relief has served merely to prejudice Plaintiff in her ability to respond fulsomely to the request. Nothing has changed between October 25, 2023, when the United States issued its indictment against Defendant Garcia, and today, *except* that this Court modified the briefing schedule on Defendants' motion for summary judgment to allow Plaintiff to depose Defendant Garcia in support of the preparation of her opposition. Defendants' strategy seems to contemplate not just a stay, but amounts to an improper back-door attempt to revisit the Court's decision to grant Plaintiff's request for more time to oppose the partial summary judgment motion.

Moreover, while Defendant Garcia has a constitutional right to a fair trial, including mounting a defense, and the right not to be compelled to incriminate himself, he does not have a constitutional right to an indefinite stay of wholly separate civil proceedings. As noted previously, separate and apart from the federal criminal proceedings now pending against him, there has been an active federal investigation by the Department of Homeland Security's Homeland Security Investigations division. In other words, Defendant Garcia's may assertedly intend to invoke the Fifth Amendment not only in response to the currently pending federal criminal prosecution, but indefinitely. At some point, the balance of interests requires that he be put to the choice of invoking the Fifth Amendment and facing

whatever adverse consequences that may flow from that choice in this civil proceeding.

It is patently untenable to suggest, as Defendants do, that criminal charges automatically afford a stay of civil proceedings.

### IV. SHOULD THIS COURT GRANT DEFENDANTS' REQUEST FOR AN STAY PENDING THE CURRENT PENDING FEDERAL CRIMINAL PROCEEDING, THE STAY SHOULD APPLY TO THE MOTION FOR SUMMARY JUDGMENT

Central to Defendants' application is their request that this Court stay the deposition of Defendant Garcia along with trial and all other dates. Incredulously, despite Defendants' request, Defendants assert that this Court should nonetheless move forward on hearing and ruling on Defendants' motion for partial summary judgment. Defendants cannot have their cake and eat it too. At the outset, this Court previously granted Plaintiff's *ex parte* application to extend the briefing schedule for Defendants' motion for summary judgment precisely so that Plaintiff could depose Defendant Garcia in aid of her opposition. Defendants baselessly assert that this Court should now issue a contradictory order to hear the motion for summary judgment without Plaintiff's ability to depose Defendant Garcia.

This Court should decline to entertain Defendants' delayed and misguided request in its entirety. However, should this Court conclude that a stay is warranted, it should stay the *entire* case, including the briefings and hearing on the motion for summary judgment, so that Plaintiff can depose Defendant Garcia and incorporate his responses into her opposition. While Plaintiff does not believe or agree that a stay is merited, if one the Court determines one is necessary, a stay of the entire proceedings is the only fair resolution. To rule otherwise would work nothing other than prejudice to Plaintiff.

/ / /

/ / /

## V. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendants' *ex parte* application in full.

DATED: November 14, 2023          GREENBERG GROSS LLP

By:    */s/ Daniel S. Cha*
      Daniel S. Cha
      Eckley M. Keach III
      Attorneys for Plaintiff SOCHIL MARTIN