UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:20-cv-01437-FWS-AS                                           Date: November 16, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                         Attorneys Present for Defendant:

Not Present                                              Not Present

**PROCEEDINGS: ORDER GRANTING *EX PARTE* APPLICATION TO STAY CASE [266], VACATING HEARING ON MOTION FOR SUMMARY JUDGMENT [258]**

Before the court is Defendants La Luz del Mundo, an alleged unincorporated association, Communication Center Berea U.S.A., and Naasón Joaquín García's (collectively, "Defendants") *Ex Parte* Application to Stay Civil Action and Vacate Trial Related Dates Pending Resolution of Criminal Proceedings. (Dkt. 266 ("Application" or "App.").) Plaintiff Sochil Martin ("Plaintiff") opposes the Application. (Dkt. 267 ("Opposition" or "Opp.").) Based on the state of the record, as applied to the applicable law, the Application is **GRANTED**.[1] The court's orders are stated at the end of this order in further detail.

*Ex parte* applications "are appropriate only in a narrow set of circumstances." *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001). "Evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party must establish that it is without fault in creating the crisis that requires *ex parte* relief, or

---

[1] The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:20-cv-01437-FWS-AS | Date: November 16, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

that the crisis occurred as a result of excusable neglect." *Flack v. Nutribullet, L.L.C.*, 333 F.R.D. 508, 512 (C.D. Cal. 2019) (citations and internal quotation marks omitted).

As an initial matter, the court is somewhat concerned by the timing of the instant Application. As Plaintiff notes, (*see* Opp. at 3-4), Defendant García's indictment was unsealed on October 25, 2023, (Dkt. 266-1 ¶ 4 & Exh. B), and the instant motion was not filed until November 13, 2023. While this timing does indicate *ex parte* relief may be warranted given the procedure for noticing motions in this District, *see* L.R. 6-1, it is somewhat concerning Defendants chose first to file for summary judgment on October 29, 2023, without indicating they would seek a blanket stay of proceedings, (*see* Dkt. 249; *see also* Dkt. 258 (motion filed November 2, 2023)). To be fair, Defendants have previously argued Defendant García's constitutional rights in his ongoing criminal proceedings could be prejudiced based on activities in this civil litigation, (*see, e.g.*, Dkt. 245 at 5), but this is not the same as availing the court of their intent to seek a stay of these proceedings for that reason, and the voluminous docket activity of late in this case suggests they had ample opportunities to do so. Still, given the date of the indictment, present briefing schedule on that motion for summary judgment, (Dkt. 265 at 3), the potential prejudice a defendant would incur on account of the court failing to impose a stay pending criminal proceedings (if warranted), and the fact the instant Application was filed within approximately twenty days of the indictment, the court finds it appropriate to consider the Application on its merits.

On the merits of the Application, Defendants assert the interests of justice favor a stay because proceeding in this litigation may adversely affect Defendant García's Fifth Amendment Rights, civil discovery in this matter may result in discovery in Defendant García's pending criminal case exceeding the limits of the Federal Rules of Criminal Procedure, and the balance of the burdens on the parties, court, and the public favors a stay. (App. at 5-10.) In opposing a stay, Plaintiffs focus on their argument that this case is in a different posture than it was when previously stayed pending criminal proceedings, an indefinite stay on the eve of Defendant García's deposition is unwarranted, and Defendants' argument their pending motion for summary judgment need not be stayed is meritless. (Opp. at 1-5.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-01437-FWS-AS   Date: November 16, 2023
Title: Sochil Martin v. La Luz Del Mundo *et al.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A stay is not a matter of right," but "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted).

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Id.* (citation and alterations omitted). "Nevertheless, a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id.* (cleaned up). To determine if such a stay is appropriate, the court "must consider the particular circumstances and competing interests involved." *S.E.C. v. Glob. Express Cap. Real Est. Inv. Fund, I, LLC*, 289 F. App'x 183, 191 (9th Cir. 2008) (citing *Keating*, 45 F.3d at 324-25). Additionally, the court "should generally consider" the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 325 (citation omitted).[2]

---

[2] Defendants address the *Keating* factors specifically, while Plaintiffs do not, (*compare* App., *with* Opp.), but the court has taken Plaintiff's stated concerns into consideration as they bear on these factors.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:20-cv-01437-FWS-AS | Date: November 16, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

The court concludes the relevant circumstances, competing interests, and *Keating* factors favor a stay.  Initially, Defendant García's federal indictment charges him with one count under 18 U.S.C. §§ 2251(a), (e) and a second count under 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).  (Dkt. 266-1, Exh. B (indictment in *United States v. Garcia*, 2:23-cr-00521-FMO (C.D. Cal.)).)  In the Complaint in the instant case, Plaintiff asserts a cause of action under Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c) ("RICO") against Defendant Garcia, which is predicated on, among others, an alleged violations of 18 U.S.C. §§ 2251, 2252, and 2260.  (Compl. ¶ 236); *see also* 18 U.S.C.A. § 1961(c) (listing these statutes as "racketeering activity" under RICO).  Additionally, both the instant case, (*see, e.g.*, Dkt. 1 ¶¶ 19-22, 103-04, 130-36), and the indictment, (*see* Dkt. 266-1 Exh. B), concern allegations (or charges) that Defendant committed certain sex offenses against minors.  And, as Defendants note, (App. at 7-8), Plaintiffs have taken the position that Defendant García's deposition testimony is "essential and extremely significant to Plaintiff's case," (Dkt. 263 at 2).  Given the factual and legal overlap between, at least, Plaintiff's civil RICO claim and Defendant García's newly-initiated federal case and Plaintiff's view Defendant García's is an important witness in this action, Defendant's concerns regarding the potential expanded civil discovery is used against him in violation of his Fifth Amendment is sufficiently plausible.  *See McCormick v. Rexroth*, 2010 WL 934242, at *2 (N.D. Cal. Mar. 15, 2010) (When simultaneous civil and criminal proceedings involve 'the same or closely related facts,' Fifth Amendment concerns may be sufficient to warrant a stay.") (quoting *Chao v. Fleming*, 498 F. Supp 2d 1034, 1037 (W.D. Mich. 2007)); *State Life Ins. Co. v. Bogachova*, 2017 WL 8229558, at *1 (C.D. Cal. Apr. 7, 2017) ("[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.") (quoting *Sec. and Exch. Comm'n. v. Dresser Indus, Inc.*, 628 F.2d 1368, 1375-76 (D.C.Cir.1980))

The remaining *Keating* factors point in favor of a stay.  The court acknowledges this case has remained pending for approximately three years, (*see* Dkt. 1), and was previously stayed on account of pending state criminal proceedings for the better part of one year and nine months of that period, (*see* Dkts. 108, 114, 132, 138, 141, 150).  However, as noted, Defendant García's recent indictment indicates he stands to suffer a substantial risk of prejudice to his constitutional rights in those related criminal proceedings, while the specific prejudice Plaintiff stands to

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:20-cv-01437-FWS-AS | Date: November 16, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

suffer arises from the delay of this action alone.  While Defendants' motion for summary judgment has been filed, briefing has not completed, and so judicial resources will not meaningfully be impaired by a stay.  To be sure, this case will remain pending on the court's docket, but a stay favors judicial economy given the potential resolution of related factual issues in the federal criminal proceedings, *see Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003), and the resolution of those proceedings may have the added benefit of potentially resolving some of the parties' recent disputes regarding Defendant García's civil deposition, (*see, e.g.*, Dkts. 243, 245, 263-64).  The court also recognizes the public and other nonparties—including those alleged to be victims of sexual abuse committed by Defendants in this case, (*see, e.g.*, Compl. ¶¶ 2-3, 234-36)—have an interest in the expeditious resolution of this litigation.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  But, on balance, the court finds the prejudice to Plaintiff and others a delay in this case could potentially cause does not outweigh the potential prejudice Defendant García may to suffer in his criminal proceedings if required to go forward in addition to the other considerations that point in favor of stay.  The court also finds this prejudice can be limited by imposing a stay of limited duration, albeit one which the parties can seek to extend so long as the criminal proceedings remain pending.

In sum, the court finds a stay of proceedings warranted.  The court, however, agrees with Plaintiff that Defendants' request the court go forward with their pending motion for summary judgment is unjustified.  (*Compare* Opp. at 5, *with* App. at 3.)  Defendants point to no on-point authority, and the court is aware of none, that supports staying a case pending criminal proceedings *except* the moving party's pending dispositive motion—particularly in light of the fact the court extended the briefing schedule on that motion to afford Plaintiff the opportunity to take the deposition of the very same defendant seeking a stay of the civil proceedings against him.  (*See* Dkt. 265 at 2-3.)

For the reasons stated, the Application is **GRANTED**.  The court **ORDERS** as follows:

1. This case is **STAYED**, initially for **ninety (90) days**, pending Defendant García's federal criminal proceedings in *United States v. Garcia*, 2:23-cr-00521-FMO (C.D. Cal.), subject to subsequent requests to extend the stay or further order of the court.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:20-cv-01437-FWS-AS | Date: November 16, 2023 |
| Title: Sochil Martin v. La Luz Del Mundo *et al.* | |

2. The parties are **DIRECTED** to file a joint status update on the status of Defendant García's federal criminal proceedings every **forty-five (45)** days, with the first joint status report due on **January 3, 2024**.

3. The parties are **ORDERED** to jointly file a notice with the court within **ten (10) days** of any resolution of Defendant García's federal criminal proceedings, including a status report and proposed deadlines, including those related to outstanding filings for the motion for summary judgment (Dkt. 258) and accompanying hearing, in the case.

4. Defendants' hearing on the motion for summary judgment (Dkt. 258) is **VACATED** and **TAKEN OFF CALENDAR**, to be rescheduled once any stay is lifted. The motion for summary judgment (Dkt. 258) and all related filings are to be heard following the lift of the stay in this case.

   **IT IS SO ORDERED.**