Reed Aljian (State Bar No. 211010)
  *ra@dallp.com*
Simon Kwak (State Bar No. 296362)
  *sk@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:  949.861.2524
Facsimile:   949.269.6364

Attorneys for Defendants named as LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASÓN JOAQUÍN GARCÍA, an individual.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br><br>             Plaintiff,<br><br>     v.<br><br>LA LUZ DEL MUNDO (LLDM), an unincorporated association, et al.<br><br>             Defendants. | CASE NO.:  2:20-CV-01437-FWS (ASx)<br>Judge:  Hon. Fred W. Slaughter<br>Courtroom:  10D (Santa Ana)<br><br>**JOINT STATUS UPDATE ON DEFENDANT NAASÓN GARCIA'S FEDERAL CRIMINAL PROCEEDINGS**<br><br>Discovery Cutoff:     Vacated<br>Pretrial Conf.:           Vacated<br>Trial Date:                 Vacated |

**JOINT STATUS UPDATE ON STATUS OF DEFENDANT NAASÓN GARCIA'S FEDERAL CRIMINAL PROCEEDINGS**

On October 25, 2023, Defendant Naason Garcia was named as a defendant in a federal criminal indictment (the "Federal Criminal Action"). On November 16, 2023, the Court granted Defendants' *ex parte* application to stay the above-captioned matter and ordered as follows:

1. This case is STAYED, initially for ninety (90) days, pending Defendant García's federal criminal proceedings in United States v. Garcia, 2:23-cr-00521-FMO (C.D. Cal.), subject to subsequent requests to extend the stay or further order of the court.

2. The parties are DIRECTED to file a joint status update on the status of Defendant García's federal criminal proceedings every forty-five (45) days, with the first joint status report due on January 3, 2024.

3. The parties are ORDERED to jointly file a notice with the court within ten (10) days of any resolution of Defendant García's federal criminal proceedings, including a status report and proposed deadlines, including those related to outstanding filings for the motion for summary judgment (Dkt. 258) and accompanying hearing, in the case.

4. Defendants' hearing on the motion for summary judgment (Dkt. 258) is VACATED and TAKEN OFF CALENDAR, to be rescheduled once any stay is lifted. The motion for summary judgment (Dkt. 258) and all related filings are to be heard following the lift of the stay in this case. (Dkt. No. 268 (the "Stay Order").)

On May 7, 2024, the Court issued an Order that extended the stay from May 10, 2024 to August 8, 2024 [ECF No. 273] and required the parties to file a joint report on or before August 1, 2024, regarding the status of Defendant Garcia's pending criminal proceedings and whether either party seeks a further extension of the stay of this case.

**STATUS OF CRIMINAL PROCEEDINGS**

Mr. Garcia was indicted on October 25, 2023, but has not yet been arraigned and remains in state custody. (Declaration of Caleb E. Mason ("Mason Decl.") at ¶ 2.) It is anticipated that Mr. Garcia's arraignment will occur in the fall of this year. (Mason Decl. at ¶ 3.) Ultimately, however, the scheduling of the arraignment is dependent upon coordination between state and federal authorities regarding logistics, as well as coordination of schedules among those authorities and defense counsel. (*Id.* at ¶ 4.)

**DEFENDANTS REQUEST A FURTHER EXTENSION OF THE STAY, WHICH PLAINTIFF OPPOSES**

In light of the foregoing, Defendants (but not Plaintiff) request that the Court extend the current stay for another ninety (90) days. To determine if such a stay is appropriate, the court "must consider the particular circumstances and competing interests involved." *S.E.C. v. Glob. Express Cap. Real Est. Inv. Fund, I, LLC*, 289 F. App'x 183, 191 (9th Cir. 2008) (citing *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("*Keating*").) Additionally, the court "should generally consider" the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 325 (citation omitted)

In the Stay Order, the Court performed a careful and detailed analysis and "conclude[d] the relevant circumstances, competing interests, and *Keating* factors favor a stay." (Stay Order at p. 4.) The Court further noted that "Defendant García's recent indictment indicates he stands to suffer a substantial risk of prejudice to his constitutional rights in those related criminal proceedings, while the specific

prejudice Plaintiff stands to suffer arises from the delay of this action alone." (*Id.* at 4-5.) Nothing has changed since the Court issued the Stay Order and the relevant circumstances and competing interests still favor an extension of the stay under *Keating*. Furthermore, as the Court has already concluded, "a stay favors judicial economy given the potential resolution of related factual issues in the federal criminal proceedings . . . ." (Stay Order at p. 5.) Finally, in its Stay Order, the Court stated that the "parties can seek to extend so long as the criminal proceedings remain pending." (*Id.* at p. 5.)

Here, the criminal proceedings remain pending and the Defendants request an extension of the stay. Plaintiff maintains her opposition to the stay for the reasons set forth in opposition to Defendants' initial request for a stay. However, Plaintiff otherwise acknowledges that the status of the criminal proceedings have not materially changed since the prior status update. Assuming the Court will extend the stay at least once more, if an arraignment still has not taken place by the deadline for the next status update, Plaintiff requests that the Court order Mr. Garcia to provide more specificity regarding the scheduling of his criminal case. In particular, Plaintiff believes the propriety of further continuing the stay should include an examination into whether any additional delay in arraignment was initiated by Mr. Garcia or by the Federal Government.

Respectfully submitted,

**DAILY ALJIAN LLP**

By:   /s/ Reed Aljian

|   |   |
|---|---|
|   | Attorneys for Defendants named as LA LUZ DEL MUNDO, an alleged unincorporated association, COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as INTERNATIONAL BEREA USA), and NAASÓN JOAQUÍN GARCÍA |
| DATED: August 1, 2024 | **BROWN, NERI, SMITH & KHAN LLP**<br><br>By:  /s/ Geoffrey A. Neri<br>Geoffrey A. Neri<br><br>Attorney for Defendant COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as INTERNATIONAL BEREA USA<br><br>**GREENBERG GROSS LLP**<br><br>By:  /s/ Daniel S. Cha<br>Daniel S. Cha<br><br>Attorneys for Plaintiff SOCHIL MARTIN |

4

JOINT STATUS UPDATE ON DEFENDANT NAASON GARCIA'S FEDERAL CRIMINAL PROCEEDINGS AND DEFENDANTS' REQUEST FOR EXTENSION OF STAY

# CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on August 1, 2024.

DATED: August 1, 2024

BROWN, NERI, SMITH & KHAN LLP

By: /s/ Geoffrey A. Neri
    Geoffrey A. Neri