Reed Aljian (State Bar No. 211010)
  *ra@dallp.com*
Simon Kwak (State Bar No. 296362)
  *sk@dallp.com*
DAILY ALJIAN LLP
100 Bayview Circle, Suite 5500
Newport Beach, CA  92660
Telephone:  949.861.2524
Facsimile:   949.269.6364

Attorneys for Defendants named as LA LUZ DEL MUNDO, an alleged unincorporated association; COMMUNICATION CENTER BEREA U.S.A. LLC (erroneously sued as International Berea USA); and NAASÓN JOAQUÍN GARCÍA, an individual.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN,<br>            Plaintiff,<br><br>   v.<br><br>LA LUZ DEL MUNDO (LLDM), an unincorporated association, et al.<br>            Defendants. | CASE NO.:  2:20-CV-01437-FWS (ASx)<br>Judge:  Hon. Fred W. Slaughter<br>Courtroom:  10D (Santa Ana)<br><br>**JOINT STATUS UPDATE ON DEFENDANT NAASÓN GARCIA'S FEDERAL CRIMINAL PROCEEDINGS**<br><br>Discovery Cutoff:        Vacated<br>Pretrial Conf.:              Vacated<br>Trial Date:                    Vacated |

# JOINT STATUS UPDATE ON STATUS OF DEFENDANT NAASÓN GARCIA'S FEDERAL CRIMINAL PROCEEDINGS

On October 25, 2023, Defendant Naason Garcia was named as a defendant in a federal criminal indictment (the "Federal Criminal Action"). On November 16, 2023, the Court granted Defendants' *ex parte* application to stay the above-captioned matter and ordered as follows:

1. This case is STAYED, initially for ninety (90) days, pending Defendant García's federal criminal proceedings in United States v. Garcia, 2:23-cr-00521-FMO (C.D. Cal.), subject to subsequent requests to extend the stay or further order of the court.

2. The parties are DIRECTED to file a joint status update on the status of Defendant García's federal criminal proceedings every forty-five (45) days, with the first joint status report due on January 3, 2024.

3. The parties are ORDERED to jointly file a notice with the court within ten (10) days of any resolution of Defendant García's federal criminal proceedings, including a status report and proposed deadlines, including those related to outstanding filings for the motion for summary judgment (Dkt. 258) and accompanying hearing, in the case.

4. Defendants' hearing on the motion for summary judgment (Dkt. 258) is VACATED and TAKEN OFF CALENDAR, to be rescheduled once any stay is lifted. The motion for summary judgment (Dkt. 258) and all related filings are to be heard following the lift of the stay in this case. (Dkt. No. 268 (the "Stay Order").)

On August 2, 2024, the Court issued an Order that extended the stay to November 6, 2024 [ECF No. 275] and required the parties to file a joint report on or before October 30, 2024, regarding the status of Defendant Garcia's pending criminal proceedings and whether either party seeks a further extension of the stay of this case.

## STATUS OF CRIMINAL PROCEEDINGS

Mr. Garcia was indicted on October 25, 2023, but has not yet been arraigned and remains in state custody. (Declaration of Caleb E. Mason ("Mason Decl.") at ¶ 2.) There are no new developments since the last request to extend the stay. To date, Mr. Garcia has not been arraigned. (*Id.*) It remains anticipated that Mr. Garcia's arraignment will occur in the fall of this year. (Mason Decl. at ¶3.) The scheduling of the arraignment is dependent upon coordination between state and federal authorities, as well as defense counsel, regarding logistics and timing. (*Id.* at ¶ 4.) No date has been set for his arraignment. (*Id*, at ¶4.)

## DEFENDANTS REQUEST A FURTHER EXTENSION OF THE STAY, WHICH PLAINTIFF OPPOSES

In light of the foregoing, Defendants (but not Plaintiff) request that the Court extend the current stay for another ninety (90) days. To determine if such a stay is appropriate, the court "must consider the particular circumstances and competing interests involved." *S.E.C. v. Glob. Express Cap. Real Est. Inv. Fund, I, LLC*, 289 F. App'x 183, 191 (9th Cir. 2008) (citing *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("*Keating*").) Additionally, the court "should generally consider" the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 325 (citation omitted)

In the Stay Order, the Court performed a careful and detailed analysis and "conclude[d] the relevant circumstances, competing interests, and *Keating* factors favor a stay." (Stay Order at p. 4.) The Court further noted that "Defendant García's recent indictment indicates he stands to suffer a substantial risk of prejudice to his

constitutional rights in those related criminal proceedings, while the specific prejudice Plaintiff stands to suffer arises from the delay of this action alone." (*Id.* at 4-5.)   Nothing has changed since the Court issued the Stay Order and the relevant circumstances and competing interests still favor an extension of the stay under *Keating*.  Furthermore, as the Court has already concluded, "a stay favors judicial economy given the potential resolution of related factual issues in the federal criminal proceedings . . . ." (Stay Order at p. 5.)  Finally, in its Stay Order, the Court stated that the "parties can seek to extend so long as the criminal proceedings remain pending." (*Id.* at p. 5.)

Here, the criminal proceedings remain pending and, therefore, the Defendants request an extension of the stay.

## **PLAINTIFF REQUESTS THAT DEFENDANT BE ORDERED TO MAKE A SHOWING OF DILIGENCE**

Plaintiff maintains her opposition to the stay for the reasons set forth in opposition to Defendants' initial request for a stay.  Due to Plaintiff's position, not a party to the criminal proceedings, Plaintiff otherwise acknowledges that the status of the criminal proceedings have not materially changed since the prior status update. However, the very fact that the status of Defendant Garcia's criminal proceedings has apparently remained unchanged for the duration of the stay – still pending an arraignment perpetually anticipated within the coming season – counsels against merely rubber-stamping a further extension of the stay.

Indeed, as this Court noted in its order imposing the stay in the first instance, "A stay is not a matter of right," but "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). In determining whether a stay is appropriate, "a court must consider the particular circumstances and competing interests involved…." *S.E.C. v. Global Express Capital Real Estate Inv. Fund, I, LLC*, 289 Fed. App'x 183, 191 (9th Cir. 2008). Plaintiff submits that this standard

apply to courts' determination whether to leave a stay in place.

As requested by Plaintiff in the previous status report, Plaintiff requests that the Court order Mr. Garcia to provide more specificity regarding the scheduling of his criminal case, either by declaration or at the least pursuant to an *in camera* or under seal submission directly to the Court. In particular, Plaintiff believes the propriety of further continuing the stay should include an examination into whether any additional delay in arraignment was initiated by Mr. Garcia or by the Federal Government or some other circumstances. Mr. Garcia should not be incentivized to drag his feet, if that is what he is doing, in the criminal case, in order to delay these civil proceedings.

Respectfully submitted,

**DAILY ALJIAN LLP**

By:   /s/ Reed Aljian
Attorneys for Defendants named as
LA LUZ DEL MUNDO, an alleged
unincorporated association,
COMMUNICATION CENTER BEREA
U.S.A. LLC (erroneously sued as
INTERNATIONAL BEREA USA), and
NAASÓN JOAQUÍN GARCÍA

DATED:  October 30, 2024          **BROWN, NERI, SMITH & KHAN LLP**

By:   /s/ Geoffrey A. Neri

Geoffrey A. Neri

Attorney for Defendant
COMMUNICATION CENTER BEREA
U.S.A. LLC (erroneously sued as
INTERNATIONAL BEREA USA

**GREENBERG GROSS LLP**

By: /s/ Daniel S. Cha
    Daniel S. Cha

Attorneys for Plaintiff
SOCHIL MARTIN