WAYNE R. GROSS, State Bar No. 138828
  WGross@GGTrialLaw.com
BRIAN L. WILLIAMS, State Bar No. 227948
  BWilliams@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vincente Boulevard, #700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiff SOCHIL MARTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOCHIL MARTIN, | Case No. 2:20-cv-01437-FWS-AS |
| Plaintiff, | Judge:   Hon. Fred W. Slaughter |
| | Courtroom:      10D |
| v. | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO LIFT STAY** |
| LA LUZ DEL MUNDO, an unincorporated association, NAASÓN JOAQUÍN GARCÍA, an individual, EL CONSEJO DE OBISPOS, an unincorporated association, INTERNATIONAL BEREA USA, an unincorporated association, GILBERTO GARCÍA GRANADOS, an individual, JOSE HERNANDEZ, an individual, UZZIEL JOAQUÍN, an individual, SILVERIO CORONADO, an individual, AURELIO ZAVALETA, an individual, JOSE LUIS ESTRADA, an individual, JONATHAN MENDOZA, an individual, ALMA ZAMORA DE JOAQUÍN, an individual, BENJAMIN JOAQUÍN GARCÍA, an individual, RAHEL JOAQUÍN GARCÍA, an individual, ADORAIM JOAQUÍN | |

1  ZAMORA, an individual, DAVID
2  MENDOZA, an individual and DOES 1
   through 10, inclusive.

3              Defendants.

4

5        **MEMORANDUM OF POINTS AND AUTHORITIES**

6  **I.    PLAINTIFF SOCHIL MARTIN'S MOTION TO LIFT STAY IS**
7        **PROCEDURALLY APPROPRIATE**

8        Defendants' first argues that Plaintiff Sochil Martin's Motion to Lift Stay is a

9  procedurally improper Motion for Reconsideration. The circumstances have

10 materially changed since the Court's November 16, 2023 order that initially

11 imposed the stay. Defendants falsely assert that Martin did not identify any material

12 difference in facts.  Martin's Motion to Lift Stay expressly relies on the substantial

13 passage of time and the lack of progress of the federal criminal proceeding as a basis

14 for the relief requested. *See* Motion [ECF 285] at 20:8-20:26. This Motion is not

15 limited to the facts and circumstances in existence at the time of the original

16 November 16, 2023 order imposing the stay.

17       "The unique context of a stay admittedly leaves the line between a [new]

18 motion and a motion for reconsideration blurry in some circumstances. But here, the

19 district court needed to review a wide range of facts and circumstances that had

20 emerged since its previous [ruling], all of which were crucial to deciding the

21 question. That is enough to satisfy us that this was necessarily a [new] motion."

22 *Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F. 4th 641, 646 (11th Cir. 2022).

23 In *Marti*, the Eleventh Circuit cited the fact that five months had passed without a

24 decision from the parallel proceeding that had been the basis for the stay, and

25 reported delays in the parallel proceeding. *Id.*

26       Here, more than *eighteen* months have passed since the stay was entered,

27 without a single change in the procedural posture of García's federal criminal

28 proceeding, and the status of arraignment has changed from being anticipated in

May 2024, to July 2024, to Fall 2024, to no expectation, to some indefinite point in time this year[1]. The ongoing stasis and delay of the federal criminal proceeding is a substantially new or different circumstance that justifies the filing of this motion. *See also Commerce West Insurance Company v. Allen*, 2019 WL 3530912 at *2 (W.D. Wash. Apr. 24, 2019) (rejecting characterization of Motion to Lift Stay as improper Motion for Reconsideration based in part on the fact that parallel criminal case had been continued since prior stay order).

## II.     THE BALANCE OF *KEATING* FACTORS WEIGH AGAINST THE STAY

### A.     García's Fifth Amendment Concerns Are Diminished Since He Has Already Been Subject to Deposition and His Federal Criminal Proceeding Does Not Substantially Overlap With Martin's Civil Case

The first *Keating* factor is the extent to which the defendant's Fifth Amendment rights are implicated by the parallel civil and criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F. 3d 322, 324 (9th Cir. 1995). Contrary to Defendants' assertion in opposition, Martin has not argued that there is no overlap at all between her civil proceeding and García's federal criminal proceeding. Martin's position is that the overlap is "necessarily less substantial" because "the parallel civil and criminal proceedings involve different incidents." *Cho v. City of San Jose*, 636 F. Supp. 3d 1034, 1038 (N.D. Cal. 2022). The mere fact that some of the alleged predicate acts for Martin's civil RICO claim include violations of 18 U.S.C. §§ 2251 and 2252, among other statutory violations, Compl. at ¶ 236, is not enough to meet Defendants' burden to show substantial overlap between this civil case and García's federal criminal proceeding.

---

[1] This was based on communications with the Assistant United States Attorney on May 13, 2025, Cha Decl. at ¶ 26-27, another new fact.

1    Moreover, Defendants ignore the point that this factor does not support a stay

2  if the defendant's Fifth Amendment rights can be protected through less drastic

3  means, such as asserting the privilege on a question-by-question basis. *ESG Capital*

4  *Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045-46 (C.D. Cal. 2014); *Doe v. City*

5  *of San Diego*, 2012 WL 6115663 *3 (S.D. Cal. Dec. 10, 2022). This holds especially

6  true where the civil plaintiff is not the alleged criminal victim in the parallel

7  criminal proceeding. *Lauria v. United States*, 2022 WL 1810131 *2 (D. Alaska Jun.

8  2, 2022) ("One of the complications in the instant case is that Defendant… is not

9  charged with any crime involving Plaintiff…. In short, while Defendant's… Fifth

10  Amendment rights are implicated, the resolution of the criminal case will not alter

11  his ability to invoke his Fifth Amendment rights [in the civil case], so this impact is

12  not significant enough alone to require a stay."). In *Lauria*, the defendant was

13  charged in criminal proceedings of sexually assaulting four women other than the

14  civil plaintiff. *Id.* at *1. This situation is materially similar to the one here, where

15  García in the federal criminal proceeding is alleged to have committed child

16  pornography crimes as to persons other than Martin. There is no barrier to his

17  assertion of his Fifth Amendment privilege in this civil case.

18    Furthermore, Defendants ignore the most significant point Martin identified

19  in addressing this factor in the moving papers: García has already been deposed in

20  this action. The deposition occurred November 15, 2023, after the indictment was

21  public, and after Defendants had already filed their *ex parte* application originally

22  requesting the stay. In other words, García was fully aware of the pending federal

23  criminal proceeding, and necessarily had every incentive and opportunity to answer

24  questions or to invoke his Fifth Amendment privilege as to each of Martin's

25  questions. Not to mention the fact that there is a protective order in this case that

26  bars dissemination or use of confidential deposition transcripts such as García's for

27  any purpose outside of this litigation. There is thus a substantially diminished risk of

28  *prospective* impact on García's Fifth Amendment rights if this civil case proceeds.

1  *See Securities and Exchange Commission v. Boucher*, 2021 WL 5178519 *2-3 (S.D.
2  Cal. Nov. 8, 2021) (this factor not significantly enough alone to require a stay where
3  discovery in civil case had already taken place and defendant had already asserted
4  Fifth Amendment privilege in civil case).

5      Finally, even to the extent that this factor somewhat leans in favor of the stay,
6  "it is only one consideration to be weighed against others." *Keating*, 45 F. 3d at 326.

7      **B.   Martin Undoubtedly Has An Interest In Proceeding Expeditiously**
8          **With This Litigation, and Any Further Period of Stay Causes**
9          **Potential Prejudice to Her Case**

10      Defendants' sole contention with regard to the second *Keating* factor, "the
11  interest of the plaintiffs in proceeding expeditiously with this litigation or any
12  particular aspect of it, and the potential prejudice to plaintiffs of a delay," *Keating*,
13  45 F. 3d at 325, is to cite Martin's prior non-opposition to the State of California's
14  request for a stay pending the state criminal proceedings. This argument is a glib
15  non sequitur. The circumstances are materially different. When the State of
16  California sought a stay, García was merely a person accused of several child sex
17  crimes, and the State of California provided periodic updates with specified trial
18  dates and assurances that the State of California was not delaying the state criminal
19  proceedings. Here, now, García stands as a felon already convicted for several state
20  child sex crimes. Martin had an interest in seeing the outcome of the state criminal
21  proceeding. Her interest in waiting for the outcome of García's federal criminal
22  proceeding is necessarily diminished in relation. Martin unambiguously desires to
23  proceed to a determination of her case on the merits.

24      Furthermore, Defendants simply ignore Martin's assertion of potential
25  prejudice as her case remains stayed beyond eighteen months and counting. As
26  noted in the moving papers, "Delay 'inherently increases the risk that witnesses'
27  memories will fade and evidence will become stale.'" *Blue Cross and Blue Shield of*
28  *Alabama v. Unity Outpatient Surgery Center, Inc.*, 490 F.3d 718, 724 (9th Cir. 2007)

(quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002)). Accordingly,
courts recognize that there "is a general policy favoring stays of short, or at least
reasonable, duration." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498
F.3d 1059, 1067 (9th Cir. 2007). Given the length of the stay and the prospect for
further substantial delay since García has not even made his first appearance in the
federal criminal proceedings, this factor necessarily weighs substantially against the
stay.

C.    <u>**The Burden on Defendants is Diminished Because Defendants Will
Have Had Adequate Time to Prepare for Trial in This Civil Case,
and García Will Have Had Adequate Time to Prepare for Trial in
His Federal Criminal Proceeding**</u>

The third *Keating* factor is "the burden which any particular aspect of the
proceedings may impose on defendants." *Keating*, 45 F.3d at 325. This factor
focuses on the burden of defending two cases at once. However, as noted in the
moving papers, "[W]here a defendant has had adequate time to prepare for a related
civil trial, the burden on the defendant is substantially diminished." *ESG Capital
Partners*, 22 F.Supp.3d at 1046; *see also Cho*, 636 F.Supp.3d at 1040 (defendant
"does not suggest he has had insufficient time to prepare for trial in this case or that
the trial will interfere with preparation of his defense in the [parallel] criminal
prosecution."). In *Boucher*, *supra*, 2021 WL 5178519, the district court found this
factor did not weigh in favor of a stay, in part because "there is no date yet set for
the criminal trial, there are no scheduling conflicts or overlapping dates." *Id.* at *3.
In this case, García has not yet even made his first appearance in the federal criminal
proceeding.

Defendants otherwise merely repeat the Fifth Amendment choice facing
García, which is addressed in the first factor. This factor does not substantially
weigh in favor of maintaining the stay.

/ / /

**D.**     **The Court's Interest in Efficient Use of Judicial Resources Weighs Against the Stay**

Defendants' arguments on the fourth *Keating* factor, the convenience of the court and efficient use of judicial resources, *Keating, 45* F. 3d at 325, offers nothing to rebut the effective presumption that "this *Keating* factor normally does not favor a stay, because 'the court has an interest in clearing its docket.'" *ESG Capital Partners*, 22 F.Supp.3d at 1047 (quoting *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989)). Nor do Defendants contes that this inconvenience to the court is especially pronounced where, as here, "there is no date set for the criminal trial." *Id.*

Defendants' reference to the burden on judicial resources of evaluating the propriety of García's assertion of his Fifth Amendment rights is unsupported by any citation to authority. These quotidian evidentiary questions arise in the normal course of trial, and through pretrial motions *in limine*. And, as noted with regard to the first factor, the prospect of question-by-question determinations of the propriety of Fifth Amendment privilege is a proper basis to mitigate the first factor. As such, it cannot of itself be a negative factor that weighs in favor of the stay.

Thus, this factor weighs against the stay. *Boucher*, *supra*, 2021 WL 5178519 at *3 ("Letting the instant case languish at such a late stage when the criminal case has just begun is inefficient."). "Staying a civil case until the resolution of a criminal case is inconvenient for the court, ***especially where—like in [Defendants'] situation—there is no date set for the criminal trial***." *ESG Capital Partners LP*, 22 F. Supp. 3d at 1047 (emphasis added).

**E.**     **Defendants Do Not Offer Any Showing As To the Fifth *Keating* Factor**

The fifth *Keating* factor is "the interests of persons not parties to the civil litigation." *Keating*, 45 F.3d at 325. Defendants simply argue conclusorily that Martin's claims are asserted on her own behalf and do not affect third parties.

Defendants simply ignore the impact of the stay on the third party witnesses, as set forth in the moving papers. But even if there were no third party interests, contrary to Defendants' conclusory assertion, this factor would not tilt in favor of a stay, it simply would not weigh at all in the analysis. Given the third party witnesses' interests, Martin contends this factor weighs against the stay.

### F.    The Public Interest Weighs Against Further Stay

Defendants' argument as to the final *Keating* factor, "the interest of the public in the pending civil and criminal litigation." *Keating*, 45 F.3d at 325, is limited to impugning Martin's past efforts to come forward to advocate against the very injustices to which she was subjected. Further, Defendants' reliance on *Keating* presents a quote out of context and fails to meet their burden to show this factor weighs in favor of the stay.

In their Opposition, Defendants quote *Keating*:

> In such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights.

Opp. at 18:7-10 (quoting *Keating*, 45 F. 3d at 326).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

This omits the crucial context preceding and following the selected quote, which in fact supports Martin's position that the public interest weighs against a stay:

> ***In contrast to Keating's interests, which were not overly burdened by proceeding with the hearing, the public's interest in a speedy resolution of the controversy and the OTS' concern for efficient administration would have been unnecessarily impaired had the proceeding been stayed. Moreover, in light of the inordinate amount of media attention given to the case, any delay would have been detrimental to public confidence in the enforcement scheme for thrift institutions.***
>
> In highly publicized cases, such as the one at hand, judicial and quasi-judicial decisionmakers need to be especially careful that undue consideration is not given a proceeding's impact on the public. Governmental entities are frequently aware of the need to reassure the public that they are taking prompt action in response to a crisis. In such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights. ***However, in light of the finding that Keating had sufficient preparation time, we are confident that Keating's due process rights were adequately protected, and it was not an abuse of discretion for the ALJ to decide that the public interest required the hearing to be held sooner rather than later.***

*Keating*, 45 F. 3d 326 (emphasis added to portions omitted from Defendants' selected quote).

In other words, *Keating* itself recognized the general public interest in speedy resolution, and the focus of the passage Defendants rely on, in context, simply involved the weighing of the relevant factors in light of specific public attention to the case.

Defendants do not otherwise address any of the issues bearing on this particular factor set forth in Martin's moving papers, including the contrast in the State of California's detailed showing and detailed updates on the progress of the state criminal proceeding, in contrast with the lack of involvement of the federal prosecutors, who have not sought a stay of this action and in contrast to the lack of any signs of progress of the federal criminal proceeding.

Even more damning is Defendants' wholesale failure to address the apparent

1  failure of García to take any steps to assert his Sixth Amendment right to a speedy
2  trial, for no apparent reason other than to strategically use his federal criminal
3  proceeding to prejudice Martin's pursuit of justice, which could only serve to
4  undermine the public's confidence in the fair and equitable administration of justice
5  overall.

6      **G.      The Balance of Factors Weigh Against Continuance of the Stay**

7      Defendants manifestly have not met their burden to justify the stay. They
8  effectively place all their eggs in the Fifth Amendment burden basket. But this alone
9  is insufficient to justify a stay, especially where all the other factors are either
10  neutral or weigh substantially against continuing the stay.

11  **III.   CONCLUSION**

12      Based on the foregoing, and for all the reasons set forth in the moving papers,
13  Plaintiff Martin respectfully requests that this Court grant this motion in its entirety
14  and enter an order immediately lifting the stay on proceedings and setting a
15  scheduling conference to discuss and set trial and other dates.

16

17

18  DATED:  June 12, 2025            GREENBERG GROSS LLP

19

20

21                         By:  _____/s/ Daniel S. Cha_____
22                              Wayne R. Gross
                               Brian L. Williams
23                              Daniel S. Cha
                               Attorneys for Plaintiff SOCHIL MARTIN
24

25

26

27

28

The undersigned, counsel of record for Plaintiff Sochil Martin, certifies that this brief contains 2,722 words, which complies with the word limit of L.R. 11-6.1.

DATED:  June 12, 2025                    GREENBERG GROSS LLP


                                    By:    /s/ Daniel S. Cha
                                           Daniel S. Cha
                                           Attorneys for Plaintiff SOCHIL MARTIN

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO LIFT STAY